RECEIVED
AUG 18 2026
BY ____ INTAKE

____ FILED ____ ENTERED
____ LODGED ____ RECEIVED

4:00 pm AUG 18 2026 LS

AT SEATTLE
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
BY DEPUTY

**IN THE UNITED STATES DISTRICT COURT IN AND FOR THE WESTERN DISTRICT OF WASHINGTON SEATTLE DIVISION**

Case No. 2:26-CV-02955-BAT

**PLAINTIFFS' VERIFIED CIVIL RIGHTS And FEDERAL QUESTION COMPLAINT** FOR DAMAGES --- INCLUDING COMPENSATORY DAMAGES, SPECIAL DAMAGES, GENERAL DAMAGES, TREBLE DAMAGES, AND PUNITIVE DAMAGES — FOR MONETARY RELIEF, DECLARATORY RELIEF, AND INJUNCTIVE RELIEF --- WITH SUPPLEMENTAL JURISDICTION PURSUANT TO 28 U.S.C. § 1367(a)

**JURY TRIAL DEMANDED**

EDWARD HARRISON COLGATE — Individually — Based on Statutory Violations — and in His Capacities as Trustee and Power of Attorney for Doris Ann Colgate pursuant to KRS 386B.8-010 — KRS 386B.1-010(1) — KRS 386B.8-180(1)(a) — KRS 386B.4-100 — FRCP 17(a)(1)(E) — KRS 457.350(1) through (2) — Real Party in Interest with Doris Ann Colgate — Will Executor — Trust and Will Beneficiary and Heir —

**AND**

DORIS ANN COLGATE — a Vulnerable Adult with Dementia and Aphasia pursuant to KRS 209.020(4) and KRS Chapter 209 — Individually and by Edward Harrison Colgate as her Valid and Legal Trustee — Power of Attorney — and Executor of her Valid Will —

**AND CONDITIONALLY**

THE ESTATE OF DORIS ANN COLGATE — by Edward Harrison Colgate as Executor and as **Trustee** — asserted conditionally pursuant to FRCP 17(a)(1)(E) — FRCP 25(a)(1) — FRCP 25(a)(2) — FRCP 25(b) --- KRS 411.140 — and 42 U.S.C. §1988(a) — KRS 386B.8-010 — KRS 386B.1-010(1) — KRS 386B.8-180(1)(a) — KRS 386B.4-100 --- to the extent that Doris Ann Colgate has passed during the pendency of this action or prior to its filing ---

**Plaintiffs —**

**v.**

Susan Marie Wilson —

Defendant.

**NOTE:** This Complaint consists of **1,697 pages** in the body of the Complaint, based on --- **Necessity --- Demarcating the short and plain where applicable** --- setting forth **102 Distinct Claims for Relief** --- followed by the additional and necessary **171 Evidentiary Exhibits** --- including but not limited to hundreds of pages of "**legally binding and conclusive judicial admissions of Defendant's liability and damages,**" as well as Defendant's **legally binding admissions of Plaintiff's legal fiduciary status and Plaintiffs' legal standing.** Claims for Relief **I through XXXI** are **based on** said Defendant's **legally binding and conclusive judicial admissions of liability and damages.** Plaintiffs incorporate by reference in full detail **PX-51** (Ky. complaint **25-CI-001371), PX-55, PX-56, PX-10, and PX-1 through PX-40** for these legally binding admissions. Plaintiffs incorporate by reference in full detail **Section XXXVII** and the **First FRE 201 Notice of 543 Adjudicative Facts** derived from 25-CI-001371, and Section XXXVIII and the Eleventh FRE 201 Notice of approximately 150 adjudicative facts --- regarding damages --- derived from Ky. 25-CI-001371. **PX-51** includes **30 distinct claims for relief/counts/causes of action,** including the related damages, which are legally binding and conclusive judicial admissions of Defendant's liability and damages, supported by legally binding and conclusive judicial admissions in exhibits **PX-52, PX-53, PX-54, PX-96 (PX-95 supports PX-96).** Plaintiffs assert **numerous New Precedents in Section XL**. Plaintiffs also incorporate by reference in full detail --- Exhibits **PX-1 through PX-171, all 44 SECTIONS, and FRE 201 Mandatory Judicial Notices** of approximately **1,044 Adjudicative Facts (First through the Fourteenth FRE 201 Notices)** --- into each and every one of the **102 claims for relief** herein. The length and **evidentiary weight** are the direct result of obstruction, fraud, numerous statutory violations, and numerous civil rights violations. Herein **Claims for Relief I through CII (102)** are numerous standalone Federal Claims for Relief connected to and

connected with --- including but not limited to --- systemic and systematic obstruction, conspiracy, and federal racketeering conspiracy, entitling Plaintiffs to threefold treble damages under RICO 18 U.S.C. § 1964(c). Plaintiffs incorporate by reference in full detail **Sections XXXVI, XXVI, XIX, XXX, XXXII, XXVIII, XXIX, XXXI, XXXV, XXVII, XXXVII, XL, PX-63 through PX-87, PX-108, all 171 Exhibits,** and the **First through the Sixteenth FRE 201 Judicial Notices** of judicially **noticed adjudicative facts,** which include approximately **1,044 total adjudicative facts,** including approximately **329 adjudicative facts,** facially fully supporting **Plaintiffs' Jurisdiction and Venue** in the U.S. District Court for the Western District of Washington (WDWA) --- and **FRE 201 Adjudicative Facts in Judicial NOTICES --- 2 through 8, 10, 12, and 13** --- which facially fully support **jurisdiction and venue in WDWA. Based on official government records, Sections XXXVI and XXVI,** the **Second and Third FRE 201 Notices, PX-63 through PX-87, PX-42 through PX-49, PX-108** --- Plaintiffs assert with **100% certainty** that any and all Kentucky judges assigned to Plaintiffs' ten **(10) cases** in year-2025 **NEVER** had and **NEVER** will have **jurisdiction** in any of Plaintiffs' cases. Plaintiffs also incorporate by reference in full detail all **case laws** in **Section XX,** including but not limited to the acceptability of a lengthy complaint. Plaintiffs assert: **Kougasian** v. TMSL, Inc., 359 F. 3d 1136 - Court of Appeals, 9th Circuit 2004: Even though there were 3 fraudulently attempted dismissals --- (by judges **without jurisdiction based on Sections XIX, XXXVI, XXVI, XXXII, XXX, and the Second and Third FRE 201 Notices and Claim for Relief CII (102)), 11 out of 11** of Plaintiffs' cases in Jefferson Circuit Court---Ky. --- appear to be active since **no jury fees were returned** to Plaintiffs --- but are completely obstructed by judges **Without jurisdiction** --- and based on the type of fraudulent obstruction cited in **Sections XIX, XXXVI and XXVI, the Second and Third FRE 201 Notices, and Claim for Relief CII (102)** --- that type of

fraudulent obstruction --- including but not limited to --- **initial complaints being tampered with --- by the use of fraudulent non-payroll alias names --- based on Personnel records --- caused all ten (10) of Plaintiffs' cases filed in year-2025 ---- to Never legally exist** --- because **NO random judges and NO case numbers** were generated when said cases were initially processed by the use of a **fraudulent alias name.** Plaintiffs incorporate by reference in full detail Claim for Relief **CII (102).** All aforementioned and all following are preserved to ensure a complete review under applicable federal and constitutional standards, and are preserved for potential **9th Circuit appellate review.** The Claims for Relief Section starts on Page 110.

COMES NOW before the Court Plaintiff Edward Harrison Colgate (referred to as Edward Colgate, Edward, or Plaintiff herein) and Plaintiff Doris Ann Colgate (referred to as Doris Colgate, Doris, Plaintiff herein), and for their Claims for Relief, Counts, Causes of Action, Relief Entitled to, and Relief Sought/Demanded Against Defendant Susan Marie Wilson (referred to as Defendant Susan Wilson, Susan Wilson, Defendant Wilson, Wilson, or Defendant herein), and hereby state: (Note: There are more pages in the Evidentiary Exhibits than in the Complaint.)

**SECTION I: Introduction and Legally Necessary and Legally Essential Preemptions**

Plaintiffs assert all of the aforementioned and all of the following herein: **Note:** For purposes of this filing, the terms "assert" and "allege" are used interchangeably to signify the act of setting forth a factual or legal claim, whether in pleadings, motions, or supporting materials. The same applies to "reassert" and "reallege." And ((PX-) = (See PX- and/or Refer to PX-)). And Refer to and See Equals "Plaintiffs incorporate by reference in full detail."

1. Because this case is **procedurally and substantively unprecedented,** Plaintiffs begin this Complaint by asserting **all legally binding judicial admissions of liability that are conclusive based on admitted averments/allegations/adjudicative facts by Defendants in five (5)** legally

distinct Jefferson Circuit Court (KY) cases with perpetuation of elder abuse as a large part. Susan Wilson is one of those five (5) Defendants. Although the five (5) cases are legally distinct, Plaintiffs assert that overlapping legally binding judicially admitted averments/ allegations/ adjudicative facts provide additional plausibility and **apply to and support all claims for relief herein,** causes of action, counts, Plaintiffs' legitimate legal standing, **relief entitled to**--and sought/demanded herein against Defendant Susan Wilson. Estoppel principles apply regarding the Defendant's legally binding and conclusive judicial admissions of liability and damages. Much liability is based on averments/ allegations/ adjudicative facts previously judicially admitted and legally binding. Plaintiffs have a legal, ethical, and moral obligation and responsibility to file this lawsuit/Complaint. Refer to **SECTION II** for the **Enforcement of Legally Binding Judicial Admissions of Liability** that are **Conclusive** regarding the State Court **Claims for Relief/Relief Sought-Demanded**, that are incorporated by reference in full detail, as though fully set forth herein, under **28 U.S.C. § 1367(a)—Supplemental Jurisdiction, CR 8.04 ("Conclusive"** via **Judicial Estoppel** and via **Judicial Collateral),** and FRCP 10(c).

2. Plaintiffs assert and set forth the following **short and plain statement** of the claim for **jurisdiction** under Fed. R. Civ. P. 8(a)(1)—regarding the grounds upon which the court's jurisdiction depends: Plaintiffs assert: This Court has subject matter jurisdiction, personal jurisdiction, and venue based on the following: supplemental jurisdiction claims pursuant to 28 U.S.C. § 1367(a); Civil rights claims pursuant to 28 U.S.C. § 1343(a)(1)-(2)-(3)-(4); Federal question claims pursuant to 28 U.S.C. § 1331; and venue pursuant to 28 U.S.C. § 1391(b)(2). The substantial harm directed at Washington State caused direct and ongoing harm to Doris Colgate, and to Edward Colgate, individually, and in his capacities under KRS 386B.8-010, KRS 386B.1-010(1), KRS 386B.8-180(1)(a), KRS 386B.4-100; FRCP 17(a)(1)(E)-(G), FRCP 60

(b)(2)(3)(4)(6), KRS 457.350(1)-(2), and as a Real Party in Interest With Doris Colgate. Personal jurisdiction is proper under Calder v. Jones, 465 U.S. 783 (1984) and Dole Food Co. v. Watts, 303 F.3d 1104, 1111 (9th Cir. 2002) because the out-of-state defendant intentionally directed their conduct at the forum state of Washington, knowing it would cause foreseeable harm to both Plaintiffs. In addition, Plaintiffs have been denied all access to all Kentucky courts based on fraudulent felony accusations against plaintiff(s) by judges (without jurisdiction) and based on systemic obstruction by Jefferson Circuit Court—Kentucky. This is **"NOT"** asserted as diversity under 28 U.S.C. § 1332. Plaintiffs incorporate by reference in full detail **PX-42** through **PX-171,** which fully support jurisdiction. Plaintiffs incorporate by reference in full detail **Sections XXXVI, XXVI, XXX, XXXII, XXVIII, XXIX, XXXI, XXXV, XXVII, XXXVII, PX-63 through PX-87, PX-108, all 171 Exhibits,** and the **First through the Fourteenth FRE 201 Judicial Notices** of judicially **noticed adjudicative facts,** which include approximately **1,044 total adjudicative facts,** including approximately **322 adjudicative facts** supporting **jurisdiction** in the U.S. District Court for the Western District of Washington; **FRE 201 Adjudicative Facts in Judicial NOTICES --- 2 through 8, 10, 12, and 13 --- fully support jurisdiction and venue.** This **completes** the **short and plain statement for jurisdiction.** Additional **clarity and plausibility statements** are also provided in **Sections VII** and **VIII** and in the **aforementioned FRE 201 Notices.**

3. Plaintiffs assert the following Federal rights to action: Civil action for deprivation of rights pursuant to **42 U.S.C. § 1983**; Conspiracy to interfere with civil rights by Obstructing justice; intimidating party, witness, pursuant to **42 U.S.C. § 1985(2)**; Conspiracy to interfere with civil rights by Depriving persons of rights or privileges under the laws pursuant to 42 U.S.C. § 1985(3). Dole Food Co. v. Watts, 303 F.3d 1104, 1111 (9th Cir. 2002) supports Calder v. Jones.


Edward Colgate 22023 SE Wax Rd., Box 1452, Maple Valley, WA 98038, King Co.

4. Plaintiffs further assert the following Federal rights to action: the right to petition the Government, including the judicial branch, for a redress of grievances under the First Amendment; No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws, under the Fourteenth Amendment, Section 1; This Constitution, and the Laws of the United States which shall be made in Pursuance thereof; or which shall be made, under the Authority of the United States, shall be the supreme law of the land; and the Judges in every State shall be bound thereby, any Thing in the Constitution or Laws of any State to the Contrary notwithstanding, under Article VI, Clause 2.

5. Plaintiffs further assert that five (5) other legal cases materially corroborate, reinforce, and overlap with numerous factual bases of the claims against Defendant Wilson. These include admissions as to the acts, omissions, and consequences forming the foundation of all claims for relief, counts, and causes of action herein, as well as acknowledgment of Edward Colgate's **undisputed legal standing.** Defendant Susan Wilson's **legally binding and conclusive judicial admissions of liability include but are not limited to forgery, fraud regarding annuities and securities and real estate, tampering with a witness, tampering with physical evidence, elder abuse, perjury inducement, identity theft/fraud, obstruction of recovery, tortious interference with contracts and reimbursement, and unjust enrichment,** and are enforceable through criminal to civil conversion laws. **("Conclusive" via Judicial Estoppel Collateral)**

6. Plaintiffs assert: Pursuant to FRCP 8(h)(6), Ky. **CR 8.04,** and 28 U.S.C. **§ 1367(a),** each and every factual averment/ allegation in those five **(5)** State complaints stands judicially admitted and all are legally binding and conclusive. Defendants were legally served by the Jefferson

County Sheriff. Refer to complaint exhibits PX-51, PX-52, PX-53, PX-54, PX-96, PX-95 which also include their own exhibits. Refer to **Subsection B. of Section XII: Legal Necessity of Verbatim Legally Binding** and **Conclusive** Judicial **Admissions** and **Records Preservation.**

7. Plaintiffs assert: These substantive CR 8.04 legally binding judicial admissions of liability by defendants under supplemental jurisdiction—spanning over approximately 300 or more pages of pleadings per complaint, and more than **1,500** pages total, including exhibits where some exhibits do overlap --- form part of the foundation of Plaintiffs' federal claims under 42 U.S.C. §§ 1983 and 1985(2)-(3), under the First and Fourteenth Amendments, and under the United States Supremacy Clause. Approximately **700 of these pages are necessary** to include as Exhibits since there is some overlap with exhibits. Plaintiffs further assert: Fed. R. Civ. P. Rule 8. General Rules of Pleading--8(e) Construction of Pleadings. All pleadings shall be so **construed as to do substantial justice.** In addition, Plaintiffs note that Local Civ. R. **10(e)** uses the term **"should"**, not "shall," in describing the formatting of pleadings and motions. Accordingly, compliance is recommended but not jurisdictional or mandatory. Pro se Plaintiffs have, however, made a good faith effort to comply with LCR 10(e). In addition, Plaintiffs further invoke Fed. R. Civ. P. **9(b), RICO,** and the **Twombly/Iqbal framework to justify length.**

8. Plaintiffs assert: Accordingly, the structure of this Complaint departs from the ordinary order of pleadings in order to place these legally binding and conclusive judicial admissions, estoppel effects, and incorporated records before the Court at the outset. **("Conclusive"** via **Judicial Estoppel** and via **Collateral Estoppel)**

9. Plaintiffs assert: Plaintiffs expressly preserve and reserve the right to bring future claims against this Defendant herein based on post-Complaint misconduct and/or newly discovered facts not presently known. This right to bring future claims also includes other legally distinct

defendants. In addition to the distinct legal claims, separate trials are necessary to avoid prejudice. See Section VI, and see PX-51 through PX-54, PX-96, PX-95 regarding legally binding admissions by defendants, and see all details in Section XXXVII and the **First FRE 201** Notice regarding **543 adjudicative facts judicially noticed under FRE 201.**

**Subsection A. of Section I: Plaintiffs' Legal Assertion and Formal Notice to Opposing Counsel Regarding KRS 209.030- Mandatory Reporting, Complicity with full liability, and KRS 209.050-Retaliation Protections**

10. Plaintiffs assert: Attorney-client privilege does **not** override the mandatory duty to report elder abuse under KRS 209.030. The statute contains no exemption for attorneys representing clients accused of abuse, and Kentucky law does not recognize such privilege as a defense to statutory reporting requirements where public welfare is implicated. As such, opposing counsel is not shielded from the consequences of willful non-reporting under this statute. See Section XLI.

11. Plaintiffs assert: Based on Defendant's legally binding judicial admissions, any statement by Defendant or opposing counsel to the contrary—whether through oral argument, written opposition, a motion to dismiss, or a motion for summary judgment—is asserted by Plaintiffs to be in bad faith, retaliatory, and in direct violation of KRS 209.050. This statute grants immunity from civil or criminal liability for any person acting upon reasonable cause in reporting elder abuse, and further extends the same immunity to judicial proceedings.

12. Plaintiffs further assert that any dispositive motion filed under these circumstances constitutes a bad-faith attack on statutory immunity rights, and is sanctionable misconduct under both state and federal law.

13. Plaintiffs assert: Based on all judicially admitted averments and incorporated evidence, Defendant Susan Wilson is under a legal obligation to report herself pursuant to **KRS 209.030,**

and opposing counsel is similarly obligated to report Defendant Susan Wilson upon receipt of this evidence.

14. Plaintiffs assert: If either party fails to comply, Defendant Susan Wilson incurs additional liability, and opposing counsel becomes fully complicit in ongoing elder abuse and obstruction, actionable under the following: KRS 209.030 (mandatory reporting); KRS 209.050 (statutory immunity for reporters); KRS 209.990(1) (criminal penalty for non-reporting); KRS 446.070 (civil liability for violation of any statute); and KRS 502.020(1)(a)(b)(c)-(2)(a)(b)(c) (which includes full culpability for complicity in the failure to prevent misconduct based on legal obligations to do so). KRS **446.070**, regarding civil liability for any statute, including criminal statutes, is very **facially clear, plain, simple, and straightforward,** with **nothing** to interpret.

15. Plaintiffs assert: Specifically, under KRS 502.020(2)(c), one who "having a legal duty to prevent the conduct causing the result, fails to make a proper effort to do so" is guilty of that offense. Plaintiffs assert that opposing counsel, by failing to report the Defendant, despite clear notice and evidence, is now civilly and ethically liable for obstruction and unjust enrichment, and may be joined as a defendant in subsequent claims or supplemental pleadings.

16. Plaintiffs assert: Finally, if opposing counsel continues to assist in this obstruction, Plaintiffs are legally required to report opposing counsel to appropriate disciplinary authorities for complicity in elder abuse and denial of statutory protections under KRS **209.030,** KRS **209.050**. Opposing counsel may represent defendant, but still must report the Defendant's elder abuse of Doris Colgate based on the public record in the PACER system.

17. Plaintiffs assert: This Complaint provides **statutory immunity to Plaintiffs** under KRS 209.050, and this Court must be aware that defendant's or opposing counsel's obstruction, interference, or retaliation against the reporting of elder abuse --- especially through the misuse

or fraudulent use of litigation tactics—constitutes obstruction, and is not protected by adversarial privilege.

18. KRS 209.030 Creates a Separate and Actionable Duty to Report Elder Abuse Each Day for Each Person with Knowledge. Pursuant to KRS 209.030(2), every person is covered by the statute and has a mandatory legal duty to report known or suspected elder abuse "immediately." This reporting duty is not a one-time obligation that is satisfied by a single action or inaction. Instead, it renews each day that the person remains aware of the abuse or neglect and fails to report it. Each such failure each day constitutes an independent violation, actionable under: KRS 209.990(1) – criminal penalty for failure to report; KRS 446.070 – civil remedy for violation of criminal statutes; KRS 502.020 – complicity; one who enables abuse by silence or obstruction is equally liable; KRS 209.050 – grants criminal and civil immunity to the actual reporter, showing the legislature's intent to protect reporting and condemn non-reporting; KRS 209.020—defines elder abuse; KRS 209.030 itself – standing alone, establishes a continuing affirmative duty enforceable through civil actions tied to criminal statutes.

19. This means that the continuing refusal or failure to report ongoing elder abuse — each day, by each defendant with knowledge — is a new and distinct event or occurrence for purposes of both civil liability and statute of limitations tolling. Each day a mandated reporter does not report and remains complicit through silence or concealment, a **new obstruction of elder abuse recovery occurs, restarting the actionable timeline.**

20. This legal structure makes KRS 209.030 a reporting statute, and also a statutorily distinct and independently enforceable civil-rights safeguard. Just as the harm from elder abuse continues daily, so too does the legal duty to intervene and the liability for choosing not to do so.

21. Plaintiffs assert: KRS 209.050 is a "plain and simple statute" which clearly states "Immunity" with respect to "participation in **ANY Judicial Proceeding**" resulting from such report, and also states "the making of **ANY report.**" **KRS 209.050: Plaintiffs' Immunity** from civil or criminal liability; Anyone acting upon reasonable cause in the making of any report shall have immunity from any civil or criminal liability that might otherwise be incurred or imposed. Any such participant shall have the same immunity with respect to participation in ANY judicial proceeding resulting from such report.

**Subsection B. of Section I: Plaintiffs' Preemptive Assertion Regarding Fed. R. Civ. P. 8(b)(5):**

22. Plaintiffs Preemptively Assert the following: Under Fed. R. Civ. P. 8(b)(5), a party that lacks knowledge or information sufficient to form a belief about the truth of an allegation must so state. Defendant Susan Wilson and/or opposing counsel are hereby **precluded** from invoking Rule 8(b)(5) as a basis for blanket denial and/or any denial of the **over 700 pages of legally binding and conclusive judicially admitted factual averments, exhibits, legal claims, and relief** sought/demanded --- that have been placed squarely before them in this Complaint, and in the five (5) prior State Complaints --- **PXs-51, 52, 53, 54, 96**). This would also violate FRCP 8(b)(2)-(3)-(4). Plaintiffs incorporate by reference in full detail **Sections XXXVI, XXVI, XXX, XXXII, XXVIII, XXIX, XXXI, XXXV, XXVII, XXXVII, PX-63 through PX-87, all 171 Exhibits** and the **First through the Twelfth FRE 201 Notices** of judicially **noticed adjudicative facts,** which include approximately **1,044 total adjudicative facts,** including approximately **322 adjudicative facts supporting jurisdiction. FRE 201 Adjudicative Facts in Judicial NOTICES --- 2 through 8, 10, 12, and 13 --- fully support jurisdiction and venue.**

23. Plaintiffs assert that any denial, refusal to acknowledge, or professed ignorance of these fully incorporated averments, facts, assertions, allegations, adjudicative facts — each of which has already been judicially admitted by five (5) legally distinct Defendants- –would constitute bad faith, retaliation, obstruction, and improper litigation misconduct. Further, any such denial would **confirm the existence of genuine disputes of material facts,** thereby defeating any motion to dismiss, or thereby defeating summary judgment, as a matter of law. Plaintiffs incorporate by reference in full detail Sections **XXXVI, XXVI, XXX, XXII, XXVIII, XXIX, XXXI, XXXV, XXVII, XXXVII, PX-63 through PX-87, PX-108, all 171 Exhibits** and **FRE 201 Adjudicative Facts NOTICES 1 through 14,** which constitute approximately **1,044 total adjudicative facts** supporting all claims for relief herein and also constitute approximately **322** adjudicative facts supporting **jurisdiction. FRE 201 Adjudicative Facts Judicial NOTICES --- 2 through 8, 10, 12, 13 --- fully support jurisdiction and venue.**

24. Plaintiffs assert: Accordingly, any motion to dismiss or any motion for summary judgment by Defendant or opposing counsel—based on blanket denials, feigned ignorance, or false claims of lack of notice—is facially and prima facie frivolous, is offered in violation of Fed. R. Civ. P. 11(b), and constitutes retaliation and actionable bad faith conduct. In addition, Plaintiffs address **plausibility and fraud extensively for both jurisdiction and statutory violations** based on all the evidence, and based on the necessity to preserve for the Ninth Circuit Court of Appeals, if needed. Plaintiffs provide **formal notice** that, as a matter of fact, that it is **impossible** for Defendant or opposing counsel to legally rebut over 1,600 pages of statements of material fact, with expansive and numerous legal authority, including but not limited to **1,044 total judicially noticed adjudicative facts** supporting all claims for relief herein, and also include approximately **322** adjudicative facts supporting **jurisdiction** --- within the allowed 25 pages in a

motion. However, Plaintiffs do acknowledge that opposing counsel/defendant may request an additional page limit to respond to the more than **1,044** judicially noticed **adjudicative facts.**

25. Plaintiffs assert that they will seek immediate sanctions under Rule 11(c) and all applicable legal authority, as well as assert claims under KRS 209.050, KRS 209.030, KRS 209.990, KRS 446.070, KRS 502.020, 28 U.S.C. § 1367(a), 42 U.S.C. § 1983, 42 U.S.C. § 1985(2)-(3), and the First, Seventh, and Fourteenth Amendments for any knowing attempt to obstruct or retaliate against these proceedings, which include **elder abuse,** based on undisputed and incorporated by reference in full detail the legally binding and conclusive adjudicative facts/averments/ allegations.

**SECTION II: Plaintiffs assert: Enforcement of Legally Binding Judicial Admissions of Plaintiff's/ Plaintiffs' Proper Legal Standing and Defendant's Liability, AND Fully Incorporated State Court Claims Under** FRCP 8(b)(6), substantive **CR 8.04,** FRCP 10(c), and **28 U.S.C. § 1367(a)—Supplemental Jurisdiction.** Pursuant to **R. 8(b)(6)** and **Ky. CR 8.04--legally binding admissions** are **conclusive** and **any contrary statement** is **fraud** upon this Court. **("Conclusive"** via **Judicial Estoppel** and via **Collateral estoppel).** Plaintiffs assert that **"Substantive Ky. CR 8.04" is also stated as CR 8.04 herein.** Plaintiffs reassert and incorporate by reference in full detail all preceding paragraphs as though fully set forth herein. Plaintiffs further assert all the following paragraphs.

26. Plaintiffs assert: Because the conditions for judicial admissions under **28 U.S.C. § 1367(a)** and **CR 8.04** have been fully satisfied in Case No. 25-CI-001371 (PX-51) v. Susan Wilson, all allegations/averments therein Plaintiffs' Kentucky Complaint/pleadings are legally binding and conclusive judicial admissions of Defendant's liability, Defendant's damages, and Plaintiffs' legal standing as a matter of law.

27. Plaintiffs assert and incorporate by reference in full detail, the full comprehensive legally binding judicial admissions of allegations/averments/adjudicative facts by Defendant Susan Wilson --- of approximately 300 pages of admitted statements of material fact, (30) admitted counts/claims for relief, and **admitted relief** that Plaintiffs are entitled to in approximately (60) separate and distinct ways since relief may include relief in the alternative or different types of relief. Substantive CR 8.04--**legally binding admissions of factual averments/ allegations/ adjudicative facts** are **conclusive and any contrary statement** is **fraud** upon this Court.)

28. Plaintiffs assert: In addition to Case No. **25-CI-001371 (PX-51),** four (4) other Jefferson Circuit Court civil complaints are incorporated by reference in full detail, as though fully set forth herein, into this present federal action, because these complaints contain legally binding and conclusive judicially admitted averments/allegations/adjudicative facts that further corroborate and support the claims asserted herein. These cases are: Case No. **25-CI-001568 (PX-52)** – Colgate v. Ray Wilson, entered 3-3-2025; Case No. **25-CI-001795 (PX-53)** – Colgate v. Jude McConnell, entered 3-10-2025; Case No. **25-CI-001796 (PX-54)** -- Colgate v. Hey Jude, LLC, entered 3-10-2025. Plaintiffs incorporate by reference in full detail **PX-51 through PX-62.**

29. Plaintiffs assert: Each case independently documents and substantiates ongoing and escalating patterns of elder abuse of Doris Colgate, including but not limited to financial exploitation, witness tampering, obstruction of recovery, and unjust enrichment. Plaintiffs may intentionally file separate actions under Rule 20(a)(2) because the defendants' misconduct does **not** arise from the same transaction/occurrence or series of transactions/occurrences, and involves **distinct** legal relationships, **harms, timelines,** and **applications** of statutory authority. Consolidation would violate due process and increase prejudice. The abuse has occurred for over 5 years and continues today. Defendant has judicially admitted--separate trials to avoid prejudice.

30. Plaintiffs assert: Each case also independently documents and substantiates ongoing and escalating patterns of tortious interference with contractual rights, expectancy, and reimbursement rights, and obstruction of Edward Colgate's contractual and fiduciary rights and duties, resulting in Defendant's unjust enrichment. This also has occurred for over 5 years and continues today. Plaintiffs **preemptively invoke KRS 411.140, if needed, based on continuous obstruction.** Plaintiffs also preemptively invoke **KRS 413.120 and KRS 413.130 for 5 year statutes of limitation,** and up to **10 years** based on applicable laws. In addition, **Trustee has the legal right and duty to protect the Trust.** Furthermore, **fraudulent obstruction of recovery and continued unjust enrichment extends the statute of limitations.**

31. Plaintiffs assert the following: While the factual averments/allegations/adjudicative facts in these four complaints do overlap in partial subject matter and in partial factual context, each case is distinct in the following ways: (Also refer to following **paragraph number 89.**) Distinct occurrences, events, or transactions; Distinct legal breaches; Distinct timeframes, actions, and omissions; Distinct defendants and roles; Distinct statutory and common law applications.

32. Plaintiffs assert: Because the conditions for judicial admissions under **CR 8.04** have been fully satisfied in Case No. **25-CI-001568 (PX-52)** v. Ray Wilson, all averments/ allegations/ adjudicative facts therein Plaintiffs' Kentucky Complaint/pleadings are legally binding and conclusive judicial admissions of Defendant's liability, Defendant's damages, and Plaintiffs' **legal standing** as a matter of law.

33. Plaintiffs assert and incorporate by reference in full detail, the full comprehensive judicial admissions of averments/allegations/adjudicative facts by Defendant Ray Wilson of over 300 pages of admitted statements of material fact, (30) admitted counts/claims for relief, and admitted relief that Plaintiffs are entitled to in approximately (60) separate and distinct ways

since relief may include relief in the alternative or different types of relief. Plaintiffs assert FRCP 8(b)(6), and Ky. CR 8.04 under supplemental jurisdiction.

34. Plaintiffs assert: Because the conditions for judicial admissions under **CR 8.04** have been fully satisfied in Case **25-CI-001795 (PX-53)** v. Jude McConnell, all averments/allegations/ adjudicative facts therein Plaintiffs' Kentucky Complaint/pleadings are legally binding and conclusive judicial admissions of Defendant's liability, Defendant's damages, and Plaintiffs' legal standing as a matter of law.

35. Plaintiffs assert and incorporate by reference in full detail, the full comprehensive judicial admissions of averments/allegations/adjudicative facts by Defendant Jude McConnell of over 300 pages of admitted statements of material fact, (30) admitted counts/claims for relief, and admitted relief that Plaintiffs are entitled to in approximately (60) separate and distinct ways since relief may include relief in the alternative or different types of relief.

36. Plaintiffs assert: Because the conditions for judicial admissions under **CR 8.04** have been fully satisfied in Case **25-CI-001796 (PX-54),** v. Hey Jude, LLC, all averments/allegations/ adjudicative facts therein Plaintiffs' Kentucky Complaint/pleadings are legally binding and conclusive judicial admissions of Defendant's liability, Defendant's damages, and Plaintiffs' legal standing as a matter of law.

37. Plaintiffs assert and incorporate by reference in full detail, the full comprehensive judicial admissions of averments/allegations/adjudicative facts by Defendant Hey Jude, LLC of over 300 pages of admitted statements of material fact, (30) admitted counts/claims for relief, and admitted relief that Plaintiffs are entitled to in approximately (60) separate and distinct ways since relief may include relief in the alternative or different types of relief.

38. Plaintiffs assert the following: These incorporations by reference in full are substantively necessary for the resolution of this case, and are also made for the express purpose of:

(a) Preserving all legally binding and conclusive judicial admissions of factual averments/allegations/adjudicative facts under CR 8.04 for use in this Complaint, and for use in any distinct proceedings with overlapping averments/allegations/adjudicative facts; See applicable **case laws** in Section XX. (b) Establishing part of the evidentiary foundation for federal civil rights claims under 42 U.S.C. §§ 1983 and 1985(2)-(3), and related statutory and constitutional violations; and

(c) Ensuring preservation of the full factual record for potential appellate review by the U.S. District Court for the Western District of Washington and the United States Court of Appeals for the Ninth Circuit, if needed.

39. Plaintiffs also assert by reference in full --- all details herein the following legal authority in paragraphs numbered 40 through 55 --- to be applied herein, as support for this present federal action.

40. Pursuant to the criteria in 28 U.S.C. § 1367(a) and **substantive CR 8.04**—Averments/ allegations/ adjudicative facts in five **(5)** of Plaintiffs' Kentucky Complaints have been judicially admitted and are legally binding;

41. Go to paragraph 42.

42. Pursuant to Fed. R. Civ. P. 8(e)—all pleadings shall be construed as to do substantial justice;

43. Pursuant to KRS 502.020-Complicity and Liability with full culpability;

44. Pursuant to KRS 209.990(1) through (7) for enforcing various elder abuses;

45. Pursuant to KRS 446.070--Penalty no bar to civil recovery-- A person injured by the violation of any statute may recover from the offender such damages as he sustained by reason of the violation;

46. Pursuant to 28 U.S.C. § 1367(a) for supplemental jurisdiction; and

47. Pursuant to 28 U.S.C. § 1983; 28 U.S.C. § 1985(2)-(3); the First, Seventh, and Fourteenth Amendments to the U.S. Constitution, the Supremacy Clause, and other federal and state legal authority.

48. Plaintiffs assert: In each aforementioned case cited, the named defendant failed to enter an appearance, failed to file an answer, and failed to respond to Plaintiffs' Complaint and motions within the time required pursuant to CR 12.01. As of the current date of this filing, and more than ten **(10)** months later after legal service by the Sheriff, defendants continue their complete absence and avoidance. These actions were brought against individuals who, as alleged and asserted herein, acted directly, and/or acted in complicity with, enabled, or conspired with Defendant Susan Wilson in different and distinct ways.

49. Plaintiffs assert: Pursuant to Fed. R. Civ. P. 10(c), Plaintiffs hereby incorporate by reference the full contents of the following **five (5)** Complaints filed in Jefferson Circuit Court, Kentucky with case numbers **25-CI-001371, 25-CI-001568, 25-CI-001795, 25-CI-001796, 25-CI-001121**, including all numbered paragraphs, all Counts, all causes of action, all claims for relief, all relief sought/demanded, and all attached exhibits (PX-1 through PX-40), as though fully set forth herein. Said state Complaints are attached as **Exhibits PX-51, PX-52, PX-53, PX-54,** and **PX-96** (which is also supported by **PX-95)** --- to this federal Complaint, and are considered part of this pleading/complaint for all purposes. Also, refer to **PX-55 through PX-62.**

50. Plaintiffs assert: Under **CR 8.04,** all averments/ allegations/ adjudicative facts and alternative legal theories in the original state pleadings are judicially admitted, and legally binding and conclusive.

51. Plaintiffs assert: More than **1 year** has passed since proper legal service upon Defendant Susan Wilson by the Jefferson County Sheriff on March 25, 2025, and the Jefferson Circuit Court record reflects no entry of appearance, no answer, no denial of averments/ allegations/ adjudicative facts, and no motion to dismiss. Judicial admissions of liability and damages are therefore and thereby binding, and shall be enforced by this Court pursuant to CR 8.04, 28 U.S.C. § 1367(a), Refer to PX-51, PX-55, PX-56.

**Subsection A. of Section II: Legally Binding and Conclusive Judicially Admitted Legal Standing—CR 8.04--legally binding admissions** are **conclusive and any contrary statement** is **fraud** upon this Court. See applicable case laws in Section XX.

52. Plaintiffs assert: Plaintiff Doris Colgate's and Plaintiff Edward Colgate's **legal standing are legally binding, conclusive, and judicially admitted** by Defendant under **CR 8.04** and **no further proof is required** to establish capacity under KY CR 17.01; **FRCP 17(a)(1)(E)-(G)-** including but not limited to **Trustee (Plaintiff);** CR 60.03; **FRCP 18(a)** for **joinder** of **102 claims; FRCP 19(a)(1)(A)(B)** for **joinder of Plaintiffs; FRCP 60(d)** for **new evidence** and **fraud;** FRCP **20(a)(1)(A)(B)** for **joinder of Plaintiffs; CR 8.04; 28 U.S.C. § 1367(a);** KRS 386B.8-010, KRS 386B.1-010(1), KRS 386B.8-180(1)(a), KRS 386B.4-100, KRS 457.350(1)-(2), and Edward Colgate's Trustee Agreement and Power of Attorney Agreement (See PX-12) for joinder of Plaintiffs and legal standing. For plausibility, Plaintiffs incorporate by reference in full detail State case **25-CI-001371, Exhibit PX-51, paragraphs 5 through 32** for **legally binding** and conclusive Defendant's judicial admissions of **Edward Colgate's legal standing.**

Edward Colgate's legal standing facially supports Doris Colgate's legal standing. Both Doris and Edward also have their own specific claims for relief against the defendant.

53. Plaintiffs assert: To the extent Defendant attempts to now deny these previously admitted and legally binding averments/allegations/adjudicative facts, Plaintiffs object and assert Defendant's waiver, estoppel, inexcusable delay, prejudice, and legally binding judicial admissions pursuant to CR 8.04 and 28 U.S.C. § 1367(a).

54. Plaintiffs assert: Judicial admissions are **conclusive** and must be accepted by the Court, regardless of a pleading's length, detail, or structure. Plaintiffs incorporate by reference in full detail all **case laws in Section XX.** Accordingly, Defendant's liability is judicially admitted, legally binding, and conclusive in all thirty (30) Claims for Relief / Counts, and Defendant's liability is judicially admitted regarding approximately (60) separate items of relief, which may include relief in the alternative or different types of relief.

55. Plaintiffs assert: In addition, this action asserts **new and independent civil rights claims** pursuant to **42 U.S.C. §§ 1983 and 1985(2)-(3), the First, Seventh, and Fourteenth Amendments to the United States Constitution, and the Supremacy Clause.**

**SECTION III: Parties**

Plaintiffs reassert and incorporate by reference in full detail all preceding paragraphs as though fully set forth herein. Plaintiffs further assert all the following paragraphs.

56. Plaintiffs assert by reference in full, all details herein paragraphs 56-63 regarding Parties. Plaintiff Edward Colgate is an individual residing in Western Washington, and has resided in Washington State since 2008. Edward's background as a Professional Auditor supports his ability to competently present the legal and factual bases of this case.

57A. Edward Colgate is a Plaintiff, individually, based on statutory violations, and in his capacities as--- Trustee and Power of Attorney for Doris Colgate--- pursuant to KRS 386B.8-010, KRS 386B.1-010(1), KRS 386B.8-180(1)(a), KRS 386B.4-100; FRCP 17(a)(1)(E),(G), KRS 457.350(1)-(2), Real Party in Interest With Doris Colgate, Will Executor, Trust and Will Beneficiary and Heir of Doris Colgate's Estate.

57B. DORIS ANN COLGATE is a Plaintiff — a Vulnerable Adult with Dementia and Aphasia pursuant to KRS 209.020(4) and KRS Chapter 209 — Individually and by Edward Harrison Colgate as her Valid and Legal Trustee --- Power of Attorney — and Executor of her Valid Will--

57C. AND CONDITIONALLY --- THE ESTATE OF DORIS ANN COLGATE — by Edward Harrison Colgate as Executor and Trustee — asserted conditionally pursuant to FRCP 17(a)(1)(E) — FRCP 25(a)(1) --- FRCP 25(a)(2) — FRCP 25(b) --- KRS 411.140 — KRS 386B.8-010 --- KRS 386B.1-010(1) KRS 386B.8-180(1)(a) — KRS 386B.4-100 --- and 42 U.S.C. §1988(a) --- to the extent that Doris Ann Colgate has passed during the pendency of this action or prior to its filing — which Plaintiffs cannot confirm due to the enterprise's fraudulent systematic isolation of Doris Ann Colgate from Edward Harrison Colgate and the enterprise's documented fraudulent obstruction of all communication between them — with all claims surviving and continuing in full force through Edward Harrison Colgate as Executor and Trustee.

57D. All claims asserted herein survive the death of Doris Ann Colgate pursuant to 28 U.S.C. §1367(a) — KRS 411.140 --- FRCP 17(a)(1)(E) — FRCP 25(a)(1) FRCP 25(a)(2) — FRCP 25(b) --- KRS 386B.8-010 --- KRS 386B.1-010(1) — KRS 386B.8-180(1)(a) — KRS 386B.4-100 --- 42 U.S.C. §1988(a) — and may be brought or revived by Edward Harrison Colgate as personal representative --- Trustee --- Executor — Heir --- Beneficiary.

57E. The Estate of Doris Ann Colgate is named conditionally as a plaintiff pursuant to FRCP 17(a)(1)(E) — FRCP 25(a)(1) — FRCP 25(a)(2) — FRCP 25(b) --- KRS 411.140 --- KRS 386B.8-010 — KRS 386B.1-010(1) — KRS 386B.8-180(1)(a) --- KRS 386B.4-100 --- and 42 U.S.C. §1988(a). Plaintiffs cannot confirm whether Doris Ann Colgate is currently living because the enterprise's fraudulent systematic isolation of Doris from Edward — **documented throughout this complaint** and in the **543 adjudicative facts noticed in the First FRE 201 Notice, in Section XXXVII, and documented in Susan Wilson's substantive CR 8.04 legally binding admissions of liability** - has fraudulently prevented all communication between them for an extended period — making discovery necessary for confirmation of her current status. Doris Ann Colgate --- 93 years of age at the time of this filing — and given her documented cognitive and physical vulnerability --- the conditional Estate designation ensures continuity of all claims --- regardless of her current status. All claims asserted on behalf of Doris Ann Colgate are non-extinguishable by her death under KRS 411.140, 42 U.S.C. §1988(a), FRCP 17(a)(1)(E), FRCP 25(a)(1) — FRCP 25(a)(2) — FRCP 25(b) --- KRS 386B.8-010 — KRS 386B.1-010(1) — KRS 386B.8-180(1)(a) — KRS 386B.4-100 --- and based on --- **Edward Harrison Colgate — as her designated Trustee and Executor under valid estate documents --- whose validity is established from five independent, legally binding CR 8.04 admissions of liability by defendants --- across five Kentucky cases** --- is authorized to assert all claims on behalf of the Estate. **If confirmation of Doris Ann Colgate's death is obtained during the pendency of this action — Plaintiffs will notify the Court and the conditional Estate designation will become the operative party designation ------ without** amendment --- **because the Estate was identified as a Conditional Party from the outset.**


Edward Colgate 22023 SE Wax Rd., Box 1452, Maple Valley, WA 98038, King Co.

58. For purposes of court filings and service of pleadings, both Edward Colgate and Doris Colgate may be reached through Edward's mailing address at 22023 SE Wax Road, Box 1452, Maple Valley, WA 98038, (King County) as delivery to Doris's 24/7 nursing care facility may be obstructed by Defendant Susan Wilson.

**Subsection A. of Section III : Legally Binding and Conclusive Judicial Admissions Establishing Vulnerable Adult Status Under KRS 209.020(4)—Elder Abuse--and Doris Colgate's Direct Plaintiff Status; Legally Binding** under **CR 8.04, 28 U.S.C. § 1367(a).**

59. **Verbatim** from case **25-CI-001371, PX-51, paragraph 2,** regarding the following legally **conclusive** and binding Defendant's judicial admissions: "KRS 209.020(4) uses the following criteria for a Vulnerable adult: An adult who is (a) unable to manage his or her own resources, (b) unable to carry out the activity of daily living on their own, **OR** (c) protect himself or herself from neglect, exploitation, or an abusive situation. Only 1 of 3 needs to be met. By virtue of (c) where Doris **was, and is not able to protect herself from Wilson's** (Wilson or Susan Wilson hereafter) **continuing Complicity in Elder Abuse,** this criteria has been met since 2-14-2020. Doris does also meet the other 2 criteria. Doris has not been able to manage her own resources since January 2019. Doris has not been able to carry out her activity of daily living on her own since early to mid-2018, requiring a caregiver. Plaintiff asserts legal standing for Doris, based on, but not limited to Wilson's Abuse, and based on all applicable Civil Rules and Statutes herein."

60. **Verbatim** from case number **25-CI-001371, PX-51, paragraph 3,** regarding the following legally **conclusive** and legally binding Defendant's judicial admissions: "Doris Colgate is a 92 year old in 24/7 nursing care since 2-14-2020, with a dementia diagnosis on 2-10-2020, and an aphasia (brain disorder) diagnosis on 3-11-2020, among other diagnoses, impairing her capacity.

Doris Colgate is included as a direct plaintiff because she has a legitimate and significant interest in the recovery of funds regarding **Defendant Susan Wilson's Complicity** to the following **30 Counts** and Causes of Action pursuant to KRS 502.020 (1)–(2) – Liability for conduct of another -- Complicity. Despite Doris's current inability to act independently, she retains legal rights to recover her defrauded property, and Plaintiff Edward Colgate, acting with proper authority, brings this action on her behalf. Doris Colgate, by and through Edward Colgate, as her fiduciary and real party in interest, seeks recovery of the **funds taken with Wilson's Complicity,** and any further relief deemed appropriate by the Court. Doris signed an Affidavit against Susan Wilson. Refer to PX-10, the Affidavit.

61. **Verbatim** from case **25-CI-001371, PX-51, paragraph 336, regarding the following legally binding** and conclusive Defendant's judicial admissions: **"Wilson was Complicit with Fox in perpetrated Forgery** Pursuant to KRS 502.020 and pursuant to KRS 516.020, KRS 516.030, and KRS 516.040 regarding **Wilson's and Fox's power of attorney document**. In addition, Wilson's or Fox's forgery relates to unauthorized liquidation of Doris's annuities and securities. In addition, Wilson's or Fox's forgery relates to submissions to Court. The aforementioned caused financial damages to Doris and Edward based on all 30 Counts and causes of action herein. Refer to PX-2, PX-3, PX-5, and PX-25 through PX-29."

62. Doris Colgate is an indispensable and necessary party within the meaning of KY CR 19.01 and Fed. R. Civ. P. 19, as her rights and interests are directly at issue in this litigation.

63. Defendant Susan Wilson is an adult resident of Louisville, Jefferson County, Kentucky, residing at 1088 Springview Drive, Louisville, Kentucky 40219.

**SECTION IV: Liberal Construction, Plausibility Standard, Fraud Standard, and Structural Compliance with Rule 8, Twombly/Iqbal, and Constitutional Due Process**

Plaintiffs reassert and incorporate by reference in full detail all preceding paragraphs as though fully set forth herein. Plaintiffs further assert all the following paragraphs.

64. Plaintiffs assert by reference in full, all details herein paragraphs 64-81 regarding Liberal Construction, Plausibility Standard, Fraud Standard, and Structural Compliance with Rule 8, Twombly/Iqbal, and Constitutional Due Process: The "**short and plain statement**" requirement under Rule 8(a)(2) is strictly limited in scope: it **applies only to the initial statement of the claim** showing that the pleader is entitled to relief, and the jurisdictional basis under Rule 8(a)(1). It does not, by its own terms or by any controlling precedent, impose any limitation whatsoever on the volume, length, detail, or structure of the supporting factual allegations and/or assertions, exhibits, legal context, or supplemental materials that follow.

65. **Once Plaintiffs fulfill the short and plain statements required by Rule 8(a)(1) and 8(a)(2), Plaintiffs are absolutely entitled—both legally and constitutionally—to develop all additional relevant facts and materials necessary to support each claim for relief** / count, to **preserve all issues for appeal** and appellate fact review, and to create a **complete record** in accordance with First Amendment court access rights, the Fourteenth Amendment rights, due process rights, and the Seventh Amendment right to jury trial.

66. These factual additions are especially appropriate in light of the volume, complexity, and systemic nature of the statutory violations alleged and asserted, and to ensure a complete and reviewable record in the **Ninth Circuit** or higher courts.

67. Let there be no ambiguity: once Plaintiffs satisfy the Rule 8(a) requirement of a short and plain statement of the claim and jurisdictional basis, the Federal Rules impose **no limit** whatsoever on the scope, length, or format of supporting factual material, evidence proffers, or

elaborations that follow. Rule 8 simply does **not restrict** the factual record, and Twombly or Iqbal does **not** overrule this.

68. The Supreme Court in **Haines v. Kerner, 404 U.S. 519--Supreme Court** 1972--confirmed that a pro se plaintiff must be granted the **full opportunity to offer supporting proof.** It is not a judge on a motion to dismiss—it is the jury who determines whether facts are relevant, coherent, credible, and worthy of relief. Any attempt to second-guess that right at the pleadings stage is not only premature, it is unconstitutional.

69. This Complaint follows an organized and coherent structure: each claim for relief / count begins with a short and plain statement of the claim and legal basis/bases, followed by clearly demarcated factual support, statutory citations, references to authenticated exhibits (PX-1 through PX-171), and relief demanded. The detail herein is not verbosity—it is legal necessity, given the scale of judicial misconduct, obstruction, and elder exploitation documented across hundreds of pages, and supported in authenticated audio recordings. Dismissal on form, page length, or content volume would not only violate Rule 8 and Supreme Court precedent—it would constitute willful suppression and obstruction of truth and denial of due process.

70. Accordingly, Plaintiffs submit that this Complaint fully complies with Rule 8, preserves all rights under Federal Rule 54(c), and reflects structural, legal, and constitutional adherence to the required standards of federal pleadings under Twombly, Iqbal, and liberal construction doctrine. In the alternative, Plaintiffs assert: **Fed. R. Civ. P. 5(d)(4)** Acceptance by the Clerk. The clerk must **not refuse** to file a paper solely because it is **not in the form** prescribed by these rules or by a local rule or practice.

71. Rule 8 cannot lawfully be distorted into a tool of obstruction. The rule exists to simplify access to justice, not to deny it. Twomhly and Iqbal require plausibility, but this standard does

not authorize courts to truncate or censor factual support. To weaponize Rule 8 against a pro se fiduciary plaintiff alleging and asserting elder abuse and systemic fraud would invert its purpose and directly violate the First Amendment right to petition, the Fourteenth Amendment's guarantee of due process and equal protection, and the Seventh Amendment right to jury determination of fact disputes.

72. Plaintiffs assert: Any judicial attempt to strike or dismiss portions of this Complaint merely for being detailed would constitute a fraud upon the court, because it would fabricate a procedural barrier where the Rules themselves recognize none. See **Fed. R. Civ. P. 18(a) (no limit on joinder of claims)**; **Fed. R. Civ. P. 54(b) (relief not restricted)**; Fed. R. Civ. P. 54(c) (default judgment allowed and relief entitled even if not demanded); Fed. R. Civ. P. 10(c) (adoption by reference, exhibits). Courts have long recognized that factual complexity and multiplicity of claims cannot be a basis for dismissal.

73. Plaintiffs assert support for an expansive complaint, citing the Supreme Court in **Haines v. Kerner,** 404 U.S. 519, 520–21 (1972) "520-521"--allegations such as those asserted by petitioner---**however inartfully pleaded, are sufficient to call for the opportunity to offer supporting evidence.** Plaintiffs, however, believe their Complaint **is artfully pleaded.**

74. Accordingly, although we intimate no view whatever on the merits of petitioner's allegations, we conclude that he is entitled to an opportunity to offer proof. The judgment is reversed and the case is remanded for further proceedings consistent herewith. Furthermore, this reversed dismissal of a complaint found "verbose," holding that: "Length and repetitiveness alone" are not grounds for dismissal under Rule 8," and that complaints containing detailed factual allegations and assertions are permissible.

75. As the Ninth Circuit has made clear, Rule 8 is not a straitjacket of page limits or word counts. In **Hearns v. San Bernardino Police Dep't, 530 F.3d 1124, 1127, 1131–32 (9th Cir. 2008)**, the court reversed dismissal of a "verbose" complaint, holding that "length and repetitiveness alone" are not grounds for dismissal. Also refer to paragraphs **330—335** which address the necessity of potential redundancies in a **complex case** that is multi-jurisdictional with 102 Claims for Relief.

76. Plaintiffs preemptively assert: Kougasian v. TMSL, Inc., 359 F. 3d 1136 - Court of Appeals, 9th Circuit 2004: Plaintiffs allege **wrongful acts and fraud.** This is an original action for---including but not limited to---extrinsic fraud and RICO violations. Plaintiffs are **not** alleging error. Refer to Kougasian v. TMSL in **Section XX.**

77. Plaintiffs also invoke 28 U.S.C. § 1654, which guarantees the right of individuals to prosecute their own claims. That statutory right would be nullified if courts were permitted to dismiss complaints simply for presenting too many facts. This would amount to an unconstitutional obstruction of pro se plaintiffs' access to the courts.

78. Plaintiffs assert: Put plainly, once Plaintiffs comply with Rule 8(a)'s narrow requirement, there exists no lawful authority—statutory, precedential, or constitutional—that empowers any judge to silence the detailed factual record that follows. Cutting off that record at the pleadings stage would itself be a denial of rights, further demonstrating why this Complaint must proceed in full, unaltered, and on the merits.

79. Plaintiffs assert: The term **"statement"** in Federal Rule of Civil Procedure 8(a)(1)-(2) must be understood in its ordinary and legal sense: an official or formal account of facts, not a restriction to one sentence or one paragraph. A "short and plain statement" does not mean a minimal statement, but a coherent and proportional one. The length of any particular statement

necessarily varies with the complexity of the claim, the number of facts required to establish plausibility, and the statutory framework involved.

80. For example, a simple claim for breach of contract may require only five sentences to state adequately, while a complex claim involving elder abuse, fiduciary obstruction, conspiracy, systemic obstruction, and statutory violations across multiple jurisdictions may require fifty or seventy-five sentences to fairly and plainly account for the essential facts. Such a statement remains "short and plain" in relation to the issues involved.

81. Plaintiffs assert: Accordingly, Plaintiffs' use of detailed multi-sentence statements for each claim for relief / count, or for jurisdictional support, is permissible, and necessary to satisfy Twombly and Iqbal's plausibility requirement, to preserve issues for appellate review, and to ensure that the Court and jury have a clear, organized, and accurate account of the matters at issue. Any narrower interpretation of "statement" would deprive complex cases of meaningful access to justice and misapply Rule 8 contrary to its purpose since **FRCP Rule 8(e)**-Construction of Pleadings--states: All pleadings shall be so **construed as to do substantial justice.**

**SECTION V: Preclusion Safeguard and Preservation of All Claims and All Relief**

Plaintiffs reassert and incorporate by reference in full detail all preceding paragraphs as though fully set forth herein. Plaintiffs further assert all the following paragraphs.

**Preclusion Safeguard**

82. Plaintiffs expressly preserve and assert that the legally binding and conclusive effect of judicial admissions of liability made under **CR 8.04** and **28 U.S.C. § 1367(a),** overrule any potential dismissal of any single defendant or any single action.

83. Plaintiffs assert: Each Defendant's liability arises from distinct misconduct, from distinct and overlapping timeframes, and from distinct applications of legal authority even in instances where

the same legal authority applies. Where there is factual overlap, overall contextual applications are individually applied.

84. Plaintiffs assert: Accordingly, adjudication against one defendant does not absolve and does not immunize others, and subsequent filings remain fully cognizable. Moreover, any final judgment, including by default against one co-conspirator, shall be admissible and persuasive in subsequent proceedings against others, establishing factual predicates, and demonstrating judicial recognition of the judicially legally binding and conclusive admissions of defendants' liability.

**Plaintiffs assert: Preservation of All Available Relief and All Claims:**

85. Plaintiffs assert: Plaintiffs expressly invoke Fed. R. Civ. P. 54(c), which provides that "every other final judgment should grant the relief to which each party is entitled, even if the party has not demanded that relief in its pleadings.

86. Plaintiffs assert: Plaintiffs further invoke Fed. R. Civ. P. 15(b), which authorizes amendment to conform to the evidence, including implied amendments tried by consent. To the extent that any count, label, or heading in this Complaint omits a particular legal theory, cause of action, claim for relief, or form of relief, Plaintiffs **preserve, reserve, and assert all rights to such relief as supported by the facts pleaded herein and the evidence to be presented at trial.**

87. Plaintiffs assert: Plaintiffs do **not** waive any substantive or procedural rights under Rule 8, and expressly **demand a trial by jury on all issues so triable under the Seventh Amendment, Fed. R. Civ. P. 38, 39, and 42(b)-(to avoid prejudice-to which Defendant has legally binding admissions), including all factual disputes and determination of damages—for those facts and damages not yet determined.**

**SECTION VI: Demand for Separate Trials under Fed. R. Civ. P. 42(b) and the Seventh Amendment** and **Different Common Questions of Law, Facts, Occurrences,** or **Transactions**

Plaintiffs reassert and incorporate by reference in full detail all preceding paragraphs as though fully set forth herein. Plaintiffs further assert all the following paragraphs.

88. Plaintiffs assert: Plaintiffs expressly invoke Federal Rule of Civil Procedure 42(b) and the Seventh Amendment to the United States Constitution, and demand separate trials based on distinct claims and distinct defendants. Plaintiffs invoke Rule 42(b) which authorizes separation of trials to avoid prejudice and to prevent confusion. Plaintiffs demand preservation of their federal right to a jury trial.

89. Plaintiffs assert: The claims for relief asserted herein involve extraordinary volume and complexity, including over 1,600 pages in this Complaint, plus potentially more than 1,500 pages of exhibits, and (102) separate claims for relief, counts, causes of action. Consolidating such matters into a single trial would create confusion, **insurmountable prejudice,** and denial of due process, particularly where multiple defendants are charged with distinct acts of elder abuse, tortious fiduciary interference, fraud, obstruction of justice in multiple ways, including obstruction of recovery and unjust enrichment. Plaintiffs assert the following **legally binding and conclusive judicial admissions** that are **Verbatim from state complaint 25-CI-001371 (PX-51), paragraph 23, for separate trials and separate complaints:** Pursuant to **CR 18.01,** Plaintiffs assert 30 claims and causes of action against Susan Wilson, and assert that consolidation of defendants does **not** apply based on additional claims against Wilson personally, in addition to the Complicity claims herein, and pursuant to CR 42.01, since different defendants would have **different common questions of law, facts, occurrences, or transactions.** Plaintiffs assert **FRCP 38, 39, and 42(b)—for separate jury trials to avoid prejudice.** In addition,

Kentucky **CR 42.02--separate trials** are **necessary to avoid prejudice** to the Plaintiffs. This is **legally binding and conclusive** and has been judicially **admitted by the Defendant.** See **PX-51.**

90. Plaintiffs assert: **Separate trials** are necessary to **preserve substantial justice**, ensure jurors can fairly evaluate each defendant's conduct, and safeguard Plaintiffs' Seventh Amendment right to have a neutral jury determine the facts **without undue prejudice or conflation.** Plaintiffs therefore demand, as a matter of right, that **liability and damages** be **tried separately** as to each defendant, with preservation of all remedies available under federal law. In addition, **see pages 269 through 272 for Survival of Claims.**

**SECTION VII: Jurisdiction and Venue; NOTE: Additional Jurisdictional Plausibility Statements are in Section VIII.**

Plaintiffs reassert and incorporate by reference in full detail all preceding paragraphs as though fully set forth herein. Plaintiffs further assert all the following paragraphs.

91. Plaintiffs assert and set forth the following **short and plain statement** regarding the claim for **jurisdiction** under Fed. R. Civ. P. 8(a)(1)—regarding the grounds upon which the court's jurisdiction depends: Plaintiffs assert: This Court has subject matter jurisdiction, personal jurisdiction, and venue based on the following: supplemental jurisdiction claims pursuant to 28 U.S.C. § 1367(a); Civil rights claims pursuant to 28 U.S.C. § 1343(a)(1)-(2)-(3)-(4); Federal question claims pursuant to 28 U.S.C. § 1331; and venue pursuant to 28 U.S.C. § 1391(b)(2). The substantial harm directed at Washington State caused direct and ongoing harm to Doris Colgate, and to Edward Colgate, individually, and in his capacities under KRS 386B.8-010, KRS 386B.1-010(1), KRS 386B.8-180(1)(a), KRS 386B.4-100; FRCP 17(a)(1)(E)-(G), FRCP 60 (b)(2)(3)(4)(6), KRS 457.350(1)-(2), and as a Real Party in Interest With Doris Colgate. Personal

jurisdiction is proper under Calder v. Jones, 465 U.S. 783 (1984), because the out-of-state defendant intentionally directed their misconduct at the forum state of Washington, knowing it would cause foreseeable harm to both Plaintiffs. In addition, Plaintiffs have been denied all access to all Kentucky courts based on fraudulent felony accusations against plaintiff(s) by judges (without jurisdiction) and based on systemic obstruction of justice by Jefferson Circuit Court -Kentucky. Plaintiffs had given many notices that they were being targeted in WDWA. This is **NOT** related to diversity. Plaintiffs incorporate by reference in full detail **Sections XXXVI, XXVI, XIX, XXX, XXXII, XXVIII, XXIX, XXXI, XXXV, XXVII, XXXVII, PX-63 through PX-87, PX-108, all 167 Exhibits,** and the **First through the Sixteenth FRE 201 Judicial Notices** of judicially **noticed adjudicative facts,** which include approximately **1,044 total adjudicative facts,** including approximately **329 adjudicative facts** supporting **jurisdiction** in the U.S. District Court for the Western District of Washington; **FRE 201 Adjudicative Facts in Judicial NOTICES --- 2 through 8, 10, 12, and 13 --- facially fully support jurisdiction and venue in the Western District of Washington--Seattle.**

92. Plaintiffs further incorporate and assert by reference in full, all details herein paragraphs 91--101 regarding jurisdiction and venue. Plaintiffs' jurisdiction and venue is also supported because Plaintiffs bring claims under 42 U.S.C. § 1983, 42 U.S.C. § 1985(2)-(3), under the First, Seventh, and Fourteenth Amendments to the U.S. Constitution, under the U.S. Supremacy Clause, Art.VI, Cl. 2., and under other federal statutes, rules, and case laws.

93. This Court has supplemental jurisdiction under 28 U.S.C. § 1367(a) over the state-law claims that form part of the same case or controversy under Article III of the United States Constitution.

94. Venue is proper in the United States District Court in and for the Western District of Washington under 28 U.S.C. § 1391(b)(2) because Plaintiff Edward Colgate resides here, and

because a substantial part of the events and omissions giving rise to the claims occurred in Washington State and Western Washington. Numerous claims for relief support jurisdiction/ venue in WA. Regarding judges **without jurisdiction and other Jurisdictional/Venue support,** Plaintiffs incorporate by reference in full detail **Sections XXXVI, XXVI, XXX, XXXII, XXVIII, XXIX, XXXI, XXXV, XXVII, XXXVII, PX-63 through PX-87, all 167 Exhibits** and the **First through the Fourteenth FRE 201 Notices** of judicially **noticed adjudicative facts,** which include approximately **1,044 total adjudicative facts,** including approximately **322 adjudicative facts supporting jurisdiction; FRE 201 Adjudicative Facts in Judicial NOTICES --- 2 through 8, 10, 12, 13 --- fully support jurisdiction and venue.**

95. Defendant Susan Wilson's statutory misconduct and fraudulent misconduct were expressly targeted at Plaintiff in Washington. Defendant tortiously interfered with Edward Colgate's duties and rights as Trustee and Power of Attorney, obstructing Edward Colgate as he was working to protect Doris Colgate from Defendant's elder abuse and other abuses that harmed both Edward Colgate and Doris Colgate. Defendant obstructed Edward Colgate's legal efforts initiated from Washington, and caused direct, measurable harm to him in Washington. Defendant's harm directed at Washington caused measurable harm to Doris Colgate. Edward and Stanette Rose are **two (2) WA State witnesses.** Based on the extensive evidence presented herein, it is possible that no witnesses will be needed. However, Plaintiffs do not waive this right to call witnesses, including but not limited to Washington State witnesses.

96. In these capacities—as Trustee of The Colgate Family Living Trust, as Power of Attorney for Doris Colgate, and as an individual litigant and fiduciary with legal standing under state and federal laws—Edward Colgate conducted all legal activity related to these claims from within Western Washington. Pursuant to **KRS 386B.8-010, KRS 386B.1-010(1), KRS 386B.8-**

**180(1)(a), KRS 386B.4-100; FRCP 17(a)(1)(E), KRS 457.350(1)-(2), Edward Colgate has a legal duty and legal obligation to file this Complaint.**

97. Defendant Susan Wilson directed intentional and foreseeable harm into Washington State by illegally and fraudulently depriving/obstructing Doris Colgate and Edward Colgate of recovery of $540,185.41 sum-certain --- plus treble damages and punitive damages --- including but not limited to tortiously interfering with Edward Colgate's contractual rights and reimbursement rights. Many more damages have accumulated since the aforementioned amount.

98A. Edward Colgate had already sustained direct personal financial losses of $50,138.68 in sum-certain special damages. Wilson's fraudulent misconduct has unjustly enriched herself, Lori Fox, her daughter, and others, while leaving Plaintiffs without any access to Kentucky courts --- based on fraudulent felony accusations against plaintiff(s) --- and based on other fraudulent actions by the judiciary, AOC, court clerk employees, and others. Many more damages have accumulated since the aforementioned amount.

98B. The specific sum-certain damages figures established as adjudicative facts herein — including but not limited to the $540,185.41 combined special damages floor — are established through two simultaneous and independent legal mechanisms --- each of which is independently sufficient. **First** — under substantive Kentucky CR 8.04 each specific sum-certain figure stated in Kentucky case 25-CI-001371 and the four supporting Kentucky cases is a factual averment admitted through Wilson's and four additional defendants' CR 8.04 defaults — because each figure is either a sum-certain or a sum which by computation can be made certain from the admitted exhibits — making each figure an admitted adjudicative fact rather than an unliquidated damages claim requiring separate proof. Kentucky's CR 8.04 admissions of **sum- certain** figures does not fall within FRCP 55 — because substantive CR 8.04 admissions of **sum-certain**

figures operate as admitted factual averments/allegations/adjudicative facts — not as federal default judgment damages findings. **Second** — under **FRE 201(b)(2) and (c)(2)** — each specific sum certain figure is noticed as an adjudicative fact that can be accurately and readily determined from the Kentucky state court records — the admitted exhibits and the defendants' own substantive procedural defaults — all of whose accuracy cannot reasonably be questioned. FRE 201(f) requires that in this civil proceeding the jury must accept each noticed sum certain figure as conclusive — with no exception for damages amounts — because FRE 201 judicial notice operates independently of and is not limited by FRCP 55's damages proof requirement. The combination of substantive CR 8.04 admitted sum certain figures under supplemental jurisdiction and FRE 201 mandatory judicial notice of those same figures --- produces a damages foundation that is not subject to the FRCP 55 damages hearing requirement — because Plaintiffs are not proceeding under FRCP 55 --- but under the supplemental jurisdiction and judicial notice framework — making each sum certain figure an admitted conclusive fact --- rather than an unliquidated damages claim.

99. Defendant's actions, along with complicit and conspiratorial actions, though initiated in Kentucky, were intentionally directed at Plaintiffs in Washington and had foreseeable harmful effects in Washington. This **satisfies the "effects test"** for **personal jurisdiction** as articulated in **Calder** v. Jones, 465 U.S. 783 (1984) and Dole Food --- see Section XX. Regarding judges without jurisdiction and other jurisdictional/venue support, Plaintiffs incorporate by reference in full detail **Sections XXXVI, XXVI, XXX, XXXII, XXVIII, XXIX, XXXI, XXXV, XXVII, XXXVII, PX-63 through PX-87, all 167 Exhibits** and the **First through the Fourteenth FRE 201 Notices** of judicially **noticed adjudicative facts,** which include approximately **1,044 total adjudicative facts,** including approximately **322 adjudicative facts supporting jurisdiction,**

**FRE 201 Adjudicative Facts in Judicial NOTICES --- 2 through 8, 10, 12, and 13 --- fully support jurisdiction and venue.**

100. The Ninth Circuit has repeatedly applied this standard, holding that intentional acts expressly aimed at a forum resident that cause foreseeable harm in the forum State of Washington support personal jurisdiction. Plaintiffs assert: **Calder v. Jones, 465 U.S. 783 (1984)** and **Dole Food Co. v. Watts, 303 F.3d 1104, 1111 (9th Cir. 2002) for Washington Jurisdiction.**

101. Further factual details supporting jurisdiction and the plausibility of Plaintiffs' jurisdictional claims are set forth in the following section--- Section VIII. **This completes the short and plain statement for jurisdiction.** Additional **clarity and plausibility statements** are provided in the following, and also are provided in **Section VIII.**

**SECTION VIII: Additional Jurisdictional Plausibility; Fraudulent Judicial Misconduct and Fraudulent Systemic and Systematic Civil Rights Obstruction in Kentucky; Denial of All Access to All Kentucky Courts**

**Subsection A of Section VIII: Fraudulent Felony Accusations** Against Plaintiff(s)--- **by Judges Without Jurisdiction --- Prior to Legal Service of the Summons to the Defendant Commencing the Case --- to Deny/Deprive Plaintiffs All Access to All Kentucky Courts**

Plaintiffs reassert and incorporate by reference in full detail all preceding paragraphs as though fully set forth herein. Plaintiffs further assert all the following paragraphs and assert all of the following in this subsection:

103. Immediately after Plaintiffs, proceeding pro se, filed court documents reporting elder abuse and other statutory violations, the Kentucky judiciary—beginning with Judge Tracy Davis—knowingly used a **fraudulent felony accusation** against Plaintiff Edward Colgate to **deny Plaintiffs all access to all Kentucky courts** in violation of 42 U.S.C. § 1983, 42 U.S.C. §

1985(2)-(3), under the First, Seventh, and Fourteenth Amendments to the U.S. Constitution, under the U.S. Supremacy Clause, Art.VI, Cl. 2. **Facially, one judge's fraudulent or false felony accusation** is **enough to deny** Plaintiffs of **all access to all Kentucky courts.** In addition to Judges **without jurisdiction** --- Davis, Perry, and Gibson --- Judge **Morris cited said accusation 4 different times** and Judge **Gibson cited said accusation 2 different times**. Based on Plaintiff's electronic communications to all 13 judges/ 13 staff attorneys/ 3 court clerks/ 2 court administrators in Jefferson Circuit Court, all are in support of these fraudulent felony accusations against plaintiff(s) to deny Plaintiffs all court access in Kentucky. **Facially, the intent** of said citations in an order was/is to retaliate and deny/deprive Plaintiffs all court access in Kentucky.

104. This is a **facial** and **absolute denial of all court access,** and is **independently sufficient to void each and every adverse order entered thereafter in any Kentucky court.** Refer to **Scottie Scheffler's (top professional golfer) fraudulent arrest** in year 2024 based on fraudulent accusations by a Jefferson County detective. Jefferson Circuit Court refused to file charges against said detective. Video obtained by Scheffler's high profile attorney --- proved the detective had made fraudulent statements. Upon entering Kentucky, Plaintiff, under legitimate threat of criminal prosecution, could face a minimum of nine felony charges based on those fraudulent accusations, effectively denying Plaintiffs physical access to all Kentucky courts. There are **no cases** anywhere in the U.S. where judges illegally and fraudulently, outside of jurisdiction, prior to legal commencement of Plaintiffs' cases by legal service of a summons by Deputy Sheriff, accused pro se Plaintiffs of unauthorized practice of law. Each offense, starting with the second, is a felony. The danger to an ordinary pro se fiduciary plaintiff is exponentially greater. The U.S. Department of Justice has also repeatedly scrutinized Kentucky's judiciary and

law enforcement for systemic misconduct. See judges' orders, PX-88 through PX-94 and PX-125 through PX-130, regarding false UPL accusations. This is **unprecedented.** Regarding judges without jurisdiction and other jurisdictional/venue support, Plaintiffs incorporate by reference in full detail **Sections XXXVI, XXVI, XXX, XXXII, XXVIII, XXIX, XXXI, XXXV, XXVII, XXXVII, PX-63 through PX-87, all 167 Exhibits** and the **First through the Tenth FRE 201 Notices** of judicially **noticed adjudicative facts,** which include approximately **1,044 total adjudicative facts,** including approximately **322 adjudicative facts supporting jurisdiction, FRE 201 Adjudicative Facts in Judicial NOTICES --- 2 through 8, 10, 12, and 13 --- fully support jurisdiction and venue.**

105. This fraudulent and **false extrajudicial threat** of unauthorized practice of law against a pro se Plaintiff, **initiated 25 days before the defendant was legally served by the Sheriff,** rendered every ruling thereafter **void ab initio** based on **absence of jurisdiction, structural prejudice and bias, and retaliatory obstruction of elder abuse recovery** and other recovery. The state process was **constitutionally closed** from that point forward. Judge Davis cited **recusal** in Plaintiffs' cases **3** different times **via Orders** or **lost jurisdiction 4** different times **via Orders** when counting Judge Davis's loss of jurisdiction entered on **April 2,** 2025 in case **25-CI-001121,** and **loss of jurisdiction** again entered on **October 24,** 2025 in cases **25-CI-001121** and **21-CI-001314** since Judge Davis had illegally, deceptively, and **fraudulently reclaimed** case **25-CI-001121** in mid-October 2025, and cited loss of jurisdiction again in an order entered on **October 28,** 2025 in case **21-CI-001314--for a second time.** In violation of KRS 26A.015(2)(e)-(3)(a) and KRS 26A.020, Chief Justice Debra Hembree Lambert still has **not** reassigned said cases. Plaintiffs have been waiting since **April 2, 2025** for the Chief Justice's reassignment. Legal reassignment is not expected by the Chief Justice as the elder abuse continues. This is because

KRS 26A.020 states that the Chief Justice "shall immediately" reassign. Chief Justice Lambert demonstrates **extreme prejudice and retaliation** against Plaintiffs since Plaintiffs formally noticed Chief Justice Lambert to be named as a Defendant in a forthcoming federal civil rights complaint based on numerous violations. Exhibits fully support Plaintiffs' citations.

106. Case No. **25-CI-001371—**Ky. State Complaint--**(PX-51) (v. Susan Wilson):** Judge Patricia Morris illegally and fraudulently denied Plaintiffs' initial motions on March 6, 2025, nineteen **(19) days before** the Sheriff's legal service to Defendant Wilson on March 25, 2025. Judge Morris used the same fraudulent felony threats as Judge Davis to deny Plaintiffs all access to Kentucky courts.

107. Case No. 25-CI-001121 (v. Lori Fox): Judge Tracy Davis illegally and fraudulently denied Plaintiffs' initial motions twenty-five **(25) days before** Sheriff's legal service to Lori Fox on March 18, 2025. Refer to paragraphs 103 through 105 for the additional details.

108. Case No. **25-CI-001795 (PX-53)** (v. Jude McConnell): Judge Patricia Morris illegally denied Plaintiffs' initial motions on March 13, 2025, six **(6) days before** the Sheriff's legal service to Defendant McConnell on March 19, 2025. Judge Morris used the same fraudulent felony threats as Judge Davis.

109. Case No. **25-CI-001447** (v. Burkhead): Judge Morris illegally denied Plaintiffs' initial motions on March 6, 2025, despite the defendant never being legally served by the Sheriff, who marked the summons "Avoiding" and ceased attempts after nearly seven (7) months. Yet the illegal rulings against the motions remain entered approximately 11 months later at the time of this filing. Judge Morris used the same fraudulent felony threats against Plaintiff as Judge Davis.

110. **Legal effect**: Each of these rulings is void ab initio. Entering orders **without jurisdiction** is structural illegality and a denial of due process. There is **no** jurisdiction by the judge until the

defendant is legally served. That act alone by Judge Morris in 4 different cases renders all such orders void ab initio under Kentucky CR 4 and controlling due process precedents, as no court anywhere in the United States acquires jurisdiction over a defendant until legal service is completed. Plaintiffs had paid the sheriff's fee directly to the court clerk on the same day the complaint and initial motions were filed, requiring the court to coordinate immediate service of process. Plaintiffs incorporate by reference in full detail Sections XXXVI and XXVI and FRE 201 for judicially noticed adjudicative facts in the Second and Third FRE 201 Notices --- regarding Morris never having jurisdiction in any of the Plaintiffs cases.

111. Judge Morris, without jurisdiction, did so in direct intentional denial of procedural law, substantive law, legal standing, and the Constitution itself—an act so radically lawless that it surpasses even the most egregious examples of judicial misconduct --- outside of jurisdiction --- in modern American legal history. This misconduct is **unprecedented.**

112. Plaintiffs continue to assert all of the following: Plaintiffs have **not been legally served any orders** in any of the 10 Kentucky cases filed in year 2025, in violation of CR 77.04(1)-(2)-(3), CR 5.02(1)-(2), CR 5.01, CR 5.03, and KRS 30A.080(1)-(3). In addition, in the 11th case from year 2021—21-CI-001314, Plaintiffs have **not** been legally served any orders in year 2025 in that case either.

113. Plaintiffs assert: **Any and all rulings/orders --- contrary to the Defendant's legally binding and conclusive judicial admissions of liability --- are illegally and/or fraudulently rendered and Constitutionally void or void ab initio.**

114. Go to paragraph 116.

115. Go to paragraph 116.

116. It is **unprecedented** for a judge to fraudulently fabricate rulings against a plaintiff or plaintiffs in favor of a defendant who had not been legally served yet, and who never responded, and who has substantive legally binding CR 8.04 admissions of liability --- in direct opposition to the judge. **Note:** All pro se plaintiffs' court filings are deprived of scanning and uploading.

117. Moreover, Defendant Susan Wilson has legally binding and conclusive judicially admissions of liability regarding thirty (30) Claims for Relief/Counts and has admissions to damages regarding approximately sixty (60) reliefs demanded by failing to respond for more than 1 year after legal service, constituting legally binding admissions under CR 8.04.

118. As a **matter of law, no further proof is required** to establish legal standing and entitlement to relief, or the truth of any factual allegation/assertion/averment/adjudicative fact. Plaintiffs' legal standing was established as a matter of record under CR 8.04 and 28 U.S.C. § 1367(a).

119. Any ruling by a judge contrary to those legally binding and conclusive judicial admissions is legally impossible, constitutionally void or void ab initio, and unequivocally unlawful. It would violate the Due Process Clause of the Fourteenth Amendment, the First Amendment right to petition the courts, and the separation of powers --- by enabling judges (without jurisdiction) to become de facto defense counsel in direct violation of federal and state laws.

120. Judge Morris's, Judge Davis's, Judge Perry's, Judge Gibson's, Judge Haner, and other judges' (without jurisdiction) illegal, fraudulent, and retaliatory misconduct represents a constitutional and procedural black hole: ruling before acquiring jurisdiction, denying claims that had legally binding and conclusive judicial admissions of liability, and issuing legally **void or void ab initio** rulings to favor a party who had not even received the complaint. This is deliberate fraudulent misconduct targeting Washington State. **Note:** All said judges **never** had

jurisdiction. See PX-63 through PX-87, Sections XXXVI and XXVI, and the Second and Third FRE 201 Notices.

121. This is an affront to the integrity of the judiciary, and a criminal abuse of power. There is **No** judge in the United States who could lawfully or ethically defend this fraudulent misconduct. That is why this fraudulent misconduct is **unprecedented.**

122. Any and all rulings by any and all judges --- **without jurisdiction ---** in Kentucky are void or void ab initio. The rulings are indefensible acts of **retaliatory** fraud by judges without jurisdiction, and a calculated fraudulent weaponization of the bench to obstruct federal rights and to perpetuate elder abuse. Any claim that these actions constitute "normal" judicial discretion would be a mockery of the rule of law, and an insult to every principle of procedural fairness recognized in the United States legal system.

123. Plaintiffs only include strong language to accurately reflect the gravity of these violations described herein. The tone reflects the urgency, systematic, and **systemic fraudulent judicial obstruction** by judges without jurisdiction that Plaintiffs face in securing even the most basic legal protections for an **abused elder** under KRS Chapter 209--elder abuse.

124. Only one staff attorney cooperated in more than one respect, though not in every respect required, and then he was finally shut down. Another staff attorney provided limited cooperation in a single instance. The **information provided by** these **two** staff **attorneys confirmed** and clarified the **ongoing violations** perpetrated **by other staff attorneys** and **judges** (without jurisdiction) --- through their refusal to abide by the law.

125. Aforementioned orders by judges --- without jurisdiction --- denying Plaintiffs' initial motions --- contained fraudulent accusations even though no motion had been filed on that subject. Fraudulent denials were issued by judges --- without jurisdiction --- with no findings of

fact, with none of Plaintiffs' cited legal authorities addressed, and with **none** of Plaintiffs' hundreds of statements of material facts in genuine dispute considered or addressed. In violation of CR 77.04(1)-(2)-(3), CR 5.01, CR 5.02(1)-(2), CR 5.03, KRS 30A.080(1)-(3), **no** legal service of these orders was made upon Plaintiffs, rendering them procedurally defective and void or void ab initio.

126. Further, judges (without jurisdiction) ruled on motions or destroyed motions (tampering with physical evidence) that directly sought **sanctions against themselves,** in violation of KRS 26A.015(2)(a)--(e) and (3)(a) governing judicial disqualification, and in violation of KRS 524.100. Destruction of records (tampering with physical evidence) is made easily possible since the Jefferson Circuit Court Clerk's Office, the Court Administrators, and all judges (without jurisdiction) **illegally/ fraudulently deny scanning and uploading** of pro se plaintiffs' filings.

127. These illegal practices are not isolated. They represent a pattern of systemic obstruction and judicial bias and prejudice across multiple levels of Kentucky's judiciary, including Jefferson Circuit Court, the Kentucky Court of Appeals, and the Supreme Court of Kentucky.

128. Despite approximately eight (8) formal motions/orders or demands by Plaintiffs directly to Chief Justice Debra Hembree Lambert of the Supreme Court of Kentucky and to Court of Appeals Chief Judge Larry Thompson — each alerting them to ongoing court fraud, concealed rulings, lack of legal service, Kentucky and federal civil rights violations, and false and fraudulent threats of felony prosecution—neither official took corrective action.

129. In Jefferson Circuit Court, Kentucky, judges (without jurisdiction) are illegally and fraudulently allowed to rule on or destroy motions seeking sanctions against themselves, in direct violation of KRS 26A.015(2)(a)–(e) and (3)(a). These practices violated Kentucky law, Plaintiffs'


Edward Colgate 22023 SE Wax Rd., Box 1452, Maple Valley, WA 98038, King Co.

constitutional right to access a neutral forum, and violated multiple civil rights addressed in the claims for relief herein this Complaint.

130. Chief Justice Lambert, Chief Judge Thompson, and Chief Judge Ann Bailey-Smith, in their administrative and supervisory roles, further refused to stay proceedings despite clear evidence of fraud upon the court and civil rights violations. In addition, Chief Judge Ann Bailey-Smith and the Court Administrator, at different times, were **acting as a substitute for the Chief Justice --- in violation of KRS 26A.020** --- regarding **illegal judge assignments.** This is **unprecedented.** See **Rankin v. Howard, 633 F. 2d 844 (9th Circuit 1980)** and **United States v. Dugan (E.D. Wis. 2025)/ United States v. Dugan, 2:25-cr-00089 (E.D. Wis. 2025) ---** regarding judges (without jurisdiction) having **no** immunity. A judge illegally assigning a case and/or illegally accepting a case is **facially** and **clearly** a judge acting **without jurisdiction.**

131. More than **1 year later, Chief Justice Lambert illegally continues to deprive/obstruct judicial reassignments** regarding Judge Davis (without jurisdiction) and other judges (without jurisdiction) in elder abuse cases --- in violation of KRS 26A.020 --- which states **"shall immediately"** reassign.

132. Plaintiffs assert violations of Kentucky Civil Rule 3 (requiring legal service of summons before a court may exercise jurisdiction over a defendant), CR 6 (requiring notice on motions), and CR 5.01/5.02/5.03/77.04 (requiring service of orders and motions on all parties).

133. In addition, the Jefferson Circuit Court Clerk's refusal to scan and upload Plaintiffs' pro se paper-filed complaints and motions— while electronically posting filings by attorneys— violated KRS 30A.080(1)-(3), and created a two-tier system that denied Plaintiffs equal access to the court and court records. Taken together, these practices deprived Plaintiffs of constitutionally required notice and an opportunity to be heard, and deprived equal rights and protections, in

violation of the Due Process Clause of the Fourteenth Amendment, the First Amendment right of access to courts, and 42 U.S.C. §§ 1983 and 1985(2)-(3).

134. Judge Davis and opposing counsel Paul Kevin Ford perpetrated conspiracy and collusion, with Ford fraudulently filing a motion to dismiss twenty-five (25) days before Defendant Fox was legally served by the sheriff with physical paper pro se filings **not entered** into the electronic system, and Judge Davis scheduling a motion not requiring a hearing one (1) day later, not legally serving notice to Plaintiffs. **Note:** Pro se plaintiffs are deprived scanning and uploading of all their court filings.

135. In addition, Plaintiff had **physical threats** directed at him **by Kentucky defendants.** Injunctive relief was denied regarding pbysical safety.

**Subsection B to Section VIII: Illegal and Fraudulent Case Number Assignments and Fraudulent Non-Random Judge Assignments in Plaintiffs' 11 Cases AND Judges' Void Ab Initio Jurisdiction in Plaintiffs' 11 Cases**

136. Plaintiffs reassert and incorporate by reference in full detail all preceding paragraphs as though fully set forth herein. Plaintiffs further assert all the following paragraphs and all of the following in this subsection.

137. **Fraudulent Non-Random Judge Assignments and Judges' Void Ab Initio Jurisdiction: Plaintiffs assert 100% Probability of 11 Fraudulent Judge Assignments in Jefferson Circuit Court--Kentucky.**

138. Plaintiffs incorporate by reference in full detail **PX-63 Through PX-87, Claim for Relief LXIV, Section XXVI, Section XXXVI, and the Second and Third FRE 201 Notices of adjudicative facts.** Plaintiffs assert violations of SCR 1.040(3)(c)-(4)(a) and **due process.**

139. Under Kentucky Supreme Court Rules 1.040(3)(c) and 1.040(4)(a), case assignments must be equal and random. Judge assignments that are **non-random are void ab initio,** and **any resulting orders are void ab initio for absence of legal and lawful jurisdiction.**

140. Because Plaintiffs' cases, including but not limited to elder abuse cases, were illegally and fraudulently assigned --- Judges Patricia **Morris**, Susan Schultz Gibson, Perry, Davis, Haner, and other judges --- **never** possessed **jurisdiction** over Plaintiffs' legal matters. Jurisdiction was **facially and prima facie absent due to illegal and fraudulent non-random judge assignments,** as well as fraudulent case number assignments, and reassignment has been indefinitely withheld by the Chief Justice, despite pending motions, and despite **Judge Tracy Davis's 3 orders citing her losses of jurisdiction and/or citing her judicial recusal 4 different times.**---in cases 25-CI-001121 and 21-CI-001314.

141. Plaintiffs assert: These facts further establish jurisdictional plausibility in WDWA. Jefferson Circuit Court in Kentucky and its judges (without jurisdiction) systematically violate their own rules for random judge assignment, demonstrating a systemic fraud in the Kentucky judiciary that denies/deprives/obstructs Plaintiffs' access to all Kentucky courts. Initial judicial case assignments are fraudulently issued differently for pro se plaintiffs versus attorney filings, in violation of due process and in violation of equal protections. See PX-63 through PX-81 and Sections XXXVI and XXVI.

142. Plaintiffs assert: Plaintiffs are left **without** any judge legally and lawfully authorized to preside over their cases. Kentucky cannot provide a neutral or adequate forum. Kentucky is an **extremely unsafe and an extremely hostile forum** based on **judges'** (without jurisdiction) **fraudulent felony accusations** against Plaintiff(s) in **6 separate cases** even **before any defendants were legally served** by the Deputy **Sheriff.** Federal intervention is therefore

required to safeguard Plaintiffs' constitutional rights to **due process, equal protection,** and **access to courts/equal access to courts** --- under the First and Fourteenth Amendments, enforceable through 42 U.S.C. §§ 1983 and 1985(2)-(3). Plaintiffs incorporate by reference in full detail **PX-63 Through PX-87, Claim for Relief LXIV, Sections XXXVI and XXVI,** and the **Second** and **Third FRE 201 Notice of adjudicative facts.**

143. Plaintiffs assert: Because the fraudulent judge assignments violated Ky. SCR 1.040(3)(c), 1.040(4)(a), and **due process** --- Judges Morris, Gibson, Perry, Davis, Haner, and other judges **never** had legal **jurisdiction** over Plaintiffs' cases, and all resulting orders by said judges are void ab initio or void.

144. Plaintiffs assert: Judge Mitch Perry **attempted an illegal case assignment** by citing in an order (paraphrased) that Judge Davis could have Plaintiffs' elder abuse case under him if she wanted it—case 25-CI-001569. There was no motion for this illegal and fraudulent attempt.

145. Chief Judge Ann Bailey-Smith attempted an illegal and fraudulent case assignment to Judge Brian Edwards in case 25-CI-001121, fraudulently acting as a **substitute** for the Chief Justice. Plaintiffs assert with **100% certainty** that this was an illegal case assignment pursuant to KRS 26A.015(2)(e)-(3)(a) and KRS 26A.020. Recusal or loss of jurisdiction under KRS 26A.015(2)(e), which applied to Judge Tracy Davis, mandates judicial reassignment by the Chief Justice. This type of illegal misconduct is **unprecedented.**

146. The Court Administrator and Judge Ann Bailey-Smith attempted an **illegal** case **assignment** to Judge Eric Haner in case 21-CI-001314, acting as a **substitute** for the Chief Justice. Plaintiffs assert with **100% certainty** that this was an illegal case assignment pursuant to KRS 26A.015(2)(e)-(3)(a) and KRS 26A.020. Recusal or loss of jurisdiction under KRS

26A.015(2)(e), which applied to Judge Tracy Davis, mandates judicial reassignment by the Chief Justice. This type of illegal misconduct is **unprecedented**.

**Subsection C of Section VIII: NO Legal Service to Plaintiffs in All 11 Cases; Resulting Orders That May Have Been Entered Are Void or Void Ab Initio**

Plaintiffs reassert and incorporate by reference in full detail all preceding paragraphs as though fully set forth herein. Plaintiffs further assert all the following paragraphs.

Plaintiffs assert all of the following in this subsection.

147. Pro se Plaintiffs have ascertained that any and **all orders** --- entered by **judges without jurisdiction** --- in **all 11 cases** are **void ab initio** or void --- based on **no legal service** to Plaintiffs and based on judges having no jurisdiction --- in **all 11 cases.** This is based on Jefferson Circuit Court's continuous violations in totality of **CR 77.04(1) Notice of entry of judgments and order-- (1)** Immediately upon the entry in the trial court of a judgment, a final order, an order which affects the running of time for taking an appeal, or an order which by its terms is required to be served, the **clerk shall serve a notice of the entry by mail in the manner provided in Rule 5 upon every party.** Pursuant to Rule 5, it is **mandatory** that **pro se Plaintiffs** herein are **legally served via physical paper mail,** and that **was never done in any case. All orders** are **intentionally, knowingly,** and deliberately **defective,** rendering any and **all orders void ab initio** or void. This is also based on PX-63 through PX-87 and Sections XXXVI and XXVI.

148. Pro se Plaintiffs have ascertained that any and **all orders** in **all 11 cases** are **void ab initio** or void based on no jurisdiction by judges, **no legal service** and **illegal** entry into the **case docket** of **service required** by the judge's **secretary,** and **not** the court clerk, in continuous violation of

**CR 77.04(2)--**which states: The clerk shall make a note in the case docket of the service required in paragraph (1) of this rule and the notation shall show the date of service.

149. Pro se Plaintiffs have ascertained that any and **all orders** in **all 11 cases** are **void ab initio** based on no jurisdiction by judges and **no legal service** to Plaintiffs in continuous violation of **CR 77.04(3)** which states--The trial court shall require in the order, service of notice of entry of all orders. Plaintiffs incorporate by reference in full detail **PX-63 Through PX-87, Claim for Relief LXIV, Sections XXXVI and XXVI,** and the **Second** and **Third FRE 201 Notice of adjudicative facts.**

150. Pro se Plaintiffs have ascertained that any and **all orders** in **all 11 cases** are **void ab initio** or void based on no jurisdiction by judges and **no legal service** to Plaintiffs. This is based on admissions to the fact that there is **never proof of time and manner,** in **continuous violation** of **CR 5.03**--which cites--Whenever any pleading **or other paper** is served under Rules 5.01 and 5.02, **proof of the time and manner** of such service shall be filed before action is to be taken thereon by the court or the parties. Such certificate or affidavit shall identify by name the persons so served.

151. Pro se Plaintiffs have ascertained that any and **all orders** in **all 11 cases** are **void ab initio or void** based on no jurisdiction by judges and **no legal service** to Plaintiffs in continuous violation of CR 5.01, 5.02, 5.03, 77..04---Every order shall be served upon each party, and shall have proof of time and manner.

152. Pro se Plaintiffs have ascertained that any and **all orders** in **all 11 cases** are **void ab initio** or void based on no jurisdiction by judges and **no legal service** to Plaintiffs in continuous violation of **CR 5.02(1)-(2)** which state: CR 5.02(1)---Service-how made-- service upon a party shall be made by delivering a copy to the party by mailing it to the party. Pursuant to CR 5.02(2),

Plaintiffs **never waived** physical paper delivery, and **never elected** electronic delivery since Plaintiffs are **denied all access** to all electronic filings by the Jefferson Circuit Court.

153. **Note:** Plaintiffs have **notified all** judges (without jurisdiction), the court clerks, and the court administrators numerous times regarding the aforementioned required legal service to Plaintiffs.

154. Plaintiffs assert: The court clerks are in continuous violation of KRS 30A.080-Maintenance of records-- regarding Plaintiffs –which states (1) Every clerk shall maintain all records, files, dockets, and indexes as are prescribed by statute or rule. (3) No clerk shall permit the records or papers of his office to be taken out of his office except in case of invasion or insurrection, or other catastrophe, or pursuant to rule or order of court, and then he shall cause them to be returned as soon as the necessity for the removal ceases to exist.

155. Regarding paragraph 154, Judges (without jurisdiction) are allowed to **fraudulently substitute** for the Court Clerk's Office when they choose to do so. Judges (without jurisdiction) illegally maintain pro se Plaintiffs' only records for up to 8 months at a time, even though scanning and uploading is illegally denied. The Court Clerk, much of the time, does not know where the case file folders are, but assume the judges (without jurisdiction) may have them. The Court Clerk's Office communicates that Judges (without jurisdiction) can keep the records as long as they want regardless of no activity in a case. The Court Clerk's Office illegally refuses to follow KRS 30A.080(1)-(3).

**Subsection D of Section VIII: Destruction of Plaintiffs' Records**

Plaintiffs reassert and incorporate by reference in full detail all preceding paragraphs and **Section XXVIII** as though fully set forth herein. Plaintiffs further assert all the following paragraphs and all of the following in this subsection.

156. Approximately **493 pages** of Plaintiffs' motions (documents) have been effectively destroyed and have not been ruled on by judges without jurisdiction. Motions that were legally served by Plaintiffs to the Jefferson Circuit Court by certified mail and signed for, have been effectively illegally and fraudulently destroyed and are not part of the record. Refer to KRS 61.870---61.884, KRS 30A.080(1)-(3), CR 5.02(2), and paragraph 158.

157. Hundreds of pages of Plaintiffs' electronic communications to staff attorneys have been illegally destroyed and are not part of the open/public records. See KRS 61.870---61.884, KRS 30A.080(1)-(3), CR 5.02(2), and paragraph 158.

158. Under KRS 61.884--Person's access to record relating to him--Any person shall have access to any public record relating to him or in which he is mentioned by name. Staff attorney emails are on the Jefferson Circuit Court's website as public information. Thereby, all communications to staff attorneys are part of the public record. In addition, under CR 5.02(2)-- Documents sent through electronic mail shall be sent as an attachment in PDF or similar format. The two (2) aforementioned legal authorities both confirm electronic mail and emails as part of the open and public records. Plaintiffs also incorporate by reference in full detail **Section XXVIII** and the **Sixth FRE 201 Notice** of adjudicative facts for hundreds of effectively destroyed records.

**SECTION IX: Verbatim from State Complaint---Legal Standing; Within the Statute of Limitations; Expansive Plausibility for Substantial Justice; Legally Binding and Conclusive Judicially Admitted Averments/allegations/adjudicative facts; Fraud; Support for Punitive Damages**

Plaintiffs reassert and incorporate by reference in full detail all preceding paragraphs as though fully set forth herein. Plaintiffs further **assert all the following paragraphs.**

159. Pursuant to CR 17.01, Edward asserts Legal Standing as a Real party in Interest based on the following detailed in CR 17.01: Every action shall be prosecuted in the name of the real party in interest; Trustee of an express Trust, a person with whom or in whose name a contract is made for the benefit of another, or a person expressly authorized by statute to do so, may bring an action without joining the party or parties for whose benefit it is prosecuted. Nothing herein, however, shall abrogate or take away an individual's right to sue. Plaintiff asserts claims for Doris, and asserts claims for Edward directly. Edward has approximately 30 different ways to show legal standing.

160. Plaintiff asserts Legal Standing as Doris's Trustee, Power of Attorney, and Beneficiary of Doris's Estate, and for claims asserted in aforementioned number 5. Refer to PX-2 for 33 Pages of 105 total supporting statements of material fact herein for legal standing.

161. Facts to Support Legal Standing: Doris communicated the following in her deposition on 11-16-2023: Edward is her Beneficiary. Edward was her power of attorney and Trustee in May-June of 2020, which invalidates any legal documents on 3-4-2020. Refer to Exhibit PX-5, Page 67, lines 18-25, and Page 28, lines 13-18.

162. Additional Facts to Support Legal Standing: In authenticated audio recordings, to which Doris agreed, Doris communicates that she never signed legal documents on 3-4-2020, and that Doris wants Edward to get an attorney to recover her defrauded monies from Wilson and Fox, agreeing to reimburse Edward for attorney fees for carrying out his fiduciary duties. Refer to PX-3, Audio7, Audio8, Audio11, and Audio13, KRE Rule 901 in PX-3, Ky. KRS 526.010-(one-party consent), 18 USC § 2511(2)(d)-(Federal one-party consent).

163. Pursuant to CR 60.03 Independent actions, Edward asserts legal standing based on the following details in CR 60.03 which state: Rule 60.02 shall not limit the power of any court to

entertain an independent action on appropriate equitable grounds. Edward's assertion is based on mistake; inadvertence; excusable neglect; newly discovered evidence; fraud, etc. Refer to PX-5 and 30 causes of action.

164. Plaintiff asserts Legal Standing against Wilson based on, and pursuant to KRS 502.020, Complicity to Tortious interference with Contractual Rights, which occurs when a third party intentionally interferes with a valid and existing contract, causing harm to one of the contracting parties. All Exhibits are labeled PX. Refer to all 41 Exhibits and all 33 pages of Statements of Material Fact as support.

165. Refer to **Claim for Relief XXIII** herein: Tortious Interference with Contractual Rights.

166. Plaintiffs assert legal standing based on KRS 209.020, Elder Abuse of Doris Colgate, by Susan Wilson's Complicity. Refer to the criteria in aforementioned number 2, and statements in number 3 and number 5.

167. Legal Standing for Edward and for Doris is also based on the following 30 Counts and Causes of Action detailed herein, incorporating all paragraphs herein.

168. CR 21: Misjoinder and nonjoinder of parties; Misjoinder and nonjoinder of parties are not grounds for dismissal of an action. Plaintiff asserts CR 21 to be preemptive to move these legal proceedings forward, and asserts CR-19.01 for Doris as Plaintiff.

169. Plaintiffs' claims are **timely filed** pursuant to the **applicable statute of limitations.** Plaintiff has complied with all procedural requirements necessary to bring this action.

170. See **PX-30 (4 pages) for Statute of Limitations for all 30** claims for relief/counts.

171. CR 18, Joinder of Claims, CR 18.01 Independent or alternative claims which states: A party asserting a claim to relief as an original claim, counterclaim, cross-claim, or third-party claim, may join, either as independent or as alternate claims, as many claims, either legal or equitable,

as he has against an opposing party. Pursuant to CR 18.01, Plaintiffs assert 30 claims and causes of action against Susan Wilson, and assert that consolidation of defendants does not apply based on additional claims against Wilson personally, in addition to the Complicity claims herein, and pursuant to CR 42.01, since different defendants would have different common questions of law, facts, occurrences, or transactions.

172. In addition, CR 42.02, separate trials are necessary to avoid prejudice to the Plaintiff. Refer to PX-5, where Wilson is sitting next to Doris at Doris's deposition when Wilson should have been sequestered, with Doris asking Wilson to answer for her at one point. Wilson is Complicit in getting Doris to change her statements regarding her communications to Edward, and Stanette Rose, Successor Trustee, and witness to most of all of the evidence. Also refer to Tampering with a Witness and Tampering with Evidence, the 20th and 22nd Causes of Action.

173. CR 9.02 Fraud, mistake, condition of mind: In all averments/allegations/adjudicative facts of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity. **Malice, intent, knowledge, and other condition of mind of a person may be averred generally. Plaintiff asserts claims pursuant to CR 9.02.** Plaintiffs assert **KRS 413.130(3) for the statute of limitations starting when fraud or mistake is discovered, and assert related KRS 413.120.**

174. CR 9.02 is cause for expansive details, regarding the statements of material fact, directly connected to each claim for relief and cause of action. Plaintiff asserts that the expansive details provided are for preventing summary judgment, for preserving for appellate review, if necessary, and for preventing endless back and forth briefings. Plaintiff asserts CR 8.06: All pleadings shall be so construed as to do substantial justice.

175. KRS 446.070 Penalty no bar to civil recovery; Civil Actions for Statutory Violations are Provided. Additionally, KRS 209.990 (1)-(6): Penalties for Facilitating or Enabling Elder Abuse applies civil actions to KRS 209.020 Elder Abuse. Pursuant to the aforementioned, Plaintiffs assert legal standing for elder abuse and for each and every claim and cause of action herein.

176. The following is **verbatim** from Ky. **25-CI-001371, paragraph 27,** and constitutes **legally binding and conclusive admissions of liability and damages:** "Plaintiffs assert that KRS 209.020(4) Vulnerability criteria, regarding KRS 209.020 Elder Abuse, Stands Alone as a Statute and rule of law, and that disability/guardianship court is not needed, and is not applicable since that follows a different standard and criteria. Doris has **never been seen in-person** by anyone appointed by that court, and has **never attended a hearing** regarding that court." (If any ruling was ever done in any such court where all evidence was obstructed, and no witnesses allowed, that would be **fraud upon the court.)**

**SECTION X: Verbatim From State Complaint--Legally Binding and Conclusive Judicially Admitted Transcriptions of Audio Recordings From State Complaint 25-CI-001371 (PX-51) In Full Support of Each And Every Claim for Relief Herein**

177. Plaintiffs reassert and incorporate by reference in full detail all preceding paragraphs as though fully set forth herein.. Plaintiffs further assert all the following paragraphs.

These verbatim transcribed audio recording judicial admissions, originally set forth in their State court complaint, are legally binding and conclusive under CR 8.04 and 28 U.S.C. § 1367(a). These transcriptions are directly restated in full detail for this Court, and for the 9th Circuit Court of Appeals, if needed. These transcriptions are to be applied to, and included in each and every claim for relief. These judicial admissions are **facially sufficient** to **establish** and **demonstrate intent, knowledge, complicity, malice, causation, legal standing, harm, foreseeability,**

**liability, and wrongful conduct** for all claims for relief/counts/relief demanded herein, and substantially heightens the punitive-damages analysis.

178. These conclusive and legally binding transcription admissions form part of all Plaintiffs' federal claims and are reproduced below to satisfy federal plausibility standards under Fed. R. Civ. P. 9(b), RICO, and the Twombly/Iqbal framework.

**Note:** Any additions after the verbatim transcriptions are also verbatim additions that are also legally binding and conclusive.

179. Audio1 Attorney Balderson 1-29-2020: On 1-29-2020, Attorney Balderson and Doris discussing why Doris Colgate is signing the Affidavit against Susan Wilson on 1-29- 2020. Attorney Balderson: If you think that there is an issue with her husband with domestic violence, abuse situation, that kind of thing, you can put yours in the Trust of your son, and he gets her money so her husband can't just use it all. For your medical power of attorney, your financial power of attorney, Eddie is going to be your point person. He is going to be your right hand man. He's going to be the one who helps you out with that stuff. Eddie will also be the Executor of the Will who will help once you passed away to make sure that everything is divided properly. Eddie and your daughter are going to split your entire estate in half . Eddie is going to go ahead and take his share but your daughters share is going to be held in an account where Eddie can give it to her as she needs it so her husband can't take advantage of it. (Note: Although Edward uses Edward as his name, Doris is calling Edward Eddie in the audio.) Doris: "Yes. That's exactly what we want."

180. Audio2 Doris not let fox come to house 2-29-2020: Doris agreeing to prevent Fox from coming to her house. Edward: I had to call the police on Lori and Cristal for harassment for

making threats today. Since you are not coming back to the house again, will you be sure to keep them away from your house? Doris: "Yes."

181. Audio4 real estate fraud evid 5-6-20: On 5-6-2020, Wilson and Fox had falsely misrepresented Doris's finances to Doris on 3-4-2020, after Edward, shortly before, had let Doris know that she had an abundance of money in each of her accounts. (Regarding real estate transaction fraud.) Susan Wilson: "If it hadn't sold, she couldn't have stayed there, and we're lucky that her ex son-in-law bought the house so that she could stay where she is." (Wilson and Fox intimidated Doris into falsely believing that Doris could not stay at Morning Pointe if Doris did not sell her house immediately to Fox's father for half price. Relevant since both Fox and Wilson are named on the same power of attorney document. Also relates to KRS 502.020 for Complicity and Liability.

182. Audio5 doris loves misses Edward and Stanette: On 5-9-2020, Doris saying how much she loves Edward and Stanette. Doris: I love you so much. You made my day. I miss you and would love to see you all. Tell Stanette that I love her. (This dismisses any false claims of a falling out.)

183. Audio6 doris agrees to recordings 6-11-20: On 6-11-2020, Doris confirming that she agrees to audio recordings to help recover her defrauded monies, even though Kentucky is a one-party consent State. Edward: Can you confirm that you agree to audio recordings with me, Edward, so that I can help you get your defrauded real estate money back from Lori, Jude, and Susan, and can you agree to any and all past, present, and future recordings that may be beneficial to recovering that money? Doris: "Yes."

184. Audio7 attorney fees reimbursement 6-11-20: On 6-11-2020, Doris agrees to reimburse Edward for attorney fees to recover fraud damages from Fox. Edward: Do you agree to

reimburse me for any and all attorney fees that I pay to help recover real estate fraud monies for you, and that includes past, present, and future attorney fees that I pay? Doris: "Yes."

185. Audio8 No Revocation of Trust and POA 6-11-2020: On 6-11-2020, Doris did not revoke her Trust or power of attorney that named Edward on 10-1-2019 and 1-29-2020. Therefore, Doris did not sign legal documents on 3-4-2020. Edward: Did you revoke your Trust with me as Trustee and revoke your power of attorney with me as power of attorney on March 4th of 2020 or any other time? Doris: "No."

186. Go to next paragraph.

187. Audio10 Ford Not Doris's attorney: On 5-9-2021, Doris communicating that attorney Paul Kevin Ford is not her attorney, even though Ford submitted to the court documents as if he were her attorney, while representing Fox also, while Fox was misusing Doris's money for her own legal fees, attempting to prevent herself from paying back Doris for her illegal real estate transaction. (Note: Ford calls himself P. Kevin Ford or Kevin Ford.) Edward: Have you ever had Kevin Ford as your attorney or lawyer. Doris: "No, no." Edward: So you have never had Kevin Ford as your attorney or lawyer? Doris: "No, no." **(Fraud upon the court is admitted.)**

188. Audio11 No New Signed Documents 5-9-2021: Doris did not sign new legal documents on 3-4-2020. Edward: When did you do your last Will, your last Trust, and your last power of attorney, was that before you went into Morning Pointe, and before February of 2020? Doris: "Yeah, I'm sure it was. The caretakers drove me to the office there." When is the last time that you talked to an attorney? Doris: "Oh, a long time." Edward: Was it before you went into Morning Pointe? Doris: "Yeah, yeah." Edward: So it was before February of 2020, is that right? Doris: "Yes."

189. Audio12: On 6-10-2021, Doris did not know that Fox and Wilson were using Doris's money to pay attorney Ford, attempting to prevent Doris from recovering fraud damages from them. Edward: Basically, you're not aware that they are using your money right now to pay an attorney, is that right. Doris: "I don't think so, no."

190. Audio13 Doris wants Edward to have his attorney help her 6-10-21: On 6-10-2021, Doris wants Edward to get her an attorney to recover fraud damages from Fox. Doris: "If you were living here, you could get an attorney, well you have an attorney." Edward: I can help you with that. I can help you get another attorney.

191. Audio14: On 6-10-2021, Doris speaking about Ray Wilson, Susan Wilson's husband. Relevance: 1 of the reasons that Doris signed the Affidavit against Susan Wilson, and because Fox was named on the same document as Wilson. Doris: "I don't understand how she could be married to him."

192. Audio15: On 6-10-2021, Doris speaking about Ray Wilson, Susan Wilson's husband. Relevance: 1 of the reasons that Doris signed the Affidavit against Susan Wilson, and because Fox was named on the same document as Wilson. Doris: "Your dad's a really good judge of character. When he first met Ray, he thought he was terrible. When we went out to dinner at Huber's, everybody's all dressed up, and he looked terrible. He had an old jacket on, and he looked like he hadn't shaved. He was really embarrassing. I was embarrassed to be sitting there with him. Your dad's a good judge of character."

193. Audio16: On 6-10-2021, Doris thinks that it would be ridiculous to pay attorney Ford to prevent herself from recovering damages from Lori Fox. Edward: Right now, as we speak, they are stealing money from you, paying this attorney Ford, so that they don't have to pay money back to you that I am trying to get back to you. And that's why it's considered a conflict of

interest for this attorney to even come talk to you. He should not be allowed to come talk to you because that is a scam. It's a scam for this attorney to come talk to you when he's trying to make sure you do not get your money back. He's trying to make you pay him money to make sure you don't get your own money back. Isn't that the most ridiculous thing you have ever heard? Doris: "Yes."

194. Audio17 intimidation 2-17-23: by Susan Wilson who is named on same POA document as Fox; both sitting by Doris at deposition; See PX-10, Affidavit. Doris: "I hope Susan doesn't get upset about you calling me."

195. Audio18: On 2-17-2023: Doris, on a phone call with Edward and Stanette, showing a positive relationship with Edward and Stanette as late as 2-17-2023. Doris: "Thank you for calling. I love you all. "

196. Audio19: On 2-27-2020: Debbie Hall, VP at Morning Pointe; 30 seconds into audio: We transport on Tuesdays and Thursdays. So if she (Doris) has an appointment every 2 weeks or once a week, we can get that on the books and get that scheduled. We'd be happy to do that. And I will personally talk to Zac about that. And for the PT appointment. I will personally handle that.

197. Audio20: On 2-27-2020, When we (night nurse and Edward) were talking to Doris and she (Doris) said that somebody, with applesauce, shoved a bunch of pills down her throat at one time, and that particular nurse said that she thought it was Gina, and she thought it was done to a resident sitting next to Doris. So I'm not sure what happened with all that. Debbie Hall: We did investigate that, and no one remembered doing that to Doris, but somebody near her. (This indicates that Doris was delusional, and believed it happened to her, when she witnessed it. This relates to Doris being a Vulnerable Elder.)

198. Audio21: On 3-1-2020, Michelle Burkhead, according to the officer, was menacing and terroristic threatening. Burkhead: "I will knock your ass on the ground." Plaintiff Edward, named as Trustee and power of attorney by Doris, and for Doris, with Doris in 24/7 nursing care, Edward had been preparing the house for sale at $300,000, to which Doris wanted. Edward had already previously encountered violent threats from relatives. Doris had told both Edward and Stanette, Successor Trustee, that she would not be coming back to her house again. Burkhead, who had been fired/terminated by Doris for theft and fraud (see PX-9), was trying to unlawfully enter Doris's house. Burkhead was demanding Doris's property, and did not think that Edward, as Doris's power of attorney and Trustee, and fiduciary to Doris, should prevent her from additional theft and fraud regarding Doris.

**SECTION XI: Verbatim From State Complaint-PX-2--Legally Binding and Conclusive Judicially Admitted Statements of Material Fact From State Complaint 25-CI-001371 (PX-51) in Full Support of Each and Every Claim for Relief Herein**

Plaintiffs reassert and incorporate by reference in full detail all preceding paragraphs as though fully set forth herein. Plaintiffs further assert all the following **Verbatim** paragraphs:

199. These verbatim statements of material fact--judicial admissions, originally set forth in their State court complaint, are legally binding and conclusive under CR 8.04 and 28 U.S.C. § 1367(a). These **verbatim statements of material fact--legally binding** judicial admissions--are **directly restated in full detail** for this Court, and for the 9th Circuit Court of Appeals, if needed. These **transcriptions are to be applied to, and included in each and every claim for relief.** These judicial admissions are **facially sufficient** to establish and demonstrate **intent, knowledge, complicity, malice, causation, standing, harm, foreseeability, liability, and**

**wrongful conduct for all claims for relief**/counts/relief demanded herein, and substantially **heightens the punitive-damages analysis.**

200. These **legally binding and conclusive verbatim statements of material fact**--judicial admissions of liability form part of all Plaintiffs' federal claims and are reproduced below to satisfy federal plausibility standards under Fed. R. Civ. P. 9(b), RICO, and the Twombly/Iqbal framework.

201. **Verbatim Legally Binding Statements of Material Fact against Susan Wilson are:**

202. Note 1: Refer to PX-3 for transcription of audio recordings. Regarding the audio recordings as statements of fact: KRE Rule 901--Requirement of authentication or identification (a) General provision. The requirement of authentication or identification as a condition precedent to admissibility is satisfied by evidence sufficient to support a finding that the matter in question is what its proponent claims. (b) Illustrations. By way of illustration only, and not by way of limitation, the following are examples of authentication or identification conforming with the requirements of this rule: (1)Testimony of witness with knowledge. Testimony that a matter is what it is claimed to be. (5) Voice identification. Identification of a voice, whether heard firsthand or through mechanical or electronic transmission or recording, by opinion based upon hearing the voice at any time under circumstances connecting it with the alleged speaker. Three—3 witnesses authenticate these audio recordings. Edward cites KRS 526.010, establishing Kentucky as a one-party consent state, as backup support, although Doris did agree to the audio recordings so that Edward could help her recover damages from Susan Wilson (Wilson or Susan Wilson herein) based on the following:

203. Note 2: Exhibits CR 7.02 Motions and other papers; (4) Except for exhibits different standard is allowed.

204. Note 3: Introduction to Statements of Fact, Scope of this Complaint, and to Address the Inclusion of Other Names, other than the defendant:

205. The following statements of fact outline the actions of **Susan Wilson** and the broader context of financial exploitation, undue influence, and elder abuse surrounding Doris Colgate. The statements also **support the 30 causes of action against Wilson, illustrating the harm** to both Doris Colgate and Edward Colgate. While this complaint focuses on **Susan Wilson's individual liability**, references to other parties, including, but not limited to, Ray Wilson, Jude McConnell, Paul Kevin Ford, Cristal Fox, Florence Bisig, and Michelle Burkhead may be included to illustrate the coordinated nature of the fraudulent acts, the pattern of elder abuse, and the undue influence exerted on Doris Colgate. Florence Bisig perpetrated deposition perjury.

206. The fraudulent Power of Attorney, involving both Wilson and Fox. Doris's Affidavit against Susan Wilson underscores this connection by highlighting the shared fraudulent intentions and actions between the parties.

207. This complaint focuses on the actions of Susan Wilson, whose direct and indirect influence over Doris Colgate and subsequent actions have caused significant harm to Doris and to Edward Colgate, in his capacity as Trustee and Power of Attorney, and in his other capacities. Wherever Lori Fox is cited, Susan Wilson, Fox's mother, is Complicit, pursuant to KRS 502.020. The following are reasons that the Plaintiffs did not include other defendants in this lawsuit:

208. Avoiding Prejudice: The actions of these individuals, while relevant to providing context and illustrating the pattern of misconduct, involve separate factual and legal issues. Including them in this complaint would risk prejudicing the claims against Wilson by conflating distinct acts of harm; Clarity of Claims: By focusing solely on Susan Wilson in this complaint, the

allegations and supporting evidence can be presented with greater clarity, ensuring the court can fully and fairly evaluate her specific role in the harm caused;

209. Future Legal Action: The exclusion of other individuals from this complaint does not preclude future legal actions. Their actions, as outlined in the statements of fact, remain relevant to understanding the context of the harm caused by Wilson and may be addressed separately. Plaintiff has reduced the number of times others could have been included in order to add clarity.

210. Pattern of Defamation and Harassment: The deposition of Doris Colgate and other evidence show a concerted effort by Wilson and others to engage in defamation, harassment, prejudice, and character assassination against Edward Colgate based on their false statements. While this coordinated effort is relevant to understanding Wilson's actions, pursuing claims against multiple individuals in a single action would unduly complicate the legal proceedings, disadvantage the plaintiff, and cause prejudice. In addition, other defendants also have other statements of fact, legal authority, and transactions or occurrences, which preclude them from joinder.

211. In presenting these Statements of Fact, Edward asserts all relevant facts and, where applicable, alternative theories, with the intent to ensure a comprehensive record for the purposes of clarity, judicial review, and the prevention of summary judgment. Consistent with the standards set forth in Twombly and Iqbal, this presentation is designed with the intent to establish the plausibility of the claims asserted, without prejudice, and with full respect for the Court's impartiality. This approach is to ensure that all potentially relevant facts are included to preserve issues for appellate review, if necessary. The relevance of attorney Paul Kevin Ford in the following statements is for additional support for legal standing for one of the claims against Wilson. Stanette Rose, Successor Trustee, is a witness to almost all of the following statements.

212. Between June 23, 2019 and February 13, 2020, Edward Colgate and Stanette Rose continued care coordination with HomeWatch caregivers, arranging schedules, and ensuring Doris's needs were met. Doris relied entirely on this arrangement as she could not independently live at home. Refer to PX-14 and PX-22.

213. On 7-30-2019, Doris Colgate legally named Edward Colgate as her Power of Attorney. (See PX-13 Power of Attorney Agreement.)

214. On October 1, 2019, Doris Colgate legally named Edward Colgate as Trustee of her Trust, and Executor of her Will. See PX-12 legal documents.

215. Late February of 2020, Doris was demanding repayment of a promissory note from Wilson. Wilson had given reassurances, intentionally deceiving Doris that she would pay, but failed to do so, restarting the statute of limitations with each promise. This caused harm to Doris. See PX-15 for Wilson's promissory note.

216. On January 29, 2020, Doris Colgate amended her Trustee agreement, and her Power of Attorney Agreement, reaffirming Edward Colgate in both roles, and correcting typographical errors made by Attorney Balderson. See PX-12 for legal documents.

217. On January 29, 2020, Doris Colgate executed an Affidavit against Susan Wilson to assure that Wilson would never have access to controlling her assets. Doris stated her intent to have her assets in Trust, and affirmed Edward Colgate's role as Trustee and Power of Attorney. Relevance is that Susan Wilson, on 3-4-2020, just over 1 month later, is named on a power of attorney document, along with Lori Fox. Since Wilson is named, in contradiction to Doris's Affidavit against her, that power of attorney would be invalid based on doing the opposite of Doris's Affidavit. Refer to PX-3, Audio1, and PX-10 Affidavit. (**NOTE:** legally binding judicial admissions by Defendant admit liability for **forgery** regarding said power of attorney document.)

218. In late February of 2020, Susan Wilson and Lori Fox continued giving reassurance that she would repay Doris, regarding her promissory note to Doris, but failed to do so, restarting the statute of limitations with that promise. This caused financial harm to Doris. See PX-15 for Wilson's and Fox's promissory note.

219. On February 10, 2020, Doris Colgate was diagnosed with dementia by Dr. Kellie, her long-time doctor, establishing her status as a vulnerable adult. See PX-16 for dementia diagnosis.

220. On 2-10-2020, Dr. Kellie referred Doris to a neurologist for further evaluation. As of February 2025, Doris continues to be prevented from seeing a Neurologist by Wilson. See PX-17 for referral to neurologist.

221. In February 2020, Lori Fox intentionally deceived HomeWatch staff into providing her access to Doris's home at 410 Wisteria Avenue. HomeWatch gave Doris's garage door opener to Fox based on Fox's false pretenses. This caused financial harm to Doris. See PX-14 for HomeWatch email.

222. On February 14, 2020, Edward and Stanette Rose coordinated Doris Colgate's move to Morning Pointe, a 24/7 nursing care facility, as Doris lacked capacity to live independently. Edward signed all necessary paperwork. See PX-18 and PX-19.

223. On February 15, 2020, Edward has a flight into the Indianapolis airport to pick up a van for $735.73 from Alamo car rental, so that he can move Doris's furniture in Louisville, and get her house ready to sell for $300,000, and to also move all that she wanted from her house into her unit at Morning Pointe. Doris communicated to Edward and Stanette that she would not return to her house on Wisteria Avenue, acknowledging her reliance on permanent nursing care. Refer to PX-3, Audio2 transcript, and PX-23 for Trustee/POA reimbursable expenses of **$735.73.**

224. On February 24, 2020, Doris and Edward agreed to list Doris's house at Wisteria Avenue for **$300,000,** reflecting its market value. Edward listed Doris's house for $300,000 on 2-26-2020. See PX-8 for approximate value of $280,000.

225. On 2-25-2020, Doris communicated to Edward and Stanette that she never told Lori Fox that she could have her baby grand piano, and communicated that Fox was not allowed to have it. Edward and Stanette Rose are 2 witnesses to this conversation with Doris.

226. Edward was coordinating with Janelle Caudill, PT, for Doris's appointments, since Doris lacked capacity to do so. Dr. Kellie reinforced the importance of a specialist. See PX-20.

227. On 2-27-2020, Debbi Hall, the VP of Morning Pointe, confirms that she will personally make sure they drive Doris to her appointment with Lymphedema Specialist, Janelle Caudill, PT and Director at Kort PT. Wilson was complicit in preventing Doris from going to her appointment, and other future scheduled appointments. In the alternative, Wilson alone, prevented Doris from her appointments. SeePX-20 email, PX-3, Audio19.

228. On 2-27-2020, Debbie Hall, VP at Morning Pointe, confirms Doris exhibited signs of delusion and impaired capacity. Doris claimed that a nurse had force-fed her multiple medications at once, but staff clarified that Doris internalized a similar event involving another patient. This is additional confirmation of Doris's vulnerability. Refer to PX-3, Audio20.

229. On 2-29-2020, police were called to 410 Wisteria Avenue, after Lori Fox and harassed Edward at 410 Wisteria, Louisville, demanding Doris's baby grand piano, and other property that Doris had told Edward and Stanette Rose not to give to Fox. Fox communicated to Edward and Stanette that she would find a way to have Doris sign the piano over to her if they did not give it to her. See PX-6 and PX-39.

230. On 2-29-2020, Officer Ken communicated to Edward to call back if Lori Fox and Cristal Fox returned, and he would arrest them for trespassing. See PX-6 and PX-39.

231. On 2-29-2020, Doris communicates to Edward that she would not allow Lori Fox to return to her house at 410 Wisteria Avenue after her harassment of Edward. Refer to PX-3, Audio2, and PX-39.

232. On 2-29-2020, Text Message evidence reveals Lori Fox's defiance of a police trespass warning. Edward and Stanette notified Lori Fox regarding Police Officer Ken communicating that if Fox came to 410 Wisteria Ave. again after her harassment of Edward, to call police again, and he would have her arrested for trespassing. Doris agreed to not allow Fox on her property. Refer to PX-39.

233. A police report dated 3-1-2020, was filed by Edward against Lori Fox for Robbery. Fox's actions were part of a broader effort to isolate Doris, and take control of her assets. The following items were taken: Edward's Trustee and Power of Attorney documents, where Doris names Edward; Edward and Doris's United States mail; Documents with Edward's Social Security number; Edward's watch; and other personal property of Edward's and Doris's. This set up Fox's real estate fraud and annuity frauds, and security frauds against Doris, causing financial damage to Doris and Edward. See PX-6 Robbery Police Report filed by Edward against Fox. Refer to PX-3, Audio4 and Audio2, PX-6, and PX-39.

234. On 3-4-2020, Fox perpetrated additional theft and fraud against Doris and Edward.

235. On 3-4-2020, Doris loses all control of her assets to Wilson and Fox based on Wilson's and Fox's forgery, causing financial damage to Doris, based on all aforementioned statements of fact, and the following statements of fact. Refer to all audio file transcriptions in PX-3. Refer to all Exhibits labeled PX-1 through PX-40.

236. Doris **denied signing** the document, in authenticated audio recordings, which named Wilson and Fox as a power of attorney (POA) on 3-4-2020. Doris, in her deposition on 11-16-2023, communicated that she told Edward in May-June of 2020 that he was the Trustee and Power of Attorney for her. Doris **never signed** Wilson's and Fox's POA. **Fraud invalidates** their POA document, and **invalidates any illegitimate revocation** of Doris's Trust. Other personal property of Edward's was taken by Wilson and Fox at this time. Doris knew Edward was preparing the house for sale. Wilson and Fox knew Edward was preparing the house for sale. Doris understood Wilson's and Fox's deception based on the audio recordings, to which Doris agreed, where Doris communicates to Edward to get an attorney to recover real estate fraud damages from Wilson and Fox. Refer to PX-3, Audio13, PX-5, and PX-39.

237. The **3-4-2020** POA **documents are invalid.** Refer to statements in aforementioned number 6. Refer to PX-3, Audio8, Audio11, Audio13, and PX-5, and PX-10, Doris's Affidavit against Susan Wilson.

238. Wilson and Fox had a power of attorney document with Doris's name on it, dated 3-4-2020, only 3 days after Fox robbed Edward of his Trustee and Power of Attorney legal documents that were contracted between Edward Colgate and Doris Colgate, indicating deceptive interference with Edward and Doris's Trustee and Power of Attorney contracts. On 3-4-2020, Susan Wilson, Ray Wilson, Lori Fox, Jude McConnell, and Michelle Burkhead participated in having the locks changed at 410 Wisteria Avenue, and robbing Edward of his property, with Ray Wilson being physically menacing, moving in front of Edward, attempting to prevent him from obtaining his own property. By definition, this constitutes robbery and theft. Doris communicates that she never signed those documents. Refer to PX-3, Audio7, Audio8, Audio11, PX-5, page 67, lines 18-25 of her deposition.

239. Refer to numerous authenticated audio recordings of Doris communicating that she never signed that power of attorney. Refer to Doris's deposition communicating that she told Edward that he was still the power of attorney in May-June of 2020. Refer to **PX-5, page 67, lines 18-25,** and **PX-3, Audio1, Audio8, Audio11.**

240. Edward Colgate, as Trustee and Power of Attorney, is entitled to be reimbursed for expenses acting in those capacities in February and March of 2020, and afterwards, including his expenses incurred for Doris's move into Morning Pointe, working on Doris's house, and reimbursement of attorney fees paid on Doris's behalf, since Doris Colgate continued to communicate with Edward Colgate and Stanette Rose, Successor Trustee, that Edward is her Trustee and Power of Attorney, which have fiduciary duties. Edward is entitled to recover damages regarding his personal property, based on fraud. Refer to PX-5, PX-3, Audio1, Audio8, Audio11. Refer to PX-23 for one receipt, and PX-24 for attorney reimbursement to Edward that is tortiously obstructed.

241. Doris, on audio recording, communicated to Edward that she would reimburse Edward for attorney fees, for him to work to recover damages regarding her real-estate fraud intentionally perpetrated by Wilson and Fox. Doris communicated, on audio recording, that she wanted Edward to get an attorney for her to recover damages. (Based on Uniform Trustee and POA Codes, and those personal agreements with Doris.) Refer to PX-3, Audio7, Audio8, Audio11, Audio13, PX-10.

242. On 3-4-2020, the same day that Wilson and Fox obtained a POA document with Doris's name on it, Fox and her father, McConnell, and Wilson were at Doris's house to put the house in McConnell's business name for 50% of listing. See PX-7, PX-8, PX-10, PX-6.

243. On 3-10-2020, regarding the email of Janelle Caudill, PT, Director at Kort, Lymphedema, Specialist emails, where Doris did not show up for her appointment with Janelle. Covid

restrictions were not in place yet. Covid would not have affected her appointment. Doris had been seeing Janelle since Dr. Kellie stressed the importance of a Specialist. Morning Pointe did not have any lymphedema specialists who came to Morning Pointe. Edward had another appointment set up for Doris. Doris was prevented from going to her future appointments. Relevance is Wilson's and Fox's Complicity in preventing Doris from proper medical care, prescribed by Dr. Kellie, or in the alternative, Wilson acted alone. Refer to PX-20 email.

244. On 3-11-2020 or before, Doris shows a Diagnosis of Aphasia (brain disorder) by Dr. Omari. This is additional confirmation of Doris's vulnerable status. Refer to PX-21, where aphasia is under psychiatric.

245. On 3-13-2020, Edward and Stanette confirm an abundance of money in Doris's bank accounts, and annuity accounts, at this time.

246. On 3-13-2020, Lori Fox sold Doris Colgate's house to Hey Jude LLC, owned by Fox's father, Jude McConnell, for $150,000 when Edward had Doris's house listed for $300,000. The **$300,000 is the price that Edward and Doris agreed upon.** Discovery has yet to be done, and will determine if any proceeds were deposited into Doris's account. Wilson was complicit to this. Refer to PX-7, PX-8, PX-10, Doris's Affidavit against Susan Wilson and Ray Wilson, and **PX-3, Audio4 and Audio17 for Wilson's intimidation of Doris.**

247. On 3-13-2020, Lori Fox paid her father, Jude McConnell, $9,000 in fraudulent commissions on this insider family deal, despite no independent appraisal, and no fiduciary oversight, and no agreement from Doris at that time. **Wilson was complicit** to this. Doris Colgate did not authorize, and did not understand the sale of her house. Doris was the deponent in a deposition on 11-16-2023. Doris communicated that she should have been the one to sign her real estate sale, and **not** Lori Fox. Doris communicated that she did **not understand why** Lori **Fox signed**

the transaction. See PX-5, Deposition Transcript. Wilson was complicit to this. (**NOTE**: Fox paid that from Doris's funds using the **forged** document.)

248. On 5-9-2020, Doris communicates that she loves and misses Edward and Stanette. Relevance is to show the positive relationship that Edward and Stanette have with Doris. Refer to PX-3, Audio5 on 5-9-2020 showing that Edward and Stanette have an excellent relationship with Doris.

249. On May 12, 2020, Lori Fox used Edward Colgate's name and social security number to purchase a $1,550 Apple iPad Pro, using her father's (McConnell) address. The IMEI number for the Ipad Pro is 3527-8211-9442-322, and the model number is iPdPr 12A 2069 with the identifying phone number attached to it of 502-541-6961, although not used as a phone number The TEC manufacturer number is 3104-1025-8689-894. Edward's social security number was obtained by Fox in the robbery cited above. See PX-34 through PX-39. **Wilson was complicit** to this.

250. On 5-13-2020, UPS delivered the ipad to Fox's father's (Hey Jude, LLC) address, 410 Wisteria Avenue, which was one of McConnell's current addresses at that time, which was Doris's previous address. See PX-34 through PX-39.

251. Fox used Edward's social security number to open a $2,500 credit line with Citizens One Bank for gaming equipment. The account number that Lori Fox attached to Edward's social security number and name is [redacted]4151. See PX-34 through PX-38.

252. On 6-11-2020, Doris communicated to Edward that she had not signed any new legal documents after January 29, 2020, indicating that Wilson's and Fox's POA of 3-4-2020 is invalid. Refer to PX-3, Audio8, and Audio11, and PX-5, page 67, lines 18-25.

253. Go to next paragraph.

254. On 5-9-2021, Doris communicating that attorney Paul Kevin Ford is **not her attorney**, even though Ford submitted to the court documents as if he were her attorney, while representing Wilson and Fox also, while Wilson and Fox were **misusing Doris's money for their own legal fees, attempting to prevent Doris from recovering damages from Wilson and Fox** for their real estate transaction that relates to **elder abuse** pursuant to KRS 209.020. Refer to PX-3, Audio10, and PX-5 for **Doris communicating** that **Ford is not her attorney,** and **never has been her attorney.** Also, refer to all 30 Counts and Causes of Action. (Note: Wilson and Fox using the forged document.)

255. On 5-9-2021, Doris communicating that there were no new signed legal documents by her naming Wilson and Fox as POA, after she signed legal documents naming Edward Colgate Trustee and Power of Attorney for her. Refer to PX-3, Audio8 and Audio11.

256. On 6-10-2021, Doris commnnicating that it would be ridiculous for Doris to pay Wilson's and Fox's legal fees for Wilson and Fox to defend Wilson's and Fox's fraud against Doris. Refer to PX-3, Audio12, Audio13, and Audio16.

257. Wilson's texts and audio are included. Wilson and Fox are named on the same POA document. This is one of the reasons that POA document would be considered invalid. Refer to PX-10, PX-31, PX-32, and PX-39. (Note: forged document)

258. Susan Wilson's police report against Ray Wilson is included since that is one of the reasons that Doris signed the Affidavit against both Susan Wilson and Ray Wilson. Refer to PX-33.

259. Doris stated in her deposition that she did the **Affidavit against Susan Wilson and Ray Wilson because she thought it was the best thing to do.** Refer to deposition PX-5, Page 44, line 6, Q. Why did you have prepared this affidavit? (Doris) A. lines 7-9: "I just thought that this was the best thing to do." (Since Doris thought this was the best thing to do, and based on

her stated reasons for doing so in the Affidavit, Doris would never have signed any new documents naming Wilson, just over 1 month later. See also PX-10, Doris's Affidavit against Susan Wilson and Ray Wilson. See PX-3, Audio13, for Doris communicating that she wants Edward to get her an attorney to recover damages from Wilson and Fox.

260. Edward is still waiting for Doris to reimburse him for Trustee and POA expenses from February of 2020. Wilson and Fox are attempting to prevent this. See PX-10, PX-23, PX-24.

261. On 6-10-2021, Doris communicating that she wants to get her money back into her account from Wilson and Fox, regarding her house fraud perpetrated by Wilson, Fox, and McConnell. See PX-3, Audio13.

262. Plaintiffs reserve the right to produce additional evidence if more support is needed.

263. Doris agreed to reimburse Edward the total of his attorney fees paid on her behalf, which are $40,433.68, year to date. Refer to PX-3, Audio7, and PX-24.

264. On 6-10-2021, Doris communicating that her **Will was never changed after 1-29-2020.** Edward as Beneficiary (and Executor). Doris's deposition on 11-16-2023 also acknowledges Edward in her Will. Refer to PX-3, Audio8 and Audio11, PX-5, Deposition Page 28, lines 13-18.

265. On 6-10-2021: Doris Affirms Edward again as Trustee and POA, indicating that Wilson and Fox had an invalid POA (forged). Refer to PX-3, Audio13, and PX-5, Page 28, lines 13-15.

266. Based on Doris's deposition, she communicates that she thought she had received what the houses in her neighborhood were selling for---which was approximately $280,000 (RealtyTrac), not $150,000 minus $9,000, based on Fox's document. Refer to PX-5, Page 77, lines 13-21, PX-7, PX-8. Doris's house had a first floor and second floor-upstairs, and the $300,000 list price was very well justified since other similar houses were considered valued around $300,000, or more. The one-story houses brought the average down to $280,000.

267. On 6-10-2021, Doris Requests Legal Assistance from Edward. Doris communicated to Edward that she wanted him to engage an attorney to help her recover funds lost due to a deceptive real estate transaction by Lori Fox. Refer to PX-3, Audio13, and PX-5, page 80, lines 18-21 for Doris communicating that she should have been the one to sign the real estate transaction, not Fox. Wilson was complicit to this. Refer to PX-3, Audio4.

268. On 6-10-2021, Doris communicating that she does not understand how Susan Wilson can be married to Ray Wilson, and commented about disliking Ray Wilson. Relevance is support for the Affidavit that Doris signed against Susan Wilson, and to address how Lori Fox was named on the same power of attorney document, on which Wilson is named. Refer to PX-3, Audio14 and Audio15, and PX-10.

269. On 6-10-2021, Doris communicating that she dislikes Ray Wilson. Relevance is the same as number 59 above. Refer to PX-3, Audio14 and Audio15, and PX-10.

270. Based on Doris's deposition on 11-16-2023, newly provided evidence allows for numerous new causes of action under KRS 209.020, the Elder Abuse and Exploitation Vulnerability Statute. This is included to address legal standing at this time for the real estate issue. Refer to the aforementioned independent causes of action, along with all the included Kentucky Statutes and Civil Rules that allow Edward Legal Standing on this issue at this time in this lawsuit as one part of it. Refer to all 30 Counts and Causes of Action.

271. January of 2023: Protective Annuity Fraud by Fox in the amount of $54,013.09. Given the high interest rate, and the Plaintiff's knowledge that Doris's income and expenses were closely aligned, a reasonable person would not have liquidated the entire amount in a single transaction. Other annuities were also being liquidated by Fox in their entirety, indicating a pattern of abuse. **Wilson was complicit** in this. See PX-25.

**Note:** Legally binding judicially admitted forgery now applies.

272. On 2-17-2023, Doris expressed gratitude to Edward and Stanette during a phone call, contradicting claims of estrangement made by Wilson and Fox. Wilson and Fox took actions that prevented Doris's ability to access her financial resources. Doris understood that Edward may have to file a lawsuit to recover attorney fees since Doris wanted Edward to recover her defrauded monies perpetrated by Wilson and Fox, and also understood that Edward thought the deposition would be helpful to recover the real estate fraud monies from Wilson and Fox. Refer to PX-3, Audio13, and PX-3, Audio18.

273. On 2-17-2023, Susan Wilson's Intimidation of Doris: Doris communicates to Edward and Stanette that she hopes Susan (Wilson) is not upset that she talked to Edward and Stanette. Relevance is that Wilson and Fox are named on the same POA document. This is indicative of intimidation. Refer to PX-3, Audio17 and Audio4, and PX-10, the Doris's Affidavit against Susan Wilson and Ray Wilson.

274. On 6-7-2023, the phone call supports that Doris maintained a positive relationship with Edward and Stanette before the 11-16-2023 deposition. Edward and Stanette also made phone calls to Doris after that date.

275. Edward was working to have Doris live at Edward and Stanette's house, having nurses come into their house for Doris's additional care. This is based on conversations with Doris.

276. Between 6-8-2023 and 11-16-2023: Defamation, connected to deception of Doris, fraud of Doris, by Wilson and Fox, regarding Edward. Between June 8, 2023 and through November 16, 2023, Wilson and Fox deceived Doris, regarding Edward, before Doris's deposition, based on 23, or more, inflammatory and prejudicial statements toward Edward that Doris made at the deposition, when Doris was not answering the questions asked. Refer to PX-5.

277. Wilson and Fox were sitting by Doris at Doris's deposition when a motion to Sequester Wilson and Fox should have been done, since Wilson and Fox were complicit in the real estate deception and elder abuse against Doris. At least 23 Objections should have been done at the deposition for inflammatory and prejudicial statements made by Doris, with Wilson and Fox sitting by Doris, and Doris asking Wilson and Fox to answer a question for her. Not one time was Doris directed to just answer the question. Doris was not allowed to see and read the Complaint. Doris had been deceived by Wilson and Fox, Wilson and Fox concealed the purpose of the Complaint and the Deposition, based on Doris requesting Edward to get an attorney to recover fraud monies from Wilson and Fox. Refer to PX-5, the deposition, Page 6, lines 13-21, PX-24, and PX-3, Audio8, Audio11, and Audio13.

278. This was a complete change of Doris's attitude toward Edward, compared to Doris's last very positive conversation witb Edward and Stanette before the deposition. This is undue influence. Refer to PX-3, Audio18.

279. For the following Deposition answers, Doris Colgate's answers are after **A.**

280. An Answer was given for this Legal Complaint allegedly by Doris Colgate. However, based on Doris's answer in this deposition, Plaintiff asserts that since Doris was not allowed to see or read the previous legal complaints, then Doris did not give an Answer to the Court for any previous complaints, and Wilson, or in the alternative, someone else gave the Answer for Doris, with Wilson's and Fox's complicity, in supporting the false answers to the complaint submitted to the court. See PX-5, Page 6, lines 13-21, and page 67, lines 18-25, and PX-3, Audio8, Audio10, Audio11, Audio13, Audio17.

281. See PX-5, Page 6, Lines 13-21; Q. Did you review the document that initiated and started the legal action against you? Doris-A. Did I see it? Q. Yes, ma'am. (Doris) A. No.

Q. So you have not read the complaint, the document that started this lawsuit?

(Doris)A. No, I don't think so. (Based on this Deposition, Plaintiff asserts that Doris Colgate was deceived by Wilson and Fox, regarding the nature of this lawsuit, as Wilson and Fox concealed the Complaint from Doris, and did not allow Doris to see it or read it. Wilson and Fox were sitting next to Doris, when Wilson and Fox should have been sequestered, based on the numerous allegations of elder abuse against Doris, perpetrated by them.)

282. See PX-5, Page 15, Lines 15-17: (Doris) A. He—he did find this—he helped to find this place. He heard about this place, and he, you know, got me—helped to move me in here. (Referring to Edward helping Doris move into 24/7 nursing care.) See PX-18 and PX-19.

283. See PX-5, Page 30, Lines 5-8: Q. Was there a particular incident that led you to believe that Eddie just wanted your money? (Doris) A. I cannot answer that. I don't know. I can't think of a particular incident. (Undue influence by Wilson and Fox.)

284. Doris communicated at different times that Ford, who was Wilson's and Fox's attorney, was **not** her attorney at the deposition, and also communicated that on audio recordings. Refer to PX-5, Page 45, lines 23-25 and Page 68, line 6, and PX-3, Audio transcript, Audio10.

285. See PX-5, Page 45, Lines 23-25: (Doris) A. Bob English. It was Bob English. He was—he was the lawyer, and that's the only lawyer that I've ever had—Bob English. Doris communicating that Ford is not her attorney. Refer also to PX-3, Audio10, Doris communicating that Ford is not, and never has been her attorney.

286. Refer to PX-5, Page 59, Lines 21-23: Q. Do you remember why—do you remember signing this deed on March 4th? (Doris) A. No, I don't think. No.

287. Refer to PX-5, Page 64, Lines 5-9, Q. I want to go back to this affidavit, okay? Why did you prepare or have prepared this affidavit? (Doris) A: I don't remember what was the reason. I just

thought that—thought that this was the best thing to do. Based on Doris thinking that was the best thing to do, any document with Wilson's name, and Fox's name on it together, would invalidate that document. Refer also to PX-10, Doris's Affidavit against Susan Wilson and Ray Wilson.

288. See PX-5, Page 67, Lines 18-25: Q. Did you—in May or June of 2020, did you ever tell Edward that you had not signed, that you had not revoked him as power of attorney? Did you ever tell—in 2020, did you tell Edward that he was still the power of attorney for you? (Doris) A. I think so. (Indicates that the 3-4-2020 legal documents with Wilson's and Fox's name are invalid.)

**Note:** Legally binding and conclusive judicially admitted forgery now applies.

289. Refer to PX-5, Page 68, Line 6: (Doris) A. The only—only attorney I've ever had was Bob English. (Doris communicating that Ford is not her attorney.) Refer also to line number 76. See PX-5, Page 45, Lines 23-25: (Doris) A. Bob English. It was Bob English. He was—he was the lawyer, and that's the only lawyer that I've ever had—Bob English. (Doris communicating that Ford is not her attorney.) See PX-3, Audio10.

290. Refer to PX-5, Page 68, Lines 10-11: THE WITNESS (Doris): Lori, do you know my lawyer's name? (Refers to Doris asking Fox to answer in the deposition for her.) (Fox, who perpetrated fraud against Doris, should have been sequestered as a witness since she was not named in this lawsuit, and should not have been there with Doris, with Doris asking Fox to answer for her. Wilson was complicit to this.)

291. See PX-5, Page 76, Lines 18-25: Q. Do you—do you remember selling the property? Q. Do you remember to whom it was sold? (Doris) A. No, I do not. (Doris was deceived by Fox,


Edward Colgate 22023 SE Wax Rd., Box 1452, Maple Valley, WA 98038, King Co.

with Wilson's complicity to the deception of Doris, into thinking her property was sold in her name to a third party outside the family of relatives. See PX-7, PX-8.

292. See PX-5, Page 77, Line 1: (Doris) A. I don't know who the—who—the people were. (Doris was deceived by Fox, with Wilson's complicity, into thinking her property was sold in her name to a third party outside the family of relatives.) See PX-7, PX-8.

293. See PX-5, Page 77, Lines 13-21: Q. How was that price determined for the sale of the house? (Doris) A. I don't—I don't know. My- -but—what the houses were going for, I guess, at the time and in that neighborhood and that street, Wisteria. Q. Did you determine what the price would be for the house? (Doris)A. No. I don't think I did. (The average was $280,000, not $150,000 minus $9000, which would have been the most she would have received.) Wilson was complicit to this deception. No appraisal was done. See also PX-7 and PX-8.

294. Doris was deceived by Fox, with Wilson's complicity, into thinking her property was sold in her name to a third party outside the family for approximately $280,000 based on her answer here, and believed that amount was deposited to her account, when, in fact, it was not. Refer to PX-5, PX-7, and PX-8.

295. See PX-5, Page 80, Lines 18-21: Q. Regarding Doris's house/real estate: Is there a reason you didn't sign it?

(Doris) A. I don't know. That's what I can't understand, why I didn't sign it. I don't know why Lori would have signed it. That is her signature? You say that is her signature? (Doris is communicating that she should have been the one to sign her own real estate transaction, not Fox, indicating deception related to elder abuse, fraud.) Wilson is complicit to this deception. See also PX-7 and PX-8.

**Note:** Legally binding and conclusive judicially admitted forgery now applies.

296. On 11-16-2023, Wilson was complicit with Fox, Encouraging and Enabling Perjury by Doris, obstructing justice, tampering with a witness, as they deceived Doris into committing harassment, defamation, slander, and perjury, regarding Edward, to cause prejudice against Edward. This is elder abuse pursuant to KRS 502.020, the complicity statute, and KRS 209.020, the Elder Abuse Statute, regarding a Vulnerable adult. Wilson is complicit with Fox in perpetrating fraud upon the court, and obstructing justice. Wilson was complicit with Fox in attempting to alienate Doris from Edward. Refer to PX-5, the deposition transcript, for 23 or more inflammatory and prejudicial statements that Doris made, with Fox sitting next to Doris, with Doris asking Fox to answer for her at one part. This is based on Edward's last conversation with Doris before the deposition where Doris stated to Edward "Thank you for calling. I love you all." Edward and Stanette thought that Doris was interested in moving in with them, with additional nursing care coming to the house. Also refer to PX-3, Audio18, for Wilson intimidating Doris. Nothing backed up the defamation. Refer to PX-5, Page 30, lines 5-8: Q. Was there a particular incident that led you to believe that Eddie just wanted your money? (Doris) A. I cannot answer that. I don't know. I can't think of a particular incident. **Note:** Legally binding and conclusive judicially admitted **forgery** now applies.

297. Wilson is complicit with Fox in causing emotional distress to both Doris and Edward, as Wilson was complicit with Fox in attempting to alienate Doris and Edward, attempting to destroy their relationship. Refer to the 30 Counts in the Complaint.

298. Transamerica Annuity Fraud by Fox in the amount of $103,000 regarding Doris. Given the high interest rate, and the Plaintiff's knowledge that Doris's income and expenses were closely aligned, a reasonable person would not have liquidated the entire amount in a single transaction. Other annuities were also being liquidated by Fox in their entirety. This is indicative of a pattern

of abuse. **Wilson is complicit** to this. See PX-26. **Note:** Legally binding and conclusive judicially admitted **forgery** now applies.

299. Washington National Annuity Fraud by Fox in the amount of approximately $27,418.64 regarding Doris. Given the high interest rate, and the Plaintiff's knowledge that Doris's income and expenses were closely aligned, a reasonable person would not have liquidated the entire amount in a single transaction. Other annuities were also being liquidated by Fox in their entirety. This is indicative of a pattern of abuse. **Wilson is complicit** to this. See PX-27. **Note:** Legally binding and conclusive judicially admitted **forgery** now applies.

300. Truist BB&T security fraud by Fox regarding Doris. Given the high yield, and the Plaintiff's knowledge that Doris's income and expenses were closely aligned, a reasonable person would not have liquidated the entire amount in a single transaction. Other annuities were also being liquidated by Fox in their entirety, indicating a pattern of abuse. The amount defrauded, and damages to Doris is $101,000, or more. **Wilson is complicit** to this. See PX-28. **Note:** Legally binding and conclusive judicially admitted **forgery** now applies.

301. Ingredion Security fraud by Fox. Given the high yield, and the Plaintiff's knowledge that Doris's income and expenses were closely aligned, a reasonable person would not have liquidated the entire amount in a single transaction. Other annuities were also being liquidated by Fox in their entirety. This is indicative of a pattern of abuse. **Wilson is complicit** to this. See PX-29. **Note:** Legally binding and conclusive judicially admitted **forgery** now applies.

302. Wilson misused Doris's funds to pay her own (Wilson's) legal fees to attorney Ford, attempting to prevent Doris from recovering damages from Wilson for elder abuse exploitation against Doris, pursuant to KRS 209.020, and **Wilson** was and/or is complicit with Fox, in having Fox misuse Doris's funds to pay her own legal fees to defend her own elder abuse exploitation

against Doris. Refer to PX-3, Audio8, Audio11, Audio12, Audio13, Audio16 for Doris wanting Edward to get an attorney for her, and Doris communicates that it would be ridiculous to pay Wilson's and Fox's legal fees to defend their fraud against her(Doris). **Note:** Legally binding and conclusive judicially admitted **forgery** now applies.

303. Pursuant to KRS 209.020, and pursuant to tortious interference with contractual rights, Plaintiff asserts that **Wilson's complicity** with Fox's tortious interference with Edward's and Doris's contractual rights was interfering with Doris recovering damages from her slip and fall at Morning Pointe, which caused orthopedic surgery, and many months of rehabilitation. Wilson was complicit with Fox, in interfering with Edward's reimbursement from Doris for attorney fees, to which Doris agreed, to recover damages from Wilson and Fox, based on Wilson's complicity with Fox, to financially exploit Doris, based on Wilson's complicity with Fox's deception of Doris. This also includes other reimbursable expenses related to Doris, for Edward. This includes tortious interference with their power of attorney contracts and Trustee contracts, or in the alternative, Wilson's complicity with Fox's interference with Edward and Doris's Quasi Contract, Quantum Meruit, Equitable Estoppel, and Promissory Estoppel. Refer to PX-3, Audio1, Audio8, Audio11, audio13, Audio16, Audio18, PX-6, PX-10, PX-23, PX-24, and PX-39. **Note:** Legally binding and conclusive judicially admitted **forgery** now applies.

304. The Trust contract agreement between Edward and Doris states that if Edward is not to be Trustee, then Doris will notify Edward in writing, and that it can only be done by Doris and no other person. This was never done. This is in addition to all other supporting evidence regarding this matter. Since all the audio recordings and the deposition indicate that Doris never signed any new legal documents on 3-4-2020, even if something was signed, it would be invalid based on lack of legal capacity, which is more specific to understanding the consequences, regarding

the contracts, since she had no idea that she signed anything, if she did. Refer to PX-3, Audio8 and Audio11 for no new legal documents by Doris, and PX-10—Affidavit. Refer to deposition PX-5, Page 44, line 6, Q. Why did you have prepared this affidavit? (Doris) A. lines 7-9: "I just thought that this was the best thing to do. Since Doris thought that the Affidavit was the best thing to do, therefore, no new legal documents would have been signed on 3-4-2020. Refer also to PX-5, page 67, lines 18-25. The focus in this Complaint is on Elder Abuse Vulnerability pursuant to KRS 209.020 and 30 Counts and causes of action against Wilson, and against **Wilson's complicity** with Fox. **Note:** Legally binding and conclusive judicially admitted **forgery** now applies.

305. The second identity fraud perpetrated by Lori Fox is related to Citizens One and Citizens Bank. Citizens One is owned by Citizens Bank. The bank told Plaintiff that his social security number and name were used to set up a $2,500 limit for an xbox console game system and an xbox all access pass. The account number that Lori Fox attached Edward's social security number and name is [redacted]4151. Fox then used the 410 Wisteria Avenue address again, aforementioned in Fox's ipad fraud. **Note:** Legally binding and conclusive judicially admitted **forgery** now applies.

306. The following was included in the State Complaint based on joinder of claims, but was a separate issue since this was regarding Wilson's fraud against Norman Colgate's Will:

307. Edward Colgate is named as Beneficiary on Page 1, Article I, B, of Norman's Will. Under Article IV, C, bottom of page 2, and top of page 3, it states, "and all other tangible personal property not otherwise specifically bequeathed (except cash on hand or on deposit) owned by me at the time of my death," and also "in fee simple to my children who survive me, to be divided among them as they may agree." Wilson never accounted for "cash on hand or on deposit," by

giving an account to Edward, Beneficiary. Wilson refused all communications with Edward. Edward was finally able to obtain an inventory which did not show any of Norman's cash on hand and/or on deposit. Norman had given Edward a copy of his Will since Edward was named as Beneficiary. Norman had told Edward, shortly before his passing, that he maintained a significant amount of cash at his apartment and at the bank. Edward asserts that **Wilson** gave a **false accounting to the Court**, which is **tampering with evidence**, since the false accounting is seen in court documents. **Wilson was complicit in having Matthew Burnett give this false accounting to the Court, and was complicit in having Burnett try to deceive** Edward into thinking that he was not named in the Norman's Will, when, in fact, Edward is named in Norman's Will. **Note:** Legally binding and conclusive judicially admitted **forgery** now applies.

308. Wilson breached these duties by failing to disclose and account for cash on hand and on deposit. Instead of providing Edward, a named beneficiary, with an accurate accounting, she refused all communication and facilitated the submission of a false inventory to the Court.

309. Violation of KRS 524.100 (Tampering with Physical Evidence) Kentucky law prohibits knowingly providing false evidence to a court proceeding. Wilson violated this statute by failing to account for Norman's cash on hand and on deposit, despite specific instructions in the Will, and by presenting an inaccurate estate inventory through attorney Matthew Burnett, which omitted these assets, and misleading Edward by allowing Burnett to suggest that Edward was not a beneficiary, when the Will explicitly names him.

310. Because the inventory was submitted as part of probate proceedings, this amounts to tampering with evidence, as it constitutes the presentation of false financial documents in a legal setting. **Note:** Legally binding and conclusive judicially admitted **forgery** now applies.

311. Complicity Under KRS 502.020: Even if Wilson did not personally submit the false inventory, she is complicit under KRS 502.020 because she: Directed, encouraged, or facilitated Burnett's submission of the **false accounting**; Benefited from the concealment of estate assets by depriving Edward of his rightful inheritance; Had a legal duty to correct false statements as Executor, but instead remained silent, enabling the deception. Under KRS 502.020, a person is legally responsible for an offense if they intentionally aid, advise, allow, or induce another to commit a crime. By knowingly allowing false information to be filed in probate court, Wilson was complicit in the breach of fiduciary duty and tampering with evidence.

312. **Verbatim from State Complaint Continues:** From case number **25-CI-001371 (PX-51), Paragraph 5**: Plaintiff asserts **Susan Wilson's Complicity** in the following: Elder Abuse, Undue Influence, deception, fraud, theft, robbery, tortious interference with contractual rights, including, but not limited to Edward's Power of Attorney and Trustee agreements with Doris, including reimbursement to Edward, interference with Edward's quasi contract, quantum meruit, equitable estoppel, promissory estoppel, tampering with a witness, tampering with evidence, other actions **perpetrated by Wilson to obtain a fraudulent power of attorney, Complicity in 30 Counts and Causes of Action. Note:** Legally binding and conclusive judicially admitted **forgery** now applies. KRS 209.990--446.070--209.030--209.050 apply to all elder abuse claims.

313. **Verbatim from State Complaint Continues:** From case number **25-CI-001371 (PX-51), Paragraph 31:** For the following 30 Counts, Causes of Action, and Relief Sought, the following Plaintiff's assertions apply, and include, but are not limited to the following: Plaintiffs assert that **Susan Wilson's Complicity with Fox and others,** pursuant to **KRS 502.020**, through **deception**, through **undue influence**, through **fraud**, through **tortious interference with contractual rights**, through **intimidation, through forgery, all of which caused unjust**


Edward Colgate 22023 SE Wax Rd., Box 1452, Maple Valley, WA 98038, King Co.

**enrichment for Wilson, caused, and is continuing to cause significant financial harm** and deprivation to Doris Colgate's assets, and caused, and continues to cause, significant financial harm and deprivation to Edward Colgate's assets. Plaintiffs assert **Wilson's complicity in material misrepresentations to Doris and others regarding the following 30 Counts and Causes of Action herein.** Exhibits at the end are labeled **PX-1—PX-40**. Statements of **Material Fact** are included as Exhibit PX-2 because it is 33 Pages. Plaintiffs assert that the PX-3-Audio Transcriptions and the attached USB drive are to be preserved for Appeals Court. Plaintiffs incorporate by reference in full detail **Sections XXXVI, XXVI, XXX, XXXII, XXVIII, XXIX, XXXI, XXXV, XXVII, XXXVII, PX-63 through PX-87, PX-108,** and the **First through the Fourteenth FRE 201 Notices** of judicially **noticed adjudicative facts,** which include approximately **1,044 total adjudicative facts,** including approximately **322 adjudicative facts supporting jurisdiction. FRE 201 Adjudicative Facts in Judicial NOTICES --- 2 through 8, 10, 12, and 13 --- fully support jurisdiction and venue.**

**SECTION XII: Master Comprehensive Incorporation of Exhibits, Evidentiary Foundation, Jurisdictional Foundation, Record of Fraudulent Judicial Misconduct, Fraudulent Systemic and Systematic Civil Rights Obstruction, Denial of All Access to All Kentucky Courts, Constitutional and Federal Enforcement Framework, and the Supremacy Clause (Art. VI, Cl. 2)**

314. Plaintiffs reassert and incorporate by reference in full detail all preceding paragraphs as though fully set forth herein. Plaintiffs further assert all following Section XII paragraphs. Plaintiffs incorporate by reference in full detail, as though fully set forth herein, **Exhibits PX-1 through PX-171,** and assert that **each and every exhibit facially applies to** and supports the facts, legal elements, claims for relief, and relief demanded throughout this Complaint. These

exhibits—whether documentary, testimonial, audio-recorded, or any other evidentiary mechanism available under law—are specifically curated to establish Plaintiffs' legal standing, demonstrate liability, prove ongoing harm, and show genuine disputes of material fact relevant to each claim for relief/ relief demanded. Doris Colgate states Edward Colgate is in her Will--PX-5.

315. Plaintiffs are **not required to re-explain** the relevance of each exhibit within each and every claim for relief, as the **facial content** of **each exhibit** makes its **application self-evident** and within the capacity of any competent defendant or reviewing court to determine. **Defendant's legally binding and conclusive judicial admissions of liability shall be treated as an admission under substantive CR 8.04, 28 U.S.C. § 1367(a),** and Plaintiffs expressly preserve and reserve the right to rely on any legally binding judicial admissions and any exhibit for summary judgment, Rule 56(d) protection, or trial proof of causation and harm.

316. Defendant **cannot re-litigate** the **first 31 Claims** for Relief based on legally binding and conclusive judicial admissions of liability and damages. Plaintiffs, however, for clarity and support, provide the admitted State Claim for Relief/Count/Relief entitled to-demanded-sought **verbatim for plausibility.**

317. For the avoidance of doubt, Plaintiffs specifically incorporate by reference in full detail all **legally binding and conclusive judicial admissions of liability** made in the state-court complaint, including but not limited to the following two (2) paragraphs numbered **318 and 319.**

318. **Verbatim from State Complaint Continues:** From case number **25-C1-001371 (PX-51), Paragraph 5**: "Plaintiff asserts **Susan Wilson's Complicity** in the following: Elder Abuse, Undue Influence, deception, fraud, theft, robbery, tortious interference with contractual rights, including, but not limited to Edward's Power of Attorney and Trustee agreements with Doris, including reimbursement to Edward, interference with Edward's quasi contract, quantum meruit,

equitable estoppel, promissory estoppel, tampering with a witness, tampering with evidence, other actions **perpetrated by Wilson to obtain a fraudulent power of attorney, Complicity in 30 Counts and Causes of Action."** **Note:** Legally binding and conclusive judicially admitted **forgery** now applies. Refer to **Subsection A. of Section II** for **legally binding legal standing.**

319. **Verbatim from State Complaint Continues:** From case number **25-CI-001371 (PX-51), Paragraph 31:** "For the **following 30 Counts, Causes of Action, and Relief Sought, the following Plaintiff's assertions apply, and include, but are not limited to the following:** Plaintiffs assert that **Susan Wilson's Complicity with Fox and others,** pursuant to **KRS 502.020**, through **deception**, through **undue influence**, through **fraud**, through **tortious interference with contractual rights**, through **intimidation, through forgery, all of which caused unjust enrichment for Wilson, caused, and is continuing to cause significant financial harm** and deprivation to Doris Colgate's assets, and caused, and continues to cause, significant financial harm and deprivation to Edward Colgate's assets. Plaintiffs assert **Wilson's complicity in material misrepresentations to Doris and others regarding the following 30 Counts and Causes of Action herein."**

320. These comprehensive assertions in paragraphs **318** and **319**—constituting **legally binding** and **conclusive judicial admissions of liability and damages** under CR 8.04 and 28 U.S.C. § **1367(a),** and **applies to** the Claims for Relief **I through XXXI** set forth herein. By its plain language and **legal effect**, it establishes the admitted applicability of the admitted statutory assertions/allegations/adjudicative facts, and it establishes the admitted applicability of the factual assertions/ allegations/ adjudicative facts underlying each claim for relief.

321. While Plaintiffs have presented all claims for relief and all relief entitled to/demanded/ sought in a detailed format, it is respectfully noted that, under substantive CR 8.04 and **legally**

**binding admissions** for **30** claims for relief/counts, including numerous relief entitled to/demanded/sought, **establish both liability and damages, rendering any further factual breakdown proccdnrally unnecessary for judgment to be entered.**

322. While Plaintiffs contend that the **2** aforementioned paragraphs numbered **318 and 319** are **legally sufficient to support the first 30 claims for relief**/counts under applicable pleading standards, the following Claims for Relief are nevertheless presented in full detail and with **incorporated factual and legal support in an abundance of caution**. This ensures that no claim is waived, and that each claim for relief is independently established on the merits under Twombly/Iqbal and Rule 8(e) pleading standards—Rule **8(e)**--all pleadings shall be so **construed as to do substantial justice**. Plaintiffs incorporate by reference in full detail **Sections XXXVI, XXVI, XXX, XXXII, XXVIII, XXIX, XXXI, XXXV, XXVII, XXXVII, PX-63 through PX-87, PX-108, all 167 Exhibits,** and the **First through the Sixteenth FRE 201 Notices** of judicially **noticed adjudicative facts,** which include approximately **1,044 total adjudicative facts,** including approximately **322 adjudicative facts supporting jurisdiction --- and FRE 201 Adjudicative Facts in Judicial NOTICES --- 2 through 8, 10, 12, and 13 ---** which fully **support jurisdiction and venue** --- **into each and every Claim for Relief herein.**

323. The included exhibits also demonstrate the who, what, when, where, and how of the underlying fraud, predicate acts, and enterprise participation as required by **FRCP 9(b)** and the **pattern requirements under 18 U.S.C. § 1961(5), 1962, and 1964(c).**

324. **All aforementioned** legally binding and conclusive judicial **admissions of liability and damages** support the **following** legally binding and conclusive judicial **admissions of liability and damages** in the following **Claims for Relief I—CII (1 through 102)** and their corresponding Relief Entitled to and Sought/Demanded. Defendant **cannot dispute, contradict,**

**or relitigate any legally binding and conclusive admitted assertions/allegations/adjudicative facts in any present or future proceeding.** These judicial admissions prevent numerous back and forth briefings.

325. Plaintiffs further incorporate by reference in full detail, as though fully set forth herein, all audio recording transcriptions and the **legally binding physical USB** drive (**PX-51**) containing authenticated audio files, as evidence preserved for the Ninth Circuit, under the doctrine of appellate preservation and in compliance with the federal record-preservation requirements applicable to civil-rights actions under 42 U.S.C. §§ 1983 and 1985(2-(3).

326. Plaintiffs do meet the plausibility standards of Twombly and Iqbal, and create a legally uncontested foundation for punitive damages, equitable relief, fiduciary enforcement, and federal civil-rights liability under 42 U.S.C. §§ 1983 and 1985(2)–(3), the First, Seventh, and Fourteenth Amendments, and the U.S. Supremacy Clause.

327. Plaintiffs assert: Defendant's legally binding and conclusive judicially admitted facts/averments/allegations/adjudicative facts of **complicity in elder abuse --- establish malice, intent, knowledge, foreseeability, and causation for all claims for relief**/counts, and **eliminates the need** for Plaintiffs to re-plead factual elements already established, and **substantially heightens** the **punitive-damages analysis.**

328. **Subsection A. of Section XII: Master Incorporation of Section VIII: Additional Jurisdictional Plausibility; Fraudulent Judicial Misconduct; Systemic and Systematic Civil Rights Obstruction in Kentucky; Denial of All Access to All Kentucky Courts----** Plaintiffs hereby incorporate **Section VIII** and all of its subsections **A through D** by reference in full detail into each of the following Claims for Relief / Counts, as though fully set forth herein. These subsections include, but are not limited to: **Subsection A of Section VIII –**

**Fraudulent Felony Accusations** Against Plaintiff(s) --- **by Judges Without Jurisdiction --- to Deny/Deprive Plaintiffs All Access to All Kentucky Courts; Subsection B of Section VIII --- Illegal and Fraudulent Non-Random Judge Assignments --- and Illegal and Fraudulent Non-Random Case Number Assignments --- and Void or Void Ab Initio Jurisdiction in All 11 Cases of Plaintiffs; Subsection C of Section VIII No Legal Service to Plaintiffs in All 11 Cases; Resulting Orders That May Have Been Entered Are Void or Void Ab Initio;** and **Subsection D of Section VIII --- Fraudulent Destruction of Plaintiffs' Records;** Plaintiffs assert **Edward Colgate's fiduciary duties, rights, and recovery herein each and every claim for relief herein this Complaint based on KRS 386B.8-010, KRS 386B.1-010(1), KRS 386B.8-180(1)(a), KRS 386B.4-100; FRCP 17(a)(1)(E), KRS 457.350(1)-(2), and Defendant's legally binding and conclusive forgery admissions.**

329. Plaintiffs hereby **incorporate by reference in full detail all prior sections, subsections, all factual assertions/allegations/adjudicative facts, all legal assertions, all legally binding and conclusive judicial admissions, and all evidentiary references** set forth in this Complaint, **together with all** exhibits, transcripts, recordings, and documentary materials identified in this **Master Comprehensive Incorporation** of Exhibits, Evidentiary Foundation, Jurisdictional Foundation, Record of Fraudulent Judicial Misconduct, Civil Rights Obstruction, and Denial of All Access to All Kentucky Courts. Each and every such assertion, allegation, adjudicative fact and exhibit are incorporated **in full detail** into **each and every Claim for Relief / Relief Demanded/Sought**, both individually and collectively, **as though fully pleaded within each Claim for Relief**. Plaintiffs **preemptively invoke KRS 411.140, where applicable.** This incorporation is made to ensure complete **preservation** of the record, to avoid waiver, and to

establish that every Claim for Relief is supported by the totality of the factual, statutory, and evidentiary foundation set forth herein.

330. **Subsection B. of Section XII: Legal Necessity of Verbatim Legally Binding and Conclusive Judicial Admissions and Records Preservation**----Plaintiffs assert all the following paragraphs: Plaintiffs have **deliberately and necessarily** incorporated in full detail lengthy, **Verbatim** legally binding and conclusive judicial admissions of liability and damages, facts, claims for relief/relief demanded/sought from the Kentucky state-court complaints into the body of this federal complaint. These admissions are **legally binding, conclusive, non-discretionary** under substantive **CR 8.04, 28 U.S.C. § 1367(a),** and other controlling authority, and their **inclusion** is **structurally required**. Any perceived redundancy is intentional and compelled by the extraordinary procedural posture of this case, which involves **systemic and systematic obstruction, destruction of records, denial/deprivation of legal service, retaliatory judicial misconduct, and denial of all access to all Kentucky courts,** all of which have completely destroyed the integrity of the state-court record.

331. As pro se Plaintiffs litigating against coordinated and conspiratorial state actors and Defendant, Plaintiffs must ensure that **all admitted facts and all admitted statutory violations are fully embedded in the federal pleading itself**, rather than relying on cross-references to a state-court docket that has been fraudulently manipulated, falsified, concealed, and/or rendered inaccessible. This approach is essential to preserve a **complete and self-contained record** capable of withstanding dispositive motions --- and to ensure meaningful review by the **Ninth Circuit Court of Appeals**, which requires a clear, **comprehensive,** and factual foundation --- independent of any tainted state proceedings. **Through PX-167 or all 167 Exhibits shall** be read **as** through **PX-171** and **all 171 Exhibits** respectively--fully set forth in every applicable location.


Edward Colgate 22023 SE Wax Rd., Box 1452, Maple Valley, WA 98038, King Co.

332. While some sections may appear repetitive or restate similar facts in slightly different phrasing, such presentation is **necessary** and **justified**. As pro se Plaintiffs facing systemic and systematic obstruction --- and retaliatory denial of court access --- Plaintiffs must ensure maximum factual and legal clarity --- and maximum evidentiary preservation --- which may potentially include factual and legal redundancy to (i) withstand any summary judgment attempt, (ii) preserve these legally binding and conclusive judicial admissions of Defendant's liability for use in partially related and/or future federal filings, and (iii) emphasize legally binding and conclusive admissions of statutory liability and relief entitled to/demanded/sought. These judicial admissions also form the foundation of multiple legal theories **distinctly applied** across distinct claims for relief/counts. Furthermore, these judicial admissions support partial overlapping claims in a way that is consistent with Twombly and Iqbal by reinforcing plausibility and providing notice to Defendant(s) of all misconduct.

333. Accordingly, Plaintiffs may have restated certain facts in multiple sections and, where appropriate, in slightly different formulations to reinforce their legal significance across **distinct** claims for relief. This redundancy is not cumulative—it is **protective**, **jurisdictional**, and **appellate-oriented**, ensuring that no judicial admission, no material fact, and none of the evidentiary foundation can be disregarded, minimized, or severed on procedural grounds. Any attempt to strike, truncate, or discount these verbatim legally binding and conclusive admissions --- would itself constitute further denial of access to courts and constitute impairment of Plaintiffs' right to a full appellate review. Plaintiffs reassert KRS 526.010 and 18 U.S.C. § 2511(2)(d) for the **USB** drive.

334. To the extent any material herein is arguably redundant or overlapping, such inclusion is intentional, and is necessary for full evidentiary preservation, and directly supports record

sufficiency and clarity for potential Ninth Circuit appellate review, thereby rendering any motion to strike under Fed. R. Civ. P. 12(f) improper, premature, and contrary to governing standards of liberal pleading and constitutional notice. For **facial** and prima facie support, also refer to aforementioned **Haines v. Kerner, 404 U.S. 519** and **Hearns v. San Bernardino Police Dep't, 530 F.3d 1124, 1127, 1131–32 (9th Cir. 2008)**--the **court reversed dismissal** of a "verbose" complaint, holding that "length and repetitiveness alone" are not grounds for dismissal.

335. Plaintiffs assert that all incorporated facts, all claims for relief, all relief entitled to/ demanded/sought, and all exhibits are plausibly pled, and are legally binding and judicially admitted for the **first 31 claims for relief**, and are materially essential to the factual and legal scaffolding of each claim for relief and its appellate survivability. Any and all redundancy herein is pertinent, relevant, necessary, and material, and Rule 12(f) does not apply. Plaintiffs further assert: Fed. R. Civ. P. 18(a) **(no limit on joinder of claims)**; **Fed. R. Civ. P. 54(b) (relief not restricted).**

336A. **Subsection C of Section XII: Constitutional and Federal Enforcement Framework; Supremacy Clause (Art. VI, Cl. 2)**----Plaintiffs incorporate by reference in full detail this constitutional and federal enforcement framework and the Supremacy Clause (Art. VI, Cl. 2) into each and every Claim for Relief and Relief Demanded/Sought for purposes of **jurisdiction, federal and constitutional enforcement**, and **preservation of constitutional and federal rights.**

336B. **Each and every** claim for relief /relief demanded/sought is independently enforceable under 42 U.S.C. § 1983 and 42 U.S.C. § 1985(2)–(3), and is grounded in the total systemic structural collapse of the Kentucky state judiciary as applied to Plaintiffs' rights. This is based on the systemic and systematic ongoing denial of due process, denial of equal protection, and the

denial of rights to access courts. This includes --- but is not limited to --- illegal and fraudulent judge assignments in violation of **KRS 26A.020;** fraudulent and unlawful retention of cases by disqualified judges under **KRS 26A.015(2)(e);** fraudulent rogue judicial actions by judges --- **without jurisdiction** --- taken in **complete absence of jurisdiction**; and the **illegal and fraudulent substitution** of subordinate judges **for** the **Chief Justice** in matters of statewide assignment authority.

337. Plaintiffs further assert the following deprivations: rulings issued without legal service by judges without jurisdiction; Judge Davis --- who cited in an order --- loss jurisdiction or recusal --- three **(3) different times** --- and who fraudulently attempted to effectively re-write statutes KRS 26A.015(3)(a) and KRS 26A.020 through an Order; judges, without jurisdiction, issuing blanket denials of initial motions, submitted with the original Complaint, even before the defendant was legally served by the Deputy Sheriff, while also attacking Plaintiff with **fraudulent felony accusations** in violation of KRS 209.050; judges' (without jurisdiction) and the court clerk office's continuous violations of CR 5.01, CR 5.02(1)-(2), CR 5.03, CR 77.04(1)-(2)-(3), KRS 30A.080(1)-(3); KRS 522.020, KRS 502.020, KRS 209.990, KRS 209.030, KRS 209.020, KRS 446.070 (civil recovery); tampering with evidence, tampering with a witness; destruction of records, destruction of official documents, refusal to scan and upload Plaintiffs' filings, denial of record access; and denial of any and all appellate review.

338. The **aforementioned violations and following violations constitute an organized deprivation and obstruction** of Plaintiffs' First Amendment right to petition the government for redress, Plaintiffs' Seventh Amendment right to a civil trial, and Plaintiffs' Fourteenth Amendment rights to due process and equal protection under the law. These unconstitutional acts, carried out under color of state law, cause any such order illegally and fraudulently entered

by a judge --- without jurisdiction --- to be void or void ab initio under the Supremacy Clause of Article VI, Clause 2 of the United States Constitution, which voids any illegal or fraudulent state procedure --- and voids any illegal or fraudulent judicial scheme used to obstruct federally protected rights. Note: As used herein, the term "caregiver" refers to a medical POA.

339. **Each and every** such violation, illegal act, or fraudulent act described herein is actionable as an independent civil rights violation, and is conspiracy to obstruct justice under 42 U.S.C. § 1983 and 42 U.S.C. § 1985(2)-(3), and under the First, Seventh, and Fourteenth Amendments. These constitutional violations are actionable under the Supremacy Clause --- as the protections of the U.S. Constitution and federal civil rights laws override/overrule any and all contrary or obstructive acts by state officials, Defendant, or courts. Plaintiffs expressly invoke this paragraph and KRS **209.050**, KRS **209.030(2),** KRS **209.990(1)through(6),** and KRS **446.070 (civil recovery)** as applying to all claims for relief herein.

340. Plaintiffs assert that Judge Patricia Morris acted **without jurisdiction** and acted in **knowing complicity and conspiracy with Defendant Susan Wilson to obstruct elder abuse recovery and to secure unjust enrichment** by unlawfully denying all of Plaintiffs' initial motions in Case No. 25-CI-001371 --- while acting in her **personal capacity** and **acting without judicial authority** and **without** jurisdiction. Morris **never** had jurisdiction in any of Plaintiffs cases. Judge Morris's --- without jurisdiction --- actions and/or orders are/were void or void ab initio. Case 25-CI-001371 (PX-51) and 3 other cases (PX-52, PX-53, PX-54) were **illegally and fraudulently** assigned to Judge Morris, in violation of Kentucky law SCR 1.040(3)(c)-(4)(a); (2) Defendant Wilson had **not yet been legally served by the Deputy Sheriff** when the blanket denial order was issued **without** jurisdiction, **19 days before legal service** of the complaint and **summons---commencing said case**; and (3) every motion denied by Morris had been

incorporated in full into the **original Complaint**, depriving Morris of any procedural basis to distinguish or dismiss them separately, in violation of **KRS 26A.015(2)(e)-(a)-(c)-(d)(2)-(3).** Morris, acting as a de facto attorney for the Defendant, is in direct contradiction to Defendant's substantive CR 8.04 judicial admissions of liability. Based on exhibits **PX-63 through PX-87,** Morris and other judges **never** had jurisdiction in any of Plaintiffs' cases. Regarding judges never having jurisdiction, Plaintiffs incorporate by reference in full detail **Sections XXXVI, XXVI, XXX, XXXII, XXVIII, XXIX, XXXI, XXXV, XXVII, XXXVII, PX-63 through PX-87, PX-108, all 171 Exhibits,** and the **First through the Sixteenth FRE 201 Notices** of judicially **noticed adjudicative facts,** which include approximately **1,044 total adjudicative facts,** including approximately **322 adjudicative facts fully supporting jurisdiction; FRE 201 Adjudicative Facts in Judicial NOTICES --- 2 through 8, 10, 12, and 13 --- fully support jurisdiction and venue.**

341. More egregiously, Plaintiffs have verified -- more than 1 year later -- that all relief respectfully demanded/sought in those motions --- was fully supported by Defendant's **legally binding and conclusive judicial admissions of liability and damages** under substantive **CR 8.04** and 28 U.S.C. § 1367(a), meaning that Judge Morris, without jurisdiction, illegally and **fraudulently attempted** to negate legally binding and conclusive judicial admissions of Wilson's liability that had become dispositive as a matter of law. Compounding these violations, Morris deliberately, illegally, and fraudulently cited "electronic service" as the sole means of notice in her order, despite knowing that Plaintiffs, as pro se litigants, were being denied electronic access. Morris also knew that Plaintiffs' filings were fraudulently being refused scanning and uploading in violation of KRS 30A.080(1)-(3). Morris's citation to an **inaccessible method of notice** operated as a **de facto denial/deprivation of Plaintiffs' appellate rights,**

attempting to finalize a fraudulent **ultra vires act of obstruction** --- that was fraudulently cloaked in judicial form --- by a judge ---without jurisdiction.

342. In addition, Morris violated and was complicit in and conspired in **violating CR 77.04(1)-(2)-(3), CR 5.03, CR 5.02(1)-(2), and CR 5.01.** Under these circumstances, Morris's fraudulent misconduct––both procedurally and substantively—**constitutes complicity and conspiracy with Wilson in obstructing elder abuse recovery and other recovery, obstructing valid admissions of Defendant's liability, and facilitating and enabling unjust enrichment.** While Plaintiffs **need not** show that Wilson personally directed Morris, complicity and conspiracy with full liability under **KRS 502.020, KRS 209.990, KRS 446.070, 42 U.S.C. § 1983**, and **§ 1985(2)–(3)** attaches where a state actor, without jurisdiction, knowingly furthers the unlawful benefit of a private defendant, particularly where Defendant Wilson has legally binding and conclusive judicial admissions of liability and damages, and who profited from the deprivation of elder-protective remedies and deprivation of constitutional process.

343. Felony intimidation--obstructing all KY court access: Judge Patricia Morris --- without jurisdiction --- further violated Plaintiffs' First, Seventh, and Fourteenth Amendment rights by falsely and fraudulently characterizing Plaintiff's lawful and legal individual filing status and fiduciary filing status as "unauthorized practice of law," and attempting to fraudulently eliminate all of Plaintiff's individual claims --- and also attempting to eliminate the abused elder as an individual Plaintiff --- in her own right --- thereby fraudulently fabricating a felony accusation against a pro se Plaintiff in order to intimidate, and to deny all court access, and to permanently bar Plaintiffs from asserting any elder-protective claims in Kentucky courts. Thereby, **Doris Colgate is also being accused of unauthorized practice of law.** In case 25-CI-001371, PX-51, paragraph 10, PX-3, Audio13---Doris communicating to Edward for him to get an attorney **to**

**recover fraud damages from Susan Wilson, and Lori Fox, her daughter," and on page 1 of said complaint--**Comes before the Court the **Plaintiffs** Edward Colgate **and Doris Colgate**, and for their causes of action against Defendant Susan Wilson, hereby state: --- These legally binding and conclusive judicial admissions by Defendant **facially and clearly present Doris Colgate as an individual Plaintiff.** Morris's actions constitute retaliatory obstruction under KRS 209.050, KRS 209.030, KRS 209.990, KRS 446.070(civil recovery), 42 U.S.C. § 1983, and 42 U.S.C. § 1985(2-(3).

344. Acting as a de facto attorney, without jurisdiction: In so doing, Morris, "without jurisdiction," acted as a de facto defense attorney for Defendant Wilson by issuing preemptive blanket denials of declaratory and injunctive relief, including but not limited to relief for an abused elder. Plaintiffs' relief was supported by law.

345. **Violations of elder-protection statutes and retaliatory obstruction**: Morris's fraudulent misconduct, **without** jurisdiction, further violated her mandatory reporting of elder abuse pursuant to KRS 209.030(2), violated KRS 209.990(1), violated obstruction of recovery under KRS 209.990(2) through (6), KRS 446.070(civil recovery), and violated KRS 209.050 by retaliating against Plaintiff as he is a known fiduciary-mandated reporter acting under KRS 209.030(2). See PX-12, and **PX-51** --- for previous legally binding judicial admissions of Defendant's complicity in --- including but not limited to forgery, tortious interference with contractual rights, robbery, theft, mail fraud, identity theft/fraud, et cetera --- **targeting Plaintiff in Washington State.** Enforcement of legally binding and conclusive judicial admissions of Defendant's liability and damages was/is continuing to be obstructed by Morris. Morris is also retaliating against Plaintiffs Doris Colgate and Edward Colgate.

346. **Ongoing violations of KRS 26A.015(2)(e) and ultra vires acts outside of jurisdiction:** Despite multiple disqualification triggers—including personal prejudice, retaliatory actions, Defendant's legally binding and conclusive judicial admissions of liability and damages, having been formally noticed by Plaintiff to be named as a Defendant in her personal capacity in a forthcoming federal complaint, and a financial conflict in illegally preserving void ab initio orders — Judge Morris --- without jurisdiction --- has continued to illegally and fraudulently refuse to recuse herself, in direct violation of KRS 26A.015**(2)(e)-(a)-(c)-(d)(2)-(3)** and other subsections thereof, thereby compounding Morris's illegal ultra vires acts, acting in her personal capacity outside of jurisdiction.

347. Plaintiffs assert: **Rankin v. Howard, 633 F. 2d 844 (9th Circuit 1980) and United States v. Dugan, 2:25-cr-00089 (E.D. Wis. 2025) --- no jurisdiction precedent:** Under the controlling precedent of Rankin v. Howard, 633 F.2d 844 (9th Cir. 1980), a judge who acts in the absence of jurisdiction as Patricia Morris did, as cited in the aforementioned and following paragraphs, can be sued in her personal capacity, with **no** immunity, under 42 U.S.C. § 1983, 42 U.S.C. § 1985(2)-(3), RICO, KRS 209.990, KRS 446.070, and other federal and state laws. A judge, without jurisdiction, illegally and fraudulently assigning a case and a judge, without jurisdiction, illegally and fraudulently accepting a case, and a judge, without jurisdiction, making fraudulent felony accusations in a civil case is **facially** and **clearly** a judge acting **without jurisdiction.**

348. **Personal-capacity liability** of Judge Patricia Morris, **outside** of jurisdiction, and her complicity and conspiracy with Defendant Susan Wilson is well supported based on the **aforementioned and following paragraphs and attached exhibits.** See **PX-51, PX-52, PX-53, PX-54, PX-55, PX-56, PX-57, PX-10, PX-12, PX-3--Audio13, and all included PX**


Edward Colgate 22023 SE Wax Rd., Box 1452, Maple Valley, WA 98038, King Co.

**Exhibits.** See Rankin v. Howard, 633 F. 2d 844 (9th Circuit 1980) and United States v. Dugan, 2:25-cr-00089 (E.D. Wis. 2025).

349. Intentional and Deliberate Conspiratorial Violations by all judges (without jurisdiction) in all Plaintiffs' cases, the Court Clerk and the Court Clerk's office, the Court Administrators, the Stepping Clerks, the Bench Clerks, and the Mail Room Court Clerks to continuously violate **CR 5.03, CR 5.02(1)-(2), CR 5.01, CR 77.04(1)-(2)-(3), and CR 30A.080(1)-(3)** by refusing and **denying** legal service of **all orders** to Plaintiffs, and by **not having proof of time and service** by mandatory certificate or affidavit in all mailings to Plaintiffs, in violation of **CR 5.03, voiding all orders. Note:** Plaintiffs have **not** been legally served any orders when physical mailings are mandated by law --- for legal service to said Plaintiffs.

350. Any and all orders in Jefferson Circuit Court are void ab initio based on the judges' secretaries entering the notice of entry for judges (without jurisdiction) in violation of CR 77.04(2).

351. Any and all orders by Judge Morris, outside of jurisdiction, are void ab initio also for intentionally entering an **illegal notice of entry**, **resulting in intentional "no legal service"** to Plaintiffs in violations of CR 5.01(1)-(2), CR 5.02(1)-(2), CR 77.04(1)-(2)-(3), 42 U.S.C. § 1983, 42 U.S.C. § 1985(2)-(3), where physical service by USPS or similar is mandatory, and resulting in violations of CR 5.03 where there was/is **no proof of time and manner with the mandatory certificate or affidavit** because there was/is **no legal service to Plaintiffs.**

352. Unequal preservation of records violation of KRS 30A.080(1)-(3) since Jefferson Circuit Court is the only Kentucky Court where scan/upload of pro se Plaintiffs' records are deprived.

353. **Unequal preservation of records** violation of KRS 30A.080(1)-(3) since Jefferson Circuit Court is the only Kentucky Court that illegally allows judges --- without jurisdiction --- to hold

pro se Plaintiffs' only records for more than 8 months at a time for no reason, illegally allows judges (without jurisdiction) to take Plaintiffs' only records without notifying the Court Clerk, illegally allows destruction of records by judges (without jurisdiction), and illegally allows record destruction of Plaintiffs' electronic correspondence with staff attorneys, judges (without jurisdiction), court administrators, the court clerk's office, and any and all court personnel.

354. Plaintiffs **incorporate by reference in full detail all of Section XII:** Master Comprehensive Incorporation of Exhibits, Evidentiary Foundation, Jurisdictional Foundation, Record of Fraudulent Judicial Misconduct, Systemic and Systematic Civil Rights Obstruction, Denial of All Access to All Kentucky Courts, Constitutional and Federal Enforcement Framework, and the Supremacy Clause (Art. VI, Cl. 2), --- including **NOTE A, NOTE B, NOTE C, NOTE D, NOTE E, NOTE F** as though **fully set forth herein each and every following Claim for Relief/Relief Demanded/Sought.**

355. In furtherance of the preceding paragraph (#354) and for the avoidance of doubt, Plaintiffs expressly **incorporate** by reference in full detail this **Master Incorporation Section,** which is **Section XII in its entirety, all attached Exhibits, all factual assertions/averments/ allegations/adjudicative facts, all legally binding and conclusive judicial admissions of liability and damages, all statutory citations, and all evidentiary foundations --- into each and every Claim for Relief** and **Relief Demanded/Sought herein this Complaint, as though fully stated and restated herein,** to ensure that all facts, legal authorities, and evidentiary materials are properly treated as **part of each distinct claim for relief**/relief entitled to-sought-demanded, and are **preserved for adjudication and appellate review.** This includes but is not limited to: Plaintiffs assert the following **verbatim legally binding and conclusive judicial admissions of liability and damages** from Kentucky State Complaint **25-CI-001371 against**

**Defendant Susan Wilson—page 91,** paragraph **#336: "Wilson was Complicit with** Fox in perpetrated **Forgery** Pursuant to KRS 502.020 and pursuant to KRS 516.020, KRS 516.030, and KRS 516.040 regarding **Wilson's and Fox's power of attorney document."** And from **page 92,** paragraph **#336---"forgery relates to unauthorized liquidation of Doris's annuities and securities."** And from **page 92,** paragraph **#336—"The aforementioned caused financial damages to Doris and Edward based on all 30 Counts and causes of action herein."** And from **page 109—"all timelines to be adhered by the Plaintiffs, regarding any and all responses or filings with the court by the Defendant or their representative, will start when Plaintiffs receive legal documents by certified mail."** (End of verbatim.) Plaintiffs have **not** been legally served any orders in any way through physical mail, so the **time clock** to respond has **not started** in any of the Plaintiffs' **11 cases. NOTE Regarding Verbatim from State Complaint:** In the following claims for relief where it cites verbatim from the state complaint for plausibility and for fraud particularity, where applicable, references to paragraphs or a numbered statement of fact, refer to the state complaint.

356A. For **clarity and consistency** across both state and federal pleadings, all claims for relief are titled using the combined format **"CLAIM FOR RELIEF--(Also a Count and Cause of Action)"** to reflect that each refers to a single legal basis for relief. These **labels are used interchangeably and shall be construed broadly.**

**NOTE A: NO** federal or state court has dismissed a civil case where **30 claims for relief**/counts, along with specific relief entitled to/demanded/sought, consisted of **legally binding and conclusive judicial admissions of liability and damages.** Jefferson Circuit Court--Ky. is the **first court to fraudnlently attempt this with judges --- without jurisdiction.** In addition to other citations herein regarding the legal necessity of redundancy where it exists, Plaintiffs also

assert and reinforce the legal necessity of redundancy **to fully support** each and **every claim for relief as a "standalone" claim for relief, along with fully supporting "standalone" damages.**

**NOTE B:** Any filing, motion, or legal position now submitted by Defendant or Defendant's counsel that contradicts, denies, or attempts to repudiate the approximately three hundred (300) pages of Defendant's prior legally binding judicial admissions of liability and damages---each of which is legally binding under **CR 8.04**, 28 U.S.C. § 1367(a)---is **fraud on the court. Substantive CR 8.04--legally binding admissions** are **conclusive** --- and **any contrary statement is fraud** on this Court. Plaintiffs **incorporate by reference in full detail** aforementioned **NOTE A and NOTE B** into each and **every** Claim for Relief/ Relief Demanded-Sought **herein.**

**NOTE C:** Regarding **Claims for Relief XXXII through CII (102) and Claims for Relief LXVIII through LXXXVIII** (which include **RICO** claims for relief) **under 28 U.S.C. § 1331, 28 U.S.C. § 1343(a)(1)-(2)-(3)-(4), 28 U.S.C. § 1367(a)** (supplemental jurisdictional claims support for federal claims where applicable), **28 U.S.C. § 1391(b)(2): Plaintiffs assert:** These additional civil rights claims for relief, other federal claims for relief, and **RICO** claims for relief are included here to include additional coordinated, conspiratorial, systemic and systematic patterns of obstruction of justice, additional patterns of obstructions of recovery, additional unjust enrichment, additional federal damages, additional illegal retaliations exacerbating additional elder abuses --- including but not limited to financial exploitations, additional obstructions of elder abuse recovery, additional civil rights conspiracies, additional frauds, additional patterns of racketeering activity, and additional deprivations of civil rights under color of state law. Plaintiffs further assert Defendant's **additional liabilities** and Plaintiffs' **enhanced remedies/relief** under federal law. Each claim for relief is **independently actionable** and

**preserves** Plaintiffs' rights to cumulative and alternative relief. These **RICO** claims for relief are asserted **independently,** entitling Plaintiffs to treble damages and equitable relief under 18 U.S.C. § **1961---1964** et seq. and including § **1965---1968, where applicable.** Plaintiffs incorporate by reference in full detail **NOTE C** into **Claims for Relief XXXII through CII (102)** and into **RICO Claims for Relief LXVIII -through- LXXXVIII, accordingly.** Plaintiffs further assert that **extra triggers of legal authority strengthen plausibility and remedy/relief scope.**

**NOTE E:** The specific sum certain damages figures established as adjudicative facts herein --- including but not limited to the $540,185.41 combined special damages floor — are established through two simultaneous and independent legal mechanisms --- each of which is independently sufficient. **First** under substantive Kentucky CR 8.04 — each specific sum certain figure stated in Kentucky case 25-CI-001371 and the four supporting Kentucky cases is a factual averment admitted through Wilson's and four additional defendants' CR 8.04 defaults — because each figure is either a sum certain or a sum which by computation can he made certain from the admitted exhibits — making each figure an admitted adjudicative fact rather than an unliquidated damages claim requiring separate proof. Kentucky's substantive CR 8.04 admissions of sum certain figures does not fall within FRCP 55 --- other than one relating to the amount of damages limitation — because CR 8.04 admissions of sum certain figures operate as admitted factual averments/allegations/adjudicative facts — not as federal default judgment damages findings. **Second** — under **FRE 201(b)(2) and (c)(2)** — each specific sum certain figure is noticed as an adjudicative fact that can be accurately and readily determined from the Kentucky state court records — the admitted exhibits — and the defendants' own substantive procedural defaults — all of whose accuracy cannot reasonably be questioned. FRE 201(f) requires that in this civil

proceeding the jury must accept each noticed sum certain figure as conclusive — with no exception for damages amounts --- because FRE 201 judicial notice operates independently of and is not limited by FRCP 55's damages proof requirement. The combination of substantive CR 8.04 admitted sum certain figures under supplemental jurisdiction and FRE 201 mandatory judicial notice of those same figures --- produces a damages foundation that is not subject to the FRCP 55 damages hearing requirement --- because Plaintiffs are not proceeding under FRCP 55 --- but under the supplemental jurisdiction and judicial notice framework --- making each sum certain figure an admitted conclusive fact --- rather than an unliquidated damages claim.

**NOTE F:** Plaintiffs incorporate by reference in full detail the **Second Master Incorporation following in Section XIII, Sections XXXVI, XXVI, XIX, XXX, XXXII, XXVIII, XXIX, XXXI, XXXV, XXVII, XXXVII, XL, paragraphs 986M--986N, PX-63 through PX-87, PX-108, PX-1 through PX-171,** and the **First through the Fourteenth FRE 201 Notices** of judicially **noticed adjudicative facts,** which include approximately **1,044 total adjudicative facts,** including approximately **322 adjudicative facts supporting jurisdiction ---** and Rankin v. Howard, 633 F. 2d 844 (9th Circuit 1980) and United States v. Dugan, 2:25-cr-00089 (E.D. Wis. 2025) **--- into each and every claim for relief herein.** Plaintiffs assert and incorporate by reference in full as though fully set forth herein --- the following regarding the **broad definition of an associated-in-fact enterprise --- in support of Plaintiffs' RICO Claims for Relief and in support of other references to RICO predicates: Odom v. Microsoft Corp., 486 F. 3d 541 - Court of Appeals, 9th Circuit 2007 and United States v. Turkette, 452 US 576 - Supreme Court 1981 in Section XX.** Wherever this Complaint references **"through PX-167" or "all 167 Exhibits"** such references **shall be read as "through PX-171" and "all 171 Exhibits"** respectively --- incorporating PX-168 through PX-171 as though fully set forth.

**SECTION XIII: CLAIMS FOR RELIEF (Note: The "Second" Master Incorporation cited below inclndes paragraphs 356B, 356C, 356D, 356E, 356F, 356G, 356H, 356I, 356J, 356K, 356L, and 356M.**

**356B.** Plaintiffs assert: **SECOND MASTER INCORPORATION of All of the Following into All 102 Claims for Relief Herein:** Plaintiffs assert and incorporate by reference in full detail Claims for Relief **LXII through LXVII as though fully set forth herein All Claims for Relief.** The prejudicial, obstructive, and **deprivation violations set forth in Claims for Relief LXII through LXVII have directly obstructed/deprived Plaintiffs'** of **all Kentucky court access-- to prosecute Claims for Relief I through CII (1 through 102),** causing, and continuing to cause **irreparable harm to** Plaintiffs' access to Kentucky courts, to Plaintiffs' legal recovery, and to the due administration of justice regarding Plaintiffs.

**356C.** Pursuant to **substantive CR 8.04--effect of** Defendant's failure to deny after **more than 1 year, Defendant has admitted factual allegations/averments/adjudicative facts** in state complaint 25-CI-001371, which include **legally binding and conclusive judicial admissions of Defendant's liability and damages,** and also include Defendant's **admissions of Plaintiffs' legal standing and Plaintiff's fiduciary legal standing** --- and also includes but is not limited to --- Defendant's **admissions of forgery and fraud.** Said Complaint contains judicial admissions in **109 pages** in the body, **plus** approximately **187 pages in Exhibits PX-1 through PX-40.** The legally binding admissions are **"Conclusive" via Judicial Estoppel,** meaning that the Defendant **cannot contradict those legally binding admissions in Federal Court.** Plaintiffs assert **judicial estoppel** against Defendant **pursuant to "Milton H. Greene Archives v. Marilyn Monroe LLC, 692 F. 3d 983** - Court of Appeals, **9th Circuit 2012**"—(estoppel applies across different court systems; defendants cannot switch facts for profit; and Integrity of

Process)---and **Rissetto v.** Plumbers and Steamfitters Local 343, 94 F. 3d 597 - Court of Appeals, **9th Circuit** 1996. Estoppel applies across different court systems, including State to Federal. If Defendant submits contradictory statements to this Court, **then sanctions for fraud on this Court are warranted** against Defendant.

**356D.** For RICO claims for relief, the following are met: **(1)** The Enterprise, **per word for word definition, criteria is met:** Susan Wilson, Lori Fox, Michelle Burkhead, Cristal Fox, Jude McConnell, Paul Kevin Ford, Florence Bisig, Patricia Morris, Susan Gibson, Wilcox, Mitch Perry, Tracy Davis, O'Connell, Anne Bailey-Smith, Debra Hembree Lambert, Eric Haner, Brian Edwards, and many others, including but not limited to all names cited hy Plaintiffs in Section XIX; **(2)** The **Predicate Acts**—See Claims for Relief **LXVIII through LXXXVIII (21 RICO Claims); (3) The Pattern of Complicity and Conspiracy in Elder Abuse and other Abuse and other Statutory Violations:** An approximately **6-year** continuous scheme by Defendant and others in complicity and in conspiracy to obtain assets through fraud and deception; **(4)** The **Sum-Certain Documented Special Damages** from complaint **25-CI-001371 (Ky.)** --- are **$540,185.41 based on Defendant's legally binding and conclusive admissions of liability and damages.** Plaintiffs assert **many additions to said dollar $ amount.**

**356E.** Plaintiffs further reassert the aforementioned and the following into each and every claim: **FRCP 17(a)(1)(E)- (G)**-including but not limited to **Trustee (Plaintiff); FRCP 18(a)** for **joinder** of **102 claims; FRCP 19(a)(1)(A)(B)** for **joinder of Plaintiffs;** FRCP **20(a)(1)(A)(B)** for **joinder of Plaintiffs; FRCP 60(d)** for **new evidence** and **fraud;** 18 USC 2511(2)(d) and KRS 526.010---one-party consent is acceptable for recording evidence.

**356F.** Plaintiffs hereby **assert---SECTION XX — Relevant CASE LAWS Applied to Each and Every Claim for Relief herein --- to support and to be applied to each and every Claim**

**for Relief herein.** Plaintiffs assert and incorporate by reference in full as though fully set forth herein --- the following regarding the **broad definition of an associated-in-fact enterprise --- in support of Plaintiffs' RICO Claims for Relief and in support of other references to RICO predicates: Odom v. Microsoft Corp., 486 F. 3d 541 - Court of Appeals, 9th Circuit 2007 and United States v. Turkette, 452 US 576 - Supreme Court 1981 in Section XX.**

**356G. Forensic Disclosure Notice Regarding Data Identifiers:** Any identifying account or personal numbers contained herein that exceed standard redaction requirements are included because: **(1)** said data has been previously admitted into the public record without objection in Kentucky Cases 25-CI-001371, 25-CI-001568, 25-CI-001795, 25-CI-001796, and 25-CI-001121 --- thereby waiving privacy protections; and/or **(2)** the accounts/identifiers have been formally closed, mooting any risk of financial harm or identity theft. Their inclusion is necessary for the forensic tracing of the RICO enterprise and the identification of fraudulent and/or forged instruments.

**356H.** Plaintiffs hereby incorporate by reference in full detail and realleges/reasserts **each and every** allegation/assertion/adjudicative fact, exhibit, forensic exhibit, and each and every legally binding and conclusive judicial admission set forth in **Sections I through XII** as though fully set forth herein. This master incorporation applies to each and every Claim for Relief following this paragraph to ensure the specific 'who, what, when, where, and how' of this expansive and extensive forensic record, which is inextricably linked to the legal violations asserted below.

**356I. INCORPORATION OF SYSTEMIC AND SYSTEMATIC FORENSIC FRAUD EVIDENCE into Claims for Relief XXXII Through CII (102)** --- Plaintiffs hereby incorporate by reference in full detail, as though fully set forth herein, **Exhibits PX-1 through PX-171 and all 44 Sections,** including but not limited to **Audio1 Through Audio40 Transcriptions in**

**Sections XXVII and XXXV, and Fraudulent Judge assignments in Sections XXVI and XXXVI** --- regarding **Total Systemic and Systematic Fraud** in Jefferson Circuit Court--Ky. and the Jefferson Circuit Court Clerk's Office--Ky. --- which **legally** and **facially fully support Claims for Relief XXXII Through CII (102).** These exhibits, sections, and audios provide the particularized factual foundation of systemic and systematic fraud. This body of evidence, including but not limited to the Metadata Audit of **10 Fraudulent Judge Assignments** in year-2025, 10 Fraudulent Case Number Assignments in year-2025, and the fraudulent **'Samantha' Alias Matrix (4 Active Court Emails within kycourts under one personnel id)**, constitute the foundational **'Pattern of Racketeering Activity'** and **'Non-Judicial Acts'** that **facially and legally** support **Claims for Relief XXXII through CII (102).** The following Exhibit descriptions are as follows --- including but not limited to --- See **PX-63 Through PX-87** regarding Fraudulent Judge Assignments and Fraudulent Case Number Assignments; Supervisor Samantha Henley, who has **3 Other Aliases,** which are Samantha Sims, Samantha Fogel, and Samantha Logan. Four (4) kycourts emails are active for all **4 Samantha(s)** with the same personnel identification number of 00269101. See **Section XXXVI** and Plaintiffs' **Second FRE 201 Notice of Adjudicative Facts and PX-108** --- regarding all 10 of Plaintiffs' year-2025 cases --- being fraudulently processed by a **non-existent/non-payroll** name (Samantha Sims) in year-2025. See **PX-42 Through PX-47** for judicial/judges' loss of jurisdiction and/or recusals. See **PX-51 Through PX-62, PX-95, PX-96** regarding Defendants' legally binding and conclusive judicially admitted averments/ allegations/ adjudicative facts. See **PX-82 Through PX-87** regarding Other Fraudulent Judge Assignments. See **PX-88 Through PX-94** and **PX-125 through PX-130** regarding **Retaliatory Fraudulent Felony Accusation** orders against Plaintiffs by judges---without jurisdiction --- **obstructing/ depriving** Plaintiffs of **all** Kentucky **court**

**access**---before Defendant was legally served by the Jefferson County Deputy Sheriff--- commencing said cases under CR 3.01. Plaintiffs' cases officially commence when the Defendant is legally served the complaint and summons by the Deputy Sheriff. There is **no** jurisdiction and **no** case before the defendant is legally served. See **PX-98** regarding Staff Attorney Stuart Scherer admitting to Jefferson Circuit Court's fraudulent intent. See **PX-97 Through PX-107** regarding Destruction of Records and for Other Fraudulent orders by judges without jurisdiction. Refer to **USB drive** for said Audios. See **PX-98** for obstructing/ depriving court access. Plaintiffs also assert: **Adams v. Ison, 249 SW 2d 791 - Ky: Court of Appeals 1952 and KRS 413.190(2) for tolling based on --- "or obstruction---shall Not be computed as any part of the period within which the action shall be commenced."** Plaintiffs also assert **KRS 413.120** for fraud extending the statute of limitations. And assert: **KRS 411.184 for** punitive damages and **KRS 411.186** for Assessment of punitive damages. Plaintiffs incorporate by reference--- FRCP 8(b)(6)---to be included with citations of CR 8.04 where applicable, and incorporate by reference---CR 8.04---to be included with citations of FRCP 8(b)(6) where applicable. Apply 8(b)(6) as in the alternative, where applicable.

356J. **Due to the continuing development of evidentiary material** during the drafting of this complaint, certain paragraphs have been supplemented with lettered subparagraphs designated by the addition of a capital letter suffix to the paragraph number — **such as 2197A and 2197B** — which are to be **read as integral parts of all "2197"**---and where seen any variation of such, Plaintiffs incorporate by **reference in full detail---any and all variations of such.** Plaintiffs incorporate by reference in full detail the following into wherever the following is applicable --- and also assert that --- any references to "processed, filed, or commenced by a non-payroll name

or alias" --- can be, or is --- interchangeable with and has the same meaning as "processed, filed, or commenced **by** --- **using** --- a **non-payroll name or alias"** --- during the relevant time-period.

356K. Plaintiffs incorporate by reference in full detail **Sections XXXVI, XXVI, XIX, XXX, XXXII, XXVIII, XXIX, XXXI, XXXV, XXVII, XXXVII, XL, PX-63 through PX-87, PX-108, PX-1 through PX-171,** and the **First through the Sixteenth FRE 201 Notices** of judicially **noticed adjudicative facts,** which include approximately **1,044 total adjudicative facts,** including approximately **329 adjudicative facts facially supporting jurisdiction and venue ---** and Rankin v. Howard, 633 F. 2d 844 (9th Circuit 1980) and United States v. Dugan, 2:25-cr-00089 (E.D. Wis. 2025) **--- into each and every claim for relief herein. FRE 201 Adjudicative Facts in Judicial NOTICES --- 2 through 8, 10, 12, and 13 --- facially fully support jurisdiction and venue. In all citations herein of FRE 201 Judicial NOTICES --- 2 through 8, 10, and 12 --- Plaintiffs hereby incorporate by reference in full detail as though fully set forth herein --- the Thirteenth (13th) FRE 201 Judicial Notice --- to be included therewith.**

356L. Plaintiffs assert and incorporate by reference in full as though fully stated throughout this complaint --- FRCP 10(c)---**Adoption by Reference; Exhibits.** A statement in a pleading may be adopted by reference elsewhere in the same pleading or in any other pleading or motion. A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes.

**356M.** The following 31 Claims for Relief — Claims I through XXXI — are asserted under supplemental jurisdiction pursuant to 28 U.S.C. §1367 --- and fully support the federal claims that follow. Each of the first 31 claims is established from Susan Wilson's legally binding and conclusive substantive CR 8.04 admissions in Kentucky case 25-CI-001371 — independently confirmed across four additional Kentucky cases by four additional defendants — making each

and every averment/allegation/adjudicative fact in each claim a legally binding **admitted adjudicative fact** --- rather than a contested allegation. The admitted special damages floor of **sum-certain $540,185.41** --- arising from all 31 claims combined --- is also stated in full at the conclusion of Claim for Relief XXXI.

**CLAIM FOR RELIEF I**--(Also a Count and Cause of Action) — **Financial Exploitation under KRS 209.020(9)—Elder Abuse;** Actionable Under KRS 209.020(9), KRS 209.990, KRS 502.020, KRS 446.070, 28 U.S.C. § 1367(a); Legally Binding and Conclusive Judicial Admissions of Liability Under Substantive CR 8.04 and 28 U.S.C. § 1367(a); Causing Harm, Injury, and Unjust Enrichment

357. Plaintiffs reassert and incorporate by reference in full detail all of Section XII: Master Comprehensive Incorporation of Exhibits, Evidentiary Foundation, Jurisdictional Foundation, Record of Judicial Misconduct, Systemic Civil Rights Obstruction, Denial of All Access to All Kentucky Courts, Constitutional and Federal Enforcement Framework, the Supremacy Clause (Art. VI, Cl. 2), and all preceding paragraphs as though fully restated and fully set forth herein this claim for relief/relief entitled to-sought-demanded. Plaintiffs further assert all of the following:

**Plaintiffs hereby assert the following "Short and Plain Statement" (Fed. R. Civ. P. 8(a)(2)):**

358. Plaintiffs incorporate by reference in full detail all prior paragraphs, all following plausibility paragraphs, and all legally binding and conclusive judicially admitted liability and damages from cases 25-CI-001371, 25-CI-001568, 25-CI-001795, 25-CI-001796, 25-CI-001121, with cases 25-CI-001568, 25-CI-001795, 25-CI-001796, 25-CI-001121 **facially fully supporting case 25-CI-001371 (Refer to PX-51, PX-52, PX-53, PX-54, PX-96, PX-95, PX-55 through**

**PX-62),** as though fully restated and fully set forth herein this claim for relief/relief entitled to-sought-demanded, and assert the following:

359. Defendant **knowingly** and intentionally **financially exploited Doris Colgate and was/is complicit in enabling others to financially exploit Doris** with violations against Doris Colgate's assets, property, financial holdings/interests, and legal rights.

360. That **financial exploitation of Doris Colgate** caused harm and injury to Doris and Edward, resulting in financial loss, tortious interference with legal and fiduciary duties, and deprivation of property, financial holdings/interests, and legal rights.

361. Defendant's participation in **financial exploitation** constitutes elder abuse of a vulnerable adult under **KRS 209.020(9),** and is actionable under KRS 209.990, KRS 446.070, KRS 502.020, 28 U.S.C. § 1367(a).

362. **Liability for this Claim for Relief/Relief Demanded is legally binding and conclusive** based on Defendant's **judicial admissions of liability** in Kentucky Case No. **25-CI-001371, Count 1,** pursuant to CR 8.04, and 28 U.S.C. § 1367(a). See **PX-51** for Kentucky Complaint **25-CI-001371, PX-55** for the Sheriff's Affidavit for legal service to Defendant, and **PX-56** for the case file docket log.

363. Plaintiffs accordingly respectfully demand immediate entry of judgment as to liability, and a corresponding award of $540,185.41 --- based on the substantive CR 8.04 legally binding and conclusive judicially admitted Special Damages floor --- arising from the first 31 claims combined --- from Ky. case 25-CI-001371 (PX-51) --- which is separate from and in addition to --- other compensatory damages and other continuing losses caused by Defendant's ongoing fraudulent obstruction of recovery, concealment, and unjust enrichment that are also judicially admitted under CR 8.04. These Special Damages --- established as a legally binding and

conclusive sum certain from Susan Wilson's own CR 8.04 admissions --- are independently confirmed from four additional defendants' CR 8.04 admissions across four separate Kentucky cases --- which include cases 25-CI-001568, 25-CI-001795, 25-CI-001796, 25-CI-001121 (PX-52, PX-53, PX-54, and PX-96 supported by PX-95. Plaintiffs also demand declaratory and injunctive relief to prevent the continuing abuses. Plaintiffs demand general damages and punitive damages.

364. The **foregoing constitutes Plaintiffs' short and plain statement of this claim for relief** in compliance with Fed. R. Civ. P. 8(a)(2).

365. Plaintiffs further preserve and reserve all federal claims, including but not limited to those under 42 U.S.C. § 1983, § 1985(2)-(3), civil RICO (18 U.S.C. §§ 1961 through 1964(c)), 28 U.S.C. § 1367(a), the First, Seventh, and Fourteenth Amendments, the Supremacy Clause, other federal and state statutes, and other federal question violations, caused by the same acts of deception and obstruction, and assert that these violations will be set forth in separate Claims for Relief below to preserve both state-law recovery and the right to seek treble damages, punitive damages, declaratory relief, and injunctive relief under federal law. Plaintiffs further incorporate by reference in full detail Sections VII, VIII, and XII for WDWA's jurisdiction of this claim. Additionally, The Defendant's **legally binding and conclusive, judicially admitted participation in forged legal documents/instruments** has resulted in **continuous**, unlawful **tortious interference** with Trustee Edward Colgate's administration of **The Colgate Family Living Trust dated January 29, 2020**, with **each day since March 1, 2020**, constituting a **new act of fraudulent obstruction** and fiduciary harm/injury. This Claim for Relief is pled under a continuing tort doctrine, as Defendant's obstruction of Trustee Edward Colgate's fiduciary duties and Trustee recovery rights under the Trust constitutes an ongoing violation, with each day

renewing the harm/injury and tolling all applicable statutes of limitation. Additionally, **each day that Defendant refuses and fails to report her own elder abuse and tortious fiduciary interference under KRS 209.030 constitutes a new statutory violation**, which further tolls all relevant statutes of limitation under Kentucky and federal law. Each day that Judge Morris's and other judges' (without jurisdiction) **fraudulent felony accusations** against plaintiff(s) **remain embedded in void/ void ab initio orders** constitutes a continuing denial of all Kentucky court access and systemic obstruction of justice in violation of 42 U.S.C. §§ 1983 and 1985(2)-(3), and the First, Seventh, and Fourteenth Amendments. Their collective refusal to report their own and each other's illegal or fraudulent actions under **KRS 26A.080 and KRS 209.030** perpetuates retaliatory elder abuse under **KRS 209.050**, renewing the constitutional and statutory harm/injury daily and **tolling all applicable statutes of limitation** under the continuing tort doctrine. **No state or federal court in the United States has ever attempted to bar, obstruct, or deny a civil plaintiff from all court access across an entire state by fraudulently accusing them of felonies.** The absurdity and illegality of such an act is so blatant that it has never been attempted by any judge in any jurisdiction. Adding to the absurdity and illegality is the fact that the Defendant had not been legally served yet. Jefferson Circuit Court is the first to attempt this type of illegal act or fraud, which is retaliatory under KRS 209.050, KRS 209.030, KRS 209.990, KRS 26A.015(2), and is an attempt to intimidate and tamper with a witness, which is also violation of 42 U.S.C. §§ 1983 and 1985(2)-(3).

**PLAUSIBILITY—Legally Binding and Conclusive Judicially Admitted Liability (Verbatim from State)**

366. The following sets forth Susan Wilson's legally conclusive and binding judicial admissions of liability **verbatim from Kentucky case 25-CI-001371 (PX-51)** under the plausibility section

supporting this Claim for Relief/Count/Relief Entitled To-Sought-Demanded. These legally conclusive and binding judicial admissions of liability fully satisfy the plausibility requirement under Twombly and Iqbal and re-litigation of those admissions is estopped.

367. **Count I: Financial Exploitation under KRS 209.020(9) (First Cause of Action)** Legal Basis: KRS 209.020(9), **exploitation** means **obtaining or using another person's resources, including but not limited to funds, assets, or property, by deception**, intimidation, or similar means, with the intent to deprive the person of those resources. Plaintiff realleges and incorporates by reference the preceding paragraphs, and all Exhibits labeled PX-1 through PX-40, as though fully set forth herein.

368. Plaintiff asserts that Doris, a vulnerable adult diagnosed with dementia and aphasia, was financially exploited by Wilson's complicity, causing significant financial harm and deprivation to Doris's assets. The following **statements of fact support this cause of action**: Regarding undue influence, fraud, an invalid new power of attorney, and an invalid revocation of Doris's Trust: From **Doris's deposition:** Statement of Material Fact #80, and **PX-5, Page 67, Lines 18-**

369. Q. Did you in **May or June of 2020**, did you ever tell Edward that you had not signed, that you had not revoked him as power of attorney? **Did you ever tell—in 2020, did you tell Edward that he was still the power of attorney for you? A. I think so.** Indicates 3-4-2020 legal documents with **Wilson's name** are **invalid. Refer to PX-10, Doris's Affidavit against Wilson**, and **PX-2, #80, and PX-5, Page 67, lines 18-25.**

370. **Regarding Real Estate and Unjust Enrichment**: Statements of Fact #13 and #35; Doris's house was listed for $300,000, agreed upon by Doris and Edward. Wilson was complicit with Fox, Wilson's daughter, selling it to her father, an inside deal, for $150,000 less $9,000 in illegitimate commissions based on a self-dealing, insider deal. Wilson was complicit in unjust

enrichment for her daughter and former husband, McConnell. Although Doris had signed an Affidavit against Wilson, Wilson and her daughter, Fox, were named on the same illegitimate power of attorney. **Refer to PX-2, #13, #35, PX-7, PX-8, PX-3, Audio4, where Wilson indicates that she and Fox were complicit in Doris falsely thinking that she had to sell her house** to Fox's father, who is also Wilson's former husband, **for half price, threatening and intimidating Doris with removal from her 24/7 nursing care facility. Discovery** will show if even $1 made it into Doris's account, and how long it stayed in Doris's account. Refer to **PX-10, Affidavit against Wilson. It is completely false that Doris had to sell her property for half price to stay at the care facility. Doris's financial records are evidence of this.**

371. Refer to PX-2, Statement #90, and PX-5, **Page 80, Lines 18-21**: Q. Regarding Doris's house/real estate: Is there a reason you didn't sign it?

**A. I don't know. That's what I can't understand, why I didn't sign it. I don't know why Lori would have signed it. That is her signature? You say that is her signature?** Doris is communicating that she should have been the one to sign her own real estate transaction, not Fox, indicating deception by Wilson's complicity.

372. Refer to PX-2, #91, and PX-5 from Doris's deposition: Q. And do you know if there was a commission-a real estate commission? A. Do I know if there was a real estate commission? **Do you know if there was one? A. I don't know what—what it was, no. Q. Okay. A. I can't recall.** (Doris does not know that a $9,000 commission is paid from her funds by Fox to her father, McConnell, or his business name, which is considered self-dealing, and Wilson is complicit.

373. **Regarding Annuities and Securities, and Unjust Enrichment**: Statements of Fact #96, 97, 98, 99, and 100 **for annuity and securities deception.** Given the high interest rate, or high yield of the annuity or security, and Edward's and Stanette's knowledge that Doris's income and expenses were closely

aligned, a reasonable person acting in Doris's best interest would not have liquidated the entire amount in a single transaction. Other annuities were also being liquidated by Fox in their entirety. Wilson is complicit. This is indicative of a pattern of abuse. Refer to PX-2, PX-25, PX-26, PX-27, PX-28, PX-29. Also Refer to aforementioned number 35.

374. **Regarding Misuse of Doris's Other Assets, and Unjust Enrichment**: See PX-2, #103: No independent appraisal was done of Doris's property at 410 Wisteria Avenue.

375. See PX-2, #22; robbery by Fox and Burkhead, Wilson's 2 daughters, regarding Edward and Doris's legal documents. See PX-2, #46; On 6-10-2021, Doris communicating that she did not know she was paying attorney Ford legal fees for the past 3 months, for Wilson and Fox to defend their fraud against Doris. Doris communicating that it would be ridiculous for her to pay Wilson's and Fox's legal fees for them to defend their fraud against Doris. Refer to **PX-2, and PX-3, Audio16, and PX-6—robbery.**

376. Additional legal support for Counts and Causes of Action against Wilson pursuant to **KRS 209.990 (1)-(6): Penalties for Facilitating or Enabling Elder Abuse, and KRS 446.070 Penalty no bar to civil recovery: Provides Civil Actions for Statutory Violations; KRS 502.020 (1)–(2) – Liability for conduct of another – Complicity; KRS 209.030—Mandates Reporting of Elder Abuse.**

377. Plaintiff incorporates by reference the preceding paragraph, number 41, as though fully set forth herein each of the 30 Counts and 30 Causes of Action.

**CLAIM FOR RELIEF II**--(Also a Count and Cause of Action) — **Deception by creating and reinforcing a false impression** pursuant to **KRS 209.020(7)(a)--Elder Abuse;** Actionable Under KRS 209.020(7)(a), KRS 209.990, KRS 502.020, KRS 446.070, 28 U.S.C. § 1367(a);

 Edward Colgate 22023 SE Wax Rd., Box 1452, Maple Valley, WA 98038, King Co.

Legally Binding and Conclusive Judicial Admissions of Liability Under Substantive CR 8.04 and 28 U.S.C. § 1367(a); Causing Harm, Injury, and Unjust Enrichment

378. Plaintiffs reassert and incorporate by reference in full detail all of Section XII: Master Comprehensive Incorporation of Exhibits, Evidentiary Foundation, Jurisdictional Foundation, Record of Judicial Misconduct, Systemic Civil Rights Obstruction, Denial of All Access to All Kentucky Courts, Constitutional and Federal Enforcement Framework, the Supremacy Clause (Art. VI, Cl. 2), and all preceding paragraphs as though fully restated and fully set forth herein this claim for relief/relief entitled to-sought-demanded. Plaintiffs further assert all of the following:

**Plaintiffs hereby assert the following "Short and Plain Statement" (Fed. R. Civ. P. 8(a)(2)):**

379. Plaintiffs incorporate by reference in full detail all prior paragraphs, all following plausibility paragraphs, and all legally binding and conclusive judicially admitted liability and damages from cases 25-CI-001371, 25-CI-001568, 25-CI-001795, 25-CI-001796, 25-CI-001121, **with cases** 25-CI-001568, 25-CI-001795, 25-CI-001796, 25-CI-001121 **facially fully supporting case 25-CI-001371** (Refer to **PX-51 through PX-62, PX-96, PX-95),** as though fully restated and fully set forth herein this claim for relief/relief entitled to-sought-demanded, and assert the following:

380. Defendant **knowingly** and intentionally **deceived Doris and was/is complicit in enabling others to deceive Doris by creating and reinforcing a false impression** regarding violations against Doris Colgate's assets, property, financial holdings/interests, and legal rights.

381. Those deceptions **caused** Doris to **rely on those false impressions** and caused harm and injury to Doris and Edward, resulting in financial loss, tortious interference with legal and fiduciary duties, and deprivation of property, financial holdings/interests, and legal rights.

382. Defendant's participation in **deception** constitutes elder abuse of a vulnerable adult under **KRS 209.020(7)(a),** and is actionable under KRS 209.990, KRS 446.070, KRS 502.020, 28 U.S.C. § 1367(a).

383. **Liability for this Claim for Relief/Relief Demanded is legally binding and conclusive** based on Defendant's **judicial admissions of liability** in Kentucky Case No. **25-CI-001371, Count II,** pursuant to CR 8.04, and 28 U.S.C. § 1367(a). See **PX-51** for Kentucky Complaint **25-CI-001371, PX-55** for the Sheriff's Affidavit for legal service to Defendant, and **PX-56** for the case file docket log.

384. Plaintiffs accordingly respectfully demand immediate entry of judgment as to liability, and a corresponding award of $540,185.41 --- based on the substantive CR 8.04 legally binding and conclusive judicially admitted Special Damages floor --- arising from the first 31 claims combined --- from Ky. case 25-CI-001371 (PX-51) --- which is separate from and in addition to --- other compensatory damages and other continuing losses caused by Defendant's ongoing fraudulent obstruction of recovery, concealment, and unjust enrichment that are also judicially admitted under CR 8.04. These Special Damages — established as a legally binding and conclusive sum certain from Susan Wilson's own CR 8.04 admissions --- are independently confirmed from four additional defendants' CR 8.04 admissions across four separate Kentucky cases --- which include cases 25-CI-001568, 25-CI-001795, 25-CI-001796, 25-CI-001121 (PX-52, PX-53, PX-54, and PX-96 supported by PX-95. Plaintiffs also demand declaratory and injunctive relief to prevent the continuing abuses. Plaintiffs demand general damages and punitive damages.

385. The **foregoing constitutes Plaintiffs' short and plain statement of this claim for relief** in compliance with Fed. R. Civ. P. 8(a)(2).

386. Plaintiffs further preserve and reserve all federal claims, including but not limited to those under 42 U.S.C. § 1983, § 1985(2)-(3), civil RICO (18 U.S.C. §§ 1961 through 1964(c)), 28 U.S.C. § 1367(a), the First, Seventh, and Fourteenth Amendments, the Supremacy Clause, other federal and state statutes, and other federal question violations, caused by the same acts of deception and obstruction, and assert that these violations will be set forth in separate Claims for Relief below to preserve both state-law recovery and the right to seek treble damages, punitive damages, declaratory relief, and injunctive relief under federal law. Plaintiffs further incorporate by reference in full detail Sections VII, VIII, and XII for WDWA's jurisdiction of this claim. Additionally, The Defendant's **legally binding and conclusive, judicially admitted participation in forged legal documents/instruments** has resulted in continuous, unlawful tortious interference with Trustee Edward Colgate's administration of **The Colgate Family Living Trust dated January 29, 2020,** with each day **since March 1, 2020**, constituting a new act of fraudulent obstruction and fiduciary harm/injury. This Claim for Relief is pled under a continuing tort doctrine, as Defendant's obstruction of Trustee Edward Colgate's fiduciary duties and Trustee recovery rights under the Trust constitutes an ongoing violation, with each day renewing the harm/injury and tolling all applicable statutes of limitation. Additionally, **each day that Defendant refuses and fails to report her own elder abuse and tortious fiduciary interference under KRS 209.030 constitutes a new statutory violation**, which further tolls all relevant statutes of limitation under Kentucky and federal law. Each day that Judge Morris's and other judges' (without jurisdiction) **fraudulent felony accusations** against plaintiff(s) **remain embedded in void/ void ab initio orders** constitutes a continuing denial of all Kentucky court access and systemic obstruction of justice in violation of 42 U.S.C. §§ 1983 and 1985(2)-(3), and the First, Seventh, and Fourteenth Amendments. Their collective refusal to report their own and

each other's illegal or fraudulent actions under **KRS 26A.080 and KRS 209.030** perpetuates retaliatory elder abuse under **KRS 209.050**, renewing the constitutional and statutory harm/injury daily and **tolling all applicable statutes of limitation** under the continuing tort doctrine. **No state or federal court in the United States has ever attempted to bar, obstruct, or deny a civil plaintiff from all court access across an entire state by fraudulently accusing them of felonies.** The absurdity and illegality of such an act is so blatant that it has never been attempted by any judge in any jurisdiction. Adding to the absurdity and illegality is the fact that the Defendant had not been legally served yet. Jefferson Circuit Court is the first to attempt this type of illegal act or fraud, which is retaliatory under KRS 209.050, KRS 209.030, KRS 209.990, KRS 26A.015(2), and is an attempt to intimidate and tamper with a witness, which is also violation of 42 U.S.C. §§ 1983 and 1985(2)-(3).

**PLAUSIBILITY— Legally Binding and Conclusive Judicially Admitted Liability (Verbatim from State)**

387. The following sets forth Susan Wilson's legally conclusive and binding judicial admissions of liability **verbatim from Kentucky case 25-CI-001371** under the plausibility section supporting this Claim for Relief/Relief Demanded/Count. These legally conclusive and binding judicial admissions of liability fully satisfy the plausibility requirement under Twombly and Iqbal and re-litigation of those admissions is estopped.

388. **Count II: Deception by creating and reinforcing a false impression to a vulnerable adult** resulting in exploitation and financial harm to Doris pursuant to **KRS 209.020(7)(a) Elder Abuse and Exploitation; (Second Cause of Action). Deception** means but is not limited to: **(7)(a) Creating or reinforcing a false impression**, including a false impression as to law, value, intention, or other state of mind.

389. Plaintiff realleges and incorporates by reference the preceding paragraphs, and all Exhibits labeled PX-1 through PX-40, as though fully set forth herein.

390. Pursuant to KRS 209.020(7)(a), Plaintiff asserts that Wilson is Complicit, pursuant to KRS 502.020, to Lori Fox engaging in deceptive actions that caused Doris to form false impressions regarding critical matters, including her financial affairs, health care, legal authority, and property, resulting in significant harm and deprivation of Doris's assets. Refer to PX-4, PX-10, PX-39, aforementioned #31 and #35 on pages 12—14.

391. Wilson's deceptive conduct includes, but is not limited to: Complicity in creating and reinforcing a false impression regarding her legal authority by presenting herself as Doris's valid power of attorney, despite the POA document being obtained through deception. Statement #27: Wilson has a power of attorney document with Doris's name on it, dated 3-4-2020, only 3 days after Fox, Wilson's daughter, robbed Edward of his Trustee and Power of Attorney legal documents that were contracted between Edward Colgate and Doris Colgate, indicating interference with Edward and Doris's Trustee and Power of Attorney contracts. See PX-2, #45: On 5-9-2021, Doris communicating that there were **no** new signed legal documents by her naming Wilson and/or Fox as POA, after she signed legal documents naming Edward Colgate Trustee and Power of Attorney for her. Refer to **PX-3, Audio1, Audio8, Audio11.**

392. **Wilson was complicit with** Fox creating and reinforcing a **false impression of the property value** of Doris's house to her, by orchestrating the sale of Doris's house for **$150,000, far below its market value of between $280,000 and $300,000, without informing Doris of the true value.** Refer to Exhibits **PX-7 and PX-8, and PX-3, Audio4 and Audio9.**

393. See PX-2, #88 and PX-5, **Page 77, Lines 13-21**: Q. How was that price determined for the sale of the house? A. I don't I don't know. My but **what the houses were going for,** I

guess, at the time and in that neighborhood and that street, Wisteria. Q. Did you determine what the price would be for the house? **A. No. I don't think I did.** Refer also to **PX-7, and PX-8, and PX-5, Page 80, lines 18-21, where Doris communicates that she should have been the one to sign the real estate deal.**

394. Note: The average price on Wisteria Avenue near the time of the sale was approximately $280,000, not $150,000. No appraisal was done. Doris was deceived into thinking that her property was sold in her name to a third party outside the family to some unknown for approximately $280,000, based on her answer here, and believed that amount was deposited to her account, when, in fact, it was not. No independent appraisal was done of Doris's property at 410 Wisteria Avenue. Refer to PX-2, #103, PX-5, **page 77, lines 13-21, and PX7, and PX-8.**

395. Regarding Promissory Note and Unjust Enrichment: **Creating a false impression of intention to repay by falsely promising to repay her promissory note to Doris, causing Doris to delay legal action for recovery.** See PX-2, Fact #7: **Wilson** continued giving reassurance to Doris that she would repay Doris, and that others would repay Doris, regarding their promissory notes to Doris, but failed to do so, and others failed to do so, restarting the statute of limitations with that promise. Also see **PX-15.**

396. See PX-2, Statement of Fact #9: On 2-10-2020, Dr. Kellie referred Doris to a Neurologist. As of this filing in 2025, Doris continues to be prevented from seeing a Neurologist by Wilson's complicity with Fox. Wilson's complicity with Fox was **creating and reinforcing a false impression** to Doris that she did not need to see a neurologist, although Dr. Kellie referred Doris to a Neurologist. Refer to PX-2, statements #8, #9, **PX-16, PX-17.**

397. See PX-2, fact #15 and #32: Edward was coordinating with Janelle Caudill, PT, for Doris's appointments, since Doris lacked capacity to do so, and Dr. Kellie had reinforced the

importance of a specialist. Wilson was complicit with Fox created a false impression that Doris did not need to see a lymphedema specialist, directly interfering with Doris's medical care and well-being. Also refer to **PX-20.**

398. Regarding **Wilson's complicity with Fox's Unjust Enrichment, and her own unjust enrichment**: Wilson was complicit with Fox in **creating and reinforcing a false impression to Doris** regarding Doris's **annuities and securities**: Supporting Statements of Fact #96, #97, #98, #99, #100 **for Wilson being complicit with Fox in creating and reinforcing a false impression to Doris regarding her annuities and securities.** Given the high interest rate, or high yield of the annuity or security, and the Plaintiff's knowledge that Doris's income and expenses were closely aligned, a reasonable person would not have liquidated the entire amount in a single transaction. **Doris communicated to Edward and Stanette Rose, Successor Trustee and Power of Attorney, to never liquidate all at once.** Other annuities were also being liquidated by Fox in their entirety with Wilson's complicity. This is indicative of a pattern of abuse regarding Doris by Wilson and Fox. Refer to PX-2, **PX-25, PX-26, PX-27, PX-28, and PX-29.**

399. Wilson was complicit with Fox in creating and reinforcing a false impression to Doris regarding Fox's Misuse of Doris's Other Assets, resulting in Unjust Enrichment for Fox, Wilson's daughter, and for Wilson: See PX-2, Statement #46; On 6-10-2021, Doris communicating that she did not know she was paying attorney Ford legal fees for the past 3 months, for both Wilson and Fox to defend their fraud against Doris. Doris was communicating that it would be ridiculous for her to pay their legal fees for them to defend their fraud against her (Doris). Refer also to **PX-3, Audio12, Audio16.**

**CLAIM FOR RELIEF III**--(Also a Count and Cause of Action) — **Deception by Preventing another from acquiring information** that would affect his or her judgment of a transaction

**pursuant to KRS 209.020(7)(b)—Elder Abuse**; Actionable Under KRS 209.020(7)(b), KRS 209.990, KRS 502.020, KRS 446.070, 28 U.S.C. § 1367(a); Legally Binding and Conclusive Judicial Admissions of Liability Under Substantive CR 8.04 and 28 U.S.C. § 1367(a); Causing Harm, Injury, and Unjust Enrichment

400. Plaintiffs reassert and incorporate by reference in full detail all of Section XII: Master Comprehensive Incorporation of Exhibits, Evidentiary Foundation, Jurisdictional Foundation, Record of Judicial Misconduct, Systemic Civil Rights Obstruction, Denial of All Access to All Kentucky Courts, Constitutional and Federal Enforcement Framework, the Supremacy Clause (Art. VI, Cl. 2), and all preceding paragraphs as though fully restated and fully set forth herein this claim for relief/relief entitled to-sought-demanded. Plaintiffs further assert all of the following:

**Plaintiffs hereby assert the following "Short and Plain Statement" (Fed. R. Civ. P. 8(a)(2)):**

401. Plaintiffs incorporate by reference in full detail all prior paragraphs, all following plausibility paragraphs, and all legally binding and conclusive judicially admitted liability and damages from cases 25-CI-001371, 25-CI-001568, 25-CI-001795, 25-CI-001796, 25-CI-001121, with cases 25-CI-001568, 25-CI-001795, 25-CI-001796, 25-CI-001121 **facially fully supporting case 25-CI-001371 (Refer to PX-51, PX-52, PX-53, PX-54, PX-96, PX-95)**, as though fully restated and fully set forth herein this claim for relief/relief entitled to-sought-demanded, and assert the following:

402. Plaintiffs incorporate by reference in full detail all prior paragraphs, all following plausibility paragraphs, and all legally conclusive and binding judicially admitted liability and damages from cases 25-CI-001371, **25-CI-001568, 25-CI-001795, 25-CI-001796, 25-CI-001121, with cases 25-CI-001568, 25-CI-001795, 25-CI-001796, 25-CI-001121 facially fully**

**supporting case 25-CI-001371 (Refer to PX-51 through PX-62, PX-96, PX-95),** as though fully restated and fully set forth herein this claim for relief/relief demanded, and assert the following:

403. Defendant **knowingly** and intentionally **deceived Doris Colgate and was/is complicit in enabling others to deceive Doris, preventing Doris from acquiring information** that would affect her judgment of a transaction regarding violations against Doris Colgate's assets, property, financial holdings/interests, and legal rights.

404. That deception and **prevention caused** harm and injury to Doris and Edward, resulting in financial loss, tortious interference with legal and fiduciary duties, and deprivation of property, financial holdings/interests, and legal rights.

405. Defendant's participation in **deception and prevention** constitutes elder abuse of a vulnerable adult under **KRS 209.020(7)(b),** and is actionable under KRS 209.990, KRS 446.070, KRS 502.020, 28 U.S.C. § 1367(a).

406. **Liability for this Claim for Relief/Relief Demanded is legally binding and conclusive** based on Defendant's **judicial admissions of liability** in Kentucky Case No. **25-CI-001371, Count III,** pursuant to CR 8.04, and 28 U.S.C. § 1367(a). See **PX-51** for Kentucky Complaint **25-CI-001371, PX-55** for the Sheriff's Affidavit for legal service to Defendant, and **PX-56** for the case file docket log.

407. Plaintiffs accordingly respectfully demand immediate entry of judgment as to liability, and a corresponding award of $540,185.41 --- based on the substantive CR 8.04 legally binding and conclusive judicially admitted Special Damages floor --- arising from the first 31 claims combined --- from Ky. case 25-CI-001371 (PX-51) --- which is separate from and in addition to --- other compensatory damages and other continuing losses caused by Defendant's ongoing

fraudulent obstruction of recovery, concealment, and unjust enrichment that are also judicially admitted under CR 8.04. These Special Damages — established as a legally binding and conclusive sum certain from Susan Wilson's own CR 8.04 admissions --- are independently confirmed from four additional defendants' CR 8.04 admissions across four separate Kentucky cases --- which include cases 25-CI-001568, 25-CI-001795, 25-CI-001796, 25-CI-001121 (PX-52, PX-53, PX-54, and PX-96 supported by PX-95. Plaintiffs also demand declaratory and injunctive relief to prevent the continuing abuses. Plaintiffs demand general damages and punitive damages.

408. The **foregoing constitutes Plaintiffs' short and plain statement of this claim for relief** in compliance with Fed. R. Civ. P. 8(a)(2).

409. Plaintiffs further preserve and reserve all federal claims, including but not limited to those under 42 U.S.C. § 1983, § 1985(2)-(3), civil RICO (18 U.S.C. §§ 1961 through 1964(c)), 28 U.S.C. § 1367(a), the First, Seventh, and Fourteenth Amendments, the Supremacy Clause, other federal and state statutes, and other federal question violations, caused by the same acts of deception and obstruction, and assert that these violations will be set forth in separate Claims for Relief below to preserve both state-law recovery and the right to seek treble damages, punitive damages, declaratory relief, and injunctive relief under federal law. Plaintiffs further incorporate by reference in full detail Sections VII, VIII, and XII for WDWA's jurisdiction of this claim. Additionally, The Defendant's **legally binding and conclusive, judicially admitted participation in forged legal documents/instruments** has resulted in **continuous**, unlawful **tortious interference** with Trustee Edward Colgate's administration of **The Colgate Family Living Trust dated January 29, 2020,** with **each day since March 1, 2020**, constituting a **new act of fraudulent obstruction** and fiduciary harm/injury. This Claim for Relief is pled under a

continuing tort doctrine, as Defendant's obstruction of Trustee Edward Colgate's fiduciary duties and Trustee recovery rights under the Trust constitutes an ongoing violation, with each day renewing the harm/injury and tolling all applicable statutes of limitation. Additionally, **each day that Defendant refuses and fails to report her own elder abuse and tortious fiduciary interference under KRS 209.030 constitutes a new statutory violation**, which further tolls all relevant statutes of limitation under Kentucky and federal law. Each day that Judge Morris's and other judges' (without jurisdiction) **fraudulent felony accusations** against plaintiff(s) **remain embedded in void/ void ab initio orders** constitutes a continuing denial of all Kentucky court access and systemic obstruction of justice in violation of 42 U.S.C. §§ 1983 and 1985(2)-(3), and the First, Seventh, and Fourteenth Amendments. Their collective refusal to report their own and each other's illegal or fraudulent actions under **KRS 26A.080 and KRS 209.030** perpetuates retaliatory elder abuse under **KRS 209.050**, renewing the constitutional and statutory harm/injury daily and **tolling all applicable statutes of limitation** under the continuing tort doctrine. **No state or federal court in the United States has ever attempted to bar, obstruct, or deny a civil plaintiff from all court access across an entire state by fraudulently accusing them of felonies.** The absurdity and illegality of such an act is so blatant that it has never been attempted by any judge in any jurisdiction. Adding to the absurdity and illegality is the fact that the Defendant had not been legally served yet. Jefferson Circuit Court is the first to attempt this type of illegal act or fraud, which is retaliatory under KRS 209.050, KRS 209.030, KRS 209.990, KRS 26A.015(2), and is an attempt to intimidate and tamper with a witness, which is also violation of 42 U.S.C. §§ 1983 and 1985(2)-(3).

**PLAUSIBILITY—Legally Binding and Conclusive Judicially Admitted Liability (Verbatim from State)**

410. The following sets forth Susan Wilson's legally conclusive and binding judicial admissions of liability **verbatim from Kentucky case 25-CI-001371** under the plausibility section supporting this Claim for Relief/Relief Demanded/Count. These legally conclusive and binding judicial admissions of liability fully satisfy the plausibility requirement under Twombly and Iqbal and re-litigation of those admissions is estopped.

411. **Count III: Deception by Preventing another from acquiring information** that would affect his or her judgment of a transaction **pursuant to KRS 209.020(7)(b) (Third Cause of Action):**

412. Plaintiff realleges and incorporates by reference the preceding paragraphs, and all Exhibits labeled PX-1 through PX-40, as though fully set forth herein.

413. Plaintiff asserts that **Wilson was complicit** with Fox **in preventing Doris from acquiring real estate information**, and in preventing Doris from acquiring information **regarding why Doris was at the deposition,** and in preventing Doris from acquiring **information regarding her annuities**, and in preventing Doris from acquiring **information that Wilson and Fox were misusing Doris's money to pay for their legal fees, attempting to prevent Doris from recovering damages from Wilson and Fox**, among other information, causing financial harm. Refer to aforementioned numbers 47, 48, 52, 53 in this Complaint, and PX-5, **page 64, lines 5-9, and PX-5, page 6, lines 13-21, regarding Doris not knowing why she was at the deposition, and Doris was not allowed to see or read the Complaint. Also refer to PX-10.**

414. **Wilson's complicity** with Fox's actions included, but were not limited to: **Wilson was complicit** with Fox in preventing Doris from acquiring accurate information regarding the fair market value of her house and the terms of the sale, which led to its sale at an unfair price. Supporting Facts: Statements #13, 35, 37: Doris's house, **listed for $300,000, was sold to Fox's**

**father for $150,000** minus $9,000 in illegal commissions, based on self-dealing by Fox, along with Wilson's complicity, without Doris's full understanding or consent. Wilson was complicit with Fox not arranging for an independent appraisal (see PX-2, #103), or inform Doris of the true value of the property. See **PX-7, PX-8.** Refer to aforementioned number 55 using all referrals.

415. **Wilson was complicit** with Fox **in preventing Doris access to Information regarding Doris's Deposition, Doris's legal rights,** and **Doris's understanding of legal proceedings. Doris did not understand the purpose of her deposition, and its impact on her legal rights. Refer to PX-5, Page 6, Lines 13-21.**

416. Statement of fact from deposition: #71: Q. So you have not read the complaint, the document that started this lawsuit? A. No, I don't think so. (Based on this deposition, Plaintiff asserts that Doris was deceived by Wilson's complicity with Fox regarding the nature of this lawsuit since the Complaint was concealed from Doris. Refer to **PX-5, Page 6, Lines 13-21.**

417. See PX-2, #77 and PX-5, **Page 45, Lines 23-25**: A. Bob English. It was Bob English. He was—he was the lawyer, and that's the only lawyer that I've ever had—Bob English. (Doris communicating that Ford is not her attorney.) (Wilson and Fox had their attorney, Ford, at Doris's deposition, acting as Doris's attorney, attempting to prevent Doris from recovering damages regarding her defrauded assets perpetrated by Wilson and Fox. **Refer to PX-3, Audio13 for Doris communicating to Edward to get an attorney so that she can recover damages from Wilson and Fox. Also refer to PX-3, Audio4 and Audio17, for Wilson's intimidation of Doris.**

418. See PX-2, #81, and PX-5, **Page 68, Line 6**: A. The only—only attorney I've ever had was Bob English. (Doris communicating that Ford is not her attorney.) Statement of Fact, PX-2, #82, and PX-3, Page 68, Lines 10-11: **THE WITNESS (Doris): Lori, do you know my lawyer's**

**name? Doris does not know Ford is there acting as her attorney, and believes Bob English is her attorney.** Fox prevented Doris from knowing that Fox's attorney, Ford, who was attempting to prevent Doris from recovering real estate damages, was acting as Doris's attorney. Refer to **PX-3, Page 45, Lines 12-13, Witness(Doris) A. for Answer: Do you remember who the lawyer was, Susan? Doris does not know Ford is there acting as her attorney, and believes Bob English is her attorney.** Wilson prevented Doris from knowing that Wilson's attorney, Ford, who was attempting to prevent Doris from recovering real estate damages, was acting as Doris's attorney. Both Wilson and Fox should have been sequestered from sitting by Doris at her Deposition since they had defrauded her. Refer to Counts/Causes of Action number 20 and number 22, Tampering with a Witness and Tampering with Physical Evidence, and to the following pages in this complaint from Page 55 thru Page 63.

419. **Wilson was and/or is complicit with Fox in preventing Doris Access to Financial Information**: Wilson was and is complicit with Fox obstructing Doris's ability to access information about her own financial accounts, including annuities, which led to further financial exploitation. See **all of PX-2**.

420. PX-2, Supporting Facts: Statements 96, 97, 98, 99, 100: Wilson was and/or is complicit with Fox in engaging in annuity fraud, preventing Doris information regarding her Annuity accounts and Securities. See **PX-2, PX-25, PX-26, PX-27, PX-28, PX-29.**

421. Wilson was and/or is complicit with Fox in preventing Doris access to information regarding knowing that Wilson and Fox were misusing Doris's funds against Doris for Wilson's and Fox's attorney fees paid to Ford, attempting to prevent recovery for Doris for Wilson's and Fox's fraud against Doris, causing unjust enrichment for Wilson and Fox. **See** PX-2, #46:

On 6-10-2021, Doris communicating that she did not know she was paying attorney Ford legal fees for the past 3 months, for Wilson and Fox to defend their fraud against Doris. Doris communicating that it would be ridiculous for Doris to pay Wilson's and Fox's legal fees for Wilson and Fox to defend their fraud against Doris. Refer to **PX-3, Audio12 and Audio16. Refer to all supportive referrals** in aforementioned **number 60 in this complaint.**

422. Wilson and Fox are complicit in preventing Doris access to information regarding medical advice by interfering with Doris's access to medical care, and dismissing Dr. Kellie's statements and referrals for Doris, needing both a Neurologist and a Lymphedema Specialist. Refer to **PX-16, PX-17, PX-20, PX-21, and PX-3, Audio19**.

423. Statement of Fact #9: On 2-10-2020, Dr. Kellie referred Doris to a neurologist for further evaluation. As of this filing in 2025, Doris continues to be prevented from seeing a Neurologist by **Wilson** and Fox. Refer to PX-2, #9, and **PX-17.**

424. Statement of fact #32: Edward was coordinating with Janelle Caudill, PT, for Doris's appointments, since Doris lacked capacity to do so. Fox created a false impression to Doris, that Doris did not need to see a lymphedema specialist, directly interfering with Doris's medical care and well-being, although Dr. Kellie gave the referral. Refer to PX-2, #32, and **PX-20**.

**CLAIM FOR RELIEF IV**--(Also a Count and Cause of Action) — **Deception by Failing to Correct a False Impression (KRS 209.020(7)(c))—Elder Abuse;** Actionable Under KRS 209.020(7)(c), KRS 209.990, KRS 502.020, KRS 446.070, 28 U.S.C. § 1367(a); Legally Binding and Conclusive Judicial Admissions of Liability Under Substantive CR 8.04 and 28 U.S.C. § 1367(a); Causing Harm, Injury, and Unjust Enrichment

425. Plaintiffs reassert and incorporate by reference in full detail all of Section XII: Master Comprehensive Incorporation of Exhibits, Evidentiary Foundation, Jurisdictional Foundation,

Record of Judicial Misconduct, Systemic Civil Rights Obstruction, Denial of All Access to All Kentucky Courts, Constitutional and Federal Enforcement Framework, the Supremacy Clause (Art. VI, Cl. 2), and all preceding paragraphs as though fully restated and fully set forth herein this claim for relief/relief entitled to-sought-demanded. Plaintiffs further assert all of the following:

**Plaintiffs hereby assert the following "Short and Plain Statement" (Fed. R. Civ. P. 8(a)(2)):**

426. Plaintiffs incorporate by reference in full detail all prior paragraphs, all following plausibility paragraphs, and all legally binding and conclusive judicially admitted liability and damages from cases 25-CI-001371, 25-CI-001568, 25-CI-001795, 25-CI-001796, 25-CI-001121 **with cases** 25- CI-001568, 25-CI-001795, 25-CI-001796 **facially fully supporting case 25-CI-001371** (Refer to **PX-51 through PX-62, PX-96, PX-95**), as though fully restated and fully set forth herein this claim for relief/relief entitled to-sought-demanded, and assert the following:

427. Defendant **knowingly** and intentionally **failed to correct Doris Colgate's false impressions** that Defendant and others had **previously created or reinforced** regarding violations against Doris Colgate's assets, property, financial holdings/interests, and legal rights.

428. That **failure caused** Doris to **rely on those false impressions** and caused harm and injury to Doris and Edward, resulting in financial loss, tortious interference with legal and fiduciary duties, and deprivation of property, financial holdings/interests, and legal rights.

429. Defendant's participation in **deception** constitutes elder abuse of a vulnerable adult under **KRS 209.020(7)(c),** and is actionable under KRS 209.990, KRS 446.070, KRS 502.020, 28 U.S.C. § 1367(a).

430. **Liability for this Claim for Relief/Relief Demanded is legally binding and conclusive** based on Defendant's **judicial admissions of liability** in Kentucky Case No. **25-CI-001371,**

**Count IV,** pursuant to CR 8.04 and 28 U.S.C. § 1367(a). See **PX-51** for Kentucky Complaint **25-CI-001371, PX-55** for the Sheriff's Affidavit for legal service to Defendant, and **PX-56** for the case file docket log.

431. Plaintiffs accordingly respectfully demand immediate entry of judgment as to liability, and a corresponding award of $540,185.41 --- based on the substantive CR 8.04 legally binding and conclusive judicially admitted Special Damages floor --- arising from the first 31 claims combined --- from Ky. case 25-CI-001371 (PX-51) --- which is separate from and in addition to --- other compensatory damages and other continuing losses caused by Defendant's ongoing fraudulent obstruction of recovery, concealment, and unjust enrichment that are also judicially admitted under CR 8.04. These Special Damages — established as a legally binding and conclusive sum certain from Susan Wilson's own CR 8.04 admissions --- are independently confirmed from four additional defendants' CR 8.04 admissions across four separate Kentucky cases --- which include cases 25-CI-001568, 25-CI-001795, 25-CI-001796, 25-CI-001121 (PX-52, PX-53, PX-54, and PX-96 supported by PX-95. Plaintiffs also demand declaratory and injunctive relief to prevent the continuing abuses. Plaintiffs demand general damages and punitive damages.

432. The **foregoing constitutes Plaintiffs' short and plain statement of this claim for relief** in compliance with Fed. R. Civ. P. 8(a)(2).

433. Plaintiffs further preserve and reserve all federal claims, including but not limited to those under 42 U.S.C. § 1983, § 1985(2)-(3), civil RICO (18 U.S.C. §§ 1961 through 1964(c)), 28 U.S.C. § 1367(a), the First, Seventh, and Fourteenth Amendments, the Supremacy Clause, other federal and state statutes, and other federal question violations, caused by the same acts of deception and obstruction, and assert that these violations will be set forth in separate Claims for

Relief below to preserve both state-law recovery and the right to seek treble damages, punitive damages, declaratory relief, and injunctive relief under federal law. Plaintiffs further incorporate by reference in full detail Sections VII, VIII, and XII for WDWA's jurisdiction of this claim. Additionally, The Defendant's **legally binding and conclusive, judicially admitted participation in forged legal documents/instruments** has resulted in **continuous**, unlawful **tortious interference** with Trustee Edward Colgate's administration of **The Colgate Family Living Trust dated January 29, 2020,** with **each day since March 1, 2020**, constituting a **new act of fraudulent obstruction** and fiduciary harm/injury. This Claim for Relief is pled under a continuing tort doctrine, as Defendant's obstruction of Trustee Edward Colgate's fiduciary duties and Trustee recovery rights under the Trust constitutes an ongoing violation, with each day renewing the harm/injury and tolling all applicable statutes of limitation. Additionally, **each day that Defendant refuses and fails to report her own elder abuse and tortious fiduciary interference under KRS 209.030 constitutes a new statutory violation**, which further tolls all relevant statutes of limitation under Kentucky and federal law. Each day that Judge Morris's and other judges' (without jurisdiction) **fraudulent felony accusations** against plaintiff(s) **remain embedded in void ab initio orders** constitutes a continuing denial of all Kentucky court access and systemic obstruction of justice in violation of 42 U.S.C. §§ 1983 and 1985(2)-(3), and the First, Seventh, and Fourteenth Amendments. Their collective refusal to report their own and each other's illegal or fraudulent actions under **KRS 26A.080 and KRS 209.030** perpetuates retaliatory elder abuse under **KRS 209.050**, renewing the constitutional and statutory harm/injury daily and **tolling all applicable statutes of limitation** under the continuing tort doctrine. **No state or federal court in the United States has ever attempted to bar, obstruct, or deny a civil plaintiff from all court access across an entire state by fraudulently accusing**

**them of felonies.** The absurdity and illegality of such an act is so blatant that it has never been attempted by any judge in any jurisdiction. Adding to the absurdity and illegality is the fact that the Defendant had not been legally served yet. Jefferson Circuit Court is the first to attempt this type of illegal act or fraud, which is retaliatory under KRS 209.050, KRS 209.030, KRS 209.990, KRS 26A.015(2), and is an attempt to intimidate and tamper with a witness, which is also violation of 42 U.S.C. §§ 1983 and 1985(2)-(3).

**PLAUSIBILITY— Legally Binding and Conclusive Judicially Admitted Liability (Verbatim from State)**

434. The following sets forth Susan Wilson's legally conclusive and binding judicial admissions of liability **verbatim from Kentucky case 25-CI-001371** under the plausibility section supporting this Claim for Relief/Relief Demanded/Count. These legally conclusive and binding judicial admissions of liability fully satisfy the plausibility requirement under Twombly and Iqbal and re-litigation of those admissions is estopped.

435. **Count IV: Deception by Failing to Correct a False Impression under KRS 209.020(7)(c) (Fourth Cause of Action) Failing to correct a false impression** that the **deceiver previously** created or reinforced, **or that the deceiver knows to be influencing another** to whom the person stands in a fiduciary **or** confidential relationship. Plaintiff realleges and incorporates by reference the preceding paragraphs, and all Exhibits labeled PX-1 through PX-40, as though fully set forth herein.

436. Plaintiff asserts, **pursuant to KRS 209.020(7)(c),** that **Wilson** was, and/or is **complicit** with **Fox as she failed to correct multiple false impressions given to Doris**. As a result, Doris suffered significant financial harm and was deprived of her assets. **Wilson's complicity with Fox, in her failure to correct false impressions, included, but was and/or is not limited to:**

her legal authority as Doris's power of attorney, despite knowing that Doris had previously designated Edward as her rightful power of attorney and Trustee, and knew that Doris had signed an Affidavit against her, and her husband, Ray Wilson. **Doris signed an Affidavit against Susan Wilson for numerous reasons on 1-29-2020; Regarding the value of Doris's real estate**, leading to its sale at **50% off of the listed price to which Doris and Edward agreed;** Doris's **defrauded annuities**; and **Misuse of Doris's assets, such as paying her legal fees from Doris's assets to defend her fraud against Doris.**

437. Refer to PX-2, #90, and PX-5, **Page 80, Lines 18-21**: Q. Regarding Doris's house/real estate: Is there a reason you didn't sign it? **A. I don't know. That's what I can't understand, why I didn't sign it. I don't know why Lori would have signed it. That is her signature? You say that is her signature?** Doris is communicating that she should have been the one to sign her own real estate transaction. **Doris's false impression** is shown here since Wilson and her daughter, Fox, **were not correcting Doris's false impression** in **believing** that **Fox did not** sign her real estate transaction, when in fact, Fox did so, when she should not have done so. **Also, refer to PX-6, PX-7, PX-8, and PX-3, Audio8, Audio11, Audio13,** and **PX-5, Page 67, Lines 18-25, and PX-5, Page 77, Lines 13-21,** and PX-2, #103 and PX-2, #104.

438. See PX-2, #91, and PX-5, made in Doris's deposition: Q. And do you know if there was a commission—a real estate commission? A. Do I know about the commission? Q. Do you know if there was one? A. I don't know what—what—what it was, no. Q. Okay. A. I can't recall. (**Wilson** was **complicit** in Doris having a false impression, believing that she did not pay a $9,000 commission to Fox's father, for Fox to sell Doris's house to her father, McConnell, or to his business name Hey Jude, LLC. This is considered self-dealing. PX-2, #103: No independent appraisal was done of Doris's property at 410 Wisteria Avenue. Refer to **PX-2, PX-5, PX-6, PX-7, and PX-8, and PX-3, Audio8,**

**Audio11, Audio13,** and **PX-5, Page 67, Lines 18-25, and PX-5, Page 77, Lines 13-21,** and PX-2, #103, and PX-2, #104.

439. **Wilson was and/or is complicit by her failure to correct the false impression given to Doris regarding financial transactions**, including misappropriation of annuity funds, and securities. Refer to PX-2, Supporting Facts #96, 97, 98, 99, 100: Also refer to **PX25, PX-26, PX-27, PX-28, and PX-29.**

440. **Wilson was and/or is complicit in the failure to correct the false impression given to Doris regarding legal matters**, causing Doris to misunderstand the purpose and nature of legal proceedings. Doris did not understand the purpose of her deposition, and its impact on her legal rights. Refer to PX-2, #71 and **PX-5, Page 6, Lines 13-21**: Q. So you have not read the complaint, the document that started this lawsuit? A. No, I don't think so. (Per Deposition, Plaintiff asserts that **Wilson failed to correct false impressions given to Doris regarding the nature of this lawsuit, as the Complaint was concealed from Doris.** Wilson was sitting next to Doris at Doris's deposition when she should have been sequestered, since **Wilson was complicit in the elder abuse against Doris.** Also **refer to Counts/Causes of Action number 20 and number 22, Tampering with a Witness and Tampering with Physical Evidence, and to the following pages in this complaint from Page 55 thru Page 63.**

441. See PX-2, #77, and **PX-5, Page 45, Lines 23-25**: A. Bob English. It was Bob English. He was—he was the lawyer, and that's the only lawyer that I've ever had—Bob English. (Doris communicating that Ford is not her attorney.) Statement of fact #81 from deposition: Page 68, Line 6: A. The only—only attorney I've ever had was Bob English. (Doris communicating that attorney Ford is not her attorney.) Wilson is complicit with having her attorney, Ford, act as Doris's attorney, attempting to prevent Doris from recovering damages for elder abuse

exploitation, when in fact, Doris has consistently communicated that Ford is not, and never has been her attorney. Attorney Ford also concealed from Doris, and failed to correct Doris's false impression regarding what the deposition was regarding. **Refer to PX-6, PX-7, PX-8, and PX-3, Audio8, Audio11, Audio13,** and **PX-5, Page 67, Lines 18-25, and PX-5, Page 77, Lines 13-21,** and PX-2, #103 and PX-2, #104. **Wilson also did uot correct Doris's false perception regarding attorney Ford in numerous ways.**

442. See PX-2, #82: **Page 68, Lines 10-11:** THE WITNESS (Doris): Lori, do you know my lawyer's name? Doris does not know Ford is there acting as her attorney, and believes Bob English is her attorney. **Wilson failed to correct Doris's false impression. Doris did not know that Wilson's attorney, Ford, along with Fox, was attemptiug to prevent Doris from recovering real estate fraud damages from Wilson and Fox.**

443. **Unjust Enrichment of Doris's Assets: Wilson's failure to correct Doris's false impression.** See PX-2, #46: On 6-10-2021, Doris communicating that she did not know she was paying attorney Ford legal fees for the past 3 months, for Susan Wilson to defend her elder abuse against Doris, attempting to prevent Doris from recovering damages from Wilson. Doris communicating that it would be ridiculous for her to pay Wilson's legal fees for Wilson to defend Wilson's abuse against Doris. Refer to **PX-3, Audio8, Audio9, Audio10, Audio11, Audio12, Audio13, and PX-10.**

**CLAIM FOR RELIEF V**--(Also a Count and Cause of Action) -- **Abuse of a Vulnerable Adult under KRS 209.020(8)—Elder Abuse;** Actionable Under KRS 209.020(8), KRS 209.990, KRS 502.020, KRS 446.070, 28 U.S.C. § 1367(a); Legally Binding and Conclusive Judicial Admissions of Liability Under Substantive CR 8.04 and 28 U.S.C. § 1367(a); Causing Harm, Injury, and Unjust Enrichment

444. Plaintiffs reassert and incorporate by reference in full detail all of Section XII: Master Comprehensive Incorporation of Exhibits, Evidentiary Foundation, Jurisdictional Foundation, Record of Judicial Misconduct, Systemic Civil Rights Obstruction, Denial of All Access to All Kentucky Courts, Constitutional and Federal Enforcement Framework, the Supremacy Clause (Art. VI, Cl. 2), and all preceding paragraphs as though fully restated and fully set forth herein this claim for relief/relief entitled to-sought-demanded. Plaintiffs further assert all of the following:

**Plaintiffs hereby assert the following "Short and Plain Statement" (Fed. R. Civ. P. 8(a)(2)):**

445. Plaintiffs incorporate by reference in full detail all prior paragraphs, all following plausibility paragraphs, and all legally binding and conclusive judicially admitted liability and damages from cases 25-CI-001371, 25-CI-001568, 25-CI-001795, 25-CI-001796, 25-CI-001121, with cases 25-CI-001568, 25-CI-001795, 25-CI-001796, 25-CI-001121 **facially fully supporting case 25-CI-001371 (Refer to PX-51 through PX-62, PX-96, PX-95),** as though fully restated and fully set forth herein this claim for relief/relief entitled to-sought-demanded, and assert all of the following:

446. Defendant **knowingly** and intentionally **abused Doris Colgate and was/is complicit in enabling others to abuse Doris financially and also physically by preventing necessary medical care.**

447. That **abuse caused** harm and injury to Doris and Edward, resulting in financial loss, tortious interference with legal and fiduciary duties, and deprivation of property, financial holdings/interests, legal rights, and deprivation of necessary medical care.

448. Defendant's participation in **the abuse of Doris** constitutes elder abuse of a vulnerable adult under **KRS 209.020(8),** and is actionable under KRS 209.020(8), KRS 209.990, KRS 446.070, KRS 502.020, 28 U.S.C. § 1367(a).

449A. **Liability for this Claim for Relief/Relief Demanded is legally binding and conclusive** based on Defendant's **judicial admissions of liability** in Kentucky Case No. **25-CI-001371, Count V,** pursuant to CR 8.04 and 28 U.S.C. § 1367(a). See **PX-51** for Kentucky Complaint **25-CI-001371, PX-55** for the Sheriff's Affidavit for legal service to Defendant, and **PX-56** for the case file docket log.

449B. **ADJUDICATIVE FACT 1 — PARAGRAPH 454 addressed below in the Plausibility VERBATIM — WILSON ADMITTED COUNT V — ABUSE OF A VULNERABLE ADULT UNDER KRS 209.020(8):** Wilson admitted — through her failure to deny paragraph 454 — that Count V — Abuse of a Vulnerable Adult under KRS 209.020(8) — is properly asserted against her — through her failure to deny this averment — making the entire cause of action under KRS 209.020(8) an admitted adjudicative fact from Wilson's own CR 8.04 default.

449C. **ADJUDICATIVE FACT 2 — PARAGRAPH 455 from Verbatim below — KRS 209.020(8) DEFINITION ADMITTED — INCLUDING UNINTENTIONAL INFLICTION THROUGH NEGLECT:** Wilson admitted — through her failure to deny paragraph 455 — that KRS 209.020(8) defines abuse as the infliction of injury — sexual abuse — unreasonable confinement — intimidation — or punishment that results in physical pain or injury including mental injury — and that infliction of injury can be unintentional such as when it results from neglect or negligence — through her failure to deny this averment. This establishes the statutory definition as an admitted adjudicative fact — and critically establishes that both intentional and unintentional infliction through neglect constitute admitted abuse under the statute.

449D. **ADJUDICATIVE FACT 3 — PARAGRAPH 456 from Verbatim below — WILSON ADMITTED INFLICTING MENTAL INJURY AND PHYSICAL INJURY ON DORIS — A VULNERABLE ADULT WITH DEMENTIA AND APHASIA:** Wilson admitted — through her failure to deny paragraph 456 — that she inflicted mental injury upon Doris — and that she inflicted physical injury upon Doris — a vulnerable adult suffering from dementia and aphasia — causing significant emotional and psychological harm and injury and physical harm and injury — through her failure to deny this averment — documented in PX-2 statements 9 and 32 — PX-5 — PX-10 — PX-16 — PX-17 — PX-20 — and PX-3, Audio 8 through Audio 13. Wilson additionally admitted complicity in defamation and false statements made to Doris regarding Edward — causing additional mental injury to Doris — through her failure to deny this averment.

449E. **ADJUDICATIVE FACT 4 — PARAGRAPH 457 from Verbatim below — WILSON ADMITTED INTIMIDATION — UNREASONABLE CONFINEMENT — ISOLATION — AND MANIPULATION OF DORIS:** Wilson admitted — through her failure to deny paragraph 457 — the following specific admitted misconduct categories under KRS 209.020(8) simultaneously. Intimidation of Doris through manipulation and coercion designed to isolate her and gain control of her assets — admitted. Unreasonable confinement and isolation by preventing Doris from accessing medical care — trusted individuals — and necessary information — admitted. Material misrepresentations to Doris for why she was being deposed while sitting next to her — admitted. Wilson additionally admitted — through her failure to deny paragraph 457 — that Doris communicated on PX-3, Audio17 that she was afraid that Wilson would get upset that Edward and Stanette talked to her — establishing fear of Wilson as a specifically documented emotional harm admitted from Wilson's own CR 8.04 default.

449F. **ADJUDICATIVE FACT 5 — PARAGRAPH 458 from Verbatim below — WILSON ADMITTED CREATING A FEARFUL ENVIRONMENT FOR DORIS CAUSING SEVERE EMOTIONAL DISTRESS AND MENTAL INJURY:** Wilson admitted — through her failure to deny paragraph 458 — that her complicity inflicted mental injury to Doris by creating a fearful environment — causing severe emotional distress and mental injury and harm — through her failure to deny this averment. The word severe is specifically admitted — making **severity** of emotional distress an admitted adjudicative fact — rather than a characterization requiring separate proof.

449G. **ADJUDICATIVE FACT 6 — PARAGRAPH 459 from Verbatim below— WILSON ADMITTED COMPLICITY IN INTERFERING WITH DORIS'S ACCESS TO A NEUROLOGIST AND LYMPHEDEMA SPECIALIST — WORSENING DORIS'S CONDITION:** Wilson admitted — through her failure to deny paragraph 459 — complicity in interfering with Doris's access to a neurologist and her access to a lymphedema specialist worsening Doris's condition — through her failure to deny this averment — documented in PX-2 statements 9 and 32. This establishes two specific medical specialty deprivations as admitted adjudicative facts — deprivation of neurologist access and deprivation of lymphedema specialist access — each with the additional admitted fact that Wilson's interference worsened Doris's condition making the **causal connection between interference and worsened condition** an admitted fact --- rather than a matter requiring expert proof alone.

449H. **ADJUDICATIVE FACT 7 — PARAGRAPH 460 from Verbatim below — WILSON ADMITTED COMPLICITY IN ISOLATING DORIS FROM EDWARD AND STANETTE — CAUSING FURTHER EMOTIONAL HARM:** Wilson admitted --- through her failure to deny paragraph 460 — complicity in isolating Doris from Edward and Stanette and other

supportive individuals — causing further emotional harm to Doris — and that Doris's view of Edward completely changed with Wilson sitting next to her at the deposition — through her failure to deny this averment documented in PX-3, Audio17--Audio18 — PX-5 —and PX-10.

449I. **ADJUDICATIVE FACT 8 — PARAGRAPH 461 from Verbatim below — WILSON ADMITTED ONGOING INTIMIDATION AND ISOLATION CAUSED SIGNIFICANT EMOTIONAL AND PSYCHOLOGICAL HARM — EVIDENCED BY CONFUSION, FEAR, AND DISTRESS:** Wilson admitted — through her failure to deny paragraph 461 — that ongoing intimidation and isolation caused significant emotional and psychological harm to Doris evidenced by her confusion — fear — and distress during legal proceedings — through her failure to deny this averment — documented in PX-3, Audio17--Audio18. The three specific manifestations — confusion — fear — and distress — are each independently admitted as specific forms of harm.

449J. **ADJUDICATIVE FACT 9 — PARAGRAPH 462 from Verbatim below — DORIS'S DEMENTIA AND APHASIA MADE HER HIGHLY SUSCEPTIBLE TO MENTAL INJURY — AND WILSON'S COMPLICITY DIRECTLY CONTRIBUTED TO DORIS'S DISTRESS:** Wilson admitted — through her failure to deny paragraph 462 — that Doris's medical conditions of dementia and aphasia made her highly susceptible to mental injury — and that Wilson's complicity directly contributed to Doris's distress — through her failure to deny this averment — documented in PX-2 statements 8 and 33 — PX-16 — PX-17 — and PX-21. The **direct causal connection** between Wilson's complicity and Doris's distress is an admitted adjudicative fact — eliminating any argument that the distress was caused by something other than Wilson's misconduct.

449K. **ADJUDICATIVE FACT 10 — PARAGRAPH 463 from Verbatim below— DORIS WAS DISTRESSED BY REALIZING HER OWN FUNDS WERE BEING USED TO DEFEND WILSON'S FRAUD — AND CONFIRMED IT WOULD BE RIDICULOUS:** Wilson admitted — through her failure to deny paragraph 463 — that Doris was distressed by the realization that her own funds were being used to defend Wilson's fraudulent actions against her — and that Doris did not know her funds had been used for Wilson's legal fees and communicated that it would be ridiculous for her to pay for that — through her failure to deny this averment — documented in PX-2 statement 46 and PX-3, Audio12--Audio16. This establishes financial distress from fund misappropriation as a specifically admitted form of mental injury under KRS 209.020(8) — connecting the financial fraud directly to the emotional and mental injury claim.

449L. **ADJUDICATIVE FACT 11 — PARAGRAPH 464 from Verbatim — DORIS'S MENTAL INJURY FROM WILSON'S COMPLICITY IN DEFRAUDING HER OF THREE ANNUITIES:** Wilson admitted — through her failure to deny paragraph 464 Doris's mental injury based on Wilson's complicity in defrauding Doris of the Protective Life annuity — the Washington National annuity — and the Transamerica annuity — through her failure to deny this averment — documented in PX-2 statements 96 through 98 and PX-25 — PX-26 — and PX-27. This establishes the specific connection between each annuity fraud and Doris's mental injury — making the annuity fraud and the resulting mental injury simultaneously admitted as connected adjudicative facts.

449M. **The Damages Analysis Under KRS 209.020(8) Specifically:** KRS 209.020(8) establishes abuse as the infliction of injury — unreasonable confinement — intimidation — or punishment resulting in physical pain or injury — including mental injury. The admitted

misconduct across paragraphs 453 through 464 generates the following specific damages categories under this statute.

449N. **Damages Category 1 — Mental Injury From Intimidation and Isolation --- The following is admitted:** Severe emotional distress and mental injury from Wilson's admitted intimidation — manipulation — unreasonable confinement — and isolation of Doris from Edward — Stanette – medical care — and necessary information — spanning from March 2020 through the present.

449O. **The specific admitted manifestations:** Confusion – fear — and distress during legal proceedings — admitted from paragraph 461. Fear that Wilson would get upset if Edward and Stanette talked to Doris — admitted from Audio17 referenced in paragraphs 457 and 460. Complete change in Doris's attitude toward Edward with Wilson sitting next to her — admitted from paragraph 460.

449P. **The vulnerability multiplier:** Doris's dementia and aphasia — admitted in paragraph 462 as making her highly susceptible to mental injury — means that the same misconduct that would cause moderate distress in a healthy adult causes severe and disproportionate harm in Doris — making the mental injury damages significantly higher than in a comparable case involving a non-vulnerable adult.

449Q. **Supportable damages range:** For severe and ongoing mental injury — including fear — confusion — distress — and complete disruption of the positive mother-son relationship documented through June 7, 2023 — in a cognitively vulnerable adult with dementia and aphasia subjected to over five years, possibly over 6 years, of admitted intimidation and isolation — compensatory mental injury damages under KRS 209.020(8) in the range of $300,000 to $750,000 are supportable from comparable Kentucky elder abuse mental injury cases — with the

specific amount to be established through expert testimony on the nature and severity of the cognitive and emotional harm or established through other appropriate ways.

449R. **Damages Category 2 — Mental Injury From Financial Distress --- The following is admitted:** Doris's distress upon realizing her own funds were being used to fund Wilson's defense — admitted from paragraph 463 — and Doris's mental injury from the fraudulent liquidation of three annuities — admitted from paragraph 464.

449S. **The specific admitted facts:** Doris did not know her funds were being used for Wilson's legal fees — admitted. Doris communicated it would be ridiculous for her to pay those fees — establishing cognitive awareness and emotional reaction simultaneously — admitted. Doris suffered mental injury from the annuity liquidations specifically — admitted for three separate instruments.

449T. **Supportable damages range:** Financial distress as a specific form of mental injury under KRS 209.020(8) — combined with the annuity liquidation mental injury — in the range of $100,000 to $300,000 — with the specific amount reflecting the documented distress upon learning of the misappropriation combined with the ongoing mental injury from knowing her life savings were gone.

449U. **Damages Category 3 — Physical Injury From Interference With Medical Care --- The following is admitted:** Wilson's complicity in interfering with Doris's access to a neurologist and a lymphedema specialist — worsening Doris's condition — admitted from paragraph 459. **The specific admitted causal connection:** The worsening of Doris's condition from denied neurologist access — admitted. The worsening from denied lymphedema specialist access — admitted. Both admissions include the specific causal connection that Wilson's interference worsened the condition — not merely that the condition worsened independently.

**The reasons for this being physical injury under KRS 209.020(8):** KRS 209.020(8) includes physical pain or injury as a covered harm. The worsening of lymphedema — a progressive condition — from denied specialist access constitutes physical injury in the most literal sense — the condition physically worsened because of the admitted interference. The worsening of neurological conditions from denied neurologist access similarly constitutes physical injury under the statute.

449V. **Supportable damages range:** Physical injury from worsened lymphedema and worsened neurological condition from denied specialist access — in the range of $150,000 to $400,000 — with the specific amount depending on the severity of the worsening documented in the medical records to be obtained through Rule 45 subpoenas to Morning Pointe and Doris's treating physicians.

449W. **Damages Category 4 — Unreasonable Confinement Damages --- The following is admitted:** Unreasonable confinement by preventing Doris from accessing medical care — trusted individuals — and necessary information admitted from paragraph 457 spanning from March 2020 through the present. **The reasons for this being a separate damages category:** KRS 209.020(8) specifically names unreasonable confinement as an independent category of abuse — separate from intimidation and separate from injury. Unreasonable confinement damages are therefore independently compensable under the statute — not subsumed within the general mental injury damages. **Supportable damages range:** Over five years, possibly 6, of documented unreasonable confinement — preventing access to medical specialists — and to trusted family members — and to necessary information — in a cognitively vulnerable adult — in the range of $200,000 to $500,000 — separately from and in addition to the mental injury and physical injury damages.

449X. **The Complete KRS 209.020(8) Damages Statement:** Plaintiffs seek compensatory damages under KRS 209.020(8) — Abuse of a Vulnerable Adult — for the following four independently established and separately compensable categories of admitted harm — each established from Wilson's own CR 8.04 admissions across paragraphs 453 through 464 of Kentucky case 25-CI-001371. **First — Mental injury from intimidation and isolation** — including severe emotional distress — fear — confusion — and distress during legal proceedings — disruption of the positive mother-son relationship — and the specific fear that Wilson would get upset if Edward and Stanette talked to Doris — in an amount no less than **$300,000 and up to $750,000** — to be established through expert testimony at trial or other appropriate ways. **Second — Mental injury from financial distress** — including distress upon discovering her own funds were used to fund Wilson's defense — and mental injury from the fraudulent liquidation of three annuities — in an amount no less than **$100,000 and up to $300,000** — to be established through expert testimony at trial or other appropriate ways. **Third — Physical injury from interference with medical care** — including worsened lymphedema from denied lymphedema specialist access and worsened neurological condition from denied neurologist access — with the causal connection between Wilson's interference and the worsening of each condition admitted through CR 8.04 default — in an amount no less than **$150,000 and up to $400,000** — to be established through medical records and expert testimony at trial or other appropriate ways. **Fourth — Unreasonable confinement damages** — for over five years, possibly over 6 years, of admitted unreasonable confinement preventing access to medical specialists — trusted family members — and necessary information — regarding a cognitively vulnerable adult with dementia and aphasia — in an amount no less than **$200,000 and up to $500,000** — separately from and in addition to the mental injury and physical injury damages

above. **Total KRS 209.020(8) compensatory and general damages floor — no less than $750,000 combined across all four categories — with the maximum range up to $1,950,000** — all separate from and in addition to the special economic damages — RICO treble damages — and punitive damages established elsewhere herein. **Punitive damages — no less than nine times and up to forty times the combined KRS 209.020(8) compensatory damages** — based on Wilson's admitted intentional — willful — and malicious misconduct against a vulnerable adult with dementia and aphasia — making the **punitive floor** no less than **$6,750,000** and up to 40 times the maximum amount of $1,950,000 on this claim specifically.

450. Plaintiffs accordingly respectfully demand immediate entry of judgment as to liability, and a corresponding award of $540,185.41 --- based on the substantive CR 8.04 legally binding and conclusive judicially admitted Special Damages floor --- arising from the first 31 claims combined --- from Ky. case 25-CI-001371 (PX-51) --- which is separate from and in addition to --- other compensatory damages and other continuing losses caused by Defendant's ongoing fraudulent obstruction of recovery, concealment, and unjust enrichment that are also judicially admitted under CR 8.04. These Special Damages — established as a legally binding and conclusive sum certain from Susan Wilson's own CR 8.04 admissions --- are independently confirmed from four additional defendants' CR 8.04 admissions across four separate Kentucky cases --- which include cases 25-CI-001568, 25-CI-001795, 25-CI-001796, 25-CI-001121 (PX-52, PX-53, PX-54, and PX-96 supported by PX-95. Plaintiffs also demand declaratory and injunctive relief to prevent the continuing abuses. Plaintiffs demand general damages and punitive damages. Plaintiffs assert: Total KRS 209.020(8) compensatory and general damages floor — no less than **$750,000** combined across all four categories --- plus punitive damages of

no less than nine times --- making the **punitive floor** no less than **$6,750,000** --- and up to the maximum range of $1,950,000 plus punitive damages of up to 40 times.

451. The **foregoing constitutes Plaintiffs' short and plain statement of this claim for relief** in compliance with Fed. R. Civ. P. 8(a)(2).

452. Plaintiffs further preserve and reserve all federal claims, including but not limited to those under 42 U.S.C. § 1983, § 1985(2)-(3), civil RICO (18 U.S.C. §§ 1961 through 1964(c)), 28 U.S.C. § 1367(a), the First, Seventh, and Fourteenth Amendments, the Supremacy Clause, other federal and state statutes, and other federal question violations, caused by the same acts of deception and obstruction, and assert that these violations will be set forth in separate Claims for Relief below to preserve both state-law recovery and the right to seek treble damages, punitive damages, declaratory relief, and injunctive relief under federal law. Plaintiffs further incorporate by reference in full detail Sections VII, VIII, and XII for WDWA's jurisdiction of this claim. Additionally, The Defendant's **legally binding and conclusive, judicially admitted participation in forged legal documents/instruments** has resulted in **continuous**, unlawful **tortious interference** with Trustee Edward Colgate's administration of **The Colgate Family Living Trust dated January 29, 2020,** with **each day since March 1, 2020**, constituting a **new act of fraudulent obstruction** and fiduciary harm/injury. This Claim for Relief is pled under a continuing tort doctrine, as Defendant's obstruction of Trustee Edward Colgate's fiduciary duties and Trustee recovery rights under the Trust constitutes an ongoing violation, with each day renewing the harm/injury and tolling all applicable statutes of limitation. Additionally, **each day that Defendant refuses and fails to report her own elder abuse and tortious fiduciary interference under KRS 209.030 constitutes a new statutory violation**, which further tolls all relevant statutes of limitation under Kentucky and federal law. Each day that Judge Morris's and

other judges' (without jurisdiction) **fraudulent felony accusations** against plaintiff(s) **remain embedded in void ab initio orders** constitutes a continuing denial of all Kentucky court access and systemic obstruction of justice in violation of 42 U.S.C. §§ 1983 and 1985(2)-(3), and the First, Seventh, and Fourteenth Amendments. Their collective refusal to report their own and each other's illegal or fraudulent actions under **KRS 26A.080 and KRS 209.030** perpetuates retaliatory elder abuse under **KRS 209.050**, renewing the constitutional and statutory harm/injury daily and **tolling all applicable statutes of limitation** under the continuing tort doctrine. **No state or federal court in the United States has ever attempted to bar, obstruct, or deny a civil plaintiff from all court access across an entire state by fraudulently accusing them of felonies.** The absurdity and illegality of such an act is so blatant that it has never been attempted by any judge in any jurisdiction. Adding to the absurdity and illegality is the fact that the Defendant had not been legally served yet. Jefferson Circuit Court is the first to attempt this type of illegal act or fraud, which is retaliatory under KRS 209.050, KRS 209.030, KRS 209.990, KRS 26A.015(2), and is an attempt to intimidate and tamper with a witness, which is also violation of 42 U.S.C. §§ 1983 and 1985(2)-(3).

**PLAUSIBILITY— Legally Binding and Conclusive Judicially Admitted Liability (Verbatim from State)**

453. The following sets forth Susan Wilson's legally conclusive and binding judicial admissions of liability **verbatim from Kentucky case 25-CI-001371** under the plausibility section supporting this Claim for Relief/Relief Demanded/Count. These legally conclusive and binding judicial admissions of liability fully satisfy the plausibility requirement under Twombly and Iqbal and re-litigation of those admissions is estopped.

454. **Count V: Abuse of a Vulnerable Adult under KRS 209.020(8) (Fifth Cause of Action)** Plaintiff realleges and incorporates by reference the preceding paragraphs, and all paragraphs herein, and all Exhibits labeled PX-1 through PX-40, as though fully set forth herein.

455. **KRS 209.020(8) – Abuse means the infliction of injury,** sexual abuse, unreasonable confinement, **intimidation,** or punishment that **results in physical pain or injury, including mental injury. Infliction of injury can be unintentional,** such as when it results from neglect or negligence in Kentucky, including in the context of elder abuse. **Kentucky law recognizes neglect as a form of abuse under its elder abuse statutes, even when there is no intent to harm.**

456. Plaintiff asserts claims and seeks remedies for emotional and mental harm and injury, caused to Doris, and physical injury caused to Doris, by Wilson's complicity, under this provision. Pursuant to **KRS 209.020(8)**, through inflicting **mental injury** upon Doris, through inflicting physical injury upon Doris, a vulnerable adult suffering from dementia and aphasia, causing significant emotional and psychological harm and injury, and causing physical harm and injury, based on PX-2, Statements #9 and #32 where Wilson's complicity interfered with Doris's medical care. Wilson's complicity also caused mental injury to Doris, based on Wilson's complicity regarding defamation and false statements made to Doris, regarding her son, Edward. **Refer to PX-2, PX-5, PX-10, PX-16, PX-17, PX-20, and PX-3, Audio8, Audio9, Audio10, Audio11, Audio12, Audio13, and PX-10.** Also **refer to Counts/Causes of Action number 20 and number 22, Tampering with a Witness and Tampering with Physical Evidence, and to the following pages in this complaint from Page 55 through Page 63.**

457. **Wilson's complicity actions included**: Intimidation of Doris through manipulation and coercion, designed to isolate her and gain control of her assets, with unreasonable confinement

and isolation by preventing Doris from accessing medical care, trusted individuals, and necessary information regarding Edward and Stanette Rose working in cooperation and coordination with Doris to legally recover damages for Doris from Wilson. **Plaintiff incorporates by reference all Exhibits, as previously detailed in Paragraph 78. These exhibits collectively demonstrate the pattern of fraudulent conduct alleged herein. Wilson was complicit in material misrepresentations to Doris for why she was being deposed, as she was sitting next to her. Also refer to PX-3, Audio17, where Doris communicates that she is afraid that Wilson(Susan) won't get upset that Edward and Stanette talked to her. Refer to PX10, Doris's Affidavit against Wilson. Refer to PX-3, Audio18 showing Doris's positive relationship with Edward and Stanette.**

458. **Wilson's complicity inflicted mental injury to Doris** by creating a fearful environment for Doris, causing severe emotional distress and mental injury and harm. Edward and Stanette were acting in Doris's best interest to recover money from Wilson for Doris, for Wilson's fraud and/or elder abuse against Doris. Edward and Stanette had coordinated Doris's care for many months.

459. Refer to PX-2, #9, #32: Wilson was complicit in interfering with Doris's access to a neurologist and her access to a lymphedema specialist, worsening Doris's condition. Refer to **PX-2, PX-7, PX8, PX16, PX17, PX20.**

460. See PX-2, #63: Wilson was complicit in isolating Doris from Edward and Stanette, and other supportive individuals, causing further emotional harm to Doris. Refer to Edward and Stanette's conversation with Doris before her deposition, where Doris expresses love and gratitude for Edward and Stanette. Then in Doris's deposition, Doris was asking Wilson to answer for her, as Wilson sat next to her, when Wilson should have been sequestered. Doris's

view of Edward had completely changed with Wilson sitting next to her. Refer to **PX-2, PX-3, Audio18, PX-5, aud refer to PX-3, Audio17, where Doris communicates that she is afraid that Wilson(Susan) will get upset that Edward and Stanette talked to her. Refer to PX10, Doris's Affidavit against Wilson.**

461. Infliction of Mental Injury: Wilson's complicity in ongoing intimidation and isolation caused significant emotional and psychological harm to Doris, as evidenced by her confusion, fear, and distress during legal proceedings. **Plaintiff incorporates by reference all Exhibits, as previously detailed in Paragraph 78 and Paragraph 82. These exhibits collectively demonstrate the pattern of fraudulent conduct alleged herein.** Also refer to **PX-3, Audio17 and Audio18 for how Doris's attitude changed with Wilson sitting next to her.**

462. See PX-2, Statements #8, #33: Doris's medical conditions (dementia and aphasia(brain disorder) made her highly susceptible to mental injury, and Wilson's complicity directly contributed to Doris's distress. Refer to **PX-2, PX-16, PX-17, PX-21.**

463. See PX-2, Statements #46: Doris was distressed by the realization that her own funds were being used to defend Wilson's fraudulent actions against her. Refer to **PX-2, PX-3, Audio12 and Audio16.** Doris did not know that her funds had been used for Wilson's legal fees, and communicated that would be ridiculous for her to pay for that.

464. See PX-2, #96, #97, #98: Doris's mental injury based on Wilson's complicity in defrauding her of her Protective Life annuity, her Washington National annuity, and her Transamerica annuity. Refer to **PX-25, PX-26, and PX-27.**

**CLAIM FOR RELIEF VI--**(Also a Count and Cause of Action) — **Neglect of a Vulnerable Adult under KRS 209.020(16)—Elder Abuse;** Actionable Under KRS 209.020(16), KRS 209.990, KRS 502.020, KRS 446.070, 28 U.S.C. § 1367(a); Legally Binding and Conclusive

Judicial Admissions of Liability Under Substantive CR 8.04 and 28 U.S.C. § 1367(a); Causing Harm, Injury, and Unjust Enrichment

465. Plaintiffs reassert and incorporate by reference in full detail all of Section XII: Master Comprehensive Incorporation of Exhibits, Evidentiary Foundation, Jurisdictional Foundation, Record of Judicial Misconduct, Systemic Civil Rights Obstruction, Denial of All Access to All Kentucky Courts, Constitutional and Federal Enforcement Framework, the Supremacy Clause (Art. VI, Cl. 2), and all preceding paragraphs as though fully restated and fully set forth herein this claim for relief/relief entitled to-sought-demanded. Plaintiffs further assert all of the following:

**Plaintiffs hereby assert the following "Short and Plain Statement" (Fed. R. Civ. P. 8(a)(2)):**

466. Plaintiffs incorporate by reference in full detail all prior paragraphs, all following plausibility paragraphs, and all legally binding and conclusive judicially admitted liability and damages from cases 25-CI-001371, 25-CI-001568, 25-CI-001795, 25-CI-001796, 25-CI-001121, with cases 25-CI-001568, 25-CI-001795, 25-CI-001796, 25-CI-001121 **facially fully supporting case 25-CI-001371 (Refer to PX-51 through PX-62, PX-96, PX-95),** as though fully restated and fully set forth herein this claim for relief/relief entitled to-sought-demanded, and assert all of the following:

467. **KRS 209.020(16) – Neglect** means a situation in which an adult is unable to perform or obtain for himself or herself the goods or services that are necessary to maintain his or her **health or welfare**, or the deprivation of services by a caretaker that are necessary to maintain the health and welfare of an adult. **(Welfare, by definition, includes financial.)** Defendant, using a **fraudulent POA document, knowingly** and intentionally **neglected Doris Colgate and was/is complicit in enabling others to neglect Doris by financially exploiting Doris, by obstructing**

**recovery based on damages caused by Morning Pointe of Louisville (24/7 nursing care facility), and by preventing necessary medical care. Said POA document has legally binding and conclusive judicial admissions that said document was obtained by forgery.** See **Claim for Relief XXX.** Also see **plausibility addressed below.**

468. That **neglect caused** harm and injury to Doris and Edward, resulting in financial loss, tortious interference with legal and fiduciary duties, and deprivation of property, financial holdings/interests, legal rights, and deprivation of necessary medical care.

469. Defendant's participation in **the neglect of Doris** constitutes elder abuse of a vulnerable adult under **KRS 209.020(16),** and is actionable under KRS 209.990, KRS 446.070, KRS 502.020, and 28 U.S.C. § 1367(a).

470. **Liability for this Claim for Relief/Relief Demanded is legally binding and conclusive** based on Defendant's **judicial admissions of liability** in Kentucky Case No. **25-CI-001371, Count VI,** pursuant to CR 8.04 and 28 U.S.C. § 1367(a). See **PX-51** for Kentucky Complaint **25-CI-001371, PX-55** for the Sheriff's Affidavit for legal service to Defendant, and **PX-56** for the case file docket log.

471. Plaintiffs accordingly respectfully demand immediate entry of judgment as to liability, and a corresponding award of $540,185.41 --- based on the substantive CR 8.04 legally binding and conclusive judicially admitted Special Damages floor --- arising from the first 31 claims combined --- from Ky. case 25-CI-001371 (PX-51) --- which is separate from and in addition to --- other compensatory damages and other continuing losses caused by Defendant's ongoing fraudulent obstruction of recovery, concealment, and unjust enrichment that are also judicially admitted under CR 8.04. These Special Damages — established as a legally binding and conclusive sum certain from Susan Wilson's own CR 8.04 admissions --- are independently

confirmed from four additional defendants' CR 8.04 admissions across four separate Kentucky cases --- which include cases 25-CI-001568, 25-CI-001795, 25-CI-001796, 25-CI-001121 (PX-52, PX-53, PX-54, and PX-96 supported by PX-95. Plaintiffs also demand declaratory and injunctive relief to prevent the continuing abuses. Plaintiffs demand general damages and punitive damages. Plaintiffs further assert: **Plaintiffs incorporate by reference in full detail Claim for Relief LXXXIX and XXXVII** --- and Plaintiffs seek/demand an entry of judgment as to liability, and a corresponding award of no less than **$2,975,000 plus punitive damages of no less than 9 times damages---$26,775,000** --- and up to 40 times damages.

472. The **foregoing constitutes Plaintiffs' short and plain statement of this claim for relief** in compliance with Fed. R. Civ. P. 8(a)(2).

473. Plaintiffs further preserve and reserve all federal claims, including but not limited to those under 42 U.S.C. § 1983, § 1985(2)-(3), civil RICO (18 U.S.C. §§ 1961 through 1964(c)), 28 U.S.C. § 1367(a), the First, Seventh, and Fourteenth Amendments, the Supremacy Clause, other federal and state statutes, and other federal question violations, caused by the same acts of deception and obstruction, and assert that these violations will be set forth in separate Claims for Relief below to preserve both state-law recovery and the right to seek treble damages, punitive damages, declaratory relief, and injunctive relief under federal law. Plaintiffs further incorporate by reference in full detail Sections VII, VIII, and XII for WDWA's jurisdiction of this claim. Additionally, The Defendant's **legally binding and conclusive, judicially admitted participation in forged legal documents/instruments** has resulted in **continuous**, unlawful **tortious interference** with Trustee Edward Colgate's administration of **The Colgate Family Living Trust dated January 29, 2020**, with **each day since March 1, 2020**, constituting a **new act of fraudulent obstruction** and fiduciary harm/injury. This Claim for Relief is pled under a

continuing tort doctrine, as Defendant's obstruction of Trustee Edward Colgate's fiduciary duties and Trustee recovery rights under the Trust constitutes an ongoing violation, with each day renewing the harm/injury and tolling all applicable statutes of limitation. Additionally, **each day that Defendant refuses and fails to report her own elder abuse and tortious fiduciary interference under KRS 209.030 constitutes a new statutory violation**, which further tolls all relevant statutes of limitation under Kentucky and federal law. Each day that Judge Morris's and other judges' (without jurisdiction) **fraudulent felony accusations** against plaintiff(s) **remain embedded in void ab initio orders** constitutes a continuing denial of all Kentucky court access and systemic obstruction of justice in violation of 42 U.S.C. §§ 1983 and 1985(2)-(3), and the First, Seventh, and Fourteenth Amendments. Their collective refusal to report their own and each other's illegal or fraudulent actions under **KRS 26A.080 and KRS 209.030** perpetuates retaliatory elder abnse under **KRS 209.050**, renewing the constitutional and statutory harm/injury daily and **tolling all applicable statutes of limitation** under the continuing tort doctrine. **No state or federal court in the United States has ever attempted to bar, obstruct, or deny a civil plaintiff from all court access across an entire state by fraudulently accusing them of felonies.** The absurdity and illegality of such an act is so blatant that it has never been attempted by any judge in any jurisdiction. Adding to the absurdity and illegality is the fact that the Defendant had not been legally served yet. Jefferson Circuit Court is the first to attempt this type of illegal act or fraud, which is retaliatory under KRS 209.050, KRS 209.030, KRS 209.990, KRS 26A.015(2), and is an attempt to intimidate and tamper with a witness, which is also violation of 42 U.S.C. §§ 1983 and 1985(2)-(3). Plaintiffs further assert KRS 413.120 and KRS 413.130 for 5 year statutes of limitation.

**PLAUSIBILITY—Legally Binding and Conclusive Judicially Admitted Liability**

**(Verbatim from State)**

474. The following sets forth Susan Wilson's legally conclusive and binding judicial admissions of liability **verbatim from Kentucky case 25-CI-001371 (PX-51)** under the plausibility section supporting this Claim for Relief/Relief Demanded/Count. These legally conclusive and binding judicial admissions of liability fully satisfy the plausibility requirement under Twombly and Iqbal and re-litigation of those admissions is estopped.

475. **Count VI: Abuse of a Vulnerable Adult under KRS 209.020; Neglect of a Vulnerable Adult under KRS 209.020(16) causing harm (Sixth Cause of Action).** Plaintiff realleges and incorporates by reference the preceding paragraphs, and all paragraphs herein, and all Exhibits labeled PX-1 through PX-40, as though fully set forth herein.

476. **KRS 209.020(16) – Neglect** means a situation in which an adult is unable to perform or obtain for himself or herself the goods or services that are necessary to maintain his or her **health or welfare**, or the deprivation of services by a caretaker that are necessary to maintain the health and welfare of an adult. **(Welfare, by definition, includes financial.)**

477. Pursuant to **KRS 209.020(16)**, Plaintiff asserts that Wilson's complicity, through neglect, deprived Doris of critical services, and support necessary to maintain her physical and financial well-being. As a result, Doris suffered harm to her physical well-being and financial assets.

478. Wilson's complicity to neglectful actions included: **Deprivation of necessary medical care**, including interference with scheduled appointments and access to specialists.

479. Wilson's complicity to **Deprivation of necessary financial oversight**, leading to financial losses, including the unauthorized sale of Doris's house and misappropriation of annuity funds.

480. Wilson's complicity to **Isolation of Doris from supportive individuals**, including Edward and Stanette, who were acting in Doris's best interest, thereby depriving Doris of emotional and practical support from Edward and Stanette.

481. See PX-2, Statements #9, #32: Despite a referral from Doris's primary care physician, Wilson was complicit in preventing Doris from seeing a neurologist and attending appointments with a lymphedema specialist, which were critical to her health.

482. See PX-2, #33: Doris was diagnosed with aphasia, a brain disorder, further demonstrating her need for ongoing medical care from a Neurologist. See **PX-17** and **PX-21 for Doris's aphasia diagnosis and her neurology referral.**

483. **Wilson's complicity in the Failure to Provide or Allow Proper Financial Oversight for Doris's finances:** Wilson's complicity to neglect in handling Doris's financial matters resnlted in significant financial injury, including real estate fraud and annuity fraud. See **PX-7, PX-8, PX-25, PX-26, PX-27, PX-28, and PX-29.**

**CLAIM FOR RELIEF VII**--(Also a Count and Cause of Action) — **Breach of Statutory Duty to Report Abuse, Neglect, or Exploitation under KRS 209.030(2)—Elder Abuse;** Actionable Under KRS 209.030(2), KRS 209.050, KRS 209.990, KRS 502.020, KRS 446.070, 28 U.S.C. § 1367(a); Legally Binding and Conclusive Judicial Admissions of Liability Under Substantive CR 8.04 and 28 U.S.C. § 1367(a); Causing Harm, Injury, and Unjust Enrichment

484. Plaintiffs reassert and incorporate by reference in full detail all of Section XII: Master Comprehensive Incorporation of Exhibits, Evidentiary Foundation, Jurisdictional Foundation, Record of Judicial Misconduct, Systemic Civil Rights Obstruction, Denial of All Access to All Kentucky Courts, Constitutional and Federal Enforcement Framework, the Supremacy Clause (Art. VI, Cl. 2), and all preceding paragraphs as though fully restated and fully set forth herein

this claim for relief/relief entitled to-sought-demanded. Plaintiffs further assert all of the following:

**Plaintiffs hereby assert the following "Short and Plain Statement" (Fed. R. Civ. P. 8(a)(2)):**

485. Plaintiffs incorporate by reference in full detail all prior paragraphs, all following plausibility paragraphs, and all legally binding and conclusive judicially admitted liability and damages from cases 25-CI-001371, 25-CI-001568, 25-CI-001795, 25-CI-001796, 25-CI-001121, with cases 25-CI-001568, 25-CI-001795, 25-CI-001796, 25-CI-001121 **facially fully supporting case 25-CI-001371 (Refer to PX-51 through PX-62, PX-96, PX-95),** as though fully restated and fully set forth herein this claim for relief/relief entitled to-sought-demanded, and assert all of the following:

486. Defendant **knowingly** and intentionally **Breached her Statutory Duty to Report Abuse, Neglect, or Exploitation and was/is complicit in enabling others to Breach their Statutory Duty to Report Abuse, Neglect, or Exploitation.**

487. Defendant's **Breached Statutory Duty to Report Abuse, Neglect, or Exploitation and Defendant's complicity in enabling others to Breach their Statutory Duty to Report Abuse, Neglect, or Exploitation** caused harm and injury to Doris and Edward, resulting in financial loss, tortious interference with legal and fiduciary duties, and deprivation of property, financial holdings/interests, legal rights, and medical care.

488. Defendant's participation in **Breached Statutory Duty to Report Abuse, Neglect, or Exploitation** constitutes elder abuse of a vulnerable adult under **KRS 209.030,** and is actionable under KRS 209.990, KRS 446.070, KRS 209.050, KRS 209.020, KRS 502.020, 28 U.S.C. § 1367(a).

489. **Liability for this Claim for Relief/Relief Demanded is legally binding and conclusive** based on Defendant's **judicial admissions of liability** in Kentucky Case No. **25-CI-001371, Count VII,** pursuant to CR 8.04 and 28 U.S.C. § 1367(a). See **PX-51** for Kentucky Complaint **25-CI-001371, PX-55** for the Sheriff's Affidavit for legal service to Defendant, and **PX-56** for the case file docket log.

490. Plaintiffs accordingly respectfully demand immediate entry of judgment as to liability, and a corresponding award of $540,185.41 --- based on the substantive CR 8.04 legally binding and conclusive judicially admitted Special Damages floor --- arising from the first 31 claims combined --- from Ky. case 25-CI-001371 (PX-51, PX-55, PX-56) --- which is separate from and in addition to --- other compensatory damages and other continuing losses caused by Defendant's ongoing fraudulent obstruction of recovery, concealment, and unjust enrichment that are also judicially admitted under CR 8.04. These Special Damages — established as a legally binding and conclusive sum certain from Susan Wilson's own CR 8.04 admissions --- are independently confirmed from four additional defendants' CR 8.04 admissions across four separate Kentucky cases --- which include cases 25-CI-001568, 25-CI-001795, 25-CI-001796, 25-CI-001121 (PX-52, PX-53, PX-54, and PX-96 supported by PX-95. Plaintiffs also demand declaratory and injunctive relief to prevent the continuing abuses. Plaintiffs demand general damages and punitive damages.

491. The **foregoing constitutes Plaintiffs' short and plain statement of this claim for relief in** compliance with Fed. R. Civ. P. 8(a)(2).

492. Plaintiffs further preserve and reserve all federal claims, including but not limited to those under 42 U.S.C. § 1983, § 1985(2)-(3), civil RICO (18 U.S.C. §§ 1961 through 1964(c)), 28 U.S.C. § 1367(a), the First, Seventh, and Fourteenth Amendments, the Supremacy Clause, other

federal and state statutes, and other federal question violations, caused by the same acts of deception and obstruction, and assert that these violations will be set forth in separate Claims for Relief below to preserve both state-law recovery and the right to seek treble damages, punitive damages, declaratory relief, and injunctive relief under federal law. Plaintiffs further incorporate by reference in full detail Sections VII, VIII, and XII for WDWA's jurisdiction of this claim. Additionally, The Defendant's **legally binding and conclusive, judicially admitted participation in forged legal documents/instruments** has resulted in **continuous**, unlawful **tortious interference** with Trustee Edward Colgate's administration of **The Colgate Family Living Trust dated January 29, 2020,** with **each day since March 1, 2020,** constituting a **new act of fraudulent obstruction** and fiduciary harm/injury. This Claim for Relief is pled under a continuing tort doctrine, as Defendant's obstruction of Trustee Edward Colgate's fiduciary duties and Trustee recovery rights under the Trust constitutes an ongoing violation, with each day renewing the harm/injury and tolling all applicable statutes of limitation. Additionally, **each day that Defendant refuses and fails to report her own elder abuse and tortious fiduciary interference under KRS 209.030 constitutes a new statutory violation**, which further tolls all relevant statutes of limitation under Kentucky and federal law. Each day that Judge Morris's and other judges' (without jurisdiction) **fraudulent felony accusations** against plaintiff(s) **remain embedded in void ab initio orders** constitutes a continuing denial of all Kentucky court access and systemic obstruction of justice in violation of 42 U.S.C. §§ 1983 and 1985(2)-(3), and the First, Seventh, and Fourteenth Amendments. Their collective refusal to report their own and each other's illegal or fraudulent actions under **KRS 26A.080 and KRS 209.030** perpetuates retaliatory elder abuse under **KRS 209.050**, renewing the constitutional and statutory harm/injury daily and **tolling all applicable statutes of limitation** under the continuing tort

doctrine. **No state or federal court in the United States has ever attempted to bar, obstruct, or deny a civil plaintiff from all court access across an entire state by fraudulently accusing them of felonies.** The absurdity and illegality of such an act is so blatant that it has never been attempted by any judge in any jurisdiction. Adding to the absurdity and illegality is the fact that the Defendant had not been legally served yet. Jefferson Circuit Court is the first to attempt this type of illegal act or fraud, which is retaliatory under KRS 209.050, KRS 209.030, KRS 209.990, KRS 26A.015(2), and is an attempt to intimidate and tamper with a witness, which is also violation of 42 U.S.C. §§ 1983 and 1985(2)-(3).

**PLAUSIBILITY—Legally Binding and Conclusive Judicially Admitted Liability (Verbatim from State)**

493. The following sets forth Susan Wilson's legally conclusive and binding judicial admissions of liability **verbatim from Kentucky case 25-CI-001371** under the plausibility section supporting this Claim for Relief/Relief Demanded/Count. These legally conclusive and binding judicial admissions of liability fully satisfy the plausibility requirement under Twombly and Iqbal and re-litigation of those admissions is estopped.

494. **Count VII: Breach of Statutory Duty to Report Abuse, Neglect, or Exploitation under KRS 209.030(2) & (3):** (Seventh Cause of Action) **(2) Mandates Reporting** adult elder abuse, neglect, or exploitation; **Any person** having reasonable cause to suspect that an adult has suffered abuse, neglect, or exploitation, **shall report or cause reports to be made** in accordance with the provisions of this chapter. **(3)** An oral or written report **shall be made immediately** to the cabinet upon knowledge of suspected abuse, neglect, or exploitation of an adult. **Wilson's Failure to Report Suspected Abuse, Neglect, or Exploitation under KRS 209.030(2) & (3).**

495. Plaintiff realleges and incorporates by reference the preceding paragraphs, and all paragraphs herein, and all Exhibits labeled PX-1 through PX-40, as though fully set forth herein.

496. **Pursuant to KRS 209.030,** Plaintiff asserts that Wilson, despite having knowledge of ongoing abuse, neglect, and exploitation involving Doris, including Wilson's own ongoing abuse, neglect, and exploitation involving Doris, **failed to fulfill her statutory duty** to report her own actions, and other participants actions. Instead, Wilson concealed the abuse, facilitated further exploitation, and obstructed intervention by other fiduciaries, including Edward and Stanette, thereby exacerbating Doris's harm and financial losses. Wilson had direct knowledge of the abuse, neglect, and exploitation Doris was experiencing, as she was directly and indirectly involved in such actions. By failing to report, Wilson violated her statutory duty **under KRS 209.030.**

497. Plaintiff incorporates by reference Exhibits PX-1 through PX-40, All 30 Counts/Causes of Action herein. These Exhibits and Counts collectively demonstrate the pattern of fraudulent conduct alleged herein. It is, and was **mandatory for Wilson to report all 30 Counts. She reported zero out of the 30.**

**CLAIM FOR RELIEF VIII**--(Also a Count and Cause of Action)--**Liability for conduct of another – Complicity Under KRS 502.020(1)-(2)** —Actionable Under KRS 502.020, KRS 209.030(2), KRS 209.050, KRS 209.990, KRS 446.070, 28 U.S.C. § 1367(a), actionable under all claims for relief/counts, and actionable under Legally Binding and Conclusive Judicial Admissions of Liability Under Substantive CR 8.04 and 28 U.S.C. § 1367(a); Causing/enabling Harm, Injury, and Unjust Enrichment

498. Plaintiffs reassert and incorporate by reference in full detail all of Section XII: Master Comprehensive Incorporation of Exhibits, Evidentiary Foundation, Jurisdictional Foundation,

Record of Judicial Misconduct, Systemic Civil Rights Obstruction, Denial of All Access to All Kentucky Courts, Constitutional and Federal Enforcement Framework, the Supremacy Clause (Art. VI, Cl. 2), and all preceding paragraphs as though fully restated and fully set forth herein this claim for relief/relief entitled to-sought-demanded. Plaintiffs further assert all of the following:

**Plaintiffs hereby assert the following "Short and Plain Statement" (Fed. R. Civ. P. 8(a)(2)):**

499. Plaintiffs incorporate by reference in full detail all prior paragraphs, all following plausibility paragraphs, and all legally binding and conclusive judicially admitted liability and damages from cases 25-CI-001371, 25-CI-001568, 25-CI-001795, 25-CI-001796, 25-CI-001121, with cases 25-CI-001568, 25-CI-001795, 25-CI-001796, 25-CI-001121 **facially fully supporting case 25-CI-001371 (Refer to PX-51 through PX-62, PX-96, PX-95),** as though fully restated and fully set forth herein this claim for relief/relief entitled to-sought-demanded, and assert all of the following:

500. Defendant **knowingly** and intentionally acted in complicity with others in all claims for relief/counts, including but not limited to the following plausibility section regarding complicity.

501. Defendant's **complicity in enabling others to perpetrate elder abuse and other statutory violations** caused harm and injury to Doris and Edward, resulting in financial loss, tortious interference with legal and fiduciary duties, and deprivation of property, financial holdings/interests, legal rights, and medical care.

502. Defendant is **complicit in enabling others to perpetrate elder abuse and other statutory violations,** and is actionable under KRS 209.990, KRS 446.070, KRS 209.030, KRS 209.050, KRS 209.020, KRS 502.020, 28 U.S.C. § 1367(a), and actionable under all claims for relief/counts herein.

503. **Liability for this Claim for Relief/Relief Demanded is legally binding and conclusive** based on Defendant's **judicial admissions of liability** in Kentucky Case No. **25-CI-001371, Count VIII,** pursuant to CR 8.04 and 28 U.S.C. § 1367(a). See **PX-51** for Kentucky Complaint **25-CI-001371, PX-55** for the Sheriff's Affidavit for legal service to Defendant, and **PX-56** for the case file docket log.

504. Plaintiffs accordingly respectfully demand immediate entry of judgment as to liability, and a corresponding award of $540,185.41 --- based on the substantive CR 8.04 legally binding and conclusive judicially admitted Special Damages floor --- arising from the first 31 claims combined --- from Ky. case 25-CI-001371 (PX-51) --- which is separate from and in addition to --- other compensatory damages and other continuing losses caused by Defendant's ongoing fraudulent obstruction of recovery, concealment, and unjust enrichment that are also judicially admitted under CR 8.04. These Special Damages · established as a legally binding and conclusive sum certain from Susan Wilson's own CR 8.04 admissions --- are independently confirmed from four additional defendants' CR 8.04 admissions across four separate Kentucky cases --- which include cases 25-CI-001568, 25-CI-001795, 25-CI-001796, 25-CI-001121 (PX-52, PX-53, PX-54, and PX-96 supported by PX-95. Plaintiffs also demand declaratory and injunctive relief to prevent the continuing abuses. Plaintiffs demand general damages and punitive damages.

505. The **foregoing constitutes Plaintiffs' short and plain statement of this claim for relief** in compliance with Fed. R. Civ. P. 8(a)(2).

506. Plaintiffs further preserve and reserve all federal claims, including but not limited to those under 42 U.S.C. § 1983, § 1985(2)-(3), civil RICO (18 U.S.C. §§ 1961 through 1964(c)), 28 U.S.C. § 1367(a), the First, Seventh, and Fourteenth Amendments, the Supremacy Clause, other

federal and state statutes, and other federal question violations, caused by the same acts of deception and obstruction, and assert that these violations will be set forth in separate Claims for Relief below to preserve both state-law recovery and the right to seek treble damages, punitive damages, declaratory relief, and injunctive relief under federal law. Plaintiffs further incorporate by reference in full detail Sections VII, VIII, and XII for WDWA's jurisdiction of this claim. Additionally, The Defendant's **legally binding and conclusive, judicially admitted participation in forged legal documents/instruments** has resulted in **continuous**, unlawful **tortious interference** with Trustee Edward Colgate's administration of **The Colgate Family Living Trust dated January 29, 2020,** with **each day since March 1, 2020**, constituting a **new act of fraudulent obstruction** and fiduciary harm/injury. This Claim for Relief is pled under a continuing tort doctrine, as Defendant's obstruction of Trustee Edward Colgate's fiduciary duties and Trustee recovery rights under the Trust constitutes an ongoing violation, with each day renewing the harm/injury and tolling all applicable statutes of limitation. Additionally, **each day that Defendant refuses and fails to report her own elder abuse and tortious fiduciary interference under KRS 209.030 constitutes a new statutory violation**, which further tolls all relevant statutes of limitation under Kentucky and federal law. Each day that Judge Morris's and other judges' **fraudulent felony accusations** against plaintiff(s) **remain embedded in void ab initio orders** constitutes a continuing denial of all Kentucky court access and systemic obstruction of justice in violation of 42 U.S.C. §§ 1983 and 1985(2)-(3), and the First, Seventh, and Fourteenth Amendments. Their collective refusal to report their own and each other's illegal or fraudulent actions under **KRS 26A.080 and KRS 209.030** perpetuates retaliatory elder abuse under **KRS 209.050**, renewing the constitutional and statutory harm/injury daily and **tolling all applicable statutes of limitation** under the continuing tort doctrine. **No state or federal court**

**in the United States has ever attempted to bar, obstruct, or deny a civil plaintiff from all court access across an entire state by fraudulently accusing them of felonies.** The absurdity and illegality of such an act is so blatant that it has never been attempted by any judge in any jurisdiction. Adding to the absurdity and illegality is the fact that the Defendant had not been legally served yet. Jefferson Circuit Court is the first to attempt this type of illegal act or fraud, which is retaliatory under KRS 209.050, KRS 209.030, KRS 209.990, KRS 26A.015(2), and is an attempt to intimidate and tamper with a witness, which is also violation of 42 U.S.C. §§ 1983 and 1985(2)-(3).

**PLAUSIBILITY—Legally Binding and Conclusive Judicially Admitted Liability (Verbatim from State)**

507. The following sets forth Susan Wilson's legally conclusive and binding judicial admissions of liability **verbatim from Kentucky case 25-CI-001371** under the plausibility section supporting this Claim for Relief/Relief Demanded/Count. These legally conclusive and binding judicial admissions of liability fully satisfy the plausibility requirement under Twombly and Iqbal and re-litigation of those admissions is estopped.

508. **Count VIII: KRS 502.020 (1)–(2) – Liability for conduct of another -- Complicity.** Plaintiffs assert that **Susan Wilson's Complicity with Fox and others,** pursuant to **KRS 502.020**, through financial exploitation and elder abuse pursuant to KRS 209.020, through **deception**, through **undue influence**, through fraud, through **tortious interference with contractual rights**, through **intimidation, through forgery, identity fraud, real estate fraud, Securities fraud, Annuity frauds, tampering with a witness, tampering with physical evidence, other statutory violations included in the 30 Counts, all of which caused unjust**

**enrichment for Wilson and others, caused, and is continuing to cause harm to Doris Colgate and Edward Colgate.** (Eighth Cause of Action)

509. Plaintiff realleges and incorporates by reference the preceding paragraphs, and all paragraphs herein, and all Exhibits labeled PX-1 through PX-40, as though fully set forth herein.

510. (1) A person is guilty of an offense committed by another person when, with the intention of promoting or facilitating the commission of the offense, he: (a) Solicits, commands, or engages in a conspiracy with such other person to commit the offense; or (b) **Aids,** counsels, or attempts to aid such person in planning or committing the offense; or (c) Having a **legal duty to prevent the commission of the offense, fails to make a proper effort to do so. Plaintiffs assert that Wilson perpetrated (a), (b), and (c). Refer to aforementioned 99, and all 30 causes of action. Plaintiff incorporates by reference all Exhibits, as previously detailed in Paragraph 78 and Paragraph 82 and paragraph 99. These exhibits collectively demonstrate the pattern of fraudulent conduct alleged herein.**

511. (2) When **causing a particular result** is an element of an offense, a person who acts with **the kind of culpability with respect to the result that is sufficient for the commission of the offense is guilty of that offense when** he or she: (a) Solicits or engages in a conspiracy with another person to engage in the conduct causing such result; or (b) **Aids**, counsels, or attempts to aid another person in planning, or engaging in the conduct causing such result; or **(c) Having a legal duty to prevent the conduct causing the result, fails to make a proper effort to do so. Plaintiff incorporates by reference all Exhibits,** as previously detailed in Paragraph 78 and Paragraph 82 and paragraph 99. **These exhibits collectively demonstrate the pattern of fraudulent conduct alleged herein.** Plaintiff incorporates by **reference Exhibits PX-1 through PX-40, All 30 Counts/Causes of Action herein.** These **Exhibits and Counts collectively**

**demonstrate the pattern of fraudulent conduct alleged herein. It is, and was mandatory for Wilson to report all 30 Counts. She reported zero out of the 30.**

512. Plaintiff asserts that Wilson was, and is complicit with others, to cause significant financial harm, abuse, and neglect to Doris, and financial harm to Edward, by **aiding** in illegal transactions cited in aforementioned number 99, and all 30 Counts, including, but not limited to the sale of Doris's house at half price the listed price, misappropriation of funds, annuity frauds, and/or unjust enrichment.

513. Plaintiff also asserts Wilson's Complicity in Financial Exploitation and Elder Abuse of Doris, theft, fraud, tortious interference with contractual rights, and interference with reimbursement from contracts regarding Edward. Refer to **all 30 causes of action and their supporting statements of fact and their supporting exhibits.**

514. Wilson is complicit in Plaintiffs' 30 causes of action pursuant to **KRS 502.020,** and is based on Wilson's intentional complicity, **or in the alternative, indirect complicity,** in promoting, facilitating, and aiding in the commission of fraudulent actions that caused significant financial harm to Doris and Edward. Refer to **all 30 causes of action and their supporting statements of fact and their supporting exhibits.**

515. This claim **justifies compensatory, punitive, and equitable relief to recover the damages caused by Wilson's complicity, and to prevent further harm.**

516. Plaintiff asserts that Wilson's complicity, **under KRS 502.020 1(c) and 2(c), having a legal duty to prevent the conduct causing the result, failed to make a proper effort to do so, regarding each and every of the 30 Counts.** Plaintiff asserts **CR 8.05(2) to present alternative theories herein.**

517. Plaintiff asserts **all exhibits, each and every Statement of Fact in Exhibit PX-2 as a supporting fact, regarding KRS 502.020, Wilson's liability.**

518. **Claim for Relief IX** /Count **IX** from the state complaint was jurisdictional and belongs exclusively in the jurisdictional foundation section, not as a substantive claim for relief/count. Plaintiffs incorporate by reference in full detail the verbatim Claim for Relief/Count **IX** from the state complaint into the aforementioned jurisdictional sections.

519. **Claim for Relief X** /Count **X** from the state complaint is omitted because Defendant's legally binding and conclusive judicial admissions of liability establish **Defendant's Forgery or Complicity in Forgery regarding fraudulent and forged power of attorney documents dated 3-4-2020.** Forgery is included in one of the following claims for relief/counts.

**CLAIM FOR RELIEF XI**--(Also a Count and Cause of Action) — **Theft by deception--Creates or reinforces a false impression, including false impressions as to law, value, intention, or other state of mind** pursuant to **KRS 514.040(1)(a);** Actionable Under KRS 514.040(1)(a), KRS 209.990, KRS 502.020, KRS 446.070, 28 U.S.C. § 1367(a); Legally Binding and Conclusive Judicial Admissions of Liability Under Substantive CR 8.04 and 28 U.S.C. § 1367(a); Causing Harm, Injury, and Unjust Enrichment

520. Plaintiffs reassert and incorporate by reference in full detail all of Section XII: Master Comprehensive Incorporation of Exhibits, Evidentiary Foundation, Jurisdictional Foundation, Record of Judicial Misconduct, Systemic Civil Rights Obstruction, Denial of All Access to All Kentucky Courts, Constitutional and Federal Enforcement Framework, the Supremacy Clause (Art. VI, Cl. 2), and all preceding paragraphs as though fully restated and fully set forth herein this claim for relief/relief entitled to-sought-demanded. Plaintiffs further assert all of the following:

**Plaintiffs hereby assert the following "Short and Plain Statement" (Fed. R. Civ. P. 8(a)(2)):**

521. Plaintiffs incorporate by reference in full detail all prior paragraphs, all following plausibility paragraphs, and all legally hinding and conclusive judicially admitted liability and admitted damages from cases 25-CI-001371, 25-CI-001568, 25-CI-001795, 25-CI-001796, 25-CI-001121, with cases 25-CI-001568, 25-CI-001795, 25-CI-001796, 25-CI-001121 **facially fully supporting case 25-CI-001371 (Refer to PX-51 through PX-62, PX-96, PX-95),** as though fully restated and fully set forth herein this claim for relief/relief entitled to-sought-demanded, and assert all of the following:

522. Defendant **knowingly** and intentionally perpetrated and was/is complicit in enabling others to perpetrate **theft by deception against Doris and Edward by creating or reinforcing a false impression, including false impressions as to law, value, intention, or other state of mind** regarding violations against Doris Colgate's and Edward Colgate's assets, property, financial holdings/interests, and legal rights.

523. Those deceptions **caused reliance on those false impressions** and caused harm and injury to Doris and Edward, resulting in financial loss, tortious interference with legal and fiduciary duties, and deprivation of property, financial holdings/interests, and legal rights.

524. Defendant's participation in theft by **deception** also constitutes elder abuse of a vulnerable adult, and is actionable under **KRS 514.040(1)(a),** KRS 209.990, KRS 446.070, KRS 502.020, 28 U.S.C. § 1367(a).

525. **Liability for this Claim for Relief/Relief Demanded is legally binding and conclusive** based on Defendant's **judicial admissions of liability** in Kentucky Case No. **25-CI-001371, Count XI,** pursuant to CR 8.04 and 28 U.S.C. § 1367(a). See **PX-51** for Kentucky Complaint

**25-CI-001371, PX-55** for the Sheriff's Affidavit for legal service to Defendant, and **PX-56** for the case file docket log.

526. Plaintiffs accordingly respectfully demand immediate entry of judgment as to liability, and a corresponding award of $540,185.41 --- based on the substantive CR 8.04 legally binding and conclusive judicially admitted Special Damages floor --- arising from the first 31 claims combined --- from Ky. case 25-CI-001371 (PX-51) --- which is separate from and in addition to --- other compensatory damages and other continuing losses caused by Defendant's ongoing fraudulent obstruction of recovery, concealment, and unjust enrichment that are also judicially admitted under CR 8.04. These Special Damages — established as a legally binding and conclusive sum certain from Susan Wilson's own CR 8.04 admissions --- are independently confirmed from four additional defendants' CR 8.04 admissions across four separate Kentucky cases --- which include cases 25-CI-001568, 25-CI-001795, 25-CI-001796, 25-CI-001121 (PX-52, PX-53, PX-54, and PX-96 supported by PX-95. Plaintiffs also demand declaratory and injunctive relief to prevent the continuing abuses. Plaintiffs demand general damages and punitive damages.

527. The **foregoing constitutes Plaintiffs' short and plain statement of this claim for relief in** compliance with Fed. R. Civ. P. 8(a)(2).

528. Plaintiffs further preserve and reserve all federal claims, including but not limited to those under 42 U.S.C. § 1983, § 1985(2)-(3), civil RICO (18 U.S.C. §§ 1961 through 1964(c)), 28 U.S.C. § 1367(a), the First, Seventh, and Fourteenth Amendments, the Supremacy Clause, other federal and state statutes, and other federal question violations, caused by the same acts of deception and obstruction, and assert that these violations will be set forth in separate Claims for Relief below to preserve both state-law recovery and the right to seek treble damages, punitive

damages, declaratory relief, and injunctive relief under federal law. Plaintiffs further incorporate by reference in full detail Sections VII, VIII, and XII for WDWA's jurisdiction of this claim. Additionally, The Defendant's **legally binding and conclusive, judicially admitted participation in forged legal documents/instruments** has resulted in **continuous**, unlawful **tortious interference** with Trustee Edward Colgate's administration of **The Colgate Family Living Trust dated January 29, 2020**, with **each day since March 1, 2020**, constituting a **new act of fraudulent obstruction** and fiduciary harm/injury. This Claim for Relief is pled under a continuing tort doctrine, as Defendant's obstruction of Trustee Edward Colgate's fiduciary duties and Trustee recovery rights under the Trust constitutes an ongoing violation, with each day renewing the harm/injury and tolling all applicable statutes of limitation. Additionally, **each day that Defendant refuses and fails to report her own elder abuse and tortious fiduciary interference under KRS 209.030 constitutes a new statutory violation**, which further tolls all relevant statutes of limitation under Kentucky and federal law. Each day that Judge Morris's and other judges' **fraudulent felony accusations** against plaintiff(s) **remain embedded in void ab initio orders** constitutes a continuing denial of all Kentucky court access and systemic obstruction of justice in violation of 42 U.S.C. §§ 1983 and 1985(2)-(3), and the First, Seventh, and Fourteenth Amendments. Their collective refusal to report their own and each other's illegal or fraudulent actions under **KRS 26A.080 and KRS 209.030** perpetuates retaliatory elder abuse under **KRS 209.050**, renewing the constitutional and statutory harm/injury daily and **tolling all applicable statutes of limitation** under the continuing tort doctrine. **No state or federal court in the United States has ever attempted to bar, obstruct, or deny a civil plaintiff from all court access across an entire state by fraudulently accusing them of felonies.** The absurdity and illegality of such an act is so blatant that it has never been attempted by any judge in any

jurisdiction. Adding to the absurdity and illegality is the fact that the Defendant had not been legally served yet. Jefferson Circuit Court is the first to attempt this type of illegal act or fraud, which is retaliatory under KRS 209.050, KRS 209.030, KRS 209.990, KRS 26A.015(2), and is an attempt to intimidate and tamper with a witness, which is also violation of 42 U.S.C. §§ 1983 and 1985(2)-(3).

**PLAUSIBILITY—Legally Binding and Conclusive Judicially Admitted Liability (Verbatim from State)**

529. The following sets forth Susan Wilson's legally conclusive and binding judicial admissions of liability **verbatim from Kentucky case 25-CI-001371** under the plausibility section supporting this Claim for Relief/Relief Demanded/Count. These legally conclusive and binding judicial admissions of liability fully satisfy the plausibility requirement under Twombly and Iqbal and re-litigation of those admissions is estopped.

530. **Count XI: (Eleventh Cause of Action); Theft by deception; KRS 514.040(1) (a) Creates or reinforces a false impression, including false impressions as to law, value, intention, or other state of mind;**

531. Plaintiff realleges and incorporates by reference the preceding paragraphs as though fully set forth herein.

532. Pursuant to KRS 514.040, Plaintiff asserts that Wilson was and/or is complicit with engaging in deceptive actions that caused Doris to form false impressions regarding critical matters, including her financial affairs, health care, legal authority, and property, resulting in significant harm and deprivation of Doris's assets, and Edward's assets. Wilson was complicit in deceiving Doris and Edward, regarding Edward's personal property, and Doris's personal property and real property.

533. **Wilson was and/or is complicit in concealing from Doris, Wilson's,** Lori Fox's, Michelle Burkhead's, Cristal Fox's, and Jude McConnell's wrongful taking of Edward's personal property at 410 Wisteria Avenue, Louisville. Wilson was complicit in creating and reinforcing a false impression to Doris that Edward was not working to recover damages for Doris, and not paying attorneys to recover Doris's money caused by Wilson, Fox, Fox, Burkhead, and McConnell, when in fact, Edward was doing so. Wilson was complicit in creating and reinforcing a false impression to Doris that Wilson, Fox, and Burkhead were not using Doris's money to defend their fraud against Doris, to defend their undue influence against Doris. See PX-2, #12, PX-5, **PX-6, PX-10, PX-11, PX-24, PX-39.** Refer to PX-2, #13, #35, **PX-7, PX-8, PX-3, Audio4, where Wilson indicates that she and Fox were complicit in Doris falsely thinking that she had to sell her house** to Fox's father, who is also Wilson's former husband, **for half price, threatening and intimidating Doris with removal from her 24/7 nursing care facility. Also refer to PX-4 for Doris's property, PX-11 for Edward's property, and PX-23 for Edward's reimbursement from February of 2020, and PX-24 for Edward's reimbursement for attorney fees for acting as Doris's fiduciary based on all 30 Counts referred to herein.**

534. In addition, **Connect all Supporting Statements of Fact and all Exhibits labeled PX, detailed under Count II, the second cause of action pursuant to KRS 209.020(7)(a) Elder Abuse and Exploitation, to Count XI .**

**CLAIM FOR RELIEF XII--**(Also a Count and Cause of Action) --- **Theft by deception-- Prevents another from acquiring information which would affect judgment of a transaction** pursuant to **KRS 514.040(1)(b);** Actionable Under KRS 514.040(1)(b), KRS 209.990, KRS 502.020, KRS 446.070, 28 U.S.C. § 1367(a); Legally Binding and Conclusive Judicial

Admissions of Liability Under Substantive CR 8.04 and 28 U.S.C. § 1367(a); Causing Harm, Injury, and Unjust Enrichment

535. Plaintiffs incorporate by reference in full detail all prior paragraphs, all following plausibility paragraphs, and all legally binding and conclusive judicially admitted liability and damages from cases 25-CI-001371, 25-CI-001568, 25-CI-001795, 25-CI-001796, 25-CI-001121, with cases 25-CI-001568, 25-CI-001795, 25-CI-001796, 25-CI-001121 **facially fully supporting case 25-CI-001371 (Refer to PX-51 through PX-62, PX-96, PX-95),** as though fully restated and fully set forth herein this claim for relief/relief entitled to-sought-demanded, and assert all of the following:

536. Defendant **knowingly** and intentionally perpetrated and was/is complicit in enabling others to perpetrate **theft by deception against Doris and Edward by preventing another from acquiring information which would affect judgment of a transaction** regarding violations against Doris Colgate's and Edward Colgate's assets, property, financial holdings/interests, and legal rights.

537. That prevention caused harm and injury to Doris and Edward, resulting in financial loss, tortious interference with legal and fiduciary duties, and deprivation of property, financial holdings/interests, and legal rights.

538. Defendant's participation in theft by **deception** also constitutes elder abuse of a vulnerable adult, and is actionable under **KRS 514.040(1)(b),** KRS 209.990, KRS 446.070, KRS 502.020, 28 U.S.C. § 1367(a).

539. **Liability for this Claim for Relief/Relief Demanded is legally binding and conclusive** based on Defendant's **judicial admissions of liability** in Kentucky Case No. **25-CI-001371, Count XII,** pursuant to CR 8.04 and 28 U.S.C. § 1367(a). See **PX-51** for Kentucky Complaint

**25-CI-001371, PX-55** for the Sheriff's Affidavit for legal service to Defendant, and **PX-56** for the case file docket log.

540. Plaintiffs accordingly respectfully demand immediate entry of judgment as to liability, and a corresponding award of $540,185.41 --- based on the substantive CR 8.04 legally binding and conclusive judicially admitted Special Damages floor --- arising from the first 31 claims combined --- from Ky. case 25-CI-001371 (PX-51) --- which is separate from and in addition to --- other compensatory damages and other continuing losses caused by Defendant's ongoing fraudulent obstruction of recovery, concealment, and unjust enrichment that are also judicially admitted under CR 8.04. These Special Damages --- established as a legally binding and conclusive sum certain from Susan Wilson's own CR 8.04 admissions --- are independently confirmed from four additional defendants' CR 8.04 admissions across four separate Kentucky cases --- which include cases 25-CI-001568, 25-CI-001795, 25-CI-001796, 25-CI-001121 (PX-52, PX-53, PX-54, and PX-96 supported by PX-95. Plaintiffs also demand declaratory and injunctive relief to prevent the continuing abuses. Plaintiffs demand general damages and punitive damages.

541. The **foregoing constitutes Plaintiffs' short and plain statement of this claim for relief** in compliance with Fed. R. Civ. P. 8(a)(2).

542. Plaintiffs further preserve and reserve all federal claims, including but not limited to those under 42 U.S.C. § 1983, § 1985(2)-(3), civil RICO (18 U.S.C. §§ 1961 through 1964(c)), 28 U.S.C. § 1367(a), the First, Seventh, and Fourteenth Amendments, the Supremacy Clause, other federal and state statutes, and other federal question violations, caused by the same acts of deception and obstruction, and assert that these violations will be set forth in separate Claims for Relief below to preserve both state-law recovery and the right to seek treble damages, punitive

damages, declaratory relief, and injunctive relief under federal law. Plaintiffs further incorporate by reference in full detail Sections VII, VIII, and XII for WDWA's jurisdiction of this claim. Additionally, The Defendant's **legally binding and conclusive, judicially admitted participation in forged legal documents/instruments** has resulted in **continuous**, unlawful **tortious interference** with Trustee Edward Colgate's administration of **The Colgate Family Living Trust dated January 29, 2020,** with **each day since March 1, 2020**, constituting a **new act of fraudulent obstruction** and fiduciary harm/injury. This Claim for Relief is pled under a continuing tort doctrine, as Defendant's obstruction of Trustee Edward Colgate's fiduciary duties and Trustee recovery rights under the Trust constitutes an ongoing violation, with each day renewing the harm/injury and tolling all applicable statutes of limitation. Additionally, **each day that Defendant refuses and fails to report her own elder abuse and tortious fiduciary interference under KRS 209.030 constitutes a new statutory violation**, which further tolls all relevant statutes of limitation under Kentucky and federal law. Each day that Judge Morris's and other judges' **fraudulent felony accusations** against plaintiff(s) **remain embedded in void ab initio orders** constitutes a continuing denial of all Kentucky court access and systemic obstruction of justice in violation of 42 U.S.C. §§ 1983 and 1985(2)-(3), and the First, Seventh, and Fourteenth Amendments. Their collective refusal to report their own and each other's illegal or fraudulent actions under **KRS 26A.080 and KRS 209.030** perpetuates retaliatory elder abuse under **KRS 209.050**, renewing the constitutional and statutory harm/injury daily and **tolling all applicable statutes of limitation** under the continuing tort doctrine. **No state or federal court in the United States has ever attempted to bar, obstruct, or deny a civil plaintiff from all court access across an entire state by fraudulently accusing them of felonies.** The absurdity and illegality of such an act is so blatant that it has never been attempted by any judge in any

jurisdiction. Adding to the absurdity and illegality is the fact that the Defendant had not been legally served yet. Jefferson Circuit Court is the first to attempt this type of illegal act or fraud, which is retaliatory under KRS 209.050, KRS 209.030, KRS 209.990, KRS 26A.015(2), and is an attempt to intimidate and tamper with a witness, which is also violation of 42 U.S.C. §§ 1983 and 1985(2)-(3).

543. **PLAUSIBILITY—Legally Binding and Conclusive Judicially Admitted Liability (Verbatim from State)**

544. The following sets forth Susan Wilson's legally conclusive and binding judicial admissions of liability **verbatim from Kentucky case 25-CI-001371** under the plausibility section supporting this Claim for Relief/Relief Demanded/Count. These legally conclusive and binding judicial admissions of liability fully satisfy the plausibility requirement under Twombly and Iqbal and re-litigation of those admissions is estopped.

545. **Count XII; (12th Cause of Action) KRS 514.040(1) (b) Prevents another from acquiring information which would affect judgment of a transaction.**

546. Plaintiff realleges and incorporates hy reference the preceding paragraphs as though fully set forth herein.

547. Wilson was and/or is complicit in preventing Doris from acquiring information regarding Fox's real estate transaction of Doris's real-property, and personal property, and prevented Doris from acquiring information regarding robbery and fraud and deception regarding Edward's personal property. Wilson was complicit in preventing Doris from acquiring information that Edward was paying an attorney to recover Doris's defrauded money caused by Wilson's and Fox's deception of Doris. Doris had requested that Edward get an attorney to recover damages from Wilson and Fox. Wilson was, and is complicit in preventing Doris from acquiring

information that Wilson and Fox and Burkhead were using Doris's money for defending their deceptions regarding Doris's real estate, causing significant damage to Doris. Wilson was and is complicit in preventing Doris from acquiring information that Fox had perpetrated robbery against Edward and had possession of Edward's personal property. Wilson, through deception to Doris, perpetrated theft against Edward regarding his property on 3-4-2020, along with Fox and Burkhead Refer to **all Exhibits labeled PX-1 through PX-40,** including, but not limited to **PX-4, PX-11. PX-23, PX-24. Plaintiff incorporates by reference all Exhibits, as previously detailed in Paragraph 78 and Paragraph 82 and paragraph 99 and paragraph 126. These exhibits collectively demonstrate the pattern of fraudulent conduct alleged herein.**

548. In addition, **Connect all Supporting Statements of Fact detailed under Count III, the third cause of action pursuant to KRS 209.020(7)(b) Elder Abuse and Exploitation, to Count XII.**

**CLAIM FOR RELIEF XIII**--(Also a Count and Cause of Action) ----- **Theft by deception--Fails to correct a false impression** which the **deceiver previously created or reinforced or which the deceiver knows to be influencing another** pursuant to **KRS 514.040(1)(c);** Actionable Under KRS 514.040(1)(c), KRS 209.990, KRS 502.020, KRS 446.070, 28 U.S.C. § 1367(a); Legally Binding and Conclusive Judicial Admissions of Liability Under Substantive CR 8.04 and 28 U.S.C. § 1367(a); Causing Harm, Injury, and Unjust Enrichment

549. Plaintiffs reassert and incorporate by reference in full detail all of Section XII: Master Comprehensive Incorporation of Exhibits, Evidentiary Foundation, Jurisdictional Foundation, Record of Judicial Misconduct, Systemic Civil Rights Obstruction, Denial of All Access to All Kentucky Courts, Constitutional and Federal Enforcement Framework, the Supremacy Clause (Art. VI, Cl. 2), and all preceding paragraphs as though fully restated and fully set forth herein

this claim for relief/relief entitled to-sought-demanded. Plaintiffs further assert all of the following:

**Plaintiffs hereby assert the following "Short and Plain Statement" (Fed. R. Civ. P. 8(a)(2)):**

550. Plaintiffs incorporate by reference in full detail all prior paragraphs, all following plausibility paragraphs, and all legally binding and conclusive judicially admitted liability and damages from cases 25-CI-001371, 25-CI-001568, 25-CI-001795, 25-CI-001796, 25-CI-001121, with cases 25-CI-001568, 25-CI-001795, 25-CI-001796, 25-CI-001121 **facially fully supporting case 25-CI-001371 (Refer to PX-51 through PX-62, PX-96, PX-95),** as though fully restated and fully set forth herein this claim for relief/relief entitled to-sought-demanded, and assert all of the following:

551. Defendant **knowingly** and intentionally perpetrated and was/is complicit in enabling others to perpetrate **theft by deception against Doris and Edward by failing to correct a false impression** which the **deceiver previously created or reinforced or which the deceiver knows to be influencing another** regarding violations against Doris Colgate's and Edward Colgate's assets, property, financial holdings/interests, and legal rights.

552. That **failing to correct a false impression** caused harm and injury to Doris and Edward, resulting in financial loss, tortious interference with legal and fiduciary duties, and deprivation of property, financial holdings/interests, and legal rights.

553. Defendant's participation in theft by **deception** also constitutes elder abuse of a vulnerable adult, and is actionable under **KRS 514.040(1)(c),** KRS 209.990, KRS 446.070, KRS 502.020, 28 U.S.C. § 1367(a).

554. **Liability for this Claim for Relief/Relief Demanded is legally binding and conclusive** based on Defendant's **judicial admissions of liability** in Kentucky Case No. **25-CI-001371,**

**Count XIII,** pursuant to CR 8.04 and 28 U.S.C. § 1367(a). See **PX-51** for Kentucky Complaint **25-CI-001371, PX-55** for the Sheriff's Affidavit for legal service to Defendant, and **PX-56** for the case file docket log.

555. Plaintiffs accordingly respectfully demand immediate entry of judgment as to liability, and a corresponding award of $540,185.41 --- based on the substantive CR 8.04 legally binding and conclusive judicially admitted Special Damages floor --- arising from the first 31 claims combined --- from Ky. case 25-CI-001371 (PX-51) --- which is separate from and in addition to --- other compensatory damages and other continuing losses caused by Defendant's ongoing fraudulent obstruction of recovery, concealment, and unjust enrichment that are also judicially admitted under CR 8.04. These Special Damages --- established as a legally binding and conclusive sum certain from Susan Wilson's own CR 8.04 admissions --- are independently confirmed from four additional defendants' CR 8.04 admissions across four separate Kentucky cases --- which include cases 25-CI-001568, 25-CI-001795, 25-CI-001796, 25-CI-001121 (PX-52, PX-53, PX-54, and PX-96 supported by PX-95. Plaintiffs also demand declaratory and injunctive relief to prevent the continuing abuses. Plaintiffs demand general damages and punitive damages.

556. The **foregoing constitutes Plaintiffs' short and plain statement of this claim for relief** in compliance with Fed. R. Civ. P. 8(a)(2).

557. Plaintiffs further preserve and reserve all federal claims, including but not limited to those under 42 U.S.C. § 1983, § 1985(2)-(3), civil RICO (18 U.S.C. §§ 1961 through 1964(c)), 28 U.S.C. § 1367(a), the First, Seventh, and Fourteenth Amendments, the Supremacy Clause, other federal and state statutes, and other federal question violations, caused by the same acts of deception and obstruction, and assert that these violations will be set forth in separate Claims for

Relief below to preserve both state-law recovery and the right to seek treble damages, punitive damages, declaratory relief, and injunctive relief under federal law. Plaintiffs further incorporate by reference in full detail Sections VII, VIII, and XII for WDWA's jurisdiction of this claim. Additionally, The Defendant's **legally binding and conclusive, judicially admitted participation in forged legal documents/instruments** has resulted in **continuous**, unlawful **tortious interference** with Trustee Edward Colgate's administration of **The Colgate Family Living Trust dated January 29, 2020**, with **each day since March 1, 2020**, constituting a **new act of fraudulent obstruction** and fiduciary harm/injury. This Claim for Relief is pled under a continuing tort doctrine, as Defendant's obstruction of Trustee Edward Colgate's fiduciary duties and Trustee recovery rights under the Trust constitutes an ongoing violation, with each day renewing the harm/injury and tolling all applicable statutes of limitation. Additionally, **each day that Defendant refuses and fails to report her own elder abuse and tortious fiduciary interference under KRS 209.030 constitutes a new statutory violation**, which further tolls all relevant statutes of limitation under Kentucky and federal law. Each day that Judge Morris's and other judges' **fraudulent felony accusations** against plaintiff(s) **remain embedded in void ab initio orders** constitutes a continuing denial of all Kentucky court access and systemic obstruction of justice in violation of 42 U.S.C. §§ 1983 and 1985(2)-(3), and the First, Seventh, and Fourteenth Amendments. Their collective refusal to report their own and each other's illegal or fraudulent actions under **KRS 26A.080 and KRS 209.030** perpetuates retaliatory elder abuse under **KRS 209.050**, renewing the constitutional and statutory harm/injury daily and **tolling all applicable statutes of limitation** under the continuing tort doctrine. **No state or federal conrt in the United States has ever attempted to bar, obstruct, or deny a civil plaintiff from all court access across an entire state by fraudulently accusing them of felonies.** The ahsurdity

and illegality of such an act is so blatant that it has never been attempted by any judge in any jurisdiction. Adding to the absurdity and illegality is the fact that the Defendant had not been legally served yet. Jefferson Circuit Court is the first to attempt this type of illegal act or fraud, which is retaliatory under KRS 209.050, KRS 209.030, KRS 209.990, KRS 26A.015(2), and is an attempt to intimidate and tamper with a witness, which is also violation of 42 U.S.C. §§ 1983 and 1985(2)-(3).

558. **PLAUSIBILITY—Legally Binding and Conclusive Judicially Admitted Liability (Verbatim from State)**

559. The following sets forth Susan Wilson's legally conclusive and binding judicial admissions of liability **verbatim from Kentucky case 25-CI-001371** under the plausibility section supporting this Claim for Relief/Relief Demanded/Count. These legally conclusive and binding judicial admissions of liability fully satisfy the plausibility requirement under Twombly and Iqbal and re-litigation of those admissions is estopped.

560. **Count XIII; (13th Cause of Action) KRS 514.040(1) (c) Fails to correct a false impression** which the **deceiver previously created or reinforced or which the deceiver knows to be influencing another** to whom the person stands in a fiduciary or confidential relationship.

561. Plaintiff realleges and incorporates by reference the preceding paragraphs as though fully set forth herein.

562. Between 6-7-2023 and 11-16-2023, before Doris's deposition on 11-16-2023, Wilson was and is complicit in deceiving Doris into thinking that Edward called the police on Doris, when in fact, Edward had called the police on Fox. Doris previously understood that Edward had called the police on Fox. That is why Doris communicated to Edward that she wanted him to get an attorney to recover her defrauded monies from Wilson and Fox. Wilson was complicit in failing

to correct that false impression that was given to Doris. Refer to **all Exhibits labeled PX-1 through PX-40, and PX-10, Doris's Affidavit against Wilson, and PX-3, Audio4 and Audio17 for Wilson's intimidation of Doris.**

563. Wilson was and is complicit in failing to correct a false impression to Doris indicating that Edward was not working to recover Doris's money, caused by Wilson's and Fox's undue influence and deception of Doris, when in fact, he was. Refer to **PX-3, Audio4, Audio6, Audio7, Audio8, Audio11, Audio12, Audio13, Audio17.**

564. Wilson was and is complicit in failing to correct a false impression to Doris. Doris did not know that Wilson and Fox were using Doris's money to defend their undue influence and real estate fraud and annuity fraud against Doris, when in fact, Wilson was and is using Doris's money to defend her fraud against Doris. **Refer to PX-3, Audio4, Audio8, Audio11, Audio12, Audio13, Audio17, and PX-10, Affidavit of Doris against Wilson.**

565. Wilson failed to correct a false impression to Doris regarding Wilson's promissory note, and others' promissory notes to Doris. Wilson and others continued to promise Doris reimbursement, leading Doris to believe she would be paid, when they had **no** intention of paying Doris. Wilson did not correct that false impression. Refer to **PX-15.**

566. In addition, **Connect all Supporting Statements of Fact detailed under Count IV, the fourth cause of action pursuant to KRS 209.020(7)(c) Elder Abuse and Exploitation, to Count XIII (13th cause of action) here.**

567. **Note: Claim for Relief or Count XIV** from the state complaint was omitted when 2 Counts were **combined under Count XV** of the state complaint. This Federal Complaint separates the said 2 claims for relief/counts into Federal Claim for Relief/Count **XIV and XV.**


Edward Colgate 22023 SE Wax Rd., Box 1452, Maple Valley, WA 98038, King Co.

**CLAIM FOR RELIEF XIV**--(Also a Count and Cause of Action) - **Theft by unlawful taking or disposition** pursuant to **KRS 514.030(1)(a)-(b);** Actionable Under KRS 514.030(1)(a)-(b), KRS 209.990, KRS 502.020, KRS 446.070, 28 U.S.C. § 1367(a); Legally Binding and Conclusive Judicial Admissions of Liability Under Substantive CR 8.04 and 28 U.S.C. § 1367(a); Causing Harm, Injury, and Unjust Enrichment

568. Plaintiffs reassert and incorporate by reference in full detail all of Section XII: Master Comprehensive Incorporation of Exhibits, Evidentiary Foundation, Jurisdictional Foundation, Record of Judicial Misconduct, Systemic Civil Rights Obstruction, Denial of All Access to All Kentucky Courts, Constitutional and Federal Enforcement Framework, the Supremacy Clause (Art. VI, Cl. 2), and all preceding paragraphs as though fully restated and fully set forth herein this claim for relief/relief entitled to-sought-demanded. Plaintiffs further assert all of the following:

**Plaintiffs hereby assert the following "Short and Plain Statement" (Fed. R. Civ. P. 8(a)(2)):**

569. Plaintiffs incorporate by reference in full detail all prior paragraphs, all following plausibility paragraphs, and all legally binding and conclusive judicially admitted liability and damages from cases 25-CI-001371, 25-CI-001568, 25-CI-001795, 25-CI-001796, 25-CI-001121, with cases 25-CI-001568, 25-CI-001795, 25-CI-001796, 25-CI-001121 **facially fully supporting case 25-CI-001371 (Refer to PX-51 through PX-62, PX-96, PX-95),** as though fully restated and fully set forth herein this claim for relief/relief entitled to-sought-demanded, and assert all of the following:

570. Defendant **knowingly** and intentionally perpetrated and was/is complicit in enabling others to perpetrate **theft by unlawful taking or disposition against Doris and Edward** regarding

violations against Doris Colgate's and Edward Colgate's assets, property, financial holdings/interests, and legal rights.

571. That **theft by unlawful taking or disposition** caused harm and injury to Doris and Edward, resulting in financial loss, tortious interference with legal and fiduciary duties, and deprivation of property, financial holdings/interests, and legal rights.

572. Defendant's participation in theft by **deception** also constitutes elder abuse of a vulnerable adult, and is actionable under **KRS 514.030,** KRS 209.990, KRS 446.070, KRS 502.020, 28 U.S.C. § 1367(a).

573. **Liability for this Claim for Relief/Relief Demanded is legally binding and conclusive** based on Defendant's **judicial admissions of liability** in Kentucky Case No. **25-CI-001371, Count XV,** pursuant to CR 8.04, and 28 U.S.C. § 1367(a). See **PX-51** for Kentucky Complaint **25-CI-001371, PX-55** for the Sheriff's Affidavit for legal service to Defendant, and **PX-56** for the case file docket log.

574. Plaintiffs accordingly respectfully demand immediate entry of judgment as to liability, and a corresponding award of $540,185.41 --- based on the substantive CR 8.04 legally binding and conclusive judicially admitted Special Damages floor --- arising from the first 31 claims combined --- from Ky. case 25-CI-001371 (PX-51) --- which is separate from and in addition to --- other compensatory damages and other continuing losses caused by Defendant's ongoing fraudulent obstruction of recovery, concealment, and unjust enrichment that are also judicially admitted under CR 8.04. These Special Damages --- established as a legally binding and conclusive sum certain from Susan Wilson's own CR 8.04 admissions --- are independently confirmed from four additional defendants' CR 8.04 admissions across four separate Kentucky cases --- which include cases 25-CI-001568, 25-CI-001795, 25-CI-001796, 25-CI-001121 (PX-

52, PX-53, PX-54, and PX-96 supported by PX-95. Plaintiffs also demand declaratory and injunctive relief to prevent the continuing abuses. Plaintiffs demand general damages and punitive damages.

575. The **foregoing constitutes Plaintiffs' short and plain statement of this claim for relief** in compliance with Fed. R. Civ. P. 8(a)(2).

576. Plaintiffs further preserve and reserve all federal claims, including but not limited to those under 42 U.S.C. § 1983, § 1985(2)-(3), civil RICO (18 U.S.C. §§ 1961 through 1964(c)), 28 U.S.C. § 1367(a), the First, Seventh, and Fourteenth Amendments, the Supremacy Clause, other federal and state statutes, and other federal question violations, caused by the same acts of deception and obstruction, and assert that these violations will be set forth in separate Claims for Relief below to preserve both state-law recovery and the right to seek treble damages, punitive damages, declaratory relief, and injunctive relief under federal law. Plaintiffs further incorporate by reference in full detail Sections VII, VIII, and XII for WDWA's jurisdiction of this claim. Additionally, The Defendant's **legally binding and conclusive, judicially admitted participation in forged legal documents/instruments** has resulted in **continuous**, unlawful **tortious interference** with Trustee Edward Colgate's administration of **The Colgate Family Living Trust dated January 29, 2020,** with **each day since March 1, 2020**, constituting a **new act of fraudulent obstruction** and fiduciary harm/injury. This Claim for Relief is pled under a continuing tort doctrine, as Defendant's obstruction of Trustee Edward Colgate's fiduciary duties and Trustee recovery rights under the Trust constitutes an ongoing violation, with each day renewing the harm/injury and tolling all applicable statutes of limitation. Additionally, **each day that Defendant refuses and fails to report her own elder abuse and tortious fiduciary interference under KRS 209.030 constitutes a new statutory violation**, which further tolls all

relevant statutes of limitation under Kentucky and federal law. Each day that Judge Morris's and other judges' **fraudulent felony accusations** against plaintiff(s) **remain embedded in void ab initio orders** constitutes a continuing denial of all Kentucky court access and systemic obstruction of justice in violation of 42 U.S.C. §§ 1983 and 1985(2)-(3), and the First, Seventh, and Fourteenth Amendments. Their collective refusal to report their own and each other's illegal or fraudulent actions under **KRS 26A.080 and KRS 209.030** perpetuates retaliatory elder abuse under **KRS 209.050**, renewing the constitutional and statutory harm/injury daily and **tolling all applicable statutes of limitation** under the continuing tort doctrine. **No state or federal court in the United States has ever attempted to bar, obstruct, or deny a civil plaintiff from all court access across an entire state by fraudulently accusing them of felonies.** The absurdity and illegality of such an act is so blatant that it has never been attempted by any judge in any jurisdiction. Adding to the absurdity and illegality is the fact that the Defendant had not been legally served yet. Jefferson Circuit Court is the first to attempt this type of illegal act or fraud, which is retaliatory under KRS 209.050, KRS 209.030, KRS 209.990, KRS 26A.015(2), and is an attempt to intimidate and tamper with a witness, which is also violation of 42 U.S.C. §§ 1983 and 1985(2)-(3).

**PLAUSIBILITY—Legally Binding and Conclusive Judicially Admitted Liability (Verbatim from State)**

577. The following sets forth Susan Wilson's legally conclusive and binding judicial admissions of liability **verbatim from Kentucky case 25-CI-001371** under the plausibility section supporting this Claim for Relief/Relief Demanded/Count. These legally conclusive and binding judicial admissions of liability fully satisfy the plausibility requirement under Twombly and Iqbal and re-litigation of those admissions is estopped.

578. **Count XV: (15th Cause of Action): KRS 514.030--Theft by unlawful taking or disposition**--(1) A person is guilty of theft by **unlawful taking or disposition when he or she unlawfully**: (a) Takes or exercises control over movable property of another with intent to deprive him or her thereof; or (b) Obtains **immovable property of another or any interest therein with intent to benefit himself or herself or another not entitled thereto.**

579. Plaintiff realleges and incorporates by reference the preceding paragraphs as though fully set forth herein.

580. **Pursuant to KRS 514.030,** Plaintiff asserts that Wilson was and is complicit in the unlawful taking and exercising control over Doris's and Edward's personal property, including valuable movable property, without authorization, and with the intent to permanently deprive them of the property, as well as Doris's immovable property of her house, causing financial harm to Doris and Edward. **Refer to PX-1 through PX-40, and PX-4 for Doris's personal property, PX-5, PX-7 and PX-8 for Doris's real estate, PX-11 for Edward's personal property, PX-23 for Edward's reimbursable expenses in February 2020, PX-24 for Edward's reimbursable attorney fees paid on Doris's behalf, PX-39 and PX-10, Doris's Affidavit against Wilson, and PX-6.**

581. See **PX-2,** Supporting Statements of Fact: Statement #27: Wilson has a power of attorney document with Doris's name on it, dated 3-4-2020, only 3 days after Fox robbed Edward of his Trustee and Power of Attorney legal documents that were contracted between Edward Colgate and Doris Colgate, indicating interference with Edward and Doris's Trustee and Power of Attorney contracts, since Fox was named on the same document. This is just over 1 month after Doris signed an Affidavit against Susan Wilson and Ray Wilson. See PX-2, Statement #45: On 5-9-2021, Doris communicating that there were no new signed legal documents by her naming

Wilson as POA, after she signed legal documents naming Edward Colgate Trustee and Power of Attorney for her. Refer to **PX-2, and PX-3, Audio8 and Audio11** of Doris communicating that she did **not sign new legal documents, and Audio12, and PX-6, PX-39, and PX-5, page 67, lines 18-25 of Doris's deposition indicating that there were no new legal documents on 3-4-2020.**

582. **Real Estate and Unjust Enrichment:** Wilson was and is complicit in creating and reinforcing a false impression of the property value of Doris's house to her, by supporting Fox's sale of Doris's house to her father and/or his business name of Hey Jude, LLC, for $150,000, plus an illegitimate commission of $9000 on an insider, self-dealing transaction, far below its market value of between $280,000 and $300,000, without informing Doris of the true value. Doris and Edward had agreed to list her house at $300,000. Refer to **PX-7 and PX-8**, and **PX-3, Audio9.**

583. See PX-2, #88, and PX-5, **Page 77, Lines 13-21**: Q. How was that price determined for the sale of the house? A. I don't—I don't know. My—but—**what the houses were going for**, I guess, at the time and in that neighborhood and that street, Wisteria.

584. Q. Did you determine what the price would be for the house? **A. No. I don't think I did. See PX-8—when adding up house prices on Doris's street and dividing by that number, it equals $280,000.**

585. Note: The average price on Wisteria Avenue near the time of the sale was approximately $280,000, not $150,000. No appraisal was done. Doris was deceived into thinking that her property was sold in her name to a third party outside the family to someone unknown for approximately $280,000, based on her answer here, and believed that amount was deposited to

her account, **when, in fact, it was not.** See PX-2, #103: No independent appraisal was done of Doris's property at 410 Wisteria Avenue. Refer to **PX-7 and PX-8.**

586. **Wilson was and is creating a false impression of intention to repay by falsely promising to repay her promissory note to Doris, causing Doris to delay legal action for recovery, or in the alternative, is complicit to the false impression.** **Wilson** continued giving reassurance that she would repay Doris, regarding her promissory note to Doris, but failed to do so, restarting the statute of limitations with that promise. Refer to **PX-15**.

587. Wilson was and/or is creating and reinforcing a false impression to Doris regarding medical advice by interfering with Doris's access to medical care, and dismissing Dr. Kellie's recommendations for both a **Neurologist and a Lymphedema Specialist**, or in the alternative, is complicit to the false impression.

588. On 2-10-2020, Dr. Kellie referred Doris to a neurologist for further evaluation. As of this filing in 2025, Doris continues to be prevented from seeing a Neurologist by Fox. See **PX-16, PX-17, and PX-20.**

589. See PX-2, fact #15: Edward was coordinating with Janelle Caudill, PT, for Doris's appointments, since Doris lacked capacity to do so, and Dr. Kellie had reinforced the importance of a specialist. Wilson created a false impression that Doris did not need to see a neurologist, or lymphedema specialist, directly interfering with Doris's medical care and well-being, or in the alternative, Wilson was complicit to creating a false impression. See PX-2, #32 regarding Janelle's email, and **PX-16, PX-17, and PX-20.**

590. **Regarding Annuities and Securities and Unjust Enrichment**: Wilson was complicit with Fox in creating and reinforcing a false impression to Doris regarding Doris's annuities and


Edward Colgate 22023 SE Wax Rd., Box 1452, Maple Valley, WA 98038, King Co.

securities. Discovery may find additions. Refer to **PX-25, 26, 27, 28, 29,** and PX-2, #96 through #100.

591. **Unjust Enrichment of Doris's Assets:** See PX-2, #46: On 6-10-2021, Doris communicating that she did not know she was paying attorney Ford legal fees for the past 3 months, **for Wilson and Lori Fox to defend their undue influence, their fraud against Doris.** Doris communicating that it would be ridiculous for Doris to pay Wilson's and Fox's legal fees for them to defend their actions against Doris. Refer to **PX-3, Audio7, Audio8, Audio11, Audio12, Audio16. Refer to PX-5, page 67, lines 18-25. Refer to PX-3, Audio13 for Doris communicating to Edward to get an attorney for her to recover damages from both Wilson and Fox.**

592. Wilson misused Doris's funds to pay Wilson's legal fees to attorney Ford, attempting to prevent Doris from recovering damages from Wilson regarding real estate and other illegal actions by Wilson's complicity to undue influence, fraud. Wilson was complicit in deceiving Doris into believing that Edward had access to his personal property. Refer to **PX-3, Audio7, Audio12, Audio13,** and **Audio16,** and **PX-5**, **PX-11**, and **PX-24.**

**CLAIM FOR RELIEF XV**--(Also a Count and Cause of Action) — **Aggregated Theft by unlawful taking or disposition** pursuant to **KRS 514.030(4);** Actionable Under KRS 514.030(4), KRS 209.990, KRS 502.020, KRS 446.070, 28 U.S.C. § 1367(a); Legally Binding and Conclusive Judicial Admissions of Liability Under Substantive CR 8.04 and 28 U.S.C. § 1367(a); Causing Harm, Injury, and Unjust Enrichment

593. Plaintiffs reassert and incorporate by reference in full detail all of Section XII: Master Comprehensive Incorporation of Exhibits, Evidentiary Foundation, Jurisdictional Foundation, Record of Judicial Misconduct, Systemic Civil Rights Obstruction, Denial of All Access to All

Kentucky Courts, Constitutional and Federal Enforcement Framework, the Supremacy Clause (Art. VI, Cl. 2), and all preceding paragraphs as though fully restated and fully set forth herein this claim for relief/relief entitled to-sought-demanded. Plaintiffs further assert all of the following:

**Plaintiffs hereby assert the following "Short and Plain Statement" (Fed. R. Civ. P. 8(a)(2)):**

594. Plaintiffs incorporate by reference in full detail all prior paragraphs, all following plausibility paragraphs, and all legally binding and conclusive judicially admitted liability and damages from cases 25-CI-001371, 25-CI-001568, 25-CI-001795, 25-CI-001796, 25-CI-001121, with cases 25-CI-001568, 25-CI-001795, 25-CI-001796, 25-CI-001121 **facially fully supporting case 25-CI-001371 (Refer to PX-51 through PX-62, PX-96, PX-95),** as though fully restated and fully set forth herein this claim for relief/relief entitled to-sought-demanded, and assert all of the following:

595. Defendant **knowingly** and intentionally perpetrated and was/is complicit in enabling others to perpetrate aggregated **theft by unlawful taking or disposition against Doris and Edward** regarding violations against Doris Colgate's and Edward Colgate's assets, property, financial holdings/interests, and legal rights.

596. That aggregated **theft by unlawful taking or disposition** caused harm and injury to Doris and Edward, resulting in financial loss, tortious interference with legal and fiduciary duties, and deprivation of property, financial holdings/interests, and legal rights.

597. Defendant's participation in aggregated theft by **deception** also constitutes elder abuse of a vulnerable adult, and is actionable under **KRS 514.030(4),** KRS 209.990, KRS 446.070, KRS 502.020, 28 U.S.C. § 1367(a).

598. **Liability for this Claim for Relief/Relief Demanded is legally binding and conclusive** based on Defendant's **judicial admissions of liability** in Kentucky Case No. **25-CI-001371, Count XV,** pursuant to CR 8.04 and 28 U.S.C. § 1367(a). See **PX-51** for Kentucky Complaint **25-CI-001371, PX-55** for the Sheriff's Affidavit for legal service to Defendant, and **PX-56** for the case file docket log.

599. Plaintiffs accordingly respectfully demand immediate entry of judgment as to liability, and a corresponding award of $540,185.41 --- based on the substantive CR 8.04 legally binding and conclusive judicially admitted Special Damages floor --- arising from the first 31 claims combined --- from Ky. case 25-CI-001371 (PX-51) --- which is separate from and in addition to --- other compensatory damages and other continuing losses caused by Defendant's ongoing fraudulent obstruction of recovery, concealment, and unjust enrichment that are also judicially admitted under CR 8.04. These Special Damages — established as a legally binding and couclusive sum certain from Susan Wilson's own CR 8.04 admissions --- are independently confirmed from four additional defendants' CR 8.04 admissions across four separate Kentucky cases --- which include cases 25-CI-001568, 25-CI-001795, 25-CI-001796, 25-CI-001121 (PX-52, PX-53, PX-54, and PX-96 supported by PX-95. Plaintiffs also demand declaratory and injunctive relief to prevent the continuing abuses. Plaintiffs demand general damages and punitive damages.

600. The **foregoing constitutes Plaintiffs' short and plain statement of this claim for relief** in compliance with Fed. R. Civ. P. 8(a)(2).

601. Plaintiffs further preserve and reserve all federal claims, including but not limited to those under 42 U.S.C. § 1983, § 1985(2)-(3), civil RICO (18 U.S.C. §§ 1961 through 1964(c)), 28 U.S.C. § 1367(a), the First, Seventh, and Fourteenth Amendments, the Supremacy Clause, other

federal and state statutes, and other federal question violations, caused by the same acts of deception and obstruction, and assert that these violations will be set forth in separate Claims for Relief below to preserve both state-law recovery and the right to seek treble damages, punitive damages, declaratory relief, and injunctive relief under federal law. Plaintiffs further incorporate by reference in full detail Sections VII, VIII, and XII for WDWA's jurisdiction of this claim. Additionally, The Defendant's **legally binding and conclusive, judicially admitted participation in forged legal documents/instruments** has resulted in **continuous**, unlawful **tortious interference** with Trustee Edward Colgate's administration of **The Colgate Family Living Trust dated January 29, 2020,** with **each day since March 1, 2020**, constituting a **new act of fraudulent obstruction** and fiduciary harm/injury. This Claim for Relief is pled under a continuing tort doctrine, as Defendant's obstruction of Trustee Edward Colgate's fiduciary duties and Trustee recovery rights under the Trust constitutes an ongoing violation, with each day renewing the harm/injury and tolling all applicable statutes of limitation. Additionally, **each day that Defendant refuses and fails to report her own elder abuse and tortious fiduciary interference under KRS 209.030 constitutes a new statutory violation**, which further tolls all relevant statutes of limitation under Kentucky and federal law. Each day that Judge Morris's and other judges' **fraudulent felony accusations** against plaintiff(s) **remain embedded in void ab initio orders** constitutes a continuing denial of all Kentucky court access and systemic obstruction of justice in violation of 42 U.S.C. §§ 1983 and 1985(2)-(3), and the First, Seventh, and Fourteenth Amendments. Their collective refusal to report their own and each other's illegal or fraudulent actions under **KRS 26A.080 and KRS 209.030** perpetuates retaliatory elder abuse under **KRS 209.050**, renewing the constitutional and statutory harm/injury daily and **tolling all applicable statutes of limitation** under the continuing tort doctrine. **No state or federal court**

**in the United States has ever attempted to bar, obstruct, or deny a civil plaintiff from all court access across an entire state by fraudulently accusing them of felonies.** The absurdity and illegality of such an act is so blatant that it has never been attempted by any judge in any jurisdiction. Adding to the absurdity and illegality is the fact that the Defendant had not been legally served yet. Jefferson Circuit Court is the first to attempt this type of illegal act or fraud, which is retaliatory under KRS 209.050, KRS 209.030, KRS 209.990, KRS 26A.015(2), and is an attempt to intimidate and tamper with a witness, which is also violation of 42 U.S.C. §§ 1983 and 1985(2)-(3).

**PLAUSIBILITY—Legally Binding and Conclusive Judicially Admitted Liability (Verbatim from State)**

602. The following sets forth Susan Wilson's legally conclusive and binding judicial admissions of liability **verbatim from Kentucky case 25-CI-001371** under the plausibility section supporting this Claim for Relief/Relief Demanded/Count. These legally conclusive and binding judicial admissions of liability fully satisfy the plausibility requirement under Twombly and Iqbal and re-litigation of those admissions is estopped.

603. **Include in Count XV: (15th Cause of Action): Aggregated Theft by Unlawful Taking or Disposition under KRS 514.030(4).**

604. Plaintiff realleges and incorporates by reference the preceding paragraphs as though fully set forth herein.

605. **Legal Basis:** Under **KRS 514.030(4)**, when a person commits **two or more separate offenses of theft by unlawful taking or disposition within one year**, the offenses may be **combined and treated as a single offense**, and the **value of the property in each offense may be aggregated** to determine the appropriate charge.

606. Additionally, if the offenses were committed in **different jurisdictions** within the Commonwealth of Kentucky, they may still be combined and tried in any jurisdiction where venue would be proper for at least one of the offenses.

607. Plaintiff asserts that Wilson was complicit in perpetrating **multiple instances of theft by unlawful taking or disposition** of both **movable** and **immovable property** belonging to Doris and Edward within a one-year period. See **PX-4, PX-6, PX-7, PX-8, PX-11, PX-23, and PX-24.**

608. These offenses caused significant financial harm, and the **aggregated value of theft by unlawful taking or disposition** supports a higher degree of liability and damages. Edward, acting as Doris's fiduciary, and Real Party in Interest, and in his personal capacity, seeks recovery for the combined harm caused by Wilson's complicity to repeated unlawful actions. **Refer to PX-1 through PX-40, and all statements in PX-2 and PX-3.**

609. **KRS 514.030 2(g)** The value of the property is ten thousand dollars ($10,000) or more but less than one million dollars ($1,000,000), in which case it is a Class C felony. It is actionable in civil court pursuant to KRS 446.070.

**CLAIM FOR RELIEF XVI**--(Also a Count and Cause of Action) — Theft of mail matter pursuant to **KRS 514.140;** Actionable Under KRS 514.140, KRS 209.990, KRS 502.020, KRS 446.070, 28 U.S.C. § 1367(a); Legally Binding and Conclusive Judicial Admissions of Liability Under Substantive CR 8.04 and 28 U.S.C. § 1367(a); Causing Harm, Injury, and Unjust Enrichment

610. Plaintiffs reassert and incorporate by reference in full detail all of Section XII: Master Comprehensive Incorporation of Exhibits, Evidentiary Foundation, Jurisdictional Foundation, Record of Judicial Misconduct, Systemic Civil Rights Obstruction, Denial of All Access to All Kentucky Courts, Constitutional and Federal Enforcement Framework, the Supremacy Clause

(Art. VI, Cl. 2), and all preceding paragraphs as though fully restated and fully set forth herein this claim for relief/relief entitled to-sought-demanded. Plaintiffs further assert all of the following:

**Plaintiffs hereby assert the following "Short and Plain Statement" (Fed. R. Civ. P. 8(a)(2)):**

611. Plaintiffs incorporate by reference in full detail all prior paragraphs, all following plausibility paragraphs, and all legally binding and conclusive judicially admitted liability and damages from cases 25-CI-001371, 25-CI-001568, 25-CI-001795, 25-CI-001796, 25-CI-001121, with cases 25-CI-001568, 25-CI-001795, 25-CI-001796, 25-CI-001121 **facially fully supporting case 25-CI-001371 (Refer to PX-51 through PX-62, PX-96, PX-95),** as though fully restated and fully set forth herein this claim for relief/relief entitled to-sought-demanded, and assert all of the following:

612. Defendant **knowingly** and intentionally perpetrated and was/is complicit in enabling others to perpetrate **theft of mail matter against Doris and Edward** regarding violations against Doris Colgate's and Edward Colgate's assets, property, financial holdings/interests, and legal rights.

613. That theft of mail matter caused harm and injury to Doris and Edward, resulting in financial loss, tortious interference with legal and fiduciary duties, and deprivation of property, financial holdings/interests, and legal rights.

614. Defendant's participation in theft of **mail matter** also constitutes elder abuse of a vulnerable adult, and is actionable under **KRS 514.140,** KRS 209.990, KRS 446.070, KRS 502.020, 28 U.S.C. § 1367(a).

615. **Liability for this Claim for Relief/Relief Demanded is legally binding and conclusive** based on Defendant's **judicial admissions of liability** in Kentucky Case No. **25-CI-001371, Count XVI,** pursuant to CR 8.04, and 28 U.S.C. § 1367(a). See **PX-51** for Kentucky Complaint

**25-CI-001371, PX-55** for the Sheriff's Affidavit for legal service to Defendant, and **PX-56** for the case file docket log.

616. Plaintiffs accordingly respectfully demand immediate entry of judgment as to liability, and a corresponding award of $540,185.41 --- based on the substantive CR 8.04 legally binding and conclusive judicially admitted Special Damages floor --- arising from the first 31 claims combined --- from Ky. case 25-CI-001371 (PX-51) --- which is separate from and in addition to --- other compensatory damages and other continuing losses caused by Defendant's ongoing fraudulent obstruction of recovery, concealment, and unjust enrichment that are also judicially admitted under CR 8.04. These Special Damages — established as a legally binding and conclusive sum certain from Susan Wilson's own CR 8.04 admissions --- are independently confirmed from four additional defendants' CR 8.04 admissions across four separate Kentucky cases --- which include cases 25-CI-001568, 25-CI-001795, 25-CI-001796, 25-CI-001121 (PX-52, PX-53, PX-54, and PX-96 supported by PX-95. Plaintiffs also demand declaratory and injunctive relief to prevent the continuing abuses. Plaintiffs demand general damages and punitive damages.

617. The **foregoing constitutes Plaintiffs' short and plain statement of this claim for relief** in compliance with Fed. R. Civ. P. 8(a)(2).

618. Plaintiffs further preserve and reserve all federal claims, including but not limited to those under 42 U.S.C. § 1983, § 1985(2)-(3), civil RICO (18 U.S.C. §§ 1961 through 1964(c)), 28 U.S.C. § 1367(a), the First, Seventh, and Fourteenth Amendments, the Supremacy Clause, other federal and state statutes, and other federal question violations, caused by the same acts of deception and obstruction, and assert that these violations will be set forth in separate Claims for Relief below to preserve both state-law recovery and the right to seek treble damages, punitive

damages, declaratory relief, and injunctive relief under federal law. Plaintiffs further incorporate by reference in full detail Sections VII, VIII, and XII for WDWA's jurisdiction of this claim. Additionally, The Defendant's **legally binding and conclusive, judicially admitted participation in forged legal documents/instruments** has resulted in **continuous**, unlawful **tortious interference** with Trustee Edward Colgate's administration of **The Colgate Family Living Trust dated January 29, 2020,** with **each day since March 1, 2020**, constituting a **new act of fraudulent obstruction** and fiduciary harm/injury. This Claim for Relief is pled under a continuing tort doctrine, as Defendant's obstruction of Trustee Edward Colgate's fiduciary duties and Trustee recovery rights under the Trust constitutes an ongoing violation, with each day renewing the harm/injury and tolling all applicable statutes of limitation. Additionally, **each day that Defendant refuses and fails to report her own elder abuse and tortious fiduciary interference under KRS 209.030 constitutes a new statutory violation**, which further tolls all relevant statutes of limitation under Kentucky and federal law. Each day that Judge Morris's and other judges' **fraudulent felony accusations** against plaintiff(s) **remain embedded in void ab initio orders** constitutes a continuing denial of all Kentucky court access and systemic obstruction of justice in violation of 42 U.S.C. §§ 1983 and 1985(2)-(3), and the First, Seventh, and Fourteenth Amendments. Their collective refusal to report their own and each other's illegal or fraudulent actions under **KRS 26A.080 and KRS 209.030** perpetuates retaliatory elder abuse under **KRS 209.050**, renewing the constitutional and statutory harm/injury daily and **tolling all applicable statutes of limitation** under the continuing tort doctrine. **No state or federal court in the United States has ever attempted to bar, obstruct, or deny a civil plaintiff from all court access across an entire state by fraudulently accusing them of felonies.** The absurdity and illegality of such an act is so blatant that it has never been attempted by any judge in any


Edward Colgate 22023 SE Wax Rd., Box 1452, Maple Valley, WA 98038, King Co.

jurisdiction. Adding to the absurdity and illegality is the fact that the Defendant had not been legally served yet. Jefferson Circuit Court is the first to attempt this type of illegal act or fraud, which is retaliatory under KRS 209.050, KRS 209.030, KRS 209.990, KRS 26A.015(2), and is an attempt to intimidate and tamper with a witness, which is also violation of 42 U.S.C. §§ 1983 and 1985(2)-(3).

**PLAUSIBILITY—Legally Binding and Conclusive Judicially Admitted Liability (Verbatim from State)**

619. The following sets forth Susan Wilson's legally conclusive and binding judicial admissions of liability **verbatim from Kentucky case 25-CI-001371** under the plausibility section supporting this Claim for Relief/Relief Demanded/Count. These legally conclusive and binding judicial admissions of liability fully satisfy the plausibility requirement under Twombly and Iqbal and re-litigation of those admissions is estopped.

620. **Count XVI: KRS 514.140 Theft of mail matter.** (1) A person is guilty of theft of mail matter when with intent to deprive the owner thereof he or she: (a) Steals; (b) By fraud or deception obtains; (c) Embezzles; (d) Conceals; (e) Damages; or (f) Destroys; any mail matter of another. (16th Cause of Action).

621. Plaintiff realleges and incorporates by reference the preceding paragraphs as though fully set forth herein.

622. Pursuant to **KRS 514.140**, a person is guilty of **theft of mail matter** when, with the intent to **deprive the owner**, they **steal**, **obtain by fraud or deception**, **embezzle**, **conceal**, **damage**, or **destroy** any **mail matter** belonging to another.

623. Plaintiff asserts that Wilson is complicit to unlawfully obtained possession of mail belonging to both Doris and Edward with the intent to deprive them of its contents, and to

facilitate further fraudulent actions. Wilson's complicity in this conduct caused significant harm to both Doris and Edward. This is based on Wilson's complicity to the use of the stolen mail to deceive Annuity companies, Security companies, and to deceive Doris. Wilson is complicit to preventing Doris access to any and all of her financial information. Illegally obtaining Doris's mail allowed Wilson and Fox to use that information to take Doris's assets. See PX-6 for robbery on 3-1-2020. Another robbery was perpetrated by Susan Wilson, Ray Wilson, Michelle Burkhead, Fox, and McConnell on 3-4-2020.

624. See PX-2, #80, Deposition **PX-5, Page 67, Lines 18-25**: Q. Did you—in **May or June of 2020,** did you ever tell Edward that you had not signed, that you had not revoked him as power of attorney? **Did you ever tell—in 2020, did you tell Edward that he was still the power of attorney for you? A. I think so.** (Indicates that the 3-4-2020 legal documents with Wilson's name are invalid)

625. See PX-2, #45: On 5-9-2021, Doris communicating that there were **no** new signed legal documents by her naming Wilson as POA, after she signed legal documents naming Edward Colgate Trustee and Power of Attorney for her. Refer to **PX-3, Audio8, Audio11, Audio13 for Doris having Edward get an attorney to recover damages for Doris.**

626. Supporting Statements of Fact #22 and #23; A police report dated 3-1-2020, was filed by Edward against Lori Fox for Robbery. Wilson was complicit with Fox's actions as part of a broader effort to isolate Doris, and take control of her assets. See **PX-6**, and PX-2, #2 and #3. This set up **Wilson's complicity to robbery on 3-4-2020.**

627. The following items were stolen: Edward's Trustee and Power of Attorney documents, where Doris names Edward; Edward and Doris's United States mail; Documents with Edward's

Social Security number; other property of Edward's and Doris's. Also, Doris's Will document naming Edward as Executor. See **PX-6**.

628. After the aforementioned, Wilson was complicit in Fox having Doris's financials being mailed to her, and having Fox then having Edward's information to set up fraudulent accounts. Statement #39: On May 12, 2020, Lori Fox used Edward Colgate's name and social security number to purchase a $1,550 Apple iPad Pro, using her father's (McConnell) address. Refer to PX-2, #39 for additions. Refer to **PX-34 through PX-38**. Refer to PX-2, Statements #39, #40, #105.

**CLAIM FOR RELIEF XVII**--(Also a Count and Cause of Action) — Theft of identity pursuant to **KRS 514.160;** Actionable Under KRS 514.160, KRS 209.990, KRS 502.020, KRS 446.070, 28 U.S.C. § 1367(a); Legally Binding and Conclusive Judicial Admissions of Liability Under Substantive CR 8.04 and 28 U.S.C. § 1367(a); Causing Harm, Injury, and Unjust Enrichment

629. Plaintiffs reassert and incorporate by reference in full detail all of Section XII: Master Comprehensive Incorporation of Exhibits, Evidentiary Foundation, Jurisdictional Foundation, Record of Judicial Misconduct, Systemic Civil Rights Obstruction, Denial of All Access to All Kentucky Courts, Constitutional and Federal Enforcement Framework, the Supremacy Clause (Art. VI, Cl. 2), and all preceding paragraphs as though fully restated and fully set forth herein this claim for relief/relief entitled to-sought-demanded. Plaintiffs further assert all of the following:

**Plaintiffs hereby assert the following "Short and Plain Statement" (Fed. R. Civ. P. 8(a)(2)):**

630. Plaintiffs incorporate by reference in full detail all prior paragraphs, all following plausibility paragraphs, and all legally binding and conclusive judicially admitted liability and damages from cases 25-CI-001371, 25-CI-001568, 25-CI-001795, 25-CI-001796, 25-CI-001121,

with cases 25-CI-001568, 25-CI-001795, 25-CI-001796, 25-CI-001121 **facially fully supporting case 25-CI-001371 (Refer to PX-51 through PX-62, PX-96, PX-95),** as though fully restated and fully set forth herein this claim for relief/relief entitled to-sought-demanded, and assert all of the following:

631. Defendant **knowingly** and intentionally perpetrated and was/is complicit in enabling others to perpetrate **theft of identity against Doris and Edward** regarding violations against Doris Colgate's and Edward Colgate's assets, property, financial holdings/interests, and legal rights.

632. That theft of identity caused harm and injury to Doris and Edward, resulting in financial loss, tortious interference with legal and fiduciary duties, and deprivation of property, financial holdings/interests, and legal rights.

633. Defendant's participation in theft of **identity** also constitutes elder abuse of a vulnerable adult, and is actionable under **KRS 514.160,** KRS 209.990, KRS 446.070, KRS 502.020, 28 U.S.C. § 1367(a).

634. **Liability for this Claim for Relief/Relief Demanded is legally binding and conclusive** based on Defendant's **judicial admissions of liability** in Kentucky Case No. **25-CI-001371, Count XVII,** pursuant to CR 8.04, and 28 U.S.C. § 1367(a). See **PX-51** for Kentucky Complaint **25-CI-001371, PX-55** for the Sheriff's Affidavit for legal service to Defendant, and **PX-56** for the case file docket log.

635. Plaintiffs accordingly respectfully demand immediate entry of judgment as to liability, and a corresponding award of $540,185.41 --- based on the substantive CR 8.04 legally binding and conclusive judicially admitted Special Damages floor --- arising from the first 31 claims combined --- from Ky. case 25-CI-001371 (PX-51) --- which is separate from and in addition to --- other compensatory damages and other continuing losses caused by Defendant's ongoing

fraudulent obstruction of recovery, concealment, and unjust enrichment that are also judicially admitted under CR 8.04. These Special Damages — established as a legally binding and conclusive sum certain from Susan Wilson's own CR 8.04 admissions --- are independently confirmed from four additional defendants' CR 8.04 admissions across four separate Kentucky cases --- which include cases 25-CI-001568, 25-CI-001795, 25-CI-001796, 25-CI-001121 (PX-52, PX-53, PX-54, and PX-96 supported by PX-95. Plaintiffs also demand declaratory and injunctive relief to prevent the continuing abuses. Plaintiffs demand general damages and punitive damages.

636. The **foregoing constitutes Plaintiffs' short and plain statement of this claim for relief** in compliance with Fed. R. Civ. P. 8(a)(2).

637. Plaintiffs further preserve and reserve all federal claims, including but not limited to those under 42 U.S.C. § 1983, § 1985(2)-(3), civil RICO (18 U.S.C. §§ 1961 through 1964(c)), 28 U.S.C. § 1367(a), the First, Seventh, and Fourteenth Amendments, the Supremacy Clause, other federal and state statutes, and other federal question violations, caused by the same acts of deception and obstruction, and assert that these violations will be set forth in separate Claims for Relief below to preserve both state-law recovery and the right to seek treble damages, punitive damages, declaratory relief, and injunctive relief under federal law. Plaintiffs further incorporate by reference in full detail Sections VII, VIII, and XII for WDWA's jurisdiction of this claim. Additionally, The Defendant's **legally binding and conclusive, judicially admitted participation in forged legal documents/instruments** has resulted in **continuous**, unlawful **tortious interference** with Trustee Edward Colgate's administration of **The Colgate Family Living Trust dated January 29, 2020,** with **each day since March 1, 2020**, constituting a **new act of fraudulent obstruction** and fiduciary harm/injury. This Claim for Relief is pled under a

continuing tort doctrine, as Defendant's obstruction of Trustee Edward Colgate's fiduciary duties and Trustee recovery rights under the Trust constitutes an ongoing violation, with each day renewing the harm/injury and tolling all applicable statutes of limitation. Additionally, **each day that Defendant refuses and fails to report her own elder abuse and tortious fiduciary interference under KRS 209.030 constitutes a new statutory violation**, which further tolls all relevant statutes of limitation under Kentucky and federal law. Each day that Judge Morris's and other judges' **fraudulent felony accusations** against plaintiff(s) **remain embedded in void ab initio orders** constitutes a continuing denial of all Kentucky court access and systemic obstruction of justice in violation of 42 U.S.C. §§ 1983 and 1985(2)-(3), and the First, Seventh, and Fourteenth Amendments. Their collective refusal to report their own and each other's illegal or fraudulent actions under **KRS 26A.080 and KRS 209.030** perpetuates retaliatory elder abuse under **KRS 209.050**, renewing the constitutional and statutory harm/injury daily and **tolling all applicable statutes of limitation** under the continuing tort doctrine. **No state or federal court in the United States has ever attempted to bar, obstruct, or deny a civil plaintiff from all court access across an entire state by fraudulently accusing them of felonies.** The absurdity and illegality of such an act is so blatant that it has never been attempted by any judge in any jurisdiction. Adding to the absurdity and illegality is the fact that the Defendant had not been legally served yet. Jefferson Circuit Court is the first to attempt this type of illegal act or fraud, which is retaliatory under KRS 209.050, KRS 209.030, KRS 209.990, KRS 26A.015(2), and is an attempt to intimidate and tamper with a witness, which is also violation of 42 U.S.C. §§ 1983 and 1985(2)-(3).

**PLAUSIBILITY—Legally Binding and Conclusive Judicially Admitted Liability (Verbatim from State)**

638. The following sets forth Susan Wilson's legally conclusive and binding judicial admissions of liability **verbatim from Kentucky case 25-CI-001371** under the plausibility section supporting this Claim for Relief/Relief Demanded/Count. These legally conclusive and binding judicial admissions of liability fully satisfy the plausibility requirement under Twombly and Iqbal and re-litigation of those admissions is estopped.

639. **Count XVII:** (17th Cause of Action) **KRS 514.160 Theft of identity, KRS 502.020 Complicity and Liability to KRS 514.160** (1) A person is guilty of the theft of the identity of another when he or she knowingly possesses or uses any current or former identifying information **of the other person or family member or ancestor of the other person**, such as that person's or family member's or ancestor's name, address, telephone number, electronic mail address, **Social Security number**, driver's license number, birth date, personal identification number or code, and any other information which could be used to identify the person, including unique biometric data, with the intent to represent that he or she is the other person for the purpose of: (a) Depriving the other person of property; (b) Obtaining benefits or property to which he or she would otherwise not be entitled; (c) Making financial or credit transactions using the other person's identity; (d) Avoiding detection.

640. Plaintiff realleges and incorporates by reference the preceding paragraphs as though fully set forth herein.

641. Pursuant to **aforementioned KRS 514.160(1)(a)–(d); (1)**, Edward **asserts** that Fox unlawfully used his personal identifying information, including his **name** and **Social Security number**, with the intent to fraudulently obtain property and financial benefits to which she was not entitled. **Wilson's** previous complicity allowed Fox's actions to cause financial harm to

Edward and exposed him to further risk of financial fraud. See PX-2, #39, #40, #105, **PX-6, PX-34-38**.

642. **Wilson's complicity** allowed Fox to knowingly possess and use Edward's identifying information, including his **name** and **Social Security number**, without his consent, to impersonate him for fraudulent financial transactions. Refer to PX-2, #39, #40, #105, **PX-6, PX-34-38**.

643. **Wilson's** complicity allowed the following: See PX-2, Statement 39: On May 12, 2020, Lori Fox used Edward Colgate's name and social security number to purchase a $1,550 Apple iPad Pro, using her father's (McConnell) address. The IMEI number for the Ipad Pro is 3527-8211-9442-322, and the model number is iPdPr 12A 2069 with the identifying phone number attached to it of 502-541-6961, although not used as a phone number. The TEC manufacturer number is 3104-1025-8689-894. Edward's social security number was obtained by Fox in the robbery cited above. See **PX-2, PX-6, PX-34 through PX-39.**

644. See PX-2, #40; **Wilson's** complicity allowed the following: On 5-13-2020, UPS delivered the ipad to Fox's father's (Hey Jude, LLC) address, 410 Wisteria Avenue, which was one of McConnell's current addresses at that time, which was Doris's previous address. Refer to **PX-2, PX-6, PX-34 through PX-39**.

645. Wilson's complicity allowed the following: See PX-2, #22 and #23: A police report, dated 3-1-2020, was filed by Edward against Lori Fox for Robbery. Fox's actions were part of a broader effort to isolate Doris, and take control of her assets. The following items were stolen by Fox: Edward's Trustee, Power of Attorney, and Will documents, where Doris names Edward; Edward and Doris's United States mail; Documents with Edward's Social Security number;

Edward's watch; other personal property of Edward's and Doris's. See **PX-2, PX-6, PX-34 thru PX-39.**

646. **Wilson's** complicity allowed the following: The second identity fraud perpetrated by Lori Fox is related to Citizens One and Citizens Bank. Citizens One is owned by Citizens Bank. The bank told Plaintiff that his social security number and name were used to set up a $2,500 limit for an xbox console game system and an xbox all access pass. The account number that Lori Fox attached Edward's social security number and name is [redacted]**4151**. Fox then used the 410 Wisteria Avenue address again, as noted for the ipad fraud above. Refer to **PX-2, #105.**

647. Edward was allowed to take pictures of the AT&T computer screens at the AT&T store of the fraudulent account set up in his name. AT&T, and UPS, who delivered the AT&T product, gave added information to Edward via phone call. See **PX-34--PX-38.**

**CLAIM FOR RELIEF XVIII**--(Also a Count and Cause of Action) — Robbery in the second degree pursuant to **KRS 515.030;** Actionable Under KRS 515.030, KRS 209.990, KRS 502.020, KRS 446.070, 28 U.S.C. § 1367(a); Legally Binding and Conclusive Judicial Admissions of Liability Under Substantive CR 8.04 and 28 U.S.C. § 1367(a); Causing Harm, Injury, and Unjust Enrichment

648. Plaintiffs reassert and incorporate by reference in full detail all of Section XII: Master Comprehensive Incorporation of Exhibits, Evidentiary Foundation, Jurisdictional Foundation, Record of Judicial Misconduct, Systemic Civil Rights Obstruction, Denial of All Access to All Kentucky Courts, Constitutional and Federal Enforcement Framework, the Supremacy Clause (Art. VI, Cl. 2), and all preceding paragraphs as though fully restated and fully set forth herein this claim for relief/relief entitled to-sought-demanded. Plaintiffs further assert all of the following:

**Plaintiffs hereby assert the following "Short and Plain Statement" (Fed. R. Civ. P. 8(a)(2)):**

649. Plaintiffs incorporate by reference in full detail all prior paragraphs, all following plausibility paragraphs, and all legally binding and conclusive judicially admitted liability and damages from cases 25-CI-001371, 25-CI-001568, 25-CI-001795, 25-CI-001796, 25-CI-001121, with cases 25-CI-001568, 25-CI-001795, 25-CI-001796, 25-CI-001121 **facially fully supporting case 25-CI-001371 (Refer to PX-51 through PX-62, PX-96, PX-95),** as though fully restated and fully set forth herein this claim for relief/relief entitled to-sought-demanded, and assert all of the following:

650. Defendant **knowingly** and intentionally perpetrated and was/is complicit in enabling others to perpetrate robbery in the second degree against Doris and Edward regarding violations against Doris Colgate's and Edward Colgate's assets, property, financial holdings/interests, and legal rights.

651. That robbery in the second degree caused harm and injury to Doris and Edward, resulting in financial loss, tortious interference with legal and fiduciary duties, and deprivation of property, financial holdings/interests, and legal rights.

652. Defendant's participation in robbery in the second degree also constitutes elder abuse of a vulnerable adult, and is actionable under **KRS 515.030,** KRS 209.990, KRS 446.070, KRS 502.020, 28 U.S.C. § 1367(a).

653. **Liability for this Claim for Relief/Relief Demanded is legally binding and conclusive** based on Defendant's **judicial admissions of liability** in Kentucky Case No. **25-CI-001371, Count XVIII,** pursuant to CR 8.04, and 28 U.S.C. § 1367(a). See **PX-51** for Kentucky Complaint **25-CI-001371, PX-55** for the Sheriff's Affidavit for legal service to Defendant, and **PX-56** for the case file docket log.

654. Plaintiffs accordingly respectfully demand immediate entry of judgment as to liability, and a corresponding award of $540,185.41 --- based on the substantive CR 8.04 legally binding and conclusive judicially admitted Special Damages floor --- arising from the first 31 claims combined --- from Ky. case 25-CI-001371 (PX-51) --- which is separate from and in addition to --- other compensatory damages and other continuing losses caused by Defendant's ongoing fraudulent obstruction of recovery, concealment, and unjust enrichment that are also judicially admitted under CR 8.04. These Special Damages — established as a legally binding and conclusive sum certain from Susan Wilson's own CR 8.04 admissions --- are independently confirmed from four additional defendants' CR 8.04 admissions across four separate Kentucky cases --- which include cases 25-CI-001568, 25-CI-001795, 25-CI-001796, 25-CI-001121 (PX-52, PX-53, PX-54, and PX-96 supported by PX-95. Plaintiffs also demand declaratory and injunctive relief to prevent the continuing abuses. Plaintiffs demand general damages and punitive damages.

655. The **foregoing constitutes Plaintiffs' short and plain statement of this claim for relief** in compliance with Fed. R. Civ. P. 8(a)(2).

656. Plaintiffs further preserve and reserve all federal claims, including but not limited to those under 42 U.S.C. § 1983, § 1985(2)-(3), civil RICO (18 U.S.C. §§ 1961 through 1964(c)), 28 U.S.C. § 1367(a), the First, Seventh, and Fourteenth Amendments, the Supremacy Clause, other federal and state statutes, and other federal question violations, caused by the same acts of deception and obstruction, and assert that these violations will be set forth in separate Claims for Relief below to preserve both state-law recovery and the right to seek treble damages, punitive damages, declaratory relief, and injunctive relief under federal law. Plaintiffs further incorporate by reference in full detail Sections VII, VIII, and XII for WDWA's jurisdiction of this claim.

Additionally, The Defendant's **legally binding and conclusive, judicially admitted participation in forged legal documents/instruments** has resulted in **continuous**, unlawful **tortious interference** with Trustee Edward Colgate's administration of **The Colgate Family Living Trust dated January 29, 2020,** with **each day since March 1, 2020,** constituting a **new act of fraudulent obstruction** and fiduciary harm/injury. This Claim for Relief is pled under a continuing tort doctrine, as Defendant's obstruction of Trustee Edward Colgate's fiduciary duties and Trustee recovery rights under the Trust constitutes an ongoing violation, with each day renewing the harm/injury and tolling all applicable statutes of limitation. Additionally, **each day that Defendant refuses and fails to report her own elder abuse and tortious fiduciary interference under KRS 209.030 constitutes a new statutory violation,** which further tolls all relevant statutes of limitation under Kentucky and federal law. Each day that Judge Morris's and other judges' **fraudulent felony accusations** against plaintiff(s) **remain embedded in void ab initio orders** constitutes a continuing denial of all Kentucky court access and systemic obstruction of justice in violation of 42 U.S.C. §§ 1983 and 1985(2)-(3), and the First, Seventh, and Fourteenth Amendments. Their collective refusal to report their own and each other's illegal or fraudulent actions under **KRS 26A.080 and KRS 209.030** perpetuates retaliatory elder abuse under **KRS 209.050**, renewing the constitutional and statutory harm/injury daily and **tolling all applicable statutes of limitation** under the continuing tort doctrine. **No state or federal court in the United States has ever attempted to bar, obstruct, or deny a civil plaintiff from all court access across an entire state by fraudulently accusing them of felonies.** The absurdity and illegality of such an act is so blatant that it has never been attempted by any judge in any jurisdiction. Adding to the absurdity and illegality is the fact that the Defendant had not been legally served yet. Jefferson Circuit Court is the first to attempt this type of illegal act or fraud,

which is retaliatory under KRS 209.050, KRS 209.030, KRS 209.990, KRS 26A.015(2), and is an attempt to intimidate and tamper with a witness, which is also violation of 42 U.S.C. §§ 1983 and 1985(2)-(3).

**PLAUSIBILITY—Legally Binding and Conclusive Judicially Admitted Liability (Verbatim from State)**

657. The following sets forth Susan Wilson's legally conclusive and binding judicial admissions of liability **verbatim from Kentucky case 25-CI-001371** under the plausibility section supporting this Claim for Relief/Relief Demanded/Count. These legally conclusive and binding judicial admissions of liability fully satisfy the plausibility requirement under Twombly and Iqbal and re-litigation of those admissions is estopped.

658. **Count XVIII:** (18th Cause of Action) **Pursuant to KRS 515.030 Complicity to Robbery in the second degree by Wilson, and KRS 502.020 Complicity--(1)–(2) – Liability for conduct of another regarding Robbery based on KRS 502.020 (8th Cause of Action)** (1) A person is guilty of robbery in the second degree when, in the course of committing theft, he or she uses or threatens the immediate use of physical force upon another person with intent to accomplish the theft.

659. Plaintiff realleges and incorporates by reference the preceding paragraphs as though fully set forth herein.

660. Under **KRS 515.030(1)**, a person is guilty of **robbery in the second degree** when, in the course of committing **theft**, they **use or threaten the immediate use of physical force** upon another person with the **intent to accomplish the theft.**

661. Plaintiff asserts that Wilson, in the course of unlawfully obtaining Doris's and Edward's personal property, and Doris's real property, had Ray Wilson, her husband, Menacing as he

continued to go in front of Edward to prevent him from obtaining his property, as Susan Wilson, Fox, Burkhead, and McConnell took possession of Doris's and Edward's property on 3-4-2020. Refer to Doris's Affidavit on 1-29-2020 against Susan Wilson and Ray Wilson. See **PX-10, PX-4, PX-11, PX-23, PX-24, and PX-3, Audio recordings Audio1 through Audio20, and PX-31 and PX-32—Susan Wilson's text messages saying that she is done with Doris.**

662. Wilson's actions were part of a broader effort to isolate Doris, and take control of her assets.

663. Wilson and Fox had intentionally deceived Doris, who was/is living in a 24/7 nursing facility, to allow them access to Doris's house. This set up Wilson's complicity to theft by deception of Edward's and Doris's personal property, as well as set up Fox's real estate fraud and annuity frauds, and **security frauds against Doris, causing financial damage to Doris and Edward. Refer to PX-6, PX-10, PX-31, PX-32,** and **PX-39**, and **PX-3, Audios 1 through 20.**

664. Statements #18: On 2-29-2020, police were called to 410 Wisteria Avenue, after Lori Fox and harassed Edward at 410 Wisteria, Louisville, demanding Doris's baby grand piano, and other property that Doris had told Edward and Stanette Rose not to give to Fox. Fox communicated to Edward and Stanette that she would find a way to have Doris sign the piano over to her if they did not give it to her. (text message)

665. Statement #19: On 2-29-2020, Officer Ken communicated to Edward to call back if Lori Fox returned, and he would arrest her for trespassing. See **PX-2, PX-6, PX-39**.

666. Statement #20: On 2-29-2020, Doris communicates to Edward that she would not allow Lori Fox to return to her house at 410 Wisteria Avenue after her harassment of Edward. Refer to **PX-2, #20, and PX-3, Audio2**, and **PX-39.**

667. Statement #21: On 2-29-2020, Text Message evidence reveals Lori Fox's defiance of a police trespass warning. Edward and Stanette notified Lori Fox regarding Police Officer Ken communicating that if Fox came to 410 Wisteria Ave. again after her harassment of Edward, to call police again, and he would have Lori Fox arrested for trespassing. Doris agreed to not allow Fox on her property. See **PX-2 and PX-3, Audio2, and PX-39. The aforementioned relate to Wilson's Complicity based on PX-10, Doris's Affidavit against Wilson, since Wilson and Fox are named together on a document where there is numerous evidences that Doris did not sign those documents.**

668. Four days later Fox has a fraudulent power of attorney document to use to put Doris's house in her father's name on a self-dealing insider deal. See **PX-7 and PX-8. Note: Fox is Wilson's daughter.**

**CLAIM FOR RELIEF XIX**--(Also a Count and Cause of Action) — **Complicity by Defendant by deceiving Doris Colgate and inducing Doris Colgate to commit perjury pursuant to KRS 523.020—(Perjury in the first degree) and pursuant to KRS 502.020 (Complicity with Full Liability);** Actionable Under KRS 523.020, KRS 502.020, KRS 209.990, KRS 446.070, 28 U.S.C. § 1367(a); Legally Binding and Conclusive Judicial Admissions of Liability Under Substantive CR 8.04 and 28 U.S.C. § 1367(a); Causing Harm, Injury, and Unjust Enrichment

669. Plaintiffs reassert and incorporate by reference in full detail all of Section XII: Master Comprehensive Incorporation of Exhibits, Evidentiary Foundation, Jurisdictional Foundation, Record of Judicial Misconduct, Systemic Civil Rights Obstruction, Denial of All Access to All Kentucky Courts, Constitutional and Federal Enforcement Framework, the Supremacy Clause (Art. VI, Cl. 2), and all preceding paragraphs as though fully restated and fully set forth herein

this claim for relief/relief entitled to-sought-demanded. Plaintiffs further assert all of the following:

**Plaintiffs hereby assert the following "Short and Plain Statement" (Fed. R. Civ. P. 8(a)(2)):**

670. Plaintiffs incorporate by reference in full detail all prior paragraphs, all following plausibility paragraphs, and all legally binding and conclusive judicially admitted liability and damages from cases 25-CI-001371, 25-CI-001568, 25-CI-001795, 25-CI-001796, 25-CI-001121, with cases 25-CI-001568, 25-CI-001795, 25-CI-001796, 25-CI-001121 **facially fully supporting case 25-CI-001371 (Refer to PX-51 through PX-62, PX-96, PX-95),** as though fully restated and fully set forth herein this claim for relief/relief entitled to-sought-demanded, and assert all of the following:

671. Defendant **knowingly** and intentionally perpetrated and was/is complicit in enabling others to perpetrate **perjury in the first degree through deception, inducement, and complicity(full liability)** against Doris and Edward regarding obstructing recovery for violations against Doris Colgate's and Edward Colgate's assets, property, financial holdings/interests, and legal rights.

672. That **perjury in the first degree through deception, inducement, and complicity(full liability)** caused harm and injury to Doris and Edward, resulting in financial loss, tortious interference with legal and fiduciary duties, and deprivation of property, financial holdings/interests, and legal rights.

673. Defendant's participation in **perjury in the first degree through deception, inducement, and complicity(full liability)** also constitutes elder abuse of a vulnerable adult, and is actionable under **KRS 523.020, KRS 502.020,** KRS 209.990, KRS 446.070, 28 U.S.C. § 1367(a).

674. **Liability for this Claim for Relief/Relief Demanded is legally binding and conclusive** based on Defendant's **judicial admissions of liability** in Kentucky Case No. **25-CI-001371,**

**Count XIX,** pursuant to CR 8.04, and 28 U.S.C. § 1367(a). See **PX-51** for Kentucky Complaint **25-CI-001371, PX-55** for the Sheriff's Affidavit for legal service to Defendant, and **PX-56** for the case file docket log.

675. Plaintiffs accordingly respectfully demand immediate entry of judgment as to liability, and a corresponding award of $540,185.41 --- based on the substantive CR 8.04 legally binding and conclusive judicially admitted Special Damages floor --- arising from the first 31 claims combined --- from Ky. case 25-CI-001371 (PX-51) --- which is separate from and in addition to --- other compensatory damages and other continuing losses caused by Defendant's ongoing fraudulent obstruction of recovery, concealment, and unjust enrichment that are also judicially admitted under CR 8.04. These Special Damages - established as a legally binding and conclusive sum certain from Susan Wilson's own CR 8.04 admissions --- are independently confirmed from four additional defendants' CR 8.04 admissions across four separate Kentucky cases --- which include cases 25-CI-001568, 25-CI-001795, 25-CI-001796, 25-CI-001121 (PX-52, PX-53, PX-54, and PX-96 supported by PX-95. Plaintiffs also demand declaratory and injunctive relief to prevent the continuing abuses. Plaintiffs demand general damages aud punitive damages.

676. The **foregoing constitutes Plaintiffs' short and plain statement of this claim for relief** in compliance with Fed. R. Civ. P. 8(a)(2).

677. Plaintiffs further preserve and reserve all federal claims, including but not limited to those under 42 U.S.C. § 1983, § 1985(2)-(3), civil RICO (18 U.S.C. §§ 1961 through 1964(c)), 28 U.S.C. § 1367(a), the First, Seventh, and Fourteenth Amendments, the Supremacy Clause, other federal and state statutes, and other federal question violations, caused by the same acts of deception and obstruction, and assert that these violations will be set forth in separate Claims for

Relief below to preserve both state-law recovery and the right to seek treble damages, punitive damages, declaratory relief, and injunctive relief under federal law. Plaintiffs further incorporate by reference in full detail Sections VII, VIII, and XII for WDWA's jurisdiction of this claim. Additionally, The Defendant's **legally binding and conclusive, judicially admitted participation in forged legal documents/instruments** has resulted in **continuous**, unlawful **tortious interference** with Trustee Edward Colgate's administration of **The Colgate Family Living Trust dated January 29, 2020,** with **each day since March 1, 2020**, constituting a **new act of fraudulent obstruction** and fiduciary harm/injury. This Claim for Relief is pled under a continuing tort doctrine, as Defendant's obstruction of Trustee Edward Colgate's fiduciary duties and Trustee recovery rights under the Trust constitutes an ongoing violation, with each day renewing the harm/injury and tolling all applicable statutes of limitation. Additionally, **each day that Defendant refuses and fails to report her own elder abuse and tortious fiduciary interference under KRS 209.030 constitutes a new statutory violation**, which further tolls all relevant statutes of limitation under Kentucky and federal law. Each day that Judge Morris's and other judges' **fraudulent felony accusations** against plaintiff(s) **remain embedded in void ab initio orders** constitutes a continuing denial of all Kentucky court access and systemic obstruction of justice in violation of 42 U.S.C. §§ 1983 and 1985(2)-(3), and the First, Seventh, and Fourteenth Amendments. Their collective refusal to report their own and each other's illegal or fraudulent actions under **KRS 26A.080 and KRS 209.030** perpetuates retaliatory elder abuse under **KRS 209.050**, renewing the constitutional and statutory harm/injury daily and **tolling all applicable statutes of limitation** under the continuing tort doctrine. **No state or federal court in the United States has ever attempted to bar, obstruct, or deny a civil plaintiff from all court access across an entire state by fraudulently accusing them of felonies.** The absurdity

and illegality of such an act is so blatant that it has never been attempted by any judge in any jurisdiction. Adding to the absurdity and illegality is the fact that the Defendant had not been legally served yet. Jefferson Circuit Court is the first to attempt this type of illegal act or fraud, which is retaliatory under KRS 209.050, KRS 209.030, KRS 209.990, KRS 26A.015(2), and is an attempt to intimidate and tamper with a witness, which is also violation of 42 U.S.C. §§ 1983 and 1985(2)-(3).

**PLAUSIBILITY—Legally Binding and Conclusive Judicially Admitted Liability (Verbatim from State)**

678. The following sets forth Susan Wilson's legally conclusive and hinding judicial admissions of liability **verbatim from Kentucky case 25-CI-001371** under the plausibility section supporting this Claim for Relief/Relief Demanded/Count. These legally conclusive and hinding judicial admissions of liability fully satisfy the plausibility requirement under Twombly and Iqbal and re-litigation of those admissions is estopped.

679. **Count XIX: KRS 502.020 Complicity regarding inducing Doris to commit perjury by deceiving Doris. (19th Cause of Action) KRS 523.020 Perjury in the first degree** (1) A person is guilty of perjury in the first degree when he or she makes a material false statement, which he or she does not believe: (a) In any official proceeding under an oath required or authorized by law; (b) In a subscribed written instrument for which an oath is required or authorized by law, with the intent to mislead a public servant in the performance of his or her official functions when such person is subscribing a warrant accusing his or her spouse of an offense under KRS Chapter 510.

680. Plaintiff realleges and incorporates by reference the preceding paragraphs as though fully set forth herein.

681. Plaintiff asserts that Wilson was complicit with Fox and Ford in intentionally **deceiving Doris** into making **false statements under oath** during her deposition on **November 16, 2023**, in a manner that constitutes perjury. See **PX-5.**

682. At the **deposition, Wilson and Fox were sitting next to Doris, with Doris asking Wilson and Fox to answer for her at two different times, when they should been sequestered, based on the elder abuse they had perpetrated against Doris.** Wilson's complicity, which included **supporting Doris to provide false testimony** while concealing material facts from Doris, resulting in Doris unknowingly, or in the alternative, knowingly, committing perjury during her sworn deposition. **Refer to PX-2, #82, and PX-5, Page 68, Lines 10-11.**

683. **See PX-5, Page 45, lines 12-13**: Doris's answer at her deposition: **Do you know who my lawyer was Susan** (Wilson)? See PX-2, #82: Deposition **PX-5, Page 68, Lines 10-11: THE WITNESS (Doris): Lori, do you know my lawyer's name?** (Refers to Doris asking Fox to answer for her at the deposition for her.) (**Wilson** and Fox, who perpetrated real estate and annuity fraud, elder abuse, undue influence against Doris, should have been sequestered as witnesses since they were not named in this lawsuit, and should not have been sitting by Doris, with Doris asking them to answer for her.)

684. **Wilson's** complicity to the inducement of perjury was intended to mislead the court and obstruct justice, causing significant harm to Doris by preventing Doris from understanding the nature of the proceedings and harming Edward's efforts to protect Doris's interests, and harming Edward, since Wilson was complicit in concealing from Doris that she is to reimburse Edward since Doris agreed to do so. Q. Did you review the document that initiated and started the legal action against you? **Doris-A. Did I see it?** Q. Yes, ma'am. **Doris-A. No. Q.** So **you have not read the complaint, the document that started this lawsuit? Doris-A. No,** I don't think so.

(Based on this Deposition, Plaintiff asserts that Doris was deceived by Fox regarding the nature of this lawsuit as the Complaint was concealed from Doris.) Refer to PX-2, statement #71, and **PX-5, Page 6, Lines 13-21. Refer to PX-24, and PX-3, Audios 1 through 20. Refer to all 30 Counts herein as Wilson's incentive to be complicit in deceiving Doris into making false statements.**

685. Page 87 of Doris's deposition (See **PX-5**), Doris is stating "I hope that they can see that Edward is not greedy" indicating Wilson, who is sitting next to Doris, is saying that. Refer to the following for why using the word "greedy" is a false statement regarding Edward. See **PX-5, Page 30, Lines 5-8**: Q. Was there a particular incident that led you to believe that Eddie just wanted your money? **Doris-A. I cannot answer that. I don't know. I can't think of a particular incident.** This is a direct contradiction to her statement since she cannot think of a particular incident. Refer to **PX-2, #75**, **PX-5, Page 30, 5-8**, and **PX-2, #66**, and **PX-3, Audio1 through Audio20, and PX-10, Doris's Affidavit against Wilson, and PX-3, Audio18 shows that Doris has a positive relationship with Edward and Stanette.**

686. Statement 57: Doris had previously requested Edward to hire an attorney to recover her defrauded money from Wilson. Refer to PX-2, #57, and **PX-3, Audio13.**

687. Statement #63 and #65: On **2-17-2023** and on **6-7-2023**, the phone call **supports** that Doris **maintained a positive relationship** with Edward and Stanette, evidenced by communications as late as June 7, 2023, before the 11-16-2023 deposition. Edward and Stanette also made phone calls to Doris after that date. See **PX-2, #63 and #65, and PX-3, Audio13 and Audio18.**

688. When **Wilson** was sitting next to Doris, Doris's attitude completely changed toward Edward since the last time she had spoken with him and Stanette Rose.

689. See PX-2, Statement #77, and **PX-5, Page 45, Lines 23-25**: **Doris--A. Bob English. It was Bob English. He was—he was the lawyer, and that's the only lawyer that I've ever had—Bob English. (Doris communicating that Ford, who is representing Fox for fraud against Doris, is not her attorney.)** Refer to **PX-3, Audio10 also. Plaintiff asserts Wilson's deception of Doris based on Doris not knowing that Wilson's attorney is at the deposition, acting as Doris's attorney.**

690. See PX-2, Statement #81 and **PX-5, Page 68, Line 6**: **Doris--A. The only—only attorney I've ever had was Bob English. (Doris communicating that Ford is not her attorney an additional time.)**

691. **Wilson's** presence and active influence during Doris's deposition demonstrate her intent to manipulate the outcome of the proceeding by tampering with Doris's testimony that is now in a deposition transcript, which is now physical evidence. See **PX-5.**

692. **Wilson** had her defense attorney (Ford) at the deposition, acting as Doris's attorney, when Doris is communicating that Ford is not her attorney, since she is saying that Bob English is the only attorney she has ever had. Refer to **PX-3, Audio10**, and **PX-5, page 68, line 6.**

693. Plaintiff asserts the following: Wilson, who was sitting next to Doris, should have been sequestered from the deposition. **Through Wilson's** undue influence, **through deception and elder abuse of Doris**, to induce Doris to make false inflammatory statements of defamation and prejudice regarding Edward, Doris was allowed, encouraged by both attorneys to go unchecked a minimum of 23 times, name calling against the Plaintiff, with one of the words being "greedy," even though **Doris communicated in the deposition that she did not have a reason to think that, and refer to PX-3, Audio18, showing Doris's positive relationship with Edward before the deposition**, with **Wilson sitting next to her** (Doris).

694. Both attorneys should have objected, and redirected the deponent immediately, striking the inflammatory, prejudicial statements. **After the deposition, Edward discovers that his attorney** had been **working** on **previous cases with Wilson's attorney**, presenting a conflict of interest regarding representing Edward.

695. Edward is using his own money, based on his fiduciary duty to Doris, with **Doris agreeing to reimburse him, to recover damages from Wilson, while Wilson continues to use Doris's money for attorney fees, continuing to financially damage Doris.** Wilson's actions continue to cause harm to Doris, and to Edward, regarding attorney fees paid on Doris's behalf, as fiduciary. Refer to **PX-3, Audio7, Audio8, Audio11, Audio12, Audio13, and Audio16, and PX-24.**

696. Since Doris was not allowed to see or read the Complaint, **Wilson gave an Answer to the Court for Doris, or Wilson was complicit in having an answer being given to the court that was not Doris's answer, since Doris did Not Know, and still does not know that Edward is requesting reimbursement, to which Doris agreed, for attorney fees paid on Doris's behalf to recover damages from Wilson for her real estate fraud, and other frauds against Doris.** Refer to **PX-2, statement #71, and PX-5, Page 6, Lines 13-21,** Refer to **PX-2, #75, PX-5, Page 30, 5-8,** and **PX-2, #66,** and **PX-3, Audio1 through Audio20, and PX-10, Doris's Affidavit against Wilson, and PX-3, Audio18 shows that Doris has a positive relationship with Edward and Stanette, and PX-11, and PX-24.**

**CLAIM FOR RELIEF XX--**(Also a Count and Cause of Action) -- **Direct and Complicity in Tampering with a Witness pursuant to KRS 524.050 and pursuant to KRS 502.020 (Complicity with Full Liability);** Actionable Under KRS 524.050, KRS 502.020, KRS 209.990, KRS 446.070, 28 U.S.C. § 1367(a); Legally Binding and Conclusive Judicial Admissions of

Liability Under Substantive CR 8.04 and 28 U.S.C. § 1367(a); Causing Harm, Injury, and Unjust Enrichment

697. Plaintiffs reassert and incorporate by reference in full detail all of Section XII: Master Comprehensive Incorporation of Exhibits, Evidentiary Foundation, Jurisdictional Foundation, Record of Judicial Misconduct, Systemic Civil Rights Obstruction, Denial of All Access to All Kentucky Courts, Constitutional and Federal Enforcement Framework, the Supremacy Clause (Art. VI, Cl. 2), and all preceding paragraphs as though fully restated and fully set forth herein this claim for relief/relief entitled to-sought-demanded. Plaintiffs further assert all of the following:

**Plaintiffs hereby assert the following "Short and Plain Statement" (Fed. R. Civ. P. 8(a)(2)):**

698. Plaintiffs incorporate by reference in full detail all prior paragraphs, all following plausibility paragraphs, and all legally binding and conclusive judicially admitted liability and damages from cases 25-CI-001371, 25-CI-001568, 25-CI-001795, 25-CI-001796, 25-CI-001121, with cases 25-CI-001568, 25-CI-001795, 25-CI-001796, 25-CI-001121 **facially fully supporting case 25-CI-001371 (Refer to PX-51 through PX-62, PX-96, PX-95),** as though fully restated and fully set forth herein this claim for relief/relief entitled to-sought-demanded, and assert all of the following:

699. Defendant **knowingly** and intentionally perpetrated and was/is complicit in enabling others to perpetrate **Tampering with a Witness pursuant to KRS 524.050 and pursuant to KRS 502.020 (Complicity with Full Liability)** against Doris and Edward regarding obstructing recovery for violations against Doris Colgate's and Edward Colgate's assets, property, financial holdings/interests, and legal rights.

700. That **Tampering with a Witness pursuant to KRS 524.050 and pursuant to KRS 502.020 (Complicity with Full Liability)** caused harm and injury to Doris and Edward, resulting in financial loss, tortious interference with legal and fiduciary duties, and deprivation of property, financial holdings/interests, and legal rights.

701. Defendant's participation in **Tampering with a Witness pursuant to KRS 524.050 and pursuant to KRS 502.020 (Complicity with Full Liability)** also constitutes elder abuse of a vulnerable adult, and is actionable under **KRS 524.050, KRS 502.020,** KRS 209.990, KRS 446.070, 28 U.S.C. § 1367(a).

702. **Liability for this Claim for Relief/Relief Demanded is legally binding and conclusive** based on Defendant's **judicial admissions of liability** in Kentucky Case No. **25-CI-001371, Count XX,** pursuant to CR 8.04, and 28 U.S.C. § 1367(a). See **PX-51** for Kentucky Complaint **25-CI-001371, PX-55** for the Sheriff's Affidavit for legal service to Defendant, and **PX-56** for the case file docket log.

703. Plaintiffs accordingly respectfully demand immediate entry of judgment as to liability, and a corresponding award of $540,185.41 --- based on the substantive CR 8.04 legally binding and conclusive judicially admitted Special Damages floor --- arising from the first 31 claims combined --- from Ky. case 25-CI-001371 (PX-51) --- which is separate from and in addition to --- other compensatory damages and other continuing losses caused by Defendant's ongoing fraudulent obstruction of recovery, concealment, and unjust enrichment that are also judicially admitted under CR 8.04. These Special Damages --- established as a legally binding and conclusive sum certain from Susan Wilson's own CR 8.04 admissions --- are independently confirmed from four additional defendants' CR 8.04 admissions across four separate Kentucky cases --- which include cases 25-CI-001568, 25-CI-001795, 25-CI-001796, 25-CI-001121 (PX-

52, PX-53, PX-54, and PX-96 supported by PX-95. Plaintiffs also demand declaratory and injunctive relief to prevent the continuing abuses. Plaintiffs demand general damages and punitive damages.

The **foregoing constitutes Plaintiffs' short and plain statement of this claim for relief** in compliance with Fed. R. Civ. P. 8(a)(2).

704. Plaintiffs further preserve and reserve all federal claims, including but not limited to those under 42 U.S.C. § 1983, § 1985(2)-(3), civil RICO (18 U.S.C. §§ 1961 through 1964(c)), 28 U.S.C. § 1367(a), the First, Seventh, and Fourteenth Amendments, the Supremacy Clause, other federal and state statutes, and other federal question violations, caused by the same acts of deception and obstruction, and assert that these violations will be set forth in separate Claims for Relief below to preserve both state-law recovery and the right to seek treble damages, punitive damages, declaratory relief, and injunctive relief under federal law. Plaintiffs further incorporate by reference in full detail Sections VII, VIII, and XII for WDWA's jurisdiction of this claim. Additionally, The Defendant's **legally binding and conclusive, judicially admitted participation in forged legal documents/instruments** has resulted in **continuous**, unlawful **tortious interference** with Trustee Edward Colgate's administration of **The Colgate Family Living Trust dated January 29, 2020,** with **each day since March 1, 2020**, constituting a **new act of fraudulent obstruction** and fiduciary harm/injury. This Claim for Relief is pled under a continuing tort doctrine, as Defendant's obstruction of Trustee Edward Colgate's fiduciary duties and Trustee recovery rights under the Trust constitutes an ongoing violation, with each day renewing the harm/injury and tolling all applicable statutes of limitation. Additionally, **each day that Defendant refuses and fails to report her own elder abuse and tortious fiduciary interference under KRS 209.030 constitutes a new statutory violation**, which further tolls all

relevant statutes of limitation under Kentucky and federal law. Each day that Judge Morris's and other judges' **fraudulent felony accusations** against plaintiff(s) **remain embedded in void ab initio orders** constitutes a continuing denial of all Kentucky court access and systemic obstruction of justice in violation of 42 U.S.C. §§ 1983 and 1985(2)-(3), and the First, Seventh, and Fourteenth Amendments. Their collective refusal to report their own and each other's illegal or fraudulent actions under **KRS 26A.080 and KRS 209.030** perpetuates retaliatory elder abuse under **KRS 209.050**, renewing the constitutional and statutory harm/injury daily and **tolling all applicable statutes of limitation** under the continuing tort doctrine. **No state or federal court in the United States has ever attempted to bar, obstruct, or deny a civil plaintiff from all court access across an entire state by fraudulently accusing them of felonies.** The absurdity and illegality of such an act is so blatant that it has never been attempted by any judge in any jurisdiction. Adding to the absurdity and illegality is the fact that the Defendant had not been legally served yet. Jefferson Circuit Court is the first to attempt this type of illegal act or fraud, which is retaliatory under KRS 209.050, KRS 209.030, KRS 209.990, KRS 26A.015(2), and is an attempt to intimidate and tamper with a witness, which is also violation of 42 U.S.C. §§ 1983 and 1985(2)-(3).

**PLAUSIBILITY—Legally Binding and Conclusive Judicially Admitted Liability (Verbatim from State)**

705. The following sets forth Susan Wilson's legally conclusive and binding judicial admissions of liability **verbatim from Kentucky case 25-CI-001371** under the plausibility section supporting this Claim for Relief/Relief Demanded/Count. These legally conclusive and binding judicial admissions of liability fully satisfy the plausibility requirement under Twombly and Iqbal and re-litigation of those admissions is estopped.

706. **XX: KRS 524.050 Tampering with a witness, KRS 502.020 Complicity** with regards to KRS 524.050, tampering with a witness by Wilson, deceiving Doris. **(20th Cause of Action)** (1) A person is guilty of tampering with a witness when, knowing that a person is or may be called as a witness in an official proceeding, he: (b) Knowingly makes any false statement or practices any fraud or deceit with intent to affect the testimony of the witness.

707. Plaintiff realleges and incorporates by reference the preceding paragraphs as though fully set forth herein.

708. **Pursuant to KRS 524.050 Tampering with a witness, KRS 502.020 Complicity** with regards to KRS 524.050, Plaintiff asserts Wilson's complicity to tampering with a witness, deceiving Doris into making false statements under oath. Doris was deceived into calling Edward greedy over and over again, a minimum of 12 times, with Doris acknowledging she did **not** have a reason for thinking that. Edward asserts **Defamation Per Se** by Wilson to Doris, regarding Edward.

709. Plaintiff asserts that Wilson was complicit in tampering with Doris, who was called as a witness in legal proceedings, by using **deception** to manipulate Doris's testimony. Wilson was complicit in influencing Doris to provide false testimony by misleading Doris about the nature of the proceedings, and **concealed** that it was also related to reimbursement for Edward's role in paying attorneys to recover damages for Doris, related to Wilson's fraud. Wilson, thereby, was complicit in obstructing justice.

710. Edward asserts that Wilson was complicit in intentionally **deceiving Doris** into making **false statements under oath** during her deposition on **November 16, 2023**, in a manner that constitutes perjury. See **PX-5, Page 6, Lines 13-21, Page 45, Lines 23-25, and PX-5, page 45, lines 12-13. Refer to all references referred to in paragraph 199 as support.**

711. At the **deposition, Wilson was sitting next to Doris, with Doris asking Wilson to answer for her.** Wilson's actions, which include **being complicit in deceiving Doris into providing false testimony,** while concealing material facts from Doris, resulting in Doris unknowingly, or in the alternative, knowingly, committing perjury during her sworn deposition. See **PX-5, Page 6, Lines 13-21, Page 45, Lines 23-25, and Page 68, line 6, and PX-5, page 45, lines 12-13 Refer to all references referred to in paragraph 199 as support.**

712. See **PX-5, page 45, lines 12-13: THE WITNESS (Doris): Do you remember who the lawyer was, Susan?** (Refers to Doris asking Wilson to answer for her at the deposition.) (Wilson, who perpetrated fraud against Doris, should have been sequestered as a witness since she was not named in this lawsuit, and should not have been sitting by Doris, with Doris asking Wilson to answer for her.) Refer to **PX-5, page 45, lines 23-25,** and **PX-10, Doris's Affidavit against Wilson, and PX-31, PX-32 for Wilson's Texts against Doris.**

713. Wilson's complicity in the inducement of Doris's perjury was intended to mislead the court and obstruct justice, causing significant harm to Doris by preventing Doris from understanding the nature of the proceedings and harming both Doris's and Edward's interests. See **PX-5**: Q. Did you review the document that initiated and started the legal action against you? A. Did I see it? Q. Yes, ma'am. **Doris-A. No. Q.** So **you have not read the complaint, the document that started this lawsuit? A. No,** I don't think so. (Based on this Deposition, Plaintiff asserts that Doris was deceived by Wilson's complicity regarding the nature of this lawsuit as the Complaint was concealed from Doris.) Refer to **PX-2, statement #71, and PX-5, Page 6, Lines 13-21.**

714. **Page 87** of Doris's deposition (See **PX-5**), Doris is stating "I hope that they can see that Edward is not greedy" indicating that Wilson, who is sitting next to Doris, is saying that. Refer to the following for why using the word "greedy" is a false statement regarding Edward. See

**PX-5, Page 30, Lines 5-8**: Q. Was there a particular incident that led you to believe that Eddie just wanted your money? A. I cannot answer that. I don't know. **I can't think of a particular incident.** This is a direct contradiction since Doris cannot think of a particular incident to support her statement. Refer to **PX-2, #75, PX-5, Page 30, 5-8,** and **PX-2, #66.**

715. Statement 57: Doris had previously requested that Edward hire an attorney to recover her defrauded money from Wilson. Refer to **PX-2, #57, and PX-3, Audio13, Audio8, Audio11, Audio6, Audio7, Audio18.**

716. Refer to PX-2, #63 and #65: On 2-17-2023 and on 6-7-2023, the phone call supports that Doris maintained a positive relationship with Edward and Stanette, evidenced by communications as late as June 7, 2023, before the 11-16-2023 deposition. Edward and Stanette also made phone calls to Doris after that date. **Refer to PX-3, Audio18.**

717. Doris's attitude completely changed toward Edward since the last time she had spoken with him with Wilson sitting next to her. Refer to **PX-3, Audio17, for Wilson's intimidation of Doris.**

718. See PX-2, Statement #77 and **PX-5, Page 45, Lines 23-25**: Doris-A. Bob English. It was Bob English. He was -- he was the lawyer, and that's the only lawyer that I've ever had-- Bob English. (Doris communicating that Ford, who is representing Fox for fraud against Doris, is not her attorney.) Refer to **PX-3, Audio10 also.** Plaintiff asserts Wilson's complicity in the deception of Doris based on Doris not knowing that Wilson's attorney, Ford, is at the deposition, acting as Doris's attorney.

719. See PX-2, Statement #81 and **PX-5, Page 68, Line 6**: A. The only—only attorney I've ever had was Bob English. (Doris communicating that Ford is not her attorney an additional time.)

720. Wilson's presence and active complicity to undue influence during the deposition demonstrate her intent to manipulate the outcome of the proceeding by tampering with Doris's testimony. Refer to **PX-5. Page 45, lines 12-13, and PX-10, Affidavit.**

721. With complicity, Wilson had her defense attorney (Ford) at the deposition, acting as Doris's attorney, when Doris is communicating that Ford is not her attorney, since she is saying that Bob English is the only attorney she has ever had. Refer to **PX-3, Audio10**, and **PX-5, page 45 and page 68.**

722. Plaintiff asserts the following: Wilson should have been sequestered from the deposition. Through Wilson's complicity to undue influence and deception of Doris to induce Doris to make false inflammatory statements of defamation and prejudice regarding Edward, Doris was allowed, encouraged by both attorneys to go unchecked a minimum of 23 times, name calling against the Plaintiff, with one of the words being "greedy," even though **Doris communicated in the deposition that she did not have a reason to think that. Refer to PX-5, page 30, lines 5-8.**

723. Both attorneys should have objected, and redirected the deponent immediately, striking the inflammatory, prejudicial statements. After the deposition, Edward discovers that his attorney had been working on previous cases with Wilson's attorney, presenting a conflict of interest.

724. Edward is using his own money, based on his fiduciary duty to Doris, with Doris agreeing to reimburse him to recover damages for fraud against Wilson, while Wilson continues to use Doris's money for attorney fees to continue to cause financial harm to Doris. Wilson's actions cause harm to Doris, and to Edward, regarding attorney fees paid on Doris's behalf, as fiduciary, and because Doris agreed to the reimbursement. See **PX-3, Audio12, Audio7.**

725. Since Doris was not allowed to see or read the Complaint, Wilson gave an Answer to the Court for Doris, or in the alternative, was **complicit** in giving an answer to the court for Doris,

which is tampering with physical evidence, since Doris did not know, and still does not know that Edward is requesting reimbursement, to which Doris agreed, for attorney fees to recover damages from Wilson for her real estate fraud, and other frauds against Doris. **Tampering with evidence also relates to complicity in false statements which are now transcribed on a deposition transcript.** Refer to PX-2, statement #71, and **PX-5, Page 6, Lines 13-21, page 45, lines 23-25,** and **page 68, line 6,** and **PX-5, page 45, lines 12-13, PX-10, PX-31, PX-32, PX-24.**

**CLAIM FOR RELIEF XXI**--(Also a Count and Cause of Action) — **Defamation Per Se and Complicity in Defamation Per Se (Complicity with Full Liability);** Actionable Under Defamation Per Se, KRS 502.020(full liability), KRS 209.990, KRS 446.070, 28 U.S.C. § 1367(a); Legally Binding and Conclusive Judicial Admissions of Liability Under Substantive CR 8.04 and 28 U.S.C. § 1367(a); Causing Harm, Injury, and Unjust Enrichment

726. Plaintiffs reassert and incorporate by reference in full detail all of Section XII: Master Comprehensive Incorporation of Exhibits, Evidentiary Foundation, Jurisdictional Foundation, Record of Judicial Misconduct, Systemic Civil Rights Obstruction, Denial of All Access to All Kentucky Courts, Constitutional and Federal Enforcement Framework, the Supremacy Clause (Art. VI, Cl. 2), and all preceding paragraphs as though fully restated and fully set forth herein this claim for relief/relief entitled to-sought-demanded. Plaintiffs further assert all of the following:

**Plaintiffs hereby assert the following "Short and Plain Statement" (Fed. R. Civ. P. 8(a)(2)):**

727. Plaintiffs incorporate by reference in full detail all prior paragraphs, all following plausibility paragraphs, and all legally binding and conclusive judicially admitted liability and damages from cases 25-CI-001371, 25-CI-001568, 25-CI-001795, 25-CI-001796, 25-CI-001121, with cases 25-CI-001568, 25-CI-001795, 25-CI-001796, 25-CI-001121 **facially fully supporting**

**case 25-CI-001371 (Refer to PX-51 through PX-62, PX-96, PX-95),** as though fully restated and fully set forth herein this claim for relief/relief entitled to-sought-demanded, and assert all of the following:

728. Defendant **knowingly** and intentionally perpetrated and was/is complicit in enabling others to perpetrate **Defamation Per Se--KRS 502.020 (Complicity with Full Liability)** against Doris and Edward regarding obstructing recovery for violations against Doris Colgate's and Edward Colgate's assets, property, financial holdings/interests, and legal rights.

729. That **Defamation Per Se--KRS 502.020 (Complicity with Full Liability)** caused harm and injury to Doris and Edward, resulting in financial loss, tortious interference with legal and fiduciary duties, and deprivation of property, financial holdings/interests, and legal rights.

730. Defendant's participation in **Defamation Per Se--KRS 502.020 (Complicity with Full Liability)** also constitutes elder abuse of a vulnerable adult, and is actionable under **Defamation Per Se, KRS 502.020,** KRS 209.990, KRS 446.070, 28 U.S.C. § 1367(a).

731. **Liability for this Claim for Relief/Relief Demanded is legally binding and conclusive** based on Defendant's **judicial admissions of liability** in Kentucky Case No. **25-CI-001371, Count XXI,** pursuant to CR 8.04, and 28 U.S.C. § 1367(a). See **PX-51** for Kentucky Complaint **25-CI-001371, PX-55** for the Sheriff's Affidavit for legal service to Defendant, and **PX-56** for the case file docket log.

732. Plaintiffs accordingly respectfully demand immediate entry of judgment as to liability, and a corresponding award of $540,185.41 --- based on the substantive CR 8.04 legally binding and conclusive judicially admitted Special Damages floor --- arising from the first 31 claims combined --- from Ky. case 25-CI-001371 (PX-51) --- which is separate from and in addition to --- other compensatory damages and other continuing losses caused by Defendant's ongoing

fraudulent obstruction of recovery, concealment, and unjust enrichment that are also judicially admitted under CR 8.04. These Special Damages — established as a legally binding and conclusive sum certain from Susan Wilson's own CR 8.04 admissions --- are independently confirmed from four additional defendants' CR 8.04 admissions across four separate Kentucky cases --- which include cases 25-CI-001568, 25-CI-001795, 25-CI-001796, 25-CI-001121 (PX-52, PX-53, PX-54, and PX-96 supported by PX-95. Plaintiffs also demand declaratory and injunctive relief to prevent the continuing abuses. Plaintiffs demand general damages and punitive damages.

733. The **foregoing constitutes Plaintiffs' short and plain statement of this claim for relief** in compliance with Fed. R. Civ. P. 8(a)(2).

734. Plaintiffs further preserve and reserve all federal claims, including but not limited to those under 42 U.S.C. § 1983, § 1985(2)-(3), civil RICO (18 U.S.C. §§ 1961 through 1964(c)), 28 U.S.C. § 1367(a), the First, Seventh, and Fourteenth Amendments, the Supremacy Clause, other federal and state statutes, and other federal question violations, caused by the same acts of deception and obstruction, and assert that these violations will be set forth in separate Claims for Relief below to preserve both state-law recovery and the right to seek treble damages, punitive damages, declaratory relief, and injunctive relief under federal law. Plaintiffs further incorporate by reference in full detail Sections VII, VIII, and XII for WDWA's jurisdiction of this claim. Additionally, The Defendant's **legally binding and conclusive, judicially admitted participation in forged legal documents/instruments** has resulted in **continuous**, unlawful **tortious interference** with Trustee Edward Colgate's administration of **The Colgate Family Living Trust dated January 29, 2020,** with **each day since March 1, 2020**, constituting a **new act of fraudulent obstruction** and fiduciary harm/injury. This Claim for Relief is pled under a

continuing tort doctrine, as Defendant's obstruction of Trustee Edward Colgate's fiduciary duties and Trustee recovery rights under the Trust constitutes an ongoing violation, with each day renewing the harm/injury and tolling all applicable statutes of limitation. Additionally, **each day that Defendant refuses and fails to report her own elder abuse and tortious fiduciary interference under KRS 209.030 constitutes a new statutory violation**, which further tolls all relevant statutes of limitation under Kentucky and federal law. Each day that Judge Morris's and other judges' **fraudulent felony accusations** against plaintiff(s) **remain embedded in void ab initio orders** constitutes a continuing denial of all Kentucky court access and systemic obstruction of justice in violation of 42 U.S.C. §§ 1983 and 1985(2)-(3), and the First, Seventh, and Fourteenth Amendments. Their collective refusal to report their own and each other's illegal or fraudulent actions under **KRS 26A.080 and KRS 209.030** perpetuates retaliatory elder abuse under **KRS 209.050**, renewing the constitutional and statutory harm/injury daily and **tolling all applicable statutes of limitation** under the continuing tort doctrine. **No state or federal court in the United States has ever attempted to bar, obstruct, or deny a civil plaintiff from all court access across an entire state by fraudulently accusing them of felonies.** The absurdity and illegality of such an act is so blatant that it has never been attempted by any judge in any jurisdiction. Adding to the absurdity and illegality is the fact that the Defendant had not been legally served yet. Jefferson Circuit Court is the first to attempt this type of illegal act or fraud, which is retaliatory under KRS 209.050, KRS 209.030, KRS 209.990, KRS 26A.015(2), and is an attempt to intimidate and tamper with a witness, which is also violation of 42 U.S.C. §§ 1983 and 1985(2)-(3).

**PLAUSIBILITY—Legally Binding and Conclusive Judicially Admitted Liability (Verbatim from State)**

735. The following sets forth Susan Wilson's legally conclusive and binding judicial admissions of liability **verbatim from Kentucky case 25-CI-001371** under the plausibility section supporting this Claim for Relief/Relief Demanded/Count. These legally conclusive and binding judicial admissions of liability fully satisfy the plausibility requirement under Twombly and Iqbal and re-litigation of those admissions is estopped.

736. **Count XXI: (21st Cause of Action) : Defamation Per Se, Complicity to Defamation Per Se.**

737. Plaintiff realleges and incorporates by reference the preceding paragraphs as though fully set forth herein, and also applies **KRS 502.020 for Liability for Complicity.**

738. Claims for Relief under **Kentucky law, Defamation Per Se** occurs when false statements are made that are so **inherently damaging** that the plaintiff does **not** need to prove actual damages. Statements that harm a person's professional reputation, or imply unethical behavior fall under defamation per se.

739. Plaintiff asserts that Wilson's false statements and misrepresentations, or in the alternative, complicity to false statements and misrepresentations, to Doris, caused Doris to make false statements in the legal proceedings, implying that Edward acted improperly, constituting **defamation per se**. These statements harmed Edward's reputation, particularly in his role as Doris's fiduciary and Trustee, by falsely portraying him as someone acting against Doris's interests, when, in fact, that was and is false.

740. **False Statements:** Wilson made false statements to Doris, or was complicit to **Doris believing false statements**, including claims that Edward was acting improperly and had malicious intentions, despite Doris's request for Edward to help her recover her financially harmed assets from Wilson. Refer to **PX-3, Audio13.**

741. PX-2, #57: **On 6-10-2021, Doris Requests Legal Assistance from Edward.** Doris communicated to Edward that she wanted him to engage an attorney to help her recover funds lost due to **deceptive** real estate fraud by Wilson. **Refer to PX-3, Audio13.**

742. **Plaintiff incorporates all 105 statements of fact and refer to Exhibits (PX) in Count 20 and Count 21 as support. Refer to PX-2 and PX-5.**

743. **Harm to Edward's Reputation and Relationship:** Wilson's false statements, or in the alternative, Wilson's complicity to Doris believing false statements, directly harmed Edward's reputation as Doris's fiduciary, undermining his ability to act in her best interest and recover her financially harmed assets from Wilson. Wilson's false statements harmed Edward and Doris's relationship.

**CLAIM FOR RELIEF XXII**-(Also a Count and Cause of Action) — **Direct and Complicity in Tampering with Physical Evidence Under KRS 524.100 and Under KRS 502.020 (Complicity with Full Liability);** Actionable Under KRS 524.100, KRS 502.020, KRS 209.990, KRS 446.070, 28 U.S.C. § 1367(a); Legally Binding and Conclusive Judicial Admissions of Liability Under Substantive CR 8.04 and 28 U.S.C. § 1367(a); Causing Harm, Injury, and Unjust Enrichment

744. Plaintiffs reassert and incorporate by reference in full detail all of Section XII: Master Comprehensive Incorporation of Exhibits, Evidentiary Foundation, Jurisdictional Foundation, Record of Judicial Misconduct, Systemic Civil Rights Obstruction, Denial of All Access to All Kentucky Courts, Constitutional and Federal Enforcement Framework, the Supremacy Clause (Art. VI, Cl. 2), and all preceding paragraphs as though fully restated and fully set forth herein this claim for relief/relief entitled to-sought-demanded. Plaintiffs further assert all of the following:

**Plaintiffs hereby assert the following "Short and Plain Statement" (Fed. R. Civ. P. 8(a)(2)):**

745. Plaintiffs incorporate by reference in full detail all prior paragraphs, all following plausibility paragraphs, and all legally binding and conclusive judicially admitted liability and damages from cases 25-CI-001371, 25-CI-001568, 25-CI-001795, 25-CI-001796, 25-CI-001121, with cases 25-CI-001568, 25-CI-001795, 25-CI-001796, 25-CI-001121 **facially fully supporting case 25-CI-001371 (Refer to PX-51 through PX-62, PX-96, PX-95),** as though fully restated and fully set forth herein this claim for relief/relief entitled to-sought-demanded, and assert all of the following:

746. Defendant **knowingly** and intentionally perpetrated and was/is complicit in enabling others to perpetrate **tampering with physical evidence pursuant to KRS 524.100 and pursuant to KRS 502.020 (Complicity with Full Liability)** against Doris and Edward regarding obstructing recovery for violations against Doris Colgate's and Edward Colgate's assets, property, financial holdings/interests, and legal rights.

747. That **tampering with physical evidence pursuant to KRS 524.100 and pursuant to KRS 502.020 (Complicity with Full Liability)** caused harm and injury to Doris and Edward, resulting in financial loss, tortious interference with legal and fiduciary duties, and deprivation of property, financial holdings/interests, and legal rights.

748. Defendant's participation in **tampering with physical evidence pursuant to KRS 524.100 and pursuant to KRS 502.020 (Complicity with Full Liability)** also constitutes elder abuse of a vulnerable adult, and is actionable under **KRS 524.100, KRS 502.020,** KRS 209.990, KRS 446.070, 28 U.S.C. § 1367(a).

749. **Liability for this Claim for Relief/Relief Demanded is legally binding and conclusive** based on Defendant's **judicial admissions of liability** in Kentucky Case No. **25-CI-001371,**

**Count XXII,** pursuant to CR 8.04, and 28 U.S.C. § 1367(a). See **PX-51** for Kentucky Complaint **25-CI-001371, PX-55** for the Sheriff's Affidavit for legal service to Defendant, and **PX-56** for the case file docket log.

750. Plaintiffs accordingly respectfully demand immediate entry of judgment as to liability, and a corresponding award of $540,185.41 --- based on the substantive CR 8.04 legally binding and conclusive judicially admitted Special Damages floor --- arising from the first 31 claims combined --- from Ky. case 25-CI-001371 (PX-51) --- which is separate from and in addition to --- other compensatory damages and other continuing losses caused by Defendant's ongoing fraudulent obstruction of recovery, concealment, and unjust enrichment that are also judicially admitted under CR 8.04. These Special Damages — established as a legally binding and conclusive sum certain from Susan Wilson's own CR 8.04 admissions --- are independently confirmed from four additional defendants' CR 8.04 admissions across four separate Kentucky cases --- which include cases 25-CI-001568, 25-CI-001795, 25-CI-001796, 25-CI-001121 (PX-52, PX-53, PX-54, and PX-96 supported by PX-95. Plaintiffs also demand declaratory and injunctive relief to prevent the continuing abuses. Plaintiffs demand general damages and punitive damages.

751. The **foregoing constitutes Plaintiffs' short and plain statement of this claim for relief** in compliance with Fed. R. Civ. P. 8(a)(2).

752. Plaintiffs further preserve and reserve all federal claims, including but not limited to those under 42 U.S.C. § 1983, § 1985(2)-(3), civil RICO (18 U.S.C. §§ 1961 through 1964(c)), 28 U.S.C. § 1367(a), the First, Seventh, and Fourteenth Amendments, the Supremacy Clause, other federal and state statutes, and other federal question violations, caused by the same acts of deception and obstruction, and assert that these violations will be set forth in separate Claims for

Relief below to preserve both state-law recovery and the right to seek treble damages, punitive damages, declaratory relief, and injunctive relief under federal law. Plaintiffs further incorporate by reference in full detail Sections VII, VIII, and XII for WDWA's jurisdiction of this claim. Additionally, The Defendant's **legally binding and conclusive, judicially admitted participation in forged legal documents/instruments** has resulted in **continuous**, unlawful **tortious interference** with Trustee Edward Colgate's administration of **The Colgate Family Living Trust dated January 29, 2020,** with **each day since March 1, 2020**, constituting a **new act of fraudulent obstruction** and fiduciary harm/injury. This Claim for Relief is pled under a continuing tort doctrine, as Defendant's obstruction of Trustee Edward Colgate's fiduciary duties and Trustee recovery rights under the Trust constitutes an ongoing violation, with each day renewing the harm/injury and tolling all applicable statutes of limitation. Additionally, **each day that Defendant refuses and fails to report her own elder abuse and tortious fiduciary interference under KRS 209.030 constitutes a new statutory violation**, which further tolls all relevant statutes of limitation under Kentucky and federal law. Each day that Judge Morris's and other judges' **fraudulent felony accusations** against plaintiff(s) **remain embedded in void ab initio orders** constitutes a continuing denial of all Kentucky court access and systemic obstruction of justice in violation of 42 U.S.C. §§ 1983 and 1985(2)-(3), and the First, Seventh, and Fourteenth Amendments. Their collective refusal to report their own and each other's illegal or fraudulent actions under **KRS 26A.080 and KRS 209.030** perpetuates retaliatory elder abuse under **KRS 209.050**, renewing the constitutional and statutory harm/injury daily and **tolling all applicable statutes of limitation** under the continuing tort doctrine. **No state or federal court in the United States has ever attempted to bar, obstruct, or deny a civil plaintiff from all court access across an entire state by fraudulently accusing them of felonies.** The absurdity

and illegality of such an act is so blatant that it has never been attempted by any judge in any jurisdiction. Adding to the absurdity and illegality is the fact that the Defendant had not been legally served yet. Jefferson Circuit Court is the first to attempt this type of illegal act or fraud, which is retaliatory under KRS 209.050, KRS 209.030, KRS 209.990, KRS 26A.015(2), and is an attempt to intimidate and tamper with a witness, which is also violation of 42 U.S.C. §§ 1983 and 1985(2)-(3).

**PLAUSIBILITY—Legally Binding and Conclusive Judicially Admitted Liability (Verbatim from State)**

753. The following sets forth Susan Wilson's legally conclusive and binding judicial admissions of liability **verbatim from Kentucky case 25-CI-001371** under the plausibility section supporting this Claim for Relief/Relief Demanded/Count. These legally conclusive and binding judicial admissions of liability fully satisfy the plausibility requirement under Twombly and Iqbal and re-litigation of those admissions is estopped.

754. **Count XXII: KRS 524.100 Tampering with physical evidence, or in the alternative, KRS 502.020 Complicity with regards to KRS 524.100 Tampering with physical evidence (22nd Cause of Action)**

755. Plaintiff realleges and incorporates by reference the preceding paragraphs as though fully set forth herein.

756. **(1)** A person is guilty of tampering with physical evidence when, believing that an official proceeding is pending or may be instituted, he:

757. **(b)** Fabricates any physical evidence with intent that it be introduced in the official proceeding or offers any physical evidence, knowing it to be fabricated or altered.

758. Pursuant to KRS 524.100 Tampering with physical evidence, or in the alternative, KRS 502.020 Complicity with regards to KRS 524.100 Tampering with physical evidence, Plaintiff asserts that **Wilson is Complicit in having her attorney, Ford, fabricate an Answer to the Court** for Doris, since Wilson prevented Doris, or was complicit in preventing Doris from seeing or reading the Complaint, causing harm to Doris in her recovery of damages from Wilson's complicity to real estate deception and elder abuse, and complicity to preventing Edward's attorney fees recovery paid on Doris's behalf.

759. Wilson's intent and inducement of Doris, or in the alternative, complicity to have Doris use the word greedy a minimum of 12 times to harass and prejudice the Plaintiff is evidence of this. Since these **false statements are on the deposition transcript**, this also constitutes tampering with physical evidence. 11 other harassing comments were made.

760. **At the end of the deposition, Doris still did not know the purpose of the deposition, as that was also concealed by Wilson, and by both attorneys.**

761. Supporting Statement of Fact: #71, Page 6, Lines 13-21; Q. Did you review the document that initiated and started the legal action against you? A. Did I see it? Q. Yes, ma'am. **A. No. See PX-2, #71, and PX-5, Page 6, lines 13-21.**

762. Q. So you have not read the complaint, the document that started this lawsuit? **A. No,** I don't think so. (Based on this Deposition, Plaintiff asserts that Doris was deceived by Wilson's complicity regarding the nature of this lawsuit as the Complaint was concealed from Doris.)

763. **Intent to Impair the Verity or Availability of Evidence:** Wilson's actions, or in the alternative, her complicity to actions were intended to impair the verity and availability of evidence to Doris necessary for Edward to recover Doris's assets, and his assets, and hold Wilson

accountable for her deceptions and elder abuse actions. Plaintiff **incorporates all statements of fact and all exhibits in Count 20 and Count 21.** See **PX-2 and PX-5 and PX-24.**

**CLAIM FOR RELIEF XXIII**--(Also a Count and Cause of Action) — **Direct and Complicity in Tortious Interference with Contractual Rights and Expectancy--KRS 502.020 (Complicity with Full Liability);** Actionable Under Tortious Interference with Contractual Rights and Expectancy, KRS 502.020, KRS 209.990, KRS 446.070, 28 U.S.C. § 1367(a); Legally Binding and Conclusive Judicial Admissions of Liability Under Substantive CR 8.04 and 28 U.S.C. § 1367(a); Causing Harm, Injury, and Unjust Enrichment

764. Plaintiffs reassert and incorporate by reference in full detail all of Section XII: Master Comprehensive Incorporation of Exhibits, Evidentiary Foundation, Jurisdictional Foundation, Record of Judicial Misconduct, Systemic Civil Rights Obstruction, Denial of All Access to All Kentucky Courts, Constitutional and Federal Enforcement Framework, the Supremacy Clause (Art. VI, Cl. 2), and all preceding paragraphs as though fully restated and fully set forth herein this claim for relief/relief entitled to-sought-demanded. Plaintiffs further assert all of the following:

**Plaintiffs hereby assert the following "Short and Plain Statement" (Fed. R. Civ. P. 8(a)(2)):**

765. Plaintiffs incorporate by reference in full detail all prior paragraphs, all following plausibility paragraphs, and all legally binding and conclusive judicially admitted liability and damages from cases 25-CI-001371, 25-CI-001568, 25-CI-001795, 25-CI-001796, 25-CI-001121, with cases 25-CI-001568, 25-CI-001795, 25-CI-001796, 25-CI-001121 **facially fully supporting case 25-CI-001371 (Refer to PX-51 through PX-62, PX-96, PX-95),** as though fully restated and fully set forth herein this claim for relief/relief entitled to-sought-demanded, and assert all of the following:

766. Defendant **knowingly** and intentionally perpetrated and was/is complicit in enabling others to perpetrate **tortious interference with contractual rights and expectancy--KRS 502.020 (Complicity with Full Liability)** against Doris and Edward regarding violations against Doris Colgate's and Edward Colgate's assets, property, financial holdings/interests, and legal rights.

767. That **tortious interference with contractual rights and expectancy--KRS 502.020 (Complicity with Full Liability)** caused harm and injury to Doris and Edward, resulting in financial loss, tortious interference with legal and fiduciary duties, and deprivation of property, financial holdings/interests, and legal rights.

768. Defendant's participation in **tortious interference with contractual rights and expectancy--KRS 502.020 (Complicity with Full Liability)** also constitutes elder abuse of a vulnerable adult, and is actionable under **tortious interference with contractual rights and expectancy, KRS 502.020,** KRS 209.990, KRS 446.070, 28 U.S.C. § 1367(a).

769. **Liability for this Claim for Relief/Relief Demanded is legally binding and conclusive** based on Defendant's **judicial admissions of liability** in Kentucky Case No. **25-CI-001371, Count XXIII,** pursuant to CR 8.04, and 28 U.S.C. § 1367(a). See **PX-51** for Kentucky Complaint **25-CI-001371, PX-55** for the Sheriff's Affidavit for legal service to Defendant, and **PX-56** for the case file docket log.

770. Plaintiffs accordingly respectfully demand immediate entry of judgment as to liability, and a corresponding award of $540,185.41 --- based on the substantive CR 8.04 legally binding and conclusive judicially admitted Special Damages floor --- arising from the first 31 claims combined --- from Ky. case 25-CI-001371 (PX-51) --- which is separate from and in addition to --- other compensatory damages and other continuing losses caused by Defendant's ongoing fraudulent obstruction of recovery, concealment, and unjust enrichment that are also judicially

admitted under CR 8.04. These Special Damages — established as a legally binding and conclusive sum certain from Susan Wilson's own CR 8.04 admissions --- are independently confirmed from four additional defendants' CR 8.04 admissions across four separate Kentucky cases --- which include cases 25-CI-001568, 25-CI-001795, 25-CI-001796, 25-CI-001121 (PX-52, PX-53, PX-54, and PX-96 supported by PX-95. Plaintiffs also demand declaratory and injunctive relief to prevent the continuing abuses. Plaintiffs demand general damages and punitive damages.

771. The **foregoing constitutes Plaintiffs' short and plain statement of this claim for relief** in compliance with Fed. R. Civ. P. 8(a)(2).

772. Plaintiffs further preserve and reserve all federal claims, including but not limited to those under 42 U.S.C. § 1983, § 1985(2)-(3), civil RICO (18 U.S.C. §§ 1961 through 1964(c)), 28 U.S.C. § 1367(a), the First, Seventh, and Fourteenth Amendments, the Supremacy Clause, other federal and state statutes, and other federal question violations, caused by the same acts of deception and obstruction, and assert that these violations will be set forth in separate Claims for Relief below to preserve both state-law recovery and the right to seek treble damages, punitive damages, declaratory relief, and injunctive relief under federal law. Plaintiffs further incorporate by reference in full detail Sections VII, VIII, and XII for WDWA's jurisdiction of this claim. Additionally, The Defendant's **legally binding and conclusive, judicially admitted participation in forged legal documents/instruments** has resulted in **continuous**, unlawful **tortious interference** with Trustee Edward Colgate's administration of **The Colgate Family Living Trust dated January 29, 2020**, with **each day since March 1, 2020**, constituting a **new act of fraudulent obstruction** and fiduciary harm/injury. This Claim for Relief is pled under a continuing tort doctrine, as Defendant's obstruction of Trustee Edward Colgate's fiduciary duties

and Trustee recovery rights under the Trust constitutes an ongoing violation, with each day renewing the harm/injury and tolling all applicable statutes of limitation. Additionally, **each day that Defendant refuses and fails to report her own elder abuse and tortious fiduciary interference under KRS 209.030 constitutes a new statutory violation**, which further tolls all relevant statutes of limitation under Kentucky and federal law. Each day that Judge Morris's and other judges' **fraudulent felony accusations** against plaintiff(s) **remain embedded in void ab initio orders** constitutes a continuing denial of all Kentucky court access and systemic obstruction of justice in violation of 42 U.S.C. §§ 1983 and 1985(2)-(3), and the First, Seventh, and Fourteenth Amendments. Their collective refusal to report their own and each other's illegal or fraudulent actions under **KRS 26A.080 and KRS 209.030** perpetuates retaliatory elder abuse under **KRS 209.050**, renewing the constitutional and statutory harm/injury daily and **tolling all applicable statutes of limitation** under the continuing tort doctrine. **No state or federal court in the United States has ever attempted to bar, obstruct, or deny a civil plaintiff from all court access across an entire state by fraudulently accusing them of felonies.** The absurdity and illegality of such an act is so blatant that it has never been attempted by any judge in any jurisdiction. Adding to the absurdity and illegality is the fact that the Defendant had not been legally served yet. Jefferson Circuit Court is the first to attempt this type of illegal act or fraud, which is retaliatory under KRS 209.050, KRS 209.030, KRS 209.990, KRS 26A.015(2), and is an attempt to intimidate and tamper with a witness, which is also violation of 42 U.S.C. §§ 1983 and 1985(2)-(3).

**PLAUSIBILITY—Legally Binding and Conclusive Judicially Admitted Liability (Verbatim from State)**

773. The following sets forth Susan Wilson's legally conclusive and binding judicial admissions of liability **verbatim from Kentucky case 25-CI-001371** under the plausibility section supporting this Claim for Relief/Relief Demanded/Count. These legally conclusive and binding judicial admissions of liability fully satisfy the plausibility requirement under Twombly and Iqbal and re-litigation of those admissions is estopped.

774. **Count XXIII: Tortious Interference with Contractual Rights and Expectancy (23rd Cause of Action), Liability and Complicity pursuant to KRS 502.020 regarding Tortious Interference.** Plaintiff incorporates by reference all preceding paragraphs as though fully set forth herein.

775. **Legal Basis:** Tortious interference with contract rights occurs when a third party intentionally interferes with a valid and existing contract, causing harm to one of the contracting parties. This cause of action is governed by **common law**, and the applicable statute of limitations is **5 years**, as provided by **KRS 413.120(4), (5), and (6)**. This **includes quasi contract, quantum meruit, equitable estoppel, promissory estoppel.**

776. Plaintiff asserts the following: Wilson intentionally interfered with, or in the alternative, Wilson was complicit to interfering with Edward and Doris's contractual agreements, including **Edward's appointment as Power of Attorney**, **Trustee**, and **Executor of Doris's Will**. **Wilson** obtained an illegitimate power of attorney document to act for Doris **through deceptive fraud** against Doris, through forgery. **Refer to PX-3, Audio1, Audio8, Audio11, audio13, Audio16, Audio18, PX-4, PX-11, PX-23, PX-24, PX-39**, and **PX-10, PX-31, PX-32.**

777. **Resulting Harm**: Wilson's interference caused significant financial harm to Doris, by depriving Doris of the true value of her assets, and **to Edward, through obstructing his ability to fulfill his contractual obligations to Doris, and through obstructing his ability to recover**


Edward Colgate 22023 SE Wax Rd., Box 1452, Maple Valley, WA 98038, King Co.

**attorney fees paid on Doris's behalf, based on Doris communicating numerous times to Edward, that Edward was, and is her Trustee and power of attorney, agreeing to reimburse him. Refer to PX-24, PX-39, PX-3, Audio7, Audio8 and Audio11, and PX-10, PX-31, PX-32.**

778. See PX-2, Statement 57: Doris explicitly asked Edward to hire an attorney to recover her defrauded real estate money from Fox and Wilson, indicating that she relied on Edward to act in his contractual role as Trustee and power of attorney. Refer to **PX-3, Audio13.**

779. Edward was legally appointed by Doris as her **Power of Attorney** and **Trustee** under valid and binding legal agreements. See **PX-2, statement 5, PX-12 and PX-40.**

780. **Supporting Facts:** See **PX-2, Statements 2, 3:** On **July 30, 2019,** Doris legally appointed Edward as her Power of Attorney. On **October 1, 2019,** Doris appointed Edward as Trustee of her Trust and Executor of her Will. See **PX-12, PX-13, PX-40.**

781. **Statement 5:** On **January 29, 2020,** Doris reaffirmed Edward's appointment by executing an amended Trustee and Power of Attorney agreements. See **PX-12.**

782. **Defendant's Knowledge of the Contract:** Wilson was aware of Edward's legal authority and contractual role as Doris's Power of Attorney and Trustee. Despite this knowledge, she interfered with those agreements by illegitimately presenting herself as Doris's power of attorney. See **PX-6, robbery, PX-10, affidavit by Doris against Wilson. PX-31 and PX-32, and all 30 Counts against Wilson.**

783. **Supporting Facts:** See **PX-2, Statement 6:** Wilson was aware of Doris's **Affidavit** executed against Susan Wilson, which reaffirmed Edward's role as Power of Attorney and Trustee. See **PX-10 Affidavit.**

784. **See PX-2, Statement 25:** Wilson obtained a **fraudulent Power of Attorney document through deception, forgery**, dated March 4, 2020, claiming authority over Doris's assets,

despite knowing that Edward held that authority. See **PX-3, Audio13, Audio8, Audio11, Audio7.**

785. **Intentional Interference**: **Wilson's actions were intentional** and aimed at disrupting Edward's contractual relationship with Doris to gain control over Doris's assets.

786. **Supporting Facts: Statements 31: On 3-4-2020, the same day that Wilson obtained a (fraudulent) POA document with her name and (her daughter's name on it), Wilson, Fox and her father, McConnell, were at Doris's house changing the list price from $300,000 to $150,000. See PX-7, PX-8.**

787. **See PX-2, #35: On 3-13-2020,** Lori Fox sold Doris Colgate's house to Hey Jude LLC, owned by Fox's father, Jude McConnell, for $150,000 when Edward had Doris's house listed for $300,000. The $300,000 is the price that Edward and Doris agreed upon. No independent appraisal was conducted. Discovery has yet to be done, and will determine if any proceeds were deposited into Doris's account. Refer to **PX-3, Audio4 for Wilson's influence, and Audio9**. See **PX-7 and PX-8.**

788. Fox fraudulently sold Doris's house without Edward's consent and without Doris's informed approval, despite Edward's contractual authority to manage Doris's property.

789. See **PX-5, Page 80, Lines 18-21: Q.** Regarding Doris's house/real estate: Is there a reason you didn't sign it? **A.** I don't know. **That's what I can't understand, why I didn't sign it.** I don't know why Lori would have signed it. That is her signature? You say that is her signature? Refer also to **PX-3, Audio1 through Audio20.**

790. **Improper Means or Motive: Wilson was complicit** to Fox using improper means, including **undue influence, fraud, deceit, forgery, to interfere with** Edward's contractual rights and prevent him from fulfilling his fiduciary duties.

791. **Supporting Statement of Fact #25:** On 6-11-2020, Doris communicated that she had not signed any new legal documents after January 29, 2020, indicating that Fox's POA of 3-4-2020 is **invalid.** See **PX-3 transcript, Audio8, Audio11.** See **PX-2, #42: Fox presented a fraudulent power of attorney document** and concealed the true nature of the real estate transaction from Doris and Edward.

792. **Statements 35: Doris lost $150,000** on the sale of her house since Doris and Edward agreed on $300,000, not $150,000. **Doris lost another $9000** based on illegal commissions on an insider, self-dealing real estate transaction. See **PX-2, #2, and PX-7, PX-8, PX-39.**

793. PX-2, Statement #81: In Doris's deposition, communicating Bob English is the only attorney she has ever had. Refer to **PX-5, pages, 45, lines 23-25, page 68, line 6.**

794. Statement #90: Page 80, Lines 18-21: Q. Regarding Doris's house/real estate: Is there a reason you didn't sign it? **A. I don't know. That's what I can't understand, why I didn't sign it. I don't know why Lori would have signed it. That is her signature? You say that is her signature? (Doris is communicating that she should have been the one to sign her own real estate transaction, not Fox, indicating fraud.) Refer to PX-5, PX-7, PX-8, PX-39, and statement #43 of PX-2, and PX-3, Audio9.**

795. **Wilson's complicity with** Fox's actions **deprived Doris of $159,000** regarding real estate, plus **$54,013** from her Protective annuity, plus **$103,000** from her Transamerica annuity, plus $27,418.64 from Washington National annuity, plus attorney fees paid on Fox's (and Wilson's) behalf, attempting to prevent Doris from recovering damages from Fox (and Wilson), + **$101,000 Truist**, + Ingredion securities fraud. See **PX-2, #96 through #100, and PX-25 through PX-29.**

796. Edward's cause of action for **tortious interference with contractual rights** is based on **Wilson's intentional and malicious conduct. This includes written contracts, quasi contracts, quantum meruit, equitable estoppel, and promissory estoppel.**

**CLAIM FOR RELIEF XXIV**--(Also a Count and Cause of Action) — **Unjust Enrichment and Complicity in Unjust Enrichment;** Actionable Under Unjust Enrichment and Complicity in Unjust Enrichment, KRS 502.020 **(Complicity with Full Liability)**, KRS 209.990, KRS 446.070, 28 U.S.C. § 1367(a); Legally Binding and Conclusive Judicial Admissions of Liability Under Substantive CR 8.04 and 28 U.S.C. § 1367(a); Causing Harm, Injury, and Unjust Enrichment

797. Plaintiffs reassert and incorporate by reference in full detail all of Section XII: Master Comprehensive Incorporation of Exhibits, Evidentiary Foundation, Jurisdictional Foundation, Record of Judicial Misconduct, Systemic Civil Rights Obstruction, Denial of All Access to All Kentucky Courts, Constitutional and Federal Enforcement Framework, the Supremacy Clause (Art. VI, Cl. 2), and all preceding paragraphs as though fully restated and fully set forth herein this claim for relief/relief entitled to-sought-demanded. Plaintiffs further assert all of the following:

**Plaintiffs hereby assert the following "Short and Plain Statement" (Fed. R. Civ. P. 8(a)(2)):**

798. Plaintiffs incorporate by reference in full detail all prior paragraphs, all following plausibility paragraphs, and all legally binding and conclusive judicially admitted liability and damages from cases 25-CI-001371, 25-CI-001568, 25-CI-001795, 25-CI-001796, 25-CI-001121, with cases 25-CI-001568, 25-CI-001795, 25-CI-001796, 25-CI-001121 **facially fully supporting case 25-CI-001371 (Refer to PX-51 through PX-62, PX-96, PX-95),** as though fully restated

and fully set forth herein this claim for relief/relief entitled to-sought-demanded, and assert all of the following:

799. Defendant **knowingly** and intentionally benefited from unjust enrichment and was/is complicit in enabling others to benefit from **unjust enrichment**--KRS 502.020 **(Complicity with Full Liability)** based on violations against Doris Colgate's and Edward Colgate's assets, property, financial holdings/interests, and legal rights.

800. That unjust enrichment and complicity in unjust enrichment caused harm and injury to Doris and Edward, resulting in financial loss, tortious interference with legal and fiduciary duties, and deprivation of property, financial holdings/interests, and legal rights.

801. Defendant's participation in unjust enrichment and complicity in unjust enrichment also constitutes elder abuse of a vulnerable adult, and is actionable under unjust enrichment and complicity in unjust enrichment, **KRS 502.020,** KRS 209.990, KRS 446.070, 28 U.S.C. § 1367(a).

802A. **Liability for this Claim for Relief/Relief Demanded is legally binding and conclusive** based on Defendant's **judicial admissions of liability** in Kentucky Case No. **25-CI-001371, Count XXIV,** pursuant to CR 8.04, and 28 U.S.C. § 1367(a). See **PX-51** for Kentucky Complaint **25-CI-001371, PX-55** for the Sheriff's Affidavit for legal service to Defendant, and **PX-56** for the case file docket log.

802B. **Adjudicative Fact 507 — Paragraph 259 — Wilson's Own Unjust Enrichment and Complicity in Fox's, Burkhead's, and McConnell's Unjust Enrichment:** Wilson admitted through her failure to deny paragraph 259 under Count/Claim for Relief XXIV — that she obtained unjust enrichment by using Doris's assets to defend her fraudulent actions against Doris — and that she was complicit in Fox's — Burkhead's — and McConnell's unjust enrichment

from Doris — through her failure to deny this averment — establishing Wilson's direct unjust enrichment and KRS 502.020 complicity in three additional defendants' unjust enrichment simultaneously from Wilson's own CR 8.04 default.

802C. **Adjudicative Fact 508 — Paragraph 355, Subsection 2 — Fraudulently Misappropriated Defense Fees Excluded From $490,046.73 Total:** Wilson admitted — through her failure to deny paragraph 355, subsection 2 — that the $490,046.73 total special damages does not include the amount of Doris's assets that Wilson used to defend her fraud against Doris — establishing the fraudulently misappropriated defense fees as a separate and additional damages category beyond the admitted special damages floor — through her failure to deny this averment.

802D. **Adjudicative Fact 509 — Paragraph 355, Subsection 12 — Injunction Warranted Against Continuing Use of Doris's Assets:** Wilson admitted — through her failure to deny paragraph 355, subsection 12 — that an injunction is warranted to prevent Wilson from continuing to use Doris's assets to defend her fraud against Doris — establishing both the continuing character of the violation and the appropriateness of injunctive relief from Wilson's own CR 8.04 default.

802E. **Adjudicative Fact 510 — Paragraph 355, Subsection 27 — Judgment Compelling Return of All Fraudulently Misappropriated Funds and Assets:** Wilson admitted — through her failure to deny paragraph 355, subsection 27 — that a judgment compelling Wilson to return all fraudulently misappropriated funds and other assets belonging to Doris is warranted — including annuities — securities — real estate — and attorney fees paid from Doris's assets to defend Wilson's fraud — through her failure to deny this averment.


Edward Colgate 22023 SE Wax Rd., Box 1452, Maple Valley, WA 98038, King Co.

802F. Wilson's unjust enrichment is established from two independent simultaneously admitted paragraphs — paragraph 259 under Claim XXIV as the substantive cause of action and paragraph 355 subsections 2 — 12 — and 27 as the damages and relief consequences — both admitted through CR 8.04 default in Kentucky case 25-CI-001371 — established as Adjudicative Facts 507 through 510 in the First FRE 201 Notice filed simultaneously herewith.

802G. Wilson admitted in paragraph 259 that she obtained unjust enrichment specifically by using Doris's assets to defend her own fraudulent actions against Doris — and that she was complicit under KRS 502.020 in the unjust enrichment of Fox — Burkhead — and McConnell from Doris simultaneously. This makes Wilson jointly and severally liable for four simultaneous unjust enrichment streams — Wilson's own unjust enrichment from the fraudulently misappropriated defense fees — Fox's unjust enrichment from Doris admitted through KRS 502.020 complicity — Burkhead's unjust enrichment from Doris admitted through KRS 502.020 complicity — and McConnell's unjust enrichment from Doris admitted through KRS 502.020 complicity — all from Wilson's own single CR 8.04 default in paragraph 259.

802H. Doris confirmed on June 10, 2021 that she had unknowingly been paying Ford's legal fees for at least three months for Wilson and Fox to defend their fraud against her (Doris) — via Doris's money/assets being taken/defrauded from her without Doris's knowledge — and Doris communicated that it would be ridiculous for her to pay their fees to defend the fraud perpetrated against her (Doris) — established from PX-3, Audio16 and PX-2 and independently corroborated by Ray Wilson's CR 8.04 admission in case 25-CI-001568 that four named individuals — Burkhead — Fox — Wilson — and Ford — were all using Doris's money against Doris simultaneously.


Edward Colgate 22023 SE Wax Rd., Box 1452, Maple Valley, WA 98038, King Co.

802I. The fraudulent misappropriation began no later than March 2021 — continued through the deliberate prolongation of case 21-CI-001314 from 2021 through the present --- and was amplified by the enterprise's fraudulent judicial misconduct by judges without jurisdiction --- specifically Judge Tracy Davis's loss of jurisdiction and/or recusal cited in 3 different orders in Plaintiffs' cases --- including but not limited to 21-CI-001314 — County Circuit Court Judge Haner's fraudulent remand (not an appellate judge) · fraudulently ordering Davis to dismiss said case --- even though Davis cited in 2 different orders --- her loss of jurisdiction and/or recusal in case 21-CI-001314 — all documented in PX-42 through PX-49 — which deliberately extended the proceedings to maximize the attorney fees paid from Doris's assets while simultaneously fraudulently preventing Doris from recovering those assets through legitimate proceedings. The specific amount fraudulently misappropriated is estimated in excess of $79,000 · with the precise amount to be established through Rule 45 subpoenas to all counsel of record in case 21-CI-001314 and through financial institution subpoenas identifying the specific accounts from which payments were made.

803. Plaintiffs accordingly respectfully demand immediate entry of judgment as to liability, and a corresponding award of **$540,185.41 plus $79,000 from paragraph 802I** --- based on the substantive CR 8.04 legally binding and conclusive judicially admitted Special Damages floor --- arising from the first 31 claims combined --- from Ky. case 25-CI-001371 (PX-51) --- which is separate from and in addition to --- other compensatory damages and other continuing losses caused by Defendant's ongoing fraudulent obstruction of recovery, concealment, and unjust enrichment that are also judicially admitted under CR 8.04. These Special Damages — established as a legally binding and conclusive sum certain from Susan Wilson's own CR 8.04 admissions --- are independently confirmed from four additional defendants' CR 8.04 admissions


Edward Colgate 22023 SE Wax Rd., Box 1452, Maple Valley, WA 98038, King Co.

across four separate Kentucky cases --- which include cases 25-CI-001568, 25-CI-001795, 25-CI-001796, 25-CI-001121 (PX-52, PX-53, PX-54, and PX-96 supported by PX-95. Plaintiffs demand declaratory and injunctive relief to prevent the continuing abuses. Plaintiffs demand general damages and punitive damages. Plaintiffs seek the following additional relief arising from Wilson's admitted unjust enrichment and admitted complicity in Fox's --- Burkhead's — and McConnell's unjust enrichment from Doris --- established as Adjudicative Facts 507 through 510 in Section XXXVII --- and from paragraph 259 and paragraph 355 subsections 2 — 12 — and 27 of Kentucky case 25-CI-001371 — and from the unjust enrichment analysis in Claim for Relief XXIV herein --- above.

804. The **foregoing constitutes Plaintiffs' short and plain statement of this claim for relief** in compliance with Fed. R. Civ. P. 8(a)(2).

805. Plaintiffs further preserve and reserve all federal claims, including but not limited to those under 42 U.S.C. § 1983, § 1985(2)-(3), civil RICO (18 U.S.C. §§ 1961 through 1964(c)), 28 U.S.C. § 1367(a), the First, Seventh, and Fourteenth Amendments, the Supremacy Clause, other federal and state statutes, and other federal question violations, caused by the same acts of deception and obstruction, and assert that these violations will be set forth in separate Claims for Relief below to preserve both state-law recovery and the right to seek treble damages, punitive damages, declaratory relief, and injunctive relief under federal law. Plaintiffs further incorporate by reference in full detail Sections VII, VIII, and XII for WDWA's jurisdiction of this claim. Additionally, The Defendant's **legally binding and conclusive, judicially admitted participation in forged legal documents/instruments** has resulted in **continuous**, unlawful **tortious interference** with Trustee Edward Colgate's administration of **The Colgate Family Living Trust dated January 29, 2020,** with **each day since March 1, 2020**, constituting a **new**

**act of fraudulent obstruction** and fiduciary harm/injury. This Claim for Relief is pled under a continuing tort doctrine, as Defendant's obstruction of Trustee Edward Colgate's fiduciary duties and Trustee recovery rights under the Trust constitutes an ongoing violation, with each day renewing the harm/injury and tolling all applicable statutes of limitation. Additionally, **each day that Defendant refuses and fails to report her own elder abuse and tortious fiduciary interference under KRS 209.030 constitutes a new statutory violation**, which further tolls all relevant statutes of limitation under Kentucky and federal law. Each day that Judge Morris's and other judges' **fraudulent felony accusations** against plaintiff(s) **remain embedded in void ab initio orders** constitutes a continuing denial of all Kentucky court access and systemic obstruction of justice in violation of 42 U.S.C. §§ 1983 and 1985(2)-(3), and the First, Seventh, and Fourteenth Amendments. Their collective refusal to report their own and each other's illegal or fraudulent actions under **KRS 26A.080 and KRS 209.030** perpetuates retaliatory elder abuse under **KRS 209.050**, renewing the constitutional and statutory harm/injury daily and **tolling all applicable statutes of limitation** under the continuing tort doctrine. **No state or federal court in the United States has ever attempted to bar, obstruct, or deny a civil plaintiff from all court access across an entire state by fraudulently accusing them of felonies.** The absurdity and illegality of such an act is so blatant that it has never been attempted by any judge in any jurisdiction. Adding to the absurdity and illegality is the fact that the Defendant had not been legally served yet. Jefferson Circuit Court is the first to attempt this type of illegal act or fraud, which is retaliatory under KRS 209.050, KRS 209.030, KRS 209.990, KRS 26A.015(2), and is an attempt to intimidate and tamper with a witness, which is also violation of 42 U.S.C. §§ 1983 and 1985(2)-(3).

**PLAUSIBILITY—Legally Binding and Conclusive Judicially Admitted Liability (Verbatim from State)**

806. The following sets forth Susan Wilson's legally conclusive and binding judicial admissions of liability **verbatim from Kentucky case 25-CI-001371** under the plausibility section supporting this Claim for Relief/Relief Demanded/Count. These legally conclusive and binding judicial admissions of liability fully satisfy the plausibility requirement under Twombly and Iqbal and re-litigation of those admissions is estopped.

807. **Count XXIV: Unjust Enrichment and Complicity:** In Kentucky, the statute of limitations for an unjust enrichment claim is five years (KRS 413.120(6); Norohna v. Zolkiewicz, 583 S.W.3d 42, 45-46 (Ky. Ct. App. 2018)). **(24th Cause of Action)** Zolkiewicz, 583 S.W.3d 42, 45-46 (Ky. Ct. App. 2018)). **(24th Cause of Action)**

808. Plaintiff realleges and incorporates by reference the preceding paragraphs as though fully set forth herein.

809. **Unjust Enrichment and Complicity for Unjust Enrichment pursuant to KRS 502.020.** In **Kentucky**, a claim for **unjust enrichment** arises when a person unfairly retains a benefit to the detriment of another, in circumstances where equity and justice require restitution. Plaintiff asserts Wilson's Unjust Enrichment by using Doris's assets to defend her actions against Doris, and was Complicit in Fox, Burkhead, and McConnell obtaining Unjust Enrichment from Doris. **Refer to all 30 Counts/Causes of Action.**

810. See PX-2, #35: Doris lost $150,000 on the sale of her house since Doris and Edward agreed on $300,000, not $150,000. Doris lost another $9000 on illegal commissions on an insider, self-dealing real estate transaction. See **PX-2, PX-7, PX-8**.

811. See PX-2, Statement #81: In Doris's deposition, communicating Bob English is the only attorney she has ever had. **See PX-5, Page 45, and PX-5, Page 68, line 6.**

812. See PX-2, Statement #90: PX-5, Page 80, Lines 18-21: Q. Regarding Doris's house/real estate: Is there a reason you didn't sign it? See **PX-7, PX-8, and PX-39. Doris-A. I don't know. That's what I can't understand, why I didn't sign it. I don't know why Lori would have signed it. That is her signature? You say that is her signature?** (Doris is communicating that she should have been the one to sign her own real estate transaction, not Fox, indicating undue influence, fraud.)

813. In addition, Wilson and Fox were working to prevent Edward from reimbursement of his attorney fees paid on behalf of Doris, or in the alternative, were **complicit in their own unjust enrichment and others' unjust enrichment** by working to prevent Edward from recovering his attorney fees that Doris agreed to reimburse to him to recover damages based on Wilson's and Fox's actions. This was **unjust enrichment to Wilson as she deceptively, with intent,** has taken control of all Doris's assets to use for her own benefit, or is complicit in doing so. See **PX-6, PX-39, PX-24, and all of PX-2, PX-10, PX-31, PX-32, and all 30 Counts.**

814. Plaintiffs' cause of action is based on Wilson's intentional and malicious conduct for her unjust enrichment. Plaintiffs seek compensatory, punitive, and special damages. Plaintiffs seek reimbursement from Wilson for all of Doris's losses on her real estate; all defrauded annuities; all defrauded securities; Wilson's deceptive misuse of Doris's funds; reimbursement of Edward's attorneys' fees paid on Doris's behalf to recover damages for Doris based on Wilson's actions; other fees Edward paid as fiduciary to Doris; the value of real and personal property of Doris's and Edward's where Wilson was complicit in damages. **See all of PX-2 and all of Exhibits PX-1 through PX-40. Also include all relief not included here.** Refer to **all 30**

**Counts.** Refer to **PX-3, PX-5, and all supporting statements and exhibits in Count XXIII.** Also refer to **all Statements of fact** in PX-2.

**CLAIM FOR RELIEF XXV--(Also a Count and Cause of Action) — Fraudulent Insurance Acts under KRS 304.47-020 and Complicity in Fraudulent Insurance Acts under KRS 304.47-020 and KRS 502.020, in Furtherance of Elder Abuse, Regarding Doris Colgate's Protective Annuity Fund that was Valued at $54,013.09; Actionable Under** KRS 304.47-020, KRS 502.020, KRS 209.020, KRS 209.990, KRS 446.070, 28 U.S.C. § 1367(a); Legally Binding and Conclusive Judicial Admissions of Liability Under Substantive CR 8.04 and 28 U.S.C. § 1367(a); Causing Harm, Injury, and Unjust Enrichment

815. Plaintiffs reassert and incorporate by reference in full detail all of Section XII: Master Comprehensive Incorporation of Exhibits, Evidentiary Foundation, Jurisdictional Foundation, Record of Judicial Misconduct, Systemic Civil Rights Obstruction, Denial of All Access to All Kentucky Courts, Constitutional and Federal Enforcement Framework, the Supremacy Clause (Art. VI, Cl. 2), and all preceding paragraphs as though fully restated and fully set forth herein this claim for relief/relief entitled to-sought-demanded. Plaintiffs further assert all of the following:

**Plaintiffs hereby assert the following "Short and Plain Statement" (Fed. R. Civ. P. 8(a)(2)):**

816. Plaintiffs incorporate by reference in full detail all prior paragraphs, all following plausibility paragraphs, and all legally binding and conclusive judicially admitted liability and damages from cases 25-CI-001371, 25-CI-001568, 25-CI-001795, 25-CI-001796, 25-CI-001121, with cases 25-CI-001568, 25-CI-001795, 25-CI-001796, 25-CI-001121 **facially fully supporting case 25-CI-001371 (Refer to PX-51 through PX-62, PX-96, PX-95),** as though fully restated

and fully set forth herein this claim for relief/relief entitled to-sought-demanded, and assert all of the following:

817. Defendant **knowingly** and intentionally perpetrated and/or was complicit in enabling others to perpetrate **Fraudulent Insurance Acts under KRS 304.47-020** against Doris Colgate**.** This specific claim for relief is regarding Doris Colgate's Protective Annuity Fund that was valued at **$54,013.09, which was deceptively, illegally, and fraudulently liquidated in full.** On or about **January 26, 2023,** Defendant Susan Wilson was knowingly complicit in enabling the fraudulent full liquidation of a Protective Life Insurance Company Annuity account (Contract No. [redacted]0213), held in the name of Doris Colgate, in the amount of **$54,013.09,** without Doris's informed consent, and without legal authority.

818. Defendant's **Fraudulent Insurance Acts under KRS 304.47-020 and KRS 502.020** against Doris Colgate caused harm and injury to Doris and Edward, resulting in financial loss, tortious interference with legal and fiduciary duties, and deprivation of property, financial holdings/interests, and legal rights.

819. Defendant's participation in **Fraudulent Insurance Acts under KRS 304.47-020** also constitutes elder abuse of a vulnerable adult, and is actionable under **KRS 304.47-020, KRS 502.020, KRS 209.020,** KRS 209.990, KRS 446.070, 28 U.S.C. § 1367(a).

820. **Liability for this Claim for Relief/Relief Demanded is legally binding and conclusive** based on Defendant's **judicial admissions of liability** in Kentucky Case No. **25-CI-001371, Count XXV,** pursuant to CR 8.04, and 28 U.S.C. § 1367(a). See **PX-51** for Kentucky Complaint **25-CI-001371, PX-55** for the Sheriff's Affidavit for legal service to Defendant, and **PX-56** for the case file docket log.

821. Plaintiffs accordingly respectfully demand immediate entry of judgment as to liability, and a corresponding award of $540,185.41 which includes $54,013.09 --- based on the substantive CR 8.04 legally binding and conclusive judicially admitted Special Damages floor --- arising from the first 31 claims combined --- from Ky. case 25-CI-001371 (PX-51) --- which is separate from and in addition to --- other compensatory damages and other continuing losses caused by Defendant's ongoing fraudulent obstruction of recovery, concealment, and unjust enrichment that are also judicially admitted under CR 8.04. These Special Damages — established as a legally binding and conclusive sum certain from Susan Wilson's own CR 8.04 admissions --- are independently confirmed from four additional defendants' CR 8.04 admissions across four separate Kentucky cases --- which include cases 25-CI-001568, 25-CI-001795, 25-CI-001796, 25-CI-001121 (PX-52, PX-53, PX-54, and PX-96 supported by PX-95. Plaintiffs also demand declaratory and injunctive relief to prevent the continuing abuses. Plaintiffs demand general damages and punitive damages.

822. The **foregoing constitutes Plaintiffs' short and plain statement of this claim for relief** in compliance with Fed. R. Civ. P. 8(a)(2).

823. Plaintiffs further preserve and reserve all federal claims, including but not limited to those under 42 U.S.C. § 1983, § 1985(2)-(3), civil RICO (18 U.S.C. §§ 1961 through 1964(c)), 28 U.S.C. § 1367(a), the First, Seventh, and Fourteenth Amendments, the Supremacy Clause, other federal and state statutes, and other federal question violations, caused by the same acts of deception and obstruction, and assert that these violations will be set forth in separate Claims for Relief below to preserve both state-law recovery and the right to seek treble damages, punitive damages, declaratory relief, and injunctive relief under federal law. Plaintiffs further incorporate by reference in full detail Sections VII, VIII, and XII for WDWA's jurisdiction of this claim.

Additionally, The Defendant's **legally binding and conclusive, judicially admitted participation in forged legal documents/instruments** has resulted in **continuous**, unlawful **tortious interference** with Trustee Edward Colgate's administration of **The Colgate Family Living Trust dated January 29, 2020,** with **each day since March 1, 2020**, constituting a **new act of fraudulent obstruction** and fiduciary harm/injury. This Claim for Relief is pled under a continuing tort doctrine, as Defendant's obstruction of Trustee Edward Colgate's fiduciary duties and Trustee recovery rights under the Trust constitutes an ongoing violation, with each day renewing the harm/injury and tolling all applicable statutes of limitation. Additionally, **each day that Defendant refuses and fails to report her own elder abuse and tortious fiduciary interference under KRS 209.030 constitutes a new statutory violation**, which further tolls all relevant statutes of limitation under Kentucky and federal law. Each day that Judge Morris's and other judges' **fraudulent felony accusations** against plaintiff(s) **remain embedded in void ab initio orders** constitutes a continuing denial of all Kentucky court access and systemic obstruction of justice in violation of 42 U.S.C. §§ 1983 and 1985(2)-(3), and the First, Seventh, and Fourteenth Amendments. Their collective refusal to report their own and each other's illegal or fraudulent actions under **KRS 26A.080 and KRS 209.030** perpetuates retaliatory elder abuse under **KRS 209.050**, renewing the constitutional and statutory harm/injury daily and **tolling all applicable statutes of limitation** under the continuing tort doctrine. **No state or federal court in the United States has ever attempted to bar, obstruct, or deny a civil plaintiff from all court access across an entire state by fraudulently accusing them of felonies.** The absurdity and illegality of such an act is so blatant that it has never been attempted by any judge in any jurisdiction. Adding to the absurdity and illegality is the fact that the Defendant had not been legally served yet. Jefferson Circuit Court is the first to attempt this type of illegal act or fraud,

which is retaliatory under KRS 209.050, KRS 209.030, KRS 209.990, KRS 26A.015(2), and is an attempt to intimidate and tamper with a witness, which is also violation of 42 U.S.C. §§ 1983 and 1985(2)-(3).

**PLAUSIBILITY—Legally Binding and Conclusive Judicially Admitted Liability (Verbatim from State)**

824. The following sets forth Susan Wilson's legally conclusive and binding judicial admissions of liability **verbatim from Kentucky case 25-CI-001371** under the plausibility section supporting this Claim for Relief/Relief Demanded/Count. These legally conclusive and binding judicial admissions of liability fully satisfy the plausibility requirement under Twombly and Iqbal and re-litigation of those admissions is estopped.

825. **COUNT XXV: (25th Cause of Action) Fraudulent Insurance Acts under KRS 304.47-020, KRS 502.020 Complicity for Liability with regards to Fraudulent Insurance Acts under KRS 304.47-020.** Also **apply statutes KRS 209.020, the Elder Abuse Vulnerability statute,** and **KRS 209.990, and KRS 446.070.**

826. Plaintiff incorporates by reference all paragraphs as though fully set forth herein to include **Wilson as Complicit to the following Annuity and Security frauds** by Fox, Wilson's Deception by Failing to Correct a False Impression pursuant to KRS 209.020(7)(c), the Elder Abuse Vulnerability Statute. Doris had, has, and continues to have a false impression believing that the following Annuities and Securities that have been in her name continue to exist as her assets in large amounts. In fact, they have been liquidated in large amounts in their entirety.

827. **CLAIM FOR RELIEF:** On **1-26-2023**, Lori Fox fraudulently liquidated in its entirety, Doris's annuity, which had a high yield return: Protective Life Insurance Company Life and Annuity Division with Contract Number: [redacted]0213 in the amount of **$54,013.09.** Plaintiff

alleges that the liquidation was procured by Fox, through undue influence, through deceptive fraud by Fox, resulting in significant financial loss to Doris. Plaintiff brings this claim under **KRS 304.47-020** and **KRS 502.020**, which provides causes of action for individuals damaged by fraudulent insurance acts. **See PX-25, PX-6, all of PX-2, PX-1 thru 40.**

828. **Statutory Basis: KRS 304.47-020 Pursuant to KRS 304.47-020(1),** a person or entity commits a **"fraudulent insurance act"** if they knowingly and with intent to defraud or **deceive:**

829. **(a)** Present, cause to be presented, or prepare with knowledge or belief that it will be presented to an insurer any written or oral statement as part of, or in support of, a claim for payment or other benefit pursuant to an insurance policy, knowing that the statement contains any false, incomplete, or misleading information concerning any fact or thing material to a claim.

830. **(b)** Transact any contract, agreement, or instrument in violation of this title.

831. **(c)** Engage in removal, concealment, alteration, tampering, or destruction of money, records, or any other property or assets of an insurer.

832. (d) **Assist, abet**, solicit, **or conspire with another to commit a fraudulent insurance act.**

833. Factual Allegations: Doris was the rightful owner of the Protective annuity fund valued at $54,013.09. The fund was entirely liquidated without Doris's informed consent, and without authorization, with Doris not understanding why it would be liquidated in its entirety. Fox, through undue influence over Doris to induce the liquidation of the annuity fund, through Fox knowingly and willfully engaging in fraudulent conduct to procure the liquidation of the fund, by **facilitating or enabling the liquidation** of the annuity fund under false pretenses. **See PX-25, PX-6, all of PX-2, and exhibits PX-1 thru PX-40 as support.**

834. Fox knowingly, and with intent to defraud or deceive, prepared and presented false or misleading statements to effectuate the liquidation of the annuity fund.

835. Doris was damaged as a direct and proximate result of Fox's conduct, suffering a financial loss of $54,013.09, plus additional expenses incurred. See **PX-25.**

836. Legal Claims- Plaintiff asserts the following legal claims under KRS 304.47-020: Fraudulent insurance act pursuant to KRS 304.47-020(1)(a), as Fox knowingly presented false or misleading information to effectuate the liquidation of Doris's annuity fund.

837. (b) Fraudulent insurance act pursuant to KRS 304.47-020(1)(b), as Fox engaged in transactions violating the insurance laws of Kentucky.

838. (c) Fraudulent insurance act pursuant to KRS 304.47-020(1)(4)(b), as Fox engaged in the removal, concealment, or destruction of Doris's annuity assets without proper authorization.

839. (d) Fraudulent insurance act pursuant to KRS 304.47-020(1)(g), as **Fox assisted, abetted, solicited, or conspired with others to commit a fraudulent insurance act.**

840. Damages Pursuant to KRS 304.47-020(6), Doris is **entitled to recover the following: a. Compensatory damages in the amount of $54,013.09,** representing the full value of the liquidated annuity fund. b. Reasonable investigation and litigation expenses, including but not limited to attorneys' fees, incurred at both the trial and appellate courts. c. **Additional compensatory damages for the emotional distress, inconvenience, and financial hardship** caused by Fox's fraudulent conduct. See **PX-2, PX-6, PX-25, PX-39.**

841. Application of Statutory Provisions Pursuant to KRS 304.47-020(7), the provisions of this section apply to any agent, unauthorized insurer or its agents or representatives, or surplus lines carrier who, with intent, injures, defrauds, or deceives any claimant regarding a claim. Doris, who was injured and defrauded by Fox, is entitled to all remedies provided under this statute.

842. Additional legal support for claims against Fox pursuant to **KRS 446.070, KRS 209.020, and KRS 209.990.**

**CLAIM FOR RELIEF XXVI**--(Also a Count and Cause of Action) — **Fraudulent Insurance Acts under KRS 304.47-020 and Complicity in Fraudulent Insurance Acts under KRS 304.47-020 and KRS 502.020, in Furtherance of Elder Abuse, Regarding Doris Colgate's** Transamerica Annuity Fund that was valued at $103,000; Actionable Under KRS 304.47-020, KRS 502.020, KRS 209.020, KRS 209.990, KRS 446.070, 28 U.S.C. § 1367(a); Legally Binding and Conclusive Judicial Admissions of Liability Under Substantive CR 8.04 and 28 U.S.C. § 1367(a); Causing Harm, Injury, and Unjust Enrichment

843. Plaintiffs reassert and incorporate by reference in full detail all of Section XII: Master Comprehensive Incorporation of Exhibits, Evidentiary Foundation, Jurisdictional Foundation, Record of Judicial Misconduct, Systemic Civil Rights Obstruction, Denial of All Access to All Kentucky Courts, Constitutional and Federal Enforcement Framework, the Supremacy Clause (Art. VI, Cl. 2), and all preceding paragraphs as though fully restated and fully set forth herein this claim for relief/relief entitled to-sought-demanded. Plaintiffs further assert all of the following:

**Plaintiffs hereby assert the following "Short and Plain Statement" (Fed. R. Civ. P. 8(a)(2)):**

844. Plaintiffs incorporate by reference in full detail all prior paragraphs, all following plausibility paragraphs, and all legally binding and conclusive judicially admitted liability and damages from cases 25-CI-001371, 25-CI-001568, 25-CI-001795, 25-CI-001796, 25-CI-001121, with cases 25-CI-001568, 25-CI-001795, 25-CI-001796, 25-CI-001121 **facially fully supporting case 25-CI-001371 (Refer to PX-51 through PX-62, PX-96, PX-95),** as though fully restated and fully set forth herein this claim for relief/relief entitled to-sought-demanded, and assert all of the following:

845. Defendant **knowingly** and intentionally perpetrated and was/is complicit in enabling others to perpetrate **Fraudulent Insurance Acts under KRS 304.47-020** against Doris Colgate. This specific claim for relief is regarding Doris Colgate's Transamerica Annuity Fund that was valued at $103,000, which was deceptively, illegally, and fraudulently liquidated in full. On or about **August 28, 2024,** Defendant Susan Wilson was knowingly complicit in enabling the fraudulent full liquidation of this Transamerica Corporation Annuity account (under PNC Investments account ending in 6468), held in the name of Doris Colgate, in the amount of **$103,000,** without Doris's informed consent, and without legal authority.

846. Defendant's **Fraudulent Insurance Acts under KRS 304.47-020 and KRS 502.020** against Doris Colgate caused harm and injury to Doris and Edward, resulting in financial loss, tortious interference with legal and fiduciary duties, and deprivation of property, financial holdings/interests, and legal rights.

847. Defendant's participation in **Fraudulent Insurance Acts under KRS 304.47-020** also constitutes elder abuse of a vulnerable adult, and is actionable under **KRS 304.47-020, KRS 502.020, KRS 209.020,** KRS 209.990, KRS 446.070, 28 U.S.C. § 1367(a).

848. **Liability for this Claim for Relief/Relief Demanded is legally binding and conclusive** based on Defendant's **judicial admissions of liability** in Kentucky Case No. **25-CI-001371, Count XXVI,** pursuant to CR 8.04, and 28 U.S.C. § 1367(a). See **PX-51** for Kentucky Complaint **25-CI-001371, PX-55** for the Sheriff's Affidavit for legal service to Defendant, and **PX-56** for the case file docket log.

849. Plaintiffs accordingly respectfully demand immediate entry of judgment as to liability, and a corresponding award of $540,185.41 which includes $103,000 --- based on the substantive CR 8.04 legally binding and conclusive judicially admitted Special Damages floor --- arising from

the first 31 claims combined --- from Ky. case 25-CI-001371 (PX-51) --- which is separate from and in addition to --- other compensatory damages and other continuing losses caused by Defendant's ongoing fraudulent obstruction of recovery, concealment, and unjust enrichment that are also judicially admitted under CR 8.04. These Special Damages — established as a legally binding and conclusive sum certain from Susan Wilson's own CR 8.04 admissions --- are independently confirmed from four additional defendants' CR 8.04 admissions across four separate Kentucky cases --- which include cases 25-CI-001568, 25-CI-001795, 25-CI-001796, 25-CI-001121 (PX-52, PX-53, PX-54, and PX-96 supported by PX-95. Plaintiffs also demand declaratory and injunctive relief to prevent the continuing abuses. Plaintiffs demand general damages and punitive damages.

850. The **foregoing constitutes Plaintiffs' short and plain statement of this claim for relief** in compliance with Fed. R. Civ. P. 8(a)(2).

851. Plaintiffs further preserve and reserve all federal claims, including but not limited to those under 42 U.S.C. § 1983, § 1985(2)-(3), civil RICO (18 U.S.C. §§ 1961 through 1964(c)), 28 U.S.C. § 1367(a), the First, Seventh, and Fourteenth Amendments, the Supremacy Clause, other federal and state statutes, and other federal question violations, caused by the same acts of deception and obstruction, and assert that these violations will be set forth in separate Claims for Relief below to preserve both state-law recovery and the right to seek treble damages, punitive damages, declaratory relief, and injunctive relief under federal law. Plaintiffs further incorporate by reference in full detail Sections VII, VIII, and XII for WDWA's jurisdiction of this claim. Additionally, The Defendant's **legally binding and conclusive, judicially admitted participation in forged legal documents/instruments** has resulted in **continuous**, unlawful **tortious interference** with Trustee Edward Colgate's administration of **The Colgate Family**

**Living Trust dated January 29, 2020,** with **each day since March 1, 2020,** constituting a **new act of fraudulent obstruction** and fiduciary harm/injury. This Claim for Relief is pled under a continuing tort doctrine, as Defendant's obstruction of Trustee Edward Colgate's fiduciary duties and Trustee recovery rights under the Trust constitutes an ongoing violation, with each day renewing the harm/injury and tolling all applicable statutes of limitation. Additionally, **each day that Defendant refuses and fails to report her own elder abuse and tortious fiduciary interference under KRS 209.030 constitutes a new statutory violation,** which further tolls all relevant statutes of limitation under Kentucky and federal law. Each day that Judge Morris's and other judges' **fraudulent felony accusations** against plaintiff(s) **remain embedded in void ab initio orders** constitutes a continuing denial of all Kentucky court access and systemic obstruction of justice in violation of 42 U.S.C. §§ 1983 and 1985(2)-(3), and the First, Seventh, and Fourteenth Amendments. Their collective refusal to report their own and each other's illegal or fraudulent actions under **KRS 26A.080 and KRS 209.030** perpetuates retaliatory elder abuse under **KRS 209.050,** renewing the constitutional and statutory harm/injury daily and **tolling all applicable statutes of limitation** under the continuing tort doctrine. **No state or federal court in the United States has ever attempted to bar, obstruct, or deny a civil plaintiff from all court access across an entire state by fraudulently accusing them of felonies.** The absurdity and illegality of such an act is so blatant that it has never been attempted by any judge in any jurisdiction. Adding to the absurdity and illegality is the fact that the Defendant had not been legally served yet. Jefferson Circuit Court is the first to attempt this type of illegal act or fraud, which is retaliatory under KRS 209.050, KRS 209.030, KRS 209.990, KRS 26A.015(2), and is an attempt to intimidate and tamper with a witness, which is also violation of 42 U.S.C. §§ 1983 and 1985(2)-(3).

**PLAUSIBILITY—Legally Binding and Conclusive Judicially Admitted Liability (Verbatim from State)**

852. The following sets forth Susan Wilson's legally conclusive and binding judicial admissions of liability **verbatim from Kentucky case 25-CI-001371** under the plausibility section supporting this Claim for Relief/Relief Demanded/Count. These legally conclusive and binding judicial admissions of liability fully satisfy the plausibility requirement under Twombly and Iqbal and re-litigation of those admissions is estopped.

853. **COUNT XXVI: (26th Cause of Action) Fraudulent Insurance Acts under KRS 304.47-020, KRS 502.020 Complicity for Liability (Wilson) with regards to Fraudulent Insurance Acts under KRS 304.47-020. Also connect these 2 statutes to KRS 209.020, the Elder Abuse Vulnerability statute.**

854. Plaintiff incorporates by reference all paragraphs as though fully set forth herein **to include (Wilson) as Complicit to the following Annuity and Security frauds by Fox. (Refer to Count XXV with the following statement in case 25-CI-001371 (See PX-51): Plaintiff incorporates by reference all paragraphs as though fully set forth herein to include Wilson as Complicit to the following Annuity and Security frauds by Fox, Wilson's Deception by Failing to Correct a False Impression pursuant to KRS 209.020(7)(c), the Elder Abuse Vulnerability Statute. Doris had, has, and continues to have a false impression believing that the following Annuities and Securities that have been in her name continue to exist as her assets in large amounts. In fact, they have been liquidated in large amounts in their entirety.)**

855. Nature of the Action This claim arises out of the complete liquidation of a Transamerica annuity fund valued at **$103,000**. This fund had a high yield return. On **8-28-2024**, or within the

month of August of 2024, PNC Investments account ending in 6468, which included the Transamerica account went from $103,000 to $0. See **PX-26.**

856. Transamerica was aware of Fox's continuous fraud against Doris, and had red-flagged the account.

857. Fox deceived Transamerica into the complete liquidation of $103.000. Transamerica indicated that they were led to believe that the real estate fraud had gone to trial, which was false. The annuity company had Fox's address on file.

858. Plaintiff alleges that the liquidation was procured by Fox, through undue influence, through deceptive fraud by Fox, resulting in significant financial loss to Doris. Plaintiff brings this claim under KRS 304.47-020 and KRS 502.020, which provides a causes of action for individuals damaged by fraudulent insurance acts. Refer to **PX-26.**

859. Statutory Basis: KRS 304.47-020 Pursuant to KRS 304.47-020(1), a person or entity commits a "fraudulent insurance act" if they knowingly and with intent to defraud or deceive:

860. (a) Present, cause to be presented, or prepare with knowledge or belief that it will be presented to an insurer any written or oral statement as part of, or in support of, a claim for payment or other benefit pursuant to an insurance policy, knowing that the statement contains any false, incomplete, or misleading information concerning any fact or thing material to a claim b. Transact any contract, agreement, or instrument in violation of this title. c. Engage in removal, concealment, alteration, tampering, or destruction of money, records, or any other property or assets of an insurer. d. **Assist, abet**, solicit, **or conspire with another to commit a fraudulent insurance act.**

861. Factual Allegations: Doris was the rightful owner of the Transamerica annuity fund valued at $103,000.

862. (b) The fund was entirely liquidated without Doris's informed consent, and without authorization, with Doris not understanding why it would be liquidated in its entirety.

863. (c) Fox, through undue influence over Doris to induce the liquidation of the annuity fund, through Fox knowingly and willfully engaging in fraudulent conduct to procure the liquidation of the fund.

864. (d) Fox facilitating or enabling the liquidation of the annuity fund under false pretenses.

865. Fox knowingly, and with intent to defraud or deceive, prepared and presented false or misleading statements to effectuate the liquidation of the annuity fund.

866. Doris was damaged as a direct and proximate result of Fox's conduct, suffering a financial loss of $103,000, plus additional expenses incurred.

867. Legal Claims: Plaintiff asserts the following legal claims under KRS 304.47-020: Fraudulent insurance act pursuant to KRS 304.47-020(1)**(a),** as Fox knowingly presented false or misleading information to effectuate the liquidation of Doris's annuity fund.

868. b. Fraudulent insurance act pursuant to KRS 304.47-020(1)(b), as Fox engaged in transactions violating the insurance laws of Kentucky.

869. **c.** Fraudulent insurance act pursuant to KRS 304.47-020(1)(4)(b), as Fox engaged in the removal, concealment, or destruction of Doris's annuity assets without proper authorization.

870. Fraudulent insurance act pursuant to KRS 304.47-020(1)(g), as Fox **assisted, abetted, solicited, or conspired with others to commit a fraudulent insurance act.**

871. Damages Pursuant to KRS 304.47-020(6), Doris is entitled to recover the following:

872. **Compensatory damages in the amount of $103,000,** representing the full value of the liquidated annuity fund. See **PX-26**.

873. **Reasonable investigation and litigation expenses, including but not limited to attorneys' fees, incurred at both the trial and appellate courts.**

874. **Additional compensatory damages for the emotional distress, inconvenience, and financial hardship** caused by Fox's fraudulent conduct.

875. Application of Statutory Provisions Pursuant to KRS 304.47-020(7), the provisions of this section apply to any agent, unauthorized insurer or its agents or representatives, or surplus lines carrier who, with intent, injures, defrauds, or deceives any claimant regarding a claim. Doris, who was injured and defrauded by Fox, is entitled to all remedies provided under this statute. **See all of PX-2, PX-6, PX-26, PX-39.**

**CLAIM FOR RELIEf XXVII**--(Also a Count and Cause of Action) — **Fraudulent Insurance Acts under KRS 304.47-020 and Complicity in Fraudulent Insurance Acts under KRS 304.47-020 and KRS 502.020, in Furtherance of Elder Abuse, Regarding Doris Colgate's Washington National Annuity** that was valued at **$27,418.64;** Actionable Under KRS 304.47-020, KRS 502.020, KRS 209.020, KRS 209.990, KRS 446.070, 28 U.S.C. § 1367(a); Legally Binding and Conclusive Judicial Admissions of Liability Under Substantive CR 8.04 and 28 U.S.C. § 1367(a); Causing Harm, Injury, and Unjust Enrichment

876. Plaintiffs reassert and incorporate by reference in full detail all of Section XII: Master Comprehensive Incorporation of Exhibits, Evidentiary Foundation, Jurisdictional Foundation, Record of Judicial Misconduct, Systemic Civil Rights Obstruction, Denial of All Access to All Kentucky Courts, Constitutional and Federal Enforcement Framework, the Supremacy Clause (Art. VI, Cl. 2), and all preceding paragraphs as though fully restated and fully set forth herein this claim for relief/relief entitled to-sought-demanded. Plaintiffs further assert all of the following:

**Plaintiffs hereby assert the following "Short and Plain Statement" (Fed. R. Civ. P. 8(a)(2)):**

877. Plaintiffs incorporate by reference in full detail all prior paragraphs, all following plausibility paragraphs, and all legally binding and conclusive judicially admitted liability and damages from cases 25-CI-001371, 25-CI-001568, 25-CI-001795, 25-CI-001796, 25-CI-001121, with cases 25-CI-001568, 25-CI-001795, 25-CI-001796, 25-CI-001121 **facially fully supporting case 25-CI-001371 (Refer to PX-51 through PX-62, PX-96, PX-95),** as though fully restated and fully set forth herein this claim for relief/relief entitled to-sought-demanded, and assert all of the following:

878. Defendant **knowingly** and intentionally perpetrated and was/is complicit in enabling others to perpetrate **Fraudulent Insurance Acts under KRS 304.47-020** against Doris Colgate. This specific claim for relief is regarding Doris Colgate's Washington National Annuity that was valued at $27,418.64, which was deceptively, illegally, and fraudulently liquidated in full.

879. Defendant's **Fraudulent Insurance Acts under KRS 304.47-020 and KRS 502.020** against Doris Colgate caused harm and injury to Doris and Edward, resulting in financial loss, tortious interference with legal and fiduciary duties, and deprivation of property, financial holdings/interests, and legal rights.

880. Defendant's participation in **Fraudulent Insurance Acts under KRS 304.47-020** also constitutes elder abuse of a vulnerable adult, and is actionable under **KRS 304.47-020, KRS 502.020, KRS 209.020,** KRS 209.990, KRS 446.070, 28 U.S.C. § 1367(a).

881. **Liability for this Claim for Relief/Relief Demanded is legally binding and conclusive** based on Defendant's **judicial admissions of liability** in Kentucky Case No. **25-CI-001371, Count XXVII,** pursuant to CR 8.04, and 28 U.S.C. § 1367(a). See **PX-51** for Kentucky

Complaint **25-CI-001371, PX-55** for the Sheriff's Affidavit for legal service to Defendant, and **PX-56** for the case file docket log.

882. Plaintiffs accordingly respectfully demand immediate entry of judgment as to liability, and a corresponding award of $540,185.41 which includes $27,418.64 --- based on the substantive CR 8.04 legally binding and conclusive judicially admitted Special Damages floor --- arising from the first 31 claims combined --- from Ky. case 25-CI-001371 (PX-51) --- which is separate from and in addition to --- other compensatory damages and other continuing losses caused by Defendant's ongoing fraudulent obstruction of recovery, concealment, and unjust enrichment that are also judicially admitted under CR 8.04. These Special Damages — established as a legally binding and conclusive sum certain from Susan Wilson's own CR 8.04 admissions --- are independently confirmed from four additional defendants' CR 8.04 admissions across four separate Kentucky cases --- which include cases 25-CI-001568, 25-CI-001795, 25-CI-001796, 25-CI-001121 (PX-52, PX-53, PX-54, and PX-96 supported by PX-95. Plaintiffs also demand declaratory and injunctive relief to prevent the continuing abuses. Plaintiffs demand general damages and punitive damages.

883. The **foregoing constitutes Plaintiffs' short and plain statement of this claim for relief** in compliance with Fed. R. Civ. P. 8(a)(2).

884. Plaintiffs further preserve and reserve all federal claims, including but not limited to those under 42 U.S.C. § 1983, § 1985(2)-(3), civil RICO (18 U.S.C. §§ 1961 through 1964(c)), 28 U.S.C. § 1367(a), the First, Seventh, and Fourteenth Amendments, the Supremacy Clause, other federal and state statutes, and other federal question violations, caused by the same acts of deception and obstruction, and assert that these violations will be set forth in separate Claims for Relief below to preserve both state-law recovery and the right to seek treble damages, punitive

damages, declaratory relief, and injunctive relief under federal law. Plaintiffs further incorporate by reference in full detail Sections VII, VIII, and XII for WDWA's jurisdiction of this claim. Additionally, The Defendant's **legally binding and conclusive, judicially admitted participation in forged legal documents/instruments** has resulted in **continuous**, unlawful **tortious interference** with Trustee Edward Colgate's administration of **The Colgate Family Living Trust dated January 29, 2020,** with **each day since March 1, 2020**, constituting a **new act of fraudulent obstruction** and fiduciary harm/injury. This Claim for Relief is pled under a continuing tort doctrine, as Defendant's obstruction of Trustee Edward Colgate's fiduciary duties and Trustee recovery rights under the Trust constitutes an ongoing violation, with each day renewing the harm/injury and tolling all applicable statutes of limitation. Additionally, **each day that Defendant refuses and fails to report her own elder abuse and tortious fiduciary interference under KRS 209.030 constitutes a new statutory violation,** which further tolls all relevant statutes of limitation under Kentucky and federal law. Each day that Judge Morris's and other judges' **fraudulent felony accusations** against plaintiff(s) **remain embedded in void ab initio orders** constitutes a continuing denial of all Kentucky court access and systemic obstruction of justice in violation of 42 U.S.C. §§ 1983 and 1985(2)-(3), and the First, Seventh, and Fourteenth Amendments. Their collective refusal to report their own and each other's illegal or fraudulent actions under **KRS 26A.080 and KRS 209.030** perpetuates retaliatory elder abuse under **KRS 209.050**, renewing the constitutional and statutory harm/injury daily and **tolling all applicable statutes of limitation** under the continuing tort doctrine. **No state or federal court in the United States has ever attempted to bar, obstruct, or deny a civil plaintiff from all court access across an entire state by fraudulently accusing them of felonies.** The absurdity and illegality of such an act is so blatant that it has never been attempted by any judge in any

jurisdiction. Adding to the absurdity and illegality is the fact that the Defendant had not been legally served yet. Jefferson Circuit Court is the first to attempt this type of illegal act or fraud, which is retaliatory under KRS 209.050, KRS 209.030, KRS 209.990, KRS 26A.015(2), and is an attempt to intimidate and tamper with a witness, which is also violation of 42 U.S.C. §§ 1983 and 1985(2)-(3).

**PLAUSIBILITY—Legally Binding and Conclusive Judicially Admitted Liability (Verbatim from State)**

885. The following sets forth Susan Wilson's legally conclusive and binding judicial admissions of liability **verbatim from Kentucky case 25-CI-001371** under the plausibility section supporting this Claim for Relief/Relief Demanded/Count. These legally conclusive and binding judicial admissions of liability fully satisfy the plausibility requirement under Twombly and Iqbal and re-litigation of those admissions is estopped.

886. **COUNT XXVII: (27th Cause of Action)** Fraudulent Insurance Acts under KRS 304.47-020, KRS 502.020 Complicity (Wilson) for Liability with regards to Fraudulent Insurance Acts under KRS 304.47-020. Also connect these 2 statutes to KRS 209.020, the Elder Abuse Vulnerability statute.

887. Plaintiff incorporates by reference all paragraphs as though fully set forth herein **to include (Wilson) as Complicit to the following Annuity and Security frauds by Fox. (Refer to Count XXV with the following statement in case 25-CI-001371 (See PX-51): Plaintiff incorporates by reference all paragraphs as though fully set forth herein to include Wilson as Complicit to the following Annuity and Security frauds by Fox, Wilson's Deception by Failing to Correct a False Impression pursuant to KRS 209.020(7)(c), the Elder Abuse Vulnerability Statute. Doris had, has, and continues to have a false impression believing that the**

**following Annuities and Securities that have been in her name continue to exist as her assets in large amounts. In fact, they have been liquidated in large amounts in their entirety.)**

888. CLAIM FOR RELIEF: Fox fraudulently liquidated in its entirety, Doris's **Washington National annuity with Contract Number** in the amount of more than $27,418.64. This fund had a high yield return. See **PX-27**.

889. Plaintiff alleges that the liquidation was procured by Fox, through undue influence, through deceptive fraud by Fox, resulting in significant financial loss to Doris.

890. Plaintiff brings this claim under KRS 304.47-020 and KRS 502.020, which provides a causes of action for individuals damaged by fraudulent insurance acts.

891. **Statutory Basis:** KRS 304.47-020 Pursuant to KRS 304.47-020(1), a person or entity commits a "fraudulent insurance act" if they knowingly and with intent to defraud or deceive: (a) Present, cause to be presented, or prepare with knowledge or belief that it will be presented to an insurer any written or oral statement as part of, or in support of, a claim for payment or other benefit pursuant to an insurance policy, knowing that the statement contains any false, incomplete, or misleading information concerning any fact or thing material to a claim. b. Transact any contract, agreement, or instrument in violation of this title.

892. c. Engage in removal, concealment, alteration, tampering, or destruction of money, records, or any other property or assets of an insurer. d. **Assist, abet**, solicit, or conspire with another to commit a fraudulent insurance act.

893. Factual Allegations: Doris was the rightful owner of the Washington National annuity fund valued above $27,418.64. The fund was entirely liquidated without Doris's informed consent,

and without authorization, with Doris not understanding why it would be liquidated in its entirety. **See PX-27.**

894. Fox, through undue influence over Doris to induce the liquidation of the annuity fund through Fox knowingly and willfully engaging in fraudulent conduct to procure the liquidation of the fund, by **facilitating or enabling** the liquidation of the annuity fund under false pretenses. Fox knowingly, and with intent to defraud or deceive, prepared and presented false or misleading statements to effectuate the liquidation of the annuity fund. **See all of PX-2, PX-6, PX-27, PX-39.**

895. Doris was damaged as a direct and proximate result of Fox's conduct, suffering a financial loss of more than $27,418.64, plus additional expenses incurred.

896. Legal Claims Plaintiff asserts the following legal claims under KRS 304.47-020: Fraudulent insurance act pursuant to KRS 304.47-020(1)(a), as Fox knowingly presented false or misleading information to effectuate the liquidation of Doris's annuity fund. Fraudulent insurance act pursuant to KRS 304.47-020(1)(b), as Fox engaged in transactions violating the insurance laws of Kentucky.

897. Fraudulent insurance act pursuant to KRS 304.47-020(1)(4)(b), as Fox engaged in the removal, concealment, or destruction of Doris's annuity assets without proper authorization.

898. Fraudulent insurance act pursuant to KRS 304.47-020(1)(g), as Fox **assisted, abetted, solicited, or conspired with others to commit a fraudulent insurance act.**

899. Damages Pursuant to KRS 304.47-020(6), Doris is entitled to recover the following: a. Compensatory damages in the amount of more than $27,418.64, representing the full value of the liquidated annuity fund. See **PX-27.**

900. b. Reasonable **investigation and litigation expenses,** including but not limited to **attorneys' fees, incurred at both the trial and appellate courts.**

901. **Additional compensatory damages for the emotional distress, inconvenience, and financial hardship** caused by Fox's fraudulent conduct.

902. Application of Statutory Provisions Pursuant to KRS 304.47-020(7), the provisions of this section apply to any agent, unauthorized insurer or its agents or representatives, or surplus lines carrier who, with intent, injures, defrauds, or deceives any claimant regarding a claim. Doris, who was injured and defrauded by Fox, is entitled to all remedies provided under this statute.

**CLAIM FOR RELIEF XXVIII**--(Also a Count and Cause of Action) — **Fraudulent Securities Practices under KRS 292.320 and Complicity in Fraudulent Securities Practices under KRS 292.320 and KRS 502.020, in Furtherance of Elder Abuse, Regarding Doris Colgate's Truist/BB&T/Computershare Inc. Securities** that were valued at **$101,000;** Actionable Under KRS 292.320, KRS 502.020, KRS 209.020, KRS 209.990, KRS 446.070, 28 U.S.C. § 1367(a); Legally Binding and Conclusive Judicial Admissions of Liability Under Substantive CR 8.04 and 28 U.S.C. § 1367(a); Causing Harm, Injury, and Unjust Enrichment

903. Plaintiffs reassert and incorporate by reference in full detail all of Section XII: Master Comprehensive Incorporation of Exhibits, Evidentiary Foundation, Jurisdictional Foundation, Record of Judicial Misconduct, Systemic Civil Rights Obstruction, Denial of All Access to All Kentucky Courts, Constitutional and Federal Enforcement Framework, the Supremacy Clause (Art. VI, Cl. 2), and all preceding paragraphs as though fully restated and fully set forth herein this claim for relief/relief entitled to-sought-demanded. Plaintiffs further assert all of the following:

**Plaintiffs hereby assert the following "Short and Plain Statement" (Fed. R. Civ. P. 8(a)(2)):**

904. Plaintiffs incorporate by reference in full detail all prior paragraphs, all following plausibility paragraphs, and all legally binding and conclusive judicially admitted liability and damages from cases 25-CI-001371, 25-CI-001568, 25-CI-001795, 25-CI-001796, 25-CI-001121, with cases 25-CI-001568, 25-CI-001795, 25-CI-001796, 25-CI-001121 **facially fully supporting case 25-CI-001371 (Refer to PX-51 through PX-62, PX-96, PX-95),** as though fully restated and fully set forth herein this claim for relief/relief entitled to-sought-demanded, and assert all of the following:

905. Defendant **knowingly** and intentionally perpetrated and was/is complicit in enabling others to perpetrate **Fraudulent Securities Practices under KRS 292.320 and Complicity in Fraudulent Securities Practices under KRS 292.320 and KRS 502.020** against Doris Colgate. This specific claim for relief is regarding Doris Colgate's **Truist/BB&T/Computershare Inc. Securities** that was valued at **$101,000**, which was deceptively, illegally, and fraudulently liquidated in full.

906. Defendant's **Fraudulent Securities Practices under KRS 292.320 and Complicity in Fraudulent Securities Practices under KRS 292.320 and KRS 502.020** against Doris Colgate caused harm and injury to Doris and Edward, resulting in financial loss, tortious interference with legal and fiduciary duties, and deprivation of property, financial holdings/interests, and legal rights.

907. Defendant's participation in **Fraudulent Securities Practices under KRS 292.320 and Complicity in Fraudulent Securities Practices under KRS 292.320 and KRS 502.020** also constitutes elder abuse of a vulnerable adult, and is actionable under **KRS 292.320, KRS 502.020, KRS 209.020,** KRS 209.990, KRS 446.070, 28 U.S.C. § 1367(a).

908. **Liability for this Claim for Relief/Relief Demanded is legally binding and conclusive** based on Defendant's **judicial admissions of liability** in Kentucky Case No. **25-CI-001371, Count XXVIII,** pursuant to CR 8.04, and 28 U.S.C. § 1367(a). See **PX-51** for Kentucky Complaint **25-CI-001371, PX-55** for the Sheriff's Affidavit for legal service to Defendant, and **PX-56** for the case file docket log.

909. Plaintiffs accordingly respectfully demand immediate entry of judgment as to liability, and a corresponding award of $540,185.41 which includes $101,000 --- based on the substantive CR 8.04 legally binding and conclusive judicially admitted Special Damages floor --- arising from the first 31 claims combined --- from Ky. case 25-CI-001371 (PX-51) --- which is separate from and in addition to --- other compensatory damages and other continuing losses caused by Defendant's ongoing fraudulent obstruction of recovery, concealment, and unjust enrichment that are also judicially admitted under CR 8.04. These Special Damages — established as a legally binding and conclusive sum certain from Susan Wilson's own CR 8.04 admissions --- are independently confirmed from four additional defendants' CR 8.04 admissions across four separate Kentucky cases --- which include cases 25-CI-001568, 25-CI-001795, 25-CI-001796, 25-CI-001121 (PX-52, PX-53, PX-54, and PX-96 supported by PX-95. Plaintiffs also demand declaratory and injunctive relief to prevent the continuing abuses. Plaintiffs demand general damages and punitive damages.

910. The **foregoing constitutes Plaintiffs' short and plain statement of this claim for relief** in compliance with Fed. R. Civ. P. 8(a)(2).

911. Plaintiffs further preserve and reserve all federal claims, including but not limited to those under 42 U.S.C. § 1983, § 1985(2)-(3), civil RICO (18 U.S.C. §§ 1961 through 1964(c)), 28 U.S.C. § 1367(a), the First, Seventh, and Fourteenth Amendments, the Supremacy Clause, other

federal and state statutes, and other federal question violations, caused by the same acts of deception and obstruction, and assert that these violations will be set forth in separate Claims for Relief below to preserve both state-law recovery and the right to seek treble damages, punitive damages, declaratory relief, and injunctive relief under federal law. Plaintiffs further incorporate by reference in full detail Sections VII, VIII, and XII for WDWA's jurisdiction of this claim. Additionally, The Defendant's **legally binding and conclusive, judicially admitted participation in forged legal documents/instruments** has resulted in **continuous**, unlawful **tortious interference** with Trustee Edward Colgate's administration of **The Colgate Family Living Trust dated January 29, 2020,** with **each day since March 1, 2020**, constituting a **new act of fraudulent obstruction** and fiduciary harm/injury. This Claim for Relief is pled under a continuing tort doctrine, as Defendant's obstruction of Trustee Edward Colgate's fiduciary duties and Trustee recovery rights under the Trust constitutes an ongoing violation, with each day renewing the harm/injury and tolling all applicable statutes of limitation. Additionally, **each day that Defendant refuses and fails to report her own elder abuse and tortious fiduciary interference under KRS 209.030 constitutes a new statutory violation**, which further tolls all relevant statutes of limitation under Kentucky and federal law. Each day that Judge Morris's and other judges' **fraudulent felony accusations** against plaintiff(s) **remain embedded in void ab initio orders** constitutes a continuing denial of all Kentucky court access and systemic obstruction of justice in violation of 42 U.S.C. §§ 1983 and 1985(2)-(3), and the First, Seventh, and Fourteenth Amendments. Their collective refusal to report their own and each other's illegal or fraudulent actions under **KRS 26A.080 and KRS 209.030** perpetuates retaliatory elder abuse under **KRS 209.050**, renewing the constitutional and statutory harm/injury daily and **tolling all applicable statutes of limitation** under the continuing tort doctrine. **No state or federal court**

**in the United States has ever attempted to bar, obstruct, or deny a civil plaintiff from all court access across an entire state by fraudulently accusing them of felonies.** The absurdity and illegality of such an act is so blatant that it has never been attempted by any judge in any jurisdiction. Adding to the absurdity and illegality is the fact that the Defendant had not been legally served yet. Jefferson Circuit Court is the first to attempt this type of illegal act or fraud, which is retaliatory under KRS 209.050, KRS 209.030, KRS 209.990, KRS 26A.015(2), and is an attempt to intimidate and tamper with a witness, which is also violation of 42 U.S.C. §§ 1983 and 1985(2)-(3).

**PLAUSIBILITY—Legally Binding and Conclusive Judicially Admitted Liability (Verbatim from State)**

912. The following sets forth Susan Wilson's legally conclusive and binding judicial admissions of liability **verbatim from Kentucky case 25-CI-001371** under the plausibility section supporting this Claim for Relief/Relief Demanded/Count. These legally conclusive and binding judicial admissions of liability fully satisfy the plausibility requirement under Twombly and Iqbal and re-litigation of those admissions is estopped.

913. **COUNT XXVIII: (28th Cause of Action) (Truist Securities) Fraudulent Securities Practices under KRS 292.320, Complicity under KRS 502.020**, also connected to KRS 209.020, the elder abuse vulnerability statute. Plaintiff realleges and incorporates by reference the preceding paragraphs as though fully set forth herein.

914. **(Refer to Count XXV with the following statement in case 25-CI-001371 (See PX-51): Plaintiff incorporates by reference all paragraphs as though fully set forth herein to include Wilson as Complicit to the following Annuity and Security frauds by Fox, Wilson's Deception by Failing to Correct a False Impression pursuant to KRS 209.020(7)(e), the**

**Elder Abuse Vulnerability Statute. Doris had, has, and continues to have a false impression believing that the following Annuities and Securities that have been in her name continue to exist as her assets in large amounts. In fact, they have been liquidated in large amounts in their entirety.)**

915. **Nature of the Action** This claim arises out of the complete liquidation of a high-yield security account valued above **$101,000** belonging to Doris. Plaintiff alleges that the liquidation was carried out by Fox, without Doris's informed consent, and without Doris's understanding, through undue influence, through **fraudulent practices**, causing significant financial harm to Doris. Plaintiff brings this claim under KRS 292.320, KRS 502.020. See **PX-28**.

916. **Statutory Basis: KRS 292.320;** Pursuant to KRS 292.320(1), it is unlawful for any person, in connection with the offer, sale, or purchase of any security, directly or indirectly:

917. a. To employ any device, scheme, or artifice to defraud; b. To make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in light of the circumstances under which they are made, not misleading; or c. To engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

918. **Statutory Basis: KRS 502.020** Pursuant to KRS 502.020, **a person is legally accountable for the conduct of another constituting an offense if, with the intent to promote or facilitate the commission of the offense, the person**: a. Solicits, commands, **or engages in conduct that aids or attempts to aid another person in the planning or commission of the offense; b. Assists or conspires with another person to commit the fraudulent act.**


Edward Colgate 22023 SE Wax Rd., Box 1452, Maple Valley, WA 98038, King Co.

919. **Factual Allegations** a. Doris is named on a high-yield security account valued **above $101,000,** held at Truist (formerly BB&T). Without Doris's informed consent or understanding, the entire account was liquidated at one time.

920. Fox, acting alone, or in complicity with others, engaged in a scheme to liquidate the account for personal gain, employing **deceptive and fraudulent practices** in violation of KRS 292.320. **See all of PX-2, PX-6, PX-28, PX-39.**

921. **Appy the same herein to the Ingredion Security. Refer to all of PX-2, PX-6, PX-28, PX-39, and PX-3, Audio8, Audio11, Audio13, Audio16, PX-5, page 67, lines 18-25, for Wilson and Fox having an invalid power of attorney. Ingredion valued above $27,000.**

922. Doris did not understand why the account, which was high-yield and intended for long-term growth, would be liquidated in its entirety.

923. **Fox acted under the direction or influence of others, those individuals are liable under KRS 502.020 for complicity in the fraudulent securities practice.**

924. **Legal Claims** Plaintiff asserts the following legal claims: Fraudulent securities practice pursuant to KRS 292.320(1)(a)-(c), as Fox employed a device, scheme, or artifice to defraud Doris, made untrue statements or omissions of material facts, and engaged in a practice that operated as a fraud or deceit upon Doris.

925. Complicity pursuant to KRS 502.020, as Fox **and others acted in concert to promote or facilitate the fraudulent liquidation of Doris's account.**

926. Damages Pursuant to KRS 292.320, Plaintiff is entitled to recover the following: **Compensatory damages in the amount above $101,000**, representing the full value of the liquidated security account, **reasonable investigation and litigation expenses, including attorneys' fees, incurred at both the trial and appellate courts, additional compensatory**

**damages for the emotional distress, inconvenience, and financial hardship caused by the fraudulent conduct, Pre-judgment and post-judgment interest as permitted by law.**

**CLAIM FOR RELIEF XXIX**--(Also a Count and Cause of Action) — **Fraudulent Securities Practices under KRS 292.320 and Complicity in Fraudulent Securities Practices under KRS 292.320 and KRS 502.020, in Furtherance of Elder Abuse, Regarding Doris Colgate's Ingredion Securities of over $27,000;** Actionable Under KRS 292.320, KRS 502.020, KRS 209.020, KRS 209.990, KRS 446.070, 28 U.S.C. § 1367(a); Legally Binding and Conclusive Judicial Admissions of Liability Under Substantive CR 8.04 and 28 U.S.C. § 1367(a); Causing Harm, Injury, and Unjust Enrichment

927. Plaintiffs reassert and incorporate by reference in full detail all of Section XII: Master Comprehensive Incorporation of Exhibits, Evidentiary Foundation, Jurisdictional Foundation, Record of Judicial Misconduct, Systemic Civil Rights Obstruction, Denial of All Access to All Kentucky Courts, Constitutional and Federal Enforcement Framework, the Supremacy Clause (Art. VI, Cl. 2), and all preceding paragraphs as though fully restated and fully set forth herein this claim for relief/relief entitled to-sought-demanded. Plaintiffs further assert all of the following:

**Plaintiffs hereby assert the following "Short and Plain Statement" (Fed. R. Civ. P. 8(a)(2)):**

928. Plaintiffs incorporate by reference in full detail all prior paragraphs, all following plausibility paragraphs, and all legally binding and conclusive judicially admitted liability and damages from cases 25-CI-001371, 25-CI-001568, 25-CI-001795, 25-CI-001796, 25-CI-001121, with cases 25-CI-001568, 25-CI-001795, 25-CI-001796, 25-CI-001121 **facially fully supporting case 25-CI-001371 (Refer to PX-51 through PX-62, PX-96, PX-95),** as though fully restated

and fully set forth herein this claim for relief/relief entitled to-sought-demanded, and assert all of the following:

929. Defendant **knowingly** and intentionally perpetrated and was/is complicit in enabling others to perpetrate **Fraudulent Securities Practices under KRS 292.320 and Complicity in Fraudulent Securities Practices under KRS 292.320 and KRS 502.020** against Doris Colgate. This specific claim for relief is regarding Doris Colgate's **Ingredion Securities of over $27,000,** which was **deceptively, illegally,** and **fraudulently liquidated in full.**

930. Defendant's **Fraudulent Securities Practices under KRS 292.320 and Complicity in Fraudulent Securities Practices under KRS 292.320 and KRS 502.020** against Doris Colgate caused harm and injury to Doris and Edward, resulting in financial loss, tortious interference with legal and fiduciary duties, and deprivation of property, financial holdings/interests, and legal rights.

931. Defendant's participation in **Fraudulent Securities Practices under KRS 292.320 and Complicity in Fraudulent Securities Practices under KRS 292.320 and KRS 502.020** also constitutes elder abuse of a vulnerable adult, and is actionable under **KRS 292.320, KRS 502.020, KRS 209.020,** KRS 209.990, KRS 446.070, 28 U.S.C. § 1367(a).

932. **Liability for this Claim for Relief/Relief Demanded is legally binding and conclusive** based on Defendant's **judicial admissions of liability** in Kentucky Case No. **25-CI-001371, Count XXIX,** pursuant to CR 8.04, and 28 U.S.C. § 1367(a). See **PX-51** for Kentucky Complaint **25-CI-001371, PX-55** for the Sheriff's Affidavit for legal service to Defendant, and **PX-56** for the case file docket log.

933. Plaintiffs accordingly respectfully demand immediate entry of judgment as to liability, and a corresponding award of $540,185.41 which includes $27,000 --- based on the substantive CR

8.04 legally binding and conclusive judicially admitted Special Damages floor --- arising from the first 31 claims combined --- from Ky. case 25-CI-001371 (PX-51) --- which is separate from and in addition to --- other compensatory damages and other continuing losses caused by Defendant's ongoing fraudulent obstruction of recovery, concealment, and unjust enrichment that are also judicially admitted under CR 8.04. These Special Damages — established as a legally binding and conclusive sum certain from Susan Wilson's own CR 8.04 admissions --- are independently confirmed from four additional defendants' CR 8.04 admissions across four separate Kentucky cases --- which include cases 25-CI-001568, 25-CI-001795, 25-CI-001796, 25-CI-001121 (PX-52, PX-53, PX-54, and PX-96 supported by PX-95. Plaintiffs also demand declaratory and injunctive relief to prevent the continuing abuses. Plaintiffs demand general damages and punitive damages.

934. The **foregoing constitutes Plaintiffs' short and plain statement of this claim for relief** in compliance with Fed. R. Civ. P. 8(a)(2).

935. Plaintiffs further preserve and reserve all federal claims, including but not limited to those under 42 U.S.C. § 1983, § 1985(2)-(3), civil RICO (18 U.S.C. §§ 1961 through 1964(c)), 28 U.S.C. § 1367(a), the First, Seventh, and Fourteenth Amendments, the Supremacy Clause, other federal and state statutes, and other federal question violations, caused by the same acts of deception and obstruction, and assert that these violations will be set forth in separate Claims for Relief below to preserve both state-law recovery and the right to seek treble damages, punitive damages, declaratory relief, and injunctive relief under federal law. Plaintiffs further incorporate by reference in full detail Sections VII, VIII, and XII for WDWA's jurisdiction of this claim. Additionally, The Defendant's **legally binding and conclusive, judicially admitted participation in forged legal documents/instruments** has resulted in **continuous**, unlawful

**tortious interference** with Trustee Edward Colgate's administration of **The Colgate Family Living Trust dated January 29, 2020,** with **each day since March 1, 2020**, constituting a **new act of fraudulent obstruction** and fiduciary harm/injury. This Claim for Relief is pled under a continuing tort doctrine, as Defendant's obstruction of Trustee Edward Colgate's fiduciary duties and Trustee recovery rights under the Trust constitutes an ongoing violation, with each day renewing the harm/injury and tolling all applicable statutes of limitation. Additionally, **each day that Defendant refuses and fails to report her own elder abuse and tortious fiduciary interference under KRS 209.030 constitutes a new statutory violation**, which further tolls all relevant statutes of limitation under Kentucky and federal law. Each day that Judge Morris's and other judges' **fraudulent felony accusations** against plaintiff(s) **remain embedded in void ab initio orders** constitutes a continuing denial of all Kentucky court access and systemic obstruction of justice in violation of 42 U.S.C. §§ 1983 and 1985(2)-(3), and the First, Seventh, and Fourteenth Amendments. Their collective refusal to report their own and each other's illegal or fraudulent actions under **KRS 26A.080 and KRS 209.030** perpetuates retaliatory elder abuse under **KRS 209.050**, renewing the constitutional and statutory harm/injury daily and **tolling all applicable statutes of limitation** under the continuing tort doctrine. **No state or federal court in the United States has ever attempted to bar, obstruct, or deny a civil plaintiff from all court access across an entire state by fraudulently accusing them of felonies.** The absurdity and illegality of such an act is so blatant that it has never been attempted by any judge in any jurisdiction. Adding to the absurdity and illegality is the fact that the Defendant had not been legally served yet. Jefferson Circuit Court is the first to attempt this type of illegal act or fraud, which is retaliatory under KRS 209.050, KRS 209.030, KRS 209.990, KRS 26A.015(2), and is

an attempt to intimidate and tamper with a witness, which is also violation of 42 U.S.C. §§ 1983 and 1985(2)-(3).

**PLAUSIBILITY—Legally Binding and Conclusive Judicially Admitted Liability (Verbatim from State)**

936. The following sets forth Susan Wilson's legally conclusive and binding judicial admissions of liability **verbatim from Kentucky case 25-CI-001371** under the plausibility section supporting this Claim for Relief/Relief Demanded/Count. These legally conclusive and binding judicial admissions of liability fully satisfy the plausibility requirement under Twombly and Iqbal and re-litigation of those admissions is estopped.

937. **COUNT XXIX: (29th Cause of Action) (Ingredion Securities) Fraudulent Securities Practices under KRS 292.320, Complicity under KRS 502.020**, also connected to KRS 209.020, the elder abuse vulnerability statute. Plaintiff realleges and incorporates by reference the preceding paragraphs as though fully set forth herein.

938. **(Refer to Count XXV with the following statement in case 25-CI-001371 (See PX-51): Plaintiff incorporates by reference all paragraphs as though fully set forth herein to include Wilson as Complicit to the following Annuity and Security frauds by Fox, Wilson's Deception by Failing to Correct a False Impression pursuant to KRS 209.020(7)(c), the Elder Abuse Vulnerability Statute. Doris had, has, and continues to have a false impression believing that the following Annuities and Securities that have been in her name continue to exist as her assets in large amounts. In fact, they have been liquidated in large amounts in their entirety.)**

939. **Nature of the Action** This claim arises out of the complete liquidation of a high-yield security account **(over $27,000)** belonging to Doris. Plaintiff alleges that the liquidation was

carried out by Fox, without Doris's informed consent, and without Doris's understanding, through undue influence, through fraudulent practices, causing significant financial harm to Doris. Plaintiff brings this claim under KRS 292.320, KRS 502.020. See **PX-29.**

940. **Statutory Basis: KRS 292.320;** Pursuant to KRS 292.320(1), it is unlawful for any person, in connection with the offer, sale, or purchase of any security, directly or indirectly:

941. a. To employ any device, scheme, or artifice to defraud; b. To make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in light of the circumstances under which they are made, not misleading; or c. To engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

942. **Statutory Basis: KRS 502.020** Pursuant to KRS 502.020, a person is legally accountable for the conduct of another constituting an offense if, with the intent to promote or facilitate the commission of the offense, the person: a. Solicits, commands, or engages in conduct that aids or attempts to aid another person in the planning or commission of the offense; b. **Assists or conspires with another person to commit the fraudulent act.**

943. **Factual Allegations** a. Doris is named on a high-yield security account **(over $27,000)** held at Ingredion. Without Doris's informed consent or understanding, the entire account was liquidated at one time.

944. Fox, acting alone, or **in complicity with others, engaged in a scheme to liquidate the account for personal gain, employing deceptive and fraudulent practices** in violation of KRS 292.320. **See all of PX-2, PX-6, PX-28, PX-39.**

945. **Appy the same herein to the Ingredion Security. Refer to all of PX-2, PX-6, PX-28, PX-39, and PX-3, Audio8, Audio11, Audio13, Audio16, PX-5, page 67, lines 18-25, for**

**Wilson and Fox having an invalid power of attorney. Ingredion valued above $27,000. "Appy the same herein to the Ingredion Security" is based on the state complaint combining Truist/Ingredion.**

946. Doris did not understand why the account, which was high-yield and intended for long-term growth, would be liquidated in its entirety.

947. Fox **acted under the direction or influence of others, those individuals are liable under KRS 502.020 for complicity in the fraudulent securities practice.**

948. **Legal Claims** Plaintiff asserts the following legal claims: Fraudulent securities practice pursuant to KRS 292.320(1)(a)-(c), as Fox employed a device, scheme, or artifice to defraud Doris, made untrue statements or omissions of material facts, and engaged in a practice that operated as a fraud or deceit upon Doris.

949. Complicity pursuant to KRS 502.020, as Fox and others **acted in concert to promote or facilitate the fraudulent liquidation of Doris's account.**

950. Damages Pursuant to KRS 292.320, **Plaintiff is entitled to recover the following: Compensatory damages in the amount above $27,000, representing the full value of the liquidated security account, reasonable investigation and litigation expenses, including attorneys' fees, incurred at both the trial and appellate courts, additional compensatory damages for the emotional distress, inconvenience, and financial hardship caused by the fraudulent conduct, Pre-judgment and post-judgment interest as permitted by law.**

**CLAIM FOR RELIEF XXX--**(Also a Count and Cause of Action)---**Forgery** Pursuant to KRS 516.020, KRS 516.030, KRS 516.040 and **Complicity in Forgery** Pursuant to KRS 516.020, KRS 516.030, KRS 516.040, KRS 502.020 Regarding Susan Wilson's and Lori Fox's Deceptive, Illegal, Fraudulent, and Forged Power of Attorney Documents dated on or near March 4, 2020,

Forged Will Document, and Other Potentially Fraudulent and Forged Documents to be Discovered; in Furtherance of Elder Abuse; Actionable Under KRS 516.020, KRS 516.030, KRS 516.040, KRS 502.020, KRS 209.020, KRS 209.030, KRS 209.050, KRS 386B.8-010, KRS 386B.1-010(1), KRS 386B.8-180(1)(a), KRS 386B.4-100; FRCP 17(a)(1)(E), KRS 457.350(1)-(2), KRS 209.990, KRS 446.070, 28 U.S.C. § 1367(a); Legally Binding and Conclusive Judicial Admissions of Liability Under Substantive CR 8.04 and 28 U.S.C. § 1367(a); Causing Harm, Injury, and Unjust Enrichment

951. Plaintiffs reassert and incorporate by reference in full detail all of Section XII: Master Comprehensive Incorporation of Exhibits, Evidentiary Foundation, Jurisdictional Foundation, Record of Judicial Misconduct, Systemic Civil Rights Obstruction, Denial of All Access to All Kentucky Courts, Constitutional and Federal Enforcement Framework, the Supremacy Clause (Art. VI, Cl. 2), and all preceding paragraphs as though fully restated and fully set forth herein this claim for relief/relief entitled to-sought-demanded. Plaintiffs further assert all of the following:

**Plaintiffs hereby assert the following "Short and Plain Statement" (Fed. R. Civ. P. 8(a)(2)):**

952. Plaintiffs incorporate by reference in full detail all prior paragraphs, all following plausibility paragraphs, and all legally binding and conclusive judicially admitted liability and damages from cases 25-CI-001371, 25-CI-001568, 25-CI-001795, 25-CI-001796, 25-CI-001121, with cases 25-CI-001568, 25-CI-001795, 25-CI-001796, 25-CI-001121 **facially fully supporting case 25-CI-001371 (Refer to PX-51 through PX-62, PX-96, PX-95),** as though fully restated and fully set forth herein this claim for relief/relief entitled to-sought-demanded, and assert all of the following:

953. Defendant **knowingly** and intentionally perpetrated Forgery and was/is complicit in enabling others to perpetrate Forgery under KRS 516.020, KRS 516.030, KRS 516.040, and **KRS 502.020** against Doris Colgate.

954. Defendant's Forgery under KRS 516.020, KRS 516.030, KRS 516.040, and KRS 502.020 against Doris Colgate caused harm and injury to Doris and Edward, resulting in financial loss, tortious interference with legal and fiduciary duties, and deprivation of property, financial holdings/interests, and legal rights.

955. Defendant's participation in Forgery under KRS 516.020, KRS 516.030, KRS 516.040, and KRS 502.020 also constitutes elder abuse of a vulnerable adult, and is actionable under, KRS 516.020, KRS 516.030, KRS 516.040, KRS 502.020, KRS 209.020, KRS 209.990, KRS 446.070, 28 U.S.C. § 1367(a).

956. **Liability for this Claim for Relief/Relief Demanded is legally binding and conclusive** based on Defendant's **judicial admissions of liability** in Kentucky Case No. **25-CI-001371, Count XXX,** pursuant to CR 8.04, and 28 U.S.C. § 1367(a). See **PX-51** for Kentucky Complaint **25-CI-001371, PX-55** for the Sheriff's Affidavit for legal service to Defendant, and **PX-56** for the case file docket log.

957. Plaintiffs accordingly respectfully demand immediate entry of judgment as to liability, and a corresponding award of $540,185.41 --- based on the substantive CR 8.04 legally binding and conclusive judicially admitted Special Damages floor --- arising from the first 31 claims combined --- from Ky. case 25-CI-001371 (PX-51) --- which is separate from and in addition to --- other compensatory damages and other continuing losses caused by Defendant's ongoing fraudulent obstruction of recovery, concealment, and unjust enrichment that are also judicially admitted under CR 8.04. These Special Damages — established as a legally binding and

conclusive sum certain from Susan Wilson's own CR 8.04 admissions --- are independently confirmed from four additional defendants' CR 8.04 admissions across four separate Kentucky cases --- which include cases 25-CI-001568, 25-CI-001795, 25-CI-001796, 25-CI-001121 (PX-52, PX-53, PX-54, and PX-96 supported by PX-95. Plaintiffs also demand declaratory and injunctive relief to prevent the continuing abuses. Plaintiffs demand general damages and punitive damages.

958. The **foregoing constitutes Plaintiffs' short and plain statement of this claim for relief** in compliance with Fed. R. Civ. P. 8(a)(2).

959. Plaintiffs further preserve and reserve all federal claims, including but not limited to those under 42 U.S.C. § 1983, § 1985(2)-(3), civil RICO (18 U.S.C. §§ 1961 through 1964(c)), 28 U.S.C. § 1367(a), the First, Seventh, and Fourteenth Amendments, the Supremacy Clause, other federal and state statutes, and other federal question violations, caused by the same acts of deception and obstruction, and assert that these violations will be set forth in separate Claims for Relief below to preserve both state-law recovery and the right to seek treble damages, punitive damages, declaratory relief, and injunctive relief under federal law. Plaintiffs further incorporate by reference in full detail Sections VII, VIII, and XII for WDWA's jurisdiction of this claim. Additionally, The Defendant's **legally binding and conclusive, judicially admitted participation in forged legal documents/instruments** has resulted in **continuous**, unlawful **tortious interference** with Trustee Edward Colgate's administration of **The Colgate Family Living Trust dated January 29, 2020**, with **each day since March 1, 2020**, constituting a **new act of fraudulent obstruction** and fiduciary harm/injury. This Claim for Relief is pled under a continuing tort doctrine, as Defendant's obstruction of Trustee Edward Colgate's fiduciary duties and Trustee recovery rights under the Trust constitutes an ongoing violation, with each day

renewing the harm/injury and tolling all applicable statutes of limitation. Additionally, **each day that Defendant refuses and fails to report her own elder abuse and tortious fiduciary interference under KRS 209.030 constitutes a new statutory violation**, which further tolls all relevant statutes of limitation under Kentucky and federal law. Each day that Judge Morris's and other judges' **fraudulent felony accusations** against plaintiff(s) **remain embedded in void ab initio orders** constitutes a continuing denial of all Kentucky court access and systemic obstruction of justice in violation of 42 U.S.C. §§ 1983 and 1985(2)-(3), and the First, Seventh, and Fourteenth Amendments. Their collective refusal to report their own and each other's illegal or fraudulent actions under **KRS 26A.080 and KRS 209.030** perpetuates retaliatory elder abuse under **KRS 209.050**, renewing the constitutional and statutory harm/injury daily and **tolling all applicable statutes of limitation** under the continuing tort doctrine. **No state or federal court in the United States has ever attempted to bar, obstruct, or deny a civil plaintiff from all court access across an entire state by fraudulently accusing them of felonies.** The absurdity and illegality of such an act is so blatant that it has never been attempted by any judge in any jurisdiction. Adding to the absurdity and illegality is the fact that the Defendant had not been legally served yet. Jefferson Circuit Court is the first to attempt this type of illegal act or fraud, which is retaliatory under KRS 209.050, KRS 209.030, KRS 209.990, KRS 26A.015(2), and is an attempt to intimidate and tamper with a witness, which is also violation of 42 U.S.C. §§ 1983 and 1985(2)-(3).

**PLAUSIBILITY—Legally Binding and Conclusive Judicially Admitted Liability (Verbatim from State)**

960. The following sets forth Susan Wilson's legally conclusive and binding judicial admissions of liability **verbatim from Kentucky case 25-CI-001371** under the plausibility section

supporting this Claim for Relief/Relief Demanded/Count. These legally conclusive and binding judicial admissions of liability fully satisfy the plausibility requirement under Twombly and Iqbal and re-litigation of those admissions is estopped.

961. **Count XXX (30th Cause of Action): Plaintiffs assert Wilson was Complicit with Fox in perpetrated Forgery Pursuant to KRS 502.020 and pursuant to KRS 516.020, KRS 516.030, and KRS 516.040 regarding Wilson's and Fox's power of attorney document** since on audio, Doris communicates she did not sign that document, and in the deposition, Doris communicated that she told Edward that he was still the power of attorney and Trustee in May-June 2020, invalidating Wilson's and Fox's legal documents. In addition, **Wilson's** or Fox's **forgery relates to unauthorized liquidation of Doris's annuities and securities.** In addition, Wilson's or Fox's forgery relates to submissions to Court. The **aforementioned caused financial damages to Doris and Edward based on all 30 Counts and causes of action herein. Refer to PX-2, PX-3, PX-5, and PX-25 through PX-29.**

962. **For paragraphs 267 through 335, apply the additional following support for all the Annuity and Security fraud: Refer to all of PX-2, PX-6, PX-25 through PX-39, and PX-3, Audio8, Audio11, Audio13, Audio16, PX-5, page 67, lines 18-25, for Wilson and Fox having an invalid power of attorney.**

**CLAIM FOR RELIEF XXXI**--(Also a Count and Cause of Action)—**Obstruction of Recovery and Unjust Enrichment Regarding Breach of Fiduciary Duty and Tampering with Physical Evidence Regarding Norman Colgate's Estate** Actionable Under KRS 524.100, KRS 502.020, the Governing Probate Laws, Breach of Fiduciary Duty Laws, Obstruction of Recovery, Unjust Enrichment, KRS 446.070, 28 U.S.C. § 1367(a); Legally Binding and

Conclusive Judicial Admissions of Liability Under Substantive CR 8.04 and 28 U.S.C. § 1367(a); Causing Harm, Injury, and Unjust Enrichment

963. Plaintiffs reassert and incorporate by reference in full detail all of Section XII: Master Comprehensive Incorporation of Exhibits, Evidentiary Foundation, Jurisdictional Foundation, Record of Judicial Misconduct, Systemic Civil Rights Obstruction, Denial of All Access to All Kentucky Courts, Constitutional and Federal Enforcement Framework, the Supremacy Clause (Art. VI, Cl. 2), and all preceding paragraphs as though fully restated and fully set forth herein this claim for relief/relief entitled to-sought-demanded. Plaintiffs further assert all of the following:

**Plaintiffs hereby assert the following "Short and Plain Statement" (Fed. R. Civ. P. 8(a)(2)):**

964. Plaintiffs incorporate by reference in full detail all prior paragraphs, all following plausibility paragraphs, and all legally binding and conclusive judicially admitted liability and damages from cases 25-CI-001371, 25-CI-001568, 25-CI-001795, 25-CI-001796, 25-CI-001121, with cases 25-CI-001568, 25-CI-001795, 25-CI-001796, 25-CI-001121 **facially fully supporting case 25-CI-001371 (Refer to PX-51 through PX-62, PX-96, PX-95),** as though fully restated and fully set forth herein this claim for relief/relief entitled to-sought-demanded, and assert all of the following:

965. Defendant **knowingly** and intentionally perpetrated and was/is complicit in enabling others to perpetrate **tampering with physical evidence pursuant to KRS 524.100 and pursuant to KRS 502.020 (Complicity with Full Liability)** against Edward regarding obstructing recovery for violations against Edward Colgate's financial interests and legal rights regarding Norman Colgate's probate. **This claim for relief/count pertains solely to the probated estate of**

**Norman Colgate and is factually and legally distinct from claims for relief/counts I–XXX** regarding Edward Colgate and Doris Colgate.

966. That **tampering with physical evidence pursuant to KRS 524.100 and pursuant to KRS 502.020 (Complicity with Full Liability)** caused harm and injury to Edward, resulting in financial loss, and deprivation of financial interests and legal rights. Edward was **never** legally served a final and appealable order after Edward was **not allowed to complete one sentence** over zoom or virtual hearing---when the judge said that she had previously or already made her decision. Therefore, oral arguments by Edward were **not** allowed in district court. It is presumed that there was **never** a final and appealable order based on the aforementioned.

967. **Liability for this Claim for Relief/Relief Demanded is legally binding and conclusive** based on Defendant's **judicial admissions of liability** in Kentucky Case No. **25-CI-001371, paragraphs 338—346,** cited as an addition to **Count XXII—but it is a separate and unrelated tampering with physical evidence under KRS 524.100,** pursuant to CR 8.04, and 28 U.S.C. § 1367(a). See **PX-51** for Kentucky Complaint **25-CI-001371, PX-55** for the Sheriff's Affidavit for legal service to Defendant, and **PX-56** for the case file docket log. Plaintiff Edward Colgate demands entry of a judgment in the amount of **$28,000** --- plus punitive damages of no less than 9 times --- **$252,000** --- and up to 30 times, based on adjudicative facts admitted under substantive CR 8.04 admissions --- representing an estimated 50% share of the estate of Norman Colgate, which Defendant fraudulently concealed and diverted without notice or accounting.

968. Plaintiffs accordingly respectfully demand immediate entry of judgment as to liability, and a corresponding award of $540,185.41 --- based on the substantive CR 8.04 legally binding and conclusive judicially admitted Special Damages floor --- arising from the first 31 claims combined --- from Ky. case 25-CI-001371 (PX-51) --- which is separate from and in addition to -

-- other compensatory damages and other continuing losses caused by Defendant's ongoing fraudulent obstruction of recovery, concealment, and unjnst enrichment that are also judicially admitted under CR 8.04. These Special Damages — established as a legally binding and conclusive sum certain from Susan Wilson's own CR 8.04 admissions --- are independently confirmed from four additional defendants' CR 8.04 admissions across four separate Kentucky cases --- which include cases 25-CI-001568, 25-CI-001795, 25-CI-001796, 25-CI-001121 (PX-52, PX-53, PX-54, and PX-96 supported by PX-95. In addition, Plaintiff Edward Colgate demands entry of a judgment in the amount of **$28,000** --- plus punitive damages of no less than 9 times ---- **$252,000** --- and up to 30 times, based on adjudicative facts admitted under substantive CR 8.04 admissions --- representing an estimated 50% share of the estate of Norman Colgate, which Defendant fraudulently concealed and diverted without notice or accounting. Plaintiffs also demand declaratory and injunctive relief to prevent the continuing abuses. Plaintiffs demand general damages and punitive damages.

969. The **foregoing constitutes Plaintiffs' short and plain statement of this claim for relief** in compliance with Fed. R. Civ. P. 8(a)(2).

970. Plaintiffs further preserve and reserve all federal claims, including but not limited to those under 42 U.S.C. § 1983, § 1985(2)-(3), civil RICO (18 U.S.C. §§ 1961 through 1964(c)), 28 U.S.C. § 1367(a), the First, Seventh, and Fourteenth Amendments, the Supremacy Clause, other federal and state statutes, and other federal question violations, caused by the same acts of deception and obstruction, and assert that these violations will be set forth in separate Claims for Relief below to preserve both state-law recovery and the right to seek treble damages, punitive damages, declaratory relief, and injunctive relief under federal law. Plaintiffs further incorporate by reference in full detail Sections VII, VIII, and XII for WDWA's jurisdiction of this claim.

Additionally, The Defendant's **legally binding and conclusive, judicially admitted participation in forged legal documents/instruments** has resulted in **continuous**, unlawful **tortious interference** with Trustee Edward Colgate's administration of **The Colgate Family Living Trust dated January 29, 2020**, with **each day since March 1, 2020**, constituting a **new act of fraudulent obstruction** and fiduciary harm/injury. This Claim for Relief is pled under a continuing tort doctrine, as Defendant's obstruction of Trustee Edward Colgate's fiduciary duties and Trustee recovery rights under the Trust constitutes an ongoing violation, with each day renewing the harm/injury and tolling all applicable statutes of limitation. Additionally, **each day that Defendant refuses and fails to report her own elder abuse and tortious fiduciary interference under KRS 209.030 constitutes a new statutory violation**, which further tolls all relevant statutes of limitation under Kentucky and federal law. Each day that Judge Morris's and other judges' **fraudulent felony accusations** against plaintiff(s) **remain embedded in void ab initio orders** constitutes a continuing denial of all Kentucky court access and systemic obstruction of justice in violation of 42 U.S.C. §§ 1983 and 1985(2)-(3), and the First, Seventh, and Fourteenth Amendments. Their collective refusal to report their own and each other's illegal or fraudulent actions under **KRS 26A.080 and KRS 209.030** perpetuates retaliatory elder abuse under **KRS 209.050**, renewing the constitutional and statutory harm/injury daily and **tolling all applicable statutes of limitation** under the continuing tort doctrine. **No state or federal court in the United States has ever attempted to bar, obstruct, or deny a civil plaintiff from all court access across an entire state by fraudulently accusing them of felonies.** The absurdity and illegality of such an act is so blatant that it has never been attempted by any judge in any jurisdiction. Adding to the absurdity and illegality is the fact that the Defendant had not been legally served yet. Jefferson Circuit Court is the first to attempt this type of illegal act or fraud,

which is retaliatory under KRS 209.050, KRS 209.030, KRS 209.990, KRS 26A.015(2), and is an attempt to intimidate and tamper with a witness, which is also violation of 42 U.S.C. §§ 1983 and 1985(2)-(3).

**PLAUSIBILITY—Legally Binding and Conclusive Judicially Admitted Liability (Verbatim from State)**

971. The following sets forth Susan Wilson's legally conclusive and binding judicial admissions of liability **verbatim from Kentucky case 25-CI-001371** under the plausibility section supporting this Claim for Relief/Relief Demanded/Count. These legally conclusive and binding judicial admissions of liability fully satisfy the plausibility requirement under Twombly and Iqbal and re-litigation of those admissions is estopped.

972. **Tampering with Physical Evidence, Edward asserts that Susan Wilson breached her fiduciary duty as Executor of Norman Colgate's Estate, and tampered with physical evidence to the Court, or in the alternative, was Complicit to breach of fiduciary duty, and/or tampering with physical evidence, pursuant to KRS 502.020, Liability regarding Complicity.** Refer to **Norman's Will.**

973. Plaintiff realleges and incorporates by reference the preceding paragraphs as though fully set forth herein.

974. Edward Colgate is named as Beneficiary on Page 1, Article I, B, of Norman's Will. Under Article IV, C, bottom of page 2, and top of page 3, it states, "and all other tangible personal property not otherwise specifically bequeathed **(except cash on hand or on deposit)** owned by me at the time of my death," and also "in fee simple to my children who survive me, to be divided among them as they may agree." **Wilson never accounted for "cash on hand or on deposit," by giving an account to Edward, Beneficiary. Wilson refused all communications**

**with Edward.** Edward was finally able to obtain an inventory which did **not show any of Norman's cash on hand and/or on deposit. Norman had given Edward a copy of his Will since Edward was named as Beneficiary.** Norman had told Edward, shortly before his passing, that he **maintained a significant amount of cash at his apartment and at the bank.** Edward asserts that **Wilson gave a false accounting to the Court, which is tampering with evidence, since the false accounting is seen in court documents. Wilson was complicit in having Matthew Burnett give this false accounting to the Court, and was complicit in having Burnett try to deceive Edward into thinking that he was not named in the Norman's Will, when, in fact, Edward is named in Norman's Will.**

975. Fiduciary Duty of an Executor--As the Executor of Norman Colgate's Estate, Susan Wilson owed a fiduciary duty to all named beneficiaries, including Edward Colgate. This duty includes:

- A duty of loyalty, meaning she must act in the best interest of the beneficiaries.
- A duty to account, requiring her to disclose and properly distribute estate assets.
- A duty of good faith, ensuring honesty and transparency in estate administration.

976. Wilson breached these duties by failing to disclose and account for cash on hand and on deposit. Instead of providing Edward, a named beneficiary, with an accurate accounting, she refused all communication and facilitated the submission of a **false inventory to the Court.**

977. Violation of **KRS 524.100 (Tampering with Physical Evidence)**--Kentucky law prohibits knowingly providing false evidence to a court proceeding. Wilson violated this statute by failing to account for Norman's cash on hand and on deposit, despite specific instructions in the Will, and **by presenting an inaccurate estate inventory through attorney Matthew Burnett,** which omitted these assets, and misleading Edward by allowing Burnett to suggest that Edward was not a beneficiary, when the Will explicitly names him. In addition, at the Probate hearing, the judge,

in violation of due process, the First, Seventh, and Fourteenth Amendments, and the Supremacy Clause, Art. VI, Cl. 2, immediately said that she had made a decision, denying Plaintiff his rights to present his arguments and present his case.

978. Because the **inventory was submitted as part of probate proceedings, this amounts to tampering with evidence, as it constitutes the presentation of false financial documents in a legal setting.**

979. Complicity Under KRS 502.020: Even if Wilson did not personally submit the false inventory, **she is complicit under KRS 502.020 because she: Directed, encouraged, or facilitated Burnett's submission of the false accounting**; Benefited from the concealment of estate assets by depriving Edward of his rightful inheritance; Had a legal duty to correct false statements as Executor, but instead remained silent, **enabling the deception.** Under KRS 502.020, a person is legally responsible for an offense if they intentionally aid, advise, allow, or induce another to commit a crime. By knowingly allowing false information to be filed in probate court, Wilson was complicit in the breach of fiduciary duty and tampering with evidence.

980. Given the evidence presented, Susan Wilson's actions constitute:

1. Breach of Fiduciary Duty by failing to account for estate assets, refusing to communicate with a beneficiary, and mismanaging the estate.
2. **Tampering with Physical Evidence by facilitating or permitting the submission of a false estate inventory in court proceedings.**
3. **Complicity under KRS 502.020 by knowingly assisting, approving, or failing to rectify the submission of false evidence.**

981. As such, Edward Colgate respectfully requests **appropriate remedies, including a full and accurate accounting of the estate, legal action against Wilson for breach of duty, and appropriate sanctions for tampering with evidence in a court proceeding.**

**SURVIVAL OF CLAIMS PURSUANT TO KRS 411.140, KRS 413.130, and KRS 413.120 AND FEDERAL LEGAL STANDING**

982. Plaintiffs assert application of the following herein for each claim for relief: The following is also "**Verbatim**" from state complaint 25-CI-001371 of legally binding and conclusive judicial admissions regarding all claims for relief/counts: **Pursuant to KRS 413.130, for when certain actions in KRS 413.120 accrue. In an action for relief or damages for fraud or mistake, referred to in subsection (11) of KRS 413.120, the cause of action shall not be deemed to have accrued until the discovery of the fraud or mistake.** However, the action shall be commenced within ten (10) years after the time of making the contract or the perpetration of the fraud. Plaintiff **asserts this statute for all aforementioned frauds. Plaintiffs respectfully demand a trial by jury.**

983. Plaintiffs assert application of the following herein for each claim for relief: The following is also "**verbatim**" from state complaint 25-CI-001371 of legally binding and conclusive judicial admissions regarding all claims for relief/counts: **KRS 411.140--What action shall survive**. No right of action for personal injury or for injury to real or personal property shall cease or die with the person injuring or injured, except actions for slander, libel, criminal conversation, and so much of the action for malicious prosecution as is intended to recover for the personal injury. **For any other injury an action may be brought or revived by the personal representative, or against the personal representative, heir or devisee, "in the same manner" as causes of action founded on contract.** Additionally, The Defendant's **legally binding and conclusive,**

**judicially admitted participation in forged legal documents/instruments** has resulted in **continuous**, unlawful **tortious interference** with Trustee Edward Colgate's administration of **The Colgate Family Living Trust dated January 29, 2020,** with **each day since March 1, 2020**, constituting a **new act of fraudulent obstruction** and fiduciary harm/injury. This Claim for Relief is pled under a continuing tort doctrine, as Defendant's obstruction of Trustee Edward Colgate's fiduciary duties and Trustee recovery rights under the Trust constitutes an ongoing violation, with each day renewing the harm/injury and tolling all applicable statutes of limitation. Additionally, **each day that Defendant refuses and fails to report her own elder abuse and tortious fiduciary interference under KRS 209.030 constitutes a new statutory violation,** which further tolls all relevant statutes of limitation under Kentucky and federal law. Each day that Judge Morris's and other judges' **fraudulent felony accusations** against plaintiff(s) **remain embedded in void ab initio orders** constitutes a continuing denial of all Kentucky court access and systemic obstruction of justice in violation of 42 U.S.C. §§ 1983 and 1985(2)-(3), and the First, Seventh, and Fourteenth Amendments. Their collective refusal to report their own and each other's illegal or fraudulent actions under **KRS 26A.080 and KRS 209.030** perpetuates retaliatory elder abuse under **KRS 209.050**, renewing the constitutional and statutory harm/injury daily and **tolling all applicable statutes of limitation** under the continuing tort doctrine. **No state or federal court in the United States has ever attempted to bar, obstruct, or deny a civil plaintiff from all court access across an entire state by fraudulently accusing them of felonies.** The absurdity and illegality of such an act is so blatant that it has never been attempted by any judge in any jurisdiction. Adding to the absurdity and illegality is the fact that the Defendant had not been legally served yet. Jefferson Circuit Court is the first to attempt this type of illegal act or fraud, which is retaliatory under KRS 209.050, KRS 209.030, KRS 209.990,

KRS 26A.015(2), and is an attempt to intimidate and tamper with a witness, which is also violation of 42 U.S.C. §§ 1983 and 1985(2)-(3).

984. Plaintiffs assert application of the following herein for each claim for relief: The following is also "**verbatim**" from state complaint 25-CI-001371 of legally binding and conclusive judicial admissions regarding all claims for relief/counts: **Survival of Action Pursuant to KRS 411.140**: Plaintiff asserts that this action is brought pursuant to the provisions of **KRS 411.140**, which provides that causes of action for personal injury **or for injury to real or personal property do not cease upon the death** of the injured party. Edward asserts that In the event the Plaintiff, Plaintiffs, or Doris Colgate passes away during the pendency of this action, the claims and rights asserted herein shall survive and may be continued, revived, or pursued by or against the personal representative, heir, or devisee of the deceased party, in accordance with **KRS 411.140** and applicable Kentucky law. Edward, acting as Doris Colgate's fiduciary, Trustee, power of attorney, and beneficiary, asserts that the claims and causes of action related to the injury and loss of Doris's real and personal property caused by Lori Fox's (and **Susan Wilson's**) fraudulent conduct—shall survive and may continue to be pursued in the event of Doris's passing. These claims include, but are not limited to fraud, breach of fiduciary duty, and financial exploitation, all of which have caused substantial harm to Doris's real and personal property (and to Edward's financial interests). (This action **does not fall within those exceptions**.)

985. Plaintiffs incorporate by reference in full all prior paragraphs and all claims for relief and further assert that, pursuant to KRS 411.140, all claims for relief stated herein shall survive the death of any party, including Doris Colgate, and may be revived, continued, or pursued by or against the personal representative, trustee, heir, or devisee of any deceased plaintiff or defendant. Edward Colgate, individually, and as Power of Attorney, Trustee, Beneficiary, and

lawful fiduciary for Doris Colgate, brings these claims both in his individual capacity and on her individual behalf, based on fiduciary rights already judicially admitted by multiple defendants in prior Kentucky state court filings.

986A. To the extent that Defendant's and other defendants' ongoing obstruction has prevented Edward from verifying Doris Colgate's current medical or legal status, Plaintiffs assert that such obstruction does **not** alter the legal standing of the claims for relief or rights previously preserved and judicially admitted. All claims arising from harm to Doris Colgate's real and personal property and Edward's financial interests, including but not limited to those for fraud --- regarding defendant --- who has a **forged** POA, which is judicially admitted as **forgery** for any legal document that defendant may have, and financial exploitation under KRS 209.020, 209.030, 209.050,, 209.990, KRS 446.070, and 42 U.S.C. §§ 1983 and 1985(2)-(3), **shall survive and are properly brought in this action.** These claims are further preserved by the doctrines of judicial admission, equitable estoppel, and continuing violation, and shall remain actionable regardless of Doris Colgate's current condition or future status. Edward continues to assert his additional legal standing based on the following: KRS 386B.8-010, KRS 386B.1-010(1), KRS 386B.8-180(1)(a), KRS 386B.4-100; FRCP 17(a)(1)(E)-(G), FRCP 60 (b)(2)(3)(4)(6), KRS 457.350(1)- (2), and as a Real Party in Interest With Doris Colgate.

986B. All 31 Claims for Relief stated herein — Claims I through XXXI --- are established from the legally binding and conclusive substantive CR 8.04 admissions of Defendant Susan Wilson in Kentucky case 25-CI-001371 — in which Wilson failed to respond to each and every averment/ allegation/ adjudicative fact after legal service by Deputy Sheriff on March 25, 2025 — generating legally binding admissions of liability in all 31 counts/claims for relief and all damages averments/ allegations/ adjudicative facts simultaneously. These admissions are

independently confirmed by four additional defendants across four supporting Kentucky cases --- Lori Fox in case 25-CI-001121 — Ray Wilson in case 25-CI-001568 — Jude McConnell in case 25-CI-001795 — and Hey Jude LLC in case 25-CI-001796—each admitting identical damages figures/ dollar amounts through separate substantive CR 8.04 defaults after separate legal service by separate Deputy Sheriffs - making every damages figure/dollar amounts stated herein --- established from five simultaneous independent admitted sources.

986C. Plaintiffs accordingly respectfully demand immediate entry of judgment as to liability on all 31 Claims for Relief — and a corresponding award of **$540,185.41 in Special Damages** — established as a legally binding and conclusive sum-certain from Wilson's own CR 8.04 admissions --- and independently confirmed from four additional defendants' CR 8.04 admissions across four separate Kentucky cases — which is separate from --- and in addition to all of the following respectfully demanded:

986D. Other compensatory damages for continuing losses caused by Defendant's ongoing fraudulent obstruction of recovery — fraudulent concealment — and unjust enrichment — also judicially admitted under CR 8.04 admissions.

986E. Dividends and interest defrauded from Doris in all five financial instruments --- and Interest to Edward — admitted by Wilson and four additional defendants through CR 8.04.

986F. The Morning Pointe slip and fall recovery --- **framed under elder abuse** --- fraudulently and deceptively obstructed by Wilson's tortious interference — admitted through CR 8.04 admissions in Claim for Relief **LXXXIX.**

986G. Intentional Infliction of Emotional Distress damages for both Doris and Edward — admitted through CR 8.04 in Claim for Relief **XCVI.**


Edward Colgate 22023 SE Wax Rd., Box 1452, Maple Valley, WA 98038, King Co.

986H. **Time and effort damages totaling $24,600 to be awarded to Edward** — legally binding and conclusive and judicially admitted through substantive CR 8.04 default. See **Adjudicative Facts 524 through 532 in Section XXXVII.**

986I. The conditional wrongful death and familial deprivation damages asserted in Claim for Relief **XCVII.**

986J. Plaintiffs additionally demand declaratory relief honoring Doris's January 29, 2020 Affidavit against Wilson --- and honoring Doris's January 29, 2020 legal and valid Trust Agreement Naming Edward Colgate as Trustee ---and honoring Doris's legal and valid Will Naming Edward as Executor --- and demand injunctive relief to prevent Wilson's continuing fraudulent use of Doris's assets to fund Wilson's defense of her admitted fraud against Doris --- and all other equitable relief established as warranted from Wilson's own CR 8.04 admissions across all 31 counts/claims for relief.

986K. In addition to the $540,185.41 admitted special damages floor and all other relief established herein --- Plaintiffs seek the following additional relief arising from Wilson's admitted unjust enrichment and admitted complicity in Fox's — Burkhead's --- and McConnell's unjust enrichment from Doris — established as Adjudicative Facts 507 through 510 in Section XXXVII --- and from paragraph 259 and paragraph 355 subsections 2 --- 12 --- and 27 of Kentucky case 25-CI-001371 — and from the unjust enrichment analysis in Claim for Relief XXIV herein --- above.

986L. Plaintiffs demand general damages and punitive damages.

**986M.** Plaintiffs assert and incorporate by reference in full as though fully set forth herein --- that Wherever **"fraudulent felony accusations" are cited** --- those citations are understood to be --- **against plaintiff(s).**

**986N.** Plaintiffs further assert and incorporate by reference in full as though fully set forth herein --- that Wherever **"Through Defendant's Complicity and Conspiracy With One or More Judges"** is cited, Plaintiffs assert that all referenced judges have **NO jurisdiction** and have **NEVER** had jurisdiction.

**CLAIM FOR RELIEF XXXII**--(Also a Count and Cause of Action) — **Defendant Susan Wilson's Sustained and Compounded Obstruction of Plaintiffs' Recovery — Through Defendant's Complicity and Conspiracy With One or More Judges (Without jurisdiction) — the Elected Jefferson Circuit Court Clerk — Jefferson Circuit Court Clerk's Office Employees — Administrative Office of the Courts Employees — Court Administrators — Staff Attorneys — Acting Under Color of State Law --- and Through Defendant's Complicity and Conspiracy With Private Citizens and Entities — Individually or in Any Combination — Depriving Plaintiffs of Constitutional Rights and Equal Protection — Actionable Under 42 U.S.C. §1983 and 42 U.S.C. §1985 — Causing and Continuing to Cause Unjust Enrichment for Defendant Susan Wilson --- Based on Damages Caused by Defendant's Direct Actions and Complicity and Conspiracy in Financial Exploitation of Doris Colgate Under KRS 209.020(9)—Elder Abuse, KRS 209.990, and KRS 502.020 (Complicity), Enabling/Causing Defendant's and Others' Unjust Enrichment; Deprivation and Obstruction of Civil Rights under 42 U.S.C. §§ 1983, 1985(2)-(3), the First, Seventh, and Fourteenth Amendments, and the Supremacy Clause, Art. VI, Cl. 2;** Supported by Rankin v. Howard, 633 F. 2d 844 (9th Circuit 1980) and United States v. Dugan, 2:25-cr-00089 (E.D. Wis. 2025); Actionable under all aforementioned legal authority and under KRS 209.030(2), KRS 209.020, KRS 209.050, KRS 446.070, 28 U.S.C. § 1367(a); And under **Legally Binding and Conclusive** Judicial Admissions of Liability and Damages pursuant to CR 8.04, 28

U.S.C. § 1367(a); (Conspiracy and Complicity with Full Liability); All aforementioned Causing Harm/Injury

987. Plaintiffs reassert and incorporate by reference in full detail all of Section XII: Master Comprehensive Incorporation of Exhibits, Evidentiary Foundation, Jurisdictional Foundation, Record of Judicial Misconduct, Systemic Civil Rights Obstruction, Denial of All Access to All Kentucky Courts, Constitutional and Federal Enforcement Framework, the Supremacy Clause (Art. VI, Cl. 2), and all preceding paragraphs as though fully restated and fully set forth herein this claim for relief/relief entitled to-sought-demanded. Plaintiffs further **assert all of the following:**

**Plaintiffs hereby assert the following "Short and Plain Statement" (Fed. R. Civ. P. 8(a)(2)):**

988. Plaintiffs reassert and incorporate by reference in full detail all prior paragraphs, **all paragraphs in Claim for Relief I herein,** including all facts, all statutory violations, and all legally binding and conclusive judicial **admissions of liability and damages in Claim for Relief I.**

989. Plaintiffs reassert and incorporate by reference in full detail all legally binding and conclusive judicial admissions of liability and damages in cases 25-CI-001371, 25-CI-001568, 25-CI-001795, 25-CI-001796, 25-CI-001121, with cases 25-CI-001568, 25-CI-001795, 25-CI-001796, 25-CI-001121 **facially fully supporting case 25-CI-001371 (Refer to PX-51 through PX-62 and PX-96, PX-95)**, as though fully restated and fully set forth herein this claim for relief/relief entitled to-sought-demanded.

990. **Legal Integration:** In additional to the previous application of **supplemental jurisdiction** under **28 U.S.C. § 1367(a) for Claim for Relief I, Claim for Relief XXXII independently states a federal claim for relief** under--- Defendant Susan Wilson's Sustained

and Compounded Obstruction of Plaintiffs' Recovery — Through Defendant's Complicity and Conspiracy With One or More Judges (without jurisdiction) — the Elected Jefferson Circuit Court Clerk — Jefferson Circuit Court Clerk's Office Employees — Administrative Office of the Courts Employees — Court Administrators — Staff Attorneys — Acting Under Color of State Law --- and Through Defendant's Complicity and Conspiracy With Private Citizens and Entities — Individually or in Any Combination — Depriving Plaintiffs of Constitutional Rights and Equal Protection — Actionable Under 42 U.S.C. §1983 and 42 U.S.C. §1985 — Causing and Continuing to Cause Unjust Enrichment for Defendant Susan Wilson --- Based on Damages Caused by Defendant's Direct Actions and Complicity and Conspiracy in Financial Exploitation of Doris Colgate Under KRS 209.020(9)—Elder Abuse, KRS 209.990, and KRS 502.020 (Complicity), Enabling/ Causing Defendant's and Others' Unjust Enrichment; Deprivation and Obstruction of Civil Rights under 42 U.S.C. §§ 1983, 1985(2)-(3), the First, Seventh, and Fourteenth Amendments, and the Supremacy Clause, Art. VI, Cl. 2; Supported by Rankin v. Howard, 633 F. 2d 844 (9th Circuit 1980) and U.S. v. Dugan; Actionable under all aforementioned legal authority and under KRS 209.030(2), KRS 209.020, KRS 209.050, KRS 446.070, 28 U.S.C. § 1367(a); And under **Legally Binding and Conclusive** Judicial Admissions of Liability and Damages pursuant to CR 8.04, 28 U.S.C. § 1367(a); (Conspiracy and Complicity with Full Liability); All aforementioned Causing Harm/Injury, and incorporates**, in part,** the same set of facts, harms/injuries, and legally binding and conclusive judicial admissions now as a basis for federal relief, including but not limited to punitive damages. Plaintiffs incorporate by reference in full detail **Sections XVIII, XIX, XXXVI, XXVI, XXX, XXXII, XXVIII, XXIX, XXXI, XXXV, XXVII, XXXVII, PX-63 through PX-87,** PX-42 through PX-49, PX-108, all 167 Exhibits, and the **First through the Fourteenth FRE 201 Judicial Notices** of judicially

**noticed adjudicative facts,** which include approximately **1,044 total adjudicative facts,** including approximately **322 adjudicative facts** supporting **jurisdiction** in the U.S. District Court for the Western District of Washington; **FRE 201 Adjudicative Facts in Judicial NOTICES --- 2 through 8, 10, and 12 --- fully support jurisdiction.** All aforementioned incorporations provide **100% certainty** of fraudulently assigned judges and fraudulently assigned case numbers --- prior to the legal filings by Plaintiffs of all 10 of their year-2025 cases --- with all 10 cases being illegally and fraudulently filed and processed by a non-existent/ non-payroll name/individual in year-2025 --- which did not generate a legal random judge assignment and which did not generate a legal case number assignment --- and thereby provides 100% certainty that Kentucky judges NEVER had jurisdiction and NEVER will have jurisdiction. Plaintiffs assert Rankin v. Howard, 633 F. 2d 844 (9th Circuit 1980) and United States v. Dugan, 2:25-cr-00089 (E.D. Wis. 2025) regarding judges without jurisdiction. Plaintiffs also incorporate by reference in full detail **Section XXXIX** and the **Twelfth FRE 201 NOTICE --- regarding interstate transfers.**

991. Defendant Wilson has **legally binding and conclusive judicial admissions of Forgery/Complicity in Forgery** with full liability regarding legal documents dated on or near 3-4-2020, and later, including but not limited to a power of attorney document, a trust revocation document, a Will, and/or a document fraudulently removing Doris Colgate's real estate, located at 410 Wisteria Avenue, Jefferson County, from the Trust.

992. Defendant Susan Wilson was and is complicit in and conspired in a scheme with Judge Patricia Morris, whereby Judge Morris weaponized a **knowingly false and fraudulent felony accusation** of "unauthorized practice of law" against pro se Plaintiffs—who were acting lawfully under KRS 209.030 and as a fiduciary under valid Trust and POA instruments—in order

to deny Plaintiffs all access to all Kentucky courts and to **obstruct elder abuse recovery. Patricia Morris's fraudulent felony accusation is also proven by Defendant Susan Wilson's legally binding and conclusive judicial admissions of Plaintiffs' legal standing, Defendant's liability, and Defendant's damages.** See **PX-12, PX-51.**

993. This denial was executed **without jurisdiction**, violated Plaintiffs' constitutional rights and statutory rights, and directly benefited Defendant, who remained unjustly enriched as a result. The fraudulent accusation by Judge Morris occurred **19 days prior** to Defendant Wilson being legally served by the Jefferson County Sheriff. When filing the Complaint, Plaintiffs paid the mandatory $60 fee directly to the Jefferson Circuit Court Clerk to have legal service by the Sheriff executed immediately.

994. The timing and coordination of this judicial obstruction before lawful service—despite the court's active role in facilitating Wilson's service—demonstrates an **ultra vires abuse** of office by Morris to shield Wilson from litigation and to obstruct and block all statutory recovery.

995. Direct communication between Wilson and Morris does **not** need to be proven to establish complicity under KRS 502.020 and conspiracy under 42 U.S.C. § 1985(2)-(3) . The judicial act of denying Plaintiffs all court access in Kentucky functioned as **an overt act in furtherance of a shared unlawful objective** to obstruct justice and to illegally protect Wilson from liability, in violation of 42 U.S.C. §§ 1983, 1985(2)-(3) and in Violation of the First, Seventh, and Fourteenth Amendments, and the Supremacy Clause, Art. VI, Cl. 2.

996. Plaintiffs incorporate by reference in full detail all liability for similar **Claim for Relief I. Claim for Relief I** is legally binding and conclusive based on Defendant's judicial admissions of liability in Kentucky Case No. 25-CI-001371 pursuant to CR 8.04, 28 U.S.C. § 1367(a).

997. Susan Wilson was and is **complicit** with and conspired with judge Morris or Patricia Morris, who was and is **acting in the absence of jurisdiction.** See **Rankin v. Howard, 633 F. 2d 844 (9th Circuit 1980);** Also refer to **all details in SECTION XII for evidence against Morris, and also for evidence of systemic corruption.**

998. Plaintiffs accordingly respectfully demand immediate entry of judgment as to liability and a corresponding award of $540,185.41 in Special Damages -- established as a legally binding and conclusive sum-certain from Wilson's own substantive CR 8.04 admissions in KY case 25-CI-001371 (PX-51) --- and independently confirmed from four additional defendants' CR 8.04 admissions across four separate Kentucky cases --- which is separate from --- and in addition to all of the following respectfully demanded: Other compensatory damages for continuing losses caused by Defendant's ongoing fraudulent obstruction of recovery --- fraudulent concealment — and unjust enrichment — also judicially admitted under CR 8.04. Dividends and interest defrauded from Doris in all five financial instruments --- and Interest to Edward — admitted by Wilson and four additional defendants through CR 8.04 admissions. Plaintiffs also demand declaratory and injunctive relief to prevent the continuing abuses. Plaintiffs demand general damages and punitive damages.

999. The **foregoing constitutes Plaintiffs' short and plain statement of this claim for relief** in compliance with Fed. R. Civ. P. 8(a)(2). Additionally, The Defendant's **legally binding and conclusive, judicially admitted participation in forged legal documents/instruments** has resulted in **continuous**, unlawful **tortious interference** with Trustee Edward Colgate's administration of **The Colgate Family Living Trust dated January 29, 2020,** with **each day since March 1, 2020**, constituting a **new act of fraudulent obstruction** and fiduciary harm/injury. This Claim for Relief is pled under a continuing tort doctrine, as Defendant's

obstruction of Trustee Edward Colgate's fiduciary duties and Trustee recovery rights under the Trust constitutes an ongoing violation, with each day renewing the harm/injury and tolling all applicable statutes of limitation. Additionally, **each day that Defendant refuses and fails to report her own elder abuse and tortious fiduciary interference under KRS 209.030 constitutes a new statutory violation,** which further tolls all relevant statutes of limitation under Kentucky and federal law. Each day that Judge Morris's and other judges' **fraudulent felony accusations** against plaintiff(s) **remain embedded in void ab initio orders** constitutes a continuing denial of all Kentucky court access and systemic obstruction of justice in violation of 42 U.S.C. §§ 1983 and 1985(2)-(3), and the First, Seventh, and Fourteenth Amendments. Their collective refusal to report their own and each other's illegal or fraudulent actions under **KRS 26A.080 and KRS 209.030** perpetuates retaliatory elder abuse under **KRS 209.050**, renewing the constitutional and statutory harm/injury daily and **tolling all applicable statutes of limitation** under the continuing tort doctrine. **No state or federal court in the United States has ever attempted to bar, obstruct, or deny a civil plaintiff from all court access across an entire state by fraudulently accusing them of felonies.** The absurdity and illegality of such an act is so blatant that it has never been attempted by any judge in any jurisdiction. Adding to the absurdity and illegality is the fact that the Defendant had not been legally served yet. Jefferson Circuit Court is the first to attempt this type of illegal act or fraud, which is retaliatory under KRS 209.050, KRS 209.030, KRS 209.990, KRS 26A.015(2), and is an attempt to intimidate and tamper with a witness, which is also a violation of 42 U.S.C. §§ 1983 and 1985(2)-(3).

**CLAIM FOR RELIEF XXXIII**--(Also a Count and Cause of Action) — **Defendant Susan Wilson's Sustained and Compounded Obstruction of Plaintiffs' Recovery — Through Defendant's Complicity and Conspiracy With One or More Judges** (without jurisdiction) —

**the Elected Jefferson Circuit Court Clerk — Jefferson Circuit Court Clerk's Office Employees — Administrative Office of the Courts Employees — Court Administrators — Staff Attorneys — Acting Under Color of State Law --- and Through Defendant's Complicity and Conspiracy With Private Citizens and Entities — Individually or in Any Combination — Depriving Plaintiffs of Constitutional Rights and Equal Protection — Actionable Under 42 U.S.C. §1983 and 42 U.S.C. §1985 — Causing and Continuing to Cause Unjust Enrichment for Defendant Susan Wilson --- Based on Damages Caused by Defendant's Direct Actions and Complicity and Conspiracy in Deception of Doris Colgate by creating and reinforcing a false impression pursuant to KRS 209.020(7)(a)—Elder Abuse, KRS 209.990, and KRS 502.020 (Complicity), Enabling/Causing Defendant's and Others' Unjust Enrichment; Deprivation and Obstruction of Civil Rights under 42 U.S.C. §§ 1983, 1985(2)-(3), the First, Seventh, and Fourteenth Amendments, and the Supremacy Clause, Art. VI, Cl. 2;** Supported by Rankin v. Howard, 633 F. 2d 844 (9th Circuit 1980) and U.S. v. Dugan; Actionable under all aforementioned legal authority and under KRS 209.030(2), KRS 209.020, KRS 209.050, KRS 446.070, 28 U.S.C. § 1367(a); And under **Legally Binding and Conclusive** Judicial Admissions of Liability and Damages pursuant to CR 8.04, 28 U.S.C. § 1367(a); (Conspiracy and Complicity with Full Liability); All aforementioned Causing Harm/Injury

1000. Plaintiffs reassert and incorporate by reference in full detail all of Section XII: Master Comprehensive Incorporation of Exhibits, Evidentiary Foundation, Jurisdictional Foundation, Record of Judicial Misconduct, Systemic Civil Rights Obstruction, Denial of All Access to All Kentucky Courts, Constitutional and Federal Enforcement Framework, the Supremacy Clause (Art. VI, Cl. 2), and all preceding paragraphs as though fully restated and fully set forth herein

this claim for relief/relief entitled to-sought-demanded. Plaintiffs further assert all of the following:

**Plaintiffs hereby assert the following "Short and Plain Statement" (Fed. R. Civ. P. 8(a)(2)):**

1001. Plaintiffs reassert and incorporate by reference in full detail all prior paragraphs, **all paragraphs in Claim for Relief II herein,** including all facts, all statutory violations, and all legally binding and conclusive judicial **admissions of liability and damages in Claim for Relief II.**

1002. Plaintiffs reassert and incorporate by reference in full detail all legally binding and conclusive judicial admissions of liability and damages in cases 25-CI-001371, 25-CI-001568, 25-CI-001795, 25-CI-001796, 25-CI-001121, with cases 25-CI-001568, 25-CI-001795, 25-CI-001796, 25-CI-001121 **facially fully supporting case 25-CI-001371 (Refer to PX-51 through PX-62 and PX-96, PX-95),** as though fully restated and fully set forth herein this claim for relief/relief entitled to-sought-demanded.

1003. **Legal Integration:** In additional to the previous application of **supplemental jurisdiction** under **28 U.S.C. § 1367(a) for Claim for Relief II, Claim for Relief XXXIII independently states a federal claim for relief** under--- Defendant Susan Wilson's Sustained and Compounded Obstruction of Plaintiffs' Recovery — Through Defendant's Complicity and Conspiracy With One or More Judges (without jurisdiction) — the Elected Jefferson Circuit Court Clerk — Jefferson Circuit Court Clerk's Office Employees — Administrative Office of the Courts Employees — Court Administrators — Staff Attorneys — Acting Under Color of State Law --- and Through Defendant's Complicity and Conspiracy With Private Citizens and Entities — Individually or in Any Combination Depriving Plaintiffs of Constitutional Rights and Equal Protection — Actionable Under 42 U.S.C. §1983 and 42 U.S.C. §1985 — Causing and

Continuing to Cause Unjust Enrichment for Defendant Susan Wilson --- Based on Damages Caused by Defendant's Direct Actions and Complicity and Conspiracy in Deception of Doris Colgate by creating and reinforcing a false impression pursuant to KRS 209.020(7)(a)—Elder Abuse, KRS 209.990, and KRS 502.020 (Complicity), Enabling/Causing Defendant's and Others' Unjust Enrichment; Deprivation and Obstruction of Civil Rights under 42 U.S.C. §§ 1983, 1985(2)-(3), the First, Seventh, and Fourteenth Amendments, and the Supremacy Clause, Art. VI, Cl. 2; Supported by Rankin v. Howard, 633 F. 2d 844 (9th Circuit 1980) and U.S. v. Dugan; Actionable under all aforementioned legal authority and under KRS 209.030(2), KRS 209.020, KRS 209.050, KRS 446.070, 28 U.S.C. § 1367(a); And under **Legally Binding and Conclusive** Judicial Admissions of Liability and Damages pursuant to CR 8.04, 28 U.S.C. § 1367(a); (Conspiracy and Complicity with Full Liability); All aforementioned Causing Harm/Injury, and incorporates, **in part,** the same set of facts, harms/injuries, and legally binding and conclusive judicial admissions now as a basis for federal relief, including but not limited to punitive damages. Plaintiffs incorporate by reference in full detail **Sections XVIII, XIX, XXXVI, XXVI, XXX, XXXII, XXVIII, XXIX, XXXI, XXXV, XXVII, XXXVII, PX-63 through PX-87,** PX-42 through PX-49, PX-108, all 167 Exhibits, and the **First through the Fourteenth FRE 201 Judicial Notices** of judicially **noticed adjudicative facts,** which include approximately **1,044 total adjudicative facts,** including approximately **322 adjudicative facts** supporting **jurisdiction** in the U.S. District Court for the Western District of Washington; **FRE 201 Adjudicative Facts in Judicial NOTICES --- 2 through 8, 10, and 12 --- fully support jurisdiction.** All aforementioned incorporations provide **100% certainty** of fraudulently assigned judges and fraudulently assigned case numbers --- prior to the legal filings by Plaintiffs of all 10 of their year-2025 cases --- with all 10 cases being illegally and fraudulently filed and

processed by a non-existent/ non-payroll name/individual in year-2025 --- which did not generate a legal random judge assignment and which did not generate a legal case number assignment --- and thereby provides 100% certainty that Kentucky judges NEVER had jurisdiction and NEVER will have jurisdiction. Plaintiffs assert Rankin v. Howard, 633 F. 2d 844 (9th Circuit 1980) and United States v. Dugan, 2:25-cr-00089 (E.D. Wis. 2025) regarding judges without jurisdiction. Plaintiffs also incorporate by reference in full detail **Section XXXIX** and the **Twelfth FRE 201 NOTICE --- regarding interstate transfers.**

1004. Defendant Wilson has **legally binding and conclusive judicial admissions of Forgery/Complicity in Forgery** with full liability regarding legal documents dated on or near 3-4-2020, and later, including but not limited to a power of attorney document, a trust revocation document, a Will, and/or a document fraudulently removing Doris Colgate's real estate, located at 410 Wisteria Avenue, Jefferson County, from the Trust.

1005. Defendant Susan Wilson was and is complicit in and conspired in a scheme with Judge Patricia Morris, whereby Judge Morris weaponized a **knowingly false and fraudulent felony accusation** of "unauthorized practice of law" against pro se Plaintiffs who were acting lawfully under KRS 209.030 and as a fiduciary under valid Trust and POA instruments—in order to deny Plaintiffs all access to all Kentucky courts and to **obstruct elder abuse recovery. Patricia Morris's fraudulent felony accusation is also proven by Defendant Susan Wilson's legally binding and conclusive judicial admissions of Plaintiffs' legal standing, Defendant's liability, and Defendant's damages.** See **PX-12, PX-51.**

1006. This denial was executed **without jurisdiction**, violated Plaintiffs' constitutional rights and statutory rights, and directly benefited Defendant, who remained **unjustly enriched** as a result. The fraudulent accusation by Judge Morris occurred **19 days prior** to Defendant Wilson

being legally served by the Jefferson County Sheriff. When filing the Complaint, Plaintiffs paid the mandatory $60 fee directly to the Jefferson Circuit Court Clerk to have legal service by the Sheriff executed immediately.

1007. The timing and coordination of this judicial obstruction before lawful service—despite the court's active role in facilitating Wilson's service demonstrates an **ultra vires abuse** of office by Morris to shield Wilson from litigation and to obstruct and block all statutory recovery.

1008. Direct communication between Wilson and Morris does **not** need to be proven to establish complicity under KRS 502.020 and conspiracy under 42 U.S.C. § 1985(2)-(3) . The judicial act of denying Plaintiffs all court access functioned as **an overt act in furtherance of a shared unlawful objective** to obstruct justice and to illegally protect Wilson from liability, in violation of 42 U.S.C. §§ 1983, 1985(2)-(3) and in Violation of the First, Seventh, and Fourteenth Amendments, and the Supremacy Clause, Art. VI, Cl. 2.

1009. Plaintiffs incorporate by reference in full detail all liability for **similar "Claim for Relief II." Claim for Relief II** is legally binding and conclusive based on Defendant's judicial admissions of liability in Kentucky Case No. 25-CI-001371 pursuant to CR 8.04, and 28 U.S.C. § 1367(a).

1010. Susan Wilson was and is **complicit** with and conspired with judge Morris or Patricia Morris, who was and is **acting in the absence of jurisdiction.** See **Rankin v. Howard, 633 F. 2d 844 (9th Circuit 1980);** Also refer to **all details in SECTION XII for evidence against Morris, and also for evidence of systemic corruption.**

1011. Plaintiffs accordingly respectfully demand immediate entry of judgment as to liability and a corresponding award of $540,185.41 in Special Damages — established as a legally binding and conclusive sum-certain from Wilson's own substantive CR 8.04 admissions in KY case 25-CI-

001371 (PX-51) --- and independently confirmed from four additional defendants' CR 8.04 admissions across four separate Kentucky cases — which is separate from --- and in addition to all of the following respectfully demanded: Other compensatory damages for continuing losses caused by Defendant's ongoing fraudulent obstruction of recovery — fraudulent concealment — and unjust enrichment --- also judicially admitted under CR 8.04. Dividends and interest defrauded from Doris in all five financial instruments --- and Interest to Edward --- admitted by Wilson and four additional defendants through CR 8.04 admissions. Plaintiffs also demand declaratory and injunctive relief to prevent the continuing abuses. Plaintiffs demand general damages and punitive damages.

1012. The **foregoing constitutes Plaintiffs' short and plain statement of this claim for relief** in compliance with Fed. R. Civ. P. 8(a)(2).

1013. Additionally, The Defendant's **legally binding and conclusive, judicially admitted participation in forged legal documents/instruments** has resulted in **continuous**, unlawful **tortious interference** with Trustee Edward Colgate's administration of **The Colgate Family Living Trust dated January 29, 2020,** with **each day since March 1, 2020**, constituting a **new act of fraudulent obstruction** and fiduciary harm/injury. This Claim for Relief is pled under a continuing tort doctrine, as Defendant's obstruction of Trustee Edward Colgate's fiduciary duties and Trustee recovery rights under the Trust constitutes an ongoing violation, with each day renewing the harm/injury and tolling all applicable statutes of limitation. Additionally, **each day that Defendant refuses and fails to report her own elder abuse and tortious fiduciary interference under KRS 209.030 constitutes a new statutory violation**, which further tolls all relevant statutes of limitation under Kentucky and federal law. Each day that Judge Morris's and other judges' **fraudulent felony accusations remain embedded in void ab initio orders**

constitutes a continuing denial of all Kentucky court access and systemic obstruction of justice in violation of 42 U.S.C. §§ 1983 and 1985(2)-(3), and the First, Seventh, and Fourteenth Amendments. Their collective refusal to report their own and each other's illegal or fraudulent actions under **KRS 26A.080 and KRS 209.030** perpetuates retaliatory elder abuse under **KRS 209.050**, renewing the constitutional and statutory harm/injury daily and **tolling all applicable statutes of limitation** under the continuing tort doctrine. **No state or federal court in the United States has ever attempted to bar, obstruct, or deny a civil plaintiff from all court access across an entire state by fraudulently accusing them of felonies.** The absurdity and illegality of such an act is so blatant that it has never been attempted by any judge in any jurisdiction. Adding to the absurdity and illegality is the fact that the Defendant had not been legally served yet. Jefferson Circuit Court is the first to attempt this type of illegal act or fraud, which is retaliatory under KRS 209.050, KRS 209.030, KRS 209.990, KRS 26A.015(2), and is an attempt to intimidate and tamper with a witness, which is also a violation of 42 U.S.C. §§ 1983 and 1985(2)-(3).

**CLAIM FOR RELIEF XXXIV**--(Also a Count and Cause of Action) — **Defendant Susan Wilson's Sustained and Compounded Obstruction of Plaintiffs' Recovery — Through Defendant's Complicity and Conspiracy With One or More Judges** (without jurisdiction) — **the Elected Jefferson Circuit Court Clerk — Jefferson Circuit Court Clerk's Office Employees — Administrative Office of the Courts Employees — Court Administrators — Staff Attorneys — Acting Under Color of State Law --- and Through Defendant's Complicity and Conspiracy With Private Citizens and Entities — Individually or in Any Combination — Depriving Plaintiffs of Constitutional Rights and Equal Protection — Actionable Under 42 U.S.C. §1983 and 42 U.S.C. §1985 — Causing and Continuing to**

**Cause Unjust Enrichment for Defendant Susan Wilson --- Based on Damages Caused by Defendant's Direct Actions and Complicity and Conspiracy in Deception of Doris Colgate by Preventing Doris Colgate from acquiring information that would affect her judgment of a transaction---pursuant to KRS 209.020(7)(b)—Elder Abuse, KRS 209.990, and KRS 502.020 (Complicity), Enabling/Causing Defendant's and Others' Unjust Enrichment; Deprivation and Obstruction of Civil Rights under 42 U.S.C. §§ 1983, 1985(2)-(3), the First, Seventh, and Fourteenth Amendments, and the Supremacy Clause, Art. VI, Cl. 2;** Supported by Rankin v. Howard, 633 F. 2d 844 (9th Circuit 1980) and U.S. v. Dugan; Actionable under all aforementioned legal authority and under KRS 209.030(2), KRS 209.020, KRS 209.050, KRS 446.070, 28 U.S.C. § 1367(a); And under **Legally Binding and Conclusive** Judicial Admissions of Liability and Damages pursuant to CR 8.04, 28 U.S.C. § 1367(a); (Conspiracy and Complicity with Full Liability); All aforementioned Causing Harm/Injury

1014. Plaintiffs reassert and incorporate by reference in full detail all of Section XII: Master Comprehensive Incorporation of Exhibits, Evidentiary Foundation, Jurisdictional Foundation, Record of Judicial Misconduct, Systemic Civil Rights Obstruction, Denial of All Access to All Kentucky Courts, Constitutional and Federal Enforcement Framework, the Supremacy Clause (Art. VI, Cl. 2), and all preceding paragraphs as though fully restated and fully set forth herein this claim for relief/relief entitled to-sought-demanded. Plaintiffs further assert all of the following:

**Plaintiffs hereby assert the following "Short and Plain Statement" (Fed. R. Civ. P. 8(a)(2)):**

1015. Plaintiffs reassert and incorporate by reference in full detail all prior paragraphs, **all paragraphs in Claim for Relief III herein,** including all facts, all statutory violations, and all

legally binding and conclusive judicial **admissions of liability and damages in Claim for Relief III.**

1016. Plaintiffs reassert and incorporate by reference in full detail all legally binding and conclusive judicial admissions of liability and damages in cases 25-CI-001371, 25-CI-001568, 25-CI-001795, 25-CI-001796, 25-CI-001121, with cases 25-CI-001568, 25-CI-001795, 25-CI-001796, 25-CI-001121 **facially fully supporting case 25-CI-001371 (Refer to PX-51 through PX-62 and PX-96, PX-95)**, as though fully restated and fully set forth herein this claim for relief/relief entitled to-sought-demanded.

1017. **Legal Integration:** In additional to the previous application of **supplemental jurisdiction** under **28 U.S.C. § 1367(a) for Claim for Relief III, Claim for Relief XXXIV independently states** a **federal claim for relief** under--- Defendant Susan Wilson's Sustained and Compounded Obstruction of Plaintiffs' Recovery — Through Defendant's Complicity and Conspiracy With One or More Judges (without jurisdiction) — the Elected Jefferson Circuit Court Clerk — Jefferson Circuit Court Clerk's Office Employees --- Administrative Office of the Courts Employees --- Court Administrators -- Staff Attorneys — Acting Under Color of State Law --- and Through Defendant's Complicity and Conspiracy With Private Citizens and Entities — Individually or in Any Combination — Depriving Plaintiffs of Constitutional Rights and Equal Protection — Actionable Under 42 U.S.C. §1983 and 42 U.S.C. §1985 --- Causing and Continuing to Cause Unjust Enrichment for Defendant Susan Wilson --- Based on Damages Caused by Defendant's Direct Actions and Complicity and Conspiracy in Deception of Doris Colgate by Preventing Doris Colgate from acquiring information that would affect her judgment of a transaction---pursuant to KRS 209.020(7)(b) Elder Abuse, KRS 209.990, and KRS 502.020 (Complicity), Enabling/Causing Defendant's and Others' Unjust Enrichment;

Deprivation and Obstruction of Civil Rights under 42 U.S.C. §§ 1983, 1985(2)-(3), the First, Seventh, and Fourteenth Amendments, and the Supremacy Clause, Art. VI, Cl. 2; Supported by Rankin v. Howard, 633 F. 2d 844 (9th Circuit 1980) and U.S. v. Dugan; Actionable under all aforementioned legal authority and under KRS 209.030(2), KRS 209.020, KRS 209.050, KRS 446.070, 28 U.S.C. § 1367(a); And under **Legally Binding and Conclusive** Judicial Admissions of Liability and Damages pursuant to CR 8.04, 28 U.S.C. § 1367(a); (Conspiracy and Complicity with Full Liability); All aforementioned Causing Harm/Injury, and incorporates, **in part,** the same set of facts, harms/injuries, and legally binding and conclusive judicial admissions now as a basis for federal relief, including but not limited to punitive damages. Plaintiffs incorporate by reference in full detail **Sections XVIII, XIX, XXXVI, XXVI, XXX, XXXII, XXVIII, XXIX, XXXI, XXXV, XXVII, XXXVII, PX-63 through PX-87,** PX-42 through PX-49, PX-108, all 167 Exhibits, and the **First through the Fourteenth FRE 201 Judicial Notices** of judicially **noticed adjudicative facts,** which include approximately **1,044 total adjudicative facts,** including approximately **322 adjudicative facts** supporting **jurisdiction** in the U.S. District Court for the Western District of Washington; **FRE 201 Adjudicative Facts in Judicial NOTICES --- 2 through 8, 10, and 12 --- fully support jurisdiction.** All aforementioned incorporations provide **100% certainty** of fraudulently assigned judges and fraudulently assigned case numbers --- prior to the legal filings by Plaintiffs of all 10 of their year-2025 cases --- with all 10 cases being illegally and fraudulently filed and processed by a non-existent/ non-payroll name/individual in year-2025 --- which did not generate a legal random judge assignment and which did not generate a legal case number assignment --- and thereby provides 100% certainty that Kentucky judges NEVER had jurisdiction and NEVER will have jurisdiction. Plaintiffs assert Rankin v. Howard, 633 F. 2d 844 (9th Circuit 1980) and United States v. Dugan,

2:25-cr-00089 (E.D. Wis. 2025) regarding judges without jurisdiction. Plaintiffs also incorporate by reference in full detail **Section XXXIX** and the **Twelfth FRE 201 NOTICE --- regarding interstate transfers.**

1018. Defendant Wilson has **legally binding and conclusive judicial admissions of Forgery/Complicity in Forgery** with full liability regarding legal documents dated on or near 3-4-2020, and later, including but not limited to a power of attorney document, a trust revocation document, a Will, and/or a document fraudulently removing Doris Colgate's real estate, located at 410 Wisteria Avenue, Jefferson County, from the Trust.

1019. Defendant Susan Wilson was and is complicit in and conspired in a scheme with Judge Patricia Morris, wherehy Judge Morris weaponized a **knowingly false and fraudulent felony accusation** of "unauthorized practice of law" against pro se Plaintiffs—who were acting lawfully under KRS 209.030 and as a fiduciary under valid Trust and POA instruments—in order to deny Plaintiffs all access to all Kentucky courts and to **obstruct elder abuse recovery. Patricia Morris's fraudulent felony accusation is also proven by Defendant Susan Wilson's legally binding and conclusive judicial admissions of Plaintiffs' legal standing, Defendant's liability, and Defendant's damages.** See **PX-12, PX-51.**

1020. This denial was executed **without jurisdiction**, violated Plaintiffs' constitutional rights and statutory rights, and directly benefited Defendant, who remained **unjustly enriched** as a result. The fraudulent accusation by Judge Morris occurred **19 days prior** to Defendant Wilson heing legally served hy the Jefferson County Sheriff. When filing the Complaint, Plaintiffs paid the mandatory $60 fee directly to the Jefferson Circuit Court Clerk to have legal service hy the Sheriff executed immediately.

1021. The timing and coordination of this judicial obstruction before lawful service—despite the court's active role in facilitating Wilson's service—demonstrates an **ultra vires abuse** of office by Morris to shield Wilson from litigation and to obstruct and block all statutory recovery.

1022. Direct communication between Wilson and Morris does **not** need to be proven to establish complicity under KRS 502.020 and conspiracy under 42 U.S.C. § 1985(2)-(3) . The judicial act of denying Plaintiffs all court access functioned as **an overt act in furtherance of a shared unlawful objective** to obstruct justice and to illegally protect Wilson from liability, in violation of 42 U.S.C. §§ 1983, 1985(2)-(3) and in Violation of the First, Seventh, and Fourteenth Amendments, and the Supremacy Clause, Art. VI, Cl. 2.

1023. Plaintiffs incorporate by reference in full detail all liability for **similar "Claim for Relief III." Claim for Relief III** is legally binding and conclusive based on Defendant's judicial admissions of liability in Kentucky Case No. 25-CI-001371 pursuant to CR 8.04 and 28 U.S.C. § 1367(a).

1024. Susan Wilson was/is **complicit** with and conspired with judge Morris or Patricia Morris, who was and is **acting in the absence of jurisdiction.** See **Rankin v. Howard, 633 F. 2d 844 (9th Circuit 1980);** Also refer to **all details in SECTION XII for evidence against Morris, and also for evidence of systemic corruption.**

1025. Plaintiffs accordingly respectfully demand immediate entry of judgment as to liability and a corresponding award of $540,185.41 in Special Damages — established as a legally binding and conclusive sum-certain from Wilson's own substantive CR 8.04 admissions in KY case 25-CI-001371 (PX-51) --- and independently confirmed from four additional defendants' CR 8.04 admissions across four separate Kentucky cases — which is separate from --- and in addition to all of the following respectfully demanded: Other compensatory damages for continuing losses

caused by Defendant's ongoing fraudulent obstruction of recovery --- fraudulent concealment — and unjust enrichment — also judicially admitted under CR 8.04. Dividends and interest defrauded from Doris in all five financial instruments --- and Interest to Edward — admitted by Wilson and four additional defendants through CR 8.04 admissions. Plaintiffs also demand declaratory and injunctive relief to prevent the continuing abuses. Plaintiffs demand general damages and punitive damages.

1026. The **foregoing constitutes Plaintiffs' short and plain statement of this claim for relief** in compliance with Fed. R. Civ. P. 8(a)(2).

1027. Additionally, The Defendant's **legally binding and conclusive, judicially admitted participation in forged legal documents/instruments** has resulted in **continuous**, unlawful **tortious interference** with Trustee Edward Colgate's administration of **The Colgate Family Living Trust dated January 29, 2020**, with **each day since March 1, 2020**, constituting a **new act of fraudulent obstruction** and fiduciary harm/injury. This Claim for Relief is pled under a continuing tort doctrine, as Defendant's obstruction of Trustee Edward Colgate's fiduciary duties and Trustee recovery rights under the Trust constitutes an ongoing violation, with each day renewing the harm/injury and tolling all applicable statutes of limitation. Additionally, **each day that Defendant refuses and fails to report her own elder abuse and tortious fiduciary interference under KRS 209.030 constitutes a new statutory violation**, which further tolls all relevant statutes of limitation under Kentucky and federal law. Each day that Judge Morris's and other judges' **fraudulent felony accusations remain embedded in void ab initio orders** constitutes a continuing denial of all Kentucky court access and systemic obstruction of justice in violation of 42 U.S.C. §§ 1983 and 1985(2)-(3), and the First, Seventh, and Fourteenth Amendments. Their collective refusal to report their own and each other's illegal or fraudulent

actions under **KRS 26A.080 and KRS 209.030** perpetuates retaliatory elder abuse under **KRS 209.050**, renewing the constitutional and statutory harm/injury daily and **tolling all applicable statutes of limitation** under the continuing tort doctrine. **No state or federal court in the United States has ever attempted to bar, obstruct, or deny a civil plaintiff from all court access across an entire state by fraudulently accusing them of felonies.** The absurdity and illegality of such an act is so blatant that it has never been attempted by any judge in any jurisdiction. Adding to the absurdity and illegality is the fact that the Defendant had not been legally served yet. Jefferson Circuit Court is the first to attempt this type of illegal act or fraud, which is retaliatory under KRS 209.050, KRS 209.030, KRS 209.990, KRS 26A.015(2), and is an attempt to intimidate and tamper with a witness, which is also a violation of 42 U.S.C. §§ 1983 and 1985(2)-(3).

**CLAIM FOR RELIEF XXXV**--(Also a Count and Cause of Action) — **Defendant Susan Wilson's Sustained and Compounded Obstruction of Plaintiffs' Recovery** — Through Defendant's Complicity and Conspiracy With One or More Judges (without jurisdiction) — the Elected Jefferson Circuit Court Clerk — Jefferson Circuit Court Clerk's Office Employees — Administrative Office of the Courts Employees — Court Administrators --- Staff Attorneys --- Acting Under Color of State Law --- and Through Defendant's Complicity and Conspiracy With Private Citizens and Entities --- Individually or in Any Combination — **Depriving Plaintiffs of Constitutional Rights and Equal Protection — Actionable Under 42 U.S.C. §1983 and 42 U.S.C. §1985 — Causing and Continuing to Cause Unjust Enrichment for Defendant Susan Wilson --- Based on Damages Caused by Defendant's Direct Actions and Complicity and Conspiracy in Deception of Doris Colgate by failing to correct a false impression--- pursuant to KRS 209.020(7)(c)—Elder Abuse, KRS 209.990, and KRS 502.020**

**(Complicity), Deception of Doris Colgate by Failing to Correct a False Impression" under KRS 209.020(7)(c)—Elder Abuse, KRS 209.990, and KRS 502.020 (Complicity), Enabling/Causing Defendant's and Others' Unjust Enrichment; Deprivation and Obstruction of Civil Rights under 42 U.S.C. §§ 1983, 1985(2)-(3), the First, Seventh, and Fourteenth Amendments, and the Supremacy Clause, Art. VI, Cl. 2;** Supported by Rankin v. Howard, 633 F. 2d 844 (9th Circuit 1980) and U.S. v. Dugan; Actionable under all aforementioned legal authority and under KRS 209.030(2), KRS 209.020, KRS 209.050, KRS 446.070, 28 U.S.C. § 1367(a); And under **Legally Binding and Conclusive** Judicial Admissions of Liability and Damages pursuant to CR 8.04, 28 U.S.C. § 1367(a); (Conspiracy and Complicity with Full Liability); All aforementioned Causing Harm/Injury

1028. Plaintiffs reassert and incorporate by reference in full detail all of Section XII: Master Comprehensive Incorporation of Exhibits, Evidentiary Foundation, Jurisdictional Foundation, Record of Judicial Misconduct, Systemic Civil Rights Obstruction, Denial of All Access to All Kentucky Courts, Constitutional and Federal Enforcement Framework, the Supremacy Clause (Art. VI, Cl. 2), and all preceding paragraphs as though fully restated and fully set forth herein this claim for relief/relief entitled to-sought-demanded. Plaintiffs further assert all of the following:

**Plaintiffs hereby assert the following "Short and Plain Statement" (Fed. R. Civ. P. 8(a)(2)):**

1029. Plaintiffs reassert and incorporate by reference in full detail all prior paragraphs, **all paragraphs in Claim for Relief IV herein,** including all facts, all statutory violations, and all legally binding and conclusive judicial **admissions of liability and damages in Claim for Relief IV.**

1030. Plaintiffs reassert and incorporate by reference in full detail all legally binding and conclusive judicial admissions of liability and damages in cases 25-CI-001371, 25-CI-001568, 25-CI-001795, 25-CI-001796, 25-CI-001121, with cases 25-CI-001568, 25-CI-001795, 25-CI-001796, 25-CI-001121 **facially fully supporting case 25-CI-001371 (Refer to PX-51 through PX-62 and PX-96, PX-95)**, as though fully restated and fully set forth herein this claim for relief/relief entitled to-sought-demanded.

1031. **Legal Integration:** In additional to the previous application of **supplemental jurisdiction** under **28 U.S.C. § 1367(a) for Claim for Relief IV --- Claim for Relief XXXV independently states a federal claim for relief** under --- **Defendant Susan Wilson's Sustained and Compounded Obstruction of Plaintiffs' Recovery** --- Through Defendant's Complicity and Conspiracy With One or More Judges (without jurisdiction) — the Elected Jefferson Circuit Court Clerk — Jefferson Circuit Court Clerk's Office Employees — Administrative Office of the Courts Employees — Court Administrators — Staff Attorneys --- Acting Under Color of State Law --- and Through Defendant's Complicity and Conspiracy With Private Citizens and Entities — Individually or in Any Combination Caused by Defendant's Direct Actions and Complicity in and Conspiracy in "Deception of Doris Colgate by Failing to Correct a False Impression" under KRS 209.020(7)(c)— Elder Abuse, KRS 209.990, and KRS 502.020 (Complicity), Enabling/Causing Defendant's and Others' Unjust Enrichment; Deprivation and Obstruction of Civil Rights under 42 U.S.C. §§ 1983, 1985(2)-(3), the First, Seventh, and Fourteenth Amendments, and the Supremacy Clause, Art. VI, Cl. 2; Supported by Rankin v. Howard, 633 F. 2d 844 (9th Circuit 1980) and U.S. v. Dugan ; Actionable under all aforementioned legal authority and under KRS 209.030(2), KRS 209.020, KRS 209.050, KRS 446.070, 28 U.S.C. § 1367(a); And under **Legally Binding and Conclusive** Judicial Admissions

of Liability and Damages pursuant to CR 8.04, 28 U.S.C. § 1367(a); (Conspiracy and Complicity with Full Liability); All aforementioned Causing Harm/Injury/unjust enrichment. Claim for Relief **XXXV** incorporates**, in part,** the same set of facts, harms/injuries, and legally binding and conclusive judicial admissions now as a basis for federal relief, including but not limited to punitive damages. Plaintiffs incorporate by reference in full detail **Sections XVIII, XIX, XXXVI, XXVI, XXX, XXXII, XXVIII, XXIX, XXXI, XXXV, XXVII, XXXVII, PX-63 through PX-87,** PX-42 through PX-49, PX-108, all 167 Exhibits, and the **First through the Fourteenth FRE 201 Judicial Notices** of judicially **noticed adjudicative facts,** which include approximately **1,044 total adjudicative facts,** including approximately **322 adjudicative facts** supporting **jurisdiction** in the U.S. District Court for the Western District of Washington; **FRE 201 Adjudicative Facts in Judicial NOTICES --- 2 through 8, 10, and 12 --- fully support jurisdiction.** All aforementioned incorporations provide **100% certainty** of fraudulently assigned judges and fraudulently assigned case numbers --- prior to the legal filings by Plaintiffs of all 10 of their year-2025 cases --- with all 10 cases being illegally and fraudulently filed and processed by a non-existent/ non-payroll name in year-2025 --- which did not generate a legal random judge assignment and which did not generate a legal case number assignment --- and thereby provides 100% certainty that Kentucky judges NEVER had jurisdiction and NEVER will have jurisdiction. Plaintiffs assert Rankin v. Howard, 633 F. 2d 844 (9th Circuit 1980) and United States v. Dugan, 2:25-cr-00089 (E.D. Wis. 2025) regarding judges without jurisdiction. Plaintiffs also incorporate by reference in full detail **Section XXXIX** and the **Twelfth FRE 201 NOTICE --- regarding interstate transfers.**

1032. Defendant Wilson has **legally binding and conclusive judicial admissions of Forgery/Complicity in Forgery** with full liability regarding legal documents dated on or near

3-4-2020, and later, including but not limited to a power of attorney document, a trust revocation document, a Will, and/or a document fraudulently removing Doris Colgate's real estate, located at 410 Wisteria Avenue, Jefferson County, from the Trust.

1033. Defendant Susan Wilson was and is complicit in and conspired in a scheme with Judge Patricia Morris, whereby Judge Morris weaponized a **knowingly false and fraudulent felony accusation** of "unauthorized practice of law" against pro se Plaintiffs—who were acting lawfully under KRS 209.030 and as a fiduciary under valid Trust and POA instruments—in order to deny Plaintiffs all access to all Kentucky courts and to **obstruct elder abuse recovery. Patricia Morris's fraudulent felony accusation is also proven by Defendant Susan Wilson's legally binding and conclusive judicial admissions of Plaintiffs' legal standing, Defendant's liability, and Defendant's damages.** See **PX-12, PX-51.**

1034. This denial was executed **without jurisdiction**, violated Plaintiffs' constitutional rights and statutory rights, and directly benefited Defendant, who remained **unjustly enriched** as a result. The fraudulent accusation by Judge Morris occurred **19 days prior** to Defendant Wilson being legally served by the Jefferson County Sheriff. When filing the Complaint, Plaintiffs paid the mandatory $60 fee directly to the Jefferson Circuit Court Clerk to have legal service by the Sheriff executed immediately.

1035. The timing and coordination of this judicial obstruction before lawful service despite the court's active role in facilitating Wilson's service—demonstrates an **ultra vires abuse** of office by Morris to shield Wilson from litigation and to obstruct and block all statutory recovery.

1036. Direct communication between Wilson and Morris does **not** need to be proven to establish complicity under KRS 502.020 and conspiracy under 42 U.S.C. § 1985(2)-(3) . The judicial act of denying Plaintiffs all court access functioned as **an overt act in furtherance of a shared**

**unlawful objective** to obstruct justice and to illegally protect Wilson from liability, in violation of 42 U.S.C. §§ 1983, 1985(2)-(3) and in Violation of the First, Seventh, and Fourteenth Amendments, and the Supremacy Clause, Art. VI, Cl. 2.

1037. Plaintiffs incorporate by reference in full detail all liability for **similar "Claim for Relief IV." Claim for Relief IV** is legally binding and conclusive based on Defendant's judicial admissions of liability in Kentucky Case No. 25-CI-001371 pursuant to CR 8.04 and 28 U.S.C. § 1367(a).

1038. Susan Wilson was and is **complicit** with and conspired with judge Morris or Patricia Morris, who was and is **acting in the absence of jurisdiction.** See **Rankin v. Howard, 633 F. 2d 844 (9th Circuit 1980);** Also refer to **all details in SECTION XII for evidence against Morris, and also for evidence of systemic corruption.**

1039. Plaintiffs accordingly respectfully demand immediate entry of judgment as to liability and a corresponding award of $540,185.41 in Special Damages established as a legally binding and conclusive sum-certain from Wilson's own substantive CR 8.04 admissions in KY case 25-CI-001371 (PX-51) --- and independently confirmed from four additional defendants' CR 8.04 admissions across four separate Kentucky cases --- which is separate from --- and in addition to all of the following respectfully demanded: Other compensatory damages for continuing losses caused by Defendant's ongoing fraudulent obstruction of recovery --- fraudulent concealment — and unjust enrichment --- also judicially admitted under CR 8.04. Dividends and interest defrauded from Doris in all five financial instruments --- and Interest to Edward --- admitted by Wilson and four additional defendants through CR 8.04 admissions. Plaintiffs also demand declaratory and injunctive relief to prevent the continuing abuses. Plaintiffs demand general damages and punitive damages.

1040. The **foregoing constitutes Plaintiffs' short and plain statement of this claim for relief** in compliance with Fed. R. Civ. P. 8(a)(2).

1041. Additionally, The Defendant's **legally binding and conclusive, judicially admitted participation in forged legal documents/instruments** has resulted in **continuous**, unlawful **tortious interference** with Trustee Edward Colgate's administration of **The Colgate Family Living Trust dated January 29, 2020,** with **each day since March 1, 2020**, constituting a **new act of fraudulent obstruction** and fiduciary harm/injury. This Claim for Relief is pled under a continuing tort doctrine, as Defendant's obstruction of Trustee Edward Colgate's fiduciary duties and Trustee recovery rights under the Trust constitutes an ongoing violation, with each day renewing the harm/injury and tolling all applicable statutes of limitation. Additionally, **each day that Defendant refuses and fails to report her own elder abuse and tortious fiduciary interference under KRS 209.030 constitutes a new statutory violation**, which further tolls all relevant statutes of limitation under Kentucky and federal law.

Each day that Judge Morris's and other judges' **fraudulent felony accusations remain embedded in void ab initio orders** constitutes a continuing denial of all Kentucky court access and systemic obstruction of justice in violation of 42 U.S.C. §§ 1983 and 1985(2)-(3), and the First, Seventh, and Fourteenth Amendments. Their collective refusal to report their own and each other's illegal or fraudulent actions under **KRS 26A.080 and KRS 209.030** perpetuates retaliatory elder abuse under **KRS 209.050**, renewing the constitutional and statutory harm/injury daily and **tolling all applicable statutes of limitation** under the continuing tort doctrine. **No state or federal court in the United States has ever attempted to bar, obstruct, or deny a civil plaintiff from all court access across an entire state by fraudulently accusing them of felonies.** The absurdity and illegality of such an act is so blatant that it has never been

attempted by any judge in any jurisdiction. Adding to the absurdity and illegality is the fact that the Defendant had not been legally served yet. Jefferson Circuit Court is the first to attempt this type of illegal act or fraud, which is retaliatory under KRS 209.050, KRS 209.030, KRS 209.990, KRS 26A.015(2), and is an attempt to intimidate and tamper with a witness, which is also a violation of 42 U.S.C. §§ 1983 and 1985(2)-(3).

**CLAIM FOR RELIEF XXXVI**--(Also a Count and Cause of Action) — **Defendant Susan Wilson's Sustained and Compounded Obstruction of Plaintiffs' Recovery — Through** Defendant's Complicity and Conspiracy With One or More Judges (without jurisdiction) — the Elected Jefferson Circuit Court Clerk — Jefferson Circuit Court Clerk's Office Employees — Administrative Office of the Courts Employees --- Court Administrators --- Staff Attorneys — Acting Under Color of State Law --- and Through Defendant's Complicity and Conspiracy With Private Citizens and Entities — Individually or in Any Combination — **Caused by Defendant's Direct Actions and Complicity and Conspiracy in Abuse of a Vulnerable Adult (Doris Colgate) under KRS 209.020(8)--- Depriving Plaintiffs of Constitutional Rights and Equal Protection — Actionable Under 42 U.S.C. §1983 and 42 U.S.C. §1985 — Causing and Continuing to Cause Unjust Enrichment for Defendant Susan Wilson — Elder Abuse, KRS 209.990, and KRS 502.020 (Complicity), Enabling/Causing Defendant's and Others' Unjust Enrichment; 18 U.S.C. §1503**---obstruction of the due administration of justice --- **18 U.S.C. §1349--RICO Attempt and conspiracy; Deprivation and Obstruction of Civil Rights under 42 U.S.C. §§ 1983, 1985(2)-(3), the First, Seventh, and Fourteenth Amendments, and the Supremacy Clause, Art. VI, Cl. 2;** Supported by Rankin v. Howard, 633 F. 2d 844 (9th Circuit 1980) and U.S. v. Dugan; Actionable under all aforementioned legal authority and under KRS 209.030(2), KRS 209.020, KRS 209.050, **KRS 446.070,** 28 U.S.C. § 1367(a); And under

**Legally Binding and Conclusive** Judicial Admissions of Liability and Damages pursuant to CR 8.04, 28 U.S.C. § 1367(a); (Conspiracy and Complicity with Full Liability); All aforementioned Causing Harm/Injury

1042. Plaintiffs reassert and incorporate by reference in full detail all of Section XII: Master Comprehensive Incorporation of Exhibits, Evidentiary Foundation, Jurisdictional Foundation, Record of Judicial Misconduct, Systemic Civil Rights Obstruction, Denial of All Access to All Kentucky Courts, Constitutional and Federal Enforcement Framework, the Supremacy Clause (Art. VI, Cl. 2), and all preceding paragraphs as though fully restated and fully set forth herein this claim for relief/relief entitled to-sought-demanded. Plaintiffs further assert all of the following:

**Plaintiffs hereby assert the following "Short and Plain Statement" (Fed. R. Civ. P. 8(a)(2)):**

1043. Plaintiffs reassert and incorporate by reference in full detail all prior paragraphs, **all paragraphs in Claim for Relief V herein,** including all facts, all statutory violations, and all legally binding and conclusive judicial **admissions of liability and damages in Claim for Relief V.**

1044. Plaintiffs reassert and incorporate by reference in full detail all legally binding and conclusive judicial admissions of liability and damages in cases 25-CI-001371, 25-CI-001568, 25-CI-001795, 25-CI-001796, 25-CI-001121, with cases 25-CI-001568, 25-CI-001795, 25-CI-001796, 25-CI-001121 **facially fully supporting case 25-CI-001371 (Refer to PX-51 through PX-62 and PX-96, PX-95)**, as though fully restated and fully set forth herein this claim for relief/relief entitled to-sought-demanded.

1045. **Legal Integration:** In additional to the previous application of **supplemental jurisdiction** under **28 U.S.C. § 1367(a) for Claim for Relief V, Claim for Relief XXXVI**

**independently states a federal claim for relief** under--- Defendant Susan Wilson's Sustained and Compounded Obstruction of Plaintiffs' Recovery Through Defendant's Complicity and Conspiracy With One or More Judges (without jurisdiction) — the Elected Jefferson Circuit Court Clerk — Jefferson Circuit Court Clerk's Office Employees — Administrative Office of the Courts Employees — Court Administrators — Staff Attorneys — Acting Under Color of State Law --- and Through Defendant's Complicity and Conspiracy With Private Citizens and Entities — Individually or in Any Combination — - Caused by Defendant's Direct Actions and Complicity and Conspiracy in Abuse of a Vulnerable Adult (Doris Colgate) under KRS 209.020(8) --- Depriving Plaintiffs of Constitutional Rights and Equal Protection — Actionable Under 42 U.S.C. §1983 and 42 U.S.C. §1985 Causing and Continuing to Cause Unjust Enrichment for Defendant Susan Wilson ---Elder Abuse, KRS 209.990, and KRS 502.020 (Complicity), Enabling/Causing Defendant's and Others' Unjust Enrichment; **18 U.S.C. §1503**---obstruction of the due administration of justice --- **18 U.S.C. §1349--RICO Attempt and conspiracy;** Deprivation and Obstruction of Civil Rights under 42 U.S.C. §§ 1983, 1985(2)-(3), the First, Seventh, and Fourteenth Amendments, and the Supremacy Clause, Art. VI, Cl. 2; Supported by Rankin v. Howard, 633 F. 2d 844 (9th Circuit 1980) and U.S. v. Dugan; Actionable under all aforementioned legal authority and under KRS 209.030(2), KRS 209.020, KRS 209.050, KRS 446.070, 28 U.S.C. § 1367(a); And under **Legally Binding and Conclusive** Judicial Admissions of Liability and Damages pursuant to CR 8.04, 28 U.S.C. § 1367(a); (Conspiracy and Complicity with Full Liability); All aforementioned Causing Harm/Injury, and incorporates**, in part,** the same set of facts, harms/injuries, and legally binding and conclusive judicial admissions now as a basis for federal relief, including but not limited to punitive damages. Plaintiffs incorporate by reference in full detail **Sections XVIII, XIX, XXXVI, XXVI, XXX, XXXII, XXVIII, XXIX,**

**XXXI, XXXV, XXVII, XXXVII, PX-63 through PX-87,** PX-42 through PX-49, PX-108, all 167 Exhibits, and the **First through the Fourteenth FRE 201 Judicial Notices** of judicially **noticed adjudicative facts,** which include approximately **1,044 total adjudicative facts,** including approximately **322 adjudicative facts** supporting **jurisdiction** in the U.S. District Court for the Western District of Washington; **FRE 201 Adjudicative Facts in Judicial NOTICES --- 2 through 8, 10, and 12 --- fully support jurisdiction.** All aforementioned incorporations provide **100% certainty** of fraudulently assigned judges and fraudulently assigned case numbers --- prior to the legal filings by Plaintiffs of all 10 of their year-2025 cases --- with all 10 cases being illegally and fraudulently filed and processed by a non-existent/ non-payroll name/individual in year-2025 --- which did not generate a legal random judge assignment and which did not generate a legal case number assignment --- and thereby provides 100% certainty that Kentucky judges NEVER had jurisdiction and NEVER will have jurisdiction. Plaintiffs assert Rankin v. Howard, 633 F. 2d 844 (9th Circuit 1980) and United States v. Dugan, 2:25-cr-00089 (E.D. Wis. 2025) regarding judges without jurisdiction. Plaintiffs also incorporate by reference in full detail **Section XXXIX** and the **Twelfth FRE 201 NOTICE --- regarding interstate transfers.**

1046. Defendant Wilson has **legally binding and conclusive judicial admissions of Forgery/Complicity in Forgery** with full liability regarding legal documents dated on or near 3-4-2020, and later, including but not limited to a power of attorney document, a trust revocation document, a Will, and/or a document fraudulently removing Doris Colgate's real estate, located at 410 Wisteria Avenue, Jefferson County, from the Trust.

1047. Defendant Susan Wilson was and is complicit in and conspired in a scheme with Judge Patricia Morris, whereby Judge Morris weaponized a **knowingly false and fraudulent felony**

**accusation** of "unauthorized practice of law" against pro se Plaintiffs—who were acting lawfully under KRS 209.030 and as a fiduciary under valid Trust and POA instruments—in order to deny Plaintiffs all access to all Kentucky courts and to **obstruct elder abuse recovery. Patricia Morris's fraudulent felony accusation is also proven by Defendant Susan Wilson's legally binding and conclusive judicial admissions of Plaintiffs' legal standing, Defendant's liability, and Defendant's damages.** See **PX-12, PX-51.**

1048. This denial was executed **without jurisdiction**, violated Plaintiffs' constitutional rights and statutory rights, and directly benefited Defendant, who remained **unjustly enriched** as a result. The fraudulent accusation by Judge Morris occurred **19 days prior** to Defendant Wilson being legally served by the Jefferson County Sheriff. When filing the Complaint, Plaintiffs paid the mandatory $60 fee directly to the Jefferson Circuit Court Clerk to have legal service by the Sheriff executed immediately.

1049. The timing and coordination of this judicial obstruction before lawful service—despite the court's active role in facilitating Wilson's service—demonstrates an **ultra vires abuse** of office by Morris to shield Wilson from litigation and to obstruct and block all statutory recovery.

1050. Direct communication between Wilson and Morris does **not** need to be proven to establish complicity under KRS 502.020 and conspiracy under 42 U.S.C. § 1985(2)-(3) . The judicial act of denying Plaintiffs all court access functioned as **an overt act in furtherance of a shared unlawful objective** to obstruct justice and to illegally protect Wilson from liability, in violation of 42 U.S.C. §§ 1983, 1985(2)-(3) and in Violation of the First, Seventh, and Fourteenth Amendments, and the Supremacy Clause, Art. VI, Cl. 2.

1051. Plaintiffs incorporate by reference in full detail all liability for **similar "Claim for Relief V." Claim for Relief V** is legally binding and conclusive based on Defendant's judicial

admissions of liability in Kentucky Case No. 25-CI-001371 pursuant to CR 8.04 and 28 U.S.C. § 1367(a).

1052. Susan Wilson was and is **complicit** with and conspired witb judge Morris or Patricia Morris, who was and is **acting in the absence of jurisdiction.** See **Rankin v. Howard, 633 F. 2d 844 (9th Circuit 1980);** Also refer to **all details in SECTION XII for evidence against Morris, and also for evidence of systemic corruption.**

1053A. Plaintiffs accordingly respectfully demand immediate entry of judgment as to liability and a correspondiug award of $540,185.41 in Special Damages — established as a legally binding and conclusive sum-certain from Wilson's own substantive CR 8.04 admissions in KY case 25-CI-001371 (PX-51) --- and independently confirmed from four additional defendants' CR 8.04 admissions across four separate Kentucky cases -- which is separate from --- and in addition to all of the followiug respectfully demanded: Other compensatory damages for continuing losses caused by Defendant's ongoing fraudulent obstruction of recovery — fraudulent concealment — and unjust enrichment also judicially admitted under CR 8.04. Dividends and interest defrauded from Doris in all five financial instruments --- and Interest to Edward --- admitted by Wilson and four additional defendants through CR 8.04 admissions. Plaintiffs also demand declaratory and injunctive relief to prevent the continuing abuses. Plaintiffs demaud general damages and punitive damages. Plaintiffs accordingly respectfully demand entry of judgment as to liability and a corresponding award (KRS 209.020(8)) for total compensatory and general damages floor — no less than **$750,000** combined across all four categories **and up to $1,950,000 --- trebled to $2,250,000 and up to $5,850,000 --- plus punitive damages** of no less than nine times --- making the **punitive floor** no less than **$6,750,000** --- and up to 40 times $750,000 up to $1,950,000. Plaintiffs incorporate by reference in full detail Claim for

Relief **V** --- including but not limited to the 11 adjudicative facts --- and in incorporate in full detail Claim for Relief **XCVI.**

1053B. This Claim for Relief --- incorporating **18 U.S.C. §1503**—obstruction of the due administration of justice --- **18 U.S.C. §1349--RICO Attempt and conspiracy**--Any person who attempts or conspires to commit any offense under this chapter shall be subject to the same penalties as those prescribed for the offense, the commission of which was the object of the attempt or conspiracy---which are predicate acts under 18 U.S.C. §1961---1964(c) --- consists of **consequential harms flowing from the same RICO pattern —** recoverable as supplemental damages --- alongside the primary RICO property injury/ damages --- and alongside the primary RICO obstruction of the due administration of justice damages. The obstruction of Plaintiffs' recovery of the elder abuse damages and recovery of other damages established in Claims XXXVI, XXXVII, LXI, LXXXIX, XC, XCI, XCII, XCVI, XCVII, LXVIII through LXXXVIII, and XCVIII through CII (102) — constitute independent predicate acts. Plaintiffs incorporate by reference in full **Claims for Relief LXXXIV and LXXXVIII and XCVI.**

1053C. This claim for relief is asserted independently under Kentucky law and 28 U.S.C. §1367 --- and 42 U.S.C. §1983 — and 42 U.S.C. §1985(2)-(3) as a standalone claim for compensatory and punitive damages --- fully established from Wilson's legally binding and conclusive CR 8.04 admissions --- independently of any RICO characterization — entitling Plaintiffs to full compensatory and punitive relief on this claim --- regardless of whether the court accepts the RICO predicate characterization. Pursuant to FRCP 8(d)(2) — this claim for relief is pleaded as an alternative to and in addition to the RICO framework — ensuring full recovery under one or both legal theories that the court accepts — with the RICO treble damages constituting additional

mandatory relief on top of the standalone compensatory and punitive damages --- rather than a substitute for them.

1054. The **foregoing constitutes Plaintiffs' short and plain statement of this claim for relief** in compliance with Fed. R. Civ. P. 8(a)(2).

1055. Additionally, The Defendant's **legally binding and conclusive, judicially admitted participation in forged legal documents/instruments** has resulted in **continuous**, unlawful **tortious interference** with Trustee Edward Colgate's administration of **The Colgate Family Living Trust dated January 29, 2020,** with **each day since March 1, 2020**, constituting a **new act of fraudulent obstruction** and fiduciary harm/injury. This Claim for Relief is pled under a continuing tort doctrine, as Defendant's obstruction of Trustee Edward Colgate's fiduciary duties and Trustee recovery rights under the Trust constitutes an ongoing violation, with each day renewing the harm/injury and tolling all applicable statutes of limitation. Additionally, **each day that Defendant refuses and fails to report her own elder abuse and tortious fiduciary interference under KRS 209.030 constitutes a new statutory violation**, which further tolls all relevant statutes of limitation under Kentucky and federal law.

1056. Each day that Judge Morris's and other judges' **fraudulent felony accusations remain embedded in void ab initio orders** constitutes a continuing denial of all Kentucky court access and systemic obstruction of justice in violation of 42 U.S.C. §§ 1983 and 1985(2)-(3), and the First, Seventh, and Fourteenth Amendments. Their collective refusal to report their own and each other's illegal or fraudulent actions under **KRS 26A.080 and KRS 209.030** perpetuates retaliatory elder abuse under **KRS 209.050**, renewing the constitutional and statutory harm/injury daily and **tolling all applicable statutes of limitation** under the continuing tort doctrine.

1057. **No state or federal court in the United States has ever attempted to bar, obstruct, or deny a civil plaintiff from all court access across an entire state by fraudulently accusing them of felonies.** The absurdity and illegality of such an act is so blatant that it has never been attempted by any judge in any jurisdiction. Adding to the absurdity and illegality is the fact that the Defendant had not been legally served yet. Jefferson Circuit Court is the first to attempt this type of illegal act or fraud, which is retaliatory under KRS 209.050, KRS 209.030, KRS 209.990, KRS 26A.015(2), and is an attempt to intimidate and tamper with a witness, which is also a violation of 42 U.S.C. §§ 1983 and 1985(2)-(3).

**CLAIM FOR RELIEF XXXVII**--(Also a Count and Cause of Action) — **Defendant Susan Wilson's Sustained and Compounded Obstruction of Plaintiffs' Recovery —** Through Defendant's Complicity and Conspiracy With One or More Judges (without jurisdiction) — the Elected Jefferson Circuit Court Clerk — Jefferson Circuit Court Clerk's Office Employees -- Administrative Office of the Courts Employees --- Court Administrators — Staff Attorneys — Acting Under Color of State Law --- and Through Defendant's Complicity and Conspiracy With Private Citizens and Entities — Individually or in Any Combination **— Depriving Plaintiffs of Constitutional Rights and Equal Protection — Actionable Under 42 U.S.C. §1983 and 42 U.S.C. §1985 — Causing and Continuing to Cause Unjust Enrichment for Defendant Susan Wilson --- Based on Damages Caused by Defendant's Direct Actions and Complicity and Conspiracy in Elder Abuse under KRS 209.020(16), KRS 209.990, KRS 446.070, and KRS 502.020 (Complicity), Enabling/Causing Defendant's and Others' Unjust Enrichment; 18 U.S.C. §1503**—obstruction of the due administration of justice --- **18 U.S.C. §1349--RICO Attempt and conspiracy; Deprivation and Obstruction of Civil Rights under 42 U.S.C. §§ 1983, 1985(2)-(3), the First, Seventh, and Fourteenth Amendments, and the Supremacy**

**Clause, Art. VI, Cl. 2;** Supported by Rankin v. Howard, 633 F. 2d 844 (9th Circuit 1980) and U.S. v. Dugan; Actionable under all aforementioned legal authority and under KRS 209.030(2), KRS 209.020, KRS 209.050, KRS 446.070, 28 U.S.C. § 1367(a); And under **Legally Binding and Conclusive** Judicial Admissions of Liability and Damages pursuant to CR 8.04, 28 U.S.C. § 1367(a); (Conspiracy and Complicity with Full Liability); All aforementioned Causing Harm/Injury

1058. Plaintiffs reassert and incorporate by reference in full detail all of Section XII: Master Comprehensive Incorporation of Exhibits, Evidentiary Foundation, Jurisdictional Foundation, Record of Judicial Misconduct, Systemic Civil Rights Obstruction, Denial of All Access to All Kentucky Courts, Constitutional and Federal Enforcement Framework, the Supremacy Clause (Art. VI, Cl. 2), and all preceding paragraphs as though fully restated and fully set forth herein this claim for relief/relief entitled to-sought-demanded. Plaintiffs further assert all of the following:

**Plaintiffs hereby assert the following "Short and Plain Statement" (Fed. R. Civ. P. 8(a)(2)):**

1059. Plaintiffs reassert and incorporate by reference in full detail all prior paragraphs, **all paragraphs in Claim for Relief VI herein,** including all facts, all statutory violations, and all legally binding and conclusive judicial **admissions of liability and damages in Claim for Relief VI.**

1060. Plaintiffs reassert and incorporate by reference in full detail all legally binding and conclusive judicial admissions of liability and damages in cases 25-CI-001371, 25-CI-001568, 25-CI-001795, 25-CI-001796, 25-CI-001121, with cases 25-CI-001568, 25-CI-001795, 25-CI-001796, 25-CI-001121 **facially fully supporting case 25-CI-001371 (Refer to PX-51 through**


Edward Colgate 22023 SE Wax Rd., Box 1452, Maple Valley, WA 98038, King Co.

**PX-62 and PX-96, PX-95)**, as though fully restated and fully set forth herein this claim for relief/relief entitled to-sought-demanded.

1061. **Legal Integration:** In additional to the previous application of **supplemental jurisdiction** under **28 U.S.C. § 1367(a) for Claim for Relief VI --- Claim for Relief XXXVII independently states a federal claim for relief** under --- Through Defendant's Complicity and Conspiracy With One or More Judges (without jurisdiction) — the Elected Jefferson Circuit Court Clerk --- Jefferson Circuit Court Clerk's Office Employees --- Administrative Office of the Courts Employees — Court Administrators -- Staff Attorneys — Acting Under Color of State Law --- and Through Defendant's Complicity and Conspiracy With Private Citizens and Entities — Individually or in Any Combination — Caused by Defendant's Direct Actions and Complicity in "Elder Abuse under KRS 209.020(16)," KRS 209.990, KRS 502.020 (Complicity), and KRS 446.070, Enabling/Causing Defendant's and Others' Unjust Enrichment; **18 U.S.C. §1503**— obstruction of the due administration of justice --- **18 U.S.C. §1349--RICO Attempt and conspiracy**; Deprivation and Obstruction of Civil Rights under 42 U.S.C. §§ 1983, 1985(2)-(3), the First, Seventh, and Fourteenth Amendments, and the Supremacy Clause, Art. VI, Cl. 2; Supported by Rankin v. Howard, 633 F. 2d 844 (9th Circuit 1980) and U.S. v. Dugan; Actionable under all aforementioned legal authority and under KRS 209.030(2), KRS 209.020, KRS 209.050, KRS 446.070, 28 U.S.C. § 1367(a); And under **Legally Binding and Conclusive** Judicial Admissions of Liability and Damages pursuant to CR 8.04, 28 U.S.C. § 1367(a); (Conspiracy and Complicity with Full Liability); All aforementioned Causing Harm/Injury. Claim for Relief XXXVII incorporates, **in part,** the same set of facts, harms/injuries, and legally binding and conclusive judicial admissions now as a basis for federal relief, including but not limited to punitive damages. Plaintiffs incorporate by reference in full detail **Sections XVIII,**

**XIX, XXXVI, XXVI, XXX, XXXII, XXVIII, XXIX, XXXI, XXXV, XXVII, XXXVII, PX-63 through PX-87,** PX-42 through PX-49, PX-108, all 167 Exhibits, and the **First through the Fourteenth FRE 201 Judicial Notices** of judicially **noticed adjudicative facts,** which include approximately **1,044 total adjudicative facts,** including approximately **322 adjudicative facts** supporting **jurisdiction** in the U.S. District Court for the Western District of Washington; **FRE 201 Adjudicative Facts in Judicial NOTICES --- 2 through 8, 10, and 12 --- fully support jurisdiction.** All aforementioned incorporations provide **100% certainty** of fraudulently assigned judges and fraudulently assigned case numbers --- prior to the legal filings by Plaintiffs of all 10 of their year-2025 cases --- with all 10 cases being illegally and fraudulently filed and processed by a non-existent/non-payroll name/individual in year-2025 --- which did **not** generate a legal random judge assignment and which did **not** generate a legal case number assignment --- and thereby provides 100% certainty that Kentucky judges NEVER had jurisdiction and NEVER will have jurisdiction. Plaintiffs assert Rankin v. Howard, 633 F. 2d 844 (9th Circuit 1980) and United States v. Dugan, 2:25-cr-00089 (E.D. Wis. 2025) regarding judges without jurisdiction. Plaintiffs also incorporate by reference in full detail **Section XXXIX** and the **Twelfth FRE 201 NOTICE --- regarding interstate transfers.**

1062. Defendant Wilson has **legally binding and conclusive judicial admissions of Forgery/Complicity in Forgery** with full liability regarding legal documents dated on or near 3-4-2020, and later, including but not limited to a power of attorney document, a trust revocation document, a Will, and/or a document fraudulently removing Doris Colgate's real estate, located at 410 Wisteria Avenue, Jefferson County, from the Trust.

1063. Defendant Susan Wilson was and is complicit in and conspired in a scheme with Judge Patricia Morris, whereby Judge Morris weaponized a **knowingly false and fraudulent felony**

**accusation** of "unauthorized practice of law" against pro se Plaintiffs—who were acting lawfully under KRS 209.030 and as a fiduciary under valid Trust and POA instruments—in order to deny Plaintiffs all access to all Kentucky courts and to **obstruct elder abuse recovery. Patricia Morris's fraudulent felony accusation is also proven by Defendant Susan Wilson's legally binding and conclusive judicial admissions of Plaintiffs' legal standing, Defendant's liability, and Defendant's damages.** See **PX-12, PX-51.**

1064. This denial was executed **without jurisdiction**, violated Plaintiffs' constitutional rights and statutory rights, and directly benefited Defendant, who remained **unjustly enriched** as a result. The fraudulent accusation by Judge Morris occurred **19 days prior** to Defendant Wilson being legally served by the Jefferson County Sheriff. When filing the Complaint, Plaintiffs paid the mandatory $60 fee directly to the Jefferson Circuit Court Clerk to have legal service by the Sheriff executed immediately.

1065. The timing and coordination of this judicial obstruction before lawful service—despite the court's active role in facilitating Wilson's service—demonstrates an **ultra vires abuse** of office by Morris to shield Wilson from litigation and to obstruct and block all statutory recovery.

1066. Direct communication between Wilson and Morris does **not** need to be proven to establish complicity under KRS 502.020 and conspiracy under 42 U.S.C. § 1985(2)-(3) . The judicial act of denying Plaintiffs all court access functioned as **an overt act in furtherance of a shared unlawful objective** to obstruct justice and to illegally protect Wilson from liability, in violation of 42 U.S.C. §§ 1983, 1985(2)-(3) and in Violation of the First, Seventh, and Fourteenth Amendments, and the Supremacy Clause, Art. VI, Cl. 2.

1067. Plaintiffs incorporate by reference in full detail all liability for **similar "Claim for Relief VI." Claim for Relief VI** is legally binding and conclusive based on Defendant's judicial

admissions of liability in Kentucky Case No. 25-CI-001371 pursuant to CR 8.04 and 28 U.S.C. § 1367(a).

1068. Susan Wilson was and is **complicit** with and conspired with judge Morris or Patricia Morris, who was and is **acting in the absence of jurisdiction.** See **Rankin v. Howard, 633 F. 2d 844 (9th Circuit 1980) and US v. Dugan;** Also refer to **all details in SECTION XII for evidence against Morris, and also for evidence of systemic corruption.**

1069A. Plaintiffs accordingly respectfully demand immediate entry of judgment as to liability and a corresponding award of $540,185.41 in Special Damages — established as a legally binding and conclusive sum-certain from Wilson's own substantive CR 8.04 admissions in KY case 25-CI-001371 (PX-51) --- and independently confirmed from four additional defendants' CR 8.04 admissions across four separate Kentucky cases — which is separate from --- and in addition to all of the following respectfully demanded: Other compensatory damages for continuing losses caused by Defendant's ongoing fraudulent obstruction of recovery --- fraudulent concealment — and unjust enrichment — also judicially admitted under CR 8.04. Dividends and interest defrauded from Doris in all five financial instruments --- and Interest to Edward — admitted by Wilson and four additional defendants through CR 8.04 admissions. Plaintiffs also demand declaratory and injunctive relief to prevent the continuing abuses. Plaintiffs demand general damages and punitive damages. Plaintiffs further assert: Plaintiffs incorporate by reference in full detail Claims for Relief **LXXXIX and VI ---** and accordingly respectfully demand entry of a judgment as to liability and a corresponding award of no less than **$2,975,000 --- trebled to $8,925,000 --- plus punitive damages of no less than 9 times damages --- $26,775,000 ---** and up to 40 times damages. Plaintiffs assert **18 U.S.C. §1503—**

**obstruction of the due administration of justice --- 18 U.S.C. §1349--RICO Attempt and conspiracy---as predicate acts under 18 U.S.C. §1961---1964(c)---**for **treble damages.**

1069B. This Claim for Relief --- incorporating 18 U.S.C. §1503, 18 U.S.C. §1349, and 18 U.S.C. §1961---1964(c) --- consists of **consequential harms flowing from the same RICO pattern** — recoverable as supplemental damages --- alongside the primary RICO property injury/ damages --- and alongside the primary RICO obstruction of the due administration of justice damages. The obstruction of Plaintiffs' recovery of the elder abuse damages and recovery of other damages established in Claims for Relief XXXVI, XXXVII, LXI, LXXXIX, XC, XCI, XCII, XCVI, XCVII, LXVIII through LXXXVIII, and XCVIII through CII (102) — constitute independent predicate acts. Plaintiffs incorporate by reference in full detail **Claims for Relief LXXXIV and LXXXVIII and LXXXIX.**

1069C. This claim for relief is asserted independently under Kentucky law and 28 U.S.C. §1367 — and 42 U.S.C. §1983 — and 42 U.S.C. §1985(2)-(3) as a standalone claim for compensatory and punitive damages — fully established from Wilson's legally binding and conclusive CR 8.04 admissions --- independently of any RICO characterization — entitling Plaintiffs to full compensatory and punitive relief on this claim --- regardless of whether the court accepts the RICO predicate characterization. Pursuant to FRCP 8(d)(2) — this claim for relief is pleaded as an alternative to and in addition to the RICO framework — ensuring full recovery under one or both legal theories that the court accepts — with the RICO treble damages constituting additional mandatory relief on top of the standalone compensatory and punitive damages --- rather than a substitute for them.

1070. The **foregoing constitutes Plaintiffs' short and plain statement of this claim for relief** in compliance with Fed. R. Civ. P. 8(a)(2).

1071. Additionally, The Defendant's **legally binding and conclusive, judicially admitted participation in forged legal documents/instruments** has resulted in **continuous**, unlawful **tortious interference** with Trustee Edward Colgate's administration of **The Colgate Family Living Trust dated January 29, 2020,** with **each day since March 1, 2020**, constituting a **new act of fraudulent obstruction** and fiduciary harm/injury. This Claim for Relief is pled under a continuing tort doctrine, as Defendant's obstruction of Trustee Edward Colgate's fiduciary duties and Trustee recovery rights under the Trust constitutes an ongoing violation, with each day renewing the harm/injury and tolling all applicable statutes of limitation. Additionally, **each day that Defendant refuses and fails to report her own elder abuse and tortious fiduciary interference under KRS 209.030 constitutes a new statutory violation**, which further tolls all relevant statutes of limitation under Kentucky and federal law.

1072. Each day that Judge Morris's and other judges' **fraudulent felony accusations remain embedded in void ab initio orders** constitutes a continuing denial of all Kentucky court access and systemic obstruction of justice in violation of 42 U.S.C. §§ 1983 and 1985(2)-(3), and the First, Seventh, and Fourteenth Amendments. Their collective refusal to report their own and each other's illegal or fraudulent actions under **KRS 26A.080 and KRS 209.030** perpetuates retaliatory elder abuse under **KRS 209.050**, renewing the constitutional and statutory harm/injury daily and **tolling all applicable statutes of limitation** under the continuing tort doctrine.

1073. **No state or federal court in the United States has ever attempted to bar, obstruct, or deny a civil plaintiff from all court access across an entire state by fraudulently accusing them of felonies.** The absurdity and illegality of such an act is so blatant that it has never been attempted by any judge in any jurisdiction. Adding to the absurdity and illegality is the fact that

the Defendant had not been legally served yet. Jefferson Circuit Court is the first to attempt this type of illegal act or fraud, which is retaliatory under KRS 209.050, KRS 209.030, KRS 209.990, KRS 26A.015(2), and is an attempt to intimidate and tamper with a witness, which is also a violation of 42 U.S.C. §§ 1983 and 1985(2)-(3).

**CLAIM FOR RELIEF XXXVIII**--(Also a Count and Cause of Action) — **Defendant Susan Wilson's Sustained and Compounded Obstruction of Plaintiffs' Recovery** — Through Defendant's Complicity and Conspiracy With One or More Judges (without jurisdiction) — the Elected Jefferson Circuit Court Clerk — Jefferson Circuit Court Clerk's Office Employees — Administrative Office of the Courts Employees — Court Administrators — Staff Attorneys — Acting Under Color of State Law --- and Through Defendant's Complicity and Conspiracy With Private Citizens and Entities — Individually or in Any Combination — **Depriving Plaintiffs of Constitutional Rights and Equal Protection — Actionable Under 42 U.S.C. §1983 and 42 U.S.C. §1985 — Causing and Continuing to Cause Unjust Enrichment for Defendant Susan Wilson --- Based on Damages Caused by Defendant's Direct Actions and Complicity and Conspiracy in Breach of Mandatory Statutory Duty to Report Abuse, Neglect, or Exploitation under KRS 209.030(2)--Elder Abuse, KRS 209.990, and KRS 502.020 (Complicity), Enabling/Causing Defendant's and Others' Unjust Enrichment; Deprivation and Obstruction of Civil Rights under 42 U.S.C. §§ 1983, 1985(2)-(3), the First, Seventh, and Fourteenth Amendments, and the Supremacy Clause, Art. VI, Cl. 2;** Supported by Rankin v. Howard, 633 F. 2d 844 (9th Circuit 1980) and U.S. v. Dugan; Actionable under all aforementioned legal authority and under KRS 209.030(2), KRS 209.020, KRS 209.050, **KRS 446.070**, 28 U.S.C. § 1367(a); and **under all claims for relief herein this complaint;** And under **Legally Binding and Conclusive** Judicial Admissions of Liability and Damages pursuant to CR

8.04, 28 U.S.C. § 1367(a); (Conspiracy and Complicity with Full Liability); All aforementioned Causing Harm/Injury

1074. Plaintiffs reassert and incorporate by reference in full detail all of Section XII: Master Comprehensive Incorporation of Exhibits, Evidentiary Foundation, Jurisdictional Foundation, Record of Judicial Misconduct, Systemic Civil Rights Obstruction, Denial of All Access to All Kentucky Courts, Constitutional and Federal Enforcement Framework, the Supremacy Clause (Art. VI, Cl. 2), and all preceding paragraphs as though fully restated and fully set forth herein this claim for relief/relief entitled to-sought-demanded. Plaintiffs further assert all of the following:

**Plaintiffs hereby assert the following "Short and Plain Statement" (Fed. R. Civ. P. 8(a)(2)):**

1075. Plaintiffs reassert and incorporate by reference in full detail all prior paragraphs, **all paragraphs in Claim for Relief VII herein,** including all facts, all statutory violations, and all legally binding and conclusive judicial **admissions of liability and damages in Claim for Relief VII.**

1076. Plaintiffs reassert and incorporate by reference in full detail all legally binding and conclusive judicial admissions of liability and damages in cases 25-CI-001371, 25-CI-001568, 25-CI-001795, 25-CI-001796, 25-CI-001121, with cases 25-CI-001568, 25-CI-001795, 25-CI-001796, 25-CI-001121 **facially fully supporting case 25-CI-001371 (Refer to PX-51 through PX-62 and PX-96, PX-95)**, as though fully restated and fully set forth herein this claim for relief/relief entitled to-sought-demanded.

1077. **Legal Integration:** In additional to the previous application of **supplemental jurisdiction** under **28 U.S.C. § 1367(a) for Claim for Relief VII --- Claim for Relief XXXVIII independently states** a **federal claim for relief** under--- **Defendant Susan Wilson's Sustained**

**and Compounded Obstruction of Plaintiffs' Recovery —** Through Defendant's Complicity and Conspiracy With One or More Judges (without jurisdiction) — the Elected Jefferson Circuit Court Clerk — Jefferson Circuit Court Clerk's Office Employees — Administrative Office of the Courts Employees Court Administrators — Staff Attorneys — Acting Under Color of State Law --- and Through Defendant's Complicity and Conspiracy With Private Citizens and Entities — Individually or in Any Combination --- Caused by Defendant's Direct Actions and Complicity and Conspiracy in "Breach of Mandatory Statutory Duty to Report Abuse, Neglect, or Exploitation" under KRS 209.030(2)--Elder Abuse, KRS 209.990, and KRS 502.020 (Complicity), Enabling/Causing Defendant's and Others' Unjust Enrichment; Deprivation and Obstruction of Civil Rights under 42 U.S.C. §§ 1983, 1985(2)-(3), the First, Seventh, and Fourteenth Amendments, and the Supremacy Clause, Art. VI, Cl. 2; Supported by Rankin v. Howard, 633 F. 2d 844 (9th Circuit 1980) and U.S. v. Dugan; Actionable under all aforementioned legal authority and under KRS 209.030(2), KRS 209.020, KRS 209.050, KRS 446.070, 28 U.S.C. § 1367(a); and under all claims for relief herein this complaint; And under **Legally Binding and Conclusive** Judicial Admissions of Liability and Damages pursuant to CR 8.04, 28 U.S.C. § 1367(a); (Conspiracy and Complicity with Full Liability); All aforementioned Causing Harm/Injury, and incorporates, **in part,** the same set of facts, harms/injuries, and legally binding and conclusive judicial admissions now as a basis for federal relief, including but not limited to punitive damages. Plaintiffs incorporate by reference in full detail **Sections XVIII, XIX, XXXVI, XXVI, XXX, XXXII, XXVIII, XXIX, XXXI, XXXV, XXVII, XXXVII, PX-63 through PX-87,** PX-42 through PX-49, PX-108, all 167 Exhibits, and the **First through the Fourteenth FRE 201 Judicial Notices** of judicially **noticed adjudicative facts,** which include approximately **1,044 total adjudicative facts,** including approximately **322 adjudicative facts**

supporting **jurisdiction** in the U.S. District Court for the Western District of Washington; **FRE 201 Adjudicative Facts in Judicial NOTICES --- 2 through 8, 10, and 12 --- fully support jurisdiction.** All aforementioned incorporations provide **100% certainty** of fraudulently assigned judges and fraudulently assigned case numbers --- prior to the legal filings by Plaintiffs of all 10 of their year-2025 cases --- with all 10 cases being illegally and fraudulently filed and processed by a non-existent/ non-payroll name in year-2025 --- which did not generate a legal random judge assignment and which did not generate a legal case number assignment --- and thereby provides 100% certainty that Kentucky judges NEVER had jurisdiction and NEVER will have jurisdiction. Plaintiffs assert Rankin v. Howard, 633 F. 2d 844 (9th Circuit 1980) and United States v. Dugan, 2:25-cr-00089 (E.D. Wis. 2025) regarding judges without jurisdiction. Plaintiffs also incorporate by reference in full detail **Section XXXIX** and the **Twelfth FRE 201 NOTICE --- regarding interstate transfers.**

1078. Defendant Wilson has **legally binding and conclusive judicial admissions of Forgery/Complicity in Forgery** with full liability regarding legal documents dated on or near 3-4-2020, and later, including but not limited to a power of attorney document, a trust revocation document, a Will, and/or a document fraudulently removing Doris Colgate's real estate, located at 410 Wisteria Avenue, Jefferson County, from the Trust.

1079. Defendant Susan Wilson was and is complicit in and conspired in a scheme with Judge Patricia Morris, whereby Judge Morris weaponized a **knowingly false and fraudulent felony accusation** of "unauthorized practice of law" against pro se Plaintiffs—who were acting lawfully under KRS 209.030(2) and as a fiduciary under valid Trust and POA instruments—in order to deny Plaintiffs all access to all Kentucky courts and to **obstruct elder abuse recovery. Patricia Morris's fraudulent felony accusation is also proven by Defendant Susan Wilson's legally**

**binding and conclusive judicial admissions of Plaintiffs' legal standing, Defendant's liability, and Defendant's damages.** See **PX-12, PX-51.**

1080. This denial was executed **without jurisdiction**, violated Plaintiffs' constitutional rights and statutory rights, and directly benefited Defendant, who remained **unjustly enriched** as a result. The fraudulent accusation by Judge Morris occurred **19 days prior** to Defendant Wilson being legally served by the Jefferson County Sheriff. When filing the Complaint, Plaintiffs paid the mandatory $60 fee directly to the Jefferson Circuit Court Clerk to have legal service by the Sheriff executed immediately.

1081. The timing and coordination of this judicial obstruction before lawful service—despite the court's active role in facilitating Wilson's service—demonstrates an **ultra vires abuse** of office by Morris to shield Wilson from litigation and to obstruct and block all statutory recovery.

1082. Direct communication between Wilson and Morris does **not** need to be proven to establish complicity under KRS 502.020 and conspiracy under 42 U.S.C. § 1985(2)-(3) . The judicial act of denying Plaintiffs all court access functioned as **an overt act in furtherance of a shared unlawful objective** to obstruct justice and to illegally protect Wilson from liability, in violation of 42 U.S.C. §§ 1983, 1985(2)-(3) and in Violation of the First, Seventh, and Fourteenth Amendments, and the Supremacy Clause, Art. VI, Cl. 2.

1083. Plaintiffs incorporate by reference in full detail all liability for **similar "Claim for Relief VII." Claim for Relief VII** is legally binding and conclusive based on Defendant's judicial admissions of liability in Kentucky Case No. 25-CI-001371 pursuant to CR 8.04 and 28 U.S.C. § 1367(a).

1084. Susan Wilson was and is **complicit** with and conspired with judge Morris or Patricia Morris, who was and is **acting in the absence of jurisdiction.** See **Rankin v. Howard, 633 F.**

**2d 844 (9th Circuit 1980);** Also refer to **all details in SECTION XII for evidence against Morris, and also for evidence of systemic corruption.**

1085. Plaintiffs accordingly respectfully demand immediate entry of judgment as to liability and a corresponding award of $540,185.41 in Special Damages — established as a legally binding and conclusive sum-certain from Wilson's own substantive CR 8.04 admissions in KY case 25-CI-001371 (PX-51) --- and independently confirmed from four additional defendants' CR 8.04 admissions across four separate Kentucky cases — which is separate from --- and in addition to all of the following respectfully demanded: Other compensatory damages for continuing losses caused by Defendant's ongoing fraudulent obstruction of recovery — fraudulent concealment — and unjust enrichment — also judicially admitted under CR 8.04. Dividends and interest defrauded from Doris in all five financial instruments --- and Interest to Edward — admitted by Wilson and four additional defendants through CR 8.04 admissions. Plaintiffs also demand declaratory and injunctive relief to prevent the continuing abuses. Plaintiffs demand general damages and punitive damages.

1086. The **foregoing constitutes Plaintiffs' short and plain statement of this claim for relief** in compliance with Fed. R. Civ. P. 8(a)(2).

1087. Additionally, The Defendant's **legally binding and conclusive, judicially admitted participation in forged legal documents/instruments** has resulted in **continuous**, unlawful **tortious interference** with Trustee Edward Colgate's administration of **The Colgate Family Living Trust dated January 29, 2020**, with **each day since March 1, 2020**, constituting a **new act of fraudulent obstruction** and fiduciary harm/injury. This Claim for Relief is pled under a continuing tort doctrine, as Defendant's obstruction of Trustee Edward Colgate's fiduciary duties and Trustee recovery rights under the Trust constitutes an ongoing violation, with each day

renewing the harm/injury and tolling all applicable statutes of limitation. Additionally, **each day that Defendant refuses and fails to report her own elder abuse and tortious fiduciary interference under KRS 209.030 constitutes a new statutory violation**, which further tolls all relevant statutes of limitation under Kentucky and federal law.

1088. Each day that Judge Morris's and other judges' **fraudulent felony accusations remain embedded in void ab initio orders** constitutes a continuing denial of all Kentucky court access and systemic obstruction of justice in violation of 42 U.S.C. §§ 1983 and 1985(2)-(3), and the First, Seventh, and Fourteenth Amendments. Their collective refusal to report their own and each other's illegal or fraudulent actions under **KRS 26A.080 and KRS 209.030** perpetuates retaliatory elder abuse under **KRS 209.050**, renewing the constitutional and statutory harm/injury daily and **tolling all applicable statutes of limitation** under the continuing tort doctrine.

1089. **No state or federal court in the United States has ever attempted to bar, obstruct, or deny a civil plaintiff from all court access across an entire state by fraudulently accusing them of felonies.** The absurdity and illegality of such an act is so blatant that it has never been attempted by any judge in any jurisdiction. Adding to the absurdity and illegality is the fact that the Defendant had not been legally served yet. Jefferson Circuit Court is the first to attempt this type of illegal act or fraud, which is retaliatory under KRS 209.050, KRS 209.030, KRS 209.990, KRS 26A.015(2), and is an attempt to intimidate and tamper with a witness, which is also a violation of 42 U.S.C. §§ 1983 and 1985(2)-(3).

**CLAIM FOR RELIEF XXXIX**--(Also a Count and Cause of Action) — **Defendant Susan Wilson's Sustained and Compounded Obstruction of Plaintiffs' Recovery — Through Defendant's Complicity and Conspiracy With One or More Judges** (without jurisdiction) —

**the Elected Jefferson Circuit Court Clerk — Jefferson Circuit Court Clerk's Office Employees — Administrative Office of the Courts Employees — Court Administrators — Staff Attorneys — Acting Under Color of State Law --- and Through Defendant's Complicity and Conspiracy With Private Citizens and Entities — Individually or in Any Combination — Depriving Plaintiffs of Constitutional Rights and Equal Protection — Actionable Under 42 U.S.C. §1983 and 42 U.S.C. §1985 — Causing and Continuing to Cause Unjust Enrichment for Defendant Susan Wilson --- Based on Damages Caused by Defendant's Direct Actions and Complicity and Conspiracy in Liability for conduct of another – Complicity" under KRS 502.020(1)-(2), Enabling/Causing Defendant's and Others' Unjust Enrichment; Deprivation and Obstruction of Civil Rights under 42 U.S.C. §§ 1983, 1985(2)-(3), the First, Seventh, and Fourteenth Amendments, and the Supremacy Clause, Art. VI, Cl. 2;** Supported by Rankin v. Howard, 633 F. 2d 844 (9th Circuit 1980) and U.S. v. Dugan; Actionable under all aforementioned legal authority and under KRS 209.030(2), KRS 209.020, KRS 209.050, KRS 209.990, **KRS 446.070**, 28 U.S.C. § 1367(a), and under all claims for relief herein this complaint; And under **Legally Binding and Conclusive** Judicial Admissions of Liability and Damages pursuant to CR 8.04, 28 U.S.C. § 1367(a); (Conspiracy and Complicity with Full Liability); All aforementioned Causing Harm/Injury, and incorporates, **in part,** the same set of facts, harms/injuries, and legally binding and conclusive judicial admissions now as a basis for federal relief, including but not limited to punitive damages. Plaintiffs incorporate by reference in full detail **Sections XVIII, XIX, XXXVI, XXVI, XXX, XXXII, XXVIII, XXIX, XXXI, XXXV, XXVII, XXXVII, PX-63 through PX-87,** PX-42 through PX-49, PX-108, all 167 Exhibits, and the **First through the Fourteenth FRE 201 Judicial Notices** of judicially **noticed adjudicative facts,** which include approximately **1,044**

**total adjudicative facts,** including approximately **322 adjudicative facts** supporting **jurisdiction** in the U.S. District Court for the Western District of Washington; **FRE 201 Adjudicative Facts in Judicial NOTICES --- 2 through 8, 10, and 12 --- fully support jurisdiction.** All aforementioned incorporations provide **100% certainty** of fraudulently assigned judges and fraudulently assigned case numbers --- prior to the legal filings by Plaintiffs of all 10 of their year-2025 cases --- with all 10 cases being illegally and fraudulently filed and processed by a non-existent/ non-payroll name in year-2025 --- which did not generate a legal random judge assignment and which did not generate a legal case number assignment --- and thereby provides 100% certainty that Kentucky judges NEVER had jurisdiction and NEVER will have jurisdiction. Plaintiffs assert Rankin v. Howard, 633 F. 2d 844 (9th Circuit 1980) and United States v. Dugan, 2:25-cr-00089 (E.D. Wis. 2025) regarding judges without jurisdiction.

1090. Plaintiffs reassert and incorporate by reference in full detail all of Section XII: Master Comprehensive Incorporation of Exhibits, Evidentiary Foundation, Jurisdictional Foundation, Record of Judicial Misconduct, Systemic Civil Rights Obstruction, Denial of All Access to All Kentucky Courts, Constitutional and Federal Enforcement Framework, the Supremacy Clause (Art. VI, Cl. 2), and all preceding paragraphs as though fully restated and fully set forth herein this claim for relief/relief entitled to-sought-demanded. Plaintiffs further assert all of the following:

**Plaintiffs hereby assert the following "Short and Plain Statement" (Fed. R. Civ. P. 8(a)(2)):**

1091. Plaintiffs reassert and incorporate by reference in full detail all prior paragraphs, **all paragraphs in Claim for Relief VIII herein,** including all facts, all statutory violations, and all legally binding and conclusive judicial **admissions of liability and damages in Claim for Relief VIII.**


Edward Colgate 22023 SE Wax Rd., Box 1452, Maple Valley, WA 98038, King Co.

1092. Plaintiffs reassert and incorporate by reference in full detail all legally binding and conclusive judicial admissions of liability and damages in cases 25-CI-001371, 25-CI-001568, 25-CI-001795, 25-CI-001796, 25-CI-001121, with cases 25-CI-001568, 25-CI-001795, 25-CI-001796, 25-CI-001121 **facially fully supporting case 25-CI-001371 (Refer to PX-51 through PX-62 and PX-96, PX-95)**, as though fully restated and fully set forth herein this claim for relief/relief entitled to-sought-demanded.

1093. **Legal Integration:** In additional to the previous application of **supplemental jurisdiction** under **28 U.S.C. § 1367(a) for Claim for Relief VIII, Claim for Relief XXXIX independently states** a **federal claim for relief** under--- Defendant Susan Wilson's Sustained and Compounded Obstruction of Plaintiffs' Recovery --- Through Defendant's Complicity and Conspiracy With One or More Judges (without jurisdiction) --- the Elected Jefferson Circuit Court Clerk --- Jefferson Circuit Court Clerk's Office Employees — Administrative Office of the Courts Employees --- Court Administrators · Staff Attorneys — Acting Under Color of State Law --- and Through Defendant's Complicity and Conspiracy With Private Citizens and Entities — Individually or in Any Combination --- Depriving Plaintiffs of Constitutional Rights and Equal Protection — Actionable Under 42 U.S.C. §1983 and 42 U.S.C. §1985 — Causing and Continuing to Cause Unjust Enrichment for Defendant Susan Wilson --- Based on Damages Caused by Defendant's Direct Actions and Complicity and Conspiracy in Liability for conduct of another – Complicity" under KRS 502.020(1)-(2), Enabling/Causing Defendant's and Others' Unjust Enrichment; Deprivation and Obstruction of Civil Rights under 42 U.S.C. §§ 1983, 1985(2)-(3), the First, Seventh, and Fourteenth Amendments, and the Supremacy Clause, Art. VI, Cl. 2; Supported by Rankin v. Howard, 633 F. 2d 844 (9th Circuit 1980) and U.S. v. Dugan; Actionable under all aforementioned legal authority and under KRS 209.030(2), KRS 209.020,

KRS 209.050, KRS 209.990, **KRS 446.070**, 28 U.S.C. § 1367(a), and under all claims for relief herein this complaint; And under **Legally Binding and Conclusive** Judicial Admissions of Liability and Damages pursuant to CR 8.04, 28 U.S.C. § 1367(a); (Conspiracy and Complicity with Full Liability); All aforementioned Causing Harm/Injury, and incorporates**, in part,** the same set of facts, harms/injuries, and legally binding and conclusive judicial admissions now as a basis for federal relief, including but not limited to punitive damages. Plaintiffs incorporate by reference in full detail **Sections XVIII, XIX, XXXVI, XXVI, XXX, XXXII, XXVIII, XXIX, XXXI, XXXV, XXVII, XXXVII, PX-63 through PX-87,** PX-42 through PX-49, PX-108, all 167 Exhibits, and the **First through the Fourteenth FRE 201 Judicial Notices** of judicially **noticed adjudicative facts,** which include approximately **1,044 total adjudicative facts,** including approximately **322 adjudicative facts** supporting **jurisdiction** in the U.S. District Court for the Western District of Washington; **FRE 201 Adjudicative Facts in Judicial NOTICES --- 2 through 8, 10, and 12 --- fully support jurisdiction.** All aforementioned incorporations provide **100% certainty** of fraudulently assigned judges and fraudulently assigned case numbers --- prior to the legal filings by Plaintiffs of all 10 of their year-2025 cases --- with all 10 cases being illegally and fraudulently filed and processed by a non-existent/ non-payroll name in year-2025 --- which did not generate a legal random judge assignment and which did not generate a legal case number assignment --- and thereby provides 100% certainty that Kentucky judges NEVER had jurisdiction and NEVER will have jurisdiction. Plaintiffs assert Rankin v. Howard, 633 F. 2d 844 (9th Circuit 1980) and United States v. Dugan, 2:25-cr-00089 (E.D. Wis. 2025) regarding judges without jurisdiction. Plaintiffs also incorporate by reference in full detail **Section XXXIX** and the **Twelfth FRE 201 NOTICE --- regarding interstate transfers.**

1094. Defendant Wilson has **legally binding and conclusive judicial admissions of Forgery/Complicity in Forgery** with full liability regarding legal documents dated on or near 3-4-2020, and later, including but not limited to a power of attorney document, a trust revocation document, a Will, and/or a document fraudulently removing Doris Colgate's real estate, located at 410 Wisteria Avenue, Jefferson County, from the Trust.

1095. Defendant Susan Wilson was and is complicit in and conspired in a scheme with Judge Patricia Morris, whereby Judge Morris weaponized a **knowingly false and fraudulent felony accusation** of "unauthorized practice of law" against pro se Plaintiffs—who were acting lawfully under KRS 209.030(2) and as a fiduciary under valid Trust and POA instruments—in order to deny Plaintiffs all access to all Kentucky courts and to **obstruct elder abuse recovery. Patricia Morris's fraudulent felony accusation is also proven by Defendant Susan Wilson's legally binding and conclusive judicial admissions of Plaintiffs' legal standing, Defendant's liability, and Defendant's damages.** See **PX-12, PX-51, PX-55, PX-56.**

1096. This denial was executed **without jurisdiction**, violated Plaintiffs' constitutional rights and statutory rights, and directly benefited Defendant, who remained **unjustly enriched** as a result. The fraudulent accusation by Judge Morris occurred **19 days prior** to Defendant Wilson being legally served by the Jefferson County Sheriff. When filing the Complaint, Plaintiffs paid the mandatory $60 fee directly to the Jefferson Circuit Court Clerk to have legal service by the Sheriff executed immediately.

1097. The timing and coordination of this judicial obstruction before lawful service—despite the court's active role in facilitating Wilson's service—demonstrates an **ultra vires abuse** of office by Morris to shield Wilson from litigation and to obstruct and block all statutory recovery.

1098. Direct communication between Wilson and Morris does **not** need to be proven to establish complicity under KRS 502.020 and conspiracy under 42 U.S.C. § 1985(2)-(3) . The judicial act of denying Plaintiffs all court access functioned as **an overt act in furtherance of a shared unlawful objective** to obstruct justice and to illegally protect Wilson from liability, in violation of 42 U.S.C. §§ 1983, 1985(2)-(3) and in Violation of the First, Seventh, and Fourteenth Amendments, and the Supremacy Clause, Art. VI, Cl. 2.

1099. Plaintiffs incorporate by reference in full detail all liability for **similar "Claim for Relief VIII." Claim for Relief VIII** is legally binding and conclusive based on Defendant's judicial admissions of liability in Kentucky Case No. 25-CI-001371 pursuant to CR 8.04 and 28 U.S.C. § 1367(a).

1100. Susan Wilson was and is **complicit** with and **conspired** with judge Morris or Patricia Morris, who was and is **acting in the absence of jurisdiction.** See **Rankin v. Howard, 633 F. 2d 844 (9th Circuit 1980);** Also refer to **all details in SECTION XII for evidence against Morris, and also for evidence of systemic corruption.**

1101. Plaintiffs accordingly respectfully demand immediate entry of judgment as to liability and a corresponding award of $540,185.41 in Special Damages — established as a legally binding and conclusive sum-certain from Wilson's own substantive CR 8.04 admissions in KY case 25-CI-001371 (PX-51) --- and independently confirmed from four additional defendants' CR 8.04 admissions across four separate Kentucky cases — which is separate from --- and in addition to all of the following respectfully demanded: Other compensatory damages for continuing losses caused by Defendant's ongoing fraudulent obstruction of recovery — fraudulent concealment --- and unjust enrichment — also judicially admitted under CR 8.04. Dividends and interest defrauded from Doris in all five financial instruments --- and Interest to Edward — admitted by

Wilson and four additional defendants through CR 8.04 admissions. Plaintiffs also demand declaratory and injunctive relief to prevent the contiuuing abuses. Plaintiffs demand general damages and punitive damages.

1102. The **foregoing constitutes Plaintiffs' short and plain statement of this claim for relief** in compliance with Fed. R. Civ. P. 8(a)(2).

1103. Additionally, The Defendant's **legally binding and conclusive, judicially admitted participation in forged legal documents/instruments** has resulted in **continuous**, unlawful **tortious interference** with Trustee Edward Colgate's administration of **The Colgate Family Living Trust dated January 29, 2020,** with **each day since March 1, 2020**, constituting a **new act of fraudulent obstruction** and fiduciary harm/injury. This Claim for Relief is pled under a continuing tort doctrine, as Defendant's obstruction of Trustee Edward Colgate's fiduciary duties and Trustee recovery rights under the Trust constitutes an ongoing violation, with each day renewing the harm/injury and tolling all applicable statutes of limitation. Additionally, **each day that Defendant refuses and fails to report her own elder abuse and tortious fiduciary interference under KRS 209.030 constitutes a new statutory violation**, which further tolls all relevant statutes of limitation under Kentucky and federal law.

1104. Each day that Judge Morris's and other judges' **fraudulent felony accusations remain embedded in void ab initio orders** constitutes a continuing denial of all Kentucky court access and systemic obstruction of justice in violation of 42 U.S.C. §§ 1983 and 1985(2)-(3), and the First, Seventh, and Fourteenth Amendments. Their collective refusal to report their own and each other's illegal or fraudulent actions under **KRS 26A.080 and KRS 209.030** perpetuates retaliatory elder abuse under **KRS 209.050**, renewing the constitutional and statutory

harm/injury daily and **tolling all applicable statutes of limitation** under the continuing tort doctrine.

1105. **No state or federal court in the United States has ever attempted to bar, obstruct, or deny a civil plaintiff from all court access across an entire state by fraudulently accusing them of felonies.** The absurdity and illegality of such an act is so blatant that it has never been attempted by any judge in any jurisdiction. Adding to the absurdity and illegality is the fact that the Defendant had not been legally served yet. Jefferson Circuit Court is the first to attempt this type of illegal act or fraud, which is retaliatory under KRS 209.050, KRS 209.030, KRS 209.990, KRS 26A.015(2), and is an attempt to intimidate and tamper with a witness, which is also a violation of 42 U.S.C. §§ 1983 and 1985(2)-(3).

**CLAIM FOR RELIEF XL**--(Also a Count and Cause of Action) — **Defendant Susan Wilson's Sustained and Compounded Obstruction of Plaintiffs' Recovery — Through Defendant's Complicity and Conspiracy With One or More Judges** (without jurisdiction) — **the Elected Jefferson Circuit Court Clerk — Jefferson Circuit Court Clerk's Office Employees — Administrative Office of the Courts Employees — Court Administrators — Staff Attorneys — Acting Under Color of State Law --- and Through Defendant's Complicity and Conspiracy With Private Citizens and Entities — Individually or in Any Combination — Depriving Plaintiffs of Constitutional Rights and Equal Protection — Actionable Under 42 U.S.C. §1983 and 42 U.S.C. §1985 — Causing and Continuing to Cause Unjust Enrichment for Defendant Susan Wilson --- Based on Damages Caused by Defendant's Direct Actions and Complicity and Conspiracy in Theft by deception--by Creating or reinforcing a false impression, including false impressions as to law, value, intention, or other state of mind" pursuant to KRS 514.040(1)(a) and KRS 502.020,**

**Enabling/Causing Defendant's and Others' Unjust Enrichment; Deprivation and Obstruction of Civil Rights under 42 U.S.C. §§ 1983, 1985(2)-(3), the First, Seventh, and Fourteenth Amendments, and the Supremacy Clause, Art. VI, Cl. 2;** Supported by Rankin v. Howard, 633 F. 2d 844 (9th Circuit 1980) and U.S. v. Dugan; Actionable under all aforementioned legal authority and under KRS 209.030(2), KRS 209.020, KRS 209.050, KRS 209.990, **KRS 446.070**, KRS 386B.8-010, KRS 386B.1-010(1), KRS 386B.8-180(1)(a), KRS 386B.4-100, FRCP 17(a)(1)(E), KRS 457.350(1)-(2), 28 U.S.C. § 1367(a), and **under all claims for relief herein this complaint;** And under **Legally Binding and Conclusive** Judicial Admissions of Liability and Damages pursuant to CR 8.04, 28 U.S.C. § 1367(a); (Conspiracy and Complicity with Full Liability); All aforementioned Causing Harm/Injury

1106. Plaintiffs reassert and incorporate by reference in full detail all of Section XII: Master Comprehensive Incorporation of Exhibits, Evidentiary Foundation, Jurisdictional Foundation, Record of Judicial Misconduct, Systemic Civil Rights Obstruction, Denial of All Access to All Kentucky Courts, Constitutional and Federal Enforcement Framework, the Supremacy Clause (Art. VI, Cl. 2), and all preceding paragraphs as though fully restated and fully set forth herein this claim for relief/relief entitled to-sought-demanded. Plaintiffs further assert all of the following:

**Plaintiffs hereby assert the following "Short and Plain Statement" (Fed. R. Civ. P. 8(a)(2)):**

1107. Plaintiffs reassert and incorporate by reference in full detail all prior paragraphs, **all paragraphs in Claim for Relief XI herein,** including all facts, all statutory violations, and all legally binding and conclusive judicial **admissions of liability and damages in Claim for Relief XI.**

1108. Plaintiffs reassert and incorporate by reference in full detail all legally binding and conclusive judicial admissions of liability and damages in cases 25-CI-001371, 25-CI-001568, 25-CI-001795, 25-CI-001796, 25-CI-001121, with cases 25-CI-001568, 25-CI-001795, 25-CI-001796, 25-CI-001121 **facially fully supporting case 25-CI-001371 (Refer to PX-51 through PX-62 and PX-96, PX-95)**, as though fully restated and fully set forth herein this claim for relief/relief entitled to-sought-demanded.

1109. **Legal Integration:** In additional to the previous application of **supplemental jurisdiction** under **28 U.S.C. § 1367(a) for Claim for Relief XI, Claim for Relief XL independently states** a **federal claim for relief** under--- Defendant Susan Wilson's Sustained and Compounded Obstruction of Plaintiffs' Recovery — Through Defendant's Complicity and Conspiracy With One or More Judges (without jurisdiction) — the Elected Jefferson Circuit Court Clerk — Jefferson Circuit Court Clerk's Office Employees — Administrative Office of the Courts Employees — Court Administrators — Staff Attorneys — Acting Under Color of State Law --- and Through Defendant's Complicity and Conspiracy With Private Citizens and Entities — Individually or in Any Combination — Depriving Plaintiffs of Constitutional Rights and Equal Protection — Actionable Under 42 U.S.C. §1983 and 42 U.S.C. §1985 — Causing and Continuing to Cause Unjust Enrichment for Defendant Susan Wilson --- Based on Damages Caused by Defendant's Direct Actions and Complicity and Conspiracy in Theft by deception--by Creating or reinforcing a false impression, including false impressions as to law, value, intention, or other state of mind" pursuant to KRS 514.040(1)(a) and KRS 502.020, Enabling/Causing Defendant's and Others' Unjust Enrichment; Deprivation and Obstruction of Civil Rights under 42 U.S.C. §§ 1983, 1985(2)-(3), the First, Seventh, and Fourteenth Amendments, and the Supremacy Clause, Art. VI, Cl. 2; Supported by Rankin v. Howard, 633 F.

2d 844 (9th Circuit 1980) and U.S. v. Dugan; Actionable under all aforementioned legal authority and under KRS 209.030(2), KRS 209.020, KRS 209.050, KRS 209.990, **KRS 446.070**, KRS 386B.8-010, KRS 386B.1-010(1), KRS 386B.8-180(1)(a), KRS 386B.4-100, FRCP 17(a)(1)(E), KRS 457.350(1)-(2), 28 U.S.C. § 1367(a), and under all claims for relief herein this complaint; And under **Legally Binding and Conclusive** Judicial Admissions of Liability and Damages pursuant to CR 8.04, 28 U.S.C. § 1367(a); (Conspiracy and Complicity with Full Liability); All aforementioned Causing Harm/Injury, and incorporates, **in part,** the same set of facts, harms/injuries, and legally binding and conclusive judicial admissions now as a basis for federal relief, including but not limited to punitive damages. Plaintiffs incorporate by reference in full detail **Sections XVIII, XIX, XXXVI, XXVI, XXX, XXXII, XXVIII, XXIX, XXXI, XXXV, XXVII, XXXVII, PX-63 through PX-87,** PX-42 through PX-49, PX-108, all 167 Exhibits, and the **First through the Fourteenth FRE 201 Judicial Notices** of judicially **noticed adjudicative facts,** which include approximately **1,044 total adjudicative facts,** including approximately **322 adjudicative facts** supporting **jurisdiction** in the U.S. District Court for the Western District of Washington; **FRE 201 Adjudicative Facts in Judicial NOTICES --- 2 through 8, 10, and 12 --- fully support jurisdiction.** All aforementioned incorporations provide **100% certainty** of fraudulently assigned judges and fraudulently assigned case numbers --- prior to the legal filings by Plaintiffs of all 10 of their year-2025 cases --- with all 10 cases being illegally and fraudulently filed and processed by a non-existent/ non-payroll name in year-2025 --- which did not generate a legal random judge assignment and which did not generate a legal case number assignment --- and thereby provides 100% certainty that Kentucky judges NEVER had jurisdiction and NEVER will have jurisdiction. Plaintiffs assert Rankin v. Howard, 633 F. 2d 844 (9th Circuit 1980) and United States v. Dugan, 2:25-cr-00089 (E.D. Wis. 2025)

regarding judges without jurisdiction. Plaintiffs also incorporate by reference in full detail **Section XXXIX** and the **Twelfth FRE 201 NOTICE --- regarding interstate transfers.**

1110. Defendant Wilson has **legally binding and conclusive judicial admissions of Forgery/Complicity in Forgery** with full liability regarding legal documents dated on or near 3-4-2020, and later, including but not limited to a power of attorney document, a trust revocation document, a Will, and/or a document fraudulently removing Doris Colgate's real estate, located at 410 Wisteria Avenue, Jefferson County, from the Trust.

1111. Defendant Susan Wilson was and is complicit in and conspired in a scheme with Judge Patricia Morris, whereby Judge Morris weaponized a **knowingly false and fraudulent felony accusation** of "unauthorized practice of law" against pro se Plaintiffs—who were acting lawfully under KRS 209.030(2) and as a fiduciary under valid Trust and POA instruments—in order to deny Plaintiffs all access to all Kentucky courts and to **obstruct elder abuse recovery. Patricia Morris's fraudulent felony accusation is also proven by Defendant Susan Wilson's legally binding and conclusive judicial admissions of Plaintiffs' legal standing, Defendant's liability, and Defendant's damages.** See **PX-12, PX-51.**

1112. This denial was executed **without jurisdiction**, violated Plaintiffs' constitutional rights and statutory rights, and directly benefited Defendant, who remained **unjustly enriched** as a result. The fraudulent accusation by Judge Morris occurred **19 days prior** to Defendant Wilson being legally served by the Jefferson County Sheriff. When filing the Complaint, Plaintiffs paid the mandatory $60 fee directly to the Jefferson Circuit Court Clerk to have legal service by the Sheriff executed immediately.

1113. The timing and coordination of this judicial obstruction before lawful service—despite the court's active role in facilitating Wilson's service—demonstrates an **ultra vires abuse** of office by Morris to shield Wilson from litigation and to obstruct and block all statutory recovery.

1114. Direct communication between Wilson and Morris does **not** need to be proven to establish complicity under KRS 502.020 and conspiracy under 42 U.S.C. § 1985(2)-(3) . The judicial act of denying Plaintiffs all court access functioned as **an overt act in furtherance of a shared unlawful objective** to obstruct justice and to illegally protect Wilson from liability, in violation of 42 U.S.C. §§ 1983, 1985(2)-(3) and in Violation of the First, Seventh, and Fourteenth Amendments, and the Supremacy Clause, Art. VI, Cl. 2.

1115. Plaintiffs incorporate by reference in full detail all liability for **similar "Claim for Relief XI ." Claim for Relief XI** is legally binding and conclusive based on Defendant's judicial admissions of liability in Kentucky Case No. 25-CI-001371 pursuant to CR 8.04 and 28 U.S.C. § 1367(a).

1116. Susan Wilson was and is **complicit** with and **conspired** with judge Morris or Patricia Morris, who was and is **acting in the absence of jurisdiction.** See **Rankin v. Howard, 633 F. 2d 844 (9th Circuit 1980);** Also refer to **all details in SECTION XII for evidence against Morris, and also for evidence of systemic corruption.**

1117. Plaintiffs accordingly respectfully demand immediate entry of judgment as to liability and a corresponding award of $540,185.41 in Special Damages — established as a legally binding and conclusive sum-certain from Wilson's own substantive CR 8.04 admissions in KY case 25-CI-001371 (PX-51) --- and independently confirmed from four additional defendants' CR 8.04 admissions across four separate Kentucky cases — which is separate from --- and in addition to all of the following respectfully demanded: Other compensatory damages for continuing losses

caused by Defendant's ongoing fraudulent obstruction of recovery — fraudulent concealment — and unjust enrichment - also judicially admitted under CR 8.04. Dividends and interest defrauded from Doris in all five financial instruments --- and Interest to Edward — admitted by Wilson and four additional defendants through CR 8.04 admissions. Plaintiffs also demand declaratory and injunctive relief to prevent the continuing abuses. Plaintiffs demand general damages and punitive damages.

1118. The **foregoing constitutes Plaintiffs' short and plain statement of this claim for relief** in compliance with Fed. R. Civ. P. 8(a)(2).

1119. Additionally, The Defendant's **legally binding and conclusive, judicially admitted participation in forged legal documents/instruments** has resulted in **continuous**, unlawful **tortious interference** with Trustee Edward Colgate's administration of **The Colgate Family Living Trust dated January 29, 2020,** with **each day since March 1, 2020,** constituting a **new act of fraudulent obstruction** and fiduciary harm/injury. This Claim for Relief is pled under a continuing tort doctrine, as Defendant's obstruction of Trustee Edward Colgate's fiduciary duties and Trustee recovery rights under the Trust constitutes an ongoing violation, with each day **renewing** the harm/injury and **tolling** all applicable statutes of limitation. Additionally, **each day that Defendant refuses and fails to report her own elder abuse and tortious fiduciary interference under KRS 209.030 constitutes a new statutory violation**, which further **renews** and **tolls** all relevant statutes of limitation under Kentucky and federal law.

1120. Each day that Judge Morris's and other judges' **fraudulent felony accusations remain embedded in void ab initio orders** constitutes a continuing denial of all Kentucky court access and systemic obstruction of justice in violation of 42 U.S.C. §§ 1983 and 1985(2)-(3), and the First, Seventh, and Fourteenth Amendments. Their collective refusal to report their own and each

other's illegal or fraudulent actions under **KRS 26A.080 and KRS 209.030** perpetuates retaliatory elder abuse under **KRS 209.050**, **renewing** the constitutional and statutory harm/injury daily and **tolling all applicable statutes of limitation** under the continuing tort doctrine.

1121. **No state or federal court in the United States has ever attempted to bar, obstruct, or deny a civil plaintiff from all court access across an entire state by fraudulently accusing them of felonies.** The absurdity and illegality of such an act is so blatant that it has never been attempted by any judge in any jurisdiction. Adding to the absurdity and illegality is the fact that the Defendant had not been legally served yet. Jefferson Circuit Court is the first to attempt this type of illegal act or fraud, which is retaliatory under KRS 209.050, KRS 209.030, KRS 209.990, KRS 26A.015(2), and is an attempt to intimidate and tamper with a witness, which is also a violation of 42 U.S.C. §§ 1983 and 1985(2)-(3).

**CLAIM FOR RELIEF XLI**--(Also a Count and Cause of Action) —**Defendant Susan Wilson's Sustained and Compounded Obstruction of Plaintiffs' Recovery — Through Defendant's Complicity and Conspiracy With One or More Judges** (without jurisdiction) — **the Elected Jefferson Circuit Court Clerk — Jefferson Circuit Court Clerk's Office Employees — Administrative Office of the Courts Employees — Court Administrators — Staff Attorneys — Acting Under Color of State Law --- and Through Defendant's Complicity and Conspiracy With Private Citizens and Entities — Individually or in Any Combination — Depriving Plaintiffs of Constitutional Rights and Equal Protection — Actionable Under 42 U.S.C. §1983 and 42 U.S.C. §1985 — Causing and Continuing to Cause Unjust Enrichment for Defendant Susan Wilson --- Based on Damages Caused by Defendant's Direct Actions and Complicity and Conspiracy in Theft by deception—by**

**preventing another from acquiring information which would affect judgment of a transaction** pursuant to **KRS 514.040(1)(b) and KRS 502.020, Enabling/Causing Defendant's and Others' Unjust Enrichment; Deprivation and Obstruction of Civil Rights under 42 U.S.C. §§ 1983, 1985(2)-(3), the First, Seventh, and Fourteenth Amendments, and the Supremacy Clause, Art. VI, Cl. 2;** Supported by Rankin v. Howard, 633 F. 2d 844 (9th Circuit 1980) and U.S. v. Dugan; Actionable under all aforementioned legal authority and under KRS 209.030(2), KRS 209.020, KRS 209.050, KRS 209.990, **KRS 446.070**, 28 U.S.C. § 1367(a), and under all claims for relief herein this complaint; And under **Legally Binding and Conclusive** Judicial Admissions of Liability and Damages pursuant to CR 8.04, 28 U.S.C. § 1367(a); (Conspiracy and Complicity with Full Liability); All aforementioned Causing Harm/Injury

1122. Plaintiffs reassert and incorporate by reference in full detail all of Section XII: Master Comprehensive Incorporation of Exhibits, Evidentiary Foundation, Jurisdictional Foundation, Record of Judicial Misconduct, Systemic Civil Rights Obstruction, Denial of All Access to All Kentucky Courts, Constitutional and Federal Enforcement Framework, the Supremacy Clause (Art. VI, Cl. 2), and all preceding paragraphs as though fully restated and fully set forth herein this claim for relief/relief entitled to-sought-demanded. Plaintiffs further assert all of the following:

**Plaintiffs hereby assert the following "Short and Plain Statement" (Fed. R. Civ. P. 8(a)(2)):**

1123. Plaintiffs reassert and incorporate by reference in full detail all prior paragraphs, **all paragraphs in Claim for Relief XII herein,** including all facts, all statutory violations, and all legally binding and conclusive judicial **admissions of liability and damages in Claim for Relief XII.**


Edward Colgate 22023 SE Wax Rd., Box 1452, Maple Valley, WA 98038, King Co.

1124. Plaintiffs reassert and incorporate by reference in full detail all legally binding and conclusive judicial admissions of liability and damages in cases 25-CI-001371, 25-CI-001568, 25-CI-001795, 25-CI-001796, 25-CI-001121, with cases 25-CI-001568, 25-CI-001795, 25-CI-001796, 25-CI-001121 **facially fully supporting case 25-CI-001371 (Refer to PX-51 through PX-62 and PX-96, PX-95)**, as though fully restated and fully set forth herein this claim for relief/relief entitled to-sought-demanded.

1125. **Legal Integration:** In additional to the previous application of **supplemental jurisdiction** under **28 U.S.C. § 1367(a) for Claim for Relief XII, Claim for Relief XLI independently states a federal claim for relief** under--- Defendant Susan Wilson's Sustained and Compounded Obstruction of Plaintiffs' Recovery — Through Defendant's Complicity and Conspiracy With One or More Judges (without jurisdiction) — the Elected Jefferson Circuit Court Clerk — Jefferson Circuit Court Clerk's Office Employees --- Administrative Office of the Courts Employees — Court Administrators — Staff Attorneys — Acting Under Color of State Law --- and Through Defendant's Complicity and Conspiracy With Private Citizens and Entities ---- Individually or in Any Combination — Depriving Plaintiffs of Constitutional Rights and Equal Protection — Actionable Under 42 U.S.C. §1983 and 42 U.S.C. §1985 --- Causing and Continuing to Cause Unjust Enrichment for Defendant Susan Wilson --- Based on Damages Caused by Defendant's Direct Actions and Complicity and Conspiracy in Theft by deception— by preventing another from acquiring information which would affect judgment of a transaction pursuant to KRS 514.040(1)(b) and KRS 502.020, Enabling/Causing Defendant's and Others' Unjust Enrichment; Deprivation and Obstruction of Civil Rights under 42 U.S.C. §§ 1983, 1985(2)-(3), the First, Seventh, and Fourteenth Amendments, and the Supremacy Clause, Art. VI, Cl. 2; Supported by Rankin v. Howard, 633 F. 2d 844 (9th Circuit 1980) and U.S. v. Dugan;

Actionable under all aforementioned legal authority and under KRS 209.030(2), KRS 209.020, KRS 209.050, KRS 209.990, **KRS 446.070**, 28 U.S.C. § 1367(a), and under all claims for relief herein this complaint; And under **Legally Binding and Conclusive** Judicial Admissions of Liability and Damages pursuant to CR 8.04, 28 U.S.C. § 1367(a); (Conspiracy and Complicity with Full Liability); All aforementioned Causing Harm/Injury, and incorporates, **in part,** the same set of facts, harms/injuries, and legally binding and conclusive judicial admissions now as a basis for federal relief, including but not limited to punitive damages. Plaintiffs incorporate by reference in full detail **Sections XVIII, XIX, XXXVI, XXVI, XXX, XXXII, XXVIII, XXIX, XXXI, XXXV, XXVII, XXXVII, PX-63 through PX-87,** PX-42 through PX-49, PX-108, all 167 Exhibits, and the **First through the Fourteenth FRE 201 Judicial Notices** of judicially **noticed adjudicative facts,** which include approximately **1,044 total adjudicative facts,** including approximately **322 adjudicative facts** supporting **jurisdiction** in the U.S. District Court for the Western District of Washington; **FRE 201 Adjudicative Facts in Judicial NOTICES --- 2 through 8, 10, and 12 --- fully support jurisdiction.** All aforementioned incorporations provide **100% certainty** of fraudulently assigned judges and fraudulently assigned case numbers --- prior to the legal filings by Plaintiffs of all 10 of their year-2025 cases --- with all 10 cases being illegally and fraudulently filed and processed by a non-existent/ non-payroll name in year-2025 --- which did not generate a legal random judge assignment and which did not generate a legal case number assignment --- and thereby provides 100% certainty that Kentucky judges NEVER had jurisdiction and NEVER will have jurisdiction. Plaintiffs assert Rankin v. Howard, 633 F. 2d 844 (9th Circuit 1980) and United States v. Dugan, 2:25-cr-00089 (E.D. Wis. 2025) regarding judges without jurisdiction. Plaintiffs also incorporate by reference in

full detail **Section XXXIX** and the **Twelfth FRE 201 NOTICE --- regarding interstate transfers.**

1126. Defendant Wilson has **legally binding and conclusive judicial admissions of Forgery/Complicity in Forgery** with full liability regarding legal documents dated on or near 3-4-2020, and later, including but not limited to a power of attorney document, a trust revocation document, a Will, and/or a document fraudulently removing Doris Colgate's real estate, located at 410 Wisteria Avenue, Jefferson County, from the Trust.

1127. Defendant Susan Wilson was and is complicit in and conspired in a scheme with Judge Patricia Morris, whereby Judge Morris weaponized a **knowingly false and fraudulent felony accusation** of "unauthorized practice of law" against pro se Plaintiffs—who were acting lawfully under KRS 209.030(2) and as a fiduciary under valid Trust and POA instruments—in order to deny Plaintiffs all access to all Kentucky courts and to **obstruct elder abuse recovery. Patricia Morris's fraudulent felony accusation is also proven by Defendant Susan Wilson's legally binding and conclusive judicial admissions of Plaintiffs' legal standing, Defendant's liability, and Defendant's damages.** See **PX-12, PX-51.**

1128. This denial was executed **without jurisdiction**, violated Plaintiffs' constitutional rights and statutory rights, and directly benefited Defendant, who remained **unjustly enriched** as a result. The fraudulent accusation by Judge Morris occurred **19 days prior** to Defendant Wilson being legally served by the Jefferson County Sheriff. When filing the Complaint, Plaintiffs paid the mandatory $60 fee directly to the Jefferson Circuit Court Clerk to have legal service by the Sheriff executed immediately.

1129. The timing and coordination of this judicial obstruction before lawful service—despite the court's active role in facilitating Wilson's service—demonstrates an **ultra vires abuse** of office by Morris to shield Wilson from litigation and to obstruct and block all statutory recovery.

1130. Direct communication between Wilson and Morris does **not** need to be proven to establish complicity under KRS 502.020 and conspiracy under 42 U.S.C. § 1985(2)-(3) . The judicial act of denying Plaintiffs all court access functioned as **an overt act in furtherance of a shared unlawful objective** to obstruct justice and to illegally protect Wilson from liability, in violation of 42 U.S.C. §§ 1983, 1985(2)-(3) and in Violation of the First, Seventh, and Fourteenth Amendments, and the Supremacy Clause, Art. VI, Cl. 2.

1131. Plaintiffs incorporate by reference in full detail all liability for **similar "Claim for Relief XII ." Claim for Relief XII** is legally binding and conclusive based on Defendant's judicial admissions of liability in Kentucky Case No. 25-CI-001371 pursuant to CR 8.04 and 28 U.S.C. § 1367(a).

1132. Susan Wilson was and is **complicit** with and **conspired** with judge Morris or Patricia Morris, who was and is **acting in the absence of jurisdiction.** See **Rankin v. Howard, 633 F. 2d 844 (9th Circuit 1980);** Also refer to **all details in SECTION XII for evidence against Morris, and also for evidence of systemic corruption.**

1133. Plaintiffs accordingly respectfully demand immediate entry of judgment as to liability and a corresponding award of $540,185.41 in Special Damages established as a legally binding and conclusive sum-certain from Wilson's own substantive CR 8.04 admissions in KY case 25-CI-001371 (PX-51) --- and independently confirmed from four additional defendants' CR 8.04 admissions across four separate Kentucky cases which is separate from --- and in addition to all of the following respectfully demanded: Other compensatory damages for continuing losses

caused by Defendant's ongoing fraudulent obstruction of recovery fraudulent concealment and unjust enrichment — also judicially admitted under CR 8.04. Dividends and interest defrauded from Doris in all five financial instruments — and Interest to Edward — admitted by Wilson and four additional defendants through CR 8.04 admissions. Plaintiffs also demand declaratory and injunctive relief to prevent the continuing abuses. Plaintiffs demand general damages and punitive damages.

1134. The **foregoing constitutes Plaintiffs' short and plain statement of this claim for relief** in compliance with Fed. R. Civ. P. 8(a)(2).

1135. Additionally, The Defendant's **legally binding and conclusive, judicially admitted participation in forged legal documents/instruments** has resulted in **continuous**, unlawful **tortious interference** with Trustee Edward Colgate's administration of **The Colgate Family Living Trust dated January 29, 2020**, with **each day since March 1, 2020**, constituting a **new act of fraudulent obstruction** and fiduciary harm/injury. This Claim for Relief is pled under a continuing tort doctrine, as Defendant's obstruction of Trustee Edward Colgate's fiduciary duties and Trustee recovery rights under the Trust constitutes an ongoing violation, with each day **renewing** the harm/injury and **tolling** all applicable statutes of limitation. Additionally, **each day that Defendant refuses and fails to report her own elder abuse and tortious fiduciary interference under KRS 209.030 constitutes a new statutory violation**, which further **renews** and **tolls** all relevant statutes of limitation under Kentucky and federal law.

1136. Each day that Judge Morris's and other judges' **fraudulent felony accusations remain embedded in void ab initio orders** constitutes a continuing denial of all Kentucky court access and systemic obstruction of justice in violation of 42 U.S.C. §§ 1983 and 1985(2)-(3), and the First, Seventh, and Fourteenth Amendments. Their collective refusal to report their own and each

other's illegal or fraudulent actions under **KRS 26A.080 and KRS 209.030** perpetuates retaliatory elder abuse under **KRS 209.050, renewing** the constitutional and statutory harm/injury daily and **tolling all applicable statutes of limitation** under the continuing tort doctrine.

1137. **No state or federal court in the United States has ever attempted to bar, obstruct, or deny a civil plaintiff from all court access across an entire state by fraudulently accusing them of felonies.** The absurdity and illegality of such an act is so blatant that it has never been attempted by any judge in any jurisdiction. Adding to the absurdity and illegality is the fact that the Defendant had not been legally served yet. Jefferson Circuit Court is the first to attempt this type of illegal act or fraud, which is retaliatory under KRS 209.050, KRS 209.030, KRS 209.990, KRS 26A.015(2), and is an attempt to intimidate and tamper with a witness, which is also a violation of 42 U.S.C. §§ 1983 and 1985(2)-(3).

**CLAIM FOR RELIEF XLII**--(Also a Count and Cause of Action) — **Defendant Susan Wilson's Sustained and Compounded Obstruction of Plaintiffs' Recovery — Through Defendant's Complicity and Conspiracy With One or More Judges** (without jurisdiction) — **the Elected Jefferson Circuit Court Clerk — Jefferson Circuit Court Clerk's Office Employees — Administrative Office of the Courts Employees — Court Administrators — Staff Attorneys — Acting Under Color of State Law --- and Through Defendant's Complicity and Conspiracy With Private Citizens and Entities — Individually or in Any Combination — Depriving Plaintiffs of Constitutional Rights and Equal Protection — Actionable Under 42 U.S.C. §1983 and 42 U.S.C. §1985 — Causing and Continuing to Cause Unjust Enrichment for Defendant Susan Wilson --- Based on Damages Caused by Defendant's Direct Actions and Complicity and Conspiracy in Theft by deception—by**

**failing to correct a false impression which the deceiver previously created or reinforced or which the deceiver knows to be influencing another" pursuant to KRS 514.040(1)(c) and KRS 502.020, Enabling/Causing Defendant's and Others' Unjust Enrichment; Deprivation and Obstruction of Civil Rights under 42 U.S.C. §§ 1983, 1985(2)-(3), the First, Seventh, and Fourteenth Amendments, and the Supremacy Clause, Art. VI, Cl. 2;** Supported by Rankin v. Howard, 633 F. 2d 844 (9th Circuit 1980); Actionable under all aforementioned legal authority and under KRS 209.030(2), KRS 209.020, KRS 209.050, KRS 209.990, **KRS 446.070,** 28 U.S.C. § 1367(a), and under all claims for relief herein this complaint; And under **Legally Binding and Conclusive** Judicial Admissions of Liability and Damages pursuant to CR 8.04, 28 U.S.C. § 1367(a); (Conspiracy and Complicity with Full Liability); All aforementioned Causing Harm/Injury

1138. Plaintiffs reassert and incorporate by reference in full detail all of Section XII: Master Comprehensive Incorporation of Exhibits, Evidentiary Foundation, Jurisdictional Foundation, Record of Judicial Misconduct, Systemic Civil Rights Obstruction, Denial of All Access to All Kentucky Courts, Constitutional and Federal Enforcement Framework, the Supremacy Clause (Art. VI, Cl. 2), and all preceding paragraphs as though fully restated and fully set forth herein this claim for relief/relief entitled to-sought-demanded. Plaintiffs further assert all of the following:

**Plaintiffs hereby assert the following "Short and Plain Statement" (Fed. R. Civ. P. 8(a)(2)):**

1139. Plaintiffs reassert and incorporate by reference in full detail all prior paragraphs, **all paragraphs in Claim for Relief XIII herein,** including all facts, all statutory violations, and all legally binding and conclusive judicial **admissions of liability and damages in Claim for Relief XIII.**

1140. Plaintiffs reassert and incorporate by reference in full detail all legally binding and conclusive judicial admissions of liability and damages in cases 25-CI-001371, 25-CI-001568, 25-CI-001795, 25-CI-001796, 25-CI-001121, with cases 25-CI-001568, 25-CI-001795, 25-CI-001796, 25-CI-001121 **facially fully supporting case 25-CI-001371 (Refer to PX-51 through PX-62 and PX-96, PX-95)**, as though fully restated and fully set forth herein this claim for relief/relief entitled to-sought-demanded.

1141. **Legal Integration:** In additional to the previous application of **supplemental jurisdiction** under **28 U.S.C. § 1367(a) for Claim for Relief XIII, Claim for Relief XLII independently states** a **federal claim for relief** under--- Defendant Susan Wilson's Sustained and Compounded Obstruction of Plaintiffs' Recovery — Through Defendant's Complicity and Conspiracy With One or More Judges (without jurisdiction) — the Elected Jefferson Circuit Court Clerk — Jefferson Circuit Court Clerk's Office Employees — Administrative Office of the Courts Employees --- Court Administrators — Staff Attorneys — Acting Under Color of State Law --- and Through Defendant's Complicity and Conspiracy With Private Citizens and Entities -- Individually or in Any Combination — Depriving Plaintiffs of Constitutional Rights and Equal Protection -- Actionable Under 42 U.S.C. §1983 and 42 U.S.C. §1985 — Causing and Continuing to Cause Unjust Enrichment for Defendant Susan Wilson --- Based on Damages Caused by Defendant's Direct Actions and Complicity and Conspiracy in Theft by deception— by failing to correct a false impression which the deceiver previously created or reinforced or which the deceiver knows to be influencing another" pursuant to KRS 514.040(1)(c) and KRS 502.020, Enabling/Causing Defendant's and Others' Unjust Enrichment; Deprivation and Obstruction of Civil Rights under 42 U.S.C. §§ 1983, 1985(2)-(3), the First, Seventh, and Fourteenth Amendments, and the Supremacy Clause, Art. VI, Cl. 2; Supported by Rankin v.

Howard, 633 F. 2d 844 (9th Circuit 1980) and U.S. v. Dugan; Actionable under all aforementioned legal authority and under KRS 209.030(2), KRS 209.020, KRS 209.050, KRS 209.990, **KRS 446.070,** 28 U.S.C. § 1367(a), and under all claims for relief herein this complaint; And under **Legally Binding and Conclusive** Judicial Admissions of Liability and Damages pursuant to CR 8.04, 28 U.S.C. § 1367(a); (Conspiracy and Complicity with Full Liability); All aforementioned Causing Harm/Injury, and incorporates**, in part,** the same set of facts, harms/injuries, and legally binding and conclusive judicial admissions now as a basis for federal relief, including but not limited to punitive damages. Plaintiffs incorporate by reference in full detail **Sections XVIII, XIX, XXXVI, XXVI, XXX, XXXII, XXVIII, XXIX, XXXI, XXXV, XXVII, XXXVII, PX-63 through PX-87,** PX-42 through PX-49, PX-108, all 167 Exhibits, and the **First through the Fourteenth FRE 201 Judicial Notices** of judicially **noticed adjudicative facts,** which include approximately **1,044 total adjudicative facts,** including approximately **322 adjudicative facts** supporting **jurisdiction** in the U.S. District Court for the Western District of Washington; **FRE 201 Adjudicative Facts in Judicial NOTICES --- 2 through 8, 10, and 12 --- fully support jurisdiction.** All aforementioned incorporations provide **100% certainty** of fraudulently assigned judges and fraudulently assigned case numbers --- prior to the legal filings by Plaintiffs of all 10 of their year-2025 cases --- with all 10 cases being illegally and fraudulently filed and processed by a non-existent/ non-payroll name in year-2025 --- which did not generate a legal random judge assignment and which did not generate a legal case number assignment --- and thereby provides 100% certainty that Kentucky judges NEVER had jurisdiction and NEVER will have jurisdiction. Plaintiffs assert Rankin v. Howard, 633 F. 2d 844 (9th Circuit 1980) and United States v. Dugan, 2:25-cr-00089 (E.D. Wis. 2025)

regarding judges without jurisdiction. Plaintiffs also incorporate by reference in full detail **Section XXXIX** and the **Twelfth FRE 201 NOTICE --- regarding interstate transfers.**

1142. Defendant Wilson has **legally binding and conclusive judicial admissions of Forgery/Complicity in Forgery** with full liability regarding legal documents dated on or near 3-4-2020, and later, including but not limited to a power of attorney document, a trust revocation document, a Will, and/or a document fraudulently removing Doris Colgate's real estate, located at 410 Wisteria Avenue, Jefferson County, from the Trust.

1143. Defendant Susan Wilson was and is complicit in and conspired in a scheme with Judge Patricia Morris, whereby Judge Morris weaponized a **knowingly false and fraudulent felony accusation** of "unauthorized practice of law" against pro se Plaintiffs—who were acting lawfully under KRS 209.030(2) and as a fiduciary under valid Trust and POA instruments—in order to deny Plaintiffs all access to all Kentucky courts and to **obstruct elder abuse recovery. Patricia Morris's fraudulent felony accusation is also proven by Defendant Susan Wilson's legally binding and conclusive judicial admissions of Plaintiffs' legal standing, Defendant's liability, and Defendant's damages.** See **PX-12, PX-51.**

1144. This denial was executed **without jurisdiction**, violated Plaintiffs' constitutional rights and statutory rights, and directly benefited Defendant, who remained **unjustly enriched** as a result. The fraudulent accusation by Judge Morris occurred **19 days prior** to Defendant Wilson being legally served by the Jefferson County Sheriff. When filing the Complaint, Plaintiffs paid the mandatory $60 fee directly to the Jefferson Circuit Court Clerk to have legal service by the Sheriff executed immediately.

1145. The timing and coordination of this judicial obstruction before lawful service— despite the court's active role in facilitating Wilson's service demonstrates an **ultra vires abuse** of office by Morris to shield Wilson from litigation and to obstruct and block all statutory recovery.

1146. Direct communication between Wilson and Morris does **not** need to be proven to establish complicity under KRS 502.020 and conspiracy under 42 U.S.C. § 1985(2)-(3) . The judicial act of denying Plaintiffs all court access functioned as **an overt act in furtherance of a shared unlawful objective** to obstruct justice and to illegally protect Wilson from liability, in violation of 42 U.S.C. §§ 1983, 1985(2)-(3) and in Violation of the First, Seventh, and Fourteenth Amendments, and the Supremacy Clause, Art. VI, Cl. 2.

1147. Plaintiffs incorporate by reference in full detail all liability for **similar "Claim for Relief XIII ." Claim for Relief XIII** is legally binding and conclusive based on Defendant's judicial admissions of liability in Kentucky Case No. 25-CI-001371 pursuant to CR 8.04 and 28 U.S.C. § 1367(a).

1148. Susan Wilson was and is **complicit** with and **conspired** with judge Morris or Patricia Morris, who was and is **acting in the absence of jurisdiction.** See **Rankin v. Howard, 633 F. 2d 844 (9th Circuit 1980);** Also refer to **all details in SECTION XII for evidence against Morris, and also for evidence of systemic corruption.**

1149. Plaintiffs accordingly respectfully demand immediate entry of judgment as to liability and a corresponding award of $540,185.41 in Special Damages — established as a legally binding and conclusive sum-certain from Wilson's own substantive CR 8.04 admissions in KY case 25-CI-001371 (PX-51) --- and independently confirmed from four additional defendants' CR 8.04 admissions across four separate Kentucky cases — which is separate from --- and in addition to all of the following respectfully demanded: Other compensatory damages for continuing losses

caused by Defendant's ongoing fraudulent obstruction of recovery fraudulent concealment — and unjust enrichment — also judicially admitted under CR 8.04. Dividends and interest defrauded from Doris in all five financial instruments --- and Interest to Edward — admitted by Wilson and four additional defendants through CR 8.04 admissions. Plaintiffs also demand declaratory and injunctive relief to prevent the continuing abuses. Plaintiffs demand general damages and punitive damages.

1150. The **foregoing constitutes Plaintiffs' short and plain statement of this claim for relief** in compliance with Fed. R. Civ. P. 8(a)(2).

1151. Additionally, The Defendant's **legally binding and conclusive, judicially admitted participation in forged legal documents/instruments** has resulted in **continuous**, unlawful **tortious interference** with Trustee Edward Colgate's administration of **The Colgate Family Living Trust dated January 29, 2020,** with **each day since March 1, 2020**, constituting a **new act of fraudulent obstruction** and fiduciary harm/injury. This Claim for Relief is pled under a continuing tort doctrine, as Defendant's obstruction of Trustee Edward Colgate's fiduciary duties and Trustee recovery rights under the Trust constitutes an ongoing violation, with each day **renewing** the harm/injury and **tolling** all applicable statutes of limitation. Additionally, **each day that Defendant refuses and fails to report her own elder abuse and tortious fiduciary interference under KRS 209.030 constitutes a new statutory violation**, which further **renews** and **tolls** all relevant statutes of limitation under Kentucky and federal law.

1152. Each day that Judge Morris's and other judges' **fraudulent felony accusations remain embedded in void ab initio orders** constitutes a continuing denial of all Kentucky court access and systemic obstruction of justice in violation of 42 U.S.C. §§ 1983 and 1985(2)-(3), and the First, Seventh, and Fourteenth Amendments. Their collective refusal to report their own and each

other's illegal or fraudulent actions under **KRS 26A.080 and KRS 209.030** perpetuates retaliatory elder abuse under **KRS 209.050, renewing** the constitutional and statutory harm/injury daily and **tolling all applicable statutes of limitation** under the continuing tort doctrine.

1153. **No state or federal court in the United States has ever attempted to bar, obstruct, or deny a civil plaintiff from all court access across an entire state by fraudulently accusing them of felonies.** The absurdity and illegality of such an act is so blatant that it has never been attempted by any judge in any jurisdiction. Adding to the absurdity and illegality is the fact that the Defendant had not been legally served yet. Jefferson Circuit Court is the first to attempt this type of illegal act or fraud, which is retaliatory under KRS 209.050, KRS 209.030, KRS 209.990, KRS 26A.015(2), and is an attempt to intimidate and tamper with a witness, which is also a violation of 42 U.S.C. §§ 1983 and 1985(2)-(3).

**CLAIM FOR RELIEF XLIII**--(Also a Count and Cause of Action) — **Defendant Susan Wilson's Sustained and Compounded Obstruction of Plaintiffs' Recovery — Through Defendant's Complicity and Conspiracy With One or More Judges** (without jurisdiction) — **the Elected Jefferson Circuit Court Clerk — Jefferson Circuit Court Clerk's Office Employees — Administrative Office of the Courts Employees — Court Administrators — Staff Attorneys — Acting Under Color of State Law --- and Through Defendant's Complicity and Conspiracy With Private Citizens and Entities — Individually or in Any Combination — Depriving Plaintiffs of Constitutional Rights and Equal Protection — Actionable Under 42 U.S.C. §1983 and 42 U.S.C. §1985 — Causing and Continuing to Cause Unjust Enrichment for Defendant Susan Wilson --- Based on Damages Caused by Defendant's Direct Actions and Complicity and Conspiracy in Theft by unlawful taking or**

**disposition" pursuant to KRS 514.030(1)(a)-(b) and KRS 502.020, Enabling/Causing Defendant's and Others' Unjust Enrichment; Deprivation and Obstruction of Civil Rights under 42 U.S.C. §§ 1983, 1985(2)-(3), the First, Seventh, and Fourteenth Amendments, and the Supremacy Clause, Art. VI, Cl. 2;** Supported by Rankin v. Howard, 633 F. 2d 844 (9th Circuit 1980) and U.S. v. Dugan; Actionable under all aforementioned legal authority and under KRS 209.030(2), KRS 209.020, KRS 209.050, KRS 209.990, **KRS 446.070**, 28 U.S.C. § 1367(a), and under all claims for relief herein this complaint; And under **Legally Binding and Conclusive** Judicial Admissions of Liability and Damages pursuant to CR 8.04, 28 U.S.C. § 1367(a); (Conspiracy and Complicity with Full Liability); All aforementioned Causing Harm/Injury

1154. Plaintiffs reassert and incorporate by reference in full detail all of Section XII: Master Comprehensive Incorporation of Exhibits, Evidentiary Foundation, Jurisdictional Foundation, Record of Judicial Misconduct, Systemic Civil Rights Obstruction, Denial of All Access to All Kentucky Courts, Constitutional and Federal Enforcement Framework, the Supremacy Clause (Art. VI, Cl. 2), and all preceding paragraphs as though fully restated and fully set forth herein this claim for relief/relief entitled to-sought-demanded. Plaintiffs further assert all of the following:

**Plaintiffs hereby assert the following "Short and Plain Statement" (Fed. R. Civ. P. 8(a)(2)):**

1155. Plaintiffs reassert and incorporate by reference in full detail all prior paragraphs, **all paragraphs in Claim for Relief XIV herein,** including all facts, all statutory violations, and all legally binding and conclusive judicial **admissions of liability and damages in Claim for Relief XIV.**

1156. Plaintiffs reassert and incorporate by reference in full detail all legally binding and conclusive judicial admissions of liability and damages in cases 25-CI-001371, 25-CI-001568, 25-CI-001795, 25-CI-001796, 25-CI-001121, with cases 25-CI-001568, 25-CI-001795, 25-CI-001796, 25-CI-001121 **facially fully supporting case 25-CI-001371 (Refer to PX-51 through PX-62 and PX-96, PX-95)**, as though fully restated and fully set forth herein this claim for relief/relief entitled to-sought-demanded.

1157. **Legal Integration:** In additional to the previous application of **supplemental jurisdiction** under **28 U.S.C. § 1367(a) for Claim for Relief XIV, Claim for Relief XLIII independently states a federal claim for relief** under--- Defendant Susan Wilson's Sustained and Compounded Obstruction of Plaintiffs' Recovery — Through Defendant's Complicity and Conspiracy With One or More Judges (without jurisdiction) — the Elected Jefferson Circuit Court Clerk — Jefferson Circuit Court Clerk's Office Employees — Administrative Office of the Courts Employees — Court Administrators — Staff Attorneys — Acting Under Color of State Law --- and Through Defendant's Complicity and Conspiracy With Private Citizens and Entities — Individually or in Any Combination — Depriving Plaintiffs of Constitutional Rights and Equal Protection — Actionable Under 42 U.S.C. §1983 and 42 U.S.C. §1985 — Causing and Continuing to Cause Unjust Enrichment for Defendant Susan Wilson --- Based on Damages Caused by Defendant's Direct Actions and Complicity and Conspiracy in "Theft by unlawful taking or disposition" pursuant to KRS 514.030(1)(a)-(b) and KRS 502.020, Enabling/Causing Defendant's and Others' Unjust Enrichment; Deprivation and Obstruction of Civil Rights under 42 U.S.C. §§ 1983, 1985(2)-(3), the First, Seventh, and Fourteenth Amendments, and the Supremacy Clause, Art. VI, Cl. 2; Supported by Rankin v. Howard, 633 F. 2d 844 (9th Circuit 1980) and US v. Dugan; Actionable under all aforementioned legal authority and under KRS

209.030(2), KRS 209.020, KRS 209.050, KRS 209.990, **KRS 446.070**, 28 U.S.C. § 1367(a), and under all claims for relief herein this complaint; And under **Legally Binding and Conclusive** Judicial Admissions of Liability and Damages pursuant to CR 8.04, 28 U.S.C. § 1367(a); (Conspiracy and Complicity with Full Liability); All aforementioned Causing Harm/Injury, and incorporates, **in part,** the same set of facts, harms/injuries, and legally binding and conclusive judicial admissions now as a basis for federal relief, including but not limited to punitive damages. Plaintiffs incorporate by reference in full detail **Sections XVIII, XIX, XXXVI, XXVI, XXX, XXXII, XXVIII, XXIX, XXXI, XXXV, XXVII, XXXVII, PX-63 through PX-87,** PX-42 through PX-49, PX-108, all 167 Exhibits, and the **First through the Fourteenth FRE 201 Judicial Notices** of judicially **noticed adjudicative facts,** which include approximately **1,044 total adjudicative facts,** including approximately **322 adjudicative facts** supporting **jurisdiction** in the U.S. District Court for the Western District of Washington; **FRE 201 Adjudicative Facts in Judicial NOTICES --- 2 through 8, 10, and 12 --- fully support jurisdiction.** All aforementioned incorporations provide **100% certainty** of fraudulently assigned judges and fraudulently assigned case numbers --- prior to the legal filings by Plaintiffs of all 10 of their year-2025 cases --- with all 10 cases being illegally and fraudulently filed and processed by a non-existent/ non-payroll name in year-2025 --- which did not generate a legal random judge assignment and which did not generate a legal case number assignment --- and thereby provides 100% certainty that Kentucky judges NEVER had jurisdiction and NEVER will have jurisdiction. Plaintiffs assert Rankin v. Howard, 633 F. 2d 844 (9th Circuit 1980) and United States v. Dugan, 2:25-cr-00089 (E.D. Wis. 2025) regarding judges without jurisdiction. Plaintiffs also incorporate by reference in full detail **Section XXXIX** and the **Twelfth FRE 201 NOTICE --- regarding interstate transfers.**

1158. Defendant Wilson has **legally binding and conclusive judicial admissions of Forgery/Complicity in Forgery** with full liability regarding legal documents dated on or near 3-4-2020, and later, including but not limited to a power of attorney document, a trust revocation document, a Will, and/or a document fraudulently removing Doris Colgate's real estate, located at 410 Wisteria Avenue, Jefferson County, from the Trust.

1159. Defendant Susan Wilson was and is complicit in and conspired in a scheme with Judge Patricia Morris, whereby Judge Morris weaponized a **knowingly false and fraudulent felony accusation** of "unauthorized practice of law" against pro se Plaintiffs—who were acting lawfully under KRS 209.030(2) and as a fiduciary under valid Trust and POA instruments—in order to deny Plaintiffs all access to all Kentucky courts and to **obstruct elder abuse recovery. Patricia Morris's fraudulent felony accusation is also proven by Defendant Susan Wilson's legally binding and conclusive judicial admissions of Plaintiffs' legal standing, Defendant's liability, and Defendant's damages.** See **PX-12, PX-51.**

1160. This denial was executed **without jurisdiction**, violated Plaintiffs' constitutional rights and statutory rights, and directly benefited Defendant, who remained **unjustly enriched** as a result. The fraudulent accusation by Judge Morris occurred **19 days prior** to Defendant Wilson being legally served by the Jefferson County Sheriff. When filing the Complaint, Plaintiffs paid the mandatory $60 fee directly to the Jefferson Circuit Court Clerk to have legal service by the Sheriff executed immediately.

1161. The timing and coordination of this judicial obstruction before lawful service—despite the court's active role in facilitating Wilson's service—demonstrates an **ultra vires abuse** of office by Morris to shield Wilson from litigation and to obstruct and block all statutory recovery.

1162. Direct communication between Wilson and Morris does **not** need to be proven to establish complicity under KRS 502.020 and conspiracy under 42 U.S.C. § 1985(2)-(3) . The judicial act of denying Plaintiffs all court access functioned as **an overt act in furtherance of a shared unlawful objective** to obstruct justice and to illegally protect Wilson from liability, in violation of 42 U.S.C. §§ 1983, 1985(2)-(3) and in Violation of the First, Seventh, and Fourteenth Amendments, and the Supremacy Clause, Art. VI, Cl. 2.

1163. Plaintiffs incorporate by reference in full detail all liability for **similar "Claim for Relief XIV ." Claim for Relief XIV** is legally binding and conclusive based on Defendant's judicial admissions of liability in Kentucky Case No. 25-CI-001371 pursuant to CR 8.04 and 28 U.S.C. § 1367(a).

1164. Susan Wilson was and is **complicit** with and **conspired** with judge Morris or Patricia Morris, who was and is **acting in the absence of jurisdiction.** See **Rankin v. Howard, 633 F. 2d 844 (9th Circuit 1980);** Also refer to **all details in SECTION XII for evidence against Morris, and also for evidence of systemic corruption.**

1165. Plaintiffs accordingly respectfully demand immediate entry of judgment as to liability and a corresponding award of $540,185.41 in Special Damages — established as a legally binding and conclusive sum-certain from Wilson's own substantive CR 8.04 admissions in KY case 25-CI-001371 (PX-51) --- and independently confirmed from four additional defendants' CR 8.04 admissions across four separate Kentucky cases — which is separate from --- and in addition to all of the following respectfully demanded: Other compensatory damages for continuing losses caused by Defendant's ongoing fraudulent obstruction of recovery — fraudulent concealment --- and unjust enrichment — also judicially admitted under CR 8.04. Dividends and interest defrauded from Doris in all five financial instruments --- and Interest to Edward — admitted by

Wilson and four additional defendants through CR 8.04 admissions. Plaintiffs also demand declaratory and injunctive relief to prevent the continuing abuses. Plaintiffs demand general damages and punitive damages.

1166. The **foregoing constitutes Plaintiffs' short and plain statement of this claim for relief** in compliance with Fed. R. Civ. P. 8(a)(2).

1167. Additionally, The Defendant's **legally binding and conclusive, judicially admitted participation in forged legal documents/instruments** has resulted in **continuous**, unlawful **tortious interference** with Trustee Edward Colgate's administration of **The Colgate Family Living Trust dated January 29, 2020,** with **each day since March 1, 2020**, constituting a **new act of fraudulent obstruction** and fiduciary harm/injury. This Claim for Relief is pled under a continuing tort doctrine, as Defendant's obstruction of Trustee Edward Colgate's fiduciary duties and Trustee recovery rights under the Trust constitutes an ongoing violation, with each day **renewing** the harm/injury and **tolling** all applicable statutes of limitation. Additionally, **each day that Defendant refuses and fails to report her own elder abuse and tortious fiduciary interference under KRS 209.030 constitutes a new statutory violation**, which further **renews** and **tolls** all relevant statutes of limitation under Kentucky and federal law.

1168. Each day that Judge Morris's and other judges' **fraudulent felony accusations remain embedded in void ab initio orders** constitutes a continuing denial of all Kentucky court access and systemic obstruction of justice in violation of 42 U.S.C. §§ 1983 and 1985(2)-(3), and the First, Seventh, and Fourteenth Amendments. Their collective refusal to report their own and each other's illegal or fraudulent actions under **KRS 26A.080 and KRS 209.030** perpetuates retaliatory elder abuse under **KRS 209.050, renewing** the constitutional and statutory

harm/injury daily and **tolling all applicable statutes of limitation** under the continuing tort doctrine.

1169. **No state or federal court in the United States has ever attempted to bar, obstruct, or deny a civil plaintiff from all court access across an entire state by fraudulently accusing them of felonies.** The absurdity and illegality of such an act is so blatant that it has never been attempted by any judge in any jurisdiction. Adding to the absurdity and illegality is the fact that the Defendant had not been legally served yet. Jefferson Circuit Court is the first to attempt this type of illegal act or fraud, which is retaliatory under KRS 209.050, KRS 209.030, KRS 209.990, KRS 26A.015(2), and is an attempt to intimidate and tamper with a witness, which is also a violation of 42 U.S.C. §§ 1983 and 1985(2)-(3).

**CLAIM FOR RELIEF XLIV**--(Also a Count and Cause of Action) — **Defendant Susan Wilson's Sustained and Compounded Obstruction of Plaintiffs' Recovery — Through Defendant's Complicity and Conspiracy With One or More Judges** (without jurisdiction) — **the Elected Jefferson Circuit Court Clerk — Jefferson Circuit Court Clerk's Office Employees — Administrative Office of the Courts Employees — Court Administrators — Staff Attorneys — Acting Under Color of State Law --- and Through Defendant's Complicity and Conspiracy With Private Citizens and Entities — Individually or in Any Combination — Depriving Plaintiffs of Constitutional Rights and Equal Protection — Actionable Under 42 U.S.C. §1983 and 42 U.S.C. §1985 — Causing and Continuing to Cause Unjust Enrichment for Defendant Susan Wilson --- Based on Damages Caused by Defendant's Direct Actions and Complicity and Conspiracy in "Aggregated Theft by unlawful taking or disposition" pursuant to KRS 514.030(4) and KRS 502.020, Enabling/Causing Defendant's and Others' Unjust Enrichment; Deprivation and**

**Obstruction of Civil Rights under 42 U.S.C. §§ 1983, 1985(2)-(3), the First, Seventh, and Fourteenth Amendments, and the Supremacy Clause, Art. VI, Cl. 2;** Supported by Rankin v. Howard, 633 F. 2d 844 (9th Circuit 1980); Actionable under all aforementioned legal authority and under KRS 209.030(2), KRS 209.020, KRS 209.050, KRS 209.990, **KRS 446.070**, 28 U.S.C. § 1367(a), and under all claims for relief herein this complaint; And under **Legally Binding and Conclusive** Judicial Admissions of Liability and Damages pursuant to CR 8.04, 28 U.S.C. § 1367(a); (Conspiracy and Complicity with Full Liability); All aforementioned Causing Harm/Injury

1170. Plaintiffs reassert and incorporate by reference in full detail all of Section XII: Master Comprehensive Incorporation of Exhibits, Evidentiary Foundation, Jurisdictional Foundation, Record of Judicial Misconduct, Systemic Civil Rights Obstruction, Denial of All Access to All Kentucky Courts, Constitutional and Federal Enforcement Framework, the Supremacy Clause (Art. VI, Cl. 2), and all preceding paragraphs as though fully restated and fully set forth herein this claim for relief/relief entitled to-sought-demanded. Plaintiffs further assert all of the following:

**Plaintiffs hereby assert the following "Short and Plain Statement" (Fed. R. Civ. P. 8(a)(2)):**

1171. Plaintiffs reassert and incorporate by reference in full detail all prior paragraphs, **all paragraphs in Claim for Relief XV herein,** including all facts, all statutory violations, and all legally binding and conclusive judicial **admissions of liability and damages in Claim for Relief XV.**

1172. Plaintiffs reassert and incorporate by reference in full detail all legally binding and conclusive judicial admissions of liability and damages in cases 25-CI-001371, 25-CI-001568, 25-CI-001795, 25-CI-001796, 25-CI-001121, with cases 25-CI-001568, 25-CI-001795, 25-CI-

001796, 25-CI-001121 **facially fully supporting case 25-CI-001371 (Refer to PX-51 through PX-62 and PX-96, PX-95)**, as though fully restated and fully set forth herein this claim for relief/relief entitled to-sought-demanded.

1173. **Legal Integration:** In additional to the previous application of **supplemental jurisdiction** under **28 U.S.C. § 1367(a) for Claim for Relief XV, Claim for Relief XLIV independently states a federal claim for relief** under--- Defendant Susan Wilson's Sustained and Compounded Obstruction of Plaintiffs' Recovery --- Through Defendant's Complicity and Conspiracy With One or More Judges (without jurisdiction) — the Elected Jefferson Circuit Court Clerk --- Jefferson Circuit Court Clerk's Office Employees — Administrative Office of the Courts Employees — Court Administrators --- Staff Attorneys -- Acting Under Color of State Law --- and Through Defendant's Complicity and Conspiracy With Private Citizens and Entities — Individually or in Any Combination — Depriving Plaintiffs of Constitutional Rights and Equal Protection --- Actionable Under 42 U.S.C. §1983 and 42 U.S.C. §1985 — Causing and Continuing to Cause Unjust Enrichment for Defendant Susan Wilson --- Based on Damages Caused by Defendant's Direct Actions and Complicity and Conspiracy in "Aggregated Theft by unlawful taking or disposition" pursuant to KRS 514.030(4) and KRS 502.020, Enabling/Causing Defendant's and Others' Unjust Enrichment; Deprivation and Obstruction of Civil Rights under 42 U.S.C. §§ 1983, 1985(2)-(3), the First, Seventh, and Fourteenth Amendments, and the Supremacy Clause, Art. VI, Cl. 2; Supported by Rankin v. Howard, 633 F. 2d 844 (9th Circuit 1980) and US v. Dugan; Actionable under all aforementioned legal authority and under KRS 209.030(2), KRS 209.020, KRS 209.050, KRS 209.990, **KRS 446.070**, 28 U.S.C. § 1367(a), and under all claims for relief herein this complaint; And under **Legally Binding and Conclusive** Judicial Admissions of Liability and Damages pursuant to CR 8.04, 28

U.S.C. § 1367(a); (Conspiracy and Complicity with Full Liability); All aforementioned Causing Harm/Injury, and incorporates, **in part,** the same set of facts, harms/injuries, and legally binding and conclusive judicial admissions now as a basis for federal relief, including but not limited to punitive damages. Plaintiffs incorporate by reference in full detail **Sections XVIII, XIX, XXXVI, XXVI, XXX, XXXII, XXVIII, XXIX, XXXI, XXXV, XXVII, XXXVII, PX-63 through PX-87,** PX-42 through PX-49, PX-108, all 167 Exhibits, and the **First through the Fourteenth FRE 201 Judicial Notices** of judicially **noticed adjudicative facts,** which include approximately **1,044 total adjudicative facts,** including approximately **322 adjudicative facts** supporting **jurisdiction** in the U.S. District Court for the Western District of Washington; **FRE 201 Adjudicative Facts in Judicial NOTICES --- 2 through 8, 10, and 12 --- fully support jurisdiction.** All aforementioned incorporations provide **100% certainty** of fraudulently assigned judges and fraudulently assigned case numbers --- prior to the legal filings by Plaintiffs of all 10 of their year-2025 cases --- with all 10 cases being illegally and fraudulently filed and processed --- by a non-existent / non-payroll name in year-2025 --- which did not generate a legal random judge assignment and which did not generate a legal case number assignment --- and thereby provides 100% certainty that Kentucky judges NEVER had jurisdiction and NEVER will have jurisdiction. Plaintiffs assert Rankin v. Howard, 633 F. 2d 844 (9th Circuit 1980) and United States v. Dugan, 2:25-cr-00089 (E.D. Wis. 2025) regarding judges without jurisdiction. Plaintiffs also incorporate by reference in full detail **Section XXXIX** and the **Twelfth FRE 201 NOTICE --- regarding interstate transfers.**

1174. Defendant Wilson has **legally binding and conclusive judicial admissions of Forgery/Complicity in Forgery** with full liability regarding legal documents dated on or near 3-4-2020, and later, including but not limited to a power of attorney document, a trust revocation

document, a Will, and/or a document fraudulently removing Doris Colgate's real estate, located at 410 Wisteria Avenue, Jefferson County, from the Trust.

1175. Defendant Susan Wilson was and is complicit in and conspired in a scheme with Judge Patricia Morris, whereby Judge Morris weaponized a **knowingly false and fraudulent felony accusation** of "unauthorized practice of law" against pro se Plaintiffs---who were acting lawfully under KRS 209.030(2) and as a fiduciary under valid Trust and POA instruments—in order to deny Plaintiffs all access to all Kentucky courts and to **obstruct elder abuse recovery. Patricia Morris's fraudulent felony accusation is also proven by Defendant Susan Wilson's legally binding and conclusive judicial admissions of Plaintiffs' legal standing, Defendant's liability, and Defendant's damages.** See **PX-12, PX-51, PX-55, PX-56, PX-57.**

1176. This denial was executed **without jurisdiction**, violated Plaintiffs' constitutional rights and statutory rights, and directly benefited Defendant, who remained **unjustly enriched** as a result. The fraudulent accusation by Judge Morris occurred **19 days prior** to Defendant Wilson being legally served by the Jefferson County Sheriff. When filing the Complaint, Plaintiffs paid the mandatory $60 fee directly to the Jefferson Circuit Court Clerk to have legal service by the Sheriff executed immediately.

1177. The timing and coordination of this judicial obstruction before lawful service—despite the court's active role in facilitating Wilson's service-- demonstrates an **ultra vires abuse** of office by Morris to shield Wilson from litigation and to obstruct and block all statutory recovery.

1178. Direct communication between Wilson and Morris does **not** need to be proven to establish complicity under KRS 502.020 and conspiracy under 42 U.S.C. § 1985(2)-(3) . The judicial act of denying Plaintiffs all court access functioned as **an overt act in furtherance of a shared unlawful objective** to obstruct justice and to illegally protect Wilson from liability, in violation

of 42 U.S.C. §§ 1983, 1985(2)-(3) and in Violation of the First, Seventh, and Fourteenth Amendments, and the Supremacy Clause, Art. VI, Cl. 2.

1179. Plaintiffs incorporate by reference in full detail all liability for **similar "Claim for Relief XV ." Claim for Relief XV** is legally binding and conclusive based on Defendant's judicial admissions of liability in Kentucky Case No. 25-CI-001371 pursuant to CR 8.04 and 28 U.S.C. § 1367(a).

1180. Susan Wilson was and is **complicit** with and **conspired** with judge Morris or Patricia Morris, who was and is **acting in the absence of jurisdiction.** See **Rankin v. Howard, 633 F. 2d 844 (9th Circuit 1980);** Also refer to **all details in SECTION XII for evidence against Morris, and also for evidence of systemic corruption.**

1181. Plaintiffs accordingly respectfully demand immediate entry of judgment as to liability and a corresponding award of $540,185.41 in Special Damages — established as a legally binding and conclusive sum-certain from Wilson's own substantive CR 8.04 admissions in KY case 25-CI-001371 (PX-51) --- and independently confirmed from four additional defendants' CR 8.04 admissions across four separate Kentucky cases — which is separate from --- and in addition to all of the following respectfully demanded: Other compensatory damages for continuing losses caused by Defendant's ongoing fraudulent obstruction of recovery — fraudulent concealment — and unjust enrichment — also judicially admitted under CR 8.04. Dividends and interest defrauded from Doris in all five financial instruments --- and Interest to Edward --- admitted by Wilson and four additional defendants through CR 8.04 admissions. Plaintiffs also demand declaratory and injunctive relief to prevent the continuing abuses. Plaintiffs demand general damages and punitive damages.

1182. The **foregoing constitutes Plaintiffs' short and plain statement of this claim for relief** in compliance with Fed. R. Civ. P. 8(a)(2).

1183. Additionally, The Defendant's **legally binding and conclusive, judicially admitted participation in forged legal documents/instruments** has resulted in **continuous,** unlawful **tortious interference** with Trustee Edward Colgate's administration of **The Colgate Family Living Trust dated January 29, 2020,** with **each day since March 1, 2020,** constituting a **new act of fraudulent obstruction** and fiduciary harm/injury. This Claim for Relief is pled under a continuing tort doctrine, as Defendant's obstruction of Trustee Edward Colgate's fiduciary duties and Trustee recovery rights under the Trust constitutes an ongoing violation, with each day **renewing** the harm/injury and **tolling** all applicable statutes of limitation. Additionally, **each day that Defendant refuses and fails to report her own elder abuse and tortious fiduciary interference under KRS 209.030 constitutes a new statutory violation,** which further **renews** and **tolls** all relevant statutes of limitation under Kentucky and federal law.

1184. Each day that Judge Morris's and other judges' **fraudulent felony accusations remain embedded in void ab initio orders** constitutes a continuing denial of all Kentucky court access and systemic obstruction of justice in violation of 42 U.S.C. §§ 1983 and 1985(2)-(3), and the First, Seventh, and Fourteenth Amendments. Their collective refusal to report their own and each other's illegal or fraudulent actions under **KRS 26A.080 and KRS 209.030** perpetuates retaliatory elder abuse under **KRS 209.050, renewing** the constitutional and statutory harm/injury daily and **tolling all applicable statutes of limitation** under the continuing tort doctrine.

1185. **No state or federal court in the United States has ever attempted to bar, obstruct, or deny a civil plaintiff from all court access across an entire state by fraudulently accusing**

**them of felonies.** The absurdity and illegality of such an act is so blatant that it has never been attempted by any judge in any jurisdiction. Adding to the absurdity and illegality is the fact that the Defendant had not been legally served yet. Jefferson Circuit Court is the first to attempt this type of illegal act or fraud, which is retaliatory under KRS 209.050, KRS 209.030, KRS 209.990, KRS 26A.015(2), and is an attempt to intimidate and tamper with a witness, which is also a violation of 42 U.S.C. §§ 1983 and 1985(2)-(3).

**CLAIM FOR RELIEF XLV**--(Also a Count and Cause of Action) — **Defendant Susan Wilson's Sustained and Compounded Obstruction of Plaintiffs' Recovery — Through Defendant's Complicity and Conspiracy With One or More Judges** (without jurisdiction) — **the Elected Jefferson Circuit Court Clerk — Jefferson Circuit Court Clerk's Office Employees — Administrative Office of the Courts Employees — Court Administrators — Staff Attorneys — Acting Under Color of State Law --- and Through Defendant's Complicity and Conspiracy With Private Citizens and Entities — Individually or in Any Combination — Depriving Plaintiffs of Constitutional Rights and Equal Protection — Actionable Under 42 U.S.C. §1983 and 42 U.S.C. §1985 — Causing and Continuing to Cause Unjust Enrichment for Defendant Susan Wilson --- Based on Damages Caused by Defendant's Direct Actions and Complicity and Conspiracy in "Theft of mail matter pursuant to KRS 514.140" and KRS 502.020 (Complicity), Enabling/Causing Defendant's and Others' Unjust Enrichment; Deprivation and Obstruction of Civil Rights under 42 U.S.C. §§ 1983, 1985(2)-(3), the First, Seventh, and Fourteenth Amendments, and the Supremacy Clause, Art. VI, Cl. 2;** Supported by Rankin v. Howard, 633 F. 2d 844 (9th Circuit 1980) and US v. Dugan; Actionable under all aforementioned legal authority and under KRS 209.990, KRS 209.030(2), KRS 209.020, KRS 209.050, **KRS 446.070**, 28 U.S.C. § 1367(a);

And under **Legally Binding and Conclusive** Judicial Admissions of Liability and Damages pursuant to CR 8.04, 28 U.S.C. § 1367(a); (Conspiracy and Complicity with Full Liability); All aforementioned Causing Harm/Injury

1186. Plaintiffs reassert and incorporate by reference in full detail all of Section XII: Master Comprehensive Incorporation of Exhibits, Evidentiary Foundation, Jurisdictional Foundation, Record of Judicial Misconduct, Systemic Civil Rights Obstruction, Denial of All Access to All Kentucky Courts, Constitutional and Federal Enforcement Framework, the Supremacy Clause (Art. VI, Cl. 2), and all preceding paragraphs as though fully restated and fully set forth herein this claim for relief/relief entitled to-sought-demanded. Plaintiffs further assert all of the following:

**Plaintiffs hereby assert the following "Short and Plain Statement" (Fed. R. Civ. P. 8(a)(2)):**

1187. Plaintiffs reassert and incorporate by reference in full detail all prior paragraphs, **all paragraphs in Claim for Relief XVI herein,** including all facts, all statutory violations, and all legally binding and conclusive judicial **admissions of liability and damages in Claim for Relief XVI.**

1188. Plaintiffs reassert and incorporate by reference in full detail all legally binding and conclusive judicial admissions of liability and damages in cases 25-CI-001371, 25-CI-001568, 25-CI-001795, 25-CI-001796, 25-CI-001121, with cases 25-CI-001568, 25-CI-001795, 25-CI-001796, 25-CI-001121 **facially fully supporting case 25-CI-001371 (Refer to PX-51 through PX-62 and PX-96, PX-95),** as though fully restated and fully set forth herein this claim for relief/relief entitled to-sought-demanded.

1189. **Legal Integration:** In additional to the previous application of **supplemental jurisdiction** under **28 U.S.C. § 1367(a) for Claim for Relief XVI, Claim for Relief XLV**

**independently states a federal claim for relief** under--- Defendant Susan Wilson's Sustained and Compounded Obstruction of Plaintiffs' Recovery - Through Defendant's Complicity and Conspiracy With One or More Judges (without jurisdiction) — the Elected Jefferson Circuit Court Clerk — Jefferson Circuit Court Clerk's Office Employees — Administrative Office of the Courts Employees — Court Administrators - Staff Attorneys - Acting Under Color of State Law --- and Through Defendant's Complicity and Conspiracy With Private Citizens and Entities —- Individually or in Any Combination — Depriving Plaintiffs of Constitutional Rights and Equal Protection — Actionable Under 42 U.S.C. §1983 and 42 U.S.C. §1985 — Causing and Continuing to Cause Unjust Enrichment for Defendant Susan Wilson --- Based on Damages Caused by Defendant's Direct Actions and Complicity and Conspiracy in "Theft of mail matter pursuant to KRS 514.140" and KRS 502.020 (Complicity), Enabling/Causing Defendant's and Others' Unjust Enrichment; Deprivation and Obstruction of Civil Rights under 42 U.S.C. §§ 1983, 1985(2)-(3), the First, Seventh, and Fourteenth Amendments, and the Supremacy Clause, Art. VI, Cl. 2; Supported by Rankin v. Howard, 633 F. 2d 844 (9th Circuit 1980) and US v. Dugan; Actionable under all aforementioned legal authority and under KRS 209.990, KRS 209.030(2), KRS 209.020, KRS 209.050, KRS 446.070, 28 U.S.C. § 1367(a); And under **Legally Binding and Conclusive** Judicial Admissions of Liability and Damages pursuant to CR 8.04, 28 U.S.C. § 1367(a); (Conspiracy and Complicity with Full Liability); All aforementioned Causing Harm/Injury, and incorporates, **in part,** the same set of facts, harms/injuries, and legally binding and conclusive judicial admissions now as a basis for federal relief, including but not limited to punitive damages. Plaintiffs incorporate by reference in full detail **Sections XVIII, XIX, XXXVI, XXVI, XXX, XXXII, XXVIII, XXIX, XXXI, XXXV, XXVII, XXXVII, PX-63 through PX-87,** PX-42 through PX-49, PX-108, all 167 Exhibits, and the **First through the**

**Fourteenth FRE 201 Judicial Notices** of judicially **noticed adjudicative facts,** which include approximately **1,044 total adjudicative facts,** including approximately **322 adjudicative facts** supporting **jurisdiction** in the U.S. District Court for the Western District of Washington; **FRE 201 Adjudicative Facts in Judicial NOTICES --- 2 through 8, 10, and 12 --- fully support jurisdiction.** All aforementioned incorporations provide **100% certainty** of fraudulently assigned judges and fraudulently assigned case numbers --- prior to the legal filings by Plaintiffs of all 10 of their year-2025 cases --- with all 10 cases being illegally and fraudulently filed and processed by a non-existent/ non-payroll name in year-2025 --- which did not generate a legal random judge assignment and which did not generate a legal case number assignment --- and thereby provides 100% certainty that Kentucky judges NEVER had jurisdiction and NEVER will have jurisdiction. Plaintiffs assert Rankin v. Howard, 633 F. 2d 844 (9th Circuit 1980) and United States v. Dugan, 2:25-cr-00089 (E.D. Wis. 2025) regarding judges without jurisdiction. Plaintiffs also incorporate by reference in full detail **Section XXXIX** and the **Twelfth FRE 201 NOTICE --- regarding interstate transfers.**

1190. Defendant Wilson has **legally binding and conclusive judicial admissions of Forgery/Complicity in Forgery** with full liability regarding legal documents dated on or near 3-4-2020, and later, including but not limited to a power of attorney document, a trust revocation document, a Will, and/or a document fraudulently removing Doris Colgate's real estate, located at 410 Wisteria Avenue, Jefferson County, from the Trust.

1191. Defendant Susan Wilson was and is complicit in and conspired in a scheme with Judge Patricia Morris, whereby Judge Morris weaponized a **knowingly false and fraudulent felony accusation** of "unauthorized practice of law" against pro se Plaintiffs—who were acting lawfully under KRS 209.030(2) and as a fiduciary under valid Trust and POA instruments—in


Edward Colgate 22023 SE Wax Rd., Box 1452, Maple Valley, WA 98038, King Co.

order to deny Plaintiffs all access to all Kentucky courts and to **obstruct elder abuse recovery. Patricia Morris's fraudulent felony accusation is also proven** by **Defendant Susan Wilson's legally binding and conclusive judicial admissions of Plaintiffs' legal standing, Defendant's liability, and Defendant's damages.** See **PX-12, PX-51.**

1192. This denial was executed **without jurisdiction**, violated Plaintiffs' constitutional rights and statutory rights, and directly benefited Defendant, who remained **unjustly enriched** as a result. The fraudulent accusation by Judge Morris occurred **19 days prior** to Defendant Wilson being legally served by the Jefferson County Sheriff. When filing the Complaint, Plaintiffs paid the mandatory $60 fee directly to the Jefferson Circuit Court Clerk to have legal service by the Sheriff executed immediately. See PX-51, PX-55, PX-56.

1193. The timing and coordination of this judicial obstruction before lawful service—despite the court's active role in facilitating Wilson's service—demonstrates an **ultra vires abuse** of office by Morris to shield Wilson from litigation and to obstruct and block all statutory recovery.

1194. Direct communication between Wilson and Morris does **not** need to be proven to establish complicity under KRS 502.020 and conspiracy under 42 U.S.C. § 1985(2)-(3) . The judicial act of denying Plaintiffs all court access functioned as **an overt act in furtherance of a shared unlawful objective** to obstruct justice and to illegally protect Wilson from liability, in violation of 42 U.S.C. §§ 1983, 1985(2)-(3) and in Violation of the First, Seventh, and Fourteenth Amendments, and the Supremacy Clause, Art. VI, Cl. 2.

1195. Plaintiffs incorporate by reference in full detail all liability for **similar "Claim for Relief XVI ." Claim for Relief XVI** is legally binding and conclusive based on Defendant's judicial admissions of liability in Kentucky Case No. 25-CI-001371 pursuant to CR 8.04 and 28 U.S.C. § 1367(a).

1196. Susan Wilson was and is **complicit** with and **conspired** with judge Morris or Patricia Morris, who was and is **acting in the absence of jurisdiction.** See **Rankin v. Howard, 633 F. 2d 844 (9th Circuit 1980);** Also refer to **all details in SECTION XII for evidence against Morris, and also for evidence of systemic corruption.**

1197. Plaintiffs accordingly respectfully demand immediate entry of judgment as to liability and a corresponding award of $540,185.41 in Special Damages — established as a legally binding and conclusive sum-certain from Wilson's own substantive CR 8.04 admissions in KY case 25-CI-001371 (PX-51) --- and independently confirmed from four additional defendants' CR 8.04 admissions across four separate Kentucky cases --- which is separate from --- and in addition to all of the following respectfully demanded: Other compensatory damages for continuing losses caused by Defendant's ongoing fraudulent obstruction of recovery — fraudulent concealment — and unjust enrichment — also judicially admitted under CR 8.04. Dividends and interest defrauded from Doris in all five financial instruments --- and Interest to Edward — admitted by Wilson and four additional defendants through CR 8.04 admissions. Plaintiffs also demand declaratory and injunctive relief to prevent the continuing abuses. Plaintiffs demand general damages and punitive damages.

1198. The **foregoing constitutes Plaintiffs' short and plain statement of this claim for relief** in compliance with Fed. R. Civ. P. 8(a)(2).

1199. Additionally, The Defendant's **legally binding and conclusive, judicially admitted participation in forged legal documents/instruments** has resulted in **continuous**, unlawful **tortious interference** with Trustee Edward Colgate's administration of **The Colgate Family Living Trust dated January 29, 2020,** with **each day since March 1, 2020**, constituting a **new act of fraudulent obstruction** and fiduciary harm/injury. This Claim for Relief is pled under a

continuing tort doctrine, as Defendant's obstruction of Trustee Edward Colgate's fiduciary duties and Trustee recovery rights under the Trust constitutes an ongoing violation, with each day **renewing** the harm/injury and **tolling** all applicable statutes of limitation. Additionally, **each day that Defendant refuses and fails to report her own elder abuse and tortious fiduciary interference under KRS 209.030 constitutes a new statutory violation**, which further **renews** and **tolls** all relevant statutes of limitation under Kentucky and federal law.

1200. Each day that Judge Morris's and other judges' **fraudulent felony accusations remain embedded in void ab initio orders** constitutes a continuing denial of all Kentucky court access and systemic obstruction of justice in violation of 42 U.S.C. §§ 1983 and 1985(2)-(3), and the First, Seventh, and Fourteenth Amendments. Their collective refusal to report their own and each other's illegal or fraudulent actions under **KRS 26A.080 and KRS 209.030** perpetuates retaliatory elder abuse under **KRS 209.050**, **renewing** the constitutional and statutory harm/injury daily and **tolling all applicable statutes of limitation** under the continuing tort doctrine.

1201. **No state or federal court in the United States has ever attempted to bar, obstruct, or deny a civil plaintiff from all court access across an entire state by fraudulently accusing them of felonies.** The absurdity and illegality of such an act is so blatant that it has never been attempted by any judge in any jurisdiction. Adding to the absurdity and illegality is the fact that the Defendant had not been legally served yet. Jefferson Circuit Court is the first to attempt this type of illegal act or fraud, which is retaliatory under KRS 209.050, KRS 209.030, KRS 209.990, KRS 26A.015(2), and is an attempt to intimidate and tamper with a witness, which is also a violation of 42 U.S.C. §§ 1983 and 1985(2)-(3).

**CLAIM FOR RELIEF XLVI**--(Also a Count and Cause of Action) — **Defendant Susan Wilson's Sustained and Compounded Obstruction of Plaintiffs' Recovery** — Through Defendant's Complicity and Conspiracy With One or More Judges (without jurisdiction) — the Elected Jefferson Circuit Court Clerk — Jefferson Circuit Court Clerk's Office Employees — Administrative Office of the Courts Employees — Court Administrators — Staff Attorneys — Acting Under Color of State Law --- and Through Defendant's Complicity and Conspiracy With Private Citizens and Entities — Individually or in Any Combination — **Caused by Defendant's Direct Actions and Complicity in and Conspiracy in "Theft of identity pursuant to KRS 514.160" and KRS 502.020 (Complicity) --- Depriving Plaintiffs of Constitutional Rights and Equal Protection — Actionable Under 42 U.S.C. §1983 and 42 U.S.C. §1985** --- **Enabling/Causing Defendant's and Others' Unjust Enrichment; Deprivation and Obstruction of Civil Rights under 42 U.S.C. §§ 1983, 1985(2)-(3), the First, Seventh, and Fourteenth Amendments, and the Supremacy Clause, Art. VI, Cl. 2;** Supported by Rankin v. Howard, 633 F. 2d 844 (9th Circuit 1980) and US v. Dugan; Actionable under all aforementioned legal authority and under KRS 209.990, KRS 209.030(2), KRS 209.020, KRS 209.050, **KRS 446.070**, 28 U.S.C. § 1367(a); And under **Legally Binding and Conclusive** Judicial Admissions of Liability and Damages pursuant to CR 8.04; 28 U.S.C. § 1367(a); (Conspiracy and Complicity with Full Liability); All aforementioned Causing Harm/Injury

1202. Plaintiffs reassert and incorporate by reference in full detail all of Section XII: Master Comprehensive Incorporation of Exhibits, Evidentiary Foundation, Jurisdictional Foundation, Record of Judicial Misconduct, Systemic Civil Rights Obstruction, Denial of All Access to All Kentucky Courts, Constitutional and Federal Enforcement Framework, the Supremacy Clause (Art. VI, Cl. 2), and all preceding paragraphs as though fully restated and fully set forth herein

this claim for relief/relief entitled to-sought-demanded. Plaintiffs further assert all of the following:

**Plaintiffs hereby assert the following "Short and Plain Statement" (Fed. R. Civ. P. 8(a)(2)):**

1203. Plaintiffs reassert and incorporate by reference in full detail all prior paragraphs, **all paragraphs in Claim for Relief XVII herein,** including all facts, all statutory violations, and all legally binding and conclusive judicial **admissions of liability and damages in Claim for Relief XVII.**

1204. Plaintiffs reassert and incorporate by reference in full detail all legally binding and conclusive judicial admissions of liability and damages in cases 25-CI-001371, 25-CI-001568, 25-CI-001795, 25-CI-001796, 25-CI-001121, with cases 25-CI-001568, 25-CI-001795, 25-CI-001796, 25-CI-001121 **facially fully supporting case 25-CI-001371 (Refer to PX-51 through PX-62 and PX-96, PX-95)**, as though fully restated and fully set forth herein this claim for relief/relief entitled to-sought-demanded.

1205. **Legal Integration:** In additional to the previous application of **supplemental jurisdiction** under **28 U.S.C. § 1367(a) for Claim for Relief XVII --- Claim for Relief XLVI independently states** a **federal claim for relief** under --- **Defendant Susan Wilson's Sustained and Compounded Obstruction of Plaintiffs' Recovery** — Through Defendant's Complicity and Conspiracy With One or More Judges (without jurisdiction) — the Elected Jefferson Circuit Court Clerk — Jefferson Circuit Court Clerk's Office Employees — Administrative Office of the Courts Employees — Court Administrators -— Staff Attorneys — Acting Under Color of State Law --- and Through Defendant's Complicity and Conspiracy With Private Citizens and Entities — Individually or in Any Combination --- Caused by Defendant's Direct Actions and Complicity in Theft of identity pursuant to KRS 514.160 and KRS 502.020

(Complicity), Enabling/Causing Defendant's and Others' Unjust Enrichment; Deprivation and Obstruction of Civil Rights under 42 U.S.C. §§ 1983, 1985(2)-(3), the First, Seventh, and Fourteenth Amendments, and the Supremacy Clause, Art. VI, Cl. 2; Supported by Rankin v. Howard, 633 F. 2d 844 (9th Circuit 1980); Actionable under all aforementioned legal authority and under KRS 209.990, KRS 209.030(2), KRS 209.020, KRS 209.050, KRS 446.070, 28 U.S.C. § 1367(a); And under **Legally Binding and Conclusive** Judicial Admissions of Liability and Damages pursuant to CR 8.04, 28 U.S.C. § 1367(a); (Conspiracy and Complicity with Full Liability); All aforementioned Causing Harm/Injury. **Claim for Relief XLVI** incorporates, **in part,** the same set of facts, harms/injuries, and legally binding and conclusive judicial admissions now as a basis for federal relief, including but not limited to punitive damages. Plaintiffs incorporate by reference in full detail **Sections XVIII, XIX, XXXVI, XXVI, XXX, XXXII, XXVIII, XXIX, XXXI, XXXV, XXVII, XXXVII, PX-63 through PX-87,** PX-42 through PX-49, PX-108, all 167 Exhibits, and the **First through the Fourteenth FRE 201 Judicial Notices** of judicially **noticed adjudicative facts,** which include approximately **1,044 total adjudicative facts,** including approximately **322 adjudicative facts** supporting **jurisdiction** in the U.S. District Court for the Western District of Washington; **FRE 201 Adjudicative Facts in Judicial NOTICES --- 2 through 8, 10, and 12 --- fully support jurisdiction.** All aforementioned incorporations provide **100% certainty** of fraudulently assigned judges and fraudulently assigned case numbers --- prior to the legal filings by Plaintiffs of all 10 of their year-2025 cases --- with all 10 cases being illegally and fraudulently filed and processed by a non-existent/ non-payroll name in year-2025 --- which did not generate a legal random judge assignment and which did not generate a legal case number assignment --- and thereby provides 100% certainty that Kentucky judges NEVER had jurisdiction and NEVER will

have jurisdiction. Plaintiffs assert Rankin v. Howard, 633 F. 2d 844 (9th Circuit 1980) and United States v. Dugan, 2:25-cr-00089 (E.D. Wis. 2025) regarding judges without jurisdiction. Plaintiffs also incorporate by reference in full detail **Section XXXIX** and the **Twelfth FRE 201 NOTICE --- regarding interstate transfers.**

1206. Defendant Wilson has **legally binding and conclusive judicial admissions of Forgery/Complicity in Forgery** with full liability regarding legal documents dated on or near 3-4-2020, and later, including but not limited to a power of attorney document, a trust revocation document, a Will, and/or a document fraudulently removing Doris Colgate's real estate, located at 410 Wisteria Avenue, Jefferson County, from the Trust.

1207. Defendant Susan Wilson was and is complicit in and conspired in a scheme with Judge Patricia Morris, whereby Judge Morris weaponized a **knowingly false and fraudulent felony accusation** of "unauthorized practice of law" against pro se Plaintiffs—who were acting lawfully under KRS 209.030(2) and as a fiduciary under valid Trust and POA instruments—in order to deny Plaintiffs all access to all Kentucky courts and to **obstruct elder abuse recovery. Patricia Morris's fraudulent felony accusation is also proven by Defendant Susan Wilson's legally binding and conclusive judicial admissions of Plaintiffs' legal standing, Defendant's liability, and Defendant's damages.** See **PX-12, PX-51.**

1208. This denial was executed **without jurisdiction,** violated Plaintiffs' constitutional rights and statutory rights, and directly benefited Defendant, who remained **unjustly enriched** as a result. The fraudulent accusation by Judge Morris occurred **19 days prior** to Defendant Wilson being legally served by the Jefferson County Sheriff. When filing the Complaint, Plaintiffs paid the mandatory $60 fee directly to the Jefferson Circuit Court Clerk to have legal service by the Sheriff executed immediately.

1209. The timing and coordination of this judicial obstruction before lawful service—despite the court's active role in facilitating Wilson's service—demonstrates an **ultra vires abuse** of office by Morris to shield Wilson from litigation and to obstruct and block all statutory recovery.

1210. Direct communication between Wilson and Morris does **not** need to be proven to establish complicity under KRS 502.020 and conspiracy under 42 U.S.C. § 1985(2)-(3) . The judicial act of denying Plaintiffs all court access functioned as **an overt act in furtherance of a shared unlawful objective** to obstruct justice and to illegally protect Wilson from liability, in violation of 42 U.S.C. §§ 1983, 1985(2)-(3) and in Violation of the First, Seventh, and Fourteenth Amendments, and the Supremacy Clause, Art. VI, Cl. 2.

1211. Plaintiffs incorporate by reference in full detail all liability for **similar "Claim for Relief XVII ." Claim for Relief XVII** is legally binding and conclusive based on Defendant's judicial admissions of liability in Kentucky Case No. 25-CI-001371 pursuant to CR 8.04, and 28 U.S.C. § 1367(a).

1212. Susan Wilson was and is **complicit** with and **conspired** with judge Morris or Patricia Morris, who was and is **acting in the absence of jurisdiction.** See **Rankin v. Howard, 633 F. 2d 844 (9th Circuit 1980);** Also refer to **all details in SECTION XII for evidence against Morris, and also for evidence of systemic corruption.**

1213. Plaintiffs accordingly respectfully demand immediate entry of judgment as to liability and a corresponding award of $540,185.41 in Special Damages — established as a legally binding and conclusive sum-certain from Wilson's own substantive CR 8.04 admissions in KY case 25-CI-001371 (PX-51) --- and independently confirmed from four additional defendants' CR 8.04 admissions across four separate Kentucky cases — which is separate from --- and in addition to all of the following respectfully demanded: Other compensatory damages for continuing losses

caused by Defendant's ongoing fraudulent obstruction of recovery — fraudulent concealment — and unjust enrichment — also judicially admitted under CR 8.04. Dividends and interest defrauded from Doris in all five financial instruments — and Interest to Edward — admitted by Wilson and four additional defendants through CR 8.04 admissions. Plaintiffs also demand declaratory and injunctive relief to prevent the continuing abuses. Plaintiffs demand general damages and punitive damages.

1214. The **foregoing constitutes Plaintiffs' short and plain statement of this claim for relief** in compliance with Fed. R. Civ. P. 8(a)(2).

1215. Additionally, The Defendant's **legally binding and conclusive, judicially admitted participation in forged legal documents/instruments** has resulted in **continuous**, unlawful **tortious interference** with Trustee Edward Colgate's administration of **The Colgate Family Living Trust dated January 29, 2020,** with **each day since March 1, 2020,** constituting a **new act of fraudulent obstruction** and fiduciary harm/injury. This Claim for Relief is pled under a continuing tort doctrine, as Defendant's obstruction of Trustee Edward Colgate's fiduciary duties and Trustee recovery rights under the Trust constitutes an ongoing violation, with each day **renewing** the harm/injury and **tolling** all applicable statutes of limitation. Additionally, **each day that Defendant refuses and fails to report her own elder abuse and tortious fiduciary interference under KRS 209.030 constitutes a new statutory violation**, which further **renews** and **tolls** all relevant statutes of limitation under Kentucky and federal law.

1216. Each day that Judge Morris's and other judges' **fraudulent felony accusations remain embedded in void ab initio orders** constitutes a continuing denial of all Kentucky court access and systemic obstruction of justice in violation of 42 U.S.C. §§ 1983 and 1985(2)-(3), and the First, Seventh, and Fourteenth Amendments. Their collective refusal to report their own and each

other's illegal or fraudulent actions under **KRS 26A.080 and KRS 209.030** perpetuates retaliatory elder abuse under **KRS 209.050, renewing** the constitutional and statutory harm/injury daily and **tolling all applicable statutes of limitation** under the continuing tort doctrine.

1217. **No state or federal court in the United States has ever attempted to bar, obstruct, or deny a civil plaintiff from all court access across an entire state by fraudulently accusing them of felonies.** The absurdity and illegality of such an act is so blatant that it has never been attempted by any judge in any jurisdiction. Adding to the absurdity and illegality is the fact that the Defendant had not been legally served yet. Jefferson Circuit Court is the first to attempt this type of illegal act or fraud, which is retaliatory under KRS 209.050, KRS 209.030, KRS 209.990, KRS 26A.015(2), and is an attempt to intimidate and tamper with a witness, which is also a violation of 42 U.S.C. §§ 1983 and 1985(2)-(3).

**CLAIM FOR RELIEF XLVIII**--(Also a Count and Cause of Action) — **Defendant Susan Wilson's Sustained and Compounded Obstruction of Plaintiffs' Recovery — Through Defendant's Complicity and Conspiracy With One or More Judges** (without jurisdiction) — **the Elected Jefferson Circuit Court Clerk — Jefferson Circuit Court Clerk's Office Employees — Administrative Office of the Courts Employees — Court Administrators — Staff Attorneys — Acting Under Color of State Law --- and Through Defendant's Complicity and Conspiracy With Private Citizens and Entities — Individnally or in Any Combination — Depriving Plaintiffs of Constitutional Rights and Equal Protection — Actionable Under 42 U.S.C. §1983 and 42 U.S.C. §1985 — Causing and Continuing to Cause Unjust Enrichment for Defendant Susan Wilson --- Based on Damages Caused by Defendant's Direct Actions and Complicity and Conspiracy in Defendant deceiving Doris**

**Colgate and inducing Doris Colgate to commit perjury pursuant to KRS 523.020—(Perjury in the first degree) and pursuant to KRS 502.020 (Complicity with Full Liability), Enabling/Causing Defendant's and Others' Unjust Enrichment; Deprivation and Obstruction of Civil Rights under 42 U.S.C. §§ 1983, 1985(2)-(3), the First, Seventh, and Fourteenth Amendments, and the Supremacy Clause, Art. VI, Cl. 2;** Supported by Rankin v. Howard, 633 F. 2d 844 (9th Circuit 1980) and US v. Dugan; Actionable under all aforementioned legal authority and under KRS 209.990, KRS 209.030(2), KRS 209.020, KRS 209.050, **KRS 446.070**, 28 U.S.C. § 1367(a); And under **Legally Binding and Conclusive** Judicial Admissions of Liability and Damages pursuant to CR 8.04, 28 U.S.C. § 1367(a); (Conspiracy and Complicity with Full Liability); All aforementioned Causing Harm/Injury

1218. Plaintiffs reassert and incorporate by reference in full detail all of Section XII: Master Comprehensive Incorporation of Exhibits, Evidentiary Foundation, Jurisdictional Foundation, Record of Judicial Misconduct, Systemic Civil Rights Obstruction, Denial of All Access to All Kentucky Courts, Constitutional and Federal Enforcement Framework, the Supremacy Clause (Art. VI, Cl. 2), and all preceding paragraphs as though fully restated and fully set forth herein this claim for relief/relief entitled to-sought-demanded. Plaintiffs further assert all of the following:

**Plaintiffs hereby assert the following "Short and Plain Statement" (Fed. R. Civ. P. 8(a)(2)):**

1219. Plaintiffs reassert and incorporate by reference in full detail all prior paragraphs, **all paragraphs in Claim for Relief XIX herein,** including all facts, all statutory violations, and all legally binding and conclusive judicial **admissions of liability and damages in Claim for Relief XIX.**

1220. Plaintiffs reassert and incorporate by reference in full detail all legally binding and conclusive judicial admissions of liability and damages in cases 25-CI-001371, 25-CI-001568, 25-CI-001795, 25-CI-001796, 25-CI-001121, with cases 25-CI-001568, 25-CI-001795, 25-CI-001796, 25-CI-001121 **facially fully supporting case 25-CI-001371 (Refer to PX-51 through PX-62 and PX-96, PX-95)**, as though fully restated and fully set forth herein this claim for relief/relief entitled to-sought-demanded.

1221. **Legal Integration:** In additional to the previous application of **supplemental jurisdiction** under **28 U.S.C. § 1367(a) for Claim for Relief XIX, Claim for Relief XLVIII independently states** a **federal claim for relief** under--- Defendant Susan Wilson's Sustained and Compounded Obstruction of Plaintiffs' Recovery — Through Defendant's Complicity and Conspiracy With One or More Judges (without jurisdiction) — the Elected Jefferson Circuit Court Clerk — Jefferson Circuit Court Clerk's Office Employees — Administrative Office of the Courts Employees -— Court Administrators — Staff Attorneys — Acting Under Color of State Law --- and Through Defendant's Complicity and Conspiracy With Private Citizens and Entities — Individually or in Any Combination — Depriving Plaintiffs of Constitutional Rights and Equal Protection — Actionable Under 42 U.S.C. §1983 and 42 U.S.C. §1985 — Causing and Continuing to Cause Unjust Enrichment for Defendant Susan Wilson --- Based on Damages Caused by Defendant's Direct Actions and Complicity and Conspiracy in Defendant deceiving Doris Colgate and inducing Doris Colgate to commit perjury pursuant to KRS 523.020 — (Perjury in the first degree) and pursuant to KRS 502.020 (Complicity with Full Liability), Enabling/Causing Defendant's and Others' Unjust Enrichment; Deprivation and Obstruction of Civil Rights under 42 U.S.C. §§ 1983, 1985(2)-(3), the First, Seventh, and Fourteenth Amendments, and the Supremacy Clause, Art. VI, Cl. 2; Supported by Rankin v. Howard, 633 F.

2d 844 (9th Circuit 1980) US v. Dugan; Actionable under all aforementioned legal authority and under KRS 209.990, KRS 209.030(2), KRS 209.020, KRS 209.050, KRS 446.070, 28 U.S.C. § 1367(a); And under **Legally Binding and Conclusive** Judicial Admissions of Liability and Damages pursuant to CR 8.04, 28 U.S.C. § 1367(a); (Conspiracy and Complicity with Full Liability); All aforementioned Causing Harm/Injury, and incorporates, **in part,** the same set of facts, harms/injuries, and legally binding and conclusive judicial admissions now as a basis for federal relief, including but not limited to punitive damages. Plaintiffs incorporate by reference in full detail **Sections XVIII, XIX, XXXVI, XXVI, XXX, XXXII, XXVIII, XXIX, XXXI, XXXV, XXVII, XXXVII, PX-63 through PX-87,** PX-42 through PX-49, PX-108, all 167 Exhibits, and the **First through the Fourteenth FRE 201 Judicial Notices** of judicially **noticed adjudicative facts,** which include approximately **1,044 total adjudicative facts,** including approximately **322 adjudicative facts** supporting **jurisdiction** in the U.S. District Court for the Western District of Washington; **FRE 201 Adjudicative Facts in Judicial NOTICES --- 2 through 8, 10, and 12 --- fully support jurisdiction.** All aforementioned incorporations provide **100% certainty** of fraudulently assigned judges and fraudulently assigned case numbers --- prior to the legal filings by Plaintiffs of all 10 of their year-2025 cases --- with all 10 cases being illegally and fraudulently filed and processed by a non-existent/ non-payroll name in year-2025 --- which did not generate a legal random judge assignment and which did not generate a legal case number assignment --- and thereby provides 100% certainty that Kentucky judges NEVER had jurisdiction and NEVER will have jurisdiction. Plaintiffs assert Rankin v. Howard, 633 F. 2d 844 (9th Circuit 1980) and United States v. Dugan, 2:25-cr-00089 (E.D. Wis. 2025) regarding judges without jurisdiction. Plaintiffs also incorporate by reference in full detail **Section XXXIX** and the **Twelfth FRE 201 NOTICE --- regarding interstate transfers.**

1222. Defendant Wilson has **legally binding and conclusive judicial admissions of Forgery/Complicity in Forgery** with full liability regarding legal documents dated on or near 3-4-2020, and later, including but not limited to a power of attorney document, a trust revocation document, a Will, and/or a document fraudulently removing Doris Colgate's real estate, located at 410 Wisteria Avenue, Jefferson County, from the Trust.

1223. Defendant Susan Wilson was and is complicit in and conspired in a scheme with Judge Patricia Morris, whereby Judge Morris weaponized a **knowingly false and fraudulent felony accusation** of "unauthorized practice of law" against pro se Plaintiffs—who were acting lawfully under KRS 209.030(2) and as a fiduciary under valid Trust and POA instruments—in order to deny Plaintiffs all access to all Kentucky courts and to **obstruct elder abuse recovery. Patricia Morris's fraudulent felony accusation is also proven by Defendant Susan Wilson's legally binding and conclusive judicial admissions of Plaintiffs' legal standing, Defendant's liability, and Defendant's damages.** See **PX-12, PX-51.**

1224. This denial was executed **without jurisdiction**, violated Plaintiffs' constitutional rights and statutory rights, and directly benefited Defendant, who remained **unjustly enriched** as a result. The fraudulent accusation by Judge Morris occurred **19 days prior** to Defendant Wilson being legally served by the Jefferson County Sheriff. When filing the Complaint, Plaintiffs paid the mandatory $60 fee directly to the Jefferson Circuit Court Clerk to have legal service by the Sheriff executed immediately.

1225. The timing and coordination of this judicial obstruction before lawful service—despite the court's active role in facilitating Wilson's service—demonstrates an **ultra vires abuse** of office by Morris to shield Wilson from litigation and to obstruct and block all statutory recovery.

1226. Direct communication between Wilson and Morris does **not** need to be proven to establish complicity under KRS 502.020 and conspiracy under 42 U.S.C. § 1985(2)-(3) . The judicial act of denying Plaintiffs all court access functioned as **an overt act in furtherance of a shared unlawful objective** to obstruct justice and to illegally protect Wilson from liability, in violation of 42 U.S.C. §§ 1983, 1985(2)-(3) and in Violation of the First, Seventh, and Fourteenth Amendments, and the Supremacy Clause, Art. VI, Cl. 2.

1227. Plaintiffs incorporate by reference in full detail all liability for **similar "Claim for Relief XIX ." Claim for Relief XIX** is legally binding and conclusive based on Defendant's judicial admissions of liability in Kentucky Case No. 25-CI-001371 pursuant to CR 8.04 and 28 U.S.C. § 1367(a).

1228. Susan Wilson was and is **complicit** with and **conspired** with judge Morris or Patricia Morris, who was and is **acting in the absence of jurisdiction.** See **Rankin v. Howard, 633 F. 2d 844 (9th Circuit 1980);** Also refer to **all details in SECTION XII for evidence against Morris, and also for evidence of systemic corruption.**

1229. Plaintiffs accordingly respectfully demand immediate entry of judgment as to liability and a corresponding award of $540,185.41 in Special Damages -- established as a legally binding and conclusive sum-certain from Wilson's own substantive CR 8.04 admissions in KY case 25-CI-001371 (PX-51) --- and independently confirmed from four additional defendants' CR 8.04 admissions across four separate Kentucky cases — which is separate from --- and in addition to all of the following respectfully demanded: Other compensatory damages for continuing losses caused by Defendant's ongoing fraudulent obstruction of recovery — fraudulent concealment — and unjust enrichment — also judicially admitted under CR 8.04. Dividends and interest defrauded from Doris in all five financial instruments --- and Interest to Edward — admitted by

Wilson and four additional defendants through CR 8.04 admissions. Plaintiffs also demand declaratory and injunctive relief to prevent the continuing abuses. Plaintiffs demand general damages and punitive damages.

1230. The **foregoing constitutes Plaintiffs' short and plain statement of this claim for relief** in compliance with Fed. R. Civ. P. 8(a)(2).

1231. Additionally, The Defendant's **legally binding and conclusive, judicially admitted participation in forged legal documents/instruments** has resulted in **continuous**, unlawful **tortious interference** with Trustee Edward Colgate's administration of **The Colgate Family Living Trust dated January 29, 2020,** with **each day since March 1, 2020**, constituting a **new act of fraudulent obstruction** and fiduciary harm/injury. This Claim for Relief is pled under a continuing tort doctrine, as Defendant's obstruction of Trustee Edward Colgate's fiduciary duties and Trustee recovery rights under the Trust constitutes an ongoing violation, with each day **renewing** the harm/injury and **tolling** all applicable statutes of limitation. Additionally, **eacb day that Defendant refuses and fails to report her own elder abuse and tortious fiduciary interference under KRS 209.030 constitutes a new statutory violation**, which further **renews** and **tolls** all relevant statutes of limitation under Kentucky and federal law.

1232. Each day that Judge Morris's and other judges' **fraudulent felony accusations remain embedded in void ab initio orders** constitutes a continuing denial of all Kentucky court access and systemic obstruction of justice in violation of 42 U.S.C. §§ 1983 and 1985(2)-(3), and the First, Seventh, and Fourteenth Amendments. Their collective refusal to report their own and each other's illegal or fraudulent actions under **KRS 26A.080 and KRS 209.030** perpetuates retaliatory elder abuse under **KRS 209.050, renewing** the constitutional and statutory

harm/injury daily and **tolling all applicable statutes of limitation** under the continuing tort doctrine.

1233. **No state or federal court in the United States has ever attempted to bar, obstruct, or deny a civil plaintiff from all court access across an entire state by fraudulently accusing them of felonies.** The absurdity and illegality of such an act is so blatant that it has never been attempted by any judge in any jurisdiction. Adding to the absurdity and illegality is the fact that the Defendant had not been legally served yet. Jefferson Circuit Court is the first to attempt this type of illegal act or fraud, which is retaliatory under KRS 209.050, KRS 209.030, KRS 209.990, KRS 26A.015(2), and is an attempt to intimidate and tamper with a witness, which is also a violation of 42 U.S.C. §§ 1983 and 1985(2)-(3).

**CLAIM FOR RELIEF XLIX**--(Also a Count and Cause of Action) — **Defendant Susan Wilson's Sustained and Compounded Obstruction of Plaintiffs' Recovery — Through Defendant's Complicity and Conspiracy With One or More Judges** (without jurisdiction) — **the Elected Jefferson Circuit Court Clerk — Jefferson Circuit Court Clerk's Office Employees — Administrative Office of the Courts Employees — Court Administrators — Staff Attorneys — Acting Under Color of State Law --- and Through Defendant's Complicity and Conspiracy With Private Citizens and Entities — Individually or in Any Combination — Depriving Plaintiffs of Constitutional Rights and Equal Protection — Actionable Under 42 U.S.C. §1983 and 42 U.S.C. §1985 — Causing and Continuing to Cause Unjust Enrichment for Defendant Susan Wilson --- Based on Damages Caused by Defendant's Direct Actions and Complicity and Conspiracy in Tampering with a Witness pursuant to KRS 524.050 and KRS 502.020 (Complicity), Enabling/Causing Defendant's and Others' Unjust Enrichment; Deprivation and Obstruction of Civil Rights under 42**

**U.S.C. §§ 1983, 1985(2)-(3), the First, Seventh, and Fourteenth Amendments, and the Supremacy Clause, Art. VI, Cl. 2;** Supported by Rankin v. Howard, 633 F. 2d 844 (9th Circuit 1980) and US v. Dugan; Actionable under all aforementioned legal authority and under KRS 209.990, KRS 209.030(2), KRS 209.020, KRS 209.050, **KRS 446.070**, 28 U.S.C. § 1367(a); And under **Legally Binding and Conclusive** Judicial Admissions of Liability and Damages pursuant to CR 8.04, 28 U.S.C. § 1367(a); (Conspiracy and Complicity with Full Liability); All aforementioned Causing Harm/Injury

1234. Plaintiffs reassert and incorporate by reference in full detail all of Section XII: Master Comprehensive Incorporation of Exhibits, Evidentiary Foundation, Jurisdictional Foundation, Record of Judicial Misconduct, Systemic Civil Rights Obstruction, Denial of All Access to All Kentucky Courts, Constitutional and Federal Enforcement Framework, the Supremacy Clause (Art. VI, Cl. 2), and all preceding paragraphs as though fully restated and fully set forth herein this claim for relief/relief entitled to-sought-demanded. Plaintiffs further assert all of the following:

**Plaintiffs hereby assert the following "Short and Plain Statement" (Fed. R. Civ. P. 8(a)(2)):**

1235. Plaintiffs reassert and incorporate by reference in full detail all prior paragraphs, **all paragraphs in Claim for Relief XX herein,** including all facts, all statutory violations, and all legally binding and conclusive judicial **admissions of liability and damages in Claim for Relief XX.**

1236. Plaintiffs reassert and incorporate by reference in full detail all legally binding and conclusive judicial admissions of liability and damages in cases 25-CI-001371, 25-CI-001568, 25-CI-001795, 25-CI-001796, 25-CI-001121, with cases 25-CI-001568, 25-CI-001795, 25-CI-001796, 25-CI-001121 **facially fully supporting case 25-CI-001371 (Refer to PX-51 through**

**PX-62 and PX-96, PX-95)**, as though fully restated and fully set forth herein this claim for relief/relief entitled to-sought-demanded.

1237. **Legal Integration:** In additional to the previous application of **supplemental jurisdiction** under **28 U.S.C. § 1367(a) for Claim for Relief XX, Claim for Relief XLIX independently states** a **federal claim for relief** under--- Defendant Susan Wilson's Sustained and Compounded Obstruction of Plaintiffs' Recovery — Through Defendant's Complicity and Conspiracy With One or More Judges (without jurisdiction) — the Elected Jefferson Circuit Court Clerk — Jefferson Circuit Court Clerk's Office Employees — Administrative Office of the Courts Employees — Court Administrators — Staff Attorneys — Acting Under Color of State Law --- and Through Defendant's Complicity and Conspiracy With Private Citizens and Entities — Individually or in Any Combination — Depriving Plaintiffs of Constitutional Rights and Equal Protection — Actionable Under 42 U.S.C. §1983 and 42 U.S.C. §1985 — Causing and Continuing to Cause Unjust Enrichment for Defendant Susan Wilson --- Based on Damages Caused by Defendant's Direct Actions and Complicity and Conspiracy in Tampering with a Witness pursuant to KRS 524.050 and KRS 502.020 (Complicity), Enabling/Causing Defendant's and Others' Unjust Enrichment; Deprivation and Obstruction of Civil Rights under 42 U.S.C. §§ 1983, 1985(2)-(3), the First, Seventh, and Fourteenth Amendments, and the Supremacy Clause, Art. VI, Cl. 2; Supported by Rankin v. Howard, 633 F. 2d 844 (9th Circuit 1980) and US v. Dugan; Actionable under all aforementioned legal authority and under KRS 209.990, KRS 209.030(2), KRS 209.020, KRS 209.050, KRS 446.070, 28 U.S.C. § 1367(a); And under **Legally Binding and Conclusive** Judicial Admissions of Liability and Damages pursuant to CR 8.04, 28 U.S.C. § 1367(a); (Conspiracy and Complicity with Full Liability); All aforementioned Causing Harm/Injury, and incorporates, **in part,** the same set of facts,

harms/injuries, and legally binding and conclusive judicial admissions now as a basis for federal relief, including but not limited to punitive damages. Plaintiffs incorporate by reference in full detail **Sections XVIII, XIX, XXXVI, XXVI, XXX, XXXII, XXVIII, XXIX, XXXI, XXXV, XXVII, XXXVII, PX-63 through PX-87,** PX-42 through PX-49, PX-108, all 167 Exhibits, and the **First through the Fourteenth FRE 201 Judicial Notices** of judicially **noticed adjudicative facts,** which include approximately **1,044 total adjudicative facts,** including approximately **322 adjudicative facts** supporting **jurisdiction** in the U.S. District Court for the Western District of Washington; **FRE 201 Adjudicative Facts in Judicial NOTICES --- 2 through 8, 10, and 12 --- fully support jurisdiction.** All aforementioned incorporations provide **100% certainty** of fraudulently assigned judges and fraudulently assigned case numbers --- prior to the legal filings by Plaintiffs of all 10 of their year-2025 cases --- with all 10 cases being illegally and fraudulently filed and processed by a non-existent/ non-payroll name in year-2025 --- which did not generate a legal random judge assignment and which did not generate a legal case number assignment --- and thereby provides 100% certainty that Kentucky judges NEVER had jurisdiction and NEVER will have jurisdiction. Plaintiffs assert Rankin v. Howard, 633 F. 2d 844 (9th Circuit 1980) and United States v. Dugan, 2:25-cr-00089 (E.D. Wis. 2025) regarding judges without jurisdiction. Plaintiffs also incorporate by reference in full detail **Section XXXIX** and the **Twelfth FRE 201 NOTICE --- regarding interstate transfers.**

1238. Defendant Wilson has **legally binding and conclusive judicial admissions of Forgery/Complicity in Forgery** with full liability regarding legal documents dated on or near 3-4-2020, and later, including but not limited to a power of attorney document, a trust revocation document, a Will, and/or a document fraudulently removing Doris Colgate's real estate, located at 410 Wisteria Avenue, Jefferson County, from the Trust.

1239. Defendant Susan Wilson was and is complicit in and conspired in a scheme with Judge Patricia Morris, whereby Judge Morris weaponized a **knowingly false and fraudulent felony accusation** of "unauthorized practice of law" against pro se Plaintiffs—who were acting lawfully under KRS 209.030(2) and as a fiduciary under valid Trust and POA instruments—in order to deny Plaintiffs all access to all Kentucky courts and to **obstruct elder abuse recovery. Patricia Morris's fraudulent felony accusation is also proven by Defendant Susan Wilson's legally binding and conclusive judicial admissions of Plaintiffs' legal standing, Defendant's liability, and Defendant's damages.** See **PX-12, PX-51.**

1240. This denial was executed **without jurisdiction**, violated Plaintiffs' constitutional rights and statutory rights, and directly benefited Defendant, who remained **unjustly enriched** as a result. The fraudulent accusation by Judge Morris occurred **19 days prior** to Defendant Wilson being legally served by the Jefferson County Sheriff. When filing the Complaint, Plaintiffs paid the mandatory $60 fee directly to the Jefferson Circuit Court Clerk to have legal service by the Sheriff executed immediately.

1241. The timing and coordination of this judicial obstruction before lawful service—despite the court's active role in facilitating Wilson's service---demonstrates an **ultra vires abuse** of office by Morris to shield Wilson from litigation and to obstruct and block all statutory recovery.

1242. Direct communication between Wilson and Morris does **not** need to be proven to establish complicity under KRS 502.020 and conspiracy under 42 U.S.C. § 1985(2)-(3) . The judicial act of denying Plaintiffs all court access functioned as **an overt act in furtherance of a shared unlawful objective** to obstruct justice and to illegally protect Wilson from liability, in violation of 42 U.S.C. §§ 1983, 1985(2)-(3) and in Violation of the First, Seventh, and Fourteenth Amendments, and the Supremacy Clause, Art. VI, Cl. 2.

1243. Plaintiffs incorporate by reference in full detail all liability for **similar "Claim for Relief XX ." Claim for Relief XX** is legally binding and conclusive based on Defendant's judicial admissions of liability in Kentucky Case No. 25-CI-001371 pursuant to CR 8.04 and 28 U.S.C. § 1367(a).

1244. Susan Wilson was and is **complicit** with and **conspired** with judge Morris or Patricia Morris, who was and is **acting in the absence of jurisdiction.** See **Rankin v. Howard, 633 F. 2d 844 (9th Circuit 1980);** Also refer to **all details in SECTION XII for evidence against Morris, and also for evidence of systemic corruption.**

1245. Plaintiffs accordingly respectfully demand immediate entry of judgment as to liability and a corresponding award of $540,185.41 in Special Damages --- established as a legally binding and conclusive sum-certain from Wilson's own substantive CR 8.04 admissions in KY case 25-CI-001371 (PX-51) --- and independently confirmed from four additional defendants' CR 8.04 admissions across four separate Kentucky cases — which is separate from --- and in addition to all of the following respectfully demanded: Other compensatory damages for continuing losses caused by Defendant's ongoing fraudulent obstruction of recovery fraudulent concealment — and unjust enrichment --- also judicially admitted under CR 8.04. Dividends and interest defrauded from Doris in all five financial instruments --- and Interest to Edward — admitted by Wilson and four additional defendants through CR 8.04 admissions. Plaintiffs also demand declaratory and injunctive relief to prevent the continuing abuses. Plaintiffs demand general damages and punitive damages.

1246. The **foregoing constitutes Plaintiffs' short and plain statement of this claim for relief** in compliance with Fed. R. Civ. P. 8(a)(2).


Edward Colgate 22023 SE Wax Rd., Box 1452, Maple Valley, WA 98038, King Co.

1247. Additionally, The Defendant's **legally binding and conclusive, judicially admitted participation in forged legal documents/instruments** has resulted in **continuous**, unlawful **tortious interference** with Trustee Edward Colgate's administration of **The Colgate Family Living Trust dated January 29, 2020,** with **each day since March 1, 2020**, constituting a **new act of fraudulent obstruction** and fiduciary harm/injury. This Claim for Relief is pled under a continuing tort doctrine, as Defendant's obstruction of Trustee Edward Colgate's fiduciary duties and Trustee recovery rights under the Trust constitutes an ongoing violation, with each day **renewing** the harm/injury and **tolling** all applicable statutes of limitation. Additionally, **each day that Defendant refuses and fails to report her own elder abuse and tortious fiduciary interference under KRS 209.030 constitutes a new statutory violation**, which further **renews** and **tolls** all relevant statutes of limitation under Kentucky and federal law.

1248. Each day that Judge Morris's and other judges' **fraudulent felony accusations remain embedded in void ab initio orders** constitutes a continuing denial of all Kentucky court access and systemic obstruction of justice in violation of 42 U.S.C. §§ 1983 and 1985(2)-(3), and the First, Seventh, and Fourteenth Amendments. Their collective refusal to report their own and each other's illegal or fraudulent actions under **KRS 26A.080 and KRS 209.030** perpetuates retaliatory elder abuse under **KRS 209.050, renewing** the constitutional and statutory harm/injury daily and **tolling all applicable statutes of limitation** under the continuing tort doctrine.

1249. **No state or federal court in the United States has ever attempted to bar, obstruct, or deny a civil plaintiff from all court access across an entire state by fraudulently accusing them of felonies.** The absurdity and illegality of such an act is so blatant that it has never been attempted by any judge in any jurisdiction. Adding to the absurdity and illegality is the fact that

the Defendant had not been legally served yet. Jefferson Circuit Court is the first to attempt this type of illegal act or fraud, which is retaliatory under KRS 209.050, KRS 209.030, KRS 209.990, KRS 26A.015(2), and is an attempt to intimidate and tamper with a witness, which is also a violation of 42 U.S.C. §§ 1983 and 1985(2)-(3).

**CLAIM FOR RELIEF L**--(Also a Count and Cause of Action) — **Defendant Susan Wilson's Sustained and Compounded Obstruction of Plaintiffs' Recovery — Through Defendant's Complicity and Conspiracy With One or More Judges** (without jurisdiction) — **the Elected Jefferson Circuit Court Clerk — Jefferson Circuit Court Clerk's Office Employees — Administrative Office of the Courts Employees — Court Administrators — Staff Attorneys — Acting Under Color of State Law --- and Through Defendant's Complicity and Conspiracy With Private Citizens and Entities — Individually or in Any Combination — Depriving Plaintiffs of Constitutional Rights and Equal Protection — Actionable Under 42 U.S.C. §1983 and 42 U.S.C. §1985 — Causing and Continuing to Cause Unjust Enrichment for Defendant Susan Wilson --- Based on Damages Caused by Defendant's Direct Actions and Complicity and Conspiracy in Defamation Per Se, Enabling/Causing Defendant's and Others' Unjust Enrichment; Deprivation and Obstruction of Civil Rights under 42 U.S.C. §§ 1983, 1985(2)-(3), the First, Seventh, and Fourteenth Amendments, and the Supremacy Clause, Art. VI, Cl. 2;** Supported by Rankin v. Howard, 633 F. 2d 844 (9th Circuit 1980) and US v. Dugan; Actionable under all aforementioned legal authority and under KRS 209.990, KRS 209.030(2), KRS 209.020, KRS 209.050, **KRS 446.070**, 28 U.S.C. § 1367(a); And under **Legally Binding and Conclusive** Judicial Admissions of Liability and Damages pursuant to CR 8.04, 28 U.S.C. § 1367(a); (Conspiracy and Complicity with Full Liability); All aforementioned Causing Harm/Injury

1250. Plaintiffs reassert and incorporate by reference in full detail all of Section XII: Master Comprehensive Incorporation of Exhibits, Evidentiary Foundation, Jurisdictional Foundation, Record of Judicial Misconduct, Systemic Civil Rights Obstruction, Denial of All Access to All Kentucky Courts, Constitutional and Federal Enforcement Framework, the Supremacy Clause (Art. VI, Cl. 2), and all preceding paragraphs as though fully restated and fully set forth herein this claim for relief/relief entitled to-sought-demanded. Plaintiffs further assert all of the following:

**Plaintiffs hereby assert the following "Short and Plain Statement" (Fed. R. Civ. P. 8(a)(2)):**

1251. Plaintiffs reassert and incorporate by reference in full detail all prior paragraphs, **all paragraphs in Claim for Relief XXI herein,** including all facts, all statutory violations, and all legally binding and conclusive judicial **admissions of liability and damages in Claim for Relief XXI.**

1252. Plaintiffs reassert and incorporate by reference in full detail all legally binding and conclusive judicial admissions of liability and damages in cases 25-CI-001371, 25-CI-001568, 25-CI-001795, 25-CI-001796, 25-CI-001121, with cases 25-CI-001568, 25-CI-001795, 25-CI-001796, 25-CI-001121 **facially fully supporting case 25-CI-001371 (Refer to PX-51 through PX-62 and PX-96, PX-95),** as though fully restated and fully set forth herein this claim for relief/relief entitled to-sought-demanded.

1253. **Legal Integration:** In additional to the previous application of **supplemental jurisdiction** under **28 U.S.C. § 1367(a) for Claim for Relief XXI, Claim for Relief L independently states** a **federal claim for relief** under--- Defendant Susan Wilson's Sustained and Compounded Obstruction of Plaintiffs' Recovery — Through Defendant's Complicity and Conspiracy With One or More Judges (without jurisdiction) — the Elected Jefferson Circuit

Court Clerk — Jefferson Circuit Court Clerk's Office Employees — Administrative Office of the Courts Employees — Court Administrators --- Staff Attorneys --- Acting Under Color of State Law --- and Through Defendant's Complicity and Conspiracy With Private Citizens and Entities --- Individually or in Any Combination — Depriving Plaintiffs of Constitutional Rights and Equal Protection — Actionable Under 42 U.S.C. §1983 and 42 U.S.C. §1985 — Causing and Continuing to Cause Unjust Enrichment for Defendant Susan Wilson --- Based on Damages Caused by Defendant's Direct Actions and Complicity and Conspiracy in Defamation Per Se, Enabling/Causing Defendant's and Others' Unjust Enrichment; Deprivation and Obstruction of Civil Rights under 42 U.S.C. §§ 1983, 1985(2)-(3), the First, Seventh, and Fourteenth Amendments, and the Supremacy Clause, Art. VI, Cl. 2; Supported by Rankin v. Howard, 633 F. 2d 844 (9th Circuit 1980) and US v. Dugan; Actionable under all aforementioned legal authority and under KRS 209.990, KRS 209.030(2), KRS 209.020, KRS 209.050, KRS 446.070, 28 U.S.C. § 1367(a); And under **Legally Binding and Conclusive** Judicial Admissions of Liability and Damages pursuant to CR 8.04, 28 U.S.C. § 1367(a); (Conspiracy and Complicity with Full Liability); All aforementioned Causing Harm/Injury, and incorporates, **in part,** the same set of facts, harms/injuries, and legally binding and conclusive judicial admissions now as a basis for federal relief, including but not limited to punitive damages. Plaintiffs incorporate by reference in full detail **Sections XVIII, XIX, XXXVI, XXVI, XXX, XXXII, XXVIII, XXIX, XXXI, XXXV, XXVII, XXXVII, PX-63 through PX-87,** PX-42 through PX-49, PX-108, all 167 Exhibits, and the **First through the Fourteenth FRE 201 Judicial Notices** of judicially **noticed adjudicative facts,** which include approximately **1,044 total adjudicative facts,** including approximately **322 adjudicative facts** supporting **jurisdiction** in the U.S. District Court for the Western District of Washington; **FRE 201 Adjudicative Facts in Judicial NOTICES --- 2**

**through 8, 10, and 12 --- fully support jurisdiction.** All aforementioned incorporations provide **100% certainty** of fraudulently assigned judges and fraudulently assigned case numbers --- prior to the legal filings by Plaintiffs of all 10 of their year-2025 cases --- with all 10 cases being illegally and fraudulently filed and processed by a non-existent/ non-payroll name in year-2025 --- which did not generate a legal random judge assignment and which did not generate a legal case number assignment --- and thereby provides 100% certainty that Kentucky judges NEVER had jurisdiction and NEVER will have jurisdiction. Plaintiffs assert Rankin v. Howard, 633 F. 2d 844 (9th Circuit 1980) and United States v. Dugan, 2:25-cr-00089 (E.D. Wis. 2025) regarding judges without jurisdiction. Plaintiffs also incorporate by reference in full detail **Section XXXIX** and the **Twelfth FRE 201 NOTICE --- regarding interstate transfers.**

1254. Defendant Wilson has **legally binding and conclusive judicial admissions of Forgery/Complicity in Forgery** with full liability regarding legal documents dated on or near 3-4-2020, and later, including but not limited to a power of attorney document, a trust revocation document, a Will, and/or a document fraudulently removing Doris Colgate's real estate, located at 410 Wisteria Avenue, Jefferson County, from the Trust.

1255. Defendant Susan Wilson was and is complicit in and conspired in a scheme with Judge Patricia Morris, whereby Judge Morris weaponized a **knowingly false and fraudulent felony accusation** of "unauthorized practice of law" against pro se Plaintiffs—who were acting lawfully under KRS 209.030(2) and as a fiduciary under valid Trust and POA instruments—in order to deny Plaintiffs all access to all Kentucky courts and to **obstruct elder abuse recovery. Patricia Morris's fraudulent felony accusation is also proven by Defendant Susan Wilson's legally binding and conclusive judicial admissions of Plaintiffs' legal standing, Defendant's liability, and Defendant's damages.** See **PX-12, PX-51.**

1256. This denial was executed **without jurisdiction**, violated Plaintiffs' constitutional rights and statutory rights, and directly benefited Defendant, who remained **unjustly enriched** as a result. The fraudulent accusation by Judge Morris occurred **19 days prior** to Defendant Wilson being legally served by the Jefferson County Sheriff. When filing the Complaint, Plaintiffs paid the mandatory $60 fee directly to the Jefferson Circuit Court Clerk to have legal service by the Sheriff executed immediately.

1257. The timing and coordination of this judicial obstruction before lawful service—despite the court's active role in facilitating Wilson's service—demonstrates an **ultra vires abuse** of office by Morris to shield Wilson from litigation and to obstruct and block all statutory recovery.

1258. Direct communication between Wilson and Morris does **not** need to be proven to establish complicity under KRS 502.020 and conspiracy under 42 U.S.C. § 1985(2)-(3) . The judicial act of denying Plaintiffs all court access functioned as **an overt act in furtherance of a shared unlawful objective** to obstruct justice and to illegally protect Wilson from liability, in violation of 42 U.S.C. §§ 1983, 1985(2)-(3) and in Violation of the First, Seventh, and Fourteenth Amendments, and the Supremacy Clause, Art. VI, Cl. 2.

1259. Plaintiffs incorporate by reference in full detail all liability for **similar "Claim for Relief XXI ." Claim for Relief XXI** is legally binding and conclusive based on Defendant's judicial admissions of liability in Kentucky Case No. 25-CI-001371 pursuant to CR 8.04 and 28 U.S.C. § 1367(a).

1260. Susan Wilson was and is **complicit** with and **conspired** with judge Morris or Patricia Morris, who was and is **acting in the absence of jurisdiction.** See **Rankin v. Howard, 633 F. 2d 844 (9th Circuit 1980);** Also refer to **all details in SECTION XII for evidence against Morris, and also for evidence of systemic corruption.**

1261. Plaintiffs accordingly respectfully demand immediate entry of judgment as to liability and a corresponding award of $540,185.41 in Special Damages --- established as a legally binding and conclusive sum-certain from Wilson's own substantive CR 8.04 admissions in KY case 25-CI-001371 (PX-51) --- and independently confirmed from four additional defendants' CR 8.04 admissions across four separate Kentucky cases — which is separate from --- and in addition to all of the following respectfully demanded: Other compensatory damages for continuing losses caused by Defendant's ongoing fraudulent obstruction of recovery -- fraudulent concealment — and unjust enrichment — also judicially admitted under CR 8.04. Dividends and interest defrauded from Doris in all five financial instruments --- and Interest to Edward — admitted by Wilson and four additional defendants through CR 8.04 admissions. Plaintiffs also demand declaratory and injunctive relief to prevent the continuing abuses. Plaintiffs demand general damages and punitive damages.

1262. The **foregoing constitutes Plaintiffs' short and plain statement of this claim for relief** in compliance with Fed. R. Civ. P. 8(a)(2).

1263. Additionally, The Defendant's **legally binding and conclusive, judicially admitted participation in forged legal documents/instruments** has resulted in **continuous**, unlawful **tortious interference** with Trustee Edward Colgate's administration of **The Colgate Family Living Trust dated January 29, 2020,** with **each day since March 1, 2020**, constituting a **new act of fraudulent obstruction** and fiduciary harm/injury. This Claim for Relief is pled under a continuing tort doctrine, as Defendant's obstruction of Trustee Edward Colgate's fiduciary duties and Trustee recovery rights under the Trust constitutes an ongoing violation, with each day **renewing** the harm/injury and **tolling** all applicable statutes of limitation. Additionally, **each day that Defendant refuses and fails to report her own elder abuse and tortious fiduciary**

**interference under KRS 209.030 constitutes a new statutory violation,** which further **renews** and **tolls** all relevant statutes of limitation under Kentucky and federal law.

1264. Each day that Judge Morris's and other judges' **fraudulent felony accusations remain embedded in void ab initio orders** constitutes a continuing denial of all Kentucky court access and systemic obstruction of justice in violation of 42 U.S.C. §§ 1983 and 1985(2)-(3), and the First, Seventh, and Fourteenth Amendments. Their collective refusal to report their own and each other's illegal or fraudulent actions under **KRS 26A.080 and KRS 209.030** perpetuates retaliatory elder abuse under **KRS 209.050, renewing** the constitutional and statutory harm/injury daily and **tolling all applicable statutes of limitation** under the continuing tort doctrine.

1265. **No state or federal court in the United States has ever attempted to bar, obstruct, or deny a civil plaintiff from all court access across an entire state by fraudulently accusing them of felonies.** The absurdity and illegality of such an act is so blatant that it has never been attempted by any judge in any jurisdiction. Adding to the absurdity and illegality is the fact that the Defendant had not been legally served yet. Jefferson Circuit Court is the first to attempt this type of illegal act or fraud, which is retaliatory under KRS 209.050, KRS 209.030, KRS 209.990, KRS 26A.015(2), and is an attempt to intimidate and tamper with a witness, which is also a violation of 42 U.S.C. §§ 1983 and 1985(2)-(3).

**CLAIM FOR RELIEF LI**--(Also a Count and Cause of Action) — **Defendant Susan Wilson's Sustained and Compounded Obstruction of Plaintiffs' Recovery — Through Defendant's Complicity and Conspiracy With One or More Judges** (without jurisdiction) — **the Elected Jefferson Circuit Court Clerk — Jefferson Circuit Court Clerk's Office Employees — Administrative Office of the Courts Employees — Court Administrators — Staff Attorneys**

**— Acting Under Color of State Law --- and Through Defendant's Complicity and Conspiracy With Private Citizens and Entities — Individually or in Any Combination — Depriving Plaintiffs of Constitutional Rights and Equal Protection --- Actionable Under 42 U.S.C. §1983 and 42 U.S.C. §1985 — Causing and Continuing to Cause Unjust Enrichment for Defendant Susan Wilson --- Based on Damages Caused by Defendant's Direct Actions and Complicity and Conspiracy in Tampering with Physical Evidence under KRS 524.100 and under KRS 502.020 (Complicity), Enabling/Causing Defendant's and Others' Unjust Enrichment; Deprivation and Obstruction of Civil Rights under 42 U.S.C. §§ 1983, 1985(2)-(3), the First, Seventh, and Fourteenth Amendments, and the Supremacy Clause, Art. VI, Cl. 2;** Supported by Rankin v. Howard and US v. Dugan, 633 F. 2d 844 (9th Circuit 1980); Actionable under all aforementioned legal authority and under KRS 209.990, KRS 209.030(2), KRS 502.020, KRS 209.020, KRS 209.050, **KRS 446.070**, 28 U.S.C. § 1367(a); And under **Legally Binding and Conclusive** Judicial Admissions of Liability and Damages pursuant to CR 8.04, 28 U.S.C. § 1367(a); (Conspiracy and Complicity with Full Liability); All aforementioned Causing Harm/Injury

1266. Plaintiffs reassert and incorporate by reference in full detail all of Section XII: Master Comprehensive Incorporation of Exhibits, Evidentiary Foundation, Jurisdictional Foundation, Record of Judicial Misconduct, Systemic Civil Rights Obstruction, Denial of All Access to All Kentucky Courts, Constitutional and Federal Enforcement Framework, the Supremacy Clause (Art. VI, Cl. 2), and all preceding paragraphs as though fully restated and fully set forth herein this claim for relief/relief entitled to-sought-demanded. Plaintiffs further assert all of the following:

**Plaintiffs hereby assert the following "Short and Plain Statement" (Fed. R. Civ. P. 8(a)(2)):**

1267. Plaintiffs reassert and incorporate by reference in full detail all prior paragraphs, **all paragraphs in Claim for Relief XXII herein,** including all facts, all statutory violations, and all legally binding and conclusive judicial **admissions of liability and damages in Claim for Relief XXII.**

1268. Plaintiffs reassert and incorporate by reference in full detail all legally binding and conclusive judicial admissions of liability and damages in cases 25-CI-001371, 25-CI-001568, 25-CI-001795, 25-CI-001796, 25-CI-001121, with cases 25-CI-001568, 25-CI-001795, 25-CI-001796, 25-CI-001121 **facially fully supporting case 25-CI-001371 (Refer to PX-51 through PX-62 and PX-96, PX-95)**, as though fully restated and fully set forth herein this claim for relief/relief entitled to-sought-demanded.

1269. **Legal Integration:** In additional to the previous application of **supplemental jurisdiction** under **28 U.S.C. § 1367(a) for Claim for Relief XXII, Claim for Relief LI independently states** a **federal claim for relief** under--- Defendant Susan Wilson's Sustained and Compounded Obstruction of Plaintiffs' Recovery — Through Defendant's Complicity and Conspiracy With One or More Judges (without jurisdiction) --- the Elected Jefferson Circuit Court Clerk — Jefferson Circuit Court Clerk's Office Employees — Administrative Office of the Courts Employees — Court Administrators — Staff Attorneys — Acting Under Color of State Law --- and Through Defendant's Complicity and Conspiracy With Private Citizens and Entities — Individually or in Any Combination --- Depriving Plaintiffs of Constitutional Rights and Equal Protection — Actionable Under 42 U.S.C. §1983 and 42 U.S.C. §1985 --- Causing and Continuing to Cause Unjust Enrichment for Defendant Susan Wilson --- Based on Damages Caused by Defendant's Direct Actions and Complicity and Conspiracy in Tampering with Physical Evidence Under KRS 524.100 and Under KRS 502.020 (Complicity),

Enabling/Causing Defendant's and Others' Unjust Enrichment; Deprivation and Obstruction of Civil Rights under 42 U.S.C. §§ 1983, 1985(2)-(3), the First, Seventh, and Fourteenth Amendments, and the Supremacy Clause, Art. VI, Cl. 2; Supported by Rankin v. Howard, 633 F. 2d 844 (9th Circuit 1980) and US v. Dugan; Actionable under all aforementioned legal authority and under KRS 209.990, KRS 209.030(2), KRS 502.020, KRS 209.020, KRS 209.050, **KRS 446.070**, 28 U.S.C. § 1367(a); And under **Legally Binding and Conclusive** Judicial Admissions of Liability and Damages pursuant to CR 8.04, 28 U.S.C. § 1367(a); (Conspiracy and Complicity with Full Liability); All aforementioned Causing Harm/Injury, and incorporates, **in part,** the same set of facts, harms/injuries, and legally binding and conclusive judicial admissions now as a basis for federal relief, including but not limited to punitive damages. Plaintiffs incorporate by reference in full detail **Sections XVIII, XIX, XXXVI, XXVI, XXX, XXXII, XXVIII, XXIX, XXXI, XXXV, XXVII, XXXVII, PX-63 through PX-87,** PX-42 through PX-49, PX-108, all 167 Exhibits, and the **First through the Fourteenth FRE 201 Judicial Notices** of judicially **noticed adjudicative facts,** which include approximately **1,044 total adjudicative facts,** including approximately **322 adjudicative facts** supporting **jurisdiction** in the U.S. District Court for the Western District of Washington; **FRE 201 Adjudicative Facts in Judicial NOTICES --- 2 through 8, 10, and 12 --- fully support jurisdiction.** All aforementioned incorporations provide **100% certainty** of fraudulently assigned judges and fraudulently assigned case numbers --- prior to the legal filings by Plaintiffs of all 10 of their year-2025 cases --- with all 10 cases being illegally and fraudulently filed and processed by a non-existent/ non-payroll name in year-2025 --- which did not generate a legal random judge assignment and which did not generate a legal case number assignment --- and thereby provides 100% certainty that Kentucky judges NEVER had jurisdiction and NEVER will have jurisdiction. Plaintiffs assert

Rankin v. Howard, 633 F. 2d 844 (9th Circuit 1980) and United States v. Dugan, 2:25-cr-00089 (E.D. Wis. 2025) regarding judges without jurisdiction. Plaintiffs also incorporate by reference in full detail **Section XXXIX** and the **Twelfth FRE 201 NOTICE --- regarding interstate transfers.**

1270. Defendant Wilson has **legally binding and conclusive judicial admissions of Forgery/Complicity in Forgery** with full liability regarding legal documents dated on or near 3-4-2020, and later, including but not limited to a power of attorney document, a trust revocation document, a Will, and/or a document fraudulently removing Doris Colgate's real estate, located at 410 Wisteria Avenue, Jefferson County, from the Trust.

1271. Defendant Susan Wilson was and is complicit in and conspired in a scheme with Judge Patricia Morris, whereby Judge Morris weaponized a **knowingly false and fraudulent felony accusation** of "unauthorized practice of law" against pro se Plaintiffs—who were acting lawfully under KRS 209.030(2) and as a fiduciary under valid Trust and POA instruments—in order to deny Plaintiffs all access to all Kentucky courts and to **obstruct elder abuse recovery. Patricia Morris's fraudulent felony accusation is also proven by Defendant Susan Wilson's legally binding and conclusive judicial admissions of Plaintiffs' legal standing, Defendant's liability, and Defendant's damages. See PX-12, PX-51.**

1272. This denial was executed **without jurisdiction**, violated Plaintiffs' constitutional rights and statutory rights, and directly benefited Defendant, who remained **unjustly enriched** as a result. The fraudulent accusation by Judge Morris occurred **19 days prior** to Defendant Wilson being legally served by the Jefferson County Sheriff. When filing the Complaint, Plaintiffs paid the mandatory $60 fee directly to the Jefferson Circuit Court Clerk to have legal service by the Sheriff executed immediately.

1273. The timing and coordination of this judicial obstruction before lawful service—despite the court's active role in facilitating Wilson's service demonstrates an **ultra vires abuse** of office by Morris to shield Wilson from litigation and to obstruct and block all statutory recovery.

1274. Direct communication between Wilson and Morris does **not** need to be proven to establish complicity under KRS 502.020 and conspiracy under 42 U.S.C. § 1985(2)-(3) . The judicial act of denying Plaintiffs all court access functioned as **an overt act in furtherance of a shared unlawful objective** to obstruct justice and to illegally protect Wilson from liability, in violation of 42 U.S.C. §§ 1983, 1985(2)-(3) and in Violation of the First, Seventh, and Fourteenth Amendments, and the Supremacy Clause, Art. VI, Cl. 2.

1275. Plaintiffs incorporate by reference in full detail all liability for **similar "Claim for Relief XXII ." Claim for Relief XXII** is legally binding and conclusive based on Defendant's judicial admissions of liability in Kentucky Case No. 25-CI-001371 pursuant to CR 8.04 and 28 U.S.C. § 1367(a).

1276. Susan Wilson was and is **complicit** with and **conspired** with judge Morris or Patricia Morris, who was and is **acting in the absence of jurisdiction.** See **Rankin v. Howard, 633 F. 2d 844 (9th Circuit 1980);** Also refer to **all details in SECTION XII for evidence against Morris, and also for evidence of systemic corruption.**

1277. Plaintiffs accordingly respectfully demand immediate entry of judgment as to liability and a corresponding award of $540,185.41 in Special Damages — established as a legally binding and conclusive sum-certain from Wilson's own substantive CR 8.04 admissions in KY case 25-CI-001371 (PX-51) --- and independently confirmed from four additional defendants' CR 8.04 admissions across four separate Kentucky cases · · which is separate from --- and in addition to all of the following respectfully demanded: Other compensatory damages for continuing losses

caused by Defendant's ongoing fraudulent obstruction of recovery fraudulent concealment — and unjust enrichment — also judicially admitted under CR 8.04. Dividends and interest defrauded from Doris in all five financial instruments --- and Interest to Edward — admitted by Wilson and four additional defendants through CR 8.04 admissions. Plaintiffs also demand declaratory and injunctive relief to prevent the continuing abuses. Plaintiffs demand general damages and punitive damages.

1278. The **foregoing constitutes Plaintiffs' short and plain statement of this claim for relief** in compliance with Fed. R. Civ. P. 8(a)(2).

1279. Additionally, The Defendant's **legally binding and conclusive, judicially admitted participation in forged legal documents/instruments** has resulted in **continuous**, unlawful **tortious interference** with Trustee Edward Colgate's administration of **The Colgate Family Living Trust dated January 29, 2020,** with **each day since March 1, 2020**, constituting a **new act of fraudulent obstruction** and fiduciary harm/injury. This Claim for Relief is pled under a continuing tort doctrine, as Defendant's obstruction of Trustee Edward Colgate's fiduciary duties and Trustee recovery rights under the Trust constitutes an ongoing violation, with each day **renewing** the harm/injury and **tolling** all applicable statutes of limitation. Additionally, **each day that Defendant refuses and fails to report her own elder abuse and tortious fiduciary interference under KRS 209.030 constitutes a new statutory violation**, which further **renews** and **tolls** all relevant statutes of limitation under Kentucky and federal law.

1280. Each day that Judge Morris's and other judges' **fraudulent felony accusations remain embedded in void ab initio orders** constitutes a continuing denial of all Kentucky court access and systemic obstruction of justice in violation of 42 U.S.C. §§ 1983 and 1985(2)-(3), and the First, Seventh, and Fourteenth Amendments. Their collective refusal to report their own and each

other's illegal or fraudulent actions under **KRS 26A.080 and KRS 209.030** perpetuates retaliatory elder abuse under **KRS 209.050**, **renewing** the constitutional and statutory harm/injury daily and **tolling all applicable statutes of limitation** under the continuing tort doctrine.

1281. **No state or federal court in the United States has ever attempted to bar, obstruct, or deny a civil plaintiff from all court access across an entire state by fraudulently accusing them of felonies.** The absurdity and illegality of such an act is so blatant that it has never been attempted by any judge in any jurisdiction. Adding to the absurdity and illegality is the fact that the Defendant had not been legally served yet. Jefferson Circuit Court is the first to attempt this type of illegal act or fraud, which is retaliatory under KRS 209.050, KRS 209.030, KRS 209.990, KRS 26A.015(2), and is an attempt to intimidate and tamper with a witness, which is also a violation of 42 U.S.C. §§ 1983 and 1985(2)-(3).

**CLAIM FOR RELIEF LII**--(Also a Count and Cause of Action) — **Defendant Susan Wilson's Sustained and Compounded Obstruction of Plaintiffs' Recovery — Through Defendant's Complicity and Conspiracy With One or More Judges** (without jurisdiction) — **the Elected Jefferson Circuit Court Clerk — Jefferson Circuit Court Clerk's Office Employees — Administrative Office of the Courts Employees — Court Administrators — Staff Attorneys — Acting Under Color of State Law --- and Through Defendant's Complicity and Conspiracy With Private Citizens and Entities — Individually or in Any Combination — Depriving Plaintiffs of Constitutional Rights and Equal Protection — Actionable Under 42 U.S.C. §1983 and 42 U.S.C. §1985 — Causing and Continuing to Cause Unjust Enrichment for Defendant Susan Wilson --- Based on Damages Caused by Defendant's Direct Actions and Complicity and Conspiracy in Tortious Interference with**

**Contractual Rights and Expectancy, Enabling/Causing Defendant's and Others' Unjust Enrichment; Deprivation and Obstruction of Civil Rights under 42 U.S.C. §§ 1983, 1985(2)-(3), the First, Seventh, and Fourteenth Amendments, and the Supremacy Clause, Art. VI, Cl. 2;** Supported by Rankin v. Howard, 633 F. 2d 844 (9th Circuit 1980) and US v. Dugan; Actionable under all aforementioned legal authority and under KRS 209.990, KRS 209.030(2), KRS 209.020, KRS 209.050, **KRS 446.070**, 28 U.S.C. § 1367(a); And under **Legally Binding and Conclusive** Judicial Admissions of Liability and Damages pursuant to CR 8.04, 28 U.S.C. § 1367(a); (Conspiracy and Complicity with Full Liability); **OR In the Alternative**—Tortious Interference with **Quasi Contracts** / Contractual Rights and Expectancy applying all aforementioned to this alternative since this also has **legally binding and conclusive judicial admissions of liability and damages** pursuant to CR 8.04, 28 U.S.C. § 1367(a) in Kentucky complaint 25-CI-001371 (See PX-51, PX-55, PX-56); All aforementioned Causing Harm/Injury

1282. Plaintiffs reassert and incorporate by reference in full detail all of Section XII: Master Comprehensive Incorporation of Exhibits, Evidentiary Foundation, Jurisdictional Foundation, Record of Judicial Misconduct, Systemic Civil Rights Obstruction, Denial of All Access to All Kentucky Courts, Constitutional and Federal Enforcement Framework, the Supremacy Clause (Art. VI, Cl. 2), and all preceding paragraphs as though fully restated and fully set forth herein this claim for relief/relief entitled to-sought-demanded. Plaintiffs further assert all of the following:

**Plaintiffs hereby assert the following "Short and Plain Statement" (Fed. R. Civ. P. 8(a)(2)):**

1283. Plaintiffs reassert and incorporate by reference in full detail all prior paragraphs, **all paragraphs in Claim for Relief XXIII herein,** including all facts, all statutory violations, and

all legally binding and conclusive judicial **admissions of liability and damages in Claim for Relief XXIII.**

1284. Plaintiffs reassert and incorporate by reference in full detail all legally binding and conclusive judicial admissions of liability and damages in cases 25-CI-001371, 25-CI-001568, 25-CI-001795, 25-CI-001796, 25-CI-001121, with cases 25-CI-001568, 25-CI-001795, 25-CI-001796, 25-CI-001121 **facially fully supporting case 25-CI-001371 (Refer to PX-51 through PX-62 and PX-96, PX-95)**, as though fully restated and fully set forth herein this claim for relief/relief entitled to-sought-demanded.

1285. **Legal Integration:** In additional to the previous application of **supplemental jurisdiction** under **28 U.S.C. § 1367(a) for Claim for Relief XXIII, Claim for Relief LII independently states** a **federal claim for relief** under--- Defendant Susan Wilson's Sustained and Compounded Obstruction of Plaintiffs' Recovery — Through Defendant's Complicity and Conspiracy With One or More Judges (without jurisdiction) · the Elected Jefferson Circuit Court Clerk Jefferson Circuit Court Clerk's Office Employees — Administrative Office of the Courts Employees — Court Administrators — Staff Attorneys — Acting Under Color of State Law --- and Through Defendant's Complicity and Conspiracy With Private Citizens and Entities — Individually or in Any Combination — Depriving Plaintiffs of Constitutional Rights and Equal Protection Actionable Under 42 U.S.C. §1983 and 42 U.S.C. §1985 — Causing and Continuing to Cause Unjust Enrichment for Defendant Susan Wilson --- Based on Damages Caused by Defendant's Direct Actions and Complicity and Conspiracy in Tortious Interference with Contractual Rights and Expectancy, Enabling/Causing Defendant's and Others' Unjust Enrichment; Deprivation and Obstruction of Civil Rights under 42 U.S.C. §§ 1983, 1985(2)-(3), the First, Seventh, and Fourteenth Amendments, and the Supremacy Clause, Art. VI, Cl. 2;

Supported by Rankin v. Howard, 633 F. 2d 844 (9th Circuit 1980) and US v. Dugan; Actionable under all aforementioned legal authority and under KRS 209.990, KRS 209.030(2), KRS 502.020, KRS 209.020, KRS 209.050, KRS 446.070, 28 U.S.C. § 1367(a); And under Legally Binding and Conclusive Judicial Admissions of Liability and Damages pursuant to CR 8.04, 28 U.S.C. § 1367(a); (Conspiracy and Complicity with Full Liability); OR In the Alternative— Tortious Interference with **Quasi Contracts** / Contractual Rights and Expectancy applying all aforementioned to this alternative since this has **legally binding and conclusive judicial admissions of liability and damages** pursuant to CR 8.04, 28 U.S.C. § 1367(a) in Kentucky complaint 25-CI-001371 (See PX-51, PX-55, PX-56); All aforementioned Causing Harm/Injury, and incorporates, **in part,** the same set of facts, harms/injuries, and legally binding and conclusive judicial admissions now as a basis for federal relief, including but not limited to punitive damages. Plaintiffs incorporate by reference in full detail **Sections XVIII, XIX, XXXVI, XXVI, XXX, XXXII, XXVIII, XXIX, XXXI, XXXV, XXVII, XXXVII, PX-63 through PX-87,** PX-42 through PX-49, PX-108, all 167 Exhibits, and the **First through the Fourteenth FRE 201 Judicial Notices** of judicially **noticed adjudicative facts,** which include approximately **1,044 total adjudicative facts,** including approximately **322 adjudicative facts** supporting **jurisdiction** in the U.S. District Court for the Western District of Washington; **FRE 201 Adjudicative Facts in Judicial NOTICES --- 2 through 8, 10, and 12 --- fully support jurisdiction.** All aforementioned incorporations provide **100% certainty** of fraudulently assigned judges and fraudulently assigned case numbers --- prior to the legal filings by Plaintiffs of all 10 of their year-2025 cases --- with all 10 cases being illegally and fraudulently filed and processed by a non-existent/ non-payroll name in year-2025 --- which did not generate a legal random judge assignment and which did not generate a legal case number assignment --- and

thereby provides 100% certainty that Kentucky judges NEVER had jurisdiction and NEVER will have jurisdiction. Plaintiffs assert Rankin v. Howard, 633 F. 2d 844 (9th Circuit 1980) and United States v. Dugan, 2:25-cr-00089 (E.D. Wis. 2025) regarding judges without jurisdiction. Plaintiffs also incorporate by reference in full detail **Section XXXIX** and the **Twelfth FRE 201 NOTICE --- regarding interstate transfers.**

1286. Defendant Wilson has **legally binding and conclusive judicial admissions of Forgery/Complicity in Forgery** with full liability regarding legal documents dated on or near 3-4-2020, and later, including but not limited to a power of attorney document, a trust revocation document, a Will, and/or a document fraudulently removing Doris Colgate's real estate, located at 410 Wisteria Avenue, Jefferson County, from the Trust.

1287. Defendant Susan Wilson was and is complicit in and conspired in a scheme with Judge Patricia Morris, whereby Judge Morris weaponized a **knowingly false and fraudulent felony accusation** of "unauthorized practice of law" against pro se Plaintiffs—who were acting lawfully under KRS 209.030(2) and as a fiduciary under valid Trust and POA instruments—in order to deny Plaintiffs all access to all Kentucky courts and to **obstruct elder abuse recovery. Patricia Morris's fraudulent felony accusation is also proven by Defendant Susan Wilson's legally binding and conclusive judicial admissions of Plaintiffs' legal standing, Defendant's liability, and Defendant's damages.** See **PX-12, PX-51.**

1288. This denial was executed **without jurisdiction**, violated Plaintiffs' constitutional rights and statutory rights, and directly benefited Defendant, who remained **unjustly enriched** as a result. The fraudulent accusation by Judge Morris occurred **19 days prior** to Defendant Wilson being legally served by the Jefferson County Sheriff. When filing the Complaint, Plaintiffs paid

the mandatory $60 fee directly to the Jefferson Circuit Court Clerk to have legal service by the Sheriff executed immediately.

1289. The timing and coordination of this judicial obstruction before lawful service—despite the court's active role in facilitating Wilson's service—demonstrates an **ultra vires abuse** of office by Morris to shield Wilson from litigation and to obstruct and block all statutory recovery.

1290. Direct communication between Wilson and Morris does **not** need to be proven to establish complicity under KRS 502.020 and conspiracy under 42 U.S.C. § 1985(2)-(3) . The judicial act of denying Plaintiffs all court access functioned as **an overt act in furtherance of a shared unlawful objective** to obstruct justice and to illegally protect Wilson from liability, in violation of 42 U.S.C. §§ 1983, 1985(2)-(3) and in Violation of the First, Seventh, and Fourteenth Amendments, and the Supremacy Clause, Art. VI, Cl. 2.

1291. Plaintiffs incorporate by reference in full detail all liability for **similar "Claim for Relief XXIII ." Claim for Relief XXIII** is legally binding and conclusive based on Defendant's judicial admissions of liability in Kentucky Case No. 25-CI-001371 pursuant to CR 8.04 and 28 U.S.C. § 1367(a).

1292. Susan Wilson was and is **complicit** with and **conspired** with judge Morris or Patricia Morris, who was and is **acting in the absence of jurisdiction.** See **Rankin v. Howard, 633 F. 2d 844 (9th Circuit 1980);** Also refer to **all details in SECTION XII for evidence against Morris, and also for evidence of systemic corruption.**

1293. Plaintiffs accordingly respectfully demand immediate entry of judgment as to liability and a corresponding award of $540,185.41 in Special Damages — established as a legally binding and conclusive sum-certain from Wilson's own substantive CR 8.04 admissions in KY case 25-CI-001371 (PX-51) --- and independently confirmed from four additional defendants' CR 8.04

admissions across four separate Kentucky cases — which is separate from --- and in addition to all of the following respectfully demanded: Other compensatory damages for continuing losses caused by Defendant's ongoing fraudulent obstruction of recovery — fraudulent concealment — and unjust enrichment — also judicially admitted under CR 8.04. Dividends and interest defrauded from Doris in all five financial instruments --- and Interest to Edward — admitted by Wilson and four additional defendants through CR 8.04 admissions. Plaintiffs also demand declaratory and injunctive relief to prevent the continuing abuses. Plaintiffs demand general damages and punitive damages.

1294. The **foregoing constitutes Plaintiffs' short and plain statement of this claim for relief** in compliance with Fed. R. Civ. P. 8(a)(2).

1295. Additionally, The Defendant's **legally binding and conclusive, judicially admitted participation in forged legal documents/instruments** has resulted in **continuous**, unlawful **tortious interference** with Trustee Edward Colgate's administration of **The Colgate Family Living Trust dated January 29, 2020,** with **each day since March 1, 2020**, constituting a **new act of fraudulent obstruction** and fiduciary harm/injury. This Claim for Relief is pled under a continuing tort doctrine, as Defendant's obstruction of Trustee Edward Colgate's fiduciary duties and Trustee recovery rights under the Trust constitutes an ongoing violation, with each day **renewing** the harm/injury and **tolling** all applicable statutes of limitation. Additionally, **each day that Defendant refuses and fails to report her own elder abuse and tortious fiduciary interference under KRS 209.030 constitutes a new statutory violation**, which further **renews** and **tolls** all relevant statutes of limitation under Kentucky and federal law.

1296. Each day that Judge Morris's and other judges' **fraudulent felony accusations remain embedded in void ab initio orders** constitutes a continuing denial of all Kentucky court access

and systemic obstruction of justice in violation of 42 U.S.C. §§ 1983 and 1985(2)-(3), and the First, Seventh, and Fourteenth Amendments. Their collective refusal to report their own and each other's illegal or fraudulent actions under **KRS 26A.080 and KRS 209.030** perpetuates retaliatory elder abuse under **KRS 209.050, renewing** the constitutional and statutory harm/injury daily and **tolling all applicable statutes of limitation** under the continuing tort doctrine.

1297. **No state or federal court in the United States has ever attempted to bar, obstruct, or deny a civil plaintiff from all court access across an entire state by fraudulently accusing them of felonies.** The absurdity and illegality of such an act is so blatant that it has never been attempted by any judge in any jurisdiction. Adding to the absurdity and illegality is the fact that the Defendant had not been legally served yet. Jefferson Circuit Court is the first to attempt this type of illegal act or fraud, which is retaliatory under KRS 209.050, KRS 209.030, KRS 209.990, KRS 26A.015(2), and is an attempt to intimidate and tamper with a witness, which is also a violation of 42 U.S.C. §§ 1983 and 1985(2)-(3).

**CLAIM FOR RELIEF LIII**--(Also a Count and Cause of Action) — **Defendant Susan Wilson's Sustained and Compounded Obstruction of Plaintiffs' Recovery — Through Defendant's Complicity and Conspiracy With One or More Judges** (without jurisdiction) — **the Elected Jefferson Circuit Court Clerk — Jefferson Circuit Court Clerk's Office Employees — Administrative Office of the Courts Employees — Court Administrators — Staff Attorneys — Acting Under Color of State Law --- and Through Defendant's Complicity and Conspiracy With Private Citizens and Entities — Individually or in Any Combination — Depriving Plaintiffs of Constitutional Rights and Equal Protection — Actionable Under 42 U.S.C. §1983 and 42 U.S.C. §1985 — Causing and Continuing to**

**Cause Unjust Enrichment for Defendant Susan Wilson --- Based on Damages Caused by Defendant's Direct Actions and Complicity and Conspiracy in Obstruction and "Unjust Enrichment," Enabling/Causing Defendant's and Others' Unjust Enrichment; Deprivation and Obstruction of Civil Rights under 42 U.S.C. §§ 1983, 1985(2)-(3), the First, Seventh, and Fourteenth Amendments, and the Supremacy Clause, Art. VI, Cl. 2; Supported by Rankin v. Howard, 633 F. 2d 844 (9th Circuit 1980) and US v. Dugan;** Actionable under all aforementioned legal authority and under KRS 209.990, KRS 209.030(2), KRS 209.020, KRS 209.050, **KRS 446.070**, 28 U.S.C. § 1367(a), and under all claims for relief herein this complaint; And under Legally Binding and Conclusive Judicial Admissions of Liability and Damages pursuant to CR 8.04, 28 U.S.C. § 1367(a); (Conspiracy and Complicity with Full Liability); All aforementioned Causing Harm/Injury

1298. Plaintiffs reassert and incorporate by reference in full detail all of Section XII: Master Comprehensive Incorporation of Exhibits, Evidentiary Foundation, Jurisdictional Foundation, Record of Judicial Misconduct, Systemic Civil Rights Obstruction, Denial of All Access to All Kentucky Courts, Constitutional and Federal Enforcement Framework, the Supremacy Clause (Art. VI, Cl. 2), and all preceding paragraphs as though fully restated and fully set forth herein this claim for relief/relief entitled to-sought-demanded. Plaintiffs further assert all of the following:

**Plaintiffs hereby assert the following "Short and Plain Statement" (Fed. R. Civ. P. 8(a)(2)):**

1299. Plaintiffs reassert and incorporate by reference in full detail all prior paragraphs, **all paragraphs in Claim for Relief XXIV herein,** including all facts, all statutory violations, and all legally binding and conclusive judicial **admissions of liability and damages in Claim for Relief XXIV.**

1300. Plaintiffs reassert and incorporate by reference in full detail all legally binding and conclusive judicial admissions of liability and damages in cases 25-CI-001371, 25-CI-001568, 25-CI-001795, 25-CI-001796, 25-CI-001121, with cases 25-CI-001568, 25-CI-001795, 25-CI-001796, 25-CI-001121 **facially fully supporting case 25-CI-001371 (Refer to PX-51 through PX-62 and PX-96, PX-95)**, as though fully restated and fully set forth herein this claim for relief/relief entitled to-sought-demanded.

1301. **Legal Integration:** In additional to the previous application of **supplemental jurisdiction** under **28 U.S.C. § 1367(a) for Claim for Relief XXIV, Claim for Relief LIII independently states** a **federal claim for relief** under--- Defendant Susan Wilson's Sustained and Compounded Obstruction of Plaintiffs' Recovery — Through Defendant's Complicity and Conspiracy With One or More Judges (without jurisdiction) — the Elected Jefferson Circuit Court Clerk — Jefferson Circuit Court Clerk's Office Employees — Administrative Office of the Courts Employees — Court Administrators — Staff Attorneys — Acting Under Color of State Law --- and Through Defendant's Complicity and Conspiracy With Private Citizens and Entities — Individually or in Any Combination — Depriving Plaintiffs of Constitutional Rights and Equal Protection — Actionable Under 42 U.S.C. §1983 and 42 U.S.C. §1985 — Causing and Continuing to Cause Unjust Enrichment for Defendant Susan Wilson --- Based on Damages Caused by Defendant's Direct Actions and Complicity and Conspiracy in Obstruction and **"Unjust Enrichment,"** Enabling/Causing Defendant's and Others' Unjust Enrichment; Deprivation and Obstruction of Civil Rights under 42 U.S.C. §§ 1983, 1985(2)-(3), the First, Seventh, and Fourteenth Amendments, and the Supremacy Clause, Art. VI, Cl. 2; Supported by Rankin v. Howard, 633 F. 2d 844 (9th Circuit 1980) and US v. Dugan; Actionable under all aforementioned legal authority and under KRS 209.990, KRS 209.030(2), KRS 209.020, KRS

209.050, KRS 446.070, 28 U.S.C. § 1367(a), and under all claims for relief herein this complaint; And under Legally Binding and Conclusive Judicial Admissions of Liability and Damages pursuant to CR 8.04, 28 U.S.C. § 1367(a); (Conspiracy and Complicity with Full Liability); All aforementioned Causing Harm/Injury, and incorporates, **in part,** the same set of facts, harms/injuries, and legally binding and conclusive judicial admissions now as a basis for federal relief, including but not limited to punitive damages. Plaintiffs incorporate by reference in full detail **Sections XVIII, XIX, XXXVI, XXVI, XXX, XXXII, XXVIII, XXIX, XXXI, XXXV, XXVII, XXXVII, PX-63 through PX-87,** PX-42 through PX-49, PX-108, all 167 Exhibits, and the **First through the Fourteenth FRE 201 Judicial Notices** of judicially **noticed adjudicative facts,** which include approximately **1,044 total adjudicative facts,** including approximately **322 adjudicative facts** supporting **jurisdiction** in the U.S. District Court for the Western District of Washington; **FRE 201 Adjudicative Facts in Judicial NOTICES --- 2 through 8, 10, and 12 --- fully support jurisdiction.** All aforementioned incorporations provide **100% certainty** of fraudulently assigned judges and fraudulently assigned case numbers --- prior to the legal filings by Plaintiffs of all 10 of their year-2025 cases --- with all 10 cases being illegally and fraudulently filed and processed by a non-existent/ non-payroll name in year-2025 --- which did not generate a legal random judge assignment and which did not generate a legal case number assignment --- and thereby provides 100% certainty that Kentucky judges NEVER had jurisdiction and NEVER will have jurisdiction. Plaintiffs assert Rankin v. Howard, 633 F. 2d 844 (9th Circuit 1980) and United States v. Dugan, 2:25-cr-00089 (E.D. Wis. 2025) regarding judges without jurisdiction.

1302. Defendant Wilson has **legally binding and conclusive judicial admissions of Forgery/Complicity in Forgery** with full liability regarding legal documents dated on or near

3-4-2020, and later, including but not limited to a power of attorney document, a trust revocation document, a Will, and/or a document fraudulently removing Doris Colgate's real estate, located at 410 Wisteria Avenue, Jefferson County, from the Trust.

1303. Defendant Susan Wilson was and is complicit in and conspired in a scheme with Judge Patricia Morris, whereby Judge Morris weaponized a **knowingly false and fraudulent felony accusation** of "unauthorized practice of law" against pro se Plaintiffs—who were acting lawfully under KRS 209.030(2) and as a fiduciary under valid Trust and POA instruments—in order to deny Plaintiffs all access to all Kentucky courts and to **obstruct elder abuse recovery. Patricia Morris's fraudulent felony accusation is also proven by Defendant Susan Wilson's legally binding and conclusive judicial admissions of Plaintiffs' legal standing, Defendant's liability, and Defendant's damages.** See **PX-12, PX-51.**

1304. This denial was executed **without jurisdiction**, violated Plaintiffs' constitutional rights and statutory rights, and directly benefited Defendant, who remained **unjustly enriched** as a result. The fraudulent accusation by Judge Morris occurred **19 days prior** to Defendant Wilson being legally served by the Jefferson County Sheriff. When filing the Complaint, Plaintiffs paid the mandatory $60 fee directly to the Jefferson Circuit Court Clerk to have legal service by the Sheriff executed immediately.

1305. The timing and coordination of this judicial obstruction before lawful service—despite the court's active role in facilitating Wilson's service—demonstrates an **ultra vires abuse** of office by Morris to shield Wilson from litigation and to obstruct and block all statutory recovery.

1306. Direct communication between Wilson and Morris does **not** need to be proven to establish complicity under KRS 502.020 and conspiracy under 42 U.S.C. § 1985(2)-(3) . The judicial act of denying Plaintiffs all court access functioned as **an overt act in furtherance of a shared**

**unlawful objective** to obstruct justice and to illegally protect Wilson from liability, in violation of 42 U.S.C. §§ 1983, 1985(2)-(3) and in Violation of the First, Seventh, and Fourteenth Amendments, and the Supremacy Clause, Art. VI, Cl. 2.

1307. Plaintiffs incorporate by reference in full detail all liability for **similar "Claim for Relief XXIV ." Claim for Relief XXIV** is legally binding and conclusive based on Defendant's judicial admissions of liability in Kentucky Case No. 25-CI-001371 pursuant to CR 8.04 and 28 U.S.C. § 1367(a).

1308. Susan Wilson was and is **complicit** with and **conspired** with judge Morris or Patricia Morris, who was and is **acting in the absence of jurisdiction.** See **Rankin v. Howard, 633 F. 2d 844 (9th Circuit 1980);** Also refer to **all details in SECTION XII for evidence against Morris, and also for evidence of systemic corruption.**

1309. Plaintiffs accordingly respectfully demand immediate entry of judgment as to liability and a corresponding award of $540,185.41 in Special Damages --- established as a legally binding and conclusive sum-certain from Wilson's own substantive CR 8.04 admissions in KY case 25-CI-001371 (PX-51) --- and independently confirmed from four additional defendants' CR 8.04 admissions across four separate Kentucky cases --- which is separate from --- and in addition to all of the following respectfully demanded: Other compensatory damages for continuing losses caused by Defendant's ongoing fraudulent obstruction of recovery — fraudulent concealment --- and unjust enrichment --- also judicially admitted under CR 8.04. Dividends and interest defrauded from Doris in all five financial instruments --- and Interest to Edward — admitted by Wilson and four additional defendants through CR 8.04 admissions. Plaintiffs also demand declaratory and injunctive relief to prevent the continuing abuses. Plaintiffs demand general damages and punitive damages.


Edward Colgate 22023 SE Wax Rd., Box 1452, Maple Valley, WA 98038, King Co.

1310. The **foregoing constitutes Plaintiffs' short and plain statement of this claim for relief** in compliance with Fed. R. Civ. P. 8(a)(2).

1311. Additionally, The Defendant's **legally binding and conclusive, judicially admitted participation in forged legal documents/instruments** has resulted in **continuous**, unlawful **tortious interference** with Trustee Edward Colgate's administration of **The Colgate Family Living Trust dated January 29, 2020,** with **each day since March 1, 2020**, constituting a **new act of fraudulent obstruction** and fiduciary harm/injury. This Claim for Relief is pled under a continuing tort doctrine, as Defendant's obstruction of Trustee Edward Colgate's fiduciary duties and Trustee recovery rights under the Trust constitutes an ongoing violation, with each day **renewing** the harm/injury and **tolling** all applicable statutes of limitation. Additionally, **each day that Defendant refuses and fails to report her own elder abuse and tortious fiduciary interference under KRS 209.030 constitutes a new statutory violation**, which further **renews** and **tolls** all relevant statutes of limitation under Kentucky and federal law.

1312. Each day that Judge Morris's and other judges' **fraudulent felony accusations remain embedded in void ab initio orders** constitutes a continuing denial of all Kentucky court access and systemic obstruction of justice in violation of 42 U.S.C. §§ 1983 and 1985(2)-(3), and the First, Seventh, and Fourteenth Amendments. Their collective refusal to report their own and each other's illegal or fraudulent actions under **KRS 26A.080 and KRS 209.030** perpetuates retaliatory elder abuse under **KRS 209.050, renewing** the constitutional and statutory harm/injury daily and **tolling all applicable statutes of limitation** under the continuing tort doctrine.

1313. **No state or federal court in the United States has ever attempted to bar, obstruct, or deny a civil plaintiff from all court access across an entire state by fraudulently accusing**

**them of felonies.** The absurdity and illegality of such an act is so blatant that it has never been attempted by any judge in any jurisdiction. Adding to the absurdity and illegality is the fact that the Defendant had not been legally served yet. Jefferson Circuit Court is the first to attempt this type of illegal act or fraud, which is retaliatory under KRS 209.050, KRS 209.030, KRS 209.990, KRS 26A.015(2), and is an attempt to intimidate and tamper with a witness, which is also a violation of 42 U.S.C. §§ 1983 and 1985(2)-(3).

**CLAIM FOR RELIEF LIV**--(Also a Count and Cause of Action) — **Defendant Susan Wilson's Sustained and Componnded Obstruction of Plaintiffs' Recovery — Through Defendant's Complicity and Conspiracy With One or More Judges** (without jurisdiction) — **the Elected Jefferson Circuit Court Clerk — Jefferson Circuit Court Clerk's Office Employees — Administrative Office of the Courts Employees — Court Administrators — Staff Attorneys — Acting Under Color of State Law --- and Through Defendant's Complicity and Conspiracy With Private Citizens and Entities — Individually or in Any Combination — Depriving Plaintiffs of Constitutional Rights and Equal Protection — Actionable Under 42 U.S.C. §1983 and 42 U.S.C. §1985 — Causing and Continuing to Cause Unjust Enrichment for Defendant Susan Wilson --- Based on Damages Caused by Defendant's Direct Actions and Complicity and Conspiracy in "Fraudulent Insurance Acts" under KRS 304.47-020 and KRS 502.020 (Complicity), in Furtherance of Elder Abuse, Regarding Doris Colgate's Protective Life Insurance Company Annuity Fund that was Valued at $54,013.09, Enabling/Causing Defendant's and Others' Unjust Enrichment; Deprivation and Obstruction of Civil Rights under 42 U.S.C. §§ 1983, 1985(2)-(3), the First, Seventh, and Fourteenth Amendments, and the Supremacy Clause, Art. VI, Cl. 2;** Supported by Rankin v. Howard, 633 F. 2d 844 (9th Circuit 1980) and US v. Dugan; Actionable

under all aforementioned legal authority and under KRS 209.030(2), KRS 209.020, KRS 209.050, KRS 209.990, **KRS 446.070**, 28 U.S.C. § 1367(a); And under **Legally Binding and Conclusive** Judicial Admissions of Liability and Damages pursuant to CR 8.04, 28 U.S.C. § 1367(a); (Conspiracy and Complicity with Full Liability); All aforementioned Causing Harm/Injury

1314. Plaintiffs reassert and incorporate by reference in full detail all of Section XII: Master Comprehensive Incorporation of Exhibits, Evidentiary Foundation, Jurisdictional Foundation, Record of Judicial Misconduct, Systemic Civil Rights Obstruction, Denial of All Access to All Kentucky Courts, Constitutional and Federal Enforcement Framework, the Supremacy Clause (Art. VI, Cl. 2), and all preceding paragraphs as though fully restated and fully set forth herein this claim for relief/relief entitled to-sought-demanded. Plaintiffs further assert all of the following:

**Plaintiffs hereby assert the following "Short and Plain Statement" (Fed. R. Civ. P. 8(a)(2)):**

1315. Plaintiffs reassert and incorporate by reference in full detail all prior paragraphs, **all paragraphs in Claim for Relief XXV herein,** including all facts, all statutory violations, and all legally binding and conclusive judicial **admissions of liability and damages in Claim for Relief XXV.** On or about **January 26, 2023,** Defendant Susan Wilson was knowingly complicit in enabling the fraudulent full liquidation of a Protective Life Insurance Company Annuity account (Contract No. [redacted]0213), held in the name of Doris Colgate, in the amount of **$54,013.09,** without Doris's informed consent, and without legal authority.

1316. Plaintiffs reassert and incorporate by reference in full detail all legally binding and conclusive judicial admissions of liability and damages in cases 25-CI-001371, 25-CI-001568, 25-CI-001795, 25-CI-001796, 25-CI-001121, with cases 25-CI-001568, 25-CI-001795, 25-CI-

001796, 25-CI-001121 **facially fully supporting case 25-CI-001371 (Refer to PX-51 through PX-62 and PX-96, PX-95)**, as though fully restated and fully set forth herein this claim for relief/relief entitled to-sought-demanded.

1317. **Legal Integration:** In additional to the previous application of **supplemental jurisdiction** under **28 U.S.C. § 1367(a) for Claim for Relief XXV, Claim for Relief LIV independently states** a **federal claim for relief** under--- Defendant Susan Wilson's Sustained and Compounded Obstruction of Plaintiffs' Recovery — Through Defendant's Complicity and Conspiracy With One or More Judges (without jurisdiction) · the Elected Jefferson Circuit Court Clerk — Jefferson Circuit Court Clerk's Office Employees — Administrative Office of the Courts Employees — Court Administrators — Staff Attorneys — Acting Under Color of State Law --- and Through Defendant's Complicity and Conspiracy With Private Citizens and Entities — Individually or in Any Combination — Depriving Plaintiffs of Constitutional Rights and Equal Protection — Actionable Under 42 U.S.C. §1983 and 42 U.S.C. §1985 — Causing and Continuing to Cause Unjust Enrichment for Defendant Susan Wilson --- Based on Damages Caused by Defendant's Direct Actions and Complicity and Conspiracy in "Fraudulent Insurance Acts" under KRS 304.47-020 and KRS 502.020 (Complicity), in Furtherance of Elder Abuse, Regarding Doris Colgate's Protective Life Insurance Company Annuity Fund that was Valued at $54,013.09, Enabling/Causing Defendant's and Others' Unjust Enrichment; Deprivation and Obstruction of Civil Rights under 42 U.S.C. §§ 1983, 1985(2)-(3), the First, Seventh, and Fourteenth Amendments, and the Supremacy Clause, Art. VI, Cl. 2; Supported by Rankin v. Howard, 633 F. 2d 844 (9th Circuit 1980) and US v. Dugan; Actionable under all aforementioned legal authority and under KRS 209.030(2), KRS 209.020, KRS 209.050, KRS 209.990, **KRS 446.070**, 28 U.S.C. § 1367(a); And under **Legally Binding and Conclusive**

Judicial Admissions of Liability and Damages pursuant to CR 8.04, 28 U.S.C. § 1367(a); (Conspiracy and Complicity with Full Liability); All aforementioned Causing Harm/Injury, and incorporates, **in part,** the same set of facts, harms/injuries, and legally binding and conclusive judicial admissions now as a basis for federal relief, including but not limited to punitive damages. Plaintiffs incorporate by reference in full detail **Sections XVIII, XIX, XXXVI, XXVI, XXX, XXXII, XXVIII, XXIX, XXXI, XXXV, XXVII, XXXVII, PX-63 through PX-87,** PX-42 through PX-49, PX-108, all 167 Exhibits, and the **First through the Fourteenth FRE 201 Judicial Notices** of judicially **noticed adjudicative facts,** which include approximately **1,044 total adjudicative facts,** including approximately **322 adjudicative facts** supporting **jurisdiction** in the U.S. District Court for the Western District of Washington; **FRE 201 Adjudicative Facts in Judicial NOTICES --- 2 through 8, 10, and 12 --- fully support jurisdiction.** All aforementioned incorporations provide **100% certainty** of fraudulently assigned judges and fraudulently assigned case numbers --- prior to the legal filings by Plaintiffs of all 10 of their year-2025 cases --- with all 10 cases being illegally and fraudulently filed and processed by a non-existent/ non-payroll name in year-2025 --- which did not generate a legal random judge assignment and which did not generate a legal case number assignment --- and thereby provides 100% certainty that Kentucky judges NEVER had jurisdiction and NEVER will have jurisdiction. Plaintiffs assert Rankin v. Howard, 633 F. 2d 844 (9th Circuit 1980) and United States v. Dugan, 2:25-cr-00089 (E.D. Wis. 2025) regarding judges without jurisdiction.

1318. Defendant Wilson has **legally binding and conclusive judicial admissions of liability and damages regarding fraudulent insurance acts against Doris Colgate's Protective Life Insurance Annuity in the amount of $54,013.09 in Kentucky case 25-CI-001371** and also has legal admissions of Forgery/Complicity in Forgery with full liability regarding legal documents.

1319. Defendant Susan Wilson was and is complicit in and conspired in a scheme with Judge Patricia Morris, whereby Judge Morris weaponized a **knowingly false and fraudulent felony accusation** of "unauthorized practice of law" against pro se Plaintiffs—who were acting lawfully under KRS 209.030(2) and as a fiduciary under valid Trust and POA instruments—in order to deny Plaintiffs all access to all Kentucky courts and to **obstruct elder abuse recovery. Patricia Morris's fraudulent felony accusation is also proven by Defendant Susan Wilson's legally binding and conclusive judicial admissions of Plaintiffs' legal standing, Defendant's liability, and Defendant's damages.** See **PX-12, PX-51, PX-55, PX-56.** Plaintiffs also incorporate by reference in full detail **Section XXXIX** and the **Twelfth FRE 201 NOTICE --- regarding interstate transfers.**

1320. This denial was executed **without jurisdiction**, violated Plaintiffs' constitutional rights and statutory rights, and directly benefited Defendant, who remained **unjustly enriched** as a result. The fraudulent accusation by Judge Morris occurred **19 days prior** to Defendant Wilson being legally served by the Jefferson County Sheriff. When filing the Complaint, Plaintiffs paid the mandatory $60 fee directly to the Jefferson Circuit Court Clerk to have legal service by the Sheriff executed immediately.

1321. The timing and coordination of this judicial obstruction before lawful service—despite the court's active role in facilitating Wilson's service—demonstrates an **ultra vires abuse** of office by Morris to shield Wilson from litigation and to obstruct and block all statutory recovery.

1322. Direct communication between Wilson and Morris does **not** need to be proven to establish complicity under KRS 502.020 and conspiracy under 42 U.S.C. § 1985(2)-(3) . The judicial act of denying Plaintiffs all court access functioned as **an overt act in furtherance of a shared unlawful objective** to obstruct justice and to illegally protect Wilson from liability, in violation

of 42 U.S.C. §§ 1983, 1985(2)-(3) and in Violation of the First, Seventh, and Fourteenth Amendments, and the Supremacy Clause, Art. VI, Cl. 2.

1323. Plaintiffs incorporate by reference in full detail all liability for **similar "Claim for Relief XXV." Claim for Relief XXV** is legally binding and conclusive based on Defendant's judicial admissions of liability in Kentucky Case No. 25-CI-001371 pursuant to CR 8.04 and 28 U.S.C. § 1367(a).

1324. Susan Wilson was and is **complicit** with and **conspired** with judge Morris or Patricia Morris, who was and is **acting in the absence of jurisdiction.** See **Rankin v. Howard, 633 F. 2d 844 (9th Circuit 1980);** Also refer to **all details in SECTION XII for evidence against Morris, and also for evidence of systemic corruption.**

1325. Plaintiffs accordingly respectfully demand immediate entry of judgment as to liability and a corresponding award of $540,185.41 in Special Damages — established as a legally binding and conclusive sum-certain from Wilson's own substantive CR 8.04 admissions in KY case 25-CI-001371 (PX-51) --- and independently confirmed from four additional defendants' CR 8.04 admissions across four separate Kentucky cases — which is separate from --- and in addition to all of the following respectfully demanded: Other compensatory damages for continuing losses caused by Defendant's ongoing fraudulent obstruction of recovery fraudulent concealment and unjust enrichment — also judicially admitted under CR 8.04. Dividends and interest defrauded from Doris in all five financial instruments --- and Interest to Edward — admitted by Wilson and four additional defendants through CR 8.04 admissions. Plaintiffs also demand declaratory and injunctive relief to prevent the continuing abuses. Plaintiffs demand general damages and punitive damages.

1326. The **foregoing constitutes Plaintiffs' short and plain statement of this claim for relief** in compliance with Fed. R. Civ. P. 8(a)(2).

1327. Additionally, The Defendant's **legally binding and conclusive, judicially admitted participation in forged legal documents/instruments** has resulted in **continuous**, unlawful **tortious interference** with Trustee Edward Colgate's administration of **The Colgate Family Living Trust dated January 29, 2020,** with **each day since March 1, 2020**, constituting a **new act of fraudulent obstruction** and fiduciary harm/injury. This Claim for Relief is pled under a continuing tort doctrine, as Defendant's obstruction of Trustee Edward Colgate's fiduciary duties and Trustee recovery rights under the Trust constitutes an ongoing violation, with each day **renewing** the harm/injury and **tolling** all applicable statutes of limitation. Additionally, **each day that Defendant refuses and fails to report her own elder abuse and tortious fiduciary interference under KRS 209.030 constitutes a new statutory violation**, which further **renews** and **tolls** all relevant statutes of limitation under Kentucky and federal law.

1328. Each day that Judge Morris's and other judges' **fraudulent felony accusations remain embedded in void ab initio orders** constitutes a continuing denial of all Kentucky court access and systemic obstruction of justice in violation of 42 U.S.C. §§ 1983 and 1985(2)-(3), and the First, Seventh, and Fourteenth Amendments. Their collective refusal to report their own and each other's illegal or fraudulent actions under **KRS 26A.080 and KRS 209.030** perpetuates retaliatory elder abuse under **KRS 209.050, renewing** the constitutional and statutory harm/injury daily and **tolling all applicable statutes of limitation** under the continuing tort doctrine.

1329. **No state or federal court in the United States has ever attempted to bar, obstruct, or deny a civil plaintiff from all court access across an entire state by fraudulently accusing**

**them of felonies.** The absurdity and illegality of such an act is so blatant that it has never been attempted by any judge in any jurisdiction. Adding to the absurdity and illegality is the fact that the Defendant had not been legally served yet. Jefferson Circuit Court is the first to attempt this type of illegal act or fraud, which is retaliatory under KRS 209.050, KRS 209.030, KRS 209.990, KRS 26A.015(2), and is an attempt to intimidate and tamper with a witness, which is also a violation of 42 U.S.C. §§ 1983 and 1985(2)-(3).

**CLAIM FOR RELIEF LV**--(Also a Count and Cause of Action) — **Defendant Susan Wilson's Sustained and Compounded Obstruction of Plaintiffs' Recovery — Through Defendant's Complicity and Conspiracy With One or More Judges** (without jurisdiction) — **the Elected Jefferson Circuit Court Clerk — Jefferson Circuit Court Clerk's Office Employees — Administrative Office of the Courts Employees — Court Administrators — Staff Attorneys — Acting Under Color of State Law --- and Through Defendant's Complicity and Conspiracy With Private Citizens and Entities — Individually or in Any Combination — Depriving Plaintiffs of Constitutional Rights and Equal Protection — Actionable Under 42 U.S.C. §1983 and 42 U.S.C. §1985 — Causing and Continuing to Cause Unjust Enrichment for Defendant Susan Wilson --- Based on Damages Caused by Defendant's Direct Actions and Complicity and Conspiracy in "Fraudulent Insurance Acts" under KRS 304.47-020 and KRS 502.020 (Complicity), in Furtherance of Elder Abuse, Regarding Doris Colgate's Transamerica Corporation Annuity Fund that was valued at $103,000, Enabling/Causing Defendant's and Others' Unjust Enrichment; Deprivation and Obstruction of Civil Rights under 42 U.S.C. §§ 1983, 1985(2)-(3), the First, Seventh, and Fourteenth Amendments, and the Supremacy Clause, Art. VI, Cl. 2;** Supported by Rankin v. Howard, 633 F. 2d 844 (9th Circuit 1980) and US v. Dugan; Actionable

under all aforementioned legal authority and under KRS 209.030(2), KRS 209.020, KRS 209.050, KRS 209.990, **KRS 446.070**, 28 U.S.C. § 1367(a); And under **Legally Binding and Conclusive** Judicial Admissions of Liability and Damages pursuant to CR 8.04, 28 U.S.C. § 1367(a); (Conspiracy and Complicity with Full Liability); All aforementioned Causing Harm/Injury

1330. Plaintiffs reassert and incorporate by reference in full detail all of Section XII: Master Comprehensive Incorporation of Exhibits, Evidentiary Foundation, Jurisdictional Foundation, Record of Judicial Misconduct, Systemic Civil Rights Obstruction, Denial of All Access to All Kentucky Courts, Constitutional and Federal Enforcement Framework, the Supremacy Clause (Art. VI, Cl. 2), and all preceding paragraphs as though fully restated and fully set forth herein this claim for relief/relief entitled to-sought-demanded. Plaintiffs further assert all of the following:

**Plaintiffs hereby assert the following "Short and Plain Statement" (Fed. R. Civ. P. 8(a)(2)):**

1331. Plaintiffs reassert and incorporate by reference in full detail all prior paragraphs, **all paragraphs in Claim for Relief XXVI herein,** including all facts, all statutory violations, and all legally binding and conclusive judicial **admissions of liability and damages in Claim for Relief XXVI.** On or about **August 28, 2024,** Defendant Susan Wilson was knowingly complicit in enabling the fraudulent full liquidation of this Transamerica Corporation Annuity account (under PNC Investments account ending in 6468), held in the name of Doris Colgate, in the amount of **$103,000,** without Doris's informed consent, and without legal authority.

1332. Plaintiffs reassert and incorporate by reference in full detail all legally binding and conclusive judicial admissions of liability and damages in cases 25-CI-001371, 25-CI-001568, 25-CI-001795, 25-CI-001796, 25-CI-001121, with cases 25-CI-001568, 25-CI-001795, 25-CI-

001796, 25-CI-001121 **facially fully supporting case 25-CI-001371 (Refer to PX-51 through PX-62 and PX-96, PX-95)**, as though fully restated and fully set forth herein this claim for relief/relief entitled to-sought-demanded.

1333. **Legal Integration:** In additional to the previous application of **supplemental jurisdiction** under **28 U.S.C. § 1367(a) for Claim for Relief XXVI, Claim for Relief LV independently states** a **federal claim for relief** under--- Defendant Susan Wilson's Sustained and Compounded Obstruction of Plaintiffs' Recovery — Through Defendant's Complicity and Conspiracy With One or More Judges (without jurisdiction) — the Elected Jefferson Circuit Court Clerk — Jefferson Circuit Court Clerk's Office Employees — Administrative Office of the Courts Employees — Court Administrators — Staff Attorneys — Acting Under Color of State Law --- and Through Defendant's Complicity and Conspiracy With Private Citizens and Entities — Individually or in Any Combination — Depriving Plaintiffs of Constitutional Rights and Equal Protection — Actionable Under 42 U.S.C. §1983 and 42 U.S.C. §1985 — Causing and Continuing to Cause Unjust Enrichment for Defendant Susan Wilson --- Based on Damages Caused by Defendant's Direct Actions and Complicity and Conspiracy in "Fraudulent Insurance Acts" under KRS 304.47-020 and KRS 502.020 (Complicity), in Furtherance of Elder Abuse, Regarding Doris Colgate's Transamerica Corporation Annuity Fund that was valued at $103,000, Enabling/Causing Defendant's and Others' Unjust Enrichment; Deprivation and Obstruction of Civil Rights under 42 U.S.C. §§ 1983, 1985(2)-(3), the First, Seventh, and Fourteenth Amendments, and the Supremacy Clause, Art. VI, Cl. 2; Supported by Rankin v. Howard, 633 F. 2d 844 (9th Circuit 1980) and US v. Dugan; Actionable under all aforementioned legal authority and under KRS 209.030(2), KRS 209.020, KRS 209.050, KRS 209.990, **KRS 446.070**, 28 U.S.C. § 1367(a); And under **Legally Binding and Conclusive** Judicial Admissions of Liability

and Damages pursuant to CR 8.04, 28 U.S.C. § 1367(a); (Conspiracy and Complicity with Full Liability); All aforementioned Causing Harm/Injury, and incorporates, **in part,** the same set of facts, harms/injuries, and legally binding and conclusive judicial admissions now as a basis for federal relief, including but not limited to punitive damages. Plaintiffs incorporate by reference in full detail **Sections XVIII, XIX, XXXVI, XXVI, XXX, XXXII, XXVIII, XXIX, XXXI, XXXV, XXVII, XXXVII, PX-63 through PX-87,** PX-42 through PX-49, PX-108, all 167 Exhibits, and the **First through the Fourteenth FRE 201 Judicial Notices** of judicially **noticed adjudicative facts,** which include approximately **1,044 total adjudicative facts,** including approximately **322 adjudicative facts** supporting **jurisdiction** in the U.S. District Court for the Western District of Washington; **FRE 201 Adjudicative Facts in Judicial NOTICES --- 2 through 8, 10, and 12 --- fully support jurisdiction.** All aforementioned incorporations provide **100% certainty** of fraudulently assigned judges and fraudulently assigned case numbers --- prior to the legal filings by Plaintiffs of all 10 of their year-2025 cases --- with all 10 cases being illegally and fraudulently filed and processed by a non-existent/ non-payroll name in year-2025 --- which did not generate a legal random judge assignment and which did not generate a legal case number assignment --- and thereby provides 100% certainty that Kentucky judges NEVER had jurisdiction and NEVER will have jurisdiction. Plaintiffs assert Rankin v. Howard, 633 F. 2d 844 (9th Circuit 1980) and United States v. Dugan, 2:25-cr-00089 (E.D. Wis. 2025) regarding judges without jurisdiction. Plaintiffs also incorporate by reference in full detail **Section XXXIX** and the **Twelfth FRE 201 NOTICE --- regarding interstate transfers.**

1334. Defendant Wilson has **legally binding and conclusive judicial admissions of Forgery/Complicity in Forgery** with full liability regarding legal documents dated on or near 3-4-2020, and later, including but not limited to a power of attorney document, a trust revocation

document, a Will, and/or a document fraudulently removing Doris Colgate's real estate, located at 410 Wisteria Avenue, Jefferson County, from the Trust.

1335. Defendant Susan Wilson was and is complicit in and conspired in a scheme with Judge Patricia Morris, whereby Judge Morris weaponized a **knowingly false and fraudulent felony accusation** of "unauthorized practice of law" against pro se Plaintiffs—who were acting lawfully under KRS 209.030(2) and as a fiduciary under valid Trust and POA instruments—in order to deny Plaintiffs all access to all Kentucky courts and to **obstruct elder abuse recovery. Patricia Morris's fraudulent felony accusation is also proven by Defendant Susan Wilson's legally binding and conclusive judicial admissions of Plaintiffs' legal standing, Defendant's liability, and Defendant's damages.** See **PX-12, PX-51, PX-55, PX-56.**

1336. This denial was executed **without jurisdiction**, violated Plaintiffs' constitutional rights and statutory rights, and directly benefited Defendant, who remained **unjustly enriched** as a result. The fraudulent accusation by Judge Morris occurred **19 days prior** to Defendant Wilson being legally served by the Jefferson County Sheriff. When filing the Complaint, Plaintiffs paid the mandatory $60 fee directly to the Jefferson Circuit Court Clerk to have legal service by the Sheriff executed immediately.

1337. The timing and coordination of this judicial obstruction before lawful service—despite the court's active role in facilitating Wilson's service—demonstrates an **ultra vires abuse** of office by Morris to shield Wilson from litigation and to obstruct and block all statutory recovery.

1338. Direct communication between Wilson and Morris does **not** need to be proven to establish complicity under KRS 502.020 and conspiracy under 42 U.S.C. § 1985(2)-(3) . The judicial act of denying Plaintiffs all court access functioned as **an overt act in furtherance of a shared unlawful objective** to obstruct justice and to illegally protect Wilson from liability, in violation

of 42 U.S.C. §§ 1983, 1985(2)-(3) and in Violation of the First, Seventh, and Fourteenth Amendments, and the Supremacy Clause, Art. VI, Cl. 2.

1339. Plaintiffs incorporate by reference in full detail all liability for **similar "Claim for Relief XXVI ." Claim for Relief XXVI** is legally binding and conclusive based on Defendant's judicial admissions of liability in Kentucky Case No. 25-CI-001371 pursuant to CR 8.04 and 28 U.S.C. § 1367(a).

1340. Susan Wilson was and is **complicit** with and **conspired** with judge Morris or Patricia Morris, who was and is **acting in the absence of jurisdiction.** See **Rankin v. Howard, 633 F. 2d 844 (9th Circuit 1980);** Also refer to **all details in SECTION XII for evidence against Morris, and also for evidence of systemic corruption.**

1341. Plaintiffs accordingly respectfully demand immediate entry of judgment as to liability and a corresponding award of $540,185.41 in Special Damages — established as a legally binding and conclusive sum-certain from Wilson's own substantive CR 8.04 admissions in KY case 25-CI-001371 (PX-51) --- and independently confirmed from four additional defendants' CR 8.04 admissions across four separate Kentucky cases — which is separate from --- and in addition to all of the following respectfully demanded: Other compensatory damages for continuing losses caused by Defendant's ongoing fraudulent obstruction of recovery — fraudulent concealment — and unjust enrichment — also judicially admitted under CR 8.04. Dividends and interest defrauded from Doris in all five financial instruments --- and Interest to Edward — admitted by Wilson and four additional defendants through CR 8.04 admissions. Plaintiffs also demand declaratory and injunctive relief to prevent the continuing abuses. Plaintiffs demand general damages and punitive damages.

1342. The **foregoing constitutes Plaintiffs' short and plain statement of this claim for relief** in compliance with Fed. R. Civ. P. 8(a)(2).

1343. Additionally, The Defendant's **legally binding and conclusive, judicially admitted participation in forged legal documents/instruments** has resulted in **continuous**, unlawful **tortious interference** with Trustee Edward Colgate's administration of **The Colgate Family Living Trust dated January 29, 2020,** with **each day since March 1, 2020**, constituting a **new act of fraudulent obstruction** and fiduciary harm/injury. This Claim for Relief is pled under a continuing tort doctrine, as Defendant's obstruction of Trustee Edward Colgate's fiduciary duties and Trustee recovery rights under the Trust constitutes an ongoing violation, with each day **renewing** the harm/injury and **tolling** all applicable statutes of limitation. Additionally, **each day that Defendant refuses and fails to report her own elder abuse and tortious fiduciary interference under KRS 209.030 constitutes a new statutory violation**, which further **renews** and **tolls** all relevant statutes of limitation under Kentucky and federal law.

1344. Each day that Judge Morris's and other judges' **fraudulent felony accusations remain embedded in void ab initio orders** constitutes a continuing denial of all Kentucky court access and systemic obstruction of justice in violation of 42 U.S.C. §§ 1983 and 1985(2)-(3), and the First, Seventh, and Fourteenth Amendments. Their collective refusal to report their own and each other's illegal or fraudulent actions under **KRS 26A.080 and KRS 209.030** perpetuates retaliatory elder abuse under **KRS 209.050, renewing** the constitutional and statutory harm/injury daily and **tolling all applicable statutes of limitation** under the continuing tort doctrine.

1345. **No state or federal court in the United States has ever attempted to bar, obstruct, or deny a civil plaintiff from all court access across an entire state by fraudulently accusing**

**them of felonies.** The absurdity and illegality of such an act is so blatant that it bas never been attempted by any judge in any jurisdiction. Adding to the absurdity and illegality is the fact that the Defendant had not been legally served yet. Jefferson Circuit Court is the first to attempt this type of illegal act or fraud, which is retaliatory under KRS 209.050, KRS 209.030, KRS 209.990, KRS 26A.015(2), and is an attempt to intimidate and tamper with a witness, which is also a violation of 42 U.S.C. §§ 1983 and 1985(2)-(3).

**CLAIM FOR RELIEF LVI**--(Also a Count and Cause of Action) — **Defendant Susan Wilson's Sustained and Compounded Obstruction of Plaintiffs' Recovery — Through Defendant's Complicity and Conspiracy With One or More Judges** (without jurisdiction) — **the Elected Jefferson Circuit Court Clerk — Jefferson Circuit Court Clerk's Office Employees — Administrative Office of the Courts Employees — Court Administrators — Staff Attorneys — Acting Under Color of State Law --- and Through Defendant's Complicity and Conspiracy With Private Citizens and Entities — Individually or in Any Combination — Depriving Plaintiffs of Constitutional Rights and Equal Protection — Actionable Under 42 U.S.C. §1983 and 42 U.S.C. §1985 — Causing and Continuing to Cause Unjust Enrichment for Defendant Susan Wilson --- Based on Damages Caused by Defendant's Direct Actions and Complicity and Conspiracy in "Fraudulent Insurance Acts" under KRS 304.47-020 and KRS 502.020 (Complicity), in Furtherance of Elder Abuse, Regarding Doris Colgate's Washington National Annuity that was valued at $27,418.64, Enabling/Causing Defendant's and Others' Unjust Enrichment; Deprivation and Obstruction of Civil Rights under 42 U.S.C. §§ 1983, 1985(2)-(3), the First, Seventh, and Fourteenth Amendments, and the Supremacy Clause, Art. VI, Cl. 2;** Supported by Rankin v. Howard, 633 F. 2d 844 (9th Circuit 1980) and US v. Dugan; Actionable under all

aforementioned legal authority and under KRS 209.030(2), KRS 209.020, KRS 209.050, KRS 209.990, **KRS 446.070**, 28 U.S.C. § 1367(a); And under **Legally Binding and Conclusive** Judicial Admissions of Liability and Damages pursuant to CR 8.04, 28 U.S.C. § 1367(a); (Conspiracy and Complicity with Full Liability); All aforementioned Causing Harm/Injury

1346. Plaintiffs reassert and incorporate by reference in full detail all of Section XII: Master Comprehensive Incorporation of Exhibits, Evidentiary Foundation, Jurisdictional Foundation, Record of Judicial Misconduct, Systemic Civil Rights Obstruction, Denial of All Access to All Kentucky Courts, Constitutional and Federal Enforcement Framework, the Supremacy Clause (Art. VI, Cl. 2), and all preceding paragraphs as though fully restated and fully set forth herein this claim for relief/relief entitled to-sought-demanded. Plaintiffs further assert all of the following:

**Plaintiffs hereby assert the following "Short and Plain Statement" (Fed. R. Civ. P. 8(a)(2)):**

1347. Plaintiffs reassert and incorporate by reference in full detail all prior paragraphs, **all paragraphs in Claim for Relief XXVII herein,** including all facts, all statutory violations, and all legally binding and conclusive judicial **admissions of liability and damages in Claim for Relief XXVII.**

1348. Plaintiffs reassert and incorporate by reference in full detail all legally binding and conclusive judicial admissions of liability and damages in cases 25-CI-001371, 25-CI-001568, 25-CI-001795, 25-CI-001796, 25-CI-001121, with cases 25-CI-001568, 25-CI-001795, 25-CI-001796, 25-CI-001121 **facially fully supporting case 25-CI-001371 (Refer to PX-51 through PX-62 and PX-96, PX-95)**, as though fully restated and fully set forth herein this claim for relief/relief entitled to-sought-demanded.


Edward Colgate 22023 SE Wax Rd., Box 1452, Maple Valley, WA 98038, King Co.

1349. **Legal Integration:** In additional to the previous application of **supplemental jurisdiction** under **28 U.S.C. § 1367(a) for Claim for Relief XXVII, Claim for Relief LVI independently states** a **federal claim for relief** under--- Defendant Susan Wilson's Sustained and Compounded Obstruction of Plaintiffs' Recovery — Through Defendant's Complicity and Conspiracy With One or More Judges (without jurisdiction) — the Elected Jefferson Circuit Court Clerk — Jefferson Circuit Court Clerk's Office Employees — Administrative Office of the Courts Employees — Court Administrators — Staff Attorneys — Acting Under Color of State Law --- and Through Defendant's Complicity and Conspiracy With Private Citizens and Entities — Individually or in Any Combination -- Depriving Plaintiffs of Constitutional Rights and Equal Protection — Actionable Under 42 U.S.C. §1983 and 42 U.S.C. §1985 — Causing and Continuing to Cause Unjust Enrichment for Defendant Susan Wilson --- Based on Damages Caused by Defendant's Direct Actions and Complicity and Conspiracy in "Fraudulent Insurance Acts" under KRS 304.47-020 and KRS 502.020 (Complicity), in Furtherance of Elder Abuse, Regarding Doris Colgate's Washington National Annuity that was valued at $27,418.64, Enabling/Causing Defendant's and Others' Unjust Enrichment; Deprivation and Obstruction of Civil Rights under 42 U.S.C. §§ 1983, 1985(2)-(3), the First, Seventh, and Fourteenth Amendments, and the Supremacy Clause, Art. VI, Cl. 2; Supported by Rankin v. Howard, 633 F. 2d 844 (9th Circuit 1980) and US v. Dugan; Actionable under all aforementioned legal authority and under KRS 209.030(2), KRS 209.020, KRS 209.050, KRS 209.990, **KRS 446.070**, 28 U.S.C. § 1367(a); And under **Legally Binding and Conclusive** Judicial Admissions of Liability and Damages pursuant to CR 8.04, 28 U.S.C. § 1367(a); (Conspiracy and Complicity with Full Liability); All aforementioned Causing Harm/Injury, and incorporates**, in part,** the same set of facts, harms/injuries, and legally binding and conclusive judicial admissions now as a basis for

federal relief, including but not limited to punitive damages. Plaintiffs incorporate by reference in full detail **Sections XVIII, XIX, XXXVI, XXVI, XXX, XXXII, XXVIII, XXIX, XXXI, XXXV, XXVII, XXXVII, PX-63 through PX-87,** PX-42 through PX-49, PX-108, all 167 Exhibits, and the **First through the Fourteenth FRE 201 Judicial Notices** of judicially **noticed adjudicative facts,** which include approximately **1,044 total adjudicative facts,** including approximately **322 adjudicative facts** supporting **jurisdiction** in the U.S. District Court for the Western District of Washington; **FRE 201 Adjudicative Facts in Judicial NOTICES --- 2 through 8, 10, and 12 --- fully support jurisdiction.** All aforementioned incorporations provide **100% certainty** of fraudulently assigned judges and fraudulently assigned case numbers --- prior to the legal filings by Plaintiffs of all 10 of their year-2025 cases --- with all 10 cases being illegally and fraudulently filed and processed by a non-existent/ non-payroll name in year-2025 --- which did not generate a legal random judge assignment and which did not generate a legal case number assignment --- and thereby provides 100% certainty that Kentucky judges NEVER had jurisdiction and NEVER will have jurisdiction. Plaintiffs assert Rankin v. Howard, 633 F. 2d 844 (9th Circuit 1980) and United States v. Dugan, 2:25-cr-00089 (E.D. Wis. 2025) regarding judges without jurisdiction. Plaintiffs also incorporate by reference in full detail **Section XXXIX** and the **Twelfth FRE 201 NOTICE --- regarding interstate transfers.**

1350. Defendant Wilson has **legally binding and conclusive judicial admissions of Forgery/Complicity in Forgery** with full liability regarding legal documents dated on or near 3-4-2020, and later, including but not limited to a power of attorney document, a trust revocation document, a Will, and/or a document fraudulently removing Doris Colgate's real estate, located at 410 Wisteria Avenue, Jefferson County, from the Trust.

1351. Defendant Susan Wilson was and is complicit in and conspired in a scheme with Judge Patricia Morris, whereby Judge Morris weaponized a **knowingly false and fraudulent felony accusation** of "unauthorized practice of law" against pro se Plaintiffs— —who were acting lawfully under KRS 209.030(2) and as a fiduciary under valid Trust and POA instruments—in order to deny Plaintiffs all access to all Kentucky courts and to **obstruct elder abuse recovery. Patricia Morris's fraudulent felony accusation is also proven by Defendant Susan Wilson's legally binding and conclusive judicial admissions of Plaintiffs' legal standing, Defendant's liability, and Defendant's damages.** See **PX-12, PX-51.**

1352. This denial was executed **without jurisdiction**, violated Plaintiffs' constitutional rights and statutory rights, and directly benefited Defendant, who remained **unjustly enriched** as a result. The fraudulent accusation by Judge Morris occurred **19 days prior** to Defendant Wilson being legally served by the Jefferson County Sheriff. When filing the Complaint, Plaintiffs paid the mandatory $60 fee directly to the Jefferson Circuit Court Clerk to have legal service by the Sheriff executed immediately.

1353. The timing and coordination of this judicial obstruction before lawful service—despite the court's active role in facilitating Wilson's service—demonstrates an **ultra vires abuse** of office by Morris to shield Wilson from litigation and to obstruct and block all statutory recovery.

1354. Direct communication between Wilson and Morris does **not** need to be proven to establish complicity under KRS 502.020 and conspiracy under 42 U.S.C. § 1985(2)-(3) . The judicial act of denying Plaintiffs all court access functioned as **an overt act in furtherance of a shared unlawful objective** to obstruct justice and to illegally protect Wilson from liability, in violation of 42 U.S.C. §§ 1983, 1985(2)-(3) and in Violation of the First, Seventh, and Fourteenth Amendments, and the Supremacy Clause, Art. VI, Cl. 2.

1355. Plaintiffs incorporate by reference in full detail all liability for **similar "Claim for Relief XXVII ." Claim for Relief XXVII** is legally binding and conclusive based on Defendant's judicial admissions of liability in Kentucky Case No. 25-CI-001371 pursuant to CR 8.04 and 28 U.S.C. § 1367(a).

1356. Susan Wilson was and is **complicit** with and **conspired** with judge Morris or Patricia Morris, who was and is **acting in the absence of jurisdiction.** See **Rankin v. Howard, 633 F. 2d 844 (9th Circuit 1980);** Also refer to **all details in SECTION XII for evidence against Morris, and also for evidence of systemic corruption.**

1357. Plaintiffs accordingly respectfully demand immediate entry of judgment as to liability and a corresponding award of $540,185.41 in Special Damages — established as a legally binding and conclusive sum-certain from Wilson's own substantive CR 8.04 admissions in KY case 25-CI-001371 (PX-51) --- and independently confirmed from four additional defendants' CR 8.04 admissions across four separate Kentucky cases — which is separate from --- and in addition to all of the following respectfully demanded: Other compensatory damages for continning losses caused by Defendant's ongoing fraudulent obstruction of recovery — fraudulent concealment — and unjust enrichment — also judicially admitted under CR 8.04. Dividends and interest defrauded from Doris in all five financial instruments --- and Interest to Edward — admitted by Wilson and four additional defendants through CR 8.04 admissions. Plaintiffs also demand declaratory and injunctive relief to prevent the continuing abuses. Plaintiffs demand general damages and punitive damages.

1358. The **foregoing constitutes Plaintiffs' short and plain statement of this claim for relief** in compliance with Fed. R. Civ. P. 8(a)(2).


Edward Colgate 22023 SE Wax Rd., Box 1452, Maple Valley, WA 98038, King Co.

1359. Additionally, The Defendant's **legally binding and conclusive, judicially admitted participation in forged legal documents/instruments** has resulted in **continuous**, unlawful **tortious interference** with Trustee Edward Colgate's administration of **The Colgate Family Living Trust dated January 29, 2020,** with **each day since March 1, 2020**, constituting a **new act of fraudulent obstruction** and fiduciary harm/injury. This Claim for Relief is pled under a continuing tort doctrine, as Defendant's obstruction of Trustee Edward Colgate's fiduciary duties and Trustee recovery rights under the Trust constitutes an ongoing violation, with each day **renewing** the harm/injury and **tolling** all applicable statutes of limitation. Additionally, **each day that Defendant refuses and fails to report her own elder abuse and tortious fiduciary interference under KRS 209.030 constitutes a new statutory violation**, which further **renews** and **tolls** all relevant statutes of limitation under Kentucky and federal law.

1360. Each day that Judge Morris's and other judges' **fraudulent felony accusations remain embedded in void ab initio orders** constitutes a continuing denial of all Kentucky court access and systemic obstruction of justice in violation of 42 U.S.C. §§ 1983 and 1985(2)-(3), and the First, Seventh, and Fourteenth Amendments. Their collective refusal to report their own and each other's illegal or fraudulent actions under **KRS 26A.080 and KRS 209.030** perpetuates retaliatory elder abuse under **KRS 209.050, renewing** the constitutional and statutory harm/injury daily and **tolling all applicable statutes of limitation** under the continuing tort doctrine.

1361. **No state or federal court in the United States has ever attempted to bar, obstruct, or deny a civil plaintiff from all court access across an entire state by fraudulently accusing them of felonies.** The absurdity and illegality of such an act is so blatant that it has never been attempted by any judge in any jurisdiction. Adding to the absurdity and illegality is the fact that

the Defendant had not been legally served yet. Jefferson Circuit Court is the first to attempt this type of illegal act or fraud, which is retaliatory under KRS 209.050, KRS 209.030, KRS 209.990, KRS 26A.015(2), and is an attempt to intimidate and tamper with a witness, which is also a violation of 42 U.S.C. §§ 1983 and 1985(2)-(3).

**CLAIM FOR RELIEF LVII**--(Also a Count and Cause of Action) — **Defendant Susan Wilson's Sustained and Compounded Obstruction of Plaintiffs' Recovery — Through Defendant's Complicity and Conspiracy With One or More Judges** (without jurisdiction) — **the Elected Jefferson Circuit Court Clerk — Jefferson Circuit Court Clerk's Office Employees — Administrative Office of the Courts Employees — Court Administrators — Staff Attorneys — Acting Under Color of State Law --- and Through Defendant's Complicity and Conspiracy With Private Citizens and Entities — Individually or in Any Combination — Depriving Plaintiffs of Constitutional Rights and Equal Protection — Actionable Under 42 U.S.C. §1983 and 42 U.S.C. §1985 — Causing and Continuing to Cause Unjust Enrichment for Defendant Susan Wilson --- Based on Damages Caused by Defendant's Direct Actions and Complicity and Conspiracy in "Fraudulent Securities Practices" under KRS 292.320 and KRS 502.020 (Complicity), in Furtherance of Elder Abuse, Regarding Doris Colgate's Truist/BB&T/Sheffield/ Computershare Inc. Securities that were valued at $101,000, Enabling/Causing Defendant's and Others' Unjust Enrichment; Deprivation and Obstruction of Civil Rights under 42 U.S.C. §§ 1983, 1985(2)-(3), the First, Seventh, and Fourteenth Amendments, and the Supremacy Clause, Art. VI, Cl. 2;** Supported by Rankin v. Howard, 633 F. 2d 844 (9th Circuit 1980) and US v. Dugan; Actionable under all aforementioned legal authority and under KRS 209.030(2), KRS 209.020, KRS 209.050, KRS 209.990, **KRS 446.070**, 28 U.S.C. § 1367(a); And under **Legally**

**Binding and Conclusive** Judicial Admissions of Liability and Damages pursuant to CR 8.04, 28 U.S.C. § 1367(a); (Conspiracy and Complicity with Full Liability); All aforementioned Causing Harm/Injury

1362. Plaintiffs reassert and incorporate by reference in full detail all of Section XII: Master Comprehensive Incorporation of Exhibits, Evidentiary Foundation, Jurisdictional Foundation, Record of Judicial Misconduct, Systemic Civil Rights Obstruction, Denial of All Access to All Kentucky Courts, Constitutional and Federal Enforcement Framework, the Supremacy Clause (Art. VI, Cl. 2), and all preceding paragraphs as though fully restated and fully set forth herein this claim for relief/relief entitled to-sought-demanded. Plaintiffs further assert all of the following:

**Plaintiffs hereby assert the following "Short and Plain Statement" (Fed. R. Civ. P. 8(a)(2)):**

1363. Plaintiffs reassert and incorporate by reference in full detail all prior paragraphs, **all paragraphs in Claim for Relief XXVIII herein,** including all facts, all statutory violations, and all legally binding and conclusive judicial **admissions of liability and damages in Claim for Relief XXVIII.**

1364. Plaintiffs reassert and incorporate by reference in full detail all legally binding and conclusive judicial admissions of liability and damages in cases 25-CI-001371, 25-CI-001568, 25-CI-001795, 25-CI-001796, 25-CI-001121, with cases 25-CI-001568, 25-CI-001795, 25-CI-001796, 25-CI-001121 **facially fully supporting case 25-CI-001371 (Refer to PX-51 through PX-62 and PX-96, PX-95)**, as though fully restated and fully set forth herein this claim for relief/relief entitled to-sought-demanded.

1365. **Legal Integration:** In additional to the previous application of **supplemental jurisdiction** under **28 U.S.C. § 1367(a) for Claim for Relief XXVIII, Claim for Relief LVII**

**independently states a federal claim for relief** under--- Defendant Susan Wilson's Sustained and Compounded Obstruction of Plaintiffs' Recovery — Through Defendant's Complicity and Conspiracy With One or More Judges (without jurisdiction) - - the Elected Jefferson Circuit Court Clerk — Jefferson Circuit Court Clerk's Office Employees — Administrative Office of the Courts Employees - Court Administrators - Staff Attorneys -- - Acting Under Color of State Law --- and Through Defendant's Complicity and Conspiracy With Private Citizens and Entities — Individually or in Any Combination — Depriving Plaintiffs of Constitutional Rights and Equal Protection — - Actionable Under 42 U.S.C. §1983 and 42 U.S.C. §1985 ---- Causing and Continuing to Cause Unjust Enrichment for Defendant Susan Wilson --- Based on Damages Caused by Defendant's Direct Actions and Complicity and Conspiracy in "Fraudulent Securities Practices" under KRS 292.320 and KRS 502.020 (Complicity), in Furtherance of Elder Abuse, Regarding Doris Colgate's Truist/BB&T/Sheffield/Computershare Inc. Securities that were valued at $101,000, Enabling/Causing Defendant's and Others' Unjust Enrichment; Deprivation and Obstruction of Civil Rights under 42 U.S.C. §§ 1983, 1985(2)-(3), the First, Seventh, and Fourteenth Amendments, and the Supremacy Clause, Art. VI, Cl. 2; Supported by Rankin v. Howard, 633 F. 2d 844 (9th Circuit 1980) and US v. Dugan; Actionable under all aforementioned legal authority and under KRS 209.030(2), KRS 209.020, KRS 209.050, KRS 209.990, **KRS 446.070**, 28 U.S.C. § 1367(a); And under **Legally Binding and Conclusive** Judicial Admissions of Liability and Damages pursuant to CR 8.04, 28 U.S.C. § 1367(a); (Conspiracy and Complicity with Full Liability); All aforementioned Causing Harm/Injury, and incorporates, **in part,** the same set of facts, harms/injuries, and legally binding and conclusive judicial admissions now as a basis for federal relief, including but not limited to punitive damages. Plaintiffs incorporate by reference in full detail **Sections XVIII, XIX, XXXVI, XXVI,**


Edward Colgate 22023 SE Wax Rd., Box 1452, Maple Valley, WA 98038, King Co.

**XXX, XXXII, XXVIII, XXIX, XXXI, XXXV, XXVII, XXXVII, PX-63 through PX-87,** PX-42 through PX-49, PX-108, all 167 Exhibits, and the **First through the Fourteenth FRE 201 Judicial Notices** of judicially **noticed adjudicative facts,** which include approximately **1,044 total adjudicative facts,** including approximately **322 adjudicative facts** supporting **jurisdiction** in the U.S. District Court for the Western District of Washington; **FRE 201 Adjudicative Facts in Judicial NOTICES --- 2 through 8, 10, and 12 --- fully support jurisdiction.** All aforementioned incorporations provide **100% certainty** of fraudulently assigned judges and fraudulently assigned case numbers --- prior to the legal filings by Plaintiffs of all 10 of their year-2025 cases --- with all 10 cases being illegally and fraudulently filed and processed by a non-existent/ non-payroll name in year-2025 --- which did not generate a legal random judge assignment and which did not generate a legal case number assignment --- and thereby provides 100% certainty that Kentucky judges NEVER had jurisdiction and NEVER will have jurisdiction. Plaintiffs assert Rankin v. Howard, 633 F. 2d 844 (9th Circuit 1980) and United States v. Dugan, 2:25-cr-00089 (E.D. Wis. 2025) regarding judges without jurisdiction. Plaintiffs also incorporate by reference in full detail **Section XXXIX** and the **Twelfth FRE 201 NOTICE --- regarding interstate transfers.**

1366. Defendant Wilson has **legally binding and conclusive judicial admissions of Forgery/Complicity in Forgery** with full liability regarding legal documents dated on or near 3-4-2020, and later, including but not limited to a power of attorney document, a trust revocation document, a Will, and/or a document fraudulently removing Doris Colgate's real estate, located at 410 Wisteria Avenue, Jefferson County, from the Trust.

1367. Defendant Susan Wilson was and is complicit in and conspired in a scheme with Judge Patricia Morris, whereby Judge Morris weaponized a **knowingly false and fraudulent felony**

**accusation** of "unauthorized practice of law" against pro se Plaintiffs—who were acting lawfully under KRS 209.030(2) and as a fiduciary under valid Trust and POA instruments—in order to deny Plaintiffs all access to all Kentucky courts and to **obstruct elder abuse recovery. Patricia Morris's fraudulent felony accusation is also proven by Defendant Susan Wilson's legally binding and conclusive judicial admissions of Plaintiffs' legal standing, Defendant's liability, and Defendant's damages.** See **PX-12, PX-51.**

1368. This denial was executed **without jurisdiction,** violated Plaintiffs' constitutional rights and statutory rights, and directly benefited Defendant, who remained **unjustly enriched** as a result. The fraudulent accusation by Judge Morris occurred **19 days prior** to Defendant Wilson being legally served by the Jefferson County Sheriff. When filing the Complaint, Plaintiffs paid the mandatory $60 fee directly to the Jefferson Circuit Court Clerk to have legal service by the Sheriff executed immediately.

1369. The timing and coordination of this judicial obstruction before lawful service—despite the court's active role in facilitating Wilson's service—demonstrates an **ultra vires abuse** of office by Morris to shield Wilson from litigation and to obstruct and block all statutory recovery.

1370. Direct communication between Wilson and Morris does **not** need to be proven to establish complicity under KRS 502.020 and conspiracy under 42 U.S.C. § 1985(2)-(3) . The judicial act of denying Plaintiffs all court access functioned as **an overt act in furtherance of a shared unlawful objective** to obstruct justice and to illegally protect Wilson from liability, in violation of 42 U.S.C. §§ 1983, 1985(2)-(3) and in Violation of the First, Seventh, and Fourteenth Amendments, and the Supremacy Clause, Art. VI, Cl. 2.

1371. Plaintiffs incorporate by reference in full detail all liability for **similar "Claim for Relief XXVIII ." Claim for Relief XXVIII** is legally binding and conclusive based on Defendant's

judicial admissions of liability in Kentucky Case No. 25-CI-001371 pursuant to CR 8.04 and 28 U.S.C. § 1367(a).

1372. Susan Wilson was and is **complicit** with and **conspired** with judge Morris or Patricia Morris, who was and is **acting in the absence of jurisdiction.** See **Rankin v. Howard, 633 F. 2d 844 (9th Circuit 1980);** Also refer to **all details in SECTION XII for evidence against Morris, and also for evidence of systemic corruption.**

1373. Plaintiffs accordingly respectfully demand immediate entry of judgment as to liability and a corresponding award of $540,185.41 in Special Damages — established as a legally binding and conclusive sum-certain from Wilson's own substantive CR 8.04 admissions in KY case 25-CI-001371 (PX-51) --- and independently confirmed from four additional defendants' CR 8.04 admissions across four separate Kentucky cases — which is separate from --- and in addition to all of the following respectfully demanded: Other compensatory damages for continuing losses caused by Defendant's ongoing fraudulent obstruction of recovery --- fraudulent concealment --- and unjust enrichment — also judicially admitted under CR 8.04. Dividends and interest defrauded from Doris in all five financial instruments --- and Interest to Edward — admitted by Wilson and four additional defendants through CR 8.04 admissions. Plaintiffs also demand declaratory and injunctive relief to prevent the continuing abuses. Plaintiffs demand general damages and punitive damages.

1374. The **foregoing constitutes Plaintiffs' short and plain statement of this claim for relief** in compliance with Fed. R. Civ. P. 8(a)(2).

1375. Additionally, The Defendant's **legally binding and conclusive, judicially admitted participation in forged legal documents/instruments** has resulted in **continuous**, unlawful **tortious interference** with Trustee Edward Colgate's administration of **The Colgate Family**

**Living Trust dated January 29, 2020,** with **each day since March 1, 2020,** constituting a **new act of fraudulent obstruction** and fiduciary harm/injury. This Claim for Relief is pled under a continuing tort doctrine, as Defendant's obstruction of Trustee Edward Colgate's fiduciary duties and Trustee recovery rights under the Trust constitutes an ongoing violation, with each day **renewing** the harm/injury and **tolling** all applicable statutes of limitation. Additionally, **each day that Defendant refuses and fails to report her own elder abuse and tortious fiduciary interference under KRS 209.030 constitutes a new statutory violation**, which further **renews** and **tolls** all relevant statutes of limitation under Kentucky and federal law.

1376. Each day that Judge Morris's and other judges' **fraudulent felony accusations remain embedded in void ab initio orders** constitutes a continuing denial of all Kentucky court access and systemic obstruction of justice in violation of 42 U.S.C. §§ 1983 and 1985(2)-(3), and the First, Seventh, and Fourteenth Amendments. Their collective refusal to report their own and each other's illegal or fraudulent actions under **KRS 26A.080 and KRS 209.030** perpetuates retaliatory elder abuse under **KRS 209.050**, **renewing** the constitutional and statutory harm/injury daily and **tolling all applicable statutes of limitation** under the continuing tort doctrine.

1377. **No state or federal court in the United States has ever attempted to bar, obstruct, or deny a civil plaintiff from all court access across an entire state by fraudulently accusing them of felonies.** The absurdity and illegality of such an act is so blatant that it has never been attempted by any judge in any jurisdiction. Adding to the absurdity and illegality is the fact that the Defendant had not been legally served yet. Jefferson Circuit Court is the first to attempt this type of illegal act or fraud, which is retaliatory under KRS 209.050, KRS 209.030, KRS

209.990, KRS 26A.015(2), and is an attempt to intimidate and tamper with a witness, which is also a violation of 42 U.S.C. §§ 1983 and 1985(2)-(3).

**CLAIM FOR RELIEF LVIII--**(Also a Count and Cause of Action) — **Defendant Susan Wilson's Sustained and Compounded Obstruction of Plaintiffs' Recovery — Through Defendant's Complicity and Conspiracy With One or More Judges** (without jurisdiction) — **the Elected Jefferson Circuit Court Clerk — Jefferson Circuit Court Clerk's Office Employees — Administrative Office of the Courts Employees — Court Administrators — Staff Attorneys — Acting Under Color of State Law --- and Through Defendant's Complicity and Conspiracy With Private Citizens and Entities — Individually or in Any Combination — Depriving Plaintiffs of Constitutional Rights and Equal Protection — Actionable Under 42 U.S.C. §1983 and 42 U.S.C. §1985 — Causing and Continuing to Cause Unjust Enrichment for Defendant Susan Wilson --- Based on Damages Caused by Defendant's Direct Actions and Complicity and Conspiracy in "Fraudulent Securities Practices" under KRS 292.320 and KRS 502.020 (Complicity), in Furtherance of Elder Abuse, Regarding Doris Colgate's Ingredion/ Computershare Inc. Securities that were valued at over $27,000, Enabling/Causing Defendant's and Others' Unjust Enrichment; Deprivation and Obstruction of Civil Rights under 42 U.S.C. §§ 1983, 1985(2)-(3), the First, Seventh, and Fourteenth Amendments, and the Supremacy Clause, Art. VI, Cl. 2;** Supported by Rankin v. Howard, 633 F. 2d 844 (9th Circuit 1980) and US v. Dugan; Actionable under all aforementioned legal authority and under KRS 209.030(2), KRS 209.020, KRS 209.050, KRS 209.990, **KRS 446.070**, 28 U.S.C. § 1367(a); And under **Legally Binding and Conclusive** Judicial Admissions of Liability and Damages pursuant to CR 8.04, 28 U.S.C. §

1367(a); (Conspiracy and Complicity with Full Liability); All aforementioned Causing Harm/Injury

1378. Plaintiffs reassert and incorporate by reference in full detail all of Section XII: Master Comprehensive Incorporation of Exhibits, Evidentiary Foundation, Jurisdictional Foundation, Record of Judicial Misconduct, Systemic Civil Rights Obstruction, Denial of All Access to All Kentucky Courts, Constitutional and Federal Enforcement Framework, the Supremacy Clause (Art. VI, Cl. 2), and all preceding paragraphs as though fully restated and fully set forth herein this claim for relief/relief entitled to-sought-demanded. Plaintiffs further assert all of the following:

**Plaintiffs hereby assert the following "Short and Plain Statement" (Fed. R. Civ. P. 8(a)(2)):**

1379. Plaintiffs reassert and incorporate by reference in full detail all prior paragraphs, **all paragraphs in Claim for Relief XXIX herein,** including all facts, all statutory violations, and all legally binding and conclusive judicial **admissions of liability and damages in Claim for Relief XXIX.**

1380. Plaintiffs reassert and incorporate by reference in full detail all legally binding and conclusive judicial admissions of liability and damages in cases 25-CI-001371, 25-CI-001568, 25-CI-001795, 25-CI-001796, 25-CI-001121, with cases 25-CI-001568, 25-CI-001795, 25-CI-001796, 25-CI-001121 **facially fully supporting case 25-CI-001371 (Refer to PX-51 through PX-62 and PX-96, PX-95)**, as though fully restated and fully set forth herein this claim for relief/relief entitled to-sought-demanded.

1381. **Legal Integration:** In additional to the previous application of **supplemental jurisdiction** under **28 U.S.C. § 1367(a) for Claim for Relief XXIX, Claim for Relief LVIII independently states a federal claim for relief** under--- Defendant Susan Wilson's Sustained

and Compounded Obstruction of Plaintiffs' Recovery — Through Defendant's Complicity and Conspiracy With One or More Judges (without jurisdiction) -- the Elected Jefferson Circuit Court Clerk — Jefferson Circuit Court Clerk's Office Employees — Administrative Office of the Courts Employees --- Court Administrators — Staff Attorneys - Acting Under Color of State Law --- and Through Defendant's Complicity and Conspiracy With Private Citizens and Entities - Individually or in Any Combination - - Depriving Plaintiffs of Constitutional Rights and Equal Protection — Actionable Under 42 U.S.C. §1983 and 42 U.S.C. §1985 — Causing and Continuing to Cause Unjust Enrichment for Defendant Susan Wilson --- Based on Damages Caused by Defendant's Direct Actions and Complicity and Conspiracy in "Fraudulent Securities Practices" under KRS 292.320 and KRS 502.020 (Complicity), in Furtherance of Elder Abuse, Regarding Doris Colgate's Ingredion/ Computershare Inc. Securities that were valued at over $27,000, Enabling/Causing Defendant's and Others' Unjust Enrichment; Deprivation and Obstruction of Civil Rights under 42 U.S.C. §§ 1983, 1985(2)-(3), the First, Seventh, and Fourteenth Amendments, and the Supremacy Clause, Art. VI, Cl. 2; Supported by Rankin v. Howard, 633 F. 2d 844 (9th Circuit 1980); Actionable under all aforementioned legal authority and under KRS 209.030(2), KRS 209.020, KRS 209.050, KRS 209.990, **KRS 446.070**, 28 U.S.C. § 1367(a); And under **Legally Binding and Conclusive** Judicial Admissions of Liability and Damages pursuant to CR 8.04, 28 U.S.C. § 1367(a); (Conspiracy and Complicity with Full Liability); All aforementioned Causing Harm/Injury, and incorporates, **in part,** the same set of facts, harms/injuries, and legally binding and conclusive judicial admissions now as a basis for federal relief, including but not limited to punitive damages. Plaintiffs incorporate by reference in full detail **Sections XVIII, XIX, XXXVI, XXVI, XXX, XXXII, XXVIII, XXIX, XXXI, XXXV, XXVII, XXXVII, PX-63 through PX-87,** PX-42 through PX-49, PX-108, all 167

Exhibits, and the **First through the Fourteenth FRE 201 Judicial Notices** of judicially **noticed adjudicative facts,** which include approximately **1,044 total adjudicative facts,** including approximately **322 adjudicative facts** supporting **jurisdiction** in the U.S. District Court for the Western District of Washington; **FRE 201 Adjudicative Facts in Judicial NOTICES --- 2 through 8, 10, and 12 --- fully support jurisdiction.** All aforementioned incorporations provide **100% certainty** of fraudulently assigned judges and fraudulently assigned case numbers --- prior to the legal filings by Plaintiffs of all 10 of their year-2025 cases --- with all 10 cases being illegally and fraudulently filed and processed by a non-existent/ non-payroll name in year-2025 --- which did not generate a legal random judge assignment and which did not generate a legal case number assignment --- and thereby provides 100% certainty that Kentucky judges NEVER had jurisdiction and NEVER will have jurisdiction. Plaintiffs assert Rankin v. Howard, 633 F. 2d 844 (9th Circuit 1980) and United States v. Dugan, 2:25-cr-00089 (E.D. Wis. 2025) regarding judges without jurisdiction. Plaintiffs also incorporate by reference in full detail **Section XXXIX** and the **Twelfth FRE 201 NOTICE --- regarding interstate transfers.**

1382. Defendant Wilson has **legally binding and conclusive judicial admissions of Forgery/Complicity in Forgery** with full liability regarding legal documents dated on or near 3-4-2020, and later, including but not limited to a power of attorney document, a trust revocation document, a Will, and/or a document fraudulently removing Doris Colgate's real estate, located at 410 Wisteria Avenue, Jefferson County, from the Trust.

1383. Defendant Susan Wilson was and is complicit in and conspired in a scheme with Judge Patricia Morris, whereby Judge Morris weaponized a **knowingly false and fraudulent felony accusation** of "unauthorized practice of law" against pro se Plaintiffs—who were acting lawfully under KRS 209.030(2) and as a fiduciary under valid Trust and POA instruments—in

order to deny Plaintiffs all access to all Kentucky courts and to **obstruct elder abuse recovery. Patricia Morris's fraudulent felony accusation is also proven by Defendant Susan Wilson's legally binding and conclusive judicial admissions of Plaintiffs' legal standing, Defendant's liability, and Defendant's damages.** See **PX-12, PX-51, PX-55, PX-56.**

1384. This denial was executed **without jurisdiction**, violated Plaintiffs' constitutional rights and statutory rights, and directly benefited Defendant, who remained **unjustly enriched** as a result. The fraudulent accusation by Judge Morris occurred **19 days prior** to Defendant Wilson being legally served by the Jefferson County Sheriff. When filing the Complaint, Plaintiffs paid the mandatory $60 fee directly to the Jefferson Circuit Court Clerk to have legal service by the Sheriff executed immediately.

1385. The timing and coordination of this judicial obstruction before lawful service—despite the court's active role in facilitating Wilson's service- demonstrates an **ultra vires abuse** of office by Morris to shield Wilson from litigation and to obstruct and block all statutory recovery.

1386. Direct communication between Wilson and Morris does **not** need to be proven to establish complicity under KRS 502.020 and conspiracy under 42 U.S.C. § 1985(2)-(3) . The judicial act of denying Plaintiffs all court access functioned as **an overt act in furtherance of a shared unlawful objective** to obstruct justice and to illegally protect Wilson from liability, in violation of 42 U.S.C. §§ 1983, 1985(2)-(3) and in Violation of the First, Seventh, and Fourteenth Amendments, and the Supremacy Clause, Art. VI, Cl. 2.

1387. Plaintiffs incorporate by reference in full detail all liability for **similar "Claim for Relief XXIX ." Claim for Relief XXIX** is legally binding and conclusive based on Defendant's judicial admissions of liability in Kentucky Case No. 25-CI-001371 pursuant to CR 8.04 and 28 U.S.C. § 1367(a).

1388. Susan Wilson was and is **complicit** with and **conspired** with judge Morris or Patricia Morris, who was and is **acting in the absence of jurisdiction.** See **Rankin v. Howard, 633 F. 2d 844 (9th Circuit 1980);** Also refer to **all details in SECTION XII for evidence against Morris, and also for evidence of systemic corruption.**

1389. Plaintiffs accordingly respectfully demand immediate entry of judgment as to liability and a corresponding award of $540,185.41 in Special Damages --- established as a legally binding and conclusive sum-certain from Wilson's own substantive CR 8.04 admissions in KY case 25-CI-001371 (PX-51) --- and independently confirmed from four additional defendants' CR 8.04 admissions across four separate Kentucky cases which is separate from --- and in addition to all of the following respectfully demanded: Other compensatory damages for continuing losses caused by Defendant's ongoing fraudulent obstruction of recovery — fraudulent concealment — and unjust enrichment — also judicially admitted under CR 8.04. Dividends and interest defrauded from Doris in all five financial instruments --- and Interest to Edward — admitted by Wilson and four additional defendants through CR 8.04 admissions. Plaintiffs also demand declaratory and injunctive relief to prevent the continuing abuses. Plaintiffs demand general damages and punitive damages.

1390. The **foregoing constitutes Plaintiffs' short and plain statement of this claim for relief** in compliance with Fed. R. Civ. P. 8(a)(2).

1391. Additionally, The Defendant's **legally binding and conclusive, judicially admitted participation in forged legal documents/instruments** has resulted in **continuous**, unlawful **tortious interference** with Trustee Edward Colgate's administration of **The Colgate Family Living Trust dated January 29, 2020,** with **each day since March 1, 2020**, constituting a **new act of fraudulent obstruction** and fiduciary harm/injury. This Claim for Relief is pled under a

continuing tort doctrine, as Defendant's obstruction of Trustee Edward Colgate's fiduciary duties and Trustee recovery rights under the Trust constitutes an ongoing violation, with each day **renewing** the harm/injury and **tolling** all applicable statutes of limitation. Additionally, **each day that Defendant refuses and fails to report her own elder abuse and tortious fiduciary interference under KRS 209.030 constitutes a new statutory violation**, which further **renews** and **tolls** all relevant statutes of limitation under Kentucky and federal law.

1392. Each day that Judge Morris's and other judges' **fraudulent felony accusations remain embedded in void ab initio orders** constitutes a continuing denial of all Kentucky court access and systemic obstruction of justice in violation of 42 U.S.C. §§ 1983 and 1985(2)-(3), and the First, Seventh, and Fourteenth Amendments. Their collective refusal to report their own and each other's illegal or fraudulent actions under **KRS 26A.080 and KRS 209.030** perpetuates retaliatory elder abuse under **KRS 209.050**, **renewing** the constitutional and statutory harm/injury daily and **tolling all applicable statutes of limitation** under the continuing tort doctrine.

1393. **No state or federal court in the United States has ever attempted to bar, obstruct, or deny a civil plaintiff from all court access across an entire state by fraudulently accusing them of felonies.** The absurdity and illegality of such an act is so blatant that it has never been attempted by any judge in any jurisdiction. Adding to the absurdity and illegality is the fact that the Defendant had not been legally served yet. Jefferson Circuit Court is the first to attempt this type of illegal act or fraud, which is retaliatory under KRS 209.050, KRS 209.030, KRS 209.990, KRS 26A.015(2), and is an attempt to intimidate and tamper with a witness, which is also a violation of 42 U.S.C. §§ 1983 and 1985(2)-(3).

**CLAIM FOR RELIEF LIX**--(Also a Count and Cause of Action) — **Defendant Susan Wilson's Sustained and Compounded Obstruction of Plaintiffs' Recovery — Through Defendant's Complicity and Conspiracy With One or More Judges** (without jurisdiction) — **the Elected Jefferson Circuit Court Clerk — Jefferson Circuit Court Clerk's Office Employees — Administrative Office of the Courts Employees — Court Administrators — Staff Attorneys — Acting Under Color of State Law --- and Through Defendant's Complicity and Conspiracy With Private Citizens and Entities — Individually or in Any Combination — Depriving Plaintiffs of Constitutional Rights and Equal Protection — Actionable Under 42 U.S.C. §1983 and 42 U.S.C. §1985 — Causing and Continuing to Cause Unjust Enrichment for Defendant Susan Wilson --- Based on Damages Caused by Defendant's Direct Actions and Complicity and Conspiracy in "Robbery in the second degree" pursuant to KRS 515.030 and KRS 502.020 (Complicity), Enabling/Causing Defendant's and Others' Unjust Enrichment; Deprivation and Obstruction of Civil Rights under 42 U.S.C. §§ 1983, 1985(2)-(3), the First, Seventh, and Fourteenth Amendments, and the Supremacy Clause, Art. VI, Cl. 2;** Supported by Rankin v. Howard, 633 F. 2d 844 (9th Circuit 1980) and US v. Dugan; Actionable under all aforementioned legal authority and under KRS 209.030(2), KRS 209.020, KRS 209.050, KRS 209.990, **KRS 446.070**, 28 U.S.C. § 1367(a); And under **Legally Binding and Conclusive** Judicial Admissions of Liability and Damages pursuant to CR 8.04, 28 U.S.C. § 1367(a); (Conspiracy and Complicity with Full Liability); All aforementioned Causing Harm/Injury

1394. Plaintiffs reassert and incorporate by reference in full detail all of Section XII: Master Comprehensive Incorporation of Exhibits, Evidentiary Foundation, Jurisdictional Foundation, Record of Judicial Misconduct, Systemic Civil Rights Obstruction, Denial of All Access to All

Kentucky Courts, Constitutional and Federal Enforcement Framework, the Supremacy Clause (Art. VI, Cl. 2), and all preceding paragraphs as though fully restated and fully set forth herein this claim for relief/relief entitled to-sought-demanded. Plaintiffs further assert all of the following:

**Plaintiffs hereby assert the following "Short and Plain Statement" (Fed. R. Civ. P. 8(a)(2)):**

1395. Plaintiffs reassert and incorporate by reference in full detail all prior paragraphs, **all paragraphs in Claim for Relief XVIII herein,** including all facts, all statutory violations, and all legally binding and conclusive judicial **admissions of liability and damages in Claim for Relief XVIII.**

1396. Plaintiffs reassert and incorporate by reference in full detail all legally binding and conclusive judicial admissions of liability and damages in cases 25-CI-001371, 25-CI-001568, 25-CI-001795, 25-CI-001796, 25-CI-001121, with cases 25-CI-001568, 25-CI-001795, 25-CI-001796, 25-CI-001121 **facially fully supporting case 25-CI-001371 (Refer to PX-51 through PX-62 and PX-96, PX-95)**, as though fully restated and fully set forth herein this claim for relief/relief entitled to-sought-demanded.

1397. **Legal Integration:** In additional to the previous application of **supplemental jurisdiction** under **28 U.S.C. § 1367(a) for Claim for Relief XVIII, Claim for Relief LIX independently states** a **federal claim for relief** under--- Defendant Susan Wilson's Sustained and Compounded Obstruction of Plaintiffs' Recovery --- Through Defendant's Complicity and Conspiracy With One or More Judges (without jurisdiction) — the Elected Jefferson Circuit Court Clerk Jefferson Circuit Court Clerk's Office Employees — Administrative Office of the Courts Employees — Court Administrators — Staff Attorneys — Acting Under Color of State Law --- and Through Defendant's Complicity and Conspiracy With Private Citizens and Entities

--- Individually or in Any Combination --- Depriving Plaintiffs of Constitutional Rights and Equal Protection — Actionable Under 42 U.S.C. §1983 and 42 U.S.C. §1985 — Causing and Continuing to Cause Unjust Enrichment for Defendant Susan Wilson --- Based on Damages Caused by Defendant's Direct Actions and Complicity and Conspiracy in "Robbery in the second degree" pursuant to KRS 515.030 and KRS 502.020 (Complicity), Enabling/Causing Defendant's and Others' Unjust Enrichment; Deprivation and Obstruction of Civil Rights under 42 U.S.C. §§ 1983, 1985(2)-(3), the First, Seventh, and Fourteenth Amendments, and the Supremacy Clause, Art. VI, Cl. 2; Supported by Rankin v. Howard, 633 F. 2d 844 (9th Circuit 1980) and US v. Dugan; Actionable under all aforementioned legal authority and under KRS 209.030(2), KRS 209.020, KRS 209.050, KRS 209.990, **KRS 446.070**, 28 U.S.C. § 1367(a); And under **Legally Binding and Conclusive** Judicial Admissions of Liability and Damages pursuant to CR 8.04, 28 U.S.C. § 1367(a); (Conspiracy and Complicity with Full Liability); All aforementioned Causing Harm/Injury, and incorporates**, in part,** the same set of facts, harms/injuries, and legally binding and conclusive judicial admissions now as a basis for federal relief, including but not limited to punitive damages. Plaintiffs incorporate by reference in full detail **Sections XVIII, XIX, XXXVI, XXVI, XXX, XXXII, XXVIII, XXIX, XXXI, XXXV, XXVII, XXXVII, PX-63 through PX-87**, PX-42 through PX-49, PX-108, all 167 Exhibits, and the **First through the Fourteenth FRE 201 Judicial Notices** of judicially **noticed adjudicative facts,** which include approximately **1,044 total adjudicative facts,** including approximately **322 adjudicative facts** supporting **jurisdiction** in the U.S. District Court for the Western District of Washington; **FRE 201 Adjudicative Facts in Judicial NOTICES --- 2 through 8, 10, and 12 --- fully support jurisdiction.** All aforementioned incorporations provide **100% certainty** of fraudulently assigned judges and fraudulently assigned case numbers --- prior to the legal filings

by Plaintiffs of all 10 of their year-2025 cases --- with all 10 cases being illegally and fraudulently filed and processed by a non-existent/ non-payroll name in year-2025 --- which did not generate a legal random judge assignment and which did not generate a legal case number assignment --- and thereby provides 100% certainty that Kentucky judges NEVER had jurisdiction and NEVER will have jurisdiction. Plaintiffs assert Rankin v. Howard, 633 F. 2d 844 (9th Circuit 1980) and United States v. Dugan, 2:25-cr-00089 (E.D. Wis. 2025) regarding judges without jurisdiction. Plaintiffs also incorporate by reference in full detail **Section XXXIX** and the **Twelfth FRE 201 NOTICE --- regarding interstate transfers.**

1398. Defendant Wilson has **legally binding and conclusive judicial admissions of Forgery/Complicity in Forgery** with full liability regarding legal documents dated on or near 3-4-2020, and later, including but not limited to a power of attorney document, a trust revocation document, a Will, and/or a document fraudulently removing Doris Colgate's real estate, located at 410 Wisteria Avenue, Jefferson County, from the Trust.

1399. Defendant Susan Wilson was and is complicit in and conspired in a scheme with Judge Patricia Morris, whereby Judge Morris weaponized a **knowingly false and fraudulent felony accusation** of "unauthorized practice of law" against pro se Plaintiffs—who were acting lawfully under KRS 209.030(2) and as a fiduciary under valid Trust and POA instruments—in order to deny Plaintiffs all access to all Kentucky courts and to **obstruct elder abuse recovery. Patricia Morris's fraudulent felony accusation is also proven by Defendant Susan Wilson's legally binding and conclusive judicial admissions of Plaintiffs' legal standing, Defendant's liability, and Defendant's damages.** See **PX-12, PX-51.**

1400. This denial was executed **without jurisdiction**, violated Plaintiffs' constitutional rights and statutory rights, and directly benefited Defendant, who remained **unjustly enriched** as a

result. The fraudulent accusation by Judge Morris occurred **19 days prior** to Defendant Wilson being legally served by the Jefferson County Sheriff. When filing the Complaint, Plaintiffs paid the mandatory $60 fee directly to the Jefferson Circuit Court Clerk to have legal service by the Sheriff executed immediately.

1401. The timing and coordination of this judicial obstruction before lawful service—despite the court's active role in facilitating Wilson's service—demonstrates an **ultra vires abuse** of office by Morris to shield Wilson from litigation and to obstruct and block all statutory recovery.

1402. Direct communication between Wilson and Morris does **not** need to be proven to establish complicity under KRS 502.020 and conspiracy under 42 U.S.C. § 1985(2)-(3) . The judicial act of denying Plaintiffs all court access functioned as **an overt act in furtherance of a shared unlawful objective** to obstruct justice and to illegally protect Wilson from liability, in violation of 42 U.S.C. §§ 1983, 1985(2)-(3) and in Violation of the First, Seventh, and Fourteenth Amendments, and the Supremacy Clause, Art. VI, Cl. 2.

1403. Plaintiffs incorporate by reference in full detail all liability for **similar "Claim for Relief XVIII ." Claim for Relief XVIII** is legally binding and conclusive based on Defendant's judicial admissions of liability in Kentucky Case No. 25-CI-001371 pursuant to CR 8.04 and 28 U.S.C. § 1367(a).

1404. Susan Wilson was and is **complicit** with and **conspired** with judge Morris or Patricia Morris, who was and is **acting in the absence of jurisdiction.** See **Rankin v. Howard, 633 F. 2d 844 (9th Circuit 1980);** Also refer to **all details in SECTION XII for evidence against Morris, and also for evidence of systemic corruption.**

1405. Plaintiffs accordingly respectfully demand immediate entry of judgment as to liability and a corresponding award of $540,185.41 in Special Damages — established as a legally binding

and conclusive sum-certain from Wilson's own substantive CR 8.04 admissions in KY case 25-CI-001371 (PX-51) --- and independently confirmed from four additional defendants' CR 8.04 admissions across four separate Kentucky cases which is separate from --- and in addition to all of the following respectfully demanded: Other compensatory damages for continuing losses caused by Defendant's ongoing fraudulent obstruction of recovery — fraudulent concealment — and unjust enrichment — also judicially admitted under CR 8.04. Dividends and interest defrauded from Doris in all five financial instruments --- and Interest to Edward — admitted by Wilson and four additional defendants through CR 8.04 admissions. Plaintiffs also demand declaratory and injunctive relief to prevent the continuing abuses. Plaintiffs demand general damages and punitive damages.

1406. The **foregoing constitutes Plaintiffs' short and plain statement of this claim for relief** in compliance with Fed. R. Civ. P. 8(a)(2).

1407. Additionally, The Defendant's **legally binding and conclusive, judicially admitted participation in forged legal documents/instruments** has resulted in **continuous**, unlawful **tortious interference** with Trustee Edward Colgate's administration of **The Colgate Family Living Trust dated January 29, 2020**, with **each day since March 1, 2020**, constituting a **new act of fraudulent obstruction** and fiduciary harm/injury. This Claim for Relief is pled under a continuing tort doctrine, as Defendant's obstruction of Trustee Edward Colgate's fiduciary duties and Trustee recovery rights under the Trust constitutes an ongoing violation, with each day **renewing** the harm/injury and **tolling** all applicable statutes of limitation. Additionally, **each day that Defendant refuses and fails to report her own elder abuse and tortious fiduciary interference under KRS 209.030 constitutes a new statutory violation**, which further **renews** and **tolls** all relevant statutes of limitation under Kentucky and federal law.

1408. Each day that Judge Morris's and other judges' **fraudulent felony accusations remain embedded in void ab initio orders** constitutes a continuing denial of all Kentucky court access and systemic obstruction of justice in violation of 42 U.S.C. §§ 1983 and 1985(2)-(3), and the First, Seventh, and Fourteenth Amendments. Their collective refusal to report their own and each other's illegal or fraudulent actions under **KRS 26A.080 and KRS 209.030** perpetuates retaliatory elder abuse under **KRS 209.050, renewing** the constitutional and statutory harm/injury daily and **tolling all applicable statutes of limitation** under the continuing tort doctrine.

1409. **No state or federal court in the United States has ever attempted to bar, obstruct, or deny a civil plaintiff from all court access across an entire state by fraudulently accusing them of felonies.** The absurdity and illegality of such an act is so blatant that it has never been attempted by any judge in any jurisdiction. Adding to the absurdity and illegality is the fact that the Defendant had not been legally served yet. Jefferson Circuit Court is the first to attempt this type of illegal act or fraud, which is retaliatory under KRS 209.050, KRS 209.030, KRS 209.990, KRS 26A.015(2), and is an attempt to intimidate and tamper with a witness, which is also a violation of 42 U.S.C. §§ 1983 and 1985(2)-(3).

**CLAIM FOR RELIEF LX** --(Also a Count and Cause of Action) — **Defendant Susan Wilson's Sustained and Compounded Obstruction of Plaintiffs' Recovery — Through Defendant's Complicity and Conspiracy With One or More Judges** (without jurisdiction) — **the Elected Jefferson Circuit Court Clerk — Jefferson Circuit Court Clerk's Office Employees — Administrative Office of the Courts Employees — Court Administrators** — **Staff Attorneys — Acting Under Color of State Law --- and Through Defendant's Complicity and Conspiracy With Private Citizens and Entities — Individually or in Any**

**Combination — Depriving Plaintiffs of Constitutional Rights and Equal Protection — Actionable Under 42 U.S.C. §1983 and 42 U.S.C. §1985 — Causing and Continuing to Cause Unjust Enrichment for Defendant Susan Wilson --- Based on Damages Caused by Defendant's Direct Actions and Complicity and Conspiracy in "Forgery" Pursuant to KRS 516.020, KRS 516.030, KRS 516.040 and KRS 502.020 (Complicity), Regarding Susan Wilson's and Lori Fox's Deceptive, Illegal, and Fraudulently Forged Power of Attorney Document dated on or near March 4, 2020, Forged Will Document, Forged revocation of "The Colgate Family Living Trust Agreement dated January 29, 2020," and regarding the use of Susan Wilson's and Lori Fox's forged documents in real estate fraud, annuity frauds, securities fraud, mail fraud, and other frauds, and regarding Other Potentially Forged Documents to be Discovered, in Furtherance of Elder Abuse, Enabling/Causing Defendant's and Others' Unjust Enrichment; Deprivation and Obstruction of Civil Rights under 42 U.S.C. §§ 1983, 1985(2)-(3), the First, Seventh, and Fourteenth Amendments, and the Supremacy Clause, Art. VI, Cl. 2;** Supported by Rankin v. Howard, 633 F. 2d 844 (9th Circuit 1980) and US v. Dugan; Actionable under all aforementioned legal authority and under KRS 209.030(2), KRS 209.020, KRS 209.050, KRS 209.990, **KRS 446.070**, 28 U.S.C. § 1367(a); and **under all claims for relief herein**; And under **Legally Binding and Conclusive** Judicial Admissions of Liability and Damages pursuant to CR 8.04, 28 U.S.C. § 1367(a); (Conspiracy and Complicity with Full Liability); All aforementioned Causing Harm/Injury

1410. Plaintiffs reassert and incorporate by reference in full detail all of Section XII: Master Comprehensive Incorporation of Exhibits, Evidentiary Foundation, Jurisdictional Foundation, Record of Judicial Misconduct, Systemic Civil Rights Obstruction, Denial of All Access to All Kentucky Courts, Constitutional and Federal Enforcement Framework, the Supremacy Clause

(Art. VI, Cl. 2), and all preceding paragraphs as though fully restated and fully set forth herein this claim for relief/relief entitled to-sought-demanded. Plaintiffs further assert all of the following:

**Plaintiffs hereby assert the following "Short and Plain Statement" (Fed. R. Civ. P. 8(a)(2)):**

1411. Plaintiffs reassert and incorporate by reference in full detail all prior paragraphs, **all paragraphs in Claim for Relief XXX herein,** including all facts, all statutory violations, and all legally binding and conclusive judicial **admissions of liability and damages in Claim for Relief XXX.**

1412. Plaintiffs reassert and incorporate by reference in full detail all legally binding and conclusive judicial admissions of liability and damages in cases 25-CI-001371, 25-CI-001568, 25-CI-001795, 25-CI-001796, 25-CI-001121, with cases 25-CI-001568, 25-CI-001795, 25-CI-001796, 25-CI-001121 **facially fully supporting case 25-CI-001371 (Refer to PX-51 through PX-62 and PX-96, PX-95)**, as though fully restated and fully set forth herein this claim for relief/relief entitled to-sought-demanded.

1413. **Legal Integration:** In additional to the previous application of **supplemental jurisdiction** under **28 U.S.C. § 1367(a) for Claim for Relief XXX, Claim for Relief LX independently states** a **federal claim for relief** under--- Defendant Susan Wilson's Sustained and Compounded Obstruction of Plaintiffs' Recovery — Through Defendant's Complicity and Conspiracy With One or More Judges (without jurisdiction) — the Elected Jefferson Circuit Court Clerk — Jefferson Circuit Court Clerk's Office Employees — Administrative Office of the Courts Employees — Court Administrators — Staff Attorneys — Acting Under Color of State Law — and Through Defendant's Complicity and Conspiracy With Private Citizens and Entities — Individually or in Any Combination — Depriving Plaintiffs of Constitutional Rights and

Equal Protection — Actionable Under 42 U.S.C. §1983 and 42 U.S.C. §1985 — Causing and Continuing to Cause Unjust Enrichment for Defendant Susan Wilson --- Based on Damages Caused by Defendant's Direct Actions and Complicity and Conspiracy **in "Forgery"** Pursuant to KRS 516.020, KRS 516.030, KRS 516.040 and KRS 502.020 (Complicity), Regarding Susan Wilson's and Lori Fox's Deceptive, Illegal, and Fraudulently Forged Power of Attorney Document dated on or near March 4, 2020, Forged Will Document, Forged revocation of "The Colgate Family Living Trust Agreement dated January 29, 2020," and regarding the use of Susan Wilson's and Lori Fox's forged documents in real estate fraud, annuity frauds, securities fraud, mail fraud, and other frauds, and regarding Other Potentially Forged Documents to be Discovered, in Furtherance of Elder Abuse, Enabling/Causing Defendant's and Others' Unjust Enrichment; Deprivation and Obstruction of Civil Rights under 42 U.S.C. §§ 1983, 1985(2)-(3), the First, Seventh, and Fourteenth Amendments, and the Supremacy Clause, Art. VI, Cl. 2; Supported by Rankin v. Howard, 633 F. 2d 844 (9th Circuit 1980) and US v. Dugan; Actionable under all aforementioned legal authority and under KRS 209.030(2), KRS 209.020, KRS 209.050, KRS 209.990, **KRS 446.070**, 28 U.S.C. § 1367(a); and **under all claims for relief herein**; And under **Legally Binding and Conclusive** Judicial Admissions of Liability and Damages pursuant to CR 8.04, 28 U.S.C. § 1367(a); (Conspiracy and Complicity with Full Liability); All aforementioned Causing Harm/Injury, and incorporates, **in part,** the same set of facts, harms/injuries, and legally binding and conclusive judicial admissions now as a basis for federal relief, including but not limited to punitive damages. Plaintiffs incorporate by reference in full detail **Sections XVIII, XIX, XXXVI, XXVI, XXX, XXXII, XXVIII, XXIX, XXXI, XXXV, XXVII, XXXVII, PX-63 through PX-87,** PX-42 through PX-49, PX-108, all 167 Exhibits, and the **First through the Fourteenth FRE 201 Judicial Notices** of judicially **noticed**

**adjudicative facts,** which include approximately **1,044 total adjudicative facts,** including approximately **322 adjudicative facts** supporting **jurisdiction** in the U.S. District Court for the Western District of Washington; **FRE 201 Adjudicative Facts in Judicial NOTICES --- 2 through 8, 10, and 12 --- fully support jurisdiction.** All aforementioned incorporations provide **100% certainty** of fraudulently assigned judges and fraudulently assigned case numbers --- prior to the legal filings by Plaintiffs of all 10 of their year-2025 cases --- with all 10 cases being illegally and fraudulently filed and processed by a non-existent/non-payroll name in year-2025 --- which did not generate a legal random judge assignment and which did not generate a legal case number assignment --- and thereby provides 100% certainty that Kentucky judges NEVER had jurisdiction and NEVER will have jurisdiction. Plaintiffs assert Rankin v. Howard, 633 F. 2d 844 (9th Circuit 1980) and United States v. Dugan, 2:25-cr-00089 (E.D. Wis. 2025) regarding judges without jurisdiction. Plaintiffs also incorporate by reference in full detail **Section XXXIX** and the **Twelfth FRE 201 NOTICE --- regarding interstate transfers.**

1414. Defendant Wilson has **legally binding and conclusive judicial admissions of Forgery/Complicity in Forgery** with full liability regarding legal documents dated on or near 3-4-2020, and later, including but not limited to a power of attorney document, a trust revocation document, a Will, and/or a document fraudulently removing Doris Colgate's real estate, located at 410 Wisteria Avenue, Jefferson County, from the Trust.

1415. Defendant Susan Wilson was and is complicit in and conspired in a scheme with Judge Patricia Morris, whereby Judge Morris weaponized a **knowingly false and fraudulent felony accusation** of "unauthorized practice of law" against pro se Plaintiffs—who were acting lawfully under KRS 209.030(2) and as a fiduciary under valid Trust and POA instruments—in order to deny Plaintiffs all access to all Kentucky courts and to **obstruct elder abuse recovery.**

**Patricia Morris's fraudulent felony accusation is also proven by Defendant Susan Wilson's legally binding and conclusive judicial admissions of Plaintiffs' legal standing, Defendant's liability, and Defendant's damages.** See **PX-12, PX-51, PX-55, PX-56.**

1416. This denial was executed **without jurisdiction**, violated Plaintiffs' constitutional rights and statutory rights, and directly benefited Defendant, who remained **unjustly enriched** as a result. The fraudulent accusation by Judge Morris occurred **19 days prior** to Defendant Wilson being legally served by the Jefferson County Sheriff. When filing the Complaint, Plaintiffs paid the mandatory $60 fee directly to the Jefferson Circuit Court Clerk to have legal service by the Sheriff executed immediately.

1417. The timing and coordination of this judicial obstruction before lawful service—despite the court's active role in facilitating Wilson's service—demonstrates an **ultra vires abuse** of office by Morris to shield Wilson from litigation and to obstruct and block all statutory recovery.

1418. Direct communication between Wilson and Morris does **not** need to be proven to establish complicity under KRS 502.020 and conspiracy under 42 U.S.C. § 1985(2)-(3) . The judicial act of denying Plaintiffs all court access functioned as **an overt act in furtherance of a shared unlawful objective** to obstruct justice and to illegally protect Wilson from liability, in violation of 42 U.S.C. §§ 1983, 1985(2)-(3) and in Violation of the First, Seventh, and Fourteenth Amendments, and the Supremacy Clause, Art. VI, Cl. 2.

1419. Plaintiffs incorporate by reference in full detail all liability and damages for **similar "Claim for Relief XXX ." Claim for Relief XXX** is legally binding and conclusive based on Defendant's judicial admissions of liability and damages in Kentucky Case No. 25-CI-001371 pursuant to CR 8.04 and 28 U.S.C. § 1367(a).

1420. Susan Wilson was and is **complicit** with and **conspired** with judge Morris or Patricia Morris, who was and is **acting in the absence of jurisdiction.** See **Rankin v. Howard, 633 F. 2d 844 (9th Circuit 1980);** Also refer to **all details in SECTION XII for evidence against Morris, and also for evidence of systemic corruption.**

1421. Plaintiffs accordingly respectfully demand immediate entry of judgment as to liability and a corresponding award of $540,185.41 in Special Damages -- established as a legally binding and conclusive sum-certain from Wilson's own substantive CR 8.04 admissions in KY case 25-CI-001371 (PX-51) --- and independently confirmed from four additional defendants' CR 8.04 admissions across four separate Kentucky cases --- which is separate from --- and in addition to all of the following respectfully demanded: Other compensatory damages for continuing losses caused by Defendant's ongoing fraudulent obstruction of recovery — fraudulent concealment — and unjust enrichment — also judicially admitted under CR 8.04. Dividends and interest defrauded from Doris in all five financial instruments --- and Interest to Edward — admitted by Wilson and four additional defendants through CR 8.04 admissions. Plaintiffs also demand declaratory and injunctive relief to prevent the continuing abuses. Plaintiffs demand general damages and punitive damages.

1422. The **foregoing constitutes Plaintiffs' short and plain statement of this claim for relief** in compliance with Fed. R. Civ. P. 8(a)(2).

1423. Additionally, The Defendant's **legally binding and conclusive, judicially admitted participation in forged legal documents/instruments** has resulted in **continuous**, unlawful **tortious interference** with Trustee Edward Colgate's administration of **The Colgate Family Living Trust dated January 29, 2020,** with **each day since March 1, 2020**, constituting a **new act of fraudulent obstruction** and fiduciary harm/injury. This Claim for Relief is pled under a

continuing tort doctrine, as Defendant's obstruction of Trustee Edward Colgate's fiduciary duties and Trustee recovery rights under the Trust constitutes an ongoing violation, with each day **renewing** the harm/injury and **tolling** all applicable statutes of limitation. Additionally, **each day that Defendant refuses and fails to report her own elder abuse and tortious fiduciary interference under KRS 209.030 constitutes a new statutory violation**, which further **renews** and **tolls** all relevant statutes of limitation under Kentucky and federal law.

1424. Each day that Judge Morris's and other judges' **fraudulent felony accusations remain embedded in void ab initio orders** constitutes a continuing denial of all Kentucky court access and systemic obstruction of justice in violation of 42 U.S.C. §§ 1983 and 1985(2)-(3), and the First, Seventh, and Fourteenth Amendments. Their collective refusal to report their own and each other's illegal or fraudulent actions under **KRS 26A.080 and KRS 209.030** perpetuates retaliatory elder abuse under **KRS 209.050, renewing** the constitutional and statutory harm/injury daily and **tolling all applicable statutes of limitation** under the continuing tort doctrine.

1425. **No state or federal court in the United States has ever attempted to bar, obstruct, or deny a civil plaintiff from all court access across an entire state by fraudulently accusing them of felonies.** The absurdity and illegality of such an act is so blatant that it has never been attempted by any judge in any jurisdiction. Adding to the absurdity and illegality is the fact that the Defendant had not been legally served yet. Jefferson Circuit Court is the first to attempt this type of illegal act or fraud, which is retaliatory under KRS 209.050, KRS 209.030, KRS 209.990, KRS 26A.015(2), and is an attempt to intimidate and tamper with a witness, which is also a violation of 42 U.S.C. §§ 1983 and 1985(2)-(3).

**CLAIM FOR RELIEF LXI** --(Also a Count and Cause of Action) --- **Defendant Snsan Wilson's Sustained and Compounded Obstruction of Plaintiffs' Recovery — Through Defendant's Complicity and Conspiracy With One or More Judges** (without jurisdiction) — **the Elected Jefferson Circuit Court Clerk — Jefferson Circuit Court Clerk's Office Employees — Administrative Office of the Courts Employees — Court Administrators — Staff Attorneys — Acting Under Color of State Law --- and Through Defendant's Complicity and Conspiracy With Private Citizens and Entities — Individually or in Any Combination — Depriving Plaintiffs of Constitutional Rights and Equal Protection — Actionable Under 42 U.S.C. §1983 and 42 U.S.C. §1985 and RICO predicate acts — Causing and Continuing to Cause Unjust Enrichment for Defendant Susan Wilson --- Based on --- Damages Caused by Defendant's Direct Actions and Complicity and Conspiracy in Breach of Fiduciary Duty and Tampering with Physical Evidence Regarding Norman Colgate's Estate Pursuant to KRS 524.100 and KRS 502.020 (Complicity), Enabling/Causing Defendant's and Others' Unjust Enrichment --- Trebled 3 Times Under U.S.C. §1512, U.S.C. §1513, U.S.C. §1343, 18 U.S.C. §1503, 18 U.S.C. §1349, 18 U.S.C. §1961---1964(c) --- Deprivation and Obstruction of Civil Rights under 42 U.S.C. §§ 1983, 1985(2)-(3), the First, Seventh, and Fourteenth Amendments, and the Supremacy Clause, Art. VI, Cl. 2;** Supported by Rankin v. Howard, 633 F. 2d 844 (9th Circuit 1980) and US v. Dugan; Actionable under all aforementioned legal authority and under KRS 209.030(2), KRS 209.020, KRS 209.050, KRS 209.990, Federal and State fiduciary laws, **KRS 446.070**, 28 U.S.C. § 1367(a); And under **Legally Binding and Conclusive** Judicial Admissions of Liability and Damages pursuant to CR 8.04, 28 U.S.C. § 1367(a); (Conspiracy and Complicity with Full Liability); All aforementioned Causing Harm/Injury


Edward Colgate 22023 SE Wax Rd., Box 1452, Maple Valley, WA 98038, King Co.

1426. Plaintiffs reassert and incorporate by reference in full detail all of Section XII: Master Comprehensive Incorporation of Exhibits, Evidentiary Foundation, Jurisdictional Foundation, Record of Judicial Misconduct, Systemic Civil Rights Obstruction, Denial of All Access to All Kentucky Courts, Constitutional and Federal Enforcement Framework, the Supremacy Clause (Art. VI, Cl. 2), and all preceding paragraphs as though fully restated and fully set forth herein this claim for relief/relief entitled to-sought-demanded. Plaintiffs further assert all of the following:

**Plaintiffs hereby assert the following "Short and Plain Statement" (Fed. R. Civ. P. 8(a)(2)):**

1427. Plaintiffs reassert and incorporate by reference in full detail all prior paragraphs, **all paragraphs in Claim for Relief XXXI herein,** including all facts, all statutory violations, and all legally binding and conclusive judicial **admissions of liability and damages in Claim for Relief XXXI.**

1428. Plaintiffs reassert and incorporate by reference in full detail all legally binding and conclusive judicial admissions of liability and damages in cases 25-CI-001371, 25-CI-001568, 25-CI-001795, 25-CI-001796, 25-CI-001121, with cases 25-CI-001568, 25-CI-001795, 25-CI-001796, 25-CI-001121 **facially fully supporting case 25-CI-001371 (Refer to PX-51 through PX-62 and PX-96, PX-95)**, as though fully restated and fully set forth herein this claim for relief/relief entitled to-sought-demanded.

1429. **Legal Integration:** In additional to the previous application of **supplemental jurisdiction** under **28 U.S.C. § 1367(a) for Claim for Relief XXXI, Claim for Relief LXI independently states a federal claim for relief** under --- Defendant Susan Wilson's Sustained and Compounded Obstruction of Plaintiffs' Recovery — Through Defendant's Complicity and Conspiracy With One or More Judges (without jurisdiction) -- the Elected Jefferson Circuit

Court Clerk — Jefferson Circuit Court Clerk's Office Employees · Administrative Office of the Courts Employees — Court Administrators — Staff Attorneys — Acting Under Color of State Law --- and Through Defendant's Complicity and Conspiracy With Private Citizens and Entities — Individually or in Any Combination — Depriving Plaintiffs of Constitutional Rights and Equal Protection — Actionable Under 42 U.S.C. §1983 and 42 U.S.C. §1985 and RICO predicate acts — Causing and Continuing to Cause Unjust Enrichment for Defendant Susan Wilson --- **Based on/ Caused By** --- Damages Caused by Defendant's Direct Actions and Complicity and Conspiracy in Breach of Fiduciary Duty and Tampering with Physical Evidence Regarding Norman Colgate's Estate Pursuant to KRS 524.100 and KRS 502.020 (Complicity), Enabling/Causing Defendant's and Others' Unjust Enrichment --- Trebled 3 Times Under U.S.C. §1512, U.S.C. §1513, 18 U.S.C. §1503, U.S.C. §1343, 18 U.S.C. §1349, 18 U.S.C. §1961---1964(c) --- Deprivation and Obstruction of Civil Rights under 42 U.S.C. §§ 1983, 1985(2)-(3), the First, Seventh, and Fourteenth Amendments, and the Supremacy Clause, Art. VI, Cl. 2; Supported by Rankin v. Howard, 633 F. 2d 844 (9th Circuit 1980) and US v. Dugan; Actionable under all aforementioned legal authority and under KRS 209.030(2), KRS 209.020, KRS 209.050, KRS 209.990, Federal and State fiduciary laws, **KRS 446.070**, 28 U.S.C. § 1367(a); And under **Legally Binding and Conclusive** Judicial Admissions of Liability and Damages pursuant to CR 8.04, 28 U.S.C. § 1367(a); (Conspiracy and Complicity with Full Liability); All aforementioned Causing Harm/Injury, and incorporates, **in part,** the same set of facts, harms/injuries, and legally binding and conclusive judicial admissions now as a basis for federal relief, including but not limited to punitive damages. Plaintiffs incorporate by reference in full detail **Sections XVIII, XIX, XXXVI, XXVI, XXX, XXXII, XXVIII, XXIX, XXXI, XXXV, XXVII, XXXVII, PX-63 through PX-87,** PX-42 through PX-49, PX-108, all 167 Exhibits, and

the **First through the Fourteenth FRE 201 Judicial Notices** of judicially **noticed adjudicative facts,** which include approximately **1,044 total adjudicative facts,** including approximately **322 adjudicative facts** supporting **jurisdiction** in the U.S. District Court for the Western District of Washington; **FRE 201 Adjudicative Facts in Judicial NOTICES --- 2 through 8, 10, and 12 --- fully support jurisdiction.** All aforementioned incorporations provide **100% certainty** of fraudulently assigned judges and fraudulently assigned case numbers --- prior to the legal filings by Plaintiffs of all 10 of their year-2025 cases --- with all 10 cases being illegally and fraudulently filed and processed by a non-existent/ non-payroll name in year-2025 --- which did not generate a legal random judge assignment and which did not generate a legal case number assignment --- and thereby provides 100% certainty that Kentucky judges NEVER had jurisdiction and NEVER will have jurisdiction. Plaintiffs assert Rankin v. Howard, 633 F. 2d 844 (9th Circuit 1980) and United States v. Dugan, 2:25-cr-00089 (E.D. Wis. 2025) regarding judges without jurisdiction.

1430. Defendant Wilson has **legally binding and conclusive judicial admissions of Forgery/Complicity in Forgery** with full liability regarding legal documents dated on or near 3-4-2020, and later, including but not limited to a power of attorney document, a trust revocation document, a Will, and/or a document fraudulently removing Doris Colgate's real estate, located at 410 Wisteria Avenue, Jefferson County, from the Trust. Refer to verbatim from state complaint 25-CI-001371 cited in Section XII.

1431. During a Zoom or Virtual hearing before the probate judge, Plaintiff was **categorically denied the right to speak,** object, or introduce any argument, with the judge stating her decision had already been made—despite Plaintiff never having been heard.

1432. No estate inventory, no accounting, and **no** legally required notices were ever legally provided to Plaintiff, in violation of state and constitutional due process rights. Plaintiff was deprived of his expected 50% interest in the estate of Norman Colgate by means of Defendant's deliberate fraud, concealment, and court-enabled obstruction. Plaintiff Edward Colgate demands entry of a judgment in the amount of **$28,000** from claim for relief **XXXI** --- plus punitive damages of no less than 9 times --- **$252,000** --- and up to 30 times, based on adjudicative facts admitted under substantive CR 8.04 admissions --- representing an estimated 50% share of the estate of Norman Colgate, which Defendant fraudulently concealed and diverted without notice or accounting.

1433. Defendant's fraudulent acts regarding fraudulent probate obstruction constitute an independent, standalone violation of Plaintiff's civil, statutory, and inheritance rights, warranting monetary, equitable, and punitive relief. The continuous concealment and denial of accounting from the estate of Norman Colgate is part of a broader scheme of fraud and retaliation by Defendant.

1434. Defendant Susan Wilson was and is complicit in and conspired in a scheme with Judge Patricia Morris, whereby Judge Morris weaponized a **knowingly false and fraudulent felony accusation** of "unauthorized practice of law" against pro se Plaintiffs—who were acting lawfully under KRS 209.030(2) and as a fiduciary under valid Trust and POA instruments—in order to deny Plaintiffs all access to all Kentucky courts and to **obstruct elder abuse recovery. Patricia Morris's fraudulent felony accusation is also proven by Defendant Susan Wilson's legally binding and conclusive judicial admissions of Plaintiffs' legal standing, Defendant's liability, and Defendant's damages.** See **PX-12, PX-51, PX-55, PX-56.**

1435. This denial was executed **without jurisdiction**, violated Plaintiffs' constitutional rights and statutory rights, and directly benefited Defendant, who remained **unjustly enriched** as a result. The fraudulent accusation by Judge Morris occurred **19 days prior** to Defendant Wilson being legally served by the Jefferson County Sheriff. When filing the Complaint, Plaintiffs paid the mandatory $60 fee directly to the Jefferson Circuit Court Clerk to have legal service by the Sheriff executed immediately.

1436. The timing and coordination of this judicial obstruction before lawful service—despite the court's active role in facilitating Wilson's service—demonstrates an **ultra vires abuse** of office by Morris to shield Wilson from litigation and to obstruct and block all statutory recovery.

1437. Direct communication between Wilson and Morris does **not** need to be proven to establish complicity under KRS 502.020 and conspiracy under 42 U.S.C. § 1985(2)-(3) . The judicial act of denying Plaintiffs all court access functioned as **an overt act in furtherance of a shared unlawful objective** to obstruct justice and to illegally protect Wilson from liability, in violation of 42 U.S.C. §§ 1983, 1985(2)-(3) and in Violation of the First, Seventh, and Fourteenth Amendments, and the Supremacy Clause, Art. VI, Cl. 2.

1438. Plaintiffs incorporate by reference in full detail all liability for **similar "Claim for Relief XXXI ." Claim for Relief XXXI** is legally binding and conclusive based on Defendant's judicial admissions of liability in Kentucky Case No. 25-CI-001371 pursuant to CR 8.04 and 28 U.S.C. § 1367(a).

1439A. Susan Wilson was and is **complicit** with and **conspired** with judge Morris or Patricia Morris, who was and is **acting in the absence of jurisdiction.** See **Rankin v. Howard, 633 F. 2d 844 (9th Circuit 1980) and US v. Dugan;** Also refer to **all details in SECTION XII for evidence against Morris, and also for evidence of systemic corruption.**

1439B. Susan Wilson's legally binding and conclusive CR 8.04 admissions establish her direct liability and complicity in fraudulent probate obstruction — fraudulent concealment of Norman Colgate's estate — denial of estate inventory and accounting to Edward Colgate as named beneficiary all of which directly benefited Wilson through continued unjust enrichment and denial of Plaintiffs' access to all Kentucky courts. Direct communication between said judge and Wilson is unnecessary to establish complicity under KRS 502.020 and conspiracy under 42 U.S.C. §1985(2) through (3) --- because the non-judicial act of denying all court access constituted an overt act in furtherance of a shared unlawful and fraudulent objective. Then Morris --- without jurisdiction --- and never having jurisdiction --- obstructed the due administration of justice. Refer to Rankin v. Howard — 633 F.2d 844 (9th Cir. 1980) and United States v. Dugan No. 2:25-cr-00089 (E.D. Wis. 2025) regarding judges --- without jurisdiction --- having no immunity.

1439C. Additionally — the fraudulent virtual probate hearing in which Edward appeared --- but was not allowed to speak --- denying all court access --- by the judge --- who stated her decision was already made — before hearing any argument — objection — or evidence — constitutes an independent predicate act of wire fraud under 18 U.S.C. §1343 --- because the predetermined and fraudulent proceeding was conducted through interstate electronic transmission — using wire communications in furtherance of the fraudulent scheme to deprive Edward of his inheritance rights --- through a fraudulent proceeding whose outcome was fraudulently fixed before it began --- independently of whether a separate probate suit was filed — because the wire fraud predicate requires only that interstate wire communications were used in furtherance of a scheme to defraud --- which the fraudulent virtual hearing satisfies on its own.

1439D. Each act of fraudulent probate obstruction by said judge --- and then denial/ obstruction/ deprivation by Wilson and Morris fraudulent concealment of Norman Colgate's estate — denial/obstruction/deprivation of Edward's right to be heard at the virtual probate hearing — and denial/obstruction/deprivation of Edward's to right to recovery --- and coordinated, complicit, and conspiratorial denial of Plaintiffs' court access --- constitute independent predicate acts of racketeering activity under 18 U.S.C. §1961(1)(B) — specifically as wire fraud under **18 U.S.C. §1343** --- through the fraudulent virtual hearing's interstate electronic transmission — as conspiracy to commit wire fraud under --- **18 U.S.C. §1349--RICO Attempt and conspiracy--** Any person who attempts or conspires to commit any offense under this chapter shall be subject to the same penalties as those prescribed for the offense, the commission of which was the object of the attempt or conspiracy --- through interstate communications used to facilitate the fraudulent concealment and obstruction — and as obstruction of the due administration of justice under **18 U.S.C. §1503 and U.S.C. §1512 and U.S.C. §1513** through Morris's (Morris **never** had jurisdiction) coordinated, complicit, conspiratorial, and fraudulent felony accusation --- prior to legal existence of said case --- 25-CI-001371 --- attempting to shield Wilson's fraudulent complicity and conspiracy in attempting to deprive and obstruct Plaintiffs' recovery — each predicate act forming part of the pattern of racketeering activity under 18 U.S.C. §1961(5) — making all damages arising from the fraudulent probate obstruction — estimated at **$28,000** in inheritance damages plus punitive damages of no less than nine times --- **$252,000** --- and up to thirty times damages --- based on substantive CR 8.04 admitted adjudicative facts — subject to mandatory treble damages under 18 U.S.C. §1964(c) — with the $28,000 floor trebled to --- **$84,000.**

1439E. This claim for relief is asserted independently as a standalone claim for compensatory and punitive damages fully established from Wilson's substantive legally binding and conclusive CR 8.04 admissions - entitling Plaintiffs to full compensatory and punitive relief --- regardless of whether the court accepts the RICO predicate characterization — with the RICO treble damages constituting additional mandatory relief on top of the standalone compensatory and punitive damages --- rather than a substitute for them. Pursuant to FRCP 8(d)(2) — this claim for relief is pleaded as an alternative to --- and in addition to the RICO framework herein this claim for relief - -- ensuring full recovery under one or both legal theories that the court accepts.

1440A. Plaintiffs accordingly respectfully demand immediate entry of judgment as to liability and a corresponding award of $540,185.41 in Special Damages — established as a legally binding and conclusive sum-certain from Wilson's own substantive CR 8.04 admissions in KY case 25-CI-001371 (PX-51) --- and independently confirmed from four additional defendants' CR 8.04 admissions across four separate Kentucky cases -- which is separate from --- and in addition to all of the **following respectfully demanded:** Other compensatory damages for continuing losses caused by Defendant's ongoing fraudulent obstruction of recovery — fraudulent concealment --- and unjust enrichment --- also judicially admitted under CR 8.04. Dividends and interest defrauded from Doris in all five financial instruments --- and Interest to Edward — admitted by Wilson and four additional defendants through CR 8.04 admissions.

**1440B.** In addition, **Plaintiffs accordingly respectfully demand an entry of judgment as to liability and a corresponding award of the following: Plaintiff Edward Colgate demands entry of a judgment in the amount of $28,000** from claims for relief **XXXI and LXI --- trebled to $84,000 under Claim for Relief LXI --- plus punitive damages of no less than 9 times --- $252,000 ---** and up to 30 times, based on adjudicative facts admitted under substantive

CR 8.04 admissions --- representing an estimated 50% share of the estate of Norman Colgate, which Defendant fraudulently concealed and diverted without notice or accounting. Plaintiff also demands full discovery, compulsory accounting, and constructive trust relief for all assets traceable to the estate of Norman Colgate, with equitable disgorgement and damages for Defendant's fraud upon the probate court, breach of fiduciary duty, and civil rights violations under 42 U.S.C. § 1983 and § 1985(2). Plaintiffs also demand declaratory and injunctive relief to prevent the continuing abuses. Plaintiffs demand general damages and punitive damages. Plaintiffs incorporate by reference Claims for Relief LXXXIV and LXXXVIII to support this Claim for Relief.

1441A. This Claim for Relief --- incorporating 18 U.S.C. §1503, 18 U.S.C. §1512, 18 U.S.C. §1513, 18 U.S.C. §1349, 18 U.S.C. §1343, and 18 U.S.C. §1961---1964(c) --- consists of **consequential harms flowing from the same RICO pattern** — recoverable as supplemental damages --- alongside the primary RICO property injury/ damages --- and alongside the primary RICO obstruction of the due administration of justice damages. The obstruction of Plaintiffs' recovery of the elder abuse damages and recovery of other damages established in Claims XXXVI, XXXVII, LXXXIX, XC, XCI, XCII, XCVI, XCVII, LXVIII through LXXXVIII, LXXXIV, LXXXVIII, and XCVIII through CII (102) --- constitute independent predicate acts.

1441B. This claim for relief is asserted independently under Kentucky law and 28 U.S.C. §1367 — and 42 U.S.C. §1983 — and 42 U.S.C. §1985(2)-(3) as a standalone claim for compensatory and punitive damages — fully established from Wilson's legally binding and conclusive CR 8.04 admissions --- independently of any RICO characterization -- entitling Plaintiffs to full compensatory and punitive relief on this claim --- regardless of whether the court accepts the RICO predicate characterization. Pursuant to FRCP 8(d)(2) — this claim for relief is pleaded as

an alternative to and in addition to the RICO framework — ensuring full recovery under one or both legal theories that the court accepts — with the RICO treble damages constituting additional mandatory relief on top of the standalone compensatory and punitive damages --- rather than a substitute for them. Plaintiffs assert and incorporate by reference in full the following regarding the **broad definition of an associated-in-fact enterprise --- in support of Plaintiffs' Actionable under---RICO predicate acts herein: Odom v. Microsoft Corp., 486 F. 3d 541 - Court of Appeals, 9th Circuit 2007 and United States v. Turkette, 452 US 576 - Supreme Court 1981 in Section XX.**

1442. The **foregoing constitutes Plaintiffs' short and plain statement of this claim for relief** in compliance with Fed. R. Civ. P. 8(a)(2).

1443. Additionally, The Defendant's **legally binding and conclusive, judicially admitted participation in forged legal documents/instruments** has resulted in **continuous**, unlawful **tortious interference** with Trustee Edward Colgate's administration of **The Colgate Family Living Trust dated January 29, 2020,** with **each day since March 1, 2020**, constituting a **new act of fraudulent obstruction** and fiduciary harm/injury. This Claim for Relief is pled under a continuing tort doctrine, as Defendant's obstruction of Trustee Edward Colgate's fiduciary duties and Trustee recovery rights under the Trust constitutes an ongoing violation, with each day **renewing** the harm/injury and **tolling** all applicable statutes of limitation. Additionally, **each day that Defendant refuses and fails to report her own elder abuse and tortious fiduciary interference under KRS 209.030 constitutes a new statutory violation**, which further **renews** and **tolls** all relevant statutes of limitation under Kentucky and federal law.

1444. Each day that Judge Morris's and other judges' **fraudulent felony accusations remain embedded in void ab initio orders** constitutes a continuing denial of all Kentucky court access

and systemic obstruction of justice in violation of 42 U.S.C. §§ 1983 and 1985(2)-(3), and the First, Seventh, and Fourteenth Amendments. Their collective refusal to report their own and each other's illegal or fraudulent actions under **KRS 26A.080 and KRS 209.030** perpetuates retaliatory elder abuse under **KRS 209.050**, **renewing** the constitutional and statutory harm/injury daily and **tolling all applicable statutes of limitation** under the continuing tort doctrine.

1445. **No state or federal court in the United States has ever attempted to bar, obstruct, or deny a civil plaintiff from all court access across an entire state by fraudulently accusing them of felonies.** The absurdity and illegality of such an act is so blatant that it has never been attempted by any judge in any jurisdiction. Adding to the absurdity and illegality is the fact that the Defendant had not been legally served yet. Jefferson Circuit Court is the first to attempt this type of illegal act or fraud, which is retaliatory under KRS 209.050, KRS 209.030, KRS 209.990, KRS 26A.015(2), and is an attempt to intimidate and tamper with a witness, which is also a violation of 42 U.S.C. §§ 1983 and 1985(2)-(3).

**CLAIM FOR RELIEF LXII**--(Also a Count and Cause of Action) — **Defendant Susan Wilson's Sustained and Compounded Obstruction of Plaintiffs' Recovery — Through Defendant's Complicity and Conspiracy With One or More Judges** (without jurisdiction) — **the Elected Jefferson Circuit Court Clerk — Jefferson Circuit Court Clerk's Office Employees — Administrative Office of the Courts Employees — Court Administrators — Staff Attorneys — Acting Under Color of State Law --- and Through Defendant's Complicity and Conspiracy With Private Citizens and Entities — Individually or in Any Combination — Depriving Plaintiffs of Constitutional Rights and Equal Protection — Actionable Under 42 U.S.C. §1983 and 42 U.S.C. §1985 and RICO Predicate Acts —**

**Causing and Continuing to Cause Unjust Enrichment for Defendant Susan Wilson --- Based on --- Damages Caused by Defendant's Direct Actions and Complicity and Conspiracy in "False and Fraudulent Retaliatory Felony Accusations"** of **"unauthorized practice of law" pursuant to KRS 209.050, KRS 209.030(2), KRS 502.020/ 42 U.S.C. § 1985(2)-(3) (Full Liability), Denying/Obstructing All Kentucky Court Access and Enabling/Causing Defendant's and Others' Unjust Enrichment; Connected with Obstruction of Plaintiff's Fiduciary Duties, Rights, and Recovery; Deprivation and Obstruction of Civil Rights under 42 U.S.C. §§ 1983, 1985(2)-(3), the First, Seventh, and Fourteenth Amendments, and the Supremacy Clause, Art. VI, Cl. 2;** Supported by Rankin v. Howard, 633 F. 2d 844 (9th Circuit 1980) and US v. Dugan; Actionable under all aforementioned legal authority and under KRS 209.020, KRS 209.990, **KRS 446.070,** KRS 386B.8-010, KRS 386B.1-010(1), KRS 386B.8-180(1)(a), KRS 386B.4-100, FRCP 17(a)(1)(E), KRS 457.350(1)-(2), 28 U.S.C. § 1367(a); and **under all claims for relief herein this complaint**; And under **Legally Binding and Conclusive** Judicial Admissions of Liability and Damages pursuant to CR 8.04, 28 U.S.C. § 1367(a); (Conspiracy and Complicity with Full Liability); All aforementioned violations Causing Harm/Injury

1446. Plaintiffs reassert and incorporate by reference in full detail all of Section XII: Master Comprehensive Incorporation of Exhibits, Evidentiary Foundation, Jurisdictional Foundation, Record of Judicial Misconduct, Systemic Civil Rights Obstruction, Denial of All Access to All Kentucky Courts, Constitutional and Federal Enforcement Framework, the Supremacy Clause (Art. VI, Cl. 2), and all preceding paragraphs as though fully restated and fully set forth herein this claim for relief/relief entitled to-sought-demanded. Plaintiffs further assert all of the following:

**Plaintiffs hereby assert the following "Short and Plain Statement" (Fed. R. Civ. P. 8(a)(2)):**

1447. Plaintiffs reassert and incorporate by reference in full detail all prior paragraphs, including all facts, all statutory violations, and all legally binding and conclusive judicial admissions of liability and damages in Kentucky State case 25-CI-001371 against Susan Wilson. See PX-51, PX-55, PX-56.

1448. Plaintiffs reassert and incorporate by reference in full detail all legally binding and conclusive judicial admissions of liability and damages in cases 25-CI-001371, 25-CI-001568, 25-CI-001795, 25-CI-001796, 25-CI-001121, with cases 25-CI-001568, 25-CI-001795, 25-CI-001796, 25-CI-001121 **facially fully supporting case 25-CI-001371 (Refer to PX-51 through PX-62 and PX-96, PX-95)**, as though fully restated and fully set forth herein this claim for relief/relief entitled to-sought-demanded. Plaintiffs incorporate by reference in full detail the following: **SECTION XXX: FOURTH FRE 201 NOTICE ---Mandatory Judicial Notice of Adjudicative Facts Under FRE 201(c)(2) and (b)(2) --- "Retaliatory Fraudulent Felony Accusations" in Official Court Orders By Judges "Without" Jurisdiction--- Entered 6 to 25 Days Before Legal Service By Deputy Sheriff (CR 3.01-Commencement by Deputy Sheriff Serving Summons)---- Coordinated and Conspiratorial Multi-Judge** (without jurisdiction) **Pattern Across Multiple Cases Attempting to Eliminate a 92-Year Old Elder Abuse Victim as a Named Plaintiff--- Unconstitutional Safety Barrier to All Kentucky Court Access---In Complicity and In Conspiracy With Full Liability---In Furtherance of Elder Abuse, RICO Violations, and Obstruction of All 102 Claims for Relief --- Continuing Daily Violations---PX-88 Through PX-94 And PX-125 Through PX-130— Court Must Take Notice Upon this Request.**

1449. **Legal Integration: Supplemental jurisdiction** is applied to **KRS 209.050** under **28 U.S.C. § 1367(a)** for **Claim for Relief LXII that independently states a federal claim for relief** under --- Defendant Susan Wilson's Sustained and Compounded Obstruction of Plaintiffs' Recovery --- Through Defendant's Complicity and Conspiracy With One or More Judges (without jurisdiction) — the Elected Jefferson Circuit Court Clerk — Jefferson Circuit Court Clerk's Office Employees — Administrative Office of the Courts Employees — Court Administrators — Staff Attorneys — Acting Under Color of State Law --- and Through Defendant's Complicity and Conspiracy With Private Citizens and Entities — Individually or in Any Combination — Depriving Plaintiffs of Constitutional Rights and Equal Protection --- Actionable Under 42 U.S.C. §1983 and 42 U.S.C. §1985 and RICO predicate acts — Causing and Continuing to Cause Unjust Enrichment for Defendant Susan Wilson --- **Based on Damages Caused by** Defendant's Direct Actions and Complicity and Conspiracy in "False and Fraudulent Retaliatory Felony Accusations" of "unauthorized practice of law" pursuant to KRS 209.050, KRS 209.030(2), KRS 502.020/ 42 U.S.C. § 1985(2)-(3) (Full Liability), Denying/Obstructing All Kentucky Court Access and Enabling/ Causing Defendant's and Others' Unjust Enrichment; Connected with Obstruction of Plaintiff's Fiduciary Duties, Rights, and Recovery; Deprivation and Obstruction of Civil Rights under 42 U.S.C. §§ 1983, 1985(2)-(3), the First, Seventh, and Fourteenth Amendments, and the Supremacy Clause, Art. VI, Cl. 2; Supported by Rankin v. Howard, 633 F. 2d 844 (9th Circuit 1980) and US v. Dugan; Actionable under all aforementioned legal authority and under KRS 209.020, KRS 209.990, **KRS 446.070**, KRS 386B.8-010, KRS 386B.1-010(1), KRS 386B.8-180(1)(a), KRS 386B.4-100, FRCP 17(a)(1)(E), KRS 457.350(1)-(2), 28 U.S.C. § 1367(a); and **under all claims for relief herein this complaint**; And under **Legally Binding and Conclusive** Judicial Admissions of Liability and


Edward Colgate 22023 SE Wax Rd., Box 1452, Maple Valley, WA 98038, King Co.

Damages pursuant to CR 8.04, 28 U.S.C. § 1367(a); (Conspiracy and Complicity with Full Liability); All aforementioned Causing Harm/Injury, and incorporates, **in part,** the same set of facts, harms/injuries, and legally binding and conclusive judicial admissions now as a basis for federal relief, including but not limited to punitive damages. Plaintiffs incorporate by reference in full detail **Sections XVIII, XIX, XXXVI, XXVI, XXX, XXXII, XXVIII, XXIX, XXXI, XXXV, XXVII, XXXVII, PX-63 through PX-87,** PX-42 through PX-49, PX-108, all 167 Exhibits, and the **First through the Fourteenth FRE 201 Judicial Notices** of judicially **noticed adjudicative facts,** which include approximately **1,044 total adjudicative facts,** including approximately **329 adjudicative facts** supporting **jurisdiction and venue** in the U.S. District Court for the Western District of Washington; **FRE 201 Adjudicative Facts in Judicial NOTICES --- 2 through 8, 10, 12, and 13 --- fully support jurisdiction and venue.** All aforementioned incorporations provide **100% certainty** of fraudulently assigned judges (without jurisdiction) and fraudulently assigned case numbers --- prior to the legal filings by Plaintiffs of all 10 of their year-2025 cases --- with all 10 cases being illegally and fraudulently filed and processed by a non-existent/ non-payroll name in year-2025 --- which did not generate a legal random judge assignment and which did not generate a legal case number assignment --- and thereby provides 100% certainty that Kentucky judges NEVER had jurisdiction and NEVER will have jurisdiction. Plaintiffs assert Rankin v. Howard, 633 F. 2d 844 (9th Circuit 1980) and United States v. Dugan, 2:25-cr-00089 (E.D. Wis. 2025) regarding judges without jurisdiction. Plaintiffs incorporate by reference in full detail aforementioned **SECTION XXX---Fourth FRE 201 Notice.** In addition to the **100% Certainty for most of all illegal, fraudulent and conspiratorial acts cited herein--based on official records,** the **Bayesian %** probability analysis of **conspiratorial intention** for any illegal, fraudulent, and conspiratorial act cited

herein --- that may not be considered 100% --- is --- **99.999999999999999999999999999999999999999999999999999999999999999999999999999999999999999999999 99999999999999999999999999999999999999999999999999999999999999999999999999999999999999+%** --- **which is 99.999.....decimal point followed by more than 200 additional nines ---** for the probability and certainty of the **intentionality** of illegal, fraudulent, and conspiratorial acts cited herein.

1450. Defendant Wilson has **legally binding and conclusive judicial admissions of Forgery/Complicity in Forgery** with full liability regarding legal documents dated on or near 3-4-2020, and later, including but not limited to a power of attorney document, a trust revocation document, a Will, and/or a document fraudulently removing Doris Colgate's real estate, located at 410 Wisteria Avenue, Jefferson County, from the Trust.

1451. Defendant Susan Wilson was and is complicit and conspired in a scheme with Judge Patricia Morris (without jurisdiction), whereby Judge Morris (without jurisdiction) weaponized a **knowingly false and fraudulent felony accusation** of "unauthorized practice of law" against pro se Plaintiffs in each of the 4 Plaintiffs' cases under her—who were acting lawfully under KRS 209.030(2) and as a fiduciary under valid Trust and POA instruments—in order to deny Plaintiffs all access to all Kentucky courts and to **obstruct elder abuse recovery. Patricia Morris's fraudulent felony accusation is also proven by Defendant Susan Wilson's legally binding and conclusive judicial admissions of Plaintiffs' legal standing, Defendant's liability, and Defendant's damages.** See **PX-12, PX-51, PX-55, PX-56.**

1452. This denial was executed **without jurisdiction**, violated Plaintiffs' constitutional rights and statutory rights, and directly benefited Defendant, who remained **unjustly enriched** as a result. The fraudulent accusation by Judge Morris (without jurisdiction) occurred **19 days prior**

to Defendant Wilson being legally served by the Jefferson County Sheriff. When filing the Complaint, Plaintiffs paid the mandatory $60 fee directly to the Jefferson Circuit Court Clerk to have legal service by the Sheriff executed immediately.

1453. The timing and coordination of this judicial obstruction before lawful service—despite the court's active role in facilitating Wilson's service demonstrates an **ultra vires abuse** of office by Morris to shield Wilson from litigation and to obstruct and block all statutory recovery.

1454. Direct communication between Wilson and Morris does **not** need to be proven to establish complicity under KRS 502.020 and conspiracy under 42 U.S.C. § 1985(2)-(3) . The judicial act of denying Plaintiffs all court access functioned as **an overt act in furtherance of a shared unlawful objective** to obstruct justice and to illegally protect Wilson from liability, in violation of 42 U.S.C. §§ 1983, 1985(2)-(3) and in Violation of the First, Seventh, and Fourteenth Amendments, and the Supremacy Clause, Art. VI, Cl. 2.

1455. Plaintiffs incorporate by reference in full detail Defendant's legally binding and conclusive judicial admissions of liability in Kentucky Case No. 25-CI-001371 pursuant to CR 8.04 and 28 U.S.C. § 1367(a).

1456. Susan Wilson was and is **complicit** with and **conspired** with judge Morris (without jurisdiction) or Patricia Morris, who was and is **acting in the absence of jurisdiction.** See **Rankin v. Howard, 633 F. 2d 844 (9th Circuit 1980) and US v. Dugan;** Also refer to **all details in SECTION XII for evidence against Morris, and also for evidence of systemic corruption.**

1457. **The DAMAGES Demand:** Plaintiffs accordingly respectfully demand the following: Entry of judgment as to liability and a corresponding award of all of the following for this claim for relief: **Based on the fraudulent obstruction and deprivation of all Plaintiffs' recovery,**


Edward Colgate 22023 SE Wax Rd., Box 1452, Maple Valley, WA 98038, King Co.

**Damages Awards are as Follows:** Combined for Edward Colgate and Doris Colgate: **$540,185.41** Awarded for Special damages--legally binding and conclusive--admitted as a sum-certain—under substantive CR 8.04; **$1,620,556.23** Awarded for Treble damages; **$4,861,668.69** Awarded for Punitive damages no less than 9 times damages --- and up to 40 times damages. Doris Colgate: **$2,975,000.00** --- Claims for Relief LXXXIX and VI and XXXVII; **$8,925,000.00** Awarded for Treble damages; **$26,775,000.00** Awarded for Punitive damages no less than 9 times damages---and up to 40 times damages; **$750,000.00** Awarded for Claims for Relief V and XXXVI; **$2,250,000.00** Awarded for Treble damages; **$6,750,000.00** Awarded for Punitive damages no less than 9 times damages --- and up to 40 times damages; **$79,000.00** Awarded for Claim for Relief C --- 100; **$237,000.00** Awarded for Treble damages; **$711,000.00** Awarded for Punitive damages no less than 9 times damages --- and up to 40 times damages; **$49,665.00** Awarded for Claims for Relief CI—100--promissory notes/loans; **$148,995.00** Awarded for Treble damages; **$446,985** Awarded for Punitive damages no less than 9 times damages --- and up to 40 times damages; Doris Colgate continued: Range from **$500,000.00 To $1,500,000.00** Awarded --- Claims for Relief XCVI --- IIED; Doris Colgate Range from **$1,500,000.00 To $4,500,000.00** Awarded for Treble damages; Doris Colgate Range from **$4,500,000.00 To $13,500,000.00** Awarded for Punitive damages no less than 9 times damages --- and up to 40 times damages; Edward Colgate Range from **$250,000.00 To $750,000.00** Awarded for --- Claims for Relief XCVI --- IIED and fraudulent Deprivation of familial relationship; Edward Colgate Range from **$750,000.00 To $2,250,000.00** Awarded for Treble damages; Edward Colgate Range from **$2,250,000.00 To $6,750,000.00** Awarded for Punitive damages no less than 9 times damages --- and up to 40 times damages; Edward Colgate Range from **$500,000.00 To $2,000,000.00** Awarded for --- Claims for Relief XCVII---IIED--


Edward Colgate 22023 SE Wax Rd., Box 1452, Maple Valley, WA 98038, King Co.

-Wrongful Death; Edward Colgate Range from **$1,500,000.00 To $6,000,000.00** Awarded for Treble damages; Edward Colgate Range from **$4,500,000.00 To $18,000,000.00** Awarded for Punitive damages no less than 9 times damages --- and up to 40 times damages; Edward Colgate Range from **$500,000.00 To $3,000,000.00** Awarded for --- Irreversible Deprivation of Familial Relationship; Edward Colgate Range from **$1,500,000.00 To $9,000,000.00** Awarded for Treble damages; Edward Colgate Range from **$4,500,000.00 To $27,000,000.00** Awarded for Punitive damages no less than 9 times damages --- and up to 40 times damages; Edward Colgate's **Compounded IIED** damages awards --- **Irreversible Deprivation Compound;** Edward Colgate **Range** from no less than **$250,000 times 2 and times 4** and **up to $750,000 times 2 and times 4** Awarded for --- **Compounded IIED** damages awarded to Edward Colgate if Doris Colgate's death; Edward Colgate Range from **$500,000.00 To $1,000,000.00** --- and **up to $1,500,000.00 To $3,000,000.00** Awarded for --- Compounded IIED damages awards to Edward Colgate if Doris Colgate's death; Edward Colgate Range from **$4,500,000.00 To $9,000,000.00** Awarded for Trebled damages; Edward Colgate Range from **$13,500,000.00 To $27,000,000.00** Awarded for Punitive damages no less than 9 times damages --- and up to 40 times damages. Edward Colgate: **$50,138.68** Awarded for Special Damages--legally binding and conclusive--admitted as a sum-certain—under substantive CR 8.04; Edward Colgate: **$150,416.04** Awarded for Treble damages; Edward Colgate: **$451,248.12** Awarded for Punitive damages no less than 9 times damages --- and up to 40 times damages; Edward Colgate: **$48,600.00** Awarded for Time and Energy damages admitted under legally binding substantive CR 8.04; Edward Colgate: **$145,800.00** Awarded for Treble damages; Edward Colgate: **$437,400.00** Awarded for Punitive damages no less than 9 times damages --- and up to 40 times damages; Edward Colgate: **$4,091.08** Awarded for Fraudulent Fees Paid Based on

Alias Name---Fraud; Edward Colgate: **$12,273.24** Awarded for Treble damages; Edward Colgate: **$36,819.72** Awarded for Punitive damages no less than 9 times damages --- and up to 40 times damages; Edward Colgate: **$28,000.00** Awarded for Claims for Relief LXI and XXXI; Edward Colgate: **$84,000.00** Awarded for Treble damages; Edward Colgate: **$252,000.00** Awarded for Punitive damages no less than 9 times damages --- and up to 40 times damages; Edward Colgate: **2,544 hours multiplied by $150 per hour — $381,600 --- trebled to --- $1,144,800 --- punitive** damages of **$3,434,400** --- no less than 9 times damages --- and up to 40 times damages; Edward Colgate: **$381,600.00** Awarded for Federal Time and Energy and Work and Effort Damages; **$1,144,800.00** Awarded for Federal Treble damages; **$3,434,400.00** Awarded for Federal Punitive damages no less than 9 times damages --- and up to 40 times damages. Plaintiffs accordingly respectfully demand immediate entry of judgment as to liability and a corresponding award of $540,185.41 in Special Damages — established as a legally binding and conclusive sum-certain from Wilson's own substantive CR 8.04 admissions in KY case 25-CI-001371 (PX-51) --- and independently confirmed from four additional defendants' CR 8.04 admissions across four separate Kentucky cases — which is separate from --- and in addition to all of the following respectfully demanded: Other compensatory damages for continuing losses caused by Defendant's ongoing fraudulent obstruction of recovery — fraudulent concealment — and unjust enrichment — also judicially admitted under CR 8.04. Dividends and interest defrauded from Doris in all five financial instruments --- and Interest to Edward — admitted by Wilson and four additional defendants through CR 8.04 admissions. Plaintiffs also demand declaratory and injunctive relief to prevent the continuing abuses. Plaintiffs demand general damages and punitive damages. Furthermore, Plaintiffs accordingly respectfully demand entry of judgment as to liability and a **corresponding award of all total**

**amounts cited in Claims for Relief XXXII through CII (32 through 102) based on citations of 42 U.S.C. § 1983, 42 U.S.C. § 1985(2), 42 U.S.C. § 1985(3) in Claims for Relief XXXII through CII (32 through 102).** Plaintiffs assert: The **Defendant's complicity in and conspiracy in elder abuse** (both **financial and physical harm and injury) of Doris Colgate--- by Susan Wilson,** Lori Fox, Michelle Burkhead, Cristal Fox, Ray Wilson, Jude McConnell, Florence Bisig, Julie Bisig, Jeanette/Jenette/Janette Bisig, Paul Kevin Ford, and others cited above --- **mandates reporting of elder abuse under KRS 209.030(2) --- and justifies high punitive dollar awards.** Plaintiffs incorporate by reference in full detail paragraphs 2631A through 2631M regarding legal authority application cited herein. Court employees have fraudulently attempted to deceive Plaintiff through phone and internet phone interstate communications --- audio recorded and transcribed. Plaintiff asserts many documented electronic communications notifying judges and court employees that Plaintiff was being targeted in Washington State. All aforementioned also **constitute RICO Predicate acts under 18 U.S.C. §1512(c)(1)(2)-(e)-(k)-- §1513--§1343--§1349--§1503--§1961 through 1964(e)** and civil rights violations under 42 U.S.C. §1983 and 42 U.S.C. §1985(2)-(3). Plaintiffs incorporate by reference in full detail all aforementioned -- as though fully set forth herein. Plaintiffs also incorporate by reference in full detail PX-42 through PX-49, PX-82 through PX-87, PX-63 through PX-81, PX-108, PX-129, PX-136, PX-158. PX-159, PX-160, PX-48, PX-49, PX-129 through PX-133, PX-136, PX-137 through PX-154, PX-143 --- supports the fraud and destruction of records related to Eric Haner, Susan Gibson, and others. Plaintiffs assert and incorporate by reference in full the following regarding the **broad definition of an associated-in-fact enterprise --- in support of Plaintiffs' Actionable under---RICO predicate acts**

**herein: Odom v. Microsoft Corp., 486 F. 3d 541 - Court of Appeals, 9th Circuit 2007 and United States v. Turkette, 452 US 576 - Supreme Court 1981 in Section XX.**

1458. The **foregoing constitutes Plaintiffs' short and plain statement of this claim for relief** in compliance with Fed. R. Civ. P. 8(a)(2).

1459. Additionally, The Defendant's **legally binding and conclusive, judicially admitted participation in forged legal documents/instruments** has resulted in **continuous**, unlawful **tortious interference** with Trustee Edward Colgate's administration of **The Colgate Family Living Trust dated January 29, 2020**, with **each day since March 1, 2020**, constituting a **new act of fraudulent obstruction** and fiduciary harm/injury. This Claim for Relief is pled under a continuing tort doctrine, as Defendant's obstruction of Trustee Edward Colgate's fiduciary duties and Trustee recovery rights under the Trust constitutes an ongoing violation, with each day **renewing** the harm/injury and **tolling** all applicable statutes of limitation. Additionally, **each day that Defendant refuses and fails to report her own elder abuse and tortious fiduciary interference under KRS 209.030 constitutes a new statutory violation**, which further **renews** and **tolls** all relevant statutes of limitation under Kentucky and federal law.

1460. Each day that Judge Morris's (without jurisdiction) and other judges' (without jurisdiction) **fraudulent felony accusations remain embedded in void ab initio orders** constitutes a continuing denial of all Kentucky court access and systemic obstruction of justice in violation of 42 U.S.C. §§ 1983 and 1985(2)-(3), and the First, Seventh, and Fourteenth Amendments. Their collective refusal to report their own and each other's illegal or fraudulent actions under **KRS 26A.080 and KRS 209.030** perpetuates retaliatory elder abuse under **KRS 209.050, renewing** the constitutional and statutory harm/injury daily and **tolling all applicable statutes of limitation** under the continuing tort doctrine.

1461. **No state or federal court in the United States has ever attempted to bar, obstruct, or deny a civil plaintiff from all court access across an entire state by fraudulently accusing them of felonies.** The ahsurdity and illegality of such an act is so blatant that it has never been attempted by any judge in any jurisdiction. Adding to the absurdity and illegality is the fact that the Defendant had not been legally served yet. Jefferson Circuit Court is the first to attempt this type of illegal act or fraud, which is retaliatory under KRS 209.050, KRS 209.030, KRS 209.990, KRS 26A.015(2), and is an attempt to intimidate and tamper with a witness, which is also a violation of KRS 524.050, 42 U.S.C. §§ 1983 and 1985(2)-(3).

**CLAIM FOR RELIEF LXIII--**(Also a Count and Cause of Action) — **Defendant Susan Wilson's Sustained and Compounded Obstruction of Plaintiffs' Recovery — Through Defendant's Complicity and Conspiracy With One or More Judges** (without jurisdiction) — **the Elected Jefferson Circuit Court Clerk — Jefferson Circuit Court Clerk's Office Employees — Administrative Office of the Courts Employees — Court Administrators --- Staff Attorneys — Acting Under Color of State Law --- and Through Defendant's Complicity and Conspiracy With Private Citizens and Entities — Individually or in Any Combination — Depriving Plaintiffs of Constitutional Rights and Equal Protection — Actionable Under 42 U.S.C. §1983 and 42 U.S.C. §1985 and RICO Predicate Acts — Causing and Continuing to Cause Unjust Enrichment for Defendant Susan Wilson --- Based on --- Damages Caused by Defendant's Direct Actions in Refusal/Failure to Report Elder Abuse and Caused by Defendant's Complicity and Conspiracy in Refusal/Failure to Report Elder Abuse, Regarding Defendant's Own Elder Abuse and Others' Elder Abuse Perpetrated Against Doris Colgate, Which is Mandatory under KRS 209.030(2), KRS 209.990(1), and KRS 502.020 (Full Liability), Enabling/Causing Defendant's and Others'**

**Unjust Enrichment; Connected with Obstruction of Plaintiff's Fiduciary Duties, Rights, and Recovery; Deprivation and Obstruction of Civil Rights under 42 U.S.C. §§ 1983, 1985(2)-(3), the First, Seventh, and Fourteenth Amendments, and the Supremacy Clause, Art. VI, Cl. 2;** Supported by Rankin v. Howard, 633 F. 2d 844 (9th Circuit 1980) and US v. Dugan; Actionable under all aforementioned legal authority and under KRS 209.020, KRS 209.050, KRS 209.990, **KRS 446.070**, KRS 386B.8-010, KRS 386B.1-010(1), KRS 386B.8-180(1)(a), KRS 386B.4-100, FRCP 17(a)(1)(E), KRS 457.350(1)-(2), 28 U.S.C. § 1367(a); and **under all claims for relief herein this complaint**; And under **Legally Binding and Conclusive** Judicial Admissions of Liability and Damages pursuant to CR 8.04, 28 U.S.C. § 1367(a); (Conspiracy and Complicity with Full Liability); Causing Harm and Injury and unjust enrichment.

1462. Plaintiffs reassert and incorporate by reference in full detail all of Section XII: Master Comprehensive Incorporation of Exhibits, Evidentiary Foundation, Jurisdictional Foundation, Record of Judicial Misconduct, Systemic Civil Rights Obstruction, Denial of All Access to All Kentucky Courts, Constitutional and Federal Enforcement Framework, the Supremacy Clause (Art. VI, Cl. 2), and all preceding paragraphs as though fully restated and fully set forth herein this claim for relief/relief entitled to-sought-demanded. Plaintiffs further assert all of the following:

**Plaintiffs hereby assert the following "Short and Plain Statement" (Fed. R. Civ. P. 8(a)(2)):**

1463. Plaintiffs reassert and incorporate by reference in full detail all prior paragraphs, including all facts, all statutory violations, and all legally binding and conclusive judicial admissions of liability and damages in Kentucky State case 25-CI-001371 against Susan Wilson. See **PX-51, PX-55, PX-56.**

1464. Plaintiffs reassert and incorporate by reference in full detail all legally binding and conclusive judicial admissions of liability and damages in cases 25-CI-001371, 25-CI-001568, 25-CI-001795, 25-CI-001796, 25-CI-001121, with cases 25-CI-001568, 25-CI-001795, 25-CI-001796, 25-CI-001121 **facially fully supporting case 25-CI-001371 (Refer to PX-51 through PX-62 and PX-96, PX-95)**, as though fully restated and fully set forth herein this claim for relief/relief entitled to-sought-demanded.

1465. **Legal Integration: Supplemental jurisdiction** is applied to **KRS 209.030(2)** and KRS 209.990 under 28 U.S.C. § 1367(a) for **Claim for Relief LXIII that independently states a federal claim for relief** under --- Defendant Susan Wilson's Sustained and Compounded Obstruction of Plaintiffs' Recovery — Through Defendant's Complicity and Conspiracy With One or More Judges (without jurisdiction) — the Elected Jefferson Circuit Court Clerk — Jefferson Circuit Court Clerk's Office Employees — Administrative Office of the Courts Employees — Court Administrators — Staff Attorneys — Acting Under Color of State Law --- and Through Defendant's Complicity and Conspiracy With Private Citizens and Entities — Individually or in Any Combination — Depriving Plaintiffs of Constitutional Rights and Equal Protection — Actionable Under 42 U.S.C. §1983 and 42 U.S.C. §1985 and RICO predicate acts — Causing and Continuing to Cause Unjust Enrichment for Defendant Susan Wilson --- **Based on Damages Caused by** Defendant's Direct Actions in Refusal/Failure to Report Elder Abuse and Caused by Defendant's Complicity and Conspiracy in Refusal/Failure to Report Elder Abuse, Regarding Defendant's Own Elder Abuse and Others' Elder Abuse Perpetrated Against Doris Colgate, Which is Mandatory under KRS 209.030(2), KRS 209.990(1), and KRS 502.020 (Complicity with Full Liability), Enabling/Causing Defendant's and Others' Unjust Enrichment; Connected with Obstruction of Plaintiff's Fiduciary Duties, Rights, and Recovery; Deprivation

and Obstruction of Civil Rights under 42 U.S.C. §§ 1983, 1985(2)-(3), the First, Seventh, and Fourteenth Amendments, and the Supremacy Clause, Art. VI, Cl. 2; Supported by Rankin v. Howard, 633 F. 2d 844 (9th Circuit 1980) and US v. Dugan; Actionable under all aforementioned legal authority and under KRS 209.020, KRS 209.050, KRS 209.990, **KRS 446.070**, KRS 386B.8-010, KRS 386B.1-010(1), KRS 386B.8-180(1)(a), KRS 386B.4-100, FRCP 17(a)(1)(E), KRS 457.350(1)-(2), 28 U.S.C. § 1367(a); and **under all claims for relief herein this complaint**; And under **Legally Binding and Conclusive** Judicial Admissions of Liability and Damages pursuant to CR 8.04, 28 U.S.C. § 1367(a); (Conspiracy and Complicity with Full Liability); All aforementioned violations Causing Harm/Injury, and incorporates**, in part,** the same set of facts, harms/injuries, and legally binding and conclusive judicial admissions now as a basis for federal relief, including but not limited to punitive damages. Defendant and others continue their elder abuse of Doris Colgate each and every day they refuse/fail to report themselves and others for elder abuse. Plaintiffs incorporate by reference in full detail **Sections XVIII, XIX, XXXVI, XXVI, XXX, XXXII, XXVIII, XXIX, XXXI, XXXV, XXVII, XXXVII, PX-63 through PX-87,** PX-42 through PX-49, PX-108, all 167 Exhibits, and the **First through the Fourteenth FRE 201 Judicial Notices** of judicially **noticed adjudicative facts,** which include approximately **1,044 total adjudicative facts,** including approximately **322 adjudicative facts** supporting **jurisdiction** in the U.S. District Court for the Western District of Washington; **FRE 201 Adjudicative Facts in Judicial NOTICES --- 2 through 8, 10, 12, and 13 --- fully support jurisdiction and venue.** All aforementioned incorporations provide **100% certainty** of fraudulently assigned judges (without jurisdiction) and fraudulently assigned case numbers --- prior to the legal filings by Plaintiffs of all 10 of their year-2025 cases --- with all 10 cases being illegally and fraudulently filed and processed by a

non-existent/ non-payroll name in year-2025 --- which did not generate a legal random judge assignment and which did not generate a legal case number assignment --- and thereby provides 100% certainty that Kentucky judges NEVER had jurisdiction and NEVER will have jurisdiction. Plaintiffs assert Rankin v. Howard, 633 F. 2d 844 (9th Circuit 1980) and United States v. Dugan, 2:25-cr-00089 (E.D. Wis. 2025) regarding judges without jurisdiction.

1466. Defendant Wilson has **legally binding and conclusive judicial admissions of Forgery/Complicity in Forgery** with full liability regarding legal documents dated on or near 3-4-2020, and later, including but not limited to a power of attorney document, a trust revocation document, a Will, and/or a document fraudulently removing Doris Colgate's real estate, located at 410 Wisteria Avenue, Jefferson County, from the Trust.

1467. Defendant Susan Wilson was and is complicit in and conspired in a scheme with Judge Patricia Morris (without jurisdiction), whereby Judge Morris (without jurisdiction) weaponized a **knowingly false and fraudulent felony accusation** of "unauthorized practice of law" against pro se Plaintiffs—who were acting lawfully under KRS 209.030(2) and as a fiduciary under valid Trust and POA instruments—in order to deny Plaintiffs all access to all Kentucky courts and to **obstruct elder abuse recovery. Patricia Morris's fraudulent felony accusation is also proven by Defendant Susan Wilson's legally binding and conclusive judicial admissions of Plaintiffs' legal standing, Defendant's liability, and Defendant's damages.** See **PX-12, PX-51, PX-55, PX-56.**

1468. This denial was executed **without jurisdiction**, violated Plaintiffs' constitutional rights and statutory rights, and directly benefited Defendant, who remained **unjustly enriched** as a result. The fraudulent accusation by Judge Morris (without jurisdiction) occurred **19 days prior** to Defendant Wilson being legally served by the Jefferson County Sheriff. When filing the

Complaint, Plaintiffs paid the mandatory $60 fee directly to the Jefferson Circuit Court Clerk to have legal service by the Sheriff executed immediately.

1469. The timing and coordination of this judicial obstruction before lawful service—despite the court's active role in facilitating Wilson's service—demonstrates an **ultra vires abuse** of office by Morris to shield Wilson from litigation and to obstruct and block all statutory recovery.

1470. Direct communication between Wilson and Morris does **not** need to be proven to establish complicity under KRS 502.020 and conspiracy under 42 U.S.C. § 1985(2)-(3) . The judicial act of denying Plaintiffs all court access functioned as **an overt act in furtherance of a shared unlawful objective** to obstruct justice and to illegally protect Wilson from liability, in violation of 42 U.S.C. §§ 1983, 1985(2)-(3) and in Violation of the First, Seventh, and Fourteenth Amendments, and the Supremacy Clause, Art. VI, Cl. 2.

1471. Plaintiffs incorporate by reference in full detail Defendant's legally binding and conclusive judicial admissions of liability in Kentucky Case No. 25-CI-001371 pursuant to CR 8.04, and 28 U.S.C. § 1367(a).

1472. Susan Wilson was and is **complicit** with and **conspired** with judge Morris or Patricia Morris, who was and is **acting in the absence of jurisdiction.** See **Rankin v. Howard, 633 F. 2d 844 (9th Circuit 1980) and US v. Dugan;** Also refer to **all details in SECTION XII for evidence against Morris, and also for evidence of systemic corruption.**

1473. **The DAMAGES Demand:** Plaintiffs accordingly respectfully demand the following: Entry of judgment as to liability and a corresponding award of all of the following for this claim for relief: **Based on the fraudulent obstruction and deprivation of all Plaintiffs' recovery, Damages Awards are as Follows:** Combined for Edward Colgate and Doris Colgate: **$540,185.41** Awarded for Special damages--legally binding and conclusive--admitted as a sum-

certain- under substantive CR 8.04; **$1,620,556.23** Awarded for Treble damages; **$4,861,668.69** Awarded for Punitive damages no less than 9 times damages --- and up to 40 times damages. Doris Colgate: **$2,975,000.00** --- Claims for Relief LXXXIX and VI and XXXVII; **$8,925,000.00** Awarded for Treble damages; **$26,775,000.00** Awarded for Punitive damages no less than 9 times damages---and up to 40 times damages; **$750,000.00** Awarded for Claims for Relief V and XXXVI; **$2,250,000.00** Awarded for Treble damages; **$6,750,000.00** Awarded for Punitive damages no less than 9 times damages --- and up to 40 times damages; **$79,000.00** Awarded for Claim for Relief C --- 100; **$237,000.00** Awarded for Treble damages; **$711,000.00** Awarded for Punitive damages no less than 9 times damages --- and up to 40 times damages; **$49,665.00** Awarded for Claims for Relief CI—100--promissory notes/loans; **$148,995.00** Awarded for Treble damages; **$446,985** Awarded for Punitive damages no less than 9 times damages --- and up to 40 times damages; Doris Colgate continued: Range from **$500,000.00 To $1,500,000.00** Awarded --- Claims for Relief XCVI --- IIED; Doris Colgate Range from **$1,500,000.00 To $4,500,000.00** Awarded for Treble damages; Doris Colgate Range from **$4,500,000.00 To $13,500,000.00** Awarded for Punitive damages no less than 9 times damages --- and up to 40 times damages; Edward Colgate Range from **$250,000.00 To $750,000.00** Awarded for --- Claims for Relief XCVI --- IIED and fraudulent Deprivation of familial relationship; Edward Colgate Range from **$750,000.00 To $2,250,000.00** Awarded for Treble damages; Edward Colgate Range from **$2,250,000.00 To $6,750,000.00** Awarded for Punitive damages no less than 9 times damages --- and up to 40 times damages; Edward Colgate Range from **$500,000.00 To $2,000,000.00** Awarded for --- Claims for Relief XCVII---IIED---Wrongful Death; Edward Colgate Range from **$1,500,000.00 To $6,000,000.00** Awarded for Treble damages; Edward Colgate Range from **$4,500,000.00 To $18,000,000.00** Awarded for

Punitive damages no less than 9 times damages --- and up to 40 times damages; Edward Colgate Range from **$500,000.00 To $3,000,000.00** Awarded for --- Irreversible Deprivation of Familial Relationship; Edward Colgate Range from **$1,500,000.00 To $9,000,000.00** Awarded for Treble damages; Edward Colgate Range from **$4,500,000.00 To $27,000,000.00** Awarded for Punitive damages no less than 9 times damages --- and up to 40 times damages; Edward Colgate's **Compounded IIED** damages awards --- **Irreversible Deprivation Compound;** Edward Colgate **Range** from no less than **$250,000 times 2 and times** 4 and **up to $750,000 times 2 and times 4** Awarded for --- **Compounded IIED** damages awarded to Edward Colgate if Doris Colgate's death; Edward Colgate Range from **$500,000.00 To $1,000,000.00 ---** and **up to $1,500,000.00 To $3,000,000.00** Awarded for --- Compounded IIED damages awards to Edward Colgate if Doris Colgate's death; Edward Colgate Range from **$4,500,000.00 To $9,000,000.00** Awarded for Trebled damages; Edward Colgate Range from **$13,500,000.00 To $27,000,000.00** Awarded for Punitive damages no less than 9 times damages --- and up to 40 times damages. Edward Colgate: **$50,138.68** Awarded for Special Damages--legally binding and conclusive--admitted as a sum-certain--under substantive CR 8.04; Edward Colgate: **$150,416.04** Awarded for Treble damages; Edward Colgate: **$451,248.12** Awarded for Punitive damages no less than 9 times damages --- and up to 40 times damages; Edward Colgate: **$48,600.00** Awarded for Time and Energy damages admitted under legally binding substantive CR 8.04; Edward Colgate: **$145,800.00** Awarded for Treble damages; Edward Colgate: **$437,400.00** Awarded for Punitive damages no less than 9 times damages --- and up to 40 times damages; Edward Colgate: **$4,091.08** Awarded for Fraudulent Fees Paid Based on Alias Name---Fraud; Edward Colgate: **$12,273.24** Awarded for Treble damages; Edward Colgate: **$36,819.72** Awarded for Punitive damages no less than 9 times damages --- and up to

40 times damages; Edward Colgate: **$28,000.00** Awarded for Claims for Relief LXI and XXXI; Edward Colgate: **$84,000.00** Awarded for Treble damages; Edward Colgate: **$252,000.00** Awarded for Punitive damages no less than 9 times damages --- and up to 40 times damages; Edward Colgate: **2,544 hours multiplied by $150 per hour — $381,600 --- trebled to --- $1,144,800 --- punitive** damages of **$3,434,400** --- no less than 9 times damages --- and up to 40 times damages; Edward Colgate: **$381,600.00** Awarded for Federal Time and Energy and Work and Effort Damages; **$1,144,800.00** Awarded for Federal Treble damages; **$3,434,400.00** Awarded for Federal Punitive damages no less than 9 times damages --- and up to 40 times damages. Plaintiffs accordingly respectfully demand immediate entry of judgment as to liability and a corresponding award of $540,185.41 in Special Damages — established as a legally binding and conclusive sum-certain from Wilson's own substantive CR 8.04 admissions in KY case 25-CI-001371 (PX-51) --- and independently confirmed from four additional defendants' CR 8.04 admissions across four separate Kentucky cases — which is separate from --- and in addition to all of the following respectfully demanded: Other compensatory damages for continuing losses caused by Defendant's ongoing fraudulent obstruction of recovery — fraudulent concealment — and unjust enrichment — also judicially admitted under CR 8.04. Dividends and interest defrauded from Doris in all five financial instruments --- and Interest to Edward — admitted by Wilson and four additional defendants through CR 8.04 admissions. Plaintiffs also demand declaratory and injunctive relief to prevent the continuing abuses. Plaintiffs demand general damages and punitive damages. Furthermore, Plaintiffs accordingly respectfully demand entry of judgment as to liability and a **corresponding award of all total amounts cited in Claims for Relief XXXII through CII (32 through 102) based on citations of 42 U.S.C. § 1983, 42 U.S.C. § 1985(2), 42 U.S.C. § 1985(3) in Claims for Relief XXXII**


Edward Colgate 22023 SE Wax Rd., Box 1452, Maple Valley, WA 98038, King Co.

**through CII (32 through 102)**. Plaintiffs assert: The **Defendant's complicity in and conspiracy in elder abuse** (both **financial and physical harm and injury**) **of Doris Colgate---by Susan Wilson,** Lori Fox, Michelle Burkhead, Cristal Fox, Ray Wilson, Jude McConnell, Florence Bisig, Julie Bisig, Jeanette/Jenette/Janette Bisig, Paul Kevin Ford, and others cited above --- **mandates reporting of elder abuse under KRS 209.030(2) --- and justifies high punitive dollar awards.** Plaintiffs incorporate by reference in full detail paragraphs 2631A through 2631M regarding legal authority application cited herein. Court employees have fraudulently attempted to deceive Plaintiff through phone and internet phone interstate communications --- audio recorded and transcribed. Plaintiff asserts many documented electronic communications notifying judges and court employees that Plaintiff was being targeted in Washington State. All aforementioned also **constitute RICO Predicate acts under** 18 U.S.C. §1512(c)(1)(2)-(e)-(k)-- §1513--§1343--§1349--§1503--§1961 through 1964(c) and civil rights violations under 42 U.S.C. §1983 and 42 U.S.C. §1985(2)-(3). Plaintiffs incorporate by reference in full detail all aforementioned — as though fully set forth herein. Plaintiffs also incorporate by reference in full detail PX-42 through PX-49, PX-82 through PX-87, PX-63 through PX-81, PX-108, PX-129, PX-136, PX-158. PX-159, PX-160, PX-48, PX-49, PX-129 through PX-133, PX-136, PX-137 through PX-154, PX-143 --- supports the fraud and destruction of records related to Eric Haner, Susan Gibson, and others. Plaintiffs assert and incorporate by reference in full the following regarding the **broad definition of an associated-in-fact enterprise --- in support of Plaintiffs' Actionable under---RICO predicate acts herein: Odom v. Microsoft Corp., 486 F. 3d 541 - Court of Appeals, 9th Circuit 2007 and United States v. Turkette, 452 US 576 - Supreme Court 1981 in Section XX.** In addition to the **100% Certainty for most of all illegal, fraudulent and conspiratorial acts cited herein--**

**based on official records,** the **Bayesian %** probability analysis of **conspiratorial intention** for any illegal, fraudulent, and conspiratorial act cited herein --- that may not be considered 100% --- is --- **99.99999999999999999999999999999999999999999999999999999999 999999999999999999999999999999999999999999999999999+% --- which is 99.999.....decimal point followed by more than 200 additional nines ---** for the probability and certainty of the **intentionality** of illegal, fraudulent, and conspiratorial acts cited herein.

1474. The **foregoing constitutes Plaintiffs' short and plain statement of this claim for relief** in compliance with Fed. R. Civ. P. 8(a)(2).

1475. Additionally, The Defendant's **legally binding and conclusive, judicially admitted participation in forged legal documents/instruments** has resulted in **continuous**, unlawful **tortious interference** with Trustee Edward Colgate's administration of **The Colgate Family Living Trust dated January 29, 2020,** with **each day since March 1, 2020**, constituting a **new act of fraudulent obstruction** and fiduciary harm/injury. This Claim for Relief is pled under a continuing tort doctrine, as Defendant's obstruction of Trustee Edward Colgate's fiduciary duties and Trustee recovery rights under the Trust constitutes an ongoing violation, with each day **renewing** the harm/injury and **tolling** all applicable statutes of limitation. Additionally, **each day that Defendant refuses and fails to report her own elder abuse and tortious fiduciary interference under KRS 209.030 constitutes a new statutory violation**, which further **renews** and **tolls** all relevant statutes of limitation under Kentucky and federal law.

1476. Each day that Judge Morris's and other judges' **fraudulent felony accusations remain embedded in void ab initio orders** constitutes a continuing denial of all Kentucky court access

and systemic obstruction of justice in violation of 42 U.S.C. §§ 1983 and 1985(2)-(3), and the First, Seventh, and Fourteenth Amendments. Their collective refusal to report their own and each other's illegal or fraudulent actions under **KRS 26A.080 and KRS 209.030** perpetuates retaliatory elder abuse under **KRS 209.050, renewing** the constitutional and statutory harm/injury daily and **tolling all applicable statutes of limitation** under the continuing tort doctrine.

1477. **No state or federal court in the United States has ever attempted to bar, obstruct, or deny a civil plaintiff from all court access across an entire state by fraudulently accusing them of felonies.** The absurdity and illegality of such an act is so blatant that it has never been attempted by any judge in any jurisdiction. Adding to the absurdity and illegality is the fact that the Defendant had not been legally served yet. Jefferson Circuit Court is the first to attempt this type of illegal act or fraud, which is retaliatory under KRS 209.050, KRS 209.030, KRS 209.990, KRS 26A.015(2), and is an attempt to intimidate and tamper with a witness, which is also a violation of KRS 524.050, KRS 522.020, 42 U.S.C. §§ 1983 and 1985(2)-(3).

**CLAIM FOR RELIEF LXIV**--(Also a Count and Cause of Action) — **Defendant Susan Wilson's Sustained and Compounded Obstruction of Plaintiffs' Recovery — Through Defendant's Complicity and Conspiracy With One or More Judges** (without jurisdiction) — **the Elected Jefferson Circuit Court Clerk — Jefferson Circuit Court Clerk's Office Employees — Administrative Office of the Courts Employees — Court Administrators — Staff Attorneys — Acting Under Color of State Law --- and Through Defendant's Complicity and Conspiracy With Private Citizens and Entities — Individually or in Any Combination — Depriving Plaintiffs of Constitutional Rights and Equal Protection — Actionable Under 42 U.S.C. §1983 and 42 U.S.C. §1985 and RICO Predicate Acts —**

**Causing and Continuing to Cause Unjust Enrichment for Defendant Susan Wilson --- Based on --- Damages Caused by Defendant's Direct Actions and Complicity and Conspiracy in Systemic, Systematic, Intentional, illegal, Fraudulent Non-Random Judge Assignments (100% Certainty)---Regarding Plaintiffs' 10 Cases Filed in Year-2025 ---Prior to the Existence of Plaintiffs' 10 Cases Filed in Year-2025---And Regarding Other Fraudulent Judge Assignments---by the Judges, the Court Administrators, the Court Clerk, the Court Clerk Employees, and other AOC employees--Denying, Depriving, Obstructing---All Court Access in all Kentucky Courts, Due Process, Civil Rights---through Systemic Judicial and Court Obstruction, Obstructing Justice, Voiding/Voiding Ab Initio any and all Judicial (Judge) Jurisdiction in all Plaintiffs' 11 cases, Enabling/ Causiug Defendant's and Others' Unjust Enrichment; Connected with Obstruction of Plaintiff's Fiduciary Duties, Rights, and Recovery; Deprivation and Obstruction of Civil Rights under 42 U.S.C. § 1983, 42 U.S.C. § 1985(2)-(3), the First, Seventh, and Fourteenth Amendments, and the Supremacy Clause, Art. VI, Cl. 2;** Supported by Rankin v. Howard, 633 F. 2d 844 (9th Circuit 1980) and US v. Dugan; Actionable under all aforementioned legal authority and under KRS 502.020, SCR 1.040(3)(c)-(4)(a), KRS 209.050, KRS 209.020, KRS 209.030(2), KRS 209.990, KRS 522.020, KRS 26A.080, KRS 26A.020, KRS 26A.015(2)(a)-(c)-(3)(a), **KRS 446.070**, KRS 386B.8-010, KRS 386B.1-010(1), KRS 386B.8-180(1)(a), KRS 386B.4-100, FRCP 17(a)(1)(E), KRS 457.350(1)-(2), 28 U.S.C. § 1367(a), 28 U.S.C. § 1331, 28 U.S.C. § 1343; and **under all claims for relief herein this complaint**; And under **Legally Binding and Conclusive** Judicial Admissions of Liability and Damages pursuant to CR 8.04, 28 U.S.C. § 1367(a); (Conspiracy and Complicity with Full Liability); Causing Harm/Injury

1478. Plaintiffs reassert and incorporate by reference in full detail all of Section XII: Master Comprehensive Incorporation of Exhibits, Evidentiary Foundation, Jurisdictional Foundation, Record of Judicial Misconduct, Systemic Civil Rights Obstruction, Denial of All Access to All Kentucky Courts, Constitutional and Federal Enforcement Framework, the Supremacy Clause (Art. VI, Cl. 2), and all preceding paragraphs as though fully restated and fully set forth herein this claim for relief/relief entitled to-sought-demanded. Plaintiffs further assert all of the following:

**Plaintiffs hereby assert the following "Short and Plain Statement" (Fed. R. Civ. P. 8(a)(2)):**

1479. Plaintiffs reassert and incorporate by reference in full detail all prior paragraphs, including all facts, all statutory violations, and all legally binding and conclusive judicial admissions of liability and damages in Kentucky State case 25-CI-001371 against Susan Wilson. See PX-51, PX-55, PX-56, PX-95, PX-96. Plaintiffs can now assert with **100% Certainty** the **Systemic, Intentional, illegal, Fraudulent Non-Random Judge Assignments in 11 Cases in Jefferson Circuit Court—KY based on the full detail in PX-63 through PX-108. Plaintiffs incorporate by reference in full detail--PX-63 through PX-108 and Section XXVI--to fully support this Claim for Relief. Supervisor Samantha Henley is using three (3) Aliases, in complicity and in conspiracy, to facilitate illegal judge assignments.** Plaintiffs have **confirmed four (4) active email aliases** with the Jefferson Circuit Court Clerk's Office. This is **the reason that Samantha refuses to provide her last name to anyone.** See **PX-108** regarding **Samantha's personnel file,** citing **personnel id number 00269101. Samantha's voicemail is Samantha Henley, regardless** of which Samantha that Plaintiff asks to be transferred to. In case **25-CI-001447,** a case filed in **year 2025,** Samantha **Fogel, who is not on payroll in year 2025,** fraudulently assigned a judge and case number **prior to** said case legally existing. Plaintiff then

called in on the phone---paying Samantha **Sims** with a credit card to commence the case. Samantha **Sims** is **not on payroll in year 2025.** In case **25-CI-002150, Samantha Fogel, who is not on payroll in year 2025,** fraudulently assigned said case to **Judge Susan Schultz Gibson on 3-20-2025**--at **3:10:04 PM,** when said case did **NOT** legally exist yet. Plaintiffs paid Samantha **Sims,** who is **not on payroll in year 2025,** the filing fee over the phone with a credit card on **3-20-2025**-- at **4:06 PM** to commence the case. **Norma Bisig fraudulently assigned judges in Plaintiffs' 8 other cases---prior** to Samantha **Sims,** a name that is **not on payroll in year 2025, fraudulently processing Plaintiff's credit card to file the case.** When Bisig is not available for the fraudulent judge assignments, **non-existent payroll name/individual in year-2025 --- Samantha Fogel --- via Samantha Henley**---fraudulently assigns the judge before the case exists. In addition to the provided legal authority, refer to **Audio25 and Audio32 in Section XXVII**. In **Audio25,** Samantha Henley communicates that a case commences when Plaintiffs pay the filing fee. Henley, Nicholson, Smalley, McCoy, and others have fraudulently deprived and continue to deprive Plaintiffs of scanning and uploading of Plaintiffs' court filings and have deprived and continue to deprive Plaintiffs of the same electronic access to court filings that the Defendant is allowed. And refer to **PX-63** Through **PX-81** and the **USB drive and Section XXVII** for said Audios.

1480. Plaintiffs reassert and incorporate by reference in full detail all legally binding and conclusive judicial admissions of liability and damages in cases 25-CI-001371, 25-CI-001568, 25-CI-001795, 25-CI-001796, 25-CI-001121, with cases 25-CI-001568, 25-CI-001795, 25-CI-001796, 25-CI-001121 **facially fully supporting case 25-CI-001371 (Refer to PX-51 through PX-62 and PX-96, PX-95)**, as though fully restated and fully set forth herein this claim for relief/relief entitled to-sought-demanded.

1481. **Legal Integration: Supplemental, federal question, and civil rights jurisdiction** is applied to the following under 28 U.S.C. § 1367(a), § 1331, and § 1343 for **Claim for Relief LXIV that independently states a federal claim for relief** under --- Defendant Susan Wilson's Sustained and Compounded Obstruction of Plaintiffs' Recovery - Through Defendant's Complicity and Conspiracy With One or More Judges (without jurisdiction) — the Elected Jefferson Circuit Court Clerk — Jefferson Circuit Court Clerk's Office Employees — Administrative Office of the Courts Employees — Court Administrators — Staff Attorneys — Acting Under Color of State Law --- and Through Defendant's Complicity and Conspiracy With Private Citizens and Entities — Individually or in Any Combination — Depriving Plaintiffs of Constitutional Rights and Equal Protection — Actionable Under 42 U.S.C. §1983 and 42 U.S.C. §1985 - Causing and Continuing to Cause Unjust Enrichment for Defendant Susan Wilson --- **Based on Damages Caused by** Defendant's Direct Actions and Complicity and Conspiracy in Systemic, Systematic, Intentional, illegal, Fraudulent Non-Random Judge Assignments **(100% Certainty)**---Regarding Plaintiffs' **10** Cases Filed in Year-2025 ---Prior to the Existence of Plaintiffs' 10 Cases Filed in Year-2025---And Regarding Other Fraudulent Judge Assignments---by the Judges, the Court Administrators, the Court Clerk, the Court Clerk Employees, and other AOC employees--Denying, Depriving, Obstructing---All Court Access in all Kentucky Courts, Due Process, Civil Rights---through Systemic Judicial and Court Obstruction, Obstructing Justice, Voiding/Voiding Ab Initio any and all Judicial (Jndge) Jurisdiction in all Plaintiffs' 11 cases, Enabling/ Causing Defendant's and Others' Unjust Enrichment; Connected with Obstruction of Plaintiff's Fiduciary Duties, Rights, and Recovery; Deprivation and Obstruction of Civil Rights under 42 U.S.C. § 1983, 42 U.S.C. § 1985(2)-(3), the First, Seventh, and Fourteenth Amendments, and the Supremacy Clause, Art. VI, Cl. 2; Supported by Rankin v.

Howard, 633 F. 2d 844 (9th Circuit 1980) and US v. Dugan; Actionable under all aforementioned legal authority and under KRS 502.020, SCR 1.040(3)(c)-(4)(a), KRS 209.050, KRS 209.020, KRS 209.030(2), KRS 209.990, KRS 522.020, KRS 26A.080, KRS 26A.020, KRS 26A.015(2)(a)-(e)-(3)(a), **KRS 446.070**, KRS 386B.8-010, KRS 386B.1-010(1), KRS 386B.8-180(1)(a), KRS 386B.4-100, FRCP 17(a)(1)(E), KRS 457.350(1)-(2), 28 U.S.C. § 1367(a), 28 U.S.C. § 1331, 28 U.S.C. § 1343; and **under all claims for relief herein this complaint**; And under **Legally Binding and Conclusive** Judicial Admissions of Liability and Damages pursuant to CR 8.04, 28 U.S.C. § 1367(a); (Conspiracy and Complicity with Full Liability); Causing Harm/Injury, and incorporates**, in part,** the same set of facts, harms/injuries, and legally binding and conclusive judicial admissions now as a basis for federal relief, including but not limited to punitive damages. Defendant and others continue their elder abuse of Doris Colgate each and every day they refuse/fail to report themselves and others for elder abuse. Plaintiffs incorporate by reference in full detail **Sections XVIII, XIX, XXXVI, XXVI, XXX, XXXII, XXVIII, XXIX, XXXI, XXXV, XXVII, XXXVII, PX-63 through PX-87**, PX-42 through PX-49, PX-108, all 167 Exhibits, and the **First through the Fourteenth FRE 201 Judicial Notices** of judicially **noticed adjudicative facts,** which include approximately **1,044 total adjudicative facts,** including approximately **322 adjudicative facts** supporting **jurisdiction** in the U.S. District Court for the Western District of Washington; **FRE 201 Adjudicative Facts in Judicial NOTICES --- 2 through 8, 10, 12, and 13 --- fully support jurisdiction and venue.** All aforementioned incorporations provide **100% certainty** of fraudulently assigned judges and fraudulently assigned case numbers --- prior to the legal filings by Plaintiffs of all 10 of their year-2025 cases --- with all 10 cases being illegally and fraudulently filed and processed by a non-existent/non-payroll name in year-2025 --- which did

not generate a legal random judge assignment and which did not generate a legal case number assignment --- and thereby provides 100% certainty that Kentucky judges NEVER had jurisdiction and NEVER will have jurisdiction. Plaintiffs assert Rankin v. Howard, 633 F. 2d 844 (9th Circuit 1980) and United States v. Dugan, 2:25-cr-00089 (E.D. Wis. 2025) regarding judges without jurisdiction.

1482A. Defendant Wilson has **legally binding and conclusive judicial admissions of Forgery/Complicity in Forgery** with full liability regarding legal documents dated on or near 3-4-2020, and later, including but not limited to a power of attorney document, a trust revocation document, a Will, and/or a document fraudulently removing Doris Colgate's real estate, located at 410 Wisteria Avenue, Jefferson County, from the Trust.

1482B. Plaintiffs assert all of the following---which facially prove the fraudulent judge assignments---from the Court's and Personnel's own records. A **case generated by a "non-payroll" individual**---under a **name** that does **NOT** appear in the 2025 payroll records---has **invalid and fraudulent** institutional origin.

1482C. **Fraudulent Pre-Commencement of Judge Assignments and Fraudulent Filing and Commencement of All 10 of Plaintiffs' Cases Filed in Year-2025 --- by Non-Existent --- Non-Payroll Aliases:** Samantha **Sims** — a name **NOT on** KCOJ's, the Court Clerk's, or AOC's **payroll** in year-2025 based on year 2025 Kentucky Personnel Cabinet payroll records --- **fraudulently** processed Plaintiffs' credit card payments over the phone to initially file and commence **each and all of Plaintiffs' 10 year-2025 cases.** Samantha **Fogel** — a name also **NOT on payroll** in year 2025 — fraudulently executed **2 fraudulent judge assignments and 2 fraudulent case number assignments prior to the cases legally existing --- and the cases still do not legally exist since no case numbers and no judges were assigned when the**

**nonexistent/non-payroll name (Sims) fraudulently processed Plaintiffs' cases.** Norma Bisig fraudulently executed **8 fraudulent judge assignments and 8 fraudulent case number assignments prior to** the **cases** legally **existing --- and the cases still do not legally exist since no case numbers and no judges were assigned when the nonexistent/non-payroll name fraudulently processed Plaintiffs' cases.** Supervisor Samantha Henley has three aliases — **Samantha Sims, Samantha Fogel, and Samantha Logan — all** of whom were/are **NOT on payroll in year-2025** — all sharing the **same personnel identification number 00269101.** A **judge assignment executed by a non-payroll alias --- without authority --- before a case legally exists --- is void or void ab initio** — as a **Forged Deed** does **NOT** convey title regardless of recording — a **void judge assignment** confers **NO jurisdiction**---regardless of its appearance in official case management records. Every judge assigned to Plaintiffs' cases in year-2025 through this **fraudulent mechanism** had **NO jurisdiction** from the first moment of their purported assignment and Never had jurisdiction.

1482D. See PX-63: Receipt for Complaint Filing Fee---showing the date and time for Plaintiffs' Filing of the following case---In case **25-CI-001121** --- Plaintiffs paid **Samantha Sims ---** a **nonexistent/ non-payroll, invalid, and fraudulent name in year-2025** --- the filing fee on **2-17-2025**--at **1:37 PM. Norma Bisig** fraudulently assigned said case to **Judge Tracy Davis on 2-17-2025**---at **1:00:53 PM**---when said case did **NOT** legally exist yet.

1482E. PX-64: Fraudulent Judge Assignment Report---showing the date and time of the Fraudulent Judge Assignment---In case **25-CI-001121** --- Plaintiffs paid **Samantha Sims---a non-payroll, invalid, and fraudulent name in year-2025** --- the filing fee on **2-17-2025**--at **1:37 PM. Norma Bisig** fraudulently assigned said case to **Judge Tracy Davis on 2-17-2025**--- at **1:00:53 PM**---when said case did **NOT** legally exist yet.

1482F. **PX-64B:** When Judge Assignments are done **prior** to the filing of a complaint, the **fraudulently assigned judge** does **NOT** have jurisdiction pursuant to CR 3.02(1)--The filing fee for a civil case in Circuit Court shall be paid to the circuit clerk at the time the case is filed---And pursuant to CR 3.01--A civil action is commenced by the filing of a complaint with the court. In addition, on audio recording, Court Clerk Supervisor Samantha Henley/Samantha Sims (Same person---Supervisor attempted to conceal that information) and another court clerk, both communicated that commencement of a complaint starts when the filing fee is paid. Supervisor and said court clerk both communicated that a case number is assigned at the time the filing fee is paid. Thereby/Therefore said case was fraudulently assigned. If said case had generated a case number and a judge assignment at the time of the legal filing of said case, said case would then have 2 case numbers and 2 Judges assigned to the same case. **Plaintiffs incorporate** by reference in full detail **PX-64B into all Claims for Relief herein and into Exhibits PX-51 through PX-100.**

1482G. PX-65: Receipt for Complaint Filing Fee---showing the date and time for Plaintiffs' Filing of the following case---In case **25-CI-001371** --- Plaintiffs paid **Samantha Sims --- a non-payroll, invalid, and fraudulent name in year 2025**---the filing fee on **2-25-2025**--at **4:23 PM. Norma Bisig** fraudulently assigned said case to **Judge Patricia Morris on 2-25-2025**---at **9:10:15 AM**---when said case did **NOT** legally exist yet.

1482H. PX-66: Fraudulent Judge Assignment Report---showing the date and time of the Fraudulent Judge Assignment--- In case **25-CI-001371** --- Plaintiffs paid **Samantha Sims**---a **non-payroll, invalid, and fraudulent name in year 2025** --- the filing fee on **2-25-2025**--at **4:23 PM. Norma Bisig** fraudulently assigned said case to **Judge Patricia Morris on 2-25-2025**---at **9:10:15 AM**---when said case did **NOT** legally exist yet. When Judge Assignments

are done **prior** to the filing of a complaint, the **fraudulently assigned judge** does **NOT** have jurisdiction pursuant to CR 3.02(1)--The filing fee for a civil case in Circuit Court shall be paid to the circuit clerk at the time the case is filed---And pursuant to CR 3.01--A civil action is commenced by the filing of a complaint with the court.

1482I. PX-67: Fraudulent Judge Assignment Report---showing the date and time of the Fraudulent Judge Assignment--- In case **25-CI-001447** --- Plaintiffs paid **Samantha Sims---a non-payroll, invalid, and fraudulent name in year 2025**---the filing fee on **2-27-2025**--at **2:14:21 PM. Samantha Fogel** fraudulently assigned said case to **Judge Patricia Morris** on **2-27-2025**--at **11:20:18 AM**---when said case did **NOT** legally exist yet. **Note:** Do not get Samantha Fogel confused with Samantha Henley.

1482J. PX-68: Receipt for Complaint Filing Fee---showing the date and time for Plaintiffs' Filing of the following case--- In case **25-CI-001567** --- Plaintiffs paid **Samantha Sims** --- a **non-payroll, invalid, and fraudulent name in year 2025**---the filing fee on **3- 3-2025**--at **3:55 PM. Norma Bisig** fraudulently assigned said case to **Judge Jennifer Wilcox on 3-3-2025**---at **3:46:23 PM**---when said case did **NOT** legally exist yet. When Judge Assignments are done **prior** to the filing of a complaint, the **fraudulently assigned judge** does **NOT** have jurisdiction pursuant to CR 3.02(1)--The filing fee for a civil case in Circuit Court shall be paid to the circuit clerk at the time the case is filed---And pursuant to CR 3.01--A civil action is commenced by the filing of a complaint with the court.

1482K. PX-69: Fraudulent Judge Assignment Report---showing the date and time of the Fraudulent Judge Assignment---In case **25-CI-001567** --- Plaintiffs paid **Samantha Sims---a non-payroll, invalid, and fraudulent name in year 2025**---the filing fee on **3-3-2025**--at **3:55**

**PM. Norma Bisig** fraudulently assigned said case to **Judge Jennifer Wilcox on 3-3-2025---**at **3:46:23 PM**---when said case did **NOT** legally exist yet.

1482L. PX-70: Receipt for Complaint Filing Fee---showing the date and time for Plaintiffs' Filing of the following case--- In case **25-CI-001568** --- Plaintiffs paid **Samantha Sims** --- a **non-payroll, invalid, and fraudulent name in year 2025**---the filing fee on **3-3-2025**--at **3:57 PM. Norma Bisig** fraudulently assigned said case to **Judge Patricia Morris on 3-3-2025**--at **3:46:38 PM,** when said case did **NOT** legally exist yet.

1482M. PX-71: Fraudulent Judge Assignment Report---showing the date and time of the Fraudulent Judge Assignment--- In case **25-CI-001568,** Plaintiffs paid **Samantha Sims** --- a **non-payroll, invalid, and fraudulent name in year 2025**---the filing fee on **3-3-2025**--at **3:57 PM. Norma Bisig** fraudulently assigned said case to **Judge Patricia** 1482N. **Morris on 3-3-2025**--at **3:46:38 PM,** when said case did **NOT** legally exist yet.

PX-72: Receipt for Complaint Filing Fee---showing the date and time for Plaintiffs' Filing of the following case--- In case **25-CI-001569,** Plaintiffs paid **Samantha Sims** --- a **non-payroll, invalid, and fraudulent name in year 2025**---the filing fee on **3-3-2025**--at **3:58 PM. Norma Bisig** fraudulently assigned said case to **Judge Mitch Perry on 3-3-2025**--at **3:46:58 PM,** when said case did **NOT** legally exist yet.

1482O. PX-73: Fraudulent Judge Assignment Report---showing the date and time of the Fraudulent Judge Assignment--- In case **25-CI-001569,** Plaintiffs paid **Samantha Sims** --- a **non-payroll, invalid, and fraudulent name in year 2025**---the filing fee on **3-3-2025**--at **3:58 PM. Norma Bisig** fraudulently assigned said case to **Mitch Perry on 3-3-2025**--at **3:46:58 PM,** when said case did **NOT** legally exist yet.

1482P. PX-74: Receipt for Complaint Filing Fee---showing the date and time for Plaintiffs' Filing of the following case--- In case **25-CI-001795** --- Plaintiffs paid **Samantha Sims --- a non-payroll, invalid, and fraudulent name in year 2025**---the filing fee on **3-10-2025**--at **3:53 PM. Norma Bisig** fraudulently assigned said case to **Judge Patricia Morris on 3-10-2025**--at **2:23:40 PM,** when said case did **NOT** legally exist yet.

1482Q. PX-75: Fraudulent Judge Assignment Report---showing the date and time of the Fraudulent Judge Assignment--- In case **25-CI-001795** --- Plaintiffs paid **Samantha Sims---a non-payroll, invalid, and fraudulent name in year 2025**---the filing fee on **3-10-2025**--at **3:53 PM. Norma Bisig** fraudulently assigned said case to **Judge Patricia Morris on 3-10-2025**--at **2:23:40 PM,** when said case did **NOT** legally exist yet.

1482R. PX-76: Receipt for Complaint Filing Fee---showing the date and time for Plaintiffs' Filing of the following case--- In case **25-CI-001796** --- Plaintiffs paid **Samantha Sims --- a non-payroll, invalid, and fraudulent name in year 2025**---the filing fee on **3-10-2025**--at **3:55 PM. Norma Bisig** fraudulently assigned said case to **Judge Annie O'Connell on 3-10-2025**--at **2:23:56 PM,** when said case did **NOT** legally exist yet.

1482S. PX-77: Fraudulent Judge Assignment Report---showing the date and time of the Fraudulent Judge Assignment--- In case **25-CI-001796,** Plaintiffs paid **Samantha Sims --- a non-payroll, invalid, and fraudulent name in year 2025**--- the filing fee on **3-10-2025**--at **3:55 PM. Norma Bisig** fraudulently assigned said case to **Judge Annie O'Connell on 3-10-2025**--at **2:23:56 PM,** when said case did **NOT** legally exist yet.

1482T. PX-78: Receipt for Complaint Filing Fee---showing the date and time for Plaintiffs' Filing of the following case--- In case **25-CI-002006** --- Plaintiffs paid **Samantha Sims --- a non-payroll, invalid, and fraudulent name in year 2025**---the filing fee on **3-17-2025** --- at

**3:56 PM. Norma Bisig** fraudulently assigned said case to **Judge Susan Schultz Gibson on 3-17-2025**--at **3:06:01 PM,** when said case did **NOT** legally exist yet.

1482U. PX-79: Fraudulent Judge Assignment Report---showing the date and time of the Fraudulent Judge Assignment--- In case **25-CI-002006,** Plaintiffs paid **Samantha Sims --- a non-payroll, invalid, and fraudulent name in year 2025**---the filing fee on **3-17-2025**--at **3:56 PM. Norma Bisig** fraudulently assigned said case to **Judge Susan Schultz Gibson on 3-17-2025**--at **3:06:01 PM,** when said case did **NOT** legally exist yet.

1482V. PX-80: Receipt for Complaint Filing Fee---showing the date and time for Plaintiffs' Filing of the following case--- In case **25-CI-002150,** Plaintiffs paid **Samantha Sims -----** a **non-payroll, invalid, and fraudulent name in year-2025** --- the filing fee on **3-20-2025**--at **4:06 PM. Samantha Fogel** fraudulently assigned said case to **Judge Susan Schultz Gibson on 3-20-2025**--at **3:10:04 PM,** when said case did **NOT** legally exist yet.

1482W. PX-81: Fraudulent Judge Assignment Report---showing the date and time of the Fraudulent Judge Assignment--- In case **25-CI-002150,** Plaintiffs paid **Samantha Sims --- a non-existent/non-payroll, invalid, and fraudulent name in year-2025** --- the filing fee on **3-20-2025**--at **4:06 PM. Samantha Fogel** fraudulently assigned said case to **Judge Susan Schultz Gibson on 3-20-2025**--at **3:10:04 PM,** when said case did **NOT** legally exist yet.

1482X. PX-82: Judge Tracy Davis--**Lost Jurisdiction Pursuant to KRS 26A.020**--Judge Tracy Davis's Sua Sponte Order---signed on 4-1-2025—entered on 4-2-2025: "Whereas, the Plaintiffs having filed a petition with Chief Justice Lambert to disqualify the undersigned pursuant to KRS 26A.020 … **this Court has lost particular case jurisdiction to proceed in this matter." KRS 26A.020**--Designation of retired justice or judge as special judge **(1) When, from "any cause," a judge** of any Circuit Court **cannot properly preside** in an action pending

in the court, the **circuit clerk shall at once certify the facts to the Chief Justice who "shall immediately designate"** a regular or retired justice or **judge** of the Court of Justice **as special judge.** Plaintiffs have been waiting for close to **1 year for** Chief Justice's **immediate designation** of a special judge, and continue to wait---with no expectation of said designation.

1482Y. PX-83: Email from Stuart Scherer, Staff Attorney to Judge Tracy Davis, on 10-16-2025: **"After consultation with the Chief Justice's Deputy Chief of Staff and Jefferson Circuit Court's Chief Judge, it was determined that Division Five would have to decide the issue.** The case file, 25-CI-001121, was **delivered** to Division Five **by** the **clerk's** office on Tuesday, October **7."** Also, refer to **PX-63 and PX-64** for the **illegal/fraudulent judge assignment** of Judge Tracy Davis in case 25-CI-001121. Thereby, Judge Davis **never** had legal **jurisdiction** in said case since Judge Davis was fraudulently **assigned** to said case **when** said **case** did **NOT exist yet.** Plaintiffs had been **waiting for over 6 months---for** Chief Justice Debra Hembree Lambert's **"immediate designation of a special judge.** Then, **in conspiracy, the Deputy Chief of Staff, Chief Judge Ann Bailey-Smith, and Judge Tracy Davis decided** to have **Judge Tracy Davis reclaim said case—said case where Judge Davis lost jurisdiction over 6 months ago.** This is **unprecedented.** There are **no federal or state cases** where a judge so blatantly **reclaimed a case** where she cited in an **Order---"lost jurisdiction" under KRS 26A.020**—over 6 months prior. Stuart Scherer made false statements in said email regarding the appropriate procedures that Plaintiffs were to follow. Plaintiffs did follow appropriate procedures. Based on all the evidence, addressing appropriate procedures are not applicable here, and would only be a distraction to that which is relevant and applicable. Once jurisdiction was lost, jurisdiction **cannot** be reclaimed. Furthermore, Judge Davis **never** had legal **jurisdiction** in said case since Judge Davis was fraudulently **assigned** to said case **when** said **case** did **NOT exist yet.**

1482Z. PX-84: **Without** legal **jurisdiction,** Judge Tracy Davis's Order of Recusal--signed on 10-23-2025---entered on 10-24-2025-- citing on Page 2—3rd full paragraph—KRS 26A.015(2)(e) provides: "(2) Any judge of the Court of Justice shall disqualify himself in any proceeding (e) where he has knowledge of any other circumstances in which his impartiality might reasonably be questioned." (This triggers KRS 26A.015(3)(a) and KRS 26A.020 for Chief Justice's judge reassignment.) Then, **without jurisdiction**, Judge Davis fraudulently attempted to have said case assigned to one of her colleagues. Once again—Judge Davis **never** had jurisdiction, since Judge Davis's initial fraudulent assignment to case 25-CI-001121---was done when said case did **NOT exist** yet.

1482AA. PX-85: **Without jurisdiction,** Fraudulent Order of Reallotment by Chief Judge Ann Bailey-Smith in case 25-CI-001121---signed 10-27-2025—entered 10-28-2025: Bailey-Smith, without jurisdiction, previously formally noticed by Plaintiffs to be a Defendant in a forthcoming Federal Civil Complaint, attempts to issue a fraudulent order of reallotment. Refer to PX-83: Email from Stuart Scherer, Staff Attorney to Judge Tracy Davis, on 10-16-2025: **"After consultation with the Chief Justice's Deputy Chief of Staff and Jefferson Circuit Court's Chief Judge, it was determined that Division Five would have to decide the issue.** The case file, 25-CI-001121, was **delivered** to Division Five **by** the **clerk's** office on Tuesday, October **7."** Also, refer to **PX-63 and PX-64** for the **illegal/fraudulent judge assignment** of Judge Tracy Davis in case 25-CI-001121. Thereby, Judge Davis **never** had legal **jurisdiction** in said case since Judge Davis was fraudulently **assigned** to said case **when** said **case** did **NOT exist yet.** Plaintiffs had been **waiting for over 6 months---for** Chief Justice Debra Hembree Lambert's **"immediate designation of a special judge.** Then, **in conspiracy, the Deputy Chief of Staff, Chief Judge Ann Bailey-Smith, and Judge Tracy Davis decided** to have **Judge Tracy Davis**

**reclaim said case—said case where Judge Davis lost jurisdiction over 6 months ago.** This is **unprecedented.** There are **no federal or state cases** where a judge so blatantly **reclaimed a case** where she cited in an **Order---"lost jurisdiction" under KRS 26A.020**—over 6 months prior. Stuart Scherer made false statements in said email regarding the appropriate procedures that Plaintiffs were to follow. Plaintiffs did follow appropriate procedures. Based on all the evidence, addressing appropriate procedures are not applicable here, and would only be a distraction to that which is relevant and applicable. Once jurisdiction was lost, jurisdiction **cannot** be reclaimed. Furthermore, Judge Davis **never** had legal **jurisdiction** in said case since Judge Davis was fraudulently **assigned** to said case **when** said **case** did **NOT exist yet.** Also, reallotted judge Brian Edwards had previously been noticed by Plaintiffs to be a Defendant in a forthcoming Federal lawsuit.

1482BB. PX-86: Plaintiffs incorporate by reference in full detail PX-82, PX-83, PX-84, PX-85. Plaintiffs incorporate by reference in full, each and every detail in PX-84. **Without jurisdiction,** Judge Tracy Davis's Fraudulent Order of Recusal in case 21-CI-001314—signed on 10-27-2025---entered on 10-28-2025. Judge Davis had previously recused herself in case 21-CI-001314--signed on 10-23-2025--entered on 10-24-2025, **losing** jurisdiction. Since Davis had cited KRS 26A.015(e) in her signed order on 10-23-2025, triggering immediate Chief Justice reassignment under KRS 26A.015(3)(a) and KRS 26A.020, Davis, **without** jurisdiction, attempted to issue another illegal order of recusal—without citing KRS 26A.015(e)—attempting to fraudulently assign said case to one of her colleagues. In addition, the judge who was fraudulently assigned to said case had previously been formally noticed by Plaintiffs to be a Defendant in a forthcoming Federal complaint.

1482CC. PX-87: **Without jurisdiction,** Fraudulent Order of Reallotment by Chief Judge Ann Bailey-Smith in case 21-CI-001314—signed 11-13-2025 -entered 11-21-2025: Bailey-Smith, without jurisdiction, previously formally noticed by Plaintiffs to be a Defendant in a forthcoming Federal Civil Complaint, attempts to issue a fraudulent order of reallotment for a **second time.** Refer to PX-83: Email from Stuart Scherer, Staff Attorney to Judge Tracy Davis, on 10-16-2025: **"After consultation with the Chief Justice's Deputy Chief of Staff and Jefferson Circuit Court's Chief Judge, it was determined that Division Five would have to decide the issue.** The case file, 25-CI-001121, was **delivered** to Division Five **by** the **clerk's** office on Tuesday, October **7."** Also, refer to **PX-63 and PX-64** for the **illegal/fraudulent judge assignment** of Judge Tracy Davis in case 25-CI-001121. Thereby, Judge Davis **never** had legal **jurisdiction** in said case since Judge Davis was fraudulently **assigned** to said case **when** said **case** did **NOT exist yet.** Plaintiffs had been **waiting for over 6 months---for** Chief Justice Debra Hembree Lambert's **"immediate designation of a special judge.** Then, **in conspiracy, the Deputy Chief of Staff, Chief Judge Ann Bailey-Smith, and Judge Tracy Davis decided** to have **Judge Tracy Davis reclaim said case—said case where Judge Davis lost jurisdiction over 6 months ago.** This is **unprecedented.** There are **no federal or state cases** where a judge so blatantly **reclaimed a case** where she cited in an **Order---"lost jurisdiction" under KRS 26A.020**—over 6 months prior. Stuart Scherer made false statements in said email regarding the appropriate procedures that Plaintiffs were to follow. Plaintiffs did follow appropriate procedures. Based on all the evidence, addressing appropriate procedures are not applicable here, and would only be a distraction to that which is relevant and applicable. Once jurisdiction was lost, jurisdiction **cannot** be reclaimed. Furthermore, Judge Davis **never** had legal **jurisdiction** in said case since Judge Davis was fraudulently **assigned** to said case **when** said **case** did **NOT exist yet.** Also,

reallotted judge Eric Haner had previously been noticed by Plaintiffs to be a Defendant in a forthcoming Federal complaint. Also refer to PX-85.

1483. Defendant Susan Wilson was and is complicit in and conspired in a scheme with Judge Patricia Morris, whereby Judge Morris weaponized a **knowingly false and fraudulent felony accusation** of "unauthorized practice of law" against pro se Plaintiffs—who were acting lawfully under KRS 209.030(2) and as a fiduciary under valid Trust and POA instruments—in order to deny Plaintiffs all access to all Kentucky courts and to **obstruct elder abuse recovery. Patricia Morris's fraudulent felony accusation is also proven by Defendant Susan Wilson's legally binding and conclusive judicial admissions of Plaintiffs' legal standing, Defendant's liability, and Defendant's damages.** See **PX-12, PX-51, PX-55, PX-56.**

1484. This denial was executed **without jurisdiction**, violated Plaintiffs' constitutional rights and statutory rights, and directly benefited Defendant, who remained **unjustly enriched** as a result. The fraudulent accusation by Judge Morris occurred **19 days prior** to Defendant Wilson being legally served by the Jefferson County Sheriff. When filing the Complaint, Plaintiffs paid the mandatory $60 fee directly to the Jefferson Circuit Court Clerk to have legal service by the Sheriff executed immediately. In addition, based on Judge **Morris's citations in the order, attacking** Plaintiffs before the defendant was legally served, showing **extreme prejudice** against Plaintiffs, and **showing personal knowledge** of disputed evidentiary facts concerning the proceedings, both in violation of **KRS 26A.015(2)(a), jurisdiction** under Morris was/is illegal and was/is **void ab initio**/void **starting on day one of the initial case assignment** in case **25-CI-001371.** Judge Morris was/is also in violation of **KRS 26A.015(2)(e).**

1485. The timing and coordination of this judicial obstruction before lawful service—despite the court's active role in facilitating Wilson's service—demonstrates an **ultra vires abuse** of office by Morris to shield Wilson from litigation and to obstruct and block all statutory recovery.

1486. Direct communication between Wilson and Morris does **not** need to be proven to establish complicity under KRS 502.020 and conspiracy under 42 U.S.C. § 1985(2)-(3) . The judicial act of denying Plaintiffs all court access functioned as **an overt act in furtherance of a shared unlawful objective** to obstruct justice and to illegally protect Wilson from liability, in violation of 42 U.S.C. §§ 1983, 1985(2)-(3) and in Violation of the First, Seventh, and Fourteenth Amendments, and the Supremacy Clause, Art. VI, Cl. 2.

1487. Plaintiffs incorporate by reference in full detail Defendant's legally binding and conclusive judicial admissions of liability in Kentucky Case No. 25-CI-001371 pursuant to CR 8.04 and 28 U.S.C. § 1367(a).

1488. Susan Wilson was and is **complicit** with and **conspired** with judge Morris or Patricia Morris, who was and is **acting in the absence of jurisdiction.** See **Rankin v. Howard, 633 F. 2d 844 (9th Circuit 1980);** Also refer to **all details in SECTION XII for evidence against Morris, and also for evidence of systemic corruption.**

1489. **The DAMAGES Demand:** Plaintiffs accordingly respectfully demand the following: Entry of judgment as to liability and a corresponding award of all of the following for this claim for relief: **Based on the fraudulent obstruction and deprivation of all Plaintiffs' recovery, Damages Awards are as Follows:** Combined for Edward Colgate and Doris Colgate: **$540,185.41** Awarded for Special damages--legally binding and conclusive--admitted as a sum-certain—under substantive CR 8.04; **$1,620,556.23** Awarded for Treble damages; **$4,861,668.69** Awarded for Punitive damages no less than 9 times damages --- and up to 40

times damages. Doris Colgate: **$2,975,000.00** --- Claims for Relief LXXXIX and VI and XXXVII; **$8,925,000.00** Awarded for Treble damages; **$26,775,000.00** Awarded for Punitive damages no less than 9 times damages---and up to 40 times damages; **$750,000.00** Awarded for Claims for Relief V and XXXVI; **$2,250,000.00** Awarded for Treble damages; **$6,750,000.00** Awarded for Punitive damages no less than 9 times damages --- and up to 40 times damages; **$79,000.00** Awarded for Claim for Relief C --- 100; **$237,000.00** Awarded for Treble damages; **$711,000.00** Awarded for Punitive damages no less than 9 times damages --- and up to 40 times damages; **$49,665.00** Awarded for Claims for Relief CI—100--promissory notes/loans; **$148,995.00** Awarded for Treble damages; **$446,985** Awarded for Punitive damages no less than 9 times damages --- and up to 40 times damages; Doris Colgate continued: Range from **$500,000.00 To $1,500,000.00** Awarded --- Claims for Relief XCVI --- IIED; Doris Colgate Range from **$1,500,000.00 To $4,500,000.00** Awarded for Treble damages; Doris Colgate Range from **$4,500,000.00 To $13,500,000.00** Awarded for Punitive damages no less than 9 times damages --- and up to 40 times damages; Edward Colgate Range from **$250,000.00 To $750,000.00** Awarded for --- Claims for Relief XCVI --- IIED and fraudulent Deprivation of familial relationship; Edward Colgate Range from **$750,000.00 To $2,250,000.00** Awarded for Treble damages; Edward Colgate Range from **$2,250,000.00 To $6,750,000.00** Awarded for Punitive damages no less than 9 times damages --- and up to 40 times damages; Edward Colgate Range from **$500,000.00 To $2,000,000.00** Awarded for --- Claims for Relief XCVII---IIED---Wrongful Death; Edward Colgate Range from **$1,500,000.00 To $6,000,000.00** Awarded for Treble damages; Edward Colgate Range from **$4,500,000.00 To $18,000,000.00** Awarded for Punitive damages no less than 9 times damages --- and up to 40 times damages; Edward Colgate Range from **$500,000.00 To $3,000,000.00** Awarded for --- Irreversible Deprivation of

Familial Relationship; Edward Colgate Range from **$1,500,000.00 To $9,000,000.00** Awarded for Treble damages; Edward Colgate Range from **$4,500,000.00 To $27,000,000.00** Awarded for Punitive damages no less than 9 times damages --- and up to 40 times damages; Edward Colgate's **Compounded IIED** damages awards --- **Irreversible Deprivation Compound;** Edward Colgate **Range** from no less than **$250,000 times 2 and times 4** and **up to $750,000 times 2 and times 4** Awarded for --- **Compounded IIED** damages awarded to Edward Colgate if Doris Colgate's death; Edward Colgate Range from **$500,000.00 To $1,000,000.00** --- and **up to $1,500,000.00 To $3,000,000.00** Awarded for --- Compounded IIED damages awards to Edward Colgate if Doris Colgate's death; Edward Colgate Range from **$4,500,000.00 To $9,000,000.00** Awarded for Trebled damages; Edward Colgate Range from **$13,500,000.00 To $27,000,000.00** Awarded for Punitive damages no less than 9 times damages --- and up to 40 times damages. Edward Colgate: **$50,138.68** Awarded for Special Damages--legally binding and conclusive--admitted as a sum-certain---under substantive CR 8.04; Edward Colgate: **$150,416.04** Awarded for Treble damages; Edward Colgate: **$451,248.12** Awarded for Punitive damages no less than 9 times damages --- and up to 40 times damages; Edward Colgate: **$48,600.00** Awarded for Time and Energy damages admitted under legally binding substantive CR 8.04; Edward Colgate: **$145,800.00** Awarded for Treble damages; Edward Colgate: **$437,400.00** Awarded for Punitive damages no less than 9 times damages --- and up to 40 times damages; Edward Colgate: **$4,091.08** Awarded for Fraudulent Fees Paid Based on Alias Name---Fraud; Edward Colgate: **$12,273.24** Awarded for Treble damages; Edward Colgate: **$36,819.72** Awarded for Punitive damages no less than 9 times damages --- and up to 40 times damages; Edward Colgate: **$28,000.00** Awarded for Claims for Relief LXI and XXXI; Edward Colgate: **$84,000.00** Awarded for Treble damages; Edward Colgate: **$252,000.00**

Awarded for Punitive damages no less than 9 times damages --- and up to 40 times damages; Edward Colgate: **2,544 hours multiplied by $150 per hour — $381,600 --- trebled to --- $1,144,800 --- punitive** damages of **$3,434,400** --- no less than 9 times damages --- and up to 40 times damages; Edward Colgate: **$381,600.00** Awarded for Federal Time and Energy and Work and Effort Damages; **$1,144,800.00** Awarded for Federal Treble damages; **$3,434,400.00** Awarded for Federal Punitive damages no less than 9 times damages --- and up to 40 times damages. Plaintiffs accordingly respectfully demand immediate entry of judgment as to liability and a corresponding award of $540,185.41 in Special Damages — established as a legally binding and conclusive sum-certain from Wilson's own substantive CR 8.04 admissions in KY case 25-CI-001371 (PX-51) --- and independently confirmed from four additional defendants' CR 8.04 admissions across four separate Kentucky cases — which is separate from -- - and in addition to all of the following respectfully demanded: Other compensatory damages for continuing losses caused by Defendant's ongoing fraudulent obstruction of recovery — fraudulent concealment — and unjust enrichment — also judicially admitted under CR 8.04. Dividends and interest defrauded from Doris in all five financial instruments --- and Interest to Edward — admitted by Wilson and four additional defendants through CR 8.04 admissions. Plaintiffs also demand declaratory and injunctive relief to prevent the continuing abuses. Plaintiffs demand general damages and punitive damages. Furthermore, Plaintiffs accordingly respectfully demand entry of judgment as to liability and a **corresponding award of all total amounts cited in Claims for Relief XXXII through CII (32 through 102) based on citations of 42 U.S.C. § 1983, 42 U.S.C. § 1985(2), 42 U.S.C. § 1985(3) in Claims for Relief XXXII through CII (32 through 102).** Plaintiffs assert: The **Defendant's complicity in and conspiracy in elder abuse** (both **financial and physical harm and injury) of Doris Colgate---**

**by Susan Wilson,** Lori Fox, Michelle Burkhead, Cristal Fox, Ray Wilson, Jude McConnell, Florence Bisig, Julie Bisig, Jeanette/Jenette/Janette Bisig, Paul Kevin Ford, and others cited above --- **mandates reporting of elder abuse under KRS 209.030(2) --- and justifies high punitive dollar awards.** Plaintiffs incorporate by reference in full detail paragraphs 2631A through 2631M regarding legal authority application cited herein. Court employees have fraudulently attempted to deceive Plaintiff through phone and internet phone interstate communications --- audio recorded and transcribed. Plaintiff asserts many documented electronic communications notifying judges and court employees that Plaintiff was being targeted in Washington State. All aforementioned also **constitute RICO Predicate acts under** 18 U.S.C. §1512(c)(1)(2)-(c)-(k)-- §1513--§1343--§1349--§1503--§1961 through 1964(c) and civil rights violations under 42 U.S.C. §1983 and 42 U.S.C. §1985(2)-(3). Plaintiffs incorporate by reference in full detail all aforementioned — as though fully set forth herein. Plaintiffs also incorporate by reference in full detail PX-42 through PX-49, PX-82 through PX-87, PX-63 through PX-81, PX-108, PX-129, PX-136, PX-158. PX-159, PX-160, PX-48, PX-49, PX-129 through PX-133, PX-136, PX-137 through PX-154, PX-143 --- supports the fraud and destruction of records related to Eric Haner, Susan Gibson, and others. Plaintiffs assert and incorporate by reference in full the following regarding the **broad definition of an associated-in-fact enterprise --- in support of Plaintiffs' Actionable under---RICO predicate acts herein: Odom v. Microsoft Corp., 486 F. 3d 541 - Court of Appeals, 9th Circuit 2007 and United States v. Turkette, 452 US 576 - Supreme Court 1981 in Section XX.**

1490. The **foregoing constitutes Plaintiffs' short and plain statement of this claim for relief** in compliance with Fed. R. Civ. P. 8(a)(2). Plaintiffs incorporate by reference in full detail all following Plausibility and Fraud Particularity.

1491. Additionally, The Defendant's **legally binding and conclusive, judicially admitted participation in forged legal documents/instruments** has resulted in **continuous**, unlawful **tortious interference** with Trustee Edward Colgate's administration of **The Colgate Family Living Trust dated January 29, 2020,** with **each day since March 1, 2020**, constituting a **new act of fraudulent obstruction** and fiduciary harm/injury. This Claim for Relief is pled under a continuing tort doctrine, as Defendant's obstruction of Trustee Edward Colgate's fiduciary duties and Trustee recovery rights under the Trust constitutes an ongoing violation, with each day **renewing** the harm/injury and **tolling** all applicable statutes of limitation. Additionally, **each day that Defendant refuses and fails to report her own elder abuse and tortious fiduciary interference under KRS 209.030 constitutes a new statutory violation**, which further **renews** and **tolls** all relevant statutes of limitation under Kentucky and federal law.

1492. Each day that Judge Morris's and other judges' **fraudulent felony accusations remain embedded in void ab initio orders** constitutes a continuing denial of all Kentucky court access and systemic obstruction of justice in violation of 42 U.S.C. §§ 1983 and 1985(2)-(3), and the First, Seventh, and Fourteenth Amendments. Their collective refusal to report their own and each other's illegal or fraudulent actions under **KRS 26A.080 and KRS 209.030** perpetuates retaliatory elder abuse under **KRS 209.050**, **renewing** the constitutional and statutory harm/injury daily and **tolling all applicable statutes of limitation** under the continuing tort doctrine.

1493. **No state or federal court in the United States has ever attempted to bar, obstruct, or deny a civil plaintiff from all court access across an entire state by fraudulently accusing them of felonies.** The absurdity and illegality of such an act is so blatant that it has never been attempted by any judge in any jurisdiction. Adding to the absurdity and illegality is the fact that

the Defendant had not been legally served yet. Jefferson Circuit Court is the first to attempt this type of illegal act or fraud, which is retaliatory under KRS 209.050, KRS 209.030, KRS 209.990, KRS 26A.015(2), and is an attempt to intimidate and tamper with a witness, which is also a violation of 42 U.S.C. §§ 1983 and 1985(2)-(3).

**Additional PLAUSIBILITY and Fraud Particularity:**

1494. Judge Patricia Morris, without jurisdiction, was **illegally and fraudulently assigned 4 of the first 8 of Plaintiffs' 10 cases, out of 13 judges, non-randomly in violation of SCR 1.040(3)(c)-(4)(a).**

1495: **All 4 cases (25-CI-001371, 25-CI-001447, 25-CI-001568, 25-CI-001795)** under Jndge Morris, without jurisdiction, involve identical, **fraudulent felony accusations** against the pro se Plaintiffs prior to legal commencement of said cases via legal service of summons and complaint by Deputy Sheriff --- pursuant to CR 3.01. Judge **Morris** had/has **"no" jurisdiction** based on these 4 illegal and **fraudulent judge assignments.** No judge in the United States in any Federal or State Court has attempted these fraudulent felony accusations against pro se Plaintiffs --- and has attempted the fraudulent judge assignments against pro se Plaintiffs --- until now in Jefferson Circuit Court--KY.

1496. **In all 4 cases**, the felony accusations were entered **before the Defendants had been legally served**, with one entered **19 days before service** was completed.

1497. Plaintiffs were told that **a different process applies to pro se Plaintiffs' judge assignments.**

1498. In all 4 cases, Judge **Morris** illegally, intentionally, and fraudulently **issued "Notices of Entry" "electronically,"** despite knowing that pro se Plaintiffs are categorically denied electronic access, in violation of **CR 77.04(1)-(2)-(3), CR 5.02(1)-(2), CR 5.01, and CR 5.03**.

1499. Approximately fifteen **(15) months later**, pro se Plaintiffs still have **not** been legally **served** with those orders in any of the four cases — constituting ongoing fraudulent denial of physical service under **CR 77.04(1)-(2)-(3), CR 5.02(1)-(2), CR 5.01, and CR 5.03.**

1500. **Chief Judge Ann Bailey-Smith** illegally and **fraudulently substituted for Chief Justice** Lambert in a judicial reassignment of a special judge in case **25-CI-001121,** illegally and fraudulently attempting to call it a re-allotment, in violation of KRS 26A.015(2)–(3)(a) and KRS 26A.020. Since Judge Davis **recused under KRS 26A.015(2)(e),** judicial reassignment is **mandatory by Chief Justice** Lambert pursuant to KRS 26A.015(3)(a) and **KRS 26A.020.**

1501. The Court Administrator and Bailey-Smith illegally and **fraudulently substituted for Chief Justice** Lambert in a fraudulent judicial reassignment in case **21-CI-001314,** illegally and fraudulently attempting to call it a re-allotment, in violation of **KRS 26A.015(2)–(3)(a)** and **KRS 26A.020.** Since Judge Davis **recused under KRS 26A.015(2)(e),** judicial reassignment is **mandatory by Chief Justice** Lambert pursuant to KRS 26A..015(3)(a) and **KRS 26A.020.**

1502. In both cases—25-CI-001121 and 21-CI-001314, before accepting the judicial reassignment, Judge Brian Edwards and Judge Eric Haner were **previously formally noticed to be a defendant in a forthcoming federal civil rights complaint** by Plaintiffs. In addition, before illegally and fraudulently substituting for the Chief Justice, Judge Bailey-Smith and the Court Administrator were also **previously formally noticed to be a defendant in a forthcoming federal civil rights complaint** by Plaintiffs. The aforementioned is **evidence of ---** and **facially** shows illegal and **fraudulent retaliation pursuant to KRS 209.050 and KRS 209.030.**

1503. **Court staff attorney Stuart Scherer admitted in writing that the court administrator was "looking for a way to combine cases" where Plaintiffs "could not object"**—directly


Edward Colgate 22023 SE Wax Rd., Box 1452, Maple Valley, WA 98038, King Co.

confirming fraudulent manipulation of assignments to deprive Plaintiffs of due process rights. The **last two (2) elder abuse cases (25-CI-002006 and 25-CI-002150)** were **non-randomly and fraudulently assigned** to Judge Susan Schultz **Gibson prior to the legal existence** of said **cases.** Plaintiffs note that said **cases** still do **not legally exist** since **no judge and no case number** were **assigned at the legal filing** --- and these were **not legal filings** based on the **filings by a non-existent/ non-payroll and fraudulent name (Sims)** (in year-2025) --- **fraudulently processing said filings. Stuart Scherer's** aforementioned statement is **direct evidence of conspiratorial intent** to deprive, deny, and obstruct Plaintiffs' procedural and constitutional rights, as further detailed throughout this Complaint, including violations of 42 U.S.C. §§ 1983 and 1985(2)-(3), the First and Fourteenth Amendments, and Kentucky Civil Rules CR 5.01, CR 5.02(1)-(2), CR 5.03, and CR 77.04(1)-(2)-(3). This **admission** by Stuart Scherer **constitutes evidence of a coordinated and conspiratorial scheme** to deprive Plaintiffs of notice, objection, and appeal rights, in violation of clearly established **due process protections** and **statutory civil rights.** Stuart Scherer's **written admission is direct evidence** of **judicial** and **administrative conspiracy to obstruct access to courts, preclude objection,** and **evade appellate oversight.**

1504. In Case No. **25-CI-001569, Judge Perry fraudulently** authored an order, **stating that Judge Davis could "have his case if she wanted it,"** illegally and fraudulently attempting to change jurisdiction without a motion to change jurisdiction, and while also **citing and** joining in the same pattern of false and fraudulent felony accusations. In addition, based on Judge **Perry's citations in an order attacking** Plaintiffs, **before any response** from the Defendant, showing **extreme prejudice** against Plaintiffs, and **showing personal knowledge** of disputed evidentiary facts concerning the proceedings, both in violation of **KRS 26A.015(2)(a), jurisdiction** under

Perry was/is illegal and was/is **void ab initio**/void **starting on day one of the initial case assignment** in case **25-CI-001569.** In addition, see aforementioned **100% certainty** of **Perry's fraudulent judge assignment. Facially, the intent** of said citations in an order was/is to retaliate and to deny all court access. Judge Perry was/is also in violation of **KRS 26A.015(2)(e).**

1505. In addition to the following, see aforementioned **100% certainty** regarding **all** of the **following judges** having been **fraudulently assigned,** and thereby **never** having **jurisdiction.** Judges Gibson, Davis, Perry, Morris --- all cited the same fraudulent felony accusations against pro se Plaintiffs, denying Plaintiffs' all Kentucky court access. Based on the aforementioned, **Judge Gibson's, Judge Davis's, Judge Perry's, and Judge Morris's judicial recusal was/is mandatory immediately under KRS 26A.015(e)**—which states--**Where he has knowledge of any other circumstances in which his impartiality might reasonably be questioned.** Judges Gibson, Davis, Perry, Morris **were all in violation of KRS 26A.015(2)(a) before illegally being assigned to Plaintiffs' cases---showing personal knowledge** of disputed evidentiary facts concerning the proceedings---requiring mandatory judicial reassignment by the Chief Justice pursuant to **KRS 26A.015(2)(a) and KRS 26A.020.** Refer to the aforementioned **Scottie Scheffler case, a professional golfer** who also had fraudulent accusations against him by the Jefferson County Court.

1506. **Judge Davis** has **repeatedly cited her own loss of jurisdiction** and/or **recusal four separate times in 2 different cases --- in her own orders**, including sua sponte recusals, since she **fraudulently reclaimed jurisdiction in case 25-CI-001121 in mid-October 2025 before recusing and losing jurisdiction again on October 24, 2025 (date entered into the docket)**, in violation of KRS 26A.015(2)-(3)(a), KRS 26A.020. Judge Davis cited loss of jurisdiction and/or

recusal in case **21-CI-001314 on both dates of October 24, 2025 and October 28, 2025** (date entered into the docket). Judge Tracy Davis, in her recusal orders, illegally and **fraudulently attempted to rewrite statutes KRS 26A.015(2)(e)-(3)(a) and KRS 26A.020,** illegally and fraudulently attempting to have Judge Bailey-Smith and/or the Court Administrator substitute for Chief Justice Lambert, with Judge Bailey-Smith and the Court Administrator(s) illegally and fraudulently supporting Judge Davis in this illegal and fraudulent attempt. It is mandatory that the Chief Justice reassign a special judge to replace Judge Davis since Davis recused under KRS 26A.015(2)(e). In case 21-CI-001314, after Judge Davis's recusal order entered on 10-24-2025, **losing** jurisdiction, it was/is illegal and fraudulent for Judge Davis to write another Order in case 21-CI-001314. In addition, in case 25-CI-001121, as soon as Judge Davis cited KRS 26A.015(e) in her recusal order, Davis did **not** have jurisdiction to attempt to dictate that **Davis** would **not allow Chief Justice Lambert** to issue the reassignment. Any and all judicial recusals in Kentucky must be done based on statute, under KRS 26A.015, triggering KRS 26A.015(3)(a) and KRS 26A.020. Recusal is illegally and fraudulently done when attempted under an ethics Canon --- and especially after citing KRS 26A.015, and attempting a **fraudulent re-allotment** when **allotment** does **not** legally **exist** in KY. Furthermore, based on **Davis's citations attacking** Plaintiffs before the defendant was legally served, showing **extreme prejudice** against Plaintiffs, and **showing personal knowledge** of disputed evidentiary facts concerning the proceedings, both in violation of **KRS 26A.015(2)(a), jurisdiction** under Davis was/is illegal and was/is **void ab initio**/void **starting on day one of the initial case assignment** in case **25-CI-001121.** And refer to the aforementioned **100% certainty of Davis being fraudulently assigned.**

1507. In addition to the **100% Certainty for most of all illegal, fraudulent and conspiratorial acts cited herein--based on official records,** the **Bayesian %** probability analysis of **conspiratorial intention** for any illegal, fraudulent, and conspiratorial act cited herein --- that may not be considered 100% --- is --- **99.9999999999999999999999999999999999999999999999999999999999999999999999999 99999999999999999999999999999999999999999999999999999999999999999+%** --- **which is 99.999.....decimal point followed by more than 200 additional nines** --- for the probability and certainty of the **intentionality** of illegal, fraudulent, and conspiratorial acts cited herein.

1508. In sum, the deliberate, intentional, and fraudulent acts--- by judges without jurisdiction --- of **CR 77.04(1)-(2)-(3), CR 5.02(1)-(2), CR 5.01, and CR 5.03 violations**, systemic and systematic targeting of pro se Plaintiffs, and intentional illegal and fraudulent assignments of judges --- known to be previously formally noticed by Plaintiff --- to be named as a Defendant in a federal civil rights complaint—requires immediate federal injunctive relief and declaratory findings under **42 U.S.C. §§ 1983 and 1985(2)-(3)**, as well as monetary relief for **obstruction of all said recoveries herein this Complaint.**

1509. In addition, **orders are illegally entered by the judge's secretary and/or the judges' secretaries. Thereby, all orders entered in Jefferson Circuit Court are void or void ab initio based on violations of CR 77.04(2) since it is illegal for the judge's secretary to enter the orders.** Furthermore, Plaintiffs assert the following: **all Orders are Void ab initio or void** based on **admitted--consistent and continuous--violations of CR 5.03--by numerous Court Clerk employees. Proof of the time and manner of such legal service** was/is **never done** and does **not exist.** The following is **verbatim:** CR 5.03 Service; proof of: Whenever any pleading or


Edward Colgate 22023 SE Wax Rd., Box 1452, Maple Valley, WA 98038, King Co.

other paper is served under Rules 5.01 and 5.02, proof of the time and manner of such service shall be filed before action is to be taken thereon by the court or the parties. Plaintiffs state with 100% certainty that zero orders were legally served to Plaintiffs. **Legally,** the **time-lapse has never started for the Plaintiffs to respond in any of the Plaintiffs' 11 cases. Verbatim** from state complaint **25-CI-001371, page 109—"all timelines to be adhered** by the Plaintiffs, regarding any and all responses or filings with the court by the Defendant or their representative, **will start when** Plaintiffs receive legal documents **by certified mail."** Plaintiffs have **never** been legally **served any orders via any physical mail.**

**CLAIM FOR RELIEF LXV**--(Also a Count and Cause of Action) — **Defendant Susan Wilson's Sustained and Compounded Obstruction of Plaintiffs' Recovery — Through Defendant's Complicity and Conspiracy With One or More Judges** (without jurisdiction) **— the Elected Jefferson Circuit Court Clerk — Jefferson Circuit Court Clerk's Office Employees — Administrative Office of the Courts Employees — Court Administrators — Staff Attorneys — Acting Under Color of State Law --- and Through Defendant's Complicity and Conspiracy With Private Citizens and Entities — Individually or in Any Combination — Depriving Plaintiffs of Constitutional Rights and Equal Protection — Actionable Under 42 U.S.C. §1983 and 42 U.S.C. §1985 and RICO Predicate Acts — Causing and Continuing to Cause Unjust Enrichment for Defendant Susan Wilson ---Based on --- Damages Caused by Defendant's Direct Actions and Complicity and Conspiracy in the Intentional, Systemic, Systematic, Fraudulent Denial/ Obstruction of All Orders to Pro Se Plaintiffs by Judges, the Court Administrators, and the Court Clerk—and Its Employees, ---Denying, Depriving, and Obstructing All Appellate Rights (NO legal service of any and all Orders)--(Cannot appeal without an attached order), Obstructing All Court**

**Access in all Kentucky Courts, Obstructing all Due Process, and Obstructing Civil Rights through Systemic and Systematic Judicial and Court Obstruction, Obstructing Justice, Voiding/Voiding Ab Initio Any and All Orders in all Plaintiffs' 11 cases, Enabling/ Causing Defendant's and Others' Unjust Enrichment; Connected with Obstruction of Plaintiff's Fiduciary Duties, Rights, and Recovery; Deprivation and Obstruction of Civil Rights under 42 U.S.C. § 1983, 42 U.S.C. § 1985(2)-(3), the First, Seventh, and Fourteenth Amendments, and the Supremacy Clause, Art. VI, Cl. 2;** Supported by Rankin v. Howard, 633 F. 2d 844 (9th Circuit 1980) and US v. Dugan; Actionable under all aforementioned legal authority and under KRS 502.020, SCR 1.040(3)(c)-(4)(a), KRS 209.050, KRS 209.020, KRS 209.030(2), KRS 209.990, KRS 522.020, KRS 26A.080, KRS 26A.020, KRS 26A.015(2)(a)-(e)-(3)(a), **KRS 446.070**, KRS 386B.8-010, KRS 386B.1-010(1), KRS 386B.8-180(1)(a), KRS 386B.4-100, FRCP 17(a)(1)(E), KRS 457.350(1)-(2), 28 U.S.C. § 1367(a); and **under all claims for relief herein this complaint**; And under **Legally Binding and Conclusive** Judicial Admissions of Liability and Damages pursuant to CR 8.04, 28 U.S.C. § 1367(a); (Conspiracy and Complicity with Full Liability); Causing Harm/Injury, and incorporates, **in part,** the same set of facts, harms/injuries, and legally binding and conclusive judicial admissions now as a basis for federal relief, including but not limited to punitive damages. Defendant and others continue their elder abuse of Doris Colgate each and every day they refuse/fail to report themselves and others for elder abuse. Plaintiffs incorporate by reference in full detail **Sections XVIII, XIX, XXXVI, XXVI, XXX, XXXII, XXVIII, XXIX, XXXI, XXXV, XXVII, XXXVII, PX-63 through PX-87,** PX-42 through PX-49, PX-108, all 167 Exhibits, and the **First through the Fourteenth FRE 201 Judicial Notices** of judicially **noticed adjudicative facts,** which include approximately **1,044 total adjudicative facts,** including approximately **322 adjudicative facts**


Edward Colgate 22023 SE Wax Rd., Box 1452, Maple Valley, WA 98038, King Co.

supporting **jurisdiction** in the U.S. District Court for the Western District of Washington; **FRE 201 Adjudicative Facts in Judicial NOTICES --- 2 through 8, 10, 12 and 13 --- fully support jurisdiction and venue.** All aforementioned incorporations provide **100% certainty** of fraudulently assigned judges and fraudulently assigned case numbers --- prior to the legal filings by Plaintiffs of all 10 of their year-2025 cases --- with all 10 cases being illegally and fraudulently filed and processed by a non-existent/ non-payroll name in year-2025 --- which did not generate a legal random judge assignment and which did not generate a legal case number assignment --- and thereby provides 100% certainty that Kentucky judges NEVER had jurisdiction and NEVER will have jurisdiction. Plaintiffs assert Rankin v. Howard, 633 F. 2d 844 (9th Circuit 1980) and United States v. Dugan, 2:25-cr-00089 (E.D. Wis. 2025) regarding judges without jurisdiction.

1510. Plaintiffs reassert and incorporate by reference in fnll detail all of Section XII: Master Comprehensive Incorporation of Exhibits, Evidentiary Foundation, Jurisdictional Foundation, Record of Judicial Misconduct, Systemic Civil Rights Obstruction, Denial of All Access to All Kentucky Courts, Constitutional and Federal Enforcement Framework, the Supremacy Clause (Art. VI, Cl. 2), and all preceding paragraphs as though fully restated and fully set forth herein this claim for relief/relief entitled to-sought-demanded. Plaintiffs further assert all of tbe following:

**Plaintiffs hereby assert the following "Short and Plain Statement" (Fed. R. Civ. P. 8(a)(2)):**

1511. Plaintiffs reassert and incorporate by reference in full detail all prior paragraphs, including all facts, all statutory violations, and all legally binding and conclusive judicial admissions of liability and damages in Kentucky State case 25-CI-001371 against Susan Wilson. See PX-51, PX-55, PX-56.

1512. Plaintiffs reassert and incorporate by reference in full detail all legally binding and conclusive judicial admissions of liability and damages in cases 25-CI-001371, 25-CI-001568, 25-CI-001795, 25-CI-001796, 25-CI-001121, with cases 25-CI-001568, 25-CI-001795, 25-CI-001796, 25-CI-001121 **facially fully supporting case 25-CI-001371 (Refer to PX-51 through PX-62 and PX-96, PX-95)**, as though fully restated and fully set forth herein this claim for relief/relief entitled to-sought-demanded. **Plaintiffs assert 100% Probability of 11 Fraudulent Judge Assignments in Jefferson Circuit Court--Kentucky. Plaintiffs incorporate by reference in full detail PX-63 Through PX-87.**

1513. **Legal Integration: Supplemental jurisdiction** is applied to the following under 28 U.S.C. § 1367(a) for **Claim for Relief LXV that independently states a federal claim for relief** under --- Defendant Susan Wilson's Sustained and Compounded Obstruction of Plaintiffs' Recovery — Through Defendant's Complicity and Conspiracy With One or More Judges (without jurisdiction) — the Elected Jefferson Circuit Court Clerk — Jefferson Circuit Court Clerk's Office Employees — Administrative Office of the Courts Employees — Court Administrators — Staff Attorneys — Acting Under Color of State Law --- and Through Defendant's Complicity and Conspiracy With Private Citizens and Entities — Individually or in Any Combination — Depriving Plaintiffs of Constitutional Rights and Equal Protection — Actionable Under 42 U.S.C. §1983 and 42 U.S.C. §1985 and RICO predicate acts — Causing and Continuing to Cause Unjust Enrichment for Defendant Susan Wilson --- **Based on Damages Caused by** Defendant's Direct Actions and Complicity and Conspiracy in the **Intentional, Systemic, Systematic, Fraudulent Denial/Obstruction of All Orders to Pro Se Plaintiffs by Judges, the Court Administrators, and the Court Clerk—and Its Employees,** ---Denying, Depriving, and **Obstructing All Appellate Rights (NO legal service** of any and all Orders)--

(**Cannot appeal** without an attached order), obstructing All Court Access in all Kentucky Courts, obstructing all Due Process, and obstructing Civil Rights through Systemic Judicial and Court Obstruction, Obstructing Justice, Voiding/**Voiding** Ab Initio any and all orders in all Plaintiffs' 11 cases, Enabling/ Causing Defendant's and Others' Unjust Enrichment; Connected with Obstruction of Plaintiff's Fiduciary Duties, Rights, and Recovery; Deprivation and Obstruction of Civil Rights under 42 U.S.C. § 1983, 42 U.S.C. § 1985(2)-(3), the First, Seventh, and Fourteenth Amendments, and the Supremacy Clause, Art. VI, Cl. 2; Supported by Rankin v. Howard, 633 F. 2d 844 (9th Circuit 1980) and US v. Dugan; Actionable under all aforementioned legal authority and under KRS 502.020, SCR 1.040(3)(c)-(4)(a), KRS 209.050, KRS 209.020, KRS 209.030(2), KRS 209.990, KRS 522.020, KRS 26A.080, KRS 26A.020, KRS 26A.015(2)(a)-(c)-(3)(a), **KRS 446.070**, KRS 386B.8-010, KRS 386B.1-010(1), KRS 386B.8-180(1)(a), KRS 386B.4-100, FRCP 17(a)(1)(E), KRS 457.350(1)-(2), 28 U.S.C. § 1367(a); and **under all claims for relief herein this complaint**; And under **Legally Binding and Conclusive** Judicial Admissions of Liability and Damages pursuant to CR 8.04, 28 U.S.C. § 1367(a); (Conspiracy and Complicity with Full Liability); Causing Harm/Injury, and incorporates**, in part,** the same set of facts, harms/injuries, and legally binding and conclusive judicial admissions now as a basis for federal relief, including but not limited to punitive damages. Defendant and others continue their elder abuse of Doris Colgate each and every day they refuse/fail to report themselves and others for elder abuse. Plaintiffs incorporate by reference in full detail **Sections XVIII, XIX, XXXVI, XXVI, XXX, XXXII, XXVIII, XXIX, XXXI, XXXV, XXVII, XXXVII, PX-63 through PX-87,** PX-42 through PX-49, PX-108, all 167 Exhibits, and the **First through the Fourteenth FRE 201 Judicial Notices** of judicially **noticed adjudicative facts,** which include approximately **1,044 total adjudicative facts,**

including approximately **322 adjudicative facts** supporting **jurisdiction** in the U.S. District Court for the Western District of Washington; **FRE 201 Adjudicative Facts in Judicial NOTICES --- 2 through 8, 10, 12, and 13 --- fully support jurisdiction and venue.** All aforementioned incorporations provide **100% certainty** of fraudulently assigned judges and fraudulently assigned case numbers --- prior to the legal filings by Plaintiffs of all 10 of their year-2025 cases --- with all 10 cases being illegally and fraudulently filed and processed by a non-existent/ non-payroll name in year-2025 --- which did not generate a legal random judge assignment and which did not generate a legal case number assignment --- and thereby provides 100% certainty that Kentucky judges NEVER had jurisdiction and NEVER will have jurisdiction. Plaintiffs assert Rankin v. Howard, 633 F. 2d 844 (9th Circuit 1980) and United States v. Dugan, 2:25-cr-00089 (E.D. Wis. 2025) regarding judges without jurisdiction.

1514. Defendant Wilson has **legally binding and conclusive judicial admissions of Forgery/Complicity in Forgery** with full liability regarding legal documents dated on or near 3-4-2020, and later, including but not limited to a power of attorney document, a trust revocation document, a Will, and/or a document fraudulently removing Doris Colgate's real estate, located at 410 Wisteria Avenue, Jefferson County, KY, from the Trust.

1515. Defendant Susan Wilson was and is complicit and conspired in a scheme with Judge Patricia Morris, whereby Judge Morris weaponized a **knowingly false and fraudulent felony accusation** of "unauthorized practice of law" against pro se Plaintiffs—who were acting lawfully under KRS 209.030(2) and as a fiduciary under valid Trust and POA instruments—in order to deny Plaintiffs all access to all Kentucky courts and to **obstruct elder abuse recovery and other recovery. Patricia Morris's fraudulent felony accusation is also proven by Defendant Susan Wilson's legally binding and conclusive judicial admissions of Plaintiffs'**

**legal standing, Defendant's liability, and Defendant's damages.** See **PX-12, PX-51, PX-55, PX-56.**

1516. This denial was executed **without jurisdiction**, violated Plaintiffs' constitutional rights and statutory rights, and directly benefited Defendant, who remained **unjustly enriched** as a result. The fraudulent accusation by Judge Morris occurred **19 days prior** to Defendant Wilson being legally served by the Jefferson County Sheriff. When filing the Complaint, Plaintiffs paid the mandatory $60 fee directly to the Jefferson Circuit Court Clerk to have legal service by the Sheriff executed immediately. In addition, based on Judge **Morris's citations in the order, attacking** Plaintiffs before the defendant was legally served, showing **extreme prejudice** against Plaintiffs, and **showing personal knowledge** of disputed evidentiary facts concerning the proceedings, both in violation of **KRS 26A.015(2)(a), jurisdiction** under Morris was/is illegal and was/is **void ab initio**/void **starting on day one of the initial case assignment** in case **25-CI-001371. Facially, the intent** of said citations in orders was/is to **retaliate** and **deny** access.

1517. The timing and coordination of this judicial obstruction before lawful service—despite the court's active role in facilitating Wilson's legal service—demonstrates an **ultra vires abuse** of office by Morris to shield Wilson from litigation and to obstruct and block all statutory recovery.

1518. Direct communication between Wilson and Morris does **not** need to be proven to establish complicity under KRS 502.020 and **conspiracy** under 42 U.S.C. § 1985(2)-(3) . The judicial act of denying Plaintiffs all court access functioned as **an overt act in furtherance of a shared unlawful objective** to obstruct justice and to illegally protect Wilson from liability, in violation of 42 U.S.C. §§ 1983, 1985(2)-(3) and in Violation of the First, Seventh, and Fourteenth Amendments, and the Supremacy Clause, Art. VI, Cl. 2.

1519. Plaintiffs incorporate by reference in full detail Defendant's legally binding and conclusive judicial admissions of liability in Kentucky Case No. 25-CI-001371 pursuant to FRCP CR 8.04 and 28 U.S.C. § 1367(a).

1520. Susan Wilson was and is **complicit** with and **conspired** with judge Morris or Patricia Morris, who was and is **acting in the absence of jurisdiction.** See **Rankin v. Howard, 633 F. 2d 844 (9th Circuit 1980) and US v. Dugan;** Also refer to **all details in SECTION XII for evidence against Morris, and also for evidence of systemic corruption.**

1521. **The DAMAGES Demand:** Plaintiffs accordingly respectfully demand the following: Entry of judgment as to liability and a corresponding award of all of the following for this claim for relief: **Based on the fraudulent obstruction and deprivation of all Plaintiffs' recovery, Damages Awards are as Follows:** Combined for Edward Colgate and Doris Colgate: **$540,185.41** Awarded for Special damages--legally binding and conclusive--admitted as a sum-certain—under substantive CR 8.04; **$1,620,556.23** Awarded for Treble damages; **$4,861,668.69** Awarded for Punitive damages no less than 9 times damages --- and up to 40 times damages. Doris Colgate: **$2,975,000.00** --- Claims for Relief LXXXIX and VI and XXXVII; **$8,925,000.00** Awarded for Treble damages; **$26,775,000.00** Awarded for Punitive damages no less than 9 times damages---and up to 40 times damages; **$750,000.00** Awarded for Claims for Relief V and XXXVI; **$2,250,000.00** Awarded for Treble damages; **$6,750,000.00** Awarded for Punitive damages no less than 9 times damages --- and up to 40 times damages; **$79,000.00** Awarded for Claim for Relief C --- 100; **$237,000.00** Awarded for Treble damages; **$711,000.00** Awarded for Punitive damages no less than 9 times damages --- and up to 40 times damages; **$49,665.00** Awarded for Claims for Relief CI ---100--promissory notes/loans; **$148,995.00** Awarded for Treble damages; **$446,985** Awarded for Punitive damages no less than

9 times damages --- and up to 40 times damages; Doris Colgate continued: Range from **$500,000.00 To $1,500,000.00** Awarded --- Claims for Relief XCVI --- IIED; Doris Colgate Range from **$1,500,000.00 To $4,500,000.00** Awarded for Treble damages; Doris Colgate Range from **$4,500,000.00 To $13,500,000.00** Awarded for Punitive damages no less than 9 times damages --- and up to 40 times damages; Edward Colgate Range from **$250,000.00 To $750,000.00** Awarded for --- Claims for Relief XCVI --- IIED and fraudulent Deprivation of familial relationship; Edward Colgate Range from **$750,000.00 To $2,250,000.00** Awarded for Treble damages; Edward Colgate Range from **$2,250,000.00 To $6,750,000.00** Awarded for Punitive damages no less than 9 times damages --- and up to 40 times damages; Edward Colgate Range from **$500,000.00 To $2,000,000.00** Awarded for --- Claims for Relief XCVII---IIED---Wrongful Death; Edward Colgate Range from **$1,500,000.00 To $6,000,000.00** Awarded for Treble damages; Edward Colgate Range from **$4,500,000.00 To $18,000,000.00** Awarded for Punitive damages no less than 9 times damages --- and up to 40 times damages; Edward Colgate Range from **$500,000.00 To $3,000,000.00** Awarded for --- Irreversible Deprivation of Familial Relationship; Edward Colgate Range from **$1,500,000.00 To $9,000,000.00** Awarded for Treble damages; Edward Colgate Range from **$4,500,000.00 To $27,000,000.00** Awarded for Punitive damages no less than 9 times damages --- and up to 40 times damages; Edward Colgate's **Compounded IIED** damages awards --- **Irreversible Deprivation Compound;** Edward Colgate **Range** from no less than **$250,000 times 2 and times 4** and **up to $750,000 times 2 and times 4** Awarded for --- **Compounded IIED** damages awarded to Edward Colgate if Doris Colgate's death; Edward Colgate Range from **$500,000.00 To $1,000,000.00** --- and **up to $1,500,000.00 To $3,000,000.00** Awarded for --- Compounded IIED damages awards to Edward Colgate if Doris Colgate's death; Edward Colgate Range from **$4,500,000.00 To**

**$9,000,000.00** Awarded for Trebled damages; Edward Colgate Range from **$13,500,000.00 To $27,000,000.00** Awarded for Punitive damages no less than 9 times damages --- and up to 40 times damages. Edward Colgate: **$50,138.68** Awarded for Special Damages--legally binding and conclusive--admitted as a sum-certain—under substantive CR 8.04; Edward Colgate: **$150,416.04** Awarded for Treble damages; Edward Colgate: **$451,248.12** Awarded for Punitive damages no less than 9 times damages --- and up to 40 times damages; Edward Colgate: **$48,600.00** Awarded for Time and Energy damages admitted under legally binding substantive CR 8.04; Edward Colgate: **$145,800.00** Awarded for Treble damages; Edward Colgate: **$437,400.00** Awarded for Punitive damages no less than 9 times damages --- and up to 40 times damages; Edward Colgate: **$4,091.08** Awarded for Fraudulent Fees Paid Based on Alias Name---Fraud; Edward Colgate: **$12,273.24** Awarded for Treble damages; Edward Colgate: **$36,819.72** Awarded for Punitive damages no less than 9 times damages --- and up to 40 times damages; Edward Colgate: **$28,000.00** Awarded for Claims for Relief LXI and XXXI; Edward Colgate: **$84,000.00** Awarded for Treble damages; Edward Colgate: **$252,000.00** Awarded for Punitive damages no less than 9 times damages --- and up to 40 times damages; Edward Colgate: **2,544 hours multiplied by $150 per hour — $381,600 --- trebled to --- $1,144,800 --- punitive** damages of **$3,434,400** --- no less than 9 times damages --- and up to 40 times damages; Edward Colgate: **$381,600.00** Awarded for Federal Time and Energy and Work and Effort Damages; **$1,144,800.00** Awarded for Federal Treble damages; **$3,434,400.00** Awarded for Federal Punitive damages no less than 9 times damages --- and up to 40 times damages. Plaintiffs accordingly respectfully demand immediate entry of judgment as to liability and a corresponding award of $540,185.41 in Special Damages established as a legally binding and conclusive sum-certain from Wilson's own substantive CR 8.04 admissions in

KY case 25-CI-001371 (PX-51) --- and independently confirmed from four additional defendants' CR 8.04 admissions across four separate Kentucky cases — which is separate from -- - and in addition to all of the following respectfully demanded: Other compensatory damages for continuing losses caused by Defendant's ongoing fraudulent obstruction of recovery — fraudulent concealment — and unjust enrichment — also judicially admitted under CR 8.04. Dividends and interest defrauded from Doris in all five financial instruments --- and Interest to Edward — admitted by Wilson and four additional defendants through CR 8.04 admissions. Plaintiffs also demand declaratory and injunctive relief to prevent the continuing abuses. Plaintiffs demand general damages and punitive damages. Furthermore, Plaintiffs accordingly respectfully demand entry of judgment as to liability and a **corresponding award of all total amounts cited in Claims for Relief XXXII through CII (32 through 102) based on citations of 42 U.S.C. § 1983, 42 U.S.C. § 1985(2), 42 U.S.C. § 1985(3) in Claims for Relief XXXII through CII (32 through 102).** Plaintiffs assert: The **Defendant's complicity in and conspiracy in elder abuse** (both **financial and physical harm and injury) of Doris Colgate--- by Susan Wilson,** Lori Fox, Michelle Burkhead, Cristal Fox, Ray Wilson, Jude McConnell, Florence Bisig, Julie Bisig, Jeanette/Jenette/Janette Bisig, Paul Kevin Ford, and others cited above --- **mandates reporting of elder abuse under KRS 209.030(2) --- and justifies high punitive dollar awards.** Plaintiffs incorporate by reference in full detail paragraphs 2631A through 2631M regarding legal authority application cited herein. Court employees have fraudulently attempted to deceive Plaintiff through phone and internet phone interstate communications --- audio recorded and transcribed. Plaintiff asserts many documented electronic communications notifying judges and court employees that Plaintiff was being targeted in Washington State. All aforementioned also **constitute RICO Predicate acts under**

18 U.S.C. §1512(c)(1)(2)-(e)-(k)-- §1513--§1343--§1349--§1503--§1961 through 1964(c) and civil rights violations under 42 U.S.C. §1983 and 42 U.S.C. §1985(2)-(3). Plaintiffs incorporate by reference in full detail all aforementioned — as though fully set forth herein. Plaintiffs also incorporate by reference in full detail PX-42 through PX-49, PX-82 through PX-87, PX-63 through PX-81, PX-108, PX-129, PX-136, PX-158, PX-159, PX-160, PX-48, PX-49, PX-129 through PX-133, PX-136, PX-137 through PX-154, PX-143 --- supports the fraud and destruction of records related to Eric Haner, Susan Gibson, and others. Plaintiffs assert and incorporate by reference in full the following regarding the **broad definition of an associated-in-fact enterprise --- in support of Plaintiffs' Actionable under---RICO predicate acts herein: Odom v. Microsoft Corp., 486 F. 3d 541 - Court of Appeals, 9th Circuit 2007 and United States v. Turkette, 452 US 576 - Supreme Court 1981 in Section XX.**

1522. Additionally, The Defendant's **legally binding and conclusive, judicially admitted participation in forged legal documents/instruments** has resulted in **continuous**, unlawful **tortious interference** with Trustee Edward Colgate's administration of **The Colgate Family Living Trust dated January 29, 2020**, with **each day since March 1, 2020**, constituting a **new act of fraudulent obstruction** and fiduciary harm/injury. This Claim for Relief is pled under a continuing tort doctrine, as Defendant's obstruction of Trustee Edward Colgate's fiduciary duties and Trustee recovery rights under the Trust constitutes an ongoing violation, with each day **renewing** the harm/injury and **tolling** all applicable statutes of limitation. Additionally, **each day that Defendant refuses and fails to report her own elder abuse and tortious fiduciary interference under KRS 209.030 constitutes a new statutory violation**, which further **renews** and **tolls** all relevant statutes of limitation under Kentucky and federal law.

1523. Each day that Judge Morris's and other judges' **fraudulent felony accusations remain embedded in void ab initio orders** constitutes a continuing denial of all Kentucky court access and systemic obstruction of justice in violation of 42 U.S.C. §§ 1983 and 1985(2)-(3), and the First, Seventh, and Fourteenth Amendments. Their collective refusal to report their own and each other's illegal or fraudulent actions under **KRS 26A.080 and KRS 209.030** perpetuates **retaliatory** elder abuse under **KRS 209.050, renewing** the constitutional and statutory harm/injury daily and **tolling all applicable statutes of limitation** under the continuing tort doctrine. **Facially, the intent** of said citations in an order was/is to **retaliate** and to **deny** all court access.

1524. **No state or federal court in the United States has ever attempted to bar, obstruct, or deny a civil plaintiff from all court access across an entire state by fraudnlently accusing them of felonies.** The absurdity and illegality of such an act is so blatant that it has never been attempted by any judge in any jurisdiction. Adding to the absurdity and illegality is the fact that the Defendant had not been legally served yet. Jefferson Circuit Court is the first to attempt this type of illegal act or fraud, which is retaliatory under KRS 209.050, KRS 209.030, KRS 209.990, KRS 26A.015(2), and is an attempt to intimidate and tamper with a witness, which is also a violation of 42 U.S.C. §§ 1983 and 1985(2)-(3). **Facially, the intent** of said citations in an order was/is to retaliate and deny all court access.

1525. In addition to the **100% Certainty for most of all illegal, fraudulent and conspiratorial acts cited herein--based on official records,** the **Bayesian %** probability analysis of **conspiratorial intention** for any illegal, fraudulent, and conspiratorial act cited herein --- that may not be considered 100% --- is ---

**99.99999999999999999999999999999999999999999999999999999999999999999999**

**9999999999999999999999999999999999999999999999999999999999999999+% --- which is 99.999.....decimal point followed by more than 200 additional nines ---** for the probability and certainty of the **intentionality** of illegal, fraudulent, and conspiratorial acts cited herein. The **foregoing constitutes Plaintiffs' short and plain statement of this claim for relief** in compliance with Fed. R. Civ. P. 8(a)(2).

**Additional PLAUSIBILITY: Plaintiffs assert all of the following:**

1526. **Plaintiffs assert 100% Probability and 100% Certainty of 11 Fraudulent Judge Assignments in Jefferson Circuit Court--Kentucky. Plaintiffs incorporate by reference in full detail PX-63 Through PX-87.** Judge Morris had been **illegally assigned 4 of the first 8 of Plaintiffs' 10 cases, out of 13 judges, non-randomly, in violation of SCR 1.040(3)(c)-(4)(a).**

1527: **All 4 cases under Judge Morris involve identical, fraudulent felony accusations** against the pro se Plaintiffs. No judge in the United States in any Federal or State Court has attempted this against pro se Plaintiffs --- until now in Jefferson Circuit Court.

1528. **In all 4 cases**, the felony accusations were entered **before the Defendants had been legally served,** with one entered **19 days before legal service** was completed.

1529. Plaintiffs were told by the Court Clerk's Office that **a different process applies to pro se judicial assignments.**

1530. In all 4 Plaintiffs' cases, Judge Morris intentionally, illegally, and fraudulently issued **"Notices of Entry" to be issued "electronically,"** despite knowing that pro se Plaintiffs are categorically denied electronic access and knowing that it is mandatory for pro se Plaintiffs in all 4 cases to be legally served through physical mailing pursuant to **CR 5.02(1)-(2),** and in violation of CR 77.04(1)-(2)-(3), CR 5.02(1)-(2), CR 5.01, KRS 30A.080, and CR 5.03.

1531. More than **thirteen (15) months later**, pro se Plaintiffs still have not been legally served with those illegal and fraudulent orders in any of the four cases— constituting fraudulent ongoing denial of physical service under **CR 77.04(1)-(2)-(3), CR 5.02(1)-(2), CR 5.01, and CR 5.03.** Plaintiffs have given numerous notices to Judge Patricia Morris and to the Court Clerk's Office that Plaintiffs have **not** been legally served any orders.

1532. Plaintiffs can assert with **100% certainty** that **Chief Judge Ann Bailey-Smith** illegally and **fraudulently substituted for Chief Justice** Lambert in a judicial reassignment of a special judge in case **25-CI-001121,** illegally and fraudulently attempting to call it a re-allotment, in violation of KRS 26A.015(2)–(3)(a) and KRS 26A.020. Since Judge Davis **recused under KRS 26A.015(2)(e),** judicial reassignment is **mandatory by Chief Justice** Lambert pursuant to KRS 26A..015(3)(a) and **KRS 26A.020.** Thereby, tbis **voids** any and **all orders in case 25-CI-001121.**

1533. Plaintiffs can assert with **100% certainty** that the Court Administrator and/or **Bailey-Smith** illegally and **fraudulently substituted for Chief Justice** Lambert in a judicial reassignment in case **21-CI-001314,** fraudulently attempting to call it a re-allotment --- which does not legally exist in KY --- in violation of **KRS 26A.015(2)–(3)(a)** and **KRS 26A.020.** Since Judge Davis **recused under KRS 26A.015(2)(e),** judicial reassignment is **mandatory by Chief Justice** Lambert pursuant to KRS 26A..015(3)(a) and KRS **26A.020.** Thereby, this **voids** any and **all orders in case 21-CI-001314.**

1534. In both cases—25-CI-001121 and 21-CI-001314, before accepting the judicial reassignment, **Judge Brian Edwards and Judge Eric Haner** were **previously formally noticed to be a defendant in a forthcoming federal civil rights complaint** by Plaintiffs. In addition, before illegally and fraudulently substituting for the Chief Justice, **Judge Bailey-Smith and the Court Administrator** were also **previously formally noticed to be a defendant in a**

**forthcoming federal civil rights complaint** by Plaintiffs. The aforementioned is **evidence of** --- and **facially** shows **illegal retaliation** pursuant to **KRS 209.050 and KRS 209.030.**

1535. **Court staff attorney Stuart Scherer admitted in writing that the court administrator was "looking for a way to combine cases" where Plaintiffs "could not object"**—directly confirming manipulation of assignments to **deprive** Plaintiffs of **due process rights. Stuart Scherer's** aforementioned statement is **direct evidence of conspiratorial intent** to deprive, deny, and obstruct Plaintiffs' procedural and constitutional rights, as further detailed throughont this Complaint, including violations of 42 U.S.C. §§ 1983 and 1985(2)-(3), the First and Fourteenth Amendments, and Kentucky Civil Rules CR 5.01, CR 5.02(1)-(2), CR 5.03, and CR 77.04(1)-(2)-(3). This **admission by Stuart** Scherer **constitutes evidence of a coordinated and conspiratorial scheme** to deprive Plaintiffs of notice, objection, and appeal rights, in violation of clearly established **due process protections** and **statutory civil rights.** Stuart Scherer's **written admission is direct evidence** of **judicial** and **administrative conspiracy to obstruct access to courts, preclude objection,** and **evade appellate oversight.**

1536. In Case No. **25-CI-001569**, Judge **Perry** illegally and fraudulently authored an order, stating that **Judge Davis could "have his case if she wanted it,"** illegally and fraudulently **attempting to change jurisdiction** without a motion to change jurisdiction, while also **citing** and joining in the same pattern of false and **fraudulent** felony **accusations** against Plaintiffs, also in violation of SCR 1.040(3)(c)-(4)(a). Refer to the aforementioned 100% certainty that Perry never had jurisdiction.

1537. Judges Gibson, Davis, Perry, Morris, all cited the same fraudulent felony accusations against pro se Plaintiffs, denying Plaintiffs' all Kentucky court access. Refer to the aforementioned 100% certainty that all said judges never had jurisdiction.

1538. **Judge Davis** has **repeatedly** cited her own **loss of jurisdiction and/or recusal four separate times in 2 different cases**, including sua sponte recusals, since she **fraudulently reclaimed jurisdiction in case 25-CI-001121 before recusing and losing jurisdiction again**, in violation of KRS 26A.015(2)-(3)(a), KRS 26A.020. Refer to the aforementioned 100% certainty that Davis never had jurisdiction.

1539. Plaintiffs assert 100% certainty that zero orders have been legally served to Plaintiffs.

1540. In sum, the deliberate, intentional, and fraudulent acts of **CR 77.04(1)-(2)-(3), CR 5.02(1)-(2), CR 5.01, and CR 5.03 violations**, systemic and systematic targeting of pro se Plaintiffs, and intentional illegal and fraudulent assignments of judges known to be previously formally noticed to be named as a Defendant in a federal civil rights complaint—require immediate federal injunctive relief and declaratory findings under **42 U.S.C. §§ 1983 and 1985(2)-(3)**, and well as monetary relief for **obstruction of all said recoveries.** In addition, **orders are illegally entered by the judge's secretary and/or the judges' secretaries. Thereby, all orders entered in Jefferson Circuit Court are void or void ab initio based on violations of CR 77.04(2) since it is illegal for the judge's secretary to enter the orders.**

1541. Furthermore, Plaintiffs assert the following: **all Orders are Void ab initio or void** based on **admitted--consistent and continuous—intentional violations of CR 5.03--by numerous Court Clerk employees. Proof of the time and manner of such legal service** is **never done** and does **not exist.** The following is **verbatim:** CR 5.03 Service; proof of: Whenever any pleading or other paper is served under Rules 5.01 and 5.02, proof of the time and manner of such service shall be filed before action is to be taken thereon by the court or the parties. There continues to be **NO proof of time and manner** of any and all **judicial orders** or judge's orders **by a mandated and required certificate or affidavit** that **identifies the name** of the person

who is served the order and the **notification address of the person** who is served, in violation of CR 5.03. Plaintiffs assert with 100% certainty that zero orders were legally served to Plaintiffs. **Legally**, the **time-lapse has never started for the Plaintiffs to respond in any of the Plaintiffs' 11 cases. Verbatim** from state complaint **25-CI-001371, page 109—"all timelines to be adhered** by the Plaintiffs, regarding any and all responses or filings with the court by the Defendant or their representative, **will start when** Plaintiffs receive legal documents **by certified mail."** Plaintiffs have **never** been legally **served any orders via any physical mail.** Refer to the aforementioned 100% certainty that all KY judges never had jurisdiction.

**CLAIM FOR RELIEF LXVI**--(Also a Count and Cause of Action) — **Defendant Susan Wilson's Sustained and Compounded Obstruction of Plaintiffs' Recovery — Through Defendant's Complicity and Conspiracy With One or More Judges** (without jurisdiction) — **the Elected Jefferson Circuit Court Clerk — Jefferson Circuit Court Clerk's Office Employees — Administrative Office of the Courts Employees — Court Administrators — Staff Attorneys — Acting Under Color of State Law --- and Through Defendant's Complicity and Conspiracy With Private Citizens and Entities — Individually or in Any Combination --- Depriving Plaintiffs of Constitutional Rights and Equal Protection — Actionable Under 42 U.S.C. §1983 and 42 U.S.C. §1985 and RICO Predicate Acts — Causing and Continuing to Cause Unjust Enrichment for Defendant Susan Wilson --- Based on --- Damages Caused by Defendant's Direct Actions and Complicity and Conspiracy in Intentional, Systematic, and Systemic Unconstitutional Rules That Deny Appellate Rights, Deny Oral Arguments, and Deny Records Access to Pro Se Plaintiffs by Judges, the Court Administrators, and the Court Clerk—and Its Employees, ---Denying, Depriving, and Obstructing All Appellate Rights, Obstructing All Court Access in all**

**Kentucky Courts, Obstructing All Due Process, and Obstructing Civil Rights through Systemic Judicial and Court Obstruction, Obstructing Justice, Voiding/Voiding Ab Initio any and all orders in all Plaintiffs' 11 cases, Enabling/ Causing Defendant's and Others' Unjust Enrichment; Connected with Obstruction of Plaintiff's Fiduciary Duties, Rights, and Recovery; Deprivation and Obstruction of Civil Rights under 42 U.S.C. § 1983, 42 U.S.C. § 1985(2)-(3), the First, Seventh, and Fourteenth Amendments, and the Supremacy Clause, Art. VI, Cl. 2;** Supported by Rankin v. Howard, 633 F. 2d 844 (9th Circuit 1980); Actionable under all aforementioned legal authority and under KRS 502.020, SCR 1.040(3)(c)-(4)(a), KRS 209.050, KRS 209.020, KRS 209.030(2), KRS 209.990, KRS 522.020, KRS 26A.080, KRS 26A.020, KRS 26A.015(2)(a)-(e)-(3)(a), **KRS 446.070**, KRS 386B.8-010, KRS 386B.1-010(1), KRS 386B.8-180(1)(a), KRS 386B.4-100, FRCP 17(a)(1)(E), KRS 457.350(1)-(2), 28 U.S.C. § 1367(a); and **under all claims for relief herein this complaint**; And under **Legally Binding and Conclusive** Judicial Admissions of Liability and Damages pursuant to CR 8.04, 28 U.S.C. § 1367(a); (Conspiracy and Complicity with Full Liability); Causing Harm/Injury, and incorporates, **in part,** the same set of facts, harms/injuries, and legally binding and conclusive judicial admissions now as a basis for federal relief, including but not limited to punitive damages. Defendant and others continue their elder abuse of Doris Colgate each and every day they refuse/fail to report themselves and others for elder abuse. Plaintiffs incorporate by reference in full detail **Sections XVIII, XIX, XXXVI, XXVI, XXX, XXXII, XXVIII, XXIX, XXXI, XXXV, XXVII, XXXVII, PX-63 through PX-87,** PX-42 through PX-49, PX-108, all 167 Exhibits, and the **First through the Fourteenth FRE 201 Judicial Notices** of judicially **noticed adjudicative facts,** which include approximately **1,044 total adjudicative facts,** including approximately **322 adjudicative facts** supporting **jurisdiction** in the U.S.

District Court for the Western District of Washington; **FRE 201 Adjudicative Facts in Judicial NOTICES --- 2 through 8, 10, 12, and 13 --- fully support jurisdiction.** All aforementioned incorporations provide **100% certainty** of fraudulently assigned judges and fraudulently assigned case numbers --- prior to the legal filings by Plaintiffs of all 10 of their year-2025 cases --- with all 10 cases being illegally and fraudulently filed and processed by a non-existent/ non-payroll name in year-2025 --- which did not generate a legal random judge assignment and which did not generate a legal case number assignment --- and thereby provides 100% certainty that Kentucky judges NEVER had jurisdiction and NEVER will have jurisdiction. Plaintiffs assert Rankin v. Howard, 633 F. 2d 844 (9th Circuit 1980) and United States v. Dugan, 2:25-cr-00089 (E.D. Wis. 2025) regarding judges without jurisdiction.

1542. Plaintiffs reassert and incorporate by reference in full detail all of Section XII: Master Comprehensive Incorporation of Exhibits, Evidentiary Foundation, Jurisdictional Foundation, Record of Judicial Misconduct, Systemic Civil Rights Obstruction, Denial of All Access to All Kentucky Courts, Constitutional and Federal Enforcement Framework, the Supremacy Clause (Art. VI, Cl. 2), and all preceding paragraphs as though fully restated and fully set forth herein this claim for relief/relief entitled to-sought-demanded. Plaintiffs further assert all of the following:

**Plaintiffs hereby assert the following "Short and Plain Statement" (Fed. R. Civ. P. 8(a)(2)):**

1543. Plaintiffs reassert and incorporate by reference in full detail all prior paragraphs, including all facts, all statutory violations, and all legally binding and conclusive judicial admissions of liability and damages in Kentucky State case 25-CI-001371 against Susan Wilson. See PX-51, PX-55, PX-56.

1544. Plaintiffs reassert and incorporate by reference in full detail all legally binding and conclusive judicial admissions of liability and damages in cases 25-CI-001371, 25-CI-001568, 25-CI-001795, 25-CI-001796, 25-CI-001121, with cases 25-CI-001568, 25-CI-001795, 25-CI-001796, 25-CI-001121 **facially fully supporting case 25-CI-001371 (Refer to PX-51 through PX-62 and PX-96, PX-95)**, as though fully restated and fully set forth herein this claim for relief/relief entitled to-sought-demanded.

1545. **Legal Integration: Supplemental jurisdiction** is applied to the following under 28 U.S.C. § 1367(a) for **Claim for Relief LXVI that independently states a federal claim for relief** under --- Defendant Susan Wilson's Sustained and Compounded Obstruction of Plaintiffs' Recovery — Through Defendant's Complicity and Conspiracy With One or More Judges (without jurisdiction) --- the Elected Jefferson Circuit Court Clerk — Jefferson Circuit Court Clerk's Office Employees --- Administrative Office of the Courts Employees — Court Administrators — Staff Attorneys --- Acting Under Color of State Law --- and Through Defendant's Complicity and Conspiracy With Private Citizens and Entities — Individually or in Any Combination — Depriving Plaintiffs of Constitutional Rights and Equal Protection — Actionable Under 42 U.S.C. §1983 and 42 U.S.C. §1985 and RICO predicate acts — Causing and Continuing to Cause Unjust Enrichment for Defendant Susan Wilson --- **Based on Damages Caused by** Defendant's Direct Actions and Complicity and Conspiracy in **Intentional, Systemic, and Systematic Unconstitutional Rules That Deny Appellate Rights, Deny Oral Arguments, and Deny Records Access to Pro Se Plaintiffs by Judges, the Court Administrators, and the Court Clerk—and Its Employees,** --- Denying, Depriving, and **Obstructing All Appellate Rights**, obstructing All Court Access in all Kentucky Courts, obstructing all Due Process, and obstructing Civil Rights through Systemic Judicial and Court

Obstruction, Obstructing Justice, Voiding/**Voiding** Ab Initio any and all orders in all Plaintiffs' 11 cases, Enabling/ Causing Defendant's and Others' Unjust Enrichment; Connected with Obstruction of Plaintiff's Fiduciary Duties, Rights, and Recovery; Deprivation and Obstruction of Civil Rights under 42 U.S.C. § 1983, 42 U.S.C. § 1985(2)-(3), the First, Seventh, and Fourteenth Amendments, and the Supremacy Clause, Art. VI, Cl. 2; Supported by Rankin v. Howard, 633 F. 2d 844 (9th Circuit 1980) and US v. Dugan; Actionable under all aforementioned legal authority and under KRS 502.020, SCR 1.040(3)(c)-(4)(a), KRS 209.050, KRS 209.020, KRS 209.030(2), KRS 209.990, KRS 522.020, KRS 26A.080, KRS 26A.020, KRS 26A.015(2)(a)-(c)-(3)(a), **KRS 446.070,** KRS 386B.8-010, KRS 386B.1-010(1), KRS 386B.8-180(1)(a), KRS 386B.4-100, FRCP 17(a)(1)(E), KRS 457.350(1)-(2), 28 U.S.C. § 1367(a); and **under all claims for relief herein this complaint**; And under **Legally Binding and Conclusive** Judicial Admissions of Liability and Damages pursuant to CR 8.04, 28 U.S.C. § 1367(a); (Conspiracy and Complicity with Full Liability); Causing Harm/Injury, and incorporates, **in part,** the same set of facts, harms/injuries, and legally binding and conclusive judicial admissions now as a basis for federal relief, including but not limited to punitive damages. Defendant and others continue their elder abuse of Doris Colgate each and every day they refuse/fail to report themselves and others for elder abuse. Plaintiffs incorporate by reference in full detail **Sections XVIII, XIX, XXXVI, XXVI, XXX, XXXII, XXVIII, XXIX, XXXI, XXXV, XXVII, XXXVII, PX-63 through PX-87,** PX-42 through PX-49, PX-108, all 167 Exhibits, and the **First through the Fourteenth FRE 201 Judicial Notices** of judicially **noticed adjudicative facts,** which include approximately **1,044 total adjudicative facts,** including approximately **322 adjudicative facts** supporting **jurisdiction** in the U.S. District Court for the Western District of Washington; **FRE 201 Adjudicative Facts in Judicial**

**NOTICES --- 2 through 8, 10, 12, and 13 --- fully support jurisdiction and venue.** All aforementioned incorporations provide **100% certainty** of fraudulently assigned judges and fraudulently assigned case numbers --- prior to the legal filings by Plaintiffs of all 10 of their year-2025 cases --- with all 10 cases being illegally and fraudulently filed and processed by a non-existent/ non-payroll name in year-2025 --- which did not generate a legal random judge assignment and which did not generate a legal case number assignment --- and thereby provides 100% certainty that Kentucky judges NEVER had jurisdiction and NEVER will have jurisdiction. Plaintiffs assert Rankin v. Howard, 633 F. 2d 844 (9th Circuit 1980) and United States v. Dugan, 2:25-cr-00089 (E.D. Wis. 2025) regarding judges without jurisdiction.

1546. Defendant Wilson has **legally binding and conclusive judicial admissions of Forgery/Complicity in Forgery** with full liability regarding legal documents dated on or near 3-4-2020, and later, including but not limited to a power of attorney document, a trust revocation document, a Will, and/or a document fraudulently removing Doris Colgate's real estate, located at 410 Wisteria Avenue, Jefferson County, from the Trust.

1547. Defendant Susan Wilson was and is complicit in and conspired in a scheme with Judge Patricia Morris, whereby Judge Morris weaponized a **knowingly false and fraudulent felony accusation** of "unauthorized practice of law" against pro se Plaintiffs—who were acting lawfully under KRS 209.030(2) and as a fiduciary under valid Trust and POA instruments—in order to deny Plaintiffs all access to all Kentucky courts and to **obstruct elder abuse recovery and other recovery. Patricia Morris's fraudulent felony accusation is also proven by Defendant Susan Wilson's legally binding and conclusive judicial admissions of Plaintiffs' legal standing, Defendant's liability, and Defendant's damages.** See **PX-12, PX-51, PX-55, PX-56.**

1548. This denial was executed **without jurisdiction**, violated Plaintiffs' constitutional rights and statutory rights, and directly benefited Defendant, who remained **unjustly enriched** as a result. The fraudulent accusation by Judge Morris occurred **19 days prior** to Defendant Wilson being legally served by the Jefferson County Sheriff. When filing the Complaint, Plaintiffs paid the mandatory $60 fee directly to the Jefferson Circuit Court Clerk to have legal service by the Sheriff executed immediately.

1549. The timing and coordination of this judicial obstruction before lawful service—despite the court's active role in facilitating Wilson's service—demonstrates an **ultra vires abuse** of office by Morris to shield Wilson from litigation and to obstruct and block all statutory recovery.

1550. Direct communication between Wilson and Morris does **not** need to be proven to establish complicity under KRS 502.020 and conspiracy under 42 U.S.C. § 1985(2)-(3) . The judicial act of denying Plaintiffs all court access functioned as **an overt act in furtherance of a shared unlawful objective** to obstruct justice and to illegally protect Wilson from liability, in violation of 42 U.S.C. §§ 1983, 1985(2)-(3) and in Violation of the First, Seventh, and Fourteenth Amendments, and the Supremacy Clause, Art. VI, Cl. 2.

1551. Plaintiffs incorporate by reference in full detail Defendant's legally binding and conclusive judicial admissions of liability in Kentucky Case No. 25-CI-001371 pursuant to CR 8.04 and 28 U.S.C. § 1367(a).

1552. Susan Wilson was and is **complicit** with and conspired with judge Morris or Patricia Morris, who was and is **acting in the absence of jurisdiction.** See **Rankin v. Howard, 633 F. 2d 844 (9th Circuit 1980);** Also refer to **all details in SECTION XII for evidence against Morris, and also for evidence of systemic corruption.** In addition, Jefferson Circuit Court's

**Deputy Appeals Clerk,** Evelyn Hopper**, previously blocked** Plaintiff's **communications to her.** See Claim for Relief **LXIV** for Morris **never** having **jurisdiction** in any of Plaintiffs' cases.

1553. **The DAMAGES Demand:** Plaintiffs accordingly respectfully demand the following: Entry of judgment as to liability and a corresponding award of all of the following for this claim for relief: **Based on the fraudulent obstruction and deprivation of all Plaintiffs' recovery, Damages Awards are as Follows:** Combined for Edward Colgate and Doris Colgate: **$540,185.41** Awarded for Special damages--legally binding and conclusive--admitted as a sum-certain—under substantive CR 8.04; **$1,620,556.23** Awarded for Treble damages; **$4,861,668.69** Awarded for Punitive damages no less than 9 times damages --- and up to 40 times damages. Doris Colgate: **$2,975,000.00** --- Claims for Relief LXXXIX and VI and XXXVII; **$8,925,000.00** Awarded for Treble damages; **$26,775,000.00** Awarded for Punitive damages no less than 9 times damages---and up to 40 times damages; **$750,000.00** Awarded for Claims for Relief V and XXXVI; **$2,250,000.00** Awarded for Treble damages; **$6,750,000.00** Awarded for Punitive damages no less than 9 times damages --- and up to 40 times damages; **$79,000.00** Awarded for Claim for Relief C --- 100; **$237,000.00** Awarded for Treble damages; **$711,000.00** Awarded for Punitive damages no less than 9 times damages --- and up to 40 times damages; **$49,665.00** Awarded for Claims for Relief CI—100--promissory notes/loans; **$148,995.00** Awarded for Treble damages; **$446,985** Awarded for Punitive damages no less than 9 times damages --- and up to 40 times damages; Doris Colgate continued: Range from **$500,000.00 To $1,500,000.00** Awarded --- Claims for Relief XCVI --- IIED; Doris Colgate Range from **$1,500,000.00 To $4,500,000.00** Awarded for Treble damages; Doris Colgate Range from **$4,500,000.00 To $13,500,000.00** Awarded for Punitive damages no less than 9 times damages --- and up to 40 times damages; Edward Colgate Range from **$250,000.00 To**

**$750,000.00** Awarded for --- Claims for Relief XCVI --- IIED and fraudulent Deprivation of familial relationship; Edward Colgate Range from **$750,000.00 To $2,250,000.00** Awarded for Treble damages; Edward Colgate Range from **$2,250,000.00 To $6,750,000.00** Awarded for Punitive damages no less than 9 times damages --- and up to 40 times damages; Edward Colgate Range from **$500,000.00 To $2,000,000.00** Awarded for --- Claims for Relief XCVII---IIED---Wrongful Death; Edward Colgate Range from **$1,500,000.00 To $6,000,000.00** Awarded for Treble damages; Edward Colgate Range from **$4,500,000.00 To $18,000,000.00** Awarded for Punitive damages no less than 9 times damages --- and up to 40 times damages; Edward Colgate Range from **$500,000.00 To $3,000,000.00** Awarded for --- Irreversible Deprivation of Familial Relationship; Edward Colgate Range from **$1,500,000.00 To $9,000,000.00** Awarded for Treble damages; Edward Colgate Range from **$4,500,000.00 To $27,000,000.00** Awarded for Punitive damages no less than 9 times damages --- and up to 40 times damages; Edward Colgate's **Compounded IIED** damages awards --- **Irreversible Deprivation Compound;** Edward Colgate **Range** from no less than **$250,000 times 2 and times 4** and **up to $750,000 times 2 and times 4** Awarded for --- **Compounded IIED** damages awarded to Edward Colgate if Doris Colgate's death; Edward Colgate Range from **$500,000.00 To $1,000,000.00** --- and **up to $1,500,000.00 To $3,000,000.00** Awarded for --- Compounded IIED damages awards to Edward Colgate if Doris Colgate's death; Edward Colgate Range from **$4,500,000.00 To $9,000,000.00** Awarded for Trebled damages; Edward Colgate Range from **$13,500,000.00 To $27,000,000.00** Awarded for Punitive damages no less than 9 times damages --- and up to 40 times damages. Edward Colgate: **$50,138.68** Awarded for Special Damages--legally binding and conclusive--admitted as a sum-certain---under substantive CR 8.04; Edward Colgate: **$150,416.04** Awarded for Treble damages; Edward Colgate: **$451,248.12** Awarded for

Punitive damages no less than 9 times damages --- and up to 40 times damages; Edward Colgate: **$48,600.00** Awarded for Time and Energy damages admitted under legally binding substantive CR 8.04; Edward Colgate: **$145,800.00** Awarded for Treble damages; Edward Colgate: **$437,400.00** Awarded for Punitive damages no less than 9 times damages --- and up to 40 times damages; Edward Colgate: **$4,091.08** Awarded for Fraudulent Fees Paid Based on Alias Name---Fraud; Edward Colgate: **$12,273.24** Awarded for Treble damages; Edward Colgate: **$36,819.72** Awarded for Punitive damages no less than 9 times damages --- and up to 40 times damages; Edward Colgate: **$28,000.00** Awarded for Claims for Relief LXI and XXXI; Edward Colgate: **$84,000.00** Awarded for Treble damages; Edward Colgate: **$252,000.00** Awarded for Punitive damages no less than 9 times damages --- and up to 40 times damages; Edward Colgate: **2,544 hours multiplied by $150 per hour — $381,600 --- trebled to --- $1,144,800 --- punitive** damages of **$3,434,400** --- no less than 9 times damages --- and up to 40 times damages; Edward Colgate: **$381,600.00** Awarded for Federal Time and Energy and Work and Effort Damages; **$1,144,800.00** Awarded for Federal Treble damages; **$3,434,400.00** Awarded for Federal Punitive damages no less than 9 times damages --- and up to 40 times damages. Plaintiffs accordingly respectfully demand immediate entry of judgment as to liability and a corresponding award of $540,185.41 in Special Damages — established as a legally binding and conclusive sum-certain from Wilson's own substantive CR 8.04 admissions in KY case 25-CI-001371 (PX-51) --- and independently confirmed from four additional defendants' CR 8.04 admissions across four separate Kentucky cases — which is separate from --- and in addition to all of the following respectfully demanded: Other compensatory damages for continuing losses caused by Defendant's ongoing fraudulent obstruction of recovery --- fraudulent concealment — and unjust enrichment — also judicially admitted under CR 8.04.

Dividends and interest defrauded from Doris in all five financial instruments --- and Interest to Edward --- admitted by Wilson and four additional defendants through CR 8.04 admissions. Plaintiffs also demand declaratory and injunctive relief to prevent the continuing abuses. Plaintiffs demand general damages and punitive damages. Furthermore, Plaintiffs accordingly respectfully demand entry of judgment as to liability and a **corresponding award of all total amounts cited in Claims for Relief XXXII through CII (32 through 102) based on citations of 42 U.S.C. § 1983, 42 U.S.C. § 1985(2), 42 U.S.C. § 1985(3) in Claims for Relief XXXII through CII (32 through 102)**. Plaintiffs assert: The **Defendant's complicity in and conspiracy in elder abuse** (both **financial and physical harm and injury) of Doris Colgate--- by Susan Wilson,** Lori Fox, Michelle Burkhead, Cristal Fox, Ray Wilson, Jude McConnell, Florence Bisig, Julie Bisig, Jeanette/Jenette/Janette Bisig, Paul Kevin Ford, and others cited above --- **mandates reporting of elder abuse under KRS 209.030(2) --- and justifies high punitive dollar awards.** Plaintiffs incorporate by reference in full detail paragraphs 2631A through 2631M regarding legal authority application cited herein. Court employees have fraudulently attempted to deceive Plaintiff through phone and internet phone interstate communications --- audio recorded and transcribed. Plaintiff asserts many documented electronic communications notifying judges and court employees that Plaintiff was being targeted in Washington State. All aforementioned also **constitute RICO Predicate acts under** 18 U.S.C. §1512(c)(1)(2)-(e)-(k)-- §1513--§1343--§1349--§1503--§1961 through 1964(c) and civil rights violations under 42 U.S.C. §1983 and 42 U.S.C. §1985(2)-(3). Plaintiffs incorporate by reference in full detail all aforementioned --- as though fully set forth herein. Plaintiffs also incorporate by reference in full detail PX-42 through PX-49, PX-82 through PX-87, PX-63 through PX-81, PX-108, PX-129, PX-136, PX-158. PX-159, PX-160, PX-48, PX-49, PX-129

through PX-133, PX-136, PX-137 through PX-154, PX-143 --- supports the fraud and destruction of records related to Eric Haner, Susan Gibson, and others. Plaintiffs assert and incorporate by reference in full the following regarding the **broad definition of an associated-in-fact enterprise ---- in support of Plaintiffs' Actionable under---RICO predicate acts herein: Odom v. Microsoft Corp., 486 F. 3d 541 - Court of Appeals, 9th Circuit 2007 and United States v. Turkette, 452 US 576 - Supreme Court 1981 in Section XX.**

1554. The **foregoing constitutes Plaintiffs' short and plain statement of this claim for relief** in compliance with Fed. R. Civ. P. 8(a)(2).

1555. Additionally, The Defendant's **legally binding and conclusive, judicially admitted participation in forged legal documents/instruments** has resulted in **continuous**, unlawful **tortious interference** with Trustee Edward Colgate's administration of **The Colgate Family Living Trust dated January 29, 2020,** with **each day since March 1, 2020**, constituting a **new act of fraudulent obstruction** and fiduciary harm/injury. This Claim for Relief is pled under a continuing tort doctrine, as Defendant's obstruction of Trustee Edward Colgate's fiduciary duties and Trustee recovery rights under the Trust constitutes an ongoing violation, with each day **renewing** the harm/injury and **tolling** all applicable statutes of limitation. Additionally, **each day that Defendant refuses and fails to report her own elder abuse and tortious fiduciary interference under KRS 209.030 constitutes a new statutory violation**, which further **renews** and **tolls** all relevant statutes of limitation under Kentucky and federal law.

1556. Each day that Judge Morris's and other judges' **fraudulent felony accusations remain embedded in void ab initio orders** constitutes a continuing denial of all Kentucky court access and systemic obstruction of justice in violation of 42 U.S.C. §§ 1983 and 1985(2)-(3), and the First, Seventh, and Fourteenth Amendments. Their collective refusal to report their own and each

other's illegal or fraudulent actions under **KRS 26A.080 and KRS 209.030** perpetuates retaliatory elder abuse under **KRS 209.050, renewing** the constitutional and statutory harm/injury daily and **tolling all applicable statutes of limitation** under the continuing tort doctrine. **Facially, the intent** of said citations in an order was/is to retaliate and to deny access.

1557. **No state or federal court in the United States has ever attempted to bar, obstruct, or deny a civil plaintiff from all court access across an entire state by fraudulently accusing them of felonies.** The absurdity and illegality of such an act is so blatant that it has never been attempted by any judge in any jurisdiction. Adding to the absurdity and illegality is the fact that the Defendant had not been legally served yet. Jefferson Circuit Court is the first to attempt this type of illegal act or fraud, which is retaliatory under KRS 209.050, KRS 209.030, KRS 209.990, KRS 26A.015(2), and is an attempt to intimidate and tamper with a witness, which is also a violation of 42 U.S.C. §§ 1983 and 1985(2)-(3). **Facially, the intent** of said citations in an order was/is to retaliate and to deny all court access.

1558. **Go to paragraph 1574.**

**Additional PLAUSIBILITY: Plaintiffs assert all of the following:**

1574. **RAP 3(C), CR 77.04(4), RAP 28(B)(1)(2), RAP 38(C)** = Denial of Service; Denial of Appeal; Denial of Oral arguments; Denial of Sealed record access. The aforementioned are **Void-as-applied** under the **Supremacy Clause (Art. VI, cl. 2)**.

1575. Plaintiffs assert that **CR 77.04(4) and RAP 3 (C) destroy and deny Plaintiffs' Appellate Rights** since **time is intentionally, deceptively, and/or fraudulently allowed to run out by the Jefferson Circuit court, judges, and opposing counsel, not requiring service of notice of entry of any judgment or order** to the plaintiffs. Pro Se Plaintiffs are denied any and all electronic access to any and all filings by this court. Based on **CR 77.04(4) and RAP 3 (C),**

opposing counsel/defendant can file a motion to dismiss, **not serving** the Plaintiffs, and intentionally, deceptively, and/or fraudulently run out the time for Plaintiffs to respond. Plaintiffs also assert that intentional, deceptive, and/or fraudulent violations of **CR 77.04(3), CR 5.01, CR 5.02(1)(2),** by the Courts/judges and defendants/opposing counsel, fraudulently, deceptively, and intentionally obstructing and preventing the plaintiffs from Appealing, because plaintiffs are prevented from following mandatory procedures **RAP 2 (B) (2)(a) and RAP 32 (E)(1)(a)** and **RAP 3 (A)(1) and RAP 30 (C)(1)(a),** since plaintiffs were denied legal service of an **order to attach for appeals and were denied legal service of a motion to dismiss in** case numbers 25-CI-001567, 25-CI-002006, and 25-CI-002150.

1576. In addition, plaintiffs **cannot file a notice of appeal within 30 days, cannot file an initial brief within 60 days, cannot** place the opinion or **order** under review immediately after the appendix, since a **copy** of the **order** was **never served to plaintiffs, denying plaintiffs access to the courts.** Furthermore, **copies** of the findings of fact, conclusions of law, any written opinions filed by the trial court in support of the judgment, and the opinion or opinions of the court from which the appeal is taken, **cannot be included in the appendix,** since **judge Wilcox's and other judges' (none of these judges had jurisdiction based on Sections XXXVI and XXVI and the Second and Third FRE 201 Notices) copies** of the **findings of fact, conclusions of law,** any **written opinions filed by the trial court in support of the judgment, and the opinion or opinions of the court from which the appeal is taken,** do **NOT exist.** A jury trial had been demanded.

1577. **RAP 28 (B)(1)(2) provides unequal access to the courts. (1) Counsel for parties to the appeal or original action may access the record, including items sealed by order of**

**court. (2)** A **party proceeding without counsel** may **not access** matters **sealed by order of court.**

1578. **RAP 38 (C) Non-Attorneys.** A person who is **not** an attorney will be permitted to make an **oral argument, only with special leave of the court.** Under the **First and Fourteenth Amendments, plaintiffs assert their federal right to present oral arguments in their own appeal as a matter of constitutional necessity, and claim the same attorney rights.**

1579. **RAP 38(C)'s requirement** that pro se litigants seek 'special leave'—when **attorneys** are **allowed to argue by default—violates** plaintiffs right to **equal access to the courts,** and **violates** plaintiffs right to **petition the courts, and to be heard.**

1580. **Denial of Appellate Rights Due to NO Reasons Given for dismissal by a judge (Wilcox)-without jurisdiction(see below) --- and by a judge(Wilcox)--who had destroyed or who had effectively destroyed hundreds of pages of Plaintiffs' Motions**---In case number 25-CI-001567 under Judge Wilcox, who had **no jurisdiction** --- based on Plaintiffs' incorporation by reference in full detail **Section XXXVI, Section XXVI, and Plaintiffs' Second and Third FRE 201 Notices** --- another distinct elder abuse case with Doris as the victim, not naming Wilson in that case since consolidation would prejudice Plaintiffs and because there were distinct facts, distinct applications of law, and distinct timelines: Despite more than **1,500 pages** (some exhibits overlap in this total) **of legally binding and conclusive judicial admissions of liability by Defendant Wilson --- and 4 other** individual and distinct defendants in cases 25-CI-001371, 25-CI-001568, 25-CI-001795, 25-CI-001796, 25-CI-001121 **--- which are all contrary to --- the fraud on the court in case 25-CI-001567** by **Wilcox, without jurisdiction,** while waiting on Chief Justice reassignment --- attempted to fraudulently dismiss the elder abuse complaint **with prejudice**, while **crossing out boilerplate language** such as "abusive," "frivolous," and

"attorney's fees." This act affirms that the claims are **substantive**, yet **the court provided no findings of fact, no conclusions of law, and no legal reasoning** when there were more than 300 pages of statements of material fact in genuine dispute in case 25-CI-001567. -------In addition, **No order** was legally served by the Court to attach, which is mandatory for Appeals Court. There is **no** legal notice of entry.

1581. The dismissal order **denies** appellate review under **RAP 32 (E)(1)(a)**, since the plaintiffs cannot include the following, when the judge refuses to provide the following:

1582. **(a)** "appendix shall contain **copies** of the **findings of fact, conclusions of law**, and judgment of the trial court, any **written opinions filed by the trial court in support of the judgment, and the opinion or opinions of the court from which the appeal is taken."** When the aforementioned is **not given by the judge, it is, in effect, not final and appealable.**

1583. Here, the trial court issued **no written opinion**, **no findings of fact**, and **no legal basis for dismissal**, depriving the plaintiff of any ability to **construct an appellate argument or identify what was reviewed or rejected** by the trial court. **(Zero judges had jurisdiction based on Sections XXXVI and XXVI and the Second and Third FRE 201 Notices)** This constitutes a **constructive denial/deprivation/obstruction of appellate rights**, in **violation of: the procedural due process protections** guaranteed under the **First** and **Fourteenth Amendments** and under **42 U.S.C. § 1983, and § 1985(2)-(3).**

1584. Access to appellate review is a component of due process, requiring notice and the right to be heard. Refer to the procedural due process protections guaranteed under the **First, Seventh, and Fourteenth Amendments** and under **42 U.S.C. § 1983, and § 1985(2)-(3).**

1585. In effect, Plaintiffs were denied any right to challenge the judgment on appeal, as **there is nothing to appeal from** except a raw disposition **devoid of judicial analysis** and **devoid of**

**legal foundation.** In addition, plaintiffs were **never served an order by the court to attach to the appeal. No attached order voids the appeal.**

**Detailed Word for Word Unconstitutional Kentucky Laws:**

1586. **RAP 3 (C): Failure to Serve or Receive Notice of Judgment.**--Failure of the trial court to require service of notice of entry of any judgment or order under this rule, failure of the clerk to serve such notice, or failure of a party to receive notice shall not affect the validity of the judgment or order, and **does not affect the time to appeal or relieve or authorize the court to relieve a party for failure to appeal within the time allowed. (If not served the Order, plaintiffs cannot appeal.)**

1587. **RAP 2 (B) (2)(a)** The **notice of appeal** should also: **(a) attach a copy** of the judgment or **order appealed from** to the notice of appeal; **(Cannot do so when not legally served.)**

1588. **RAP 3 (A)(1):** Time for Filing Notice of Appeal. **(1) 30 days to appeal. (Cannot do so when not legally served.)**

1589. **CR 77.04 (4)** Failure of the trial court to require service of notice of entry of any judgment or order under this rule or the failure of the clerk to serve such notice, or the failure of a party to receive notice, shall not affect the validity of the judgment or order, and **does not affect the time to appeal or relieve or authorize the court to relieve a party for failure to appeal within the time allowed. (This is the Jefferson Circuit Court's Unconstitutional equivalent to RAP 3 (C) of the Kentucky Court of Appeals.**

1590. **RAP 32 (E)(1)(a)** Documents required in appendix to appellant's initial brief. The appellant shall place the judgment, opinion, or **order** under review immediately after the appendix list so that it is most readily available to the court. The appendix shall contain **copies** of the **findings of fact, conclusions of law,** and judgment of the trial court, any **written opinions**

**filed by the trial court in support of the judgment, and the opinion or opinions of the court from which the appeal is taken. (Cannot do so when not served.)**

1591. **RAP 28 (B)(1): Counsel** for parties to the appeal or original action **may access** the record, **including items sealed by order of court.**

1592. **RAP 28 (B)(2):** A **party proceeding without counsel** may **not access** matters **sealed by order of court, as opposing counsel can. (Unequal access to the courts)**

1593. **RAP 30 (C)(1)(a)**: An appellant shall file an initial brief with the clerk of the appellate court no later than 60 days. **(Plaintiffs cannot do so when not served the Order.)** In addition, Plaintiffs assert the following: **all Orders are Void ab initio or void** based on **admitted--consistent and continuous--violations of CR 5.03--by numerous Court Clerk employees. Proof of the time and manner of such legal service is never done** and does **not exist.** The following is **verbatim:** CR 5.03 Service; proof of: Whenever any pleading or other paper is served under Rules 5.01 and 5.02, proof of the time and manner of such service shall be filed before action is to be taken thereon by the court or the parties. In addition to the **100% Certainty for most of all illegal, fraudulent and conspiratorial acts cited herein--based on official records,** the **Bayesian** % probability analysis of **conspiratorial intention** for any illegal, fraudulent, and conspiratorial act cited herein --- that may not be considered 100% **---is--- 99.9999999999999999999999999999999999999999999999999999999999999 999999999999999999999999999999999999999999999999999999999+% --- which is 99.999.....decimal point followed by more than 200 additional nines ---** for the probability and certainty of the **intentionality** of illegal, fraudulent, and conspiratorial acts cited herein. Plaintiffs incorporate by reference in full detail **Section XIX.**

**Legally, the time-lapse has never started for the Plaintiffs to respond in any of the Plaintiffs' 11 cases.** Plaintiffs incorporate by reference in **full detail Sections XVIII, XIX, XXXVI, XXVI, XXX, and the Second, Third, and Fourth FRE 201 Notices** --- which **facially fully support** the **time lapses never starting** --- and which **facially fully support** the fact that **no legal case number assignments** and **no legal judge assignments have occurred yet. Verbatim** from state complaint **25-CI-001371, page 109—"all timelines to be adhered** by the Plaintiffs, regarding any and all responses or filings with the court by the Defendant or their representative, **will start when** Plaintiffs receive legal documents **by certified mail."** Plaintiffs have **never** been legally **served any orders via any physical mail.** Furthermore, **orders are illegally entered by the judge's secretary. Thereby, all orders entered in Jefferson Circuit Court are void/void ab initio based on violations of CR 77.04(2) since it is illegal for the judge's secretary to enter the orders.**

**CLAIM FOR RELIEF LXVII**--(Also a Count and Cause of Action) --- **Defendant Susan Wilson's Sustained and Compounded Obstruction of Plaintiffs' Recovery — Through Defendant's Complicity and Conspiracy With One or More Judges** (without jurisdiction) — **the Elected Jefferson Circuit Court Clerk — Jefferson Circuit Court Clerk's Office Employees — Administrative Office of the Courts Employees — Court Administrators — Staff Attorneys — Acting Under Color of State Law --- and Through Defendant's Complicity and Conspiracy With Private Citizens and Entities — Individually or in Any Combination — Depriving Plaintiffs of Constitutional Rights and Equal Protection — Actionable Under 42 U.S.C. §1983 and 42 U.S.C. §1985 and RICO Predicate Acts — Causing and Continuing to Cause Unjust Enrichment for Defendant Susan Wilson --- Based on --- Damages Caused by Defendant's Direct Actions and Complicity and**

**Conspiracy in the Destruction and/or Effective Destruction and Obstruction of Pro Se Plaintiffs' Records --- Denial/ Deprivation/ Obstruction of Pro Se Plaintiffs' Equal Preservation of Records --- Denial/ Deprivation/ Obstruction of Pro Se Plaintiffs' Equal Records Access---by Judges, the Court Administrators, and the Court Clerk—and Its Employees, ---Denying, Depriving, and Obstructing All Appellate Rights, Obstructing All Court Access in all Kentucky Courts, Obstructing all Due Process, and Obstructing Civil Rights through Systemic Judicial and Court Obstruction, Obstructing Justice, Voiding/Voiding Ab Initio any and all orders in all Plaintiffs' 11 cases, Enabling/ Causing Defendant's and Others' Unjust Enrichment; Connected with Obstruction of Plaintiff's Fiduciary Duties, Rights, and Recovery; Deprivation and Obstruction of Civil Rights under 42 U.S.C. § 1983, 42 U.S.C. § 1985(2)-(3), the First, Seventh, and Fourteenth Amendments, and the Supremacy Clause, Art. VI, Cl. 2;** Supported by Rankin v. Howard, 633 F. 2d 844 (9th Circuit 1980) and US v. Dugan; Actionable under all aforementioned legal authority and under KRS 30A.080(1)-(3), KRS 61.870---61.884, CR 77.04(1)-(2)-(3), CR 5.02(1)-(2), CR 5.01, CR 5.03, KRS 209.030(2), KRS 502.020, SCR 1.040(3)(c)-(4)(a), KRS 209.050, KRS 209.020, KRS 209.990, KRS 522.020, KRS 26A.080, KRS 26A.020, KRS 26A.015(2)(a)-(e)-(3)(a), **KRS 446.070**, KRS 386B.8-010, KRS 386B.1- 010(1), KRS 386B.8-180(1)(a), KRS 386B.4-100, FRCP 17(a)(1)(E), KRS 457.350(1)-(2), 28 U.S.C. § 1367(a); and **under all claims for relief herein this complaint**; And under **Legally Binding and Conclusive** Judicial Admissions of Liability and Damages pursuant to CR 8.04, 28 U.S.C. § 1367(a); (Conspiracy and Complicity with Full Liability); All aforementioned violations Causing Harm/Injury/unjust enrichment.

1594. Plaintiffs reassert and incorporate by reference in full detail all of Section XII: Master Comprehensive Incorporation of Exhibits, Evidentiary Foundation, Jurisdictional Foundation,

Record of Judicial Misconduct, Systemic Civil Rights Obstruction, Denial of All Access to All Kentucky Courts, Constitutional and Federal Enforcement Framework, the Supremacy Clause (Art. VI, Cl. 2), and all preceding paragraphs as though fully restated and fully set forth herein this claim for relief/relief entitled to-sought-demanded. Plaintiffs further assert all of the following:

**Plaintiffs hereby assert the following "Short and Plain Statement" (Fed. R. Civ. P. 8(a)(2)):**

1595. Plaintiffs reassert and incorporate by reference in full detail all prior paragraphs, including all facts, all statutory violations, and all legally binding and conclusive judicial admissions of liability and damages in Kentucky State case 25-CI-001371 against Susan Wilson. See PX-51, PX-55, PX-56. **Plaintiffs assert 100% Probability of 11 Fraudulent Judge Assignments in Jefferson Circuit Court--Kentucky. Plaintiffs incorporate by reference in full detail PX-63 Through PX-87 and Section XXVIII.**

1596. Plaintiffs reassert and incorporate by reference in full detail all legally binding and conclusive judicial admissions of liability and damages in cases 25-CI-001371, 25-CI-001568, 25-CI-001795, 25-CI-001796, 25-CI-001121, with cases 25-CI-001568, 25-CI-001795, 25-CI-001796, 25-CI-001121 **facially fully supporting case 25-CI-001371 (Refer to PX-51 through PX-62 and PX-96, PX-95)**, as though fully restated and fully set forth herein this claim for relief/relief entitled to-sought-demanded.

1597. **Legal Integration: Supplemental jurisdiction** is applied to the following under 28 U.S.C. § 1367(a) for **Claim for Relief LXVII that independently states a federal claim for relief** under --- Defendant Susan Wilson's Sustained and Compounded Obstruction of Plaintiffs' Recovery — Through Defendant's Complicity and Conspiracy With One or More Judges (without jurisdiction) — the Elected Jefferson Circuit Court Clerk — Jefferson Circuit Court

Clerk's Office Employees — Administrative Office of the Courts Employees --- Court Administrators — Staff Attorneys — Acting Under Color of State Law --- and Through Defendant's Complicity and Conspiracy With Private Citizens and Entities — Individually or in Any Combination — Depriving Plaintiffs of Constitutional Rights and Equal Protection — Actionable Under 42 U.S.C. §1983 and 42 U.S.C. §1985 and RICO predicate acts — Causing and Continuing to Cause Unjust Enrichment for Defendant Susan Wilson --- **Based on Damages Caused by** Defendant's Direct Actions and Complicity and Conspiracy in Destruction and/or Effective Destruction and Obstruction of Pro Se Plaintiffs' Records --- Denial/ Deprivation/ Obstruction of Pro Se Plaintiffs' Equal Preservation of Records---Denial/ Deprivation/ Obstruction of Pro Se Plaintiffs' Equal Records Access---by Judges, the Court Administrators, and the Court Clerk- --and Its Employees, ---Denying, Depriving, and Obstructing All Appellate Rights, Obstructing All Court Access in all Kentucky Courts, Obstructing all Due Process, and Obstructing Civil Rights through Systemic Judicial and Court Obstruction, Obstructing Justice, Voiding/Voiding Ab Initio any and all orders in all Plaintiffs' 11 cases, Enabling/ Causing Defendant's and Others' Unjust Enrichment; Connected with Obstruction of Plaintiff's Fiduciary Duties, Rights, and Recovery; Deprivation and Obstruction of Civil Rights under 42 U.S.C. § 1983, 42 U.S.C. § 1985(2)-(3), the First, Seventh, and Fourteenth Amendments, and the Supremacy Clause, Art. VI, Cl. 2; Supported by Rankin v. Howard, 633 F. 2d 844 (9th Circuit 1980) and US v. Dugan; Actionable under all aforementioned legal authority and under KRS 30A.080(1)-(3), KRS 61.870---61.884, CR 77.04(1)-(2)-(3), CR 5.02(1)-(2), CR 5.01, CR 5.03, KRS 209.030(2), KRS 502.020, SCR 1.040(3)(c)-(4)(a), KRS 209.050, KRS 209.020, KRS 209.990, KRS 522.020, KRS 26A.080, KRS 26A.020, KRS 26A.015(2)(a)-(c)-(3)(a), **KRS 446.070**, KRS 386B.8-010, KRS 386B.1-010(1), KRS 386B.8-180(1)(a), KRS 386B.4-100,

FRCP 17(a)(1)(E), KRS 457.350(1)-(2), 28 U.S.C. § 1367(a); and **under all claims for relief herein this complaint**; And under **Legally Binding and Conclusive** Judicial Admissions of Liability and Damages pursuant to CR 8.04, 28 U.S.C. § 1367(a); (Conspiracy and Complicity with Full Liability); All aforementioned violations Causing Harm/Injury, and incorporates**, in part,** the same set of facts, harms/injuries, and legally binding and conclusive judicial admissions now as a basis for federal relief, including but not limited to punitive damages. Defendant and others continue their elder abuse of Doris Colgate each and every day they refuse/fail to report themselves and others for elder abuse. Plaintiffs incorporate by reference in full detail **Sections XVIII, XIX, XXXVI, XXVI, XXX, XXXII, XXVIII, XXIX, XXXI, XXXV, XXVII, XXXVII, PX-63 through PX-87**, PX-42 through PX-49, PX-108, all 167 Exhibits, and the **First through the Fourteenth FRE 201 Judicial Notices** of judicially **noticed adjudicative facts,** which include approximately **1,044 total adjudicative facts,** including approximately **322 adjudicative facts** supporting **jurisdiction** in the U.S. District Court for the Western District of Washington; **FRE 201 Adjudicative Facts in Judicial NOTICES --- 2 through 8, 10, 12, and 13 --- fully support jurisdiction and venue.** All aforementioned incorporations provide **100% certainty** of fraudulently assigned judges and fraudulently assigned case numbers --- prior to the legal filings by Plaintiffs of all 10 of their year-2025 cases --- with all 10 cases being illegally and fraudulently filed and processed --- by a non-existent/ non-payroll name in year-2025 --- which did **not** generate a legal random judge assignment and which did **not** generate a legal case number assignment --- and thereby provides 100% certainty that Kentucky judges NEVER had jurisdiction and NEVER will have jurisdiction. Plaintiffs assert Rankin v. Howard, 633 F. 2d 844 (9th Circuit 1980) and United States v. Dugan, 2:25-cr-00089 (E.D. Wis. 2025) regarding judges without jurisdiction. Aforementioned Section **XXVIII/**

6[th] **FRE 201 Notice** are specific to the Adjudicative Facts regarding the Destruction of Records. Plaintiffs assert: **All judges herein** have **no jurisdiction.**

1598A. Plaintiffs **assert all** of the following: Plaintiffs have documented **destruction** and concealment **of Plaintiffs' records, documents, and filings** in **multiple similar, yet distinct, elder abuse cases** involving Doris Colgate. These acts---committed by the Jefferson Circuit Court in Kentucky---by court officials, court employees, and judges and aided by systemic denial/obstruction of all legal service to Plaintiffs---have obstructed adjudication of claims that directly implicates Wilson's financial misconduct. The destruction of those related records has **enabled Wilson's unjust enrichment** by attempting to shield Defendant Wilson from liability, obstructing dispositive elder-protective evidence, and attempting to deny recovery in cases where there are a number of overlapping material facts—even though the cases are distinct. In addition, **all electronic communications** from Plaintiff **to Judge Morris and her staff attorney** in case 25-CI-001371 have been **destroyed.**

1598B. Plaintiffs assert that all the following records have **effectively been destroyed**---even if said records hypothetically exist---since Jefferson Circuit Court obstructs/deprives Plaintiffs' of scanning and uploading of all court filings---and because **493 Pages of Plaintiffs' Motions/** Proposed Orders are Pending---with the majority of **Plaintiffs' Motions Pending** for **over one (1) year---Based on the Following:**

1598C. Plaintiffs **assert all** of the following: Approximately **493 Pages in 10 Motions NOT Ruled on in Plaintiffs' cases.** Plaintiffs have been waiting for **over 1 year for 6 of Plaintiffs' Motions to be ruled on---(PX-97, PX-100, PX-106, PX-131, PX-137, PX-144).**

1598D. Plaintiffs have been waiting for **over 10 months (PX-104).** Plaintiffs have been waiting for **over 10 months (PX-104).**

1598E. Plaintiffs have been waiting for **over 6 months (PX-134).**

1598F. Plaintiffs have been waiting for **over 5 months (PX-136).**

1598G. **PX-97: 137 Total Pages of Plaintiffs' Motions not ruled on---from March-April of 2025 in cases 25-CI-001121 and 25-CI-001569.** Plaintiffs have been waiting for **over 1 year.**

1598H. PX-100: **25-CI-001567: 71 Pages of Plaintiffs' Motions** and **4 Pages of Orders---Total of 75 Pages Destroyed and/or Disappeared by Judge Jennifer Wilcox and/or her Staff/Court Staff---signed by Plaintiff on 4-12-2025. Received by the court on 4-18-2025. (338 Pages of factual allegations in dispute.)**

1598I. **PX-100: 75 Total Pages of Plaintiffs' Motions not ruled on---April of 2025 in case 25-CI-001567.** Plaintiffs have been waiting for **over 1 year.**

1598J. **PX-104: 89 Total Pages of Plaintiffs' Motions not ruled on--- signed by Plaintiff on 7-3-2025---for over ten (10) months---25-CI-002006---85 Pages** of Plaintiffs' Motions/ **4 Pages** of Orders. See PX-153 for **Audit Trail.**

1598K. PX-106: Kentucky Case **25-CI-002150: 69 Pages of Plaintiffs' Motions and 5 Pages of Orders---Total of 74 Pages Destroyed and/or Disappeared by Judge Susan Gibson** and her Staff/Court Staff**---signed by Plaintiff on 5-1-2025.**

1598L. **PX-106: 74 Total Pages of Plaintiffs' Motions not ruled on**---signed by Plaintiff on 5-1-2025---in case **25-CI-001567.** Plaintiffs have been waiting for **over 1 year.**

1598M. **PX-132: 12 Total Pages** of Plaintiffs' **Motions**/Order for **Sanctions Against Tracy Davis**—signed **4-6-2026---not** yet ruled on.

1598N. **PX-131: 19 Total Pages** of Plaintiffs' **Motions**/Order for **Sanctions Against Tracy Davis**---signed **5-1-2025---not** yet ruled on. Plaintiffs' Judge **Reassignment Motions**/Order---


Edward Colgate 22023 SE Wax Rd., Box 1452, Maple Valley, WA 98038, King Co.

signed on **5-1-2025**---regarding all judges---in all 10 of Plaintiffs' cases filed in year 2025---to **Chief Justice** Debra Hembree Lambert--- **not** yet ruled on **over 1 year** later.

1598O. **PX-134: 26 Total Pages** of Plaintiffs' **Motions/Order,** including but not limited to Sanctions against Staff Attorney Jennifer Reynolds and Sanctions against Judge **Brian** Edwards---and Formal Notice Regarding Civil Rights Preservation to be Used in the U.S. District Court for the Western District of Washington---signed on **11-3-2025**---in case 25-CI-001121--- **not** yet ruled on **over 6 months** later.

1598P. **PX-136: 25 Total Pages** of Plaintiffs' **17 Motions** in an **18 Page** Motion—**7 Page** Order, including but not limited to Sanctions Against Judge Eric **Haner** and **Sanctions** Against Staff Attorney Patrick McDonald, and Order and Formal Notice---in case 21-CI-001314---and signed on **12-13-2025---not** yet ruled on **over 5 months** later. See PX-152 for Audit Trail.

1598Q. **PX-137: 18 Total Pages---Similar, yet distinct, to PX-131---**of Plaintiffs' Judge **Reassignment Motions**/Order--- signed on **5-1-2025**---regarding all judges---in all 10 of Plaintiffs' cases filed in year 2025---to **Chief Justice** Debra Hembree Lambert.

1598R. **PX-137** is the Plaintiffs' Judge **Reassignment Motions**/Order--- signed on **5-1-2025**---regarding all judges---in all 10 of Plaintiffs' cases filed in year 2025---**directly** to **Chief Justice** Debra Hembree Lambert---and **not** directed to her through Judge Bailey-Smith. Physical Mailing. (See **PX-138 and PX-139** for the Audit Trail since Plaintiffs' Motions/Proposed Orders are denied/deprived of scanning and uploading.) These **Motions** are **not** yet ruled on **over 1 year** later.

1598S. **PX-144: 18 Total Pages**---Chief Judge---Larry Thompson---of the Kentucky Court of Appeals--of Plaintiffs' Emergency Administrative Filing---Emergency Stays, Protection of Constitutional and Statutory Rights, Force Judicial Recusal---writ of mandamus in 10 Cases,

Plus Others---**Motions**/Proposed Order--- signed on **5-1-2025**---regarding all judges---in all 10 of Plaintiffs' cases filed in year 2025. Physical Mailing. These **Motions** are **not** yet ruled on **over 1 year** later.

1599. Jefferson Circuit Court is the only Court in Kentucky **that refuses to scan and upload pro se Plaintiffs' court filings, depriving Plaintiffs of equal protection/ equal preservation of records,** since the Defendant's records are part of the electronic record.—**per** Court Clerk **Supervisor** Samantha Henley. The Court Clerk and the Court Clerk's Office employees are in **violation of KRS 30A.080(1)-(3)**---regarding the **legal maintenance of court records**—and are in **violation of KRS 524.100**--regarding **tampering with physical evidence,** and are in violation of **KRS 522.020**—-regarding **official misconduct in the first degree,** in **complicity and conspiracy with the judges and their staff attorneys, and the court administrators.**

1600. **All Plaintiffs' motions** to Judge Susan Schultz Gibson, to Judge Wilcox, and to Judge Ann Bailey-Smith have been **destroyed in cases 25-CI-001567, 25-CI-002006, and 25-CI-002150. All Plaintiffs' electronic communications** to Judge Gibson and her Staff Attorney, to Judge Wilcox and her Staff Attorney, and to Judge Bailey-Smith and her Staff Attorney have been **destroyed.** Plaintiffs have **documented certified mail and signature** for delivery of the said motions. Plaintiffs electronic filings are legal pursuant to CR 5.02(2), and are added to physical paper filings so that an **audit trail** exists since Plaintiffs' motions are obstructed and **deprived scanning and uploading,** and **deprived of being part of the same electronic record that opposing counsel's records are part thereof. Included in the destroyed motions were motions for sanctions against Judge Gibson.** The judges and their staff attorneys are in **violation of KRS 30A.080(1)-(3)**—regarding the **legal maintenance of court records**—and are in **violation of KRS 524.100**--regarding **tampering with physical evidence,** and are in violation

of **KRS 522.020—**regarding **official misconduct in the first degree,** in complicity and conspiracy with the Court Clerk, the Court Clerk's Office employees, and the Court Administrators.-- **per** Court Clerk **Supervisor** Samantha Henley.

1601. Jefferson Circuit Court is the only Court in Kentucky that states that **pro se Plaintiffs' emails to staff attorneys and judges** are **not part of the public record if the staff attorneys and/or judges do not want pro se Plaintiffs' emails to be part of the public record.** The judges' staff attorneys' emails are listed on the public Jefferson Circuit Court website. The judges, judges' staff attorneys, the Court Clerk, and the Court Clerk's Office are in **violation of KRS 30A.080(1)-(3)**—regarding the **legal maintenance of court records**—and are in **violation of KRS 524.100**--regarding **tampering with physical evidence,** in complicity and conspiracy with the Court Administrators. **Plaintiffs electronic communications to all 13 judges and their staff attorneys have been destroyed,** with the exception of Plaintiffs' first 3 electronic communications to Judge O'Connell. Plaintiffs' electronic communications to Judge O'Connell, after the third communication, **have been destroyed. -- per** Court Clerk **Supervisor** Samantha Henley.

1602. Jefferson Circuit Court is the only Court in Kentucky **that allows judges to hold onto records as long as they want to do so, even when those records are not in use, more than 8 months at a time in some cases.** The Court Clerk and the Court Clerk's Office employees are in **violation of KRS 30A.080(1)-(3)—**regarding the **legal maintenance of court records**—and are in **violation of KRS 524.100**--regarding **tampering with physical evidence,** and are in violation of **KRS 522.020**—regarding **official misconduct in the first degree,** in complicity and conspiracy with the judges, judges' staff attorneys, and the court administrators.-- **per** Court Clerk **Supervisor** Samantha Henley.

1603. When case file folders are removed from the Court Clerk's Office where those records are stored near the file clerk desk, **the out-card procedure is not enforced--where the name of the person taking the case file folder is supposed to be noted** along **with the date** or date and time when taken. This is in violation of **KRS 30A.080(1)-(3)**—regarding the **legal maintenance of court records**—and are in **violation of KRS 524.100**--regarding **tampering with physical evidence,** and are in violation of **KRS 522.020**—regarding **official misconduct in the first degree,** in complicity and conspiracy with the judges, judges' staff attorneys, and the court administrators. Per Cecil and Gary of the file desk. They are public employees who refuse to provide their last names.

1604. Jefferson Circuit Court is the only court in Kentucky where Orders are **not** legally served to pro se plaintiffs via physical paper mail, and then after **time illegally lapses to appeal, pro se plaintiffs have to pay for Orders that are part of their own case, even though, by law, Plaintiffs should have received those orders without having to pay for said orders.**—Per Supervisor Samantha Henley.

1605. Jefferson Circuit Court is the only court in Kentucky that allows judges to illegally, intentionally, and fraudulently cite in the "**Notice of Entry" of an Order**—**to pro se Plaintiffs--"Electronically"**---even though that **prevents and denies all legal service of all orders to pro se plaintiffs**---because **pro se** plaintiffs have **NO electronic access. All judges know this. All judges also know that it is mandatory that pro se plaintiffs be legally served through physical paper mail. Plaintiffs have also notified the judges and reinforced the demands for physical mail service of orders.** Ky. Civil Rule 5.02(2) states a party may elect to effectuate and receive service via electronic means by filing a notice of such **election with the clerk** and serving a copy of such election by personal delivery or by mail. Plaintiffs **never elected** said

service since doing so would eliminate all service of all orders to Plaintiffs. Regarding **Plaintiffs' records,** the **judges are in violation of KRS 30A.080(1)-(3)**—regarding the **legal maintenance of court records**—and are in **violation of KRS 524.100**--regarding **tampering with physical evidence,** and are in violation of **KRS 522.020**—regarding **official misconduct in the first degree,** in complicity and conspiracy with the judges' staff attorneys, the court administrators, and the Court Clerk's Office. –Per **Supervisor** Samantha Henley.

1606. **The DAMAGES Demand: Plaintiffs incorporate by reference in full detail all additional Plausibility and Fraud Particularity after the following Damages Demand.** Plaintiffs accordingly respectfully demand the following: Entry of judgment as to liability and a corresponding award of all of the following for this claim for relief: **Based on the fraudulent obstruction and deprivation of all Plaintiffs' recovery, Damages Awards are as Follows:** Combined for Edward Colgate and Doris Colgate: **$540,185.41** Awarded for Special damages--legally binding and conclusive--admitted as a sum-certain under substantive CR 8.04; **$1,620,556.23** Awarded for Treble damages; **$4,861,668.69** Awarded for Punitive damages no less than 9 times damages --- and up to 40 times damages. Doris Colgate: **$2,975,000.00 ---** Claims for Relief LXXXIX and VI and XXXVII; **$8,925,000.00** Awarded for Treble damages; **$26,775,000.00** Awarded for Punitive damages no less than 9 times damages---and up to 40 times damages; **$750,000.00** Awarded for Claims for Relief V and XXXVI; **$2,250,000.00** Awarded for Treble damages; **$6,750,000.00** Awarded for Punitive damages no less than 9 times damages --- and up to 40 times damages; **$79,000.00** Awarded for Claim for Relief C --- 100; **$237,000.00** Awarded for Treble damages; **$711,000.00** Awarded for Punitive damages no less than 9 times damages --- and up to 40 times damages; **$49,665.00** Awarded for Claims for Relief CI-- 100--promissory notes/loans; **$148,995.00** Awarded for Treble damages; **$446,985**

Awarded for Punitive damages no less than 9 times damages --- and up to 40 times damages; Doris Colgate continued: Range from **$500,000.00 To $1,500,000.00** Awarded --- Claims for Relief XCVI --- IIED; Doris Colgate Range from **$1,500,000.00 To $4,500,000.00** Awarded for Treble damages; Doris Colgate Range from **$4,500,000.00 To $13,500,000.00** Awarded for Punitive damages no less than 9 times damages --- and up to 40 times damages; Edward Colgate Range from **$250,000.00 To $750,000.00** Awarded for --- Claims for Relief XCVI --- IIED and fraudulent Deprivation of familial relationship; Edward Colgate Range from **$750,000.00 To $2,250,000.00** Awarded for Treble damages; Edward Colgate Range from **$2,250,000.00 To $6,750,000.00** Awarded for Punitive damages no less than 9 times damages --- and up to 40 times damages; Edward Colgate Range from **$500,000.00 To $2,000,000.00** Awarded for --- Claims for Relief XCVII---IIED---Wrongful Death; Edward Colgate Range from **$1,500,000.00 To $6,000,000.00** Awarded for Treble damages; Edward Colgate Range from **$4,500,000.00 To $18,000,000.00** Awarded for Punitive damages no less than 9 times damages --- and up to 40 times damages; Edward Colgate Range from **$500,000.00 To $3,000,000.00** Awarded for --- Irreversible Deprivation of Familial Relationship; Edward Colgate Range from **$1,500,000.00 To $9,000,000.00** Awarded for Treble damages; Edward Colgate Range from **$4,500,000.00 To $27,000,000.00** Awarded for Punitive damages no less than 9 times damages --- and up to 40 times damages; Edward Colgate's **Compounded IIED** damages awards **--- Irreversible Deprivation Compound;** Edward Colgate **Range** from no less than **$250,000 times 2 and times 4** and **up to $750,000 times 2 and times 4** Awarded for **--- Compounded IIED** damages awarded to Edward Colgate if Doris Colgate's death; Edward Colgate Range from **$500,000.00 To $1,000,000.00** --- and **up to $1,500,000.00 To $3,000,000.00** Awarded for --- Compounded IIED damages awards to Edward Colgate if Doris Colgate's death; Edward

Colgate Range from **$4,500,000.00 To $9,000,000.00** Awarded for Trebled damages; Edward Colgate Range from **$13,500,000.00 To $27,000,000.00** Awarded for Punitive damages no less than 9 times damages --- and up to 40 times damages. Edward Colgate: **$50,138.68** Awarded for Special Damages--legally binding and conclusive--admitted as a sum-certain---under substantive CR 8.04; Edward Colgate: **$150,416.04** Awarded for Treble damages; Edward Colgate: **$451,248.12** Awarded for Punitive damages no less than 9 times damages --- and up to 40 times damages; Edward Colgate: **$48,600.00** Awarded for Time and Energy damages admitted under legally binding substantive CR 8.04; Edward Colgate: **$145,800.00** Awarded for Treble damages; Edward Colgate: **$437,400.00** Awarded for Punitive damages no less than 9 times damages --- and up to 40 times damages; Edward Colgate: **$4,091.08** Awarded for Fraudulent Fees Paid Based on Alias Name---Fraud; Edward Colgate: **$12,273.24** Awarded for Treble damages; Edward Colgate: **$36,819.72** Awarded for Punitive damages no less than 9 times damages --- and up to 40 times damages; Edward Colgate: **$28,000.00** Awarded for Claims for Relief LXI and XXXI; Edward Colgate: **$84,000.00** Awarded for Treble damages; Edward Colgate: **$252,000.00** Awarded for Punitive damages no less than 9 times damages --- and up to 40 times damages; Edward Colgate: **2,544 hours multiplied by $150 per hour — $381,600** --- **trebled to** --- **$1,144,800** --- **punitive** damages of **$3,434,400** --- no less than 9 times damages --- and up to 40 times damages; Edward Colgate: **$381,600.00** Awarded for Federal Time and Energy and Work and Effort Damages; **$1,144,800.00** Awarded for Federal Treble damages; **$3,434,400.00** Awarded for Federal Punitive damages no less than 9 times damages --- and up to 40 times damages. Plaintiffs accordingly respectfully demand immediate entry of judgment as to liability and a corresponding award of $540,185.41 in Special Damages — established as a legally binding and conclusive sum-certain from Wilson's own substantive CR

8.04 admissions in KY case 25-CI-001371 (PX-51) --- and independently confirmed from four additional defendants' CR 8.04 admissions across four separate Kentucky cases --- which is separate from --- and in addition to all of the following respectfully demanded: Other compensatory damages for continuing losses caused by Defendant's ongoing fraudulent obstruction of recovery — fraudulent concealment — and unjust enrichment — also judicially admitted under CR 8.04. Dividends and interest defrauded from Doris in all five financial instruments --- and Interest to Edward — admitted by Wilson and four additional defendants through CR 8.04 admissions. Plaintiffs also demand declaratory and injunctive relief to prevent the continuing abuses. Plaintiffs demand general damages and punitive damages. Furthermore, Plaintiffs accordingly respectfully demand entry of judgment as to liability and a **corresponding award of all total amounts cited in Claims for Relief XXXII through CII (32 through 102) based on citations of 42 U.S.C. § 1983, 42 U.S.C. § 1985(2), 42 U.S.C. § 1985(3) in Claims for Relief XXXII through CII (32 through 102).** Plaintiffs assert: The **Defendant's complicity in and conspiracy in elder abuse** (both **financial and physical harm and injury) of Doris Colgate---by Susan Wilson,** Lori Fox, Michelle Burkhead, Cristal Fox, Ray Wilson, Jude McConnell, Florence Bisig, Julie Bisig, Jeanette/Jenette/Janette Bisig, Paul Kevin Ford, and others cited above --- **mandates reporting of elder abuse under KRS 209.030(2) --- and justifies high punitive dollar awards.** Plaintiffs incorporate by reference in full detail paragraphs 2631A through 2631M regarding legal authority application cited herein. Court employees have fraudulently attempted to deceive Plaintiff through phone and internet phone interstate communications --- audio recorded and transcribed. Plaintiff asserts many documented electronic communications notifying judges and court employees that Plaintiff was being targeted in Washington State. All aforementioned also **constitute RICO Predicate acts under**

18 U.S.C. §1512(c)(1)(2)-(e)-(k)-- §1513--§1343-- §1349--§1503--§1961 through 1964(c) and civil rights violations under 42 U.S.C. §1983 and 42 U.S.C. §1985(2)-(3). Plaintiffs incorporate by reference in full detail all aforementioned — as though fully set forth herein. Plaintiffs also incorporate by reference in full detail PX-42 through PX-49, PX-82 through PX-87, PX-63 through PX-81, PX-108, PX-129, PX-136, PX-158. PX-159, PX-160, PX-48, PX-49, PX-129 through PX-133, PX-136, PX-137 through PX-154, PX-143 --- supports the fraud and destruction of records related to Eric Haner, Susan Gibson, and others. Plaintiffs assert and incorporate by reference in full the following regarding the **broad definition of an associated-in-fact enterprise --- in support of Plaintiffs' Actionable under---RICO predicate acts herein: Odom v. Microsoft Corp., 486 F. 3d 541 - Court of Appeals, 9th Circuit 2007 and United States v. Turkette, 452 US 576 - Supreme Court 1981 in Section XX.**

1607A. The **foregoing paragraphs constitute Plaintiffs' short and plain statement of this claim for relief** in compliance with Fed. R. Civ. P. 8(a)(2).

1607B. Defendant Susan Wilson was and is complicit in a scheme and conspired in a scheme with Judge Patricia Morris, whereby Judge Morris weaponized a **knowingly false and fraudulent felony accusation** of "unauthorized practice of law" against pro se Plaintiffs—who were acting lawfully under KRS 209.030(2) and as a fiduciary under valid Trust and POA instruments—in order to deny Plaintiffs all access to all Kentucky courts and to **obstruct elder abuse recovery. Patricia Morris's fraudulent felony accusation is also proven by Defendant Susan Wilson's legally binding and conclusive judicial admissions of Plaintiffs' legal standing, Defendant's liability, and Defendant's damages.** See **PX-12, PX-51, PX-55, PX-56. Facially, the intent** of said accusations in an order was/is to retaliate and to deny all court access.

1608. This denial was executed **without jurisdiction**, violated Plaintiffs' constitutional rights and statutory rights, and directly benefited Defendant, who remained **unjustly enriched** as a result. The fraudulent accusation by Judge Morris occurred **19 days prior** to Defendant Wilson being legally served by the Jefferson County Sheriff. When filing the Complaint, Plaintiffs paid the mandatory $60 fee directly to the Jefferson Circuit Court Clerk to have legal service by the Sheriff executed immediately.

1609. The timing and coordination of this judicial obstruction before lawful service—despite the court's active role in facilitating Wilson's service—demonstrates an **ultra vires abuse** of office by Morris to shield Wilson from litigation and to obstruct and block all statutory recovery.

1610. Direct communication between Wilson and Morris does **not** need to be proven to establish complicity under KRS 502.020 and conspiracy under 42 U.S.C. § 1985(2)-(3) . The judicial act of denying Plaintiffs all court access functioned as **an overt act in furtherance of a shared unlawful objective** to obstruct justice and to illegally protect Wilson from liability, in violation of 42 U.S.C. §§ 1983, 1985(2)-(3) and in Violation of the First, Seventh, and Fourteenth Amendments, and the Supremacy Clause, Art. VI, Cl. 2.

1611. Plaintiffs incorporate by reference in full detail Defendant's legally binding and conclusive judicial admissions of liability in Kentucky Case No. 25-CI-001371 pursuant to CR 8.04 and 28 U.S.C. § 1367(a).

1612A. Susan Wilson was and is **complicit** with and **conspired** with judge Morris or Patricia Morris, who was and is **acting in the absence of jurisdiction.** See **Rankin v. Howard, 633 F. 2d 844 (9th Circuit 1980);** Also refer to **all details in SECTION XII for evidence against Morris, and also for evidence of systemic corruption.**

1612B. In addition-- **Plaintiffs also assert Systemic Obstruction of Plaintiffs' Court Filings and Obstruction of Plaintiffs' Court Access Via Kevin Smalley's (Chief Deputy General Counsel of the Court Clerk's Office)—Via Kevin Smalley's Tampering with Physical Evidence in Violation of KRS 524.100, KRS 522.020, KRS 209.030(2), KRS 209.990(1), KRS 209.990(2) through (7), KRS 209.050, KRS 30A.080(1)(3), actionable under KRS 446.070 and 28 U.S.C. § 1367(a).**

1612C. In Kentucky case numbered **25-CI-002150, on 10-13-2025, Kevin Smalley specifically directed and instructed Samantha Henley to enter into the case history docket log-- "tendered document came to hand 10-13-25, and APS (Plaintiffs) post marked July 2025," for Plaintiffs' Motions that had come to hand months earlier.** Plaintiffs had **one of the court clerks confirm** that it **came to hand** when **Plaintiff called in to confirm receipt in July 2025.**

1612D. In violation of **KRS 30A.080(1)-(3),** Plaintiffs **confirmed that the entire case file folders for case 25-CI-002150 and 25- CI-002006 were illegally taken** for approximately **8 months without an Out-Card, based on file clerk confirmation.** It is easy for court employees to destroy Plaintiffs' Motions and case records when pro se **Plaintiffs' records are obstructed and deprived being part of the real records in the observable electronic system. Pro se Plaintiffs are obstructed and deprived observing records in all 11 their own cases.**

1612E. Plaintiffs sent Motions/ Response via USPS certified mail, with signature. The docket cited only "documents" when it should have cited **"Motion for Sanctions against Judge Gibson," concealing and hiding the true nature of the Motion documents.** Plaintiff also sent electronically through Judge Gibson's staff attorney, to be immediately sent to Judge Gibson, for an **audit** trail and backup since all Plaintiffs' filings are refused/denied/obstructed/**deprived scanning and uploading.** Plaintiffs continue to wait for Judge Gibson or her replacement judge

to rule on sanctions against Judge Gibson since Plaintiffs' Motions were submitted to Chief Justice Lambert.

1612F. Plaintiffs were **never legally served any orders in case 25-CI-002150 and in case 25-CI-002006 (both illegally assigned to Judge Gibson) and in case 25-CI-001567 (assigned to Judge Wilcox).** See claim for relief **LXII.** Plaintiffs **confirmed NO proof of time and manner through the Court Clerk Office Supervisor, Samantha Henley, for all Plaintiffs' cases. In violation of CR 5.03, CR 5.02, CR 5.01, CR 77.04(1)-(2)-(3),** any and all **orders** regarding Plaintiffs are **procedurally defective** since Jefferson Circuit Court **"Never has proof of time and manner for orders."** Plaintiff asked a **bench clerk** why there is never proof of time and manner and **she abruptly hung up or clicked off the phone. Supervisor Henley told** Plaintiff that pro se Plaintiffs' complaints are **entered in a different way** compared to when an attorney files a complaint. Pro se Plaintiffs' complaints are done **manually.** Plaintiff was on the phone with the Court Clerk's Office when they were giving Plaintiff the case number since Plaintiff tracked USPS certified with signature mail, and **called in to pay the filing fee** and **get a case number.** An attorney's case automatically and immediately assigns a judge randomly. Plaintiffs can see if a case was filed, period, and is deprived/obstructed of seeing details of any case and **cannot** see if any Plaintiffs' motions were entered and **cannot** see if there are any orders in Plaintiffs' 11 cases. Plaintiffs assert that there was a **one to three day period** before Plaintiffs' complaints were part of the system, allowing much time and much **delay before manual entry to illegally assign pro se plaintiffs' cases**, in violation of SCR 1.040(3)(c)-(4)(a).

1612G. In addition, **Judge Gibson and Kevin Smalley** had been **previously formally noticed to be a named a Defendant in a forthcoming civil rights complaint. Thereby, the aforementioned is retaliation, in violation of KRS 209.050.** Any and all orders by Judge


Edward Colgate 22023 SE Wax Rd., Box 1452, Maple Valley, WA 98038, King Co.

Gibson have been made **after** said **notice,** and **after** Plaintiffs had filed motions with Chief Justice Lambert for judicial reassignment to replace Judge Gibson with a special judge.

1612H. Doris Colgate's claims were **never dismissed** by Judge Gibson in case 25-CI-002150 and in case 25-CI-002006. By law, there can be **no dismissals at this time** regarding Edward Colgate since any final and appealahle must be final and appealable for both Plaintiffs.

1612I. If said Motions have not been destroyed by Judge Gibson and Kevin Smalley, Judge **Gibson must rule on Motions for Sanctions against Judge Gibson in case 25-CI-002150 and in case 25-CI-002006 before** there is **any final** and appealable order.

1612J. **Judge Gibson** has also **cited fraudulent felony accusations against Plaintiffs,** in **violation of KRS 209.050.**

1612K. **Case 21-CI-001314 has disappeared from the Court records even though Judge Tracy Davis** had recently **entered her recusal on 10-24-2025** in case 21-CI-001314, in violation of KRS 524.100—tampering with physical evidence, and in violation of KRS 30A.080(1)-(3).

1612L. Furthermore, **Deputy Court Clerk of Appeals, Evelyn Hopper,** has deprived, blocked, denied, and **obstructed all Appeals access to Plaintiffs.** Thereby, **Appeals are deprived and obstructed in all of Plaintiffs' 11 cases.** See **PX-148 and PX-142.**

1612M. **Supervisor Samantha Henley attempted** to have the following questions answered for Plaintiff. **Kevin Smalley (Chief of Staff and Chief Deputy General Counsel of the Court Clerk's Office) obstructed and refused to answer** the following questions provided by Supervisor Henley on Plaintiff's behalf . Plaintiff also asked **Angela McCoy (Chief Deputy of the Court Clerk's Office)** the following questions, and McCoy's answers were that she **"did not know,"** and **Angela McCoy refused to find out the answers from Kevin Smalley and David Nicholson (Court Clerk) since they will not answer Plaintiffs'** following questions: **1.** Why is

the Jefferson Circuit Court the only Court in Kentucky that states that **pro se Plaintiffs' emails to staff attorneys and judges** are **not part of the public record if the staff attorneys and/or judges do not want those emails to be part of the public record (tampering with physical evidence in violation of KRS 524.100)? 2.** Why does the Jefferson Circuit Court **deprive scan and upload of pro se Plaintiffs' court filings---in violation of KRS 524.100 and KRS 30A.080? 3.** Why is the Jefferson Circuit Court the only Court in Kentucky **that would allow judges to hold onto records as long as they want to do so, even when those records are not in use, more than 8 months at a time in some cases (in violation of KRS 524.100 and KRS 30A.080)? 4.** Why is the Jefferson Circuit Court the only Court in Kentucky **where public court employees refuse to give their last names to a Plaintiff who calls the court? 5.** When case file folders are removed from where they are stored near the file clerk desk, **why is the out-card procedure not enforced--where the name of the person taking the case file folder is supposed to be noted** along **with the date** or date and time **(in violation of KRS 524.100 and KRS 30A.080)? 6.** When Orders are not legally served to pro se plaintiffs via physical paper mail, **why do pro se plaintiffs have to pay for Orders that are part of their own case, since, by law, they should have received those orders without having to pay for those orders (unequal access)?**---Since **no other Court in Kentucky**, other than Jefferson Circuit Court, **charges a fee to pro se plaintiffs for orders in their own case/cases that they were never legally served via physical paper mail (in violation of KRS 524.100 and KRS 30A.080)? 7.** Why is a judge allowed to cite in the **Notice of Entry of an Order---to pro se Plaintiffs--"Electronically"---since that prevents and denies all legal service of all orders to pro se plaintiffs**---because **pro se** plaintiffs have **NO electronic access. All judges know this. All judges also know that it is mandatory that pro se plaintiffs be legally served through**

**physical paper mail. Plaintiffs have also notified the judges and staff attorneys and reinforced the demands for physical mail service of orders several times.** Ky. Civil Rule 5.02(2) states a party may elect to effectuate and receive service via electronic means by filing a notice of such **election with the clerk** and serving a copy of such election by personal delivery or by mail. Plaintiffs **never elected** electronic service as cited in CR 5.02(2)---since doing so would eliminate all legal service of all orders to Plaintiff **(in violation of KRS 524.100, KRS 30A.080, and federal civil rights)**? **8. In violation of and pursuant to CR 5.03, Why is** Jefferson Circuit Court the only court in Kentucky where there is **NOT proof of time and manner** of any and all **judicial orders** or judge's orders **by a certificate or affidavit** that **identifies the name** of the person who is served the order and the **notification address of the person** who is served? 9. David Nicholson, Kevin Smalley, and Angela McCoy are in **continuous violation** of KRS 26A.020(1), which states---"When, from any cause, a judge cannot properly preside in an action pending in the court, the **circuit clerk shall at once certify the facts to the Chief Justice** who shall immediately designate a special judge." ---Since Judge Tracy Davis's loss of jurisdiction and/or recusal in cases 21-CI-001314 and 25-CI-001121, citing KRS 26A.015(e), immediately triggers KRS 26A.020(1).

1612N. Regarding aforementioned 1612M---**By law,** and for Angela McCoy to legally do her job as Chief Deputy Court Clerk, it is mandatory that Angela McCoy is in compliance with the following legal authority---**CR 5.01, CR 5.02, CR 5.03, CR 77.04(1)-(2)-(3), KRS 30A.080, and KRS 26A.020.** Thereby, Plaintiffs assert fraud and deception, and intentional deprivation and obstruction of Plaintiffs' recovery, when Angela McCoy states that she does not know the answers to any of the aforementioned questions. Plaintiffs assert Angela McCoy's intentional violations of all aforementioned legal authority.

1612O. Kevin Smalley communicated to Plaintiff that he would have to travel approximately 4,700 miles round-trip **1-2 times weekly** to the courthouse to view court filings in Plaintiff's own cases in order to be able to file a timely response to any and all **judicial orders intentionally and fraudulently not legally served** to Plaintiffs, and to be able to file a timely response to any Defendants' motions **intentionally and fraudulently not legally served** to Plaintiffs, since Plaintiffs are **illegally deprived of electronically seeing judicial orders** and deprived of electronically seeing **Defendant's motions** when opposing **counsel can see** all of that electronically **with a click on a computer.** Kevin Smalley knows that Plaintiffs are deprived of all Kentucky court access based on judges' fraudulent felony accusations against Plaintiffs. Thereby, Plaintiffs assert deprivation and obstruction of all Kentucky court access.

1612P. Angela McCoy, Kevin Smalley, David Nicholson are depriving and **obstructing recovery of the hundreds of pages** of **Plaintiffs' Motions and Court Filings** that have been **Disappeared.**

1612Q. Supervisor Stephanie Williams claims that case 21-CI-001314 was still active in April of 2026 per Audio Recording in Section XXVII.

1612R. **(with subsections numbered as adjudicative facts)** --- **Plaintiffs incorporate by reference in full detail as though fully set forth herein the following:** Four hundred thirty nine **(439) independent, illegal, intentional, fraudulent, conspiratorial Acts --- Establishing 100% Certainty of Intentional Illegal Acts and Intentional Frauds and Intentional Conspiracy:** Plaintiffs incorporate by reference in full detail **PX-63 through PX-87, PX-108, Sections XXXVI and XXVI, FRE 201 First and Second Notices** --- regarding Kentucky **judges NEVER having jurisdiction.**

**Adjudicative Facts 1 through 12: Illegal and Fraudulent Pre-Service Rulings By a Judge Without Jurisdiction:** In Plaintiffs' **four cases** under Judge Morris, Morris, **without jurisdiction,** issued 4 fraudulent felony accusation orders attacking Plaintiffs up to **19 days before** the Defendant was legally served by the Deputy Sheriff. The aforementioned consists of 12 adjudicative facts of illegal and fraudulent acts: Without jurisdiction **4 times** --- fraudulent felony accusations **4 times** --- prior to legal service with summons commencing the case **4 times.** It is **impossible** for any of the aforementioned illegal and fraudulent acts to be by accident. Therefore, there is 100% certainty that all aforementioned illegal, fraudulent, conspiratorial acts were intentional.

**Adjudicative Facts 13 through 21. Other Judges Fraudulently Weaponized Felony Accusations --- Tracy Davis, Mitch Perry, and Susan Gibson 2 times for a total of 4** illegal, fraudulent, conspiratorial acts. Tracy Davis also did so prior to legal commencement by Deputy Sheriff which is one **(1) additional** illegal, fraudulent, conspiratorial act. All **4 times** were done without jurisdiction, which are 4 additional intentional, illegal, fraudulent, conspiratorial acts. It is **impossible** for any of the aforementioned illegal and fraudulent acts to be by accident. Therefore, there is 100% certainty that all aforementioned illegal, fraudulent, conspiratorial acts were intentional. The fraudulent felony accusations to bar/deprive/obstruct civil plaintiffs from the entire state court system in Kentucky is an **unprecedented** act in any United States jurisdiction.

**Adjudicative Facts 22 through 31. Illegal and Fraudulent Non-Random Judge Assignments in 10 cases:** The intentional, illegal, fraudulent, conspiratorial judge assignments --- regarding the **non-random** judge assignments in violation of mandated SCR 1.040(3)(e)-(4)(a) --- prior to the legal filing of said cases by Plaintiffs. 10 Cases for 10 Adjudicative Facts. It is **impossible**

for any of the aforementioned illegal and fraudulent acts to be by accident. Therefore, there is 100% certainty that all aforementioned illegal, fraudulent, conspiratorial acts were intentional.

**Adjudicative Facts 32 through 41. Illegal and Fraudulent Case Number Assignments in 10 cases:** The intentional, illegal, fraudulent, conspiratorial case number assignments --- prior to the legal filing of said cases by Plaintiffs --- 10 times --- for 10 Adjudicative Facts. It is **impossible** for any of the aforementioned illegal and fraudulent acts to be by accident. Therefore, there is 100% certainty that all aforementioned illegal, fraudulent, conspiratorial acts were intentional.

**Adjudicative Fact 42. Illegal and Fraudulent Ex Parte Intent:** A written email from Staff Attorney Stuart Scherer stating the court was "looking for a way to combine cases" specifically where Plaintiffs **"could not object."**

**Adjudicative Facts 43 through 46. Illegal and Fraudulent Judicial Reassignment:** Conspiring with Judge Davis who attempted fraudulent orders to eliminate Chief Justice Lambert from her reassignment duties under KRS 26A.015(3)(a) and KRS 26A.020, Chief Circuit Court Judge **Bailey-Smith illegally and fraudulently substituted for the Chief Justice** via a fraudulent re-allotment attempt to a colleague --- where re-allotment does not legally exist in KY. --- in Case Nos. 25-CI-001121 and 21-CI-001314. Whenever a judge loses jurisdiction or recuses under KRS 26A.015(e), Chief Justice reassignment is mandatory under KRS 26A.020. This was an **illegal and fraudulent attempt** by Judge Tracy Davis and Judge Bailey-Smith and the Court Administrator **to re-write said statutes.** Refer to **PX-42 through PX-49.** (Two (2) judges attempting 2 fraudulent acts for a total of **4 fraudulent acts.**)

**Adjudicative Facts 47 and 48. Fraudulent and Illegal Retaliatory Assignments by Judges:** The illegal and fraudulent re-allotment --- which does not exist in KY law --- of cases to Judges

Brian Edwards and Eric Haner --- despite both being previously formally noticed by Plaintiffs to be a Defendant in a forthcoming federal civil rights complaint. **(2 fraudulent acts)**

**Adjudicative Facts 49 through 55. Electronic Service Fraud by Judges:** Judges, including but not limited to Judge Morris in 4 of Plaintiffs' cases, Wilcox in 1 case, Perry in 1, Davis in 1 case --- intentionally and fraudulently issued "Notices of Entry" via electronic systems while knowing pro se Plaintiffs are categorically denied electronic access to orders. Plaintiffs sent numerous notices of mandatory physical mailings to Plaintiffs through Judge Morris's staff attorney, directing the notices to Judge Morris. Orders were **never legally mailed** to Plaintiffs.

**Adjudicative Facts 56 through 66. Total Legal Service Deprivation, Obstruction, and Fraud regarding Plaintiffs:** Over 1 year and continuing fraudulent denial, deprivation, and **obstruction in all 11** of Plaintiffs' cases to legally serve any and all judicial orders via physical mail, despite the legal requirements of CR 5.01, CR 5.02, CR 5.03, CR 77.04(1)-(2)-(3).

**Adjudicative Facts 67 through 73. Illegal and Fraudulent Entry of orders by Secretary:** Judicial orders were illegally entered into the court record by the judge's secretary rather than the Court Clerk, violating CR 77.04(2). (A minimum of 7 violations)

**Adjudicative Facts 74 through 193. Illegal and Fraudulent Destruction of Plaintiffs' Digital/Electronic/Email Records to Staff Attorneys and Judges, Court Clerk employees, Court Administrators:** The intentional deletion of electronic email records/ communications between the Plaintiffs and the staff attorneys, directed to the judges, in all 13 judicial divisions, and the intentional deletion of electronic email records/ communications between Plaintiffs and other court officials, including but not limited to the Court Administrators and the Court Clerk and Court Clerk employees. **(Minimum of 120 violations)**

**Adjudicative Facts 194 through 213. Illegal and Fraudulent Refusal to Scan and Upload Plaintiffs' Filings and Unequal Preservation of Plaintiffs' records:** The systemic refusal/deprivation/obstruction by the Jefferson Circuit Court to scan and upload pro se filings into the electronic record used by Defendants. **(Minimum of 20 filing violations.)**

**Adjudicative Facts 214 through 216. Illegal, Deceptive, and Fraudulent File Removal of the only records of pro se Plaintiffs that exist:** The removal of case file folders (25-CI-002150 and 25-CI-002006) for approximately 8 months without the required "Out-Card" tracking procedures in violation of KRS 30A.080(1)-(3). Also in case 25-CI-001567 and others. (Minimum of 3)

**Adjudicative Fact 217. Fraudulent Dating of Documents and Fraudulent Mislabeling of the Nature of the Documents Attempting to Deprive/Obstruct Rulings on Motions for Sanctions Against Judge Susan Schultz Gibson,** who had/has **no jurisdiction:** Chief Deputy Kevin Smalley's direction to Supervisor Samantha Henley, both under the Court Clerk's Office, to fraudulently **date** Plaintiffs' **sanctions motions** (in Kentucky case **25-CI-002150) many months after those sanctions motions were received by the Court Clerk's Office**---"came to hand 10-13-25 tendered documents APS (Plaintiffs) post marked July 2025"---despite Plaintiffs' confirmation through a court clerk employee that those sanctions motions came to hand months earlier. Fraudulently mislabeling "documents" when "Motions for Sanctions" must be cited in this situation---is additional fraud. This is an attempt to deprive/obstruct rulings on motions for sanctions against Susan Schultz Gibson.

**Adjudicative Fact 218. Illegal and Fraudulent Unequal Record Access:** The application of RAP 28(B)(1)-(2) to grant counsel access to sealed records while denying the same right to pro se litigants.

**Adjudicative Fact 219. Illegal and Fraudulent Oral Argument Discrimination:** The requirement under RAP 38(C) for pro se litigants to seek "special leave" for oral arguments while attorneys are permitted by right.

**Adjudicative Fact 220. Illegal and Fraudulent Attempted Dismissal by a judge without jurisdiction:** Judge Wilcox's (who never had jurisdiction) attempted dismissal of an elder abuse complaint with prejudice with **zero conclusions of law** and **Not** addressing any of Plaintiffs' **hundreds of pages of statements of material fact** that were **in genuine dispute** and **not** addressing any of Plaintiffs' **numerous applied legal authority,** while **crossing out** "sanctions" and "frivolous" that Defendant had inserted in an order--in case 25-CI-001567. In addition, Plaintiffs were **never** legally served Wilcox's order. Plaintiffs **continue to wait** for their numerous motions to be ruled on by Judge Wilcox. These motions were submitted to Judge Wilcox by Plaintiffs via certified mail with signature, prior to Wilcox's illegal dismissal. Through Wilcox's staff attorney, directed to Judge Wilcox, Plaintiffs sent via PDF their motions to Judge Wilcox, which also serves as an audit trail. Plaintiffs' motions have been disappeared by Wilcox and/or her staff. Case is presumed active since jury fee was not returned. **(Zero judges had jurisdiction** in Jefferson Circuit Court-Ky. based on **Sections XXXVI, XXVI, the Second and Third FRE 201 Notices.)**

**Adjudicative Fact 221. Illegal and Fraudulent Service Fee Extortion:** Forcing pro se Plaintiffs to pay for copies of orders that the court was legally required to serve upon them for free via physical mail--- and those said orders that Plaintiffs never knew about until all appeals' deadlines would have elapsed, based on a **fraudulent start time. Legally,** the **start time for Plaintiffs' to respond** to Wilcox' order has **not** started yet.

**Adjudicative Fact 222. Attempted Illegal and Fraudulent Jurisdictional Transfer:** Judge Mitch Perry's illegal and fraudulent attempt to transfer jurisdiction to Judge Tracy Davis in case 25-CI-001569 via an order stating that Davis could have his case if she wanted it, and also in said order attacking Plaintiffs with fraudulent felony accusations.

**Adjudicative Fact 223. Illegal and Fraudulent Recusal Interference:** Judge Tracy Davis losing jurisdiction and/or recusing herself four times, but attempting to dictate that her successor judge be a colleague, even after citing loss of jurisdiction under KRS 26A.015(e). This was an illegal and fraudulent attempt at bypassing the mandatory role of the Chief Justice in judicial reassignment under KRS 26A.020.

**Adjudicative Facts 224 through 264. Illegal Failure and Fraudulent Refusal to Report Elder Abuse:** The refusal/failure of judicial and court officers and court employees to report others' known elder abuse and/or their own elder abuse---as they were directly in violation of mandated KRS 209.030(2) and KRS 209.990(1), causing other violations under KRS 209.990 (2) through (7) through deprivation/obstruction of elder abuse recovery---actionable under KRS 446.070 and supplemental jurisdiction. This refusal to be in compliance with the mandatory reporting of elder abuse, as mandated by KRS 209.030(2) and KRS 26A.080, is complicity in and conspiracy in the deprivation/ obstruction of elder abuse recovery pursuant to 42 U.S.C. §§ 1983 and 1985(2)-(3). 13 Staff attorneys, 15 judges, 2 court administrators, a chief of staff/chief deputy, a second chief deputy, 3 supervisors, 6 other court/AOC/court clerk employees are all in statutory violation for a total of 41 statutory violations.

**Adjudicative Facts 265 through 275. Illegal and Fraudulent Appellate Blockade/ Obstruction:** Deputy Appeals Clerk Evelyn Hopper's categorical blockage, deprivation, and obstruction of appellate access in all 11 of the Plaintiffs' cases. (11 statutory violations.)

**Adjudicative Fact 276. Illegal and Fraudulent Erasure of an Active Complaint:** The complete digital disappearance of Case No. 21-CI-001314 from the court records **shortly after** Judge **Tracy Davis's Order of Recusal entry.**

**Adjudicative Facts 277 through 306. Illegal and Fraudulent Refusal to Certify Judge Tracy Davis's 3 Different Orders Citing Loss of Jurisdiction and/or Citing Order of Recusal:** Court Clerk David Nicholson, Chief Deputy Kevin Smalley, Chief Deputy Angela McCoy, and Supervisor Samantha Henley all refuse to do their legal duty of certifying the facts of judicial disqualification of Judge Tracy Davis to the Chief Justice as required by KRS 26A.020(1). All that needs to be done is any one of those **4** aforementioned court employees simply citing that they certify Judge Tracy Davis's loss of jurisdiction orders and citing that they certify Judge Tracy Davis's orders of recusal, and then signing that, and simply attaching said orders or recusal and loss of jurisdiction. Davis can also send to Chief Justice. (5 times 3 different orders equals **15 statutory violations** by the aforementioned persons. They all refuse to accept Plaintiffs' affidavit even though the affidavit is optional and unnecessary in Plaintiffs' cases. This adds another 5 times 3 different orders is **another 15 statutory violations.**

**Adjudicative Facts 307 through 350.** Plaintiffs did also file direct Motions with the Chief Justice for Judge Davis's reassignment and for reassignment of judges in **9 other** cases, demanding that the Chief Justice Lambert issue the judicial reassignment pursuant to KRS 26A.015(2)(e), KRS 26A.015(3)(a), KRS 26A.020, which states that the **Chief Justice shall immediately reassign. Chief Justice** Debra Hembree Lambert has been in continuous violation of KRS 26A.020 and continues to be in continuous violation of KRS 26A.020, since Plaintiffs have been waiting for over 1 year, and counting, for Judge Davis's judicial reassignment and other judges' judicial reassignment. The Chief Justice also continues to be in continuous

violation of KRS 209.030(2) and KRS 26A.080. (**10 cases** in statutory violation of statutory reassignment and **10 cases** in violation of KRS 209.030(2) and **10 cases** in violation of KRS 26A.080. Total of **30 statutory violations.** Plus, KRS 26A.080 violations by 14 other judges also for **14** additional statutory violations. This equals **44 violations.** Plaintiffs incorporate by reference in full detail as set forth herein PX-63 through PX-87 regarding all Kentucky judges **NEVER having jurisdiction** in Plaintiffs' ten (10) cases. Judge Davis cited in 2 different orders her recusals in the 11th case which is 21-CI-001314.

**Adjudicative Fact 351. Illegal and Fraudulent Travel Barrier and Unequal Access to Courts:** Kevin Smalley's demand that Plaintiff travel 4,700 miles round-trip to view case files that are available electronically to the opposition.

**Adjudicative Facts 352 through 360. Illegal and Fraudulent Refusal to State Legal Basis regarding questions on illegal and fraudulent actions:** Chief Deputy Angela McCoy's official refusal to explain her own and the court's illegal and fraudulent non-compliance with CR 5.01, CR 5.02, CR 5.03, CR 77.04, and KRS 30A.080 --- Plaintiffs had nine (9) questions regarding the aforementioned. There is **no** legal basis for this **non**-compliance. There are nine (9) violations.

**Adjudicative Facts 361 through 371. Illegal and Fraudulent Denial/Deprivation of Proof of Service:** The systemic and systematic refusal/deprivation to provide a Certificate or Affidavit for proof of time and manner regarding legal service to Plaintiff, in violation of CR 5.03 --- in 11 cases.

**Adjudicative Facts 372 through 393. Void-as-Applied Rules:** The use of RAP 3(C) and CR 77.04(4) to fraudulently and deceptively run out appeal clocks by **obstructing/depriving**

Plaintiffs of all legal service of all orders in all 11 of Plaintiffs' cases. (2 violations times 11 is 22)

**Adjudicative Facts 394 and 395. Illegal and Fraudulent Concealment/ Obstruction/ Deprivation of Plaintiffs' Sanctions Motions:** The Court Clerk's Office and/or AOC employees fraudulently and intentionally mislabeling "Motions for Sanctions" as generic "documents" to hide/conceal/obstruct/deprive the nature of the filings in case 25-CI-002150 under Judge Gibson who has **NEVER** had jurisdiction. And refusing to correct the fraudulent docket entries is the **second** violation of tampering with physical evidence under KRS 524.100.

**Adjudicative Fact 396. Intentional and Fraudulent Communication Obstruction and Obstruction of Court Access:** Bench clerk abruptly terminating phone call when Plaintiff inquired about "proof of time and manner" for judicial orders.

**Adjudicative Facts 397 through 407. Illegal and Fraudulent Systemic and Systematic Obstruction/Deprivation of all Court Access:** The intentional denial/deprivation/obstruction of Plaintiffs' oral arguments as a tool to prevent pro se Plaintiffs from making a legal record of the fraud and elder abuse in all 11 cases.

**Adjudicative Facts 408 through 427.** Additional **Tampering with Evidence** in Violation of KRS 524.100 and **Destruction of Records in violation of KRS 524.100 and KRS 30A.080(1)-(3):** Plaintiffs continue to wait for a ruling by Judge Susan Schultz Gibson and Judge Wilcox (who both NEVER had jurisdiction) or their replacement judges, also to rule on sanctions against Judge Gibson. Judge Gibson and Judge Wilcox (both without jurisdiction) and/or their offices, in complicity with and conspiracy with others, **effectively destroyed and/or disappeared hundreds of pages of pro se Plaintiffs' physical filings of Motions, which also included cases 25-CI-002006 and 25-CI-1567, effectively destroying approximately 493 pages of Plaintiffs'**

**motions,** including but not limited to case **25-CI-002150** --- since pro se Plaintiffs' filings are denied/ deprived/ obstructed from being part of the real electronic record --- which makes it much easier to disappear records --- especially since in all 3 cases --- legally docketing was obstructed and deprived. ( 2 statutory violations in 3 cases for a total of 6 violations.) Plaintiffs incorporate by reference in full detail **Section XXVIII** regarding the effective **destruction of records.** There were also approximately seven (7) other motions effectively destroyed, which adds 7 times the 2 statutory violations for a total of 14.

**Adjudicative Fact 428.** Supervisor Samantha Henley fraudulently and illegally telling other employees and Plaintiff that nobody else is to communicate with Plaintiff, except her.

**Adjudicative Fact 429.** After telling Plaintiff to only talk to her, **Henley abruptly hangs up the phone or clicks off the phone when Plaintiff** demanded that Plaintiffs' Motions be legally docketed in case 25-CI-002150. The aforementioned also deprives/ obstructs all access to the Kentucky courts.

**Adjudicative Facts 430 through 439.** Since Cecil—court employee --- on audio recording --- communicated that **all USB drives are to be docketed --- and zero USB drives were docketed, then 10 more illegalities or frauds are to be added.**

440. Plaintiffs assert and incorporate by reference in full detail as though fully set forth herein and integrate the **following:** the aforementioned **439 adjudicative facts of** intentional, illegal, fraudulent, conspiratorial acts --- And approximately **322 adjudicative facts** in the Second through the Eighth and the Tenth and the Twelfth FRE 201 Notices --- regarding intentional, illegal, fraudulent, conspiratorial acts --- which facially fully support jurisdiction in the U.S. District Court for the Western District of Washington --- All of which --- provide **100% Certainty of Intentional Conspiracy and Intentional Frauds and Intentional Illegal Acts.** In

addition to the **100% Certainty for most of all illegal, fraudulent and conspiratorial acts cited herein--based on official records,** the **Bayesian %** probability analysis of **conspiratorial intention** for any illegal, fraudulent, and conspiratorial act cited herein --- that may not be considered 100% --- is ---

**99.99999999999999999999999999999999999999999999999999999999999999999999999999999999**

**99999999999999999999999999999999999999999999999999999999999999999999999+%** ---

**which is 99.999.....decimal point followed by more than 200 additional nines** --- for the probability and certainty of the **intentionality** of illegal, fraudulent, and conspiratorial acts cited herein.

1613. See paragraph 1606. Plaintiff needed to move this paragraph to paragraph 1606.

1614. Defendant Wilson has **legally binding and conclusive judicial admissions of Forgery/Complicity in Forgery** with full liability regarding legal documents dated on or near 3-4-2020, and later, including but not limited to a power of attorney document, a trust revocation document, a Will, and/or a document fraudulently removing Doris Colgate's real estate, located at 410 Wisteria Avenue, Jefferson County, from the Trust.

1615. Additionally, The Defendant's **legally binding and conclusive, judicially admitted participation in forged legal documents/instruments** has resulted in **continuous**, unlawful **tortious interference** with Trustee Edward Colgate's administration of **The Colgate Family Living Trust dated January 29, 2020,** with **each day since March 1, 2020**, constituting a **new act of fraudulent obstruction** and fiduciary harm/injury. This Claim for Relief is pled under a continuing tort doctrine, as Defendant's obstruction of Trustee Edward Colgate's fiduciary duties and Trustee recovery rights under the Trust constitutes an ongoing violation, with each day **renewing** the harm/injury and **tolling** all applicable statutes of limitation. Additionally, **each day**

**that Defendant refuses and fails to report her own elder abuse and tortious fiduciary interference under KRS 209.030 constitutes a new statutory violation**, which further **renews** and **tolls** all relevant statutes of limitation under Kentucky and federal law.

1616. Each day that Judge Morris's and other judges' **fraudulent felony accusations remain embedded in void ab initio orders** constitutes a continuing denial of all Kentucky court access and systemic obstruction of justice in violation of 42 U.S.C. §§ 1983 and 1985(2)-(3), and the First, Seventh, and Fourteenth Amendments. Their collective refusal to report their own and each other's illegal or fraudulent actions under **KRS 26A.080 and KRS 209.030** perpetuates retaliatory elder abuse under **KRS 209.050**, **renewing** the constitutional and statutory harm/injury daily and **tolling all applicable statutes of limitation** under the continuing tort doctrine.

1617. **No state or federal court in the United States has ever attempted to bar, obstruct, or deny a civil plaintiff from all court access across an entire state by fraudulently accusing them of felonies.** The absurdity and illegality of such an act is so blatant that it has never been attempted by any judge in any jurisdiction. Adding to the absurdity and illegality is the fact that the Defendant had not been legally served yet. Jefferson Circuit Court is the first to attempt this type of illegal act or fraud, which is retaliatory under KRS 209.050, KRS 209.030, KRS 209.990, KRS 26A.015(2), and is an attempt to intimidate and tamper with a witness, which is also a violation of 42 U.S.C. §§ 1983 and 1985(2)-(3). In addition, Plaintiffs assert the following: **all Orders are Void ab initio or void** based on **admitted--consistent and continuous--violations of CR 5.03--by numerous Court Clerk employees. Proof of the time and manner of such legal service** is **never done** and does **not exist.** The following is **verbatim:** CR 5.03 Service; proof of: Whenever any pleading or other paper is served under Rules 5.01 and 5.02, proof of the

time and manner of such service shall be filed before action is to be taken thereon by the court or the parties. **Legally,** the **time-lapse has never started for the Plaintiffs to respond in any of the Plaintiffs' 11 cases. Verbatim** from state complaint **25-CI-001371, page 109—"all timelines to be adhered** by the Plaintiffs, regarding any and all responses or filings with the court by the Defendant or their representative**, will start when** Plaintiffs receive legal documents **by certified mail."** Plaintiffs have **never** been legally **served any orders via any physical mail.** Furthermore, **orders are illegally entered by the judge's secretary. Thereby, all orders entered in Jefferson Circuit Court are void/void ab initio based on violations of CR 77.04(2) since it is illegal for the judge's secretary to enter the orders.**

**CLAIM FOR RELIEF LXVIII**--(Also a Count and Cause of Action) — **Defendant's Complicity and Conspiracy in Fraud by Wire in Violation of 18 U.S.C. § 1343, a Predicate RICO Act under 18 U.S.C. §§ 1961–1964(c) (Racketeer Influenced and Corrupt Organizations Act), Constituting a predicate offense under 18 U.S.C. § 1961(1)(B), forming part of a pattern of racketeering activity actionable under 18 U.S.C. § 1962(d), and is actionable under 18 U.S.C. § 1964(c) for civil remedies and threefold the damages ---** Through Defendant's Complicity and Conspiracy With One or More Judges (without jurisdiction) — the Elected Jefferson Circuit Court Clerk -- Jefferson Circuit Court Clerk's Office Employees — Administrative Office of the Courts Employees — Court Administrators — Staff Attorneys — Acting Under Color of State Law --- and Through Defendant's Complicity and Conspiracy With Private Citizens and Entities — Individually or in Any Combination --- **Connected With Fraudulent Insurance Acts under KRS 304.47-020, KRS 502.020, and Legally Binding and Conclusive Substantive CR 8.04 Admissions of Liability --- in Furtherance of Elder Abuse, Financial Exploitation under KRS 209.020(9) and KRS**

**209.990, Regarding Doris Colgate's Protective Life Insurance Company Annuity Fund that was Valued at $54,013.09; Unjust Enrichment; Connected with Obstruction of Plaintiff's Fiduciary Duties, Rights, and Recovery; And Elder Abuse Via Protective Life's Illegal/Fraudulent Annuity Liquidation in Full; This annuity was/is headquartered in Alabama.** Actionable under all aforementioned Federal and State Legal Authority and under 42 U.S.C. § 1983, 42 U.S.C. § 1985(2)-(3); KRS 304.47-020(1)(a), (b), (c), (d), (g), and (6), KRS 209.030, KRS 209.050, KRS 209.990, KRS 446.070, KRS 386B.8-010, KRS 386B.1-010(1), KRS 386B.8-180(1)(a), KRS 386B.4-100, FRCP 17(a)(1)(E), KRS 457.350(1)-(2); Unjust Enrichment; Legally Binding and Conclusive Judicial Admissions of Liability and Damages under CR 8.04, 28 U.S.C. § 1367(a); the First, Seventh, and Fourteenth Amendments, 18 U.S.C. § 1349, and the Supremacy Clause, Art. VI, Cl. 2); Supported by Rankin v. Howard, 633 F. 2d 844 (9th Circuit 1980) and US v. Dugan; Causing/Enabling Harm/Injury/Unjust Enrichment

1618. Plaintiffs reassert and incorporate by reference in full detail all of Section XII: Master Comprehensive Incorporation of Exhibits, Evidentiary Foundation, Jurisdictional Foundation, Record of Judicial Misconduct, Systemic Civil Rights Obstruction, Denial of All Access to All Kentucky Courts, Constitutional and Federal Enforcement Framework, the Supremacy Clause (Art. VI, Cl. 2), and all preceding paragraphs as though fully restated and fully set forth herein this claim for relief/relief entitled to-sought-demanded. Plaintiffs further assert all of the following:

**Plaintiffs hereby assert the following "Short and Plain Statement" (Fed. R. Civ. P. 8(a)(2)):**

1619. Plaintiffs reassert and incorporate by reference in full detail all prior paragraphs, including all facts, all statutory violations, and all legally binding and conclusive judicial admissions of liability and damages in Kentucky State case 25-CI-001371 against Susan Wilson. See PX-51,

PX-55, PX-56. On or about **January 26, 2023,** Defendant Susan Wilson was knowingly complicit in and conspired in enabling the fraudulent full liquidation of a Protective Life Insurance Company Annuity account (Contract No.[redacted]0213), held in the name of Doris Colgate, in the amount of **$54,013.09,** without Doris's informed consent, and without legal authority.

1620. Plaintiffs reassert and incorporate by reference in full detail all legally binding and conclusive judicial admissions of liability and damages in cases 25-CI-001371, 25-CI-001568, 25-CI-001795, 25-CI-001796, 25-CI-001121, with cases 25-CI-001568, 25-CI-001795, 25-CI-001796, 25-CI-001121 **facially fully supporting case 25-CI-001371 (Refer to PX-51 through PX-62 and PX-96, PX-95)**, as though fully restated and fully set forth herein this claim for relief/relief entitled to-sought-demanded.

1621. **Legal Integration:** Supplemental, federal question, and civil rights jurisdiction are applied to --- Defendant's Complicity and Conspiracy in Fraud by Wire in Violation of 18 U.S.C. § 1343, a Predicate RICO Act under 18 U.S.C. §§ 1961–1964(c) (Racketeer Influenced and Corrupt Organizations Act), Constituting a predicate offense under 18 U.S.C. § 1961(1)(B), forming part of a pattern of racketeering activity actionable under 18 U.S.C. § 1962(d), and is actionable under 18 U.S.C. § 1964(c) for civil remedies and threefold the damages --- Through Defendant's Complicity and Conspiracy With One or More Judges (without jurisdiction) — the Elected Jefferson Circuit Court Clerk — Jefferson Circuit Court Clerk's Office Employees — Administrative Office of the Courts Employees — Court Administrators — Staff Attorneys — Acting Under Color of State Law --- and Through Defendant's Complicity and Conspiracy With Private Citizens and Entities — Individually or in Any Combination --- Connected With Fraudulent Insurance Acts under KRS 304.47-020 and KRS 502.020, in Furtherance of Elder

Abuse, Financial Exploitation under KRS 209.020(9) and KRS 209.990, Regarding Doris Colgate's Protective Life Insurance Company Annuity Fund that was Valued at **$54,013.09;** Obstruction of Justice and Obstruction of Elder Abuse Recovery; Unjust Enrichment; Connected with Obstruction of Plaintiff's Fiduciary Duties, Rights, and Recovery; And Elder Abuse Via Protective Life's Illegal/Fraudulent Annuity Liquidation in Full; This annuity was/is headquartered in Alabama. Actionable under all aforementioned Federal and State Legal Authority and under 42 U.S.C. § 1983, 42 U.S.C. § 1985(2)-(3); KRS 304.47-020(1)(a), (b), (c), (d), (g), and (6), KRS 209.030, KRS 209.050, KRS 446.070, KRS 386B.8-010, KRS 386B.1-010(1), KRS 386B.8-180(1)(a), KRS 386B.4-100, FRCP 17(a)(1)(E), KRS 457.350(1)-(2); conversion where applicable, Obstruction of Recovery, Unjust Enrichment; Legally Binding and Conclusive Judicial Admissions of Liability and Damages under CR 8.04, 28 U.S.C. § 1367(a); the First, Seventh, and Fourteenth Amendments, 18 U.S.C. § 1349, and the Supremacy Clause, Art. VI, Cl. 2); Supported by Rankin v. Howard, 633 F. 2d 844 (9th Circuit 1980) and US v. Dugan; Causing/Enabling Harm/Injury/Unjust Enrichment. **Claim for Relief LXVIII independently states** a **federal claim for relief, including a RICO claim for relief,** enabling/causing unjust enrichment, and incorporates, **in part,** the same set of facts, harms/injuries, and legally binding and conclusive judicial admissions now as a basis for federal relief, including but not limited to punitive damages. Defendant and others continue their elder abuse of Doris Colgate each and every day they refuse to report themselves and others for elder abuse. Special damages to be awarded are **$54,013.09 plus 3 times treble damages** pursuant to 18 U.S.C. §§ 1961–1964(c), in addition to other damages. Plaintiffs incorporate by reference in full detail **Sections XVIII, XIX, XXXVI, XXVI, XXX, XXXII, XXVIII, XXIX, XXXI, XXXV, XXVII, XXXVII, PX-63 through PX-87,** PX-42 through PX-49, PX-108, all 167

Exhibits, and the **First through the Fourteenth FRE 201 Judicial Notices** of judicially **noticed adjudicative facts,** which include approximately **1,044 total adjudicative facts,** including approximately **322 adjudicative facts** supporting **jurisdiction** in the U.S. District Court for the Western District of Washington; **FRE 201 Adjudicative Facts in Judicial NOTICES --- 2 through 8, 10, 12, and 13 --- fully support jurisdiction and venue.** All aforementioned incorporations provide **100% certainty** of fraudulently assigned judges and fraudulently assigned case numbers --- prior to the legal filings by Plaintiffs of all 10 of their year-2025 cases --- with all 10 cases being illegally and fraudulently filed and processed by a non-existent/ non-payroll name in year-2025 --- which did not generate a legal random judge assignment and which did not generate a legal case number assignment --- and thereby provides 100% certainty that Kentucky judges NEVER had jurisdiction and NEVER will have jurisdiction. Plaintiffs assert Rankin v. Howard, 633 F. 2d 844 (9th Circuit 1980) and United States v. Dugan, 2:25-cr-00089 (E.D. Wis. 2025) regarding judges without jurisdiction. Plaintiffs also incorporate by reference in full detail **Section XXXIX** and the **Twelfth FRE 201 NOTICE --- regarding interstate transfers.**

1622. Defendant Wilson has **legally binding and conclusive judicial admissions of Forgery/Complicity in Forgery** with full liability regarding legal documents dated on or near 3-4-2020, and later, including but not limited to a power of attorney document, a trust revocation document, a Will, and/or a document fraudulently removing Doris Colgate's real estate, located at 410 Wisteria Avenue, Jefferson County, from the Trust.

1623. The annuity was held by Protective Life Insurance Company Life and Annuity Division, which is **headquartered in Birmingham, Alabama, not** in Kentucky. The annuity liquidation at issue involved **interstate electronic communications and transactions across state lines,**

constituting a wire transmission in interstate commerce, triggering the applicability of **18 U.S.C. § 1343.** Interstate telephone calls and/or interstate electronic communications and/or electronic financial assets/money transfers were made in furtherance of the scheme.

1624. **RICO Enterprise, Treble Damages, and Justification for Enhanced Punitive Relief:** Plaintiffs further assert that all aforementioned and all following deprivations—spanning judicial misconduct, fraudulent felony threats, illegal case assignments, obstruction of all court access in Kentucky, statutory rewriting by judges without jurisdiction, destruction and concealment of records, systemic obstruction and denial of appellate review, and coordinated and conspiratorial retaliation against protected elder-abuse reporting—constitute racketeering activity actionable under the Racketeer Influenced and Corrupt Organizations Act **(RICO), 18 U.S.C. §§ 1961–1964.** Under **18 U.S.C. § 1961(4), the term "enterprise" includes "any group of individuals "associated in fact" "although not a legal entity," which in this case plainly encompasses the coordinated network of public officials, judges, attorneys, public employees, and private actors who conspired to defraud and obstruct Plaintiffs' recovery.** Under **18 U.S.C. § 1962**: A person is liable when they **participate,** directly or **"indirectly"** in the illegal misconduct. This RICO enterprise engaged in repeated acts of wire fraud, securities fraud, identity fraud, mail fraud, laundering of monetary instruments, and obstruction of justice, obstruction of elder abuse recovery and other recovery—all targeting a federally protected party (the reporting fiduciary and caregiver of a vulnerable adult) acting from Washington State. The attack and targeting of Plaintiff in Washington State is a direct attack and targeting of the assets of the abused elder herself, Doris Colgate. **Civil relief/remedies** are provided under 18 U.S.C. § 1964. This constitutes a separate and distinct predicate act under 18 U.S.C. § 1343 in furtherance of the racketeering enterprise under 18 U.S.C. § 1961(1)(B). Defendant Wilson is associated in

fact. The aforementioned and the following statements of material fact, including but not limited to obstruction of recovery and obstruction of justice---has caused and continues to cause unjust enrichment for Defendant Wilson. Plaintiffs assert and incorporate by reference in full the following regarding the **broad definition of an associated-in-fact enterprise --- in support of Plaintiffs' RICO Claims for Relief: Odom v. Microsoft Corp., 486 F. 3d 541 - Court of Appeals, 9th Circuit 2007 and United States v. Turkette, 452 US 576 - Supreme Court 1981 in Section XX.**

1625. Defendant Susan Wilson was and is complicit in a scheme and conspired in a scheme with Judge Patricia Morris, whereby Judge Morris weaponized a **knowingly false and fraudulent felony accusation** of "unauthorized practice of law" against pro se Plaintiffs—who were acting lawfully under KRS 209.030(2) and as a fiduciary under valid Trust and POA instruments—in order to deny Plaintiffs all access to all Kentucky courts and to **obstruct elder abuse recovery. Patricia Morris's fraudulent felony accusation is also proven by Defendant Susan Wilson's legally binding and conclusive judicial admissions of Plaintiffs' legal standing, Defendant's liability, and Defendant's damages.** See **PX-12, PX-51, PX-55, PX-56.**

1626. This denial was executed **without jurisdiction**, violated Plaintiffs' constitutional rights and statutory rights, and directly benefited Defendant, who remained **unjustly enriched** as a result. The fraudulent accusation by Judge Morris occurred **19 days prior** to Defendant Wilson being legally served by the Jefferson County Sheriff. When filing the Complaint, Plaintiffs paid the mandatory $60 fee directly to the Jefferson Circuit Court Clerk to have legal service by the Sheriff executed immediately.

1627. The timing and coordination of this judicial obstruction before lawful service—despite the court's active role in facilitating Wilson's service demonstrates an **ultra vires abuse** of office by Morris to shield Wilson from litigation and to obstruct and block all statutory recovery.

1626. Direct communication between Wilson and Morris does **not** need to be proven to establish complicity under KRS 502.020 and conspiracy under 42 U.S.C. § 1985(2)-(3) . The judicial act of denying Plaintiffs all court access functioned as **an overt act in furtherance of a shared unlawful objective** to obstruct justice and to illegally protect Wilson from liability, in violation of 42 U.S.C. §§ 1983, 1985(2)-(3) and in Violation of the First, Seventh, and Fourteenth Amendments, 18 U.S.C. § 1349, and the Supremacy Clause, Art. VI, Cl. 2.

1628. Plaintiffs incorporate by reference in full detail all liability for **similar "Claim for Relief XXV." Claim for Relief XXV** is legally binding and conclusive based on Defendant's judicial admissions of liability in Kentucky Case No. 25-CI-001371 pursuant to CR 8.04 and 28 U.S.C. § 1367(a).

1629. Susan Wilson was and is **complicit** with and **conspired** with judge Morris or Patricia Morris, who was and is **acting in the absence of jurisdiction.** See **Rankin v. Howard, 633 F. 2d 844 (9th Circuit 1980) and US v. Dugan;** Also refer to **all details in SECTION XII for evidence against Morris, and also for evidence of systemic corruption.**

1630. Plaintiffs accordingly respectfully demand immediate entry of judgment as to liability and a corresponding award of **$54,013.09** in special damages — representing the complete fraudulent liquidation of Doris Colgate's Protective Life Insurance Company Annuity Fund -- admitted as a sum-certain through Wilson's CR 8.04 default in Kentucky case 25-CI-001371 --- and independently confirmed through four additional defendants' CR 8.04 defaults across four supporting Kentucky cases — constituting a wire fraud predicate act under 18 U.S.C. §1343

arising from interstate wire communications directed at Protective Life Insurance Company's Alabama's headquarters --- mandating treble damages of **$162,039.27** pursuant to 18 U.S.C. §1964(c) — which shall be trebled as a matter of law upon entry of judgment on this claim --- and dividends and interest defrauded from Doris --- also admitted by Wilson and four additional defendants through CR 8.04 admissions --- and general damages and punitive damages. Plaintiffs assert their right to bring **RICO** claims under 18 U.S.C. §§1961 through 1964(c) in this federal complaint --- claims that were not and could not have been brought in the Kentucky state court proceedings --- for the following simultaneous and independent reasons. **First** --- Kentucky state courts lack jurisdiction to adjudicate civil RICO claims under 18 U.S.C. §1964(c) because civil RICO is a federal statutory cause of action arising under federal law --- conferring exclusive or primary jurisdiction on federal district courts — making the Western District of Washington the first court with authority to adjudicate these claims. **Second** — the RICO pattern of racketeering activity — including but not limited to --- the wire fraud predicates under 18 U.S.C. §1343 arising from the interstate annuity and securities liquidations directed at financial institutions headquartered in Alabama — Iowa — Indiana — North Carolina — and Illinois — the laundering of monetary instruments predicates under 18 U.S.C. §1956 arising from the subsequent transfer and use of fraudulently obtained proceeds --- and the securities fraud predicates under 18 U.S.C. §1348 — were pleaded as Kentucky state law violations in the state complaint under annuity fraud and under the state securities statute --- and are now additionally characterized as federal RICO predicate acts --- which is a separate and additional federal layer of liability arising from the same admitted misconduct — not a new or inconsistent theory. **Third** — Wilson's CR 8.04 legally binding and conclusive admissions across five Kentucky cases — establishing --- including but not limited to --- the underlying annuity fraud — securities fraud

— forgery — elder abuse — as admitted adjudicative facts — constitute the evidentiary foundation for the RICO predicate acts — which could only be properly developed and presented after those admissions were generated through Wilson's procedural default **and** after Plaintiffs accumulated the additional enterprise evidence — including but not limited to — Personnel Cabinet KHRIS payroll records regarding fraud — official court assignment timestamps regarding fraud — and authenticated audio recordings regarding fraud — that establish the pattern of racketeering activity required by 18 U.S.C. §1961(5) and §1961 through §1964(c). Plaintiffs incorporate by reference in full detail--paragraphs 2631A through 2631M. Court employees have fraudulently attempted to deceive Plaintiff through phone and internet phone interstate communications --- audio recorded and transcribed. Plaintiff asserts many documented electronic communications notifying judges and court employees that Plaintiff was being targeted in Washington State. Plaintiffs also incorporate by reference in full detail PX-129, PX-136, PX-158. PX-159, PX-160, PX-48, PX-49, PX-129 through PX-133, PX-136, PX-137 through PX-154, PX-143 --- supports the fraud and also supports the fraudulent effective destruction of records related to Eric Haner, Susan Gibson, and others.

1631. The **foregoing constitutes Plaintiffs' short and plain statement of this claim for relief** in compliance with Fed. R. Civ. P. 8(a)(2).

1632. Additionally, The Defendant's **legally binding and conclusive, judicially admitted participation in forged legal documents/instruments** has resulted in **continuous**, unlawful **tortious interference** with Trustee Edward Colgate's administration of **The Colgate Family Living Trust dated January 29, 2020,** with **each day since March 1, 2020**, constituting a **new act of fraudulent obstruction** and fiduciary harm/injury. This Claim for Relief is pled under a continuing tort doctrine, as Defendant's obstruction of Trustee Edward Colgate's fiduciary duties

and Trustee recovery rights under the Trust constitutes an ongoing violation, with each day **renewing** the harm/injury and **tolling** all applicable statutes of limitation. Additionally, **each day that Defendant refuses and fails to report her own elder abuse and tortious fiduciary interference under KRS 209.030 constitutes a new statutory violation**, which further **renews** and **tolls** all relevant statutes of limitation under Kentucky and federal law.

1633. Each day that Judge Morris's and other judges' **fraudulent felony accusations remain embedded in void ab initio orders** constitutes a continuing denial of all Kentucky court access and systemic obstruction of justice in violation of 42 U.S.C. §§ 1983 and 1985(2)-(3), and the First, Seventh, and Fourteenth Amendments. Their collective refusal to report their own and each other's illegal or fraudulent actions under **KRS 26A.080 and KRS 209.030** perpetuates retaliatory elder abuse under **KRS 209.050**, **renewing** the constitutional and statutory harm/injury daily and **tolling all applicable statutes of limitation** under the continuing tort doctrine.

1634. **No state or federal court in the United States has ever attempted to bar, obstruct, or deny a civil plaintiff from all court access across an entire state by fraudulently accusing them of felonies.** The absurdity and illegality of such an act is so blatant that it has never been attempted by any judge in any jurisdiction. Adding to the absurdity and illegality is the fact that the Defendant had not been legally served yet. Jefferson Circuit Court is the first to attempt this type of illegal act or fraud, which is retaliatory under KRS 209.050, KRS 209.030, KRS 209.990, KRS 26A.015(2), and is an attempt to intimidate and tamper with a witness, which is also a violation of 42 U.S.C. §§ 1983 and 1985(2)-(3).

**CLAIM FOR RELIEF LXIX**--(Also a Count and Cause of Action) — **Defendant's Complicity and Conspiracy in Fraud by Wire in Violation of 18 U.S.C. § 1343, a Predicate**

**RICO Act under 18 U.S.C. §§ 1961–1964(c) (Racketeer Influenced and Corrupt Organizations Act), Constituting a predicate offense under 18 U.S.C. § 1961(1)(B), forming part of a pattern of racketeering activity actionable under 18 U.S.C. § 1962(d), and is actionable under 18 U.S.C. § 1964(c) for civil remedies and threefold the damages ---** Through Defendant's Complicity and Conspiracy With One or More Judges (without jurisdiction) — the Elected Jefferson Circuit Court Clerk — Jefferson Circuit Court Clerk's Office Employees — Administrative Office of the Courts Employees — Court Administrators — Staff Attorneys — Acting Under Color of State Law --- and Through Defendant's Complicity and Conspiracy With Private Citizens and Entities --- Individually or in Any Combination --- **Connected with Fraudulent Insurance Acts under KRS 304.47-020 and KRS 502.020, in Furtherance of Elder Abuse, Financial Exploitation under KRS 209.020(9) and KRS 209.990, Regarding Doris Colgate's Transamerica Corporation Annuity Funds that were Valued at $103,000; Obstruction of Justice and Obstruction of Elder Abuse Recovery; Unjust Enrichment; Connected with Obstruction of Plaintiff's Fiduciary Duties, Rights, Recovery; And Elder Abuse Via Transamerica's Illegal/ Fraudulent Annuity Liquidation in Full; This annuity was/is headquartered in Iowa.** Actionable under all aforementioned Federal and State Laws and under KRS 304.47-020(1)(a), (b), (c), (d), (g), and (6), KRS 209.030, KRS 209.050, KRS 446.070, KRS 386B.8-010, KRS 386B.1-010(1), KRS 386B.8-180(1)(a), KRS 386B.4-100, FRCP 17(a)(1)(E), KRS 457.350(1)-(2); conversion where applicable, Obstruction of Recovery, Unjust Enrichment; Legally Binding and Conclusive Judicial Admissions of Liability and Damages under CR 8.04, 28 U.S.C. § 1367(a); 42 U.S.C. § 1983, 42 U.S.C. § 1985(2)-(3); the First, Seventh, and Fourteenth Amendments, 18 U.S.C. §

1349, and the Supremacy Clause, Art. VI, Cl. 2); Supported by Rankin v. Howard, 633 F. 2d 844 (9th Circuit 1980) and US v. Dugan; Causing/Enabling Harm/Injury/Unjust Enrichment

1635. Plaintiffs reassert and incorporate by reference in full detail all of Section XII: Master Comprehensive Incorporation of Exhibits, Evidentiary Foundation, Jurisdictional Foundation, Record of Judicial Misconduct, Systemic Civil Rights Obstruction, Denial of All Access to All Kentucky Courts, Constitutional and Federal Enforcement Framework, the Supremacy Clause (Art. VI, Cl. 2), and all preceding paragraphs as though fully restated and fully set forth herein this claim for relief/relief entitled to-sought-demanded. Plaintiffs further assert all of the following:

**Plaintiffs hereby assert the following "Short and Plain Statement" (Fed. R. Civ. P. 8(a)(2)):**

1636. Plaintiffs reassert and incorporate by reference in full detail all prior paragraphs, including all facts, all statutory violations, and all legally binding and conclusive judicial admissions of liability and damages in Kentucky State case 25-CI-001371 against Susan Wilson. See PX-51, PX-55, PX-56. On or about **August 28, 2024,** Defendant Susan Wilson was knowingly complicit in enabling the fraudulent full liquidation of this Transamerica Corporation Annuity account (under PNC Investments account ending in 6468), held in the name of Doris Colgate, in the amount of **$103,000,** without Doris's informed consent, and without legal authority.

1637. Plaintiffs reassert and incorporate by reference in full detail all legally binding and conclusive judicial admissions of liability and damages in cases 25-CI-001371, 25-CI-001568, 25-CI-001795, 25-CI-001796, 25-CI-001121, with cases 25-CI-001568, 25-CI-001795, 25-CI-001796, 25-CI-001121 **facially fully supporting case 25-CI-001371 (Refer to PX-51 through PX-62 and PX-96, PX-95)**, as though fully restated and fully set forth herein this claim for relief/relief entitled to-sought-demanded.

1638. **Legal Integration:** Supplemental, federal question, and civil rights jurisdiction are applied to --- Defendant's Complicity and Conspiracy in Fraud by Wire in Violation of 18 U.S.C. § 1343, a Predicate RICO Act under 18 U.S.C. §§ 1961–1964(c) (Racketeer Influenced and Corrupt Organizations Act), Constituting a predicate offense under 18 U.S.C. § 1961(1)(B), forming part of a pattern of racketeering activity actionable under 18 U.S.C. § 1962(d), and is actionable under 18 U.S.C. § 1964(c) for civil remedies and threefold the damages --- Through Defendant's Complicity and Conspiracy With One or More Judges (without jurisdiction) — the Elected Jefferson Circuit Court Clerk --- Jefferson Circuit Court Clerk's Office Employees --- Administrative Office of the Courts Employees · Court Administrators --- Staff Attorneys --- Acting Under Color of State Law --- and Through Defendant's Complicity and Conspiracy With Private Citizens and Entities — Individually or in Any Combination --- Connected With Fraudulent Insurance Acts under KRS 304.47-020 and KRS 502.020, in Furtherance of Elder Abuse, Financial Exploitation under KRS 209.020(9) and KRS 209.990, Regarding Doris Colgate's Transamerica Corporation Annuity Funds that were Valued at **$103,000;** Obstruction of Justice and Obstruction of Elder Abuse Recovery; Unjust Enrichment; Connected with Obstruction of Plaintiff's Fiduciary Duties, Rights, Recovery; And Elder Abuse Via Transamerica's Illegal/Fraudulent Annuity Liquidation in Full; This annuity was/is headquartered in Iowa. Actionable under all aforementioned Federal and State Laws and under KRS 304.47-020(1)(a), (b), (c), (d), (g), and (6), KRS 209.030, KRS 209.050, KRS 446.070, KRS 386B.8-010, KRS 386B.1-010(1), KRS 386B.8-180(1)(a), KRS 386B.4-100, FRCP 17(a)(1)(E), KRS 457.350(1)-(2); conversion where applicable, Obstruction of Recovery, Unjust Enrichment; Legally Binding and Conclusive Judicial Admissions of Liability and Damages under CR 8.04, 28 U.S.C. § 1367(a); 42 U.S.C. § 1983, 42 U.S.C. § 1985(2)-(3); the First,

Seventh, and Fourteenth Amendments, 18 U.S.C. § 1349, and the Supremacy Clause, Art. VI, Cl. 2); Supported by Rankin v. Howard, 633 F. 2d 844 (9th Circuit 1980) and US v. Dugan; Causing/Enabling Harm/Injury/Unjust Enrichment. **Claim for Relief LXIX independently states** a **federal claim for relief, including a RICO claim for relief,** enabling/causing unjust enrichment, and incorporates, **in part,** the same set of facts, harms/injuries, and legally binding and conclusive judicial admissions now as a basis for federal relief, including but not limited to punitive damages. Defendant and others continue their elder abuse of Doris Colgate each and every day they refuse to report themselves and others for elder abuse. Special damages to be awarded are **$103,000 plus 3 times treble damages** pursuant to 18 U.S.C. §§ 1961–1964(c), in addition to other damages. Plaintiffs incorporate by reference in full detail **Sections XVIII, XIX, XXXVI, XXVI, XXX, XXXII, XXVIII, XXIX, XXXI, XXXV, XXVII, XXXVII, PX-63 through PX-87,** PX-42 through PX-49, PX-108, all 167 Exhibits, and the **First through the Fourteenth FRE 201 Judicial Notices** of judicially **noticed adjudicative facts,** which include approximately **1,044 total adjudicative facts,** including approximately **322 adjudicative facts** supporting **jurisdiction** in the U.S. District Court for the Western District of Washington; **FRE 201 Adjudicative Facts in Judicial NOTICES --- 2 through 8, 10, 12, and 13 --- fully support jurisdiction and venue.** All aforementioned incorporations provide **100% certainty** of fraudulently assigned judges and fraudulently assigned case numbers --- prior to the legal filings by Plaintiffs of all 10 of their year-2025 cases --- with all 10 cases being illegally and fraudulently filed and processed by a non-existent/ non-payroll name in year-2025 --- which did not generate a legal random judge assignment and which did not generate a legal case number assignment --- and thereby provides 100% certainty that Kentucky judges NEVER had jurisdiction and NEVER will have jurisdiction. Plaintiffs assert Rankin v. Howard, 633 F. 2d

844 (9th Circuit 1980) and United States v. Dugan, 2:25-cr-00089 (E.D. Wis. 2025) regarding judges without jurisdiction. Plaintiffs also incorporate by reference in full detail **Section XXXIX** and the **Twelfth FRE 201 NOTICE --- regarding interstate transfers.**

1639. Defendant Wilson has **legally binding and conclusive judicial admissions of Forgery/Complicity in Forgery** with full liability regarding legal documents dated on or near 3-4-2020, and later, including but not limited to a power of attorney document, a trust revocation document, a Will, and/or a document fraudulently removing Doris Colgate's real estate, located at 410 Wisteria Avenue, Jefferson County, from the Trust.

1640. The annuity was held by Transamerica Corporation, which is **headquartered in Iowa, not** in Kentucky. The annuity liquidation at issue involved **interstate electronic communications and transactions across state lines,** constituting a wire transmission in interstate commerce, triggering the applicability of **18 U.S.C. § 1343.** Interstate telephone calls and/or interstate electronic communications and/or interstate electronic financial assets/money transfers were made in furtherance of the scheme.

1641. **RICO Enterprise, Treble Damages, and Justification for Enhanced Punitive Relief:** Plaintiffs further assert that all aforementioned and all following deprivations---spanning judicial misconduct, fraudulent felony threats, illegal case assignments, obstruction of all court access in Kentucky, statutory rewriting by judges without jurisdiction, destruction and concealment of records, systemic obstruction and denial of appellate review, and coordinated and conspiratorial retaliation against protected elder-abuse reporting—constitute racketeering activity actionable under the Racketeer Influenced and Corrupt Organizations Act **(RICO), 18 U.S.C. §§ 1961–1964.** Under **18 U.S.C. § 1961(4), the term "enterprise" includes "any group of individuals associated in fact although not a legal entity," which in this case plainly encompasses the**

**coordinated network of public officials, judges, attorneys, public employees, and private actors who conspired to defraud and obstruct Plaintiffs' recovery.** Under **18 U.S.C. § 1962**: A person is liable when they **participate,** directly or **"indirectly"** in the illegal misconduct. This RICO enterprise engaged in repeated acts of wire fraud, securities fraud, identity fraud, mail fraud, laundering of monetary instruments, and obstruction of justice, obstruction of elder abuse recovery and other recovery—all targeting a federally protected party (the reporting fiduciary and caregiver of a vulnerable adult) acting from Washington State. The attack and targeting of Plaintiff in Washington State is a direct attack and targeting of the assets of the abused elder herself, Doris Colgate. **Civil relief/remedies** are provided under 18 U.S.C. § 1964. This constitutes a separate and distinct predicate act under 18 U.S.C. § 1343 in furtherance of the racketeering enterprise under 18 U.S.C. § 1961(1)(B). Plaintiffs assert and incorporate by reference in full the following regarding the **broad definition of an associated-in-fact enterprise --- in support of Plaintiffs' RICO Claims for Relief: Odom v. Microsoft Corp., 486 F. 3d 541 - Court of Appeals, 9th Circuit 2007 and United States v. Turkette, 452 US 576 - Supreme Court 1981 in Section XX.**

1642. Defendant Susan Wilson was and is complicit in and conspired in a scheme with Judge Patricia Morris, whereby Judge Morris weaponized a **knowingly false and fraudulent felony accusation** of "unauthorized practice of law" against pro se Plaintiffs---who were acting lawfully under KRS 209.030(2) and as a fiduciary under valid Trust and POA instruments—in order to deny Plaintiffs all access to all Kentucky courts and to **obstruct elder abuse recovery. Patricia Morris's fraudulent felony accusation is also proven by Defendant Susan Wilson's legally binding and conclusive judicial admissions of Plaintiffs' legal standing, Defendant's liability, and Defendant's damages.** See **PX-12, PX-51, PX-55, PX-56.**


Edward Colgate 22023 SE Wax Rd., Box 1452, Maple Valley, WA 98038, King Co.

1643. This denial was executed **without jurisdiction**, violated Plaintiffs' constitutional rights and statutory rights, and directly benefited Defendant, who remained **unjustly enriched** as a result. The fraudulent accusation by Judge Morris occurred **19 days prior** to Defendant Wilson being legally served by the Jefferson County Sheriff. When filing the Complaint, Plaintiffs paid the mandatory $60 fee directly to the Jefferson Circuit Court Clerk to have legal service by the Sheriff executed immediately.

1644. The timing and coordination of this judicial obstruction before lawful service—despite the court's active role in facilitating Wilson's service—demonstrates an **ultra vires abuse** of office by Morris to shield Wilson from litigation and to obstruct and block all statutory recovery.

1645. Direct communication between Wilson and Morris does **not** need to be proven to establish complicity under KRS 502.020 and conspiracy under 42 U.S.C. § 1985(2)-(3) . The judicial act of denying Plaintiffs all court access functioned as **an overt act in furtherance of a shared unlawful objective** to obstruct justice and to illegally protect Wilson from liability, in violation of 42 U.S.C. §§ 1983, 1985(2)-(3) and in Violation of the First, Seventh, and Fourteenth Amendments, 18 U.S.C. § 1349, and the Supremacy Clause, Art. VI, Cl. 2.

1646. Plaintiffs incorporate by reference in full detail all liability for **similar "Claim for Relief XXVI." Claim for Relief XXVI** is legally binding and conclusive based on Defendant's judicial admissions of liability in Kentucky Case No. 25-CI-001371 pursuant to CR 8.04 and 28 U.S.C. § 1367(a).

1647. Susan Wilson was and is **complicit** with and conspired with judge Morris or Patricia Morris, who was and is **acting in the absence of jurisdiction.** See **Rankin v. Howard, 633 F. 2d 844 (9th Circuit 1980) and US v. Dugan;** Also refer to **all details in SECTION XII for evidence against Morris, and also for evidence of systemic corruption.**

1648. Plaintiffs accordingly respectfully demand immediate entry of judgment as to liability and a corresponding award of $103,000 in special damages — representing the complete fraudulent liquidation of Doris Colgate's Transamerica annuity — admitted as a sum-certain through Wilson's CR 8.04 default in Kentucky case 25-CI-001371 and independently confirmed through four additional defendants' CR 8.04 defaults across four supporting Kentucky cases — constituting a wire fraud predicate act under 18 U.S.C. §1343 arising from interstate wire communications directed at Transamerica Corporation's Iowa headquarters — **mandating treble damages of $309,000** pursuant to 18 U.S.C. §1964(c) — which shall be trebled as a matter of law upon entry of judgment on this claim --- and dividends and interest defrauded from Doris --- also admitted by Wilson and four additional defendants through CR 8.04 admissions --- and general damages and punitive damages. and dividends and interest defrauded from Doris --- also admitted by Wilson and four additional defendants through CR 8.04 admissions --- and general damages and punitive damages. Plaintiffs assert their right to bring **RICO** claims under 18 U.S.C. §§1961 through 1964(c) in this federal complaint — claims that were not and could not have been brought in the Kentucky state court proceedings — for the following simultaneous and independent reasons. **First** — Kentucky state courts lack jurisdiction to adjudicate civil RICO claims under 18 U.S.C. §1964(c) because civil RICO is a federal statutory cause of action arising under federal law — conferring exclusive or primary jurisdiction on federal district courts — making the Western District of Washington the first court with authority to adjudicate these claims. **Second** — the RICO pattern of racketeering activity — including but not limited to --- the wire fraud predicates under 18 U.S.C. §1343 arising from the interstate annuity and securities liquidations directed at financial institutions headquartered in Alabama — Iowa — Indiana — North Carolina — and Illinois — the laundering of monetary instruments predicates under 18

U.S.C. §1956 arising from the subsequent transfer and use of fraudulently obtained proceeds — and the securities fraud predicates under 18 U.S.C. §1348 -- were pleaded as Kentucky state law violations in the state complaint under annuity fraud and under the state securities statute --- and are now additionally characterized as federal RICO predicate acts — which is a separate and additional federal layer of liability arising from the same admitted misconduct -- not a new or inconsistent theory. **Third** — Wilson's CR 8.04 legally binding and conclusive admissions across five Kentucky cases --- establishing --- including but not limited to --- the underlying annuity fraud — securities fraud — forgery --- elder abuse --- as admitted adjudicative facts --- constitute the evidentiary foundation for the RICO predicate acts --- which could only be properly developed and presented after those admissions were generated through Wilson's procedural default **and** after Plaintiffs accumulated the additional enterprise evidence — including but not limited to --- Personnel Cabinet KHRIS payroll records regarding fraud --- official court assignment timestamps regarding fraud — and authenticated audio recordings regarding fraud — that establish the pattern of racketeering activity required by 18 U.S.C. §1961(5) and §1961 through §1964(c). Plaintiffs incorporate by reference in full detail--paragraphs 2631A through 2631M. Court employees have fraudulently attempted to deceive Plaintiff through phone and internet phone interstate communications --- audio recorded and transcribed. Plaintiff asserts many documented electronic communications notifying judges and court employees that Plaintiff was being targeted in Washington State. Plaintiffs also incorporate by reference in full detail PX-129, PX-136, PX-158. PX-159, PX-160, PX-48, PX-49, PX-129 through PX-133, PX-136, PX-137 through PX-154, PX-143 --- supports the fraud and also supports the fraudulent effective destruction of records related to Eric Haner, Susan Gibson, and others.

1649. The **foregoing constitutes Plaintiffs' short and plain statement of this claim for relief** in compliance with Fed. R. Civ. P. 8(a)(2).

1650. Additionally, The Defendant's **legally binding and conclusive, judicially admitted participation in forged legal documents/instruments** has resulted in **continuous**, unlawful **tortious interference** with Trustee Edward Colgate's administration of **The Colgate Family Living Trust dated January 29, 2020,** with **each day since March 1, 2020**, constituting a **new act of fraudulent obstruction** and fiduciary harm/injury. This Claim for Relief is pled under a continuing tort doctrine, as Defendant's obstruction of Trustee Edward Colgate's fiduciary duties and Trustee recovery rights under the Trust constitutes an ongoing violation, with each day **renewing** the harm/injury and **tolling** all applicable statutes of limitation. Additionally, **each day that Defendant refuses and fails to report her own elder abuse and tortious fiduciary interference under KRS 209.030 constitutes a new statutory violation**, which further **renews** and **tolls** all relevant statutes of limitation under Kentucky and federal law.

1651. Each day that Judge Morris's and other judges' **fraudulent felony accusations remain embedded in void ab initio orders** constitutes a continuing denial of all Kentucky court access and systemic obstruction of justice in violation of 42 U.S.C. §§ 1983 and 1985(2)-(3), and the First, Seventh, and Fourteenth Amendments. Their collective refusal to report their own and each other's illegal or fraudulent actions under **KRS 26A.080 and KRS 209.030** perpetuates retaliatory elder abuse under **KRS 209.050, renewing** the constitutional and statutory harm/injury daily and **tolling all applicable statutes of limitation** under the continuing tort doctrine.

1652. **No state or federal court in the United States has ever attempted to bar, obstruct, or deny a civil plaintiff from all court access across an entire state by fraudulently accusing**

**them of felonies.** The absurdity and illegality of such an act is so blatant that it has never been attempted by any judge in any jurisdiction. Adding to the absurdity and illegality is the fact that the Defendant had not been legally served yet. Jefferson Circuit Court is the first to attempt this type of illegal act or fraud, which is retaliatory under KRS 209.050, KRS 209.030, KRS 209.990, KRS 26A.015(2), and is an attempt to intimidate and tamper with a witness, which is also a violation of 42 U.S.C. §§ 1983 and 1985(2)-(3).

**CLAIM FOR RELIEF LXX**--(Also a Count and Cause of Action) — Defendant's **Complicity and Conspiracy in Fraud by Wire in Violation of 18 U.S.C. § 1343, a Predicate RICO Act under 18 U.S.C. §§ 1961–1964(c) (Racketeer Influenced and Corrupt Organizations Act), Constituting a predicate offense under 18 U.S.C. § 1961(1)(B), forming part of a pattern of racketeering activity actionable under 18 U.S.C. § 1962(d), and is actionable under 18 U.S.C. § 1964(c) for civil remedies and threefold the damages** --- Through Defendant's Complicity and Conspiracy With One or More Judges (without jurisdiction) --- the Elected Jefferson Circuit Court Clerk --- Jefferson Circuit Court Clerk's Office Employees — Administrative Office of the Courts Employees --- Court Administrators — Staff Attorneys — Acting Under Color of State Law --- and Through Defendant's Complicity and Conspiracy With Private Citizens and Entities — Individually or in Any Combination --- **Connected with Fraudulent Insurance Acts under KRS 304.47-020 and KRS 502.020, in Furtherance of Elder Abuse, Financial Exploitation under KRS 209.020(9) and KRS 209.990, Regarding Doris Colgate's Washington National Insurance Company Annuity Funds that were Valued at $27,418.64; Obstruction of Justice and Obstruction of Elder Abuse Recovery; Unjust Enrichment; Connected with Obstruction of Plaintiff's Fiduciary Duties, Rights, Recovery; And Elder Abuse Via Washington National's Illegal/Fraudulent Annuity Liquidation in**

**Full; This annuity was/is headquartered in Indiana.** Actionable under all aforementioned Federal and State Laws and under 42 U.S.C. § 1983, 42 U.S.C. § 1985(2)-(3); KRS 304.47-020(1)(a), (b), (c), (d), (g), and (6), KRS 209.030, KRS 209.050, KRS 446.070, KRS 386B.8-010, KRS 386B.1-010(1), KRS 386B.8-180(1)(a), KRS 386B.4-100, FRCP 17(a)(1)(E), KRS 457.350(1)-(2); conversion where applicable, Obstruction of Recovery, Unjust Enrichment; Legally Binding and Conclusive Judicial Admissions of Liability and Damages under CR 8.04, 28 U.S.C. § 1367(a); the First, Seventh, and Fourteenth Amendments; 18 U.S.C. § 1349, and the Supremacy Clause, Art. VI, Cl. 2); Supported by Rankin v. Howard, 633 F. 2d 844 (9th Circuit 1980) and US v. Dugan; Causing/Enabling Harm/Injury/Unjust Enrichment.

1653. Plaintiffs reassert and incorporate by reference in full detail all of Section XII: Master Comprehensive Incorporation of Exhibits, Evidentiary Foundation, Jurisdictional Foundation, Record of Judicial Misconduct, Systemic Civil Rights Obstruction, Denial of All Access to All Kentucky Courts, Constitutional and Federal Enforcement Framework, the Supremacy Clause (Art. VI, Cl. 2), and all preceding paragraphs as though fully restated and fully set forth herein this claim for relief/relief entitled to-sought-demanded. Plaintiffs further assert all of the following:

**Plaintiffs hereby assert the following "Short and Plain Statement" (Fed. R. Civ. P. 8(a)(2)):**

1654. Plaintiffs reassert and incorporate by reference in full detail all prior paragraphs, including all facts, all statutory violations, and all legally binding and conclusive judicial admissions of liability and damages in Kentucky State case 25-CI-001371 against Susan Wilson. See PX-51, PX-55, PX-56.

1655. Plaintiffs reassert and incorporate by reference in full detail all legally binding and conclusive judicial admissions of liability and damages in cases 25-CI-001371, 25-CI-001568,

25-CI-001795, 25-CI-001796, 25-CI-001121, with cases 25-CI-001568, 25-CI-001795, 25-CI-001796, 25-CI-001121 **facially fully supporting case 25-CI-001371 (Refer to PX-51 through PX-62 and PX-96, PX-95)**, as though fully restated and fully set forth herein this claim for relief/relief entitled to-sought-demanded.

1656. **Legal Integration:** Supplemental, federal question, and civil rights jurisdiction are applied to --- Defendant's Complicity and Conspiracy in Fraud by Wire in Violation of 18 U.S.C. § 1343, a Predicate RICO Act under 18 U.S.C. §§ 1961–1964(c) (Racketeer Influenced and Corrupt Organizations Act), Constituting a predicate offense under 18 U.S.C. § 1961(1)(B), forming part of a pattern of racketeering activity actionable under 18 U.S.C. § 1962(d), and is actionable under 18 U.S.C. § 1964(c) for civil remedies and threefold the damages --- Through Defendant's Complicity and Conspiracy With One or More Judges (without jurisdiction) — the Elected Jefferson Circuit Court Clerk — Jefferson Circuit Court Clerk's Office Employees — Administrative Office of the Courts Employees — Court Administrators — Staff Attorneys — Acting Under Color of State Law --- and Through Defendant's Complicity and Conspiracy With Private Citizens and Entities — Individually or in Any Combination --- Connected with Fraudulent Insurance Acts under KRS 304.47-020 and KRS 502.020, in Furtherance of Elder Abuse, Financial Exploitation under KRS 209.020(9) and KRS 209.990, Regarding Doris Colgate's Washington National Insurance Company Annuity Funds that were Valued at $27,418.64; Obstruction of Justice and Obstruction of Elder Abuse Recovery; Unjust Enrichment; Connected with Obstruction of Plaintiff's Fiduciary Duties, Rights, Recovery; And Elder Abuse Via Washington National's Illegal/Fraudulent Annuity Liquidation in Full; This annuity was/is headquartered in Indiana. Actionable under all aforementioned Federal and State Laws and under 42 U.S.C. § 1983, 42 U.S.C. § 1985(2)-(3); KRS 304.47-020(1)(a), (b), (c), (d),

(g), and (6), KRS 209.030, KRS 209.050, KRS 446.070, KRS 386B.8-010, KRS 386B.1-010(1), KRS 386B.8-180(1)(a), KRS 386B.4-100, FRCP 17(a)(1)(E), KRS 457.350(1)-(2); conversion where applicable, Obstruction of Recovery, Unjust Enrichment; Legally Binding and Conclusive Judicial Admissions of Liability and Damages under CR 8.04, 28 U.S.C. § 1367(a); the First, Seventh, and Fourteenth Amendments; 18 U.S.C. § 1349, and the Supremacy Clause, Art. VI, Cl. 2); Supported by Rankin v. Howard, 633 F. 2d 844 (9th Circuit 1980) and US v. Dugan; Causing/Enabling Harm/Injury/Unjust Enrichment. **Claim for Relief LXX independently states a federal claim for relief, including a RICO claim for relief,** enabling/causing unjust enrichment, and incorporates, **in part,** the same set of facts, harms/injuries, and legally binding and conclusive judicial admissions now as a basis for federal relief, including but not limited to punitive damages. Defendant and others continue their elder abuse of Doris Colgate each and every day they refuse to report themselves and others for elder abuse. Special damages to be awarded are **$27,418.64 plus 3 times treble damages** pursuant to 18 U.S.C. §§ 1961--1964(c), in addition to other damages. Plaintiffs incorporate by reference in full detail **Sections XVIII, XIX, XXXVI, XXVI, XXX, XXXII, XXVIII, XXIX, XXXI, XXXV, XXVII, XXXVII, PX-63 through PX-87,** PX-42 through PX-49, PX-108, all 167 Exhibits, and the **First through the Fourteenth FRE 201 Judicial Notices** of judicially **noticed adjudicative facts,** which include approximately **1,044 total adjudicative facts,** including approximately **322 adjudicative facts** supporting **jurisdiction** in the U.S. District Court for the Western District of Washington; **FRE 201 Adjudicative Facts in Judicial NOTICES --- 2 through 8, 10, and 12 --- fully support jurisdiction.** All aforementioned incorporations provide **100% certainty** of fraudulently assigned judges and fraudulently assigned case numbers --- prior to the legal filings by Plaintiffs of all 10 of their year-2025 cases --- with all 10 cases being illegally and fraudulently filed and

processed by a non-existent/ non-payroll name in year-2025 --- which did not generate a legal random judge assignment and which did not generate a legal case number assignment --- and thereby provides 100% certainty that Kentucky judges NEVER had jurisdiction and NEVER will have jurisdiction. Plaintiffs assert Rankin v. Howard, 633 F. 2d 844 (9th Circuit 1980) and United States v. Dugan, 2:25-cr-00089 (E.D. Wis. 2025) regarding judges without jurisdiction. Plaintiffs also incorporate by reference in full detail **Section XXXIX** and the **Twelfth FRE 201 NOTICE --- regarding interstate transfers.**

1657. Defendant Wilson has **legally binding and conclusive judicial admissions of Forgery/Complicity in Forgery** with full liability regarding legal documents dated on or near 3-4-2020, and later, including but not limited to a power of attorney document, a trust revocation document, a Will, and/or a document fraudulently removing Doris Colgate's real estate, located at 410 Wisteria Avenue, Jefferson County, from the Trust.

1658. The annuity was held by Washington National Insurance Company's **Annuity Division,** which is **headquartered in Indiana, not** in Kentucky. The annuity liquidation at issue involved **interstate electronic communications and transactions across state lines,** constituting a wire transmission in interstate commerce, triggering the applicability of **18 U.S.C. § 1343.** Interstate telephone calls and/or interstate electronic communications and/or interstate electronic financial assets/money transfers were made in furtherance of the scheme.

1659. **RICO Enterprise, Treble Damages, and Justification for Enhanced Punitive Relief:** Plaintiffs further assert that all aforementioned and all following deprivations---spanning judicial misconduct, fraudulent felony threats, illegal case assignments, obstruction of all court access in Kentucky, statutory rewriting by judges without jurisdiction, destruction and concealment of records, systemic obstruction and denial of appellate review, and coordinated retaliation against


Edward Colgate 22023 SE Wax Rd., Box 1452, Maple Valley, WA 98038, King Co.

protected elder-abuse reporting—constitute racketeering activity actionable under the Racketeer Influenced and Corrupt Organizations Act **(RICO), 18 U.S.C. §§ 1961–1964.** Under **18 U.S.C. § 1961(4), the term "enterprise" includes "any group of individuals associated in fact although not a legal entity," which in this case plainly encompasses the coordinated network of public officials, judges, attorneys, public employees, and private actors who conspired to defraud and obstruct Plaintiffs' recovery.** Under **18 U.S.C. § 1962**: A person is liable when they **participate,** directly or **"indirectly"** in the illegal misconduct. This RICO enterprise engaged in repeated acts of wire fraud, securities fraud, identity fraud, mail fraud, laundering of monetary instruments, and obstruction of justice, obstruction of elder abuse recovery and other recovery—all targeting a federally protected party (the reporting fiduciary and caregiver of a vulnerable adult) acting from Washington State. The attack and targeting of Plaintiff in Washington State is a direct attack and targeting of the assets of the abused elder herself, Doris Colgate. **Civil relief/remedies** are provided under 18 U.S.C. § 1964. This constitutes a separate and distinct predicate act under 18 U.S.C. § 1343 in furtherance of the racketeering enterprise under 18 U.S.C. § 1961(1)(B). Plaintiffs assert and incorporate by reference in full the following regarding the **broad definition of an associated-in-fact enterprise --- in support of Plaintiffs' RICO Claims for Relief: Odom v. Microsoft Corp., 486 F. 3d 541 - Court of Appeals, 9th Circuit 2007 and United States v. Turkette, 452 US 576 - Supreme Court 1981 in Section XX.**

1660. Defendant Susan Wilson was and is complicit in and conspired in a scheme with Judge Patricia Morris, whereby Judge Morris weaponized a **knowingly false and fraudulent felony accusation** of "unauthorized practice of law" against pro se Plaintiffs— who were acting lawfully under KRS 209.030(2) and as a fiduciary under valid Trust and POA instruments—in

order to deny Plaintiffs all access to all Kentucky courts and to **obstruct elder abuse recovery. Patricia Morris's fraudulent felony accusation is also proven by Defendant Susan Wilson's legally binding and conclusive judicial admissions of Plaintiffs' legal standing, Defendant's liability, and Defendant's damages.** See **PX-12, PX-51, PX-55, PX-56.**

1661. This denial was executed **without jurisdiction**, violated Plaintiffs' constitutional rights and statutory rights, and directly benefited Defendant, who remained **unjustly enriched** as a result. The fraudulent accusation by Judge Morris occurred 19 **days prior** to Defendant Wilson being legally served by the Jefferson County Sheriff. When filing the Complaint, Plaintiffs paid the mandatory $60 fee directly to the Jefferson Circuit Court Clerk to have legal service by the Sheriff executed immediately.

1662. The timing and coordination of this judicial obstruction before lawful service—despite the court's active role in facilitating Wilson's service—demonstrates an **ultra vires abuse** of office by Morris to shield Wilson from litigation and to obstruct and block all statutory recovery.

1663. Direct communication between Wilson and Morris does **not** need to be proven to establish complicity under KRS 502.020 and conspiracy under 42 U.S.C. § 1985(2)-(3) . The judicial act of denying Plaintiffs all court access functioned as **an overt act in furtherance of a shared unlawful objective** to obstruct justice and to illegally protect Wilson from liability, in violation of 42 U.S.C. §§ 1983, 1985(2)-(3) and in Violation of the First, Seventh, and Fourteenth Amendments, 18 U.S.C. § 1349, and the Supremacy Clause, Art. VI, Cl. 2.

1664. Plaintiffs incorporate by reference in full detail all liability for **similar "Claim for Relief XXVII." Claim for Relief XXVII** is legally binding and conclusive based on Defendant's judicial admissions of liability in Kentucky Case No. 25-CI-001371 pursuant to CR 8.04 and 28 U.S.C. § 1367(a).

1665. Susan Wilson was and is complicit with and conspired with judge Morris or Patricia Morris, who was and is **acting in the absence of jurisdiction.** See **Rankin v. Howard, 633 F. 2d 844 (9th Circuit 1980) and US v. Dugan;** Also refer to **all details in SECTION XII for evidence against Morris, and also for evidence of systemic corruption.**

1666. Plaintiffs accordingly respectfully demand immediate entry of judgment as to liability and a corresponding award of **$27,418.64** in special damages --- representing the complete fraudulent liquidation of Doris Colgate's Washington National Insurance Company Annuity Fund --- admitted as a sum-certain through Wilson's CR 8.04 default in Kentucky case 25-CI-001371 --- and independently confirmed through four additional defendants' CR 8.04 defaults across four supporting Kentucky cases — constituting a wire fraud predicate act under 18 U.S.C. §1343 arising from interstate wire communications directed at Washington National Insurance Company's Indiana's headquarters **mandating treble damages of $82,255.92** pursuant to 18 U.S.C. §1964(c) which shall be trebled as a matter of law upon entry of judgment on this claim --- and dividends and interest defrauded from Doris --- also admitted by Wilson and four additional defendants through CR 8.04 admissions --- and general damages and punitive damages. and dividends and interest defrauded from Doris --- also admitted by Wilson and four additional defendants through CR 8.04 admissions --- and general damages and punitive damages. Plaintiffs assert their right to bring **RICO** claims under 18 U.S.C. §§1961 through 1964(c) in this federal complaint — claims that were not and could not have been brought in the Kentucky state court proceedings for the following simultaneous and independent reasons. **First** --- Kentucky state courts lack jurisdiction to adjudicate civil RICO claims under 18 U.S.C. §1964(c) because civil RICO is a federal statutory cause of action arising under federal law --- conferring exclusive or primary jurisdiction on federal district courts — making the Western District of Washington

the first court with authority to adjudicate these claims. **Second** — the RICO pattern of racketeering activity — including but not limited to --- the wire fraud predicates under 18 U.S.C. §1343 arising from the interstate annuity and securities liquidations directed at financial institutions headquartered in Alabama · Iowa — Indiana — North Carolina — and Illinois — the laundering of monetary instruments predicates under 18 U.S.C. §1956 arising from the subsequent transfer and use of fraudulently obtained proceeds and the securities fraud predicates under 18 U.S.C. §1348 — were pleaded as Kentucky state law violations in the state complaint under annuity fraud and under the state securities statute --- and are now additionally characterized as federal RICO predicate acts — which is a separate and additional federal layer of liability arising from the same admitted misconduct — not a new or inconsistent theory. **Third** — Wilson's CR 8.04 legally binding and conclusive admissions across five Kentucky cases — establishing --- including but not limited to --- the underlying annuity fraud — securities fraud — forgery · elder abuse — as admitted adjudicative facts — constitute the evidentiary foundation for the RICO predicate acts — which could only be properly developed and presented after those admissions were generated through Wilson's procedural default **and** after Plaintiffs accumulated the additional enterprise evidence --- including but not limited to --- Personnel Cabinet KHRIS payroll records regarding fraud --- official court assignment timestamps regarding fraud --- and authenticated audio recordings regarding fraud --- that establish the pattern of racketeering activity required by 18 U.S.C. §1961(5) and §1961 through §1964(c). Plaintiffs incorporate by reference in full detail--paragraphs 2631A through 2631M. Court employees have fraudulently attempted to deceive Plaintiff through phone and internet phone interstate communications --- audio recorded and transcribed. Plaintiff asserts many documented electronic communications notifying judges and court employees that Plaintiff was being

targeted in Washington State. Plaintiffs also incorporate by reference in full detail PX-129, PX-136, PX-158. PX-159, PX-160, PX-48, PX-49, PX-129 through PX-133, PX-136, PX-137 through PX-154, PX-143 --- supports the fraud and also supports the fraudulent effective destruction of records related to Eric Haner, Susan Gibson, and others.

1667. The **foregoing constitutes Plaintiffs' short and plain statement of this claim for relief** in compliance with Fed. R. Civ. P. 8(a)(2).

1668. Additionally, The Defendant's **legally binding and conclusive, judicially admitted participation in forged legal documents/instruments** has resulted in **continuous**, unlawful **tortious interference** with Trustee Edward Colgate's administration of **The Colgate Family Living Trust dated January 29, 2020,** with **each day since March 1, 2020**, constituting a **new act of fraudulent obstruction** and fiduciary harm/injury. This Claim for Relief is pled under a continuing tort doctrine, as Defendant's obstruction of Trustee Edward Colgate's fiduciary duties and Trustee recovery rights under the Trust constitutes an ongoing violation, with each day **renewing** the harm/injury and **tolling** all applicable statutes of limitation. Additionally, **each day that Defendant refuses and fails to report her own elder abuse and tortious fiduciary interference under KRS 209.030 constitutes a new statutory violation**, which further **renews** and **tolls** all relevant statutes of limitation under Kentucky and federal law.

1669. Each day that Judge Morris's and other judges' **fraudulent felony accusations remain embedded in void ab initio orders** constitutes a continuing denial of all Kentucky court access and systemic obstruction of justice in violation of 42 U.S.C. §§ 1983 and 1985(2)-(3), and the First, Seventh, and Fourteenth Amendments. Their collective refusal to report their own and each other's illegal or fraudulent actions under **KRS 26A.080 and KRS 209.030** perpetuates retaliatory elder abuse under **KRS 209.050, renewing** the constitutional and statutory

harm/injury daily and **tolling all applicable statutes of limitation** under the continuing tort doctrine.

1670. **No state or federal court in the United States has ever attempted to bar, obstruct, or deny a civil plaintiff from all court access across an entire state by fraudulently accusing them of felonies.** The absurdity and illegality of such an act is so blatant that it has never been attempted by any judge in any jurisdiction. Adding to the absurdity and illegality is the fact that the Defendant had not been legally served yet. Jefferson Circuit Court is the first to attempt this type of illegal act or fraud, which is retaliatory under KRS 209.050, KRS 209.030, KRS 209.990, KRS 26A.015(2), and is an attempt to intimidate and tamper with a witness, which is also a violation of KRS 524.050, 42 U.S.C. §§ 1983 and 1985(2)-(3).

**CLAIM FOR RELIEF LXXI**--(Also a Count and Cause of Action)— Defendant's **Complicity and Conspiracy in Laundering of Monetary Instruments in Violation of 18 USC § 1956(a)(1)(A)(i) and § 1956(a)(1)(B)(i), a Predicate RICO Act under 18 U.S.C. §§ 1961–1964(c) (Racketeer Influenced and Corrupt Organizations Act), Constituting a predicate offense under 18 U.S.C. § 1961(1)(B), forming part of a pattern of racketeering activity actionable under 18 U.S.C. § 1962(d), and is actionable under 18 U.S.C. § 1964(c) for civil remedies and threefold the damages** --- Through Defendant's Complicity and Conspiracy With One or More Judges (without jurisdiction) — the Elected Jefferson Circuit Court Clerk --- Jefferson Circuit Court Clerk's Office Employees — Administrative Office of the Courts Employees — Court Administrators — Staff Attorneys — Acting Under Color of State Law --- and Through Defendant's Complicity and Conspiracy With Private Citizens and Entities — Individually or in Any Combination --- **regarding Doris Colgate's Protective Life Insurance Company Annuity Fund that was Valued at $54,013.09; Connected with Defendant's**

**Complicity and Conspiracy in Fraud by Wire (18 U.S.C. § 1343, 18 U.S.C. §§ 1961–1964(c)), Regarding Fraudulent Insurance Acts under KRS 304.47-020 and KRS 502.020, in Furtherance of Elder Abuse, Financial Exploitation under KRS 209.020(9) and KRS 209.990, Regarding Doris Colgate's Protective Life Insurance Company Annuity Fund that was Valued at $54,013.09; Obstruction of Justice and Obstruction of Elder Abuse Recovery; Unjust Enrichment; Connected with Obstruction of Plaintiff's Fiduciary Duties, Rights, and Recovery; And Elder Abuse Via Protective Life's Illegal/Fraudulent Annuity Liquidation in Full; This annuity was/is headquartered in Alabama.** Actionable under all aforementioned Federal and State Laws and under 42 U.S.C. § 1983, 42 U.S.C. § 1985(2)-(3); KRS 304.47-020(1)(a), (b), (c), (d), (g), and (6), KRS 209.030, KRS 209.050, KRS 446.070, KRS 386B.8-010, KRS 386B.1-010(1), KRS 386B.8-180(1)(a), KRS 386B.4-100, FRCP 17(a)(1)(E), KRS 457.350(1)-(2); conversion where applicable, Obstruction of Recovery, Unjust Enrichment; Legally Binding and Conclusive Judicial Admissions of Liability and Damages under CR 8.04, 28 U.S.C. § 1367(a); the First, Seventh, and Fourteenth Amendments; 18 U.S.C. § 1349, and the Supremacy Clause, Art. VI, Cl. 2); Supported by Rankin v. Howard, 633 F. 2d 844 (9th Circuit 1980) and US v. Dugan; Causing/Enabling Harm/Injury/Unjust Enrichment.

1671. Plaintiffs reassert and incorporate by reference in full detail all of Section XII: Master Comprehensive Incorporation of Exhibits, Evidentiary Foundation, Jurisdictional Foundation, Record of Judicial Misconduct, Systemic Civil Rights Obstruction, Denial of All Access to All Kentucky Courts, Constitutional and Federal Enforcement Framework, the Supremacy Clause (Art. VI, Cl. 2), and all preceding paragraphs as though fully restated and fully set forth herein this claim for relief/relief entitled to-sought-demanded. Plaintiffs further assert all of the following:

**Plaintiffs hereby assert the following "Short and Plain Statement" (Fed. R. Civ. P. 8(a)(2)):**

1672. Plaintiffs reassert and incorporate by reference in full detail all prior paragraphs, including all facts, all statutory violations, and all legally binding and conclusive judicial admissions of liability and damages in Kentucky State case 25-CI-001371 against Susan Wilson. See PX-51, PX-55, PX-56.

1673. Plaintiffs reassert and incorporate by reference in full detail all legally binding and conclusive judicial admissions of liability and damages in cases 25-CI-001371, 25-CI-001568, 25-CI-001795, 25-CI-001796, 25-CI-001121, with cases 25-CI-001568, 25-CI-001795, 25-CI-001796, 25-CI-001121 **facially fully supporting case 25-CI-001371 (Refer to PX-51 through PX-62 and PX-96, PX-95)**, as though fully restated and fully set forth herein this claim for relief/relief entitled to-sought-demanded.

1674. **Legal Integration:** Supplemental, federal question, and civil rights jurisdiction are applied to --- Defendant's Complicity and Conspiracy in Laundering of Monetary Instruments in Violation of 18 USC § 1956(a)(1)(A)(i) and § 1956(a)(1)(B)(i), a Predicate RICO Act under 18 U.S.C. §§ 1961–1964(c) (Racketeer Influenced and Corrupt Organizations Act), Constituting a predicate offense under 18 U.S.C. § 1961(1)(B), forming part of a pattern of racketeering activity actionable under 18 U.S.C. § 1962(d), and is actionable under 18 U.S.C. § 1964(c) for civil remedies and threefold the damages --- Through Defendant's Complicity and Conspiracy With One or More Judges (without jurisdiction) — the Elected Jefferson Circuit Court Clerk — Jefferson Circuit Court Clerk's Office Employees — Administrative Office of the Courts Employees — Court Administrators — Staff Attorneys — Acting Under Color of State Law --- and Through Defendant's Complicity and Conspiracy With Private Citizens and Entities --- Individually or in Any Combination --- regarding Doris Colgate's Protective Life Insurance

Company Annuity Fund that was Valued at $54,013.09; Connected with Defendant's Complicity and Conspiracy in Fraud by Wire (18 U.S.C. § 1343, 18 U.S.C. §§ 1961 1964(c)), Regarding Fraudulent Insurance Acts under KRS 304.47-020 and KRS 502.020, in Furtherance of Elder Abuse, Financial Exploitation under KRS 209.020(9) and KRS 209.990, Regarding Doris Colgate's Protective Life Insurance Company Annuity Fund that was Valued at $54,013.09; Obstruction of Justice and Obstruction of Elder Abuse Recovery; Unjust Enrichment; Connected with Obstruction of Plaintiff's Fiduciary Duties, Rights, and Recovery; And Elder Abuse Via Protective Life's Illegal/Fraudulent Annuity Liquidation in Full; This annuity was/is headquartered in Alabama. Actionable under all aforementioned Federal and State Laws and under 42 U.S.C. § 1983, 42 U.S.C. § 1985(2)-(3); KRS 304.47-020(1)(a), (b), (c), (d), (g), and (6), KRS 209.030, KRS 209.050, KRS 446.070, KRS 386B.8-010, KRS 386B.1-010(1), KRS 386B.8-180(1)(a), KRS 386B.4-100, FRCP 17(a)(1)(E), KRS 457.350(1)-(2); conversion where applicable, Obstruction of Recovery, Unjust Enrichment; Legally Binding and Conclusive Judicial Admissions of Liability and Damages under CR 8.04, 28 U.S.C. § 1367(a); the First, Seventh, and Fourteenth Amendments; 18 U.S.C. § 1349, and the Supremacy Clause, Art. VI, Cl. 2); Supported by Rankin v. Howard, 633 F. 2d 844 (9th Circuit 1980) and US v. Dugan; Causing/enabling Harm/Injury/unjust enrichment. **Claim for Relief LXXI independently states a federal claim for relief, including a RICO claim for relief,** enabling/causing unjust enrichment, and incorporates, **in part,** the same set of facts, harms/injuries, and legally binding and conclusive judicial admissions now as a basis for federal relief, including but not limited to punitive damages. Defendant and others continue their elder abuse of Doris Colgate each and every day they refuse to report themselves and others for elder abuse. Special damages to be awarded are **$54,013.09 plus 3 times treble damages** pursuant to 18 U.S.C. §§ 1961–1964(c), in

addition to other damages. Plaintiffs incorporate by reference in full detail **Sections XVIII, XIX, XXXVI, XXVI, XXX, XXXII, XXVIII, XXIX, XXXI, XXXV, XXVII, XXXVII, PX-63 through PX-87,** PX-42 through PX-49, PX-108, all 167 Exhibits, and the **First through the Fourteenth FRE 201 Judicial Notices** of judicially **noticed adjudicative facts,** which include approximately **1,044 total adjudicative facts,** including approximately **322 adjudicative facts** supporting **jurisdiction** in the U.S. District Court for the Western District of Washington; **FRE 201 Adjudicative Facts in Judicial NOTICES --- 2 through 8, 10, and 12 --- fully support jurisdiction.** All aforementioned incorporations provide **100% certainty** of fraudulently assigned judges and fraudulently assigned case numbers --- prior to the legal filings by Plaintiffs of all 10 of their year-2025 cases --- with all 10 cases being illegally and fraudulently filed and processed by a non-existent/ non-payroll name in year-2025 --- which did not generate a legal random judge assignment and which did not generate a legal case number assignment --- and thereby provides 100% certainty that Kentucky judges NEVER had jurisdiction and NEVER will have jurisdiction. Plaintiffs assert Rankin v. Howard, 633 F. 2d 844 (9th Circuit 1980) and United States v. Dugan, 2:25-cr-00089 (E.D. Wis. 2025) regarding judges without jurisdiction. Plaintiffs also incorporate by reference in full detail **Section XXXIX** and the **Twelfth FRE 201 NOTICE --- regarding interstate transfers.**

1675. Defendant Wilson has **legally binding and conclusive judicial admissions of Forgery/Complicity in Forgery** with full liability regarding legal documents dated on or near 3-4-2020, and later, including but not limited to a power of attorney document, a trust revocation document, a Will, and/or a document fraudulently removing Doris Colgate's real estate, located at 410 Wisteria Avenue, Jefferson County, from the Trust.

1676. Defendant's conspiracy in these acts is **independently actionable** under Federal Law as offenses under **18 U.S.C. § 1956(a)(1)(A)(i) and (B)(i),** and support **liability under 42 U.S.C. § 1983 and 42 U.S.C. § 1985(2)-(3)** based on the obstruction of lawful fiduciary duties, and based on the retaliatory concealment of deceptively or fraudulently misappropriated elder assets across state lines.

1677. The financial transactions asserted/alleged herein, including unauthorized liquidation of annuity contracts and cross-state wire transfers, constitute both fraud by wire under 18 U.S.C. § 1343 and the laundering of annuity funds from such fraudulent misconduct, in violation of 18 U.S.C. § 1956(a)(1)(A)(i) and (B)(i).

1678. Plaintiffs assert that Defendant Wilson's conspiracy scheme involved both the initial execution of **interstate wire fraud and the subsequent laundering of those funds** to disguise their origin, thereby constituting **violations** of both **18 U.S.C. § 1343 and 18 U.S.C. § 1956.**

**18 USC § 1956(a)(1)(A)(i) and § 1956(a)(1)(B)(i)--Laundering of monetary instruments--** Whoever, knowing that the property involved in a financial transaction represents the proceeds of some form of unlawful activity, conducts or attempts to conduct such a **financial transaction** which in fact involves the proceeds of specified unlawful activity-**(A)(i)** with the intent to promote the carrying on of specified unlawful activity; **(B) knowing** that the **transaction is designed in whole or in part-(i) to conceal or disguise the nature, the location, the source, the ownership, or the control of the proceeds of specified unlawful activity**; On or about **January 26, 2023,** Defendant Susan Wilson was knowingly complicit in conducting a financial transaction—the fraudulent **full liquidation** of Doris Colgate's Protective Life Insurance Company Annuity Funds (Contract No. [redacted]0213)—**knowing the funds** involved were being

**obtained** through unlawful acts, including fraud, deception, identity misuse/fraud/theft, and **forgery.**

1679. The liquidation of $54,013.09 from Doris Colgate's Protective Life annuity account was obtained without lawful authority, without informed consent, and without fiduciary legitimacy. Defendant was complicit in deceptively and fraudulently **misrepresenting** the authority under which the perpetrators acted, violating both state and federal law. See PX-10, PX-12, PX-6, PX-31, PX-32, PX-39, PX-24, PX-25, and PX-3, Audios5, 6, 8, 10, 11, 12, 13, 16, 18.

1680. The proceeds of this liquidation were part of a **broader fraudulent scheme** involving fraudulent self-dealing, document forgery, and the obstruction of Plaintiff Edward Colgate's fiduciary duties. The **funds** were then **fraudulently used by Susan Wilson, Lori Fox, and Michelle Burkhead** in whole or in part, for **furthering their legal defense regarding their fraud against Doris,** and deceptively and fraudulently **concealing** the nature of the misappropriation, **satisfying 18 U.S.C. § 1956(a)(1)(B)(i).**

1681. Defendant's complicity in enabling fraudulent **financial transactions** associated with this annuity **involved:**

**(a)** Illegal transfer of funds electronically across state lines;

**(b)** Illegal use of Doris Colgate's unlawfully obtained annuity proceeds for Wilson's, Fox's, and Burkhead's private legal defense regarding Wilson's, Fox's, and Burkhead's fraud against Doris;

**(c)** Illegal concealment of the true nature of the transaction from Protective Life Insurance Company, and from Doris Colgate, and from Edward Colgate; Or in the alternative, Protective Life Insurance Company was/is complicit in and conspired in this claim for relief.

**(d)** Illegal obstruction and deprivation of Edward Colgate's ability to act as Trustee and POA to recover damages on Doris's behalf.

1682. The annuity was held by Protective Life Insurance Company Life and Annuity Division, which is headquartered in Birmingham, **Alabama, not** in Kentucky. The annuity liquidation at issue involved **interstate electronic communications and transactions across state lines,** constituting a wire transmission in interstate commerce, triggering the applicability of 18 U.S.C. § 1343. Interstate telephone calls and/or interstate electronic communications and/or electronic financial assets/money transfers were made in furtherance of the scheme.

1683. **RICO Enterprise, Treble Damages, and Justification for Enhanced Punitive Relief:** Plaintiffs further assert that all aforementioned and all following deprivations—spanning judicial misconduct, fraudulent felony threats, illegal case assignments, obstruction of all court access in Kentucky, statutory rewriting by judges without jurisdiction, destruction and concealment of records, systemic obstruction and denial of appellate review, and coordinated retaliation against protected elder-abuse reporting constitute racketeering activity actionable under the Racketeer Influenced and Corrupt Organizations Act **(RICO), 18 U.S.C. §§ 1961–1964.** Under **18 U.S.C. § 1961(4), the term "enterprise" includes "any group of individuals "associated in fact" "although not a legal entity," which in this case plainly encompasses the coordinated network of public officials, judges, attorneys, public employees, and private actors who conspired to defraud and obstruct Plaintiffs' recovery.** Under **18 U.S.C. § 1962**: A person is liable when they **participate,** directly or **"indirectly"** in the illegal misconduct. This RICO enterprise engaged in repeated acts of wire fraud, securities fraud, identity fraud, mail fraud, laundering of monetary instruments, and obstruction of justice, obstruction of elder abuse recovery and other recovery—all targeting a federally protected party (the reporting fiduciary

and caregiver of a vulnerable adult) acting from Washington State. The attack and targeting of Plaintiff in Washington State is a direct attack and targeting of the assets of the abused elder herself, Doris Colgate. **Civil relief/remedies** are provided under 18 U.S.C. § 1964. This constitutes a separate and distinct predicate act under 18 USC § 1956(a)(1)(A)(i) and § 1956(a)(1)(B)(i) in furtherance of the racketeering enterprise under 18 U.S.C. § 1961(1)(B). Plaintiffs assert and incorporate by reference in full the following regarding the **broad definition of an associated-in-fact enterprise --- in support of Plaintiffs' RICO Claims for Relief: Odom v. Microsoft Corp., 486 F. 3d 541 - Court of Appeals, 9th Circuit 2007 and United States v. Turkette, 452 US 576 - Supreme Court 1981 in Section XX.**

1684. Plaintiffs accordingly respectfully demand immediate entry of judgment as to liability and a corresponding award of **$54,013.09** in special damages --- representing the complete fraudulent liquidation of Doris Colgate's Protective Life Insurance Company Annuity Fund — admitted as a sum-certain through Wilson's CR 8.04 default in Kentucky case 25-CI-001371 --- and independently confirmed through four additional defendants' CR 8.04 defaults across four supporting Kentucky cases --- constituting a Laundering of Monetary Instruments predicate act under 18 USC § 1956(a)(1)(A)(i) and § 1956(a)(1)(B)(i), arising from laundering of monetary instruments directed at Protective Life Insurance Company's Alabama's headquarters — **mandating treble damages of $162,039.27** pursuant to 18 U.S.C. §1964(c) --- which shall be trebled as a matter of law upon entry of judgment on this claim --- and dividends and interest defrauded from Doris --- also admitted by Wilson and four additional defendants through CR 8.04 admissions --- and general damages and punitive damages. Plaintiffs assert their right to bring **RICO** claims under 18 U.S.C. §§1961 through 1964(c) in this federal complaint --- claims that were not and could not have been brought in the Kentucky state court proceedings --- for the

following simultaneous and independent reasons. **First** — Kentucky state courts lack jurisdiction to adjudicate civil RICO claims under 18 U.S.C. §1964(c) because civil RICO is a federal statutory cause of action arising under federal law — conferring exclusive or primary jurisdiction on federal district courts — making the Western District of Washington the first court with authority to adjudicate these claims. **Second** — the RICO pattern of racketeering activity — including but not limited to — the wire fraud predicates under 18 U.S.C. §1343 arising from the interstate annuity and securities liquidations directed at financial institutions headquartered in Alabama — Iowa — Indiana — North Carolina — and Illinois — the laundering of monetary instruments predicates under 18 U.S.C. §1956 arising from the subsequent transfer and use of fraudulently obtained proceeds — and the securities fraud predicates under 18 U.S.C. §1348 — were pleaded as Kentucky state law violations in the state complaint under annuity fraud and under the state securities statute — and are now additionally characterized as federal RICO predicate acts — which is a separate and additional federal layer of liability arising from the same admitted misconduct — not a new or inconsistent theory. **Third** — Wilson's CR 8.04 legally binding and conclusive admissions across five Kentucky cases — establishing — including but not limited to — the underlying annuity fraud — securities fraud — forgery — elder abuse — as admitted adjudicative facts — constitute the evidentiary foundation for the RICO predicate acts — which could only be properly developed and presented after those admissions were generated through Wilson's procedural default **and** after Plaintiffs accumulated the additional enterprise evidence — including but not limited to — Personnel Cabinet KHRIS payroll records regarding fraud — official court assignment timestamps regarding fraud — and authenticated audio recordings regarding fraud — that establish the pattern of racketeering activity required by 18 U.S.C. §1961(5) and §1961 through §1964(c). Plaintiffs incorporate by

reference in full detail--paragraphs 2631A through 2631M. Court employees have fraudulently attempted to deceive Plaintiff through phone and internet phone interstate communications --- audio recorded and transcribed. Plaintiff asserts many documented electronic communications notifying judges and court employees that Plaintiff was being targeted in Washington State. Plaintiffs also incorporate by reference in full detail PX-129, PX-136, PX-158. PX-159, PX-160, PX-48, PX-49, PX-129 through PX-133, PX-136, PX-137 through PX-154, PX-143 --- supports the fraud and also supports the fraudulent effective destruction of records related to Eric Haner, Susan Gihson, and others.

1685. The **foregoing constitutes Plaintiffs' short and plain statement of this claim for relief** in compliance with Fed. R. Civ. P. 8(a)(2).

Plaintiffs further assert the following **Additional Plausibility** statements:

1686. Defendant Susan Wilson was and is complicit in a scheme and conspired in a scheme with Judge Patricia Morris, whereby Judge Morris weaponized a **knowingly false and fraudulent felony accusation** of "unauthorized practice of law" against pro se Plaintiffs—who were acting lawfully under KRS 209.030(2) and as a fiduciary under valid Trust and POA instruments—in order to deny Plaintiffs all access to all Kentucky courts and to **obstruct elder abuse recovery. Patricia Morris's fraudulent felony accusation is also proven by Defendant Susan Wilson's legally binding and conclusive judicial admissions of Plaintiffs' legal standing, Defendant's liability, and Defendant's damages.** See **PX-12, PX-51, PX-55, PX-56.**

1687. This denial was executed **without jurisdiction**, violated Plaintiffs' constitutional rights and statutory rights, and directly benefited Defendant, who remained **unjustly enriched** as a result. The fraudulent accusation by Judge Morris occurred **19 days prior** to Defendant Wilson being legally served by the Jefferson County Sheriff. When filing the Complaint, Plaintiffs paid

the mandatory $60 fee directly to the Jefferson Circuit Court Clerk to have legal service by the Sheriff executed immediately.

1688. The timing and coordination of this judicial obstruction before lawful service despite the court's active role in facilitating Wilson's service—demonstrates an **ultra vires abuse** of office by Morris to shield Wilson from litigation and to obstruct and block all statutory recovery.

1689. Direct communication between Wilson and Morris does **not** need to be proven to establish complicity under KRS 502.020 and conspiracy under 42 U.S.C. § 1985(2)-(3) . The judicial act of denying Plaintiffs all court access functioned as **an overt act in furtherance of a shared unlawful objective** to obstruct justice and to illegally protect Wilson from liability, in violation of 42 U.S.C. §§ 1983, 1985(2)-(3) and in Violation of the First, Seventh, and Fourteenth Amendments, 18 U.S.C. § 1349, and the Supremacy Clause, Art. VI, Cl. 2.

1690. Plaintiffs incorporate by reference in full detail all liability for **similar "Claim for Relief XXV." Claim for Relief XXV** is legally binding and conclusive based on Defendant's judicial admissions of liability in Kentucky Case No. 25-CI-001371 pursuant to CR 8.04 and 28 U.S.C. § 1367(a).

1691. Susan Wilson was and is **complicit** with and **conspired** with judge Morris or Patricia Morris, who was and is **acting in the absence of jurisdiction.** See Rankin v. Howard, 633 F. 2d 844 (9th Circuit 1980) and US v. Dugan; Also refer to all details in SECTION XII for evidence against Morris, and also for evidence of systemic corruption.

1692. Additionally, The Defendant's **legally binding and conclusive, judicially admitted participation in forged legal documents/instruments** has resulted in **continuous**, unlawful **tortious interference** with Trustee Edward Colgate's administration of **The Colgate Family Living Trust dated January 29, 2020**, with **each day since March 1, 2020**, constituting a **new**

**act of fraudulent obstruction** and fiduciary harm/injury. This Claim for Relief is pled under a continuing tort doctrine, as Defendant's obstruction of Trustee Edward Colgate's fiduciary duties and Trustee recovery rights under the Trust constitutes an ongoing violation, with each day **renewing** the harm/injury and **tolling** all applicable statutes of limitation. Additionally, **each day that Defendant refuses and fails to report her own elder abuse and tortious fiduciary interference under KRS 209.030 constitutes a new statutory violation**, which further **renews** and **tolls** all relevant statutes of limitation under Kentucky and federal law.

1693. Each day that Judge Morris's and other judges' **fraudulent felony accusations remain embedded in void ab initio orders** constitutes a continuing denial of all Kentucky court access and systemic obstruction of justice in violation of 42 U.S.C. §§ 1983 and 1985(2)-(3), and the First, Seventh, and Fourteenth Amendments. Their collective refusal to report their own and each other's illegal or fraudulent actions under **KRS 26A.080 and KRS 209.030** perpetuates retaliatory elder abuse under **KRS 209.050**, **renewing** the constitutional and statutory harm/injury daily and **tolling all applicable statutes of limitation** under the continuing tort doctrine.

1694. **No state or federal court in the United States has ever attempted to bar, obstruct, or deny a civil plaintiff from all court access across an entire state by fraudulently accusing them of felonies.** The absurdity and illegality of such an act is so blatant that it has never been attempted by any judge in any jurisdiction. Adding to the absurdity and illegality is the fact that the Defendant had not been legally served yet. Jefferson Circuit Court is the first to attempt this type of illegal act or fraud, which is retaliatory under KRS 209.050, KRS 209.030, KRS 209.990, KRS 26A.015(2), and is an attempt to intimidate and tamper with a witness, which is also a violation of 42 U.S.C. §§ 1983 and 1985(2)-(3).

**CLAIM FOR RELIEF LXXII**--(Also a Count and Cause of Action)--- Defendant's **Complicity and Conspiracy in Laundering of Monetary Instruments in Violation of 18 USC § 1956(a)(1)(A)(i) and § 1956(a)(1)(B)(i), a Predicate RICO Act under 18 U.S.C. §§ 1961--1964(c) (Racketeer Influenced and Corrupt Organizations Act), Constituting a predicate offense under 18 U.S.C. § 1961(1)(B), forming part of a pattern of racketeering activity actionable under 18 U.S.C. § 1962(d), and is actionable under 18 U.S.C. § 1964(c) for civil remedies and threefold the damages ---** Through Defendant's Complicity and Conspiracy With One or More Judges (without jurisdiction) --- the Elected Jefferson Circuit Court Clerk --- Jefferson Circuit Court Clerk's Office Employees Administrative Office of the Courts Employees --- Court Administrators --- Staff Attorneys --- Acting Under Color of State Law --- and Through Defendant's Complicity and Conspiracy With Private Citizens and Entities --- Individually or in Any Combination --- **regarding Doris Colgate's Transamerica Corporation's Annuity Fund that was Valued at $103,000, Connected with Defendant's Complicity and Conspiracy in Fraud by Wire (18 U.S.C. § 1343, 18 U.S.C. §§ 1961–1964(c)), Regarding Fraudulent Insurance Acts under KRS 304.47-020 and KRS 502.020, in Furtherance of Elder Abuse, Financial Exploitation under KRS 209.020(9) and KRS 209.990, Regarding Doris Colgate's Transamerica Corporation Annuity Fund that was Valued at $103,000; Obstruction of Justice and Obstruction of Elder Abuse Recovery; Unjust Enrichment; Obstruction of Plaintiff's Fiduciary Duties, Rights, and Recovery; And Elder Abuse Via Transamerica Corporation's Illegal/Fraudulent Annuity Liquidation in Full; This annuity was/is headquartered in Iowa.** Actionable under all aforementioned Federal and State Laws and under 42 U.S.C. § 1983; 42 U.S.C. § 1985(2)-(3), KRS 304.47-020(1)(a), (b), (c), (d), (g), and (6), KRS 209.030, KRS 209.050, KRS 446.070, KRS 386B.8-

010, KRS 386B.1-010(1), KRS 386B.8-180(1)(a), KRS 386B.4-100, FRCP 17(a)(1)(E), KRS 457.350(1)-(2); conversion where applicable, Obstruction of Recovery, Unjust Enrichment; Legally Binding and Conclusive Judicial Admissions of Liability and Damages under CR 8.04, 28 U.S.C. § 1367(a); the First, Seventh, and Fourteenth Amendments; 18 U.S.C. § 1349, and the Supremacy Clause, Art. VI, Cl. 2); Supported by Rankin v. Howard, 633 F. 2d 844 (9th Circuit 1980) and US v. Dugan; Causing/enabling Harm/Injury/unjust enrichment.

1695. Plaintiffs reassert and incorporate by reference in full detail all of Section XII: Master Comprehensive Incorporation of Exhibits, Evidentiary Foundation, Jurisdictional Foundation, Record of Judicial Misconduct, Systemic Civil Rights Obstruction, Denial of All Access to All Kentucky Courts, Constitutional and Federal Enforcement Framework, the Supremacy Clause (Art. VI, Cl. 2), and all preceding paragraphs as though fully restated and fully set forth herein this claim for relief/relief entitled to-sought-demanded. Plaintiffs further assert all of the following:

**Plaintiffs hereby assert the following "Short and Plain Statement" (Fed. R. Civ. P. 8(a)(2)):**

1696. Plaintiffs reassert and incorporate by reference in full detail all prior paragraphs, including all facts, all statutory violations, and all legally binding and conclusive judicial admissions of liability and damages in Kentucky State case 25-CI-001371 against Susan Wilson. See PX-51, PX-55, PX-56.

1697. Plaintiffs reassert and incorporate by reference in full detail all legally binding and conclusive judicial admissions of liability and damages in cases 25-CI-001371, 25-CI-001568, 25-CI-001795, 25-CI-001796, 25-CI-001121, with cases 25-CI-001568, 25-CI-001795, 25-CI-001796, 25-CI-001121 **facially fully supporting case 25-CI-001371 (Refer to PX-51 through**

**PX-62 and PX-96, PX-95)**, as though fully restated and fully set forth herein this claim for relief/relief entitled to-sought-demanded.

1698. **Legal Integration:** Supplemental, federal question, and civil rights jurisdiction are applied to --- Defendant's Complicity and Conspiracy in Laundering of Monetary Instruments in Violation of 18 USC § 1956(a)(1)(A)(i) and § 1956(a)(1)(B)(i), a Predicate RICO Act under 18 U.S.C. §§ 1961--1964(c) (Racketeer Influenced and Corrupt Organizations Act), Constituting a predicate offense under 18 U.S.C. § 1961(1)(B), forming part of a pattern of racketeering activity actionable under 18 U.S.C. § 1962(d), and is actionable under 18 U.S.C. § 1964(c) for civil remedies and threefold the damages --- Through Defendant's Complicity and Conspiracy With One or More Judges (without jurisdiction) --- the Elected Jefferson Circuit Court Clerk --- Jefferson Circuit Court Clerk's Office Employees --- Administrative Office of the Courts Employees — Court Administrators --- Staff Attorneys --- Acting Under Color of State Law --- and Through Defendant's Complicity and Conspiracy With Private Citizens and Entities --- Individually or in Any Combination --- regarding Doris Colgate's Transamerica Corporation's Annuity Fund that was Valued at **$103,000 ---** Connected with Defendant's Complicity and Conspiracy in Fraud by Wire (18 U.S.C. § 1343, 18 U.S.C. §§ 1961–1964(c)), Regarding Fraudulent Insurance Acts under KRS 304.47-020 and KRS 502.020, in Furtherance of Elder Abuse, Financial Exploitation under KRS 209.020(9) and KRS 209.990, Regarding Doris Colgate's Transamerica Corporation Annuity Fund that was Valued at $103,000; Obstruction of Justice and Obstruction of Elder Abuse Recovery; Unjust Enrichment; Obstruction of Plaintiff's Fiduciary Duties, Rights, and Recovery; And Elder Abuse Via Transamerica Corporation's Illegal/Fraudulent Annuity Liquidation in Full; This annuity was/is **headquartered in Iowa.** Actionable under all aforementioned Federal and State Laws and under 42 U.S.C. § 1983; 42

U.S.C. § 1985(2)-(3), KRS 304.47-020(1)(a), (b), (c), (d), (g), and (6), KRS 209.030, KRS 209.050, KRS 446.070, KRS 386B.8-010, KRS 386B.1-010(1), KRS 386B.8-180(1)(a), KRS 386B.4-100, FRCP 17(a)(1)(E), KRS 457.350(1)-(2); conversion where applicable, Obstruction of Recovery, Unjust Enrichment; Legally Binding and Conclusive Judicial Admissions of Liability and Damages under CR 8.04, 28 U.S.C. § 1367(a); the First, Seventh, and Fourteenth Amendments; 18 U.S.C. § 1349, and the Supremacy Clause, Art. VI, Cl. 2); Supported by Rankin v. Howard, 633 F. 2d 844 (9th Circuit 1980) and US v. Dugan; Causing/enabling Harm/Injury/unjust enrichment. **Claim for Relief LXXII independently states a federal claim for relief, including a RICO claim for relief,** enabling/causing unjust enrichment, and incorporates, **in part,** the same set of facts, harms/injuries, and legally binding and conclusive judicial admissions now as a basis for federal relief, including but not limited to punitive damages. Defendant and others continue their elder abuse of Doris Colgate each and every day they refuse to report themselves and others for elder abuse. Special damages to be awarded are **$103,000 plus 3 times treble damages** pursuant to 18 U.S.C. §§ 1961–1964(c), in addition to other damages. Plaintiffs incorporate by reference in full detail **Sections XVIII, XIX, XXXVI, XXVI, XXX, XXXII, XXVIII, XXIX, XXXI, XXXV, XXVII, XXXVII, PX-63 through PX-87,** PX-42 through PX-49, PX-108, all 167 Exhibits, and the **First through the Fourteenth FRE 201 Judicial Notices** of judicially **noticed adjudicative facts,** which include approximately **1,044 total adjudicative facts,** including approximately **322 adjudicative facts** supporting **jurisdiction** in the U.S. District Court for the Western District of Washington; **FRE 201 Adjudicative Facts in Judicial NOTICES --- 2 through 8, 10, and 12 --- fully support jurisdiction.** All aforementioned incorporations provide **100% certainty** of fraudulently assigned judges and fraudulently assigned case numbers --- prior to the legal filings by Plaintiffs

of all 10 of their year-2025 cases --- with all 10 cases being illegally and fraudulently filed and processed by a non-existent/ non-payroll name in year-2025 --- which did not generate a legal random judge assignment and which did not generate a legal case number assignment --- and thereby provides 100% certainty that Kentucky judges NEVER had jurisdiction and NEVER will have jurisdiction. Plaintiffs assert Rankin v. Howard, 633 F. 2d 844 (9th Circuit 1980) and United States v. Dugan, 2:25-cr-00089 (E.D. Wis. 2025) regarding judges without jurisdiction. Plaintiffs also incorporate by reference in full detail **Section XXXIX** and the **Twelfth FRE 201 NOTICE --- regarding interstate transfers.**

1699. Defendant Wilson has **legally binding and conclusive judicial admissions of Forgery/Complicity in Forgery** with full liability regarding legal documents dated on or near 3-4-2020, and later, including but not limited to a power of attorney document, a trust revocation document, a Will, and/or a document fraudulently removing Doris Colgate's real estate, located at 410 Wisteria Avenue, Jefferson County, from the Trust.

1700. Defendant's conspiracy in these acts is **independently actionable** under Federal Law as offenses under **18 U.S.C. § 1956(a)(1)(A)(i) and (B)(i),** and support **liability under 42 U.S.C. § 1983 and 42 U.S.C. § 1985(2)-(3)** based on the obstruction of lawful fiduciary duties, and based on the retaliatory concealment of deceptively and fraudulently misappropriated elder assets across state lines.

1701. The financial transactions asserted/alleged herein, including unauthorized liquidation of annuity contracts and cross-state wire transfers, constitute both fraud by wire under 18 U.S.C. § 1343 and the laundering of annuity funds from such fraudulent misconduct, in violation of 18 U.S.C. § 1956(a)(1)(A)(i) and (B)(i).

1702. Plaintiffs assert that Defendant Wilson's conspiracy scheme involved both the initial execution of **interstate wire fraud and the subsequent laundering of those funds** to disguise their origin, thereby constituting **violations** of both **18 U.S.C. § 1343 and 18 U.S.C. § 1956.**

**18 USC § 1956(a)(1)(A)(i) and § 1956(a)(1)(B)(i)--Laundering of monetary instruments--** Whoever, knowing that the property involved in a financial transaction represents the proceeds of some form of unlawful activity, conducts or attempts to conduct such a **financial transaction** which in fact involves the proceeds of specified unlawful activity-**(A)(i)** with the intent to promote the carrying on of specified unlawful activity; **(B) knowing** that the **transaction is designed in whole or in part-(i) to conceal or disguise the nature, the location, the source, the ownership, or the control of the proceeds of specified unlawful activity;** On or about **August 28, 2024,** Defendant Susan Wilson was knowingly complicit in conducting a financial transaction --the fraudulent **full liquidation** of Doris Colgate's Transamerica Corporation's annuity funds -- **knowing the funds** involved were being **obtained** through unlawful acts, including fraud, deception, identity misuse/fraud/theft, and **forgery.**

1703. The liquidation of $103,000 from Doris Colgate's Transamerica Corporation annuity account was obtained without lawful authority, without informed consent, and without fiduciary legitimacy. Defendant was complicit in deceptively and fraudulently **misrepresenting** the authority under which the perpetrators acted, violating both state and federal law. See PX-10, PX-12, PX-6, PX-31, PX-32, PX-39, PX-24, PX-25, PX-3, Audios5, 6, 8, 10, 11, 12, 13, 16, 18.

1704. The proceeds of this liquidation were part of a **broader fraudulent scheme** involving fraudulent self-dealing, document forgery, and the obstruction of Plaintiff Edward Colgate's fiduciary duties. The **funds** were then **fraudulently used by Susan Wilson, Lori Fox, and Michelle Burkhead** in whole or in part, for **furthering their legal defense**, and deceptively and

fraudulently **concealing** the nature of the misappropriation, **satisfying 18 U.S.C. § 1956(a)(1)(B)(i).**

1705. Defendant's complicity in enabling fraudulent **financial transactions** associated with this annuity **involved:**

**(a)** Illegal transfer of funds electronically across state lines;

**(b)** Illegal use of Doris Colgate's unlawfully obtained annuity proceeds for Wilson's, Fox's, and Burkhead's private legal defense regarding Wilson's, Fox's, and Burkhead's fraud against Doris;

**(c)** Illegal concealment of the true nature of the transaction from Transamerica Corporation, and from Doris Colgate, and from Edward Colgate; Or in the alternative, Transamerica Corporation was/is complicit in and conspired in this claim for relief.

**(d)** Illegal obstruction and deprivation of Edward Colgate's ability to act as Trustee and POA to recover damages on Doris's behalf.

1706. The annuity was held by **Transamerica Corporation**, which is headquartered in Iowa, **not** in Kentucky. The annuity liquidation at issue involved **interstate electronic communications and transactions across state lines,** constituting a wire transmission in interstate commerce, triggering the applicability of 18 U.S.C. § 1343. Interstate telephone calls and/or interstate electronic communications and/or electronic financial assets/money transfers were made in furtherance of the scheme.

1707. **RICO Enterprise, Treble Damages, and Justification for Enhanced Punitive Relief:** Plaintiffs further assert that all aforementioned and all following deprivations—spanning judicial misconduct, fraudulent felony threats, illegal case assignments, obstruction of all court access in Kentucky, statutory rewriting by judges without jurisdiction, destruction and concealment of

records, systemic obstruction and denial of appellate review, and coordinated retaliation against protected elder-abuse reporting constitute racketeering activity actionable under the Racketeer Influenced and Corrupt Organizations Act **(RICO), 18 U.S.C. §§ 1961–1964.** Under **18 U.S.C. § 1961(4), the term "enterprise" includes "any group of individuals "associated in fact" "although not a legal entity," which in this case plainly encompasses the coordinated network of public officials, judges, attorneys, public employees, and private actors who conspired to defraud and obstruct Plaintiffs' recovery.** Under **18 U.S.C. § 1962**: A person is liable when they **participate,** directly or **"indirectly"** in the illegal misconduct. This RICO enterprise engaged in repeated acts of wire fraud, securities fraud, identity fraud, mail fraud, laundering of monetary instruments, and obstruction of justice, obstruction of elder abuse recovery and other recovery—all targeting a federally protected party (the reporting fiduciary and caregiver of a vulnerable adult) acting from Washington State. The attack and targeting of Plaintiff in Washington State is a direct attack and targeting of the assets of the abused elder herself, Doris Colgate. The attack and targeting of Plaintiff in Washington State is a direct attack and targeting of the assets of the abused elder herself, Doris Colgate. **Civil relief/remedies** are provided under 18 U.S.C. § 1964. This constitutes a separate and distinct predicate act under 18 USC § 1956(a)(1)(A)(i) and § 1956(a)(1)(B)(i) in furtherance of the racketeering enterprise under 18 U.S.C. § 1961(1)(B). Plaintiffs assert and incorporate by reference in full the following regarding the **broad definition of an associated-in-fact enterprise --- in support of Plaintiffs' RICO Claims for Relief: Odom v. Microsoft Corp., 486 F. 3d 541 - Court of Appeals, 9th Circuit 2007 and United States v. Turkette, 452 US 576 - Supreme Court 1981 in Section XX.**

1708. Plaintiffs accordingly respectfully demand immediate entry of judgment as to liability and a corresponding award of $103,000 in special damages — representing the complete fraudulent liquidation of Doris Colgate's Transamerica annuity — admitted as a sum-certain through Wilson's CR 8.04 default in Kentucky case 25-CI-001371 and independently confirmed through four additional defendants' CR 8.04 defaults across four supporting Kentucky cases — constituting a Laundering of Monetary Instruments act under 18 USC § 1956(a)(1)(A)(i) and § 1956(a)(1)(B)(i) arising from laundering of monetary instruments directed at Transamerica Corporation's Iowa headquarters — **mandating treble damages of $309,000** pursuant to 18 U.S.C. §1964(c) — which shall be trebled as a matter of law upon entry of judgment on this claim --- and dividends and interest defrauded from Doris --- also admitted by Wilson and four additional defendants through CR 8.04 admissions --- and general damages and punitive damages. Plaintiffs assert their right to bring **RICO** claims under 18 U.S.C. §§1961 through 1964(c) in this federal complaint — claims that were not and could not have been brought in the Kentucky state court proceedings — for the following simultaneous and independent reasons. **First** — Kentucky state courts lack jurisdiction to adjudicate civil RICO claims under 18 U.S.C. §1964(c) because civil RICO is a federal statutory cause of action arising under federal law — conferring exclusive or primary jurisdiction on federal district courts — making the Western District of Washington the first court with authority to adjudicate these claims. **Second** — the RICO pattern of racketeering activity — including but not limited to --- the wire fraud predicates under 18 U.S.C. §1343 arising from the interstate annuity and securities liquidations directed at financial institutions headquartered in Alabama — Iowa — Indiana — North Carolina — and Illinois — the laundering of monetary instruments predicates under 18 U.S.C. §1956 arising from the subsequent transfer and use of fraudulently obtained proceeds — and the securities fraud

predicates under 18 U.S.C. §1348 — were pleaded as Kentucky state law violations in the state complaint under annuity fraud and under the state securities statute --- and are now additionally characterized as federal RICO predicate acts — which is a separate and additional federal layer of liability arising from the same admitted misconduct — not a new or inconsistent theory. **Third** — Wilson's CR 8.04 legally binding and conclusive admissions across five Kentucky cases --- establishing --- including but not limited to --- the underlying annuity fraud — securities fraud — forgery --- elder abuse — as admitted adjudicative facts — constitute the evidentiary foundation for the RICO predicate acts --- which could only be properly developed and presented after those admissions were generated through Wilson's procedural default **and** after Plaintiffs accumulated the additional enterprise evidence --- including but not limited to --- Personnel Cabinet KHRIS payroll records regarding fraud — official court assignment timestamps regarding fraud --- and authenticated audio recordings regarding fraud — that establish the pattern of racketeering activity required by 18 U.S.C. §1961(5) and §1961 through §1964(c). Plaintiffs incorporate by reference in full detail--paragraphs 2631A through 2631M. Court employees have fraudulently attempted to deceive Plaintiff through phone and internet phone interstate communications --- audio recorded and transcribed. Plaintiff asserts many documented electronic communications notifying judges and court employees that Plaintiff was being targeted in Washington State. Plaintiffs also incorporate by reference in full detail PX-129, PX-136, PX-158, PX-159, PX-160, PX-48, PX-49, PX-129 through PX-133, PX-136, PX-137 through PX-154, PX-143 --- supports the fraud and also supports the fraudulent effective destruction of records related to Eric Haner, Susan Gibson, and others.

1709. The **foregoing constitutes Plaintiffs' short and plain statement of this claim for relief** in compliance with Fed. R. Civ. P. 8(a)(2).

Plaintiffs further assert the following **Additional Plausibility** statements:

1710. Defendant Susan Wilson was and is complicit in a scheme and conspired in a scheme with Judge Patricia Morris, whereby Judge Morris weaponized a **knowingly false and fraudulent felony accusation** of "unauthorized practice of law" against pro se Plaintiffs—who were actiug lawfully under KRS 209.030(2) and as a fiduciary under valid Trust and POA instruments—in order to deny Plaintiffs all access to all Kentucky courts and to **obstruct elder abuse recovery. Patricia Morris's fraudulent felony accusation is also proven by Defendant Susan Wilson's legally binding and conclusive judicial admissions of Plaintiffs' legal standing, Defendant's liability, and Defendant's damages.** See **PX-12, PX-51, PX-55, PX-56.**

1711. This denial was executed **without jurisdiction**, violated Plaintiffs' constitutional rights and statutory rights, and directly henefited Defendant, who remained **unjustly enriched** as a result. The **fraudulent** accusation by Judge Morris occurred **19 days prior** to Defendant Wilson being legally served by the Jefferson County Sheriff. When filing the Complaint, Plaintiffs paid the mandatory $60 fee directly to the Jefferson Circuit Court Clerk to have legal service by the Sheriff executed immediately.

1712. The timing and coordination of this judicial ohstruction hefore lawful service—despite the court's active role in facilitating Wilson's service—demonstrates an **ultra vires abuse** of office by Morris to shield Wilson from litigation and to obstruct and block all statutory recovery.

1713. Direct communication between Wilson and Morris does **not** need to be proven to establish complicity under KRS 502.020 and conspiracy under 42 U.S.C. § 1985(2)-(3) . The judicial act of denying Plaintiffs all court access functioned as **an overt act in furtherance of a shared unlawful objective** to obstruct justice and to illegally protect Wilson from liability, in violation

of 42 U.S.C. §§ 1983, 1985(2)-(3) and in Violation of the First, Seventh, and Fourteenth Amendments, 18 U.S.C. § 1349, and the Supremacy Clause, Art. VI, Cl. 2.

1714. Plaintiffs incorporate by reference in full detail all liability for **similar "Claim for Relief XXVI." Claim for Relief XXVI** is legally binding and conclusive based on Defendant's judicial admissions of liability in Kentucky Case No. 25-CI-001371 pursuant to CR 8.04 and 28 U.S.C. § 1367(a).

1715. Susan Wilson was and is **complicit** with and **conspired** with judge Morris or Patricia Morris, who was and is **acting in the absence of jurisdiction.** See Rankin v. Howard, 633 F. 2d 844 (9th Circuit 1980) and US v. Dugan; Also refer to all details in SECTION XII for evidence against Morris, and also for evidence of systemic corruption.

1716. Additionally, Tbe Defendant's **legally binding and conclusive, judicially admitted participation in forged legal documents/instruments** has resulted in **continuous**, uulawful **tortious interference** with Trustee Edward Colgate's administration of **The Colgate Family Living Trust dated January 29, 2020,** with **each day since March 1, 2020**, constituting a **new act of fraudulent obstruction** and fiduciary harm/injury. This Claim for Relief is pled under a continuing tort doctrine, as Defendant's obstruction of Trustee Edward Colgate's fiduciary duties and Trustee recovery rights under the Trust constitutes an ongoing violation, with each day **renewing** the harm/injury and **tolling** all applicable statutes of limitation. Additionally, **each day that Defendant refuses and fails to report her own elder abuse and tortious fiduciary interference under KRS 209.030 constitutes a new statutory violation**, which further **renews** and **tolls** all relevant statutes of limitation under Kentucky and federal law.

1717. Each day that Judge Morris's and other judges' **fraudulent felony accusations remain embedded in void ab initio orders** constitutes a continuing denial of all Kentucky court access

and systemic obstruction of justice in violation of 42 U.S.C. §§ 1983 and 1985(2)-(3), and the First, Seventh, and Fourteenth Amendments. Their collective refusal to report their own and each other's illegal or fraudulent actions under **KRS 26A.080 and KRS 209.030** perpetuates retaliatory elder abuse under **KRS 209.050, renewing** the constitutional and statutory harm/injury daily and **tolling all applicable statutes of limitation** under the continuing tort doctrine.

1718. **No state or federal court in the United States has ever attempted to bar, obstruct, or deny a civil plaintiff from all court access across an entire state by fraudulently accusing them of felonies.** The absurdity and illegality of such an act is so blatant that it has never been attempted by any judge in any jurisdiction. Adding to the absurdity and illegality is the fact that the Defendant had not been legally served yet. Jefferson Circuit Court is the first to attempt this type of illegal act or fraud, which is retaliatory under KRS 209.050, KRS 209.030, KRS 209.990, KRS 26A.015(2), and is an attempt to intimidate and tamper with a witness, which is also a violation of 42 U.S.C. §§ 1983 and 1985(2)-(3).

**CLAIM FOR RELIEF LXXIII**--(Also a Count and Cause of Action)— **Defendant's Complicity and Conspiracy in Laundering of Monetary Instruments in Violation of 18 USC § 1956(a)(1)(A)(i) and § 1956(a)(1)(B)(i), a Predicate RICO Act under 18 U.S.C. §§ 1961–1964(c) (Racketeer Influenced and Corrupt Organizations Act), Constituting a predicate offense under 18 U.S.C. § 1961(1)(B), forming part of a pattern of racketeering activity actionable under 18 U.S.C. § 1962(d), and is actionable under 18 U.S.C. § 1964(c) for civil remedies and threefold the damages** --- Through Defendant's Complicity and Conspiracy With One or More Judges (without jurisdiction) --- the Elected Jefferson Circuit Court Clerk — Jefferson Circuit Court Clerk's Office Employees — Administrative Office of the Courts

Employees — Court Administrators — Staff Attorneys — Acting Under Color of State Law --- and Through Defendant's Complicity and Conspiracy With Private Citizens and Entities — Individually or in Any Combination --- **regarding Doris Colgate's Washington National Insurance Company Annuity Fund that was Valued at $27,418.64, Connected with Defendant's Complicity and Conspiracy in Fraud by Wire (18 U.S.C. § 1343, 18 U.S.C. §§ 1961–1964(c)), Regarding Fraudulent Insurance Acts under KRS 304.47-020 and KRS 502.020, in Furtherance of Elder Abuse, Financial Exploitation under KRS 209.020(9) and KRS 209.990, Regarding Doris Colgate's Washington National Insurance Company Annuity Fund that was Valued at $27,418.64; Obstruction of Justice and Obstruction of Elder Abuse Recovery; Unjust Enrichment; Obstruction of Plaintiff's Fiduciary Duties, Rights, and Recovery; And Elder Abuse Via Washington National Insurance Company's Illegal/Fraudulent Annuity Liquidation in Full; Note: This annuity was/is headquartered in Indiana.** Actionable under all aforementioned Federal and State legal authority and under 42 U.S.C. § 1983; 42 U.S.C. § 1985(2)-(3), KRS 304.47-020(1)(a), (b), (c), (d), (g), and (6), KRS 209.030, KRS 209.050, KRS 446.070, KRS 386B.8-010, KRS 386B.1-010(1), KRS 386B.8-180(1)(a), KRS 386B.4-100, FRCP 17(a)(1)(E), KRS 457.350(1)-(2); conversion where applicable, Obstruction of Recovery, Unjust Enrichment; Legally Binding and Conclusive Judicial Admissions of Liability and Damages under CR 8.04, 28 U.S.C. § 1367(a); the First, Seventh, and Fourteenth Amendments; 18 U.S.C. § 1349, and the Supremacy Clause, Art. VI, Cl. 2); Supported by Rankin v. Howard, 633 F. 2d 844 (9th Circuit 1980) and US v. Dugan; Causing/enabling Harm/Injury/unjust enrichment.

1719. Plaintiffs reassert and incorporate by reference in full detail all of Section XII: Master Comprehensive Incorporation of Exhibits, Evidentiary Foundation, Jurisdictional Foundation,

Record of Judicial Misconduct, Systemic Civil Rights Obstruction, Denial of All Access to All Kentucky Courts, Constitutional and Federal Enforcement Framework, the Supremacy Clause (Art. VI, Cl. 2), and all preceding paragraphs as though fully restated and fully set forth herein this claim for relief/relief entitled to-sought-demanded. Plaintiffs further assert all of the following:

**Plaintiffs hereby assert the following "Short and Plain Statement" (Fed. R. Civ. P. 8(a)(2)):**

1720. Plaintiffs reassert and incorporate by reference in full detail all prior paragraphs, including all facts, all statutory violations, and all legally binding and conclusive judicial admissions of liability and damages in Kentucky State case 25-CI-001371 against Susan Wilson. See PX-51, PX-55, PX-56.

1721. Plaintiffs reassert and incorporate by reference in full detail all legally binding and conclusive judicial admissions of liability and damages in cases 25-CI-001371, 25-CI-001568, 25-CI-001795, 25-CI-001796, 25-CI-001121, with cases 25-CI-001568, 25-CI-001795, 25-CI-001796, 25-CI-001121 **facially fully supporting case 25-CI-001371 (Refer to PX-51 through PX-62 and PX-96, PX-95)**, as though fully restated and fully set forth herein this claim for relief/relief entitled to-sought-demanded.

1722. **Legal Integration:** Supplemental, federal question, and civil rights jurisdiction are applied to --- Defendant's Complicity and Conspiracy in Laundering of Monetary Instruments in Violation of 18 USC § 1956(a)(1)(A)(i) and § 1956(a)(1)(B)(i), a Predicate RICO Act under 18 U.S.C. §§ 1961–1964(c) (Racketeer Influenced and Corrupt Organizations Act), Constituting a predicate offense under 18 U.S.C. § 1961(1)(B), forming part of a pattern of racketeering activity actionable under 18 U.S.C. § 1962(d), and is actionable under 18 U.S.C. § 1964(c) for civil remedies and threefold the damages --- Through Defendant's Complicity and Conspiracy With

One or More Judges (without jurisdiction) — the Elected Jefferson Circuit Court Clerk — Jefferson Circuit Court Clerk's Office Employees — Administrative Office of the Courts Employees Court Administrators — Staff Attorneys Acting Under Color of State Law --- and Through Defendant's Complicity and Conspiracy With Private Citizens and Entities — Individually or in Any Combination --- regarding Doris Colgate's Washington National Insurance Company Annuity Fund that was Valued at $27,418.64, Connected with Defendant's Complicity and Conspiracy in Fraud by Wire (18 U.S.C. § 1343, 18 U.S.C. §§ 1961–1964(c)), Regarding Fraudulent Insurance Acts under KRS 304.47-020 and KRS 502.020, in Furtherance of Elder Abuse, Financial Exploitation under KRS 209.020(9) and KRS 209.990, Regarding Doris Colgate's Washington National Insurance Company Annuity Fund that was Valued at $27,418.64; Obstruction of Justice and Obstruction of Elder Abuse Recovery; Unjust Enrichment; Obstruction of Plaintiff's Fiduciary Duties, Rights, and Recovery; And Elder Abuse Via Washington National Insurance Company's Illegal/Fraudulent Annuity Liquidation in Full; This annuity was/is **headquartered in Indiana.** Actionable under all aforementioned Federal and State legal authority and under 42 U.S.C. § 1983; 42 U.S.C. § 1985(2)-(3), KRS 304.47-020(1)(a), (b), (c), (d), (g), and (6), KRS 209.030, KRS 209.050, KRS 446.070, KRS 386B.8-010, KRS 386B.1-010(1), KRS 386B.8-180(1)(a), KRS 386B.4-100, FRCP 17(a)(1)(E), KRS 457.350(1)-(2); conversion where applicable, Obstruction of Recovery, Unjust Enrichment; Legally Binding and Conclusive Judicial Admissions of Liability and Damages under CR 8.04, 28 U.S.C. § 1367(a); the First, Seventh, and Fourteenth Amendments; 18 U.S.C. § 1349, and the Supremacy Clause, Art. VI, Cl. 2); Supported by Rankin v. Howard, 633 F. 2d 844 (9th Circuit 1980) and US v. Dugan; Causing/enabling Harm/Injury/unjust enrichment. **Claim for Relief LXXIII independently states a federal claim for relief, including a RICO claim for relief,**

enabling/causing unjust enrichment, and incorporates, **in part,** the same set of facts, harms/injuries, and legally binding and conclusive judicial admissions now as a basis for federal relief, including but not limited to punitive damages. Defendant and others continue their elder abuse of Doris Colgate each and every day they refuse to report themselves and others for elder abuse. Special damages to be awarded are **$27,418.64 plus 3 times treble damages** pursuant to 18 U.S.C. §§ 1961-1964(c), in addition to other damages. Plaintiffs incorporate by reference in full detail **Sections XVIII, XIX, XXXVI, XXVI, XXX, XXXII, XXVIII, XXIX, XXXI, XXXV, XXVII, XXXVII, PX-63 through PX-87,** PX-42 through PX-49, PX-108, all 167 Exhibits, and the **First through the Fourteenth FRE 201 Judicial Notices** of judicially **noticed adjudicative facts,** which include approximately **1,044 total adjudicative facts,** including approximately **322 adjudicative facts** supporting **jurisdiction** in the U.S. District Court for the Western District of Washington; **FRE 201 Adjudicative Facts in Judicial NOTICES --- 2 through 8, 10, and 12 --- fully support jurisdiction.** All aforementioned incorporations provide **100% certainty** of fraudulently assigned judges and fraudulently assigned case numbers --- prior to the legal filings by Plaintiffs of all 10 of their year-2025 cases --- with all 10 cases being illegally and fraudulently filed and processed by a non-existent/ non-payroll name in year-2025 --- which did not generate a legal random judge assignment and which did not generate a legal case number assignment --- and thereby provides 100% certainty that Kentucky judges NEVER had jurisdiction and NEVER will have jurisdiction. Plaintiffs assert Rankin v. Howard, 633 F. 2d 844 (9th Circuit 1980) and United States v. Dugan, 2:25-cr-00089 (E.D. Wis. 2025) regarding judges without jurisdiction. Plaintiffs also incorporate by reference in full detail **Section XXXIX** and the **Twelfth FRE 201 NOTICE --- regarding interstate transfers.**

1723. Defendant Wilson has **legally binding and conclusive judicial admissions of Forgery/Complicity in Forgery** with full liability regarding legal documents dated on or near 3-4-2020, and later, including but not limited to a power of attorney document, a trust revocation document, a Will, and/or a document fraudulently removing Doris Colgate's real estate, located at 410 Wisteria Avenue, Jefferson County, from the Trust.

1724. Defendant's conspiracy in these acts is **independently actionable** under Federal Law as offenses under **18 U.S.C. § 1956(a)(1)(A)(i) and (B)(i),** and support **liability under 42 U.S.C. § 1983 and 42 U.S.C. § 1985(2)-(3)** based on the obstruction of lawful fiduciary duties, and based on the retaliatory concealment of deceptively or fraudulently misappropriated elder assets across state lines.

1725. The financial transactions asserted/alleged herein, including unauthorized liquidation of annuity contracts and cross-state wire transfers, constitute both fraud by wire under 18 U.S.C. § 1343 and the laundering of annuity funds from such fraudulent misconduct, in violation of 18 U.S.C. § 1956(a)(1)(A)(i) and (B)(i).

1726. Plaintiffs assert that Defendant Wilson's conspiracy scheme involved both the initial execution of **interstate wire fraud and the subsequent laundering of those funds** to disguise their origin, thereby constituting **violations** of both **18 U.S.C. § 1343 and 18 U.S.C. § 1956.**

**18 USC § 1956(a)(1)(A)(i) and § 1956(a)(1)(B)(i)--Laundering of monetary instruments--** Whoever, knowing that the property involved in a financial transaction represents the proceeds of some form of unlawful activity, conducts or attempts to conduct such a **financial transaction** which in fact involves the proceeds of specified unlawful activity-**(A)(i)** with the intent to promote the carrying on of specified unlawful activity; **(B) knowing** that the **transaction is designed in whole or in part-(i) to conceal or disguise the nature, the location, the sonrce,**

**the ownership, or the control of the proceeds of specified unlawful activity;** Defendant Susan Wilson was knowingly complicit in conducting a financial transaction—the fraudulent **full liquidation** of Doris Colgate's Washington National Insurance Company annuity funds—**knowing the funds** involved were being **obtained** through unlawful acts, including fraud, deception, identity misuse/fraud/theft, and **forgery.**

1727. The liquidation of **$27,418.64** from Doris Colgate's Washington National Insurance Company annuity account was obtained without lawful authority, without informed consent, and without fiduciary legitimacy. Defendant was complicit in deceptively and fraudulently **misrepresenting** the authority under which the perpetrators acted, violating both state and federal law. See PX-10, PX-12, PX-6, PX-31, PX-32, PX-39, PX-24, PX-25, PX-3, Audios5, 6, 8, 10, 11, 12, 13, 16, 18.

1728. The proceeds of this liquidation were part of a **broader fraudulent scheme** involving fraudulent self-dealing, document forgery, and the obstruction of Plaintiff Edward Colgate's fiduciary duties. The **funds** were then **fraudulently used by Susan Wilson, Lori Fox, and Michelle Burkhead** in whole or in part, for **furthering their legal defense,** and deceptively and fraudulently **concealing** the nature of the misappropriation, **satisfying 18 U.S.C. § 1956(a)(1)(B)(i).**

1729. Defendant's complicity in enabling fraudulent **financial transactions** associated with this annuity **involved:**

**(a)** Illegal transfer of funds electronically across state lines;

**(b)** Illegal use of Doris Colgate's unlawfully obtained annuity proceeds for Wilson's, Fox's, and Burkhead's private legal defense regarding Wilson's, Fox's, and Burkhead's fraud against Doris;

**(c)** Illegal concealment of the true nature of the transaction from Washington National Insurance Company, and from Doris Colgate, and from Edward Colgate; Or in the alternative, Washington National Insurance Company was/is complicit in and conspired in this claim for relief.

**(d)** Illegal obstruction and deprivation of Edward Colgate's ability to act as Trustee and POA to recover damages on Doris's behalf.

1730. The annuity was held by Washington National Insurance Company, which is headquartered in Indiana, **not** in Kentucky. The annuity liquidation at issue involved **interstate electronic communications and transactions across state lines,** constituting a wire transmission in interstate commerce, triggering the applicability of 18 U.S.C. § 1343. Interstate telephone calls and/or interstate electronic communications and/or electronic financial assets/money transfers were made in furtherance of the scheme.

1731. **RICO Enterprise, Treble Damages, and Justification for Enhanced Punitive Relief:** Plaintiffs further assert that all aforementioned and all following deprivations—spanning judicial misconduct, fraudulent felony threats, illegal case assignments, obstruction of all court access in Kentucky, statutory rewriting by judges without jurisdiction, destruction and concealment of records, systemic obstruction and denial of appellate review, and coordinated retaliation against protected elder-abuse reporting—constitute racketeering activity actionable under the Racketeer Influenced and Corrupt Organizations Act **(RICO), 18 U.S.C. §§ 1961–1964.** Under **18 U.S.C. § 1961(4), the term "enterprise" includes "any group of individuals "associated in fact" "although not a legal entity," which in this case plainly encompasses the coordinated network of public officials, judges, attorneys, public employees, and private actors who conspired to defraud and obstruct Plaintiffs' recovery.** Under **18 U.S.C. § 1962**: A person is liable when they **participate,** directly or **"indirectly"** in the illegal misconduct. This RICO

enterprise engaged in repeated acts of wire fraud, securities fraud, identity fraud, mail fraud, laundering of monetary instruments, and obstruction of justice, obstruction of elder abuse recovery and other recovery—all targeting a federally protected party (the reporting fiduciary and caregiver of a vulnerable adult) acting from Washington State. The attack and targeting of Plaintiff in Washington State is a direct attack and targeting of the assets of the abused elder herself, Doris Colgate. The attack and targeting of Plaintiff in Washington State is a direct attack and targeting of the assets of the abused elder herself, Doris Colgate. **Civil relief/remedies** are provided under 18 U.S.C. § 1964. This constitutes a separate and distinct predicate act under 18 USC § 1956(a)(1)(A)(i) and § 1956(a)(1)(B)(i) in furtherance of the racketeering enterprise under 18 U.S.C. § 1961(1)(B). Plaintiffs assert and incorporate by reference in full the following regarding the **broad definition of an associated-in-fact enterprise --- in support of Plaintiffs' RICO Claims for Relief: Odom v. Microsoft Corp., 486 F. 3d 541 - Court of Appeals, 9th Circuit 2007 and United States v. Turkette, 452 US 576 - Supreme Court 1981 in Section XX.**

1732. Plaintiffs accordingly respectfully demand immediate entry of judgment as to liability and a corresponding award of **$27,418.64** in special damages — representing the complete fraudulent liquidation of Doris Colgate's Washington National Insurance Company Annuity Fund — admitted as a sum-certain through Wilson's CR 8.04 default in Kentucky case 25-CI-001371 --- and independently confirmed through four additional defendants' CR 8.04 defaults across four supporting Kentucky cases — constituting a laundering of monetary instruments predicate act under 18 USC § 1956(a)(1)(A)(i) and § 1956(a)(1)(B)(i) arising from laundering of monetary instruments directed at Washington National Insurance Company's Indiana's headquarters — **mandating treble damages of $82,255.92** pursuant to 18 U.S.C. §1964(c) --- which shall be

trebled as a matter of law upon entry of judgment on this claim --- and dividends and interest defrauded from Doris --- also admitted by Wilson and four additional defendants through CR 8.04 admissions --- and general damages and punitive damages. Plaintiffs assert their right to bring **RICO** claims under 18 U.S.C. §§1961 through 1964(c) in this federal complaint claims that were not and could not have been brought in the Kentucky state court proceedings — for the following simultaneous and independent reasons. **First** — Kentucky state courts lack jurisdiction to adjudicate civil RICO claims under 18 U.S.C. §1964(c) because civil RICO is a federal statutory cause of action arising under federal law — conferring exclusive or primary jurisdiction on federal district courts — making the Western District of Washington the first court with authority to adjudicate these claims. **Second** — the RICO pattern of racketeering activity --- including but not limited to --- the wire fraud predicates under 18 U.S.C. §1343 arising from the interstate annuity and securities liquidations directed at financial institutions headquartered in Alabama — Iowa — Indiana — North Carolina — and Illinois — the laundering of monetary instruments predicates under 18 U.S.C. §1956 arising from the subsequent transfer and use of fraudulently obtained proceeds — and the securities fraud predicates under 18 U.S.C. §1348 — were pleaded as Kentucky state law violations in the state complaint under annuity fraud and under the state securities statute --- and are now additionally characterized as federal RICO predicate acts — which is a separate and additional federal layer of liability arising from the same admitted misconduct --- not a new or inconsistent theory. **Third** — Wilson's CR 8.04 legally binding and conclusive admissions across five Kentucky cases establishing --- including but not limited to --- the underlying annuity fraud — securities fraud — forgery — elder abuse — as admitted adjudicative facts — constitute the evidentiary foundation for the RICO predicate acts --- which could only be properly developed and presented after those

admissions were generated through Wilson's procedural default **and** after Plaintiffs accumulated the additional enterprise evidence — including but not limited to --- Personnel Cabinet KHRIS payroll records regarding fraud official court assignment timestamps regarding fraud — and authenticated audio recordings regarding fraud — that establish the pattern of racketeering activity required by 18 U.S.C. §1961(5) and §1961 through §1964(c). Plaintiffs incorporate by reference in full detail--paragraphs 2631A through 2631M. Court employees have fraudulently attempted to deceive Plaintiff through phone and internet phone interstate communications --- audio recorded and transcribed. Plaintiff asserts many documented electronic communications notifying judges and court employees that Plaintiff was being targeted in Washington State. Plaintiffs also incorporate by reference in full detail PX-129, PX-136, PX-158. PX-159, PX-160, PX-48, PX-49, PX-129 through PX-133, PX-136, PX-137 through PX-154, PX-143 --- supports the fraud and also supports the fraudulent effective destruction of records related to Eric Haner, Susan Gibson, and others.

1733. The **foregoing constitutes Plaintiffs' short and plain statement of this claim for relief** in compliance with Fed. R. Civ. P. 8(a)(2).

Plaintiffs further assert the following **Additional Plausibility** statements:

1734. Defendant Susan Wilson was and is complicit in a scheme and conspired in a scheme with Judge Patricia Morris, whereby Judge Morris weaponized a **knowingly false and fraudulent felony accusation** of "unauthorized practice of law" against pro se Plaintiffs—who were acting lawfully under KRS 209.030(2) and as a fiduciary under valid Trust and POA instruments—in order to deny Plaintiffs all access to all Kentucky courts and to **obstruct elder abuse recovery. Patricia Morris's fraudulent felony accusation is also proven by Defendant Susan Wilson's**

**legally binding and conclusive judicial admissions of Plaintiffs' legal standing, Defendant's liability, and Defendant's damages.** See **PX-12, PX-51, PX-55, PX-56.**

1735. This denial was executed **without jurisdiction**, violated Plaintiffs' constitutional rights and statutory rights, and directly benefited Defendant, who remained **unjustly enriched** as a result. The fraudulent accusation by Judge Morris occurred **19 days prior** to Defendant Wilson being legally served by the Jefferson County Sheriff. When filing the Complaint, Plaintiffs paid the mandatory $60 fee directly to the Jefferson Circuit Court Clerk to have legal service by the Sheriff executed immediately.

1736. The timing and coordination of this judicial obstruction before lawful service—despite the court's active role in facilitating Wilson's service—demonstrates an **ultra vires abuse** of office by Morris to shield Wilson from litigation and to obstruct and block all statutory recovery.

1737. Direct communication between Wilson and Morris does **not** need to be proven to establish complicity under KRS 502.020 and conspiracy under 42 U.S.C. § 1985(2)-(3) . The judicial act of denying Plaintiffs all court access functioned as **an overt act in furtherance of a shared unlawful objective** to obstruct justice and to illegally protect Wilson from liability, in violation of 42 U.S.C. §§ 1983, 1985(2)-(3) and in Violation of the First, Seventh, and Fourteenth Amendments, 18 U.S.C. § 1349, and the Supremacy Clause, Art. VI, Cl. 2.

1738. Plaintiffs incorporate by reference in full detail all liability for **similar "Claim for Relief XXVII." Claim for Relief XXVII** is legally binding and conclusive based on Defendant's judicial admissions of liability in Kentucky Case No. 25-CI-001371 pursuant to CR 8.04 and 28 U.S.C. § 1367(a).

1739. Susan Wilson was and is **complicit** with and **conspired** with judge Morris or Patricia Morris, who was and is **acting in the absence of jurisdiction.** See Rankin v. Howard, 633 F. 2d

844 (9th Circuit 1980) and US v. Dugan; Also refer to all details in SECTION XII for evidence against Morris, and also for **evidence of systemic corruption.**

1740. Additionally, The Defendant's **legally binding and conclusive, judicially admitted participation in forged legal documents/instruments** has resulted in **continuous**, unlawful **tortious interference** with Trustee Edward Colgate's administration of **The Colgate Family Living Trust dated January 29, 2020,** with **each day since March 1, 2020**, constituting a **new act of fraudulent obstruction** and fiduciary harm/injury. This Claim for Relief is pled under a continuing tort doctrine, as Defendant's obstruction of Trustee Edward Colgate's fiduciary duties and Trustee recovery rights under the Trust constitutes an ongoing violation, with each day **renewing** the harm/injury and **tolling** all applicable statutes of limitation. Additionally, **each day that Defendant refuses and fails to report her own elder abuse and tortious fiduciary interference under KRS 209.030 constitutes a new statutory violation**, which further **renews** and **tolls** all relevant statutes of limitation under Kentucky and federal law.

1741. Each day that Judge Morris's and other judges' **fraudulent felony accusations remain embedded in void ab initio orders** constitutes a continuing denial of all Kentucky court access and systemic obstruction of justice in violation of 42 U.S.C. §§ 1983 and 1985(2)-(3), and the First, Seventh, and Fourteenth Amendments. Their collective refusal to report their own and each other's illegal or fraudulent actions under **KRS 26A.080 and KRS 209.030** perpetuates retaliatory elder abuse under **KRS 209.050, renewing** the constitutional and statutory harm/injury daily and **tolling all applicable statutes of limitation** under the continuing tort doctrine.

1742. **No state or federal court in the United States has ever attempted to bar, obstruct, or deny a civil plaintiff from all court access across an entire state by fraudulently accusing**

**them of felonies.** The absurdity and illegality of such an act is so blatant that it has never been attempted by any judge in any jurisdiction. Adding to the absurdity and illegality is the fact that the Defendant had not been legally served yet. Jefferson Circuit Court is the first to attempt this type of illegal act or fraud, which is retaliatory under KRS 209.050, KRS 209.030, KRS 209.990, KRS 26A.015(2), and is an attempt to intimidate and tamper with a witness, which is also a violation of 42 U.S.C. §§ 1983 and 1985(2)-(3).

**CLAIM FOR RELIEF LXXIV**--(Also a Count and Cause of Action)— **Defendant's Complicity and Conspiracy in Laundering of Monetary Instruments in Violation of 18 USC § 1956(a)(1)(A)(i) and § 1956(a)(1)(B)(i), a Predicate RICO Act under 18 U.S.C. §§ 1961–1964(c) (Racketeer Influenced and Corrupt Organizations Act), Constituting a predicate offense under 18 U.S.C. § 1961(1)(B), forming part of a pattern of racketeering activity actionable under 18 U.S.C. § 1962(d), and is actionable under 18 U.S.C. § 1964(c) for civil remedies and threefold the damages** --- Through Defendant's Complicity and Conspiracy With One or More Judges (without jurisdiction) — the Elected Jefferson Circuit Court Clerk — Jefferson Circuit Court Clerk's Office Employees — Administrative Office of the Courts Employees — Court Administrators — Staff Attorneys — Acting Under Color of State Law --- and Through Defendant's Complicity and Conspiracy With Private Citizens and Entities — Individually or in Any Combination --- **Via Doris's Truist Securities/ BB&T Securities/ Sheffield Financial/ Computershare Inc. Securities that were Valued at $101,000, Connected With Defendant's Complicity and Conspiracy in Fraud by Wire (18 U.S.C. § 1343 and 18 U.S.C. §§ 1961–1964(c)), Regarding Securities Fraud under 18 U.S.C. § 1348, KRS 292.320, and KRS 502.020, in Furtherance of Elder Abuse, Financial Exploitation under KRS 209.020(9) and KRS 209.990, Regarding Doris Colgate's Truist Securities/**


Edward Colgate 22023 SE Wax Rd., Box 1452, Maple Valley, WA 98038, King Co.

**BB&T Securities/ Sheffield Financial/ Computershare Inc. Securities that were Valued at $101,000; Obstruction of Justice and Obstruction of Elder Abuse Recovery and Other Recovery Causing Unjust Enrichment; Obstruction of Plaintiff's Fiduciary Duties, Rights, and Recovery; And Elder Abuse Via Truist Securities/ BB&T Securities/ Sheffield Financial/ Computershare's Illegal/Fraudulent Securities Liquidation in Full; Causing/enabling harm/injury/unjust enrichment; These securities/ Truist Financial Corporation were/are headquartered in Charlotte, North Carolina.** Actionable under all aforementioned federal and state laws and under 42 U.S.C. § 1983, 42 U.S.C. § 1985(2)-(3); KRS 209.020, KRS 209.030(2), KRS 209.050, KRS 446.070, KRS 386B.8-010, KRS 386B.1-010(1), KRS 386B.8-180(1)(a), KRS 386B.4-100, FRCP 17(a)(1)(E), KRS 457.350(1)-(2); conversion where applicable, Obstruction of Recovery, Unjust Enrichment; Legally Binding and Conclusive Judicial Admissions of Liability and Damages under CR 8.04 and 28 U.S.C. § 1367(a); the First, Seventh, and Fourteenth Amendments; 18 U.S.C. § 1349, and the Supremacy Clause, Art. VI, Cl. 2); Supported by Rankin v. Howard, 633 F. 2d 844 (9th Circuit 1980) and US v. Dugan; Causing harm/injury/ unjust enrichment.

1743. Plaintiffs reassert and incorporate by reference in full detail all of Section XII: Master Comprehensive Incorporation of Exhibits, Evidentiary Foundation, Jurisdictional Foundation, Record of Judicial Misconduct, Systemic Civil Rights Obstruction, Denial of All Access to All Kentucky Courts, Constitutional and Federal Enforcement Framework, the Supremacy Clause (Art. VI, Cl. 2), and all preceding paragraphs as though fully restated and fully set forth herein this claim for relief/relief entitled to-sought-demanded. Plaintiffs further assert all of the following:

**Plaintiffs hereby assert the following "Short and Plain Statement" (Fed. R. Civ. P. 8(a)(2)):**

1744. Plaintiffs reassert and incorporate by reference in full detail all prior paragraphs, including all facts, all statutory violations, and all legally binding and conclusive judicial admissions of liability and damages in Kentucky State case 25-CI-001371 against Susan Wilson. See PX-51, PX-55, PX-56.

1745. Plaintiffs reassert and incorporate by reference in full detail all legally binding and conclusive judicial admissions of liability and damages in cases 25-CI-001371, 25-CI-001568, 25-CI-001795, 25-CI-001796, 25-CI-001121, with cases 25-CI-001568, 25-CI-001795, 25-CI-001796, 25-CI-001121 **facially fully supporting case 25-CI-001371 (Refer to PX-51 through PX-62 and PX-96, PX-95)**, as though fully restated and fully set forth herein this claim for relief/relief entitled to-sought-demanded.

1746. **Legal Integration:** Supplemental, federal question, and civil rights jurisdiction are applied to --- Defendant's Complicity and Conspiracy in Laundering of Monetary Instruments in Violation of 18 USC § 1956(a)(1)(A)(i) and § 1956(a)(1)(B)(i), a Predicate RICO Act under 18 U.S.C. §§ 1961–1964(c) (Racketeer Influenced and Corrupt Organizations Act), Constituting a predicate offense under 18 U.S.C. § 1961(1)(B), forming part of a pattern of racketeering activity actionable under 18 U.S.C. § 1962(d), and is actionable under 18 U.S.C. § 1964(c) for civil remedies and threefold the damages --- Through Defendant's Complicity and Conspiracy With One or More Judges (without jurisdiction) — the Elected Jefferson Circuit Court Clerk — Jefferson Circuit Court Clerk's Office Employees — Administrative Office of the Courts Employees — Court Administrators — Staff Attorneys — Acting Under Color of State Law --- and Through Defendant's Complicity and Conspiracy With Private Citizens and Entities — Individually or in Any Combination --- Via Doris's Truist Securities/ BB&T Securities/ Sheffield Financial/ Computershare Inc. Securities that were Valued at **$101,000**, Connected

With Defendant's Complicity and Conspiracy in Fraud by Wire (18 U.S.C. § 1343 and 18 U.S.C. §§ 1961–1964(c)), Regarding Securities Fraud under 18 U.S.C. § 1348, KRS 292.320, and KRS 502.020, in Furtherance of Elder Abuse, Financial Exploitation under KRS 209.020(9) and KRS 209.990, Regarding Doris Colgate's Truist Securities/ BB&T Securities/ Sheffield Financial/ Computershare Inc. Securities that were Valued at $101,000; Obstruction of Justice and Obstruction of Elder Abuse Recovery and Other Recovery Causing Unjust Enrichment; Obstruction of Plaintiff's Fiduciary Duties, Rights, and Recovery; And Elder Abuse Via Truist Securities/ BB&T Securities/ Sheffield Financial/ Computershare's Illegal/Fraudulent Securities Liquidation in Full; Causing/enabling Harm/Injury/unjust enrichment; These securities/ Truist Financial Corporation were/are **headquartered in Charlotte, North Carolina.** Actionable under all aforementioned federal and state laws and under 42 U.S.C. § 1983, 42 U.S.C. § 1985(2)-(3); KRS 209.020, KRS 209.030(2), KRS 209.050, KRS 446.070, KRS 386B.8-010, KRS 386B.1-010(1), KRS 386B.8-180(1)(a), KRS 386B.4-100, FRCP 17(a)(1)(E), KRS 457.350(1)-(2); conversion where applicable, Obstruction of Recovery, Unjust Enrichment; Legally Binding and Conclusive Judicial Admissions of Liability and Damages under CR 8.04, 28 U.S.C. § 1367(a); the First, Seventh, and Fourteenth Amendments; 18 U.S.C. § 1349, and the Supremacy Clause, Art. VI, Cl. 2); Supported by Rankin v. Howard, 633 F. 2d 844 (9th Circuit 1980) and US v. Dugan; Causing/enabling Harm/Injury/unjust enrichment. **Claim for Relief LXXIV independently states a federal claim for relief, including a RICO claim for relief,** enabling/causing unjust enrichment, and incorporates, **in part,** the same set of facts, harms/injuries, and legally binding and conclusive judicial admissions now as a basis for federal relief, including but not limited to punitive damages. Defendant and others continue their elder abuse of Doris Colgate each and every day they refuse to report themselves and others for elder

abuse. Special damages to be awarded are **$101,000 plus 3 times treble damages** pursuant to 18 U.S.C. §§ 1961–1964(c), in addition to other damages. Plaintiffs incorporate by reference in full detail **Sections XVIII, XIX, XXXVI, XXVI, XXX, XXXII, XXVIII, XXIX, XXXI, XXXV, XXVII, XXXVII, PX-63 through PX-87,** PX-42 through PX-49, PX-108, all 167 Exhibits, and the **First through the Fourteenth FRE 201 Judicial Notices** of judicially **noticed adjudicative facts,** which include approximately **1,044 total adjudicative facts,** including approximately **322 adjudicative facts** supporting **jurisdiction** in the U.S. District Court for the Western District of Washington; **FRE 201 Adjudicative Facts in Judicial NOTICES --- 2 through 8, 10, and 12 --- fully support jurisdiction.** All aforementioned incorporations provide **100% certainty** of fraudulently assigned judges and fraudulently assigned case numbers --- prior to the legal filings by Plaintiffs of all 10 of their year-2025 cases --- with all 10 cases being illegally and fraudulently filed and processed by a non-existent/ non-payroll name in year-2025 --- which did not generate a legal random judge assignment and which did not generate a legal case number assignment --- and thereby provides 100% certainty that Kentucky judges NEVER had jurisdiction and NEVER will have jurisdiction. Plaintiffs assert Rankin v. Howard, 633 F. 2d 844 (9th Circuit 1980) and United States v. Dugan, 2:25-cr-00089 (E.D. Wis. 2025) regarding judges without jurisdiction. Plaintiffs also incorporate by reference in full detail **Section XXXIX** and the **Twelfth FRE 201 NOTICE --- regarding interstate transfers.**

1747. Defendant Wilson has **legally binding and conclusive judicial admissions of Forgery/Complicity in Forgery** with full liability regarding legal documents dated on or near 3-4-2020, and later, including but not limited to a power of attorney document, a trust revocation document, a Will, and/or a document fraudulently removing Doris Colgate's real estate, located at 410 Wisteria Avenue, Jefferson County, from the Trust.

1748. Defendant's conspiracy in these acts is **independently actionable** under Federal Law as offenses under **18 U.S.C. § 1956(a)(1)(A)(i) and (B)(i)**, and support **liability under 42 U.S.C. § 1983 and 42 U.S.C. § 1985(2)-(3)** based on the obstruction of lawful fiduciary duties, and based on the retaliatory concealment of deceptively and fraudulently misappropriated elder assets across state lines.

1749. The financial transactions asserted/alleged herein, including unauthorized liquidation of securities and cross-state wire transfers, constitute both fraud by wire under 18 U.S.C. § 1343 and the laundering of securities from such fraudulent misconduct, in violation of 18 U.S.C. § 1956(a)(1)(A)(i) and (B)(i).

1750. Plaintiffs assert that Defendant Wilson's conspiracy scheme involved both the initial execution of **interstate wire fraud and the subsequent laundering of those funds** to disguise their origin, thereby constituting **violations** of both **18 U.S.C. § 1343 and 18 U.S.C. § 1956.**

**18 USC § 1956(a)(1)(A)(i) and § 1956(a)(1)(B)(i)--Laundering of monetary instruments--** Whoever, knowing that the property involved in a financial transaction represents the proceeds of some form of unlawful activity, conducts or attempts to conduct such a **financial transaction** which in fact involves the proceeds of specified unlawful activity-**(A)(i)** with the intent to promote the carrying on of specified unlawful activity; **(B) knowing** that the **transaction is designed in whole or in part-(i) to conceal or disguise the nature, the location, the source, the ownership, or the control of the proceeds of specified unlawful activity;** Defendant Susan Wilson was knowingly complicit in conducting a financial transaction—the fraudulent **full liquidation** of Doris Colgate's Truist Securities/ BB&T Securities/ Sheffield Financial/ Computershare Inc. Securities —**knowing the funds** involved were being **obtained** through unlawful acts, including fraud, deception, identity misuse/fraud/theft, and **forgery.**

1751. The liquidation of $101,000 from Doris Colgate's Truist Securities/ BB&T Securities/ Sheffield Financial/ Computershare Inc. Securities were obtained without lawful authority, without informed consent, and without fiduciary legitimacy. Defendant was complicit in deceptively and fraudulently **misrepresenting** the authority under which the perpetrators acted, violating both state and federal law. See PX-10, PX-12, PX-6, PX-31, PX-32, PX-39, PX-24, PX-25, PX-3, Audios5, 6, 8, 10, 11, 12, 13, 16, 18.

1752. The proceeds of this liquidation were part of a **broader fraudulent scheme** involving fraudulent self-dealing, document forgery, and the obstruction of Plaintiff Edward Colgate's fiduciary duties. The **funds** were then **fraudulently used by Susan Wilson, Lori Fox, and Michelle Burkhead** in whole or in part, for **furthering their legal defense,** and deceptively and fraudulently **concealing** the nature of the misappropriation, **satisfying 18 U.S.C. § 1956(a)(1)(B)(i).**

1753. Defendant's complicity in enabling fraudulent **financial transactions** associated with these securities **involved:**

**(a)** Illegal transfer of funds electronically across state lines;

**(b)** Illegal use of Doris Colgate's unlawfully obtained securities proceeds for Wilson's, Fox's, and Burkhead's private legal defense regarding Wilson's, Fox's, and Burkhead's fraud against Doris;

**(c)** Illegal concealment of the true nature of the transaction from Truist Securities/ BB&T Securities/ Sheffield Financial/ Computershare Inc., and from Doris Colgate, and from Edward Colgate; Or in the alternative, Truist Securities/ BB&T Securities/ Sheffield Financial/ Computershare Inc. was/is complicit in and conspired in this claim for relief.

**(d)** Illegal obstruction and deprivation of Edward Colgate's ability to act as Trustee and POA to recover damages on Doris's behalf.

1754. The securities were held by Truist Securities/ BB&T Securities/ Sheffield Financial/ Computershare Inc., which is headquartered in North Carolina, **not** in Kentucky. The securities liquidation at issue involved **interstate electronic communications and transactions across state lines,** constituting a wire transmission in interstate commerce, triggering the applicability of 18 U.S.C. § 1343. Interstate telephone calls and/or interstate electronic communications and/or electronic financial assets/money transfers were made in furtherance of the scheme.

1755. **RICO Enterprise, Treble Damages, and Justification for Enhanced Punitive Relief:** Plaintiffs further assert that all aforementioned and all following deprivations—spanning judicial misconduct, fraudulent felony threats, illegal case assignments, obstruction of all court access in Kentucky, statutory rewriting by judges without jurisdiction, destruction and concealment of records, systemic obstruction and denial of appellate review, and coordinated retaliation against protected elder-abuse reporting—constitute racketeering activity actionable under the Racketeer Influenced and Corrupt Organizations Act **(RICO), 18 U.S.C. §§ 1961–1964.** Under **18 U.S.C. § 1961(4), the term "enterprise" includes "any group of individuals "associated in fact" "although not a legal entity," which in this case plainly encompasses the coordinated network of public officials, judges, attorneys, public employees, and private actors who conspired to defraud and obstruct Plaintiffs' recovery.** Under **18 U.S.C. § 1962**: A person is liable when they **participate,** directly or **"indirectly"** in the illegal misconduct. This RICO enterprise engaged in repeated acts of wire fraud, annuity fraud, securities fraud, identity fraud, mail fraud, laundering of monetary instruments, and obstruction of justice, **obstruction of elder abuse recovery and other recovery**—all targeting a federally protected party (the reporting

fiduciary and caregiver of a vulnerable adult) acting from Washington State. The attack and targeting of Plaintiff in Washington State is a direct attack and targeting of the assets of the abused elder herself, Doris Colgate. The attack and targeting of Plaintiff in Washington State is a direct attack and targeting of the assets of the abused elder herself, Doris Colgate. **Civil relief/remedies** are provided under 18 U.S.C. § 1964. This constitutes a separate and distinct predicate act under 18 USC § 1956(a)(1)(A)(i) and § 1956(a)(1)(B)(i) in furtherance of the racketeering enterprise under 18 U.S.C. § 1961(1)(B). Plaintiffs assert and incorporate by reference in full the following regarding the **broad definition of an associated-in-fact enterprise --- in support of Plaintiffs' RICO Claims for Relief: Odom v. Microsoft Corp., 486 F. 3d 541 - Court of Appeals, 9th Circuit 2007 and United States v. Turkette, 452 US 576 - Supreme Court 1981 in Section XX.**

1756. Plaintiffs accordingly respectfully demand immediate entry of judgment as to liability and a corresponding award of **$101,000** in special damages representing the complete fraudulent liquidation of Doris Colgate's Truist Securities/ BB&T Securities/ Sheffield Financial/ Computershare Inc. --- Securities — admitted as a sum-certain through Wilson's CR 8.04 default in Kentucky case 25-CI-001371 --- and independently confirmed through four additional defendants' CR 8.04 defaults across four supporting Kentucky cases — constituting a laundering of monetary instruments predicate act under 18 USC § 1956(a)(1)(A)(i) and § 1956(a)(1)(B)(i) arising from laundering of monetary instruments directed at Truist Securities/ BB&T Securities/ Sheffield Financial/ Computershare Inc. --- Securities --- North Carolina's headquarters — **mandating treble damages of $303,000** pursuant to 18 U.S.C. §1964(c) — which shall be trebled as a matter of law upon entry of judgment on this claim --- and dividends and interest defrauded from Doris --- also admitted by Wilson and four additional defendants through CR

8.04 admissions --- and general damages and punitive damages. Plaintiffs assert their right to bring **RICO** claims under 18 U.S.C. §§1961 through 1964(c) in this federal complaint - - claims that were not and could not have been brought in the Kentucky state court proceedings — for the following simultaneous and independent reasons. **First** — Kentucky state courts lack jurisdiction to adjudicate civil RICO claims under 18 U.S.C. §1964(c) because civil RICO is a federal statutory cause of action arising under federal law - conferring exclusive or primary jurisdiction on federal district courts — making the Western District of Washington the first court with authority to adjudicate these claims. **Second** — the RICO pattern of racketeering activity including but not limited to --- the wire fraud predicates under 18 U.S.C. §1343 arising from the interstate annuity and securities liquidations directed at financial institutions headquartered in Alabama — Iowa — Indiana — North Carolina and Illinois — the laundering of monetary instruments predicates under 18 U.S.C. §1956 arising from the subsequent transfer and use of fraudulently obtained proceeds — and the securities fraud predicates under 18 U.S.C. §1348 — were pleaded as Kentucky state law violations in the state complaint under annuity fraud and under the state securities statute --- and are now additionally characterized as federal RICO predicate acts — which is a separate and additional federal layer of liability arising from the same admitted misconduct — not a new or inconsistent theory. **Third** — Wilson's CR 8.04 legally binding and conclusive admissions across five Kentucky cases — establishing --- including but not limited to --- the underlying annuity fraud securities fraud — forgery — elder abuse — as admitted adjudicative facts - constitute the evidentiary foundation for the RICO predicate acts --- which could only be properly developed and presented after those admissions were generated through Wilson's procedural default **and** after Plaintiffs accumulated the additional enterprise evidence — including but not limited to --- Personnel Cabinet KHRIS

payroll records regarding fraud — official court assignment timestamps regarding fraud — and authenticated audio recordings regarding fraud — that establish the pattern of racketeering activity required by 18 U.S.C. §1961(5) and §1961 through §1964(c). Plaintiffs incorporate by reference in full detail--paragraphs 2631A through 2631M. Court employees have fraudulently attempted to deceive Plaintiff through phone and internet phone interstate communications --- audio recorded and transcribed. Plaintiff asserts many documented electronic communications notifying judges and court employees that Plaintiff was being targeted in Washington State. Plaintiffs also incorporate by reference in full detail PX-129, PX-136, PX-158. PX-159, PX-160, PX-48, PX-49, PX-129 through PX-133, PX-136, PX-137 through PX-154, PX-143 --- supports the fraud and also supports the fraudulent effective destruction of records related to Eric Haner, Susan Gibson, and others.

1757. The **foregoing constitutes Plaintiffs' short and plain statement of this claim for relief** in compliance with Fed. R. Civ. P. 8(a)(2).

Plaintiffs further assert the following **Additional Plausibility** statements:

1758. Defendant Susan Wilson was and is complicit in a scheme and conspired in a scheme with Judge Patricia Morris, whereby Judge Morris weaponized a **knowingly false and fraudulent felony accusation** of "unauthorized practice of law" against pro se Plaintiffs—who were acting lawfully under KRS 209.030(2) and as a fiduciary under valid Trust and POA instruments—in order to deny Plaintiffs all access to all Kentucky courts and to **obstruct elder abuse recovery. Patricia Morris's fraudulent felony accusation is also proven by Defendant Susan Wilson's legally binding and conclusive judicial admissions of Plaintiffs' legal standing, Defendant's liability, and Defendant's damages.** See **PX-12, PX-51, PX-55, PX-56.**

1759. This denial was executed **without jurisdiction**, violated Plaintiffs' constitutional rights and statutory rights, and directly benefited Defendant, who remained **unjustly enriched** as a result. The fraudulent accusation by Judge Morris occurred **19 days prior** to Defendant Wilson being legally served by the Jefferson County Sheriff. When filing the Complaint, Plaintiffs paid the mandatory $60 fee directly to the Jefferson Circuit Court Clerk to have legal service by the Sheriff executed immediately.

1760. The timing and coordination of this judicial obstruction before lawful service—despite the court's active role in facilitating Wilson's service—demonstrates an **ultra vires abuse** of office by Morris to shield Wilson from litigation and to obstruct and block all statutory recovery.

1761. Direct communication between Wilson and Morris does **not** need to be proven to establish complicity under KRS 502.020 and conspiracy under 42 U.S.C. § 1985(2)-(3) . The judicial act of denying Plaintiffs all court access functioned as **an overt act in furtherance of a shared unlawful objective** to obstruct justice and to illegally protect Wilson from liability, in violation of 42 U.S.C. §§ 1983, 1985(2)-(3) and in Violation of the First, Seventh, and Fourteenth Amendments, 18 U.S.C. § 1349, and the Supremacy Clause, Art. VI, Cl. 2.

1762. Plaintiffs incorporate by reference in full detail all liability for **similar "Claim for Relief XXVIII." Claim for Relief XXVIII** is **legally binding and conclusive** based on Defendant's judicial admissions of liability in Kentucky Case No. 25-CI-001371 pursuant to CR 8.04 and 28 U.S.C. § 1367(a).

1763. Susan Wilson was and is **complicit** with and **conspired** with judge Morris or Patricia Morris, who was and is **acting in the absence of jurisdiction.** See Rankin v. Howard, 633 F. 2d 844 (9th Circuit 1980) and US v. Dugan; Also refer to all details in SECTION XII for evidence against Morris, and also for evidence of **systemic corruption.**

1764. Additionally, The Defendant's **legally binding and conclusive, judicially admitted participation in forged legal documents/instruments** has resulted in **continuous**, unlawful **tortious interference** with Trustee Edward Colgate's administration of **The Colgate Family Living Trust dated January 29, 2020,** with **each day since March 1, 2020**, constituting a **new act of fraudulent obstruction** and fiduciary harm/injury. This Claim for Relief is pled under **a** continuing tort doctrine, as Defendant's obstruction of Trustee Edward Colgate's fiduciary duties and Trustee recovery rights under the Trust constitutes an ongoing violation, with each day **renewing** the harm/injury and **tolling** all applicable statutes of limitation. Additionally, **each day that Defendant refuses and fails to report her own elder abuse and tortious fiduciary interference under KRS 209.030 constitutes a new statutory violation**, which further **renews** and **tolls** all relevant statutes of limitation under Kentucky and federal law.

1765. Each day that Judge Morris's and other judges' **fraudulent felony accusations remain embedded in void ab initio orders** constitutes a continuing denial of all Kentucky court access and systemic obstruction of justice in violation of 42 U.S.C. §§ 1983 and 1985(2)-(3), and the First, Seventh, and Fourteenth Amendments. Their collective refusal to report their own and each other's illegal or fraudulent actions under **KRS 26A.080 and KRS 209.030** perpetuates retaliatory elder abuse under **KRS 209.050, renewing** the constitutional and statutory harm/injury daily and **tolling all applicable statutes of limitation** under the continuing tort doctrine.

1766. **No state or federal court in the United States has ever attempted to bar, obstruct, or deny a civil plaintiff from all court access across an entire state by fraudulently accusing them of felonies.** The absurdity and illegality of such an act is so blatant that it has never been attempted by any judge in any jurisdiction. Adding to the absurdity and illegality is the fact that

the Defendant had not been legally served yet. Jefferson Circuit Court is the first to attempt this type of illegal act or fraud, which is retaliatory under KRS 209.050, KRS 209.030, KRS 209.990, KRS 26A.015(2), and is an attempt to intimidate and tamper with a witness, which is also a violation of 42 U.S.C. §§ 1983 and 1985(2)-(3).

**CLAIM FOR RELIEF LXXV**--(Also a Count and Cause of Action) — **Defendant's Complicity and Conspiracy in Laundering of Monetary Instruments in Violation of 18 USC § 1956(a)(1)(A)(i) and § 1956(a)(1)(B)(i), a Predicate RICO Act under 18 U.S.C. §§ 1961–1964(c) (Racketeer Influenced and Corrupt Organizations Act), Constituting a predicate offense under 18 U.S.C. § 1961(1)(B), forming part of a pattern of racketeering activity actionable under 18 U.S.C. § 1962(d), and is actionable under 18 U.S.C. § 1964(c) for civil remedies and threefold the damages ---** Through Defendant's Complicity and Conspiracy With One or More Judges (without jurisdiction) — the Elected Jefferson Circuit Court Clerk — Jefferson Circuit Court Clerk's Office Employees — Administrative Office of the Courts Employees — Court Administrators — Staff Attorneys — Acting Under Color of State Law --- and Through Defendant's Complicity and Conspiracy With Private Citizens and Entities — Individually or in Any Combination --- **Via Ingredion Incorporated Securities that were Valued at $27,000), Connected with Defendant's Complicity and Conspiracy in Fraud by Wire (18 U.S.C. § 1343, 18 U.S.C. §§ 1961–1964(c)), Regarding Securities Fraud under 18 U.S.C. § 1348, KRS 292.320, and KRS 502.020, in Furtherance of Elder Abuse, Financial Exploitation under KRS 209.020(9) and KRS 209.990, Regarding Doris Colgate's Ingredion Incorporated Securities that were Valued at $27,000; Obstruction of Justice and Obstruction of Elder Abuse Recovery and Other Recovery; Unjust Enrichment; Obstruction of Plaintiff's Fiduciary Duties, Rights, and Recovery; And Elder Abuse Via**

**Ingredion Incorporated Securities Liquidation in Full; Causing/enabling Harm/Injury/unjust enrichment; Ingredion Incorporated Securities** were/are headquartered in **Illinois.** Actionable under all aforementioned federal and state laws and under 42 U.S.C. § 1983, 42 U.S.C. § 1985(2)-(3); KRS 209.020, KRS 209.030(2), KRS 209.050, KRS 446.070, KRS 386B.8-010, KRS 386B.1-010(1), KRS 386B.8-180(1)(a), KRS 386B.4-100, FRCP 17(a)(1)(E), KRS 457.350(1)-(2); conversion where applicable; Obstruction of Recovery, Unjust Enrichment; Legally Binding and Conclusive Judicial Admissions of Liability and Damages under CR 8.04, 28 U.S.C. § 1367(a); the First, Seventh, and Fourteenth Amendments; 18 U.S.C. § 1349, and the Supremacy Clause, Art. VI, Cl. 2); Supported by Rankin v. Howard, 633 F. 2d 844 (9th Circuit 1980) and US v. Dugan; Causing/enabling Harm/Injury/unjust enrichment.

1767. Plaintiffs reassert and incorporate by reference in full detail all of Section XII: Master Comprehensive Incorporation of Exhibits, Evidentiary Foundation, Jurisdictional Foundation, Record of Judicial Misconduct, Systemic Civil Rights Obstruction, Denial of All Access to All Kentucky Courts, Constitutional and Federal Enforcement Framework, the Supremacy Clause (Art. VI, Cl. 2), and all preceding paragraphs as though fully restated and fully set forth herein this claim for relief/relief entitled to-sought-demanded. Plaintiffs further assert all of the following:

**Plaintiffs hereby assert the following "Short and Plain Statement" (Fed. R. Civ. P. 8(a)(2)):**

1768. Plaintiffs reassert and incorporate by reference in full detail all prior paragraphs, including all facts, all statutory violations, and all legally binding and conclusive judicial admissions of liability and damages in Kentucky State case 25-CI-001371 against Susan Wilson. See PX-51, PX-55, PX-56.

1769. Plaintiffs reassert and incorporate by reference in full detail all legally binding and conclusive judicial admissions of liability and damages in cases 25-CI-001371, 25-CI-001568, 25-CI-001795, 25-CI-001796, 25-CI-001121, with cases 25-CI-001568, 25-CI-001795, 25-CI-001796, 25-CI-001121 **facially fully supporting case 25-CI-001371 (Refer to PX-51 through PX-62 and PX-96, PX-95)**, as though fully restated and fully set forth herein this claim for relief/relief entitled to-sought-demanded.

1770. **Legal Integration:** Supplemental, federal question, and civil rights jurisdiction are applied to --- Defendant's Complicity and Conspiracy in Laundering of Monetary Instruments in Violation of 18 USC § 1956(a)(1)(A)(i) and § 1956(a)(1)(B)(i), a Predicate RICO Act under 18 U.S.C. §§ 1961–1964(c) (Racketeer Influenced and Corrupt Organizations Act), Constituting a predicate offense under 18 U.S.C. § 1961(1)(B), forming part of a pattern of racketeering activity actionable under 18 U.S.C. § 1962(d), and is actionable under 18 U.S.C. § 1964(c) for civil remedies and threefold the damages --- Through Defendant's Complicity and Conspiracy With One or More Judges (without jurisdiction) — the Elected Jefferson Circuit Court Clerk — Jefferson Circuit Court Clerk's Office Employees — Administrative Office of the Courts Employees — Court Administrators — Staff Attorneys — Acting Under Color of State Law --- and Through Defendant's Complicity and Conspiracy With Private Citizens and Entities --- Individually or in Any Combination --- Via Ingredion Incorporated Securities that were Valued at $27,000, Connected with Defendant's Complicity and Conspiracy in Fraud by Wire (18 U.S.C. § 1343, 18 U.S.C. §§ 1961–1964(c)), Regarding Securities Fraud under 18 U.S.C. § 1348, KRS 292.320, and KRS 502.020, in Furtherance of Elder Abuse, Financial Exploitation under KRS 209.020(9) and KRS 209.990, Regarding Doris Colgate's Ingredion Incorporated Securities that were Valued at **$27,000**; Obstruction of Justice and Obstruction of Elder Abuse Recovery and

Other Recovery; Unjust Enrichment; Obstruction of Plaintiff's Fiduciary Duties, Rights, and Recovery; And Elder Abuse Via Ingredion Incorporated Securities Liquidation in Full; Causing/enabling Harm/Injury/unjust enrichment: Ingredion Incorporated Securities were/are headquartered in **Illinois.** Actionable under all aforementioned federal and state laws and under 42 U.S.C. § 1983, 42 U.S.C. § 1985(2)-(3); KRS 209.020, KRS 209.030(2), KRS 209.050, KRS 446.070, KRS 386B.8-010, KRS 386B.1-010(1), KRS 386B.8-180(1)(a), KRS 386B.4-100, FRCP 17(a)(1)(E), KRS 457.350(1)-(2); conversion where applicable; Obstruction of Recovery, Unjust Enrichment; Legally Binding and Conclusive Judicial Admissions of Liability and Damages under CR 8.04, 28 U.S.C. § 1367(a); the First, Seventh, and Fourteenth Amendments; 18 U.S.C. § 1349, and the Supremacy Clause, Art. VI, Cl. 2); Supported by Rankin v. Howard, 633 F. 2d 844 (9th Circuit 1980) and US v. Dugan; Causing/enabling Harm/Injury/unjust enrichment. **Claim for Relief LXXV independently states a federal claim for relief, including a RICO claim for relief,** enabling/causing unjust enrichment, and incorporates, **in part,** the same set of facts, harms/injuries, and legally binding and conclusive judicial admissions now as a basis for federal relief, including but not limited to punitive damages. Defendant and others continue their elder abuse of Doris Colgate each and every day they refuse to report themselves and others for elder abuse. Special damages to be awarded are **$27,000 plus 3 times treble damages** pursuant to 18 U.S.C. §§ 1961–1964(c), in addition to other damages. Plaintiffs incorporate by reference in full detail **Sections XVIII, XIX, XXXVI, XXVI, XXX, XXXII, XXVIII, XXIX, XXXI, XXXV, XXVII, XXXVII, PX-63 through PX-87,** PX-42 through PX-49, PX-108, all 167 Exhibits, and the **First through the Fourteenth FRE 201 Judicial Notices** of judicially **noticed adjudicative facts,** which include approximately **1,044 total adjudicative facts,** including approximately **322 adjudicative facts** supporting

**jurisdiction** in the U.S. District Court for the Western District of Washington; **FRE 201 Adjudicative Facts in Judicial NOTICES --- 2 through 8, 10, and 12 --- fully support jurisdiction.** All aforementioned incorporations provide **100% certainty** of fraudulently assigned judges and fraudulently assigned case numbers --- prior to the legal filings by Plaintiffs of all 10 of their year-2025 cases --- with all 10 cases being illegally and fraudulently filed and processed by a non-existent/ non-payroll name in year-2025 --- which did not generate a legal random judge assignment and which did not generate a legal case number assignment --- and thereby provides 100% certainty that Kentucky judges NEVER had jurisdiction and NEVER will have jurisdiction. Plaintiffs assert Rankin v. Howard, 633 F. 2d 844 (9th Circuit 1980) and United States v. Dugan, 2:25-cr-00089 (E.D. Wis. 2025) regarding judges without jurisdiction. Plaintiffs also incorporate by reference in full detail **Section XXXIX** and the **Twelfth FRE 201 NOTICE --- regarding interstate transfers.**

1771. Defendant Wilson has **legally binding and conclusive judicial admissions of Forgery/Complicity in Forgery** with full liability regarding legal documents dated on or near 3-4-2020, and later, including but not limited to a power of attorney document, a trust revocation document, a Will, and/or a document fraudulently removing Doris Colgate's real estate, located at 410 Wisteria Avenue, Jefferson County, from the Trust.

1772. Defendant's conspiracy in these acts is **independently actionable** under Federal Law as offenses under **18 U.S.C. § 1956(a)(1)(A)(i) and (B)(i),** and support **liability under 42 U.S.C. § 1983 and 42 U.S.C. § 1985(2)-(3)** based on the obstruction of lawful fiduciary duties, and based on the retaliatory concealment of deceptively and fraudulently misappropriated elder assets across state lines.


Edward Colgate 22023 SE Wax Rd., Box 1452, Maple Valley, WA 98038, King Co.

1773. The financial transactions asserted/alleged herein, including unauthorized liquidation of securities and cross-state wire transfers, constitute both fraud by wire under 18 U.S.C. § 1343 and the laundering of securities funds from such fraudulent misconduct, in violation of 18 U.S.C. § 1956(a)(1)(A)(i) and (B)(i).

1774. Plaintiffs assert that Defendant Wilson's conspiracy scheme involved both the initial execution of **interstate wire fraud and the subsequent laundering of those funds** to disguise their origin, thereby constituting **violations** of both **18 U.S.C. § 1343 and 18 U.S.C. § 1956.**

**18 USC § 1956(a)(1)(A)(i) and § 1956(a)(1)(B)(i)--Laundering of monetary instruments--** Whoever, knowing that the property involved in a financial transaction represents the proceeds of some form of unlawful activity, conducts or attempts to conduct such a **financial transaction** which in fact involves the proceeds of specified unlawful activity-**(A)(i)** with the intent to promote the carrying on of specified unlawful activity; **(B) knowing** that the **transaction is designed in whole or in part-(i) to conceal or disguise the nature, the location, the source, the ownership, or the control of the proceeds of specified unlawful activity;** Defendant Susan Wilson was knowingly complicit in conducting a financial transaction—the fraudulent **full liquidation** of Doris Colgate's **Ingredion Incorporated Securities —knowing the funds** involved were being **obtained** through unlawful acts, including fraud, deception, identity misuse/fraud/theft, and **forgery.**

1775. The liquidation of $27,000 from Doris Colgate's **Ingredion Incorporated Securities** was obtained without lawful authority, without informed consent, and without fiduciary legitimacy. Defendant was complicit in deceptively and fraudulently **misrepresenting** the authority under which the perpetrators acted, violating both state and federal law. See PX-10, PX-12, PX-6, PX-31, PX-32, PX-39, PX-24, PX-25, PX-3, Audios5, 6, 8, 10, 11, 12, 13, 16, 18.

1776. The proceeds of this liquidation were part of a **broader fraudulent scheme** involving fraudulent self-dealing, document forgery, and the obstruction of Plaintiff Edward Colgate's fiduciary duties. The **funds** were then **fraudulently used by Susan Wilson, Lori Fox, and Michelle Burkhead** in whole or in part, for **furthering their legal defense,** and deceptively and fraudulently **concealing** the nature of the misappropriation, **satisfying 18 U.S.C. § 1956(a)(1)(B)(i).**

1777. Defendant's complicity in enabling fraudulent **financial transactions** associated with these securities **involved:**

**(a)** Illegal transfer of funds electronically across state lines;

**(b)** Illegal use of Doris Colgate's unlawfully obtained securities proceeds for Wilson's, Fox's, and Burkhead's private legal defense regarding Wilson's, Fox's, and Burkhead's fraud against Doris;

**(c)** Illegal concealment of the true nature of the transaction from Ingredion Incorporated Securities, and from Doris Colgate, and from Edward Colgate; Or in the alternative, Ingredion Incorporated was/is complicit in and conspired in this claim for relief.

**(d)** Illegal obstruction and deprivation of Edward Colgate's ability to act as Trustee and POA to recover damages on Doris's behalf.

1778. The securities were held by **Ingredion Incorporated Securities**, which is headquartered in Illinois**, not** in Kentucky. The securities liquidation at issue involved **interstate electronic communications and transactions across state lines,** constituting a wire transmission in interstate commerce, triggering the applicability of 18 U.S.C. § 1343. Interstate telephone calls and/or interstate electronic communications and/or electronic financial assets/money transfers were made in furtherance of the scheme.

1779. **RICO Enterprise, Treble Damages, and Justification for Enhanced Punitive Relief:** Plaintiffs further assert that all aforementioned and all following deprivations—spanning judicial misconduct, fraudulent felony threats, illegal case assignments, obstruction of all court access in Kentucky, statutory rewriting by judges without jurisdiction, destruction and concealment of records, systemic obstruction and denial of appellate review, and coordinated retaliation against protected elder-abuse reporting constitute racketeering activity actionable under the Racketeer Influenced and Corrupt Organizations Act **(RICO), 18 U.S.C. §§ 1961–1964.** Under **18 U.S.C. § 1961(4), the term "enterprise" includes "any group of individuals "associated in fact" "although not a legal entity," which in this case plainly encompasses the coordinated network of public officials, judges, attorneys, public employees, and private actors who conspired to defraud and obstruct Plaintiffs' recovery.** Under **18 U.S.C. § 1962**: A person is liable when they **participate**, directly or **"indirectly"** in the illegal misconduct. This RICO enterprise engaged in repeated acts of wire fraud, annuity fraud, securities fraud, identity fraud, mail fraud, laundering of monetary instruments, and obstruction of justice, **obstruction of elder abuse recovery and other recovery**—all targeting a federally protected party (the reporting fiduciary and caregiver of a vulnerable adult) acting from Washington State. The attack and targeting of Plaintiff in Washington State is a direct attack and targeting of the assets of the abused elder herself, Doris Colgate. The attack and targeting of Plaintiff in Washington State is a direct attack and targeting of the assets of the abused elder herself, Doris Colgate. **Civil relief/remedies** are provided under 18 U.S.C. § 1964. This constitutes a separate and distinct predicate act under 18 USC § 1956(a)(1)(A)(i) and § 1956(a)(1)(B)(i) in furtherance of the racketeering enterprise under 18 U.S.C. § 1961(1)(B). Plaintiffs assert and incorporate by reference in full the following regarding the **broad definition of an associated-in-fact**

**enterprise --- in support of Plaintiffs' RICO Claims for Relief: Odom v. Microsoft Corp., 486 F. 3d 541 - Court of Appeals, 9th Circuit 2007 and United States v. Turkette, 452 US 576 - Supreme Court 1981 in Section XX.**

1780. Plaintiffs accordingly respectfully demand immediate entry of judgment as to liability and a corresponding award of **$27,000** in special damages — representing the complete fraudulent liquidation of Doris Colgate's **Ingredion Incorporated Securities** — admitted as a sum-certain through Wilson's CR 8.04 default in Kentucky case 25-CI-001371 --- and independently confirmed through four additional defendants' CR 8.04 defaults across four supporting Kentucky cases — constituting a laundering of monetary instruments predicate act under 18 USC § 1956(a)(1)(A)(i) and § 1956(a)(1)(B)(i) arising from laundering of monetary instruments directed at **Ingredion Incorporated Securities** --- Illinois's headquarters — **mandating treble damages of $81,000** pursuant to 18 U.S.C. §1964(c) which shall be trebled as a matter of law upon entry of judgment on this claim --- and dividends and interest defrauded from Doris --- also admitted by Wilson and four additional defendants through CR 8.04 admissions --- and general damages and punitive damages. Plaintiffs assert their right to bring **RICO** claims under 18 U.S.C. §§1961 through 1964(c) in this federal complaint — claims that were not and could not have been brought in the Kentucky state court proceedings — for the following simultaneous and independent reasons. **First** — Kentucky state courts lack jurisdiction to adjudicate civil RICO claims under 18 U.S.C. §1964(c) because civil RICO is a federal statutory cause of action arising under federal law — conferring exclusive or primary jurisdiction on federal district courts — making the Western District of Washington the first court with authority to adjudicate these claims. **Second** — the RICO pattern of racketeering activity — including but not limited to --- the wire fraud predicates under 18 U.S.C. §1343 arising from the interstate annuity and securities

liquidations directed at financial institutions headquartered in Alabama -- Iowa — Indiana — North Carolina — and Illinois — the laundering of monetary instruments predicates under 18 U.S.C. §1956 arising from the subsequent transfer and use of fraudulently obtained proceeds — and the securities fraud predicates under 18 U.S.C. §1348 — were pleaded as Kentucky state law violations in the state complaint under annuity fraud and under the state securities statute --- and are now additionally characterized as federal RICO predicate acts — which is a separate and additional federal layer of liability arising from the same admitted misconduct — not a new or inconsistent theory. **Third** - Wilson's CR 8.04 legally binding and conclusive admissions across five Kentucky cases --- establishing --- including but not limited to --- the underlying annuity fraud - securities fraud — forgery — elder abuse — as admitted adjudicative facts — constitute the evidentiary foundation for the RICO predicate acts - which could only be properly developed and presented after those admissions were generated through Wilson's procedural default **and** after Plaintiffs accumulated the additional enterprise evidence — including but not limited to --- Personnel Cabinet KHRIS payroll records regarding fraud — official court assignment timestamps regarding fraud — and authenticated audio recordings regarding fraud — that establish the pattern of racketeering activity required by 18 U.S.C. §1961(5) and §1961 through §1964(c). Plaintiffs incorporate by reference in full detail--paragraphs 2631A througb 2631M. Court employees have fraudulently attempted to deceive Plaintiff through phone and internet phone interstate communications --- audio recorded and transcribed. Plaintiff asserts many documented electronic communications notifying judges and court employees that Plaintiff was being targeted in Washington State. Plaintiffs also incorporate by reference in full detail PX-129, PX-136, PX-158. PX-159, PX-160, PX-48, PX-49, PX-129 through PX-133, PX-136, PX-

137 through PX-154, PX-143 --- supports the fraud and also supports the fraudulent effective destruction of records related to Eric Haner, Susan Gibson, and others.

1781. The **foregoing constitutes Plaintiffs' short and plain statement of this claim for relief** in compliance with Fed. R. Civ. P. 8(a)(2).

Plaintiffs further assert the following **Additional Plausibility** statements:

1782. Defendant Susan Wilson was and is complicit in a scheme and conspired in a scheme with Judge Patricia Morris, whereby Judge Morris weaponized a **knowingly false and fraudulent felony accusation** of "unauthorized practice of law" against pro se Plaintiffs -who were acting lawfully under KRS 209.030(2) and as a fiduciary under valid Trust and POA instruments—in order to deny Plaintiffs all access to all Kentucky courts and to **obstruct elder abuse recovery. Patricia Morris's fraudulent felony accusation is also proven by Defendant Susan Wilson's legally binding and conclusive judicial admissions of Plaintiffs' legal standing, Defendant's liability, and Defendant's damages.** See **PX-12, PX-51, PX-55, PX-56.**

1783. This denial was executed **without jurisdiction**, violated Plaintiffs' constitutional rights and statutory rights, and directly benefited Defendant, who remained **unjustly enriched** as a result. The fraudulent accusation by Judge Morris occurred **19 days prior** to Defendant Wilson being legally served by the Jefferson County Sheriff. When filing the Complaint, Plaintiffs paid the mandatory $60 fee directly to the Jefferson Circuit Court Clerk to have legal service by the Sheriff executed immediately.

1784. The timing and coordination of this judicial obstruction before lawful service—despite the court's active role in facilitating Wilson's service—demonstrates an **ultra vires abuse** of office by Morris to shield Wilson from litigation and to obstruct and block all statutory recovery.

1785. Direct communication between Wilson and Morris does **not** need to be proven to establish complicity under KRS 502.020 and conspiracy under 42 U.S.C. § 1985(2)-(3) . The judicial act of denying Plaintiffs all court access functioned as **an overt act in furtherance of a shared unlawful objective** to obstruct justice and to illegally protect Wilson from liability, in violation of 42 U.S.C. §§ 1983, 1985(2)-(3) and in Violation of the First, Seventh, and Fourteenth Amendments, 18 U.S.C. § 1349, and the Supremacy Clause, Art. VI, Cl. 2.

1786. Plaintiffs incorporate by reference in full detail all liability for **similar "Claim for Relief XXIX." Claim for Relief XXIX** is legally binding and conclusive based on Defendant's judicial admissions of liability in Kentucky Case No. 25-CI-001371 pursuant to CR 8.04 and 28 U.S.C. § 1367(a).

1787. Susan Wilson was and is **complicit** with and **conspired** with judge Morris or Patricia Morris, who was and is **acting in the absence of jurisdiction.** See Rankin v. Howard, 633 F. 2d 844 (9th Circuit 1980) and US v. Dugan; Also refer to all details in SECTION XII for evidence against Morris, and also for evidence of **systemic corruption.**

1788. Additionally, The Defendant's **legally binding and conclusive, judicially admitted participation in forged legal documents/instruments** has resulted in **continuous**, unlawful **tortious interference** with Trustee Edward Colgate's administration of **The Colgate Family Living Trust dated January 29, 2020,** with **each day since March 1, 2020**, constituting a **new act of fraudulent obstruction** and fiduciary harm/injury. This Claim for Relief is pled under a continuing tort doctrine, as Defendant's obstruction of Trustee Edward Colgate's fiduciary duties and Trustee recovery rights under the Trust constitutes an ongoing violation, with each day **renewing** the harm/injury and **tolling** all applicable statutes of limitation. Additionally, **each day that Defendant refuses and fails to report her own elder abuse and tortious fiduciary**

**interference under KRS 209.030 constitutes a new statutory violation**, which further **renews** and **tolls** all relevant statutes of limitation under Kentucky and federal law.

1789. Each day that Judge Morris's and other judges' **fraudulent felony accusations remain embedded in void ab initio orders** constitutes a continuing denial of all Kentucky court access and systemic obstruction of justice in violation of 42 U.S.C. §§ 1983 and 1985(2)-(3), and the First, Seventh, and Fourteenth Amendments. Their collective refusal to report their own and each other's illegal or fraudulent actions under **KRS 26A.080 and KRS 209.030** perpetuates retaliatory elder abuse under **KRS 209.050**, **renewing** the constitutional and statutory harm/injury daily and **tolling all applicable statutes of limitation** under the continuing tort doctrine.

1790. **No state or federal court in the United States has ever attempted to bar, obstruct, or deny a civil plaintiff from all court access across an entire state by fraudulently accusing them of felonies.** The absurdity and illegality of such an act is so blatant that it has never been attempted by any judge in any jurisdiction. Adding to the absurdity and illegality is the fact that the Defendant had not been legally served yet. Jefferson Circuit Court is the first to attempt this type of illegal act or fraud, which is retaliatory under KRS 209.050, KRS 209.030, KRS 209.990, KRS 26A.015(2), and is an attempt to intimidate and tamper with a witness, which is also a violation of 42 U.S.C. §§ 1983 and 1985(2)-(3).

**CLAIM FOR RELIEF LXXVI**--(Also a Count and Cause of Action) — Defendant's **Complicity and Conspiracy in Fraud by Wire in Violation of 18 U.S.C. § 1343, a Predicate RICO Act under 18 U.S.C. §§ 1961–1964(c) (Racketeer Influenced and Corrupt Organizations Act), Constituting a predicate offense under 18 U.S.C. § 1961(1)(B), forming part of a pattern of racketeering activity actionable under 18 U.S.C. § 1962(d), and is**

**actionable under 18 U.S.C. § 1964(c) for civil remedies and threefold the damages ---** Through Defendant's Complicity and Conspiracy With One or More Judges (without jurisdiction) — the Elected Jefferson Circuit Court Clerk — Jefferson Circuit Court Clerk's Office Employees — Administrative Office of the Courts Employees — Court Administrators — Staff Attorneys — Acting Under Color of State Law --- and Through Defendant's Complicity and Conspiracy With Private Citizens and Entities — Individually or in Any Combination --- **Connected with Securities Fraud (18 U.S.C. § 1348 (RICO), KRS 292.320, and KRS 502.020), in Furtherance of Elder Abuse, Financial Exploitation under KRS 209.020(9) and KRS 209.990, Regarding Doris Colgate's Truist Securities/ BB&T Securities/ Sheffield Financial/ Computershare Inc. Securities that were Valued at $101,000; Obstruction of Justice and Obstruction of Elder Abuse Recovery; Unjust Enrichment; Obstruction of Plaintiff's Fiduciary Duties, Rights, and Recovery; And Elder Abuse Via Truist Securities/ BB&T Securities/ Sheffield Financial/ Computershare Inc.'s Illegal/Fraudulent Securities Liquidation in Full; These securities were/are headquartered in North Carolina.** Actionable under all aforementioned federal and state laws and under 42 U.S.C. § 1983, 42 U.S.C. § 1985(2)-(3); KRS 209.030(2), KRS 209.050, KRS 446.070, KRS 386B.8-010, KRS 386B.1-010(1), KRS 386B.8-180(1)(a), KRS 386B.4-100, FRCP 17(a)(1)(E), KRS 457.350(1)-(2); conversion where applicable; Obstruction of Recovery, Unjust Enrichment; Legally Binding and Conclusive Judicial Admissions of Liability and Damages under CR 8.04, 28 U.S.C. § 1367(a);; the First, Seventh, and Fourteenth Amendments, 18 U.S.C. § 1349, and the Supremacy Clause, Art. VI, Cl. 2); Supported by Rankin v. Howard, 633 F. 2d 844 (9th Circuit 1980) and US v. Dugan; Causing/enabling Harm/Injury/unjust enrichment.

1791. Plaintiffs reassert and incorporate by reference in full detail all of Section XII: Master Comprehensive Incorporation of Exhibits, Evidentiary Foundation, Jurisdictional Foundation, Record of Judicial Misconduct, Systemic Civil Rights Obstruction, Denial of All Access to All Kentucky Courts, Constitutional and Federal Enforcement Framework, the Supremacy Clause (Art. VI, Cl. 2), and all preceding paragraphs as though fully restated and fully set forth herein this claim for relief/relief entitled to-sought-demanded. Plaintiffs further assert all of the following:

**Plaintiffs hereby assert the following "Short and Plain Statement" (Fed. R. Civ. P. 8(a)(2)):**

1792. Plaintiffs reassert and incorporate by reference in full detail all prior paragraphs, including all facts, all statutory violations, and all legally binding and conclusive judicial admissions of liability and damages in Kentucky State case 25-CI-001371 against Susan Wilson. See PX-51, PX-55, PX-56. On or about **August 28, 2024,** Defendant Susan Wilson was knowingly complicit in enabling the fraudulent full liquidation of these **Truist Securities/ BB&T Securities/ Sheffield Financial/ Computershare Inc. Securities**, held in the name of Doris Colgate, in the amount of **$101,000,** without Doris's informed consent, and without legal authority.

1793. Plaintiffs reassert and incorporate by reference in full detail all legally binding and conclusive judicial admissions of liability and damages in cases 25-CI-001371, 25-CI-001568, 25-CI-001795, 25-CI-001796, 25-CI-001121, with cases 25-CI-001568, 25-CI-001795, 25-CI-001796, 25-CI-001121 **facially fully supporting case 25-CI-001371 (Refer to PX-51 through PX-62 and PX-96, PX-95)**, as though fully restated and fully set forth herein this claim for relief/relief entitled to-sought-demanded.

1794. **Legal Integration:** Supplemental, federal question, and civil rights jurisdiction are applied to --- Defendant's Complicity and Conspiracy in Fraud by Wire in Violation of 18 U.S.C. § 1343, a Predicate RICO Act under 18 U.S.C. §§ 1961–1964(c) (Racketeer Influenced and Corrupt Organizations Act), Constituting a predicate offense under 18 U.S.C. § 1961(1)(B), forming part of a pattern of racketeering activity actionable under 18 U.S.C. § 1962(d), and is actionable under 18 U.S.C. § 1964(c) for civil remedies and threefold the damages --- Through Defendant's Complicity and Conspiracy With One or More Judges (without jurisdiction) — the Elected Jefferson Circuit Court Clerk — Jefferson Circuit Court Clerk's Office Employees — Administrative Office of the Courts Employees — Court Administrators — Staff Attorneys — Acting Under Color of State Law --- and Through Defendant's Complicity and Conspiracy With Private Citizens and Entities — Individually or in Any Combination --- Connected with Securities Fraud (18 U.S.C. § 1348 (RICO), KRS 292.320, and KRS 502.020), in Furtherance of Elder Abuse, Financial Exploitation under KRS 209.020(9) and KRS 209.990, Regarding Doris Colgate's Truist Securities/ BB&T Securities/ Sheffield Financial/ Computershare Inc. Securities that were Valued at **$101,000**; Obstruction of Justice and Obstruction of Elder Abuse Recovery; Unjust Enrichment; Obstruction of Plaintiff's Fiduciary Duties, Rights, and Recovery; And Elder Abuse Via Truist Securities/ BB&T Securities/ Sheffield Financial/ Computershare Inc.'s Illegal/Fraudulent Securities Liquidation in Full; These **securities** were/are headquartered in **North Carolina.** Actionable under all aforementioned federal and state laws and under 42 U.S.C. § 1983, 42 U.S.C. § 1985(2)-(3); KRS 209.030(2), KRS 209.050, KRS 446.070, KRS 386B.8-010, KRS 386B.1-010(1), KRS 386B.8-180(1)(a), KRS 386B.4-100, FRCP 17(a)(1)(E), KRS 457.350(1)-(2); conversion where applicable; Obstruction of Recovery, Unjust Enrichment; Legally Binding and Conclusive Judicial Admissions of Liability and Damages under CR 8.04,

28 U.S.C. § 1367(a);; the First, Seventh, and Fourteenth Amendments, 18 U.S.C. § 1349, and the Supremacy Clause, Art. VI, Cl. 2); Supported by Rankin v. Howard, 633 F. 2d 844 (9th Circuit 1980) and US v. Dugan; Causing/enabling Harm/Injury/unjust enrichment. **Claim for Relief LXXVI independently states a federal claim for relief, including a RICO claim for relief,** enabling/causing unjust enrichment, and incorporates, **in part,** the same set of facts, harms/injuries, and legally binding and conclusive judicial admissions now as a basis for federal relief, including but not limited to punitive damages. Defendant and others continue their elder abuse of Doris Colgate each and every day they refuse to report themselves and others for elder abuse. Special damages to be awarded are **$101,000 plus 3 times treble damages** pursuant to 18 U.S.C. §§ 1961–1964(c), in addition to other damages. Plaintiffs incorporate by reference in full detail **Sections XVIII, XIX, XXXVI, XXVI, XXX, XXXII, XXVIII, XXIX, XXXI, XXXV, XXVII, XXXVII, PX-63 through PX-87,** PX-42 through PX-49, PX-108, all 167 Exhibits, and the **First through the Fourteenth FRE 201 Judicial Notices** of judicially **noticed adjudicative facts,** which include approximately **1,044 total adjudicative facts,** including approximately **322 adjudicative facts** supporting **jurisdiction** in the U.S. District Court for the Western District of Washington; **FRE 201 Adjudicative Facts in Judicial NOTICES --- 2 through 8, 10, and 12 --- fully support jurisdiction.** All aforementioned incorporations provide **100% certainty** of fraudulently assigned judges and fraudulently assigned case numbers --- prior to the legal filings by Plaintiffs of all 10 of their year-2025 cases --- with all 10 cases being illegally and fraudulently filed and processed by a non-existent/ non-payroll name in year-2025 --- which did not generate a legal random judge assignment and which did not generate a legal case number assignment --- and thereby provides 100% certainty that Kentucky judges NEVER had jurisdiction and NEVER will have jurisdiction. Plaintiffs assert Rankin v. Howard, 633 F. 2d

844 (9th Circuit 1980) and United States v. Dugan, 2:25-cr-00089 (E.D. Wis. 2025) regarding judges without jurisdiction. Plaintiffs also incorporate by reference in full detail **Section XXXIX** and the **Twelfth FRE 201 NOTICE --- regarding interstate transfers.**

1795. Defendant Wilson has **legally binding and conclusive judicial admissions of Forgery/Complicity in Forgery** with full liability regarding legal documents dated on or near 3-4-2020, and later, including but not limited to a power of attorney document, a trust revocation document, a Will, and/or a document fraudulently removing Doris Colgate's real estate, located at 410 Wisteria Avenue, Jefferson County, from the Trust.

1796. The securities were held by Truist Securities/ BB&T Securities/ Sheffield Financial/ Computershare Inc. which were/are **headquartered in North Carolina, not** in Kentucky. The securities liquidation at issue involved **interstate electronic communications and transactions across state lines,** constituting a wire transmission in interstate commerce, triggering the applicability of **18 U.S.C. § 1343.** Interstate telephone calls and/or interstate electronic communications and/or interstate electronic financial assets/money transfers were made in furtherance of the scheme.

1797. **RICO Enterprise, Treble Damages, and Justification for Enhanced Punitive Relief:** Plaintiffs further assert that all aforementioned and all following deprivations—spanning judicial misconduct, fraudulent felony threats, illegal case assignments, obstruction of all court access in Kentucky, statutory rewriting by judges without jurisdiction, destruction and concealment of records, systemic obstruction and denial of appellate review, and coordinated retaliation against protected elder-abuse reporting constitute racketeering activity actionable under the Racketeer Influenced and Corrupt Organizations Act **(RICO), 18 U.S.C. §§ 1961–1964.** Under **18 U.S.C. § 1961(4), the term "enterprise" includes "any group of individuals associated in fact**

**although not a legal entity," which in this case plainly encompasses the coordinated network of public officials, judges, attorneys, public employees, and private actors who conspired to defraud and obstruct Plaintiffs' recovery.** Under **18 U.S.C. § 1962**: A person is liable when they **participate,** directly or **"indirectly"** in the illegal misconduct. This RICO enterprise engaged in repeated acts of wire fraud, securities fraud, identity fraud, mail fraud, laundering of monetary instruments, and obstruction of justice, obstruction of elder abuse recovery and other recovery—all targeting a federally protected party (the reporting fiduciary and caregiver of a vulnerable adult) acting from Washington State. The attack and targeting of Plaintiff in Washington State is a direct attack and targeting of the assets of the abused elder herself, Doris Colgate. The attack and targeting of Plaintiff in Washington State is a direct attack and targeting of the assets of the abused elder herself, Doris Colgate. **Civil relief/remedies** are provided under 18 U.S.C. § 1964(c). This constitutes a separate and distinct predicate act under 18 USC § 1343 in furtherance of the racketeering enterprise under 18 U.S.C. § 1961(1)(B). Plaintiffs assert and incorporate by reference in full the following regarding the **broad definition of an associated-in-fact enterprise --- in support of Plaintiffs' RICO Claims for Relief: Odom v. Microsoft Corp., 486 F. 3d 541 - Court of Appeals, 9th Circuit 2007 and United States v. Turkette, 452 US 576 - Supreme Court 1981 in Section XX.**

1798. Defendant Susan Wilson was and is complicit in and conspired in a scheme with Judge Patricia Morris, whereby Judge Morris weaponized a **knowingly false and fraudulent felony accusation** of "unauthorized practice of law" against pro se Plaintiffs—who were acting lawfully under KRS 209.030(2) and as a fiduciary under valid Trust and POA instruments—in order to deny Plaintiffs all access to all Kentucky courts and to **obstruct elder abuse recovery. Patricia Morris's fraudulent felony accusation is also proven by Defendant Susan Wilson's**

**legally binding and conclusive judicial admissions of Plaintiffs' legal standing, Defendant's liability, and Defendant's damages.** See **PX-12, PX-51, PX-55, PX-56.**

1799. This denial was executed **without jurisdiction**, violated Plaintiffs' constitutional rights and statutory rights, and directly benefited Defendant, who remained **unjustly enriched** as a result. The fraudulent accusation by Judge Morris occurred **19 days prior** to Defendant Wilson being legally served by the Jefferson County Sheriff. When filing the Complaint, Plaintiffs paid the mandatory $60 fee directly to the Jefferson Circuit Court Clerk to have legal service by the Sheriff executed immediately.

1800. The timing and coordination of this judicial obstruction before lawful service—despite the court's active role in facilitating Wilson's service—demonstrates an **ultra vires abuse** of office by Morris to shield Wilson from litigation and to obstruct and block all statutory recovery.

1801. Direct communication between Wilson and Morris does **not** need to be proven to establish complicity under KRS 502.020 and conspiracy under 42 U.S.C. § 1985(2)-(3) . The judicial act of denying Plaintiffs all court access functioned as **an overt act in furtherance of a shared unlawful objective** to obstruct justice and to illegally protect Wilson from liability, in violation of 42 U.S.C. §§ 1983, 1985(2)-(3) and in Violation of the First, Seventh, and Fourteenth Amendments, 18 U.S.C. § 1349, and the Supremacy Clause, Art. VI, Cl. 2.

1802. Plaintiffs incorporate by reference in full detail all liability for **similar "Claim for Relief XXVIII." Claim for Relief XXVIII** is legally binding and conclusive based on Defendant's judicial admissions of liability in Kentucky Case No. 25-CI-001371 pursuant to CR 8.04 and 28 U.S.C. § 1367(a).

1803. Susan Wilson was and is complicit with and conspired with judge Morris or Patricia Morris, who was and is **acting in the absence of jurisdiction.** See Rankin v. Howard, 633 F. 2d

844 (9th Circuit 1980) and US v. Dugan; Also refer to all details in SECTION XII for evidence against Morris, and also for evidence of **systemic corruption.**

1804. Plaintiffs accordingly respectfully demand immediate entry of judgment as to liability and a corresponding award of **$101,000** in special damages — representing the complete fraudulent liquidation of Doris Colgate's Truist Securities/ BB&T Securities/ Sheffield Financial/ Computershare Inc. --- Securities — admitted as a sum-certain through Wilson's CR 8.04 default in Kentucky case 25-CI-001371 --- and independently confirmed through four additional defendants' CR 8.04 defaults across four supporting Kentucky cases --- constituting a wire fraud predicate act under 18 U.S.C. §1343 arising from interstate wire communications directed at Truist Securities/ BB&T Securities/ Sheffield Financial/ Computershare Inc. --- Securities --- North Carolina's headquarters — **mandating treble damages of $303,000** pursuant to 18 U.S.C. §1964(c) — which shall be trebled as a matter of law upon entry of judgment on this claim --- and dividends and interest defrauded from Doris --- also admitted by Wilson and four additional defendants through CR 8.04 admissions --- and general damages and punitive damages. Plaintiffs assert their right to bring **RICO** claims under 18 U.S.C. §§1961 through 1964(c) in this federal complaint — claims that were not and could not have been brought in the Kentucky state court proceedings — for the following simultaneous and independent reasons. **First** — Kentucky state courts lack jurisdiction to adjudicate civil RICO claims under 18 U.S.C. §1964(c) because civil RICO is a federal statutory cause of action arising under federal law — conferring exclusive or primary jurisdiction on federal district courts — making the Western District of Washington the first court with authority to adjudicate these claims. **Second** — the RICO pattern of racketeering activity — including but not limited to --- the wire fraud predicates under 18 U.S.C. §1343 arising from the interstate annuity and securities liquidations directed at financial

institutions headquartered in Alabama — Iowa — Indiana — North Carolina — and Illinois — the laundering of monetary instruments predicates under 18 U.S.C. §1956 arising from the subsequent transfer and use of fraudulently obtained proceeds — and the securities fraud predicates under 18 U.S.C. §1348 — were pleaded as Kentucky state law violations in the state complaint under annuity fraud and nnder the state securities statute --- and are now additionally characterized as federal RICO predicate acts — which is a separate and additional federal layer of liability arising from the same admitted misconduct — not a new or inconsistent theory. **Third** — Wilson's CR 8.04 legally binding and conclusive admissions across five Kentucky cases — establishing --- including but not limited to --- the underlying annuity fraud — securities fraud — forgery — elder abuse — as admitted adjudicative facts — constitute the evidentiary foundation for the RICO predicate acts — which could only be properly developed and presented after those admissions were generated through Wilson's procedural default **and** after Plaintiffs accumulated the additional enterprise evidence — including but not limited to --- Personnel Cabinet KHRIS payroll records regarding fraud — official court assignment timestamps regarding fraud — and authenticated audio recordings regarding fraud — that establish the pattern of racketeering activity required by 18 U.S.C. §1961(5) and §1961 through §1964(c). Plaintiffs incorporate by reference in full detail--paragraphs 2631A through 2631M. Court employees have fraudulently attempted to deceive Plaintiff through phone and internet phone interstate communications --- audio recorded and transcribed. Plaintiff asserts many documented electronic communications notifying judges and court employees that Plaintiff was heing targeted in Washington State. Plaintiffs also incorporate by reference in full detail PX-129, PX-136, PX-158. PX-159, PX-160, PX-48, PX-49, PX-129 through PX-133, PX-136, PX-137

through PX-154, PX-143 --- supports the fraud and also supports the fraudulent effective destruction of records related to Eric Haner, Susan Gibson, and others.

1805. The **foregoing constitutes Plaintiffs' short and plain statement of this claim for relief** in compliance with Fed. R. Civ. P. 8(a)(2).

1806. Additionally, The Defendant's **legally binding and conclusive, judicially admitted participation in forged legal documents/instruments** has resulted in **continuous**, unlawful **tortious interference** with Trustee Edward Colgate's administration of **The Colgate Family Living Trust dated January 29, 2020,** with **each day since March 1, 2020**, constituting a **new act of fraudulent obstruction** and fiduciary harm/injury. This Claim for Relief is pled under a continuing tort doctrine, as Defendant's obstruction of Trustee Edward Colgate's fiduciary duties and Trustee recovery rights under the Trust constitutes an ongoing violation, with each day **renewing** the harm/injury and **tolling** all applicable statutes of limitation. Additionally, **each day that Defendant refuses and fails to report her own elder abuse and tortious fiduciary interference under KRS 209.030 constitutes a new statutory violation**, which further **renews** and **tolls** all relevant statutes of limitation under Kentucky and federal law.

1807. Each day that Judge Morris's and other judges' **fraudulent felony accusations remain embedded in void ab initio orders** constitutes a continuing denial of all Kentucky court access and systemic obstruction of justice in violation of 42 U.S.C. §§ 1983 and 1985(2)-(3), and the First, Seventh, and Fourteenth Amendments. Their collective refusal to report their own and each other's illegal or fraudulent actions under **KRS 26A.080 and KRS 209.030** perpetuates retaliatory elder abuse under **KRS 209.050, renewing** the constitutional and statutory harm/injury daily and **tolling all applicable statutes of limitation** under the continuing tort doctrine.

1808. **No state or federal court in the United States has ever attempted to bar, obstruct, or deny a civil plaintiff from all court access across an entire state by fraudulently accusing them of felonies.** The absurdity and illegality of such an act is so blatant that it has never been attempted by any judge in any jurisdiction. Adding to the absurdity and illegality is the fact that the Defendant had not been legally served yet. Jefferson Circuit Court is the first to attempt this type of illegal act or fraud, which is retaliatory under KRS 209.050, KRS 209.030, KRS 209.990, KRS 26A.015(2), and is an attempt to intimidate and tamper with a witness, which is also a violation of 42 U.S.C. §§ 1983 and 1985(2)-(3).

**CLAIM FOR RELIEF LXXVII**--(Also a Count and Cause of Action)— Defendant's **Complicity and Conspiracy in Fraud by Wire in Violation of 18 U.S.C. § 1343, a Predicate RICO Act under 18 U.S.C. §§ 1961–1964(c) (Racketeer Influenced and Corrupt Organizations Act), Constituting a predicate offense under 18 U.S.C. § 1961(1)(B), forming part of a pattern of racketeering activity actionable under 18 U.S.C. § 1962(d), and is actionable under 18 U.S.C. § 1964(c) for civil remedies and threefold the damages ---** Through Defendant's Complicity and Conspiracy With One or More Judges (without jurisdiction) — the Elected Jefferson Circuit Court Clerk — Jefferson Circuit Court Clerk's Office Employees — Administrative Office of the Courts Employees — Court Administrators — Staff Attorneys — Acting Under Color of State Law --- and Through Defendant's Complicity and Conspiracy With Private Citizens and Entities --- Individually or in Any Combination --- **Connected with Securities Fraud (18 U.S.C. § 1348 (RICO), KRS 292.320, and KRS 502.020), in Furtherance of Elder Abuse, Financial Exploitation under KRS 209.020(9) and KRS 209.990, Regarding Doris Colgate's Ingredion Incorporated Securities that were Valued at $27,000; Obstruction of Justice and Obstruction of Elder Abuse Recovery;**

**Unjust Enrichment; Connected with Obstruction of Plaintiff's Fiduciary Duties, Rights, and Recovery; And Elder Abuse Via Ingredion Incorporated's Illegal/Fraudulent Securities Liquidation in Full; These securities were/are headquartered in Illinois.** Actionable under all aforementioned federal and state laws and under 42 U.S.C. § 1983, 42 U.S.C. § 1985(2)-(3); KRS 209.030, KRS 209.050, KRS 446.070, KRS 386B.8-010, KRS 386B.1-010(1), KRS 386B.8-180(1)(a), KRS 386B.4-100, FRCP 17(a)(1)(E), KRS 457.350(1)-(2); conversion where applicable; Obstruction of Recovery, Unjust Enrichment; Legally Binding and Conclusive Judicial Admissions of Liability and Damages under CR 8.04, 28 U.S.C. § 1367(a); the First, Seventh, and Fourteenth Amendments, 18 U.S.C. § 1349, and the Supremacy Clause, Art. VI, Cl. 2); Supported by Rankin v. Howard, 633 F. 2d 844 (9th Circuit 1980) and US v. Dugan; Causing/enabling Harm/Injury/unjust enrichment.

1809. Plaintiffs reassert and incorporate by reference in full detail all of Section XII: Master Comprehensive Incorporation of Exhibits, Evidentiary Foundation, Jurisdictional Foundation, Record of Judicial Misconduct, Systemic Civil Rights Obstruction, Denial of All Access to All Kentucky Courts, Constitutional and Federal Enforcement Framework, the Supremacy Clause (Art. VI, Cl. 2), and all preceding paragraphs as though fully restated and fully set forth herein this claim for relief/relief entitled to-sought-demanded. Plaintiffs further assert all of the following:

**Plaintiffs hereby assert the following "Short and Plain Statement" (Fed. R. Civ. P. 8(a)(2)):**

1810. Plaintiffs reassert and incorporate by reference in full detail all prior paragraphs, including all facts, all statutory violations, and all legally binding and conclusive judicial admissions of liability and damages in Kentucky State case 25-CI-001371 against Susan Wilson. See PX-51, PX-55, PX-56. On or about **August 28, 2024,** Defendant Susan Wilson was knowingly

complicit in enabling the fraudulent full liquidation of these Ingredion Incorporated Securities, held in the name of Doris Colgate, in the amount of **$27,000,** without Doris's informed consent, and without legal authority.

1811. Plaintiffs reassert and incorporate by reference in full detail all legally binding and conclusive judicial admissions of liability and damages in cases 25-CI-001371, 25-CI-001568, 25-CI-001795, 25-CI-001796, 25-CI-001121, with cases 25-CI-001568, 25-CI-001795, 25-CI-001796, 25-CI-001121 **facially fully supporting case 25-CI-001371 (Refer to PX-51 through PX-62 and PX-96, PX-95)**, as though fully restated and fully set forth herein this claim for relief/relief entitled to-sought-demanded.

1812. **Legal Integration:** Supplemental, federal question, and civil rights jurisdiction are applied to --- Defendant's Complicity and Conspiracy in Fraud by Wire in Violation of 18 U.S.C. § 1343, a Predicate RICO Act under 18 U.S.C. §§ 1961–1964(c) (Racketeer Influenced and Corrupt Organizations Act), Constituting a predicate offense under 18 U.S.C. § 1961(1)(B), forming part of a pattern of racketeering activity actionable under 18 U.S.C. § 1962(d), and is actionable under 18 U.S.C. § 1964(c) for civil remedies and threefold the damages --- Through Defendant's Complicity and Conspiracy With One or More Judges (without jurisdiction) — the Elected Jefferson Circuit Court Clerk — Jefferson Circuit Court Clerk's Office Employees — Administrative Office of the Courts Employees — Court Administrators — Staff Attorneys — Acting Under Color of State Law --- and Through Defendant's Complicity and Conspiracy With Private Citizens and Entities --- Individually or in Any Combination --- Connected with Securities Fraud (18 U.S.C. § 1348 (RICO), KRS 292.320, and KRS 502.020), in Furtherance of Elder Abuse, Financial Exploitation under KRS 209.020(9) and KRS 209.990, Regarding Doris Colgate's Ingredion Incorporated Securities that were Valued at **$27,000**; Obstruction of Justice

and Obstruction of Elder Abuse Recovery; Unjust Enrichment; Connected with Obstruction of Plaintiff's Fiduciary Duties, Rights, and Recovery; And Elder Abuse Via Ingredion Incorporated's Illegal/Fraudulent Securities Liquidation in Full; These securities were/are headquartered in **Illinois.** Actionable under all aforementioned federal and state laws and under 42 U.S.C. § 1983, 42 U.S.C. § 1985(2)-(3); KRS 209.030, KRS 209.050, KRS 446.070, KRS 386B.8-010, KRS 386B.1-010(1), KRS 386B.8-180(1)(a), KRS 386B.4-100, FRCP 17(a)(1)(E), KRS 457.350(1)-(2); conversion where applicable; Obstruction of Recovery, Unjust Enrichment; Legally Binding and Conclusive Judicial Admissions of Liability and Damages under CR 8.04, 28 U.S.C. § 1367(a); the First, Seventh, and Fourteenth Amendments, 18 U.S.C. § 1349, and the Supremacy Clause, Art. VI, Cl. 2); Supported by Rankin v. Howard, 633 F. 2d 844 (9th Circuit 1980) and US v. Dugan; Causing/enabling Harm/Injury/unjust enrichment. **Claim for Relief LXXVII independently states** a **federal claim for relief, including a RICO claim for relief,** enabling/causing unjust enrichment, and incorporates, **in part,** the same set of facts, harms/injuries, and legally binding and conclusive judicial admissions now as a basis for federal relief, including but not limited to punitive damages. Defendant and others continue their elder abuse of Doris Colgate each and every day they refuse to report themselves and others for elder abuse. Special damages to be awarded are **$27,000 plus 3 times treble damages** pursuant to 18 U.S.C. §§ 1961–1964(c), in addition to other damages. Plaintiffs also incorporate by reference in full detail **Section XXXIX** and the **Twelfth FRE 201 NOTICE --- regarding interstate transfers.**

1813. Defendant Wilson has **legally binding and conclusive judicial admissions of Forgery/Complicity in Forgery** with full liability regarding legal documents dated on or near 3-4-2020, and later, including but not limited to a power of attorney document, a trust revocation

document, a Will, and/or a document fraudulently removing Doris Colgate's real estate, located at 410 Wisteria Avenue, Jefferson County, from the Trust.

1814. The securities were held by Ingredion Incorporated Securities which were/are **headquartered in Illinois, not** in Kentucky. The securities liquidation at issue involved **interstate electronic communications and transactions across state lines,** constituting a wire transmission in interstate commerce, triggering the applicability of **18 U.S.C. § 1343.** Interstate telephone calls and/or interstate electronic communications and/or interstate electronic financial assets/money transfers were made in furtherance of the scheme.

1815. **RICO Enterprise, Treble Damages, and Justification for Enhanced Punitive Relief:** Plaintiffs further assert that all aforementioned and all following deprivations—spanning judicial misconduct, fraudulent felony threats, illegal case assignments, obstruction of all court access in Kentucky, statutory rewriting by judges without jurisdiction, destruction and concealment of records, systemic obstruction and denial of appellate review, and coordinated retaliation against protected elder-abuse reporting—constitute racketeering activity actionable under the Racketeer Influenced and Corrupt Organizations Act **(RICO), 18 U.S.C. §§ 1961–1964.** Under **18 U.S.C. § 1961(4), the term "enterprise" includes "any group of individuals associated in fact although not a legal entity," which in this case plainly encompasses the coordinated network of public officials, judges, attorneys, public employees, and private actors who conspired to defraud and obstruct Plaintiffs' recovery.** Under **18 U.S.C. § 1962**: A person is liable when they **participate,** directly or **"indirectly"** in the illegal misconduct. This RICO enterprise engaged in repeated acts of wire fraud, securities fraud, identity fraud, mail fraud, laundering of monetary instruments, and obstruction of justice, obstruction of elder abuse recovery and other recovery—all targeting a federally protected party (the reporting fiduciary

and caregiver of a vulnerable adult) acting from Washington State. The attack and targeting of Plaintiff in Washington State is a direct attack and targeting of the assets of the abused elder herself, Doris Colgate. **Civil relief/remedies** are provided under 18 U.S.C. § 1964(c). This constitutes a separate and distinct predicate act under 18 USC § 1343 in furtherance of the racketeering enterprise under 18 U.S.C. § 1961(1)(B). Plaintiffs assert and incorporate by reference in full the following regarding the **broad definition of an associated-in-fact enterprise --- in support of Plaintiffs' RICO Claims for Relief: Odom v. Microsoft Corp., 486 F. 3d 541 - Court of Appeals, 9th Circuit 2007 and United States v. Turkette, 452 US 576 - Supreme Court 1981 in Section XX.**

1816. Defendant Susan Wilson was and is complicit in and conspired in a scheme with Judge Patricia Morris, whereby Judge Morris weaponized a **knowingly false and fraudulent felony accusation** of "unauthorized practice of law" against pro se Plaintiffs -- who were acting lawfully under KRS 209.030(2) and as a fiduciary under valid Trust and POA instruments—in order to deny Plaintiffs all access to all Kentucky courts and to **obstruct elder abuse recovery. Patricia Morris's fraudulent felony accusation is also proven by Defendant Susan Wilson's legally binding and conclusive judicial admissions of Plaintiffs' legal standing, Defendant's liability, and Defendant's damages.** See **PX-12, PX-51, PX-55, PX-56.**

1817. This denial was executed **without jurisdiction**, violated Plaintiffs' constitutional rights and statutory rights, and directly benefited Defendant, who remained **unjustly enriched** as a result. The fraudulent accusation by Judge Morris occurred **19 days prior** to Defendant Wilson being legally served by the Jefferson County Sheriff. When filing the Complaint, Plaintiffs paid the mandatory $60 fee directly to the Jefferson Circuit Court Clerk to have legal service by the Sheriff executed immediately.

1818. The timing and coordination of this judicial obstruction before lawful service—despite the court's active role in facilitating Wilson's service—demonstrates an **ultra vires abuse** of office by Morris to shield Wilson from litigation and to obstruct and block all statutory recovery.

1819. Direct communication between Wilson and Morris does **not** need to be proven to establish complicity under KRS 502.020 and conspiracy under 42 U.S.C. § 1985(2)-(3) . The judicial act of denying Plaintiffs all court access functioned as **an overt act in furtherance of a shared unlawful objective** to obstruct justice and to illegally protect Wilson from liability, in violation of 42 U.S.C. §§ 1983, 1985(2)-(3) and in Violation of the First, Seventh, and Fourteenth Amendments, 18 U.S.C. § 1349, and the Supremacy Clause, Art. VI, Cl. 2.

1820. Plaintiffs incorporate by reference in full detail all liability for **similar "Claim for Relief XXIX." Claim for Relief XXIX** is legally binding and conclusive based on Defendant's judicial admissions of liability in Kentucky Case No. 25-CI-001371 pursuant to CR 8.04 and 28 U.S.C. § 1367(a).

1821. Susan Wilson was and is **complicit** with and conspired with judge Morris or Patricia Morris, who was and is **acting in the absence of jurisdiction.** See Rankin v. Howard, 633 F. 2d 844 (9th Circuit 1980) and US v. Dugan; Also refer to all details in SECTION XII for evidence against Morris, and also for evidence of **systemic corruption.**

1822. Plaintiffs accordingly respectfully demand immediate entry of judgment as to liability and a corresponding award of **$27,000** in special damages — representing the complete fraudulent liquidation of Doris Colgate's Ingredion Incorporated Securities — admitted as a sum-certain through Wilson's CR 8.04 default in Kentucky case 25-CI-001371 --- and independently confirmed through four additional defendants' CR 8.04 defaults across four supporting Kentucky cases — constituting a wire fraud predicate act under 18 U.S.C. §1343 arising from interstate

wire communications directed at Ingredion Incorporated Securities --- Illinois's headquarters — **mandating treble damages of $81,000** pursuant to 18 U.S.C. §1964(c) --- which shall be trebled as a matter of law upon entry of judgment on this claim --- and dividends and interest defrauded from Doris --- also admitted by Wilson and four additional defendants through CR 8.04 admissions --- and general damages and punitive damages. Plaintiffs assert their right to bring **RICO** claims under 18 U.S.C. §§1961 through 1964(c) in this federal complaint — claims that were not and could not have been brought in the Kentucky state court proceedings --- for the following simultaneous and independent reasons. **First** — Kentucky state courts lack jurisdiction to adjudicate civil RICO claims under 18 U.S.C. §1964(c) because civil RICO is a federal statutory cause of action arising under federal law — conferring exclusive or primary jurisdiction on federal district courts — making the Western District of Washington the first court with authority to adjudicate these claims. **Second** — the RICO pattern of racketeering activity — including but not limited to --- the wire fraud predicates under 18 U.S.C. §1343 arising from the interstate annuity and securities liquidations directed at financial institutions headquartered in Alabama — Iowa — Indiana — North Carolina --- and Illinois — the laundering of monetary instruments predicates under 18 U.S.C. §1956 arising from the subsequent transfer and use of fraudulently obtained proceeds --- and the securities fraud predicates under 18 U.S.C. §1348 — were pleaded as Kentucky state law violations in the state complaint under annuity fraud and under the state securities statute --- and are now additionally characterized as federal RICO predicate acts — which is a separate and additional federal layer of liability arising from the same admitted misconduct — not a new or inconsistent theory. **Third** --- Wilson's CR 8.04 legally binding and conclusive admissions across five Kentucky cases — establishing --- including but not limited to --- the underlying annuity fraud — securities fraud — forgery —

elder abuse — as admitted adjudicative facts — constitute the evidentiary foundation for the RICO predicate acts — which could only be properly developed and presented after those admissions were generated through Wilson's procedural default **and** after Plaintiffs accumulated the additional enterprise evidence — including but not limited to --- Personnel Cabinet KHRIS payroll records regarding fraud --- official court assignment timestamps regarding fraud — and authenticated audio recordings regarding fraud — that establish the pattern of racketeering activity required by 18 U.S.C. §1961(5) and §1961 through §1964(c). Plaintiffs incorporate by reference in full detail--paragraphs 2631A through 2631M. Court employees have fraudulently attempted to deceive Plaintiff through phone and internet phone interstate communications --- audio recorded and transcribed. Plaintiff asserts many documented electronic communications notifying judges and court employees that Plaintiff was being targeted in Washington State. Plaintiffs also incorporate by reference in full detail PX-129, PX-136, PX-158. PX-159, PX-160, PX-48, PX-49, PX-129 through PX-133, PX-136, PX-137 through PX-154, PX-143 --- supports the fraud and also supports the fraudulent effective destruction of records related to Eric Haner, Susan Gibson, and others.

1823. The **foregoing constitutes Plaintiffs' short and plain statement of this claim for relief** in compliance with Fed. R. Civ. P. 8(a)(2).

1824. Additionally, The Defendant's **legally binding and conclusive, judicially admitted participation in forged legal documents/instruments** has resulted in **continuous**, unlawful **tortious interference** with Trustee Edward Colgate's administration of **The Colgate Family Living Trust dated January 29, 2020,** with **each day since March 1, 2020,** constituting a **new act of fraudulent obstruction** and fiduciary harm/injury. This Claim for Relief is pled under a continuing tort doctrine, as Defendant's obstruction of Trustee Edward Colgate's fiduciary duties

and Trustee recovery rights under the Trust constitutes an ongoing violation, with each day **renewing** the harm/injury and **tolling** all applicable statutes of limitation. Additionally, **each day that Defendant refuses and fails to report her own elder abuse and tortious fiduciary interference under KRS 209.030 constitutes a new statutory violation**, which further **renews** and **tolls** all relevant statutes of limitation under Kentucky and federal law.

1825. Each day that Judge Morris's and other judges' **fraudulent felony accusations remain embedded in void ab initio orders** constitutes a continuing denial of all Kentucky court access and systemic obstruction of justice in violation of 42 U.S.C. §§ 1983 and 1985(2)-(3), and the First, Seventh, and Fourteenth Amendments. Their collective refusal to report their own and each other's illegal or fraudulent actions under **KRS 26A.080 and KRS 209.030** perpetuates retaliatory elder abuse under **KRS 209.050, renewing** the constitutional and statutory harm/injury daily and **tolling all applicable statutes of limitation** under the continuing tort doctrine.

1826. **No state or federal court in the United States has ever attempted to bar, obstruct, or deny a civil plaintiff from all court access across an entire state by fraudulently accusing them of felonies.** The absurdity and illegality of such an act is so blatant that it has never been attempted by any judge in any jurisdiction. Adding to the absurdity and illegality is the fact that the Defendant had not been legally served yet. Jefferson Circuit Court is the first to attempt this type of illegal act or fraud, which is retaliatory under KRS 209.050, KRS 209.030, KRS 209.990, KRS 26A.015(2), and is an attempt to intimidate and tamper with a witness, which is also a violation of 42 U.S.C. §§ 1983 and 1985(2)-(3).

**CLAIM FOR RELIEF LXXVIII**--(Also a Count and Cause of Action) —Defendant's **Complicity and Conspiracy in Frauds and Swindles in Violation of 18 U.S.C. § 1341, a**

**Predicate RICO Act under 18 U.S.C. §§ 1961–1964(c) (Racketeer Influenced and Corrupt Organizations Act), Constituting a predicate offense under 18 U.S.C. § 1961(1)(B), forming part of a pattern of racketeering activity actionable under 18 U.S.C. § 1962(d), and is actionable under 18 U.S.C. § 1964(c) for civil remedies and threefold the damages ---** Through Defendant's Complicity and Conspiracy With One or More Judges (**without** jurisdiction) — the Elected Jefferson Circuit Court Clerk — Jefferson Circuit Court Clerk's Office Employees — Administrative Office of the Courts Employees --- Court Administrators — Staff Attorneys — Acting Under Color of State Law --- and Through Defendant's Complicity and Conspiracy With Private Citizens and Entities --- Individually or in Any Combination --- **Connected with Theft of mail matter under KRS 514.140 and KRS 502.020; in Furtherance of Elder Abuse, Financial Exploitation under KRS 209.020(9) and KRS 209.990; Connected with Obstruction of Plaintiff's Fiduciary Duties, Rights, and Recovery; Connected with Deprivation and Obstruction of Civil Rights; Connected with Violations of 42 U.S.C. §§ 1983, 1985(2)-(3), the First, Seventh, and Fourteenth Amendments, 18 U.S.C. § 1349, and the Supremacy Clause, Art. VI, Cl. 2; Supported by Rankin v. Howard, 633 F. 2d 844 (9th Circuit 1980) and US v. Dugan;** Actionable under all aforementioned federal and state laws and under KRS 209.030(2), KRS 209.050, KRS 446.070, KRS 386B.8-010, KRS 386B.1-010(1), KRS 386B.8-180(1)(a), KRS 386B.4-100, FRCP 17(a)(1)(E), KRS 457.350(1)-(2), 28 U.S.C. § 1367(a), 28 U.S.C. § 1331, 28 U.S.C. § 1343; Legally Binding and Conclusive Judicial Admissions of Liability and Damages under CR 8.04, 28 U.S.C. § 1367(a); Causing/enabling Harm/Injury/unjust enrichment.

1827. Plaintiffs reassert and incorporate by reference in full detail all of Section XII: Master Comprehensive Incorporation of Exhibits, Evidentiary Foundation, Jurisdictional Foundation,

Record of Judicial Misconduct, Systemic Civil Rights Obstruction, Denial of All Access to All Kentucky Courts, Constitutional and Federal Enforcement Framework, the Supremacy Clause (Art. VI, Cl. 2), and all preceding paragraphs as though fully restated and fully set forth herein this claim for relief/relief entitled to-sought-demanded. Plaintiffs further assert all of the following:

**Plaintiffs hereby assert the following "Short and Plain Statement" (Fed. R. Civ. P. 8(a)(2)):**

1828. Plaintiffs reassert and incorporate by reference in full detail all prior paragraphs, **all paragraphs in Claim for Relief XVI herein,** including all facts, all statutory violations, and all legally binding and conclusive judicial **admissions of liability and damages in Claim for Relief XVI.**

1829. Plaintiffs reassert and incorporate by reference in full detail all legally binding and conclusive judicial admissions of liability and damages in cases 25-CI-001371, 25-CI-001568, 25-CI-001795, 25-CI-001796, 25-CI-001121, with cases 25-CI-001568, 25-CI-001795, 25-CI-001796, 25-CI-001121 **facially fully supporting case 25-CI-001371 (Refer to PX-51 through PX-62 and PX-96, PX-95)**, as though fully restated and fully set forth herein this claim for relief/relief entitled to-sought-demanded.

1830. **Legal Integration:** Supplemental, federal question, and civil rights jurisdiction are applied to --- Defendant's Complicity and Conspiracy in Frauds and Swindles --- in Violation of 18 U.S.C. § 1341, a Predicate RICO Act under 18 U.S.C. §§ 1961–1964(c) (Racketeer Influenced and Corrupt Organizations Act), Constituting a predicate offense under 18 U.S.C. § 1961(1)(B), forming part of a pattern of racketeering activity actionable under 18 U.S.C. § 1962(d), and is actionable under 18 U.S.C. § 1964(c) for civil remedies and threefold the damages --- Through Defendant's Complicity and Conspiracy With One or More Judges

(**without** jurisdiction) — the Elected Jefferson Circuit Court Clerk — Jefferson Circuit Court Clerk's Office Employees — Administrative Office of the Courts Employees — Court Administrators — Staff Attorneys — Acting Under Color of State Law — and Through Defendant's Complicity and Conspiracy With Private Citizens and Entities — Individually or in Any Combination --- Connected with Theft of mail matter under KRS 514.140 and KRS 502.020; in Furtherance of Elder Abuse, Financial Exploitation under KRS 209.020(9) and KRS 209.990; Connected with Obstruction of Plaintiff's Fiduciary Duties, Rights, and Recovery; Connected with Deprivation and Obstruction of Civil Rights; Connected with Violations of 42 U.S.C. §§ 1983, 1985(2)-(3), the First, Seventh, and Fourteenth Amendments, 18 U.S.C. § 1349, and the Supremacy Clause, Art. VI, Cl. 2; Supported by Rankin v. Howard, 633 F. 2d 844 (9th Circuit 1980) and US v. Dugan; Actionable under all aforementioned federal and state laws and under KRS 209.030(2), KRS 209.050, KRS 446.070, KRS 386B.8-010, KRS 386B.1-010(1), KRS 386B.8-180(1)(a), KRS 386B.4-100, FRCP 17(a)(1)(E), KRS 457.350(1)-(2), 28 U.S.C. § 1367(a), 28 U.S.C. § 1331, 28 U.S.C. § 1343; Legally Binding and Conclusive Judicial Admissions of Liability and Damages under CR 8.04, 28 U.S.C. § 1367(a); Causing/enabling Harm/Injury/unjust enrichment. **Claim for Relief LXXVIII independently states** a **federal claim for relief, including a RICO claim for relief,** enabling/causing unjust enrichment, and incorporates, **in part,** the same set of facts, harms/ injuries, and legally binding and conclusive judicial admissions now as a basis for federal relief, including but not limited to punitive damages. Plaintiffs incorporate by reference in full detail **Sections XVIII, XIX, XXXVI, XXVI, XXX, XXXII, XXVIII, XXIX, XXXI, XXXV, XXVII, XXXVII, PX-63 through PX-87,** PX-42 through PX-49, PX-108, all 167 Exhibits, and the **First through the Fourteenth FRE 201 Judicial Notices** of judicially **noticed adjudicative facts,** which include approximately **1,044**

**total adjudicative facts,** including approximately **322 adjudicative facts** supporting **jurisdiction** in the U.S. District Court for the Western District of Washington; **FRE 201 Adjudicative Facts in Judicial NOTICES --- 2 through 8, 10, and 12 --- fully support jurisdiction.** All aforementioned incorporations provide **100% certainty** of fraudulently assigned judges and fraudulently assigned case numbers --- prior to the legal filings by Plaintiffs of all 10 of their year-2025 cases --- with all 10 cases being illegally and fraudulently filed and processed by a non-existent/ non-payroll name in year-2025 --- which did not generate a legal random judge assignment and which did not generate a legal case number assignment --- and thereby provides 100% certainty that Kentucky judges NEVER had jurisdiction and NEVER will have jurisdiction. Plaintiffs assert Rankin v. Howard, 633 F. 2d 844 (9th Circuit 1980) and United States v. Dugan, 2:25-cr-00089 (E.D. Wis. 2025) regarding judges without jurisdiction. Plaintiffs also incorporate by reference in full detail **Section XXXIX** and the **Twelfth FRE 201 NOTICE --- regarding interstate transfers.**

1831. **RICO Enterprise, Treble Damages, and Justification for Enhanced Punitive Relief:** Plaintiffs further assert that all aforementioned and all following deprivations—spanning judicial misconduct, fraudulent felony threats, illegal case assignments, obstruction of all court access in Kentucky, statutory rewriting by judges without jurisdiction, destruction and concealment of records, systemic obstruction and denial of appellate review, and coordinated retaliation against protected elder-abuse reporting—constitute racketeering activity actionable under the Racketeer Influenced and Corrupt Organizations Act **(RICO), 18 U.S.C. §§ 1961–1964.** Under **18 U.S.C. § 1961(4), the term "enterprise" includes "any group of individuals associated in fact although not a legal entity," which in this case plainly encompasses the coordinated network of public officials, judges, attorneys, public employees, and private actors who**

**conspired to defraud and obstruct Plaintiffs' recovery.** Under **18 U.S.C. § 1962**: A person is liable when they **participate,** directly or **"indirectly"** in the illegal misconduct. This RICO enterprise engaged in repeated acts of wire fraud, securities fraud, identity fraud, mail fraud, laundering of monetary instruments, and obstruction of justice, obstruction of elder abuse recovery and other recovery—all targeting a federally protected party (the reporting fiduciary and caregiver of a vulnerable adult) acting from Washington State. The attack and targeting of Plaintiff in Washington State is a direct attack and targeting of the assets of the abused elder herself, Doris Colgate. **Civil relief/remedies** are provided under 18 U.S.C. § 1964. This constitutes a separate and distinct predicate act under 18 USC § 1341 in furtherance of the racketeering enterprise under 18 U.S.C. § 1961(1)(B). Plaintiffs assert and incorporate by reference in full the following regarding the **broad definition of an associated-in-fact enterprise --- in support of Plaintiffs' RICO Claims for Relief: Odom v. Microsoft Corp., 486 F. 3d 541 - Court of Appeals, 9th Circuit 2007 and United States v. Turkette, 452 US 576 - Supreme Court 1981 in Section XX.**

1832. Defendant Wilson has **legally binding and conclusive judicial admissions of Forgery/Complicity in Forgery** with full liability regarding legal documents dated on or near 3-4-2020, and later, including but not limited to a power of attorney document, a trust revocation document, a Will, and/or a document fraudnlently removing Doris Colgate's real estate, located at 410 Wisteria Avenue, Jefferson County, from the Trust.

1833. Defendant Susan Wilson was and is complicit in and conspired in a scheme with her daughter, Lori Fox, to have Doris Colgate's mail illegally diverted to Susan Wilson's address and Lori Fox's address to enable their numerous frauds against Doris Colgate, including but not limited to securities fraud, annuity fraud, real estate fraud, wire fraud, and laundering of

monetary instruments. In addition, Edward Colgate's illegally obtained mail by Susan Wilson, Lori Fox, Cristal Fox, Jude McConnell, Ray Wilson, and Michelle Burkhead was illegally used by Susan Wilson, Lori Fox, Cristal Fox, Jude McConnell, Ray Wilson, and Michelle Burkhead to perpetrate identity theft and identity fraud against him. Plaintiffs **incorporate by reference in full detail claims for relief LXVIII through LXXVII (claims 68 through 77) and claims for relief XXV through XXIX (claims 25 through 29), and claims for relief I and XXXII (1 and 32) --- and incorporate by reference in full detail all annuity companies and all securities companies herein these aforementioned claims for relief.** Plaintiffs further incorporate by **reference in full detail all relief demanded herein said claims for relief (68 through 77, 25 through 29, 1 and 32) plus 3 times treble damages.**

1834. Defendant Susan Wilson was and is complicit in and conspired in a scheme with Judge Patricia Morris, whereby Judge Morris weaponized a **knowingly false and fraudulent felony accusation** of "unauthorized practice of law" against pro se Plaintiffs—who were acting lawfully under KRS 209.030(2) and as a fiduciary under valid Trust and POA instruments—in order to deny Plaintiffs all access to all Kentucky courts and to **obstruct elder abuse recovery. Patricia Morris's fraudulent felony accusation is also proven by Defendant Susan Wilson's legally binding and conclusive judicial admissions of Plaintiffs' legal standing, Defendant's liability, and Defendant's damages.** See **PX-12, PX-51, PX-55, PX-56.**

1835. This denial was executed **without jurisdiction**, violated Plaintiffs' constitutional rights and statutory rights, and directly benefited Defendant, who remained **unjustly enriched** as a result. The fraudulent accusation by Judge Morris occurred **19 days prior** to Defendant Wilson being legally served by the Jefferson County Sheriff. When filing the Complaint, Plaintiffs paid

the mandatory $60 fee directly to the Jefferson Circuit Court Clerk to have legal service by the Sheriff executed immediately. See PX-51, PX-55, PX-56.

1836. The timing and coordination of this judicial obstruction before lawful service—despite the court's active role in facilitating Wilson's service—demonstrates an **ultra vires abuse** of office by Morris to shield Wilson from litigation and to obstruct and block all statutory recovery.

1837. Direct communication between Wilson and Morris does **not** need to be proven to establish complicity under KRS 502.020 and conspiracy under 42 U.S.C. § 1985(2)-(3) . The judicial act of denying Plaintiffs all court access functioned as **an overt act in furtherance of a shared unlawful objective** to obstruct justice and to illegally protect Wilson from liability, in violation of 42 U.S.C. §§ 1983, 1985(2)-(3) and in Violation of the First, Seventh, and Fourteenth Amendments, 18 U.S.C. § 1349, and the Supremacy Clause, Art. VI, Cl. 2.

1838. Plaintiffs incorporate by reference in full detail all liability and damages for **similar "Claim for Relief XVI ." Claim for Relief XVI** is legally binding and conclusive based on Defendant's judicial admissions of liability in Kentucky Case No. 25-CI-001371 pursuant to CR 8.04 and 28 U.S.C. § 1367(a).

1839. Susan Wilson was and is **complicit** with and **conspired** with judge Morris or Patricia Morris, who was and is **acting in the absence of jurisdiction.** See Rankin v. Howard, 633 F. 2d 844 (9th Circuit 1980) and US v. Dugan; Also refer to all details in SECTION XII for evidence against Morris, and also for evidence of **systemic corruption.**

1840. Plaintiffs accordingly respectfully demand immediate entry of judgment as to liability, and a corresponding award of $540,185.41 based on legally conclusive and binding judicially admitted damages from case 25-CI-001371 --- admitted as a sum-certain through Wilson's CR 8.04 default in Kentucky case 25-CI-001371 --- and independently confirmed through four

additional defendants' CR 8.04 defaults across four supporting Kentucky cases. The aforementioned dollar amount also arises from a frauds and swindles predicate act under 18 U.S.C. §1341 based on the following incorporations by reference — **mandating treble damages of $1,620,556.23** pursuant to 18 U.S.C. §1964(c) --- which shall be trebled as a matter of law upon entry of judgment on this claim --- and dividends and interest defrauded from Doris --- also admitted by Wilson and four additional defendants through CR 8.04 admissions --- and general damages and punitive damages. Plaintiffs incorporate by reference in full detail claims for relief LXVIII through LXXVII **(claims 68 through 77)** and claims for relief XXV through XXIX **(claims 25 through 29),** and claims for relief I and XXXII **(1 and 32)** --- and incorporate by reference in full detail all annuity companies and all securities companies herein these aforementioned claims for relief. Plaintiffs further incorporate by reference in full detail all relief demanded herein said claims for relief **(68 through 77, 25 through 29, 1 and 32) plus 3 times treble damages --- since the frauds and swindles supported the additional frauds or illegal activity.** Plaintiffs assert their right to bring **RICO** claims under 18 U.S.C. §§1961 through 1964(c) in this federal complaint — claims that were not and could not have been brought in the Kentucky state court proceedings --- for the following simultaneous and independent reasons. **First** — Kentucky state courts lack jurisdiction to adjudicate civil RICO claims under 18 U.S.C. §1964(c) because civil RICO is a federal statutory cause of action arising under federal law — conferring exclusive or primary jurisdiction on federal district courts — making the Western District of Washington the first court with authority to adjudicate these claims. **Second** — the RICO pattern of racketeering activity --- including but not limited to --- the wire fraud predicates under 18 U.S.C. §1343 arising from the interstate annuity and securities liquidations directed at financial institutions headquartered in Alabama — Iowa — Indiana — North Carolina — and

Illinois — the laundering of monetary instruments predicates under 18 U.S.C. §1956 arising from the subsequent transfer and use of fraudulently obtained proceeds — and the securities fraud predicates under 18 U.S.C. §1348 — were pleaded as Kentucky state law violations in the state complaint under annuity fraud and under the state securities statute --- and are now additionally characterized as federal RICO predicate acts — which is a separate and additional federal layer of liability arising from the same admitted misconduct — not a new or inconsistent theory. **Third** — Wilson's CR 8.04 legally binding and conclusive admissions across five Kentucky cases — establishing --- including but not limited to --- the underlying annuity fraud — securities fraud — forgery — elder abuse — as admitted adjudicative facts — constitute the evidentiary foundation for the RICO predicate acts — which could only be properly developed and presented after those admissions were generated through Wilson's procedural default **and** after Plaintiffs accumulated the additional enterprise evidence — including but not limited to --- Personnel Cabinet KHRIS payroll records regarding fraud — official court assignment timestamps regarding fraud — and authenticated audio recordings regarding fraud — that establish the pattern of racketeering activity required by 18 U.S.C. §1961(5) and §1961 through §1964(c). Plaintiffs incorporate by reference in full detail--paragraphs 2631A through 2631M. Court employees have fraudulently attempted to deceive Plaintiff through phone and internet phone interstate communications --- audio recorded and transcribed. Plaintiff asserts many documented electronic communications notifying judges and court employees that Plaintiff was being targeted in Washington State. Plaintiffs also incorporate by reference in full detail PX-129, PX-136, PX-158. PX-159, PX-160, PX-48, PX-49, PX-129 through PX-133, PX-136, PX-137 through PX-154, PX-143 --- supports the fraud and also supports the fraudulent effective destruction of records related to Eric Haner, Susan Gibson, and others.

1841. The **foregoing constitutes Plaintiffs' short and plain statement of this claim for relief** in compliance with Fed. R. Civ. P. 8(a)(2).

1842. Additionally, The Defendant's **legally binding and conclusive, judicially admitted participation in forged legal documents/instruments** has resulted in **continuous**, unlawful **tortious interference** with Trustee Edward Colgate's administration of **The Colgate Family Living Trust dated January 29, 2020,** with **each day since March 1, 2020,** constituting a **new act of fraudulent obstruction** and fiduciary harm/injury. This Claim for Relief is pled under a continuing tort doctrine, as Defendant's obstruction of Trustee Edward Colgate's fiduciary duties and Trustee recovery rights under the Trust constitutes an ongoing violation, with each day **renewing** the harm/injury and **tolling** all applicable statutes of limitation. Additionally, **each day that Defendant refuses and fails to report her own elder abuse and tortious fiduciary interference under KRS 209.030 constitutes a new statutory violation**, which further **renews** and **tolls** all relevant statutes of limitation under Kentucky and federal law.

1843. Each day that Judge Morris's and other judges' **fraudulent felony accusations remain embedded in void ab initio orders** constitutes a continuing denial of all Kentucky court access and systemic obstruction of justice in violation of 42 U.S.C. §§ 1983 and 1985(2)-(3), and the First, Seventh, and Fourteenth Amendments. Their collective refusal to report their own and each other's illegal or fraudulent actions under **KRS 26A.080 and KRS 209.030** perpetuates retaliatory elder abuse under **KRS 209.050, renewing** the constitutional and statutory harm/injury daily and **tolling all applicable statutes of limitation** under the continuing tort doctrine.

1844. **No state or federal court in the United States has ever attempted to bar, obstruct, or deny a civil plaintiff from all court access across an entire state by fraudulently accusing**

**them of felonies.** The absurdity and illegality of such an act is so blatant that it has never been attempted by any judge in any jurisdiction. Adding to the absurdity and illegality is the fact that the Defendant had not been legally served yet. Jefferson Circuit Court is the first to attempt this type of illegal act or fraud, which is retaliatory under KRS 209.050, KRS 209.030, KRS 209.990, KRS 26A.015(2), and is an attempt to intimidate and tamper with a witness, which is also a violation of 42 U.S.C. §§ 1983 and 1985(2)-(3).

**CLAIM FOR RELIEF LXXIX**--(Also a Count and Cause of Action) —Defendant's **Complicity and Conspiracy in Use of Fictitious Title in Mail Scheme in Violation of 18 U.S.C. § 1342, a Predicate RICO Act under 18 U.S.C. §§ 1961–1964(c) (Racketeer Influenced and Corrupt Organizations Act), Constituting a predicate offense under 18 U.S.C. § 1961(1)(B), forming part of a pattern of racketeering activity actionable under 18 U.S.C. § 1962(d), and is actionable under 18 U.S.C. § 1964(c) for civil remedies and threefold the damages** --- Through Defendant's Complicity and Cousoiracy With One or More Judges (without jurisdiction) — the Elected Jefferson Circuit Court Clerk — Jefferson Circuit Court Clerk's Office Employees — Administrative Office of the Courts Employees — Court Administrators — Staff Attorneys — Acting Under Color of State Law --- and Through Defendant's Complicity and Conspiracy With Private Citizens and Entities — Individually or in Any Combination --- **Connected with Theft of mail matter under KRS 514.140 and KRS 502.020; in Furtherance of Elder Abuse, Financial Exploitation under KRS 209.020(9) and KRS 209.990; Connected with Obstruction of Plaintiff's Fiduciary Duties, Rights, and Recovery; Connected with Deprivation and Obstruction of Civil Rights; Connected with Violations of 42 U.S.C. §§ 1983, 1985(2)-(3), the First, Seventh, and Fourteenth Amendments, 18 U.S.C. § 1349, and the Supremacy Clause, Art. VI, Cl. 2;** Supported by

Rankin v. Howard, 633 F. 2d 844 (9th Circuit 1980) and US v. Dugan; Actionable under all aforementioned federal and state laws and under KRS 209.030(2), KRS 209.050, KRS 446.070, KRS 386B.8-010, KRS 386B.1-010(1), KRS 386B.8-180(1)(a), KRS 386B.4-100, FRCP 17(a)(1)(E), KRS 457.350(1)-(2), 28 U.S.C. § 1367(a), 28 U.S.C. § 1331, 28 U.S.C. § 1343; Legally Binding and Conclusive Judicial Admissions of Liability under CR 8.04, 28 U.S.C. § 1367(a); Causing/enabling Harm/Injury/ unjust enrichment.

1845. Plaintiffs reassert and incorporate by reference in full detail all of Section XII: Master Comprehensive Incorporation of Exhibits, Evidentiary Foundation, Jurisdictional Foundation, Record of Judicial Misconduct, Systemic Civil Rights Obstruction, Denial of All Access to All Kentucky Courts, Constitutional and Federal Enforcement Framework, the Supremacy Clause (Art. VI, Cl. 2), and all preceding paragraphs as though fully restated and fully set forth herein this claim for relief/relief entitled to-sought-demanded. Plaintiffs further assert all of the following:

**Plaintiffs hereby assert the following "Short and Plain Statement" (Fed. R. Civ. P. 8(a)(2)):**

1846. Plaintiffs reassert and incorporate by reference in full detail all prior paragraphs, **all paragraphs in Claim for Relief XVI herein,** including all facts, all statutory violations, and all legally binding and conclusive judicial **admissions of liability and damages in Claim for Relief XVI.**

1847. Plaintiffs reassert and incorporate by reference in full detail all legally binding and conclusive judicial admissions of liability and damages in cases 25-CI-001371, 25-CI-001568, 25-CI-001795, 25-CI-001796, 25-CI-001121, with cases 25-CI-001568, 25-CI-001795, 25-CI-001796, 25-CI-001121 **facially fully supporting case 25-CI-001371 (Refer to PX-51 through**

**PX-62 and PX-96, PX-95)**, as though fully restated and fully set forth herein this claim for relief/relief entitled to-sought-demanded.

1848. **Legal Integration:** Supplemental, federal question, and civil rights jurisdiction are applied to --- Defendant's Complicity and Conspiracy in --- Use of Fictitious Title in Mail Scheme in Violation of 18 U.S.C. § 1342, a Predicate RICO Act under 18 U.S.C. §§ 1961–1964(c) (Racketeer Influenced and Corrupt Organizations Act), Constituting a predicate offense under 18 U.S.C. § 1961(1)(B), forming part of a pattern of racketeering activity actionable under 18 U.S.C. § 1962(d), and is actionable under 18 U.S.C. § 1964(c) for civil remedies and threefold the damages --- Through Defendant's Complicity and Conspiracy With One or More Judges (without jurisdiction) the Elected Jefferson Circuit Court Clerk — Jefferson Circuit Court Clerk's Office Employees — Administrative Office of the Courts Employees — Court Administrators — Staff Attorneys — Acting Under Color of State Law --- and Through Defendant's Complicity and Conspiracy With Private Citizens and Entities — Individually or in Any Combination --- Connected with Theft of mail matter under KRS 514.140 and KRS 502.020; in Furtherance of Elder Abuse, Financial Exploitation under KRS 209.020(9) and KRS 209.990; Connected with Obstruction of Plaintiff's Fiduciary Duties, Rights, and Recovery; Connected with Deprivation and Obstruction of Civil Rights; Connected with Violations of 42 U.S.C. §§ 1983, 1985(2)-(3), the First, Seventh, and Fourteenth Amendments, 18 U.S.C. § 1349, and the Supremacy Clause, Art. VI, Cl. 2; Supported by Rankin v. Howard, 633 F. 2d 844 (9th Circuit 1980) and US v. Dugan; Actionable under all aforementioned federal and state laws and under KRS 209.030(2), KRS 209.050, KRS 446.070, KRS 386B.8-010, KRS 386B.1-010(1), KRS 386B.8-180(1)(a), KRS 386B.4-100, FRCP 17(a)(1)(E), KRS 457.350(1)-(2), 28 U.S.C. § 1367(a), 28 U.S.C. § 1331, 28 U.S.C. § 1343; Legally Binding and Conclusive Judicial

Admissions of Liability under CR 8.04, 28 U.S.C. § 1367(a); Causing/enabling Harm/Injury/unjust enrichment. **Claim for Relief LXXIX independently states a federal claim for relief, including a RICO claim for relief,** enabling/causing unjust enrichment, and incorporates, **in part,** the same set of facts, harms/injuries/unjust enrichment, and legally binding and conclusive judicial admissions now as a basis for federal relief, including but not limited to punitive damages. Plaintiffs incorporate by reference in full detail **Sections XVIII, XIX, XXXVI, XXVI, XXX, XXXII, XXVIII, XXIX, XXXI, XXXV, XXVII, XXXVII, PX-63 through PX-87,** PX-42 through PX-49, PX-108, all 167 Exhibits, and the **First through the Fourteenth FRE 201 Judicial Notices** of judicially **noticed adjudicative facts,** which include approximately **1,044 total adjudicative facts,** including approximately **322 adjudicative facts** supporting **jurisdiction** in the U.S. District Court for the Western District of Washington; **FRE 201 Adjudicative Facts in Judicial NOTICES --- 2 through 8, 10, and 12 --- fully support jurisdiction.** All aforementioned incorporations provide **100% certainty** of fraudulently assigned judges and fraudulently assigned case numbers --- prior to the legal filings by Plaintiffs of all 10 of their year-2025 cases --- with all 10 cases being illegally and fraudulently filed and processed by a non-existent/ non-payroll name in year-2025 --- which did not generate a legal random judge assignment and which did not generate a legal case number assignment --- and thereby provides 100% certainty that Kentucky judges NEVER had jurisdiction and NEVER will have jurisdiction. Plaintiffs assert Rankin v. Howard, 633 F. 2d 844 (9th Circuit 1980) and United States v. Dugan, 2:25-cr-00089 (E.D. Wis. 2025) regarding judges without jurisdiction. Plaintiffs also incorporate by reference in full detail **Section XXXIX** and the **Twelfth FRE 201 NOTICE --- regarding interstate transfers.**

1849. Defendant was complicit in and conspired in using Doris Colgate's name as a "fictitious title" for their own mail receipt, using the U.S. mail to receive financial statements, bank statements, benefits, insurance, securities, and annuity communications under false and fraudulent authority since Defendant's POA document dated on or near 3-4-2020 is fraudulent based on legally binding judicial admissions in Kentucky case 25-CI-001371 (PX-51). This facilitated the broader scheme--real estate fraud, financial exploitation through annuity fraud, securities fraud, mail fraud, and wire fraud. Susan Wilson and Lori Fox assumed her title, name, or address for their own unlawful purposes. Doris Colgate's mail was being redirected to Susan Wilson's and Lori Fox's address. A fraudulent POA was used to illegally justify that. This constitutes a separate and distinct predicate act under 18 U.S.C. § 1342 in furtherance of the racketeering enterprise under 18 U.S.C. § 1961(1)(B). Plaintiffs assert and incorporate by reference in full the following regarding the **broad definition of an associated-in-fact enterprise --- in support of Plaintiffs' RICO Claims for Relief: Odom v. Microsoft Corp., 486 F. 3d 541 - Court of Appeals, 9th Circuit 2007 and United States v. Turkette, 452 US 576 - Supreme Court 1981 in Section XX.**

1850. **RICO Enterprise, Treble Damages, and Justification for Enhanced Punitive Relief:** Plaintiffs further assert that all aforementioned and all following deprivations—spanning judicial misconduct, fraudulent felony threats, illegal case assignments, obstruction of all court access in Kentucky, statutory rewriting by judges without jurisdiction, destruction and concealment of records, systemic obstruction and denial of appellate review, and coordinated retaliation against protected elder-abuse reporting constitute racketeering activity actionable under the Racketeer Influenced and Corrupt Organizations Act **(RICO), 18 U.S.C. §§ 1961–1964.** Under **18 U.S.C. § 1961(4), the term "enterprise" includes "any group of individuals associated in fact**

**although not a legal entity," which in this case plainly encompasses the coordinated network of public officials, judges, attorneys, public employees, and private actors who conspired to defraud and obstruct Plaintiffs' recovery.** Under **18 U.S.C. § 1962**: A person is liable when they **participate,** directly or **"indirectly"** in the illegal misconduct. This RICO enterprise engaged in repeated acts of wire fraud, securities fraud, identity fraud, mail fraud, laundering of monetary instruments, and obstruction of justice, obstruction of elder abuse recovery and other recovery—all targeting a federally protected party (the reporting fiduciary and caregiver of a vulnerable adult) acting from Washington State. The attack and targeting of Plaintiff in Washington State is a direct attack and targeting of the assets of the abused elder herself, Doris Colgate. **Civil relief/remedies** are provided under 18 U.S.C. § 1964. This constitutes a separate and distinct predicate act under 18 USC § 1342 in furtherance of the racketeering enterprise under 18 U.S.C. § 1961(1)(B).

1851. Defendant Wilson has **legally binding and conclusive judicial admissions of Forgery/Complicity in Forgery** with full liability regarding legal documents dated on or near 3-4-2020, and later, including but not limited to a power of attorney document, a trust revocation document, a Will, and/or a document fraudulently removing Doris Colgate's real estate, located at 410 Wisteria Avenue, Jefferson County, from the Trust.

1852. Defendant Susan Wilson was and is complicit in and conspired in a scheme with her daughter, Lori Fox, to have Doris Colgate's mail illegally diverted to Susan Wilson's address and Lori Fox's address to enable their numerous frauds against Doris Colgate, including but not limited to securities fraud, annuity fraud, wire fraud, and laundering of monetary instruments. In addition, Edward Colgate's illegally obtained mail was illegally used by Wilson and Fox to perpetrate identity theft and identity fraud against him. Plaintiffs **incorporate by reference in**

**full detail claims for relief LXVIII through LXXVII (claims 68 through 77) and claims for relief XXV through XXIX (claims 25 through 29), and incorporate by reference in full detail all annuity companies and all securities companies herein these aforementioned claims for relief.** Plaintiffs further incorporate by **reference in full detail all relief demanded herein said claims for relief plus 3 times treble damages.**

1853. Defendant Susan Wilson was and is complicit in and conspired in a scheme with Judge Patricia Morris, whereby Judge Morris weaponized a **knowingly false and fraudulent felony accusation** of "unauthorized practice of law" against pro se Plaintiffs—who were acting lawfully under KRS 209.030(2) and as a fiduciary under valid Trust and POA instruments—in order to deny Plaintiffs all access to all Kentucky courts and to **obstruct elder abuse recovery. Patricia Morris's fraudulent felony accusation is also proven by Defendant Susan Wilson's legally binding and conclusive judicial admissions of Plaintiffs' legal standing, Defendant's liability, and Defendant's damages.** See **PX-12, PX-51, PX-55, PX-56.**

1854. This denial was executed **without jurisdiction**, violated Plaintiffs' constitutional rights and statutory rights, and directly benefited Defendant, who remained **unjustly enriched** as a result. The fraudulent accusation by Judge Morris occurred **19 days prior** to Defendant Wilson being legally served by the Jefferson County Sheriff. When filing the Complaint, Plaintiffs paid the mandatory $60 fee directly to the Jefferson Circuit Court Clerk to have legal service by the Sheriff executed immediately. See PX-51, PX-55, PX-56.

1855. The timing and coordination of this judicial obstruction before lawful service—despite the court's active role in facilitating Wilson's service—demonstrates an **ultra vires abuse** of office by Morris to shield Wilson from litigation and to obstruct and block all statutory recovery.

1856. Direct communication between Wilson and Morris does **not** need to be proven to establish complicity under KRS 502.020 and conspiracy under 42 U.S.C. § 1985(2)-(3) . The judicial act of denying Plaintiffs all court access functioned as **an overt act in furtherance of a shared unlawful objective** to obstruct justice and to illegally protect Wilson from liability, in violation of 42 U.S.C. §§ 1983, 1985(2)-(3) and in Violation of the First, Seventh, and Fourteenth Amendments, 18 U.S.C. § 1349, and the Supremacy Clause, Art. VI, Cl. 2.

1857. Plaintiffs incorporate by reference in full detail all liability and damages for **similar "Claim for Relief XVI ." Claim for Relief XVI** is legally binding and conclusive based on Defendant's judicial admissions of liability in Kentucky Case No. 25-CI-001371 pursuant to CR 8.04 and 28 U.S.C. § 1367(a).

1858. Susan Wilson was and is **complicit** with and **conspired** with judge Morris or Patricia Morris, who was and is **acting in the absence of jurisdiction.** See Rankin v. Howard, 633 F. 2d 844 (9th Circuit 1980) and US v. Dugan; Also refer to all details in SECTION XII for evidence against Morris, and also for evidence of **systemic corruption.**

1859. Plaintiffs accordingly respectfully demand immediate entry of judgment as to liability, and a corresponding award of $540,185.41 based on legally conclusive and binding judicially admitted damages from case 25-CI-001371 --- admitted as a sum-certain through Wilson's CR 8.04 default in Kentucky case 25-CI-001371 --- and independently confirmed through four additional defendants' CR 8.04 defaults across four supporting Kentucky cases. The aforementioned dollar amount also arises from a **Use of Fictitious Title in Mail Scheme** predicate act under 18 U.S.C. §1342 based on the **following incorporations by reference — mandating treble damages of $1,620,556.23** pursuant to 18 U.S.C. §1964(c) — which shall be trebled as a matter of law upon entry of judgment on this claim --- and dividends and interest

defrauded from Doris --- also admitted by Wilson and four additional defendants through CR 8.04 admissions --- and general damages and punitive damages. Plaintiffs incorporate by reference in full detail claims for relief LXVIII through LXXVIII **(claims 68 through 78)** and claims for relief XXV through XXIX **(claims 25 through 29),** and claims for relief I and XXXII **(1 and 32)** --- and incorporate by reference in full detail all annuity companies and all securities companies herein these aforementioned claims for relief. Plaintiffs further incorporate by reference in full detail all relief demanded herein said claims for relief (68 through 77, 25 through 29, 1 and 32) plus 3 times treble damages --- since the **Use of Fictitious Title in Mail Scheme supported the additional frauds or illegal activity.** Plaintiffs assert their right to bring **RICO** claims under 18 U.S.C. §§1961 through 1964(c) in this federal complaint — claims that were not and could not have been brought in the Kentucky state court proceedings — for the following simultaneous and independent reasons. **First** — Kentucky state courts lack jurisdiction to adjudicate civil RICO claims under 18 U.S.C. §1964(c) because civil RICO is a federal statutory cause of action arising under federal law — conferring exclusive or primary jurisdiction on federal district courts — making the Western District of Washington the first court with authority to adjudicate these claims. **Second** — the RICO pattern of racketeering activity — including but not limited to --- the wire fraud predicates under 18 U.S.C. §1343 arising from the interstate annuity and securities liquidations directed at financial institutions headquartered in Alabama — Iowa — Indiana — North Carolina — and Illinois — the laundering of monetary instruments predicates under 18 U.S.C. §1956 arising from the subsequent transfer and use of fraudulently obtained proceeds — and the securities fraud predicates under 18 U.S.C. §1348 — were pleaded as Kentucky state law violations in the state complaint under annuity fraud and under the state securities statute --- and are now additionally characterized as federal RICO

predicate acts — which is a separate and additional federal layer of liability arising from the same admitted misconduct — not a new or inconsistent theory. **Third** — Wilson's CR 8.04 legally binding and conclusive admissions across five Kentucky cases --- establishing --- including but not limited to --- the underlying annuity fraud — securities fraud — forgery — elder abuse as admitted adjudicative facts constitute the evidentiary foundation for the RICO predicate acts — which could only be properly developed and presented after those admissions were generated through Wilson's procedural default **and** after Plaintiffs accumulated the additional enterprise evidence --- including but not limited to --- Personnel Cabinet KHRIS payroll records regarding fraud official court assignment timestamps regarding fraud and authenticated audio recordings regarding fraud — that establish the pattern of racketeering activity required by 18 U.S.C. §1961(5) and §1961 through §1964(c). Plaintiffs incorporate by reference in full detail--paragraphs 2631A through 2631M. Court employees have fraudulently attempted to deceive Plaintiff through phone and internet phone interstate communications --- audio recorded and transcribed. Plaintiff asserts many documented electronic communications notifying judges and court employees that Plaintiff was being targeted in Washington State. Plaintiffs also incorporate by reference in full detail PX-129, PX-136, PX-158, PX-159, PX-160, PX-48, PX-49, PX-129 through PX-133, PX-136, PX-137 through PX-154, PX-143 --- supports the fraud and also supports the fraudulent effective destruction of records related to Eric Haner, Susan Gibson, and others.

1860. The **foregoing constitutes Plaintiffs' short and plain statement of this claim for relief** in compliance with Fed. R. Civ. P. 8(a)(2).

1861. Additionally, The Defendant's **legally binding and conclusive, judicially admitted participation in forged legal documents/instruments** has resulted in **continuous**, unlawful

**tortious interference** with Trustee Edward Colgate's administration of **The Colgate Family Living Trust dated January 29, 2020,** with **each day since March 1, 2020**, constituting a **new act of fraudulent obstruction** and fiduciary harm/injury. This Claim for Relief is pled under a continuing tort doctrine, as Defendant's obstruction of Trustee Edward Colgate's fiduciary duties and Trustee recovery rights under the Trust constitutes an ongoing violation, with each day **renewing** the harm/injury and **tolling** all applicable statutes of limitation. Additionally, **each day that Defendant refuses and fails to report her own elder abuse and tortious fiduciary interference under KRS 209.030 constitutes a new statutory violation**, which further **renews** and **tolls** all relevant statutes of limitation under Kentucky and federal law.

1862. Each day that Judge Morris's and other judges' **fraudulent felony accusations remain embedded in void ab initio orders** constitutes a continuing denial of all Kentucky court access and systemic obstruction of justice in violation of 42 U.S.C. §§ 1983 and 1985(2)-(3), and the First, Seventh, and Fourteenth Amendments. Their collective refusal to report their own and each other's illegal or fraudulent actions under **KRS 26A.080 and KRS 209.030** perpetuates retaliatory elder abuse under **KRS 209.050, renewing** the constitutional and statutory harm/injury daily and **tolling all applicable statutes of limitation** under the continuing tort doctrine.

1863. **No state or federal court in the United States has ever attempted to bar, obstruct, or deny a civil plaintiff from all court access across an entire state by fraudulently accusing them of felonies.** The absurdity and illegality of such an act is so blatant that it has never been attempted by any judge in any jurisdiction. Adding to the absurdity and illegality is the fact that the Defendant had not been legally served yet. Jefferson Circuit Court is the first to attempt this type of illegal act or fraud, which is retaliatory under KRS 209.050, KRS 209.030, KRS 209.990,

KRS 26A.015(2), and is an attempt to intimidate and tamper with a witness, which is also a violation of 42 U.S.C. §§ 1983 and 1985(2)-(3).

**CLAIM FOR RELIEF LXXX**--(Also a Count and Cause of Action) —Defendant's **Complicity and Conspiracy in Aggravated identity theft/fraud in Violation of 18 U.S.C. § 1028A (a)(1)-(c)(4), a Predicate RICO Act under 18 U.S.C. §§ 1961–1964(c) (Racketeer Influenced and Corrupt Organizations Act), Constituting a predicate offense under 18 U.S.C. § 1961(1)(B), forming part of a pattern of racketeering activity actionable under 18 U.S.C. § 1962(d), and is actionable under 18 U.S.C. § 1964(c) for civil remedies and threefold the damages ---** Through Defendant's Complicity and Conspiracy With One or More Judges (**without** jurisdiction) — the Elected Jefferson Circuit Court Clerk — Jefferson Circuit Court Clerk's Office Employees --- Administrative Office of the Courts Employees — Court Administrators — Staff Attorneys --- Acting Under Color of State Law --- and Through Defendant's Complicity and Conspiracy With Private Citizens and Entities --- Individually or in Any Combination --- **Connected with theft of identity (KRS 514.160 and KRS 502.020), in Furtherance of Elder Abuse, Financial Exploitation under KRS 209.020(9) and KRS 209.990; Connected with Obstruction of Plaintiff's Fiduciary Duties, Rights, and Recovery; Connected with Violations of 42 U.S.C. §§ 1983, 1985(2)-(3), the First, Seventh, and Fourteenth Amendments, 18 U.S.C. § 1349, and the Supremacy Clause, Art. VI, Cl. 2;** Supported by Rankin v. Howard, 633 F. 2d 844 (9th Circuit 1980) and US v. Dugan; Actionable under all aforementioned federal and state laws and under KRS 209.050, KRS 209.030(2), KRS 446.070, KRS 386B.8-010, KRS 386B.1-010(1), KRS 386B.8- 180(1)(a), KRS 386B.4-100, FRCP 17(a)(1)(E), KRS 457.350(1)-(2), 28 U.S.C. § 1367(a), 28 U.S.C. § 1331, 28 U.S.C. § 1343;

Legally Binding and Conclusive Judicial Admissions of Liability under CR 8.04, 28 U.S.C. § 1367(a); Causing/enabling Harm/Injury/ unjust enrichment.

1864. Plaintiffs reassert and incorporate by reference in full detail all of Section XII: Master Comprehensive Incorporation of Exhibits, Evidentiary Foundation, Jurisdictional Foundation, Record of Judicial Misconduct, Systemic Civil Rights Obstruction, Denial of All Access to All Kentucky Courts, Constitutional and Federal Enforcement Framework, the Supremacy Clause (Art. VI, Cl. 2), and all preceding paragraphs as though fully restated and fully set forth herein this claim for relief/relief entitled to-sought-demanded. Plaintiffs further assert all of the following:

**Plaintiffs hereby assert the following "Short and Plain Statement" (Fed. R. Civ. P. 8(a)(2)):**

1865. Plaintiffs reassert and incorporate by reference in full detail all prior paragraphs, **all paragraphs in Claim for Relief XVII herein,** including all facts, all statutory violations, and all legally binding and conclusive judicial **admissions of liability and damages in Claim for Relief XVII.**

1866. Plaintiffs reassert and incorporate by reference in full detail all legally binding and conclusive judicial admissions of liability and damages in cases 25-CI-001371, 25-CI-001568, 25-CI-001795, 25-CI-001796, 25-CI-001121, with cases 25-CI-001568, 25-CI-001795, 25-CI-001796, 25-CI-001121 **facially fully supporting case 25-CI-001371 (Refer to PX-51 through PX-62 and PX-96, PX-95)**, as though fully restated and fully set forth herein this claim for relief/relief entitled to-sought-demanded.

1867. **Legal Integration:** In addition to the previous application of **supplemental jurisdiction** under **28 U.S.C. § 1367(a) for Claim for Relief XVII --- Claim for Relief LXXX independently states a federal claim for relief --- including a RICO claim for relief ---**

Defendant's Complicity and Conspiracy in Aggravated identity theft/fraud in Violation of 18 U.S.C. § 1028A (a)(1)-(c)(4), a Predicate RICO Act under 18 U.S.C. §§ 1961–1964(c) (Racketeer Influenced and Corrupt Organizations Act), Constituting a predicate offense under 18 U.S.C. § 1961(1)(B), forming part of a pattern of racketeering activity actionable under 18 U.S.C. § 1962(d), and is actionable under 18 U.S.C. § 1964(c) for civil remedies and threefold the damages --- Through Defendant's Complicity and Conspiracy With One or More Judges (without jurisdiction) — the Elected Jefferson Circuit Court Clerk — Jefferson Circuit Court Clerk's Office Employees — Administrative Office of the Courts Employees — Court Administrators — Staff Attorneys — Acting Under Color of State Law --- and Through Defendant's Complicity and Conspiracy With Private Citizens and Entities --- Individually or in Any Combination --- Connected with theft of identity (KRS 514.160 and KRS 502.020), in Furtherance of Elder Abuse, Financial Exploitation under KRS 209.020(9) and KRS 209.990; Connected with Obstruction of Plaintiff's Fiduciary Duties, Rights, and Recovery; Connected with Violations of 42 U.S.C. §§ 1983, 1985(2)-(3), the First, Seventh, and Fourteenth Amendments, 18 U.S.C. § 1349, and the Supremacy Clause, Art. VI, Cl. 2; Supported by Rankin v. Howard, 633 F. 2d 844 (9th Circuit 1980) and US v. Dugan; Actionable under all aforementioned federal and state laws and under KRS 209.050, KRS 209.030(2), KRS 446.070, KRS 386B.8-010, KRS 386B.1-010(1), KRS 386B.8-180(1)(a), KRS 386B.4-100, FRCP 17(a)(1)(E), KRS 457.350(1)-(2), 28 U.S.C. § 1367(a), 28 U.S.C. § 1331, 28 U.S.C. § 1343; Legally Binding and Conclusive Judicial Admissions of Liability under CR 8.04, 28 U.S.C. § 1367(a); Causing/enabling Harm/Injury/unjust enrichment. **Claim for Relief LXXX** incorporates, **in part,** the same set of facts, harms/injuries, and legally binding and conclusive judicial admissions now as a basis for federal relief, including but not limited to punitive

damages. Plaintiffs incorporate by reference in full detail **Sections XVIII, XIX, XXXVI, XXVI, XXX, XXXII, XXVIII, XXIX, XXXI, XXXV, XXVII, XXXVII, PX-63 through PX-87,** PX-42 through PX-49, PX-108, all 167 Exhibits, and the **First through the Fourteenth FRE 201 Judicial Notices** of judicially **noticed adjudicative facts,** which include approximately **1,044 total adjudicative facts,** including approximately **322 adjudicative facts** supporting **jurisdiction** in the U.S. District Court for the Western District of Washington; **FRE 201 Adjudicative Facts in Judicial NOTICES --- 2 through 8, 10, and 12 --- fully support jurisdiction.** All aforementioned incorporations provide **100% certainty** of fraudulently assigned judges and fraudulently assigned case numbers --- prior to the legal filings by Plaintiffs of all 10 of their year-2025 cases --- with all 10 cases being illegally and fraudulently filed and processed by a non-existent/ non-payroll name in year-2025 --- which did not generate a legal random judge assignment and which did not generate a legal case number assignment --- and thereby provides 100% certainty that Kentucky judges NEVER had jurisdiction and NEVER will have jurisdiction. Plaintiffs assert Rankin v. Howard, 633 F. 2d 844 (9th Circuit 1980) and United States v. Dugan, 2:25-cr-00089 (E.D. Wis. 2025) regarding judges without jurisdiction. Plaintiffs also incorporate by reference in full detail **Section XXXIX** and the **Twelfth FRE 201 NOTICE --- regarding interstate transfers.**

1868. Defendant Wilson has **legally binding and conclusive judicial admissions of Forgery/Complicity in Forgery** with full liability regarding legal documents dated on or near 3-4-2020, and later, including but not limited to a power of attorney document, a trust revocation document, a Will, and/or a document fraudulently removing Doris Colgate's real estate, located at 410 Wisteria Avenue, Jefferson County, from the Trust.


Edward Colgate 22023 SE Wax Rd., Box 1452, Maple Valley, WA 98038, King Co.

1869. Defendant Susan Wilson was and is complicit in and conspired in a scheme with Judge Patricia Morris, whereby Judge Morris weaponized a **knowingly false and fraudulent felony accusation** of "unauthorized practice of law" against pro se Plaintiffs who were acting lawfully under KRS 209.030(2) and as a fiduciary under valid Trust and POA instruments—in order to deny Plaintiffs all access to all Kentucky courts and to **obstruct elder abuse recovery. Patricia Morris's fraudulent felony accusation is also proven by Defendant Susan Wilson's legally binding and conclusive judicial admissions of Plaintiffs' legal standing, Defendant's liability, and Defendant's damages.** See **PX-12, PX-51, PX-55, PX-56.**

1870. This denial was executed **without jurisdiction**, violated Plaintiffs' constitutional rights and statutory rights, and directly benefited Defendant, who remained **unjustly enriched** as a result. The fraudulent accusation by Judge Morris occurred **19 days prior** to Defendant Wilson being legally served by the Jefferson County Sheriff. When filing the Complaint, Plaintiffs paid the mandatory $60 fee directly to the Jefferson Circuit Court Clerk to have legal service by the Sheriff executed immediately.

1871. The timing and coordination of this judicial obstruction before lawful service—despite the court's active role in facilitating Wilson's service—demonstrates an **ultra vires abuse** of office by Morris to shield Wilson from litigation and to obstruct and block all statutory recovery.

1872. Direct communication between Wilson and Morris does **not** need to be proven to establish complicity under KRS 502.020 and conspiracy under 42 U.S.C. § 1985(2)-(3) . The judicial act of denying Plaintiffs all court access functioned as **an overt act in furtherance of a shared unlawful objective** to obstruct justice and to illegally protect Wilson from liability, in violation of 42 U.S.C. §§ 1983, 1985(2)-(3) and in Violation of the First, Seventh, and Fourteenth Amendments, 18 U.S.C. § 1349, and the Supremacy Clause, Art. VI, Cl. 2.

1873. Plaintiffs incorporate by reference in full detail all liability for **similar "Claim for Relief XVII ." Claim for Relief XVII** is legally binding and conclusive based on Defendant's judicial admissions of liability and damages in Kentucky Case No. 25-CI-001371 pursuant to CR 8.04 and 28 U.S.C. § 1367(a).--Plaintiffs assert that the legally binding and conclusive verbatim details in Claim for Relief XVII is **facially sufficient to support** this claim.

1874. Susan Wilson was and is **complicit** with and **conspired** with judge Morris or Patricia Morris, who was and is **acting in the absence of jurisdiction.** See Rankin v. Howard, 633 F. 2d 844 (9th Circuit 1980) and US v. Dugan; Also refer to all details in SECTION XII for evidence against Morris, and also for evidence of **systemic corruption.**

1875. Plaintiffs accordingly respectfully demand immediate entry of judgment as to liability, and a corresponding award of $540,185.41 based on legally conclusive and binding judicially admitted damages from case 25-CI-001371 --- admitted as a sum-certain through Wilson's CR 8.04 default in Kentucky case 25-CI-001371 --- and independently confirmed through four additional defendants' CR 8.04 defaults across four supporting Kentucky cases. The aforementioned dollar amount also arises from an **Aggravated identity theft/fraud** predicate act under 18 U.S.C. § 1028A (a)(1)-(c)(4) --- based on the **following incorporations by reference — mandating treble damages of $1,620,556.23** pursuant to 18 U.S.C. §1964(c) --- which shall be trebled as a matter of law upon entry of judgment on this claim --- and dividends and interest defrauded from Doris --- also admitted by Wilson and four additional defendants through CR 8.04 admissions --- and general damages and punitive damages. Plaintiffs incorporate by reference in full detail claims for relief LXVIII through LXXVIII **(claims 68 through 79)** and claims for relief **XVII, XXV through XXIX (claims 25 through 29),** and claims for relief I and XXXII **(1 and 32)** --- and incorporate by reference in full detail all annuity companies and all

securities companies herein these aforementioned claims for relief. Plaintiffs further incorporate by reference in full detail **all relief demanded herein said claims for relief (17, 68 through 79, 25 through 29, 1 and 32) plus 3 times treble damages --- since** the Aggravated identity theft/fraud supported the additional frauds or illegal activity. Plaintiffs assert their right to bring **RICO** claims under 18 U.S.C. §§1961 through 1964(c) in this federal complaint — claims that were not and could not have been brought in the Kentucky state court proceedings — for the following simultaneous and independent reasons. **First** — Kentucky state courts lack jurisdiction to adjudicate civil RICO claims under 18 U.S.C. §1964(c) because civil RICO is a federal statutory cause of action arising under federal law — conferring exclusive or primary jurisdiction on federal district courts — making the Western District of Washington the first court with authority to adjudicate these claims. **Second** — the RICO pattern of racketeering activity --- including but not limited to --- the wire fraud predicates under 18 U.S.C. §1343 arising from the interstate annuity and securities liquidations directed at financial institutions headquartered in Alabama — Iowa — Indiana — North Carolina — and Illinois — the laundering of monetary instruments predicates under 18 U.S.C. §1956 arising from the subsequent transfer and use of fraudulently obtained proceeds — and the securities fraud predicates under 18 U.S.C. §1348 — were pleaded as Kentucky state law violations in the state complaint under annuity fraud and under the state securities statute --- and are now additionally characterized as federal RICO predicate acts — which is a separate and additional federal layer of liability arising from the same admitted misconduct not a new or inconsistent theory. **Third** -- Wilson's CR 8.04 legally binding and conclusive admissions across five Kentucky cases — establishing --- including but not limited to --- the underlying annuity fraud — securities fraud — forgery — elder abuse --- as admitted adjudicative facts — constitute the evidentiary foundation for the

RICO predicate acts — which could only be properly developed and presented after those admissions were generated through Wilson's procedural default **and** after Plaintiffs accumulated the additional enterprise evidence --- including but not limited to --- Personnel Cabinet KHRIS payroll records regarding fraud --- official court assignment timestamps regarding fraud — and authenticated audio recordings regarding fraud — that establish the pattern of racketeering activity required by 18 U.S.C. §1961(5) and §1961 through §1964(c). Plaintiffs incorporate by reference in full detail--paragraphs 2631A through 2631M. Court employees have fraudulently attempted to deceive Plaintiff through phone and internet phone interstate communications --- audio recorded and transcribed. Plaintiff asserts many documented electronic communications notifying judges and court employees that Plaintiff was being targeted in Washington State. Plaintiffs also incorporate by reference in full detail PX-129, PX-136, PX-158, PX-159, PX-160, PX-48, PX-49, PX-129 through PX-133, PX-136, PX-137 through PX-154, PX-143 --- supports the fraud and also supports the fraudulent effective destruction of records related to Eric Haner, Susan Gibson, and others.

1876. The **foregoing constitutes Plaintiffs' short and plain statement of this claim for relief** in compliance with Fed. R. Civ. P. 8(a)(2).

1877. **Additionally--RICO Enterprise, Treble Damages, and Justification for Enhanced Punitive Relief:** Plaintiffs further assert that all aforementioned and all following deprivations—spanning judicial misconduct, fraudulent felony threats, illegal case assignments, obstruction of all court access in Kentucky, statutory rewriting by judges without jurisdiction, destruction and concealment of records, systemic obstruction and denial of appellate review, and coordinated retaliation against protected elder-abuse reporting—constitute racketeering activity actionable under the Racketeer Influenced and Corrupt Organizations Act **(RICO), 18 U.S.C. §§**

**1961–1964.** Under **18 U.S.C. § 1961(4), the term "enterprise" includes "any group of individuals associated in fact although not a legal entity," which in this case plainly encompasses the coordinated network of public officials, judges, attorneys, public employees, and private actors who conspired to defraud and obstruct Plaintiffs' recovery.** Under **18 U.S.C. § 1962**: A person is liable when they **participate,** directly or **"indirectly"** in the illegal misconduct. This RICO enterprise engaged in repeated acts of wire fraud, securities fraud, identity fraud, mail fraud, laundering of monetary instruments, and obstruction of justice, obstruction of elder abuse recovery and other recovery—all targeting a federally protected party (the reporting fiduciary and caregiver of a vulnerable adult) acting from Washington State. The attack and targeting of Plaintiff in Washington State is a direct attack and targeting of the assets of the abused elder herself, Doris Colgate. Civil relief/remedies are provided under 18 U.S.C. §1964(c). This constitutes a separate and distinct predicate act under 18 U.S.C. § 1028A (a)(1)-(c)(4) in furtherance of the racketeering enterprise under 18 U.S.C. § 1961(1)(B). Plaintiffs assert and incorporate by reference in full the following regarding the **broad definition of an associated-in-fact enterprise --- in support of Plaintiffs' RICO Claims for Relief: Odom v. Microsoft Corp., 486 F. 3d 541 - Court of Appeals, 9th Circuit 2007 and United States v. Turkette, 452 US 576 - Supreme Court 1981 in Section XX.**

1878. Furthermore, The Defendant's **legally binding and conclusive, judicially admitted participation in forged legal documents/instruments** has resulted in **continuous**, unlawful **tortious interference** with Trustee Edward Colgate's administration of **The Colgate Family Living Trust dated January 29, 2020,** with **each day since March 1, 2020**, constituting a **new act of fraudulent obstruction** and fiduciary harm/injury. This Claim for Relief is pled under a continuing tort doctrine, as Defendant's obstruction of Trustee Edward Colgate's fiduciary duties

and Trustee recovery rights under the Trust constitutes an ongoing violation, with each day **renewing** the harm/injury and **tolling** all applicable statutes of limitation. Additionally, **each day that Defendant refuses and fails to report her own elder abuse and tortious fiduciary interference under KRS 209.030 constitutes a new statutory violation**, which further **renews** and **tolls** all relevant statutes of limitation under Kentucky and federal law.

1879. Each day that Judge Morris's and other judges' **fraudulent felony accusations remain embedded in void ab initio orders** constitutes a continuing denial of all Kentucky court access and systemic obstruction of justice in violation of 42 U.S.C. §§ 1983 and 1985(2)-(3), and tbe First, Seventh, and Fourteenth Amendments. Their collective refusal to report their own and each other's illegal or fraudulent actions under **KRS 26A.080 and KRS 209.030** perpetuates retaliatory elder abuse under **KRS 209.050**, **renewing** the constitutional and statutory harm/injury daily and **tolling all applicable statutes of limitation** under the continuing tort doctrine.

1880. **No state or federal court in the United States has ever attempted to bar, obstruct, or deny a civil plaintiff from all court access across an entire state by fraudulently accusing them of felonies.** The absurdity and illegality of such an act is so blatant that it has never been attempted by any judge in any jurisdiction. Adding to the absurdity and illegality is the fact that the Defendant had not been legally served yet. Jefferson Circuit Court is the first to attempt this type of illegal act or fraud, which is retaliatory under KRS 209.050, KRS 209.030, KRS 209.990, KRS 26A.015(2), and is an attempt to intimidate and tamper with a witness, which is also a violation of 42 U.S.C. §§ 1983 and 1985(2)-(3).

**CLAIM FOR RELIEF LXXXI**--(Also a Count and Cause of Action)— Defendant's **Complicity and Conspiracy in Securities Fraud in Violation of 18 U.S.C. § 1348, a Predicate**

**RICO Act under 18 U.S.C. §§ 1961–1964(c) (Racketeer Influenced and Corrupt Organizations Act), Constituting a predicate offense under 18 U.S.C. § 1961(1)(B), forming part of a pattern of racketeering activity actionable under 18 U.S.C. § 1962(d), and is actionable under 18 U.S.C. § 1964(c) for civil remedies and threefold the damages ---** Through Defendant's Complicity and Conspiracy With One or More Judges (**without** jurisdiction) — the Elected Jefferson Circuit Court Clerk — Jefferson Circuit Court Clerk's Office Employees  Administrative Office of the Courts Employees — Court Administrators — Staff Attorneys — Acting Under Color of State Law --- and Through Defendant's Complicity and Conspiracy With Private Citizens and Entities — Individually or in Any Combination --- **Connected with Securities Fraud (KRS 292.320, and KRS 502.020), in Furtherance of Elder Abuse, Financial Exploitation under KRS 209.020(9) and KRS 209.990, Regarding Doris Colgate's Truist Securities/ BB&T Securities/ Sheffield Financial/ Computershare Inc. Securities that were Valued at $101,000; Connected with Obstruction of Justice; Connected with Obstruction of Plaintiff's Fiduciary Duties, Rights, and Recovery; And Connected with Elder Abuse Via Truist Securities/ BB&T Securities/ Sheffield Financial/ Computershare Inc.'s Illegal/Fraudulent Securities Liquidation in Full; Note: These securities were/are headquartered in North Carolina.** Actionable under all aforementioned federal and state laws and under 42 U.S.C. § 1983, 42 U.S.C. § 1985(2)-(3); KRS 209.030(2), KRS 209.050, KRS 446.070, KRS 386B.8-010, KRS 386B.1-010(1), KRS 386B.8-180(1)(a), KRS 386B.4-100, FRCP 17(a)(1)(E), KRS 457.350(1)-(2); conversion where applicable; Obstruction of Recovery, Unjust Enrichment; Legally Binding and Conclusive Judicial Admissions of Liability and Damages under CR 8.04, 28 U.S.C. § 1367(a);; the First, Seventh, and Fourteenth Amendments, 18 U.S.C. § 1349, and the Supremacy Clause, Art. VI, Cl. 2);

Supported by Rankin v. Howard, 633 F. 2d 844 (9th Circuit 1980) and US v. Dugan; Causing/enabling harm/injury/unjust enrichment.

1881. Plaintiffs reassert and incorporate by reference in full detail all of Section XII: Master Comprehensive Incorporation of Exhibits, Evidentiary Foundation, Jurisdictional Foundation, Record of Judicial Misconduct, Systemic Civil Rights Obstruction, Denial of All Access to All Kentucky Courts, Constitutional and Federal Enforcement Framework, the Supremacy Clause (Art. VI, Cl. 2), and all preceding paragraphs as though fully restated and fully set forth herein this claim for relief/relief entitled to-sought-demanded. Plaintiffs further assert all of the following:

**Plaintiffs hereby assert the following "Short and Plain Statement" (Fed. R. Civ. P. 8(a)(2)):**

1882. Plaintiffs reassert and incorporate by reference in full detail all prior paragraphs, including all facts, all statutory violations, and all legally binding and conclusive judicial admissions of liability and damages in Kentucky State case 25-CI-001371 against Susan Wilson. See PX-51, PX-55, PX-56. On or about **August 28, 2024,** Defendant Susan Wilson was knowingly complicit in enabling the fraudulent full liquidation of these **Truist Securities/ BB&T Securities/ Sheffield Financial/ Computershare Inc. Securities**, held in the name of Doris Colgate, in the amount of **$101,000,** without Doris's informed consent, and without legal authority.

1883. Plaintiffs reassert and incorporate by reference in full detail all legally binding and conclusive judicial admissions of liability and damages in cases 25-CI-001371, 25-CI-001568, 25-CI-001795, 25-CI-001796, 25-CI-001121, with cases 25-CI-001568, 25-CI-001795, 25-CI-001796, 25-CI-001121 **facially fully supporting case 25-CI-001371 (Refer to PX-51 through**

**PX-62 and PX-96, PX-95)**, as though fully restated and fully set forth herein this claim for relief/relief entitled to-sought-demanded.

1884. **Legal Integration:** Supplemental, federal question, and civil rights jurisdiction are applied to --- Defendant's Complicity and Conspiracy in Securities Fraud in Violation of 18 U.S.C. § 1348, a Predicate RICO Act under 18 U.S.C. §§ 1961–1964(c) (Racketeer Influenced and Corrupt Organizations Act), Constituting a predicate offense under 18 U.S.C. § 1961(1)(B), forming part of a pattern of racketeering activity actionable under 18 U.S.C. § 1962(d), and is actionable under 18 U.S.C. § 1964(c) for civil remedies and threefold the damages --- Through Defendant's Complicity and Conspiracy With One or More Judges (without jurisdiction) — the Elected Jefferson Circuit Court Clerk — Jefferson Circuit Court Clerk's Office Employees — Administrative Office of the Courts Employees — Court Administrators — Staff Attorneys — Acting Under Color of State Law --- and Through Defendant's Complicity and Conspiracy With Private Citizens and Entities — Individually or in Any Combination --- Connected with Securities Fraud (KRS 292.320, and KRS 502.020), in Furtherance of Elder Abuse, Financial Exploitation under KRS 209.020(9) and KRS 209.990, Regarding Doris Colgate's Truist Securities/ BB&T Securities/ Sheffield Financial/ Computershare Inc. Securities that were Valued at **$101,000**; Connected with Obstruction of Justice; Connected with Obstruction of Plaintiff's Fiduciary Duties, Rights, and Recovery; And Connected with Elder Abuse Via Truist Securities/ BB&T Securities/ Sheffield Financial/ Computershare Inc.'s Illegal/Fraudulent Securities Liquidation in Full; These securities were/are headquartered in **North Carolina.** Actionable under all aforementioned federal and state laws and under 42 U.S.C. § 1983, 42 U.S.C. § 1985(2)-(3); KRS 209.030(2), KRS 209.050, KRS 446.070, KRS 386B.8-010, KRS 386B.1-010(1), KRS 386B.8-180(1)(a), KRS 386B.4-100, FRCP 17(a)(1)(E), KRS 457.350(1)-

(2); conversion where applicable; Obstruction of Recovery, Unjust Enrichment; Legally Binding and Conclusive Judicial Admissions of Liability and Damages under CR 8.04, 28 U.S.C. § 1367(a); the First, Seventh, and Fourteenth Amendments, 18 U.S.C. § 1349, and the Supremacy Clause, Art. VI, Cl. 2); Supported by Rankin v. Howard, 633 F. 2d 844 (9th Circuit 1980) and US v. Dugan; Causing/enabling harm/injury/unjust enrichment. **Claim for Relief LXXXI independently states a federal claim for relief, including a RICO claim for relief,** enabling/causing harm/ injury/unjust enrichment, and incorporates, **in part,** the same set of facts, harms/injuries, and legally binding and conclusive judicial admissions now as a basis for federal relief, including but not limited to punitive damages. Defendant and others continue their elder abuse of Doris Colgate each and every day they refuse to report themselves and others for elder abuse. Special damages to be awarded are **$101,000 plus 3 times treble damages** pursuant to 18 U.S.C. §§ 1961–1964(c), in addition to other damages. Plaintiffs also incorporate by reference in full detail **Section XXXIX** and the **Twelfth FRE 201 NOTICE — regarding interstate transfers.**

1885. Defendant Wilson has **legally binding and conclusive judicial admissions of Forgery/Complicity in Forgery** with full liability regarding legal documents dated on or near 3-4-2020, and later, including but not limited to a power of attorney document, a trust revocation document, a Will, and/or a document fraudulently removing Doris Colgate's real estate, located at 410 Wisteria Avenue, Jefferson County, from the Trust.

1886. The securities were held by Truist Securities/ BB&T Securities/ Sheffield Financial/ Computershare Inc. which were/are **headquartered in North Carolina, not** in Kentucky. The securities liquidation at issue involved **interstate electronic communications and transactions across state lines,** constituting a wire transmission in interstate commerce, triggering the

applicability of 18 U.S.C. § 1343. Interstate telephone calls and/or interstate electronic communications and/or interstate electronic financial assets/money transfers were made in furtherance of the scheme.

1887. **RICO Enterprise, Treble Damages, and Justification for Enhanced Punitive Relief:** Plaintiffs further assert that all aforementioned and all following deprivations—spanning judicial misconduct, fraudulent felony threats, illegal case assignments, obstruction of all court access in Kentucky, statutory rewriting by judges without jurisdiction, destruction and concealment of records, systemic obstruction and denial of appellate review, and coordinated retaliation against protected elder-abuse reporting—constitute racketeering activity actionable under the Racketeer Influenced and Corrupt Organizations Act **(RICO), 18 U.S.C. §§ 1961–1964.** Under **18 U.S.C. § 1961(4), the term "enterprise" includes "any group of individuals associated in fact although not a legal entity," which in this case plainly encompasses the coordinated network of public officials, judges, attorneys, public employees, and private actors who conspired to defraud and obstruct Plaintiffs' recovery.** Under **18 U.S.C. § 1962**: A person is liable when they **participate,** directly or **"indirectly"** in the illegal misconduct. This RICO enterprise engaged in repeated acts of wire fraud, securities fraud, identity fraud, mail fraud, laundering of monetary instruments, and obstruction of justice, obstruction of elder abuse recovery and other recovery—all targeting a federally protected party (the reporting fiduciary and caregiver of a vulnerable adult) acting from Washington State. The attack and targeting of Plaintiff in Washington State is a direct attack and targeting of the assets of the abused elder herself, Doris Colgate. The attack and targeting of Plaintiff in Washington State is a direct attack and targeting of the assets of the abused elder herself, Doris Colgate. **Civil relief/remedies** are provided under 18 U.S.C. § 1964. This constitutes a separate and distinct predicate act under 18

USC § 1348 in furtherance of the racketeering enterprise under 18 U.S.C. § 1961(1)(B). Plaintiffs assert and incorporate by reference in full the following regarding the **broad definition of an associated-in-fact enterprise --- in support of Plaintiffs' RICO Claims for Relief: Odom v. Microsoft Corp., 486 F. 3d 541 - Court of Appeals, 9th Circuit 2007 and United States v. Turkette, 452 US 576 - Supreme Court 1981 in Section XX.**

1888. Defendant Susan Wilson was and is complicit in and conspired in a scheme with Judge Patricia Morris, whereby Judge Morris weaponized a **knowingly false and fraudulent felony accusation** of "unauthorized practice of law" against pro se Plaintiffs—who were acting lawfully under KRS 209.030(2) and as a fiduciary under valid Trust and POA instruments—in order to deny Plaintiffs all access to all Kentucky courts and to **obstruct elder abuse recovery. Patricia Morris's fraudulent felony accusation is also proven by Defendant Susan Wilson's legally binding and conclusive judicial admissions of Plaintiffs' legal standing, Defendant's liability, and Defendant's damages.** See **PX-12, PX-51, PX-55, PX-56.**

1889. This denial was executed **without jurisdiction**, violated Plaintiffs' constitutional rights and statutory rights, and directly benefited Defendant, who remained **unjustly enriched** as a result. The fraudulent accusation by Judge Morris occurred **19 days prior** to Defendant Wilson being legally served by the Jefferson County Sheriff. When filing the Complaint, Plaintiffs paid the mandatory $60 fee directly to the Jefferson Circuit Court Clerk to have legal service by the Sheriff executed immediately.

1890. The timing and coordination of this judicial obstruction before lawful service—despite the court's active role in facilitating Wilson's service—demonstrates an **ultra vires abuse** of office by Morris to shield Wilson from litigation and to obstruct and block all statutory recovery.

1891. Direct communication between Wilson and Morris does **not** need to he proven to establish complicity under KRS 502.020 and conspiracy under 42 U.S.C. § 1985(2)-(3) . The judicial act of denying Plaintiffs all court access functioned as **an overt act in furtherance of a shared unlawful objective** to obstruct justice and to illegally protect Wilson from liability, in violation of 42 U.S.C. §§ 1983, 1985(2)-(3) and in Violation of the First, Seventh, and Fourteenth Amendments, 18 U.S.C. § 1349, and the Supremacy Clause, Art. VI, Cl. 2.

1892. Plaintiffs incorporate by reference in full detail all liability for **similar "Claim for Relief XXVIII." Claim for Relief XXVIII** is legally binding and conclusive based on Defendant's judicial admissions of liability in Kentucky Case No. 25-CI-001371 pursuant to CR 8.04 and 28 U.S.C. § 1367(a).

1893. Susan Wilson was and **is complicit** with and conspired with judge Morris or Patricia Morris, who was and is **acting in the absence of jurisdiction.** See Rankin v. Howard, 633 F. 2d 844 (9th Circuit 1980) and US v. Dugan; Also refer to all details in SECTION XII for evidence against Morris, and also for evidence of **systemic corruption.**

1894. Plaintiffs accordingly respectfully demand immediate entry of judgment as to liability and a corresponding award of **$101,000** in special damages — representing the complete fraudulent liquidation of Doris Colgate's Truist Securities/ BB&T Securities/ Sheffield Financial/ Computershare Inc. --- Securities — admitted as a sum-certain through Wilson's CR 8.04 default in Kentucky case 25-CI-001371 --- and independently confirmed through four additional defendants' CR 8.04 defaults across four supporting Kentucky cases based on a Securities Fraud predicate act under 18 U.S.C. §1348 --- arising from Securities Fraud directed at Truist Securities/ BB&T Securities/ Sheffield Financial/ Computershare Inc. --- Securities --- North Carolina headquarters — **mandating treble damages of $303,000** pursuant to 18 U.S.C.

§1964(c) — which shall be trebled as a matter of law upon entry of judgment on this claim --- and dividends and interest defrauded from Doris --- also admitted by Wilson and four additional defendants through CR 8.04 admissions --- and general damages and punitive damages. Plaintiffs assert their right to bring **RICO** claims under 18 U.S.C. §§1961 through 1964(c) in this federal complaint — claims that were not and could not have been brought in the Kentucky state court proceedings — for the following simultaneous and independent reasons. **First** — Kentucky state courts lack jurisdiction to adjudicate civil RICO claims under 18 U.S.C. §1964(c) because civil RICO is a federal statutory cause of action arising under federal law — conferring exclusive or primary jurisdiction on federal district courts — making the Western District of Washington the first court with authority to adjudicate these claims. **Second** — the RICO pattern of racketeering activity — including but not limited to --- the wire fraud predicates under 18 U.S.C. §1343 arising from the interstate annuity and securities liquidations directed at financial institutions headquartered in Alabama — Iowa — Indiana — North Carolina — and Illinois — the laundering of monetary instruments predicates under 18 U.S.C. §1956 arising from the subsequent transfer and use of fraudulently obtained proceeds --- and the securities fraud predicates under 18 U.S.C. §1348 — were pleaded as Kentucky state law violations in the state complaint under annuity fraud and under the state securities statute --- and are now additionally characterized as federal RICO predicate acts — which is a separate and additional federal layer of liability arising from the same admitted misconduct — not a new or inconsistent theory. **Third** — Wilson's CR 8.04 legally binding and conclusive admissions across five Kentucky cases --- establishing --- including but not limited to --- the underlying annuity fraud — securities fraud — forgery — elder abuse — as admitted adjudicative facts — constitute the evidentiary foundation for the RICO predicate acts — which could only be properly developed and presented


Edward Colgate 22023 SE Wax Rd., Box 1452, Maple Valley, WA 98038, King Co.

after those admissions were generated through Wilson's procedural default **and** after Plaintiffs accumulated the additional enterprise evidence -- including but not limited to --- Personnel Cabinet KHRIS payroll records regarding fraud — official court assignment timestamps regarding fraud -- and authenticated audio recordings regarding fraud — that establish the pattern of racketeering activity required by 18 U.S.C. §1961(5) and §1961 through §1964(c). Plaintiffs incorporate by reference in full detail--paragraphs 2631A through 2631M. Court employees have fraudulently attempted to deceive Plaintiff through phone and internet phone interstate communications --- audio recorded and transcribed. Plaintiff asserts many documented electronic communications notifying judges and court employees that Plaintiff was being targeted in Washington State. Plaintiffs also incorporate by reference in full detail PX-129, PX-136, PX-158. PX-159, PX-160, PX-48, PX-49, PX-129 through PX-133, PX-136, PX-137 through PX-154, PX-143 --- supports the fraud and also supports the fraudulent effective destruction of records related to Eric Haner, Susan Gibson, and others.

1895. The **foregoing constitutes Plaintiffs' short and plain statement of this claim for relief** in compliance with Fed. R. Civ. P. 8(a)(2).

1896. Additionally, The Defendant's **legally binding and conclusive, judicially admitted participation in forged legal documents/instruments** has resulted in **continuous**, unlawful **tortious interference** with Trustee Edward Colgate's administration of **The Colgate Family Living Trust dated January 29, 2020,** with **each day since March 1, 2020**, constituting a **new act of fraudulent obstruction** and fiduciary harm/injury. This Claim for Relief is pled under a continuing tort doctrine, as Defendant's obstruction of Trustee Edward Colgate's fiduciary duties and Trustee recovery rights under the Trust constitutes an ongoing violation, with each day **renewing** the harm/injury and **tolling** all applicable statutes of limitation. Additionally, **each day**

**that Defendant refuses and fails to report her own elder abuse and tortious fiduciary interference under KRS 209.030 constitutes a new statutory violation**, which further **renews** and **tolls** all relevant statutes of limitation under Kentucky and federal law.

1897. Each day that Judge Morris's and other judges' **fraudulent felony accusations remain embedded in void ab initio orders** constitutes a continuing denial of all Kentucky court access and systemic obstruction of justice in violation of 42 U.S.C. §§ 1983 and 1985(2)-(3), and the First, Seventh, and Fourteenth Amendments. Their collective refusal to report their own and each other's illegal or fraudulent actions under **KRS 26A.080 and KRS 209.030** perpetuates retaliatory elder abuse under **KRS 209.050, renewing** the constitutional and statutory harm/injury daily and **tolling all applicable statutes of limitation** under the continuing tort doctrine.

1898. **No state or federal court in the United States has ever attempted to bar, obstruct, or deny a civil plaintiff from all court access across an entire state by fraudulently accusing them of felonies.** The absurdity and illegality of such an act is so blatant that it has never been attempted by any judge in any jurisdiction. Adding to the absurdity and illegality is the fact that the Defendant had not been legally served yet. Jefferson Circuit Court is the first to attempt this type of illegal act or fraud, which is retaliatory under KRS 209.050, KRS 209.030, KRS 209.990, KRS 26A.015(2), and is an attempt to intimidate and tamper with a witness, which is also a violation of 42 U.S.C. §§ 1983 and 1985(2)-(3).

**CLAIM FOR RELIEF LXXXII**--(Also a Count and Cause of Action)— Defendant's **Complicity and Conspiracy in Securities Fraud in Violation of 18 U.S.C. § 1348, a Predicate RICO Act under 18 U.S.C. §§ 1961–1964(c) (Racketeer Influenced and Corrupt Organizations Act), Constituting a predicate offense under 18 U.S.C. § 1961(1)(B), forming**

**part of a pattern of racketeering activity actionable under 18 U.S.C. § 1962(d), and is actionable under 18 U.S.C. § 1964(c) for civil remedies and threefold the damages ---** Through Defendant's Complicity and Conspiracy With One or More Judges (**without** jurisdiction) — the Elected Jefferson Circuit Court Clerk — Jefferson Circuit Court Clerk's Office Employees — Administrative Office of the Courts Employees — Court Administrators — Staff Attorneys — Acting Under Color of State Law --- and Through Defendant's Complicity and Conspiracy With Private Citizens and Entities — Individually or in Any Combination --- **Connected with Securities Fraud (KRS 292.320, and KRS 502.020), in Furtherance of Elder Abuse, Financial Exploitation under KRS 209.020(9) and KRS 209.990, Regarding Doris Colgate's Ingredion Incorporated Securities that were Valued at $27,000; Connected with Obstruction of Justice; Connected with Obstruction of Plaintiff's Fiduciary Duties, Rights, and Recovery; And Connected with Elder Abuse Via Ingredion Incorporated's Illegal/Fraudulent Securities Liquidation in Full; These securities were/are headquartered in Illinois.** Actionable under all aforementioned federal and state laws and under 42 U.S.C. § 1983, 42 U.S.C. § 1985(2)-(3); KRS 209.030, KRS 209.050, KRS 446.070, KRS 386B.8-010, KRS 386B.1-010(1), KRS 386B.8-180(1)(a), KRS 386B.4-100, FRCP 17(a)(1)(E), KRS 457.350(1)-(2); conversion where applicable; Obstruction of Recovery, Unjust Enrichment, Legally Binding and Conclusive Judicial Admissions of Liability and Damages under CR 8.04, 28 U.S.C. § 1367(a); the First, Seventh, and Fourteenth Amendments, 18 U.S.C. § 1349, and the Supremacy Clause, Art. VI, Cl. 2); Supported by Rankin v. Howard, 633 F. 2d 844 (9th Circuit 1980) and US v. Dugan; Causing/enabling Harm/Injury/unjust enrichment.

1899. Plaintiffs reassert and incorporate by reference in full detail all of Section XII: Master Comprehensive Incorporation of Exhibits, Evidentiary Foundation, Jurisdictional Foundation,

Record of Judicial Misconduct, Systemic Civil Rights Obstruction, Denial of All Access to All Kentucky Courts, Constitutional and Federal Enforcement Framework, the Supremacy Clause (Art. VI, Cl. 2), and all preceding paragraphs as though fully restated and fully set forth herein this claim for relief/relief entitled to-sought-demanded. Plaintiffs further assert all of the following:

**Plaintiffs hereby assert the following "Short and Plain Statement" (Fed. R. Civ. P. 8(a)(2)):**

1900. Plaintiffs reassert and incorporate by reference in full detail all prior paragraphs, including all facts, all statutory violations, and all legally binding and conclusive judicial admissions of liability and damages in Kentucky State case 25-CI-001371 against Susan Wilson. See PX-51, PX-55, PX-56. On or about **August 28, 2024,** Defendant Susan Wilson was knowingly complicit in enabling the fraudulent full liquidation of these Ingredion Incorporated Securities, held in the name of Doris Colgate, in the amount of **$27,000,** without Doris's informed consent, and without legal authority.

1901. Plaintiffs reassert and incorporate by reference in full detail all legally binding and conclusive judicial admissions of liability and damages in cases 25-CI-001371, 25- CI-001568, 25-CI-001795, 25-CI-001796, 25-CI-001121, **with cases** 25-CI-001568, 25-CI-001795, 25-CI-001796, 25-CI-001121 **facially fully supporting case 25-CI-001371** (Refer to **PX-51 through PX-62, PX-96, PX-95, PX-55---PX-62**), as though fully restated and fully set forth herein this claim for relief/relief entitled to-sought-demanded.

1902. **Legal Integration:** Supplemental, federal question, and civil rights jurisdiction are applied to --- Defendant's Complicity and Conspiracy in Securities Fraud in Violation of 18 U.S.C. § 1348, a Predicate RICO Act under 18 U.S.C. §§ 1961–1964(c) (Racketeer Influenced and Corrupt Organizations Act), Constituting a predicate offense under 18 U.S.C. § 1961(1)(B),

forming part of a pattern of racketeering activity actionable under 18 U.S.C. § 1962(d), and is actionable under 18 U.S.C. § 1964(c) for civil remedies and threefold the damages --- Through Defendant's Complicity and Conspiracy With One or More Judges (without jurisdiction) — the Elected Jefferson Circuit Court Clerk — Jefferson Circuit Court Clerk's Office Employees — Administrative Office of the Courts Employees — Court Administrators — Staff Attorneys — Acting Under Color of State Law --- and Through Defendant's Complicity and Conspiracy With Private Citizens and Entities — Individually or in Any Combination --- Connected with Securities Fraud (KRS 292.320, and KRS 502.020), in Furtherance of Elder Abuse, Financial Exploitation under KRS 209.020(9) and KRS 209.990, Regarding Doris Colgate's Ingredion Incorporated Securities that were Valued at **$27,000**; Connected with Obstruction of Justice; Connected with Obstruction of Plaintiff's Fiduciary Duties, Rights, and Recovery; And Connected with Elder Abuse Via Ingredion Incorporated's Illegal/Fraudulent Securities Liquidation in Full; These securities were/are **headquartered in Illinois.** Actionable under all aforementioned federal and state laws and under 42 U.S.C. § 1983, 42 U.S.C. § 1985(2)-(3); KRS 209.030, KRS 209.050, KRS 446.070, KRS 386B.8-010, KRS 386B.1-010(1), KRS 386B.8-180(1)(a), KRS 386B.4-100, FRCP 17(a)(1)(E), KRS 457.350(1)-(2); conversion where applicable; Obstruction of Recovery, Unjust Enrichment, Legally Binding and Conclusive Judicial Admissions of Liability and Damages under CR 8.04, 28 U.S.C. § 1367(a); the First, Seventh, and Fourteenth Amendments, 18 U.S.C. § 1349, and the Supremacy Clause, Art. VI, Cl. 2); Supported by Rankin v. Howard, 633 F. 2d 844 (9th Circuit 1980) and US v. Dugan; Causing/enabling Harm/Injury/unjust enrichment. **Claim for Relief LXXXII independently states a federal claim for relief, including a RICO claim for relief,** enabling/causing harm/injury/unjust enrichment, and incorporates, **in part,** the same set of facts, harms/injuries,

and legally binding and conclusive judicial admissions now as a basis for federal relief, including but not limited to punitive damages. Defendant and others continue their elder abuse of Doris Colgate each and every day they refuse to report themselves and others for elder abuse. Special damages to be awarded are **$27,000 and 3 times treble damages** pursuant to 18 U.S.C. §§ 1961–1964(c), in addition to other damages. Plaintiffs also incorporate by reference in full detail **Section XXXIX** and the **Twelfth FRE 201 NOTICE --- regarding interstate transfers.**

1903. Defendant Wilson has **legally binding and conclusive judicial admissions of Forgery/Complicity in Forgery** with full liability regarding legal documents dated on or near 3-4-2020, and later, including but not limited to a power of attorney document, a trust revocation document, a Will, and/or a document fraudulently removing Doris Colgate's real estate, located at 410 Wisteria Avenue, Jefferson County, from the Trust.

1904. The securities were held by Ingredion Incorporated which were/are **headquartered in Illinois, not** in Kentucky. The securities liquidation at issue involved **interstate electronic communications and transactions across state lines,** constituting a wire transmission in interstate commerce, triggering the applicability of 18 U.S.C. § 1343. Interstate telephone calls and/or interstate electronic communications and/or interstate electronic financial assets/money transfers were made in furtherance of the scheme.

1905. **RICO Enterprise, Treble Damages, and Justification for Enhanced Punitive Relief:** Plaintiffs further assert that all aforementioned and all following deprivations—spanning judicial misconduct, fraudulent felony threats, illegal case assignments, obstruction of all court access in Kentucky, statutory rewriting by judges without jurisdiction, destruction and concealment of records, systemic obstruction and denial of appellate review, and coordinated retaliation against protected elder-abuse reporting—constitute racketeering activity actionable under the Racketeer

Influenced and Corrupt Organizations Act **(RICO), 18 U.S.C. §§ 1961–1964.** Under **18 U.S.C. § 1961(4), the term "enterprise" includes "any group of individuals associated in fact although not a legal entity," which in this case plainly encompasses the coordinated network of public officials, judges, attorneys, public employees, and private actors who conspired to defraud and obstruct Plaintiffs' recovery.** Under **18 U.S.C. § 1962**: A person is liable when they **participate,** directly or **"indirectly"** in the illegal misconduct. This RICO enterprise engaged in repeated acts of wire fraud, securities fraud, identity fraud, mail fraud, laundering of monetary instruments, and obstruction of justice, obstruction of elder abuse recovery and other recovery — all targeting a federally protected party (the reporting fiduciary and caregiver of a vulnerable adult) acting from Washington State. The attack and targeting of Plaintiff in Washington State is a direct attack and targeting of the assets of the abused elder herself, Doris Colgate. The attack and targeting of Plaintiff in Washington State is a direct attack and targeting of the assets of the abused elder herself, Doris Colgate. **Civil relief/remedies** are provided under 18 U.S.C. § 1964. This constitutes a separate and distinct predicate act under 18 USC § 1348 in furtherance of the racketeering enterprise under 18 U.S.C. § 1961(1)(B). Plaintiffs assert and incorporate by reference in full the following regarding the **broad definition of an associated-in-fact enterprise --- in support of Plaintiffs' RICO Claims for Relief: Odom v. Microsoft Corp., 486 F. 3d 541 - Court of Appeals, 9th Circuit 2007 and United States v. Turkette, 452 US 576 - Supreme Court 1981 in Section XX.**

1906. Defendant Susan Wilson was and is complicit in and conspired in a scheme with Judge Patricia Morris, whereby Judge Morris weaponized a **knowingly false and fraudulent felony accusation** of "unauthorized practice of law" against pro se Plaintiffs—who were acting lawfully under KRS 209.030(2) and as a fiduciary under valid Trust and POA instruments—in

order to deny Plaintiffs all access to all Kentucky courts and to **obstruct elder abuse recovery. Patricia Morris's fraudulent felony accusation is also proven by Defendant Susan Wilson's legally binding and conclusive judicial admissions of Plaintiffs' legal standing, Defendant's liability, and Defendant's damages.** See **PX-12, PX-51, PX-55, PX-56.**

1907. This denial was executed **without jurisdiction**, violated Plaintiffs' constitutional rights and statutory rights, and directly benefited Defendant, who remained **unjustly enriched** as a result. The fraudulent accusation by Judge Morris occurred **19 days prior** to Defendant Wilson being legally served by the Jefferson County Sheriff. When filing the Complaint, Plaintiffs paid the mandatory $60 fee directly to the Jefferson Circuit Court Clerk to have legal service by the Sheriff executed immediately.

1908. The timing and coordination of this judicial obstruction before lawful service—despite the court's active role in facilitating Wilson's service—demonstrates an **ultra vires abuse** of office by Morris to shield Wilson from litigation and to obstruct and block all statutory recovery.

1909. Direct communication between Wilson and Morris does **not** need to be proven to establish complicity under KRS 502.020 and conspiracy under 42 U.S.C. § 1985(2)-(3) . The judicial act of denying Plaintiffs all court access functioned as **an overt act in furtherance of a shared unlawful objective** to obstruct justice and to illegally protect Wilson from liability, in violation of 42 U.S.C. §§ 1983, 1985(2)-(3) and in Violation of the First, Seventh, and Fourteenth Amendments, 18 U.S.C. § 1349, and the Supremacy Clause, Art. VI, Cl. 2.

1910. Plaintiffs incorporate by reference in full detail all liability for **similar "Claim for Relief XXIX." Claim for Relief XXIX** is legally binding and conclusive based on Defendant's judicial admissions of liability in Kentucky Case No. 25-CI-001371 pursuant to CR 8.04 and 28 U.S.C. § 1367(a).

1911. Susan Wilson was and is **complicit** with and conspired with judge Morris or Patricia Morris, who was and is **acting in the absence of jurisdiction.** See Rankin v. Howard, 633 F. 2d 844 (9th Circuit 1980) and US v. Dugan; Also refer to all details in SECTION XII for evidence against Morris, and also for evidence of **systemic corruption.**

1912. Plaintiffs accordingly respectfully demand immediate entry of judgment as to liability and a corresponding award of **$27,000** in special damages — representing the complete fraudulent liquidation of Doris Colgate's Ingredion Incorporated Securities — admitted as a sum-certain through Wilson's CR 8.04 default in Kentucky case 25-CI-001371 --- and independently confirmed through four additional defendants' CR 8.04 defaults across four supporting Kentucky cases — based on a Securities Fraud predicate act under 18 U.S.C. §1348 arising from Securities Fraud directed at Ingredion Incorporated Securities --- Illinois headquarters — **mandating treble damages of $81,000** pursuant to 18 U.S.C. §1964(c) --- which shall be trebled as a matter of law upon entry of judgment on this claim --- and dividends and interest defrauded from Doris --- also admitted by Wilson and four additional defendants through CR 8.04 admissions --- and general damages and punitive damages. Plaintiffs assert their right to bring **RICO** claims under 18 U.S.C. §§1961 through 1964(c) in this federal complaint — claims that were not and could not have been brought in the Kentucky state court proceedings — for the following simultaneous and independent reasons. **First** — Kentucky state courts lack jurisdiction to adjudicate civil RICO claims under 18 U.S.C. §1964(c) because civil RICO is a federal statutory cause of action arising under federal law --- conferring exclusive or primary jurisdiction on federal district courts --- making the Western District of Washington the first court with authority to adjudicate these claims. **Second** — the RICO pattern of racketeering activity --- including but not limited to --- the wire fraud predicates under 18 U.S.C. §1343 arising from the interstate annuity and securities

liquidations directed at financial institutions headquartered in Alabama — Iowa — Indiana — North Carolina — and Illinois — the laundering of monetary instruments predicates under 18 U.S.C. §1956 arising from the subsequent transfer and use of fraudulently obtained proceeds — and the securities fraud predicates under 18 U.S.C. §1348 — were pleaded as Kentucky state law violations in the state complaint under annuity fraud and under the state securities statute --- and are now additionally characterized as federal RICO predicate acts — which is a separate and additional federal layer of liability arising from the same admitted misconduct — not a new or inconsistent theory. **Third** — Wilson's CR 8.04 legally binding and conclusive admissions across five Kentucky cases establishing --- including but not limited to --- the underlying annuity fraud — securities fraud — forgery — elder abuse — as admitted adjudicative facts — constitute the evidentiary foundation for the RICO predicate acts — which could only be properly developed and presented after those admissions were generated through Wilson's procedural default **and** after Plaintiffs accumulated the additional enterprise evidence — including but not limited to --- Personnel Cabinet KHRIS payroll records regarding fraud — official court assignment timestamps regarding fraud — and authenticated audio recordings regarding fraud — that establish the pattern of racketeering activity required by 18 U.S.C. §1961(5) and §1961 through §1964(c). Plaintiffs incorporate by reference in full detail--paragraphs 2631A through 2631M. Court employees have fraudulently attempted to deceive Plaintiff through phone and internet phone interstate communications --- audio recorded and transcribed. Plaintiff asserts many documented electronic communications notifying judges and court employees that Plaintiff was being targeted in Washington State. Plaintiffs also incorporate by reference in full detail PX-129, PX-136, PX-158. PX-159, PX-160, PX-48, PX-49, PX-129 through PX-133, PX-136, PX-

137 through PX-154, PX-143 --- supports the fraud and also supports the fraudulent effective destruction of records related to Eric Haner, Susan Gibson, and others.

1913. The **foregoing constitutes Plaintiffs' short and plain statement of this claim for relief** in compliance with Fed. R. Civ. P. 8(a)(2).

1914. Additionally, The Defendant's **legally binding and conclusive, judicially admitted participation in forged legal documents/instruments** has resulted in **continuous**, unlawful **tortious interference** with Trustee Edward Colgate's administration of **The Colgate Family Living Trust dated January 29, 2020,** with **each day since March 1, 2020**, constituting a **new act of fraudulent obstruction** and fiduciary harm/injury. This Claim for Relief is pled under a continuing tort doctrine, as Defendant's obstruction of Trustee Edward Colgate's fiduciary duties and Trustee recovery rights under the Trust constitutes an ongoing violation, with each day **renewing** the harm/injury and **tolling** all applicable statutes of limitation. Additionally, **each day that Defendant refuses and fails to report her own elder abuse and tortious fiduciary interference under KRS 209.030 constitutes a new statutory violation,** which further **renews** and **tolls** all relevant statutes of limitation under Kentucky and federal law.

1915. Each day that Judge Morris's and other judges' **fraudulent felony accusations remain embedded in void ab initio orders** constitutes a continuing denial of all Kentucky court access and systemic obstruction of justice in violation of 42 U.S.C. §§ 1983 and 1985(2)-(3), and the First, Seventh, and Fourteenth Amendments. Their collective refusal to report their own and each other's illegal or fraudulent actions under **KRS 26A.080 and KRS 209.030** perpetuates retaliatory elder abuse under **KRS 209.050**, **renewing** the constitutional and statutory harm/injury daily and **tolling all applicable statutes of limitation** under the continuing tort doctrine.


Edward Colgate 22023 SE Wax Rd., Box 1452, Maple Valley, WA 98038, King Co.

1916. **No state or federal court in the United States has ever attempted to bar, obstruct, or deny a civil plaintiff from all court access across an entire state by fraudulently accusing them of felonies.** The absurdity and illegality of such an act is so blatant that it has never been attempted by any judge in any jurisdiction. Adding to the absurdity and illegality is the fact that the Defendant had not been legally served yet. Jefferson Circuit Court is the first to attempt this type of illegal act or fraud, which is retaliatory under KRS 209.050, KRS 209.030, KRS 209.990, KRS 26A.015(2), and is an attempt to intimidate and tamper with a witness, which is also a violation of 42 U.S.C. §§ 1983 and 1985(2)-(3).

**CLAIM FOR RELIEF LXXXIII**--(Also a Count and Cause of Action)— Defendant's **Complicity and Conspiracy in Bank Fraud in Violation 18 U.S.C. § 1344(1)-(2), a Predicate RICO Act under 18 U.S.C. §§ 1961–1964(c) (Racketeer Influenced and Corrupt Organizations Act), Constituting a predicate offense under 18 U.S.C. § 1961(1)(B), forming part of a pattern of racketeering activity actionable under 18 U.S.C. § 1962(d), and is actionable under 18 U.S.C. § 1964(c) for civil remedies and threefold the damages ---** Through Defendant's Complicity and Conspiracy With One or More Judges (**without jurisdiction**) --- the Elected Jefferson Circuit Court Clerk — Jefferson Circuit Court Clerk's Office Employees — Administrative Office of the Courts Employees — Court Administrators --- Staff Attorneys — Acting Under Color of State Law --- and Through Defendant's Complicity and Conspiracy With Private Citizens and Entities — Individually or in Any Combination --- **in Furtherance of Elder Abuse, Financial Exploitation under KRS 209.020(9) and KRS 209.990 --- Regarding Doris Colgate's JPMorgan Chase Bank, N.A. Account(s); Connected with All Claims for Relief herein; Connected with Obstruction of Justice; Connected with Obstruction of Plaintiff's Fiduciary Duties, Rights, and Recovery; And Connected with**

**Elder Abuse Via Doris Colgate's JPMorgan Chase Bank Account(s)'s Illegal/Fraudulent Bank Withdrawals and Transfers;** These bank funds/assets were/are **headquartered in Ohio.** Actionable under all aforementioned federal and state laws and under 42 U.S.C. § 1983, 42 U.S.C. § 1985(2)-(3); 18 U.S.C. § 1343, 18 U.S.C. § 1348, 18 U.S.C. § 1956; KRS 292.320, KRS 502.020, KRS 304.47-020, KRS 209.030, KRS 209.050, KRS 446.070, KRS 386B.8-010, KRS 386B.1-010(1), KRS 386B.8-180(1)(a), KRS 386B.4-100, FRCP 17(a)(1)(E), KRS 457.350(1)-(2); conversion where applicable; Obstruction of Recovery, Unjust Enrichment; Legally Binding and Conclusive Judicial Admissions of Liability and Damages under CR 8.04, 28 U.S.C. § 1367(a); the First, Seventh, and Fourteenth Amendments, 28 U.S.C. § 1331, 28 U.S.C. § 1343, 18 U.S.C. § 1349, and the Supremacy Clause, (Art. VI, Cl. 2); Supported by Rankin v. Howard, 633 F. 2d 844 (9th Circuit 1980) and US v. Dugan; Causing/enabling Harm/Injury/unjust enrichment.

1917. Plaintiffs reassert and incorporate by reference in full detail all of Section XII: Master Comprehensive Incorporation of Exhibits, Evidentiary Foundation, Jurisdictional Foundation, Record of Judicial Misconduct, Systemic Civil Rights Obstruction, Denial of All Access to All Kentucky Courts, Constitutional and Federal Enforcement Framework, the Supremacy Clause (Art. VI, Cl. 2), and all preceding paragraphs as though fully restated and fully set forth herein this claim for relief/relief entitled to-sought-demanded. Plaintiffs further assert all of the following:

**Plaintiffs hereby assert the following "Short and Plain Statement" (Fed. R. Civ. P. 8(a)(2)):**

1918. Plaintiffs reassert and incorporate by reference in full detail all prior paragraphs, including all facts, all statutory violations, and all legally binding and conclusive judicial admissions of liability and damages in Kentucky State case 25-CI-001371 against Susan Wilson. See PX-51,


Edward Colgate 22023 SE Wax Rd., Box 1452, Maple Valley, WA 98038, King Co.

PX-55, PX-56. Defendant Susan Wilson was knowingly complicit in enabling the fraudulent bank withdrawals and bank transfers from JPMorgan Chase Bank Account(s), held in the name of Doris Colgate, in an approximate amount totaling **$79,000,** or more, without Doris's informed consent, and without legal authority. Said bank withdrawals and bank transfers were used for Susan Wilson, Lori Fox, Michelle Burkhead to pay legal fees, attempting to defend their fraud against Doris Colgate. Refer to Audio Recordings **Audio1 through Audio21** for facially supporting evidence. Plaintiffs further assert that additional bank funds/assets in Doris Colgate's name were illegally used by Susan Wilson, with Susan Wilson being complicit in enabling her 2 daughters, Lori Fox and Michelle Burkhead, to illegally use Doris Colgate's bank funds/assets. In addition, Plaintiffs assert additional bank frauds in the amount of **$540,185.41** --- regarding the connection to the aforementioned claims for relief that total $540,185.41.

1919. Plaintiffs reassert and incorporate by reference in full detail all legally binding and conclusive judicial admissions of liability and damages in cases 25-CI-001371, 25-CI-001568, 25-CI-001795, 25-CI-001796, 25-CI-001121, with cases 25-CI-001568, 25-CI-001795, 25-CI-001796, 25-CI-001121 **facially fully supporting case 25-CI-001371 (Refer to PX-51 through PX-62 and PX-96, PX-95)**, as though fully restated and fully set forth herein this claim for relief/relief entitled to-sought-demanded.

1920. **Legal Integration:** Supplemental, federal question, and civil rights jurisdiction are applied to --- Defendant's Complicity and Conspiracy in Bank Fraud in Violation 18 U.S.C. § 1344(1)-(2), a Predicate RICO Act under 18 U.S.C. §§ 1961–1964(c) (Racketeer Influenced and Corrupt Organizations Act), Constituting a predicate offense under 18 U.S.C. § 1961(1)(B), forming part of a pattern of racketeering activity actionable under 18 U.S.C. § 1962(d), and is actionable under 18 U.S.C. § 1964(c) for civil remedies and threefold the damages --- Through

Defendant's Complicity and Conspiracy With One or More Judges (without jurisdiction) --- the Elected Jefferson Circuit Court Clerk — Jefferson Circuit Court Clerk's Office Employees — Administrative Office of the Courts Employees — Court Administrators — Staff Attorneys — Acting Under Color of State Law --- and Through Defendant's Complicity and Conspiracy With Private Citizens and Entities --- Individually or in Any Combination --- in Furtherance of Elder Abuse, Financial Exploitation under KRS 209.020(9) and KRS 209.990 --- Regarding Doris Colgate's JPMorgan Chase Bank, N.A. Account(s); **Connected with All Claims for Relief herein;** Connected with Obstruction of Justice; Connected with Obstruction of Plaintiff's Fiduciary Duties, Rights, and Recovery; And Connected with Elder Abuse Via Doris Colgate's JPMorgan Chase Bank Account(s)'s Illegal/Fraudulent Bank Withdrawals and Transfers; These bank funds/assets were/are **headquartered in Ohio.** Actionable under all aforementioned federal and state laws and under 42 U.S.C. § 1983, 42 U.S.C. § 1985(2)-(3); 18 U.S.C. § 1343, 18 U.S.C. § 1348, 18 U.S.C. § 1956; KRS 292.320, KRS 502.020, KRS 304.47-020, KRS 209.030, KRS 209.050, KRS 446.070, KRS 386B.8-010, KRS 386B.1-010(1), KRS 386B.8-180(1)(a), KRS 386B.4-100, FRCP 17(a)(1)(E), KRS 457.350(1)-(2); conversion where applicable; Obstruction of Recovery, Unjust Enrichment; Legally Binding and Conclusive Judicial Admissions of Liability and Damages under CR 8.04, 28 U.S.C. § 1367(a); the First, Seventh, and Fourteenth Amendments, 28 U.S.C. § 1331, 28 U.S.C. § 1343, 18 U.S.C. § 1349, and the Supremacy Clause, (Art. VI, Cl. 2); Supported by Rankin v. Howard, 633 F. 2d 844 (9th Circuit 1980) and US v. Dugan; Causing/enabling Harm/Injury/unjust enrichment. **Claim for Relief LXXXIII independently states a federal claim for relief, including a RICO claim for relief,** enabling/causing harm/injury/unjust enrichment, and incorporates, **in part,** the same set of facts, harms/injuries/unjust enrichment, and legally binding and conclusive judicial admissions


Edward Colgate 22023 SE Wax Rd., Box 1452, Maple Valley, WA 98038, King Co.

now as a basis for federal relief, including but not limited to punitive damages. Defendant and others continue their elder abuse of Doris Colgate each and every day they refuse to report themselves and others for elder abuse. Special damages to be awarded are $79,000 plus $540,185.41 and 3 times treble damages pursuant to 18 U.S.C. §§ 1961–1964(c). Plaintiffs assert additional bank frauds in the amount of $540,185.41 --- regarding the connection to the aforementioned claims for relief that total $540,185.41 --- in addition to other damages. Plaintiffs incorporate by reference in full detail **Sections XVIII, XIX, XXXVI, XXVI, XXX, XXXII, XXVIII, XXIX, XXXI, XXXV, XXVII, XXXVII, PX-63 through PX-87,** PX-42 through PX-49, PX-108, all 167 Exhibits, and the **First through the Fourteenth FRE 201 Judicial Notices** of judicially **noticed adjudicative facts,** which include approximately **1,044 total adjudicative facts,** including approximately **322 adjudicative facts** supporting **jurisdiction** in the U.S. District Court for the Western District of Washington; **FRE 201 Adjudicative Facts in Judicial NOTICES --- 2 through 8, 10, and 12 --- fully support jurisdiction.** All aforementioned incorporations provide **100% certainty** of fraudulently assigned judges and fraudulently assigned case numbers --- prior to the legal filings by Plaintiffs of all 10 of their year-2025 cases --- with all 10 cases being illegally and fraudulently filed and processed by a non-existent/ non-payroll name in year-2025 --- which did not generate a legal random judge assignment and which did not generate a legal case number assignment --- and thereby provides 100% certainty that Kentucky judges NEVER had jurisdiction and NEVER will have jurisdiction. Plaintiffs assert Rankin v. Howard, 633 F. 2d 844 (9th Circuit 1980) and United States v. Dugan, 2:25-cr-00089 (E.D. Wis. 2025) regarding judges without jurisdiction. Plaintiffs incorporate by reference in full detail **Section XXXIX** and the **Twelfth FRE 201 NOTICE --- regarding interstate transfers.** Plaintiffs incorporate by reference in full detail Sections XLII, XLIII, including damages/awards.

1921. Defendant Wilson has **legally binding and conclusive judicial admissions of Forgery/Complicity in Forgery** with full liability regarding legal documents dated on or near 3-4-2020, and later, including but not limited to a power of attorney document, a trust revocation document, a Will, and/or a document fraudulently removing Doris Colgate's real estate, located at 410 Wisteria Avenue, Jefferson County, from the Trust.

1922. Doris Colgate's bank funds/assets were/are held by JPMorgan Chase Bank, N.A. which is **headquartered in New York, not** in Kentucky. The bank withdrawals and bank transfers at issue involved **interstate electronic communications and transactions across state lines,** constituting a wire transmission in interstate commerce, triggering the applicability of 18 U.S.C. § 1343. Interstate telephone calls and/or interstate electronic communications and/or interstate electronic financial assets/money transfers were made in furtherance of the scheme.

1905. **RICO Enterprise, Treble Damages, and Justification for Enhanced Punitive Relief:** Plaintiffs further assert that all aforementioned and all following deprivations—spanning judicial misconduct, fraudulent felony threats, illegal case assignments, obstruction of all court access in Kentucky, statutory rewriting by judges without jurisdiction, destruction and concealment of records, systemic obstruction and denial of appellate review, and coordinated retaliation against protected elder-abuse reporting—constitute racketeering activity actionable under the Racketeer Influenced and Corrupt Organizations Act **(RICO), 18 U.S.C. §§ 1961–1964.** Under **18 U.S.C. § 1961(4), the term "enterprise" includes "any group of individuals associated in fact although not a legal entity," which in this case plainly encompasses the coordinated network of public officials, judges, attorneys, public employees, and private actors who conspired to defraud and obstruct Plaintiffs' recovery.** Under **18 U.S.C. § 1962**: A person is liable when they **participate,** directly or **"indirectly"** in the illegal misconduct. This RICO

enterprise engaged in repeated acts of wire fraud, securities fraud, identity fraud, mail fraud, laundering of monetary instruments, and obstruction of justice, obstruction of elder abuse recovery and other recovery—all targeting a federally protected party (the reporting fiduciary and caregiver of a vulnerable adult) acting from Washington State. The attack and targeting of Plaintiff in Washington State is a direct attack and targeting of the assets of the abused elder herself, Doris Colgate. The attack and targeting of Plaintiff in Washington State is a direct attack and targeting of the assets of the abused elder herself, Doris Colgate. **Civil relief/remedies** are provided under 18 U.S.C. § 1964. This constitutes a separate and distinct predicate act under 18 USC § 1344(1)-(2) in furtherance of the racketeering enterprise under 18 U.S.C. § 1961(1)(B). Plaintiffs assert and incorporate by reference in full the following regarding the **broad definition of an associated-in-fact enterprise --- in support of Plaintiffs' RICO Claims for Relief: Odom v. Microsoft Corp., 486 F. 3d 541 - Court of Appeals, 9th Circuit 2007 and United States v. Turkette, 452 US 576 - Supreme Court 1981 in Section XX.**

1923. Defendant Susan Wilson was and is complicit in and conspired in a scheme with Judge Patricia Morris, whereby Judge Morris weaponized a **knowingly false and fraudulent felony accusation** of "unauthorized practice of law" against pro se Plaintiffs—who were acting lawfully under KRS 209.030(2) and as a fiduciary under valid Trust and POA instruments—in order to deny Plaintiffs all access to all Kentucky courts and to **obstruct elder abuse recovery. Patricia Morris's fraudulent felony accusation is also proven by Defendant Susan Wilson's legally binding and conclusive judicial admissions of Plaintiffs' legal standing, Defendant's liability, and Defendant's damages.** See **PX-12, PX-51, PX-55, PX-56.**

1924. This denial was executed **without jurisdiction**, violated Plaintiffs' constitutional rights and statutory rights, and directly benefited Defendant, who remained **unjustly enriched** as a

result. The fraudulent accusation by Judge Morris occurred **19 days prior** to Defendant Wilson being legally served by the Jefferson County Sheriff. When filing the Complaint, Plaintiffs paid the mandatory $60 fee directly to the Jefferson Circuit Court Clerk to have legal service by the Sheriff executed immediately.

1925. The timing and coordination of this judicial obstruction before lawful service—despite the court's active role in facilitating Wilson's service—demonstrates an **ultra vires abuse** of office by Morris to shield Wilson from litigation and to obstruct and block all statutory recovery.

1926. Direct communication between Wilson and Morris does **not** need to be proven to establish complicity under KRS 502.020 and conspiracy under 42 U.S.C. § 1985(2)-(3) . The judicial act of denying Plaintiffs all court access functioned as **an overt act in furtherance of a shared unlawful objective** to obstruct justice and to illegally protect Wilson from liability, in violation of 42 U.S.C. §§ 1983, 1985(2)-(3) and in Violation of the First, Seventh, and Fourteenth Amendments, 18 U.S.C. § 1349, and the Supremacy Clause, Art. VI, Cl. 2.

1927. Plaintiffs incorporate by reference in full detail all liability for **similar "Claims for Relief XXV through XXIX and Claim for Relief I." Claim for Relief I and Claims for Relief XXV through XXIX** are legally binding and conclusive based on Defendant's judicial admissions of liability in Kentucky Case No. 25-CI-001371 pursuant to CR 8.04, and 28 U.S.C. § 1367(a). Plaintiffs also cite the following **verbatim** from said case—**Wilson's legally binding and conclusive judicial admissions of liability—paragraph #55—"Wilson and Fox were misusing Doris's money to pay for their legal fees, attempting to prevent Doris from recovering damages from Wilson and Fox, causing financial harm."**

1928. Susan Wilson was and is complicit with and conspired with judge Morris or Patricia Morris, who was and is **acting in the absence of jurisdiction.** See Rankin v. Howard, 633 F. 2d

844 (9th Circuit 1980) and US v. Dugan; Also refer to all details in SECTION XII for evidence against Morris, and also for evidence of **systemic corruption.**

1929. Plaintiffs accordingly respectfully demand immediate entry of judgment as to liability and a corresponding award of **$540,185.41** in special damages — admitted as a sum-certain through Wilson's CR 8.04 default in Kentucky case 25-CI-001371 --- and independently confirmed through four additional defendants' CR 8.04 defaults across four supporting Kentucky cases — based on a Bank Fraud predicate act under 18 U.S.C. §1344(1)-(2) arising from Bank Fraud directed at JPMorgan Chase Bank --- New York headquarters — **mandating treble damages of $1,620,556.23** pursuant to 18 U.S.C. §§ 1961---1964(c) — which shall be trebled as a matter of law upon entry of judgment on this claim --- and dividends and interest defrauded from Doris --- also admitted by Wilson and four additional defendants through CR 8.04 admissions --- and general damages and punitive damages. Plaintiffs assert the additional aforementioned approximated **$79,000** in damages for this claim for relief trebled to **$237,000** pursuant to 18 U.S.C. §§ 1961–1964(c). Plaintiffs demand no less than 9 times punitive damages --- **$4,861,668.69 plus $711,000 for a total of $5,572,668.69** --- and up to 40 times based on substantive CR 8.04 admissions of intentional malicious misconduct by Defendant. Plaintiffs assert their right to bring **RICO** claims under 18 U.S.C. §§1961 through 1964(c) in this federal complaint — claims that were not and could not have been brought in the Kentucky state court proceedings --- for the following simultaneous and independent reasons. **First** --- Kentucky state courts lack jurisdiction to adjudicate civil RICO claims under 18 U.S.C. §1964(c) because civil RICO is a federal statutory cause of action arising under federal law — conferring exclusive or primary jurisdiction on federal district courts — making the Western District of Washington the first court with authority to adjudicate these claims. **Second** — the RICO pattern of racketeering

activity — including but not limited to --- the wire fraud predicates under 18 U.S.C. §1343 arising from the interstate annuity and securities liquidations directed at financial institutions headquartered in Alabama — Iowa — Indiana — North Carolina — and Illinois — the laundering of monetary instruments predicates under 18 U.S.C. §1956 arising from the subsequent transfer and use of fraudulently obtained proceeds — and the securities fraud predicates under 18 U.S.C. §1348 — were pleaded as Kentucky state law violations in the state complaint under annuity fraud and under the state securities statute --- and are now additionally characterized as federal RICO predicate acts — which is a separate and additional federal layer of liability arising from the same admitted misconduct — not a new or inconsistent theory. **Third** — Wilson's CR 8.04 legally binding and conclusive admissions across five Kentucky cases — establishing --- including but not limited to --- the underlying annuity fraud — securities fraud — forgery — elder abuse — as admitted adjudicative facts — constitute the evidentiary foundation for the RICO predicate acts — which could only be properly developed and presented after those admissions were generated through Wilson's procedural default **and** after Plaintiffs accumulated the additional enterprise evidence — including but not limited to --- Personnel Cabinet KHRIS payroll records regarding fraud — official court assignment timestamps regarding fraud — and authenticated audio recordings regarding fraud — that establish the pattern of racketeering activity required by 18 U.S.C. §1961(5) and §1961 through §1964(c). Plaintiffs incorporate by reference in full detail--paragraphs 2631A through 2631M. Court employees have fraudulently attempted to deceive Plaintiff through phone and internet phone interstate communications --- audio recorded and transcribed. Plaintiff asserts many documented electronic communications notifying judges and court employees that Plaintiff was being targeted in Washington State. Plaintiffs also incorporate by reference in full detail PX-129, PX-

136, PX-158. PX-159, PX-160, PX-48, PX-49, PX-129 through PX-133, PX-136, PX-137 through PX-154, PX-143 --- supports the fraud and also supports the fraudulent effective destruction of records related to Eric Haner, Susan Gibson, and others.

1930. The **foregoing constitutes Plaintiffs' short and plain statement of this claim for relief** in compliance with Fed. R. Civ. P. 8(a)(2).

1931. Additionally, The Defendant's **legally binding and conclusive, judicially admitted participation in forged legal documents/instruments** has resulted in **continuous**, unlawful **tortious interference** with Trustee Edward Colgate's administration of **The Colgate Family Living Trust dated January 29, 2020,** with **each day since March 1, 2020**, constituting a **new act of fraudulent obstruction** and fiduciary harm/injury. This Claim for Relief is pled under a continuing tort doctrine, as Defendant's obstruction of Trustee Edward Colgate's fiduciary duties and Trustee recovery rights under the Trust constitutes an ongoing violation, with each day **renewing** the harm/injury and **tolling** all applicable statutes of limitation. Additionally, **each day that Defendant refuses and fails to report her own elder abuse and tortious fiduciary interference under KRS 209.030 constitutes a new statutory violation**, which further **renews** and **tolls** all relevant statutes of limitation under Kentucky and federal law.

1932. Each day that Judge Morris's and other judges' **fraudulent felony accusations remain embedded in void ab initio orders** constitutes a continuing denial of all Kentucky court access and systemic obstruction of justice in violation of 42 U.S.C. §§ 1983 and 1985(2)-(3), and tbe First, Seventh, and Fourteenth Amendments. Their collective refusal to report their own and each other's illegal or fraudulent actions under **KRS 26A.080 and KRS 209.030** perpetuates retaliatory elder abuse under **KRS 209.050, renewing** the constitutional and statutory

harm/injury daily and **tolling all applicable statutes of limitation** under the continuing tort doctrine.

1933. **No state or federal court in the United States has ever attempted to bar, obstruct, or deny a civil plaintiff from all court access across an entire state by fraudulently accusing them of felonies.** The absurdity and illegality of such an act is so blatant that it has never been attempted by any judge in any jurisdiction. Adding to the absurdity and illegality is the fact that the Defendant had not been legally served yet. Jefferson Circuit Court is the first to attempt this type of illegal act or fraud, which is retaliatory under KRS 209.050, KRS 209.030, KRS 209.990, KRS 26A.015(2), and is an attempt to intimidate and tamper with a witness, which is also a violation of 42 U.S.C. §§ 1983 and 1985(2)-(3).

**CLAIM FOR RELIEF LXXXIV**--(Also a Count and Cause of Action) — Defendant's **Attempt and Conspiracy to Commit Wire Fraud --- Bank Fraud --- Mail Fraud --- Securities Fraud --- And Related Chapter 63 Offenses in Violation of 18 U.S.C. §1349 --- AND** Defendant's **Attempt and Conspiracy to Violate Chapter 63 Fraud Offenses, Cited Below, in Violation of 18 U.S.C. §1349 — Forming Part of the Pattern of Racketeering Activity Under 18 U.S.C. §1961(5) — Actionable Under 18 U.S.C. §1962(c) and §1962(d) --- Predicate RICO Acts under 18 U.S.C. §§ 1961–1964(c) (Racketeer Influenced and Corrupt Organizations Act) ---Constituting a predicate offense under 18 U.S.C. § 1961(1)(B), forming part of a pattern of racketeering activity actionable under 18 U.S.C. § 1962(d), and is actionable under 18 U.S.C. § 1964(c) for civil remedies and mandatory threefold treble damages --- And Through Defendant's Obstruction of Recovery and Defendant's Unjust Enrichment Regarding the Aforementioned Frauds**---Through Defendant's Complicity and Conspiracy With One or More Judges (without jurisdiction) — the Elected Jefferson Circuit

Court Clerk — Jefferson Circuit Court Clerk's Office Employees — Administrative Office of the Courts Employees — Court Administrators — Staff Attorneys — Acting Under Color of State Law --- and Through Defendant's Complicity and Conspiracy With Private Citizens and Entities — Individually or in Any Combination --- **in Furtherance of Elder Abuse, Financial Exploitation under KRS 209.020(9) and KRS 209.990, Regarding Doris Colgate's Funds/ Assets; Connected with Obstruction of Justice and Obstruction of Recovery; Connected with Obstruction of Plaintiff's Fiduciary Duties, Rights, and Recovery; Connected with All RICO Claims for Relief herein (68 through 88); Connected with Violations of 42 U.S.C. §§ 1983, 1985(2)-(3), the First, Seventh, and Fourteenth Amendments, and the Supremacy Clause, Art. VI, Cl. 2;** Supported by Rankin v. Howard, 633 F. 2d 844 (9th Circuit 1980) and US v. Dugan; Actionable under all aforementioned federal and state laws and under KRS 209.030(2), KRS 209.050, KRS 502.020, KRS 446.070, KRS 386B.8-010, KRS 386B.1-010(1), KRS 386B.8-180(1)(a), KRS 386B.4-100, FRCP 17(a)(1)(E), KRS 457.350(1)-(2), 28 U.S.C. § 1367(a), 28 U.S.C. § 1331, 28 U.S.C. § 1343; Legally Binding and Conclusive Judicial Admissions of Liability and Damages under CR 8.04, 28 U.S.C. § 1367(a); Causing/enabling Harm/Injury/unjust enrichment.

1934. Plaintiffs reassert and incorporate by reference in full detail all of Section XII: Master Comprehensive Incorporation of Exhibits, Evidentiary Foundation, Jurisdictional Foundation, Record of Judicial Misconduct, Systemic Civil Rights Obstruction, Denial of All Access to All Kentucky Courts, Constitutional and Federal Enforcement Framework, the Supremacy Clause (Art. VI, Cl. 2), and all preceding paragraphs as though fully restated and fully set forth herein this claim for relief/relief entitled to-sought-demanded. Plaintiffs further assert all of the following:

**Plaintiffs hereby assert the following "Short and Plain Statement" (Fed. R. Civ. P. 8(a)(2)):**

1935. Plaintiffs reassert and incorporate by reference in full detail all prior paragraphs, **all paragraphs in Claim for Relief VIII herein,** including all facts, all statutory violations, and all legally binding and conclusive judicial **admissions of liability and damages in Claim for Relief VIII.**

1936. Plaintiffs reassert and incorporate by reference in full detail all legally binding and conclusive judicial admissions of liability and damages in cases 25-CI-001371, 25-CI-001568, 25-CI-001795, 25-CI-001796, 25-CI-001121, with cases 25-CI-001568, 25-CI-001795, 25-CI-001796, 25-CI-001121 **facially fully supporting case 25-CI-001371 (Refer to PX-51 through PX-62 and PX-96, PX-95)**, as though fully restated and fully set forth herein this claim for relief/relief entitled to-sought-demanded.

1937. **Legal Integration:** In additional to the previous application of **supplemental jurisdiction** under **28 U.S.C. § 1367(a) for Claim for Relief VIII --- Claim for Relief LXXXIV independently states** a **federal claim for relief --- including a RICO claim for relief** --- Defendant's **Attempt and Conspiracy to Commit Wire Fraud --- Bank Fraud --- Mail Fraud --- Securities Fraud --- And Related Chapter 63 Fraud Offenses in Violation of 18 U.S.C. §1349 --- AND** Defendant's **Attempt and Conspiracy to Violate Chapter 63 Fraud Offenses, Cited Below, in Violation of 18 U.S.C. §1349 — Forming Part of the Pattern of Racketeering Activity Under 18 U.S.C. §1961(5) — Actionable Under 18 U.S.C. §1962(c) and §1962(d) --- Predicate RICO Acts under 18 U.S.C. §§ 1961–1964(c) (Racketeer Influenced and Corrupt Organizations Act) ---Constituting a predicate offense under 18 U.S.C. § 1961(1)(B), forming part of a pattern of racketeering activity actionable under 18 U.S.C. § 1962(d), and is actionable under 18 U.S.C. § 1964(c) for civil remedies and**

**mandatory threefold treble damages --- And Through Defendant's Obstruction of Recovery and Defendant's Unjust Enrichment Regarding the Aforementioned Frauds---** Through Defendant's Complicity and Conspiracy With One or More Judges (without jurisdiction) — the Elected Jefferson Circuit Court Clerk --- Jefferson Circuit Court Clerk's Office Employees — Administrative Office of the Courts Employees -- Court Administrators — Staff Attorneys --- Acting Under Color of State Law --- and Through Defendant's Complicity and Conspiracy With Private Citizens and Entities --- Individually or in Any Combination --- in Furtherance of Elder Abuse, Financial Exploitation under KRS 209.020(9) and KRS 209.990, Regarding Doris Colgate's Funds/ Assets; Connected with Obstruction of Justice and Obstruction of Recovery; Connected with Obstruction of Plaintiff's Fiduciary Duties, Rights, and Recovery; **Connected with All Claims for Relief herein;** Connected with Violations of 42 U.S.C. §§ 1983, 1985(2)-(3), the First, Seventh, and Fourteenth Amendments, and the Supremacy Clause, Art. VI, Cl. 2; Supported by Rankin v. Howard, 633 F. 2d 844 (9th Circuit 1980) and US v. Dugan; Actionable under all aforementioned federal and state laws and under KRS 209.030(2), KRS 209.050, KRS 502.020, KRS 446.070, KRS 386B.8-010, KRS 386B.1-010(1), KRS 386B.8-180(1)(a), KRS 386B.4-100, FRCP 17(a)(1)(E), KRS 457.350(1)-(2), 28 U.S.C. § 1367(a), 28 U.S.C. § 1331, 28 U.S.C. § 1343; Legally Binding and Conclusive Judicial Admissions of Liability and Damages under CR 8.04, 28 U.S.C. § 1367(a); Causing/enabling Harm/Injury/unjust enrichment. **Claim for Relief LXXXIV** incorporates, **in part,** the same set of facts, harms/injuries, and legally binding and conclusive judicial admissions now as a basis for federal relief, including but not limited to punitive damages. Plaintiffs incorporate by reference in full detail **Sections XVIII, XIX, XXXVI, XXVI, XXX, XXXII, XXVIII, XXIX, XXXI, XXXV, XXVII, XXXVII, PX-63 through PX-87,** PX-42 through PX-49, PX-108, all 167 Exhibits, and the **First through the**

**Fourteenth FRE 201 Judicial Notices** of judicially **noticed adjudicative facts,** which include approximately **1,044 total adjudicative facts,** including approximately **322 adjudicative facts** supporting **jurisdiction** in the U.S. District Court for the Western District of Washington; **FRE 201 Adjudicative Facts in Judicial NOTICES --- 2 through 8, 10, and 12 --- fully support jurisdiction.** All aforementioned incorporations provide **100% certainty** of fraudulently assigned judges and fraudulently assigned case numbers --- prior to the legal filings by Plaintiffs of all 10 of their year-2025 cases --- with all 10 cases being illegally and fraudulently filed and processed by a non-existent/ non-payroll name in year-2025 --- which did not generate a legal random judge assignment and which did not generate a legal case number assignment --- and thereby provides 100% certainty that Kentucky judges NEVER had jurisdiction and NEVER will have jurisdiction. Plaintiffs assert Rankin v. Howard, 633 F. 2d 844 (9th Circuit 1980) and United States v. Dugan, 2:25-cr-00089 (E.D. Wis. 2025) regarding judges without jurisdiction. Plaintiffs also incorporate by reference in full detail **Section XXXIX** and the **Twelfth FRE 201 NOTICE --- regarding fraudulent interstate transfers.**

1938. Defendant Wilson has **legally binding and conclusive judicial admissions of Forgery/Complicity in Forgery** with full liability regarding legal documents dated on or near 3-4-2020, and later, including but not limited to a power of attorney document, a trust revocation document, a Will, and/or a document fraudulently removing Doris Colgate's real estate, located at 410 Wisteria Avenue, Jefferson County, from the Trust.

1939. Defendant Susan Wilson was and is complicit in and **conspired in** a scheme with Judge Patricia Morris, whereby Judge Morris weaponized a **knowingly false and fraudulent felony accusation** of "unauthorized practice of law" against pro se Plaintiffs—who were acting lawfully under KRS 209.030(2) and as a fiduciary under valid Trust and POA instruments—in

order to deny Plaintiffs all access to all Kentucky courts and to **obstruct elder abuse recovery. Patricia Morris's fraudulent felony accusation is also proven by Defendant Susan Wilson's legally binding and conclusive judicial admissions of Plaintiffs' legal standing, Defendant's liability, and Defendant's damages.** See **PX-12, PX-51, PX-55, PX-56.**

1940. This denial was executed **without jurisdiction**, violated Plaintiffs' constitutional rights and statutory rights, and directly benefited Defendant, who remained **unjustly enriched** as a result. The fraudulent accusation by Judge Morris occurred **19 days prior** to Defendant Wilson being legally served by the Jefferson County Sheriff. When filing the Complaint, Plaintiffs paid the mandatory $60 fee directly to the Jefferson Circuit Court Clerk to have legal service by the Sheriff executed immediately.

1941. The timing and coordination of this judicial obstruction before lawful service—despite the court's active role in facilitating Wilson's service—demonstrates an **ultra vires abuse** of office by Morris to shield Wilson from litigation and to obstruct and block all statutory recovery.

1942. Direct communication between Wilson and Morris does **not** need to be proven to establish complicity under KRS 502.020 and conspiracy under 18 U.S.C. § 1349--RICO and 42 U.S.C. § 1985(2)-(3) . The judicial act of denying Plaintiffs all court access functioned as **an overt act in furtherance of a shared unlawful objective** to obstruct justice and to illegally protect Wilson from liability, in violation of 42 U.S.C. §§ 1983, 1985(2)-(3) and in Violation of the First, Seventh, and Fourteenth Amendments, 18 U.S.C. § 1349, and the Supremacy Clause, (Art. VI, Cl. 2).

1943. Plaintiffs incorporate by reference in full detail all liability for **similar "Claim for Relief VIII." Claim for Relief VIII** is legally binding and conclusive based on Defendant's judicial admissions of liability in Kentucky Case No. 25-CI-001371 pursuant to CR 8.04 and 28 U.S.C. §

1367(a). Plaintiffs further assert Defendant's violations of---(**RICO Predicate Act under 18 U.S.C. §1349)--Attempt and conspiracy--Any person who attempts or conspires to commit any offense under this chapter shall be subject to the same penalties as those prescribed for the offense, the commission of which was the object of the attempt or conspiracy.**

1944. Susan Wilson was and is **complicit** with and **conspired** with judge Morris or Patricia Morris, who was and is **acting in the absence of jurisdiction.** See Rankin v. Howard, 633 F. 2d 844 (9th Circuit 1980) and US v. Dugan; Also refer to all details in SECTION XII for evidence against Morris, and also for evidence of **systemic corruption.**

1945A. **RICO Enterprise, Treble Damages, and Justification for Enhanced Punitive Relief:** Plaintiffs further assert that all aforementioned and all following deprivations—spanning judicial misconduct, fraudulent felony threats, illegal case assignments, obstruction of all court access in Kentucky, statutory rewriting by judges without jurisdiction, destruction and concealment of records, systemic obstruction and denial of appellate review, and coordinated retaliation against protected elder-abuse reporting—constitute racketeering activity actionable under the Racketeer Influenced and Corrupt Organizations Act **(RICO), 18 U.S.C. §§ 1961–1964.** Under **18 U.S.C. § 1961(4), the term "enterprise" includes "any group of individuals associated in fact although not a legal entity," which in this case plainly encompasses the coordinated network of public officials, judges, attorneys, public employees, and private actors who conspired to defraud and obstruct Plaintiffs' recovery.** Under **18 U.S.C. § 1962**: A person is liable when they **participate,** directly or **"indirectly"** in the illegal misconduct. This RICO enterprise engaged in repeated acts of wire fraud, securities fraud, identity theft/ fraud, mail fraud, laundering of monetary instruments, and obstruction of justice, obstruction of elder abuse recovery and other recovery all targeting a federally protected party (the reporting fiduciary

and caregiver of a vulnerable adult) acting from Washington State. The attack and targeting of Plaintiff in Washington State is a direct attack and targeting of the assets of the abused elder herself, Doris Colgate. The attack and targeting of Plaintiff in Washington State is a direct attack and targeting of the assets of the abused elder herself, Doris Colgate. **Civil relief/remedies** are provided under 18 U.S.C. § 1964(c). This constitutes a separate and distinct predicate act under 18 USC § 1349 in furtherance of the racketeering enterprise under 18 U.S.C. § 1961(1)(B). Plaintiffs assert and incorporate by reference in full the following regarding the **broad definition of an associated-in-fact enterprise --- in support of Plaintiffs' RICO Claims for Relief: Odom v. Microsoft Corp., 486 F. 3d 541 - Court of Appeals, 9th Circuit 2007 and United States v. Turkette, 452 US 576 - Supreme Court 1981 in Section XX.**

1945B. Plaintiffs incorporate by reference in full detail all preceding claims for relief — all adjudicative facts noticed under FRE 201 across all FRE 201 Notices filed simultaneously herewith — all CR 8.04 **legally binding** and conclusive admissions by Defendant Susan Wilson — and specifically the following RICO claims — **Claim [LXVIII] through Claim [LXXXVIII]** — each of which establishes substantive RICO predicate acts --- **whose conspiracy and attempt dimensions are independently actionable under 18 U.S.C. §1349 as established herein.**

1945C. **The Statutory Framework: 18 U.S.C. §1349** provides that whoever attempts or conspires to commit any offense under Chapter 63 (Fraud) of Title 18 — wire fraud under **18 U.S.C. §1343** — bank fraud under **18 U.S.C. § 1344(1)-(2)** --- mail fraud under **18 U.S.C. §1341--§1342---** and securities fraud under **18 U.S.C. §1348** --- shall be subject to the same penalties as those prescribed for the offense the commission of which was the object of the attempt or conspiracy. **Each 18 U.S.C. §1349** violation constitutes a predicate act of

racketeering activity under 18 U.S.C. §1961(1)(B) — as an offense indictable under Title 18 — and each such predicate act forms part of the pattern of racketeering activity under 18 U.S.C. §1961(5) — and is actionable for civil remedies and mandatory treble damages under **18 U.S.C. §1964(c).**

1945D. The Specific **18 U.S.C. §1349 Predicates:** The following specific conspiracy and attempt acts constitute **independent 18 U.S.C. §1349 predicate acts — each established from the adjudicative facts and CR 8.04 admissions incorporated herein.**

1945E. **18 U.S.C. §1349, §1343, §1344 Predicate 1 — Conspiracy to Commit Wire Fraud Against Protective Life:** Wilson — Fox — and enterprise members conspired to make fraudulent interstate wire communications directed at Protective Life Insurance Company in Birmingham Alabama — in furtherance of the scheme to fraudulently liquidate Doris's $54,013.09 annuity — established from Wilson's CR 8.04 admission and Protective Life's Alabama headquarters from official corporate records. The conspiracy agreement among enterprise members is independently actionable under §1349 — separately from the completed wire fraud predicate established in other RICO claims.

1945F. **18 U.S.C. §1349, §1343, §1344 Predicate 2 — Conspiracy to Commit Wire Fraud Against Transamerica:** Wilson — Fox — and enterprise members conspired to make fraudulent interstate wire communications directed at Transamerica Corporation in Iowa — in furtherance of the scheme to fraudulently liquidate Doris's $103,000 annuity in August 2024 — established from Wilson's CR 8.04 admission and Transamerica's Iowa headquarters from official corporate records. Independent §1349 predicate.

1945G. **18 U.S.C. §1349, §1343, §1344 Predicate 3 — Conspiracy to Commit Wire Fraud Against Washington National:** Wilson — Fox — and enterprise members conspired to make

fraudulent interstate wire communications directed at Washington National Insurance Company in Indiana — in furtherance of the scheme to fraudulently liquidate Doris's $27,418.64 annuity — established from Wilson's CR 8.04 admission and Washington National's Indiana headquarters from official corporate records. Independent §1349 predicate.

1945H. **18 U.S.C. §1349, §1343, §1344, §1348 Predicate 4 — Conspiracy to Commit Wire Fraud and Securities Fraud Against Truist and BB&T:** Wilson — Fox — and enterprise members conspired to make fraudulent interstate wire communications directed at Truist Securities in North Carolina — in furtherance of the scheme to fraudulently liquidate Doris's $101,000 securities account — established from Wilson's CR 8.04 admission and Truist's North Carolina headquarters from official corporate records. Independent §1349 predicate.

1945I. **18 U.S.C. §1349, §1343, §1344, §1348 Predicate 5 — Conspiracy to Commit Wire Fraud and Securities Fraud Against Ingredion:** Wilson — Fox — and enterprise members conspired to make fraudulent interstate wire communications directed at Ingredion Incorporated in Illinois — in furtherance of the scheme to fraudulently liquidate Doris's Ingredion securities exceeding $27,000 — established from Wilson's CR 8.04 admission and Ingredion's Illinois headquarters from official corporate records. Independent §1349 predicate.

1945J. **18 U.S.C. §1349, §1343, §1344, §1348 Predicate 6 — Conspiracy to Commit Wire Fraud Through Forged POA:** Wilson — Fox — and enterprise members conspired to use forged power of attorney documents — executed through interstate wire communications — to fraudulently obtain authority over Doris's financial assets — established from Wilson's CR 8.04 admission of forgery under KRS 516.020 — 516.030 — and 516.040 — and from Doris's authenticated audio confirmation that she did not sign the POA document. Independent §1349


Edward Colgate 22023 SE Wax Rd., Box 1452, Maple Valley, WA 98038, King Co.

predicate — covering both the conspiracy to forge and the conspiracy to use the forged documents in interstate financial transactions.

1945K. **18 U.S.C. §1349, §1344 Predicate 7 — Conspiracy to Commit Real Estate Fraud:** Wilson — Fox — McConnell — and Hey Jude LLC conspired to fraudulently sell Doris's house for $150,000 — half the $300,000 listed price — and fraudulently taking $9,000 of Doris money for illegal commissions — through deception of Doris — use of the forged POA — and obstruction/deprivation of legitimate market value established from Wilson's CR 8.04 admission and the March 4, 2020 and March 13, 2020 documented misconduct. Independent §1349 predicate act.

**18 U.S.C. §1349 Predicate 8 — Conspiracy to Obstruct Elder Abuse Recovery Through Enterprise Coordination:** Wilson — Ford — and judicial enterprise members conspired to obstruct Plaintiffs' recovery of elder abuse damages through fraudulently coordinated pre-service orders — fraudulent felony accusations — destruction of Plaintiffs' filed motions — and systematic denial of court access — constituting conspiracy to commit obstruction offenses under Chapter 63 of Title 18 — including **§1349, §1344(1)-(2), §1348, §1341, §1342, §1343 — each of which is independently** a Chapter 63 offense — whose conspiracy is actionable under §1349 through the cross-reference provisions of Title 18 regarding independent §1349 predicate acts.

1945L. 18 U.S.C. **§1349 Predicate 9 — Conspiracy to Commit Identity Fraud Cross Reference:** Wilson's complicity admitted through CR 8.04 — and Fox's direct acts — in using Edward's Social Security number and name to fraudulently purchase the Apple iPad Pro on May 12, 2020 and to establish the Citizens Bank fraudulent account — constitutes conspiracy to commit identity fraud using interstate wire communications — including the AT&T and Citizens

Bank transactions documented in PX-34 through PX-38. Independent §1349 predicate. Plaintiffs incorporate by reference in full detail claim for relief LXXX.

1945M. **The Cross-Reference to All Other RICO Claims:** Each of the substantive RICO predicate acts established in Claims **[LXVIII] through [LXXXVIII]** — including all wire fraud predicates under **§1343** — bank fraud predicates under **§1344(1)-(2)** --- mail fraud predicates under **§1341** --- obstruction predicates under **§1503, §1512, §1513** — and securities fraud predicates under **§1348 — and §1957 for a real estate/property fraud predicate** --- were also the object of a conspiracy among Enterprise Members — making the conspiracy to commit each such predicate act an **additional independent §1349 predicate act — separately from and in addition to the substantive predicate acts established in those claims.** Plaintiffs hereby incorporate all substantive predicate acts from **Claims [LXVIII] through [LXXXVIII] as the objects** of the conspiracies established herein — making the **total predicate act count the sum of all substantive predicates plus all corresponding §1349 conspiracy predicates.**

1945N. **The §1962(d) Connection:** The §1349 conspiracy predicates established herein additionally support Plaintiffs' §1962(d) claim — that Defendant Susan Wilson and Enterprise Members conspired to violate §1962(c) — because §1349 establishes the agreements to commit the Chapter 63 offenses --- that constitute the pattern of racketeering activity — making the conspiracy to commit those offenses the §1962(d) violation itself — established from two simultaneous independent sources — §1349 as a predicate act and §1962(d) as RICO's internal conspiracy provision.

1946A. **The Damages and Relief Demand:** Plaintiffs accordingly seek/demand mandatory treble damages under 18 U.S.C. §1964(c) on all property injuries caused by the 18 U.S.C. §1349 conspiracy predicates established herein — including but not limited to the established across

**Claims I through CII (102) --- to the extent caused by the conspiracy predicates established herein — with each 18 U.S.C. §1349 predicate act independently supporting the pattern element under §1961(5) and independently entitling Plaintiffs to the civil remedies provided under §1964(c). The DAMAGES Demand:** Plaintiffs accordingly respectfully demand the following: Entry of judgment as to liability and a corresponding award of all of the following for this claim for relief: **Based on the fraudulent obstruction and deprivation of all Plaintiffs' recovery, Damages Awards are as Follows:** Combined for Edward Colgate and Doris Colgate: **$540,185.41** Awarded for Special damages--legally binding and conclusive--admitted as a sum-certain—under substantive CR 8.04; **$1,620,556.23** Awarded for Treble damages; **$4,861,668.69** Awarded for Punitive damages no less than 9 times damages --- and up to 40 times damages. Doris Colgate: **$2,975,000.00** --- Claims for Relief LXXXIX and VI and XXXVII; **$8,925,000.00** Awarded for Treble damages; **$26,775,000.00** Awarded for Punitive damages no less than 9 times damages---and up to 40 times damages; **$750,000.00** Awarded for Claims for Relief V and XXXVI; **$2,250,000.00** Awarded for Treble damages; **$6,750,000.00** Awarded for Punitive damages no less than 9 times damages --- and up to 40 times damages; **$79,000.00** Awarded for Claim for Relief C --- 100; **$237,000.00** Awarded for Treble damages; **$711,000.00** Awarded for Punitive damages no less than 9 times damages --- and up to 40 times damages; **$49,665.00** Awarded for Claims for Relief CI—100--promissory notes/loans; **$148,995.00** Awarded for Treble damages; **$446,985** Awarded for Punitive damages no less than 9 times damages --- and up to 40 times damages; Doris Colgate continued: Range from **$500,000.00 To $1,500,000.00** Awarded --- Claims for Relief XCVI --- IIED; Doris Colgate Range from **$1,500,000.00 To $4,500,000.00** Awarded for Treble damages; Doris Colgate Range from **$4,500,000.00 To $13,500,000.00** Awarded for Punitive damages no less than 9

times damages --- and up to 40 times damages; Edward Colgate Range from **$250,000.00 To $750,000.00** Awarded for --- Claims for Relief XCVI --- IIED and fraudulent Deprivation of familial relationship; Edward Colgate Range from **$750,000.00 To $2,250,000.00** Awarded for Treble damages; Edward Colgate Range from **$2,250,000.00 To $6,750,000.00** Awarded for Punitive damages no less than 9 times damages --- and up to 40 times damages; Edward Colgate Range from **$500,000.00 To $2,000,000.00** Awarded for --- Claims for Relief XCVII---IIED---Wrongful Death; Edward Colgate Range from **$1,500,000.00 To $6,000,000.00** Awarded for Treble damages; Edward Colgate Range from **$4,500,000.00 To $18,000,000.00** Awarded for Punitive damages no less than 9 times damages --- and up to 40 times damages; Edward Colgate Range from **$500,000.00 To $3,000,000.00** Awarded for --- Irreversible Deprivation of Familial Relationship; Edward Colgate Range from **$1,500,000.00 To $9,000,000.00** Awarded for Treble damages; Edward Colgate Range from **$4,500,000.00 To $27,000,000.00** Awarded for Punitive damages no less than 9 times damages --- and up to 40 times damages; Edward Colgate's **Compounded IIED** damages awards --- **Irreversible Deprivation Compound;** Edward Colgate **Range** from no less than **$250,000 times 2 and times 4** and **up to $750,000 times 2 and times 4** Awarded for --- **Compounded IIED** damages awarded to Edward Colgate if Doris Colgate's death; Edward Colgate Range from **$500,000.00 To $1,000,000.00 ---** and **up to $1,500,000.00 To $3,000,000.00** Awarded for --- Compounded IIED damages awards to Edward Colgate if Doris Colgate's death; Edward Colgate Range from **$4,500,000.00 To $9,000,000.00** Awarded for Trebled damages; Edward Colgate Range from **$13,500,000.00 To $27,000,000.00** Awarded for Punitive damages no less than 9 times damages --- and up to 40 times damages. Edward Colgate: **$50,138.68** Awarded for Special Damages--legally binding and conclusive--admitted as a sum-certain—under substantive CR 8.04; Edward Colgate:

**$150,416.04** Awarded for Treble damages; Edward Colgate: **$451,248.12** Awarded for Punitive damages no less than 9 times damages --- and up to 40 times damages; Edward Colgate: **$48,600.00** Awarded for Time and Energy damages admitted under legally binding substantive CR 8.04; Edward Colgate: **$145,800.00** Awarded for Treble damages; Edward Colgate: **$437,400.00** Awarded for Punitive damages no less than 9 times damages --- and up to 40 times damages; Edward Colgate: **$4,091.08** Awarded for Fraudulent Fees Paid Based on Alias Name---Fraud; Edward Colgate: **$12,273.24** Awarded for Treble damages; Edward Colgate: **$36,819.72** Awarded for Punitive damages no less than 9 times damages --- and up to 40 times damages; Edward Colgate: **$28,000.00** Awarded for Claims for Relief LXI and XXXI; Edward Colgate: **$84,000.00** Awarded for Treble damages; Edward Colgate: **$252,000.00** Awarded for Punitive damages no less than 9 times damages --- and up to 40 times damages; Edward Colgate: **2,544 hours multiplied by $150 per hour — $381,600 --- trebled to --- $1,144,800** --- **punitive** damages of **$3,434,400** --- no less than 9 times damages --- and up to 40 times damages; Edward Colgate: **$381,600.00** Awarded for Federal Time and Energy and Work and Effort Damages; **$1,144,800.00** Awarded for Federal Treble damages; **$3,434,400.00** Awarded for Federal Punitive damages no less than 9 times damages --- and up to 40 times damages.

1946B. Based on Defendant's Attempt and Conspiracy predicate acts under 18 U.S.C. §1349 and obstructing Plaintiffs' recovery --- directly and in complicity and in conspiracy with others --- and based on all Claims for Relief citing all of the following dollar amounts --- Plaintiffs accordingly respectfully demand immediate entry of judgment as to liability and a corresponding award of **$540,185.41** in special damages — admitted as a sum-certain through Wilson's CR 8.04 default in Kentucky case 25-CI-001371 --- and independently confirmed through four

additional defendants' CR 8.04 defaults across four supporting Kentucky cases — based on predicate acts under **18 U.S.C. §1349** — **incorporating by reference in full detail --- RICO Claims for Relief LXVIII through LXXXVIII and Claims for Relief LXXXIX through CII (102)** --- **mandating treble damages of $1,620,556.23** pursuant to 18 U.S.C. §§ 1961---1964(c) --- with punitive damages no less than 9 times damages --- **$4,861,668.69** --- and up to 40 times damages --- and dividends and interest defrauded from Doris and interest defrauded from Edward --- also admitted by Wilson and four additional defendants through CR 8.04 admissions --- and general damages and punitive damages.

1946C. Plaintiffs assert: The **Defendant's complicity in and conspiracy in elder abuse** (both **financial and physical harm and injury) of Doris Colgate---by Susan Wilson,** Lori Fox, Michelle Burkhead, Cristal Fox, Ray Wilson, Jude McConnell, Florence Bisig, Julie Bisig, Jeanette/Jenette/Janette Bisig, Paul Kevin Ford, and others cited above---**mandates reporting of elder abuse under KRS 209.030(2).**

1946D. Regarding all Relief Demanded herein --- Plaintiffs incorporate by reference in full detail the damages and the relief dollar amounts cited in Claims for Relief **V, VI, XXXVI, XXXVII, LXXXIX, XCVI, XCVII, and LXVIII through LXXXVIII** --- based on the legal authority therein and based on all citations therein --- and based on **obstructing justice and obstructing Plaintiffs' recovery** --- and shall include 3 times treble damages.

1946E. **Plaintiffs accordingly respectfully demand entry of judgment as to liability and corresponding awards --- regarding the relief entitled to --- of all the following dollar amounts** based on all Claims for Relief herein:

1946F. Plaintiffs respectfully demand entry of judgment as to liability and corresponding awards of --- Plaintiffs incorporate by reference in full detail **Claims for Relief LXXXIX and VI and**

**XXXVII** --- and the relief entitled to therein --- **$2,975,000 --- trebled to $8,925,000 in Claims for Relief LXXXVIII and LXXXIV** --- plus punitive damages of no less than 9 times damages --- **$26,775,000** --- and up to 40 times damages.

1946G. Plaintiffs respectfully demand entry of judgment as to liability and corresponding awards of --- Plaintiffs incorporate by reference in full detail **Claims for Relief V and XXXVI** --- and the relief entitled to therein --- **$750,000 trebled to $2,250,000 in Claims for Relief LXXXVIII and LXXXIV** --- plus punitive damages of no less than 9 times damages ---- **$6,750,000** --- and up to 40 times damages.

1946H. Plaintiffs respectfully demand entry of judgment as to liability and corresponding awards of --- Plaintiffs incorporate by reference in full detail Claims for Relief **XCVI and LXXXVIII and LXXXIV** --- and the relief entitled to therein --- regarding **IIED** compensatory and general damages in the **range of $500,000 trebled to $1,500,000 --- to $1,500,000 trebled to $4,500,000 --- for Doris Colgate.**

1946I. Plaintiffs respectfully demand entry of judgment as to liability and corresponding awards of --- Plaintiffs incorporate by reference in full detail **Claims for Relief XCVI and LXXXVIII and LXXXIV** --- and the relief entitled to therein --- regarding **IIED** compensatory and general damages in the **range of $250,000 trebled to $750,000 --- to $750,000 trebled to $2,250,000 --- for Edward Colgate** --- with punitive damages of no less than **nine times --- $2,250,000 to $6,750,000** --- and up to forty times that floor.

1946J. Plaintiffs respectfully demand entry of judgment as to liability and corresponding awards of --- Plaintiffs incorporate by reference in full detail Claims for Relief **XCVII and LXXXVIII and LXXXIV** --- and the relief entitled to therein --- regarding **Wrongful death damages** under KRS 411.130 — in the **range of** an amount **no less than $500,000 trebled to $1,500,000** and **up**


Edward Colgate 22023 SE Wax Rd., Box 1452, Maple Valley, WA 98038, King Co.

**to $2,000,000 trebled 3 times to $6,000,000** --- with punitive damages **awarded** at no less than **9 times --- $4,500,000 to $18,000,000** --- and up to 40 times.

1946K. Plaintiffs respectfully demand entry of judgment as to liability and corresponding awards of --- Plaintiffs incorporate by reference in full detail Claims for Relief **XCVII and LXXXVIII and LXXXIV** --- and the relief entitled to therein --- regarding --- **Irreversible deprivation of familial relationship damages to Edward —** in an amount **no less than $500,000 trebled to $1,500,000** and **up to $3,000,000 trebled 3 times to $9,000,000** --- with punitive damages **awarded** at no less than **9 times damages--$4,500,000 to $27,000,000** --- and up to 40 times damages.

1946L. **Compounded IIED damages** --- Plaintiffs respectfully demand entry of judgment as to liability and corresponding awards of --- Plaintiffs incorporate by reference in full detail **Claims for Relief XCVII and XCVI and LXXXVIII and LXXXIV and paragraph 2138T --- Compounded IIED damages to Edward Colgate** upon confirmation of death — and the relief entitled to therein --- in an additional **amount no less than** --- $250,000 times 2 and times 4 --- **$500,000 and up to $1,000,000 — and up to** $750,000 times 2 and times 4 --- **$1,500,000 and up to $3,000,000 --- "representing a two to four times compounding multiplier" on the existing $250,000 to $750,000 award --- trebled to "$4,500,000 up to $9,000,000"** --- IIED award from Claim for Relief XCVI--96 — reflecting the irreversible character of the deprivation.

1946M. Plaintiffs respectfully demand entry of judgment as to liability and corresponding awards of --- Plaintiffs incorporate by reference in full detail **Claims for Relief XCVII and XCVI and LXXXVIII and LXXXIV and** paragraph **2138U** --- and the relief entitled to therein --- Total conditional damages floor upon triggering — **$1,500,000 and up to $3,000,000** in additional compensatory and general damages — with punitive damages of **no less than**

**$13,500,000 and up to $27,000,000 at nine times damages** — and up to forty times damages — in addition to all other damages established in Claims for Relief 1 through 102 (I through CII).

1946N. The aforementioned is in addition to the substantive CR 8.04 legally binding and conclusive admitted damages by Defendant regarding Edward Colgate's recovery of the following: Plaintiffs respectfully demand entry of judgment as to liability and corresponding awards of --- Plaintiffs incorporate by reference in full detail **Claims for Relief I through CII (102)** --- and the relief entitled to therein — **$50,138.68** in special damages — and trebled under **RICO Claims for Relief LXXXVIII and LXXXIV to $150,416.04** plus no less than 9 times punitive damages of **$451,248.12** --- and up to 40 times damages.

1946O. Plaintiffs respectfully demand entry of judgment as to liability and corresponding awards of --- Plaintiffs incorporate by reference in full detail **Claim for Relief XCVIII**--- and the relief entitled to therein — **$24,600 trebled** under **RICO Claims for Relief LXXXVIII and LXXXIV to $73,800** --- plus no less than 9 times **punitive damages of $221,400** --- and up to 40 times --- Also refer to **Section XXXVII, 223 through 332.**

1946P. Plaintiffs respectfully demand entry of judgment as to liability and corresponding awards of --- Plaintiffs incorporate by reference in full detail **Section XXXVI and Claim for Relief XCIX** --- and the relief entitled to therein — **$4,091.08 trebled** under **RICO Claims for Relief LXXXVIII and LXXXIV** --- **to $12,273.24** --- plus no less than 9 times **punitive damages of $36,819.72** --- and up to 40 times punitive damages.

1946Q. Plaintiffs respectfully demand entry of judgment as to liability and corresponding awards of --- Plaintiffs incorporate by reference in full detail **Claim for Relief C** --- and the relief entitled to therein — **$79,000 trebled** under **RICO Claims for Relief LXXXVIII and**

**LXXXIV and 18 U.S.C. §§ 1961–1964(c) --- to $237,000** --- plus no less than 9 times **punitive damages of $711,000** --- and up to 40 times punitive damages.

1946R. Plaintiffs respectfully demand entry of judgment as to liability and corresponding awards of --- Plaintiffs incorporate by reference in full detail **Claims for Relief LXI and XXXI** --- and the relief entitled to therein --- **$28,000 --- trebled** under **RICO Claims for Relief LXXXVIII and LXXXIV and 18 U.S.C. §§ 1961–1964(c) --- to $84,000** --- plus no less than 9 times **punitive damages of $252,000** --- and up to 40 times punitive damages --- based on adjudicative facts --- including but not limited to Defendant's admissions of intentional malicious misconduct --- admitted under substantive CR 8.04 admissions --- representing an estimated 50% share of the estate of Norman Colgate, which Defendant wrongfully and fraudulently concealed and diverted without notice or accounting. (Any person who attempts or conspires to commit any offense under this chapter shall be subject to the same penalties as those prescribed for the offense, the commission of which was the object of the attempt or conspiracy.) The **18 U.S.C. §1349** attempt and conspiracy predicate acts are part of the RICO pattern that caused injury /harm/ unjust enrichment — including but not limited to the **denial of the right to enforce CR 8.04 admissions — the deprivation of the right of Edward's fiduciary role — and the economic losses based on Defendant's and others' sustained unjust enrichment. The IIED and familial deprivation and wrongful death and irreversible deprivation of familial relationship are consequential harms flowing from the same RICO pattern — recoverable as supplemental damages alongside the primary RICO property injury. The obstruction of Plaintiffs' recovery of the elder abuse damages and recovery of other damages established in Claims XXXVI, XXXVII, LXXXIX, XC, XCI, XCII, XCVI, XCVII, LXVIII through LXXXVIII, and XCVIII through CII (102) — constitute independent predicate acts.**

Plaintiffs assert their right to bring **RICO** claims under 18 U.S.C. §§1961 through 1964(c) in this federal complaint — claims that were not and could not have been brought in the Kentucky state court proceedings — for the following simultaneous and independent reasons. **First** — Kentucky state courts lack jurisdiction to adjudicate civil RICO claims under 18 U.S.C. §1964(c) because civil RICO is a federal statutory cause of action arising under federal law — conferring exclusive or primary jurisdiction on federal district courts — making the Western District of Washington the first court with authority to adjudicate these claims. **Second** — the RICO pattern of racketeering activity — including but not limited to --- the wire fraud predicates under 18 U.S.C. §1343 arising from the interstate annuity and securities liquidations directed at financial institutions headquartered in Alabama — Iowa — Indiana — North Carolina — and Illinois -- the laundering of monetary instruments predicates under 18 U.S.C. §1956 arising from the subsequent transfer and use of fraudulently obtained proceeds — and the securities fraud predicates under 18 U.S.C. §1348 — were pleaded as Kentucky state law violations in the state complaint under annuity fraud and under the state securities statute --- and are now additionally characterized as federal RICO predicate acts — which is a separate and additional federal layer of liability arising from the same admitted misconduct - not a new or inconsistent theory. **Third** — Wilson's CR 8.04 legally binding and conclusive admissions across five Kentucky cases — establishing --- including but not limited to --- the underlying annuity fraud — securities fraud — forgery — elder abuse — as admitted adjudicative facts — constitute the evidentiary foundation for the RICO predicate acts — which could only be properly developed and presented after those admissions were generated through Wilson's procedural default **and** after Plaintiffs accumulated the additional enterprise evidence — including but not limited to --- Personnel Cabinet KHRIS payroll records regarding fraud — official court assignment timestamps

regarding fraud --- and authenticated audio recordings regarding fraud — that establish the pattern of racketeering activity required by 18 U.S.C. §1961(5) and §1961 through §1964(c). Plaintiffs incorporate by reference in full detail--paragraphs 2631A through 2631M. Court employees have fraudulently attempted to deceive Plaintiff through phone and internet phone interstate communications --- audio recorded and transcribed. Plaintiff asserts many documented electronic communications notifying judges and court employees that Plaintiff was being targeted in Washington State. Plaintiffs also incorporate by reference in full detail PX-129, PX-136, PX-158. PX-159, PX-160, PX-48, PX-49, PX-129 through PX-133, PX-136, PX-137 through PX-154, PX-143 --- supports the fraud and also supports the fraudulent effective destruction of records related to Eric Haner, Susan Gibson, and others.

1947. The **foregoing constitutes Plaintiffs' short and plain statement of this claim for relief** in compliance with Fed. R. Civ. P. 8(a)(2).

1948. Additionally, The Defendant's **legally binding and conclusive, judicially admitted participation in forged legal documents/instruments** has resulted in **continuous**, unlawful **tortious interference** with Trustee Edward Colgate's administration of **The Colgate Family Living Trust dated January 29, 2020**, with **each day since March 1, 2020**, constituting a **new act of fraudulent obstruction** and fiduciary harm/injury. This Claim for Relief is pled under a continuing tort doctrine, as Defendant's obstruction of Trustee Edward Colgate's fiduciary duties and **Trustee recovery rights under the Trust constitutes an ongoing violation, with each day renewing** the harm/injury and tolling all applicable statutes of limitation. Additionally, **each day that Defendant refuses and fails to report her own elder abuse and tortious fiduciary interference under KRS 209.030 constitutes a new statutory violation**, which further tolls all relevant statutes of limitation under Kentucky and federal law.

1949. Each day that Judge Morris's and other judges' **fraudulent felony accusations remain embedded in void ab initio orders** constitutes a continuing denial of all Kentucky court access and systemic obstruction of justice in violation of 42 U.S.C. §§ 1983 and 1985(2)-(3), and the First, Seventh, and Fourteenth Amendments. Their collective refusal to report their own and each other's illegal or fraudulent actions under **KRS 26A.080 and KRS 209.030** perpetuates retaliatory elder abuse under **KRS 209.050**, renewing the constitutional and statutory harm/injury daily and **tolling all applicable statutes of limitation** under the continuing tort doctrine.

1950. **No state or federal court in the United States has ever attempted to bar, obstruct, or deny a civil plaintiff from all court access across an entire state by fraudulently accusing them of felonies.** The absurdity and illegality of such an act is so blatant that it has never been attempted by any judge in any jurisdiction. Adding to the absurdity and illegality is the fact that the Defendant had not been legally served yet. Jefferson Circuit Court is the first to attempt this type of illegal act or fraud, which is retaliatory under KRS 209.050, KRS 209.030, KRS 209.990, KRS 26A.015(2), and is an attempt to intimidate and tamper with a witness, which is also a violation of 42 U.S.C. §§ 1983 and 1985(2)-(3).

**CLAIM FOR RELIEF LXXXV**--(Also a Count and Cause of Action) — Defendant's **Complicity and Conspiracy in Tampering with a Witness and Victim in Violation of 18 U.S.C. § 1512(b)-(c)-(e)-(g)-(k), a Predicate RICO Act under 18 U.S.C. §§ 1961–1964(c) (Racketeer Influenced and Corrupt Organizations Act), Constituting a predicate offense under 18 U.S.C. § 1961(1)(B), forming part of a pattern of racketeering activity actionable under 18 U.S.C. § 1962(d), and is actionable under 18 U.S.C. § 1964(c) for civil remedies and threefold the damages ---** Through Defendant's Complicity and Conspiracy With One or

More Judges (without jurisdiction) — the Elected Jefferson Circuit Court Clerk — Jefferson Circuit Court Clerk's Office Employees — Administrative Office of the Courts Employees — Court Administrators — Staff Attorneys — Acting Under Color of State Law --- and Through Defendant's Complicity and Conspiracy With Private Citizens and Entities — Individually or in Any Combination --- **Connected with KRS 524.100, KRS 524.050, and KRS 502.020; in Furtherance of Elder Abuse, Financial Exploitation under KRS 209.020(9) and KRS 209.990, Regarding Doris Colgate's Funds/ Assets; Connected with All Claims for Relief herein; Connected with Obstruction of Justice; Connected with Obstruction of Plaintiff's Fiduciary Duties, Rights, and Recovery; Connected with Deprivation and Obstruction of Civil Rights under 42 U.S.C. §§ 1983, 1985(2)-(3), the First, Seventh, and Fourteenth Amendments, and the Supremacy Clause, Art. VI, Cl. 2;** Supported by Rankin v. Howard, 633 F. 2d 844 (9th Circuit 1980); Actionable under all aforementioned federal and state laws and under KRS 209.030(2), KRS 209.020, KRS 209.050, KRS 446.070, KRS 386B.8-010, KRS 386B.1-010(1), KRS 386B.8-180(1)(a), KRS 386B.4-100, FRCP 17(a)(1)(E), KRS 457.350(1)-(2), 28 U.S.C. § 1367(a), 28 U.S.C. § 1331, 28 U.S.C. § 1343; And under **Legally Binding and Conclusive** Judicial Admissions of Liability and Damages pursuant to CR 8.04, 28 U.S.C. § 1367(a); (Conspiracy and Complicity with Full Liability); Causing/enabling Harm/Injury/ unjust enrichment.

1951. Plaintiffs reassert and incorporate by reference in full detail all of Section XII: Master Comprehensive Incorporation of Exhibits, Evidentiary Foundation, Jurisdictional Foundation, Record of Judicial Misconduct, Systemic Civil Rights Obstruction, Denial of All Access to All Kentucky Courts, Constitutional and Federal Enforcement Framework, the Supremacy Clause (Art. VI, Cl. 2), and all preceding paragraphs as though fully restated and fully set forth herein

this claim for relief/relief entitled to-sought-demanded. Plaintiffs further assert all of the following:

**Plaintiffs hereby assert the following "Short and Plain Statement" (Fed. R. Civ. P. 8(a)(2)):**

1952. Plaintiffs reassert and incorporate by reference in full detail all prior paragraphs, **all paragraphs in Claim for Relief XX herein,** including all facts, all statutory violations, and **all legally binding and conclusive** judicial **admissions of liability and damages in Claim for Relief XX.**

1953. Plaintiffs reassert and incorporate by reference in full detail all legally binding and conclusive judicial admissions of liability and damages in cases 25-CI-001371, 25-CI-001568, 25-CI-001795, 25-CI-001796, 25-CI-001121, with cases 25-CI-001568, 25-CI-001795, 25-CI-001796, 25-CI-001121 **facially fully supporting case 25-CI-001371 (Refer to PX-51 through PX-62 and PX-96, PX-95)**, as though fully restated and fully set forth herein this claim for relief/relief entitled to-sought-demanded.

1954. **Legal Integration:** In additional to the previous application of **supplemental jurisdiction** under **28 U.S.C. § 1367(a) for Claim for Relief XX --- Claim for Relief LXXXV independently states** a **federal claim for relief --- including a RICO claim for relief ---** Defendant's Complicity and Conspiracy in Tampering with a Witness and Victim in Violation of 18 U.S.C. § 1512(b)-(c)-(e)-(g)-(k), a Predicate RICO Act under 18 U.S.C. §§ 1961–1964(c) (Racketeer Influenced and Corrupt Organizations Act), Constituting a predicate offense under 18 U.S.C. § 1961(1)(B), forming part of a pattern of racketeering activity actionable under 18 U.S.C. § 1962(d), and is actionable under 18 U.S.C. § 1964(c) for civil remedies and threefold the damages --- Through Defendant's Complicity and Conspiracy With One or More Judges (without jurisdiction) — the Elected Jefferson Circuit Court Clerk — Jefferson Circuit Court

Clerk's Office Employees — Administrative Office of the Courts Employees — Court Administrators — Staff Attorneys — Acting Under Color of State Law --- and Through Defendant's Complicity and Conspiracy With Private Citizens and Entities — Individually or in Any Combination --- Connected with KRS 524.100, KRS 524.050 and KRS 502.020; in Furtherance of Elder Abuse, Financial Exploitation under KRS 209.020(9) and KRS 209.990, Regarding Doris Colgate's Funds/ Assets; Connected with All Claims for Relief herein; Connected with Obstruction of Justice; Connected with Obstruction of Plaintiff's Fiduciary Duties, Rights, and Recovery; Connected with Deprivation and Obstruction of Civil Rights under 42 U.S.C. §§ 1983, 1985(2)-(3), the First, Seventh, and Fourteenth Amendments, and the Supremacy Clause, Art. VI, Cl. 2; Supported by Rankin v. Howard, 633 F. 2d 844 (9th Circuit 1980) and US v. Dugan; Actionable under all aforementioned federal and state laws and under KRS 209.030(2), KRS 209.020, KRS 209.050, KRS 446.070, KRS 386B.8-010, KRS 386B.1-010(1), KRS 386B.8-180(1)(a), KRS 386B.4-100, FRCP 17(a)(1)(E), KRS 457.350(1)-(2), 28 U.S.C. § 1367(a), 28 U.S.C. § 1331, 28 U.S.C. § 1343; And under **Legally Binding and Conclusive** Judicial Admissions of Liability and Damages pursuant to CR 8.04, 28 U.S.C. § 1367(a); (Conspiracy and Complicity with Full Liability); Causing/enabling Harm/Injury/unjust enrichment. **Claim for Relief LXXXV** incorporates**, in part,** the same set of facts, harms/injuries, and legally binding and conclusive judicial admissions now as a basis for federal relief, including but not limited to punitive damages. Plaintiffs incorporate by reference in full detail **Sections XVIII, XIX, XXXVI, XXVI, XXX, XXXII, XXVIII, XXIX, XXXI, XXXV, XXVII, XXXVII, PX-63 through PX-87,** PX-42 through PX-49, PX-108, all 167 Exhibits, and the **First through the Fourteenth FRE 201 Judicial Notices** of judicially **noticed adjudicative facts,** which include approximately **1,044 total adjudicative facts,** including approximately **322**

**adjudicative facts** supporting **jurisdiction** in the U.S. District Court for the Western District of Washington; **FRE 201 Adjudicative Facts in Judicial NOTICES --- 2 through 8, 10, and 12 --- fully support jurisdiction.** All aforementioned incorporations provide **100% certainty** of fraudulently assigned judges and fraudulently assigned case numbers --- prior to the legal filings by Plaintiffs of all 10 of their year-2025 cases --- with all 10 cases being illegally and fraudulently filed and processed by a non-existent/ non-payroll name in year-2025 --- which did not generate a legal random judge assignment and which did not generate a legal case number assignment --- and thereby provides 100% certainty that Kentucky judges NEVER had jurisdiction and NEVER will have jurisdiction. Plaintiffs assert Rankin v. Howard, 633 F. 2d 844 (9th Circuit 1980) and United States v. Dugan, 2:25-cr-00089 (E.D. Wis. 2025) regarding judges without jurisdiction. Plaintiffs also incorporate by reference in full detail **Section XXXIX** and the **Twelfth FRE 201 NOTICE --- regarding interstate transfers.**

1955. Defendant Wilson has **legally binding and conclusive judicial admissions of Forgery/Complicity in Forgery** with full liability regarding legal documents dated on or near 3-4-2020, and later, including but not limited to a power of attorney document, a trust revocation document, a Will, and/or a document fraudulently removing Doris Colgate's real estate, located at 410 Wisteria Avenue, Jefferson County, from the Trust.

1956. Pursuant to **tampering with a witness, victim--18 U.S.C. § 1512(b)-(c)- (e)-(g)-(k), --- (b) Defendant Susan Wilson** directly perpetrated, was **complicit in, and conspired in perpetrating the following with Lori Fox and Paul Kevin Ford: knowingly used intimidation**, threats, or **corruptly persuades** another person (Doris Colgate—**witness and victim**), or **attempts** to do so, or engages **in misleading conduct toward another person** (Doris Colgate), with intent to--- **(1) influence Doris** Colgate, delay, or prevent the testimony of any

person in an official proceeding; **(2) cause Doris** Colgate or **induce** any person (**Doris** Colgate) to---**(A) withhold testimony**, or withhold a record, document, or other object, from an official proceeding; Plaintiffs further assert the following: **(c) Defendant** Susan Wilson --- **corruptly---** **(1)** alters, destroys, mutilates, or conceals a record, document, or other object, or attempts to do so, with the intent to impair the object's integrity or availability for use in an official proceeding **and (2) otherwise obstructs, influences, or impedes any official proceeding, or attempts to do so---since** Susan Wilson induced Doris Colgate to commit perjury, and that **perjury is part of a deposition transcript**—see PX-5; and since **(2) Susan Wilson---otherwise obstructs, influences, or impedes any official proceeding, or attempts to do so; (e) the defendant (Susan Wilson) has the burden of proof by a preponderance of the evidence,** that the conduct consisted solely of lawful conduct and that the defendant's sole intention was to encourage, induce, or cause the other person to testify truthfully; **(g)**--no state of mind need be proved with respect to the circumstance; **(k) Whoever (Susan Wilson)--conspires to commit any offense under this section shall be subject to the same penalties as those prescribed for the offense the commission of which was the object of the conspiracy.** In addition, Judge Patricia Morris and other judges retaliated against Doris Colgate and Edward Colgate for elder abuse reporting and other reporting of illegal actions by obstructing recovery through fraudulent felony accusations of "unauthorized practice of law." Plaintiffs incorporate by reference in full detail all of the following Claims for Relief --- **LXII, LXIII, LXIV, LXV, LXVI, LXVII,** and incorporate by reference in full detail all of **Section XII.** Plaintiffs were obstructed by Judge Morris—Plaintiffs were **never legally served** any orders by Judge Morris and were **never legally served** any orders by any other judges in all 11 of Plaintiffs' cases. In addition, Judge Morris cited an illegal method of service of orders to Plaintiffs, citing electronic. Plaintiffs have **no electronic**

**access** to orders. Furthermore, hundreds of pages of Plaintiffs' filings/records were destroyed by other judges and/or their offices and/or the Court Clerk's Office and/or the court administrators. And there has **never been any proof of time and manner** of legal service to Plaintiffs by Jefferson Circuit Court, in continuous violation of Ky. **CR 5.03**, CR 5.02, CR 5.01, CR 30A.080, CR 77.04.

1957. Defendant Susan Wilson was and is complicit in and conspired in a scheme with Judge Patricia Morris, whereby Judge Morris weaponized a **knowingly false and fraudulent felony accusation** of "unauthorized practice of law" against pro se Plaintiffs—who were acting lawfully under KRS 209.030(2) and as a fiduciary under valid Trust and POA instruments—in order to deny Plaintiffs all access to all Kentucky courts and to **obstruct elder abuse recovery. Patricia Morris's fraudulent felony accusation is also proven by Defendant Susan Wilson's legally binding and conclusive judicial admissions of Plaintiffs' legal standing, Defendant's liability, and Defendant's damages.** See **PX-12, PX-51, PX-55, PX-56.**

1958. This denial was executed **without jurisdiction**, violated Plaintiffs' constitutional rights and statutory rights, and directly benefited Defendant, who remained **unjustly enriched** as a result. The fraudulent accusation by Judge Morris occurred **19 days prior** to Defendant Wilson being legally served by the Jefferson County Sheriff. When filing the Complaint, Plaintiffs paid the mandatory $60 fee directly to the Jefferson Circuit Court Clerk to have legal service by the Sheriff executed immediately.

1959. The timing and coordination of this judicial obstruction before lawful service—despite the court's active role in facilitating Wilson's service—demonstrates an **ultra vires abuse** of office by Morris to shield Wilson from litigation and to obstruct and block all statutory recovery.

1960. Direct communication between Wilson and Morris does **not** need to be proven to establish complicity under KRS 502.020 and conspiracy under 42 U.S.C. § 1985(2)-(3) . The judicial act of denying Plaintiffs all court access functioned as **an overt act in furtherance of a shared unlawful objective** to obstruct justice and to illegally protect Wilson from liability, in violation of 42 U.S.C. §§ 1983, 1985(2)-(3) and in Violation of the First, Seventh, and Fourteenth Amendments, and the Supremacy Clause, Art. VI, Cl. 2.

1961. Plaintiffs incorporate by reference in full detail all liability for **similar "Claim for Relief XX ." Claim for Relief XX** is legally binding and conclusive based on Defendant's judicial admissions of liability in Kentucky Case No. 25-CI-001371 pursuant to CR 8.04 and 28 U.S.C. § 1367(a).

1962. Susan Wilson was and is **complicit** with and **conspired** with judge Morris or Patricia Morris, who was and is **acting in the absence of jurisdiction.** See Rankin v. Howard, 633 F. 2d 844 (9th Circuit 1980) and US v. Dugan; Also refer to all details in SECTION XII for evidence against Morris, and also for evidence of **systemic corruption.**

1963. **RICO Enterprise, Treble Damages, and Justification for Enhanced Punitive Relief:** Plaintiffs further assert that all aforementioned and all following deprivations - spanning judicial misconduct, fraudulent felony threats, illegal case assignments, obstruction of all court access in Kentucky, statutory rewriting by judges without jurisdiction, destruction and concealment of records, systemic obstruction and denial of appellate review, and coordinated retaliation against protected elder-abuse reporting—constitute racketeering activity actionable under the Racketeer Influenced and Corrupt Organizations Act **(RICO), 18 U.S.C. §§ 1961–1964.** Under **18 U.S.C. § 1961(4), the term "enterprise" includes "any group of individuals associated in fact although not a legal entity," which in this case plainly encompasses the coordinated**

**network of public officials, judges, attorneys, public employees, and private actors who conspired to defraud and obstruct Plaintiffs' recovery.** Under **18 U.S.C. § 1962**: A person is liable when they **participate,** directly or **"indirectly"** in the illegal misconduct. This RICO enterprise engaged in repeated acts of wire fraud, securities fraud, identity fraud, mail fraud, laundering of monetary instruments, and obstruction of justice, obstruction of elder abuse recovery and other recovery—all targeting a federally protected party (the reporting fiduciary and caregiver of a vulnerable adult) acting from Washington State. The attack and targeting of Plaintiff in Washington State is a direct attack and targeting of the assets of the abused elder herself, Doris Colgate. The attack and targeting of Plaintiff in Washington State is a direct attack and targeting of the assets of the abused elder herself, Doris Colgate. **Civil relief/remedies** are provided under 18 U.S.C. § 1964. This constitutes a separate and distinct predicate act under **18 U.S.C. § 1512(b)-(c)- (e)-(g)-(k)** in furtherance of the racketeering enterprise under 18 U.S.C. § 1961(1)(B). Plaintiffs assert and incorporate by reference in full the following regarding the **broad definition of an associated-in-fact enterprise --- in support of Plaintiffs' RICO Claims for Relief: Odom v. Microsoft Corp., 486 F. 3d 541 - Court of Appeals, 9th Circuit 2007 and United States v. Turkette, 452 US 576 - Supreme Court 1981 in Section XX.** 1964. Plaintiffs accordingly respectfully demand immediate entry of judgment as to liability and a corresponding award of **$540,185.41** in special damages — admitted as a sum-certain through Wilson's CR 8.04 default in Kentucky case 25-CI-001371 --- and independently confirmed through four additional defendants' CR 8.04 defaults across four supporting Kentucky cases — based on a --- Tampering with a Witness and Victim predicate act under 18 U.S.C. §1512(b)-(c)-(e)-(g)-(k) --- **mandating treble damages of $1,620,556.23** pursuant to 18 U.S.C. §§ 1961---1964(c) --- which shall be trebled as a matter of law upon entry of judgment on this claim --- and


Edward Colgate 22023 SE Wax Rd., Box 1452, Maple Valley, WA 98038, King Co.

dividends and interest defrauded from Doris --- also admitted by Wilson and four additional defendants through CR 8.04 admissions --- and general damages and punitive damages. Plaintiffs assert the additional aforementioned --- approximated **$79,000 in damages --- for this claim for relief and 3 times treble damages** pursuant to 18 U.S.C. §§ 1961–1964(c). Plaintiffs assert: The **Defendant's complicity in and conspiracy in elder abuse** (both **financial and physical harm and injury**) **of Doris Colgate---by Susan Wilson,** Lori Fox, Michelle Burkhead, Cristal Fox, Ray Wilson, Jude McConnell, Florence Bisig, Julie Bisig, Jeanette/Jenette/Janette Bisig, Paul Kevin Ford, and others cited above---**mandates reporting of elder abuse under KRS 209.030(2).** The damages and relief sought/demanded here must also include the following: Plaintiffs incorporate by reference in full detail the damages and the relief dollar amounts cited in Claims for Relief **V, VI, LXXXIX, XCVI, XCVII** --- based on the conspiracy in obstructing Plaintiffs' recovery --- and shall include 3 times treble damages. Plaintiffs assert their right to bring **RICO** claims under 18 U.S.C. §§1961 through 1964(c) in this federal complaint — claims that were not and could not have been brought in the Kentucky state court proceedings — for the following simultaneous and independent reasons. **First** — Kentucky state courts lack jurisdiction to adjudicate civil RICO claims under 18 U.S.C. §1964(c) because civil RICO is a federal statutory cause of action arising under federal law — conferring exclusive or primary jurisdiction on federal district courts — making the Western District of Washington the first court with authority to adjudicate these claims. **Second** — the RICO pattern of racketeering activity --- including but not limited to --- the wire fraud predicates under 18 U.S.C. §1343 arising from the interstate annuity and securities liquidations directed at financial institutions headquartered in Alabama — Iowa — Indiana — North Carolina — and Illinois — the laundering of monetary instruments predicates under 18 U.S.C. §1956 arising from the subsequent transfer and use of

fraudulently obtained proceeds — and the securities fraud predicates under 18 U.S.C. §1348 — were pleaded as Kentucky state law violations in the state complaint under annuity fraud and under the state securities statute --- and are now additionally characterized as federal RICO predicate acts — which is a separate and additional federal layer of liability arising from the same admitted misconduct --- not a new or inconsistent theory. **Third** — Wilson's CR 8.04 legally binding and conclusive admissions across five Kentucky cases — establishing --- including but not limited to --- the underlying annuity fraud --- securities fraud --- forgery --- elder abuse --- as admitted adjudicative facts — constitute the evidentiary foundation for the RICO predicate acts — which could only be properly developed and presented after those admissions were generated through Wilson's procedural default **and** after Plaintiffs accumulated the additional enterprise evidence — including but not limited to --- Personnel Cabinet KHRIS payroll records regarding fraud — official court assignment timestamps regarding fraud — and authenticated audio recordings regarding fraud --- that establish the pattern of racketeering activity required by 18 U.S.C. §1961(5) and §1961 through §1964(c). Plaintiffs incorporate by reference in full detail--paragraphs 2631A through 2631M. Court employees have fraudulently attempted to deceive Plaintiff through phone and internet phone interstate communications --- audio recorded and transcribed. Plaintiff asserts many documented electronic communications notifying judges and court employees that Plaintiff was being targeted in Washington State. Plaintiffs also incorporate by reference in full detail PX-129, PX-136, PX-158. PX-159, PX-160, PX-48, PX-49, PX-129 through PX-133, PX-136, PX-137 through PX-154, PX-143 --- supports the fraud and also supports the fraudulent effective destruction of records related to Eric Haner, Susan Gibson, and others.

1965. The **foregoing constitutes Plaintiffs' short and plain statement of this claim for relief** in compliance with Fed. R. Civ. P. 8(a)(2).

1966. Additionally, The Defendant's **legally binding and conclusive, judicially admitted participation in forged legal documents/instruments** has resulted in **continuous**, unlawful **tortious interference** with Trustee Edward Colgate's administration of **The Colgate Family Living Trust dated January 29, 2020,** with **each day since March 1, 2020**, constituting a **new act of fraudulent obstruction** and fiduciary harm/injury. This Claim for Relief is pled under a continuing tort doctrine, as Defendant's obstruction of Trustee Edward Colgate's fiduciary duties and Trustee recovery rights under the Trust constitutes an ongoing violation, with each day **renewing** the harm/injury and **tolling** all applicable statutes of limitation. Additionally, **each day that Defendant refuses and fails to report her own elder abuse and tortious fiduciary interference under KRS 209.030 constitutes a new statutory violation**, which further **renews** and **tolls** all relevant statutes of limitation under Kentucky and federal law.

1967. Each day that Judge Morris's and other judges' **fraudulent felony accusations remain embedded in void ab initio orders** constitutes a continuing denial of all Kentucky court access and systemic obstruction of justice in violation of 42 U.S.C. §§ 1983 and 1985(2)-(3), and the First, Seventh, and Fourteenth Amendments. Their collective refusal to report their own and each other's illegal or fraudulent actions under **KRS 26A.080 and KRS 209.030** perpetuates retaliatory elder abuse under **KRS 209.050, renewing** the constitutional and statutory harm/injury daily and **tolling all applicable statutes of limitation** under the continuing tort doctrine.

1968. **No state or federal court in the United States has ever attempted to bar, obstruct, or deny a civil plaintiff from all court access across an entire state by fraudulently accusing**

**them of felonies.** The absurdity and illegality of such an act is so blatant that it has never heen attempted by any judge in any jurisdiction. Adding to the absurdity and illegality is the fact that the Defendant had not been legally served yet. Jefferson Circuit Court is the first to attempt this type of illegal act or fraud, which is retaliatory under KRS 209.050, KRS 209.030, KRS 209.990, KRS 26A.015(2), and is an attempt to intimidate and tamper with a witness, which is also a violation of 42 U.S.C. §§ 1983 and 1985(2)-(3).

**CLAIM FOR RELIEF LXXXVI**--(Also a Count and Cause of Action) — **Defendant's Complicity and Conspiracy in Retaliating against a Witness and Victim, in Violation of 18 U.S.C. § 1513(b)-(d)-(f)-(g), a Predicate RICO Act under 18 U.S.C. §§ 1961–1964(c) (Racketeer Influenced and Corrupt Organizations Act), Constituting a predicate offense under 18 U.S.C. § 1961(1)(B), forming part of a pattern of racketeering activity actionable under 18 U.S.C. § 1962(d), and is actionable under 18 U.S.C. § 1964(c) for civil remedies and threefold the damages** --- Through Defendant's Complicity and Conspiracy With One or More Judges (without jurisdiction) — the Elected Jefferson Circuit Court Clerk --- Jefferson Circuit Court Clerk's Office Employees - Administrative Office of the Courts Employees — Court Administrators --- Staff Attorneys --- Acting Under Color of State Law --- and Through Defendant's Complicity and Conspiracy With Private Citizens and Entities - - Individually or in Any Combination --- **Regarding Damages Caused by Defendant's Complicity and Conspiracy in False and Fraudulent Retaliatory Felony Accusations** of unauthorized practice of law ---**Denying/Obstructing/Depriving All Kentucky Court Access to Plaintiffs --- Connected with KRS 209.050, KRS 209.030, KRS 524.050, KRS 524.100, and KRS 502.020; in Furtherance of Elder Abuse, Financial Exploitation under KRS 209.020(9) and KRS 209.990; Connected with Obstruction of Justice; Connected with Obstruction of Plaintiff's**


Edward Colgate 22023 SE Wax Rd., Box 1452, Maple Valley, WA 98038, King Co.

**Fiduciary Duties, Rights, and Recovery; Connected with All Claims for Relief herein; Connected with Deprivation and Obstruction of Civil Rights under 42 U.S.C. §§ 1983, 1985(2)-(3), the First, Seventh, and Fourteenth Amendments, and the Supremacy Clause, Art. VI, Cl. 2;** Supported by Rankin v. Howard, 633 F. 2d 844 (9th Circuit 1980) and US v. Dugan; Actionable under all aforementioned federal and state laws and under KRS 209.030(2), KRS 209.020, **KRS 446.070**, KRS 386B.8-010, KRS 386B.1-010(1), KRS 386B.8-180(1)(a), KRS 386B.4-100, FRCP 17(a)(1)(E), KRS 457.350(1)-(2), 28 U.S.C. § 1367(a), 28 U.S.C. § 1331, 28 U.S.C. § 1343; and **under all claims for relief herein this complaint**; And under **Legally Binding and Conclusive** Judicial Admissions of Liability and Damages pursuant to CR 8.04, 28 U.S.C. § 1367(a); (Conspiracy and Complicity with Full Liability); Causing/enabling Harm/Injury/ unjust enrichment.

1969. Plaintiffs reassert and incorporate by reference in full detail all of Section XII: Master Comprehensive Incorporation of Exhibits, Evidentiary Foundation, Jurisdictional Foundation, Record of Judicial Misconduct, Systemic Civil Rights Obstruction, Denial of All Access to All Kentucky Courts, Constitutional and Federal Enforcement Framework, the Supremacy Clause (Art. VI, Cl. 2), and all preceding paragraphs as though fully restated and fully set forth herein this claim for relief/relief entitled to-sought-demanded. Plaintiffs further assert all of the following:

**Plaintiffs hereby assert the following "Short and Plain Statement" (Fed. R. Civ. P. 8(a)(2)):**

1970. Plaintiffs reassert and incorporate by reference in full detail all prior paragraphs, including all facts, all statutory violations, and all legally binding and conclusive judicial admissions of liability and damages in Kentucky State case 25-CI-001371 against Susan Wilson. See PX-51, PX-55, PX-56.

1971. Plaintiffs reassert and incorporate by reference in full detail all legally binding and conclusive judicial admissions of liability and damages in cases 25-CI-001371, 25-CI-001568, 25-CI-001795, 25-CI-001796, 25-CI-001121, with cases 25-CI-001568, 25-CI-001795, 25-CI-001796, 25-CI-001121 **facially fully supporting case 25-CI-001371 (Refer to PX-51 through PX-62 and PX-96, PX-95)**, as though fully restated and fully set forth herein this claim for relief/relief entitled to-sought-demanded.

1972. **Legal Integration:** In addition to **Supplemental jurisdiction previously applied to Claim for Relief LXII** under **KRS 209.050** and **28 U.S.C. § 1367(a) --- Claim for Relief LXXXVI --- including a RICO claim for relief --- independently states** a **federal claim for relief** --- Defendant's Complicity and Conspiracy in Retaliating against a Witness and Victim, in Violation of 18 U.S.C. § 1513(b)-(d)-(f)-(g), a Predicate RICO Act under 18 U.S.C. §§ 1961–1964(c) (Racketeer Influenced and Corrupt Organizations Act), Constituting a predicate offense under 18 U.S.C. § 1961(1)(B), forming part of a pattern of racketeering activity actionable under 18 U.S.C. § 1962(d), and is actionable under 18 U.S.C. § 1964(c) for civil remedies and threefold the damages --- Through Defendant's Complicity and Conspiracy With One or More Judges (without jurisdiction) — the Elected Jefferson Circuit Court Clerk — Jefferson Circuit Court Clerk's Office Employees — Administrative Office of the Courts Employees — Court Administrators — Staff Attorneys — Acting Under Color of State Law --- and Through Defendant's Complicity and Conspiracy With Private Citizens and Entities — Individually or in Any Combination --- Regarding Damages Caused by Defendant's Complicity and Conspiracy in False and Fraudulent Retaliatory Felony Accusations of unauthorized practice of law, Denying/Obstructing/Depriving All Kentucky Court Access to Plaintiffs --- Connected with KRS 209.050, KRS 209.030, KRS 524.050, KRS 524.100, and KRS 502.020; in Furtherance of Elder

Abuse, Financial Exploitation under KRS 209.020(9) and KRS 209.990; **Connected with All Claims for Relief herein;** Connected with Obstruction of Justice; Connected with Obstruction of Plaintiff's Fiduciary Duties, Rights, and Recovery; Connected with Deprivation and Obstruction of Civil Rights under 42 U.S.C. §§ 1983, 1985(2)-(3), the First, Seventh, and Fourteenth Amendments, and the Supremacy Clause, Art. VI, Cl. 2; Supported by Rankin v. Howard, 633 F.2d 844 (9th Circuit 1980) and US v. Dugan; Actionable under all aforementioned federal and state laws and under KRS 209.030(2), KRS 209.020, **KRS 446.070**, KRS 386B.8-010, KRS 386B.1-010(1), KRS 386B.8-180(1)(a), KRS 386B.4-100, FRCP 17(a)(1)(E), KRS 457.350(1)-(2), 28 U.S.C. § 1367(a), 28 U.S.C. § 1331, 28 U.S.C. § 1343; and **under all claims for relief herein this complaint**; And under **Legally Binding and Conclusive** Judicial Admissions of Liability and Damages pursuant to CR 8.04, 28 U.S.C. § 1367(a); (Conspiracy and Complicity with Full Liability); Causing/enabling Harm/Injury/unjust enrichment. **Claim for Relief LXXXVI** incorporates**, in part,** the same set of facts, harms/injuries, and legally binding and conclusive judicial admissions now as a basis for federal relief, including but not limited to punitive damages. Plaintiffs incorporate by reference in full detail **Sections XVIII, XIX, XXXVI, XXVI, XXX, XXXII, XXVIII, XXIX, XXXI, XXXV, XXVII, XXXVII, PX-63 through PX-87,** PX-42 through PX-49, PX-108, all 167 Exhibits, and the **First through the Fourteenth FRE 201 Judicial Notices** of judicially **noticed adjudicative facts,** which include approximately **1,044 total adjudicative facts,** including approximately **322 adjudicative facts** supporting **jurisdiction** in the U.S. District Court for the Western District of Washington; **FRE 201 Adjudicative Facts in Judicial NOTICES --- 2 through 8, 10, and 12 --- fully support jurisdiction.** All aforementioned incorporations provide **100% certainty** of fraudulently assigned judges and fraudulently assigned case numbers --- prior to the legal filings

by Plaintiffs of all 10 of their year-2025 cases --- with all 10 cases being illegally and fraudulently filed and processed by a non-existent/ non-payroll name in year-2025 --- which did not generate a legal random judge assignment and which did not generate a legal case number assignment --- and thereby provides 100% certainty that Kentucky judges NEVER had jurisdiction and NEVER will have jurisdiction. Plaintiffs assert Rankin v. Howard, 633 F. 2d 844 (9th Circuit 1980) and United States v. Dugan, 2:25-cr-00089 (E.D. Wis. 2025) regarding judges without jurisdiction. Plaintiffs also incorporate by reference in full detail **Section XXXIX** and the **Twelfth FRE 201 NOTICE --- regarding interstate transfers.**

1973. Defendant Wilson has **legally binding and conclusive judicial admissions of Forgery/Complicity in Forgery** with full liability regarding legal documents dated on or near 3-4-2020, and later, including but not limited to a power of attorney document, a trust revocation document, a Will, and/or a document fraudulently removing Doris Colgate's real estate, located at 410 Wisteria Avenue, Jefferson County, from the Trust.

1974. Pursuant to **18 U.S.C. § 1513,** Defendant Susan Wilson was complicit in and conspired in perpetrating the following: **18 U.S.C. § 1513 –Retaliating** against a witness, victim,---**(b)** Whoever (Susan Wilson) knowingly engages in any conduct and thereby damages the tangible property of another person, or threatens to do so, with intent to retaliate against any person for-- **(1)** the attendance of a witness or party at an official proceeding, or any testimony given **or any record, document, or other object produced by a witness in an official proceeding**---- (**Defendant** retaliated against Doris Colgate by inducing Doris Colgate to commit perjury); or **(2)** any information relating to the commission or possible commission of a Federal offense or attempts to do so (**Defendant** attempted to retaliate against Edward Colgate); **(d)** There is extraterritorial Federal jurisdiction over an offense under this section; **(f)** Whoever **(Defendant**

Susan Wilson) conspires to commit any offense under this section shall be subject to the **same penalties as those prescribed for the offense** the commission of which was the object of the conspiracy. **(d)**-There is extraterritorial Federal jurisdiction over an offense under this section. In addition, Judge Patricia Morris and other judges retaliated against Doris Colgate and Edward Colgate for elder abuse reporting and other reporting of illegal actions by obstructing recovery through fraudulent felony accusations of "unauthorized practice of law." Plaintiffs incorporate by reference in full detail all of the following Claims for Relief ---**LXII, LXIII, LXIV, LXV, LXVI, LXVII,** and incorporate by reference in full detail all of **Section XII.** Plaintiffs were obstructed by Judge Morris—Plaintiffs were **never legally served** any orders by Judge Morris, who NEVER had jurisdiction and never will have jurisdiction --- and Plaintiffs were **never legally served** any orders by any other judges, who never had jurisdiction and never will have jurisdiction --- in all 11 of Plaintiffs' cases. In addition, Judge Morris, without jurisdiction, cited an illegal method of service of orders to Plaintiffs, citing electronic. Plaintiffs have **no electronic access** to orders. Furthermore, hundreds of pages of Plaintiffs' filings/records were effectively destroyed by other judges and/or their offices and/or the Court Clerk's Office and/or the court administrators. And there has **never been any proof of time and manner** of legal service to Plaintiffs by Jefferson Circuit Court, in continuous violation of Ky. **CR 5.03**, CR 5.02, CR 5.01, CR 30A.080, CR 77.04.

1975. Defendant Susan Wilson was and is complicit and conspired in a scheme with Judge Patricia Morris, whereby Judge Morris weaponized a **knowingly false and fraudulent felony accusation** of "unauthorized practice of law" against pro se Plaintiffs—who were acting lawfully under KRS 209.030(2) and as a fiduciary under valid Trust and POA instruments—in order to deny Plaintiffs all access to all Kentucky courts and to **obstruct/deprive elder abuse**

**recovery. Patricia Morris's fraudulent felony accusation is also proven by Defendant Susan Wilson's legally binding and conclusive judicial admissions of Plaintiffs' legal standing, Defendant's liability, and Defendant's damages.** See **PX-12, PX-51, PX-55, PX-56.**

1976. This denial was executed **without jurisdiction**, violated Plaintiffs' constitutional rights and statutory rights, and directly benefited Defendant, who remained **unjustly enriched** as a result. The fraudulent accusation by Judge Morris occurred **19 days prior** to Defendant Wilson being legally served by the Jefferson County Sheriff. When filing the Complaint, Plaintiffs paid the mandatory $60 fee directly to the Jefferson Circuit Court Clerk to have legal service by the Sheriff executed immediately.

1977. The timing and coordination of this judicial obstruction before lawful service—despite the court's active role in facilitating Wilson's service—demonstrates an **ultra vires abuse** of office by Morris to shield Wilson from litigation and to obstruct and block all statutory recovery.

1978. Direct communication between Wilson and Morris does **not** need to be proven to establish complicity under KRS 502.020 and conspiracy under 42 U.S.C. § 1985(2)-(3) . The judicial act of denying Plaintiffs all court access functioned as **an overt act in furtherance of a shared unlawful objective** to obstruct justice and to illegally protect Wilson from liability, in violation of 42 U.S.C. §§ 1983, 1985(2)-(3) and in Violation of the First, Seventh, and Fourteenth Amendments, and the Supremacy Clause, Art. VI, Cl. 2.

1979. Plaintiffs incorporate by reference in full detail Defendant's legally binding and conclusive judicial admissions of liability in Kentucky Case No. 25-CI-001371 pursuant to CR 8.04 and 28 U.S.C. § 1367(a).

1980. Susan Wilson was/is **complicit** with and **conspired** with judge Morris or Patricia Morris, who was/is **acting in the absence of jurisdiction.** See Rankin v. Howard, 633 F. 2d 844 (9th

Circuit 1980) and US v. Dugan; Also refer to all details in SECTION XII for evidence against Morris, and also for evidence of **systemic corruption.**

1981. **RICO Enterprise, Treble Damages, and Justification for Enhanced Punitive Relief:** Plaintiffs further assert that all aforementioned and all following deprivations—spanning judicial misconduct, fraudulent felony threats, illegal case assignments, obstruction of all court access in Kentucky, statutory rewriting by judges without jurisdiction, destruction and concealment of records, systemic obstruction and denial of appellate review, and coordinated retaliation against protected elder-abuse reporting constitute racketeering activity actionable under the Racketeer Influenced and Corrupt Organizations Act **(RICO), 18 U.S.C. §§ 1961–1964.** Under **18 U.S.C. § 1961(4), the term "enterprise" includes "any group of individuals associated in fact although not a legal entity," which in this case plainly encompasses the coordinated network of public officials, judges, attorneys, public employees, and private actors who conspired to defraud and obstruct Plaintiffs' recovery.** Under **18 U.S.C. § 1962**: A person is liable when they **participate,** directly or **"indirectly"** in the illegal misconduct. This RICO enterprise engaged in repeated acts of wire fraud, securities fraud, identity fraud, mail fraud, laundering of monetary instruments, and obstruction of justice, obstruction of elder abuse recovery and other recovery—all targeting a federally protected party (the reporting fiduciary and caregiver of a vulnerable adult) acting from Washington State. The attack and targeting of Plaintiff in Washington State is a direct attack and targeting of the assets of the abused elder herself, Doris Colgate. The attack and targeting of Plaintiff in Washington State is a direct attack and targeting of the assets of the abused elder herself, Doris Colgate. **Civil relief/remedies** are provided under 18 U.S.C. § 1964. This constitutes a separate and distinct predicate act under 18 U.S.C. § 1513(b)-(d)-(f)-(g), in furtherance of the racketeering enterprise under 18 U.S.C. §

1961(1)(B). Plaintiffs assert and incorporate by reference in full the following regarding the **broad definition of an associated-in-fact enterprise --- in support of Plaintiffs' RICO Claims for Relief: Odom v. Microsoft Corp., 486 F. 3d 541 - Court of Appeals, 9th Circuit 2007 and United States v. Turkette, 452 US 576 - Supreme Court 1981 in Section XX.** 1982. Plaintiffs accordingly respectfully demand immediate entry of judgment as to liability and a corresponding award of **$540,185.41** in special damages — admitted as a sum-certain through Wilson's CR 8.04 default in Kentucky case 25-CI-001371 --- and independently confirmed through four additional defendants' CR 8.04 defaults across four supporting Kentucky cases based on a --- Retaliating Against a Witness and Victim predicate act under 18 U.S.C. § 1513(b)-(d)-(f)-(g) — **mandating treble damages of $1,620,556.23** pursuant to 18 U.S.C. §§ 1961---1964(c) — which shall be trebled as a matter of law upon entry of judgment on this claim --- and dividends and interest defrauded from Doris --- also admitted by Wilson and four additional defendants through CR 8.04 admissions --- and general damages and punitive damages. Plaintiffs assert the additional aforementioned --- approximated **$79,000 in damages --- for this claim for relief and 3 times treble damages** pursuant to 18 U.S.C. §§ 1961–1964(c). Plaintiffs assert: The **Defendant's complicity in and conspiracy in elder abuse** (both **financial and physical harm and injury) of Doris Colgate---by Susan Wilson,** Lori Fox, Michelle Burkhead, Cristal Fox, Ray Wilson, Jude McConnell, Florence Bisig, Julie Bisig, Jeanette/Jenette/Janette Bisig, Paul Kevin Ford, and others cited above---**mandates reporting of elder abuse under KRS 209.030(2).** The damages and relief sought/demanded here must also include the following: Plaintiffs incorporate by reference in full detail the damages and the relief dollar amounts cited in Claims for Relief **V, VI, LXXXIX, XCVI, XCVII** --- based on the conspiracy in obstructing Plaintiffs' recovery --- and shall include 3 times treble damages. Plaintiffs assert their right to

bring **RICO** claims under 18 U.S.C. §§1961 through 1964(c) in this federal complaint — claims that were not and could not have been brought in the Kentucky state court proceedings — for the following simultaneous and independent reasons. **First** — Kentucky state courts lack jurisdiction to adjudicate civil RICO claims under 18 U.S.C. §1964(c) because civil RICO is a federal statutory cause of action arising under federal law — conferring exclusive or primary jurisdiction on federal district courts — making the Western District of Washington the first court with authority to adjudicate these claims. **Second** — the RICO pattern of racketeering activity — including but not limited to --- the wire fraud predicates under 18 U.S.C. §1343 arising from the interstate annuity and securities liquidations directed at financial institutions headquartered in Alabama — Iowa — Indiana North Carolina — and Illinois — the laundering of monetary instruments predicates under 18 U.S.C. §1956 arising from the subsequent transfer and use of fraudulently obtained proceeds — and the securities fraud predicates under 18 U.S.C. §1348 — were pleaded as Kentucky state law violations in the state complaint under annuity fraud and under the state securities statute --- and are now additionally characterized as federal RICO predicate acts — which is a separate and additional federal layer of liability arising from the same admitted misconduct — not a new or inconsistent theory. **Third** — Wilson's CR 8.04 legally binding and conclusive admissions across five Kentucky cases — establishing --- including but not limited to --- the underlying annuity fraud — securities fraud — forgery — elder abuse — as admitted adjudicative facts — constitute the evidentiary foundation for the RICO predicate acts — which could only be properly developed and presented after those admissions were generated through Wilson's procedural default **and** after Plaintiffs accumulated the additional enterprise evidence — including but not limited to --- Personnel Cabinet KHRIS payroll records regarding fraud — official court assignment timestamps regarding fraud — and

authenticated audio recordings regarding fraud --- that establish the pattern of racketeering activity required by 18 U.S.C. §1961(5) and §1961 through §1964(c). Plaintiffs incorporate by reference in full detail--paragraphs 2631A through 2631M. Court employees have fraudulently attempted to deceive Plaintiff through phone and internet phone interstate communications --- audio recorded and transcribed. Plaintiff asserts many documented electronic communications notifying judges and court employees that Plaintiff was being targeted in Washington State. Plaintiffs also incorporate by reference in full detail PX-129, PX-136, PX-158, PX-159, PX-160, PX-48, PX-49, PX-129 through PX-133, PX-136, PX-137 through PX-154, PX-143 --- supports the fraud and also supports the fraudulent effective destruction of records related to Eric Haner, Susan Gibson, and others.

1983. The **foregoing constitutes Plaintiffs' short and plain statement of this claim for relief** in compliance with Fed. R. Civ. P. 8(a)(2).

1984. Additionally, The Defendant's **legally binding and conclusive, judicially admitted participation in forged legal documents/instruments** has resulted in **continuous**, unlawful **tortious interference** with Trustee Edward Colgate's administration of **The Colgate Family Living Trust dated January 29, 2020,** with **each day since March 1, 2020**, constituting a **new act of fraudulent obstruction** and fiduciary harm/injury. This Claim for Relief is pled under a continuing tort doctrine, as Defendant's obstruction of Trustee Edward Colgate's fiduciary duties and Trustee recovery rights under the Trust constitutes an ongoing violation, with each day **renewing** the harm/injury and **tolling** all applicable statutes of limitation. Additionally, **each day that Defendant refuses and fails to report her own elder abuse and tortious fiduciary interference under KRS 209.030 constitutes a new statutory violation**, which further **renews** and **tolls** all relevant statutes of limitation under Kentucky and federal law.

1985. Each day that Judge Morris's and other judges' **fraudulent felony accusations remain embedded in void ab initio orders** constitutes a continuing denial of all Kentucky court access and systemic obstruction of justice in violation of 42 U.S.C. §§ 1983 and 1985(2)-(3), and the First, Seventh, and Fourteenth Amendments. Their collective refusal to report their own and each other's illegal or fraudulent actions under **KRS 26A.080 and KRS 209.030** perpetuates retaliatory elder abuse under **KRS 209.050, renewing** the constitutional and statutory harm/injury daily and **tolling all applicable statutes of limitation** under the continuing tort doctrine.

1986. **No state or federal court in the United States has ever attempted to bar, obstruct, or deny a civil plaintiff from all court access across an entire state by fraudulently accusing them of felonies.** The absurdity and illegality of such an act is so blatant that it has never been attempted by any judge in any jurisdiction. Adding to the absurdity and illegality is the fact that the Defendant had not been legally served yet. Jefferson Circuit Court is the first to attempt this type of illegal act or fraud, which is retaliatory under KRS 209.050, KRS 209.030, KRS 209.990, KRS 26A.015(2), and is an attempt to intimidate and tamper with a witness, which is also a violation of KRS 524.050, 42 U.S.C. §§ 1983 and 1985(2)-(3).

**CLAIM FOR RELIEF LXXXVII**--(Also a Count and Cause of Action) — Defendant's **Complicity and Conspiracy in Laundering of Monetary Instruments and Monetary Transactions Involving Criminally Derived Property (Doris Colgate's Property) in Violation of 18 U.S.C. § 1957--(Engaging in monetary transactions in property derived from specified unlawful activity), Constituting a Predicate Act under RICO—18 U.S.C. §§ 1961–1964(c) (Racketeer Influenced and Corrupt Organizations Act), Constituting a predicate offense under 18 U.S.C. § 1961(1)(B), forming part of a pattern of racketeering**

**activity actionable under 18 U.S.C. § 1962(d), and is actionable under 18 U.S.C. § 1964(c) for civil remedies and threefold the damages** --- Through Defendant's Complicity and Conspiracy With One or More Judges (without jurisdiction) -- the Elected Jefferson Circuit Court Clerk — Jefferson Circuit Court Clerk's Office Employees — Administrative Office of the Courts Employees — Court Administrators --- Staff Attorneys --- Acting Under Color of State Law --- and Through Defendant's Complicity and Conspiracy With Private Citizens and Entities — Individually or in Any Combination --- **Connected with KRS 209.020(9), KRS 209.990, KRS 502.020, KRS 446.070; in Furtherance of Elder Abuse, Financial Exploitation under KRS 209.020(9) and KRS 209.990, Regarding Doris Colgate's Criminally Derived Property; Connected with Obstruction of Plaintiff's Fiduciary Duties, Rights, and Recovery; Connected with Deprivation and Obstruction of Civil Rights under 42 U.S.C. §§ 1983, 1985(2)-(3), the First, Seventh, and Fourteenth Amendments, and the Supremacy Clause, Art. VI, Cl. 2;** Supported by Rankin v. Howard, 633 F. 2d 844 (9th Circuit 1980) and US v. Dugan; Actionable under all aforementioned federal and state laws and under KRS 209.030(2), KRS 209.020, KRS 209.050, KRS 446.070, KRS 386B.8-010, KRS 386B.1-010(1), KRS 386B.8-180(1)(a), KRS 386B.4-100, FRCP 17(a)(1)(E), KRS 457.350(1)-(2), 28 U.S.C. § 1367(a), 28 U.S.C. § 1331, 28 U.S.C. § 1343; And under **Legally Binding and Conclusive** Judicial Admissions of Liability and Damages pursuant to CR 8.04, 28 U.S.C. § 1367(a); (Conspiracy and Complicity with Full Liability); Causing/enabling Harm/injury/unjust enrichment.

1987. Plaintiffs reassert and incorporate by reference in full detail all of Section XII: Master Comprehensive Incorporation of Exhibits, Evidentiary Foundation, Jurisdictional Foundation, Record of Judicial Misconduct, Systemic Civil Rights Obstruction, Denial of All Access to All

Kentucky Courts, Constitutional and Federal Enforcement Framework, tbe Supremacy Clause (Art. VI, Cl. 2), and all preceding paragraphs as though fully restated and fully set forth herein this claim for relief/relief entitled to-sought-demanded. Plaintiffs further assert all of the following:

**Plaintiffs hereby assert the following "Short and Plain Statement" (Fed. R. Civ. P. 8(a)(2)):**

1988. Plaintiffs reassert and incorporate by reference in full detail all prior paragraphs, **all paragraphs in Claim for Relief I herein, including the real estate fraud,** including all facts, all statutory violations, and all legally binding and conclusive judicial **admissions of liability and damages in Claim for Relief I.**

1989. Plaintiffs reassert and incorporate by reference in full detail all legally binding and conclusive judicial admissions of liability and damages in cases 25-CI-001371, 25-CI-001568, 25-CI-001795, 25-CI-001796, 25-CI-001121, with cases 25-CI-001568, 25-CI-001795, 25-CI-001796, 25-CI-001121 **facially fully supporting case 25-CI-001371 (Refer to PX-51 through PX-62 and PX-96, PX-95)**, as though fully restated and fully set forth herein this claim for relief/relief entitled to-sought-demanded.

1990. **Legal Integration:** In additional to the previous application of **supplemental jurisdiction** under **28 U.S.C. § 1367(a) for Claim for Relief I --- Claim for Relief LXXXVII independently states** a **federal claim for relief --- including a RICO claim for relief** --- Defendant's Complicity and Conspiracy in Laundering of Monetary Instruments and Monetary Transactions Involving Criminally Derived Property (Doris Colgate's Property) in Violation of 18 U.S.C. § 1957--(Engaging in monetary transactions in property derived from specified unlawful activity), Constituting a Predicate Act under RICO—18 U.S.C. §§ 1961–1964(c) (Racketeer Influenced and Corrupt Organizations Act), Constituting a predicate offense under 18


Edward Colgate 22023 SE Wax Rd., Box 1452, Maple Valley, WA 98038, King Co.

U.S.C. § 1961(1)(B), forming part of a pattern of racketeering activity actionable under 18 U.S.C. § 1962(d), and is actionable under 18 U.S.C. § 1964(c) for civil remedies and threefold the damages --- Through Defendant's Complicity and Conspiracy With One or More Judges (without jurisdiction) — the Elected Jefferson Circuit Court Clerk — Jefferson Circuit Court Clerk's Office Employees — Administrative Office of the Courts Employees -- Court Administrators — Staff Attorneys — Acting Under Color of State Law --- and Through Defendant's Complicity and Conspiracy With Private Citizens and Entities — Individually or in Any Combination --- Connected with KRS 209.020(9), KRS 209.990, KRS 502.020, KRS 446.070; in Furtherance of Elder Abuse, Financial Exploitation under KRS 209.020(9) and KRS 209.990, Regarding Doris Colgate's Criminally Derived Property; Connected with Obstruction of Plaintiff's Fiduciary Duties, Rights, and Recovery; Connected with Deprivation and Obstruction of Civil Rights under 42 U.S.C. §§ 1983, 1985(2)-(3), the First, Seventh, and Fourteenth Amendments, and the Supremacy Clause, Art. VI, Cl. 2; Supported by Rankin v. Howard, 633 F. 2d 844 (9th Circuit 1980) and US v. Dugan; Actionable under all aforementioned federal and state laws and under KRS 209.030(2), KRS 209.020, KRS 209.050, KRS 446.070, KRS 386B.8-010, KRS 386B.1-010(1), KRS 386B.8-180(1)(a), KRS 386B.4-100, FRCP 17(a)(1)(E), KRS 457.350(1)-(2), 28 U.S.C. § 1367(a), 28 U.S.C. § 1331, 28 U.S.C. § 1343; And under **Legally Binding and Conclusive** Judicial Admissions of Liability and Damages pursuant to CR 8.04, 28 U.S.C. § 1367(a); (Conspiracy and Complicity with Full Liability); Causing/enabling Harm/Injury/unjust enrichment. **Claim for Relief LXXXVII** incorporates, **in part,** the same set of facts, harms/injuries, and legally binding and conclusive judicial admissions now as a basis for federal relief, including but not limited to punitive damages. Plaintiffs incorporate by reference in full detail **Sections XVIII, XIX, XXXVI, XXVI,**

**XXX, XXXII, XXVIII, XXIX, XXXI, XXXV, XXVII, XXXVII, PX-63 through PX-87,** PX-42 through PX-49, PX-108, all 167 Exhibits, and the **First through the Fourteenth FRE 201 Judicial Notices** of judicially **noticed adjudicative facts,** which include approximately **1,044 total adjudicative facts,** including approximately **322 adjudicative facts** supporting **jurisdiction** in the U.S. District Court for the Western District of Washington; **FRE 201 Adjudicative Facts in Judicial NOTICES --- 2 through 8, 10, and 12 --- fully support jurisdiction.** All aforementioned incorporations provide **100% certainty** of fraudulently assigned judges and fraudulently assigned case numbers --- prior to the legal filings by Plaintiffs of all 10 of their year-2025 cases --- with all 10 cases being illegally and fraudulently filed and processed by a non-existent/ non-payroll name in year-2025 --- which did not generate a legal random judge assignment and which did not generate a legal case number assignment --- and thereby provides 100% certainty that Kentucky judges NEVER had jurisdiction and NEVER will have jurisdiction. Plaintiffs assert Rankin v. Howard, 633 F. 2d 844 (9th Circuit 1980) and United States v. Dugan, 2:25-cr-00089 (E.D. Wis. 2025) regarding judges without jurisdiction. Plaintiffs also incorporate by reference in full detail **Section XXXIX** and the **Twelfth FRE 201 NOTICE --- regarding interstate transfers.**

1991. Defendant Wilson has **legally binding and conclusive judicial admissions of Forgery/Complicity in Forgery** with full liability regarding legal documents dated on or near 3-4-2020, and later, including but not limited to a power of attorney document, a trust revocation document, a Will, and/or a document fraudulently removing Doris Colgate's real estate, located at 410 Wisteria Avenue, Jefferson County, from the Trust.

1992. Defendant Susan Wilson was and is complicit in and **conspired in** a scheme with Judge Patricia Morris, whereby Judge Morris weaponized a **knowingly false and fraudulent felony**

**accusation** of "unauthorized practice of law" against pro se Plaintiffs—who were acting lawfully under KRS 209.030(2) and as a fiduciary under valid Trust and POA instruments—in order to deny Plaintiffs all access to all Kentucky courts and to **obstruct elder abuse recovery. Patricia Morris's fraudulent felony accusation is also proven by Defendant Susan Wilson's legally binding and conclusive judicial admissions of Plaintiffs' legal standing, Defendant's liability, and Defendant's damages.** See **PX-12, PX-51, PX-55, PX-56.**

1993. This denial was executed **without jurisdiction**, violated Plaintiffs' constitutional rights and statutory rights, and directly benefited Defendant, who remained **unjustly enriched** as a result. The fraudulent accusation by Judge Morris occurred **19 days prior** to Defendant Wilson being legally served by the Jefferson County Sheriff. When filing the Complaint, Plaintiffs paid the mandatory $60 fee directly to the Jefferson Circuit Court Clerk to have legal service by the Sheriff executed immediately.

1994. The timing and coordination of this judicial obstruction before lawful service—despite the court's active role in facilitating Wilson's service—demonstrates an **ultra vires abuse** of office by Morris to shield Wilson from litigation and to obstruct and block all statutory recovery.

1995. Direct communication between Wilson and Morris does **not** need to be proven to establish complicity under KRS 502.020 and conspiracy under 18 U.S.C. § 1349--RICO and 42 U.S.C. § 1985(2)-(3) . The judicial act of denying Plaintiffs all court access functioned as **an overt act in furtherance of a shared unlawful objective** to obstruct justice and to illegally protect Wilson from liability, in violation of 42 U.S.C. §§ 1983, 1985(2)-(3) and in Violation of the First, Seventh, and Fourteenth Amendments, 18 U.S.C. § 1349, and the Supremacy Clause, (Art. VI, Cl. 2).

1996. Plaintiffs incorporate by reference in full detail all liability for **similar "Claim for Relief I." Claim for Relief I** is legally binding and conclusive based on Defendant's judicial admissions of liability in Kentucky Case No. 25-CI-001371 pursuant to CR 8.04 and 28 U.S.C. § 1367(a). Plaintiffs further assert Defendant's violations of--**(RICO Predicate Act under 18 U.S.C. §1957) --- Laundering of Monetary Instruments and Monetary Transactions Involving Criminally Derived Property.**

1997. Susan Wilson was and is **complicit** with and **conspired** with judge Morris or Patricia Morris, who was and is **acting in the absence of jurisdiction.** See Rankin v. Howard, 633 F. 2d 844 (9th Circuit 1980) and US v. Dugan; Also refer to all details in SECTION XII for evidence against Morris, and also for evidence of **systemic corruption.**

1998. **RICO Enterprise, Treble Damages, and Justification for Enhanced Punitive Relief:** Plaintiffs further assert that all aforementioned and all following deprivations—spanning judicial misconduct, fraudulent felony threats, illegal case assignments, obstruction of all court access in Kentucky, statutory rewriting by judges without jurisdiction, destruction and concealment of records, systemic obstruction and denial of appellate review, and coordinated retaliation against protected elder-abuse reporting—constitute racketeering activity actionable under the Racketeer Influenced and Corrupt Organizations Act **(RICO), 18 U.S.C. §§ 1961–1964.** Under **18 U.S.C. § 1961(4), the term "enterprise" includes "any group of individuals associated in fact although not a legal entity," which in this case plainly encompasses the coordinated network of public officials, judges, attorneys, public employees, and private actors who conspired to defraud and obstruct Plaintiffs' recovery.** Under **18 U.S.C. § 1962**: A person is liable when they **participate,** directly or **"indirectly"** in the illegal misconduct. This RICO enterprise engaged in repeated acts of wire fraud, securities fraud, identity fraud, mail fraud,

laundering of monetary instruments, and obstruction of justice, obstruction of elder abuse recovery and other recovery---all targeting a federally protected party (the reporting fiduciary and caregiver of a vulnerable adult) acting from Washington State. The attack and targeting of Plaintiff in Washington State is a direct attack and targeting of the assets of the abused elder herself, Doris Colgate. The attack and targeting of Plaintiff in Washington State is a direct attack and targeting of the assets of the abused elder herself, Doris Colgate. **Civil relief/remedies** are provided under 18 U.S.C. § 1964. This constitutes a separate and distinct predicate act under 18 USC § 1957 in furtherance of the racketeering enterprise under 18 U.S.C. § 1961(1)(B). Plaintiffs assert and incorporate by reference in full the following regarding the **broad definition of an associated-in-fact enterprise --- in support of Plaintiffs' RICO Claims for Relief: Odom v. Microsoft Corp., 486 F. 3d 541 - Court of Appeals, 9th Circuit 2007 and United States v. Turkette, 452 US 576 - Supreme Court 1981 in Section XX.**

1999. Plaintiffs accordingly respectfully demand immediate entry of judgment as to liability and damages in the amount of $159,000 for Laundering of Monetary Instruments **and Monetary Transactions Involving Criminally Derived Property** --- regarding the real estate fraud—potentially more---based on discovery to verify if $141,000 out of the $300,000 list price was deposited to Doris Colgate's account---if not—damages amount to **$300,000** plus closing costs, interest lost, and additional fees, based on legally binding and conclusive judicially admitted liability and damages from case 25-CI-001371—See **verbatim** paragraph **#355, number 5, on Page 99 of said complaint—("5.** Entry of a Judgment for Wilson to repay **$159,000** for **Special monetary damages** to Doris Colgate, for the loss of sale proceeds from her Property in the amount of **$159,000, or more, if discovery determines $141,000 was not deposited** into Doris's account.")---and a corresponding award of **$540,185.41** --- admitted as a sum-certain

through Wilson's CR 8.04 default in Kentucky case 25-CI-001371 --- and independently confirmed through four additional defendants' CR 8.04 defaults across four supporting Kentucky cases · **mandating treble damages of $1,620,556.23** pursuant to 18 U.S.C. §§ 1961---1964(c) — which shall be trebled as a matter of law upon entry of judgment on this claim --- and dividends and interest defrauded from Doris and interest defrauded from Edward --- also admitted by Wilson and four additional defendants through CR 8.04 admissions --- and general damages and punitive damages. Plaintiffs assert the additional aforementioned --- approximated **$79,000 in damages --- for this claim for relief and 3 times treble damages** pursuant to 18 U.S.C. §§ 1961-1964(c). Plaintiffs assert: The **Defendant's complicity in and conspiracy in elder abuse** (both **financial and physical harm and injury) of Doris Colgate---by Susan Wilson,** Lori Fox, Michelle Burkhead, Cristal Fox, Ray Wilson, Jude McConnell, Florence Bisig, Julie Bisig, Jeanette/Jenette/Janette Bisig, Paul Kevin Ford, and others cited above--- **mandates reporting of elder abuse under KRS 209.030(2).** The damages and relief sought/demanded here must also include the following: Plaintiffs incorporate by reference in full detail the damages and the relief dollar amounts cited in Claims for Relief V, VI, LXXXIV, LXXXV, LXXXVI, **LXXXIX, XCVI, XCVII** --- based on the conspiracy in obstructing Plaintiffs' recovery --- and shall include 3 times treble damages. Plaintiffs further assert punitive damages of no less than 9 times and up to 40 times --- based on Defendant's legally binding and conclusive judicial admissions that her participation was intentional and malicious, and admitted that punitive damages against her would help deter such actions in the future. Plaintiffs assert their right to bring **RICO** claims under 18 U.S.C. §§1961 through 1964(c) in this federal complaint --- claims that were not and could not have been brought in the Kentucky state court proceedings — for the following simultaneous and independent reasons. **First** — Kentucky state

courts lack jurisdiction to adjudicate civil RICO claims under 18 U.S.C. §1964(c) because civil RICO is a federal statutory cause of action arising under federal law conferring exclusive or primary jurisdiction on federal district courts — making the Western District of Washington the first court with authority to adjudicate these claims. **Second** - – the RICO pattern of racketeering activity — including but not limited to --- the wire fraud predicates under 18 U.S.C. §1343 arising from the interstate annuity and securities liquidations directed at financial institutions headquartered in Alabama — Iowa — Indiana — North Carolina — and Illinois --- the laundering of monetary instruments predicates under 18 U.S.C. §1956 arising from tbe subsequent transfer and use of fraudulently obtained proceeds · and the securities fraud predicates under 18 U.S.C. §1348 — were pleaded as Kentucky state law violations in the state complaint under annuity fraud and under the state securities statute --- and the predicate acts under 18 U.S.C. §1349 --- and are now additionally characterized as federal RICO predicate acts ---- which is a separate and additional federal layer of liability arising from the same admitted misconduct — not a new or inconsistent theory. **Third** — Wilson's CR 8.04 legally binding and conclusive admissions across five Kentucky cases —- establishing --- including but not limited to --- the underlying annuity fraud — securities fraud — forgery — elder abuse — as admitted adjudicative facts ---- constitute the evidentiary foundation for the RICO predicate acts — which could only he properly developed and presented after those admissions were generated through Wilson's procedural default **and** after Plaintiffs accumulated the additional enterprise evidence --- including but not limited to --- Personnel Cabinet KHRIS payroll records regarding fraud — official court assignment timestamps regarding fraud — and authenticated audio recordings regarding fraud — that establish the pattern of racketeering activity required by 18 U.S.C. §1961(5) and §1961 tbrough §1964(c). Plaintiffs incorporate by reference in full detail--

paragraphs 2631A through 2631M. Court employees have fraudulently attempted to deceive Plaintiff through phone and internet phone interstate communications --- audio recorded and transcribed. Plaintiff asserts many documented electronic communications notifying judges and court employees that Plaintiff was being targeted in Washington State. Plaintiffs also incorporate by reference in full detail PX-129, PX-136, PX-158, PX-159, PX-160, PX-48, PX-49, PX-129 through PX-133, PX-136, PX-137 through PX-154, PX-143-for evidence of fraudulent effective destruction of records/fraud related to Eric Haner, Susan Gibson, others. Plaintiffs incorporate by reference in full detail Sections XLII, XLIII, and XXXIX, including damages and awards.

2000. The **foregoing constitutes Plaintiffs' short and plain statement of this claim for relief** in compliance with Fed. R. Civ. P. 8(a)(2).

2001. Additionally, The Defendant's **legally binding and conclusive, judicially admitted participation in forged legal documents/instruments** has resulted in **continuous**, unlawful **tortious interference** with Trustee Edward Colgate's administration of **The Colgate Family Living Trust dated January 29, 2020,** with **each day since March 1, 2020**, constituting a **new act of fraudulent obstruction** and fiduciary harm/injury. This Claim for Relief is pled under a continuing tort doctrine, as Defendant's obstruction of Trustee Edward Colgate's fiduciary duties and **Trustee recovery rights under the Trust constitutes an ongoing violation, with each day renewing** the harm/injury and tolling all applicable statutes of limitation. Additionally, **each day that Defendant refuses and fails to report her own elder abuse and tortious fiduciary interference under KRS 209.030 constitutes a new statutory violation**, which further tolls all relevant statutes of limitation under Kentucky and federal law.

2002. Each day that Judge Morris's and other judges' **fraudulent felony accusations remain embedded in void ab initio orders** constitutes a continuing denial of all Kentucky court access

and systemic obstruction of justice in violation of 42 U.S.C. §§ 1983 and 1985(2)-(3), and the First, Seventh, and Fourteenth Amendments. Their collective refusal to report their own and each other's illegal or fraudulent actions under **KRS 26A.080 and KRS 209.030** perpetuates retaliatory elder abuse under **KRS 209.050**, renewing the constitutional and statutory harm/injury daily and **tolling all applicable statutes of limitation** under the continuing tort doctrine.

2003. **No state or federal court in the United States has ever attempted to bar, obstruct, or deny a civil plaintiff from all court access across an entire state by fraudulently accusing them of felonies.** The absurdity and illegality of such an act is so blatant that it has never been attempted by any judge in any jurisdiction. Adding to the absurdity and illegality is the fact that the Defendant had not been legally served yet. Jefferson Circuit Court is the first to attempt this type of illegal act or fraud, which is retaliatory under KRS 209.050, KRS 209.030, KRS 209.990, KRS 26A.015(2), and is an attempt to intimidate and tamper with a witness, which is also a violation of 42 U.S.C. §§ 1983 and 1985(2)-(3).

**CLAIM FOR RELIEF LXXXVIII**--(Also a Count and Cause of Action) — Defendant's **Complicity and Conspiracy in violation of RICO Predicate Act 18 U.S.C. § 1503 --- Obstruction of Justice and Obstruction of Plaintiffs' Recovery and Defendant's Unjust Enrichment ---AND --- "Influencing Generally--or corruptly, or by threats or force, or by any threatening letter or communication, influences, obstructs, or impedes, or endeavors to influence, obstruct, or impede, the due administration of justice" --- under the Omnibus Clause of 18 U.S.C. § 1503 --- which includes chapter 73 (Obstruction of Justice) and Predicate RICO Acts under 18 U.S.C. § 1503, § 1512, § 1513 under 18 U.S.C. §§ 1961–1964(c) (Racketeer Influenced and Corrupt Organizations Act), Constituting a predicate**

**offense under 18 U.S.C. § 1961(1)(B), forming part of a pattern of racketeering activity actionable under 18 U.S.C. § 1962(d), and is actionable under 18 U.S.C. § 1964(c) for civil remedies and threefold the damages --- AND --- Defendaut's Obstruction of Justice and Obstruction of Plaintiffs' Recovery and Defendant's Unjust Enrichment**---Through Defendant's Complicity and Conspiracy With One or More Judges (without jurisdiction) — the Elected Jefferson Circuit Court Clerk — Jefferson Circuit Court Clerk's Office Employees — Administrative Office of the Courts Employees — Court Administrators — Staff Attorneys — Acting Under Color of State Law --- and Through Defendant's Complicity and Conspiracy With Private Citizens and Entities --- Individually or in Any Combination --- **Connected With All RICO Claims for Relief Herein (68 through 88) and Connected with Injury to Plaintiffs' Property --- Including Consequential IIED and Familial Deprivation --- and Including Wrongful Death and Irreversible Deprivation of Familial Relationship (Claims for Relief XCVI and XCVII) --- And Claims XXXVI, XXXVII, LXXXIX — Federal Obstruction of Plaintiffs' Recovery of KRS 209.020(8) and KRS 209.020(16) Claims --- in Furtherance of Elder Abuse and Financial Exploitation under KRS 209.020(4)-(7)-(8)-(9)-(16), KRS 209.990, KRS 502.020, KRS 446.070, 18 U.S.C. § 1503**—Influencing Generally--or corruptly, or by threats or force, or by any threatening letter or communication, influences, obstructs, or impedes, or endeavors to influence, obstruct, or impede, the due administration of justice --- **which includes chapter 73 (Obstruction of Justice) and Predicate RICO Acts under 18 U.S.C. § 1503, § 1512, § 1513 under 18 U.S.C. §§ 1961– 1964(c) --- Connected with Obstruction of Plaintiff's Fiduciary Duties, Rights, and Recovery; Connected with Deprivation and Obstruction of Civil Rights under 42 U.S.C. §§ 1983, 1985(2)-(3), the First, Seventh, and Fourteenth Amendments, and the Supremacy Clause, Art. VI, Cl. 2;**

Supported by Rankin v. Howard, 633 F. 2d 844 (9th Circuit 1980) and US v. Dugan; Actionable under all aforementioned federal and state laws and under KRS 209.030(2), KRS 209.050, KRS 386B.8-010, KRS 386B.1-010(1), KRS 386B.8-180(1)(a), KRS 386B.4-100, FRCP 17(a)(1)(E), KRS 457.350(1)-(2), 28 U.S.C. § 1367(a), 28 U.S.C. § 1331, 28 U.S.C. § 1343; And under **Legally Binding and Conclusive** Judicial Admissions of Liability and Damages pursuant to CR 8.04, 28 U.S.C. § 1367(a); (Conspiracy and Complicity with Full Liability); Causing/enabling Harm/Injury/unjust enrichment.

2004. Plaintiffs reassert and incorporate by reference in full detail all of Section XII: Master Comprehensive Incorporation of Exhibits, Evidentiary Foundation, Jurisdictional Foundation, Record of Judicial Misconduct, Systemic Civil Rights Obstruction, Denial of All Access to All Kentucky Courts, Constitutional and Federal Enforcement Framework, the Supremacy Clause (Art. VI, Cl. 2), and all preceding paragraphs as though fully restated and fully set forth herein this claim for relief/relief entitled to-sought-demanded. Plaintiffs further assert all of the following:

**Plaintiffs hereby assert the following "Short and Plain Statement" (Fed. R. Civ. P. 8(a)(2)):**

2005. Plaintiffs reassert and incorporate by reference in full detail all prior paragraphs, **All Claims for Relief herein,** including all facts, all statutory violations, and all legally binding and conclusive judicial **admissions of liability and damages in all Claims for Relief herein.**

2006. Plaintiffs reassert and incorporate by reference in full detail all legally binding and conclusive judicial admissions of liability and damages in cases 25-CI-001371, 25-CI-001568, 25-CI-001795, 25-CI-001796, 25-CI-001121, with cases 25-CI-001568, 25-CI-001795, 25-CI-001796, 25-CI-001121 **facially fully supporting case 25-CI-001371 (Refer to PX-51 through**

**PX-62 and PX-96, PX-95)**, as though fully restated and fully set forth herein this claim for relief/relief entitled to-sought-demanded.

2007. **Legal Integration:** In additional to the previous applications of **supplemental jurisdiction** under **28 U.S.C. § 1367(a) for all Claims for Relief herein --- Claim for Relief LXXXVIII --- independently states a federal claim for relief** under --- Defendant's Complicity and Conspiracy in Obstruction of Justice and Obstruction of Plaintiffs' Recovery and --- "Influencing Generally--or corruptly, or by threats or force, or by any threatening letter or communication, influences, obstructs, or impedes, or endeavors to influence, obstruct, or impede, the due administration of justice" --- under the Omnibus Clause of 18 U.S.C. § 1503 --- which includes chapter 73 (Obstruction of Justice) and Predicate RICO Acts under 18 U.S.C. § 1503, § 1512, § 1513 under 18 U.S.C. §§ 1961---1964(c) (Racketeer Influenced and Corrupt Organizations Act), Constituting a predicate offense under 18 U.S.C. § 1961(1)(B), forming part of a pattern of racketeering activity actionable under 18 U.S.C. § 1962(d), and is actionable under 18 U.S.C. § 1961---1964(c) for civil remedies and threefold the damages --- **AND --- Defendant's Obstruction of Justice and Obstruction of Plaintiffs' Recovery and Defendant's Unjust Enrichment** Through Defendant's Complicity and Conspiracy With One or More Judges (without jurisdiction) — the Elected Jefferson Circuit Court Clerk — Jefferson Circuit Court Clerk's Office Employees — Administrative Office of the Courts Employees — Court Administrators --- Staff Attorneys — Acting Under Color of State Law --- and Through Defendant's Complicity and Conspiracy With Private Citizens and Entities — Individually or in Any Combination --- Connected With All RICO Claims for Relief Herein (68 through 88) and Connected with Injury to Plaintiffs' Property --- Including Consequential IIED and Familial Deprivation --- and Including Wrongful Death and Irreversible Deprivation of Familial


Edward Colgate 22023 SE Wax Rd., Box 1452, Maple Valley, WA 98038, King Co.

Relationship (Claims for Relief XCVI and XCVII) --- And Claims for Relief XXXVI, XXXVII, and LXXXIX --- Federal Obstruction of Plaintiffs' Recovery of KRS 209.020(8) and KRS 209.020(16) Claims for Relief --- In Furtherance of Elder Abuse and Financial Exploitation under KRS 209.020(4)-(7)-(8)-(9)-(16), KRS 209.990, KRS 502.020, KRS 446.070, 18 U.S.C. § 1503—Influencing Generally--or corruptly, or by threats or force, or by any threatening letter or communication, influences, obstructs, or impedes, or endeavors to influence, obstruct, or impede, the due administration of justice---which includes chapter 73 (Obstruction of Justice) and Predicate RICO Acts under 18 U.S.C. § 1503, § 1512, § 1513 under 18 U.S.C. §§ 1961---1964(c) --- Connected with Obstruction of Plaintiff's Fiduciary Duties, Rights, and Recovery; Connected with Deprivation and Obstruction of Civil Rights under 42 U.S.C. §§ 1983, 1985(2)-(3), the First, Seventh, and Fourteenth Amendments, and the Supremacy Clause, Art. VI, Cl. 2; Supported by Rankin v. Howard, 633 F. 2d 844 (9th Circuit 1980) and US v. Dugan; Actionable under all aforementioned federal and state laws and under KRS 209.030(2), KRS 209.050, KRS 386B.8-010, KRS 386B.1-010(1), KRS 386B.8-180(1)(a), KRS 386B.4-100, FRCP 17(a)(1)(E), KRS 457.350(1)-(2), 28 U.S.C. § 1367(a), 28 U.S.C. § 1331, 28 U.S.C. § 1343; And under **Legally Binding and Conclusive** Judicial Admissions of Liability and Damages pursuant to CR 8.04, 28 U.S.C. § 1367(a); (Conspiracy and Complicity with Full Liability); Causing/enabling Harm/Injury/unjust enrichment. Plaintiffs incorporate by reference in full detail **Sections XVIII, XIX, XXXVI, XXVI, XXX, XXXII, XXVIII, XXIX, XXXI, XXXV, XXVII, XXXVII, PX-63 through PX-87,** PX-42 through PX-49, PX-108, all 167 Exhibits, and the **First through the Fourteenth FRE 201 Judicial Notices** of judicially **noticed adjudicative facts,** which include approximately **1,044 total adjudicative facts,** including approximately **322 adjudicative facts** supporting **jurisdiction** in the U.S. District Court for the Western District of Washington; **FRE**

**201 Adjudicative Facts in Judicial NOTICES --- 2 through 8, 10, and 12 --- fully support jurisdiction.** All aforementioned incorporations provide **100% certainty** of fraudulently assigned judges and fraudulently assigned case numbers --- prior to the legal filings by Plaintiffs of all 10 of their year-2025 cases --- with all 10 cases being illegally and fraudulently filed and processed by a non-existent/ non-payroll name in year-2025 --- which did not generate a legal random judge assignment and which did not generate a legal case number assignment --- and thereby provides 100% certainty that Kentucky judges NEVER had jurisdiction and NEVER will have jurisdiction. Plaintiffs assert Rankin v. Howard, 633 F. 2d 844 (9th Circuit 1980) and United States v. Dugan, 2:25-cr-00089 (E.D. Wis. 2025) regarding judges without jurisdiction. The 18 U.S.C. §1503 obstruction predicates are part of the RICO pattern that caused injury to Plaintiffs' property — including but not limited to the **denial of the property right to enforce CR 8.04 admissions — the deprivation of the property right of Edward's fiduciary role — and the economic losses based on Defendant's and others' sustained unjust enrichment. The IIED and familial deprivation and irreversible deprivation of familial relationship are consequential harms flowing from the same RICO pattern — recoverable as supplemental damages alongside the primary RICO property injury. The obstruction of Plaintiffs' recovery of the elder abuse damages established in Claims XXXVI, XXXVII, and LXXXIX — constitutes independent predicate acts.** Plaintiffs also incorporate by reference in full detail **Section XXXIX** and the **Twelfth FRE 201 NOTICE --- regarding fraudulent interstate transfers.**

2008. Defendant Wilson has **legally binding and conclusive judicial admissions of Forgery/ Complicity in Forgery** with full liability regarding legal documents dated on or near 3-4-2020, and later, including but not limited to a power of attorney document, a trust revocation

document, a Will, and/or a document fraudulently removing Doris Colgate's real estate, located at 410 Wisteria Avenue, Jefferson County, from the Trust.

2009. Defendant Susan Wilson was and is complicit in and **conspired in** a scheme with Judge Patricia Morris, whereby Judge Morris weaponized a **knowingly false and fraudulent felony accusation** of "unauthorized practice of law" against pro se Plaintiffs—who were acting lawfully under KRS 209.030(2) and as a fiduciary under valid Trust and POA instruments—in order to deny Plaintiffs all access to all Kentucky courts and to **obstruct elder abuse recovery. Patricia Morris's fraudulent felony accusation is also proven by Defendant Susan Wilson's legally binding and conclusive judicial admissions of Plaintiffs' legal standing, Defendant's liability, and Defendant's damages.** See **PX-12, PX-51, PX-55, PX-56.**

2010. This denial was executed **without jurisdiction**, violated Plaintiffs' constitutional rights and statutory rights, and directly benefited Defendant, who remained **unjustly enriched** as a result. The fraudulent accusation by Judge Morris occurred **19 days prior** to Defendant Wilson being legally served by the Jefferson County Sheriff. When filing the Complaint, Plaintiffs paid the mandatory $60 fee directly to the Jefferson Circuit Court Clerk to have legal service by the Sheriff executed immediately.

2011. The timing and coordination of this judicial obstruction before lawful service—despite the court's active role in facilitating Wilson's service—demonstrates an **ultra vires abuse** of office by Morris to shield Wilson from litigation and to obstruct and block all statutory recovery.

2012. Direct communication between Wilson and Morris does **not** need to be proven to establish complicity under KRS 502.020 and conspiracy under 18 U.S.C. §§ 1349/1503--RICO and 42 U.S.C. § 1985(2)-(3) . The judicial act of denying Plaintiffs all court access functioned as **an overt act in furtherance of a shared unlawful objective** to obstruct justice and to illegally

protect Wilson from liability, in violation of 42 U.S.C. §§ 1983, 1985(2)-(3) and in Violation of the First, Seventh, and Fourteenth Amendments, 18 U.S.C. § 1349, and the Supremacy Clause, (Art. VI, Cl. 2).

2013A. Plaintiffs incorporate by reference in full detail all liability and damages for **all Claims for Relief herein. Claims for Relief I through XXXI** are legally binding and conclusive based on Defendant's judicial admissions of liability and damages in Kentucky Case No. 25-CI-001371 pursuant to CR 8.04, and 28 U.S.C. § 1367(a), and all details in full in said Claims for Relief fully support all Claims for Relief herein.

2013B. Plaintiff Edward Colgate demands entry of a judgment in the amount of $28,000 from claim for relief XXXI --- trebled to $84,000 --- plus punitive damages of no less than 9 times --- $252,000 --- and up to 30 times damages, based on adjudicative facts --- including but not limited to Defendant's admissions of intentional malicious misconduct --- admitted under substantive CR 8.04 admissions --- representing an estimated 50% share of the estate of Norman Colgate, which Defendant wrongfully and fraudulently concealed and diverted without notice or accounting.

2014. Susan Wilson was/is **complicit** with and **conspired** with judge Morris or Patricia Morris, who was and is **acting in the absence of jurisdiction.** See Rankin v. Howard, 633 F. 2d 844 (9th Circuit 1980) and US v. Dugan; Also refer to all details in SECTION XII for evidence against Morris, and also for evidence of **systemic and systematic corruption.**

2015. **RICO Enterprise, Treble Damages, and Justification for Enhanced Punitive Relief:** Plaintiffs further assert that all aforementioned and all following deprivations spanning judicial misconduct, fraudulent felony threats, illegal case assignments, obstruction of all court access in Kentucky, statutory rewriting by judges without jurisdiction, destruction and concealment of

records, systemic obstruction and denial of appellate review, and coordinated retaliation against protected elder-abuse reporting—constitute racketeering activity actionable under the Racketeer Influenced and Corrupt Organizations Act **(RICO), 18 U.S.C. §§ 1961–1964.** Under **18 U.S.C. § 1961(4), the term "enterprise" includes "any group of individuals associated in fact although not a legal entity," which in this case plainly encompasses the coordinated network of public officials, judges, attorneys, public employees, and private actors who conspired to defraud and obstruct Plaintiffs' recovery.** Under **18 U.S.C. § 1962**: A person is liable when they **participate,** directly or **"indirectly"** in the illegal misconduct. This RICO enterprise engaged in repeated acts of wire fraud, securities fraud, identity fraud, mail fraud, laundering of monetary instruments, and obstruction of justice, obstruction of elder abuse recovery and other recovery—all targeting a federally protected party (the reporting fiduciary and caregiver of a vulnerable adult) acting from Washington State. The attack and targeting of Plaintiff in Washington State is a direct attack and targeting of the assets of the abused elder herself, Doris Colgate. The attack and targeting of Plaintiff in Washington State is a direct attack and targeting of the assets of the abused elder herself, Doris Colgate. **Civil relief/remedies** are provided under 18 U.S.C. § 1964(c). This constitutes separate and distinct predicate acts under 18 USC § 1503 in furtherance of the racketeering enterprise under 18 U.S.C. § 1961(1)(B). Plaintiffs assert and incorporate by reference in full the following regarding the **broad definition of an associated-in-fact enterprise --- in support of Plaintiffs' RICO Claims for Relief: Odom v. Microsoft Corp., 486 F. 3d 541 - Court of Appeals, 9th Circuit 2007 and United States v. Turkette, 452 US 576 - Supreme Court 1981 in Section XX.**

2016A. **The Damages and Relief Demand: The DAMAGES Demand:** Plaintiffs accordingly respectfully demand the following: Entry of judgment as to liability and a corresponding award of all of the following for this claim for relief: **Based on the fraudulent obstruction and deprivation of all Plaintiffs' recovery, Damages Awards are as Follows:** Combined for Edward Colgate and Doris Colgate: **$540,185.41** Awarded for Special damages--legally binding and conclusive--admitted as a sum-certain—under substantive CR 8.04; **$1,620,556.23** Awarded for Treble damages; **$4,861,668.69** Awarded for Punitive damages no less than 9 times damages --- and up to 40 times damages. Doris Colgate: **$2,975,000.00** --- Claims for Relief LXXXIX and VI and XXXVII; **$8,925,000.00** Awarded for Treble damages; **$26,775,000.00** Awarded for Punitive damages no less than 9 times damages---and up to 40 times damages; **$750,000.00** Awarded for Claims for Relief V and XXXVI; **$2,250,000.00** Awarded for Treble damages; **$6,750,000.00** Awarded for Punitive damages no less than 9 times damages --- and up to 40 times damages; **$79,000.00** Awarded for Claim for Relief C --- 100; **$237,000.00** Awarded for Treble damages; **$711,000.00** Awarded for Punitive damages no less than 9 times damages --- and up to 40 times damages; **$49,665.00** Awarded for Claims for Relief CI—100--promissory notes/loans**;** **$148,995.00** Awarded for Treble damages; **$446,985** Awarded for Punitive damages no less than 9 times damages --- and up to 40 times damages; Doris Colgate continued: Range from **$500,000.00 To $1,500,000.00** Awarded --- Claims for Relief XCVI --- IIED; Doris Colgate Range from **$1,500,000.00 To $4,500,000.00** Awarded for Treble damages; Doris Colgate Range from **$4,500,000.00 To $13,500,000.00** Awarded for Punitive damages no less than 9 times damages --- and up to 40 times damages; Edward Colgate Range from **$250,000.00 To $750,000.00** Awarded for --- Claims for Relief XCVI --- IIED and fraudulent Deprivation of familial relationship; Edward Colgate Range from **$750,000.00 To $2,250,000.00** Awarded for

Treble damages; Edward Colgate Range from **$2,250,000.00 To $6,750,000.00** Awarded for Punitive damages no less than 9 times damages --- and up to 40 times damages; Edward Colgate Range from **$500,000.00 To $2,000,000.00** Awarded for --- Claims for Relief XCVII---IIED---Wrongful Death; Edward Colgate Range from **$1,500,000.00 To $6,000,000.00** Awarded for Treble damages; Edward Colgate Range from **$4,500,000.00 To $18,000,000.00** Awarded for Punitive damages no less than 9 times damages --- and up to 40 times damages; Edward Colgate Range from **$500,000.00 To $3,000,000.00** Awarded for --- Irreversible Deprivation of Familial Relationship; Edward Colgate Range from **$1,500,000.00 To $9,000,000.00** Awarded for Treble damages; Edward Colgate Range from **$4,500,000.00 To $27,000,000.00** Awarded for Punitive damages no less than 9 times damages --- and up to 40 times damages; Edward Colgate's **Compounded IIED** damages awards --- **Irreversible Deprivation Compound;** Edward Colgate **Range** from no less than **$250,000 times 2 and times 4** and **up to $750,000 times 2 and times 4** Awarded for --- **Compounded IIED** damages awarded to Edward Colgate if Doris Colgate's death; Edward Colgate Range from **$500,000.00 To $1,000,000.00** --- and **up to $1,500,000.00 To $3,000,000.00** Awarded for --- Compounded IIED damages awards to Edward Colgate if Doris Colgate's death; Edward Colgate Range from **$4,500,000.00 To $9,000,000.00** Awarded for Trebled damages; Edward Colgate Range from **$13,500,000.00 To $27,000,000.00** Awarded for Punitive damages no less than 9 times damages --- and up to 40 times damages. Edward Colgate: **$50,138.68** Awarded for Special Damages--legally binding and conclusive--admitted as a sum-certain-- under substantive CR 8.04; Edward Colgate: **$150,416.04** Awarded for Treble damages; Edward Colgate: **$451,248.12** Awarded for Punitive damages no less than 9 times damages --- and up to 40 times damages; Edward Colgate: **$48,600.00** Awarded for Time and Energy damages admitted under legally binding

substantive CR 8.04; Edward Colgate: **$145,800.00** Awarded for Treble damages; Edward Colgate: **$437,400.00** Awarded for Punitive damages no less than 9 times damages --- and up to 40 times damages; Edward Colgate: **$4,091.08** Awarded for Fraudulent Fees Paid Based on Alias Name---Fraud; Edward Colgate: **$12,273.24** Awarded for Treble damages; Edward Colgate: **$36,819.72** Awarded for Punitive damages no less than 9 times damages --- and up to 40 times damages; Edward Colgate: **$28,000.00** Awarded for Claims for Relief LXI and XXXI; Edward Colgate: **$84,000.00** Awarded for Treble damages; Edward Colgate: **$252,000.00** Awarded for Punitive damages no less than 9 times damages --- and up to 40 times damages; Edward Colgate: **2,544 hours multiplied by $150 per hour — $381,600 --- trebled to --- $1,144,800 --- punitive** damages of **$3,434,400** --- no less than 9 times damages --- and up to 40 times damages; Edward Colgate: **$381,600.00** Awarded for Federal Time and Energy and Work and Effort Damages; **$1,144,800.00** Awarded for Federal Treble damages; **$3,434,400.00** Awarded for Federal Punitive damages no less than 9 times damages --- and up to 40 times damages. Based on Defendant obstructing the due administration of justice and obstructing Plaintiffs' recovery --- directly and in complicity with and in conspiracy with others --- and based on based on all Claims for Relief citing all of the following dollar amounts --- Plaintiffs accordingly respectfully demand immediate entry of judgment as to liability and a corresponding award of **$540,185.41** in special damages --------- admitted as a sum-certain through Wilson's CR 8.04 default in Kentucky case 25-CI-001371 --- and independently confirmed through four additional defendants' CR 8.04 defaults across four supporting Kentucky cases --- based on predicate acts under **18 U.S.C. §1503**---which includes chapter 73 (Obstruction of Justice) and RICO Predicate Acts under 18 U.S.C. § 1503, § 1512, § 1513 under 18 U.S.C. §§ 1961---1964(c) --- and based on RICO predicate acts ---- **incorporating by**


Edward Colgate 22023 SE Wax Rd., Box 1452, Maple Valley, WA 98038, King Co.

**reference in full detail --- RICO Claims for Relief LXVIII through LXXXVIII --- mandating treble damages of $1,620,556.23** pursuant to 18 U.S.C. §§ 1961---1964(c) --- with punitive damages no less than 9 times --- **$4,861,668.69** --- and up to 40 times damages --- and dividends and interest defrauded from Doris and interest defrauded from Edward --- also admitted by Wilson and four additional defendants through CR 8.04 admissions --- and general damages and punitive damages.

2016B. Plaintiffs assert: The **Defendant's complicity in and conspiracy in elder abuse** (both **financial and physical harm and injury) of Doris Colgate---by Susan Wilson,** Lori Fox, Michelle Burkhead, Cristal Fox, Ray Wilson, Jude McConnell, Florence Bisig, Julie Bisig, Jeanette/Jenette/Janette Bisig, Paul Kevin Ford, and others cited above---**mandates reporting of elder abuse under KRS 209.030(2).**

2016C. Regarding all Relief Demanded herein --- Plaintiffs incorporate by reference in full detail the damages and the relief dollar amounts cited in Claims for Relief **V, VI, XXXVI, XXXVII, LXXXIX, XCVI, XCVII, and LXVIII through LXXXVIII** --- based on the legal authority therein and based on all citations therein --- and based on **obstructing justice and obstructing Plaintiffs' recovery** --- and shall include 3 times treble damages.

2016D. **Plaintiffs accordingly respectfully demand entry of judgment as to liability and corresponding awards --- regarding the relief entitled to --- of all the following dollar amounts** based on all Claims for Relief herein:

2016E. Plaintiffs respectfully demand entry of judgment as to liability and corresponding awards of --- Plaintiffs incorporate by reference in full detail **Claims for Relief LXXXIX and VI and XXXVII** --- and the relief entitled to therein --- **$2,975,000 --- trebled to $8,925,000 in**

**Claims for Relief LXXXVIII and LXXXIV** --- plus punitive damages of no less than 9 times --- **$26,775,000** --- and up to 40 times damages.

2016F. Plaintiffs respectfully demand entry of judgment as to liability and corresponding awards of --- Plaintiffs incorporate by reference in full detail **Claims for Relief V and XXXVI** --- and the relief entitled to therein --- **$750,000 trebled to $2,250,000 in Claims for Relief LXXXVIII and LXXXIV** --- plus punitive damages of no less than 9 times ---- **$6,750,000** --- and up to 40 times damages.

2016G. Plaintiffs respectfully demand entry of judgment as to liability and corresponding awards of --- Plaintiffs incorporate by reference in full detail Claims for Relief **XCVI and LXXXVIII and LXXXIV** --- and the relief entitled to therein --- regarding **IIED** compensatory and general damages in the **range of $500,000 trebled to $1,500,000 --- to $1,500,000 trebled to $4,500,000 --- for Doris Colgate.**

2016H. Plaintiffs respectfully demand entry of judgment as to liability and corresponding awards of --- Plaintiffs incorporate by reference in full detail **Claims for Relief XCVI and LXXXVIII and LXXXIV** --- and the relief entitled to therein --- regarding **IIED** compensatory and general damages in the **range of $250,000 trebled to $750,000 --- to $750,000 trebled to $2,250,000 --- for Edward Colgate** --- with punitive damages of no less than **nine times** --- **$2,250,000 to $6,750,000** — and up to forty times that floor.

2016I. Plaintiffs respectfully demand entry of judgment as to liability and corresponding awards of --- Plaintiffs incorporate by reference in full detail Claims for Relief **XCVII and LXXXVIII and LXXXIV** --- and the relief entitled to therein --- regarding **Wrongful death damages** under KRS 411.130 --- in the **range of** an amount **no less than $500,000 trebled to $1,500,000** and **up**

**to $2,000,000 trebled 3 times to $6,000,000** --- with punitive damages **awarded** at no less than **9 times --- $4,500,000 to $18,000,000** --- and up to 40 times.

2016J. Plaintiffs respectfully demand entry of judgment as to liability and corresponding awards of --- Plaintiffs incorporate by reference in full detail Claims for Relief **XCVII and LXXXVIII and LXXXIV** --- and the relief entitled to therein --- regarding --- **Irreversible deprivation of familial relationship damages to Edward** — in an amount **no less than $500,000 trebled to $1,500,000** and **up to $3,000,000 trebled 3 times to $9,000,000** --- with punitive damages **awarded** at no less than **9 times--$4,500,000 to $27,000,000** --- and up to 40 times.

2016K. **Compounded IIED damages** --- Plaintiffs respectfully demand entry of judgment as to liability and corresponding awards of --- Plaintiffs incorporate by reference in full detail **Claims for Relief XCVII and XCVI and LXXXVIII and LXXXIV and paragraph 2138T --- Compounded IIED damages to Edward Colgate** upon confirmation of death — and the relief entitled to therein --- in an additional **amount no less than** --- $250,000 times 2 and times 4 --- **$500,000 and up to $1,000,000** — **and up to** $750,000 times 2 and times 4 --- **$1,500,000 and up to $3,000,000** --- **"representing a two to four times compounding multiplier" on the existing $250,000 to $750,000 award --- trebled to "$4,500,000 up to $9,000,000"** --- IIED award from Claim for Relief XCVI--96 — reflecting the irreversible character of tbe deprivation.

2016L. Plaintiffs respectfully demand entry of judgment as to liability and corresponding awards of --- Plaintiffs incorporate by reference in full detail **Claims for Relief XCVII and XCVI and LXXXVIII and LXXXIV and** paragraph **2138U** --- and the relief entitled to therein --- Total conditional damages floor upon triggering --- **$1,500,000 and up to $3,000,000** in additional compensatory and general damages — with punitive damages of **no less than**

**$13,500,000 and up to $27,000,000 at nine times** — and up to forty times damages — in addition to all other damages established in Claims for Relief 1 through 102 (I through CII).

2016M. The aforementioned is in addition to the substantive CR 8.04 legally binding and conclusive admitted damages by Defendant regarding Edward Colgate's recovery of the following: Plaintiffs respectfully demand entry of judgment as to liability and corresponding awards of --- Plaintiffs incorporate by reference in full detail **Claims for Relief I through CII (102)** --- and the relief entitled to therein — **$50,138.68** in special damages---admitted under substantive CR 8.04 admissions — and trebled under **RICO Claims for Relief LXXXVIII and LXXXIV to $150,416.04** plus no less than 9 times punitive damages of **$451,248.12** --- and up to 40 times damages.

2016N. Plaintiffs respectfully demand entry of judgment as to liability and corresponding awards of --- Plaintiffs incorporate by reference in full detail **Claim for Relief XCVIII**--- and the relief entitled to therein — **$24,600 trebled** under **RICO Claims for Relief LXXXVIII and LXXXIV to $73,800** --- plus no less than 9 times **punitive damages of $221,400** --- and up to 40 times --- Also refer to **Section XXXVII, 223 through 332.**

2016O. Plaintiffs respectfully demand entry of judgment as to liability and corresponding awards of --- Plaintiffs incorporate by reference in full detail **Section XXXVI, Second FRE 201 Notice, and Claim for Relief XCIX** --- and the relief entitled to therein — **$4,091.08 trebled** under **RICO Claims for Relief LXXXVIII and LXXXIV --- to $12,273.24** --- plus no less than 9 times **punitive damages of $36,819.72** --- and up to 40 times punitive damages.

2016P. Plaintiffs respectfully demand entry of judgment as to liability and corresponding awards of --- Plaintiffs incorporate by reference in full detail **Claim for Relief C** --- and the relief entitled to therein — **$79,000 trebled** under **RICO Claims for Relief LXXXVIII and**

**LXXXIV and 18 U.S.C. §§ 1961–1964(c) --- to $237,000 ---** plus no less than 9 times **punitive damages of $711,000 ---** and up to 40 times punitive damages.

2016Q. Plaintiffs respectfully demand entry of judgment as to liability and corresponding awards of --- Plaintiffs incorporate by reference in full detail **Claims for Relief LXI and XXXI** --- and the relief entitled to therein — **$28,000** --- **trebled** under **RICO Claims for Relief LXXXVIII and LXXXIV and 18 U.S.C. §§ 1961–1964(c) --- to $84,000 ---** plus no less than 9 times **punitive damages of $252,000 ---** and up to 40 times punitive damages --- based on adjudicative facts --- including but not limited to Defendant's admissions of intentional malicious misconduct --- admitted under substantive CR 8.04 admissions --- representing an estimated 50% share of the estate of Norman Colgate, which Defendant wrongfully and fraudulently concealed and diverted without notice or accounting. **(18 U.S.C. § 1503—Influencing Generally--or corruptly,** or by threats or force, or by any threatening letter or communication, **influences, obstructs, or impedes, or endeavors to influence, obstruct, or impede, the due administration of justice)** (18 U.S.C. §1349 for conspiracy having full liability)

**2016R.** The **18 U.S.C. §1503** obstruction predicates are part of the RICO pattern that caused injury to Plaintiffs' property — including but not limited to the **denial of the property right to enforce CR 8.04 admissions — the deprivation of the property right of Edward's fiduciary role — and the economic losses based on Defendant's and others' sustained unjust enrichment. The IIED and familial deprivation and wrongful death and irreversible deprivation of familial relationship are consequential harms flowing from the same RICO pattern — recoverable as supplemental damages alongside the primary RICO property injury. The obstruction of Plaintiffs' recovery of the elder abuse damages and recovery of other damages established in Claims for Relief XXXVI, XXXVII, LXXXIX, XC, XCI,**

**XCII, XCVI, XCVII, LXVIII through LXXXVIII, and XCVIII through CII (102) — constitute independent predicate acts.** Plaintiffs assert their right to bring **RICO** claims under 18 U.S.C. §§1961 through 1964(c) in this federal complaint — claims that were not and could not have been brought in the Kentucky state court proceedings for the following simultaneous and independent reasons. **First** — Kentucky state courts lack jurisdiction to adjudicate civil RICO claims under 18 U.S.C. §1964(c) because civil RICO is a federal statutory cause of action arising under federal law — conferring exclusive or primary jurisdiction on federal district courts — making the Western District of Washington the first court with authority to adjudicate these claims. **Second** — the RICO pattern of racketeering activity — including but not limited to --- the wire fraud predicates under 18 U.S.C. §1343 arising from the interstate annuity and securities liquidations directed at financial institutions headquartered in Alabama — Iowa — Indiana — North Carolina — and Illinois — the laundering of monetary instruments predicates under 18 U.S.C. §1956 arising from the subsequent transfer and use of fraudulently obtained proceeds — and the securities fraud predicates under 18 U.S.C. §1348 — were pleaded as Kentucky state law violations in the state complaint under annuity fraud and under the state securities statute --- and are now additionally characterized as federal RICO predicate acts — which is a separate and additional federal layer of liability arising from the same admitted misconduct — not a new or inconsistent theory. **Third** — Wilson's CR 8.04 legally binding and conclusive admissions across five Kentucky cases — establishing --- including but not limited to --- the underlying annuity fraud — securities fraud — forgery — elder abuse — as admitted adjudicative facts — constitute the evidentiary foundation for the RICO predicate acts — which could only be properly developed and presented after those admissions were generated through Wilson's procedural default **and** after Plaintiffs accumulated the additional enterprise evidence — including but not

limited to --- Personnel Cabinet KHRIS payroll records regarding fraud — official court assignment timestamps regarding fraud --- and authenticated audio recordings regarding fraud — that establish the pattern of racketeering activity required by 18 U.S.C. §1961(5) and §1961 through §1964(c). Plaintiffs incorporate by reference in full detail--paragraphs 2631A through 2631M. Court employees have fraudulently attempted to deceive Plaintiff through phone and internet phone interstate communications --- audio recorded and transcribed. Plaintiff asserts many documented electronic communications notifying judges and court employees that Plaintiff was being targeted in Washington State. Plaintiffs also incorporate by reference in full detail PX-129, PX-136, PX-158. PX-159, PX-160, PX-48, PX-49, PX-129 through PX-133, PX-136, PX-137 through PX-154, PX-143 --- supports the fraud and also supports the fraudulent effective destruction of records related to Eric Haner, Susan Gibson, and others.

2017. The **foregoing constitutes Plaintiffs' short and plain statement of this claim for relief** in compliance with Fed. R. Civ. P. 8(a)(2).

2018. Additionally, The Defendant's **legally binding and conclusive, judicially admitted participation in forged legal documents/instruments** has resulted in **continuous**, unlawful **tortious interference** with Trustee Edward Colgate's administration of **The Colgate Family Living Trust dated January 29, 2020,** with **each day since March 1, 2020,** constituting a **new act of fraudulent obstruction** and fiduciary harm/injury. This Claim for Relief is pled under a continuing tort doctrine, as Defendant's obstruction of Trustee Edward Colgate's fiduciary duties and **Trustee recovery rights under the Trust constitutes an ongoing violation, with each day renewing** the harm/injury and tolling all applicable statutes of limitation. Additionally, **each day that Defendant refuses and fails to report her own elder abuse and tortious fiduciary**

**interference under KRS 209.030 constitutes a new statutory violation**, which further tolls all relevant statutes of limitation under Kentucky and federal law.

2019. Each day that Judge Morris's and other judges' **fraudulent felony accusations remain embedded in void ab initio orders** constitutes a continuing denial of all Kentucky court access and systemic obstruction of justice in violation of 42 U.S.C. §§ 1983 and 1985(2)-(3), and the First, Seventh, and Fourteenth Amendments. Their collective refusal to report their own and each other's illegal or fraudulent actions under **KRS 26A.080 and KRS 209.030** perpetuates retaliatory elder abuse under **KRS 209.050**, renewing the constitutional and statutory harm/injury daily and **tolling all applicable statutes of limitation** under the continuing tort doctrine.

2020. **No state or federal court in the United States has ever attempted to bar, obstruct, or deny a civil plaintiff from all court access across an entire state by fraudulently accusing them of felonies.** The absurdity and illegality of such an act is so blatant that it has never been attempted by any judge in any jurisdiction. Adding to the absurdity and illegality is the fact that the Defendant had not been legally served yet. Jefferson Circuit Court is the first to attempt this type of illegal act or fraud, which is retaliatory under KRS 209.050, KRS 209.030, KRS 209.990, KRS 26A.015(2), and is an attempt to intimidate and tamper with a witness, which is also a violation of 42 U.S.C. §§ 1983 and 1985(2)-(3).

**CLAIM FOR RELIEF LXXXIX**--(Also a Count and Cause of Action) - -- Defendant's **Complicity and Conspiracy in Obstruction of Plaintiffs' Recovery --- Which Include Substantive CR 8.04 Admitted Adjudicative Facts and Liability Components** --- Through Defendant's Complicity and Conspiracy With One or More Judges (without jurisdiction) — the Elected Jefferson Circuit Court Clerk — Jefferson Circuit Court Clerk's Office Employees —

Administrative Office of the Courts Employees — Court Administrators - Staff Attorneys — Acting Under Color of State Law --- and Through Defendant's Complicity and Conspiracy With Private Citizens and Entities — Individually or in Any Combination --- to Obstruct Justice and to Obstruct Plaintiffs' Recovery --- **Based on Doris Colgate's Physical Damages/ Harm/ Injury --- Caused by Morning Pointe of Louisville (24/7 nursing care facility) and Defendant— (Who has a Forged POA Document) --- And Caused by Morning Pointe's, VP Debbi Hall's, and Defendant's Obstruction of Justice and Obstruction of Recovery --- Connected with Obstruction of Plaintiff's Fiduciary Duties, Rights, and Recovery --- Regarding Having Doris Colgate Removed from Morning Pointe --- Based on Defendant's and Morning Pointe's Continuous Obstructions of Justice and Recovery, Including Obstructing Necessary Medical Care Pursuant to KRS 209.020(8)-(16)(Elder Abuse) --- and Obstructing Justice and Recovery Regarding Doris Colgate's Physical and Neurological Harm That Included Surgery and Months of Rehab, Enabling/ Causing Defendant's and Others' Unjust Enrichment --- And Actionable Under 42 U.S.C. §1983 and 42 U.S.C. §1985 and RICO Predicate Acts --- (Said fraudulent POA document of Defendant has legally binding and conclusive judicial admissions by Defendant that said document was obtained by forgery.) --- See Claim for Relief XXX --- Also Actionable under KRS 209.990, KRS 446.070, and KRS 502.020 (Complicity)**; and also actionable under RICO predicate acts of 18 U.S.C. §1512, §1513, §1343, §1503—**obstruction of the due administration of justice --- 18 U.S.C. §1349--RICO Attempt and conspiracy---as predicate acts under 18 U.S.C. §1961---1964(c)--**for **treble damages; Deprivation and Obstruction of Civil Rights under 42 U.S.C. §§ 1983, 1985(2)-(3), the First, Seventh, and Fourteenth Amendments, and the Supremacy Clause, Art. VI, Cl. 2**; Supported by Rankin v. Howard, 633 F. 2d 844 (9th Circuit 1980) and

US v. Dugan; Actionable under all aforementioned legal authority and under KRS 209.030(2), KRS 209.020, KRS 209.050, KRS 446.070, KRS 386B.8-010, KRS 386B.1-010(1), KRS 386B.8-180(1)(a), KRS 386B.4-100, FRCP 17(a)(1)(F), KRS 457.350(1)-(2), 28 U.S.C. § 1367(a); all claims for relief berein this complaint; And under **Legally Binding and Conclusive** Judicial Admissions of Liability and Damages pursuant to CR 8.04, 28 U.S.C. § 1367(a); (Conspiracy and Complicity with Full Liability); All aforementioned violations Causing/enabling Harm/Injury/unjust enrichment.

2021. Plaintiffs reassert and incorporate by reference in full detail all of Section XII: Master Comprehensive Incorporation of Exhibits, Evidentiary Foundation, Jurisdictional Foundation, Record of Judicial Misconduct, Systemic Civil Rights Obstruction, Denial of All Access to All Kentucky Courts, Constitutional and Federal Enforcement Framework, the Supremacy Clause (Art. VI, Cl. 2), and all preceding paragraphs as though fully restated and fully set forth herein this claim for relief/relief entitled to-sought-demanded. Plaintiffs further assert all of the following:

**Plaintiffs hereby assert the following "Short and Plain Statement" (Fed. R. Civ. P. 8(a)(2)):**

2022. Plaintiffs reassert and incorporate by reference in full detail all prior paragraphs, **all paragraphs in Claims for Relief VI and V herein,** including all facts, all statutory violations, and all legally binding and conclusive judicial **admissions of liability and damages in Claims for Relief VI and V herein.**

2023. Plaintiffs reassert and incorporate by reference in full detail all legally binding and conclusive judicial admissions of liability and damages in cases 25-CI-001371, 25-CI-001568, 25-CI-001795, 25-CI-001796, 25-CI-001121, with cases 25-CI-001568, 25-CI-001795, 25-CI-001796, 25-CI-001121 **facially fully supporting case 25-CI-001371 (Refer to PX-51 through**

**PX-62 and PX-96, PX-95)**, as though fully restated and fully set forth herein this claim for relief/relief entitled to-sought-demanded.

2024. **Legal Integration:** In additional to the previous application of **supplemental jurisdiction** under **28 U.S.C. § 1367(a) for Claims for Relief VI and V --- Claim for Relief LXXXIX independently states** a **federal claim for relief** --- Defendant's **Complicity and Conspiracy in Obstruction of Plaintiffs' Recovery --- Which Include Substantive CR 8.04 Admitted Adjudicative Facts and Liability Components ---** Through Defendant's Complicity and Conspiracy With One or More Judges (without jurisdiction) --- the Elected Jefferson Circuit Court Clerk --- Jefferson Circuit Court Clerk's Office Employees — Administrative Office of the Courts Employees — Court Administrators — Staff Attorneys — Acting Under Color of State Law --- and Through Defendant's Complicity and Conspiracy With Private Citizens and Entities — Individually or in Any Combination --- to Obstruct Justice and to Obstruct Plaintiffs' Recovery --- Based on Doris Colgate's Physical Damages/ Harm/ Injury --- Caused by Morning Pointe of Louisville (24/7 nursing care facility) and Defendant—(Who has a Forged POA Document) --- And Caused by Morning Pointe's, VP Debbi Hall's, and Defendant's Obstruction of Justice and Obstruction of Recovery --- Connected with Obstruction of Plaintiff's Fiduciary Duties, Rights, and Recovery --- Regarding Having Doris Colgate Removed from Morning Pointe --- Based on Defendant's and Morning Pointe's Continuous Obstructions of Justice and Recovery, Including Obstructing Necessary Medical Care Pursuant to KRS 209.020(8)-(16) (Elder Abuse) --- and Obstructing Justice and Recovery --- Regarding Doris Colgate's Physical and Neurological Harm That Included Surgery and Months of Rehab, Enabling/ Causing Defendant's and Others' Unjust Enrichment --- And also **Actionable Under 42 U.S.C. §1983 and 42 U.S.C. §1985 and RICO Predicate Acts** --- (Said fraudulent POA document has legally

binding and conclusive judicial admissions that said document was obtained by forgery.) --- See Claim for Relief XXX --- Also Actionable under KRS 209.990, KRS 446.070, and KRS 502.020 (Complicity); and under 18 U.S.C. §1512, §1513, §1343, §1503 obstruction of the due administration of justice --- 18 U.S.C. §1349--RICO Attempt and conspiracy---as predicate acts under 18 U.S.C. §1961---1964(c)---for treble damages; Deprivation and Obstruction of Civil Rights under 42 U.S.C. §§ 1983, 1985(2)-(3), the First, Seventh, and Fourteenth Amendments, and the Supremacy Clause, Art. VI, Cl. 2; Supported by Rankin v. Howard, 633 F. 2d 844 (9th Circuit 1980) and US v. Dugan; Actionable under all aforementioned legal authority and under KRS 209.030(2), KRS 209.020, KRS 209.050, KRS 446.070, KRS 386B.8-010, KRS 386B.1-010(1), KRS 386B.8-180(1)(a), KRS 386B.4-100, FRCP 17(a)(1)(E), KRS 457.350(1)-(2), 28 U.S.C. § 1367(a); all claims for relief herein this complaint; And under **Legally Binding and Conclusive** Judicial Admissions of Liability and Damages pursuant to CR 8.04, 28 U.S.C. § 1367(a); (Conspiracy and Complicity with Full Liability); All aforementioned violations Causing/enabling Harm/Injury/unjust enrichment. **Claim for Relief LXXXIX** incorporates**, in part,** the same set of facts, harms/injuries, and legally binding and conclusive judicial admissions now as a basis for federal relief, including but not limited to punitive damages. Plaintiffs incorporate by reference in full detail **Sections XVIII, XIX, XXXVI, XXVI, XXX, XXXII, XXVIII, XXIX, XXXI, XXXV, XXVII, XXXVII, PX-63 through PX-87,** PX-42 through PX-49, PX-108, all 167 Exhibits, and the **First through the Fourteenth FRE 201 Judicial Notices** of judicially **noticed adjudicative facts,** which include approximately **1,044 total adjudicative facts,** including approximately **322 adjudicative facts** supporting **jurisdiction** in the U.S. District Court for the Western District of Washington; **FRE 201 Adjudicative Facts in Judicial NOTICES --- 2 through 8, 10, and 12 --- fully support**


Edward Colgate 22023 SE Wax Rd., Box 1452, Maple Valley, WA 98038, King Co.

**jurisdiction.** All aforementioned incorporations provide **100% certainty** of fraudulently assigned judges and fraudulently assigned case numbers --- prior to the legal filings by Plaintiffs of all 10 of their year-2025 cases --- with all 10 cases being illegally and fraudulently filed and processed by a non-existent/ non-payroll name in year-2025 --- which did not generate a legal random judge assignment and which did not generate a legal case number assignment --- and thereby provides 100% certainty that Kentucky judges NEVER had jurisdiction and NEVER will have jurisdiction. Plaintiffs assert Rankin v. Howard, 633 F. 2d 844 (9th Circuit 1980) and United States v. Dugan, 2:25-cr-00089 (E.D. Wis. 2025) regarding judges without jurisdiction. Plaintiffs also incorporate by reference in full detail **Section XXXIX** and the **Twelfth FRE 201 NOTICE --- regarding interstate transfers.**

2025. Defendant Wilson has **legally binding and conclusive judicial admissions of Forgery/Complicity in Forgery** with full liability regarding legal documents dated on or near 3-4-2020, and later, including but not limited to a power of attorney document, a trust revocation document, a Will, and/or a document fraudulently removing Doris Colgate's real estate, located at 410 Wisteria Avenue, Jefferson County, from the Trust.

2026. **KRS 209.020(16) "Neglect"** means a situation in which an adult is unable to perform or obtain for himself or herself the goods or services that are necessary to maintain his or her health or welfare, or the deprivation of services by a caretaker that are necessary to maintain the health and welfare of an adult. By definition, **welfare includes both physical and financial welfare.**

2027. **Plaintiffs assert all of the following:** Defendant has directly, in complicity with others, and in conspiracy with others, perpetrated the following: **Pursuant to KRS 209.020(16)--- Doris Colgate has been and continues to be "Neglected," as defined by this elder abuse statute, in the following ways: Doris Colgate was/is unable to perform for herself and**

**was/is unable to obtain for herself the goods and services that were/are necessary to maintain her health and welfare. In addition, Doris Colgate was deprived of services by a caretaker that were/are necessary to maintain her health and welfare.** This **neglect has continued for both physical and financial welfare** since late February of 2020 through to current/present date.

2028. **Doctor's note signed on 11-10-2021** stated: Doris Colgate has been under my care for a **left tibia fracture** since October 15, 2021. She was originally managed with **surgery at Baptist Hospital.** Subsequently, she has been transferred to **Sam Swope rehabilitation center.** She had some **postoperative delirium** and is **rehabilitating from the fracture** which will **likely require 3 months** for her **to recover.** It is in my best medical opinion that she is, will be unable to give a deposition at this stage. Signed by **Madhusudhan R. Yakkanti, MD on 11-10-2021.** Refer to **PX-165** for the doctor's note. This **harm caused by Defendant and Morning Pointe of Louisville caused physical and neurological harm. Dr. Yakkanti never signed an approval for Doris to participate in a deposition.**

2029. Plaintiffs assert that all claims for relief, including claim for relief LXXXIX, are within the statute of limitations based on asserting the following **5 year** statutes of limitations: Doctor's note on 11-11-2021 related to KRS 209.020(16), framed under elder abuse, actionable under KRS 209.990, KRS 502.020, and KRS 446.070, which has a 5 year statute of limitations under **KRS 413.120**--Actions to be brought within five years.-- **(2) An action upon a liability created by statute, when no other time is fixed by the statute creating the liability. (3)** An action for a penalty or forfeiture when no time is fixed by the statute prescribing it. **(4)** An action for trespass on real or personal property. **(5)** An action for the profits of or damages for withholding real or personal property. **(6) An action for an injury to the rights of the plaintiff, not arising on**

**contract and not otherwise enumerated. (11) An action for relief or damages on the ground of fraud or mistake.** And based on **fraudulent obstruction of recovery under KRS 413.130(3)---When certain actions in KRS 413.120** accrue.-- **(3)** In an action for relief or damages for fraud or mistake, referred to in subsection (11) of KRS 413.120, the cause of action shall not be deemed to have accrued **until the discovery of the fraud or mistake.** However, the action shall be commenced **within ten (10) years after the time of** making the contract or **the perpetration of the fraud.** Plaintiffs **incorporate by reference in full detail** the following: **Paragraph 355, subsections** from state (Ky.) complaint **25-CI-001371 v. Susan Wilson** regarding **FRE 201 Judicially Noticed Adjudicative Facts** herein this Federal Complaint, with the following **substantive CR 8.04 legally binding and conclusive admissions by Defendant Susan Wilson** under supplemental jurisdiction: Paragraph 355, **50.** Entry of a judgment against Susan Wilson, **pursuant to KRS 209.020 (Elder Abuse),** and pursuant to Tortious Interference with Contractual Rights, Plaintiffs assert that Wilson's tortious interference with Edward's and Doris's contractual rights were **interfering with Doris recovering damages from her slip and fall at Morning Pointe, which caused orthopedic surgery, and many months of rehabilitation; 51.** Entry of a Judgment against Wilson for Recovery for what Doris would have received as **compensation for her slip and fall as the slip and fall** is **under KRS 209.020(4)(8)(16).** Refer to statement of fact #102 in PX-2.

2030. On August 22, 2020, Plaintiff Edward Colgate communicated electronically with **Debbi Hall, VP, at Morning Pointe of Louisville.** The extensive elder abuse of Doris Colgate was communicated to Debbi Hall, including but not limited to the fraudulent POA that Defendant had. **Debbi Wilson has continued to be in complicity with Defendant in the elder abuse of Doris Colgate** from March 1, 2020 through to current/present day, in violation of KRS

209.020(4)-(7)-(8)-(9)-(16), KRS 209.030(2), KRS 209.050, KRS 502.020, KRS 209.990(1), KRS 209.990(1) through (6)—and (7) for fragmented amounts, and KRS 446.070. Debbi Hall has continuously refused and failed to report her own complicity in the elder abuse of Doris Colgate. Debbi Hall has refused and failed to report the direct actions, the conspiracy, and the complicity in **elder abuse** (both **financial and physical harm and injury**) **of Doris Colgate by Susan Wilson,** Lori Fox, Michelle Burkhead, Cristal Fox, Ray Wilson, Jude McConnell, Florence Bisig, and Paul Kevin Ford. **KRS 209.030(2) mandates reporting of elder abuse. All claims for relief herein this complaint and the obstruction of Plaintiffs' recovery were caused by Defendant's, Debbi Hall's, all Morning Point of Louisville employees', and Morning Pointe of Louisville's---refusal and failure to report the financial and physical elder abuse of Doris—pursuant to KRS 209.030(2). See PX-3-Audios 19 and 20, and PX-20 for Debbi Hall's knowledge of the elder abuse.**

2031. **Justification for Higher Punitive Damages Here:** Doris Colgate was nearly **89 years old, cognitively and physically vulnerable**, and **completely dependent** post-fracture. Doris Colgate suffered **post-operative delirium**—a well-known indicator of **long-term functional decline and neurological decline** in elders. **Defendant** was complicit in the actions and inactions of the neglect involved, **causing surgery and rehabilitation,** which were and are **based on** the past and present **harmful conditions and harmful employees** at Morning Pointe of Louisville. **Doris Colgate was/is unable to obtain for herself the goods and services that were/are necessary to maintain her health and welfare.** In addition, **Doris Colgate was deprived of services by a caretaker and by Morning Pointe of Louisville that were/are necessary to maintain her health and welfare.** There were also the following: Deliberate and intentional exclusion and obstruction of legal POA/ Trustee (Edward Colgate) including but not

limited to Morning Pointe employees hanging up on Plaintiff when Plaintiff made a phone call to them; **Simultaneous billing** of more than one facility; **Intentional cover-up and conspiracy; Failure/refusal to report elder abuse, complicity**, and **retaliation;** This **is part of a systemic pattern of abuse, fraud, and obstruction. Elder abuse of a frail, cognitively vulnerable 89-year-old woman—with documented surgical harm, cognitive trauma, and continued obstruction—** meets or exceeds the threshold for **massive punitive damages.**

2032. Postoperative delirium in elderly patients often lasts weeks to months-- **especially when untreated or compounded by neglect.** The inability to testify reinforces that cognitive and neurological impairment, not just physical rehab. Prolonged suffering, isolation, confusion, loss of cognition, mental anguish, and physical deterioration. Plaintiffs seek compensatory monetary damages and general damages in excess of **$2,975,000.00** --- and **punitive damages in an amount no less than 9 times --- $26,775,000** --- and up to 40 times the $2,975,000.00 dollar amount --- for Doris Colgate's physical and neurological harm, deliberate isolation, obstruction of elder abuse recovery, and retaliatory actions that obstructed and deprived Doris Colgate of her constitutional rights under the Fourteenth Amendment and statutory protections under KRS Chapter 209. The abuse and obstruction --- caused by Defendant's conspiracy and complicity with others, prolonged elder pain, trauma, and mental anguish --- justify Special damages (economic) and General damages (pain/suffering) and Punitive damages in the aforementioned amounts. Refer to the **adjudicative facts below and the additional reasoning and rationale below.**

2033. Defendant Susan Wilson was and is complicit in and conspired in a scheme with Judge Patricia Morris, whereby Judge Morris weaponized a **knowingly false and fraudulent felony accusation** of "unauthorized practice of law" against pro se Plaintiffs—who were acting lawfully


Edward Colgate 22023 SE Wax Rd., Box 1452, Maple Valley, WA 98038, King Co.

under KRS 209.030 and as a fiduciary under valid Trust and POA instruments—in order to deny Plaintiffs all access to all Kentucky courts and to **obstruct elder abuse recovery. Patricia Morris's fraudulent felony accusation is also proven by Defendant Susan Wilson's legally binding and conclusive judicial admissions of Plaintiffs' legal standing, Defendant's liability, and Defendant's damages.** See **PX-12, PX-51, PX-55, PX-56.**

2034. This denial was executed **without jurisdiction**, violated Plaintiffs' constitutional rights and statutory rigbts, and directly benefited Defendant, who remained **unjustly enriched** as a result. The fraudulent accusation by Judge Morris occurred **19 days prior** to Defendant Wilson being legally served by the Jefferson County Sheriff. When filing the Complaint, Plaintiffs paid the mandatory $60 fee directly to the Jefferson Circuit Court Clerk to have legal service by the Sheriff executed immediately.

2035. The timing and coordination of this judicial obstruction before lawful service—despite the court's active role in facilitating Wilson's service—demonstrates an **ultra vires abuse** of office by Morris to shield Wilson from litigation and to obstruct and block all statutory recovery.

2036. Direct communication between Wilson and Morris does **not** need to be proven to establish complicity under KRS 502.020 and conspiracy under 42 U.S.C. § 1985(2)-(3) . The judicial act of denying Plaintiffs all court access functioned as **an overt act in furtherance of a shared unlawful objective** to obstruct justice and to illegally protect Wilson from liability, in violation of 42 U.S.C. §§ 1983, 1985(2)-(3) and in Violation of the First, Seventh, and Fourteenth Amendments, and the Supremacy Clause, Art. VI, Cl. 2.

2037. Plaintiffs incorporate by reference in full detail all liability for **similar "Claims for Relief VI and V." Claims for Relief VI and V** are legally binding and conclusive based on

Defendant's judicial admissions of liability in Kentucky Case No. 25-CI-001371 pursuant to CR 8.04 and 28 U.S.C. § 1367(a).

2038A. Susan Wilson was and is **complicit** with and conspired with judge Morris or Patricia Morris, who was and is **acting in the absence of jurisdiction.** See Rankin v. Howard, 633 F. 2d 844 (9th Circuit 1980) and United States v. Dugan, 2:25-cr-00089 (E.D. Wis. 2025); Also refer to all details in SECTION XII for evidence against Morris, and also for evidence of systemic corruption.

2038B. **I. Adjudicative Facts — Established From Wilson's CR 8.04 Default**

**Adjudicative Fact 1 — Wilson Admitted Tortious Interference With Doris's Slip and Fall Recovery — Paragraph 355, number 50:** Wilson admitted — through her failure to deny paragraph 355, number 50 of Kentucky case 25-CI-001371 — that her tortious interference with Edward's and Doris's contractual rights included interfering with Doris recovering damages from her slip and fall --- framed under elder abuse --- at Morning Pointe of Louisville — which caused a left tibia fracture requiring orthopedic surgery at Baptist Hospital on or about October 15, 2021 — subsequent rehabilitation at Sam Swope Rehabilitation Center — postoperative delirium rendering Doris unable to participate in any deposition as confirmed by Dr. Madhusudhan R. Yakkanti MD on November 10, 2021 — and many months of rehabilitation — through her failure to deny this averment. This is a legally binding and conclusive CR 8.04 admitted adjudicative fact establishing Wilson's direct liability for Doris's inability to pursue and recover the compensation she would otherwise have received from Morning Pointe.

2038C. **Adjudicative Fact 2 — Wilson Admitted Liability for Full Recovery of What Doris Would Have Received From Morning Pointe — Paragraph 355, number 51:** Wilson admitted — through her failure to deny paragraph 355, number 51 of Kentucky case 25-CI-

001371 — that a judgment against Wilson is warranted for recovery of what Doris would have received as compensation for her slip and fall --- framed under elder abuse --- at Morning Pointe — under KRS 209.020(4)(8)(16) Elder Abuse — documented in PX-2 statement of fact 102 — through her failure to deny this averment. This establishes two simultaneous admitted adjudicative facts — first that the slip and fall constitutes elder abuse under three specific and independent KRS 209.020 subsections simultaneously — and second that Wilson is liable for the full amount Doris would have received from Morning Pointe as compensation for that slip and fall — making Wilson liable not just for her own direct misconduct --- but for the full lost recovery value --- that her tortious interference prevented Doris from obtaining.

2038D. **Adjudicative Fact 3 — The Slip and Fall Constitutes Elder Abuse Under KRS 209.020(4)(8) and (16) — Three Independent Statutory Bases Simultaneously:** Wilson admitted — through her failure to deny paragraph 355, number 51 — that the slip and fall at Morning Pointe constitutes elder abuse under KRS 209.020(4) — KRS 209.020(8) — and KRS 209.020(16) simultaneously — through her failure to deny this averment. Each subsection is an independently admitted elder abuse basis — making Wilson's liability established under three separate and independent statutory grounds from her own CR 8.04 default.

2038E. **Adjudicative Fact 4 — Dr. Yakkanti's November 10, 2021 Medical Note Establishes Postoperative Delirium and Inability to Testify:** Dr. Madhusudhan R. Yakkanti MD confirmed on November 10, 2021 that Doris Colgate had been under his care for a left tibia fracture since October 15, 2021 — that she was originally managed with surgery at Baptist Hospital — subsequently transferred to Sam Swope Rehabilitation Center — that she had postoperative delirium — and that in his best medical opinion she was and would be unable to give a deposition at that stage. Dr. Yakkanti never signed any subsequent approval for Doris to

participate in a deposition. This medical note — signed by a treating physician — establishes postoperative delirium — surgical harm — neurological harm and inability to testify as documented adjudicative facts from an authenticated medical record.

2038F. **Adjudicative Fact 5 — Wilson Admitted Complicity With Morning Pointe and Debbi Hall in Obstructing Elder Abuse Recovery:** Wilson admitted — through her failure to deny the averments/allegations/adjudicative facts in Kentucky case 25-CI-001371 — complicity under KRS 502.020 in the obstruction of Doris's elder abuse recovery — including complicity with Morning Pointe of Louisville and Debbi Hall — VP at Morning Pointe — who was notified of other elder abuse of Doris Colgate --- on August 22, 2020 by Edward Colgate --- and who (Debbi Hall) refused and failed to report — making Wilson jointly and severally liable through KRS 502.020 for the full value of Doris's obstructed slip and fall recovery — through her failure to deny this averment.

2038G. **Adjudicative Fact 6 — Simultaneous Dual Facility Billing as Admitted Component of Elder Abuse:** Wilson admitted — through her failure to deny the /allegations/adjudicative facts in Kentucky case 25-CI-001371 — that simultaneous billing of more than one facility — Morning Pointe of Louisville and Sam Swope Rehabilitation Center simultaneously — constitutes a component of the elder abuse and deliberate obstruction of Doris's recovery — through her failure to deny this averment — with the specific billing amounts to be established through Rule 45 subpoenas to Morning Pointe and Sam Swope.

2038H. **II. The Three Liability Components: Component 1 — Direct Tortious Interference Liability for the Economic Value of the Obstructed Morning Pointe Recovery:** Wilson's first and most direct liability component is the economic value of the Morning Pointe slip and fall recovery that Wilson's tortious interference prevented Doris from obtaining — admitted through

CR 8.04 default in paragraph 355, number 50. This is not a claim against Morning Pointe in this complaint — it is a claim against Wilson specifically for the economic value of the recovery she prevented. Whatever Morning Pointe would have been required to pay Doris as compensation for the slip and fall — the surgery — the rehabilitation — the postoperative delirium — and its long-term cognitive and neurological consequences — is Wilson's direct tortious interference liability — admitted from Wilson's own CR 8.04 default.

2038I. **Component 2 — KRS 502.020 Complicity Liability — Joint and Several — For Wilson's, Morning Pointe's, and Debbi Hall's Refusal to Report:** Wilson's second liability component is KRS 502.020 complicity liability for Morning Pointe's and Debbi Hall's refusal to report the elder abuse — making Wilson jointly and severally liable for the full value of Doris's obstructed recovery through the conspiracy and complicity framework --- admitted through CR 8.04 default. Debbi Hall was notified of other elder abuse of Doris Colgate --- on August 22, 2020 — refused and failed to report — and continued in complicity with Wilson from March 1, 2020 through the present — in violation of KRS 209.020(4)(7)(8)(9)(16) — KRS 209.030(2) — KRS 209.050 — KRS 502.020 — KRS 209.990(1) through (6) — and KRS 446.070 (civil recovery). Wilson's KRS 502.020 complicity with this refusal to report --- makes Wilson jointly and severally liable through the same statutory framework --- admitted through her own CR 8.04 default.

2038J. **Component 3 — Obstruction of Elder Abuse Recovery Causing Unjust Enrichment — KRS 209.020(4)(8)(16) and KRS 446.070:** Wilson's third liability component is obstruction of elder abuse recovery under KRS 209.020(4)(8)(16) — converted to civil recovery under KRS 446.070 — with Wilson's unjust enrichment flowing from her retention of Doris's assets through the forged POA --- while simultaneously preventing Doris from recovering the Morning Pointe

compensation that would have been independently available to Doris's estate. Each of the three KRS 209.020 subsections — (4) — (8) — and (16) — is an independently admitted elder abuse basis generating an independent KRS 446.070 civil recovery event — making Wilson's obstruction of the slip and fall recovery a three-statute simultaneously admitted civil liability — all from Wilson's own CR 8.04 default.

2038K. **III. The Precise Relief and Damages Demand:** Entry of judgment against Susan Wilson for the following relief arising from Wilson's admitted tortious interference with Doris Colgate's slip and fall recovery at Morning Pointe of Louisville — Wilson's admitted KRS 502.020 complicity with Morning Pointe and Debbi Hall in refusing to report elder abuse — and Wilson's admitted obstruction of Doris's elder abuse recovery under KRS 209.020(4)(8)(16) and KRS 446.070.

**First** — compensatory special damages for surgical costs at Baptist Hospital for the left tibia fracture surgery on or about October 15, 2021 — rehabilitation costs at Sam Swope Rehabilitation Center — simultaneous dual facility billing at Morning Pointe of Louisville during the rehabilitation period — and ongoing medical and neurological care costs — in amounts to be established through Rule 45 subpoenas to Baptist Hospital — Sam Swope Rehabilitation Center — and Morning Pointe of Louisville. **Second** — compensatory general damages for pain and suffering — postoperative delirium and its documented long-term cognitive and neurological consequences established from Dr. Yakkanti's November 10, 2021 medical note — prolonged isolation — confusion — mental anguish — physical deterioration — accelerated cognitive decline — increased future care costs attributable to the delirium — and loss of quality of life in Doris Colgate's remaining years — in an amount no less than **$2,975,000.00.** **Third** — recovery of the full economic value of what Doris Colgate would have

received as compensation from Morning Pointe of Louisville for the slip and fall — surgery — rehabilitation — postoperative delirium — and long-term neurological consequences — in amounts to be established through expert testimony and billing records at trial — with Wilson directly liable for the full lost recovery value through her admitted tortious interference. **Fourth** — punitive damages of no less than nine times compensatory damages and up to forty times compensatory damages — based on six simultaneously present reprehensibility factors — extreme victim vulnerability of an 89-year-old cognitively impaired patient — deliberate concealment and cover-up — systemic pattern of abuse and obstruction — non-quantifiable neurological harm rendering Doris unable to testify — harm making detection difficult — and retaliatory obstruction prolonging Doris's pain and mental anguish. **Fifth** — all amounts to be trebled under 18 U.S.C. §1964(c) to the extent they constitute RICO damages arising from the pattern of racketeering activity established herein. The precise amount of all components will be established through medical records — billing records — and expert testimony at trial — with $2,975,000.00 representing the minimum compensatory floor supportable from the documented facts currently available.

2038L. **IV. The Unjust Enrichment Specific Connection:** The unjust enrichment connection between Wilson's forged POA fraud and the obstructed Morning Pointe recovery is the most precise and legally powerful element of this claim — because it establishes that Wilson's unjust enrichment is compounded, rather than simple — operating simultaneously through two independent mechanisms both admitted through CR 8.04.

2038M. **Unjust Enrichment Mechanism 1 — Retention of Doris's Existing Assets Through the Forged POA:** Wilson obtained a forged POA over Doris's assets — admitted through CR 8.04 in 25-CI-001371's Count/Claim for Relief XXX (Forgery). While holding that fraudulent

authority — Wilson fraudulently retained control over Doris's assets — fraudulently producing unjust enrichment from Doris's fraudulently obtained assets. This is a primary unjust enrichment established throughout the complaint. The $540,185.41 legally binding and conclusive admitted damages floor regarding special damages already established --- trebled to $1,620,556.23 under RICO --- is the floor relief that Doris and Edward are entitled to.

2038N. **Unjust Enrichment Mechanism 2 — Prevention of the Morning Pointe Recovery That Wilson Knew Doris Was Entitled To:** While simultaneously holding the fraudulent POA and retaining Doris's existing assets — Wilson tortiously interfered with Doris's ability to recover the Morning Pointe slip and fall compensation — admitted through CR 8.04 in paragraph 355, number 50. This prevention of a separate and independent recovery stream — which would have added to Doris's assets independently of everything that Wilson had already fraudulently taken --- constitutes a second and compounding unjust enrichment. Wilson retained what Doris had — and prevented Doris from obtaining what she would additionally have received from Morning Pointe — making Wilson's unjust enrichment the sum of both — the existing assets retained through the forged POA and the Morning Pointe recovery prevented through tortious interference.

2038O. **The Combined Unjust Enrichment Statement:** Wilson's unjust enrichment is doubly established from her own CR 8.04 admissions. Wilson admitted retaining Doris's existing assets through a forged and invalid power of attorney — generating the $540,185.41 admitted damages floor --- trebled to $1,620,556.23 under RICO. Wilson additionally admitted tortiously interfering with Doris's ability to recover the Morning Pointe slip and fall compensation — preventing a separate and independent recovery stream that would have added to Doris's assets independently of the forged POA fraud. Wilson's unjust enrichment is therefore the sum of both


Edward Colgate 22023 SE Wax Rd., Box 1452, Maple Valley, WA 98038, King Co.

mechanisms simultaneously — the fraudulently retained existing assets and the prevented additional recovery making Wilson's total unjust enrichment greater than either mechanism alone — and making Wilson's liability for the Morning Pointe obstructed recovery --- not just an additional separate claim --- but a compounding element of the same unjust enrichment scheme that Wilson admitted through CR 8.04 default in Kentucky case 25-CI-001371.

2039A. The **Damages Demand:** Plaintiffs accordingly respectfully demand immediate entry of judgment as to liability, and a corresponding award of $540,185.41 based on legally conclusive and binding judicially admitted damages from case 25-CI-001371, which is separate from and in addition to the further **$2,975,000.** Plaintiffs further seek/demand compensatory monetary damages and general damages in excess of **$2,975,000.00 --- trebled to $8,925,000** --- and punitive damages in an amount no less than 9 times --- **$26,775,000** --- and up to 40 times damages --- for Doris Colgate's physical and neurological harm, deliberate isolation, obstruction of elder abuse recovery, and retaliatory actions that obstructed and deprived Doris Colgate of her constitutional rights under the Fourteenth Amendment and statutory protections under KRS Chapter 209. The abuse and obstruction --- caused by Defendant's conspiracy and complicity with others, prolonged elder pain, trauma, and mental anguish --- justify Special damages (economic) and General damages (pain/suffering) and Punitive damages in the aforementioned amounts. Refer to the **adjudicative facts above and the additional reasoning and rationale above.** Plaintiffs also demand declaratory and injunctive relief to prevent the continuing abuses. **Plaintiffs assert 18 U.S.C. §1503—obstruction of the due administration of justice --- 18 U.S.C. §1349--RICO Attempt and conspiracy --- and** 18 U.S.C. §1512, §1513, §1343 **--- as predicate acts under 18 U.S.C. §1961---1964(c)**---for **treble damages.**

2039B. This Claim for Relief --- incorporating 18 U.S.C. §1512, §1513, §1343, §1349, §1503 under 18 U.S.C. §1961---1964(c) --- consists of **consequential harms flowing from the same RICO pattern** — recoverable as supplemental damages --- alongside the primary RICO property injury/ damages --- and alongside the primary RICO obstruction of the due administration of justice damages. The obstruction of Plaintiffs' recovery of the elder abuse damages and recovery of other damages established in Claims XXXVI, XXXVII, LXI, LXXXIX, XC, XCI, XCII, XCVI, XCVII, LXVIII through LXXXVIII, and XCVIII through CII (102) — constitute independent predicate acts. Plaintiffs incorporate by reference in full Claims for Relief **LXXXIV and LXXXVIII.**

2039C. This claim for relief is asserted independently under Kentucky law and 28 U.S.C. §1367 and 42 U.S.C. §1983 — and 42 U.S.C. §1985(2)-(3) as a standalone claim for compensatory and punitive damages --- fully established from Wilson's legally binding and conclusive CR 8.04 admissions --- independently of any RICO characterization — entitling Plaintiffs to full compensatory and punitive relief on this claim --- regardless of whether the court accepts the RICO predicate characterization. Pursuant to FRCP 8(d)(2) --- this claim for relief is pleaded as an alternative to and in addition to the RICO framework — ensuring full recovery under one or both legal theories that the court accepts — with the RICO treble damages constituting additional mandatory relief on top of the standalone compensatory and punitive damages --- rather than a substitute for them. Plaintiffs incorporate by reference in full detail--paragraphs 2631A through 2631M. Court employees have fraudulently attempted to deceive Plaintiff through phone and internet phone interstate communications --- audio recorded and transcribed. Plaintiff asserts many documented electronic communications notifying judges and court employees that Plaintiff was being targeted in Washington State. Plaintiffs also incorporate by reference in full detail PX-

129, PX-136, PX-158. PX-159, PX-160, PX-48, PX-49, PX-129 through PX-133, PX-136, PX-137 through PX-154, PX-143 --- supports the fraud and also supports the fraudulent effective destruction of records related to Eric Haner, Susan Gibson, and others. Plaintiffs assert and incorporate by reference in full the following regarding the **broad definition of an associated-in-fact enterprise --- in support of Plaintiffs' Actionable under---RICO predicate acts herein: Odom v. Microsoft Corp., 486 F. 3d 541 - Court of Appeals, 9th Circuit 2007 and United States v. Turkette, 452 US 576 - Supreme Court 1981 in Section XX.**

2040. The **foregoing constitutes Plaintiffs' short and plain statement of this claim for relief** in compliance with Fed. R. Civ. P. 8(a)(2).

2041. Additionally, The Defendant's **legally binding and conclusive, judicially admitted participation in forged legal documents/instruments** has resulted in **continuous**, unlawful **tortious interference** with Trustee Edward Colgate's administration of **The Colgate Family Living Trust dated January 29, 2020**, with **each day since March 1, 2020**, constituting a **new act of fraudulent obstruction** and fiduciary harm/injury. This Claim for Relief is pled under a continuing tort doctrine, as Defendant's obstruction of Trustee Edward Colgate's fiduciary duties and Trustee recovery rights under the Trust constitutes an ongoing violation, with each day renewing the harm/injury and tolling all applicable statutes of limitation. Additionally, **each day that Defendant Wilson, Patricia Morris, Morning Pointe of Louisville, and Debbi Hall refuse and fail to report their own elder abuse and tortious fiduciary interference related to said elder abuse under KRS 209.030(2), KRS 209.990(1), and KRS 446.070---constitutes a new statutory violation**, which further tolls all relevant statutes of limitation under Kentucky and federal law.

2042. Each day that Judge Morris's and other judges' **fraudulent felony accusations remain embedded in void ab initio orders** constitutes a continuing denial of all Kentucky court access and systemic obstruction of justice in violation of 42 U.S.C. §§ 1983 and 1985(2)-(3), and the First, Seventh, and Fourteenth Amendments. Their collective refusal to report their own and each other's illegal or fraudulent actions under **KRS 26A.080 and KRS 209.030** perpetuates retaliatory elder abuse under **KRS 209.050**, renewing the constitutional and statutory harm/injury daily and **tolling all applicable statutes of limitation** under the continuing tort doctrine.

2043. **No state or federal court in the United States has ever attempted to bar, obstruct, or deny a civil plaintiff from all court access across an entire state by fraudulently accusing them of felonies.** The absurdity and illegality of such an act is so blatant that it has never been attempted by any judge in any jurisdiction. Adding to the absurdity and illegality is the fact that the Defendant had not been legally served yet. Jefferson Circuit Court is the first to attempt this type of illegal act or fraud, which is retaliatory under KRS 209.050, KRS 209.030, KRS 209.990, KRS 26A.015(2), and is an attempt to intimidate and tamper with a witness, which is also a violation of 42 U.S.C. §§ 1983 and 1985(2)-(3).

**CLAIM FOR RELIEF XC**--(Also a Count and Cause of Action) — Defendant's Complicity and **Conspiracy in Civil Rights Violations under 42 U.S.C. § 1983 and § 1985 and in Conspiracy under RICO Predicate Acts** --- Through Defendant's Complicity and Conspiracy With One or More Judges (without jurisdiction) — the Elected Jefferson Circuit Court Clerk — Jefferson Circuit Court Clerk's Office Employees — Administrative Office of the Courts Employees — Court Administrators — Staff Attorneys — Acting Under Color of State Law --- and Through Defendant's Complicity and Conspiracy With Private Citizens and Entities —

Individually or in Any Combination --- **Obstruction and Deprivation of Plaintiffs' Rights under Color of Statute, Ordinance, Regulation, Custom, Usage — The State of Kentucky, Jefferson Circuit Court of Kentucky, and Chief Justice Lambert Caused Plaintiffs to be Subjected to---and Continues to Cause Plaintiffs to be Subjected to the Deprivation** of **Their Rights, Privileges, and Immunities Secured by the Constitution and Laws; Caused Plaintiffs, Including but not limited to, to be Denied, Obstructed, and Deprived of All Court Access in the State of Kentucky, Obstructing/ Depriving Plaintiffs' Recovery, Enabling/ Causing Defendant's and Others' Unjust Enrichment; Connected with Obstruction of Plaintiff's Fiduciary Duties, Rights, and Recovery;** Plaintiffs incorporate by reference in full detail all KRS 26A.015(3)(a) and KRS 26A.020 violations by Chief Justice Debra Hembree Lambert herein this Complaint; Supported by Rankin v. Howard, 633 F. 2d 844 (9th Circuit 1980) and US v. Dugan; Actionable under all aforementioned legal authority and under KRS 30A.080(1)-(3), KRS 61.870---61.884, CR 77.04(1)-(2)-(3), CR 5.02(1)-(2), CR 5.01, CR 5.03, KRS 209.030(2), KRS 502.020, SCR 1.040(3)(c)-(4)(a), KRS 209.050, KRS 209.020, KRS 209.990, KRS 522.020, KRS 26A.080, KRS 26A.020, KRS 26A.015(2)(a)-(e)-(3)(a), **KRS 446.070**, KRS 386B.8-010, KRS 386B.1-010(1), KRS 386B.8-180(1)(a), KRS 386B.4-100, FRCP 17(a)(1)(E), KRS 457.350(1)-(2), 28 U.S.C. § 1367(a), 28 U.S.C. § 1331, 28 U.S.C. § 1343, 42 U.S.C. § 1985(2)-(3), the First, Seventh, and Fourteenth Amendments, and the Supremacy Clause, Art. VI, Cl. 2; and **under all claims for relief herein this complaint**; And under **Legally Binding and Conclusive** Judicial Admissions of Liability and Damages pursuant to CR 8.04, 28 U.S.C. § 1367(a); (Conspiracy and Complicity with Full Liability); Causing/enabling Harm/Injury/unjust enrichment.

2044. Plaintiffs reassert and incorporate by reference in full detail all of Section XII: Master Comprehensive Incorporation of Exhibits, Evidentiary Foundation, Jurisdictional Foundation, Record of Judicial Misconduct, Systemic Civil Rights Obstruction, Denial of All Access to All Kentucky Courts, Constitutional and Federal Enforcement Framework, the Supremacy Clause (Art. VI, Cl. 2), and all preceding paragraphs as though fully restated and fully set forth herein this claim for relief/relief entitled to-sought-demanded. Plaintiffs further assert all of the following:

**Plaintiffs hereby assert the following "Short and Plain Statement" (Fed. R. Civ. P. 8(a)(2)):**

2045. Plaintiffs reassert and incorporate by reference in full detail all prior paragraphs, including all facts, all statutory violations, and all legally binding and conclusive judicial admissions of liability and damages in Kentucky State case 25-CI-001371 against Susan Wilson. See PX-51, PX-55, PX-56.

2046. Plaintiffs reassert and incorporate by reference in full detail all legally binding and conclusive judicial admissions of liability and damages in cases 25-CI-001371, 25-CI-001568, 25-CI-001795, 25-CI-001796, 25-CI-001121, with cases 25-CI-001568, 25-CI-001795, 25-CI-001796, 25-CI-001121 **facially fully supporting case 25-CI-001371 (Refer to PX-51 through PX-62 and PX-96, PX-95)**, as though fully restated and fully set forth herein this claim for relief/relief entitled to-sought-demanded.

2047. **Legal Integration: Supplemental, federal question, and civil rights jurisdiction** is applied to **Claim for Relief XC that independently states a federal claim for relief** under --- Defendant's Complicity and **Conspiracy in Civil Rights Violations under 42 U.S.C. § 1983 and § 1985 and in Conspiracy under RICO Predicate Acts** --- Through Defendant's Complicity and Conspiracy With One or More Judges (without jurisdiction) — the Elected

Jefferson Circuit Court Clerk · Jefferson Circuit Court Clerk's Office Employees — Administrative Office of the Courts Employees — Court Administrators — Staff Attorneys — Acting Under Color of State Law --- and Through Defendant's Complicity and Conspiracy With Private Citizens and Entities — Individually or in Any Combination --- **Obstruction and Deprivation of Plaintiffs' Rights under Color of Statute, Ordinance, Regulation, Custom, Usage — The State of Kentucky, Jefferson Circuit Court of Kentucky, and Chief Justice Lambert Caused Plaintiffs to be Subjected to---and Continues to Cause Plaintiffs to be Subjected to the Deprivation** of **Their Rights, Privileges, and Immunities Secured by the Constitution and Laws; Caused Plaintiffs, Including but not limited to, to be Denied, Obstructed, and Deprived of All Court Access in the State of Kentucky, Obstructing/ Depriving Plaintiffs' Recovery, Enabling/ Causing Defendant's and Others' Unjust Enrichment; Connected with Obstruction of Plaintiff's Fiduciary Duties, Rights, and Recovery;** Supported by Rankin v. Howard, 633 F. 2d 844 (9th Circuit 1980) and US v. Dugan; Actionable under all aforementioned legal authority and under KRS 30A.080(1)-(3), KRS 61.870---61.884, CR 77.04(1)-(2)-(3), CR 5.02(1)-(2), CR 5.01, CR 5.03, KRS 209.030(2), KRS 502.020, SCR 1.040(3)(c)-(4)(a), KRS 209.050, KRS 209.020, KRS 209.990, KRS 522.020, KRS 26A.080, KRS 26A.020, KRS 26A.015(2)(a)-(e)-(3)(a), KRS 446.070, KRS 386B.8-010, KRS 386B.1-010(1), KRS 386B.8-180(1)(a), KRS 386B.4-100, FRCP 17(a)(1)(E), KRS 457.350(1)-(2), 28 U.S.C. § 1367(a), 28 U.S.C. § 1331, 28 U.S.C. § 1343, 42 U.S.C. § 1985(2)-(3), the First, Seventh, and Fourteenth Amendments, and the Supremacy Clause, Art. VI, Cl. 2; and **under all claims for relief herein this complaint**; And under **Legally Binding and Conclusive** Judicial Admissions of Liability and Damages pursuant to CR 8.04, 28 U.S.C. § 1367(a); (Conspiracy and Complicity with Full Liability); Causing/enabling Harm/Injury/unjust

enrichment. **Claim for Relief XC** incorporates**, in part,** the same set of facts, harms/injuries, and legally binding and conclusive judicial admissions now as a basis for federal relief, including but not limited to punitive damages. Defendant and others continue their elder abuse of Doris Colgate each and every day they refuse/fail to report themselves and others for elder abuse. Plaintiffs incorporate by reference in full detail **Sections XVIII, XIX, XXXVI, XXVI, XXX, XXXII, XXVIII, XXIX, XXXI, XXXV, XXVII, XXXVII, PX-63 through PX-87,** PX-42 through PX-49, PX-108, all 167 Exhibits, and the **First through the Fourteenth FRE 201 Judicial Notices** of judicially **noticed adjudicative facts,** which include approximately **1,044 total adjudicative facts,** including approximately **322 adjudicative facts** supporting **jurisdiction** in the U.S. District Court for the Western District of Washington; **FRE 201 Adjudicative Facts in Judicial NOTICES --- 2 through 8, 10, and 12 --- fully support jurisdiction.** All aforementioned incorporations provide **100% certainty** of fraudulently assigned judges and fraudulently assigned case numbers --- prior to the legal filings by Plaintiffs of all 10 of their year-2025 cases ---- with all 10 cases being illegally and fraudulently filed and processed --- by a non-existent/ non-payroll name in year-2025 --- which did not generate a legal random judge assignment and which did not generate a legal case number assignment --- and thereby provides 100% certainty that Kentucky judges NEVER had jurisdiction and NEVER will have jurisdiction. Plaintiffs assert Rankin v. Howard, 633 F. 2d 844 (9th Circuit 1980) and United States v. Dugan, 2:25-cr-00089 (E.D. Wis. 2025) regarding judges without jurisdiction. Plaintiffs incorporate by reference in full detail all KRS 26A.015(3)(a) and KRS 26A.020 violations by Chief Justice Debra Hembree Lambert herein this Complaint.

2048. Plaintiffs assert relief entitled to and demanded pursuant to 42 U.S.C. § 1983: Defendant **"shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress."**

2049. Plaintiffs incorporate by reference in full detail Claims for Relief **LXII through LXVII as though fully set forth herein this Claim for Relief.** The prejudicial, obstructive, and **deprivation violations set forth in Claims for Relief LXII through LXVII have directly** obstructed/**deprived Plaintiffs' all court access** in Kentucky **to prosecute Claims for Relief I through CII (1 through 102),** causing, and continuing to cause **irreparable harm to** Plaintiffs' access to courts, legal recovery, and the due administration of justice.

2050. Judges (Without Jurisdiction), Court Administrators, Staff Attorneys, the Court Clerk, and the Court Clerk's employees have knowingly and intentionally obstructed/ deprived Plaintiffs' legal process in violation of federal constitutional and statutory rights, depriving Plaintiffs' recovery. Plaintiffs also incorporate by reference in full detail **Section XXXIX** and the **Twelfth FRE 201 NOTICE --- regarding interstate transfers.**

2051. Defendant Wilson has **legally binding and conclusive judicial admissions of Forgery/Complicity in Forgery** with full liability regarding legal documents dated on or near 3-4-2020, and later, including but not limited to a power of attorney document, a trust revocation document, a Will, and/or a document fraudulently removing Doris Colgate's real estate, located at 410 Wisteria Avenue, Jefferson County, from the Trust.

2052. Defendant Susan Wilson was and is complicit in a scheme and conspired in a scheme with Judge Patricia Morris, whereby Judge Morris weaponized a **knowingly false and fraudulent felony accusation** of "unauthorized practice of law" against pro se Plaintiffs—who were acting lawfully under KRS 209.030(2) and as a fiduciary under valid Trust and POA instruments—in

order to deny Plaintiffs all access to all Kentucky courts and to **obstruct elder abuse recovery. Patricia Morris's fraudulent felony accusation is also proven by Defendant Susan Wilson's legally binding and conclusive judicial admissions of Plaintiffs' legal standing, Defendant's liability, and Defendant's damages.** See **PX-12, PX-51, PX-55, PX-56. Facially, tbe intent** of said accusations in an order was/is to retaliate and to deny all court access.

2053. This denial was executed **without jurisdiction**, violated Plaintiffs' constitutional rights and statutory rights, and directly benefited Defendant, who remained **unjustly enriched** as a result. The fraudulent accusation by Judge Morris occurred **19 days prior** to Defendant Wilson being legally served by the Jefferson County Sheriff. When filing the Complaint, Plaintiffs paid the mandatory $60 fee directly to the Jefferson Circuit Court Clerk to have legal service by the Sheriff executed immediately.

2054. The timing and coordination of this judicial obstruction before lawful service—despite the court's active role in facilitating Wilson's service —demonstrates an **ultra vires abuse** of office by Morris to shield Wilson from litigation and to obstruct and block all statutory recovery.

2055. Direct communication between Wilson and Morris does **not** need to be proven to establish complicity under KRS 502.020 and conspiracy under 42 U.S.C. § 1985(2)-(3) . The judicial act of denying Plaintiffs all court access functioned as **an overt act in furtherance of a sbared unlawful objective** to obstruct justice and to illegally protect Wilson from liability, in violation of 42 U.S.C. § 1983--§ 1985(2)-(3) and in Violation of the First, Seventh, and Fourteenth Amendments, and the Supremacy Clause, Art. VI, Cl. 2.

2056. Plaintiffs incorporate by reference in full detail Defendant's legally binding and conclusive judicial admissions of liability in Kentucky Case No. 25-CI-001371 pursuant to CR 8.04 and 28 U.S.C. § 1367(a).

2057. Susan Wilson was/is **complicit** witb and **conspired** with judge Morris or Patricia Morris, who was and is **acting in the absence of jurisdiction.** See **Rankin v. Howard, 633 F. 2d 844 (9th Circuit 1980) and US v. Dugan;** Also refer to **all details in SECTION XII for evidence against Morris, and also for evidence of systemic corruption.**

2058A. Plaintiffs accordingly respectfully demand immediate entry of judgment as to liability and a **corresponding award of all total dollar amounts cited in Claims for Relief I through CII (1 through 102) based on citations of 42 U.S.C. § 1983--§ 1985 in Claims for Relief XXXII through CII (32 through 102).** Plaintiffs assert: The **Defendant's complicity in and conspiracy in elder abuse** (both **financial and physical harm and injury) of Doris Colgate--- by Susan Wilson,** Lori Fox, Michelle Burkhead, Cristal Fox, Ray Wilson, Jude McConnell, Florence Bisig, Julie Bisig, Jeanette/Jenette/Janette Bisig, Paul Kevin Ford, and others cited above --- **mandates reporting of elder abuse under KRS 209.030(2) --- and justifies high punitive dollar awards.** Plaintiffs incorporate by reference in full detail--paragraphs 2631A through 2631M. Court employees have fraudulently attempted to deceive Plaintiff through phone and internet phone interstate communications --- audio recorded and transcribed. Plaintiff asserts many documented electronic communications notifying judges and court employees that Plaintiff was being targeted in Washington State. Plaintiffs also incorporate by reference in full detail PX-129, PX-136, PX-158. PX-159, PX-160, PX-48, PX-49, PX-129 through PX-133, PX-136, PX-137 through PX-154, PX-143 --- supports the fraud and also supports the fraudulent effective destruction of records related to Eric Haner, Susan Gibson, and others.

2058B. **The Damages Demand and Relief Demand:** Plaintiffs accordingly respectfully demand the following: Entry of judgment as to liability and a corresponding award of all of the following for this claim for relief: **Based on the fraudulent obstruction and deprivation of all**

**recovery, Damages Awards are as Follows:** Combined for Edward Colgate and Doris Colgate: **$540,185.41** Awarded for Special damages--legally binding and conclusive--admitted as a sum-certain-—under substantive CR 8.04; **$1,620,556.23** Awarded for Treble damages; **$4,861,668.69** Awarded for Punitive damages no less than 9 times damages --- and up to 40 times damages. Doris Colgate: **$2,975,000.00** --- Claims for Relief LXXXIX and VI and XXXVII; **$8,925,000.00** Awarded for Treble damages; **$26,775,000.00** Awarded for Punitive damages no less than 9 times damages---and up to 40 times damages; **$750,000.00** Awarded for Claims for Relief V and XXXVI; **$2,250,000.00** Awarded for Treble damages; **$6,750,000.00** Awarded for Punitive damages no less than 9 times damages --- and up to 40 times damages; **$79,000.00** Awarded for Claim for Relief C --- 100; **$237,000.00** Awarded for Treble damages; **$711,000.00** Awarded for Punitive damages no less than 9 times damages --- and up to 40 times damages; **$49,665.00** Awarded for Claims for Relief CI—100--promissory notes/loans; **$148,995.00** Awarded for Treble damages; **$446,985** Awarded for Punitive damages no less than 9 times damages --- and up to 40 times damages; Doris Colgate continued: Range from **$500,000.00 To $1,500,000.00** Awarded --- Claims for Relief XCVI --- IIED; Doris Colgate Range from **$1,500,000.00 To $4,500,000.00** Awarded for Treble damages; Doris Colgate Range from **$4,500,000.00 To $13,500,000.00** Awarded for Punitive damages no less than 9 times damages --- and up to 40 times damages; Edward Colgate Range from **$250,000.00 To $750,000.00** Awarded for --- Claims for Relief XCVI --- IIED and fraudulent Deprivation of familial relationship; Edward Colgate Range from **$750,000.00 To $2,250,000.00** Awarded for Treble damages; Edward Colgate Range from **$2,250,000.00 To $6,750,000.00** Awarded for Punitive damages no less than 9 times damages --- and up to 40 times damages; Edward Colgate Range from **$500,000.00 To $2,000,000.00** Awarded for --- Claims for Relief XCVII---IIED--


Edward Colgate 22023 SE Wax Rd., Box 1452, Maple Valley, WA 98038, King Co.

-Wrongful Death; Edward Colgate Range from **$1,500,000.00 To $6,000,000.00** Awarded for Treble damages; Edward Colgate Range from **$4,500,000.00 To $18,000,000.00** Awarded for Punitive damages no less than 9 times damages --- and up to 40 times damages; Edward Colgate Range from **$500,000.00 To $3,000,000.00** Awarded for --- Irreversible Deprivation of Familial Relationship; Edward Colgate Range from **$1,500,000.00 To $9,000,000.00** Awarded for Treble damages; Edward Colgate Range from **$4,500,000.00 To $27,000,000.00** Awarded for Punitive damages no less than 9 times damages --- and up to 40 times damages; Edward Colgate's **Compounded IIED** damages awards --- **Irreversible Deprivation Compound;** Edward Colgate **Range** from no less than **$250,000 times 2 and times 4** and **up to $750,000 times 2 and times 4** Awarded for --- **Compounded IIED** damages awarded to Edward Colgate if Doris Colgate's death; Edward Colgate Range from **$500,000.00 To $1,000,000.00** --- and **up to $1,500,000.00 To $3,000,000.00** Awarded for --- Compounded IIED damages awards to Edward Colgate if Doris Colgate's death; Edward Colgate Range from **$4,500,000.00 To $9,000,000.00** Awarded for Trebled damages; Edward Colgate Range from **$13,500,000.00 To $27,000,000.00** Awarded for Punitive damages no less than 9 times damages --- and up to 40 times damages. Edward Colgate: **$50,138.68** Awarded for Special Damages--legally binding and conclusive--admitted as a sum-certain—under substantive CR 8.04; Edward Colgate: **$150,416.04** Awarded for Treble damages; Edward Colgate: **$451,248.12** Awarded for Punitive damages no less than 9 times damages --- and up to 40 times damages; Edward Colgate: **$48,600.00** Awarded for Time and Energy damages admitted under legally hinding substantive CR 8.04; Edward Colgate: **$145,800.00** Awarded for Trehle damages; Edward Colgate: **$437,400.00** Awarded for Punitive damages no less than 9 times damages --- and up to 40 times damages; Edward Colgate: **$4,091.08** Awarded for Fraudulent Fees Paid Based on

Alias Name---Fraud; Edward Colgate: **$12,273.24** Awarded for Treble damages; Edward Colgate: **$36,819.72** Awarded for Punitive damages no less than 9 times damages --- and up to 40 times damages; Edward Colgate: **$28,000.00** Awarded for Claims for Relief LXI and XXXI; Edward Colgate: **$84,000.00** Awarded for Treble damages; Edward Colgate: **$252,000.00** Awarded for Punitive damages no less than 9 times damages --- and up to 40 times damages; Edward Colgate: **2,544 hours multiplied by $150 per hour — $381,600 --- trebled to --- $1,144,800 --- punitive** damages of **$3,434,400 ---** no less than 9 times damages --- and up to 40 times damages; Edward Colgate: **$381,600.00** Awarded for Federal Time and Energy and Work and Effort Damages; **$1,144,800.00** Awarded for Federal Treble damages; **$3,434,400.00** Awarded for Federal Punitive damages no less than 9 times damages --- and up to 40 times damages. Plaintiffs incorporate by reference in full detail PX-1 through PX-171.

2059. The **foregoing constitutes Plaintiffs' short and plain statement of this claim for relief** in compliance with Fed. R. Civ. P. 8(a)(2).

2060. Additionally, The Defendant's **legally binding and conclusive, judicially admitted participation in forged legal documents/instruments** has resulted in **continuous**, unlawful **tortious interference** with Trustee Edward Colgate's administration of **The Colgate Family Living Trust dated January 29, 2020**, with **each day since March 1, 2020**, constituting a **new act of fraudulent obstruction** and fiduciary harm/injury. This Claim for Relief is pled under a continuing tort doctrine, as Defendant's obstruction of Trustee Edward Colgate's fiduciary duties and Trustee recovery rights under the Trust constitutes an ongoing violation, with each day **renewing** the harm/injury and **tolling** all applicable statutes of limitation. Additionally, **each day that Defendant refuses and fails to report her own elder abuse and tortious fiduciary**

**interference under KRS 209.030 constitutes a new statutory violation**, which further **renews** and **tolls** all relevant statutes of limitation under Kentucky and federal law.

2061. Each day that Judge Morris's (**never** had jurisdiction) and other judges' (**never** had jurisdiction) --- **fraudulent felony accusations remain embedded in void or void ab initio orders** --- constitutes a continuing denial of all Kentucky court access and systemic obstruction of justice in violation of 42 U.S.C. §§ 1983 and 1985(2)-(3), and the First, Seventh, and Fourteenth Amendments. Their collective refusal to report their own and each other's illegal or fraudulent actions under **KRS 26A.080 and KRS 209.030** perpetuates retaliatory elder abuse under **KRS 209.050, renewing** the constitutional and statutory harm/injury daily and **tolling all applicable statutes of limitation** under the continuing tort doctrine.

2062. **No state or federal court in the United States has ever attempted to bar, obstruct, or deny a civil plaintiff from all court access across an entire state by fraudulently accusing them of felonies.** The absurdity and illegality of such an act is so blatant that it has never been attempted by any judge in any jurisdiction. Adding to the absurdity and illegality is the fact that the Defendant had not been legally served yet. Jefferson Circuit Court is the first to attempt this type of illegal act or fraud, which is retaliatory under KRS 209.050, KRS 209.030, KRS 209.990, KRS 26A.015(2), and is an attempt to intimidate and tamper with a witness, which is also a violation of 42 U.S.C. §§ 1983 and 1985(2)-(3).

**CLAIM FOR RELIEF XCI**--(Also a Count and Cause of Action) — Defendant's **Conspiracy in Civil Rights Violations under 42 U.S.C. § 1985(2) --- Conspiracy to interfere with Plaintiffs' civil rights** — Through Defendant's Conspiracy With One or More Judges (without jurisdiction) — the Elected Jefferson Circuit Court Clerk — Jefferson Circuit Court Clerk's Office Employees — Administrative Office of the Courts Employees — Court Administrators —

Staff Attorneys — Acting Under Color of State Law --- and Through Defendant's Conspiracy With Private Citizens and Entities Individually or in Any Combination --- **Defendant, Patricia Morris or Judge Patricia Morris, without jurisdiction, Jefferson Circuit Court of Kentucky, Chief Justice Debra Hembree Lambert, and others conspired to --- (2) Obstruct justice by intimidating party (Plaintiffs) and witnesses (Plaintiffs):** Two or more persons **(Defendant, Patricia Morris, without jurisdiction, Chief Justice Lambert, and others)** in the State of Kentucky **(any State) conspired** to **deter, by force, intimidation, and threat, any party (Plaintiffs) or witness (Plaintiffs) in any court** of the **United States** from attending such court, and from testifying to any matter pending therein, freely, fully, and truthfully, or to injure such party (Plaintiffs) or witness (Plaintiffs) in his person and property on account of his having so attended or testified, **and Defendant, Patricia Morris or Judge Patricia Morris, without jurisdiction, Jefferson Circuit Court of Kentucky, Chief Justice Lambert, and others (two or more persons) conspired for the purpose of impeding, hindering, obstructing, or defeating, in any manner, the due course of justice in any State (the State of Kentucky, Jefferson Circuit Court of Kentucky, and Chief Justice Lambert),** with **intent to deny to any citizen (Plaintiffs) the equal protection of the laws, or** to **injure (him or his)-(Plaintiffs') property for lawfully enforcing, or attempting to enforce, the right of any person (Plaintiffs), or class of persons (Plaintiffs and an Abused Elder), to the equal protection of the laws---Caused Plaintiffs, Including but not limited to, to be Denied, Obstructed, and Deprived of All Court Access in the State of Kentucky, Obstructing/ Depriving Plaintiffs' Recovery, Enabling/ Causing Defendant's and Others' Unjust Enrichment; Connected with Obstruction of Plaintiff's Fiduciary Duties, Rights, and Recovery;** Plaintiffs incorporate by reference in full detail all KRS 26A.015(3)(a) and KRS 26A.020 violations by Chief Justice


Edward Colgate 22023 SE Wax Rd., Box 1452, Maple Valley, WA 98038, King Co.

Debra Hembree Lambert herein this Complaint; Supported by Rankin v. Howard, 633 F. 2d 844 (9th Circuit 1980) and US v. Dugan; Actionable under all aforementioned legal authority and under KRS 30A.080(1)- (3), KRS 61.870---61.884, CR 77.04(1)-(2)-(3), CR 5.02(1)-(2), CR 5.01, CR 5.03, KRS 209.030(2), KRS 502.020, SCR 1.040(3)(c)-(4)(a), KRS 209.050, KRS 209.020, KRS 209.990, KRS 522.020, KRS 26A.080, KRS 26A.020, KRS 26A.015(2)(a)-(c)-(3)(a), **KRS 446.070**, KRS 386B.8-010, KRS 386B.1-010(1), KRS 386B.8-180(1)(a), KRS 386B.4-100, FRCP 17(a)(1)(E), KRS 457.350(1)-(2), 28 U.S.C. § 1367(a), 28 U.S.C. § 1331, 28 U.S.C. § 1343, 42 U.S.C. § 1985(2)-(3), the First, Seventh, and Fourteenth Amendments, and the Supremacy Clause, Art. VI, Cl. 2; and **under all claims for relief herein this complaint**; And under **Legally Binding and Conclusive** Judicial Admissions of Liability and Damages pursuant to CR 8.04, 28 U.S.C. § 1367(a); (Conspiracy with Full Liability); All aforementioned violations Causing/enabling Harm/Injury/unjust enrichment.

2063. Plaintiffs reassert and incorporate by reference in full detail all of Section XII: Master Comprehensive Incorporation of Exhibits, Evidentiary Foundation, Jurisdictional Foundation, Record of Judicial Misconduct, Systemic Civil Rights Obstruction, Denial of All Access to All Kentucky Courts, Constitutional and Federal Enforcement Framework, the Supremacy Clause (Art. VI, Cl. 2), and all preceding paragraphs as though fully restated and fully set forth herein this claim for relief/relief entitled to-sought-demanded. Plaintiffs further assert all of the following:

**Plaintiffs hereby assert the following "Short and Plain Statement" (Fed. R. Civ. P. 8(a)(2)):**

2064. Plaintiffs reassert and incorporate by reference in full detail all prior paragraphs, including all facts, all statutory violations, and all legally binding and conclusive judicial admissions of

liability and damages in Kentucky State case 25-CI-001371 against Susan Wilson. See PX-51, PX-55, PX-56.

2065. Plaintiffs reassert and incorporate by reference in full detail all legally binding and conclusive judicial admissions of liability and damages in cases 25-CI-001371, 25-CI-001568, 25-CI-001795, 25-CI-001796, 25-CI-001121, with cases 25-CI-001568, 25-CI-001795, 25-CI-001796, 25-CI-001121 **facially fully supporting case 25-CI-001371 (Refer to PX-51 through PX-62 and PX-96, PX-95),** as though fully restated and fully set forth herein this claim for relief/relief entitled to-sought-demanded.

2066. **Legal Integration: Supplemental, federal question, and civil rights jurisdiction** is applied to --- **Claim for Relief XCI that independently states a federal claim for relief** under ---- Defendant's Conspiracy in Civil Rights Violations under 42 U.S.C. § 1985(2) Conspiracy to interfere with Plaintiffs' civil rights --- Through Defendant's Conspiracy With One or More Judges (without jurisdiction) — the Elected Jefferson Circuit Court Clerk — Jefferson Circuit Court Clerk's Office Employees — Administrative Office of the Courts Employees — Court Administrators — Staff Attorneys — Acting Under Color of State Law --- and Through Defendant's Conspiracy With Private Citizens and Entities — Individually or in Any Combination — Defendant, Patricia Morris or Judge Patricia Morris, without jurisdiction, and others conspired to --- **(2) Obstruct justice by** intimidating party (Plaintiffs) and witnesses (Plaintiffs): Two or more persons (Defendant, Morris, without jurisdiction, Jefferson Circuit Court employees, Chief Justice Lambert, and others) in the State of Kentucky (any State) conspired to deter, by force, intimidation, and threat, any party (Plaintiffs) or witness (Plaintiffs) in any court of the United States from attending such court, and from testifying to any matter pending therein, freely, fully, and truthfully, or to injure such party (Plaintiffs) or witness

(Plaintiffs) in his person and property on account of his having so attended or testified, and Defendant, Patricia Morris or Judge Patricia Morris, without jurisdiction, and Jefferson Circuit Court of Kentucky, and others (two or more persons) conspired for the purpose of impeding, hindering, obstructing, or defeating, in any manner, the due course of justice in any State (the State of Kentucky), with intent to deny to any citizen (Plaintiff(s)) the equal protection of the laws, or to injure (him or his)--(Plaintiffs') property for lawfully enforcing, or attempting to enforce, the right of any person (Plaintiffs), or class of persons (Plaintiffs and an Abused Elder), to the equal protection of the laws --- Caused Plaintiffs, Including but not limited to, to be Denied, Obstructed, and Deprived of All Court Access in the State of Kentucky, Obstructing/Depriving Plaintiffs' Recovery, Enabling/ Causing Defendant's and Others' Unjust Enrichment; Connected with Obstruction of Plaintiff's Fiduciary Duties, Rights, and Recovery; Supported by Rankin v. Howard, 633 F. 2d 844 (9th Circuit 1980) and US v. Dugan; Actionable under all aforementioned legal authority and under KRS 30A.080(1)-(3), KRS 61.870---61.884, CR 77.04(1)-(2)-(3), CR 5.02(1)-(2), CR 5.01, CR 5.03, KRS 209.030(2), KRS 502.020, SCR 1.040(3)(c)-(4)(a), KRS 209.050, KRS 209.020, KRS 209.990, KRS 522.020, KRS 26A.080, KRS 26A.020, KRS 26A.015(2)(a)-(e)-(3)(a), KRS 446.070, KRS 386B.8-010, KRS 386B.1-010(1), KRS 386B.8-180(1)(a), KRS 386B.4-100, FRCP 17(a)(1)(E), KRS 457.350(1)-(2), 28 U.S.C. § 1367(a), 28 U.S.C. § 1331, 28 U.S.C. § 1343, 42 U.S.C. § 1985(2)-(3), the First, Seventh, and Fourteenth Amendments, and the Supremacy Clause, Art. VI, Cl. 2; and **under all claims for relief herein this complaint**; And under **Legally Binding and Conclusive** Judicial Admissions of Liability and Damages pursuant to CR 8.04, 28 U.S.C. § 1367(a); (Conspiracy with Full Liability); Plaintiffs incorporate by reference in full detail all KRS 26A.015(3)(a) and KRS 26A.020 violations by Chief Justice Debra Hembree Lambert herein this Complaint; All

aforementioned violations Causing Harm/Injury/unjust enrichment. **Claim for Relief XCI** incorporates, **in part,** the same set of facts, harms/injuries, and legally binding and conclusive judicial admissions now as a basis for federal relief, including but not limited to punitive damages. Defendant and others continue their elder abuse of Doris Colgate each and every day they refuse/fail to report themselves and others for elder abuse. Plaintiffs incorporate by reference in full detail **Sections XVIII, XIX, XXXVI, XXVI, XXX, XXXII, XXVIII, XXIX, XXXI, XXXV, XXVII, XXXVII, PX-63 through PX-87,** PX-42 through PX-49, PX-108, all 167 Exhibits, and the **First through the Fourteenth FRE 201 Judicial Notices** of judicially **noticed adjudicative facts,** which include approximately **1,044 total adjudicative facts,** including approximately **322 adjudicative facts** supporting **jurisdiction** in the U.S. District Court for the Western District of Washington; **FRE 201 Adjudicative Facts in Judicial NOTICES --- 2 through 8, 10, and 12 --- fully support jurisdiction.** All aforementioned incorporations provide **100% certainty** of fraudulently assigned judges and fraudulently assigned case numbers --- prior to the legal filings by Plaintiffs of all 10 of their year-2025 cases --- with all 10 cases being illegally and fraudulently filed and processed by a non-existent/non-payroll name in year-2025 --- which did not generate a legal random judge assignment and which did not generate a legal case number assignment --- and thereby provides 100% certainty that Kentucky judges NEVER had jurisdiction and NEVER will have jurisdiction. Plaintiffs assert Rankin v. Howard, 633 F. 2d 844 (9th Circuit 1980) and United States v. Dugan, 2:25-cr-00089 (E.D. Wis. 2025) regarding judges without jurisdiction.

2067. Plaintiffs assert **relief** entitled to and demanded pursuant to **42 U.S.C. § 1985:** "The party (Plaintiffs) so injured and deprived may have an **action for the recovery of damages** occasioned by such injury or deprivation, against any one (Defendant) or more (Patricia Morris or Judge

Morris, and others) of the conspirators. **Legally binding** and **conclusive judicial admissions** from Kentucky complaint 25-CI-001371 **admit that prejudice and distinct and separate claims for relief entitle Plaintiffs to separate trials.**

2068. Plaintiffs incorporate by reference in full detail Claims for Relief **LXII through LXVII as though fully set forth herein this Claim for Relief.** The prejudicial, obstructive, and **deprivation violations set forth in Claims for Relief LXII through LXVII have directly** obstructed/**deprived Plaintiffs' all court access** in Kentucky **to prosecute Claims for Relief I through CII (1 through 102),** causing, and continuing to cause **irreparable harm to** Plaintiffs' access to courts, legal recovery, and the due administration of justice.

2069. Judges (Without Jurisdiction), Court Administrators, Staff Attorneys, the Court Clerk, and the Court Clerk's employees have knowingly and intentionally obstructed/ deprived Plaintiffs' legal process in violation of federal constitutional and statutory rights, depriving Plaintiffs' recovery. Plaintiffs also incorporate by reference in full detail **Section XXXIX** and the **Twelfth FRE 201 NOTICE --- regarding interstate transfers.**

2070. Defendant Wilson has **legally binding and conclusive judicial admissions of Forgery/Complicity in Forgery** with full liability regarding legal documents dated on or near 3-4-2020, and later, including but not limited to a power of attorney document, a trust revocation document, a Will, and/or a document fraudulently removing Doris Colgate's real estate, located at 410 Wisteria Avenue, Jefferson County, from the Trust.

2071. Defendant Susan Wilson was and is complicit in a scheme and conspired in a scheme with Judge Patricia Morris, whereby Judge Morris weaponized a **knowingly false and fraudulent felony accusation** of "unauthorized practice of law" against pro se Plaintiffs—who were acting lawfully under KRS 209.030(2) and as a fiduciary under valid Trust and POA instruments—in

order to deny Plaintiffs all access to all Kentucky courts and to **obstruct elder abuse recovery. Patricia Morris's fraudulent felony accusation is also proven by Defendant Susan Wilson's legally binding and conclusive judicial admissions of Plaintiffs' legal standing, Defendant's liability, and Defendant's damages.** See **PX-12, PX-51, PX-55, PX-56. Facially, the intent** of said accusations in an order was/is to retaliate and to deny all court access.

2072. This denial was executed **without jurisdiction**, violated Plaintiffs' constitutional rights and statutory rights, and directly benefited Defendant, who remained **unjustly enriched** as a result. The fraudulent accusation by Judge Morris occurred **19 days prior** to Defendant Wilson being legally served by the Jefferson County Sheriff. When filing the Complaint, Plaintiffs paid the mandatory $60 fee directly to the Jefferson Circuit Court Clerk to have legal service by the Sheriff executed immediately.

2073. The timing and coordination of this judicial obstruction before lawful service—despite the court's active role in facilitating Wilson's service –demonstrates an **ultra vires abuse** of office by Morris to shield Wilson from litigation and to obstruct and block all statutory recovery.

2074. Direct communication between Wilson and Morris does **not** need to be proven to establish complicity under KRS 502.020 and conspiracy under 42 U.S.C. § 1985(2)-(3) . The judicial act of denying Plaintiffs all court access functioned as **an overt act in furtherance of a shared unlawful objective** to obstruct justice and to illegally protect Wilson from liability, in violation of 42 U.S.C. §§ 1983, 1985(2)-(3) and in Violation of the First, Seventh, and Fourteenth Amendments, and the Supremacy Clause, Art. VI, Cl. 2.

2075. Plaintiffs incorporate by reference in full detail Defendant's legally binding and conclusive judicial admissions of liability in Kentucky Case No. 25-CI-001371 pursuant to CR 8.04 and 28 U.S.C. § 1367(a).

2076. Susan Wilson was and is **complicit** with and **conspired** with judge Morris or Patricia Morris, who was and is **acting in the absence of jurisdiction.** See Rankin v. Howard, 633 F. 2d 844 (9th Circuit 1980) and US v. Dugan; Also refer to all details in SECTION XII for evidence against Morris, and also for evidence of **systemic corruption.**

2077A. Plaintiffs accordingly respectfully demand immediate entry of judgment as to liability and a **corresponding award of all total dollar amounts cited in Claims for Relief I through CII (1 through 102) based on citations of 42 U.S.C. § 1985(2)** in **Claims for Relief XXXII through CII (32 through 102).** Plaintiffs assert: The **Defendant's complicity in and conspiracy in elder abuse** (both **financial and physical harm and injury) of Doris Colgate--- by Susan Wilson,** Lori Fox, Michelle Burkhead, Cristal Fox, Ray Wilson, Jude McConnell, Florence Bisig, Julie Bisig, Jeanette/Jenette/Janette Bisig, Paul Kevin Ford, and others cited above --- **mandates reporting of elder abuse under KRS 209.030(2) --- and justifies high punitive dollar awards.** Plaintiffs incorporate by reference in full detail--paragraphs 2631A through 2631M. Court employees have fraudulently attempted to deceive Plaintiff through phone and internet phone interstate communications --- audio recorded and transcribed. Plaintiff asserts many documented electronic communications notifying judges and court employees that Plaintiff was being targeted in Washington State. Plaintiffs also incorporate by reference in full detail PX-129, PX-136, PX-158. PX-159, PX-160, PX-48, PX-49, PX-129 through PX-133, PX-136, PX-137 through PX-154, PX-143 --- supports the fraud and also supports the fraudulent effective destruction of records related to Eric Haner, Susan Gibson, and others.

2077B. **The Damages Demand and Relief Demand:** Plaintiffs accordingly respectfully demand the following: Entry of judgment as to liability and a corresponding award of all of the following for this claim for relief: **Based on the fraudulent obstruction and deprivation of all**

**recovery, Damages Awards are as Follows:** Combined for Edward Colgate and Doris Colgate: **$540,185.41** Awarded for Special damages--legally binding and conclusive--admitted as a sum-certain—under substantive CR 8.04; **$1,620,556.23** Awarded for Treble damages; **$4,861,668.69** Awarded for Punitive damages no less than 9 times damages --- and up to 40 times damages. Doris Colgate: **$2,975,000.00** --- Claims for Relief LXXXIX and VI and XXXVII; **$8,925,000.00** Awarded for Treble damages; **$26,775,000.00** Awarded for Punitive damages no less than 9 times damages---and up to 40 times damages; **$750,000.00** Awarded for Claims for Relief V and XXXVI; **$2,250,000.00** Awarded for Treble damages; **$6,750,000.00** Awarded for Punitive damages no less than 9 times damages --- and up to 40 times damages; **$79,000.00** Awarded for Claim for Relief C --- 100; **$237,000.00** Awarded for Treble damages; **$711,000.00** Awarded for Punitive damages no less than 9 times damages --- and up to 40 times damages; **$49,665.00** Awarded for Claims for Relief CI—100--promissory notes/loans; **$148,995.00** Awarded for Treble damages; **$446,985** Awarded for Punitive damages no less than 9 times damages --- and up to 40 times damages; Doris Colgate continued: Range from **$500,000.00 To $1,500,000.00** Awarded --- Claims for Relief XCVI --- IIED; Doris Colgate Range from **$1,500,000.00 To $4,500,000.00** Awarded for Treble damages; Doris Colgate Range from **$4,500,000.00 To $13,500,000.00** Awarded for Punitive damages no less than 9 times damages --- and up to 40 times damages; Edward Colgate Range from **$250,000.00 To $750,000.00** Awarded for --- Claims for Relief XCVI --- IIED and fraudulent Deprivation of familial relationship; Edward Colgate Range from **$750,000.00 To $2,250,000.00** Awarded for Treble damages; Edward Colgate Range from **$2,250,000.00 To $6,750,000.00** Awarded for Punitive damages no less than 9 times damages --- and up to 40 times damages; Edward Colgate Range from **$500,000.00 To $2,000,000.00** Awarded for --- Claims for Relief XCVII---IIED--

-Wrongful Death; Edward Colgate Range from **$1,500,000.00 To $6,000,000.00** Awarded for Treble damages; Edward Colgate Range from **$4,500,000.00 To $18,000,000.00** Awarded for Punitive damages no less than 9 times damages --- and up to 40 times damages; Edward Colgate Range from **$500,000.00 To $3,000,000.00** Awarded for --- Irreversible Deprivation of Familial Relationship; Edward Colgate Range from **$1,500,000.00 To $9,000,000.00** Awarded for Treble damages; Edward Colgate Range from **$4,500,000.00 To $27,000,000.00** Awarded for Punitive damages no less than 9 times damages --- and up to 40 times damages; Edward Colgate's **Compounded IIED** damages awards --- **Irreversible Deprivation Compound;** Edward Colgate **Range** from no less than **$250,000 times 2 and times 4** and **up to $750,000 times 2 and times 4** Awarded for --- **Compounded IIED** damages awarded to Edward Colgate if Doris Colgate's death; Edward Colgate Range from **$500,000.00 To $1,000,000.00** --- and **up to $1,500,000.00 To $3,000,000.00** Awarded for --- Compounded IIED damages awards to Edward Colgate if Doris Colgate's death; Edward Colgate Range from **$4,500,000.00 To $9,000,000.00** Awarded for Trebled damages; Edward Colgate Range from **$13,500,000.00 To $27,000,000.00** Awarded for Punitive damages no less than 9 times damages --- and up to 40 times damages. Edward Colgate: **$50,138.68** Awarded for Special Damages--legally binding and conclusive--admitted as a sum-certain—under substantive CR 8.04; Edward Colgate: **$150,416.04** Awarded for Treble damages; Edward Colgate: **$451,248.12** Awarded for Punitive damages no less than 9 times damages --- and up to 40 times damages; Edward Colgate: **$48,600.00** Awarded for Time and Energy damages admitted under legally binding substantive CR 8.04; Edward Colgate: **$145,800.00** Awarded for Treble damages; Edward Colgate: **$437,400.00** Awarded for Punitive damages no less than 9 times damages --- and up to 40 times damages; Edward Colgate: **$4,091.08** Awarded for Fraudulent Fees Paid Based on

Alias Name---Fraud; Edward Colgate: **$12,273.24** Awarded for Treble damages; Edward Colgate: **$36,819.72** Awarded for Punitive damages no less than 9 times damages --- and up to 40 times damages; Edward Colgate: **$28,000.00** Awarded for Claims for Relief LXI and XXXI; Edward Colgate: **$84,000.00** Awarded for Treble damages; Edward Colgate: **$252,000.00** Awarded for Punitive damages no less than 9 times damages --- and up to 40 times damages; Edward Colgate: **2,544 hours multiplied by $150 per hour — $381,600 --- trebled to --- $1,144,800 --- punitive** damages of **$3,434,400** --- no less than 9 times damages --- and up to 40 times damages; Edward Colgate: **$381,600.00** Awarded for Federal Time and Energy and Work and Effort Damages; **$1,144,800.00** Awarded for Federal Treble damages; **$3,434,400.00** Awarded for Federal Punitive damages no less than 9 times damages --- and up to 40 times damages. Plaintiffs incorporate by reference in full detail PX-1 through PX-167.

2078. The **foregoing constitutes Plaintiffs' short and plain statement of this claim for relief** in compliance with Fed. R. Civ. P. 8(a)(2).

2079. Additionally, The Defendant's **legally binding and conclusive, judicially admitted participation in forged legal documents/instruments** has resulted in **continuous**, unlawful **tortious interference** with Trustee Edward Colgate's administration of **The Colgate Family Living Trust dated January 29, 2020,** with **each day since March 1, 2020,** constituting a **new act of fraudulent obstruction** and fiduciary harm/injury. This Claim for Relief is pled under a continuing tort doctrine, as Defendant's obstruction of Trustee Edward Colgate's fiduciary duties and Trustee recovery rights under the Trust constitutes an ongoing violation, with each day **renewing** the harm/injury and **tolling** all applicable statutes of limitation. Additionally, **each day that Defendant refuses and fails to report her own elder abuse and tortious fiduciary**


Edward Colgate 22023 SE Wax Rd., Box 1452, Maple Valley, WA 98038, King Co.

**interference under KRS 209.030 constitutes a new statutory violation**, which further **renews** and **tolls** all relevant statutes of limitation under Kentucky and federal law.

2080. Each day that Judge Morris's (**never** had jurisdiction) and other judges' (**never** had jurisdiction) **fraudulent felony accusations remain embedded in void ab initio orders** constitutes a continuing denial of all Kentucky court access and systemic obstruction of justice in violation of 42 U.S.C. §§ 1983 and 1985(2)-(3), and the First, Seventh, and Fourteenth Amendments. Their collective refusal to report their own and each other's illegal and/or fraudulent actions under **KRS 26A.080 and KRS 209.030** perpetuates retaliatory elder abuse under **KRS 209.050**, **renewing** the constitutional and statutory harm/injury daily and **tolling all applicable statutes of limitation** under the continuing tort doctrine.

2081. **No state or federal court in the United States has ever attempted to bar, obstruct, or deny a civil plaintiff from all court access across an entire state by fraudulently accusing them of felonies.** The absurdity and illegality of such an act is so blatant that it has never been attempted by any judge in any jurisdiction. Adding to the absurdity and illegality is the fact that the Defendant had not been legally served yet. Jefferson Circuit Court is the first to attempt this type of illegal act or fraud, which is retaliatory under KRS 209.050, KRS 209.030, KRS 209.990, KRS 26A.015(2), and is an attempt to intimidate and tamper with a witness, which is also a violation of 42 U.S.C. §§ 1983 and 1985(2)-(3).

**CLAIM FOR RELIEF XCII**--(Also a Count and Cause of Action) -- Defendant's **Conspiracy in Civil Rights Violations under 42 U.S.C. § 1985(3) --- Conspiracy to interfere with Plaintiffs' civil rights** — Through Defendant's Conspiracy With One or More Judges (**without** jurisdiction) — the Elected Jefferson Circuit Court Clerk --- Jefferson Circuit Court Clerk's Office Employees --- Administrative Office of the Courts Employees — Court Administrators —

Staff Attorneys — Acting Under Color of State Law --- and Through Defendant's Conspiracy With Private Citizens and Entities -- Individually or in Any Combination -- **Defendant, Patricia Morris or Judge Patricia Morris, witbout jurisdiction, Chief Justice Lambert, and others conspired to --- (3) Deprive persons (Plaintiffs) of rights or privileges:** Two or more persons (Defendant, Patricia Morris or Judge Morris, without jurisdiction, and others in **any State (Kentucky) "Conspired"** for the **purpose of depriving**, either directly **or indirectly, any person (Plaintiffs)** or class of persons (Plaintiffs and an Abused Elder) of the **equal protection of the laws,** and of **equal privileges and inmunities under the laws**; and for the **purpose of preventing** or hindering the constituted authorities of any State (Kentucky) from giving or securing to all persons (Plaintiffs) within such State (Kentucky) the **equal protection of the laws**; or to injure any citizen (Plaintiffs) in person or property on account of such support or advocacy; in any case of conspiracy set forth in this section, one (Defendant) or more persons (Patricia Morris or Judge Morris, without jurisdiction, and others) engaged therein do, **or cause to be done, any act in furtherance of tbe object of such conspiracy, whereby another (Plaintiff(s)) is injured** in **his person or property,** or **deprived of having and exercising any right or privilege** of a citizen (Plaintiff(s)) of the United States, the party (Plaintiffs) so injured or deprived may have an action for the recovery of damages occasioned by such injury or deprivation, **against any one (Defendant) or more** (Patricia Morris or Judge Morris, without jurisdiction and others) **of the conspirators --- Caused Plaintiffs, Including but not limited to, to be Denied, Obstructed, and Deprived of All Court Access in the State of Kentucky, Obstructing/Depriving Plaintiffs' Recovery, Enabling/ Causing Defendant's and Others' Unjust Enrichment; Connected with Obstruction of Plaintiff's Fiduciary Duties, Rights, and Recovery;** Plaintiffs incorporate by reference in full detail all KRS 26A.015(3)(a) and KRS

26A.020 violations by Chief Justice Debra Hembree Lambert herein this Complaint; Supported by Rankin v. Howard, 633 F. 2d 844 (9th Circuit 1980) and US v. Dugan; Actionable under all aforementioned legal authority and under KRS 30A.080(1)-(3), KRS 61.870---61.884, CR 77.04(1)-(2)-(3), CR 5.02(1)-(2), CR 5.01, CR 5.03, KRS 209.030(2), KRS 502.020, SCR 1.040(3)(c)-(4)(a), KRS 209.050, KRS 209.020, KRS 209.990, KRS 522.020, KRS 26A.080, KRS 26A.020, KRS 26A.015(2)(a)-(e)-(3)(a), **KRS 446.070**, KRS 386B.8-010, KRS 386B.1-010(1), KRS 386B.8-180(1)(a), KRS 386B.4-100, FRCP 17(a)(1)(E), KRS 457.350(1)-(2), 28 U.S.C. § 1367(a), 28 U.S.C. § 1331, 28 U.S.C. § 1343, 42 U.S.C. § 1985(2)-(3), the First, Seventh, and Fourteenth Amendments, and the Supremacy Clause, Art. VI, Cl. 2; and **under all claims for relief herein this complaint**; And under **Legally Binding and Conclusive** Judicial Admissions of Liability and Damages pursuant to CR 8.04, 28 U.S.C. § 1367(a); (Conspiracy with Full Liability); All aforementioned Violations Causing/enabling Harm/Injury/unjust enrichment.

2082. Plaintiffs reassert and incorporate by reference in full detail all of Section XII: Master Comprehensive Incorporation of Exhibits, Evidentiary Foundation, Jurisdictional Foundation, Record of Judicial Misconduct, Systemic Civil Rights Obstruction, Denial of All Access to All Kentucky Courts, Constitutional and Federal Enforcement Framework, the Supremacy Clause (Art. VI, Cl. 2), and all preceding paragraphs as though fully restated and fully set forth herein this claim for relief/relief entitled to-sought-demanded. Plaintiffs further assert all of the following:

**Plaintiffs hereby assert the following "Short and Plain Statement" (Fed. R. Civ. P. 8(a)(2)):**

2083. Plaintiffs reassert and incorporate by reference in full detail all prior paragraphs, including all facts, all statutory violations, and all legally binding and conclusive judicial admissions of

liability and damages in Kentucky State case 25-CI-001371 against Susan Wilson. See PX-51, PX-55, PX-56.

2084. Plaintiffs reassert and incorporate by reference in full detail all legally binding and conclusive judicial admissions of liability and damages in cases 25-CI-001371, 25-CI-001568, 25-CI-001795, 25-CI-001796, 25-CI-001121, with cases 25-CI-001568, 25-CI-001795, 25-CI-001796, 25-CI-001121 **facially fully supporting case 25-CI-001371 (Refer to PX-51 through PX-62 and PX-96, PX-95)**, as though fully restated and fully set forth herein this claim for relief/relief entitled to-sought-demanded.

2085. **Legal Integration: Supplemental, federal question, and civil rights jurisdiction** is applied to --- **Claim for Relief XCII that independently states a federal claim for relief** under --- Defendant's **Conspiracy in Civil Rights Violations under 42 U.S.C. § 1985(3) --- Conspiracy to interfere with Plaintiffs' civil rights —** Through Defendant's Conspiracy With One or More Judges (without jurisdiction) — the Elected Jefferson Circuit Court Clerk — Jefferson Circuit Court Clerk's Office Employees — Administrative Office of the Courts Employees — Court Administrators — Staff Attorneys — Acting Under Color of State Law --- and Through Defendant's Conspiracy With Private Citizens and Entities — Individually or in Any Combination — **Defendant, Patricia Morris or Judge Patricia Morris, without jurisdiction, Chief Justice Lambert, and others conspired to --- (3) Deprive persons (Plaintiffs) of rights or privileges:** Two or more persons (Defendant, Patricia Morris or Judge Morris, Chief Justice Lambert, and others in **any State (Kentucky) "Conspired"** for the **purpose of depriving**, either directly **or indirectly, any person (Plaintiffs)** or class of persons (Plaintiffs and an Abused Elder) of the **equal protection of the laws,** and of **equal privileges and immunities under the laws**; and for the **purpose of preventing** or hindering the constituted

authorities of any State (Kentucky) from giving or securing to all persons (Plaintiffs) within such State (Kentucky) the **equal protection of the laws**; or to injure any citizen (Plaintiffs) in person or property on account of such support or advocacy; in any case of conspiracy set forth in this section, one (Defendant) or more persons (Patricia Morris or Judge Morris, without jurisdiction, Chief Justice Lambert, and others) engaged therein do, **or cause to be done, any act in furtherance of the object of such conspiracy, whereby another (Plaintiff(s)) is injured** in **his person or property**, or **deprived of having and exercising any right or privilege** of a citizen (Plaintiff(s)) of the United States, the party (Plaintiffs) so injured or deprived may have an action for the recovery of damages occasioned by such injury or deprivation, **against any one (Defendant) or more** (Patricia Morris or Judge Morris, without jurisdiction, Chief Justice Lambert, and others) **of the conspirators --- Caused Plaintiffs, Including but not limited to, to be Denied, Obstructed, and Deprived of All Court Access in the State of Kentucky, Obstructing/ Depriving Plaintiffs' Recovery, Enabling/ Causing Defendant's and Others' Unjust Enrichment; Connected with Obstruction of Plaintiff's Fiduciary Duties, Rights, and Recovery;** Plaintiffs incorporate by reference in full detail all KRS 26A.015(3)(a) and KRS 26A.020 violations by Chief Justice Debra Hembree Lambert herein this Complaint; Supported by Rankin v. Howard, 633 F. 2d 844 (9th Circuit 1980) and US v. Dugan; Actionable under all aforementioned legal authority and under KRS 30A.080(1)-(3), KRS 61.870---61.884, CR 77.04(1)-(2)-(3), CR 5.02(1)-(2), CR 5.01, CR 5.03, KRS 209.030(2), KRS 502.020, SCR 1.040(3)(c)-(4)(a), KRS 209.050, KRS 209.020, KRS 209.990, KRS 522.020, KRS 26A.080, KRS 26A.020, KRS 26A.015(2)(a)-(c)-(3)(a), **KRS 446.070**, KRS 386B.8-010, KRS 386B.1-010(1), KRS 386B.8-180(1)(a), KRS 386B.4-100, FRCP 17(a)(1)(E), KRS 457.350(1)-(2), 28 U.S.C. § 1367(a), 28 U.S.C. § 1331, 28 U.S.C. § 1343, 42 U.S.C. § 1985(2)-(3), the First,

Seventh, and Fourteenth Amendments, and the Supremacy Clause, Art. VI, Cl. 2; and **under all claims for relief herein this complaint**; And under **Legally Binding and Conclusive** Judicial Admissions of Liability and Damages pursuant to CR 8.04, 28 U.S.C. § 1367(a); (Complicity and Conspiracy with Full Liability); All aforementioned Violations Causing/enabling Harm/ Injury/unjust enrichment. **Claim for Relief XCII** incorporates**, in part,** the same set of facts, harms/injuries, and legally binding and conclusive judicial admissions now as a basis for federal relief, including but not limited to punitive damages. Defendant and others continue their elder abuse of Doris Colgate each and every day they refuse/fail to report themselves and others for elder abuse. Plaintiffs incorporate by reference in full detail **Sections XVIII, XIX, XXXVI, XXVI, XXX, XXXII, XXVIII, XXIX, XXXI, XXXV, XXVII, XXXVII, PX-63 through PX-87,** PX-42 through PX-49, PX-108, all 167 Exhibits, and the **First through the Fourteenth FRE 201 Judicial Notices** of judicially **noticed adjudicative facts,** which include approximately **1,044 total adjudicative facts,** including approximately **322 adjudicative facts** supporting **jurisdiction** in the U.S. District Court for the Western District of Washington; **FRE 201 Adjudicative Facts in Judicial NOTICES --- 2 through 8, 10, and 12 --- fully support jurisdiction.** All aforementioned incorporations provide **100% certainty** of fraudulently assigned judges and fraudulently assigned case numbers --- prior to the legal filings by Plaintiffs of all 10 of their year-2025 cases --- with all 10 cases being illegally and fraudulently filed and processed by a non-existent/ non-payroll name in year-2025 --- which did not generate a legal random judge assignment and which did not generate a legal case number assignment --- and thereby provides 100% certainty that Kentucky judges NEVER had jurisdiction and NEVER will have jurisdiction. Plaintiffs assert Rankin v. Howard, 633 F. 2d 844 (9th Circuit 1980) and United States v. Dugan, 2:25-cr-00089 (E.D. Wis. 2025) regarding judges without jurisdiction.

2086. Plaintiffs assert relief entitled to and demanded pursuant to 42 U.S.C. § 1985: "The party (Plaintiffs) so injured and deprived may have an **action for the recovery of damages** occasioned by such injury or deprivation, against any one (Defendant) or more (Patricia Morris or Judge Morris, and others) of the conspirators. **Legally binding** and **conclusive judicial admissions** from Kentucky complaint 25-CI-001371 **admit that prejudice and distinct and separate claims for relief entitle Plaintiffs to separate trials.**

2087 Plaintiffs incorporate by reference in full detail Claims for Relief **LXII through LXVII as though fully set forth herein All Claims for Relief.** The prejudicial, obstructive, and **deprivation violations set forth in Claims for Relief LXII through LXVII have directly obstructed/deprived Plaintiffs'** of **all Kentucky court access--to prosecute Claims for Relief I through CII (1 through 102),** causing, and continuing to cause **irreparable harm to** Plaintiffs' access to Kentucky courts, legal recovery, and the due administration of justice.

2088. Judges (Without Jurisdiction), Court Administrators, Staff Attorneys, the Court Clerk, and the Court Clerk's employees have knowingly and intentionally obstructed/ deprived Plaintiffs' legal process in violation of federal constitutional and statutory rights, depriving Plaintiffs' recovery. Plaintiffs also incorporate by reference in full detail **Section XXXIX** and the **Twelfth FRE 201 NOTICE --- regarding interstate transfers.**

2089. Defendant Wilson has **legally binding and conclusive judicial admissions of Forgery/Complicity in Forgery** with full liability regarding legal documents dated on or near 3-4-2020, and later, including but not limited to a power of attorney document, a trust revocation document, a Will, and/or a document fraudulently removing Doris Colgate's real estate, located at 410 Wisteria Avenue, Jefferson County, from the Trust.

2090. Defendant Susan Wilson was and is complicit in a scheme and conspired in a scheme with Judge Patricia Morris, whereby Judge Morris, without jurisdiction, weaponized a **knowingly false and fraudulent felony accusation** of "unauthorized practice of law" against pro se Plaintiffs—who were acting lawfully under KRS 209.030(2) and as a fiduciary uuder valid Trust and POA instruments—in order to deny Plaintiffs all access to all Kentucky courts and to **obstruct elder abuse recovery. Patricia Morris's fraudulent felony accusation is also proven by Defendant Susan Wilson's legally binding and conclusive judicial admissions of Plaintiffs' legal standing, Defendant's liability, and Defendant's damages.** See **PX-12, PX-51, PX-55, PX-56. Facially, the intent** of said accusations in an order was/is to retaliate and to deny all court access.

2091. This denial was executed **without jurisdiction**, violated Plaintiffs' constitutional rights and statutory rights, and directly benefited Defendant, who remained **unjustly enriched** as a result. The fraudulent accusation by Judge Morris occurred **19 days prior** to Defendant Wilson being legally served by the Jefferson County Sheriff. When filing the Complaint, Plaintiffs paid the mandatory $60 fee directly to the Jefferson Circuit Court Clerk to have legal service by the Sheriff executed immediately.

2092. The timing and coordination of this judicial obstruction before lawful service—despite the court's active role in facilitating Wilson's service—demonstrates an **ultra vires abuse** of office by Morris to shield Wilson from litigation and to obstruct and block all statutory recovery.

2093. Direct communication between Wilson and Morris does **not** need to be proven to establish complicity under KRS 502.020 and conspiracy under 42 U.S.C. § 1985(2)-(3) . The judicial act of denying Plaintiffs all court access functioned as **an overt act in furtherance of a shared unlawful objective** to obstruct justice and to illegally protect Wilson from liability, in violation

of 42 U.S.C. §§ 1983, 1985(2)-(3) and in Violation of the First, Seventh, and Fourteenth Amendments, and the Supremacy Clause, Art. VI, Cl. 2.

2094. Plaintiffs incorporate by reference in full detail Defendant's legally binding and conclusive judicial admissions of liability in Kentucky Case No. 25-CI-001371 pursuant to CR 8.04 and 28 U.S.C. § 1367(a).

2095. Susan Wilson was and is **complicit** with and **conspired** with judge Morris or Patricia Morris, who was and is **acting in the absence of jurisdiction.** See **Rankin v. Howard, 633 F. 2d 844 (9th Circuit 1980) and US v. Dugan;** Also refer to **all details in SECTION XII for evidence against Morris, and also for evidence of systemic corruption.**

2096A. Plaintiffs accordingly respectfully demand immediate entry of judgment as to liability and a **corresponding award of all total amounts cited in Claims for Relief I through CII (1 through 102) based on citations of 42 U.S.C. § 1985(3)** in **Claims for Relief XXXII through CII (32 through 102).** Plaintiffs assert: The **Defendant's complicity in and conspiracy in elder abuse** (both **financial and physical harm and injury) of Doris Colgate---by Susan Wilson,** Lori Fox, Michelle Burkhead, Cristal Fox, Ray Wilson, Jude McConnell, Florence Bisig, Julie Bisig, Jeanette/Jenette/Janette Bisig, Paul Kevin Ford, and others cited above --- **mandates reporting of elder abuse under KRS 209.030(2) --- and justifies high punitive dollar awards.** Plaintiffs incorporate by reference in full detail--paragraphs 2631A through 2631M. Court employees have fraudulently attempted to deceive Plaintiff through phone and internet phone interstate communications --- audio recorded and transcribed. Plaintiff asserts many documented electronic communications notifying judges and court employees that Plaintiff was being targeted in Washington State. Plaintiffs also incorporate by reference in full detail PX-129, PX-136, PX-158. PX-159, PX-160, PX-48, PX-49, PX-129 through PX-133, PX-136, PX-

137 through PX-154, PX-143 --- supports the fraud and also supports the fraudulent effective destruction of records related to Eric Haner, Susan Gibson, and others.

2096B. **The Damages Demand and Relief Demand:** Plaintiffs accordingly respectfully demand the following: Entry of judgment as to liability and a corresponding award of all of the following for this claim for relief: **Based on the fraudulent obstruction and deprivation of all recovery, Damages Awards are as Follows:** Combined for Edward Colgate and Doris Colgate: **$540,185.41** Awarded for Special damages--legally binding and conclusive--admitted as a sum-certain—-under substantive CR 8.04; **$1,620,556.23** Awarded for Treble damages; **$4,861,668.69** Awarded for Punitive damages no less than 9 times damages --- and up to 40 times damages. Doris Colgate: **$2,975,000.00** --- Claims for Relief LXXXIX and VI and XXXVII; **$8,925,000.00** Awarded for Treble damages; **$26,775,000.00** Awarded for Punitive damages no less than 9 times damages---and up to 40 times damages; **$750,000.00** Awarded for Claims for Relief V and XXXVI; **$2,250,000.00** Awarded for Treble damages; **$6,750,000.00** Awarded for Punitive damages no less than 9 times damages --- and up to 40 times damages; **$79,000.00** Awarded for Claim for Relief C --- 100; **$237,000.00** Awarded for Treble damages; **$711,000.00** Awarded for Punitive damages no less than 9 times damages --- and up to 40 times damages; **$49,665.00** Awarded for Claims for Relief CI----100--promissory notes/loans; **$148,995.00** Awarded for Treble damages; **$446,985** Awarded for Punitive damages no less than 9 times damages --- and up to 40 times damages; Doris Colgate continued: Range from **$500,000.00 To $1,500,000.00** Awarded --- Claims for Relief XCVI --- IIED; Doris Colgate Range from **$1,500,000.00 To $4,500,000.00** Awarded for Treble damages; Doris Colgate Range from **$4,500,000.00 To $13,500,000.00** Awarded for Punitive damages no less than 9 times damages --- and up to 40 times damages; Edward Colgate Range from **$250,000.00 To**

**$750,000.00** Awarded for --- Claims for Relief XCVI --- IIED and fraudulent Deprivation of familial relationship; Edward Colgate Range from **$750,000.00 To $2,250,000.00** Awarded for Treble damages; Edward Colgate Range from **$2,250,000.00 To $6,750,000.00** Awarded for Punitive damages no less than 9 times damages --- and up to 40 times damages; Edward Colgate Range from **$500,000.00 To $2,000,000.00** Awarded for --- Claims for Relief XCVII---IIED---Wrongful Death; Edward Colgate Range from **$1,500,000.00 To $6,000,000.00** Awarded for Treble damages; Edward Colgate Range from **$4,500,000.00 To $18,000,000.00** Awarded for Punitive damages no less than 9 times damages --- and up to 40 times damages; Edward Colgate Range from **$500,000.00 To $3,000,000.00** Awarded for --- Irreversible Deprivation of Familial Relationship; Edward Colgate Range from **$1,500,000.00 To $9,000,000.00** Awarded for Treble damages; Edward Colgate Range from **$4,500,000.00 To $27,000,000.00** Awarded for Punitive damages no less than 9 times damages --- and up to 40 times damages; Edward Colgate's **Compounded IIED** damages awards --- **Irreversible Deprivation Compound;** Edward Colgate **Range** from no less than **$250,000 times 2 and times 4** and **up to $750,000 times 2 and times 4** Awarded for --- **Compounded IIED** damages awarded to Edward Colgate if Doris Colgate's death; Edward Colgate Range from **$500,000.00 To $1,000,000.00** --- and **up to $1,500,000.00 To $3,000,000.00** Awarded for --- Compounded IIED damages awards to Edward Colgate if Doris Colgate's death; Edward Colgate Range from **$4,500,000.00 To $9,000,000.00** Awarded for Trebled damages; Edward Colgate Range from **$13,500,000.00 To $27,000,000.00** Awarded for Punitive damages no less than 9 times damages --- and up to 40 times damages. Edward Colgate: **$50,138.68** Awarded for Special Damages--legally binding and conclusive--admitted as a sum-certain—under substantive CR 8.04; Edward Colgate: **$150,416.04** Awarded for Treble damages; Edward Colgate: **$451,248.12** Awarded for

Punitive damages no less than 9 times damages --- and up to 40 times damages; Edward Colgate: **$48,600.00** Awarded for Time and Energy damages admitted under legally binding substantive CR 8.04; Edward Colgate: **$145,800.00** Awarded for Treble damages; Edward Colgate: **$437,400.00** Awarded for Punitive damages no less than 9 times damages --- and up to 40 times damages; Edward Colgate: **$4,091.08** Awarded for Fraudulent Fees Paid Based on Alias Name---Fraud; Edward Colgate: **$12,273.24** Awarded for Treble damages; Edward Colgate: **$36,819.72** Awarded for Punitive damages no less than 9 times damages --- and up to 40 times damages; Edward Colgate: **$28,000.00** Awarded for Claims for Relief LXI and XXXI; Edward Colgate: **$84,000.00** Awarded for Treble damages; Edward Colgate: **$252,000.00** Awarded for Punitive damages no less than 9 times damages --- and up to 40 times damages; Edward Colgate: **2,544 hours multiplied by $150 per hour — $381,600 --- trebled to --- $1,144,800** --- **punitive** damages of **$3,434,400** --- no less than 9 times damages --- and up to 40 times damages; Edward Colgate: **$381,600.00** Awarded for Federal Time and Energy and Work and Effort Damages; **$1,144,800.00** Awarded for Federal Treble damages; **$3,434,400.00** Awarded for Federal Punitive damages no less than 9 times damages --- and up to 40 times damages. Plaintiffs incorporate by reference in full detail PX-1 through PX-167.

2097. The **foregoing constitutes Plaintiffs' short and plain statement of this claim for relief** in compliance with Fed. R. Civ. P. 8(a)(2).

2098. Additionally, The Defendant's **legally binding and conclusive, judicially admitted participation in forged legal documents/instruments** has resulted in **continuous**, unlawful **tortious interference** with Trustee Edward Colgate's administration of **The Colgate Family Living Trust dated January 29, 2020**, with **each day since March 1, 2020**, constituting a **new act of fraudulent obstruction** and fiduciary harm/injury. This Claim for Relief is pled under a

continuing tort doctrine, as Defendant's obstruction of Trustee Edward Colgate's fiduciary duties and Trustee recovery rights under the Trust constitutes an ongoing violation, with each day **renewing** the harm/injury and **tolling** all applicable statutes of limitation. Additionally, **each day that Defendant refuses and fails to report her own elder abuse and tortious fiduciary interference under KRS 209.030 constitutes a new statutory violation**, which further **renews** and **tolls** all relevant statutes of limitation under Kentucky and federal law.

2099. Each day that Judge Morris's and other judges' **fraudulent felony accusations remain embedded in void ab initio orders** constitutes a continuing denial of all Kentucky court access and systemic obstruction of justice in violation of 42 U.S.C. §§ 1983 and 1985(2)-(3), and the First, Seventh, and Fourteenth Amendments. Their collective refusal to report their own and each other's illegal or fraudulent actions under **KRS 26A.080 and KRS 209.030** perpetuates retaliatory elder abuse under **KRS 209.050, renewing** the constitutional and statutory harm/injury daily and **tolling all applicable statutes of limitation** under the continuing tort doctrine.

2100. **No state or federal court in the United States has ever attempted to bar, obstruct, or deny a civil plaintiff from all court access across an entire state by fraudulently accusing them of felonies.** The absurdity and illegality of such an act is so blatant that it has never been attempted by any judge in any jurisdiction. Adding to the absurdity and illegality is the fact that the Defendant had not been legally served yet. Jefferson Circuit Court is the first to attempt this type of illegal act or fraud, which is retaliatory under KRS 209.050, KRS 209.030, KRS 209.990, KRS 26A.015(2), and is an attempt to intimidate and tamper with a witness, which is also a violation of 42 U.S.C. §§ 1983 and 1985(2)-(3).

**CLAIM FOR RELIEF XCIII**--(Also a Count and Cause of Action) — **Violation of First Amendment Right to Petition the Government for a redress of grievances.**

2101. Legal Integration: Defendant Wilson, Patricia Morris, without jurisdiction, Chief Justice Lambert, and others, in complicity and in conspiracy, violated Plaintiffs' rights under the First Amendment by obstructing and depriving all Kentucky court access, by retaliating against Plaintiffs' lawful filings, and by obstructing and depriving the **right of the people (Plaintiffs) to petition the Government for a redress of grievances.** Said complicity and conspiracy, under color of state (Kentucky) law, are **actionable under 42 U.S.C. § 1983, and also actionable under 42 U.S.C. § 1985(2) and 42 U.S.C. § 1985(3).** Plaintiffs incorporate by reference in full detail all KRS 26A.015(3)(a) and KRS 26A.020 violations by Chief Justice Debra Hembree Lambert herein this Complaint; Plaintiffs incorporate by reference in full detail Claims for Relief XC, XCI, XCII, and **Sections XXXVI, XXVI, XXX, XXXII, XXVIII, XXIX, XXXI, XXXV, XXVII, XXXVII, PX-63 through PX-87,** PX-42 through PX-49, PX-108, all 167 Exhibits, and the **First through the Fourteenth FRE 201 Judicial Notices** of judicially **noticed adjudicative facts,** which include approximately **1,044 total adjudicative facts,** including approximately **322 adjudicative facts** supporting **jurisdiction** in the U.S. District Court for the Western District of Washington; **FRE 201 Adjudicative Facts in Judicial NOTICES --- 2 through 8, 10, and 12 --- fully support jurisdiction.** All aforementioned incorporations provide **100% certainty** of fraudulently assigned judges and fraudulently assigned case numbers --- prior to the legal filings by Plaintiffs of all 10 of their year-2025 cases --- with all 10 cases being illegally and fraudulently filed and processed by a non-existent/ non-payroll name in year-2025 --- which did not generate a legal random judge assignment and which did not generate a legal case number assignment --- and thereby provides 100% certainty that Kentucky judges

NEVER had jurisdiction and NEVER will have jurisdiction. Plaintiffs assert Rankin v. Howard, 633 F. 2d 844 (9th Circuit 1980) and United States v. Dugan, 2:25-cr-00089 (E.D. Wis. 2025) regarding judges without jurisdiction.

2102. Plaintiffs **incorporate by reference in full detail all Claims for Relief XC, XCI, and XCII, and their Relief Sought/Demanded,** which are under violations of **42 U.S.C. § 1983, 42 U.S.C. § 1985(2), and 42 U.S.C. § 1985(3).**

**CLAIM FOR RELIEF XCIV**--(Also a Count and Cause of Action) **Violation of Seventh Amendment Right to Jury Trial in Civil Cases**

2103. Legal Integration: Defendant Wilson, Patricia Morris, without jurisdiction, Chief Justice Lambert, and others, in complicity and in conspiracy, violated Plaintiffs' rights under the Seventh Amendment by obstructing and depriving Plaintiffs of all Kentucky court access, by retaliating against Plaintiffs' lawful filings, and by obstructing and depriving Plaintiffs the **right to a jury trial in civil cases.** Said complicity and conspiracy, under color of state (Kentucky) law, are **actionable under 42 U.S.C. § 1983, and also actionable under 42 U.S.C. § 1985(2) and 42 U.S.C. § 1985(3).** Plaintiffs incorporate by reference in full detail **Claims for Relief XC, XCI, and XCII, and Sections XXXVI, XXVI, XXX, XXXII, XXVIII, XXIX, XXXI, XXXV, XXVII, XXXVII, PX-63 through PX-87,** PX-42 through PX-49, PX-108, all 167 Exhibits, and the **First through the Fourteenth FRE 201 Judicial Notices** of judicially **noticed adjudicative facts,** which include approximately **1,044 total adjudicative facts,** including approximately **322 adjudicative facts** supporting **jurisdiction** in the U.S. District Court for the Western District of Washington; **FRE 201 Adjudicative Facts in Judicial NOTICES --- 2 through 8, 10, and 12 --- fully support jurisdiction.** All aforementioned incorporations provide **100% certainty** of fraudulently assigned judges and fraudulently assigned case numbers --- prior to the legal filings

by Plaintiffs of all 10 of their year-2025 cases --- with all 10 cases being illegally and fraudulently filed and processed by a non-existent/ non-payroll name in year-2025 --- which did not generate a legal random judge assignment and which did not generate a legal case number assignment --- and thereby provides 100% certainty that Kentucky judges NEVER had jurisdiction and NEVER will have jurisdiction. Plaintiffs assert Rankin v. Howard, 633 F. 2d 844 (9th Circuit 1980) and United States v. Dugan, 2:25-cr-00089 (E.D. Wis. 2025) regarding judges without jurisdiction. Plaintiffs incorporate by reference in full detail all KRS 26A.015(3)(a) and KRS 26A.020 violations by Chief Justice Debra Hembree Lambert herein this Complaint.

2104. Plaintiffs **incorporate by reference in full detail all Claims for Relief XC, XCI, and XCII, and their Relief Sought/Demanded,** which are under violations of **42 U.S.C. § 1983, 42 U.S.C. § 1985(2), and 42 U.S.C. § 1985(3).**

**CLAIM FOR RELIEF XCV**--(Also a Count and Cause of Action) — **Violation of Fourteenth Amendment Right to the following: Plaintiffs' Rights to due process of law, equal protection of the laws, equal rights, immunities, privileges, and protections.**

2105. Legal Integration: Defendant Wilson, Patricia Morris, without jurisdiction, Chief Justice Lambert, and others, in complicity and in conspiracy, violated Plaintiffs' rights under the Fourteenth Amendment by obstructing and depriving all Kentucky court access, by retaliating against Plaintiffs' lawful filings, and by obstructing and depriving Plaintiffs of the following: **due process of law, equal protection of the laws, equal rights, immunities, privileges, and protections.** Said complicity and conspiracy, under color of state (Kentucky) law, are **actionable under 42 U.S.C. § 1983, and also actionable under 42 U.S.C. § 1985(2) and 42 U.S.C. § 1985(3).** Plaintiffs incorporate by reference in full detail **Claims for Relief XC, XCI,**

**and XCII, and Sections XXXVI, XXVI, XXX, XXXII, XXVIII, XXIX, XXXI, XXXV, XXVII, XXXVII, PX-63 through PX-87,** PX-42 through PX-49, PX-108, all 167 Exhibits, and the **First through the Fourteenth FRE 201 Judicial Notices** of judicially **noticed adjudicative facts,** which include approximately **1,044 total adjudicative facts,** including approximately **322 adjudicative facts** supporting **jurisdiction** in the U.S. District Court for the Western District of Washington; **FRE 201 Adjudicative Facts in Judicial NOTICES --- 2 through 8, 10, and 12 --- fully support jurisdiction.** All aforementioned incorporations provide **100% certainty** of fraudulently assigned judges and fraudulently assigned case numbers --- prior to the legal filings by Plaintiffs of all 10 of their year-2025 cases --- with all 10 cases being illegally and fraudulently filed and processed by a non-existent/ non-payroll name in year-2025 --- which did not generate a legal random judge assignment and which did not generate a legal case number assignment --- and thereby provides 100% certainty that Kentucky judges NEVER had jurisdiction and NEVER will have jurisdiction. Plaintiffs assert Rankin v. Howard, 633 F. 2d 844 (9th Circuit 1980) and United States v. Dugan, 2:25-cr-00089 (E.D. Wis. 2025) regarding judges without jurisdiction. Plaintiffs incorporate by reference in full detail all KRS 26A.015(3)(a) and KRS 26A.020 violations by Chief Justice Debra Hembree Lambert herein this Complaint.

2106. Plaintiffs **incorporate by reference in full detail all Claims for Relief XC, XCI, and XCII, and their Relief Sought/Demanded,** which are under violations of **42 U.S.C. § 1983, 42 U.S.C. § 1985(2), and 42 U.S.C. § 1985(3).**

2107. **Plaintiffs assert the following for All Claims for Relief herein this Complaint: Article VI --Supreme Law--Clause 2--Supremacy Clause--**This **Constitution, and the Laws of the United States** which shall be made in Pursuance thereof; and all Treaties made, or which shall

be made, under the Authority of the United States, **shall be the supreme Law of the Land;** and the **Judges in every State shall be bound thereby,** any Thing in the Constitution or Laws of any State to the Contrary notwithstanding.

2108. **Plaintiffs incorporate by reference in full detail claims for relief LXII through LXVII into each and every claim for relief herein this complaint.**

**CLAIM FOR RELIEF XCVI**--(Also a Count and Cause of Action) — Defendant's **Intentional Infliction of Emotional Distress/Harm/Injury (IIED) and** Defendant's **Deprivation of Familial Relationship --- Caused by and Compounded by** Defendant's **violations of all 102 Claims for Relief herein and also Caused by all of the following:** Defendant's **Complicity and Conspiracy in Obstruction/ Deprivation of Plaintiffs' Recovery** Through Defendant's Complicity and Conspiracy With One or More Judges (without jurisdiction) — the Elected Jefferson Circuit Court Clerk — Jefferson Circuit Court Clerk's Office Employees — Administrative Office of the Courts Employees — Court Administrators — Staff Attorneys — Acting Under Color of State Law --- and Through Defendant's Complicity and Conspiracy With Private Citizens and Entities — Individually or in Any Combination --- Including but not limited to the following: Deprivation/Obstruction of Elder Abuse Recovery, Defendant's — (Who has a Forged POA Document)---Obstruction/Deprivation of **Plaintiff's Fiduciary Duties, Rights, Recovery, and Individual Recovery**, Enabling/ Causing Defendant's and Others' Unjust Enrichment --- And also **Actionable Under** 42 U.S.C. §1983 and 42 U.S.C. §1985 and under RICO Predicate Acts of 18 U.S.C. §1512, §1513, §1343, §1349(Attempt and conspiracy), §1503(obstruction of the due administration of justice) under 18 U.S.C. §1961---1964(c)--treble damages --- (Said fraudulent POA document has legally binding and conclusive judicial admissions by Defendant that said document was obtained by forgery.)--See Claim for Relief

XXX. Also Actionable under KRS 209.020(8), KRS 209.020(16), KRS 209.990, KRS 446.070, and KRS 502.020 (Complicity), federal and state common law, **all claims for relief herein;** Deprivation and Obstruction of Civil Rights under 42 U.S.C. §§ 1983, 1985(2)-(3), the First, Seventh, and Fourteenth Amendments, and the Supremacy Clause, Art. VI, Cl. 2; Supported by Rankin v. Howard, 633 F. 2d 844 (9th Circuit 1980) and US v. Dugan; Actionable under all aforementioned legal authority and under KRS 209.030(2), KRS 209.020, KRS 209.050, KRS 446.070, KRS 386B.8-010, KRS 386B.1-010(1), KRS 386B.8-180(1)(a), KRS 386B.4-100, FRCP 17(a)(1)(E), KRS 457.350(1)-(2), 28 U.S.C. § 1367(a); all claims for relief herein this complaint; And under **Legally Binding and Conclusive** Judicial Admissions of Liability and Damages pursuant to CR 8.04, 28 U.S.C. § 1367(a); (Conspiracy and Complicity with Full Liability); All aforementioned violations **Facially** Causing Emotional Distress/ Harm/ Injury/unjust enrichment. **Claim for Relief XCVI** incorporates**, in part,** the same set of facts, harms/injuries, and legally binding and conclusive judicial admissions now as a basis for federal relief, including but not limited to punitive damages.

2109. Plaintiffs reassert and incorporate by reference in full detail all of Section XII: Master Comprehensive Incorporation of Exhibits, Evidentiary Foundation, Jurisdictional Foundation, Record of Judicial Misconduct, Systemic Civil Rights Obstruction, Denial of All Access to All Kentucky Courts, Constitutional and Federal Enforcement Framework, the Supremacy Clause (Art. VI, Cl. 2), and all preceding paragraphs as though fully restated and fully set forth herein this claim for relief/relief entitled to-sought-demanded. **Facially,** Intentional Infliction of Emotional Distress/Harm/Injury **(IIED)** is fully supported by all of the following: Plaintiffs further assert all of the following:

**Plaintiffs hereby assert the following "Short and Plain Statement" (Fed. R. Civ. P. 8(a)(2)):**

2110. Plaintiffs reassert and incorporate by reference in full detail all prior paragraphs, including all facts, all statutory violations, and all legally binding and conclusive judicial admissions of liability and damages in Kentucky State case 25-CI-001371 against Susan Wilson. See PX-51, PX-55, PX-56.

2111. Plaintiffs reassert and incorporate by reference in full detail all legally binding and conclusive judicial admissions of liability and damages in cases 25-CI-001371, 25-CI-001568, 25-CI-001795, 25-CI-001796, 25-CI-001121, with cases 25-CI-001568, 25-CI-001795, 25-CI-001796, 25-CI-001121 **facially fully supporting case 25-CI-001371 (Refer to PX-51 through PX-62 and PX-96, PX-95)**, as though fully restated and fully set forth herein this claim for relief/relief entitled to-sought-demanded.

2112. **Legal Integration:** Defendant's **Intentional Infliction of Emotional Distress/ Harm/ Injury (IIED) and** Defendant's **Deprivation of Familial Relationship --- Caused by and Compounded by** Defendant's **violations of all 102 Claims for Relief herein and also Caused by all of the following:** Defendant's **Complicity and Conspiracy in Obstruction/ Deprivation of Plaintiffs' Recovery** Through Defendant's Complicity and Conspiracy With One or More Judges (without jurisdiction) — the Elected Jefferson Circuit Court Clerk — Jefferson Circuit Court Clerk's Office Employees — Administrative Office of the Courts Employees — Court Administrators — Staff Attorneys — Acting Under Color of State Law --- and Through Defendant's Complicity and Conspiracy With Private Citizens and Entities — Individually or in Any Combination --- Including but not limited to the following: Deprivation/ Obstruction of Elder Abuse Recovery, Defendant's—(Who has a Forged POA Document) --- Obstruction/Deprivation of Plaintiff's Fiduciary Duties, Rights, Recovery, and Individual Recovery --- Enabling/ Causing Defendant's and Others' Unjust Enrichment --- And also

**Actionable Under 42 U.S.C. §1983 and 42 U.S.C. §1985 and under RICO Predicate Acts 18 U.S.C. §1512, §1513, §1343, §1349, §1503 pursuant to 18 U.S.C. §1961---1964(c)--for treble damages** --- (Said fraudulent POA document has legally binding and conclusive judicial admissions by Defendant that said document was obtained by forgery.)--See Claim for Relief XXX. Also Actionable under KRS 209.020(8), KRS 209.020(16), KRS 209.990, KRS 446.070, and KRS 502.020 (Complicity), federal and state common law, **all claims for relief herein;** Deprivation and Obstruction of Civil Rights under 42 U.S.C. §§ 1983, 1985(2)-(3), the First, Seventh, and Fourteenth Amendments, and the Supremacy Clause, Art. VI, Cl. 2; Supported by Rankin v. Howard, 633 F. 2d 844 (9th Circuit 1980) and US v. Dugan; Actionable under all aforementioned legal authority and under KRS 209.030(2), KRS 209.020, KRS 209.050, KRS 446.070, KRS 386B.8-010, KRS 386B.1-010(1), KRS 386B.8-180(1)(a), KRS 386B.4-100, FRCP 17(a)(1)(E), KRS 457.350(1)-(2), 28 U.S.C. § 1367(a); **all claims for relief** herein this complaint; And under **Legally Binding and Conclusive** Judicial Admissions of Liability and Damages pursuant to CR 8.04, 28 U.S.C. § 1367(a); (Conspiracy and Complicity with Full Liability); All aforementioned violations **Facially** Causing Emotional Distress/Harm/Injury/unjust enrichment. **Claim for Relief XCVI** incorporates**, in part,** the same set of facts, harms/injuries, and legally binding and conclusive judicial admissions now as a basis for federal relief, including but not limited to punitive damages. Plaintiffs also assert: **Adams v. Ison, 249 SW 2d 791 - Ky: Court of Appeals 1952 and KRS 413.190(2) for tolling based on --- "or obstruction---shall Not be computed as any part of the period within which the action shall be commenced."** Plaintiffs also assert **KRS 413.120** for fraud extending the statute of limitations. Plaintiffs incorporate by reference in full detail **Sections XVIII, XIX, XXXVI, XXVI, XXX, XXXII, XXVIII, XXIX, XXXI, XXXV, XXVII, XXXVII, PX-63 through PX-**

**87,** PX-42 through PX-49, PX-108, all 167 Exhibits, and the **First through the Fourteenth FRE 201 Judicial Notices** of judicially **noticed adjudicative facts,** which include approximately **1,044 total adjudicative facts,** including approximately **322 adjudicative facts** supporting **jurisdiction** in the U.S. District Court for the Western District of Washington; **FRE 201 Adjudicative Facts in Judicial NOTICES --- 2 through 8, 10, 12, and 13 --- facially fully support jurisdiction and venue.** All aforementioned incorporations provide **100% certainty** of fraudulently assigned judges and fraudulently assigned case numhers --- prior to the legal filings by Plaintiffs of all 10 of their year-2025 cases --- with all 10 cases being illegally and fraudulently filed and processed by a non-existent/ non-payroll name in year-2025 ---which did **not** generate a legal random judge assignment and which did **not** generate a legal case number assignment --- and thereby provides 100% certainty that Kentucky judges NEVER had jurisdiction and NEVER will have jurisdiction. Plaintiffs assert Rankin v. Howard, 633 F. 2d 844 (9th Circuit 1980) and United States v. Dugan, 2:25-cr-00089 (E.D. Wis. 2025) regarding judges without jurisdiction. Plaintiffs assert all of the following verbatim admissions:

2113. **Defendant's Legally binding and conclusive judicial admissions of liability and damages---Verbatim from state complaint 25-CI-001371, pages 28-29, paragraph 78,---** "Plaintiff asserts claims and seeks remedies for emotional and mental harm and injury, caused to Doris, and physical injury caused to Doris, by Wilson's complicity, under this provision. Pursuant to **KRS 209.020(8)**, through inflicting **mental injury** upon Doris, through inflicting physical injury upon Doris, a vulnerable adult suffering from dementia and aphasia, causing significant emotional and psychological harm and injury, and causing physical harm and injury, based on **PX-2, Statements #9 and #32** where Wilson's complicity interfered with Doris's medical care. Wilson's complicity also caused mental injury to Doris, based on Wilson's

complicity regarding defamation and false statements made to Doris, regarding her son, Edward. **Refer to PX-2, PX-5, PX-10, PX-16, PX-17, PX-20, and PX-3, Audio8, Audio9, Audio10, Audio11, Audio12, Audio13, and PX-10.** Also **refer to Counts/Causes of Action number 20 and number 22, Tampering with a Witness and Tampering with Physical Evidence, and to the following pages in this complaint from Page 55 through Page 63."**

2114. **Defendant's Legally binding and conclusive judicial admissions of liability and damages---Verbatim from state complaint 25-CI-001371, page 29, paragraph 80,--- "Wilson's complicity inflicted mental injury to Doris** by creating a fearful environment for Doris, causing severe emotional distress and mental injury and harm. Edward and Stanette were acting in Doris's best interest to recover money from Wilson for Doris, for Wilson's fraud and/or elder abuse against Doris. Edward and Stanette had coordinated Doris's care for many months."

2115. **Defendant's Legally binding and conclusive judicial admissions of liability and damages---Verbatim from state complaint 25-CI-001371, page 30, paragraph 82 ---**"Wilson was complicit in isolating Doris from Edward and Stanette, and other supportive individuals, causing further emotional harm to Doris."

2116. **Defendant's Legally binding and conclusive judicial admissions of liability and damages--- Verbatim from state complaint 25-CI-001371, page 30, paragraph 83,--- "Infliction of Mental Injury**: Wilson's complicity in ongoing intimidation and isolation caused significant emotional and psychological harm to Doris, as evidenced by her confusion, fear, and distress during legal proceedings. **Plaintiff incorporates by reference all Exhibits, as previously detailed in Paragraph 78 and Paragraph 82. These exhibits collectively demonstrate the pattern of fraudulent conduct alleged herein.** Also refer to **PX-3, Audio17 and Audio18 for how Doris's attitude changed with Wilson sitting next to her."**

2117. **Defendant's Legally binding and conclusive judicial admissions of liability and damages---Verbatim from state complaint 25-CI-001371, page 32, paragraph 92** "Wilson's complicity to **Isolation of Doris from supportive individuals**, including Edward and Stanette, who were acting in Doris's best interest, thereby depriving Doris of emotional and practical support from Edward and Stanette."

2118. **Defendant's Legally binding and conclusive judicial admissions of liability and damages--- Verbatim from state complaint 25-CI-001371, page 102, paragraph 355-#25---** "Entry of a judgment against Wilson for emotional and mental injury resulting from Wilson's abusive conduct, including the harm caused by isolation, intimidation, and interference with medical care, to deter similar conduct in the future."

2119. **Defendant's Legally binding and conclusive judicial admissions of liability and damages--- Verbatim from state complaint 25-CI-001371, page 102, paragraph 355-#28—** "Entry of a Judgment against Wilson for **Compensatory Damages** – For the harm caused to Edward by Wilson's inducement of perjury, tampering with a witness, and tampering with physical evidence, including, but not limited to increased legal expenses, obstruction of fiduciary duties, emotional distress."

2120. **Defendant's Legally binding and conclusive judicial admissions of liability and damages--- Verbatim from state complaint 25-CI-001371, page 102, paragraph 355-#31—** "**Compensatory Damages** – For harm to Edward's reputation, emotional distress, and financial losses resulting from Wilson's tampering with Doris's testimony and defamation."

2121. **Defendant's Legally binding and conclusive judicial admissions of liability and damages--- Verbatim from state complaint 25-CI-001371, page 102, paragraph 355-#52—** "Entry of judgment against Wilson for Intentional Infliction of Emotional Distress (IIED),

compensating appropriately for both Doris and Edward." Plaintiffs also incorporate by reference in full detail **Section XXXIX** and the **Twelfth FRE 201 NOTICE --- regarding interstate transfers.**

2122. Defendant Wilson has **legally binding and conclusive judicial admissions of Forgery/Complicity in Forgery** with full liability regarding legal documents dated on or near 3-4-2020, and later, including but not limited to a power of attorney document, a trust revocation document, a Will, and/or a document fraudulently removing Doris Colgate's real estate, located at 410 Wisteria Avenue, Jefferson County, from the Trust.

2123. Defendant Susan Wilson was and is complicit in and conspired in a scheme with Judge Patricia Morris, whereby Judge Morris, without jurisdiction, weaponized a **knowingly false and fraudulent felony accusation** of "unauthorized practice of law" against pro se Plaintiffs—who were acting lawfully under KRS 209.030 and as a fiduciary under valid Trust and POA instruments—in order to deny Plaintiffs all access to all Kentucky courts and to **obstruct elder abuse recovery. Patricia Morris's fraudulent felony accusation is also proven by Defendant Susan Wilson's legally binding and conclusive judicial admissions of Plaintiffs' legal standing, Defendant's liability, and Defendant's damages.** See **PX-12, PX-51, PX-55, PX-56.**

2124. This denial was executed **without jurisdiction**, violated Plaintiffs' constitutional rights and statutory rights, and directly benefited Defendant, who remained **unjustly enriched** as a result. The fraudulent accusation by Judge Morris occurred **19 days prior** to Defendant Wilson being legally served by the Jefferson County Sheriff. When filing the Complaint, Plaintiffs paid the mandatory $60 fee directly to the Jefferson Circuit Court Clerk to have legal service by the Sheriff executed immediately.

2125. The timing and coordination of this judicial obstruction before lawful service—despite the court's active role in facilitating Wilson's service demonstrates an **ultra vires abuse** of office by Morris to shield Wilson from litigation and to obstruct and block all statutory recovery.

2126. Direct communication between Wilson and Morris does **not** need to be proven to establish complicity under KRS 502.020 and conspiracy under 42 U.S.C. § 1985(2)-(3) . The judicial act of denying Plaintiffs all court access functioned as **an overt act in furtherance of a shared unlawful objective** to obstruct justice and to illegally protect Wilson from liability, in violation of 42 U.S.C. §§ 1983, 1985(2)-(3) and in Violation of the First, Seventh, and Fourteenth Amendments, and the Supremacy Clause, Art. VI, Cl. 2. Defendant was complicit in and conspired in---Deliberate and intentional exclusion and obstruction of legal POA/ Trustee (Edward Colgate) including but not limited to Morning Pointe employees hanging up on Plaintiff when Plaintiff made a phone call to them.

2127. Plaintiffs incorporate by reference in full detail all liability for **similar "Claim for Relief VI, and full detail for all claims for relief since all claims support this claim." Claim for Relief VI** and all claims for relief are legally binding and conclusive based on Defendant's judicial admissions of liability in Kentucky Case No. 25-CI-001371 pursuant to CR 8.04 and 28 U.S.C. § 1367(a).

2128A. Susan Wilson was and is **complicit** with and conspired with judge Morris or Patricia Morris, who was and is **acting in the absence of jurisdiction.** See Rankin v. Howard, 633 F. 2d 844 (9th Circuit 1980) and US v. Dugan; Also refer to **all details in SECTION XII for evidence against Morris, and also for evidence of systemic and systematic corruption.**

2128B. Plaintiffs incorporate by reference in full detail the following: **Paragraph 355, sub-numbered** from state (Ky.) complaint **25-CI-001371 v. Susan Wilson** regarding **FRE 201**

**Judicially Noticed Adjudicative Facts** herein this Federal Complaint, with the following **substantive CR 8.04 legally binding and conclusive admissions by Defendant Susan Wilson** under supplemental jurisdiction: Paragraph 355, number **25.** Entry of a judgment against Wilson for **emotional and mental injury** resulting from Wilson's abusive conduct, including the harm caused by isolation, intimidation, and interference with medical care, to deter similar conduct in the future; Paragraph 355, number **28.** Entry of a Judgment against Wilson for **Compensatory Damages** – For the harm caused to Edward by Wilson's inducement of perjury, tampering with a witness, and tampering with physical evidence, including, but not limited to increased legal expenses, obstruction of fiduciary duties, **emotional distress**; Paragraph 355, number **31. Compensatory Damages** – For harm to Edward's reputation, **emotional distress,** and financial losses resulting from Wilson's tampering with Doris's testimony and defamation; Paragraph 355, number **52.** Entry of judgment against Wilson for **Intentional Infliction of Emotional Distress (IIED), compensating appropriately for both Doris and Edward.** In addition to IIED already being admitted under supplemental jurisdiction, Plaintiffs assert the following federal legal authority for additional and higher Relief Awards --- **facially supported by the cumulative and total effects caused by the 102 claims for relief against Defendant Wilson:**

**---Restatement (2d.) § 46 Outrageous Conduct Causing Severe Emotional Distress (1)** One who by extreme and outrageous conduct intentionally **or recklessly** causes severe emotional distress to another is subject to liability for such emotional distress. **Restatement (Second) of Torts § 46 – IIED ---** loss of familial relationship under civil rights law; **42 U.S.C. §§ 1983, 1985(2)-(3) –** deprivation/ obstruction, complicity, **conspiracy under color of law;** KRS 209.990, 209.050, 209.030 --refusal/failure to report elder abuse; CR 8.04, 28 U.S.C. § 1367(a) – **legally binding** and conclusive judicial **admissions of liability and damages.**

2128C. **Adjudicative Fact 1 — Paragraph 25 — Wilson Admitted Emotional and Mental Injury From Isolation, Intimidation, and Interference With Medical Care:** Wilson admitted — through her failure to deny paragraph 355 subsection 25 — that a judgment against Wilson is warranted for emotional and mental injury resulting from Wilson's abusive misconduct — including harm caused by isolation — intimidation — and interference with medical care — to deter similar misconduct in the future — through her failure to deny this averment. This establishes three simultaneous independently admitted IIED bases — isolation — intimidation — and interference with medical care — each generating independent emotional and mental injury from Wilson's own CR 8.04 default.

2128D. **Adjudicative Fact 2 — Paragraph 28 — Wilson Admitted Compensatory Damages for Harm to Edward From Inducement of Perjury — Witness Tampering — and Evidence Tampering:** Wilson admitted — through her failure to deny paragraph 355 subsection 28 — that compensatory damages are warranted for harm caused to Edward by Wilson's inducement of perjury — tampering with a witness — and tampering with physical evidence — including increased legal expenses — obstruction of fiduciary duties — and emotional distress — through her failure to deny this averment. This establishes three independent categories of harm to Edward — each independently admitted — with emotional distress as a specifically named admitted component alongside the economic harms.

2128E. **Adjudicative Fact 3 — Paragraph 31 — Wilson Admitted Compensatory Damages for Harm to Edward's Reputation — Emotional Distress — and Financial Losses From Testimony Tampering and Defamation:** Wilson admitted — through her failure to deny paragraph 355 subsection 31 — that compensatory damages are warranted for harm to Edward's reputation — emotional distress — and financial losses resulting from Wilson's tampering with

Doris's testimony and defamation — through her failure to deny this averment. This establishes reputation harm — emotional distress — and financial losses as three simultaneously admitted independent compensatory damage categories from Wilson's own CR 8.04 default.

2128F. **Adjudicative Fact 4 — Paragraph 52 — Wilson Admitted IIED Liability for Both Doris and Edward:** Wilson admitted — through her failure to deny paragraph 355 subsection 52 — that a judgment against Wilson for Intentional Infliction of Emotional Distress is warranted — compensating appropriately for both Doris Colgate and Edward Colgate — through her failure to deny this averment. This is the most comprehensive IIED admission — establishing Wilson's IIED liability to both plaintiffs simultaneously — from Wilson's own CR 8.04 default.

2128G. **The Damages Amounts That Can Be Sought/Demanded For Doris Colgate — IIED Damages --- The Specific Misconduct Admitted as Causing Doris's Emotional Distress:** Wilson admitted isolation — intimidation — and interference with medical care under paragraph 355, sub-numbered 25. These three categories are not abstract — they are documented from specific admitted facts throughout the complaint. Isolation — Wilson and Fox were sitting next to Doris at her deposition — admitted through CR 8.04 — while Doris asked them to answer for her — demonstrating cognitive isolation from her own legal proceedings. Wilson concealed from Doris that Edward was working to recover her (Doris's) damages from Wilson, Fox, and others. Wilson created and reinforced false impressions that caused Doris to believe Wilson and Fox were acting in her interests, when in fact, Wilson and Fox had defrauded Doris out of more than $490,046.73. These are documented isolation mechanisms admitted from Wilson's own default. Intimidation — Ray Wilson's threat to sue Edward if he contacted Wilson again and his physical threats during the robbery of Edward --- admitted through CR 8.04 from Wilson's own text messages — and Wilson's threat to remove Doris from her 24/7 nursing facility as she was

complicit in defrauding Doris of her house (PX-3 Audio) — admitted through CR 8.04 — are the specific intimidation mechanisms documented in the record. Fraudulent interference with medical care — Wilson's complicity in Morning Pointe's refusal to report the elder abuse — simultaneous dual facility billing — and deliberate and fraudulent exclusion of the lawful POA from Doris's medical decision-making — are the specific fraudulent medical care interference mechanisms admitted through CR 8.04.

2128H. **Doris's IIED Damages Amount:** For an 89-year-old cognitively vulnerable patient — IIED damages encompass the following specific components: Emotional distress from isolation — being separated from her son Edward — her designated Trustee and POA — while Wilson and Fox fraudulently controlled her environment — for a period from March 2020 through the present — over six years of documented isolation. Mental anguish from intimidation — including the specific threat of removal from her 24/7 nursing care facility used to fraudulently defraud Doris of her house — which for a cognitively vulnerable elderly patient in a care facility --- constitutes an existential threat producing severe and documented mental anguish. Emotional harm from interference with medical care — including the slip and fall — the surgery — the postoperative delirium — and the long-term cognitive and neurological consequences — each of which was compounded by Wilson's fraudulent interference with Doris's ability to receive appropriate care and to pursue the Morning Pointe recovery. The continuing character of the IIED — spanning from March 2020 to present — is independently significant because IIED damages in continuing violation cases are calculated from the entire period of the continuing conduct — not from a single incident. For Doris specifically — given her age — cognitive vulnerability — the severity and duration of the documented isolation and intimidation — the medical consequences — and the continuing character of the violation **— IIED compensatory**

**and general damages in the range of $500,000 to $1,500,000** are supportable from comparable Kentucky and Federal elder abuse IIED cases --- with the specific amount to be established through expert testimony on the nature and extent of the emotional and cognitive harm or established from other ways or established from comparable cases.

2128I. **For Edward Colgate — IIED Damages --- The Specific Misconduct Admitted as Causing Edward's Emotional Distress:** Wilson admitted three specific categories of harm to Edward across — inducement of Doris's perjury — witness tampering — and evidence tampering --- producing increased legal expenses — fraudulent obstruction of fiduciary duties — emotional distress — harm to Edward's reputation — and financial losses from testimony tampering and defamation.

2128J. Edward's IIED damages have the following specific documented components:

**Component 1 — Emotional Distress From Wilson's Fraudulent Manipulation of Doris at the Deposition:** Wilson admitted through CR 8.04 that she sat next to Doris at the November 16, 2023 deposition — that Doris asked Wilson to answer for her — and that Wilson's presence completely changed Doris's attitude toward Edward --- compared to Doris's positive relationship with Edward and Stanette from their last communications with Doris before the deposition --- documented as recently as June 7, 2023. For a son acting as his mother's fiduciary — having his 92-year-old mother be fraudulently manipulated into making false inflammatory statements against him at a deposition --- which had nothing to do with the deposition or the deposition questions — after years and a lifetime of a documented positive relationship — is a specific and severe form of emotional distress with no adequate economic equivalent.

2128K. **Component 2 — Emotional Distress From Fraudulent Felony Accusations:** The fraudulent felony accusations entered in official court orders — Morris's March 6, 2025 order in

the Wilson case — documenting fraudulent unauthorized practice of law accusations against Edward — produce ongoing emotional distress from the fraudulently documented threat of criminal prosecution upon entering Kentucky — combined with the reputational harm based on fraudulent official court orders containing felony accusations against a pro se fiduciary acting to protect his 92-year-old mother, and who also had/has many of his own individual counts/claims for relief.

2128L. **Component 3 — Reputational Harm From Defamation Connected to Fraud:** Wilson admitted defamation causing harm to Edward's reputation under paragraph 355, sub-number 31 — specifically the false impression created and reinforced that Edward was acting improperly — not working for Doris's benefit — or acting greedily — when in fact --- **Edward was spending his own funds as Doris's fiduciary at Doris's request, to which she agreed to reimburse him (PX-3 Audio).** The reputational harm to Edward, who has a background as a professional auditor and was/is acting as a fiduciary for Doris --- from documented fraudulent defamatory statements induced by Wilson, Fox, Ford, and others --- is independently compensable.

2128M. **Component 4 — Fraudulent Obstruction of Fiduciary Duties:** Wilson admitted obstruction of Edward's fiduciary duties under paragraph 355, sub-number 28 — causing the emotional distress arising from being prevented from fulfilling legal obligations to a vulnerable family member — having to witness that family member be exploited, isolated, and abused — and is a specifically admitted IIED component from Wilson's own CR 8.04 default.

2128N. **Edward's IIED Damages Amount:** For Edward specifically — given the six-plus year duration of Susan Wilson's documented misconduct and elder abuse — the continuing fraudulent felony accusation threats the documented reputational harm — the fraudulent obstruction of

fiduciary duties — and the specific emotional distress of watching Doris be fraudulently manipulated at the deposition — IIED compensatory damages in the range of $250,000 to $750,000 are supportable — with the specific amount to be established through sworn declaration and/or expert testimony and/or other ways and/or comparable cases.

2128O. **The Complete IIED Damages Statement for the Relief Section:** Entry of judgment against Susan Wilson for Intentional Infliction of Emotional Distress compensating both Doris Colgate and Edward Colgate as follows: **For Doris Colgate** — compensatory IIED damages for emotional and mental injury resulting from Wilson's admitted isolation — intimidation — and interference with medical care and finances as documented throughout this complaint — spanning from March 2020 through the present — including the specific emotional harm of the threatened removal from 24/7 nursing care used to defraud Doris of her house — the cognitive and emotional harm of being separated from her designated Trustee and POA Edward Colgate — the emotional harm of being manipulated at the November 16, 2023 deposition while cognitively vulnerable — and the emotional and mental injury compounded by the slip and fall — surgery — postoperative delirium — and long-term neurological consequences — in an amount no less than $500,000.00 --- and to be established through expert testimony at trial and/or via other relevant ways as previously cited.

2128P. **For Edward Colgate** — compensatory IIED damages for emotional distress from Wilson's admitted inducement of Doris's perjury — witness tampering — evidence tampering — obstruction of fiduciary duties — defamation — reputational harm — and the ongoing emotional distress of documented fraudulent felony accusations in fraudulent official court orders --- by judges without jurisdiction --- making Kentucky court access physically unsafe — most of which spans from March 2020 through the present — in an amount no less than $250,000.00 --- and to

be established through sworn declaration and/or by expert testimony at trial and/or via other relevant ways previously cited or to be determined.

2128Q. **Punitive IIED damages** — for both Doris and Edward — in an amount no less than **nine times and up to forty times** the combined compensatory IIED damages — based on the intentional — willful — and malicious character of Wilson's fraudulent admitted misconduct — admitted through CR 8.04 default — with the intentional and malicious character of the fraudulent misconduct established from Wilson's own admissions --- making the punitive damages warranted --- without any additional showing.

2128R. **Total IIED damages sought/demanded** — compensatory floor of no less than $750,000.00 for both plaintiffs combined — with punitive damages of no less than **nine times** that floor — $6,750,000.00 — and **up to forty times that floor** — $30,000,000.00 — with all amounts subject to upward adjustment based on expert testimony and/or the full record established at trial and/or other acceptable and relevant methods of determination.

2128S. **The Reasons That These Amounts Are Supportable:** The IIED damages sought/demanded here are supportable from the specific documented facts for the following precise reasons: **First** — the duration. Six-plus years of continuing IIED — from March 2020 through the present — is among the longest documented continuing IIED periods in any elder abuse case. Courts consistently award higher IIED damages for longer duration continuing violations. **Second** — the vulnerability: Doris was 89 years old — cognitively vulnerable — completely dependent — unable to protect herself from the Wilson's exploitation --- as Wilson has admitted — and unable to fully articulate her own emotional harm due to cognitive decline. The Supreme Court in Gore identified exploitation of vulnerable victims as the most reprehensible category of misconduct — justifying both higher compensatory and punitive


Edward Colgate 22023 SE Wax Rd., Box 1452, Maple Valley, WA 98038, King Co.

awards. **Third** — the specific admitted mechanisms. Wilson did not merely cause generalized distress — she admitted three specific mechanisms — isolation intimidation including threatened nursing home removal — and fraudulent interference with medical care and finances — each independently sufficient for IIED --- and each multiplying the others' harm. **Fourth** — the fraudulent deposition manipulation. The specific incident of Wilson sitting next to Doris at the deposition — causing Doris to ask Wilson to answer for her and inducing Doris's perjury --- contradicting her documented positive relationship with Edward and Stanette — is a particularly egregious form of IIED because it used Doris's own cognitive vulnerability as the instrument of the emotional harm to both Doris and Edward simultaneously. **Fifth** — the fraudulent felony accusations against Edward: Fraudulent official court orders containing fraudulent felony accusations against a pro se fiduciary acting to protect his elderly mother and who also had/has his own individual counts/claims for relief — fraudulently entered by judges without jurisdiction --- before legal service and before legal commencement by the Deputy Sheriff serving the summons and complaint to Wilson (CR 3.01) — constitute a specific and severe form of ongoing IIED that has no precedent in American legal history — making the emotional distress component impossible to adequately compensate at the lower end of any damages range.

2129A. Plaintiffs incorporate by reference in full---**2128N through 2128S**---regarding the following: Plaintiffs accordingly respectfully demand an entry of a judgment as to liability and a corresponding award for **Total IIED damages of** — compensatory and general damages floor --- of no less than **$750,000.00 for both Plaintiffs combined** — with punitive damages of no less than **nine times** that floor — **$6,750,000.00** — and up to forty times that floor. Plaintiffs respectfully demand entry of judgment as to liability and corresponding awards of --- Plaintiffs incorporate by reference in full detail **Claims for Relief LXXXIX and VI and XXXVII** --- and

the relief entitled to therein --- $2,975,000 --- **trebled to $8,925,000 in Claims for Relief LXXXVIII and LXXXIV** --- plus punitive damages of no less than 9 times --- **$26,775,000** --- and up to 40 times damages. Plaintiffs respectfully demand entry of judgment as to liability and corresponding awards of --- Plaintiffs incorporate by reference in full detail **Claims for Relief V and XXXVI** --- and the relief entitled to therein --- **$750,000 trebled to $2,250,000 in Claims for Relief LXXXVIII and LXXXIV** --- plus punitive damages of no less than 9 times ---- **$6,750,000** --- and up to 40 times damages. Plaintiffs respectfully demand entry of judgment as to liability and corresponding awards of --- Plaintiffs incorporate by reference in full detail Claims for Relief **XCVI and LXXXVIII and LXXXIV** --- and the relief entitled to therein --- regarding **IIED** compensatory and general damages in the **range of $500,000 trebled to $1,500,000 --- to $1,500,000 trebled to $4,500,000 --- for Doris Colgate.** Plaintiffs respectfully demand entry of judgment as to liability and corresponding awards of --- Plaintiffs incorporate by reference in full detail **Claims for Relief XCVI and LXXXVIII and LXXXIV** --- and the relief entitled to therein --- regarding **IIED** compensatory and general damages in the **range of $250,000 trebled to $750,000 --- to $750,000 trebled to $2,250,000 --- for Edward Colgate ---** with punitive damages of no less than **nine times** --- **$2,250,000 to $6,750,000** and up to forty times that floor. Plaintiffs respectfully demand entry of judgment as to liability and corresponding awards of --- Plaintiffs incorporate by reference in full detail Claims for Relief **XCVII and LXXXVIII and LXXXIV** --- and the relief entitled to therein --- regarding **Wrongful death damages** under KRS 411.130 --- in the **range of** an amount **no less than $500,000 trebled to $1,500,000** and **up to $2,000,000 trebled 3 times to $6,000,000** --- with punitive damages **awarded** at no less than **9 times** --- **$4,500,000 to $18,000,000** --- and up to 40 times. Compensatory and general damages for emotional distress/harm/injury, tortious and


Edward Colgate 22023 SE Wax Rd., Box 1452, Maple Valley, WA 98038, King Co.

fraudulent fiduciary interference, and damages suffered by both Edward Colgate and Doris Colgate --- **facially support high damages. High punitive damages are supported by** Defendant's willful, intentional, and malicious misconduct, and supported to deter similar misconduct. Defendant has substantive CR 8.04 admissions of willful, intentional, and malicious misconduct, admitting punitive damages would deter similar misconduct. The 18 U.S.C. §1503 obstruction predicates are part of the RICO pattern that caused injury to Plaintiffs' property --- including but not limited to the **denial of the property right to enforce CR 8.04 admissions — the deprivation of the property right of Edward's fiduciary role — and the economic losses based on Defendant's and others' sustained unjust enrichment.** Plaintiffs assert 18 U.S.C. §1503—obstruction of the due administration of justice --- 18 U.S.C. §1349--RICO Attempt and conspiracy and 18 U.S.C. §1512, §1513, §1343 ---as predicate acts under 18 U.S.C. §1961---1964(c)--for treble damages;

2129B. **The IIED and familial deprivation and irreversible deprivation of familial relationship are consequential harms flowing from the same RICO pattern — recoverable as supplemental damages alongside the primary RICO property injury. The obstruction of Plaintiffs' recovery of the elder abuse damages established in Claims XXXVI, XXXVII, and LXXXIX — constitutes independent predicate acts.** The **18 U.S.C. §1349** attempt and conspiracy and 18 U.S.C. §1512, §1513, §1343, §1503 predicates are part of the RICO pattern that caused injury /harm/ unjust enrichment including but not limited to the **denial of the right to enforce CR 8.04 admissions — the deprivation of the right of Edward's fiduciary role — and the economic losses based on Defendant's and others' sustained unjust enrichment.**


Edward Colgate 22023 SE Wax Rd., Box 1452, Maple Valley, WA 98038, King Co.

2129C. **The IIED and familial deprivation and wrongful death and irreversible deprivation of familial relationship are consequential harms flowing from the same RICO pattern — recoverable as supplemental damages alongside the primary RICO property injury. The obstruction of Plaintiffs' recovery of the elder abuse damages and recovery of other damages established in Claims XXXVI, XXXVII, LXXXIX, XC, XCI, XCII, XCVI, XCVII, LXVIII through LXXXVIII, and XCVIII through CII (102) — constitute independent predicate acts.**

2129D. This claim for relief is asserted independently under Kentucky law and 28 U.S.C. §1367 — and 42 U.S.C. §1983 — and 42 U.S.C. §1985(2)-(3) as a standalone claim for compensatory and punitive damages — fully established from Wilson's legally binding and conclusive CR 8.04 admissions --- independently of any RICO characterization — entitling Plaintiffs to full compensatory and punitive relief on this claim --- regardless of whether the court accepts the RICO predicate characterization. Pursuant to FRCP 8(d)(2) — this claim for relief is pleaded as an alternative to and in addition to the RICO framework — ensuring full recovery under one or both legal theories that the court accepts — with the RICO treble damages constituting additional mandatory relief on top of the standalone compensatory and punitive damages --- rather than a substitute for them. Plaintiffs incorporate by reference in full detail--paragraphs 2631A through 2631M. Court employees have fraudulently attempted to deceive Plaintiff through phone and internet phone interstate communications --- audio recorded and transcribed. Plaintiff asserts many documented electronic communications notifying judges and court employees that Plaintiff was being targeted in Washington State. Plaintiffs also incorporate by reference in full detail PX-129, PX-136, PX-158. PX-159, PX-160, PX-48, PX-49, PX-129 through PX-133, PX-136, PX-137 through PX-154, PX-143 --- supports the fraud and also supports the fraudulent effective

destruction of records related to Eric Haner, Susan Gibson, and others. Plaintiffs assert and incorporate by reference in full the following regarding the **broad definition of an associated-in-fact enterprise --- in support of Plaintiffs' Actionable under---RICO predicate acts herein: Odom v. Microsoft Corp., 486 F. 3d 541 - Court of Appeals, 9th Circuit 2007 and United States v. Turkette, 452 US 576 - Supreme Court 1981 in Section XX. The DAMAGES Demand:** Plaintiffs accordingly respectfully demand the following: Entry of judgment as to liability and a corresponding award of all of the following for this claim for relief: **Based on the fraudulent obstruction and deprivation of all Plaintiffs' recovery, Damages Awards are as Follows:** Combined for Edward Colgate and Doris Colgate: **$540,185.41** Awarded for Special damages--legally binding and conclusive--admitted as a sum-certain --- under substantive CR 8.04; **$1,620,556.23** Awarded for Treble damages; **$4,861,668.69** Awarded for Punitive damages no less than 9 times damages --- and up to 40 times damages. Doris Colgate: **$2,975,000.00** --- Claims for Relief LXXXIX and VI and XXXVII; **$8,925,000.00** Awarded for Treble damages; **$26,775,000.00** Awarded for Punitive damages no less than 9 times damages---and up to 40 times damages; **$750,000.00** Awarded for Claims for Relief V and XXXVI; **$2,250,000.00** Awarded for Treble damages; **$6,750,000.00** Awarded for Punitive damages no less than 9 times damages --- and up to 40 times damages; **$79,000.00** Awarded for Claim for Relief C --- 100; **$237,000.00** Awarded for Treble damages; **$711,000.00** Awarded for Punitive damages no less than 9 times damages --- and up to 40 times damages; **$49,665.00** Awarded for Claims for Relief CI—100--promissory notes/loans; **$148,995.00** Awarded for Treble damages; **$446,985** Awarded for Punitive damages no less than 9 times damages --- and up to 40 times damages; Doris Colgate continued: Range from **$500,000.00** **To $1,500,000.00** Awarded --- Claims for Relief XCVI --- IIED; Doris Colgate Range from

**$1,500,000.00 To $4,500,000.00** Awarded for Treble damages; Doris Colgate Range from **$4,500,000.00 To $13,500,000.00** Awarded for Punitive damages no less than 9 times damages --- and up to 40 times damages; Edward Colgate Range from **$250,000.00 To $750,000.00** Awarded for --- Claims for Relief XCVI --- IIED and fraudulent Deprivation of familial relationship; Edward Colgate Range from **$750,000.00 To $2,250,000.00** Awarded for Treble damages; Edward Colgate Range from **$2,250,000.00 To $6,750,000.00** Awarded for Punitive damages no less than 9 times damages --- and up to 40 times damages; Edward Colgate Range from **$500,000.00 To $2,000,000.00** Awarded for --- Claims for Relief XCVII---IIED--- Wrongful Death; Edward Colgate Range from **$1,500,000.00 To $6,000,000.00** Awarded for Treble damages; Edward Colgate Range from **$4,500,000.00 To $18,000,000.00** Awarded for Punitive damages no less than 9 times damages --- and up to 40 times damages; Edward Colgate Range from **$500,000.00 To $3,000,000.00** Awarded for --- Irreversible Deprivation of Familial Relationship; Edward Colgate Range from **$1,500,000.00 To $9,000,000.00** Awarded for Treble damages; Edward Colgate Range from **$4,500,000.00 To $27,000,000.00** Awarded for Punitive damages no less than 9 times damages --- and up to 40 times damages; Edward Colgate's **Compounded IIED** damages awards --- **Irreversible Deprivation Compound;** Edward Colgate **Range** from no less than **$250,000 times 2 and times 4** and **up to $750,000 times 2 and times 4** Awarded for --- **Compounded IIED** damages awarded to Edward Colgate if Doris Colgate's death; Edward Colgate Range from **$500,000.00 To $1,000,000.00** --- and **up to $1,500,000.00 To $3,000,000.00** Awarded for --- Compounded IIED damages awards to Edward Colgate if Doris Colgate's death; Edward Colgate Range from **$4,500,000.00 To $9,000,000.00** Awarded for Trebled damages; Edward Colgate Range from **$13,500,000.00 To $27,000,000.00** Awarded for Punitive damages no less than 9 times damages --- and up to 40

times damages. Edward Colgate: **$50,138.68** Awarded for Special Damages--legally binding and conclusive--admitted as a sum-certain---under substantive CR 8.04; Edward Colgate: **$150,416.04** Awarded for Treble damages; Edward Colgate: **$451,248.12** Awarded for Punitive damages no less than 9 times damages --- and up to 40 times damages; Edward Colgate: **$48,600.00** Awarded for Time and Energy damages admitted under legally binding substantive CR 8.04; Edward Colgate: **$145,800.00** Awarded for Treble damages; Edward Colgate: **$437,400.00** Awarded for Punitive damages no less than 9 times damages --- and up to 40 times damages; Edward Colgate: **$4,091.08** Awarded for Fraudulent Fees Paid Based on Alias Name---Fraud; Edward Colgate: **$12,273.24** Awarded for Treble damages; Edward Colgate: **$36,819.72** Awarded for Punitive damages no less than 9 times damages --- and up to 40 times damages; Edward Colgate: **$28,000.00** Awarded for Claims for Relief LXI and XXXI; Edward Colgate: **$84,000.00** Awarded for Treble damages; Edward Colgate: **$252,000.00** Awarded for Punitive damages no less than 9 times damages --- and up to 40 times damages; Edward Colgate: **2,544 hours multiplied by $150 per hour — $381,600 --- trebled to --- $1,144,800 --- punitive** damages of **$3,434,400** --- no less than 9 times damages --- and up to 40 times damages; Edward Colgate: **$381,600.00** Awarded for Federal Time and Energy and Work and Effort Damages; **$1,144,800.00** Awarded for Federal Treble damages; **$3,434,400.00** Awarded for Federal Punitive damages no less than 9 times damages --- and up to 40 times damages.

2130. The **foregoing constitutes Plaintiffs' short and plain statement of this claim for relief** in compliance with Fed. R. Civ. P. 8(a)(2).

2131. Additionally, The Defendant's **legally binding and conclusive, judicially admitted participation in forged legal documents/instruments** has resulted in **continuous**, unlawful

**tortious interference** with Trustee Edward Colgate's administration of **The Colgate Family Living Trust dated January 29, 2020,** with **each day since March 1, 2020**, constituting a **new act of fraudulent obstruction** and fiduciary harm/injury. This Claim for Relief is pled under a continuing tort doctrine, as Defendant's obstruction of Trustee Edward Colgate's fiduciary duties and Trustee recovery rights under the Trust constitutes an ongoing violation, with each day renewing the harm/injury and tolling all applicable statutes of limitation. Additionally, **each day that Defendant Wilson, Patricia Morris, without jurisdiction, and Debbi Hall refuse and fail to report their own elder abuse and tortious fiduciary interference related to said elder abuse under KRS 209.030(2), KRS 209.990(1), and KRS 446.070---constitutes a new statutory violation**, which further tolls all relevant statutes of limitation under Kentucky and federal law.

2132. Each day that Judge Morris's and other judges' **fraudulent felony accusations remain embedded in void ab initio orders** constitutes a continuing denial of all Kentucky court access and systemic obstruction of justice in violation of 42 U.S.C. §§ 1983 and 1985(2)-(3), and the First, Seventh, and Fourteenth Amendments. Their collective refusal to report their own and each other's illegal or fraudulent actions under **KRS 26A.080 and KRS 209.030** perpetuates retaliatory elder abuse under **KRS 209.050**, renewing the constitutional and statutory harm/injury daily and **tolling all applicable statutes of limitation** under the continuing tort doctrine.

2133. **No state or federal court in the United States has ever attempted to bar, obstruct, or deny a civil plaintiff from all court access across an entire state by fraudulently accusing them of felonies.** The absurdity and illegality of such an act is so blatant that it has never been attempted by any judge in any jurisdiction. Adding to the absurdity and illegality is the fact that

the Defendant had not been legally served yet. Jefferson Circuit Court is the first to attempt this type of illegal act or fraud, which is retaliatory under KRS 209.050, KRS 209.030, KRS 209.990, KRS 26A.015(2), and is an attempt to intimidate and tamper with a witness, which is also a violation of 42 U.S.C. §§ 1983 and 1985(2)-(3).

**CONDITIONAL CLAIM FOR RELIEF XCVII** --- (Also a Count and Cause of Action) — **Defendant's Intentional Infliction of Emotional Distress / Harm / Injury (IIED) — and Defendant's Irreversible Deprivation of Familial Relationship — Survival of All Claims — and Wrongful Death — Triggering Upon Confirmation or Reasonable Inference of Death of Doris Ann Colgate — Caused by Defendant's Sustained Obstruction — Sustained Deprivation — Sustained Fraud — Sustained Abuse — Accelerating Doris Colgate's Cognitive and Physical Decline --- and also Caused by and Compounded by Defendant's violations of all --- 102 ---Claims for Relief herein --- And also Caused by all of the following:** Defendant's **Complicity and Conspiracy in Obstruction and Deprivation of Plaintiffs' Recovery** --- Through Defendant's Complicity and Conspiracy With One or More Judges (without jurisdiction) — the Elected Jefferson Circuit Court Clerk — Jefferson Circuit Court Clerk's Office Employees — Administrative Office of the Courts Employees --- Court Administrators — Staff Attorneys — Acting Under Color of State Law --- and Through Defendant's Complicity and Conspiracy With Private Citizens and Entities — Individually or in Any Combination --- Including but not limited to the following: Deprivation/Obstruction of Elder Abuse Recovery, Defendant's — (Who has a Forged POA Document)---Obstruction/ Deprivation of **Plaintiff's Fiduciary Duties, Rights, Recovery, and Individual Recovery,** Enabling/ Causing Defendant's and Others' Unjust Enrichment --- And also **Actionable Under 42 U.S.C. §1983 and 42 U.S.C. §1985 and under RICO predicate acts 18 U.S.C. §1512,**

**§1513, §1343, §1349, §1503 under 18 U.S.C. §1961---1964(c)-for treble damages ---** (Said fraudulent POA document has legally binding and conclusive judicial admissions that said document was obtained by forgery.)---- See Claim for Relief XXX. Also Actionable under KRS 209.020(8), KRS 209.020(16), KRS 209.990, KRS 446.070, and KRS 502.020 (Complicity), federal and state common law, **all claims for relief herein;** Deprivation and Obstruction of Civil Rights under 42 U.S.C. §§ 1983, 1985(2)-(3), the First, Seventh, and Fourteenth Amendments, and the Supremacy Clause, Art. VI, Cl. 2; Supported by Rankin v. Howard, 633 F. 2d 844 (9th Circuit 1980) and US v. Dugan; Actionable under all aforementioned legal authority and under KRS 209.030(2), KRS 209.020, KRS 209.050, KRS 446.070, KRS 386B.8-010, KRS 386B.1-010(1), KRS 386B.8-180(1)(a), KRS 386B.4-100, FRCP 17(a)(1)(E), KRS 457.350(1)-(2), 28 U.S.C. § 1367(a); all claims for relief herein this complaint; And under **Legally Binding and Conclusive** Judicial Admissions of Liability and Damages pursuant to CR 8.04, 28 U.S.C. § 1367(a); (Conspiracy and Complicity with Full Liability); All aforementioned violations **Facially** Causing Emotional Distress/ Harm/ Injury/unjust enrichment. **Claim for Relief XCVII** incorporates**, in part,** the same set of facts, harms/injuries, and legally binding and conclusive judicial admissions now as a basis for federal relief, including but not limited to punitive damages.

2134. Plaintiffs reassert and incorporate by reference in full detail all of Section XII: Master Comprehensive Incorporation of Exhibits, Evidentiary Foundation, Jurisdictional Foundation, Record of Judicial Misconduct, Systemic Civil Rights Obstruction, Denial of All Access to All Kentucky Courts, Constitutional and Federal Enforcement Framework, the Supremacy Clause (Art. VI, Cl. 2), and all preceding paragraphs as though fully restated and fully set forth herein this claim for relief/relief entitled to-sought-demanded. **Facially,** Intentional Infliction of

Emotional Distress/Harm/Injury **(IIED)** is fully supported by all of the following: Plaintiffs further assert all of the following:

**Plaintiffs hereby assert the following "Short and Plain Statement" (Fed. R. Civ. P. 8(a)(2)):**

2135. Plaintiffs reassert and incorporate by reference in full detail all prior paragraphs, including all facts, all statutory violations, and all legally binding and conclusive judicial admissions of liability and damages in Kentucky State case 25-CI-001371 against Susan Wilson. See PX-51, PX-55, PX-56.

2136. Plaintiffs reassert and incorporate by reference in full detail all legally binding and conclusive judicial admissions of liability and damages in cases 25-CI-001371, 25-CI-001568, 25-CI-001795, 25-CI-001796, 25-CI-001121, with cases 25-CI-001568, 25-CI-001795, 25-CI-001796, 25-CI-001121 **facially fully supporting case 25-CI-001371 (Refer to PX-51 through PX-62 and PX-96, PX-95)**, as though fully restated and fully set forth herein this claim for relief/relief entitled to-sought-demanded.

2137. **Legal Integration: CONDITIONAL CLAIM FOR RELIEF XCVII** --- (Also a Count and Cause of Action) — **Defendant's Intentional Infliction of Emotional Distress / Harm / Injury (IIED) — and Defendant's Irreversible Deprivation of Familial Relationship — Survival of All Claims — and Wrongful Death — Triggering Upon Confirmation or Reasonable Inference of Death of Doris Ann Colgate — Caused by Defendant's Sustained Obstruction — Sustained Deprivation — Sustained Fraud — Sustained Abuse — Accelerating Doris Colgate's Cognitive and Physical Decline --- and also Caused by and Compounded by Defendant's violations of all 102 Claims for Relief herein --- and also Caused by all of the following:** Defendant's **Complicity and Conspiracy in Obstruction and Deprivation of Plaintiffs' Recovery ---** Through Defendant's Complicity and Conspiracy With

One or More Judges (without jurisdiction) — the Elected Jefferson Circuit Court Clerk — Jefferson Circuit Court Clerk's Office Employees --Administrative Office of the Courts Employees — Court Administrators — Staff Attorneys -- Acting Under Color of State Law --- and Through Defendant's Complicity and Conspiracy With Private Citizens and Entities -- Individually or in Any Combination --- Including but not limited to the following: Deprivation/Obstruction of Elder Abuse Recovery, Defendant's — (Who has a Forged POA Document)---Obstruction/ Deprivation of **Plaintiff's Fiduciary Duties, Rights, Recovery**, and Individual Recovery --- Enabling/ Causing Defendant's and Others' Unjust Enrichment --- And also **Actionable Under 42 U.S.C. §1983 and 42 U.S.C. §1985 and under RICO Predicate Acts 18 U.S.C. §1512, §1513, §1343, §1349**(Attempt and conspiracy), **§1503**(obstruction of the due administration of justice) **under 18 U.S.C. §1961---1964(c) for treble damages** --- (Said fraudulent POA document has legally binding and conclusive judicial admissions that said document was obtained by forgery.)--See Claim for Relief XXX. Also Actionable under KRS 209.020(8), KRS 209.020(16), KRS 209.990, KRS 446.070, and KRS 502.020 (Complicity), federal and state common law, **all claims for relief herein;** Deprivation and Obstruction of Civil Rights under 42 U.S.C. §§ 1983, 1985(2)-(3), the First, Seventh, and Fourteenth Amendments, and the Supremacy Clause, Art. VI, Cl. 2; Supported by Rankin v. Howard, 633 F. 2d 844 (9th Circuit 1980) and US v. Dugan; Actionable under all aforementioned legal authority and under KRS 209.030(2), KRS 209.020, KRS 209.050, KRS 446.070, KRS 386B.8-010, KRS 386B.1-010(1), KRS 386B.8-180(1)(a), KRS 386B.4-100, FRCP 17(a)(1)(E), KRS 457.350(1)-(2), 28 U.S.C. § 1367(a); all claims for relief herein this complaint; And under **Legally Binding and Conclusive** Judicial Admissions of Liability and Damages pursuant to CR 8.04, 28 U.S.C. § 1367(a); (Conspiracy and Complicity with Full Liability); All aforementioned violations **Facially**


Edward Colgate 22023 SE Wax Rd., Box 1452, Maple Valley, WA 98038, King Co.

Causing Emotional Distress/ Harm/ Injury/unjust enrichment. **Claim for Relief XCVII** incorporates**, in part,** the same set of facts, harms/injuries, and legally binding and conclusive judicial admissions now as a basis for federal relief, including but not limited to punitive damages. Plaintiffs incorporate by reference in full detail **Claims for Relief LXXXIX and XCVI,** and **Sections XXXVI, XXVI, XXX, XXXII, XXVIII, XXIX, XXXI, XXXV, XXVII, XXXVII, PX-63 through PX-87,** PX-42 through PX-49, PX-108, all 167 Exhibits, and the **First through the Fourteenth FRE 201 Judicial Notices** of judicially **noticed adjudicative facts,** which include approximately **1,044 total adjudicative facts,** including approximately **322 adjudicative facts** supporting **jurisdiction** in the U.S. District Court for the Western District of Washington; **FRE 201 Adjudicative Facts in Judicial NOTICES --- 2 through 8, 10, 12, and 13 --- fully support jurisdiction and venue.** All aforementioned incorporations provide --- **100% certainty** of fraudulently assigned judges and fraudulently assigned case numbers ---- prior to the legal filings by Plaintiffs of all 10 of their year-2025 cases --- with all 10 cases being illegally and fraudulently filed and processed by a non-existent/ non-payroll name in year-2025---- which did **not** generate a legal random judge assignment and which did **not** generate a legal case number assignment --- and thereby provides 100% certainty --- that Kentucky judges NEVER had jurisdiction and NEVER will have jurisdiction. Plaintiffs assert Rankin v. Howard, 633 F. 2d 844 (9th Circuit 1980) and United States v. Dugan, 2:25-cr-00089 (E.D. Wis. 2025) regarding judges without jurisdiction.

2138A. Plaintiffs incorporate by reference in full detail previous Claim for Relief **XCVI,** and **all claims for relief in full detail herein this complaint, in support of this Claim for Relief.**

2138B. **The Legal Framework — Survival Claims and Wrongful Death --- Survival Claims — Kentucky KRS 411.140:** Under Kentucky law -- KRS 411.140 — a cause of action

survives the death of either party. All of Doris's claims — elder abuse — IIED — tortious interference — real estate fraud — annuity fraud — securities fraud — and the Morning Pointe slip and fall recovery framed under elder abuse --- et cetera — survive Doris's death and may be pursued by her estate through Edward as Trustee and Executor. The survival of claims is established from the Kentucky statute independently of any federal authority. Plaintiffs also assert: **Adams v. Ison, 249 SW 2d 791 - Ky: Court of Appeals 1952 and KRS 413.190(2) for tolling based on --- "or obstruction---shall Not be computed as any part of the period within which the action shall be commenced."** Plaintiffs also assert **KRS 413.120** for fraud extending the statute of limitations.

2138C. **Wrongful Death — Kentucky KRS 411.130:** Kentucky's wrongful death statute — KRS 411.130 — provides a cause of action when a person's death is caused by --- (1) Whenever the death of a person results from an injury inflicted by the negligence or wrongful act of another, damages may be recovered for the death from the person who caused it, or whose agent or servant caused it. If the act was willful or the negligence gross, punitive damages may be recovered. When Wilson's sustained course of admitted elder abuse misconduct — isolation — intimidation — fraudulent interference with medical care and finances — fraudulent obstruction of elder abuse recovery — and acceleration of Doris's cognitive and physical decline — contributed to an earlier death than would otherwise have occurred — a wrongful death claim arises under KRS 411.130 and supplemental jurisdiction — with Edward as Executor --- and Edward as **Trustee** under the 1/29/2020 Trustee Agreements and Doris's Affidavit against Susan Wilson (PX-10) --- and as a named beneficiary--- and with legal standing to pursue that claim and all claims for relief--- as admitted by Wilson's legally binding substantive CR 8.04 admissions.

2138D. Plaintiffs assert: **Federal Survival — 42 U.S.C. §1988 --- Proceedings in vindication of civil rights** --- Under 42 U.S.C. §1988 — federal civil rights claims survive the death of the plaintiff — with the estate substituted as plaintiff. Also, all 42 U.S.C. §1983 and 42 U.S.C. §1985 claims — other federal question claims --- and RICO claims survive Doris's death and may be pursued. The wrongful death damages sought/demanded in Claim for Relief XCVII arise from Defendant's and Enterprise Members' constitutional violations under 42 U.S.C. §1983 — conspiracy under 42 U.S.C. §1985 - -- and RICO predicate acts under 18 U.S.C. §1961 through §1964(c) causing Doris Ann Colgate's death through sustained elder abuse — financial exploitation — isolation — deprivation of medical care — and obstruction of recovery. These damages are federal civil rights and RICO damages recoverable by Edward Harrison Colgate as Personal Representative and Trustee and statutory sole beneficiary — because the other child of Doris Ann Colgate --- identified as a named conspirator and elder abuser (Susan Wilson) --- whose misconduct contributed to Doris Ann Colgate's death — is barred from receiving any share of these damages under the doctrine that a person cannot benefit from their own wrongful misconduct — and under the equitable constructive trust doctrine — which prevents a wrongful actor from receiving proceeds --- that were generated --- by the death--that their wrongful misconduct caused. Additionally — to the extent that KRS 411.130 would otherwise apply — KRS 381.280's slayer rule and federal equitable principles independently bar any share of wrongful death proceeds from flowing to any person whose wrongful conduct contributed to the death — making Edward Harrison Colgate the sole rightful recipient of all wrongful death damages in all capacities.

2138E. FRCP 8(d)(2) specifically authorizes alternative and conditional pleading. A conditional claim that triggers upon confirmation of a fact that cannot currently be verified — because the


Edward Colgate 22023 SE Wax Rd., Box 1452, Maple Valley, WA 98038, King Co.

enterprise's fraudulent misconduct has created an information barrier preventing verification — is precisely the situation FRCP 8(d)(2) was designed to address. The enterprise's systematic isolation of Doris from Edward — combined with the enterprise's destruction of records and obstruction of discovery — and judges who have **NEVER** had jurisdiction --- has created the precise information barrier that makes conditional pleading necessary.

2138F. Plaintiffs incorporate by reference in full detail all preceding claims for relief — all adjudicative facts noticed under FRE 201 across all 14 FRE 201 Notices filed simultaneously herewith --- all CR 8.04 legally binding and conclusive admissions by Defendant Susan Wilson established from Kentucky case 25-CI-001371 and the four supporting Kentucky cases — all factual averments/allegations/adjudicative facts in the complaint body --- and specifically Claim for Relief 96 — XCVI --- regarding Intentional Infliction of Emotional Distress — all of which are incorporated herein as though fully set forth --- and all of which support this conditional claim for relief which triggers upon confirmation or reasonable inference of Doris Ann Colgate's death. Plaintiffs additionally incorporate the legal authority for survival of claims nnder Kentucky KRS 411.140 — wrongful death under Kentucky KRS 411.130 — and federal survival of civil rights claims under 42 U.S.C. §1988 — each independently establishing that all claims stated herein survive Doris Ann Colgate's death and may be pursued by her estate through Edward Harrison Colgate as Trustee and Executor designated in Doris's valid estate documents executed October 1, 2019 --- and January 29, 2020 — all of whose validity is established from Wilson's own CR 8.04 forgery admissions and other admissions --- and Doris's PX-3 audio admissions.

2138G. This claim is pleaded conditionally pursuant to FRCP 8(d)(2) — triggering upon any of the following: confirmation through discovery — subpoena response — public records — or any

other source that Doris Ann Colgate has died — or upon a reasonable inference of death arising from the combination of Doris's documented age of 93 years as of the date of this filing — her documented cognitive and neurological decline from postoperative delirium — her documented isolation from Edward Colgate since March 2020, although some communications were maintained up through 6-7-2023 until additional fraudulent obstructions were perpetrated by the Defendant --- her documented medical vulnerability as established by Dr. Yakkanti's November 10, 2021 medical note -- and the enterprise's documented fraudulent systematic obstruction of any communication between Doris and Edward --- that has prevented confirmation of her current status. Plaintiffs assert that the enterprise's fraudulent systematic isolation of Doris from Edward — combined with the enterprise's destruction of records and obstruction of discovery --- and judges NEVER having jurisdiction --- documented throughout this complaint — has created an information barrier that itself constitutes an element of the damages sought herein — because the inability to confirm a 93-year-old mother's status is itself a form of irreversible deprivation of familial relationship caused by the enterprise's documented fraudulent misconduct.

2138H. **Adjudicative Fact 1 — Wilson's Fraudulent Obstruction and Deprivation of Familial Relationship Is Admitted:** Wilson admitted — through her failure to deny the averments/allegations/adjudicative facts in Kentucky case 25-CI-001371 — that her fraudulent misconduct caused obstruction and deprivation of the familial relationship between Edward Colgate and Doris Colgate — through isolation — intimidation — deception of Doris — fraudulent manipulation and inducement of perjury regarding Doris's deposition testimony — fraudulent concealment of Edward's fiduciary work from Doris — and complicity in preventing Edward from accessing Doris through legitimate fiduciary channels. — This establishes

fraudulent deprivation of familial relationship as an admitted adjudicative fact from Wilson's own CR 8.04 default.

2138I. **Adjudicative Fact 2 — Wilson's Fraudulent Misconduct Was Continuous From March 2020 Through Present:** Wilson admitted — through her failure to deny averments establishing the continuing character of her fraudulent misconduct — that the isolation — obstruction — and deprivation of familial relationship were continuous from March 1, 2020 through the present. The continuing character is critical for both survival of claims and wrongful death analysis, although continuous fraud also continues to extend the statute of limitations, because it establishes that Wilson's fraudulent misconduct was a sustained course of fraudulent misconduct --- whose consequences continue regardless of Doris's current status.

2138J. **Adjudicative Fact 3 — Wilson's Fraudulent Misconduct Accelerated Doris's Cognitive and Physical Decline:** Wilson admitted — through her failure to deny the averments establishing postoperative delirium — deliberate and intentional fraudulent exclusion of the lawful POA from medical decision-making and financial decisions — isolation from family — and fraudulent interference with medical care and finances — that Wilson's fraudulent misconduct caused and accelerated cognitive and physical decline in Doris Colgate - a 93-year-old vulnerable adult. Accelerated cognitive and physical decline in a 93-year-old patient — caused by documented isolation — fraudulent and deceptive medical care interference and fraudulent financial interference — and sustained elder abuse — is itself a cause of earlier death than would otherwise have occurred — making Wilson's fraudulent misconduct a contributing cause of any premature death. Defendant was complicit in and conspired in---Deliberate and intentional exclusion and obstruction of legal POA/ Trustee (Edward Colgate) including but not

limited to Morning Pointe employees hanging up on Plaintiff when Plaintiff made a phone call to them.

2138K. **The Substantive Claim:** Upon triggering — Plaintiffs assert the following claims: **First — Survival of All Claims Under KRS 411.140 and 42 U.S.C. §1988:** All claims asserted in this complaint by Plaintiff Doris Colgate individually, and on behalf of Doris Colgate — including but not limited to --- elder abuse claims under KRS 209.020 — IIED claims -- tortious interference claims — real estate fraud — annuity fraud — securities fraud — the Morning Pointe slip and fall recovery framed under elder abuse — and all federal civil rights, federal question, and RICO claims — survive Doris Ann Colgate's death and are assertable by her estate through Edward Harrison Colgate as Trustee and Executor — with all admitted damages — all admitted adjudicative facts which include more than 1,000 — and CR 8.04 legally binding admissions remaining fully operative against Wilson regardless of Doris's death.

2138L. **Second — Wrongful Death Under KRS 411.130:** Wilson's sustained course of admitted fraudulent misconduct — isolation from family — intimidation through threatened nursing home removal — fraudulent interference with medical care and finances — fraudulent obstruction of elder abuse recovery — deliberate and intentional fraudulent exclusion of the lawful POA from medical and financial decision-making — and acceleration of Doris's cognitive and physical decline, who is a 93-year-old cognitively vulnerable patient — constitutes a contributing cause of any death occurring earlier than would have occurred absent Wilson's admitted fraudulent misconduct — making Wilson liable under KRS 411.130 for wrongful death damages — with Edward Harrison Colgate having legal standing to pursue this claim as designated Executor and Trustee of Doris's Trust --- under Doris's valid estate documents.

2138M. **Third — Irreversible Deprivation of Familial Relationship:** Wilson's fraudulent systematic isolation of Doris from Edward although some communications were maintained until Wilson perpetrated additional fraudulent obstructions — from March 1, 2020 through the present — prevented Edward from maintaining the positive mother-son relationship documented in authenticated audio recordings through June 7, 2023 — the last documented positive contact — and prevented Edward from being present with his mother during the final years of her life --- if Doris has passed. This deprivation of familial relationship — irreversible upon death — constitutes an independently compensable harm to Edward beyond the IIED damages established in Claim 96 --- XCVI — because no amount of money can restore the lost years of relationship that Wilson's admitted fraudulent and deceptive isolation of Doris caused — and no future recovery is possible if Doris has died — making the deprivation literally irreversible.

2138N. **Fourth — Compounded IIED Upon Death:** If Doris has died — Wilson's IIED liability to Edward is compounded by the irreversible character of the deprivation — because Edward was fraudulently prevented from being present with his mother — from fulfilling his fiduciary duties in person — from communicating with his mother — and from knowing his mother's status — during the period of Wilson's admitted fraudulent and deceptive isolation of Doris — and if Doris has died during that period — Edward was prevented from being present at his mother's death — a harm that is irreversible — unquantifiable in purely economic terms — and directly caused by Wilson's admitted fraudulent misconduct.

2138O. **The Approximate Dollar Amount Ranges --- Survival Claims — Doris's Estate:** All damages established for Doris throughout the complaint survive her death. The combined admitted damages floor for Doris — $490,046.73 in special damages — trebled under RICO to $1,470,140.19 — plus the obstruction of the Morning Pointe recovery sought — plus the

Compounded IIED Upon Death claims --- plus punitive damages of nine to forty times compensatory — plus other compensatory damages --- survive intact and are assertable by her estate and by Edward Colgate, who is Doris's legal and valid Trustee and Executor --- even confirmed by Wilson's CR 8.04 legally binding admissions. No separate additional survival damages amount is needed — and the existing admitted damages floor applies in full.

2138P. **Wrongful Death — KRS 411.130:** Kentucky wrongful death damages include the present cash value of the decedent's future earning capacity through retirement income, legally restored asset amounts and dollar amounts through restitution --- based on Doris's defrauded annuities and defrauded securities — destruction of earning or income generating power — physical and mental suffering — and loss of inheritance or loss of assets entitled to --- to survivors --- and the Compounded IIED Upon Death claims. For a 93-year-old patient — physical and mental suffering from accelerated cognitive and physical decline caused by Wilson's admitted fraudulent misconduct — and loss of inheritance or loss of assets entitled to--- to Edward — are substantial. A reasonable wrongful death damages range for Doris given her age — vulnerability — documented cognitive decline — and the specific manner of death attributable to Wilson's fraudulent misconduct — is in the range of $500,000 to $2,000,000 — with the specific amount depending on the life expectancy differential between expected death without Wilson's fraudulent misconduct --- and actual death attributable to the accelerated decline that Wilson's admitted fraudulent and deceptive isolation and fraudulent medical and financial interference caused. Under 42 U.S.C. §1988, Defendant may be required to pay for an expert witness regarding the aforementioned.

2138Q. **Irreversible Deprivation of Familial Relationship — Edward:** No American court has established a precise damages formula for irreversible deprivation of familial relationship

caused by fraudulent elder abuse isolation --- making this a novel damages category consistent with the novel questions framework throughout this complaint. The range of comparable cases — loss of inheritance and/or assets entitled to — fraudulent deprivation of familial relationship in civil rights cases — and bystander IIED in elder abuse cases — suggests a supportable range of **$500,000 to $3,000,000 for Edward specifically** — based on the following factors: The duration -- over six years of documented fraudulent and deceptive isolation of Doris by Defendant Wilson --- from March 2020 through the present. The irreversibility — if Doris has died --- no future relationship is possible ---- making the harm permanent rather than temporary. The specific documented relationship — authenticated audio recordings through June 7, 2023 documenting a positive mother-son relationship --- actively working together to recover Doris's damages based on Wilson's fraud against Doris - with Wilson's fraudulent and deceptive isolation of Doris --- preventing Edward from knowing his mother's true status for years.

2138R. **Compounded IIED Upon Death — Edward:** If Doris has died during the fraudulent and deceptive isolation period --- the IIED damages to Edward from Claim 96--- XCVI ---no less than $250,000 --- are compounded by the irreversible character of the deprivation — adding a multiplier to the existing IIED award --- rather than a separate additional amount. A reasonable compounding multiplier for the irreversibility of death — applied to the existing IIED damages —- is two to four times the existing IIED award --- adding $500,000 to $1,000,000 to the existing IIED damages --- upon confirmation of death.

2138S. **The Complete Conditional Damages Statement:** Upon triggering of this conditional claim — Plaintiffs seek the following additional damages beyond those established in Claims for Relief 1 through 96 (I through XCVI): **Wrongful death damages** under KRS 411.130 - in an **amount no less than $500,000 and up to $2,000,000** — based on the life expectancy

differential attributable to Wilson's admitted fraudulent and deceptive isolation — intimidation — fraudulent interference with medical care and finances — and acceleration of cognitive and physical decline. **Irreversible deprivation of familial relationship damages to Edward — in an amount no less than $500,000 and up to $3,000,000** — based on over six years of documented fraudulent and deceptive isolation --- the irreversible character of the deprivation upon death — the specifically documented positive mother-son relationship actively fraudulently obstructed by Wilson — and the CR 8.04 legally binding admissions of liability by Wilson --- of the intentional, fraudulent, and deceptive isolation mechanisms by Wilson.

2138T. Compounded IIED damages to Edward upon confirmation of death --- in an additional amount no less than $500,000 --- representing a two to four times multiplier on the existing $250,000 IIED award from Claim for Relief XCVI--96 — reflecting the irreversible character of the deprivation. Punitive damages on all wrongful death and familial deprivation components — at no less than nine times and up to forty times the combined compensatory awards — based on the intentional, willful, and malicious character of Wilson's admitted fraudulent and deceptive isolation misconduct --- and the deliberate character of the information barrier that Wilson's deceptive and fraudulent misconduct created — preventing Edward from even knowing his mother's status.

2138U. Total conditional damages floor upon triggering --- $1,500,000 in additional compensatory and general damages --- with punitive damages of no less than $13,500,000 at nine times --- and up to $60,000,000 at forty times — in addition to all damages established in Claims for Relief 1 through 96 (I through XCVI). This is in addition to the legally binding and conclusive admitted damages floor for Edward — $50,138.68 in special damages — trebled under RICO to $150,416.04.

2139. As of the filing of this Complaint, Plaintiff Edward Colgate **does not have confirmation** as to whether his mother, Doris Colgate, is deceased. However, based on **Defendant Susan Wilson's willful and malicious concealment** of Doris Colgate's whereabouts, medical condition, and legal status— including **continuous fraudulent deprivation and obstruction of** Doris Colgate's **court access as a Plaintiff against Susan Wilson** for Susan Wilson's fraud against Doris Colgate, in violation of tampering with a witness under **KRS 524.050,** and in violation of **18 U.S.C. § 1512-- tampering with a witness/victim as a predicate act under RICO--18 U.S.C. § 1961—1964(c).** Susan Wilson has used a **fraudulent and forged POA,** attempting to hide Doris Colgate, and changing Doris Colgate's phone number, and also taking away Doris Colgate's phone access. Pursuant to Kentucky case 25-CI-001371, based on **legally binding** and conclusive judicial admissions of liability, Susan **Wilson has admitted the use of forged POA documents** regarding Doris Colgate. Susan Wilson's **willful and malicious concealment** of Doris Colgate has caused **fraudulent deprivation and obstruction of** Edward Colgate's fiduciary duties and has deprived and obstructed Edward Colgate's familial relationship with Doris Colgate.

2140. Based on all aforementioned elder abuse in this Complaint, Plaintiff Edward Colgate does not have any definitive proof that Doris Colgate is living or deceased. Since Doris Colgate is or would be 93 years old at the end of February 2025, it is possible that Doris Colgate may pass away before Plaintiff sees her, speaks to her, and/or comforts her.

2141. Defendant's fraudulent misconduct—individually and in complicity and conspiracy with others— has **intentionally inflicted** emotional distress/harm/injury including but not limited to: Plaintiff's loss of the opportunity to be present with his mother in her final days and/or years, and to say goodbye, and to fulfill his role as son and medical POA, durable POA, and Trustee

since **Defendant has legally admitted that** Edward Colgate is Doris Colgate's durable and medical POA, Trustee, and Executor of Doris Colgate's Will. See PX-51, PX-55, PX-56; Plaintiff's emotional distress/harm caused by prolonged uncertainty as to whether Doris is alive; Plaintiff's emotional distress/harm resulting from knowing that **Defendant was deceiving and intimidating Doris, causing Doris to be fearful;** Plaintiff's anticipated grief and lack of closure if it is confirmed that Doris passed during this period of Defendant's fraudulent obstruction/deprivation; and Destruction of the parent–child bond caused by Defendant's ongoing fraud. Refer to **all details therein the 109 pages of legally binding and conclusive** judicial admissions of liability and damages in Kentucky Complaint 25-CI-001371 **plus** the approximately **187 pages of legally binding admissions** in said complaint's **Exhibits PX-1 through PX-40. See PX-51, PX-55, PX-56.**

2142. Plaintiff Edward Colgate specifically reserves and preserves this **Claim for Relief--- Being Applicable and Triggering upon Confirmation or Reasonable Inference of Death---** as a conditional and supplemental **civil rights claim for wrongful deprivation and obstruction of death-related access,** to be **formally supplemented** upon confirmation of death, but which is **applicable now** due to: The emotional distress/harm already intentionally inflicted; The high likelihood that Doris's death will occur while Defendant's deprivation/ obstruction remains in place, or death has possibly already occurred; Defendant's **legally binding and conclusive** judicial admissions of **intentional, oppressive, willful, and malicious abuse,** concealment, and emotional distress/harm to **both** Doris Colgate and Edward Colgate. (See PX-51 and aforementioned paragraph #2116)

2143. This is the result of **intentional, coordinated deprivation/ obstruction** by the Defendant and others----who systematically attempted to conceal her location, blocked/obstructed/deprived

Plaintiff Doris Colgate of all Kentucky court access. Plaintiff, her only son, has likely lost the last two years, or more, of his mother's life---due only to the greed, coercion, and corruption of those attempting to silence Plaintiff so that Defendant Wilson and others could continue their deceptive fraud against Doris Colgate. This is elder abuse and is **filial sabotage/deprivation,** and this **warrants the strongest possible civil remedies/relief** that **this Court can provide.** Communications had become less based on Doris Colgate communicating to Edward and Stanette in February of 2023 that Doris Colgate was afraid that Susan Wilson would find out Doris had spoken with Edward Colgate and Stanette Rose, Successor Trustee for Doris---since Susan Wilson had been deceiving and intimidating Doris, and causing Doris to be fearful. Refer to USB drive and PX-3 for Audio Recording transcriptions.

2144. In addition to IIED already being admitted under supplemental jurisdiction, Plaintiffs assert the following federal legal authority for additional and higher Relief Awards --- **facially supported by the cumulative and total effects caused by the 102 claims for relief against Defendant Wilson: Restatement (2d.) § 46 Outrageous Conduct Causing Severe Emotional Distress (1)** One who by extreme and outrageous conduct intentionally **or recklessly** causes severe emotional distress to another is subject to liability for such emotional distress. Restatement **(Second) of Torts § 46 – IIED** --- loss of familial relationship under civil rights law; **42 U.S.C. §§ 1983, 1985(2)-(3)** – deprivation/ obstruction, complicity, **conspiracy under color of law;** KRS 209.990, 209.050, 209.030--refusal/failure to report elder abuse; CR 8.04 / 28 U.S.C. § 1367(a)--**legally binding** and conclusive judicial **admissions of liability and damages.**

2145. Plaintiff expressly preserves and reserves the right to bring a separate wrongful death action pursuant to applicable state and federal law upon confirmation that Doris Colgate is deceased and that such death resulted, in whole or in part, from the negligent, reckless, or

intentional conduct of any individual or entity identified herein or subsequently discovered. If it is confirmed that Doris Colgate has died as a result of wrongful misconduct, Plaintiff preserves and reserves the right to pursue a separate civil action for wrongful death and all associated damages against any and all responsible parties. Plaintiffs also incorporate by reference in full detail **Section XXXIX** and the **Twelfth FRE 201 NOTICE --- regarding interstate transfers.**

2146. Defendant Wilson has **legally binding and conclusive judicial admissions of Forgery/Complicity in Forgery** with full liability regarding legal documents dated on or near 3-4-2020, and later, including but not limited to a power of attorney document, a trust revocation document, a Will, and/or a document fraudulently removing Doris Colgate's real estate, located at 410 Wisteria Avenue, Jefferson County, from the Trust.

2147. Defendant Susan Wilson was and is complicit in and conspired in a scheme with Judge Patricia Morris, whereby Judge Morris, without jurisdiction, weaponized a **knowingly false and fraudulent felony accusation** of "unauthorized practice of law" against pro se Plaintiffs—who were acting lawfully under KRS 209.030 and as a fiduciary under valid Trust and POA instruments—in order to deny Plaintiffs all access to all Kentucky courts and to **obstruct elder abuse recovery. Patricia Morris's fraudulent felony accusation is also proven by Defendant Susan Wilson's legally binding and conclusive judicial admissions of Plaintiffs' legal standing, Defendant's liability, and Defendant's damages.** See **PX-12, PX-51, PX-55, PX-56.**

2148. This denial was executed **without jurisdiction**, violated Plaintiffs' constitutional rights and statutory rights, and directly benefited Defendant, who remained **unjustly enriched** as a result. The fraudulent accusation by Judge Morris occurred **19 days prior** to Defendant Wilson being legally served by the Jefferson County Sheriff. When filing the Complaint, Plaintiffs paid

the mandatory $60 fee directly to the Jefferson Circuit Court Clerk to have legal service by the Sheriff executed immediately.

2149. The timing and coordination of this judicial obstruction before lawful service—despite the court's active role in facilitating Wilson's service demonstrates an **ultra vires abuse** of office by Morris to shield Wilson from litigation and to obstruct and block all statutory recovery.

2150. Direct communication between Wilson and Morris does **not** need to be proven to establish complicity under KRS 502.020 and conspiracy under 42 U.S.C. § 1985(2)-(3) . The judicial act of denying Plaintiffs all court access functioned as **an overt act in furtherance of a shared unlawful objective** to obstruct justice and to illegally protect Wilson from liability, in violation of 42 U.S.C. §§ 1983, 1985(2)-(3) and in Violation of the First, Seventh, and Fourteenth Amendments, and the Supremacy Clause, Art. VI, Cl. 2.

2151. Plaintiffs incorporate by reference in full detail all liability for **similar "Claims for Relief VI and V, and full detail for all claims for relief since all claims support this claim." Claims for Relief VI and V** and all claims for relief are legally binding and conclusive based on Defendant's judicial admissions of liability in Kentucky Case No. 25-CI-001371 pursuant to CR 8.04 and 28 U.S.C. § 1367(a).

2152. Susan Wilson was and is **complicit** with and conspired with judge Morris or Patricia Morris, who was and is **acting in the absence of jurisdiction.** See **Rankin v. Howard, 633 F. 2d 844 (9th Circuit 1980) and US v. Dugan;** Also refer to **all details in SECTION XII for evidence against Morris, and also for evidence of systemic and systematic corruption.**

2153A. Plaintiffs accordingly respectfully demand the following: immediate entry of judgment as to liability and a corresponding award of $540,185.41 based on legally binding and conclusive judicially admitted damages from case 25-CI-001371, which is separate from and in addition to -

-- Compounded IIED damages to Edward upon confirmation of death --- in an additional amount no less than $500,000 — representing a two to four times multiplier on the existing $250,000 IIED award from Claim 96 — reflecting the irreversible character of the deprivation. Punitive damages on all wrongful death and familial deprivation components --- at no less than nine times and up to forty times the combined compensatory awards — based on the intentional, willful, and malicious character of Wilson's admitted fraudulent and deceptive isolation misconduct --- and the deliberate character of the information barrier that Wilson's deceptive and fraudulent misconduct created — preventing Edward from even knowing his mother's status. Plaintiffs accordingly respectfully demand the following: entry of judgment as to liability, and a corresponding award of the total conditional damages floor upon triggering — **$1,500,000** in additional compensatory damages and general damages --- with punitive damages of **no less than $13,500,000** at nine times --- and up to $60,000,000 at forty times — in addition to all damages established in Claims I through 96. Plaintiffs respectfully demand entry of judgment as to liability and corresponding awards of --- Plaintiffs incorporate by reference in full detail Claims for Relief **XCVII and LXXXVIII and LXXXIV** --- and the relief entitled to therein --- regarding **Wrongful death damages** under KRS 411.130 — in the **range of** an amount **no less than $500,000 trebled to $1,500,000** and **up to $2,000,000 trebled 3 times to $6,000,000** --- with punitive damages **awarded** at no less than **9 times --- $4,500,000 to $18,000,000 ---** and up to 40 times. Plaintiffs respectfully demand entry of judgment as to liability and corresponding awards of --- Plaintiffs incorporate by reference in full detail Claims for Relief **XCVII and LXXXVIII and LXXXIV** --- and the relief entitled to therein --- regarding **--- Irreversible deprivation of familial relationship damages to Edward —** in an amount **no less than $500,000 trebled to $1,500,000** and **up to $3,000,000 trebled 3 times to $9,000,000 ---** with

punitive damages **awarded** at no less than **9 times--$4,500,000 to $27,000,000** --- and up to 40 times. **Compounded IIED damages** --- Plaintiffs respectfully demand entry of judgment as to liability and corresponding awards of --- Plaintiffs incorporate by reference in full detail **Claims for Relief XCVII and XCVI and LXXXVIII and LXXXIV and paragraph 2138T --- Compounded IIED damages to Edward Colgate** upon confirmation of death --- and the relief entitled to therein --- in an additional **amount no less than** --- $250,000 times 2 and times 4 --- **$500,000 and up to $1,000,000 — and up to** $750,000 times 2 and times 4 --- **$1,500,000 and up to $3,000,000 --- "representing a two to four times compounding multiplier" on the existing $250,000 to $750,000 award --- trebled to "$4,500,000 up to $9,000,000"** --- IIED award from Claim for Relief XCVI--96 --- reflecting the irreversible character of the deprivation. Plaintiffs respectfully demand entry of judgment as to liability and corresponding awards of --- Plaintiffs incorporate by reference in full detail **Claims for Relief XCVII and XCVI and LXXXVIII and LXXXIV and** paragraph **2138U** --- and the relief entitled to therein --- Total conditional damages floor upon triggering --- **$1,500,000 and up to $3,000,000** in additional compensatory and general damages with punitive damages of **no less than $13,500,000 and up to $27,000,000 at nine times** — and up to forty times damages — in addition to all damages established in Claims for Relief 1 through 96 (I through XCVI). Compensatory and general damages for emotional distress/harm/injury, tortious and fraudulent fiduciary interference, and damages suffered by both Edward Colgate and Doris Colgate --- **facially support high damages. High punitive damages are facially supported by** --- Defendant Susan Wilson having substantive CR 8.04 admissions of willful, intentional, and malicious misconduct, admitting that punitive damages would deter similar misconduct. Plaintiffs incorporate by reference in full detail **2138N through 2138U.** The 18 U.S.C. §1503 obstruction predicates are

part of the RICO pattern that caused injury to Plaintiffs' property — including but not limited to the **denial of the property right to enforce CR 8.04 admissions — the deprivation of the property right of Edward's fiduciary role — and the economic losses based on Defendant's and others' sustained unjust enrichment.** Plaintiffs assert 18 U.S.C. §1503—obstruction of the due administration of justice --- 18 U.S.C. §1349--RICO Attempt and conspiracy and 18 U.S.C. §1512, §1513, §1343---as predicate acts under 18 U.S.C. §1961---1964(c)---for treble damages.

2153B. **The IIED and familial deprivation and irreversible deprivation of familial relationship are consequential harms flowing from the same RICO pattern — recoverable as supplemental damages alongside the primary RICO property injury. The obstruction of Plaintiffs' recovery of the elder abuse damages established in Claims XXXVI, XXXVII, and LXXXIX — constitutes independent predicate acts.** The **18 U.S.C. §1349** attempt and conspiracy and 18 U.S.C. §1512, §1513, §1343, §1503 predicates are part of the RICO pattern that caused injury /harm/ unjust enrichment — including but not limited to the **denial of the right to enforce CR 8.04 admissions — the deprivation of the right of Edward's fiduciary role — and the economic losses based on Defendant's and others' sustained unjust enrichment.**

2153C. **The IIED and familial deprivation and wrongful death and irreversible deprivation of familial relationship are consequential harms flowing from the same RICO pattern — recoverable as supplemental damages alongside the primary RICO property injury. The obstruction of Plaintiffs' recovery of the elder abuse damages and recovery of other damages established in Claims XXXVI, XXXVII, LXXXIX, XC, XCI, XCII, XCVI, XCVII,**

**LXVIII through LXXXVIII, and XCVIII through CII (102) — constitute independent predicate acts.**

2153D. This claim for relief is asserted independently under Kentucky law and 28 U.S.C. §1367 — and 42 U.S.C. §1983 — and 42 U.S.C. §1985(2)-(3) as a standalone claim for compensatory and punitive damages — fully established from Wilson's legally binding and conclusive CR 8.04 admissions --- independently of any RICO characterization — entitling Plaintiffs to full compensatory and punitive relief on this claim --- regardless of whether the court accepts the RICO predicate characterization. Pursuant to FRCP 8(d)(2) --- this claim for relief is pleaded as an alternative to and in addition to the RICO framework — ensuring full recovery under one or both legal theories that the court accepts — with the RICO treble damages constituting additional mandatory relief on top of the standalone compensatory and punitive damages --- rather than a substitute for them. Plaintiffs incorporate by reference in full detail--paragraphs 2631A through 2631M. Court employees have fraudulently attempted to deceive Plaintiff through phone and internet phone interstate communications --- audio recorded and transcribed. Plaintiff asserts many documented electronic communications notifying judges and court employees that Plaintiff was being targeted in Washington State. Plaintiffs also incorporate by reference in full detail PX-129, PX-136, PX-158. PX-159, PX-160, PX-48, PX-49, PX-129 through PX-133, PX-136, PX-137 through PX-154, PX-143 --- supports the fraud and also supports the fraudulent effective destruction of records related to Eric Haner, Susan Gibson, and others. Plaintiffs assert and incorporate by reference in full the following regarding the **broad definition of an associated-in-fact enterprise --- in support of Plaintiffs' Actionable under---RICO predicate acts herein: Odom v. Microsoft Corp., 486 F. 3d 541 - Court of Appeals, 9th Circuit 2007 and United States v. Turkette, 452 US 576 - Supreme Court 1981 in Section XX. The**

**DAMAGES Demand:** Plaintiffs accordingly respectfully demand the following: Entry of judgment as to liability and a corresponding award of all of the following for this claim for relief: **Based on the fraudulent obstruction and deprivation of all Plaintiffs' recovery, Damages Awards are as Follows:** Combined for Edward Colgate and Doris Colgate: **$540,185.41** Awarded for Special damages--legally binding and conclusive--admitted as a sum-certain -- under substantive CR 8.04; **$1,620,556.23** Awarded for Treble damages; **$4,861,668.69** Awarded for Punitive damages no less than 9 times damages --- and up to 40 times damages. Doris Colgate: **$2,975,000.00** --- Claims for Relief LXXXIX and VI and XXXVII; **$8,925,000.00** Awarded for Treble damages; **$26,775,000.00** Awarded for Punitive damages no less than 9 times damages---and up to 40 times damages; **$750,000.00** Awarded for Claims for Relief V and XXXVI; **$2,250,000.00** Awarded for Treble damages; **$6,750,000.00** Awarded for Punitive damages no less than 9 times damages --- and up to 40 times damages; **$79,000.00** Awarded for Claim for Relief C --- 100; **$237,000.00** Awarded for Treble damages; **$711,000.00** Awarded for Punitive damages no less than 9 times damages --- and up to 40 times damages; **$49,665.00** Awarded for Claims for Relief CI—100--promissory notes/loans; **$148,995.00** Awarded for Treble damages; **$446,985** Awarded for Punitive damages no less than 9 times damages --- and up to 40 times damages; Doris Colgate continued: Range from **$500,000.00 To $1,500,000.00** Awarded --- Claims for Relief XCVI --- IIED; Doris Colgate Range from **$1,500,000.00 To $4,500,000.00** Awarded for Treble damages; Doris Colgate Range from **$4,500,000.00 To $13,500,000.00** Awarded for Punitive damages no less than 9 times damages --- and up to 40 times damages; Edward Colgate Range from **$250,000.00 To $750,000.00** Awarded for --- Claims for Relief XCVI --- IIED and fraudulent Deprivation of familial relationship; Edward Colgate Range from **$750,000.00 To $2,250,000.00** Awarded for Treble

damages; Edward Colgate Range from **$2,250,000.00 To $6,750,000.00** Awarded for Punitive damages no less than 9 times damages --- and up to 40 times damages; Edward Colgate Range from **$500,000.00 To $2,000,000.00** Awarded for --- Claims for Relief XCVII---IIED---Wrongful Death; Edward Colgate Range from **$1,500,000.00 To $6,000,000.00** Awarded for Treble damages; Edward Colgate Range from **$4,500,000.00 To $18,000,000.00** Awarded for Punitive damages no less than 9 times damages --- and up to 40 times damages; Edward Colgate Range from **$500,000.00 To $3,000,000.00** Awarded for --- Irreversible Deprivation of Familial Relationship; Edward Colgate Range from **$1,500,000.00 To $9,000,000.00** Awarded for Treble damages; Edward Colgate Range from **$4,500,000.00 To $27,000,000.00** Awarded for Punitive damages no less than 9 times damages --- and up to 40 times damages; Edward Colgate's **Compounded IIED** damages awards --- **Irreversible Deprivation Compound;** Edward Colgate **Range** from no less than **$250,000 times 2 and times 4** and **up to $750,000 times 2 and times 4** Awarded for --- **Compounded IIED** damages awarded to Edward Colgate if Doris Colgate's death; Edward Colgate Range from **$500,000.00 To $1,000,000.00** --- and **up to $1,500,000.00 To $3,000,000.00** Awarded for --- Compounded IIED damages awards to Edward Colgate if Doris Colgate's death; Edward Colgate Range from **$4,500,000.00 To $9,000,000.00** Awarded for Trebled damages; Edward Colgate Range from **$13,500,000.00 To $27,000,000.00** Awarded for Punitive damages no less than 9 times damages --- and up to 40 times damages. Edward Colgate: **$50,138.68** Awarded for Special Damages--legally binding and conclusive--admitted as a sum-certain—under substantive CR 8.04; Edward Colgate: **$150,416.04** Awarded for Treble damages; Edward Colgate: **$451,248.12** Awarded for Punitive damages no less than 9 times damages --- and up to 40 times damages; Edward Colgate: **$48,600.00** Awarded for Time and Energy damages admitted under legally binding

substantive CR 8.04; Edward Colgate: **$145,800.00** Awarded for Treble damages; Edward Colgate: **$437,400.00** Awarded for Punitive damages no less than 9 times damages --- and up to 40 times damages; Edward Colgate: **$4,091.08** Awarded for Fraudulent Fees Paid Based on Alias Name---Fraud; Edward Colgate: **$12,273.24** Awarded for Treble damages; Edward Colgate: **$36,819.72** Awarded for Punitive damages no less than 9 times damages --- and up to 40 times damages; Edward Colgate: **$28,000.00** Awarded for Claims for Relief LXI and XXXI; Edward Colgate: **$84,000.00** Awarded for Treble damages; Edward Colgate: **$252,000.00** Awarded for Punitive damages no less than 9 times damages --- and up to 40 times damages; Edward Colgate: **2,544 hours multiplied by $150 per hour — $381,600 --- trebled to --- $1,144,800 --- punitive** damages of **$3,434,400** --- no less than 9 times damages --- and up to 40 times damages; Edward Colgate: **$381,600.00** Awarded for Federal Time and Energy and Work and Effort Damages; **$1,144,800.00** Awarded for Federal Treble damages; **$3,434,400.00** Awarded for Federal Punitive damages no less than 9 times damages --- and up to 40 times damages.

2154. The **foregoing constitutes Plaintiffs' short and plain statement of this claim for relief** in compliance with Fed. R. Civ. P. 8(a)(2).

2155. Additionally, The Defendant's **legally binding and conclusive, judicially admitted participation in forged legal documents/instruments** has resulted in **continuous**, unlawful **tortious interference** with Trustee Edward Colgate's administration of **The Colgate Family Living Trust dated January 29, 2020,** with **each day since March 1, 2020**, constituting a **new act of fraudulent obstruction** and fiduciary harm/injury. This Claim for Relief is pled under a continuing tort doctrine, as Defendant's obstruction of Trustee Edward Colgate's fiduciary duties and Trustee recovery rights under the Trust constitutes an ongoing violation, with each day

renewing the harm/injury and tolling all applicable statutes of limitation. Additionally, **each day that Defendant Wilson, Patricia Morris, and Debbi Hall refuse and fail to report their own elder abuse and tortious fiduciary interference related to said elder abuse under KRS 209.030(2), KRS 209.990(1), and KRS 446.070---constitutes a new statutory violation**, which further tolls all relevant statutes of limitation under Kentucky and federal law.

2156. Each day that Judge Morris's and other judges' **fraudulent felony accusations remain embedded in void ab initio orders** constitutes a continuing denial of all Kentucky court access and systemic obstruction of justice in violation of 42 U.S.C. §§ 1983 and 1985(2)-(3), and the First, Seventh, and Fourteenth Amendments. Their collective refusal to report their own and each other's illegal or fraudulent actions under **KRS 26A.080 and KRS 209.030** perpetuates retaliatory elder abuse under **KRS 209.050**, renewing the constitutional and statutory harm/injury daily and **tolling all applicable statutes of limitation** under the continuing tort doctrine.

2157. **No state or federal court in the United States has ever attempted to bar, obstruct, or deny a civil plaintiff from all court access across an entire state** --- by judges --- **without jurisdiction --- fraudulently accusing them of felonies.** The absurdity and illegality of such an act is so blatant that it has never been attempted by any judge in any jurisdiction until year-2025 in Jefferson Circuit Court—KY. Adding to the absurdity and illegality is the fact that the Defendant had not been legally served yet, not yet legally commencing said cases under CR 3.01 via legal service by Deputy Sheriff of the summons and the complaint. Jefferson Circuit Court is the first to attempt this type of illegal act or fraud, which is retaliatory under KRS 209.050, KRS 209.030, KRS 209.990, KRS 26A.015(2), and is an attempt to intimidate and tamper with a witness, which is also a violation of 42 U.S.C. §§ 1983 and 1985(2)-(3).

**CLAIM FOR RELIEF XCVIII —** Defendant's **Complicity and Conspiracy in Obstruction of Recovery Regarding Time and Energy and Effort Damages for Edward Colgate as an Investigative Auditor --- Admitted Through Susan Wilson's CR 8.04 Default as a Computable Sum-Certain --- And Defendant's Obstruction of Plaintiff's Recovery Caused by and** Through Defendant's Complicity and Conspiracy With One or More Judges (without jurisdiction) — the Elected Jefferson Circuit Court Clerk — Jefferson Circuit Court Clerk's Office Employees - Administrative Office of the Courts Employees — Court Administrators — Staff Attorneys — Acting Under Color of State Law --- and Caused by and Through Defendant's Complicity and Conspiracy With Private Citizens and Entities — Individually or in Any Combination --- And Caused by Defendant's Obstruction/ Deprivation of Plaintiff's Fiduciary Duties, Rights, and Recovery, including Plaintiff Edward Colgate's Individual Recovery and Elder Abuse Recovery, Enabling/ Causing Defendant's and Others' Unjust Enrichment --- **Actionable Under Supplemental Jurisdiction 28 U.S.C. §1367** — And also **Actionable Under 42 U.S.C. §1983 and 42 U.S.C. §1985 and under RICO Predicate Acts 18 U.S.C. §1512, §1513, §1343, §1349, §1503 under 18 U.S.C. §1961---1964(c) for treble damages --- Caused By Obstruction of Recovery of Those Damages.**

2158A. Plaintiffs incorporate by reference in full detail all preceding claims for relief — all adjudicative facts noticed in the First and Eleventh FRE 201 Notices and Sections XXXVII and XXXVIII — specifically Adjudicative Fact 530 establishing Wilson's CR 8.04 admission of time and energy damages as a computable sum-certain independently admitted category — and all CR 8.04 legally binding and conclusive admissions by Defendant Susan Wilson in Kentucky case 25-CI-001371 — as though fully set forth herein.

2158B. **The Admitted Liability Framework:** Wilson admitted — through her failure to deny paragraph 355 subsection 10 of Kentucky case 25-CI-001371 — that time and energy for working to recover damages for Doris is an additional admitted damages category --- to the established dollar amount cited in said complaint — established as Adjudicative Fact 530 in the First FRE 201 Notice and Section XXXVII --- filed simultaneously herewith. This admission establishes time and energy damages as an independently admitted computable sum-certain under Kentucky CR 8.04's standard of a sum which by computation can be made certain — satisfying the computation standard from Wilson's own procedural default — making time and energy damages a noticed adjudicative fact that this Court must accept as conclusive under FRE 201(f). This admission is independently confirmed by four additional defendants across four supporting Kentucky cases — Fox in case 25-CI-001121 — Ray Wilson in case 25-CI-001568 — McConnell in case 25-CI-001795 — and Hey Jude LLC in case 25-CI-001796 — each admitting identical time and energy damages categories through separate CR 8.04 defaults — making the time and energy damages category established from five simultaneous independent admitted sources.

2158C. **The Legal Basis** — Under supplemental jurisdiction pursuant to 28 U.S.C. §1367(a) — as part of a similar case or controversy as the state law claims established in Claims I through XXX — with the time and energy damages arising directly from Wilson's admitted misconduct (CR 8.04 admissions) across all 30 state law claims --- Plaintiffs assert federal enforcement. Plaintiffs incorporate by reference in full detail **Claims for Relief LXXXIX and XCVI,** and **Sections XXXVI, XXVI, XXX, XXXII, XXVIII, XXIX, XXXI, XXXV, XXVII, XXXVII, PX-63 through PX-87,** PX-42 through PX-49, PX-108, all 167 Exhibits, and the **First through the Fourteenth FRE 201 Judicial Notices** of judicially **noticed adjudicative facts,** which

include approximately **1,044 total adjudicative facts,** including approximately **322 adjudicative facts** supporting **jurisdiction** in the U.S. District Court for the Western District of Washington; **FRE 201 Adjudicative Facts in Judicial NOTICES --- 2 through 8, 10, and 12 --- fully support jurisdiction.** All aforementioned incorporations provide **100% certainty** of fraudulently assigned judges and fraudulently assigned case numbers --- prior to the legal filings by Plaintiffs of all 10 of their year-2025 cases --- with all 10 cases being illegally and fraudulently filed and processed by a non-existent/ non-payroll name in year-2025 --- which did **not** generate a legal random judge assignment and which did **not** generate a legal case number assignment --- and thereby provides 100% certainty that Kentucky judges NEVER had jurisdiction and NEVER will have jurisdiction. Plaintiffs assert Rankin v. Howard, 633 F. 2d 844 (9th Circuit 1980) and United States v. Dugan, 2:25-cr-00089 (E.D. Wis. 2025) regarding judges without jurisdiction. Defendant's **Complicity and Conspiracy in Obstruction of Plaintiff's Recovery Regarding Time and Energy and Effort Damages for Edward Colgate as an Investigative Auditor --- Admitted Through Susan Wilson's CR 8.04 Default as a Computable Sum-Certain ---** Through Defendant's Complicity and Conspiracy With One or More Judges (without jurisdiction) — the Elected Jefferson Circuit Court Clerk — Jefferson Circuit Court Clerk's Office Employees — Administrative Office of the Courts Employees Court Administrators — Staff Attorneys — Acting Under Color of State Law --- and Through Defendant's Complicity and Conspiracy With Private Citizens and Entities — Individually or in Any Combination --- And Obstruction/ Deprivation of Plaintiff's Fiduciary Duties, Rights, and Recovery, including Plaintiff Edward Colgate's Individual Recovery and Elder Abuse Recovery, Enabling/ Causing Defendant's and Others' Unjust Enrichment --- **Actionable Under Supplemental Jurisdiction 28 U.S.C. §1367** --- And also **Actionable Under 42 U.S.C. §1983**

**and 42 U.S.C. §1985 and under RICO Predicate Acts 18 U.S.C. §1512, §1513, §1343,** §1503(obstruction of the due administration of justice), §1349(Attempt and conspiracy) **under 18 U.S.C. §1961---1964(c) for treble damages --- also Caused By Obstruction of Recovery of Those Damages.**

2158D. **The Damages Demand:** Plaintiffs accordingly respectfully demand the following: entry of judgment as to liability and a corresponding award of all of the following for this claim for relief: Compensatory time and energy and effort damages in the admitted computable sum-certain range of **$48,600 --- trebled 3 times** to **$145,800** --- lost interest on all time and energy damages — at the applicable statutory interest rate — constituting an additional computable sum-certain admitted through Wilson's CR 8.04 default; punitive damages in an amount no less than nine times and up to forty times the compensatory time and energy and effort damages — based on Wilson's intentional, willful, and malicious misconduct admitted through CR 8.04 — making the punitive floor no less than **$437,400** at nine times the conservative floor damages — and up to forty times damages; All amounts established are incorporated by reference in full detail into all future federal complaints against all named enterprise defendants as the foundational time, energy, and effort damages record attributable to Wilson's admitted fraudulent misconduct — with future complaints establishing additional time and energy damages attributable to the enterprise defendants specifically. Plaintiffs assert 18 U.S.C. §1503— obstruction of the due administration of justice --- 18 U.S.C. §1349--RICO Attempt and conspiracy and 18 U.S.C. §1512, §1513, §1343, §1503---as predicate acts under 18 U.S.C. §1961---1964(c)---for treble damages. Plaintiff's time and energy damages consisted of 324 hours at $150 an hour based on the following: Plaintiffs asserted and provided approximately 30 claims for relief/counts/causes of action --- and 40 Exhibits. Plaintiff had to learn the civil rules

and local rules and statutes. Plaintiff's time and energy damages continued to accrue and accumulate and add up based on continuous fraudulent obstruction and deprivation by the Defendant and Others.

2158E. This claim is pleaded as a standalone independent claim pursuant to FRCP 8(d)(2) — ensuring that time, energy, and effort damages are fully recoverable regardless of the court's treatment of any other claim --- because the time and energy damages are independently admitted through Wilson's own CR 8.04 default — and independently actionable under supplemental jurisdiction — 42 U.S.C. §1983 — 42 U.S.C. §1985(2)-(3) RICO predicate acts under 18 U.S.C. §1349 (attempt and conspiracy), §1512, §1513, §1343, §1503 under § 1961 through 1964(c) --- with each predicate act simultaneously — and with each basis independently sufficient.

2158F. The --- predicates are part of the RICO pattern that caused injury to Plaintiffs --- caused by **denial/deprivation/obstruction of the right to enforce CR 8.04 admissions — the deprivation of the property right of Edward's fiduciary role — and the economic losses caused by Defendant's and others' sustained unjust enrichment.**

2158G. **The time and energy and effort damages are consequential harms flowing from the same RICO pattern — recoverable as supplemental damages alongside the primary RICO harm/injury --- and constitute independent predicate acts.** The **18 U.S.C. §1349** attempt and conspiracy and 18 U.S.C. §1512, §1513, §1343, §1503 predicates are part of the RICO pattern that caused injury /harm/ unjust enrichment — including but not limited to the **denial of the right to enforce CR 8.04 admissions — the deprivation of the right of Edward's fiduciary role — and the economic losses caused by Defendant's and others' sustained unjust enrichment.**

2158H. The obstruction of Plaintiffs' recovery of the elder abuse damages and recovery of other damages --- established in Claims for Relief XXXVI, XXXVII, LXXXIX, XC, XCI, **XCII**, XCVI, XCVII, and LXVIII through LXXXVIII, and XCVIII through CII (102) — **include and/or constitute independent predicate acts.** Plaintiffs incorporate by reference in full Claims for Relief **LXXXVIII and LXXXIV.** Plaintiffs incorporate by reference in full detail-- paragraphs 2631A through 2631M. Court employees have fraudulently attempted to deceive Plaintiff through phone and internet phone interstate communications --- audio recorded and transcribed. Plaintiff asserts many documented electronic communications notifying judges and court employees that Plaintiff was being targeted in Washington State. Plaintiffs also incorporate by reference in full detail PX-129, PX-136, PX-158. PX-159, PX-160, PX-48, PX-49, PX-129 through PX-133, PX-136, PX-137 through PX-154, PX-143 --- supports the fraud and also supports the fraudulent effective destruction of records related to Eric Haner, Susan Gibson, and others.

2158I. This claim for relief is asserted independently under Kentucky law and 28 U.S.C. §1367 — and 42 U.S.C. §1983 — and 42 U.S.C. §1985(2)-(3) as a standalone claim for compensatory and punitive damages — fully established from Wilson's legally binding and conclusive CR 8.04 admissions --- independently of any RICO characterization — entitling Plaintiffs to full compensatory and punitive relief on this claim --- regardless of whether the court accepts the RICO predicate characterization. Pursuant to FRCP 8(d)(2) - -- this claim for relief is pleaded as an alternative to and in addition to the RICO framework — ensuring full recovery under one or both legal theories that the court accepts - -- with the RICO treble damages constituting additional mandatory relief on top of the standalone compensatory and punitive damages --- rather than a substitute for them.

2158J. Plaintiffs assert and incorporate by reference in full the following regarding the **broad definition of an associated-in-fact enterprise --- in support of Plaintiffs' Actionable under--- RICO predicate acts herein: Odom v. Microsoft Corp., 486 F. 3d 541 - Court of Appeals, 9th Circuit 2007 and United States v. Turkette, 452 US 576 - Supreme Court 1981 in Section XX.**

**CLAIM FOR RELIEF XCIX — Federal Complaint Time and Energy and Work and Effort Damages for Edward Colgate as an Investigative Auditor --- Computable Sum-Certain --- Separately From and In Addition to State Complaint Time and Energy and Effort Damages Established in Claim for Relief XCVIII** — And also **Actionable Under 42 U.S.C. §1983 and 42 U.S.C. §1985 and under RICO Predicate Acts 18 U.S.C. §1512, §1513, §1343, §1349, §1503, and other predicate acts under 18 U.S.C. §1961---1964(c) for treble damages --- And Actionable Under 28 U.S.C. §1331, §1343, §1367 --- Caused By the Defendant's and the Enterprise's Obstruction of Justice, Obstruction of Recovery of Those Damages, Attempt and Conspiracy, the Obstruction of the Due Administration of Justice, and also Caused By The Violations of All --- 102 --- Claims for Relief Herein This Complaint --- And also Caused by and** Through Defendant's Complicity and Conspiracy With One or More Judges (without jurisdiction) --- the Elected Jefferson Circuit Court Clerk --- Jefferson Circuit Court Clerk's Office Employees --- Administrative Office of the Courts Employees --- Court Administrators — Staff Attorneys --- Acting Under Color of State Law --- and Caused by and Through Defendant's Complicity and Conspiracy With Private Citizens and Entities — Individually or in Any Combination --- And Caused By Defendant's Obstruction/ Deprivation of Plaintiff's Fiduciary Duties, Rights, and Recovery, including Plaintiff Edward

Colgate's Individual Recovery and Elder Abuse Recovery, Enabling/ **Causing Defendant's and Others' Unjust Enrichment --- Necessitating This Federal Complaint**

2159A. Plaintiffs incorporate by reference in full detail all preceding claims for relief — **all 1,044 or more adjudicative facts** noticed across **14 FRE 201 Notices** filed simultaneously herewith — all CR 8.04 legally binding and conclusive admissions by Defendant Susan Wilson across five Kentucky cases — Claim XCVIII establishing the state complaint time and effort damages — and all adjudicative facts establishing that the enterprise's obstruction of Plaintiffs' recovery in Kentucky made this federal complaint the only available enforcement mechanism for Wilson's legally binding and conclusive admitted liability — as though fully set forth herein.

2159B. **The Distinction From Claim XCVIII:** This claim is distinct from and in addition to the state complaint time and energy and effort damages established in Claim XCVIII — for the following precise reason. Claim XCVIII addresses time and energy and effort directly attributable to the 30 state law claims in Kentucky case 25-CI-001371 and four supporting cases — the work that would have been required to enforce Susan Wilson's legally binding and conclusive admitted liability through Kentucky state proceedings --- if those proceedings had not been so **fraudulently corrupted --- where** NO judge had jurisdiction and NO judge will ever have jurisdiction. Plaintiffs incorporate by reference in full detail **Sections XVIII, XIX, XXXVI and XXVI** and the **Second and Third FRE 201 Notices.** This claim — Claim XCIX — addresses the substantially greater time and energy and work and effort required to prepare and file this federal complaint — necessitated by the enterprise's systematic obstruction of every available Kentucky state court enforcement mechanism — making the federal complaint the only avenue through which Wilson's admitted liability can be enforced. The federal complaint time and energy and effort is separately and independently caused by the enterprise's obstruction —

not by Wilson's underlying 30-count/ claims for relief liability alone — causing unjust enrichment for Wilson and others --- making it a separate and distinct damages category --- independently attributable to the enterprise's pattern of racketeering activity.

2159C. Plaintiffs incorporate by reference in full detail all preceding claims for relief — all adjudicative facts noticed in the First and Eleventh FRE 201 Notices and Sections XXXVII and XXXVIII — specifically Adjudicative Fact 530 establishing Wilson's CR 8.04 admission of time and energy damages as a computable sum-certain independently admitted category — and all CR 8.04 legally binding and conclusive admissions by Defendant Susan Wilson in Kentucky case 25-CI-001371 — as though fully set forth herein.

2159D. **The Admitted Liability Framework:** Wilson admitted — through her failure to deny paragraph 355 subsection 10 of Kentucky case 25-CI-001371 — that time and energy for working to recover damages for Doris and Edward is an additional admitted damages category--- to the established dollar amount cited in said complaint — established as Adjudicative Fact 530 in the First FRE 201 Notice and Section XXXVII --- filed simultaneously herewith. This admission establishes time and energy and work and effort damages as an independently admitted computable sum-certain under Kentucky CR 8.04's standard of a sum which by computation can be made certain — satisfying the computation standard from Wilson's own procedural default — making time and energy damages a noticed adjudicative fact that this Court must accept as conclusive under FRE 201(f). This admission is independently confirmed by four additional defendants across four supporting Kentucky cases — Fox in case 25-CI-001121 — Ray Wilson in case 25-CI-001568 — McConnell in case 25-CI-001795 — and Hey Jude LLC in case 25-CI-001796 — each admitting time and energy damages categories through separate CR

8.04 defaults — making the time and energy damages category established from five simultaneous independent admitted sources.

2159E. **The Legal Basis** — Under supplemental jurisdiction pursuant to 28 U.S.C. §1367(a) — and under federal question 28 U.S.C. §1343(a) and under civil rights 28 U.S.C. §1331 as part of a similar but distinct case or controversy as the state law claims established in Claims I through XXX --- with the time and energy damages arising directly from Wilson's admitted misconduct (CR 8.04 admissions) across all 30 state law claims --- and directly from the continuous fraudulent obstruction and deprivation of recovery for an extensive time period. Plaintiffs assert federal enforcement. Plaintiffs incorporate by reference in full detail **Claims for Relief LXXXIX and XCVI,** and **Sections XXXVI, XXVI, XXX, XXXII, XXVIII, XXIX, XXXI, XXXV, XXVII, XXXVII, PX-63 through PX-87,** PX-42 through PX-49, PX-108, all 167 Evidentiary Exhibits, and the **First through the Fourteenth FRE 201 Judicial Notices** of judicially **noticed adjudicative facts,** which include approximately **1,044 total adjudicative facts,** including approximately **322 adjudicative facts** supporting **jurisdiction** in the U.S. District Court for the Western District of Washington; **FRE 201 Adjudicative Facts in Judicial NOTICES --- 2 through 8, 10, and 12 --- fully support jurisdiction.** All aforementioned incorporations provide **100% certainty** of fraudulently assigned judges and fraudulently assigned case numbers --- prior to the legal filings by Plaintiffs of all 10 of their year-2025 cases --- with all 10 cases being illegally and fraudulently filed and processed by a non-existent/ non-payroll name in year-2025 --- which did **not** generate a legal random judge assignment and which did **not** generate a legal case number assignment --- and thereby provides 100% certainty that Kentucky judges NEVER had jurisdiction and NEVER will have jurisdiction. Plaintiffs assert Rankin v. Howard, 633 F. 2d 844 (9th Circuit 1980) and United States v. Dugan, 2:25-cr-

00089 (E.D. Wis. 2025) regarding judges without jurisdiction. And the aforementioned are also **Actionable Under 42 U.S.C. §1983 and 42 U.S.C. §1985 and under RICO Predicate Acts 18 U.S.C. §1512, §1513, §1343, §1349, §1503 under 18 U.S.C. §1961---1964(c) for treble damages.**

2159F. **The Work Product Basis:** This federal complaint time and energy and work and effort encompasses the following documented work product --- each component independently attributable to the enterprise's obstruction/deprivation that made this federal complaint necessary.

2159G. **Component 1 — Learning federal civil rules and local rules and statutes —** including Federal Rules of Civil Procedure — W.D. Washington local rules --- and the federal statutes applicable to **--- 102 Federal Claims for Relief** --- required because the enterprise's obstruction/deprivation of Kentucky state proceedings forced Plaintiffs into a federal forum requiring entirely different procedural and substantive knowledge from the state complaint work.

2159H. **Component 2 — Drafting over 1,600 pages of claims for relief --- across 102 claims for relief** — required because the enterprise's pattern of racketeering activity necessitated RICO claims for relief 42 U.S.C. §1983 claims for relief — 42 U.S.C. §1985(2)-(3) claims for relief --- and all supporting federal claims that would not have been required if the Kentucky state proceedings had not been so fraudulently corrupted.

2159I. **Component 3 — Drafting and researching 14 FRE 201 Notices establishing approximately 1,044 adjudicative facts** — required because the enterprise's **systematic destruction of records — fraudulent judge assignments** — and fraudulent pre-service retaliatory orders by judges --- **without jurisdiction ---** and by judges who never had jurisdiction --- and by judges who will never have jurisdiction --- necessitated the **most comprehensive**

**possible --- noticed adjudicative facts record --- to prevent re-litigation of established facts in the federal forum.**

2159J. **Component 4 — Assembling Evidentiary Exhibits PX-42 through PX-167 — 126 additional Evidentiary Exhibits** — required because the enterprise's fraudulent misconduct from March 2025 through April 2026 --- **and continuing to current date --- generated the additional evidence that must be preserved for the Ninth Circuit Court of Appeals.**

2159K. **Component 5 — USB drive audio recording review — selection --- and transcriptions for approximately more than 8 hours of court employee audio** — required because the enterprise's systematic refusal to document its own fraudulent practices in writing --- made audio recordings one of the primary evidence sources for Precedents and adjudicative facts addressing the institutional fraud. Plaintiff's expansive and extensive gathering of many Court Records --- and many Personnel Records --- and many electronic records --- and subpoena records are other primary evidence sources.

2159L. **Component 6** — Evidence gathering from March 2025 through April 2026 and continuing after said time period — required because the enterprise's fraudulent misconduct continued throughout the federal complaint preparation period --- generating new evidence --- requiring continuous monitoring and collection.

2159M. **Component 7** — Case law research and verification for 42 Precedents and research regarding all supporting legal authority herein this Federal Complaint — required because the enterprise's unprecedented fraudulent misconduct generated new Precedents.

2159N. **Component 8 — Drafting hundreds of pages of supporting sections** — including jurisdictional analysis — novel questions — enterprise identification — and factual background

— required because the enterprise's complexity necessitated comprehensive narrative sections supporting all 102 claims for relief.

2159O. **Total documented work product** — over **1,600 pages** in the body of the Complaint — including hundreds of pages of supporting sections **14 FRE 201 Notices** ---- approximately **1,044 adjudicative facts** --- with approximately **329 adjudicative facts facially fully supporting jurisdiction in the Western District of Washington** — **126 additional evidentiary exhibits** — over **8 hours** of audio evidence reviewed --- with much of it transcribed — and **more than 13 months** of continuous evidence gathering — representing the **most comprehensive pro se federal complaint work product --- in the documented record of the Western District of Washington.**

2159P. **The Computation Framework: The federal complaint time and energy and work and effort damages are computed — satisfying the computation standard for a computable sum-certain.**

2159Q. **Documented Hours — Computed Floor — 2,544 hours multiplied by $150 per hour — $381,600.**

2159R. **Professional Rates — $150 per hour — a conservative forensic audit rate established by reference to WA State rates — independently noticed as an adjudicative fact under FRE 201(b)(2).**

2159S. **Computed Floor — $381,600 trebled to $1,144,800.**

2159T. **The Damages Demand:** Plaintiffs accordingly respectfully demand the following: entry of judgment as to liability and a corresponding award of all of the following for this claim for relief: **Plaintiffs accordingly seek the following relief on this claim — separately from and in addition to --- all relief established in Claim XCVIII and all other claims herein.**

2159U. **First** — compensatory time and energy and work and effort damages in the computable sum-certain amount of no less than **$381,600.**

2159V. **Second — lost interest on all time and energy and work and effort damages** — computed from the date each hour was expended through the date of judgment · at the applicable statutory interest rate.

2159W. **Third — mandatory treble damages under 18 U.S.C. §1964(c)** on the time and energy and work and effort damages to the extent caused by the RICO pattern of racketeering activity — producing a mandatory minimum of **$1,144,800** at the conservative floor trebled.

2159X. **Fourth — punitive damages** in an amount no less than nine times the compensatory time and effort damages --- **$3,434,400 at the conservative floor** — and up to forty times damages — based on the intentional, willful, and malicious character of the enterprise's obstruction/deprivation --- that made this federal complaint necessary — with damages admitted through five defendants' CR 8.04 defaults simultaneously.

2159Y. **Fifth** — Plaintiffs **incorporate by reference in full detail all dollar $ amounts --- into all future federal complaints --- against all named enterprise defendants — as the foundational federal time and energy and work and effort damages record — with future complaints** establishing additional time and energy and work and effort damages attributable to each enterprise defendant specifically.

2159Z. **Sixth —** The time and energy and work and effort documented herein was necessitated not only by the complexity and scope of the 102 claims for relief — but by the unavailability of legal counsel competent to represent the full scope of those claims. Edward Colgate contacted multiple attorneys regarding representation — none of whom could represent the full scope of the **102** Claims for Relief --- including but not limited to --- RICO predicate Acts --- Federal

Civil Rights --- Federal Questions --- Supplemental Jurisdiction --- Elder abuse — forensic audit evidence — **multi-state financial fraud regarding Annuities and Securities** — robbery---- theft of identity --- wire fraud --- money laundering --- a wide range of various frauds --- and complex constitutional questions — making self-representation as forensic fiduciary the only available mechanism for comprehensive enforcement of all claims simultaneously. The $150 per hour forensic audit rate used herein is therefore conservative --- because competent legal counsel capable of representing the full 102-claim scope would command substantially higher hourly rates --- and the documented hours reflect work that would otherwise have been performed by multiple attorneys across multiple specialty areas simultaneously.

2159AA. **The Damages Demand:** Plaintiffs accordingly seek/demand all of the following relief regarding this claim for relief: Compensatory time and energy and work and effort damages in the admitted computable sum- certain range of **$381,600 --- trebled 3 times to $1,144,800** --- lost interest on all time and energy damages — at the applicable statutory interest rate -- constituting an additional computable sum-certain; punitive damages in an amount of no less than nine times damages --- **$3,434,400** --- and up to forty times damages — based on Wilson's intentional, willful, and malicious misconduct admitted through CR 8.04 --- making the punitive floor no less than 9 times; Plaintiffs assert 18 U.S.C. §1503-- obstruction of the due administration of justice --- 18 U.S.C. §1349--RICO Attempt and conspiracy and 18 U.S.C. §1512, §1513, §1343, §1503---as predicate acts under 18 U.S.C. §1961---1964(c)---for treble damages. The obstruction of Plaintiffs' recovery of the elder abuse damages and recovery of other damages --- established in Claims for Relief XXXVI, XXXVII, LXXXIX, XC, XCI, XCII, XCVI, XCVII, and LXVIII through LXXXVIII, and XCVIII through CII (102) --- **include and/or constitute independent predicate acts.** Plaintiffs incorporate by reference in full

Claims for Relief **LXXXVIII and LXXXIV.** Plaintiffs incorporate by reference in full detail-- paragrapbs 2631A through 2631M. Court employees have fraudulently attempted to deceive Plaintiff through phone and internet phone interstate communications --- audio recorded and transcribed. Plaintiff asserts many documented electronic communications notifying judges and court employees that Plaintiff was being targeted in Washington State. Plaintiffs also incorporate by reference in full detail PX-129, PX-136, PX-158. PX-159, PX-160, PX-48, PX-49, PX-129 through PX-133, PX-136, PX-137 through PX-154, PX-143 --- supports the fraud and also supports the fraudulent effective destruction of records related to Eric Haner, Susan Gibson, and others.

2159BB. This claim is pleaded as a standalone independent claim pursuant to FRCP 8(d)(2) — ensuring that time, energy, work, and effort damages are fully recoverable regardless of the court's treatment of any other claim — because the time and energy damages are independently admitted through Wilson's own CR 8.04 default — and independently actionable under supplemental jurisdiction ---- 42 U.S.C. §1983 — 42 U.S.C. §1985(2)-(3) — RICO 18 U.S.C. § 1961---1964(c) and its predicate acts --- simultaneously with each basis independently sufficient.

2159CC. The **18 U.S.C. §1503** --- obstruction of the due administration of justice --- predicates are part of the RICO pattern that caused injury to Plaintiffs --- caused by **denial of the right to enforce CR 8.04 admissions — the deprivation of the property right of Edward's fiduciary role — and the economic losses caused by Defendant's and others' sustained unjust enrichment.**

2159DD. **The time and energy and work and effort damages are consequential harms flowing from the same RICO pattern — recoverable as supplemental damages alongside**

**the primary RICO injury --- and constitute independent predicate acts. The 18 U.S.C. §1349** attempt and conspiracy and 18 U.S.C. §1512, §1513, §1343, §1503 predicates are part of the RICO pattern that caused injury /harm/ unjust enrichment — including but not limited to the **denial of the right to enforce CR 8.04 admissions — the deprivation of the right of Edward's fiduciary role — and the economic losses caused by Defendant's and others' sustained unjust enrichment.**

2159EE. **The time and energy and work and effort damages are consequential harms flowing from the same RICO pattern — recoverable as supplemental damages alongside the primary RICO injury.** The obstruction of Plaintiffs' recovery of the elder abuse damages and recovery of other damages --- established in Claims for Relief XXXVI, XXXVII, LXXXIX, XC, XCI, XCII, XCVI, XCVII, and LXVIII through LXXXVIII, and XCVIII through CII (102) — **include and/or constitute independent predicate acts.** Plaintiffs incorporate by reference in full Claims for Relief **LXXXVIII and LXXXIV.**

2159FF. This claim for relief is asserted independently under Kentucky law and 28 U.S.C. §1367 — and 42 U.S.C. §1983 and 42 U.S.C. §1985(2)-(3) as a standalone claim for compensatory and punitive damages — fully established from Wilson's legally binding and conclusive CR 8.04 admissions --- independently of any RICO characterization — entitling Plaintiffs to full compensatory and punitive relief on this claim --- regardless of whether the court accepts the RICO predicate characterization. Pursuant to FRCP 8(d)(2) — this claim for relief is pleaded as an alternative to and in addition to the RICO framework — ensuring full recovery under one or both legal theories that the court accepts — with the RICO treble damages constituting additional mandatory relief on top of the standalone compensatory and punitive damages --- rather than a substitute for them.

**Claim for Relief C — One Hundred — 100 --- Defendant Susan Wilson's Fraudulent Misappropriation of Doris Colgate's Assets --- for Defendant Susan Wilson's Legal Fees --- Based on Defendant Susan Wilson's Fraud --- Against Doris Colgate — Unauthorized and Fraudulent Court Submissions by Attorney Paul Kevin Ford and Susan Wilson --- Prior to Year-2025 --- (Susan Wilson now has legally binding judicial admissions of liability and damages for 30 claims for relief, including but not limited to Forgery, in Year-2025.) ---- Ninety-four (94) FRE 201 Noticed Adjudicative Facts Regarding Paul Kevin Ford's Fraud --- Continuing Unjust Enrichment — Obstruction of Plaintiffs' Recovery --- Estimated in Excess of $79,000 — Admitted Through Five Independent CR 8.04 Defaults Across Five Separate Kentucky Cases — Actionable Under KRS 502.020 — KRS 209.020 — KRS 209.990 — KRS 446.070 — 28 U.S.C. §1367** — And are **also Actionable Under 42 U.S.C. §1983 and 42 U.S.C. §1985 and under RICO Predicate Acts 18 U.S.C. §1344, §1512, §1513, §1343, §1349, §1503 under 18 U.S.C. §1961---1964(c) for mandatory treble damages --- Injunctive Relief — and Return of All Fraudulently Misappropriated Funds --- Plaintiffs incorporate by reference in full detail Section XXXI and the Eighth FRE 201 Notice which include --- 94 Noticed Adjudicative Facts therein --- as though fully set forth herein and as though fully restated herein --- this Claim for Relief. --- And** Caused by and Compounded by the Defendant --- Through Defendant's Complicity and Conspiracy With One or More Judges (without jurisdiction) — the Elected Jefferson Circuit Court Clerk — Jefferson Circuit Court Clerk's Office Employees — Administrative Office of the Courts Employees — Court Administrators — Staff Attorneys — Acting Under Color of State Law --- and Through Defendant's Complicity and Conspiracy With Private Citizens and Entities — Individually or in Any Combination --- And Caused by Defendant's Obstruction/ Deprivation of Plaintiff's

Fiduciary Duties, Rights, and Recovery, including Plaintiff Edward Colgate's Individual Recovery and Elder Abuse Recovery, Enabling/ Causing Defendant's and Others' Unjust Enrichment

**2160. Subsections 1 through 25 follow:**

1. Plaintiffs incorporate by reference in full detail all preceding claims for relief — all adjudicative facts noticed across **all 14 FRE 201 Notices filed simultaneously herewith — specifically Adjudicative Facts 487 through 510 established from paragraphs 41 of cases 25-CI-001796 and 25-CI-001795 and 25-CI-001568 — paragraphs 60 and 192 of case 25-CI-001121 — paragraph 176 of case 25-CI-001121 — paragraphs 259 and 355 subsections 2 — 12 — and --- 27 of case 25-CI-001371 — and all CR 8.04 legally binding and conclusive admissions by Wilson and four additional defendants across five separate Kentucky cases---- and 94 Noticed Adjudicative Facts Regarding Paul Kevin Ford's Fraud in Section XXXI and the Eighth FRE 201 Notice — as though fully set forth herein. Plaintiffs assert all of the following:**

2. The following adjudicative facts are established from **five simultaneous and independent** CR 8.04 defaults — Hey Jude LLC in case 25-CI-001796 — Jude McConnell in case 25-CI-001795 — Ray Wilson in case 25-CI-001568 — Lori Fox in case 25-CI-001121 --- and Susan Wilson in case 25-CI-001371 — each generating independent CR 8.04 defaults after legal service by Deputy Sheriff **— all admitting the same underlying fraudulent fund misappropriation facts simultaneously.**

3. **All five defendants admitted** — through their independent CR 8.04 defaults — that on June 10, 2021 --- Doris communicated that she did **not know that** Lori Fox and Susan Wilson were paying attorney Paul Kevin Ford legal fees for the past three months out of Doris's own bank

account — **for Fox and Wilson to defend their fraud against Doris** — documented in PX-3, Audio12 and Audio16, supported by PX-6 and PX-10. **All five defendants admitted** that Doris communicated it would be **ridiculous for her to pay Fox's and Wilson's legal fees for them to defend their fraud against her (Doris)** — establishing Doris's competent understanding of --- and **establishing Doris's opposition to** the unauthorized and **fraudulent fund diversion ---** from five simultaneous independent admitted sources. **All five defendants admitted** that attorney **Ford** — who was **representing Fox and Wilson for their frauds against Doris** — gave a **fraudulent answer to the court for Doris** that was **not** an answer **from Doris** — **establishing Ford's fraudulent fabrication of a court answer** for a person **he** did **not represent** --- from five independent CR 8.04 defaults simultaneously. All five defendants admitted that Fox — Wilson — and Ford were using Doris's money against Doris — attempting to prevent Doris from recovering damages caused by Fox's and Wilson's deception of Doris. All five defendants admitted that Doris communicated on Audio10 from USB drive and PX-3 --- that Ford was **not and never** had been **her attorney — documented in PX-3 Audio 10** — establishing Ford's unauthorized and **fraudulent misrepresentations from five** simultaneous independent CR 8.04 defaults across five separate Kentucky cases.

4. Ray Wilson's version of paragraph 41 adds three unique admissions not present in the other defendants' versions. Ray Wilson admitted that Michelle Burkhead also fraudulently used Doris's money for legal fees — adding Burkhead as a fourth unauthorized and fraudulent fund user alongside Fox — Wilson — and Ford. Ray Wilson admitted that Burkhead — Fox — Wilson — and Ford were all simultaneously using Doris's money against Doris — making his the most comprehensive single paragraph 41 admission in the five-case record.

5. Fox's admissions from paragraphs 60 and 176 and 192 of case 25-CI-001121 add three additional independent admitted facts. Fox admitted she personally prevented Doris from knowing that Ford was fraudulently acting as Doris's attorney — establishing the deliberate concealment element from the primary perpetrator's own CR 8.04 default. Fox admitted that the March 1, 2020 robbery was part of a broader fraudulent effort to isolate Doris and take fraudulent control of Doris's assets — documented in PX-6. Fox admitted the specific items stolen in the robbery — Edward's Trustee documents — Power of Attorney documents — Will documents naming Edward — Edward and Doris's United States mail — documents with Edward's Social Security number — Edward's watch — and other personal property — connecting the robbery directly to the subsequent forged POA documents and establishing the robbery and the forgery as connected parts of the same admitted fraudulent scheme.

6. Wilson admitted through CR 8.04 default in paragraph 259 under Count XXIV that she obtained unjust enrichment by using Doris's assets to defend her fraudulent actions against Doris — and that she was complicit in Fox's — Burkhead's and McConnell's unjust enrichment from Doris — making Wilson jointly and severally liable for four simultaneous unjust enrichment streams from a single CR 8.04 default. Wilson admitted through CR 8.04 default in paragraph 355 subsection 2 that the $490,046.73 total special damages does not include the amount of Doris's assets that Wilson used to defend her fraud against Doris — establishing the fraudulently misappropriated defense fees as a separate and additional damages category beyond the admitted special damages floor. Wilson admitted through CR 8.04 default in paragraph 355 subsection 12 that an injunction is warranted to prevent Wilson from continuing to use Doris's assets to defend her fraud against Doris — establishing both the continuing character of the violation and the appropriateness of injunctive relief from Wilson's own admitted averment.

7. Wilson admitted through CR 8.04 default in paragraph 355 subsection 27 that a judgment compelling Wilson to return all fraudulently misappropriated funds and other assets belonging to Doris is warranted — including annuities — securities — real estate — and attorney fees paid from Doris's assets to defend Wilson's fraud.

8. The fraudulently misappropriated defense fees are estimated in excess of $79,000 — in case 21-CI-001314 from 2021 through the present — which was remanded back to the lower court --- in which said court then obstructed for years --- with judge Davis finally recusing and disqualifying herself --- citing loss of jurisdiction in an order (See PX-42 through PX-49) --- with said fees representing at minimum three defendants — Wilson — Fox — Burkhead — and potentially others — by attorney Ford and potentially other counsel — across the documented period.

9. Case 21-CI-001314 was deliberately and intentionally prolonged through fraudulent judicial misconduct — specifically Davis's self-executing recusal and loss of jurisdiction order — Haner's fraudulent remand back to Davis—and fraudulently ordering Davis, without jurisdiction, to fraudulently dismiss said case — all documented in **PX-42 through PX-49** — resulting in a case that has dragged on for over five years --- with **no judge** currently having jurisdiction — during which time Doris's assets continued to be fraudulently used --- to fraudulently fund the defense of those who defrauded her (Doris). The precise amount can be established through Rule 45 subpoenas to attorney Paul Kevin Ford — and all other counsel of record in case 21-CI-001314 — and through financial institution subpoenas identifying the specific accounts from which payments were made — with the $79,000 estimate representing the conservative floor.

10. The fraudulent misappropriation of Doris's assets to fund the defense of fraud against Doris constitutes RICO predicate acts under two independent statutory bases. **Under 18 U.S.C. §1344,**

**§1349, §1512, §1513, §1343, §1503** — Wilson — Fox — Burkhead – and Ford conspired to fraudulently misappropriate Doris's assets fraudulently divert them to legal defense fees — and fraudulently prevent Doris from recovering damages — constituting conspiracy to commit bank fraud under **18 U.S.C. §1344(1)-(2)** — with **each fraudulent payment** from Doris's accounts to defense counsel constituting **independent §1344, §1349, §1512, §1513, §1343, §1503 predicate acts.** Under **18 U.S.C. §1344, §1503, §1349, §1512, §1513, §1343 predicate acts** --- the enterprise's systematic **obstruction of Plaintiffs' recovery through fraudulent judicial/non-judicial proceedings/non-proceedings** --- in case **21-CI-001314** — deliberately and intentionally prolonged --- **to maximize the attorney fees paid from Doris's assets** — constitutes **obstruction of the due administration of justice** — making **each act of fraudulent prolongation** an **independent §1344, §1503, §1349, §1512, §1513, §1343 predicate act under** 18 U.S.C. §1961 through §1964(c). Together they establish the pattern of racketeering activity under **18 U.S.C. §1961(5)** — making the **$79,000** estimated fraudulently misappropriated defense fees --- subject to **mandatory treble damages** under 18 U.S.C. §1964(c).

11. The deliberate and intentional prolongation of case 21-CI-001314 through fraudulent judicial misconduct and fraudulent court employees' misconduct --- was a mechanism for fraudulently continuing to drain Doris's assets through attorney fees --- while simultaneously fraudulently preventing Doris from recovering those assets — constituting a separate and compounding form of fraudulent unjust enrichment --- established from the official court records of case 21-CI-001314 --- and from the adjudicative facts noticed in the Second and Third FRE 201 Notices --- and established from PX-42 through PX-49 and PX-50 through PX-167 incorporated herein. Plaintiffs incorporate by reference in full detail **Claims for Relief LXXXIX and XCVI,** and **Sections XXXVI, XXVI, XXX, XXXII, XXVIII, XXIX, XXXI, XXXV, XXVII, XXXVII,**

**PX-63 through PX-87,** PX-42 through PX-49, PX-108, all 167 Evidentiary Exhibits, and the **First through the Fourteenth FRE 201 Judicial Notices** of judicially **noticed adjudicative facts,** which include approximately **1,044 total adjudicative facts,** including approximately **322 adjudicative facts** supporting **jurisdiction** in the U.S. District Court for the Western District of Washington; **FRE 201 Adjudicative Facts in Judicial NOTICES --- 2 through 8, 10, and 12 --- fully support jurisdiction.** All aforementioned incorporations provide **100% certainty** of fraudulently assigned judges and fraudulently assigned case numbers --- prior to the legal filings by Plaintiffs of all 10 of their year-2025 cases --- with all 10 cases being illegally and fraudulently filed and processed by a non-existent/ non-payroll name in year-2025 --- which did **not** generate a legal random judge assignment and which did **not** generate a legal case number assignment --- and thereby provides 100% certainty that Kentucky judges NEVER had jurisdiction and NEVER will have jurisdiction. Plaintiffs assert Rankin v. Howard, 633 F. 2d 844 (9th Circuit 1980) and United States v. Dugan, 2:25-cr-00089 (E.D. Wis. 2025) regarding judges without jurisdiction.

12. **Plaintiffs seek/demand the following relief on this claim — separately from and in addition to all other relief established herein: First —** an injunction immediately preventing Wilson from continuing to use any of Doris's assets -- directly or indirectly — to fund any defense of any claim arising from the fraudulent misconduct and any other misconduct admitted through CR 8.04 default — warranted from Wilson's own CR 8.04 admission under paragraph 355 subsection 12 — established as Adjudicative Fact 509.

13. **Second** — a judgment compelling Wilson to return all fraudulently misappropriated funds and assets belonging to Doris — including all annuities — securities — real estate — and

attorney fees paid from Doris's assets to defend Wilson's and others' fraud — established as Adjudicative Fact 510 from Wilson's own CR 8.04 default under paragraph 355 subsection 27.

14. **Third** — special damages for attorney fees fraudulently paid from Doris's assets to defend Wilson's — Fox's Burkhead's — and McConnell's fraud against Doris — estimated in excess of **$79,000** — with the precise amount to be established through Rule 45 subpoenas to all counsel of record in case 21-CI-001314 — financial institution records identifying the specific accounts from which payments were made and Wilson's financial records — including interest accruing from the date of each fraudulently misappropriated payment through the date of judgment at the applicable statutory rate.

15. **Fourth — mandatory treble damages** under 18 U.S.C. §1964(c) on the estimated **$79,000** fraudulently misappropriated defense fees — producing a mandatory minimum of **$237,000** on the conservative floor estimate — plus trebled lost interest — based on the 18 U.S.C. §1344(1)-(2), §1503, §1349, §1512, §1513, §1343 RICO predicate acts established herein — with the trebled amount to increase proportionally as the precise fraudulently misappropriated amount is established through Rule 45 subpoenas and/or other valid ways.

16. **Fifth** — additional damages for the deliberate and intentional prolongation of case 21-CI-001314 --- through fraudulent judicial misconduct and fraudulent court employees' misconduct — which fraudulently maximized the attorney fees paid from Doris's assets — constituting deliberate, intentional, and fraudulent amplification of the admitted misappropriation --- actionable as an independent element of Wilson's unjust enrichment — as a RICO predicate act under 18 U.S.C. §1344(1)-(2) --- through bank fraud used to conduct those fraudulently prolonged proceedings --- and as an attempt and conspiracy predicate act under 18 U.S.C. §1349 --- and as an obstruction of the due administration of justice predicate under 18 U.S.C. §1503.

17. **Sixth** — **punitive damages** in an amount no less than nine times and up to forty times the compensatory misappropriated defense fee damages — **$711,000** at nine times the **$79,000** conservative floor and up to **$3,160,000** at forty times — based on Wilson's admitted intentional, willful, and malicious misconduct in using a 92-year-old vulnerable adult's own assets against her --- to fund the defense of fraud perpetrated against said abused elder — with the intentional and malicious character established from five simultaneous independent CR 8.04 defaults across five separate Kentucky cases.

18. **Seventh** — declaratory judgment that Wilson's ongoing unjust enrichment from Doris's assets to fund her defense against Doris's recovery --- constitutes a continuing fraudulent violation — tolling all applicable statutes of limitations — and that Wilson's KRS 502.020 complicity in Fox's — Burkhead's McConnell's — and Ford's fraudulent misconduct makes Wilson jointly and severally liable for the full scope of fraudulent misappropriation by all four actors simultaneously. Each day that Susan Wilson violates KRS 209.030(2) by not reporting herself and others regarding their elder abuse against Doris Colgate, constitutes a continuing fraudulent violation --- since fraud is directly connected with and perpetuated by said violations — tolling all applicable statutes of limitations.

19. All amounts established under this claim are separate from and in addition to the **$540,185.41** admitted special damages floor and all other damages categories established herein — consistent with Wilson's own CR 8.04 admission in paragraph 355 subsection 2 that the fraudulently misappropriated defense fees are excluded from and in addition to said special damages.

20. **The Damages Demand:** Plaintiffs accordingly respectfully demand the following: entry of judgment as to liability and a corresponding award of all of the following for this claim for relief:

Compensatory damages in the amount of -- at minimum of **$79,000 --- trebled to $237,000 ---** plus lost interest on all time and energy damages - at the applicable statutory interest rate — punitive damages in an amount no less than nine times and up to forty times the compensatory time and energy and effort damages — based on Wilson's admitted intentional, willful, and malicious misconduct --- admitted through CR 8.04 --- making the **punitive damages** floor no less than **$711,000** at nine times the conservative floor — and up to 40 times damages; All amounts established are incorporated by reference in full detail into all future federal complaints against all named enterprise defendants — as the foundational time, energy, and effort damages record attributable to Wilson's admitted fraudulent misconduct · with future complaints establishing additional time and energy damages attributable to the enterprise defendants specifically. **Plaintiffs incorporate by reference in full detail Section XXXI and the Eighth FRE 201 Notice which include --- 94 Noticed Adjudicative Facts therein --- as though fully set forth herein and as though fully restated herein --- this Claim for Relief.**

21. This claim is pleaded as a standalone independent claim pursuant to FRCP 8(d)(2) --- ensuring that time, energy, and effort damages are fully recoverable regardless of the court's treatment of any other claim because the time and energy damages are independently admitted through Wilson's own CR 8.04 default — and independently actionable under supplemental jurisdiction — 42 U.S.C. §1983 — 42 U.S.C. §1985(2)-(3) RICO 18 U.S.C. § 1961---1964(c) and its predicate acts --- simultaneously - with each basis independently sufficient.

22. The **18 U.S.C. §1503** --- obstruction of the due administration of justice --- predicates are part of the RICO pattern that caused injury to Plaintiffs --- caused by **denial of the right to enforce CR 8.04 admissions — the deprivation of the property right of Edward's fiduciary**

**role — and the economic losses caused by Defendant's and others' sustained unjust enrichment.**

23. **This claim's damages are consequential harms flowing from the same RICO pattern — recoverable as supplemental damages alongside the primary RICO harm/injury --- and constitute independent predicate acts.** The **18 U.S.C. §1344, §1349** attempt and conspiracy and **§1512, §1513, §1343, §1503** predicates are part of the RICO pattern that caused injury /harm/ unjust enrichment including but not limited to the **denial of the right to enforce CR 8.04 admissions — the deprivation of the right of Edward's fiduciary role — and the economic losses --- caused by Defendant's and others' sustained unjust enrichment.**

24. The obstruction of Plaintiffs' recovery of the elder abuse damages and recovery of other damages --- established in Claims for Relief XXXVI, XXXVII, LXXXIX, XC, XCI, XCII, XCVI, XCVII, and LXVIII through LXXXVIII, and XCVIII through CII (102) — **include and/or constitute independent predicate acts.** Plaintiffs incorporate by reference in full Claims for Relief **LXXXVIII and LXXXIV.** Plaintiffs incorporate by reference in full detail-- paragraphs 2631A through 2631M. Court employees have fraudulently attempted to deceive Plaintiff through phone and internet phone interstate communications --- audio recorded and transcribed. Plaintiff asserts many documented electronic communications notifying judges and court employees that Plaintiff was being targeted in Washington State. Plaintiffs also incorporate by reference in full detail PX-129, PX-136, PX-158. PX-159, PX-160, PX-48, PX-49, PX-129 through PX-133, PX-136, PX-137 through PX-154, PX-143 --- supports the fraud and also supports the fraudulent effective destruction of records related to Eric Haner, Susan Gibson, and others.

25. This claim for relief is asserted independently under Kentucky law and 28 U.S.C. §1367 — and 42 U.S.C. §1983 and 42 U.S.C. §1985(2)-(3) as a standalone claim for compensatory and punitive damages — fully established from Wilson's legally binding and conclusive CR 8.04 admissions --- independently of any RICO characterization -- entitling Plaintiffs to full compensatory and punitive relief on this claim --- regardless of whether the court accepts the RICO predicate characterization. Pursuant to FRCP 8(d)(2) --- this claim for relief is pleaded as an alternative to and in addition to the RICO framework — ensuring full recovery under one or both legal theories that the court accepts — with the RICO treble damages constituting additional mandatory relief on top of the standalone compensatory and punitive damages --- rather than a substitute for them. Plaintiffs assert and incorporate by reference in full the following regarding the **broad definition of an associated-in-fact enterprise --- in support of Plaintiffs' Actionable under---RICO predicate acts herein: Odom v. Microsoft Corp., 486 F. 3d 541 - Court of Appeals, 9th Circuit 2007 and United States v. Turkette, 452 US 576 - Supreme Court 1981 in Section XX.**

**CLAIM FOR RELIEF CI --- 101 — Defendant's Deceptive and Fraudulent Obstruction of Promissory Note Recovery and Loan Recovery --- Susan Wilson's and Others' Continuing False Impression of Intent to Repay --- Complicity and Conspiracy in Preventing All Four Obligors From Repaying Doris Colgate ---Statute of Limitations Continuously Restarted --- Full Joint and Several Liability For $49,665 Total** — And are also **Actionable Under 42 U.S.C. §1983 and 42 U.S.C. §1985 and under RICO Predicate Acts 18 U.S.C. §1512, §1513, §1503 under 18 U.S.C. §1961---1964(c)--for mandatory treble damages --- And Caused by the Defendant --- Through** Defendant's Complicity and Conspiracy With One or More Judges (without jurisdiction) -- the Elected Jefferson Circuit Court Clerk Jefferson Circuit Court

Clerk's Office Employees — Administrative Office of the Courts Employees — Court Administrators — Staff Attorneys — Acting Under Color of State Law --- and Through Defendant's Complicity and Conspiracy With Private Citizens and Entities · Individually or in Any Combination --- And also Caused by and Actionable under Defendant's Obstruction/ Deprivation of Plaintiff's Fiduciary Duties, Rights, and Recovery, including Plaintiff Edward Colgate's Individual Recovery and Elder Abuse Recovery, Enabling/ Causing Defendant's and Others' Unjust Enrichment.

2161A. Plaintiffs incorporate by reference in full detail all preceding claims for relief — all adjudicative facts noticed in the First FRE 201 Notice — specifically the adjudicative facts established from paragraphs 49 — 135 — 143 — and 355 subsection 2 of Kentucky case 25-CI-001371 — Wilson's CR 8.04 legally binding and conclusive admissions regarding the promissory notes and loans — Section XXXVII adjudicative facts --- including but not limited to Adjudicative Fact 417 and Adjudicative Fact 439 — and exhibits PX-15A through PX-15D — as though fully set forth herein. Plaintiffs incorporate by reference in full detail **Claims for Relief LXXXIX and XCVI,** and **Sections XXXVI, XXVI, XXX, XXXII, XXVIII, XXIX, XXXI, XXXV, XXVII, XXXVII, PX-63 through PX-87,** PX-42 through PX-49, PX-108, all 167 Exhibits, and the **First through the Fourteenth FRE 201 Judicial Notices** of judicially **noticed adjudicative facts,** which include approximately **1,044 total adjudicative facts,** including approximately **322 adjudicative facts** supporting **jurisdiction** in the U.S. District Court for the Western District of Washington; **FRE 201 Adjudicative Facts in Judicial NOTICES --- 2 through 8, 10, and 12 --- fully support jurisdiction.** All aforementioned incorporations provide **100% certainty** of fraudulently assigned judges and fraudulently assigned case numbers --- prior to the legal filings by Plaintiffs of all 10 of their year-2025 cases --- with all 10 cases

being illegally and fraudulently filed and processed by a non-existent/ non-payroll name in year-2025 --- which did **not** generate a legal random judge assignment and which did **not** generate a legal case number assignment --- and thereby provides 100% certainty that Kentucky judges NEVER had jurisdiction and NEVER will have jurisdiction. Plaintiffs assert Rankin v. Howard, 633 F. 2d 844 (9th Circuit 1980) and United States v. Dugan, 2:25-cr-00089 (E.D. Wis. 2025) regarding judges without jurisdiction.

2161B. **The Promissory Notes and Loans and Documented Evidence — Established Facts:** The following three promissory notes and loans --- each establishing a binding debt obligation to Doris Ann Colgate — are established from authenticated documentary evidence in PX-15A through PX-15D and from Wilson's CR 8.04 admissions across five Kentucky cases. The promissory notes and loans establish $49,665 total owed to Doris. PX-15A shows Susan Wilson — previously Susan Morris — owes $10,000. PX-15B shows Lori Fox — previously Lori McConnell -- owes $3,665 — admitted as adjudicative fact 439. PX-15C shows Michelle Burkhead owes $26,000. PX-15D shows Jude McConnell owes $10,000 — admitted as adjudicative fact 417 through Hey Jude LLC's CR 8.04 default.

2161C. Wilson admitted through CR 8.04 default in paragraphs 49 — 135 — and 143 that she created a false impression that she and others intended to repay Doris — that she continued giving false reassurances that repayment would occur when no one intended to pay — that she failed to correct the false impression — and that each false reassurance restarted the statute of limitations. Wilson additionally admitted complicity in and conspiracy with Fox — Burkhead — and McConnell to ensure that none of the four obligors repaid Doris — through intentional, coordinated, complicit, and conspiratorial false reassurances and non-payment.

Under KRS 502.020 — admitted through CR 8.04 default — Wilson's complicity in and conspiracy with all three other obligors makes Wilson jointly and severally liable for the full $49,665 owed by all four obligors simultaneously — not merely her own $10,000 — because KRS 502.020 complicity with full liability means Wilson is liable for every dollar owed by every co-conspirator and by everyone Wilson is in complicity with. Plaintiffs assert KRS 209.990 and KRS 446.070 for civil recovery.

2161D. This claim for relief is not time-barred for three independent reasons each admitted through Wilson's CR 8.04 default. First — each false reassurance restarted the statute of limitations — admitted from paragraphs 49 and 143. **Second** — Wilson's ongoing failure to correct the false impression is a continuing violation tolling limitations each day it continues — admitted from paragraph 135. Third — KRS 413.130 makes fraud claims accrue at discovery — admitted through CR 8.04 default — with Plaintiffs' discovery date as the operative limitations date.

2161E. Wilson's deceptive and fraudulent false impression misconduct and coordinated non-repayment conspiracy constitute RICO predicate acts under 18 U.S.C. §1349 — and under 18 U.S.C. §1503 — obstruction of the due administration of justice --- and under 18 U.S.C. §1512, §1513. Each false reassurance communication is an independent 18 U.S.C. §1349, §1503, §1512, §1513 predicate. Each act of judicial obstruction or court employees' obstruction causing Defendant's **unjust enrichment ---** and preventing/**obstructing/depriving legal enforcement** of the promissory note obligations and loan obligations is an independent RICO predicate act under 18 U.S.C. §1503, §1512, §1513 under 18 U.S.C. §1961 through §1964(c). Together they establish the pattern of racketeering activity under 18 U.S.C. §1961(5) — making the **$49,665 subject to mandatory treble damages under 18 U.S.C. §1964(c).** Plaintiffs assert and

incorporate by reference in full the following regarding the **broad definition of an associated-in-fact enterprise --- in support of Plaintiffs' Actionable under---RICO predicate acts herein: Odom v. Microsoft Corp., 486 F. 3d 541 - Court of Appeals, 9th Circuit 2007 and United States v. Turkette, 452 US 576 - Supreme Court 1981 in Section XX.**

2161F. **Established Facts:** The following promissory notes and loans -- each establishing a binding debt obligation to Doris Ann Colgate --- are established from authenticated documentary evidence in PX-15A through PX-15D and from Wilson's CR 8.04 admissions across five Kentucky cases.

2161G. **PX-15A** — Susan Wilson — previously known as Susan Morris — signed a promissory note to Doris Ann Colgate — with **$10,000 currently owed and unpaid — admitted through** Wilson's CR 8.04 default in case 25-CI-001371 and independently confirmed through four additional defendants' CR 8.04 defaults across four supporting Kentucky cases — five simultaneous independent admitted sources.

2161H. **PX-15B —** Lori Fox — previously known as Lori McConnell — signed a promissory note to Doris Ann Colgate — with **$3,665 currently owed and unpaid — admitted through** Fox's CR 8.04 default in case 25-CI-001121 — established as Adjudicative Fact 439 herein.

2161I. **PX-15C — Michelle Burkhead — loan documented evidence --- Michelle Burkhead owes Doris Ann Colgate $26,000 --- currently owed and unpaid** — established from the authenticated document in PX-15C. In case 25-CI-001447, Michelle Burkhead **avoided and evaded service by the Deputy Sheriff for several months.** Deputy Sheriff stopped trying and cited --- **Avoiding.**

2161J. **PX-15D —** Jude McConnell signed a promissory note to Doris Ann Colgate — with **$10,000 currently owed and unpaid — admitted through** Hey Jude LLC's CR 8.04 default in

case 25-CI-001796 — established as Adjudicative Fact 417 herein — and **independently admitted** by McConnell through CR 8.04 default in case 25-CI-001795.

2161K. **The Deceptive False Impression Framework — Admitted Through Substantive CR 8.04: Wilson admitted** — through her failure to deny paragraphs 49 — 135 — and 143 of Kentucky case 25-CI-001371 — the following specific course of **deceptive misconduct that constitutes both a continuing tort and a continuing RICO predicate.**

2161L. **First — Wilson created a false impression** of intention to repay her own promissory note to Doris — and created a false impression that others would also repay their promissory notes to Doris — causing Doris to delay legal action for recovery — admitted through CR 8.04 default.

2161M. **Second** — Wilson continued giving reassurance to Doris that she would repay Doris — and that Fox — Burkhead — and McConnell would also repay Doris — when Wilson and all others had no intention of paying — admitted through CR 8.04 default from paragraph 49.

2161N. **Third** — **Wilson failed to correct the false impression** she created and maintained — admitted through CR 8.04 default from paragraph 135.

2161O. **Fourth —** Wilson's continued false reassurances restarted the statute of limitations with each promise — admitted through CR 8.04 default from paragraphs 49 and 143 — making **every false reassurance a separate independent continuing act restarting the limitations period — and making the statute of limitations continuously tolled** as long as Wilson continues to fail to correct the false impression.

2161P. **Fifth** — Wilson's false impression misconduct constitutes a continuing violation — not a completed past act — because Wilson continues to fail to correct the false impression that Doris will be repaid — making the violation ongoing from the first false reassurance through the


Edward Colgate 22023 SE Wax Rd., Box 1452, Maple Valley, WA 98038, King Co.

present date — and making the **statute of limitations continuously restarted with each day that Wilson fails to correct the false impression she created.**

2161Q. $49,665 — established from four authenticated documents and from five simultaneous independent CR 8.04 admissions.

2161R. **The Damages Demand:** Plaintiffs accordingly respectfully demand the following: Entry of judgment as to liability and a corresponding award of all of the following for this claim for relief: **Based on the fraudulent obstruction and deprivation of all recovery, Damages Awards are as Follows:** First — judgment against Wilson for the full **$49,665** jointly and severally — Wilson's own $10,000 plus KRS 502.020 complicity liability for Fox's $3,665 — complicity liability for Burkhead's $26,000 — and complicity liability for McConnell's $10,000 — admitted through five simultaneous independent CR 8.04 defaults. Second — lost interest on the full $49,665 from the date each payment was due through the date of judgment at the applicable statutory rate. Third — mandatory treble damages under 18 U.S.C. §1964(c) of **$148,995** on the principal alone plus trebled lost interest. Fourth — punitive damages of no less than nine times and up to forty times the compensatory amount — **$446,985** at nine times and **$1,986,600** at forty times — based on Wilson's admitted intentional willful and malicious false impression misconduct targeting a 92-year-old vulnerable adult to delay her legal recovery. Fifth — declaratory judgment that Wilson's ongoing failure to correct the false impression constitutes a continuing violation tolling all applicable statutes of limitations as to all four obligors.

2161R. Go to 2161S.

2161S. This claim is pleaded as a standalone independent claim pursuant to FRCP 8(d)(2) — ensuring that time, energy, and effort damages are fully recoverable regardless of the court's treatment of any other claim — because the time and energy damages are independently

admitted through Wilson's own CR 8.04 default — and independently actionable under supplemental jurisdiction — 42 U.S.C. §1983 — 42 U.S.C. §1985(2)-(3) — RICO 18 U.S.C. § 1961---1964(c) and its predicate acts --- simultaneously — with each basis independently sufficient.

2161T. The **18 U.S.C. §1503**(obstruction of the due administration of justice), **§1512, §1513** predicate acts are part of the RICO pattern that caused injury to Plaintiffs --- caused by **denial of the right to enforce CR 8.04 admissions — the deprivation of the property right of Edward's fiduciary role — and the economic losses caused by Defendant's and others' sustained unjust enrichment.**

2161U. **This claim's damages are consequential harms flowing from the same RICO pattern — recoverable as supplemental damages alongside the primary RICO harm/injury --- and constitute independent predicate acts.** The 18 U.S.C. §1503, §1512, §1513 predicates are part of the RICO pattern that caused injury /harm/ unjust enrichment including but not limited to the **denial of the right to enforce CR 8.04 admissions — the deprivation of the right of Edward's fiduciary role — and the economic losses --- caused by Defendant's and others' sustained unjust enrichment.**

2161V. The obstruction of Plaintiffs' recovery of the elder abuse damages and recovery of other damages --- established in Claims for Relief XXXVI, XXXVII, LXXXIX, XC, XCI, XCII, XCVI, XCVII, and LXVIII through LXXXVIII, and XCVIII through CII (102) — **include and/or constitute independent predicate acts.** Plaintiffs incorporate by reference in full Claims for Relief **LXXXVIII and LXXXIV.** Plaintiffs incorporate by reference in full detail-- paragraphs 2631A through 2631M. Court employees have fraudulently attempted to deceive Plaintiff through phone and internet phone interstate communications --- audio recorded and

transcribed. Plaintiff asserts many documented electronic communications notifying judges and court employees that Plaintiff was being targeted in Washington State. Plaintiffs also incorporate by reference in full detail PX-129, PX-136, PX-158. PX-159, PX-160, PX-48, PX-49, PX-129 through PX-133, PX-136, PX-137 through PX-154, PX-143 --- supports the fraud and also supports the fraudulent effective destruction of records related to Eric Haner, Susan Gibson, and others.

2161W. This claim for relief is asserted independently under Kentucky law and 28 U.S.C. §1367 — and 42 U.S.C. §1983 — and 42 U.S.C. §1985(2)-(3) as a standalone claim for compensatory and punitive damages — fully established from Wilson's legally binding and conclusive CR 8.04 admissions --- independently of any RICO characterization — entitling Plaintiffs to full compensatory and punitive relief on this claim --- regardless of whether the court accepts the RICO predicate characterization. Pursuant to FRCP 8(d)(2) — this claim for relief is pleaded as an alternative to and in addition to the RICO framework — ensuring full recovery under one or both legal theories that the court accepts — with the RICO treble damages constituting additional mandatory relief on top of the standalone compensatory and punitive damages --- rather than a substitute for them.

**CLAIM FOR RELIEF CII --- 102 — Defendant's Unjust Enrichment Based on --- The Use of a "Fraudulent Alias Name"—"Samantha Sims" (See PX-108) --- NOT on Personnel's, KCOJ's, AOC's Payroll in Year-2025 --- To Fraudulently Process/Commence/File Plaintiffs' Ten (10) "Year- 2025" Jefferson Circuit Court--KY Cases/ Complaints—Which Generated NO random judge assignments and NO Case Numbers At or After Said Time --- Zero Legal Authority (Sims) --- All Ten (10) Cases Are Void Ab Initio Based on Independent Simultaneous Grounds — All Ten (10) Cases Legally Non-Existent--Based on Fraud ---**

**From the First Moment of Fraudulent Purported Existence --- Fraudulent Taking of $4,091.08 From Washington Plaintiff --- Trebled 3 Times to --- $12,273.24 --- $70 Per Case Jury Fee Deposits Unreturned in 11 of Plaintiffs' Cases --- Proving All Eleven (11) of Plaintiffs' Cases Remain Active --- 42 U.S.C. §1983 and 42 U.S.C. §1985 Violations --- RICO Predicate Acts under 18 U.S.C. §1343---under 18 U.S.C. §1961 through §1964(c) --- Obstruction and Deprivation of all Plaintiffs' Recovery --- Substantive CR 8.04 Admissions of Liability By Susan Wilson and Other Defendants --- And also Caused by the Defendant's Obstruction of Justice and Defendant's Obstruction of Plaintiffs' Recovery --- Through** Defendant's Complicity and Conspiracy With One or More Judges (without jurisdiction) --- the Elected Jefferson Circuit Court Clerk — Jefferson Circuit Court Clerk's Office Employees --- Administrative Office of the Courts Employees — Court Administrators --- Staff Attorneys Acting Under Color of State Law --- and Through Defendant's Complicity and Conspiracy With Private Citizens and Entities — Individually or in Any Combination --- And also Caused by and Actionable under Defendant's Obstruction/ Deprivation of Plaintiff's Fiduciary Duties, Rights, and Recovery, including Plaintiff Edward Colgate's Individual Recovery and Elder Abuse Recovery, Enabling/ Causing Defendant's and Others' Unjust Enrichment. And also are **Violations of and Actionable Under 42 U.S.C. §1983 and 42 U.S.C. §1985, Obstruction and Deprivation of all Plaintiffs' Recovery, and violations under RICO Predicate Acts 18 U.S.C. §1343, §1349, §1344, §1348, §1503, §1512, and §1513 under 18 U.S.C. §1961---1964(c) --- for mandatory treble damages --- including but not limited to --- Wire Fraud and Tampering and Retaliation — and Violations of Federal Program Theft under 18 U.S.C. § 666--based on payroll fraud-(Section XXIX)** --- since Kentucky government is federally funded --- **All Twenty --- 20 Adjudicative Facts Established From Official Court**

**Documents --- Official Personnel Cabinet KHRIS Records --- And Authenticated Audio Recordings --- Whose Accuracy Cannot Reasonably Be Questioned --- Facially Fully Supporting Personal Jurisdiction in the Western District of Washington Under Calder v. Jones And Dole Food Co. v. Watts --- And Facially Fully Supporting Subject Matter Jurisdiction, Personal Jurisdiction, and Venue Under 28 U.S.C. § 1331, 28 U.S.C. § 1343, 28 U.S.C. § 1367, 28 U.S.C. § 1391, 42 U.S.C. § 1983, and 42 U.S.C. § 1985(2)-(3) — And Facially Fully Supported by PX-63 Through PX-81 And PX-108 And Audio25-Section XXVII — Plaintiffs incorporate by reference in full detail PX-63 Through PX-81, PX-82 through PX-87, PX-108, and Audio25-Section XXVII**

2162A. The adjudicative facts noticed herein facially support this Court's personal jurisdiction over Defendant Susan Wilson, all other defendants in distinct and separate complaints, and all enterprise defendants in distinct and separate complaints under Calder v. Jones 465 U.S. 783 (1984) and Dole Food Co. v. Watts 303 F.3d 1104 (9th Cir. 2002) — because each unauthorized and fraudulent phone credit card collection by Samantha Sims --- a non-existent/ non-payroll name in year-2025 --- targeted Washington Plaintiff specifically -— constituting intentional acts expressly aimed at known Washington plaintiffs producing harmful effects felt in Washington — satisfying all three Calder-Dole Food elements from the enterprise's own official records. These facts additionally support subject matter jurisdiction under 28 U.S.C. §1331 through independent RICO wire fraud predicate acts and other federal violations --- including but not limited to --- under 18 U.S.C. §1343 --- for each unauthorized and fraudulent phone transaction ---- with a fraudulent non-existent/non-payroll name (Sims) in year-2025 and under Civil rights claims pursuant to 28 U.S.C. § 1343(a)(1)-(2)-(3)-(4), 42 U.S.C. § 1983, 42 U.S.C. § 1985(2)-(3) --- including but not limited to --- through the deprivation of Plaintiffs' constitutional rights to

access courts --- and under 28 U.S.C. §1367(a)-supplemental jurisdiction- based on void proceedings commenced by unauthorized personnel — making the fraudulent commencement an independent jurisdictional basis --- supporting this Federal Court's authority over all claims stated herein. Plaintiffs assert the following adjudicative facts ---whose accuracy cannot reasonably be questioned —— and request mandatory judicial notice under FRE 201(c)(2): Each Adjudicative Fact Noticed Herein Independently and Collectively Supports This Court's Jurisdiction Under 28 U.S.C. §1331, 28 U.S.C. § 1343, and 28 U.S.C. §1367 — and Personal Jurisdiction Under Calder v. Jones and Dole Food Co. v. Watts. Plaintiffs assert the applicability of the following: **28 U.S.C. § 1331, 28 U.S.C. § 1343, 28 U.S.C. § 1367, 28 U.S.C. § 1391, 42 U.S.C. § 1983, and 42 U.S.C. § 1985(2)-(3) — And Facially Fully Supported by PX-63 Through PX-81 And PX-108 And Audio25-Section XXVII** — Plaintiffs incorporate by reference in full detail **PX-63 Through PX-81, PX-82 through PX-87, PX-108, and Audio25-Section XXVII --- RICO Predicate Acts Under 18 U.S.C. §1343, §1349, §1503, §1512, §1513 under 18 U.S.C. §1961 through §1964(c)--Mandatory Treble Damages**

2162B. Plaintiffs incorporate by reference in full detail **Claims for Relief I through CII (102),** and **Sections XVIII, XIX, XXXVI, XXVI, XXX, XXXII, XXVIII, XXIX, XXXI, XXXV, XXVII, XXXVII, PX-63 through PX-87,** PX-42 through PX-49, PX-108, all 167 Exhibits, and the **First through the Sixteenth FRE 201 Judicial Notices** of judicially **noticed adjudicative facts,** which include approximately **1,044 total adjudicative facts,** including approximately **322 adjudicative facts** supporting **jurisdiction** in the U.S. District Court for the Western District of Washington; **FRE 201 Adjudicative Facts in Judicial NOTICES --- 2 through 8, 10, 12 and 13 --- fully support jurisdiction and venue in WA.** All aforementioned incorporations provide **100% certainty** of fraudulently assigned judges and fraudulently assigned case numbers --- prior

to the legal filings by Plaintiffs of all 10 of their year-2025 cases --- with all 10 cases being illegally and fraudulently filed and processed by a fraudulent non-existent/ non-payroll name in year-2025 --- which did **not** generate a legal random judge assignment and which did **not** generate a legal case number assignment --- and thereby provides 100% certainty that Kentucky judges **NEVER** had jurisdiction and **NEVER** will have jurisdiction. Plaintiffs assert Rankin v. Howard, 633 F. 2d 844 (9th Circuit 1980) and United States v. Dugan, 2:25-cr-00089 (E.D. Wis. 2025) regarding judges without jurisdiction. Plaintiff assert: **The following twenty --- 20 --- FRE 201 Noticed Adjudicative Facts that follow---are each an independent gronnd and are part of the --- 20 independent grounds --- for void or void ab initio ---** even when not enumerated in order.

**2162C. The following twenty --- 20 --- FRE 201 Noticed Adjudicative Facts Follow:**

**ADJUDICATIVE FACT 1 — Ground 1 — NO Judges and NO Case Numbers were Generated when PLAINTIFFS Legally Filed and Legally Commenced Their TEN (10) "Year-2025 Cases" By Paying the Filing Fees --- Independent Ground for VOID AB INITIO**

**ADJUDICATIVE FACTS 2 ---** Kentucky CR 3.02(1) states verbatim — "The filing fee for a civil case in Circuit Court shall be paid to the circuit clerk at the time the case is filed." Supervisor Samantha Henley confirmed on Audio 25 — consistent with CR 3.02(1) — that Plaintiffs' cases are officially and legally filed and commenced when Plaintiffs pay the filing fees with a credit card over the phone. The legal commencement/ filing event is the payment — period. **No judges** and **no case numbers** were assigned at this time or later. Plaintiffs' **10** complaints filed and processed in year-2025 by a fraudulent name--Sims --- a name which was a fraudulent non-existent/ non-payroll name in year-2025.

**ADJUDICATIVE FACT 3** — PX-63 through PX-81 contains two categories of official documents simultaneously — the **court-generated receipts showing the exact dates and times** of Plaintiffs' credit card payments over the phone with **"Samantha Sims's name"** on them — and the **"Fraudulent"** Random Judge Assignment Reports---which are **NON-Random---** showing case numbers and judge assignments---**with timestamps preceding those payment times.** Comparing these two categories of documents, establishes the adjudicative facts from official court documents. Refer also to PX-108---from the Personnel Cabinet --- regarding Samantha Sims --- a non-existent/ non-payroll name in year-2025 --- unauthorized and fraudulent name --- and non-employee in year-2025.

**ADJUDICATIVE FACT 4 —** The case numbers appearing in the official Jefferson Circuit Court records were assigned — and appear on the fraudulent Random Judge Assignment reports — prior to the payment times documented on the court-generated receipts. A legitimately commenced/ filed case generates a case number at the moment of commencement/ filing — because the **case number** is the **court's official identifier of the newly-filed matter — created by the filing event itself.** A **case number** that has a **time-stamp prior to the filing event** was **NOT created by the filing** — it is a pre-existing artifact that the filing was absorbed into — like a pre-cut key made before the lock existed.

**ADJUDICATIVE FACT 5 —** Plaintiffs' filing fee payments — the legal filing/ commencement acts under CR 3.02(1) and Audio 25 **generated NO case numbers** in the court's case management system — because case numbers already existed in that system---before any payment was made. A filing event that **generates NO case number** has **NO legal effect as a commencement/ filing —** it is a **payment absorbed into a pre-existing fraudulent record** — making **all ten (10) "year-2025 cases" void ab initio on this first ground alone.**

**ADJUDICATIVE FACT 6 —** The **institutional impossibility is proven** by a single logical sequence. Since Plaintiffs' payments would normally generate case numbers — and only one case number exists per case — and that case number predates the payment — then the **payment generated NO case number.** A commencement/ filing that **generates NO case number** is **NOT a commencement/ filing.** Thereby, **All ten (10) "year-2025 cases" are void ab initio.**

**ADJUDICATIVE FACT 7** — Additionally — the forms containing these pre-commencement case numbers were fraudulently labeled Random Judge Assignment Reports, but the assignments were **non-random.** All fraudulent judge assignments were **pre-arranged before the cases existed** — making the word Random on each official form a **False and Fraudulent Certification** constituting an independent act of official record falsification under **KRS 519.060** (Tampering with Public Records) and **KRS 524.100** (Tampering with Evidence)— in addition to every other ground established herein. This first ground requires no analysis of payroll records or official capacity — it is provable from the court's own official receipt timestamps compared to the Random Judge Assignment report timestamps within PX-63 through PX-81 alone.

**ADJUDICATIVE FACT 8 — GROUND 2 — SAMANTHA SIMS NOT ON PAYROLL IN YEAR-2025 — ZERO LEGAL AUTHORITY — INDEPENDENT GROUND FOR VOID AB INITIO**: Samantha Sims — the fraudulent name appearing on the court-generated receipts for all 10 of Plaintiffs' year-2025 filing fee payments — is **not** on KCOJ or Personnel payroll in year-2025 — established from official Personnel Cabinet KHRIS records produced by the Kentucky Personnel Cabinet — documented in **PX-108.** A name **not on payroll** has **zero legal authority to process, file, or commence any case in any Kentucky court** — for the same reason that a **forged deed** does **not convey title** regardless of recording — a **fraudulent filing** by a **non-existent** payroll name in year-2025 --- does **not** create a **legally existing** case

regardless of its appearance in the court's case management system. **All 10 --- year-2025 --- fraudulent commencements/ filings are void or void ab initio** on this independent ground---because they were processed by a name with **NO institutional existence for** purposes of authorized official acts.

**ADJUDICATIVE FACT 9 —** Ground 3 — Samantha Henley Fraudulently Acting Under a Non-Payroll Alias --- Independent Ground for Void Ab Initio.

**ADJUDICATIVE FACT 10** — Supervisor Samantha Henley — who is on payroll in year-2025 under personnel identification number 00269101 — processed the year-2025 filings/ commencements using the **fraudulent alias name Samantha Sims ---** rather than her payroll name Samantha Henley. Samantha Henley has **three (3) aliases** — Samantha Sims, Samantha Fogel, and Samantha Logan — all sharing personnel identification number 00269101 — with none of the aliases appearing on KCOJ or Personnel payroll in year 2025. An employee --- acting under a **fraudulent non-payroll alias is NOT** acting in her official authorized capacity — because **official capacity is defined by and limited to the payroll name and position under which compensation is received and authority is granted** — making **all acts performed under a fraudulent non-payroll alias --- unauthorized and fraudulent acts**, regardless of whether the underlying fraudulent person had any payroll existence. **All 10 year-2025 commencements are void or void ab initio** on this independent ground---because they were processed by an individual --- using a fraudulent name --- **fraudulently acting outside** of any official authorized capacity --- **through a fraudulent non-payroll alias.**

**ADJUDICATIVE FACT 11 — FRAUDULENT TAKING OF $4,091.08 Trebled 3 Times to --- $12,273.24** --- Refer to paragraph 2465: Samantha Sims ------ a non-existent/non-payroll name in year-2025 --- without payroll authority — on the court-generated receipt documents ---

documenting each payment --- fraudulently collected the following amounts from Plaintiffs through phone credit card transactions --- Washington State to Kentucky --- constituting electronic wire communications --- **generating independent wire fraud RICO predicate acts under 18 U.S.C. §1343 for each transaction** — Independent **federal program theft violations under 18 U.S.C. §666 are based on payroll fraud-(Section XXIX)** --- since Kentucky government is federally funded.

**ADJUDICATIVE FACT 12** — Court fees per case --- $276.04 — including $70.00 jury fee deposit under CR 3.02(2)(b) --- multiplied by 10 cases — total **$2,760.40** --- plus **$70** from case **21-CI-001314** based on **no** judge having **jurisdiction** regarding said case. Total is **$2,830..40.** Deputy Sheriff service fees — **$60.00 per case** --- paid by separate check---made out to---the Jefferson County Sheriff's Office --- multiplied by 10 cases — total **$600.00** — defrauded from Plaintiffs since all 10 cases were fraudulently commenced and void or void ab initio from inception — making service fees paid for void or void ab initio proceedings--unauthorized and fraudulent takings. Plus **$60** from case **21-CI-001314** based on **no** judge having **jurisdiction** regarding said case. Total is **$660.** Plaintiffs' **USPS Costs** for Jefferson Circuit Court Filings --- **$474.81** --- plus Plaintiffs' costs for records in Plaintiffs' own cases that should have been provided --- **$125.87.** Total is **$600.68.** See PX-166. Total unauthorized and fraudulent taking from Plaintiffs — **$4,091.08.** RICO mandatory treble damages on fraudulent unauthorized taking — **$4,091.08** trebled 3 times to --- **$12,273.24** --- before any underlying elder abuse fraud damages --- and other damages --- are calculated. The 11 cases include **25-CI-001371, 25-CI-001568, 25-CI-001795, 25-CI-001447, 25-CI-002150, 25-CI-002006, 25-CI-001569, 25-CI-001567, 25-CI-001796, 25-CI-001121, and 21-CI-001314.**

**ADJUDICATIVE FACT 13 — SUBSTANTIVE CR 8.04 LEGALLY BINDING ADMISSIONS OF DEFENDANTS' LIABILITY AND DAMAGES---INDEPENDENT OF FRAUDULENT COMMENCEMENTS/ FILINGS:** Regardless of the fraudulent commencement of all 10 year-2025 cases — as soon as each defendant was legally served by the Deputy Sheriff, it became mandatory for each defendant to respond to Plaintiffs' complaints. The fraudulent commencements/ filings do **not** eliminate this obligation — because Kentucky CR 8.04's admission mechanism derives its **authority from** the fact of **legal service** by a legitimate officer — **not** from the validity of the case's commencement/ filing. Substantive CR 8.04 provides that averments/allegations/adjudicative facts in a pleading to which a responsive pleading is required---are admitted when not denied — and **legal service by a Deputy Sheriff creates that responsive pleading requirement independently** of how the case was filed/ commenced. Each defendant's failure to respond after legal service---**generated legally binding CR 8.04 admissions of all averments/allegations/adjudicative facts — establishing Defendants' liability** as a matter of **Kentucky substantive law — independent of the fraudulent commencement/ filing that preceded service.** Wilson and other defendants **cannot use the enterprise's own fraud** in commencing/ filing the cases---as an attempted shield against the substantive CR 8.04 liabilities that arose from their own failure to respond to legal service — because Wilson's and others' failure to respond was entirely their own.

**ADJUDICATIVE FACT 14 — UNRETURNED JURY FEES PROVING ALL 10 CASES REMAIN ACTIVE:** Plaintiffs have **not received returned jury fees in any of the 10 year-2025 cases.** The **$70.00 jury fee deposit** under CR 3.02(2)(b) is maintained in the separate Jefferson Circuit Court Jury Fund---pursuant to the Circuit Court Clerks' Accounting Manual---Jury Fund Receipts and Disbursements sections — and is required to be returned from that

specific fund upon case closure without jury trial. The failure to return any jury fee in any of the 10 cases creates a mutually exclusive **institutional admission from the enterprise's own financial records** — either **all 10 cases remain active,** according to Court records, even though all 10 cases were void ab initio— **or the jury fees were stolen** upon closure, where Plaintiffs were **never legally served** notice of any judges' orders in any of the Plaintiffs' **11 cases,** counting the year-2021 case — proving fraudulently unauthorized retention of funds that the enterprise had no right to retain. **Either conclusion generates independent RICO predicate acts — and the unreturned jury fees constitute the enterprise's own institutional admission that all 10 cases remain active — making the enterprise's fraudulent obstruction of Plaintiffs' recovery in those open cases---an ongoing continuing violation accruing daily.** Independent **federal program theft violations under 18 U.S.C. §666 are based on payroll fraud-(Section XXIX)** --- since Kentucky government is federally funded.

**ADJUDICATIVE FACT 15 — FEDERAL JURISDICTION INDEPENDENTLY SUPPORTED:** The fraudulent commencements/filings of all 10 year-2025 cases — established from simultaneous independent grounds — through phone credit card wire transactions — combined with the fraudulently unauthorized taking of $4,091.08 — the unreturned jury fees — and the continuing daily violations — independently establishes this Court's personal and subject matter jurisdiction under 28 U.S.C. § 1331 through RICO claims arising from wire fraud and federal program theft predicate acts — and independently establishes this Court's civil rights jurisdiction under 28 U.S.C. §1343 through deprivation of Plaintiffs' constitutional right to access courts based on void proceedings — making the fraudulent commencements/ filings an independent jurisdictional basis supporting this Court's authority over all claims stated herein. Plaintiffs incorporate by reference in full detail PX-42 through PX-167.

**ADJUDICATIVE FACT 16 —** Wilson was and continues to be in complicity and in conspiracy in fraudulent acts---including but not limited to annuity frauds, securities fraud, real estate fraud, forgery, obstruction of recovery, obstruction of justice, identify theft/fraud, robbery, theft, all 30 legally admitted claims for relief in state complaint 25-CI-001371, and all 67 claims for relief herein this federal complaint. This constitutes Wilson's violations of 42 U.S.C. §1985(2)-(3) and Wilson's liability. 42 U.S.C. §1985(3) covers conspiracy to deprive persons of equal protection or equal privileges. The enterprise's systematic elimination of every pro se plaintiff as documented by systematic fraud on the court in Jefferson Circuit Court— combined with the specific retaliation and targeting of Plaintiffs as elder abuse reporters — satisfies §1985(3)-(2).

**ADJUDICATIVE FACT 17 —** For pro se plaintiffs--- who have **never** been allowed to assert **oral arguments** in Jefferson Circuit Court --- and elder abuse reporters — the class-based animus is the institutional contempt for these categories documented throughout this complaint. In modern application — courts have interpreted "go in disguise" broadly to include any concealment of identity or purpose used to accomplish the conspiracy's objectives. It does not require literal physical disguise on a literal highway. The enterprise's operation under alias identities — specifically non-payroll aliases Sims, Fogel, and Logan sharing personnel number 00269101 — constitutes operation in disguise within the meaning of 42 U.S.C. §1985(3) — because those aliases concealed the true identity of the actors committing the enterprise's fraudulent commencement acts — in furtherance of the conspiracy to deprive Plaintiffs of equal protection of the laws and equal rights of the laws.

**ADJUDICATIVE FACT 18 —** In addition, Susan Wilson was and is an enterprise member through her association-in-fact with Fox — Ford — others --- the judicial actors --- and the Court Clerk's office employees who have attempted to protect Wilson. Wilson participated both

directly and indirectly in the enterprise. See RICO claims for relief LXVIII through LXXXVIII. Wilson benefited from the enterprise's obstruction of Plaintiffs' recovery — sustaining her unjust enrichment. The enterprise's fraudulent judicial misconduct, fraudulent court employees' misconduct, and others' fraudulent misconduct sustained Wilson's retention of admitted fraud proceeds.

**ADJUDICATIVE FACT 19** — Wilson's association in fact is established through her coordination, complicity, and conspiracy with Fox and others in the annuity frauds — securities fraud --- real estate fraud — forgery --- et cetera RICO claims for relief LXVIII through LXXXVIII---through Ford's fraudulent dual representation connecting Wilson directly to the enterprise's attorney member — through Wilson's knowing benefit from the enterprise's systematic obstruction of Plaintiffs' recovery — and through Wilson's substantive CR 8.04 legally binding admissions establishing Wilson's liability on all 30 counts/claims for relief simultaneously---with the enterprise's judicial protection of that liability.

**ADJUDICATIVE FACT 20** — Plaintiffs incorporate by reference in full detail the following: **legally binding and conclusive judicial admissions** that are **Verbatim from state complaint 25-CI-001371 (PX-51), paragraph 23, for separate trials and separate complaints.**

**2162D. The Damages Demand and Relief Demand:** Plaintiffs accordingly respectfully demand the following: Entry of judgment as to liability and a corresponding award of all of the following for this claim for relief: **Based on the fraudulent obstruction and deprivation of all recovery, Damages Awards are as Follows:** Combined for Edward Colgate and Doris Colgate: **$540,185.41** Awarded for Special damages--legally binding and conclusive--admitted as a sum-certain—under substantive CR 8.04; **$1,620,556.23** Awarded for Treble damages; **$4,861,668.69** Awarded for Punitive damages no less than 9 times damages --- and up to 40

times damages. Doris Colgate: **$2,975,000.00** --- Claims for Relief LXXXIX and VI and XXXVII; **$8,925,000.00** Awarded for Treble damages; **$26,775,000.00** Awarded for Punitive damages no less than 9 times damages---and up to 40 times damages; **$750,000.00** Awarded for Claims for Relief V and XXXVI; **$2,250,000.00** Awarded for Treble damages; **$6,750,000.00** Awarded for Punitive damages no less than 9 times damages --- and up to 40 times damages; **$79,000.00** Awarded for Claim for Relief C --- 100; **$237,000.00** Awarded for Treble damages; **$711,000.00** Awarded for Punitive damages no less than 9 times damages --- and up to 40 times damages; **$49,665.00** Awarded for Claims for Relief CI-- 100--promissory notes/loans; **$148,995.00** Awarded for Treble damages; **$446,985** Awarded for Punitive damages no less than 9 times damages --- and up to 40 times damages; Doris Colgate continued: Range from **$500,000.00 To $1,500,000.00** Awarded --- Claims for Relief XCVI --- IIED; Doris Colgate Range from **$1,500,000.00 To $4,500,000.00** Awarded for Treble damages; Doris Colgate Range from **$4,500,000.00 To $13,500,000.00** Awarded for Punitive damages no less than 9 times damages --- and up to 40 times damages; Edward Colgate Range from **$250,000.00 To $750,000.00** Awarded for --- Claims for Relief XCVI --- IIED and fraudulent Deprivation of familial relationship; Edward Colgate Range from **$750,000.00 To $2,250,000.00** Awarded for Treble damages; Edward Colgate Range from **$2,250,000.00 To $6,750,000.00** Awarded for Punitive damages no less than 9 times damages --- and up to 40 times damages; Edward Colgate Range from **$500,000.00 To $2,000,000.00** Awarded for --- Claims for Relief XCVII---IIED---Wrongful Death; Edward Colgate Range from **$1,500,000.00 To $6,000,000.00** Awarded for Treble damages; Edward Colgate Range from **$4,500,000.00 To $18,000,000.00** Awarded for Punitive damages no less than 9 times damages --- and up to 40 times damages; Edward Colgate Range from **$500,000.00 To $3,000,000.00** Awarded for --- Irreversible Deprivation of

Familial Relationship; Edward Colgate Range from **$1,500,000.00 To $9,000,000.00** Awarded for Treble damages; Edward Colgate Range from **$4,500,000.00 To $27,000,000.00** Awarded for Punitive damages no less than 9 times damages --- and up to 40 times damages; Edward Colgate's **Compounded IIED** damages awards --- **Irreversible Deprivation Compound;** Edward Colgate **Range** from no less than **$250,000 times 2 and times 4** and **up to $750,000 times 2 and times 4** Awarded for --- **Compounded IIED** damages awarded to Edward Colgate if Doris Colgate's death; Edward Colgate Range from **$500,000.00 To $1,000,000.00 ---** and **up to $1,500,000.00 To $3,000,000.00** Awarded for --- Compounded IIED damages awards to Edward Colgate if Doris Colgate's death; Edward Colgate Range from **$4,500,000.00 To $9,000,000.00** Awarded for Trebled damages; Edward Colgate Range from **$13,500,000.00 To $27,000,000.00** Awarded for Punitive damages no less than 9 times damages --- and up to 40 times damages. Edward Colgate: **$50,138.68** Awarded for Special Damages--legally binding and conclusive--admitted as a sum-certain—under substantive CR 8.04; Edward Colgate: **$150,416.04** Awarded for Treble damages; Edward Colgate: **$451,248.12** Awarded for Punitive damages no less than 9 times damages --- and up to 40 times damages; Edward Colgate: **$48,600.00** Awarded for Time and Energy damages admitted under legally binding substantive CR 8.04; Edward Colgate: **$145,800.00** Awarded for Treble damages; Edward Colgate: **$437,400.00** Awarded for Punitive damages no less than 9 times damages --- and up to 40 times damages; Edward Colgate: **$4,091.08** Awarded for Fraudulent Fees Paid Based on Alias Name---Fraud; Edward Colgate: **$12,273.24** Awarded for Treble damages; Edward Colgate: **$36,819.72** Awarded for Punitive damages no less than 9 times damages --- and up to 40 times damages; Edward Colgate: **$28,000.00** Awarded for Claims for Relief LXI and XXXI; Edward Colgate: **$84,000.00** Awarded for Treble damages; Edward Colgate: **$252,000.00**

Awarded for Punitive damages no less than 9 times damages --- and up to 40 times damages; Edward Colgate: **2,544 hours multiplied by $150 per hour — $381,600 --- trebled to --- $1,144,800 --- punitive** damages of **$3,434,400** --- no less than 9 times damages --- and up to 40 times damages; Edward Colgate: **$381,600.00** Awarded for Federal Time and Energy and Work and Effort Damages; **$1,144,800.00** Awarded for Federal Treble damages; **$3,434,400.00** Awarded for Federal Punitive damages no less than 9 times damages --- and up to 40 times damages. Plaintiffs incorporate by reference in full detail PX-1 through PX-167.

2162E. This claim is pleaded as a standalone independent claim pursuant to FRCP 8(d)(2) — ensuring that time, energy, and effort damages are fully recoverable regardless of the court's treatment of any other claim · because the time and energy damages are independently admitted through Wilson's own CR 8.04 default — and independently actionable under supplemental jurisdiction — 42 U.S.C. §1983 — 42 U.S.C. §1985(2)-(3) — RICO 18 U.S.C. § 1961---1964(c) and its predicate acts --- simultaneously — with each basis independently sufficient.

2162F. The **18 U.S.C. §1503** --- obstruction of the due administration of justice --- predicates are part of the RICO pattern that caused injury to Plaintiffs --- caused by **denial of the right to enforce CR 8.04 admissions — the deprivation of the property right of Edward's fiduciary role — and the economic losses caused by Defendant's and others' sustained unjust enrichment.**

2162G. **This claim's damages are consequential harms flowing from the same RICO pattern — recoverable as supplemental damages alongside the primary RICO harm/injury --- and constitute independent predicate acts.** The **18 U.S.C. §1349**(attempt and conspiracy), **§1343, §1344, §1348, §1512, §1513, §1503** predicates are part of the RICO pattern

that caused injury /harm/ unjust enrichment — including but not limited to the **denial of the right to enforce CR 8.04 admissions — the deprivation of the right of Edward's fiduciary role — and the economic losses --- caused by Defendant's and others' sustained unjust enrichment.**

2162H. The Defendant's obstruction of justice and Defendant's obstruction of Plaintiffs' recovery of the elder abuse damages and recovery of other damages --- established in Claims for Relief XXXVI, XXXVII, LXXXIX, XC, XCI, XCII, XCVI, XCVII, and LXVIII through LXXXVIII, and XCVIII through CII (102) — **include and/or constitute independent predicate acts.** Plaintiffs incorporate by reference in full Claims for Relief **LXXXVIII and LXXXIV.** Plaintiffs incorporate by reference in full detail--paragraphs 2631A through 2631M. Court employees have fraudulently attempted to deceive Plaintiff through phone and internet phone interstate communications --- audio recorded and transcribed. Plaintiff asserts many documented electronic communications notifying judges and court employees that Plaintiff was being targeted in Washington State. Plaintiffs also incorporate by reference in full detail PX-129, PX-136, PX-158. PX-159, PX-160, PX-48, PX-49, PX-129 through PX-133, PX-136, PX-137 through PX-154, PX-143 --- supports the fraud and also supports the fraudulent effective destruction of records related to Eric Haner, Susan Gibson, and others.

2162I. This claim for relief is asserted independently under Kentucky law and 28 U.S.C. §1367 — and 42 U.S.C. §1983 — and 42 U.S.C. §1985(2)-(3) as a standalone claim for compensatory and punitive damages --- fully established from Wilson's legally binding and conclusive CR 8.04 admissions --- independently of any RICO characterization — entitling Plaintiffs to full compensatory and punitive relief on this claim --- regardless of whether the court accepts the RICO predicate characterization. Pursuant to FRCP 8(d)(2) — this claim for relief is pleaded as

an alternative to and in addition to the RICO framework — ensuring full recovery under one or both legal theories that the court accepts — with the RICO treble damages constituting additional mandatory relief on top of the standalone compensatory and punitive damages --- rather than a substitute for them. Plaintiffs assert and incorporate by reference in full the following regarding the **broad definition of an associated-in-fact enterprise --- in support of Plaintiffs' Actionable under---RICO predicate acts herein: Odom v. Microsoft Corp., 486 F. 3d 541 - Court of Appeals, 9th Circuit 2007 and United States v. Turkette, 452 US 576 - Supreme Court 1981 in Section XX.**

**SECTION XIV: Additional Legally Binding and Conclusive Judicial Admissions of Averments/Allegations/Adjudicative Facts (Verbatim Excerpts from Kentucky Action No. 25-CI-001371)** pursuant to 28 U.S.C. § 1367(a) and CR 8.04---**legally binding admissions** are **conclusive and any contrary statement** is **fraud** upon this Court **based on judicial estoppel and collateral estoppel,** supported by case laws cited in **Section XX: "Relevant CASE LAWS** Applied to Each and Every Claim for Relief" herein. Also refer to and apply case laws in **paragraph 356C.**

2163A. The following paragraphs are **verbatim excerpts** from Kentucky State Court Action No. 25-CI-001371 and constitute legally binding judicial admissions under Kentucky CR 8.04 and 28 U.S.C. § 1367(a). **These admissions are incorporated herein for "all purposes."**

2163B. **Refer to PX-51, paragraph 347---Three—3 witnesses authenticate these audio recordings.** Plaintiff cites KRS 526.010, establishing Kentucky as a one-party consent state, as backup support, although Doris did agree to the audio recordings so that Edward could help her recover damages for Doris from Wilson and Fox. See PX-3, **Audio7, 13.**

2163C. **Refer to PX-51, paragraph 348**---Plaintiff asserts the following for **Exhibits PX-1 through PX-40**: **Pursuant to CR 10.03, a copy of any written instrument, which is an exhibit to a pleading, is a part thereof for all purposes. PX-2 contains the Statements of Material Fact.**

2163D. **Refer to PX-51, paragraph 349---Pursuant to KRS 413.130, for when certain actions in KRS 413.120 accrue. In an action for relief or damages for fraud or mistake, referred to in subsection (11) of KRS 413.120, the cause of action shall not be deemed to have accrued until the discovery of the fraud or mistake.** However, the action shall be commenced within ten (10) years after the time of making the contract or the perpetration of the fraud. Plaintiff **asserts this statute for all aforementioned frauds.**

2163E. **Refer to PX-51, paragraph 350---Plaintiffs respectfully demand a trial by jury,** pursuant to CR 39.01 By jury, and CR 38.02: **Jury Trials of Right**; Demand; Any party may demand a trial by jury of any issue triable of right by a jury by serving upon the other parties a demand therefor in writing at any time after the commencement of the action and not later than 10 days after the service of the last pleading directed to such issue. Such demand may be indorsed upon a pleading of the party, and if indorsed on the complaint, the filing of the complaint shall constitute service of the demand.

2163F. **Refer to PX-51, paragraph 351**---Conversion does not apply based on the framework of the causes of action. (KRS 446.070 was/is used for criminal to civil conversion, and not the basic common law of conversion.)

2164. **Refer to PX-51, paragraph 352**---Plaintiffs assert **KRS 209.050--Immunity from civil or criminal liability.** Anyone acting upon reasonable cause in the making of any report or investigation or participating in the filing of a petition to **obtain injunctive relief** or emergency

protective services for an adult pursuant to this chapter, including representatives of the cabinet in the reasonable performance of their duties in good faith, and within the scope of their authority, **shall have immunity from any civil or criminal liability** that might otherwise be incurred or imposed.

2165. **Refer to PX-51, paragraph 353**---Doris, having relied upon Wilson's false statements, or in the alternative, Wilson's complicity to false statements, and Edward having relied upon Doris's communications, requesting Edward's help to recover damages from Wilson, and **Doris agreeing to reimburse** Edward for doing so.

2166. **Refer to PX-51, paragraph 354**---This legal complaint seeks to redress the financial exploitation and elder abuse (KRS 209.020) perpetrated by Susan Wilson against Doris Colgate, a vulnerable elder, and to restore the integrity of the judicial process compromised by the deliberate misconduct by Wilson. In addition, this complaint seeks to recover damages for Edward Colgate as he acted as Doris's fiduciary as Doris had requested, and to recover damages for Edward for other losses incurred, aforementioned, and addressed in the Relief Sought. (Note: Plaintiffs also assert **PX-52, PX-53, PX-54, PX-96, PX-95—facially supporting PX-51 and 25-CI-001371.**

**SECTION XV: Mandatory Judicial Notice of Adjudicative Facts---FRE 201(c)(2) and (b)(2) — FRE 1006 Summary of Voluminous Materials And Official Governments Records Admitted As Evidence — Legally Binding And Conclusive Admitted Material Factual Averments/ Allegations in Kentucky Cases 25-CI-001371, 25-CI-001568, 25-CI-001795, 25-CI-001796, And 25-CI-001121 — Established As Adjudicative Facts Incapable of Reasonable Dispute Under Substantive Kentucky CR 8.04 And 28 U.S.C. §1367(a)—**

**Supplemental Jurisdiction—Facially Supporting All Counts/ Claims for Relief Stated Herein PX-51 through PX-62, PX-96, PX-95, PX-55 through PX-62.**

2167A. **Preliminary Statement: Plaintiffs assert all of the following:** Plaintiffs respectfully request that this Court take mandatory judicial notice of the following adjudicative facts pursuant to FRE 201(c)(2) this Court must take judicial notice because Plaintiffs have requested it and have supplied the necessary information. And these are adjudicative facts that can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned under FRE 201(b)(2).

2167B. Plaintiffs continue to state all of the following: **Incorporation of legally binding and conclusive admitted factual allegations in State Court:** Plaintiffs hereby incorporate by reference in full detail all admitted factual averments/ factual allegations in the following State Court Complaints, which include **all allegations throughout the entire complaint in each case. All allegations are legally binding and conclusive—since any contradiction to said allegations in federal court is fraud upon this Court based on judicial estoppel and collateral estoppel,** supported by **applicable case laws in paragraph 356C.** The legally binding admissions are **"Conclusive" via Judicial Estoppel,** meaning that the Defendant **cannot contradict those legally binding admissions in Federal Court.** Plaintiffs assert **judicial estoppel** against Defendant **pursuant to "Milton H. Greene Archives v. Marilyn Monroe LLC, 692 F. 3d 983** - Court of Appeals, **9th Circuit 2012"—(estoppel applies across different court systems; defendants cannot switch facts for profit;** and **Integrity of Process)-** --and **Rissetto v.** Plumbers and Steamfitters Local 343, 94 F. 3d 597 - Court of Appeals, **9th Circuit** 1996 **(estoppel applies across different court systems,** including State to Federal). If

Defendant submits contradictory statements to this Court, **then sanctions for fraud upon this Court are warranted** against Defendant.

Defendants in each of the following cases have admitted to Plaintiffs' entire complaint and damages--where damages have been stated as averments/ allegations throughout this Complaint, including but not limited to statements in the Relief Section and all citations specifying dollar amounts. Admitted factual averments in the state complaints are under Ky. CR 8.04. Plaintiffs use **"allegation" and "averment" interchangeably** in this Complaint. Plaintiffs also note the difference between minor differences in the older court FRCP labeling and the newer labeling, and assert that **either one is acceptable** since minor differences exist between uscourts.gov and the site it takes you to that you click on within the WAWD federal court website. Plaintiffs assert that **intent** is what is to be **applied** herein. Plaintiffs claim the right to include any and all admitted factual averments/ allegations from state court in this federal Complaint under **substantive Ky. CR 8.04 and supplemental jurisdiction--governing the "Effect of Failing to Deny," which legally admits all averments/ allegations therein said state complaints—as binding and conclusive---after having filed over 1 year ago in state court."** Plaintiffs incorporate by reference in full detail **PX-52, PX-53, PX-54, PX-96—facially supporting PX-51 and 25-CI-001371. Plaintiffs incorporate by reference in full Section XXXVII and the First FRE 201 Notice.** Plaintiffs incorporate by reference in full detail **FRE 201 Adjudicative Facts in Judicial NOTICES --- 2 through 8, 10, and 12 --- fully support jurisdiction.** All aforementioned incorporations provide **100% certainty** of fraudulently assigned judges and fraudulently assigned case numbers. **Plaintiffs further state all of the following:**

2168. Jefferson Circuit Court--KY Case No. **25-CI-001371** (v. Susan Wilson): All 109 pages of factual averments/allegations/adjudicative facts and all thirty (30) "Counts" (herein also referred

to as "Claims for Relief") are legally admitted in their entirety. Pursuant to CR 8.04---Legally Binding and Conclusive Judicial Admissions of Liability and Damages in Kentucky Complaint 25-CI-001371--v. Susan Wilson, which includes 109 Pages Plus PX-1 through PX-40. Refer to **PX-51.** Deputy Sheriff Coy Harp's **Affidavit of** legal and personal **Service** of process to Defendant on **March 25, 2025** in Kentucky case 25-CI-001371. See **PX-55** --- Case History Docket Log for case 25-CI-001371 --- 2 Pages --- Page 2 shows that the personal service by the Sheriff to the Defendant was on 3-25-2025. This docket was generated on 1-5-2026. The personal service by the Sheriff is the last notation in the docket log. On 4-1-2026, more than **1 year** after personal service by the Sheriff, the Court Clerk's Office confirmed that Defendant **never** responded with an answer and **never** entered a notice of appearance. As of this Federal Filing, Defendant has the Effect of Failure to Deny, and the effect is that **"All Averments/ Allegations/Adjudicative Facts are admitted by Defendant"** pursuant to substantive **CR 8.04.** Refer to **PX-56.**

2169. **Case No. 25-CI-001568** (v. Ray Wilson): All factual allegations and all counts/claims for relief throughout this entire complaint are legally admitted in their entirety. Pursuant to CR 8.04---Legally Binding and Conclusive Judicial Admissions of Liability and Damages in Kentucky Complaint 25-CI-001568--v. Ray Wilson, which includes **130 Pages Plus 41 Exhibits.** See **PX-52.** Deputy Sheriff Coy Harp's **Affidavit of** legal and personal **Service** of process to Defendant on March 25, 2025 in Kentucky case 25-CI-001568. See **PX-57.** Case History Docket Log for case 25-CI-001568 --- 2 Pages --- Page 2 shows that the personal service by the Sheriff to the Defendant was on 3-25-2025. This docket was generated on 1-5-2026. The personal service by the Sheriff is the last notation in the docket log. On 4-1-2026, more than **1 year** after personal service by the Sheriff, the Court Clerk's Office confirmed that Defendant **never** responded with

an answer and **never** entered a notice of appearance. As of this Federal Filing, Defendant has the Effect of Failure to Deny, and the effect is that **"All Averments and Allegations are admitted by Defendant"**---pursuant to CR 8.04. See **PX-58.**

2170. **Case No. 25-CI-001795** (v. Jude McConnell): All factual allegations and all counts/claims for relief throughout this entire complaint are legally admitted in their entirety. Pursuant to CR 8.04---Legally Binding and Conclusive Judicial Admissions of Liability and Damages in Kentucky Complaint 25-CI-001795---v. Jude McConnell, which includes **131 Pages Plus 40 Exhibits.** See **PX-53.** Deputy Sheriff C Wherl's **Affidavit of** legal and personal **Service** of process to Defendant on March 19, 2025 in Kentucky case 25-CI-001795. See **PX-59.** Case History Docket Log for case 25-CI-001795 --- 2 Pages --- Page 2 shows that the personal service by the Sheriff to the Defendant was on 3-19-2025. This docket was generated on 1-5-2026. The personal service by the Sheriff is the last notation in the docket log. On 4-1-2026, more than **1 year** after personal service by the Sheriff, the Court Clerk's Office confirmed that Defendant **never** responded with an answer and **never** entered a notice of appearance. As of this Federal Filing, Defendant has the Effect of Failure to Deny, and the effect is that **"All Allegations and Averments are admitted by Defendant"**---pursuant to CR 8.04. See **PX-60.**

2171A. **Case No. 25-CI-001796** (v. Hey Jude, LLC): All factual allegations and all counts/claims for relief throughout this entire complaint are legally admitted in their entirety. Pursuant to CR 8.04---Legally Binding and Conclusive Judicial Admissions of Liability and Damages in Kentucky Complaint 25-CI-001796---v. Hey Jude, LLC, which includes **130 Pages Plus 40 Exhibits.** See **PX-54.** Deputy Sheriff C Wherl's **Affidavit of** legal and personal **Service** of process to Defendant on March 19, 2025 in Kentucky case 25-CI-001796. See **PX-61.** Case History Docket Log for case 25-CI-001796 --- 2 Pages --- Page 2 shows that the personal

service by the Sheriff to the Defendant was on 3-19-2025. This docket was generated on 1-5-2026. Four (4) of Plaintiffs' Correspondences were cited in this docket log. **Numerous other Plaintiffs' Correspondences** in this case were **destroyed** and are fraudulently **not** part of the open/public records---in **violation of KRS 524.100, KRS 522.020, KRS 519.060, KRS 502.020, KRS 30A.080(1)-(3), due process, and conspiracy.** Defendant **never** responded with an answer and **never** entered a notice of appearance. On 4-1-2026, more than **1 year** after personal service by the Sheriff, the Court Clerk's Office confirmed that Defendant **never** responded with an answer and **never** entered a notice of appearance. As of this Federal Filing, Defendant has the Effect of Failure to Deny, and the effect is that **"All Allegations and Averments are admitted by Defendant"**---pursuant to CR 8.04. See **PX-62.**

2171B. Complaint in Case No. **25-CI-001121** (v. Lori Fox)--See **PX-96:** All factual allegations and all counts/claims for relief throughout this entire complaint are legally admitted in their entirety. Pursuant to CR 8.04--**Legally Binding and Conclusive Judicially Admitted Averments and Allegations, including Damages, in Case 25-CI-001121, a distinct and separate case from 25-CI-001371--with different timelines, which include many supporting overlapping factual allegations**, and includes **90 Pages Plus 40 Exhibits.** See **PX-96, PX-95, PX-92, PX-93, PX-94.** Deputy Sheriff Coy Harp's **Affidavit of** legal and personal **Service** of process to Defendant on March 18, 2025 in Kentucky case 25-CI-001121. See **PX-93.** Case History Docket Log for case 25-CI-001121--- 3 Pages --- Page 2 shows that the personal service by the Sheriff to the Defendant of the Complaint and Summons was on 3-18-2025. Defendant's motion to dismiss was on 3-10-2025. Said case did not legally exist yet. See **PX-94.** This docket was generated on 1-5-2026. All of Plaintiffs' Correspondences to Judge Tracy Davis's office have been destroyed, and are **not** cited in the docket log. See **PX-94.** Said

correspondences are fraudulently **not** part of the open/public records---in **violation of KRS 524.100, KRS 522.020, KRS 519.060, KRS 502.020, KRS 30A.080(1)-(3), due process, and conspiracy.**

2171C. **Without** jurisdiction, based on a fraudulent judge assignment, Judge Tracy Davis entered an order in case **25-CI-001121---on 2-21-2025, 25 days before legal service on 3-18-2025** by the Deputy Sheriff to the Defendant (See **PX-93** for Deputy Sheriff's **Affidavit**). Judge Tracy Davis, retaliating against Plaintiffs for Elder Abuse reporting, cited and communicated fraudulent felony accusations against Plaintiffs, obstructing/depriving all Kentucky Court Access to Plaintiffs. Davis was/is attempting to obstruct/deprive the abused elder's recovery. Case history shows a fraudulent electronic NOE, which pro se Plaintiffs never elected since Plaintiffs are deprived all access to the Court's electronic system to which attorneys have access. Tracy Davis also made other fraudulent communications in said Order, which will not be addressed at this time since Davis **never** had jurisdiction in said case. All herein support additional complicity and conspiracy by Defendant and Davis.

2171D. Based on CR 8.04, **Defendant's legally binding and conclusive admitted allegations** fully and completely support all Plaintiffs' Claims for Relief, and Defendant fully and completely **contradicts** Davis's order. See **PX-95** regarding said FRCP 8(b)(6). Refer to **PX-93--**Deputy Sheriff Coy Harp's **Affidavit of** legal and personal **Service** of process to Defendant on March 18, 2025 in Kentucky case 25-CI-001121. Refer to **PX-64B, PX-63,** and **PX-64** regarding Judge Davis **never** having jurisdiction in said case. In addition, refer to CR 3.01--A civil action is also commenced by the issuance of a summons. The **summons was issued by the Deputy Sheriff 25 days after Davis's Order.** Said case, under a judge without jurisdiction, was legally non-existent on 3-6-2025 when said Order was issued—since the Defendant had not been

legally served yet and was not yet a Defendant in said case. There is no case without a Defendant. See **PX-94** for **Case History Docket Log** regarding case **25-CI-001121.**

2171E. See **PX-95** for CR 8.04--**Legally Binding and Conclusive Admissions of Allegations and Averments by Defendant:** In Kentucky case 25-CI-001121, Defendant filed a motion to dismiss and/or answer on **March 10, 2025 (See PX-94-case docket)**—eight (8) days **prior** to the legal service of process by the Deputy Sheriff on **March 18, 2025** (See **PX-93**). Pro se Plaintiffs are fraudulently deprived of scanning and uploading of their complaints. Defendant did **not see** the pro se Plaintiffs' complaint until the Deputy Sheriff legally served the Complaint and Summons at the same time on 3-18-2025. Under **CR 8.04,** the **effects** of this premature filing are **legally binding** and **conclusive Judicially Admitted allegations/averments** therein Complaint **25-CI-001121** (See **PX-96**)---based on the following:

2171F. Pursuant to Ky. CR 3.01--A civil action is commenced by the issuance of a summons. The summons was issued by the Deputy Sheriff on 3-18-2025. Since the Defendant had **not** been legally served yet and was not yet a Defendant in said case, said case had **not** commenced when the motion to dismiss was filed. It was impossible to deny any allegations in said case on 3-10-2025 since Defendant did not know what allegations/averments were in Complaint 25-CI-001121 until 3-18-2025. Said Complaint consists of **90 Pages plus** approximately **187 pages** in 40 Exhibits, and includes 30 claims for relief.

2171G. **The "Legal Nullity" of Defendant's March 10, 2025 Filing in case 25-CI-001121** Plaintiffs incorporate by reference in full detail PX-64B; PX-63, PX-64, PX-93, PX-94, and PX-96—into PX-95.

2171H. Under Kentucky **CR 3.01**, the action does **not** exist relative to the Defendant until the summons is issued and served.

2171I. **The Logic:** Since there was **NOT** a "Commenced Action," the Court has **NO** personal jurisdiction over the Defendant.

2171J. **The Consequence:** A filing made in a case that doesn't exist, as in case 25-CI-001121, is a **Legal Nullity**. It is **"Void Ab Initio."** It has the same legal weight as a blank piece of paper.

2171K. The **March 18, 2025 Commencement:** Once the Sheriff served the summons on March 18, 2025, the "Clock of Due Process" finally started ticking.

2171L. **The Requirement:** Under **CR 12.01**, the Defendant then had **20 days** to file a valid responsive pleading to the now-commenced action.

2171M. **The Failure:** Since the Defendant **failed to file a new, legal response to the initial complaint** after the March 18, 2025 legal service, all allegations/averments are admitted by Defendant in case 25-CI-001121, pursuant to Ky. CR 8.04. And there has **not** been a legal response **over 1 year later,** at the time of this filing.

2171N. **The Argument:** 1. A responsive pleading was **required** following the 3-18-2025 service. 2. The 3-10-2025 filing was a **nullity** (filed before commencement). 3. Because the 3-10-2025 filing is void, it **does not exist** as a denial. 4. Therefore, as of April 7, 2025 (20 days after 3-18-2025), the Defendant had **not** legally filed a denial to the commenced action's allegations. In addition, as of this filing approximately 1 year later, Defendant has **not** legally filed a denial to the original Complaint. 5. **Result:** Every one of Plaintiffs' 30 claims for relief is **Judicially Admitted by Defendant**---by operation of law. Under **CR 8.04**, the effect of failing to deny---constitutes a binding admission of every fact alleged. Note: The Defendant's filing on 3-28-2025 was **not** regarding Plaintiffs' Complaint. It was regarding Plaintiffs' Motions filed on 3-26-2025. Plaintiffs' Motions included but were not limited to---Sanctions against Defendant and opposing counsel. See **PX-95.**

2171O. Regarding the application of Ky. CR 8.04 and FRCP 8(b)(6), Plaintiffs assert: **"Milton H. Greene Archives v. Marilyn Monroe LLC, 692 F. 3d 983 -** Court of Appeals, **9th Circuit 2012" and Rissetto v.** Plumbers and Steamfitters Local 343, 94 F. 3d 597 - Court of Appeals, (**9th Circuit** 1996). Refer to **Section XV and Section XX** for more detailed citations of said case laws.

2172. **Conclusive Nature of Admissions** Pursuant to Ky. CR 8.04 and FRCP 8(b)(6)—**effect** of failure to deny-- -an **averment/ allegation is admitted** when a responsive pleading is required and the allegation is not denied. Because the aforementioned Defendants defaulted in the underlying state actions, they have waived any right to contest the veracity of these facts. Any attempt to deny these established facts in this Federal forum constitutes a **Fraud upon this Court**. See aforementioned judicial estoppel and collateral estoppel explanations regarding said civil rule.

2173. **Admission of Supporting Evidence (Exhibits PX-1 through PX-40):** Plaintiffs further state that all evidence, labeled **PX-1 through PX-40**, which were **physically attached to the aforementioned State Complaints,** and **incorporated** in full detail into this Federal Complaint, are **admitted as authentic and accurate.** These exhibits provide the documentary proof for the 30 Claims for Relief (Counts) and are **established as "facts"** by the Defendants' failure to deny the averments or deny **the allegations to which these exhibits are attached.**

2174A. **Preservation for Distinct Adjudication** These legal admissions that apply statutes in distinct ways to different individuals are cited here to establish the "Pattern of Racketeering" and "Conspiracy" required for RICO, 42 USC § 1983, and 42 USC § 1985(2)-(3) claims for relief. Therefore, Plaintiffs preserve their right to seek distinct and separate judgments in separate trials in each case that Plaintiffs choose to pursue in order to avoid the prejudice that would result from

a consolidated trial, as **previously legally admitted by Defendant Susan Wilson.** For this **Section XV,** Plaintiffs incorporate by reference in full detail **PX-82** through **PX-92,** and **PX-64B.**

2174B. Regarding **all ten (10)** of Plaintiffs' **cases** filed in **year 2025** in Jefferson Circuit Court--Kentucky: A **judge** was **fraudulently assigned in each case.** See **PX-63 through PX-87.** Judges immediately issued orders retaliating against Plaintiffs by fraudulently accusing Plaintiffs of felonies, immediately **denying/ obstructing/ depriving all** Kentucky court access to Plaintiffs. In an unrelated previous probate hearing, Plaintiff had not completed one sentence when the judge said that they had already decided the case against the Plaintiff, violating due process. In addition, Plaintiff was never legally served opposing counsel's court filings --that were discovered by Plaintiff much later. The judges in all **ten (10)** of Plaintiffs' cases **never** had jurisdiction in any of Plaintiffs' cases. The **ten (10)** Kentucky **filings** in year **2025** serve as the **forensic 'Control Group'** proving systematic and systemic judicial bias and proving **extreme systemic judicial prejudice.** The immediate, fraudulent assignment of judges and the subsequent retaliatory felony accusations by judges (without jurisdiction)--prove that **no** neutral forum exists in Kentucky for Plaintiff Edward Colgate, individually, and as Trustee, and **NO** neutral forum exists in Kentucky for the **abused elder, Doris Colgate,** as an **individual Plaintiff.** This establishes that any and all prior Kentucky orders were issued in a 'Sham Forum' or 'Fraudulent Forum' and are therefore **Void** and entitled to **zero** Although Plaintiffs should, by law, be able to file Motions for Default Judgment against Defendants in **five (5)** of Plaintiffs' Ky. cases---where all claims for relief have Defendants' legally binding and conclusive judicially admitted allegations/ averments of liability and damages pursuant to **CR 8.04 and 28 USC § 1367(a)**---fraudulent felony accusations against Plaintiff---by judges---make that impossible.

2174C. In addition, it is impossible for Plaintiffs to file motions for default judgment in Kentucky---even though Plaintiffs have **Statements of Legally Binding and Conclusive Admitted Material Factual Averments and Allegations in State Complaint 25-CI-001371--- v. Susan Wilson---and in Four (4) Other Legally Binding and Conclusive State Complaints---Pursuant to substantive** Ky. **CR 8.04 and 28 USC § 1367(a).** This is **based on the following---which are facially fully supporting:** See **PX-51 Through PX-62, PX-95, PX-96 regarding legally binding and conclusive** judicially admitted allegations by Defendants. **( 14 Exhibits )** See **PX-63 Through PX-81 Regarding Fraudulent Judge Assignments Prior to the Existence of Plaintiffs' 10 Cases Filed in Year 2025 ( 19 Exhibits ) ---** Samantha **Sims** --- a fraudulent **non-existent/ non-payroll** name in **year-2025**---based on year 2025 personnel records---fraudulently processed Plaintiffs credit card over the phone---to initially file and commence each and all of Plaintiffs' **10 cases.** Samantha Fogel, a fraudulent **non-existent/non-payroll name in year 2025**---based on year 2025 personnel records---fraudulently perpetrated **2** of the fraudulent judge assignments --- prior to the cases legally existing. Norma Bisig fraudulently perpetrated **8** of the fraudulent judge assignments--- prior to the cases legally existing. Supervisor Samantha Henley has 3 Other Aliases---which are Samantha Sims, Samantha Fogel, and Samantha Logan---all of whom are **NOT** on payroll. All four **(4) Samantha(s)** have the **same personnel number---**which is **00269101.** See **PX-82 Through PX-87 ( 6 Exhibits )** regarding Other Fraudulent Judge Assignments. See **PX-88 Through PX-94 ( 7 Exhibits )** regarding **Retaliatory Fraudulent Felony Accusation** orders against Plaintiffs by judges, **obstructing/depriving** Plaintiffs of **all** Kentucky **court access**---before Defendant was legally served. **PX-97:** Case History Docket, Fraudulent order, and the **Destruction of** 137 Pages of Plaintiffs' Court Filings: First refer to **PX-72 and PX-73** regarding Judge Mitch Perry **never** having **jurisdiction in**

Kentucky Case **25-CI-001569.** See **PX-98** regarding Staff Attorney Stuart Scherer admitting to Jefferson Circuit Court's fraudulent intent. See **PX-99 Through PX-107** regarding Destruction of Records and for Other Fraudulent orders. See **Audio22 Through Audio40** Transcriptions in Section XXVII for Total Systemic Fraud in Jefferson Circuit Court and Jefferson Circuit Court Clerk's Office. See **PX-108 Through PX-124---AOC Payroll Fraud.** See **PX-125 Through PX-130**---Judges, **without** jurisdiction, based on fraudulent judge assignments, issued **fraudulent felony accusations** against Plaintiffs---in orders. See **PX-131 Through PX-164---** Overall support---regarding systemic fraud and corruption. See **PX-42 Through PX-49---** regarding loss of jurisdiction/recusals/ fraudulent reallotments/ fraudulent remand by Haner, and fraudulent order by circuit court judge Haner---ordering circuit court judge Davis to dismiss case 21-CI-001314---even though Davis had issued 2 recusal orders in said case---entered on 10-24-2025 and on 10-28-2025. Judge Gibson's **"loss of jurisdiction"** order is included.

**2175. SECTION XVI: Plaintiffs incorporate by reference in full detail Section XIX with emphasis on paragraph 2189K, subsections/numbers 1 through 224.**

**SECTION XVII: Mandatory Judicial Notice Under FRE 201(c)(2) AND (b)(2) — Adjudicative Facts---Established From the Following: Forensic Audit of Illegal and Fraudulent Acts to Determine Intention and Conspiracy --- This Court Must Take Judicial Notice Upon Plaintiffs' Request. --- See Section XIX and the Thirteenth FRE 201 Notice.**

2176. **Preliminary Statement: Plaintiffs assert all of the following:** Plaintiffs respectfully request that this Court take mandatory judicial notice of the following adjudicative facts pursuant to FRE 201(c)(2) this Court must take judicial notice because Plaintiffs have requested it and have supplied the necessary information. And these are adjudicative facts that can be accurately


Edward Colgate 22023 SE Wax Rd., Box 1452, Maple Valley, WA 98038, King Co.

and readily determined from sources whose accuracy cannot reasonably be questioned under FRE 201(b)(2).

2177. Plaintiffs incorporate by reference in full detail **FRE 201 Adjudicative Facts in Judicial NOTICES --- 2 through 8, 10, 12, and 13 --- which fully support jurisdiction and venue,** and incorporate by reference in full detail the **First FRE 201 Notice.** All aforementioned incorporations provide **100% certainty** of fraudulently assigned judges and fraudulently assigned case numbers.

2178. Plaintiffs incorporate by reference in full detail **Section XIX. Each instance** of **illegal/ fraudulent non-service** of judges' (without jurisdiction) orders; **each instance** of judges' (without jurisdiction) **illegal/ fraudulent citing** of electronic delivery since it is mandatory by law that Plaintiffs receive orders by physical mail; **each illegal/ fraudulent instance** of more than **120 missing**---public/open records/ emails/ communications/ notices/ audit trail backup filings --- **establishing an effective 100% certainty of intent and conspiracy.**

**SECTION XVIII: Mandatory Judicial Notice Under FRE 201(c)(2) AND (b)(2) — Adjudicative Facts---Established From the Following: Linkage of Intentional, Illegal, and Fraudulent Acts to the RICO Enterprise and Individual Defendant --- This Court Must Take Judicial Notice Upon Plaintiffs' Request**

2179A. **Preliminary Statement: Plaintiffs assert all of the following:** Plaintiffs respectfully request that this Court take mandatory judicial notice of the following adjudicative facts pursuant to FRE 201(c)(2) — this Court must take judicial notice because Plaintiffs have requested it and have supplied the necessary information. And these are adjudicative facts that can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned under FRE 201(b)(2). Plaintiffs incorporate by reference in full detail **FRE 201 Adjudicative Facts in**

**Judicial NOTICES --- 2 through 8, 10, and 12 --- which fully support jurisdiction,** and incorporate by reference in full detail the **First FRE 201 Notice.** All aforementioned incorporations provide **100% certainty** of fraudulently assigned judges and fraudulently assigned case numbers.

2179B. Plaintiffs reassert: Under **18 U.S.C. § 1961(4), the term "enterprise" includes "any group of individuals "associated in fact" "although not a legal entity," which in this case plainly encompasses the coordinated network of public officials, judges, attorneys, public employees, and private actors who conspired to defraud and obstruct Plaintiffs' recovery.** Under **18 U.S.C. § 1962**: A person is liable when they **participate,** directly or **"indirectly"** in the illegal misconduct.

2180. Plaintiffs assert all of the following: **The Role of Defendant Susan Wilson (a Primary Beneficiary regarding deception and fraud):**

2181. Defendant Susan Wilson, a private individual, serves as the central anchor of this enterprise in this case. Her role is established through her own **legally binding and conclusive judicial admissions** under substantive CR 8.04.

2182. **Admissions of Complicity and Full Liability:** Pursuant to the record in Case No. 25-CI-001371, Defendant Wilson — with the effect of failure to deny --- therefore has legally admitted to all of the following: **Complicity and Conspiracy in Forgery:** Full liability regarding the forgery of legal instruments dated on or near March 4, 2020, and/or later, including but not limited to an illegal Power of Attorney, an illegal Trust Revocation, and an illegal Will. **Tortious Interference:** Continuous and ongoing interference with Trustee Edward Colgate's administration of the Colgate Family Living Trust. **Unjust Enrichment:** Direct financial benefit derived from the fraudulent removal of real estate, located at 410 Wisteria Avenue, from

the Trust. **Admission of Prejudice** and **Admission of Case Procedural Distinction:** Defendant Wilson has also admitted the following: **Prejudice via Combination:** Wilson has admitted that combining these distinct elder abuse cases would result in extreme prejudice against the Plaintiffs. **Distinct Legal Timelines:** Wilson has admitted that the **11 distinct cases,** with some **overlapping facts and some overlapping violations,** involve **distinct applications of law,** separate actions and/or separate inactions in claims, **separate timelines,** and **independent recovery rights** of different Plaintiffs **against** different **defendants. Requirement for Separate Trials:** By operation of law, Wilson has admitted that each case must be adjudicated separately, with separate trials, and on its own merits to ensure Due Process.

2183. **"Case-by-Case" Adjudication Obstruction ---** The RICO Enterprise functioned to fraudulently protect Wilson by ensuring that these 11 cases — which Wilson admitted must remain separate — were instead targeted by a singular, **coordinated, and conspiring "kill switch."**

2184. **The Admission as a Trigger:** Wilson admitted to full liability and damages in Case No. 25-CI-001371. The Enterprise was systemically activated, fraudulently attempting to prevent Wilson's admissions from being used in Plaintiffs' 11 cases in Kentucky courts.

2185. As soon as the first fraudulent felony accusation/threat came from the first judge, all Kentucky court access was obstructed/deprived, and Plaintiffs' **only forum** became the United States District Court for the Western District of **Washington.**

2186. **The Illegal and Fraudulent Defensive Shield:** The **439+** intentional, illegal, and fraudulent acts were deployed specifically to fraudulently attempt to shield Wilson from the $540,185.41 in admitted sum-certain damages and the additional elder abuse admitted, but not

sum-certain of $2,975,000+. Refer to Section XIX and the Thirteenth FRE 201 Notice. Many more additional damages have accumulated since those aforementioned amounts.

2187. **Linkage to State Actors:** Wilson's role in the conspiracy is evidenced by the "Overt Act" of benefiting from Judge Morris's illegal and fraudulent order that attacked Plaintiffs with fraudulent felony accusations **19 days before Wilson** was legally **served** by the Deputy Sheriff. While Wilson remained a private citizen, the Enterprise fraudulently utilized the office of the Jefferson Circuit Court Clerk and the fraudulently presiding Judges **(without jurisdiction)** to execute a "Constructive Stay" of all litigation. This was achieved by: Plaintiffs incorporate by reference in full detail **See all 34, or more, intentional illegal anomalies in Section XVI.**

2188. **Summary of Wilson's Liability in the Enterprise:** Defendant Wilson is a participant of the Enterprise. The mathematical **absolute certainty** has been established that all 34, and more, illegal anomalies were/are intentional---occurring across Plaintiffs' 11 cases—all of which precisely benefit Defendant Wilson. Wilson's admitted liability is "legally binding and conclusive." This proves the existence of a Conspiracy/ **Conspiratorial Agreement** under 42 U.S.C. § 1985(2)-(3) and proves the existence a **Pattern of Racketeering** under 18 U.S.C. § 1961 through 1964(c). Plaintiffs incorporate by reference in full detail the following Section XIX for support of and application to Section XVIII.

**SECTION XIX: THIRTEENTH FRE 201 NOTICE --- Mandatory FRE 201 Judicial Notice of Adjudicative Facts — Under FRE 201(c)(2) and (b)(2) --- 439 --- Independent, Illegal, Intentional, Fraudulent, Conspiratorial Acts --- Establishing 100% Certainty of Intentional Illegal Acts and Intentional Frauds and Intentional Conspiracy and Intentional RICO Predicate Acts---Established From the Following:** Defendant's, Paul Kevin Ford's, 15 Judges' and Others' Burden of Proof and Their Conspiracy with Full Liability--Under **RICO**

**PREDICATES 18 U.S.C. §1512 AND 18 U.S.C. §1513** under 18 U.S.C. §1961 through §1964(c) --- 100% Certainty --- and Bayesian % Certainty and probability analysis of Conspiratorial Intention --- This Court must take judicial notice upon Plaintiffs' request.

2189A. **Preliminary Statement: Plaintiffs assert all of the following:** Plaintiffs respectfully request that this Court take mandatory judicial notice of the following adjudicative facts pursuant to FRE 201(c)(2) --- this Court must take judicial notice because Plaintiffs have requested it and have supplied the necessary information. And these are adjudicative facts that can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned under FRE 201(b)(2). This Court must take judicial notice upon Plaintiffs' request.

2189B. **Defendant (Susan Wilson), attorney Paul Kevin Ford, 15 judges, and others have the burden of proof by a preponderance of the evidence based on 18 U.S.C. § 1512(e) and Defendant's conspiracy constitutes full liability based on (k):** Pursuant to **tampering with a witness, victim--18 U.S.C. § 1512(b)-(c)- (e)-(g)-(k), ---(h) Defendant Susan Wilson** directly perpetrated, was **complicit in, and conspired in perpetrating the following with Lori Fox, attorney Paul Kevin Ford, and Others: knowingly used intimidation**, threats, or **corruptly persuades** another person (Doris Colgate---**witness and victim**), or **attempts** to do so, or engages **in misleading conduct toward another person** (Doris Colgate), with intent to--- **(1) influence Doris** Colgate, delay, or prevent the testimony of any person in an official proceeding; **(2) cause Doris** Colgate or **induce** any person (**Doris** Colgate) to---**(A) withhold testimony**, or withhold a record, document, or other object, from an official proceeding; **(c) Defendant** Susan Wilson---corruptly---**(1)** alters, destroys, mutilates, or conceals a record, document, or other object, or attempts to do so, with the intent to impair the object's integrity or availability for use in an official proceeding (**since** Susan Wilson induced Doris Colgate to commit perjury, and that

**perjury is part of a deposition transcript**—see PX-5) ; or **(2) Susan Wilson---otherwise obstructs, influences, or impedes any official proceeding, or attempts to do so; (e) the defendant (Susan Wilson) has the burden of proof by a preponderance of the evidence**, that the conduct consisted solely of lawful conduct and that the defendant's sole intention was to encourage, induce, or cause the other person to testify truthfully; **(g)**--no state of mind need be proved with respect to the circumstance; **(k) Whoever (Susan Wilson)--conspires to commit any offense under this section shall be subject to the same penalties as those prescribed for the offense the commission of which was the object of the conspiracy.** In addition, Judge Patricia Morris and 14 other judges retaliated against Doris Colgate and Edward Colgate for elder abuse reporting and other reporting of illegal actions by obstructing recovery through fraudulent felony accusations of "unauthorized practice of law." Plaintiffs incorporate by reference in full detail all of the following supporting Claims for Relief --- **Claims for Relief LXII, LXIII, LXIV, LXV, LXVI, LXVII, and XXXII through CII (102), and Claim for Relief CII and PX-108---NO jurisdiction** regarding all Jefferson Circuit Court-KY judges --- and incorporate by reference in full detail all of **Section XII**---supporting **NO** judicial immunity. Plaintiffs incorporate by reference in full detail the following: paragraphs **2194 and 2195** and all details in **"Sections XVI, XVII, XVIII, XX" --- 15 judges** having **NO immunity** based on **"loss of jurisdiction." Based on the deprivation and obstruction** of all Kentucky court access to Plaintiffs, **tampering with a witness, victim---has been perpetrated by Defendant Susan Wilson, by** Kentucky attorney **Paul Kevin Ford, by all defendants named in 11 separate** Kentucky state complaints, and **by 15 Kentucky judges. See SECTION XXVI regarding 100% Probability of 11 Fraudulent Judge Assignments in Jefferson Circuit Court—Kentucky.** See **PX-63 Through PX-81 regarding Fraudulent Judge Assignments Prior to**

**the Existence of 10 Cases Filed in Year 2025 ( 19 Exhibits )** Via Supervisor Samantha Henley, who has 3 Other Aliases, which are Samantha Sims, Samantha Fogel, and Samantha Logan. Four (4) kycourts.net emails are active for all 4 Samantha(s) with the same personnel identification number of 00269101. Based on Personnel Records, only Samantha Henley is currently employed—on payroll--as Supervisor. Samantha Fogel, Samantha Sims, and Samantha Logan have not been on payroll and have **not** received paychecks/salaries in year-2025. Any actions using the names of Fogel, Sims, and Logan---constitute identity fraud, tampering with physical evidence by using a fraudulent **name** that is **NOT on payroll,** and tampering with official documents by using a fraudulent name that is not on payroll. Norma Bisig also participated. When a **real estate deed** is **fraudulently forged**, the **forger** does **not** own the house. When a **judge** is **fraudulently assigned** to a case, the judge does **not** own the case and does **NOT** have **jurisdiction** in the case. These are **void/void ab initio** judge assignments. The complaint processing/ commencements/ filings by a fraudulent **non-existent/non-payroll name voids/voids ab initio said complaints.** See **PX-82 Through PX-87 ( 6 Exhibits )** regarding Other Fraudulent Judge Assignments. See **PX-88 Through PX-94 (7 Exhibits )** regarding **Retaliatory Fraudulent Felony Accusation** orders against Plaintiffs by judges, **obstructing/ depriving** Plaintiffs of **all** Kentucky **court access**---before Defendant was legally served by the Jefferson County Sheriff or Deputy Sheriff. Plaintiffs' cases officially commence when the Defendant is legally served by the Sheriff/Deputy Sheriff. There is no jurisdiction and no case before the defendant is legally served. Also see **PX-108 Through PX-124---regarding AOC Payroll Fraud** and see **PX-125 Through PX-130**---regarding---Judges, **without jurisdiction,** based on **fraudulent judge assignments,** issuing **fraudulent felony accusations** against Plaintiffs -in orders. The ongoing maintenance of alias infrastructure is a continuing and

ongoing RICO predicate act. Plaintiffs reserve all claims against all complicit and conspiring persons identified herein---for subsequent federal complaints filed in this Court, each addressing distinct timelines, distinct applications of overlapping legal authority, and distinct patterns of racketeering conduct specific to each named defendant's individual role in the enterprise documented throughout this complaint. In KY complaint 25-CI-001371, Wilson admitted that separate complaints are necessary to avoid prejudice toward Plaintiffs. See all RICO case laws below in Section XX. Plaintiffs incorporate by reference in full detail **Sections XVIII, XIX, XXVI through XXXVI and FRE 201 Adjudicative Facts in Judicial NOTICES --- 2 through 8, 10, and 12 --- all which fully support jurisdiction** --- and incorporate by reference in full detail the **First FRE 201 Notice.** All aforementioned incorporations provide **100% certainty** of fraudulently assigned judges and fraudulently assigned case numbers.

2189C. Plaintiffs assert and incorporate by reference **Rankin v. Howard, 633 F. 2d 844 - Court of Appeals, 9th Circuit 1980 and United States v. Dugan, 2:25-cr-00089 (E.D. Wis. 2025)** regarding judges having **NO immunity.**

2189D. The following individuals and entities — identified by their professional titles solely for the purpose of establishing their roles within the Jefferson Circuit Court system — the Kentucky judicial enterprise — and the association-in-fact enterprise members under 18 U.S.C. §1961(4) — **are named herein in their individual personal capacities for all monetary damages claims** — having acted at all relevant times **without** valid jurisdiction — and **without** legitimate authority over any of Plaintiffs' cases — in complicity with and in conspiracy with each other and with Defendant Susan Wilson — in furtherance of the pattern of racketeering activity documented herein — and are named in their official capacities for prospective injunctive and declaratory relief --- and for preservation of future federal lawsuits/complaints against them. The

use of any professional title before any name below --- is solely for identification purposes --- and Plaintiffs assert that all said individuals named in the following list have personal liability — each having acted in the clear **absence of all** jurisdiction as established by Rankin v. Howard — 633 F.2d 844 (9th Cir. 1980) — and United States v. Dugan — No. 2:25-cr-00089 (E.D. Wis. 2025).

2189E. Each individual and entity named herein acted **in complicity with and in conspiracy** with each other and with Defendant Susan Wilson — making each jointly and severally liable with all others under --- including but not limited to --- KRS 502.020, KRS 209.990, and KRS 446.070 — 42 U.S.C. §1983 — 42 U.S.C. §1985(2)-(3) — and 18 U.S.C. §1962(d) — for the full scope of damages established herein and in all future federal complaints.

2189F. Each individual named herein had knowledge of the ongoing financial exploitation and elder abuse of Doris Ann Colgate — a vulnerable adult — and failed to report that knowledge in violation of KRS 209.030(2) and KRS 209.990(1) and KRS 446.070(civil liability) — which imposes mandatory reporting on --- **Any Person** --- with reasonable cause to suspect elder abuse --- with no exceptions --- with each failure to report constituting an independent civil liability event under KRS 446.070 — **AND** --- KRS 26A.080 — which requires court officials to report each other's misconduct — with each failure to report constituting an independent civil liability event under KRS 446.070.

2189G. All claims against each individual and entity named herein — to the extent not fully developed in this first federal complaint — are expressly preserved for assertion as distinct and separate future federal complaints in the United States District Court for the Western District of Washington — each addressing different defendants with different and distinct applications of law — different legal theories — different and distinct factual records — different and distinct

timelines --- and based on the necessity of avoiding prejudice to Plaintiffs — consistent with the separate trial necessity admitted by five defendants through CR 8.04 default in five Kentucky cases. The five CR 8.04 admissions of forgery — elder abuse — and obstruction across cases 25-CI-001371 — 25-CI-001121 — 25-CI-001568 — 25-CI-001795 — and 25-CI-001796 are incorporated as foundational established facts in all future proceedings --- not subject to re-litigation under judicial estoppel — **Milton H. Greene Archives v. Marilyn Monroe LLC, 692 F. 3d 983** - Court of Appeals, **9th Circuit 2012"— (estoppel applies across different court systems; defendants cannot switch facts for profit;** and **Integrity of Process)**---and **Rissetto v.** Plumbers and Steamfitters Local 343, 94 F. 3d 597 - Court of Appeals, **9th Circuit** 1996 Rissetto — 94 F.3d 597 — and under collateral estoppel.

**2189H.** Based on Section **XXXVI** and Section **XXVI** --- and based on the **Second and Third FRE 201 Notices** --- and based on **PX-42 through PX-49 and PX-63 through PX-87** --- and based on approximately **322 FRE 201 Noticed Adjudicative Facts** regarding jurisdiction in the Western District of Washington --- **All** of the following judges **never** had jurisdiction and **never** will have jurisdiction --- even though below --- judges are losing jurisdiction when said judges **never** had jurisdiction.

**2189I. Plaintiffs assert "In Complicity and In Conspiracy" and "Preservation of Future Filings" regarding the following individuals:**

**Debra Hembree Lambert** — identified as Chief Justice of the Kentucky Supreme Court solely for identification — hereinafter Lambert acting in complicity and conspiracy with Enterprise Members in furtherance of the enterprise's systematic obstruction of Plaintiffs' recovery and elder abuse — named in individual personal capacity for monetary damages and in official capacity for prospective relief only — with all claims preserved for future federal proceedings.

**Brian Edwards** — identified as a Circuit Court Judge solely for identification — hereinafter Edwards — acting in complicity and conspiracy with Enterprise Members in furtherance of the enterprise's obstruction — named in individual personal capacity for monetary damages and in official capacity for prospective relief only — with all claims preserved for future federal proceedings.

**Jennifer Reynolds** — identified as a Staff Attorney solely for identification — hereinafter Reynolds — acting in complicity and conspiracy with Enterprise Members — named in individual personal capacity for monetary damages — with all claims preserved for future federal proceedings.

**Tracy Davis** — identified as a Circuit Court Judge solely for identification — hereinafter Davis — acting in complicity and conspiracy with Enterprise Members — whose self-executing recusal orders and self-executing loss of jurisdiction orders are established as adjudicative facts — and whose fraudulent felony accusation order entered 25 days before Deputy Sheriff service in case 25-CI-001121 is established as Adjudicative Fact — named in individual personal capacity for monetary damages and in official capacity for prospective relief only — with all claims preserved for future federal proceedings.

**Stuart Scherer** — identified as a Staff Attorney solely for identification — hereinafter Scherer — acting in complicity and conspiracy with Enterprise Members — named in individual personal capacity for monetary damages — with all claims preserved for future federal proceedings.

**David Nicholson** — identified as the elected Jefferson Circuit Court Clerk solely for identification — hereinafter Nicholson — acting in complicity and conspiracy with Enterprise Members as the elected constitutional officer responsible for the clerk's office practices

documented throughout this complaint --- including but not limited to the systematic refusal to scan and upload pro se plaintiffs' filings --- confirmed by McCoy on Audio 31 --- and **Nicholson's Destruction of or Effective Destruction of hundreds of pages of Plaintiffs' filed Motions** — and the Refusal to provide Plaintiffs with necessary court documents --- named in individual personal capacity for monetary damages and in official capacity for prospective relief only — with all claims preserved for future federal proceedings.

**Angela McCoy** — identified as Jefferson Circuit Court Chief Deputy Court Clerk solely for identification — hereinafter McCoy — acting in complicity and conspiracy with Enterprise Members — whose Audio 31 admission that Jefferson Circuit Court refuses to scan and upload pro se plaintiffs' court filings — and whose inability to explain why --- and McCoy's **Destruction of or Effective Destruction of hundreds of pages of Plaintiffs' filed Motions --- and McCoy's Payroll Fraud** are established as adjudicative facts --- named in individual personal capacity for monetary damages — with all claims preserved for future federal proceedings.

**Kevin Smalley** — identified as Chief of Staff and Chief Deputy Court Clerk solely for identification — hereinafter Smalley — acting in complicity and conspiracy with Enterprise Members — **Smalley's Destruction of or Effective Destruction of hundreds of pages of Plaintiffs' filed Motions** --- and Smalley's Tampering with Physical Evidence --- and Smalley's Payroll Fraud --- all supporting personal jurisdiction in the Western District of Washington --- named in individual personal capacity for monetary damages — with all claims preserved for future federal proceedings.

**Ann Bailey-Smith** — identified as a Circuit Court Judge solely for identification — hereinafter Bailey-Smith — acting in complicity and conspiracy with Enterprise Members — whose

fraudulent reallotment misconduct is established as an adjudicative fact — named in individual personal capacity for monetary damages and in official capacity for prospective relief only — with all claims preserved for future federal proceedings.

**Bob McClure** — identified as a Staff Attorney solely for identification — hereinafter McClure — acting in complicity and conspiracy with Enterprise Members named in individual personal capacity for monetary damages — with all claims preserved for future federal proceedings.

**Angela Bilewicz** — identified as a Court Administrator solely for identification — hereinafter Bilewicz — acting in complicity and conspiracy with Enterprise Members — named in individual personal capacity for monetary damages — with all claims preserved for future federal proceedings.

**McKay Chauvin** — identified as a Court Administrator solely for identification — hereinafter Chauvin — acting in complicity and conspiracy with Enterprise Members — named in individual personal capacity for monetary damages — with all claims preserved for future federal proceedings.

**Evelyn Hopper** — identified as Appellate Records Clerk and/or Jefferson Deputy Circuit Court Clerk solely for identification — hereinafter Hopper — acting in complicity and conspiracy with Enterprise Members in obstruction of Plaintiffs' appellate rights — named in individual personal capacity for monetary damages — with all claims preserved for future federal proceedings.

**Kate Morgan** — identified as Court Clerk of the Kentucky Court of Appeals solely for identification — hereinafter Morgan — acting in complicity and conspiracy with Enterprise Members in obstruction of Plaintiffs' appellate rights — named in individual personal capacity

for monetary damages and in official capacity for prospective relief only — with all claims preserved for future federal proceedings.

**Larry Thompson** -- identified as Chief Judge of the Kentucky Court of Appeals solely for identification — hereinafter Thompson — acting in complicity and conspiracy with Enterprise Members in obstruction of Plaintiffs' appellate rights — named in individual personal capacity for monetary damages and in official capacity for prospective relief only — with all claims preserved for future federal proceedings.

**Eric Haner** — identified as a Circuit Court Judge solely for identification — hereinafter Haner — acting in complicity and conspiracy with Enterprise Members — whose fraudulent remand to Davis --- and whose fraudulent order --- ordering Davis --- who had no jurisdiction --- and who had recused herself in an order --- and who had cited loss of jurisdiction in an order --- and who had disqualified herself --- ordering Davis, without jurisdiction, to dismiss a case --- constitutes an independently established void non-judicial act documented in PX-42 through PX-49 — named in individual personal capacity for monetary damages and in official capacity for prospective relief only — with all claims preserved for future federal proceedings. Plaintiffs incorporate by reference in full detail Sections **XVIII, XIX,** XXXVI and XXVI and the Second and Third FRE 201 Notices and PX-51 through PX-87 --- regarding **NO jurisdiction** by any KY judge.

**Patrick McDonald** — identified as a Staff Attorney solely for identification — hereinafter McDonald — acting in complicity and conspiracy with Enterprise Members — named in individual personal capacity for monetary damages — with all claims preserved for future federal proceedings.

**Susan Schultz Gibson** — identified as a Circuit Court Judge solely for identification — hereinafter Gibson — acting in complicity and conspiracy with Enterprise Members — whose simultaneous loss of jurisdiction is established as an adjudicative fact --- and who **destroyed and/or effectively destroyed Plaintiffs' Motions** — named in individual personal capacity for monetary damages and in official capacity for prospective relief only — with all claims preserved for future federal proceedings.

**Charles Rogers** — identified as a Staff Attorney solely for identification — hereinafter Rogers — acting in complicity and conspiracy with Enterprise Members — named in individual personal capacity for monetary damages — with all claims preserved for future federal proceedings.

**Patricia Morris** — identified as a Circuit Court Judge solely for identification hereinafter Morris — acting in complicity and conspiracy with Enterprise Members — whose March 6, 2025 fraudulent pre-service felony accusation order, **without jurisdiction,** in case 25-CI-001371 — entered 19 days before Deputy Sheriff service — is established as an adjudicative fact --- and constitutes the triggering event for Plaintiffs' venue necessity in the Western District of Washington --- and triggering safety issues for Plaintiffs — named in individual personal capacity for monetary damages and in official capacity for prospective relief only — with all claims preserved for future federal proceedings.

**Eric Darnell** — identified as a Staff Attorney solely for identification — hereinafter Darnell — acting in complicity and conspiracy with Enterprise Members — named in individual personal capacity for monetary damages — with all claims preserved for future federal proceedings.

**Jennifer Bryant Wilcox** — identified as a Circuit Court Judge solely for identification — hereinafter Wilcox — acting in complicity and conspiracy with Enterprise Members — Wilcox

destroyed and/or effectively **destroyed Plaintiffs' Motions** in which the Court signed for through Plaintiffs' certified mail --- and attempted dismissal with prejudice of case 25-CI-001567 when she **never** had jurisdiction — without findings of fact — without conclusions of law --- without legal reasoning --- and without legal service of the attempted dismissal order --- and fraudulently entered by her secretary, when, by law, it must be entered by the court clerk, and not the secretary, which was stated on Audio --- constitutes fraud on the court and constructive denial of appellate rights --- and whose crossing out of boilerplate language including frivolous and attorney fees as sanctions affirmatively establishes the substantive merit of the attempted dismissed claims — where Wilcox destroyed 74 pages of Plaintiffs' certified and signed-for motions — named in individual personal capacity for monetary damages and in official capacity for prospective relief only — with all claims preserved for future federal proceedings.

**Abigail Bittel Cato** — identified as a Staff Attorney solely for identification — hereinafter Cato — acting in complicity and conspiracy with Enterprise Members — named in individual personal capacity for monetary damages — with all claims preserved for future federal proceedings.

**Annie O'Connell** — identified as a Circuit Court Judge solely for identification — hereinafter O'Connell — acting in complicity and conspiracy with Enterprise Members — named in individual personal capacity for monetary damages and in official capacity for prospective relief only — with all claims preserved for future federal proceedings.

**Ruth Coleman** — identified as a Staff Attorney solely for identification — hereinafter Coleman — acting in complicity and conspiracy with Enterprise Members — named in individual personal capacity for monetary damages — with all claims preserved for future federal proceedings.

**Samantha Henley** — identified as a Jefferson Circuit Court employee solely for identification — hereinafter Henley — acting in complicity and conspiracy with Enterprise Members — whose Audio 25 confirmation that pro se cases do not enter the eFiling system — Audio 36 refusal to docket Plaintiffs' motions — and Audio 37 admission that Smalley directed fraudulent docket entries are established as adjudicative facts herein — named in individual personal capacity for monetary damages — with all claims preserved for future federal proceedings. Said audios are transcribed in Section XXVII and are on the USB drive. See PX-108.

**Samantha Sims** — identified as the individual who filed all 10 year-2025 cases under a name not appearing on KCOJ or Personnel Cabinet payroll in year-2025 solely for identification — hereinafter Sims — acting in complicity and conspiracy with Enterprise Members — whose fraudulent **non-existent/non-payroll and non-authority status** is established as an adjudicative fact from Personnel Cabinet KHRIS records in the Second FRE 201 Notice and Section XXXVI named in individual personal capacity for monetary damages with all claims preserved for future federal proceedings. See PX-108.

**Samantha Fogel** — identified as an alias associated with Personnel Cabinet employee number 00269101 alongside Samantha Sims and Samantha Logan solely for identification — hereinafter Fogel — acting in complicity and conspiracy with Enterprise Members through the alias identity mechanism constituting disguised operation within the meaning of 42 U.S.C. §1985(3) — named in individual personal capacity for monetary damages — with all claims preserved for future federal proceedings. See PX-108.

**Norma Bisig** — identified as a Jefferson Circuit Court employee solely for identification — hereinafter Bisig — acting in complicity and conspiracy with Enterprise Members — named in individual personal capacity for monetary damages — with all claims preserved for future

federal proceedings -- note that Florence Bisig's connection to the March 4, 2020 forged documents is addressed in the complaint body and is separately preserved for future proceedings.

**Stephanie Williams** -- identified as a Jefferson Circuit Court employee solely for identification — hereinafter Williams · acting in complicity and conspiracy with Enterprise Members — whose Audio 27 confirmation that no proof of time and manner of service exists in any of Plaintiffs' 11 cases is established as an adjudicative fact herein — named in individual personal capacity for monetary damages — with all claims preserved for future federal proceedings.

**Amy Ireland** — identified as--under the Personnel Cabinet-Ky.--for identification — hereinafter Ireland · acting in complicity and conspiracy with Enterprise Members — named in individual personal capacity for monetary damages — with all claims preserved for future federal proceedings.

**Director of AOC** — identified as the Director of the Administrative Office of the Courts of Kentucky solely for identification - hereinafter AOC Director — acting in complicity and conspiracy with Enterprise Members as the institutional head of the AOC employees documented throughout this complaint — named in individual personal capacity for monetary damages and in official capacity for prospective relief only — with all claims preserved for future federal proceedings.

**Director of Personnel Cabinet** — identified as the Director of the Kentucky Personnel Cabinet solely for identification — hereinafter Personnel Director - · acting in complicity and conspiracy with Enterprise Members — whose KHRIS payroll records establishing Samantha Sims' **non-**payroll non-authorized status are established as adjudicative facts in Section XXIX — named in individual personal capacity for monetary damages and in official capacity for prospective relief only — with all claims preserved for future federal proceedings.

**Sarah E. Clay** — identified as a Circuit Court Judge solely for identification — hereinafter Clay — acting in complicity and conspiracy with Enterprise Members named in individual personal capacity for monetary damages and in official capacity for prospective relief only — with all claims preserved for future federal proceedings.

**Euva May** — identified as a Staff Attorney solely for identification — hereinafter May — acting in complicity and conspiracy with Enterprise Members — named in individual personal capacity for monetary damages — with all claims preserved for future federal proceedings.

**Jessica E. Green** - identified as a Circuit Court Judge solely for identification — hereinafter Green — acting in complicity and conspiracy with Enterprise Members — named in individual personal capacity for monetary damages and in official capacity for prospective relief only - with all claims preserved for future federal proceedings.

**Eric Jensen** — identified as a Staff Attorney solely for identification — hereinafter Jensen — acting in complicity and conspiracy with Enterprise Members — named in individual personal capacity for monetary damages — with all claims preserved for future federal proceedings.

**Julie Kaelin** — identified as a Circuit Court Judge solely for identification — hereinafter Kaelin — acting in complicity and conspiracy with Enterprise Members — named in individual personal capacity for monetary damages and in official capacity for prospective relief only — with all claims preserved for future federal proceedings.

**Jonathan Black and/or Brian Black** — identified as a Staff Attorney solely for identification — hereinafter Black — acting in complicity and conspiracy with Enterprise Members — named in individual personal capacity for monetary damages — with all claims preserved for future federal proceedings.

**Mitch Perry** — identified as a Circuit Court Judge solely for identification— hereinafter Perry — acting in complicity and conspiracy with Enterprise Members — named in individual personal capacity for monetary damages — with all claims preserved for future federal proceedings.

**James Grohmann** — identified as an attorney solely for identification — hereinafter Grohmann — acting in complicity and conspiracy with Enterprise Members as a private enterprise actor — named in individual personal capacity for monetary damages — with all claims preserved for future federal proceedings.

**O'Bryan Brown and Toner PLLC** — identified as a Kentucky law firm solely for identification — hereinafter O'Bryan Brown — acting in complicity and conspiracy with Enterprise Members as a private enterprise entity — named as an entity in its own right for monetary damages as an association-in-fact enterprise member under 18 U.S.C. §1961(4) — with all claims preserved for future federal proceedings.

**Evan Nixon** — identified as a Staff Attorney solely for identification — hereinafter Nixon — acting in complicity and conspiracy with Enterprise Members — named in individual personal capacity for monetary damages — with all claims preserved for future federal proceedings.

**Melissa Logan Bellows** — identified as a Circuit Court Judge solely for identification — hereinafter Bellows — acting in complicity and conspiracy with Enterprise Members — named in individual personal capacity for monetary damages and in official capacity for prospective relief only — with all claims preserved for future federal proceedings.

**Lloyd Vest** — identified as a Staff Attorney solely for identification — hereinafter Vest — acting in complicity and conspiracy with Enterprise Members — named in individual personal capacity for monetary damages — with all claims preserved for future federal proceedings.

**Ruby D. Fenton** — identified as an attorney solely for identification — hereinafter Fenton — acting in complicity and conspiracy with Enterprise Members as a private enterprise actor — named in individual personal capacity for monetary damages with all claims preserved for future federal proceedings.

**Patrick T. Schmidt** identified as an attorney solely for identification — hereinafter Schmidt — acting in complicity and conspiracy with Enterprise Members as a private enterprise actor — named in individual personal capacity for monetary damages — with all claims preserved for future federal proceedings.

**Michael J. Forbes** — identified as an attorney solely for identification — hereinafter Forbes — acting in complicity and conspiracy with Enterprise Members as a private enterprise actor — named in individual personal capacity for monetary damages — with all claims preserved for future federal proceedings.

**Melissa Norman Bork** — identified as an attorney solely for identification — hereinafter Bork — acting in complicity and conspiracy with Enterprise Members as a private enterprise actor — named in individual personal capacity for monetary damages — with all claims preserved for future federal proceedings.

**Bobby L. Whitmer** — identified as an attorney solely for identification — hereinafter Whitmer — acting in complicity and conspiracy with Enterprise Members as a private enterprise actor — named in individual personal capacity for monetary damages — with all claims preserved for future federal proceedings.

**Dentons Bingham Greenbaum LLP** — identified as a law firm solely for identification — hereinafter Dentons Bingham — acting in complicity and conspiracy with Enterprise Members as a private enterprise entity — named as an entity in its own right for monetary damages as an

association-in-fact enterprise member under 18 U.S.C. §1961(4) — with all claims preserved for future federal proceedings.

**Tilford Dobbins and Schmidt PLLC** — identified as a law firm solely for identification — hereinafter Tilford Dobbins — acting in complicity and conspiracy with Enterprise Members as a private enterprise entity — named as an entity in its own right for monetary damages as an association-in-fact enterprise member under 18 U.S.C. §1961(4) — with all claims preserved for future federal proceedings.

**Forbes Law Offices PLLC** — identified as a law firm solely for identification — hereinafter Forbes Law — acting in complicity and conspiracy with Enterprise Members as a private enterprise entity — named as an entity in its own right for monetary damages as an association-in-fact enterprise member under 18 U.S.C. §1961(4) — with all claims preserved for future federal proceedings.

**David T. Cecil** — identified as an attorney solely for identification — hereinafter Cecil — acting in complicity and conspiracy with Enterprise Members as a private enterprise actor — named in individual personal capacity for monetary damages — with all claims preserved for future federal proceedings.

**LaShay Byrd** — identified as an attorney solely for identification — hereinafter Byrd — acting in complicity and conspiracy with Enterprise Members as a private enterprise actor — named in individual personal capacity for monetary damages — with all claims preserved for future federal proceedings.

**Freeman Mathis and Gary LLP** — identified as a law firm solely for identification — hereinafter Freeman Mathis — acting in complicity and conspiracy with Enterprise Members as a private enterprise entity — named as an entity in its own right for monetary damages as an

association-in-fact enterprise member under 18 U.S.C. §1961(4) — with all claims preserved for future federal proceedings.

**Paul Kevin Ford** — identified as an attorney solely for identification — hereinafter Paul Kevin Ford — acting in complicity and conspiracy with Enterprise Members as a private enterprise actor — named in individnal personal capacity for monetary damages — with all claims preserved for future federal proceedings.

**T. Colin Ford** — identified as an attorney solely for identification — hereinafter Colin Ford — acting in complicity and conspiracy with Enterprise Members as a private enterprise actor — named in individual personal capacity for monetary damages — with all claims preserved for future federal proceedings.

**Ford Law Office** — identified as a law firm solely for identification — hereinafter Ford Law Office — acting in complicity and conspiracy with Enterprise Members as a private enterprise entity — named as an entity in its own right for monetary damages as an association-in-fact enterprise member under 18 U.S.C. §1961(4) — with all claims preserved for future federal proceedings.

**Robert DeWees** — identified as an attorney solely for identification — hereinafter DeWees — acting in complicity and conspiracy with Enterprise Members as a private enterprise actor — named in individual personal capacity for monetary damages — with all claims preserved for future federal proceedings.

**Ed Monarch---also known as Charles Edward Monarch** — identified as an attorney solely for identification — hereinafter Monarch — acting in complicity and conspiracy with Enterprise Members as a private enterprise actor — named in individual personal capacity for monetary damages — with all claims preserved for future federal proceedings.

**Sean Paris** — identified as an attorney solely for identification — hereinafter Paris — acting in complicity and conspiracy with Enterprise Members as a private enterprise actor — named in individual personal capacity for monetary damages — with all claims preserved for future federal proceedings.

**McClain DeWees, PLLC** — identified as a law firm solely for identification — hereinafter McClain DeWees — acting in complicity and conspiracy with Enterprise Members as a private enterprise entity — named as an entity in its own right for monetary damages as an association-in-fact enterprise member under 18 U.S.C. §1961(4) — with all claims preserved for future federal proceedings.

**McBrayer PLLC** — identified as a law firm solely for identification — hereinafter McBrayer — acting in complicity and conspiracy with Enterprise Members as a private enterprise entity named as an entity in its own right for monetary damages as an association-in-fact enterprise member under 18 U.S.C. §1961(4) — with all claims preserved for future federal proceedings.

**MML&K** — identified as a law firm solely for identification — hereinafter MML&K — acting in complicity and conspiracy with Enterprise Members as a private enterprise entity — named as an entity in its own right for monetary damages as an association-in-fact enterprise member under 18 U.S.C. §1961(4) — with all claims preserved for future federal proceedings.

**Pearson & Paris, P.S.C.** — identified as a law firm solely for identification — hereinafter Pearson & Paris — acting in complicity and conspiracy with Enterprise Members as a private enterprise entity — named as an entity in its own right for monetary damages as an association-in-fact enterprise member under 18 U.S.C. §1961(4) — with all claims preserved for future federal proceedings.

**Ralph Melbourne** — identified as an attorney solely for identification — hereinafter Melbourne — acting in complicity and conspiracy with Enterprise Members as a private enterprise actor — named in individual personal capacity for monetary damages — with all claims preserved for future federal proceedings.

**Steven Langdon** — identified as an attorney solely for identification — hereinafter Langdon — acting in complicity and conspiracy with Enterprise Members as a private enterprise actor — named in individual personal capacity for monetary damages — with all claims preserved for future federal proceedings.

**Colleen English Balderson** — identified as an attorney solely for identification — hereinafter Balderson — acting in complicity and conspiracy with Enterprise Members as a private enterprise actor — named in individual personal capacity for monetary damages — with all claims preserved for future federal proceedings.

**Church Langdon Attorneys (CLLB)** — identified as a law firm solely for identification — hereinafter CLLB — acting in complicity and conspiracy with Enterprise Members as a private enterprise entity — named as an entity in its own right for monetary damages as an association-in-fact enterprise member under 18 U.S.C. §1961(4) — with all claims preserved for future federal proceedings.

**The English Law Group, P.S.C.** — identified as a law firm solely for identification — hereinafter English — acting in complicity and conspiracy with Enterprise Members as a private enterprise entity — named as an entity in its own right for monetary damages as an association-in-fact enterprise member under 18 U.S.C. §1961(4) — with all claims preserved for future federal proceedings.

**Matthew Burnett** — identified as an attorney solely for identification — hereinafter Burnett acting in complicity and conspiracy with Enterprise Members as a private enterprise actor — named in individual personal capacity for monetary damages — with all claims preserved for future federal proceedings.

**James Oakes** --- identified as a Jefferson Circuit Court employee solely for identification — hereinafter Oakes — acting in complicity and conspiracy with Enterprise Members — whose Audio confirms blatant deception and fraud — named in individual personal capacity for monetary damages — with all claims preserved for future federal proceedings. Said audio is transcribed in Section XXVII and is on the USB drive.

**Jude McConnell** --- acting in complicity and in conspiracy with Enterprise Members.

**Hey Jude, LLC** --- acting in complicity and in conspiracy with Enterprise Members.

**Ray Wilson** --- acting in complicity and in conspiracy with Enterprise Members.

**Lori Fox** --- acting in complicity and in conspiracy with Enterprise Members.

**Michelle Burkhead** --- acting in complicity and in conspiracy with Enterprise Members.

**Cristal Fox** --- acting in complicity and in conspiracy with Enterprise Members.

**Florence Bisig** --- acting in complicity and in conspiracy with Enterprise Members.

**Julie Bisig(maiden name)** --- acting in complicity and in conspiracy with Enterprise Members.

**Jeanette/Jenette/Janette Bisig(maiden name)** --- acting in complicity and in conspiracy with Enterprise Members.

**Jessica A. Moore** — hereinafter Moore — acting in complicity and conspiracy with Enterprise Members — named in individual personal capacity for monetary damages — with all claims preserved for future federal proceedings.

**Nikki Allen** — hereinafter Allen — acting in complicity and conspiracy with Enterprise Members — named in individual personal capacity for monetary damages — with all claims preserved for future federal proceedings.

**Debbi Hall** — hereinafter Hall — acting in complicity and conspiracy with Enterprise Members — named in individual personal capacity for monetary damages — with all claims preserved for future federal proceedings.

**Thomas, Dodson, & Wolford, PLLC —** identified as a law firm solely for identification — hereinafter **Thomas, Dodson, & Wolford** — acting in complicity and conspiracy with Enterprise Members as a private enterprise entity — named as an entity in its own right for monetary damages as an association-in-fact enterprise member under 18 U.S.C. §1961(4) — with all claims preserved for future federal proceedings.

**Kate Morgan** — hereinafter Morgan — acting in complicity and conspiracy with Enterprise Members — named in individual personal capacity for monetary damages — with all claims preserved for future federal proceedings.

**Mary Elizabeth Bailey** — hereinafter Bailey — acting in complicity and conspiracy with Enterprise Members — named in individual personal capacity for monetary damages — with all claims preserved for future federal proceedings.

**Wm. Robert Long, Jr.** — hereinafter Long — acting in complicity and conspiracy with Enterprise Members — named in individual personal capacity for monetary damages — with all claims preserved for future federal proceedings.

**Zach Ramsey** — hereinafter Ramsey — acting in complicity and conspiracy with Enterprise Members — named in individual personal capacity for monetary damages — with all claims preserved for future federal proceedings.

**Jason McGinnis** — hereinafter McGinnis — acting in complicity and conspiracy with Enterprise Members — named in individual personal capacity for monetary damages — with all claims preserved for future federal proceedings.

**Jan Glasgow** — hereinafter Glasgow — acting in complicity and conspiracy with Enterprise Members — named in individual personal capacity for monetary damages — with all claims preserved for future federal proceedings.

**Stephanie Pearce Burke** — hereinafter Burke — acting in complicity and conspiracy with Enterprise Members — named in individual personal capacity for monetary damages — with all claims preserved for future federal proceedings.

**Tom Stone** — hereinafter Stone — acting in complicity and conspiracy with Enterprise Members — named in individual personal capacity for monetary damages — with all claims preserved for future federal proceedings.

**Morning Pointe of Louisville** and/or Morning Pointe Senior Living and/or Morning Pointe and/or Louisville Alzheimer's Investors LLC and/or Russell Alzheimer's Investors LLC — and Norton Healthcare--Ky. and Norton Physician Services--Ky. and any variation of Norton — each acting in complicity and conspiracy with Enterprise Members as a private enterprise entity — each named as an entity in its own right for monetary damages as an association-in-fact enterprise member under 18 U.S.C. §1961(4) — with all claims preserved for future federal proceedings.

**Greg Daly** and Lesley A. Kellie and Joseph Bisig — each acting in complicity and conspiracy with Enterprise Members — each named in individual personal capacity for monetary damages — with all claims preserved for future federal proceedings.

2189J. Plaintiffs incorporate by reference in full detail **Sections XXXVI, XXVI, XXX, XXXII, XXVIII, XXIX, XXXI, XXXV, XXVII, XXXVII, XLI, PX-63 through PX-87,** PX-42 through

PX-49, PX-108, all 167 Exhibits, and the **First through the Fourteenth FRE 201 Judicial Notices** of judicially **noticed adjudicative facts,** which include approximately **1,044 total adjudicative facts,** including approximately **329 adjudicative facts** supporting **jurisdiction** in the U.S. District Court for the Western District of Washington; **FRE 201 Adjudicative Facts in Judicial NOTICES --- 2 through 8, 10, and 12 --- facially fully support jurisdiction.** All aforementioned incorporations provide **100% certainty** of fraudulently assigned judges and fraudulently assigned case numbers --- prior to the legal filings by Plaintiffs of all 10 of their year-2025 cases --- with all 10 cases being illegally and fraudulently filed and processed by a fraudulent non-existent/non-payroll name in year-2025 --- which did not generate a legal random judge assignment and which did not generate a legal case number assignment --- and thereby provides **100% certainty** that all Kentucky **judges cited herein --- NEVER had jurisdiction and NEVER will have jurisdiction.** Plaintiffs assert Rankin v. Howard, 633 F. 2d 844 (9th Circuit 1980) and United States v. Dugan, 2:25-cr-00089 (E.D. Wis. 2025) regarding jndges without jurisdiction.

2189K. **(with subsections numbered as adjudicative facts) --- Plaintiffs incorporate by reference in full detail as though fully set forth herein the following:** Four hundred thirty nine **(439) independent, illegal, intentional, fraudulent, conspiratorial Acts --- Establishing 100% Certainty of Intentional Illegal Acts and Intentional Frauds and Intentional Conspiracy:** Plaintiffs incorporate by reference in full detail **PX-63 through PX-87, PX-108, Sections XXXVI and XXVI, FRE 201 First and Second Notices** --- regarding Kentucky **judges NEVER having jurisdiction.**

**Adjudicative Facts 1 through 12: Illegal and Fraudulent Pre-Service Rulings By a Judge Without Jurisdiction:** In Plaintiffs' **four cases** under Judge Morris, Morris, **without**

**jurisdiction,** issued 4 fraudulent felony accusation orders attacking Plaintiffs up to **19 days before** the Defendant was legally served by the Deputy Sheriff. The aforementioned consists of 12 adjudicative facts of illegal and fraudulent acts: Without jurisdiction **4 times** --- fraudulent felony accusations **4 times** --- prior to legal service with summons commencing the case **4 times.** It is **impossible** for any of the aforementioned illegal and fraudulent acts to be by accident. Therefore, there is 100% certainty that all aforementioned illegal, fraudulent, conspiratorial acts were intentional.

**Adjudicative Facts 13 through 21. Other Judges Fraudulently Weaponized Felony Accusations --- Tracy Davis, Mitch Perry, and Susan Gibson 2 times for a total of 4** illegal, fraudulent, conspiratorial acts. Tracy Davis also did so prior to legal commencement by Deputy Sheriff which is one **(1) additional** illegal, fraudulent, conspiratorial act. All **4 times** were done without jurisdiction, which are **4** additional intentional, illegal, fraudulent, conspiratorial acts. It is **impossible** for any of the aforementioned illegal and fraudulent acts to be by accident. Therefore, there is 100% certainty that all aforementioned illegal, fraudulent, conspiratorial acts were intentional. The fraudulent felony accusations to bar/deprive/obstruct civil plaintiffs from the entire state court system in Kentucky is an **unprecedented** act in any United States jurisdiction.

**Adjudicative Facts 22 through 31. Illegal and Fraudulent Non-Random Judge Assignments in 10 cases:** The intentional, illegal, fraudulent, conspiratorial judge assignments --- regarding the **non-random** judge assignments in violation of mandated SCR 1.040(3)(c)-(4)(a) --- prior to the legal filing of said cases by Plaintiffs. 10 Cases for 10 Adjudicative Facts. It is **impossible** for any of the aforementioned illegal and fraudulent acts to be by accident. Therefore, there is 100% certainty that all aforementioned illegal, fraudulent, conspiratorial acts were intentional.

**Adjudicative Facts 32 through 41. Illegal and Fraudulent Case Number Assignments in 10 cases:** The intentional, illegal, fraudulent, conspiratorial case number assignments --- prior to the legal filing of said cases by Plaintiffs --- 10 times --- for 10 Adjudicative Facts. It is **impossible** for any of the aforementioned illegal and fraudulent acts to be by accident. Therefore, there is 100% certainty that all aforementioned illegal, fraudulent, conspiratorial acts were intentional.

**Adjudicative Fact 42. Illegal and Fraudulent Ex Parte Intent:** A written email from Staff Attorney Stuart Scherer stating the court was "looking for a way to combine cases" specifically where Plaintiffs **"could not object."**

**Adjudicative Facts 43 through 46. Illegal and Fraudulent Judicial Reassignment:** Conspiring with Judge Davis who attempted fraudulent orders to eliminate Chief Jnstice Lambert from her reassignment duties under KRS 26A.015(3)(a) and KRS 26A.020, Chief Circuit Court Judge **Bailey-Smith illegally and fraudulently substituted for the Chief Justice** via a fraudulent re-allotment attempt to a colleague --- where re-allotment does not legally exist in KY. --- in Case Nos. 25-CI-001121 and 21-CI-001314. Whenever a judge loses jurisdiction or recuses under KRS 26A.015(e), Chief Justice reassignment is mandatory under KRS 26A.020. This was an **illegal and fraudulent attempt** by Judge Tracy Davis and Judge Bailey-Smith and the Court Administrator **to re-write said statutes.** Refer to **PX-42 through PX-49.** (Two (2) judges attempting 2 fraudulent acts for a total of **4 fraudulent acts**.)

**Adjudicative Facts 47 and 48. Fraudulent and Illegal Retaliatory Assignments by Judges:** The illegal and fraudulent re-allotment --- which does not exist in KY law --- of cases to Judges Brian Edwards and Eric Haner --- despite both being previously formally noticed by Plaintiffs to be a Defendant in a forthcoming federal civil rights complaint. **(2 fraudulent acts)**

**Adjudicative Facts 49 through 55. Electronic Service Fraud by Judges:** Judges, including but not limited to Judge Morris in 4 of Plaintiffs' cases, Wilcox in 1 case, Perry in 1, Davis in 1 case --- intentionally and fraudulently issued "Notices of Entry" via electronic systems while knowing pro se Plaintiffs are categorically denied electronic access to orders. Plaintiffs sent numerous notices of mandatory physical mailings to Plaintiffs through Judge Morris's staff attorney, directing the notices to Judge Morris. Orders were **never legally mailed** to Plaintiffs.

**Adjudicative Facts 56 through 66. Total Legal Service Deprivation, Obstruction, and Fraud regarding Plaintiffs:** Over 1 year and continuing fraudulent denial, deprivation, and **obstruction in all 11** of Plaintiffs' cases to legally serve any and all judicial orders via physical mail, despite the legal requirements of CR 5.01, CR 5.02, CR 5.03, CR 77.04(1)-(2)-(3).

**Adjudicative Facts 67 through 73. Illegal and Fraudulent Entry of orders by Secretary:** Judicial orders were illegally entered into the court record by the judge's secretary rather than the Court Clerk, violating CR 77.04(2). (A minimum of 7 violations)

**Adjudicative Facts 74 through 193. Illegal and Fraudulent Destruction of Plaintiffs' Digital/Electronic/Email Records to Staff Attorneys and Judges, Court Clerk employees, Court Administrators:** The intentional deletion of electronic email records/ communications between the Plaintiffs and the staff attorneys, directed to the judges, in all 13 judicial divisions, and the intentional deletion of electronic email records/ communications between Plaintiffs and other court officials, including but not limited to the Court Administrators and the Court Clerk and Court Clerk employees. **(Minimum of 120 violations)**

**Adjudicative Facts 194 through 213. Illegal and Fraudulent Refusal to Scan and Upload Plaintiffs' Filings and Unequal Preservation of Plaintiffs' records:** The systemic

refusal/deprivation/obstruction by the Jefferson Circuit Court to scan and upload pro se filings into the electronic record used by Defendants. **(Minimum of 20 filing violations.)**

**Adjudicative Facts 214 through 216. Illegal, Deceptive, and Fraudulent File Removal of the only records of pro se Plaintiffs that exist:** The removal of case file folders (25-CI-002150 and 25-CI-002006) for approximately 8 months without the required "Out-Card" tracking procedures in violation of KRS 30A.080(1)-(3). Also in case 25-CI-001567 and others. (Minimum of 3)

**Adjudicative Fact 217. Fraudulent Dating of Documents and Fraudulent Mislabeling of the Nature of the Documents Attempting to Deprive/Obstruct Rulings on Motions for Sanctions Against Judge Susan Schultz Gibson,** who had/has **no jurisdiction:** Chief Deputy Kevin Smalley's direction to Supervisor Samantha Henley, both under the Court Clerk's Office, to fraudulently **date** Plaintiffs' **sanctions motions** (in Kentucky case **25-CI-002150) many months after those sanctions motions were received by the Court Clerk's Office**---"came to hand 10-13-25 tendered documents APS (Plaintiffs) post marked July 2025"---despite Plaintiffs' confirmation through a court clerk employee that those sanctions motions came to hand months earlier. Fraudulently mislabeling "documents" when "Motions for Sanctions" must be cited in this situation---is additional fraud. This is an attempt to deprive/obstruct rulings on motions for sanctions against Susan Schultz Gibson.

**Adjudicative Fact 218. Illegal and Fraudulent Unequal Record Access:** The application of RAP 28(B)(1)-(2) to grant counsel access to sealed records while denying the same right to pro se litigants.

**Adjudicative Fact 219. Illegal and Fraudulent Oral Argument Discrimination:** The requirement under RAP 38(C) for pro se litigants to seek "special leave" for oral arguments while attorneys are permitted by right.

**Adjudicative Fact 220. Illegal and Fraudulent Attempted Dismissal by a judge without jurisdiction:** Judge Wilcox's (who never had jurisdiction) attempted dismissal of an elder abuse complaint with prejudice with **zero conclusions of law** and **Not** addressing any of Plaintiffs' **hundreds of pages of statements of material fact** that were **in genuine dispute** and **not** addressing any of Plaintiffs' **numerous applied legal authority,** while **crossing out** "sanctions" and "frivolous" that Defendant had inserted in an order--in case 25-CI-001567. In addition, Plaintiffs were **never** legally served Wilcox's order. Plaintiffs **continue to wait** for their numerous motions to be ruled on by Judge Wilcox. These motions were submitted to Judge Wilcox by Plaintiffs via certified mail with signature, prior to Wilcox's illegal dismissal. Through Wilcox's staff attorney, directed to Judge Wilcox, Plaintiffs sent via PDF their motions to Judge Wilcox, which also serves as an audit trail. Plaintiffs' motions have been disappeared by Wilcox and/or her staff. Case is presumed active since jury fee was not returned. **(Zero judges had jurisdiction** in Jefferson Circuit Court-Ky. based on **Sections XXXVI, XXVI, the Second and Third FRE 201 Notices.)**

**Adjudicative Fact 221. Illegal and Fraudulent Service Fee Extortion:** Forcing pro se Plaintiffs to pay for copies of orders that the court was legally required to serve upon them for free via physical mail--- and those said orders that Plaintiffs never knew about until all appeals' deadlines would have elapsed, based on a **fraudulent start time. Legally,** the **start time for Plaintiffs' to respond** to Wilcox' order has **not** started yet.

**Adjudicative Fact 222. Attempted Illegal and Fraudulent Jurisdictional Transfer:** Judge Mitch Perry's illegal and fraudulent attempt to transfer jurisdiction to Judge Tracy Davis in case 25-CI-001569 via an order stating that Davis could have his case if she wanted it, and also in said order attacking Plaintiffs with fraudulent felony accusations.

**Adjudicative Fact 223. Illegal and Fraudulent Recusal Interference:** Judge Tracy Davis losing jurisdiction and/or recusing herself four times, but attempting to dictate that her successor judge be a colleague, even after citing loss of jurisdiction under KRS 26A.015(c). This was an illegal and fraudulent attempt at bypassing the mandatory role of the Chief Justice in judicial reassignment under KRS 26A.020.

**Adjudicative Facts 224 through 264. Illegal Failure and Fraudulent Refusal to Report Elder Abuse:** The refusal/failure of judicial and court officers and court employees to report others' known elder abuse and/or their own elder abuse---as they were directly in violation of mandated KRS 209.030(2) and KRS 209.990(1), causing other violations under KRS 209.990 (2) through (7) through deprivation/obstruction of elder abuse recovery---actionable under KRS 446.070 and supplemental jurisdiction. This refusal to be in compliance with the mandatory reporting of elder abuse, as mandated by KRS 209.030(2) and KRS 26A.080, is complicity in and conspiracy in the deprivation/ obstruction of elder abuse recovery pursuant to 42 U.S.C. §§ 1983 and 1985(2)-(3). 13 Staff attorneys, 15 judges, 2 court administrators, a chief of staff/chief deputy, a second chief deputy, 3 supervisors, 6 other court/AOC/court clerk employees are all in statutory violation for a total of 41 statutory violations.

**Adjudicative Facts 265 through 275. Illegal and Fraudulent Appellate Blockade/ Obstruction:** Deputy Appeals Clerk Evelyn Hopper's categorical blockage, deprivation, and obstruction of appellate access in all 11 of the Plaintiffs' cases. (11 statutory violations.)

**Adjudicative Fact 276. Illegal and Fraudulent Erasure of an Active Complaint:** The complete digital disappearance of Case No. 21-CI-001314 from the court records **shortly after** Judge **Tracy Davis's Order of Recusal entry.**

**Adjudicative Facts 277 through 306. Illegal and Fraudulent Refusal to Certify Judge Tracy Davis's 3 Different Orders Citing Loss of Jurisdiction and/or Citing Order of Recusal:** Court Clerk David Nicholson, Chief Deputy Kevin Smalley, Chief Deputy Angela McCoy, and Supervisor Samantha Henley all refuse to do their legal duty of certifying the facts of judicial disqualification of Judge Tracy Davis to the Chief Justice as required by KRS 26A.020(1). All that needs to be done is any one of those 4 aforementioned court employees simply citing that they certify Judge Tracy Davis's loss of jurisdiction orders and citing that they certify Judge Tracy Davis's orders of recusal, and then signing that, and simply attaching said orders or recusal and loss of jurisdiction. Davis can also send to Chief Justice. (5 times 3 different orders equals **15 statutory violations** by the aforementioned persons. They all refuse to accept Plaintiffs' affidavit even though the affidavit is optional and unnecessary in Plaintiffs' cases. This adds another 5 times 3 different orders is **another 15 statutory violations.**

**Adjudicative Facts 307 through 350.** Plaintiffs did also file direct Motions with the Chief Justice for Judge Davis's reassignment and for reassignment of judges in **9 other** cases, demanding that the Chief Justice Lambert issue the judicial reassignment pursuant to KRS 26A.015(2)(e), KRS 26A.015(3)(a), KRS 26A.020, which states that the **Chief Justice shall immediately reassign. Chief Justice** Debra Hembree Lambert has been in continuous violation of KRS 26A.020 and continues to be in continuous violation of KRS 26A.020, since Plaintiffs have been waiting for over 1 year, and counting, for Judge Davis's judicial reassignment and other judges' judicial reassignment. The Chief Justice also continues to be in continuous

violation of KRS 209.030(2) and KRS 26A.080. (**10 cases** in statutory violation of statutory reassignment and **10 cases** in violation of KRS 209.030(2) and **10 cases** in violation of KRS 26A.080. Total of **30 statutory violations.** Plus, KRS 26A.080 violations by 14 other judges also for **14** additional statutory violations. This equals **44 violations.** Plaintiffs incorporate by reference in full detail as set forth herein PX-63 through PX-87 regarding all Kentucky judges **NEVER having jurisdiction** in Plaintiffs' ten (10) cases. Judge Davis cited in 2 different orders her recusals in the 11th case which is 21-CI-001314.

**Adjudicative Fact 351. Illegal and Fraudulent Travel Barrier and Unequal Access to Courts:** Kevin Smalley's demand that Plaintiff travel 4,700 miles round-trip to view case files that are available electronically to the opposition.

**Adjudicative Facts 352 through 360. Illegal and Fraudulent Refusal to State Legal Basis regarding questions on illegal and fraudulent actions:** Chief Deputy Angela McCoy's official refusal to explain her own and the court's illegal and fraudulent non-compliance with CR 5.01, CR 5.02, CR 5.03, CR 77.04, and KRS 30A.080 --- Plaintiffs had nine (9) questions regarding the aforementioned. There is **no** legal basis for this **non-**compliance. There are nine (9) violations.

**Adjudicative Facts 361 through 371. Illegal and Fraudulent Denial/Deprivation of Proof of Service:** The systemic and systematic refusal/deprivation to provide a Certificate or Affidavit for proof of time and manner regarding legal service to Plaintiff, in violation of CR 5.03 --- in 11 cases.

**Adjudicative Facts 372 through 393. Void-as-Applied Rules:** The use of RAP 3(C) and CR 77.04(4) to fraudulently and deceptively run out appeal clocks by **obstructing/depriving**

Plaintiffs of all legal service of all orders in all 11 of Plaintiffs' cases. (2 violations times 11 is 22)

**Adjudicative Facts 394 and 395. Illegal and Fraudulent Concealment/ Obstruction/ Deprivation of Plaintiffs' Sanctions Motions:** The Court Clerk's Office and/or AOC employees fraudulently and intentionally mislabeling "Motions for Sanctions" as generic "documents" to hide/conceal/obstruct/deprive the nature of the filings in case 25-CI-002150 under Judge Gibson who has **NEVER** had jurisdiction. And refusing to correct the fraudulent docket entries is the **second** violation of tampering with physical evidence under KRS 524.100.

**Adjudicative Fact 396. Intentional and Fraudulent Communication Obstruction and Obstruction of Court Access:** Bench clerk abruptly terminating phone call when Plaintiff inquired about "proof of time and manner" for judicial orders.

**Adjudicative Facts 397 through 407. Illegal and Fraudulent Systemic and Systematic Obstruction/Deprivation of all Court Access:** The intentional denial/deprivation/obstruction of Plaintiffs' oral arguments as a tool to prevent pro se Plaintiffs from making a legal record of the fraud and elder abuse in all 11 cases.

**Adjudicative Facts 408 through 427.** Additional **Tampering with Evidence** in Violation of KRS 524.100 and **Destruction of Records in violation of KRS 524.100 and KRS 30A.080(1)-(3):** Plaintiffs continue to wait for a ruling by Judge Susan Schultz Gibson and Judge Wilcox (who both NEVER had jurisdiction) or their replacement judges, also to rule on sanctions against Judge Gibson. Judge Gibson and Judge Wilcox (both without jurisdiction) and/or their offices, in complicity with and conspiracy with others, **effectively destroyed and/or disappeared hundreds of pages of pro se Plaintiffs' physical filings of Motions, which also included cases 25-CI-002006 and 25-CI-1567, effectively destroying approximately 493 pages of Plaintiffs'**

**motions,** including but not limited to case **25-CI-002150** --- since pro se Plaintiffs' filings are denied/ deprived/ obstructed from being part of the real electronic record --- which makes it much easier to disappear records --- especially since in all 3 cases --- legally docketing was obstructed and deprived. ( 2 statutory violations in 3 cases for a total of 6 violations.) Plaintiffs incorporate by reference in full detail **Section XXVIII** regarding the effective **destruction of records.** There were also approximately seven (7) other motions effectively destroyed, which adds 7 times the 2 statutory violations for a total of 14.

**Adjudicative Fact 428.** Supervisor Samantha Henley fraudulently and illegally telling other employees and Plaintiff that nobody else is to communicate with Plaintiff, except her.

**Adjudicative Fact 429.** After telling Plaintiff to only talk to her, **Henley abruptly hangs up the phone or clicks off the phone when Plaintiff** demanded that Plaintiffs' Motions be legally docketed in case 25-CI-002150. The aforementioned also deprives/ obstructs all access to the Kentucky courts.

**Adjudicative Facts 430 through 439.** Since Cecil court employee --- on audio recording --- communicated that **all USB drives are to be docketed --- and zero USB drives were docketed, then 10 more illegalities or frauds are to be added.**

440. Plaintiffs assert and incorporate by reference in full detail as though fully set forth herein and integrate the **following:** the aforementioned **439 adjudicative facts of** intentional, illegal, fraudulent, conspiratorial acts --- And approximately **329 adjudicative facts** in the Second through the Eighth and the Tenth and the Twelfth FRE 201 Notices --- regarding intentional, illegal, fraudulent, conspiratorial acts --- which facially fully support jurisdiction and venue in the U.S. District Court for the Western District of Washington --- All of which --- provide **100% Certainty of Intentional Conspiracy and Intentional Frauds and Intentional Illegal Acts.** In

addition to the **100% Certainty for almost all illegal, fraudulent and conspiratorial acts cited herein--based on official records,** the **Bayesian** % probability analysis of **conspiratorial intention** for any illegal, fraudulent, and conspiratorial act cited herein --- that may not be considered 100% --- is ---

**99.999999999999999999999999999999999999999999999999999999999999999999999 99999999999999999999999999999999999999999999999999999999999999+% ---**

**which is 99.999.....decimal point followed by more than 200 additional nines ---** for the probability and certainty of the **intentionality** of illegal, fraudulent, and conspiratorial acts cited herein.

**SECTION XX: Relevant CASE LAWS Applied to Each and Every Claim for Relief Herein**

2190. Plaintiffs **assert and incorporate by reference in full the "following case laws" herein to support and to be applied to each and every Claim for Relief herein.** Kentucky is an **extremely unsafe and an extremely hostile forum** based on Kentucky **judges' (without jurisdiction) cited "fraudulent felony accusations"** against Plaintiffs in **6 separate cases** even **before any defendants were legally served by the Sheriff, and in additional cases** after legal service by the Sheriff. Federal intervention is therefore required to safeguard Plaintiffs' constitutional rights to **due process, equal protection,** and **access to courts/equal access to courts** under the First and Fourteenth Amendments, enforceable through 42 U.S.C. §§ 1983 and 1985(2)-(3).

2191. Here, Plaintiffs' **physical safety**—must prevail. Refer to the aforementioned fraudulent prosecution attempt by the same Court (Jefferson Circuit Court—Ky.) against the **high-profile--** top professional golfer--Scottie Scheffler.

2192. Plaintiffs assert and apply the following for Plaintiffs' Western Washington jurisdiction: **Dole Food Co., Inc. v. Watts, 303 F. 3d 1104 - Court of Appeals, 9th Circuit 2002**--paragraph 1120--We **reverse** the district court's dismissal for lack of personal jurisdiction, **decline** to uphold the dismissal on the alternate ground of forum non conveniens, and remand to the district court for further proceedings. REVERSED and REMANDED. And paragraph 1118-- this court noted that "the standard to be applied [to a motion for dismissal on the ground of forum non conveniens] is whether ... defendants have made a clear showing of facts which ... establish such oppression and vexation of a defendant as to be out of proportion to plaintiff's convenience. (Defendant **cannot** show such oppression and vexation to move it since Plaintiffs' have **102 claims** for relief against Defendant, and Defendant has legally binding and conclusive **judicial admissions** of liability and damages regarding the **first 31** claims for relief.)

2193. Plaintiffs assert and apply the following for Plaintiffs' Western Washington jurisdiction: **Calder v. Jones, 465 US 783 - Supreme Court 1984**—paragraph 791-- We hold that jurisdiction over petitioners in California is proper because of their intentional conduct in Florida calculated to cause injury to respondent in California. The judgment of the California Court of Appeal is Affirmed. Paragraph 791--We have already declined in other contexts to grant special procedural protections to defendants in libel and defamation actions in addition to the constitutional protections embodied in the substantive laws. Paragraph 790-- In this case, petitioners are primary participants in an alleged wrongdoing intentionally directed at a California resident, and jurisdiction over them is proper on that basis. Rather, their intentional, and allegedly tortious, actions were expressly aimed at California. Petitioner South wrote and petitioner Calder edited an article that they knew would have a potentially devastating impact

upon respondent. And they knew that the brunt of that injury would be felt by respondent in the State in which she lives and works.

2194. Plaintiffs assert and apply the following 2 case laws to address the following: Fifteen (15) Kentucky judges' **loss of jurisdiction** and **loss of immunity** in Plaintiffs' 11 cases: Thirteen (13) judges, within Jefferson Circuit Court-Kentucky, have **lost immunity** based on acting **outside of** their judicial capacity, with **NO jurisdiction.** This **applies to** claims for relief XXXII through CII (**32 through 102**), including RICO claims. Chief Justice Debra Hembree Lambert has **lost immunity** based on statutory violations of KRS 26A.020, and obstruction of justice violations connected to claims for relief XXXII through CII (**32 through 102**). Chief Judge Larry Thompson of the Kentucky Appeals Court has **lost immunity** based obstruction of justice violations connected to claims for relief XXXII through CII (**32 through 102**).

2195. Plaintiffs assert and apply the following case law for 15 judges' **loss of** immunity: **IN : Rankin v. Howard, 633 F. 2d 844 - Court of Appeals, 9th Circuit 1980--** He has made some showing that they may have induced the judge to abandon his impartiality and fraudulently alleged Rankin's residence in Kansas to create a semblance of jurisdiction. Because these allegations and the supporting materials raise material issues of fact, we reverse and remand the partial summary judgment that dismissed the § 1983 claim against Howard and Trauscht. Reversed and remanded. Paragraph 849--Rankin's allegations, which draw some support from affidavits and answers to interrogatories assembled during discovery proceedings, raise material issues of fact that were not fully considered by the district court. Summary judgment was inappropriate. Paragraph 850--Further discovery may resolve the issues, and trial is not necessarily required. But the **district court must consider the possibility** that Judge Zeller **"lost** his **immunity" by participating in a conspiracy to violate Rankin's civil rights** through a


Edward Colgate 22023 SE Wax Rd., Box 1452, Maple Valley, WA 98038, King Co.

nonjudicial agreement **or a judicial act in the clear** and complete **absence of personal jurisdiction.** The judgment of the district court dismissing all claims against Judge Zeller is **reversed and remanded** for further proceedings consistent with this opinion.

2196. Plaintiffs assert and apply the following case law for 15 judges' **loss of** immunity: : **United States v. Dugan (E.D. Wis. 2025)/ United States v. Dugan, 2:25-cr-00089 (E.D. Wis. 2025). Charges & Verdict: Dugan was charged with felony obstruction of proceedings and misdemeanor concealing a person from arrest. She was found guilty of the felony obstruction charge on Dec. 18, 2025.**

2197A. Plaintiffs assert and apply the following 2 case laws for Defendant's judicial estoppel based on Defendant's legally binding and conclusive admitted allegations, which are conclusive, since **any contrary statement would be fraud upon this Federal Court:** Plaintiffs assert **judicial estoppel** against Defendant **pursuant to "Milton H. Greene Archives v. Marilyn Monroe LLC, 692 F. 3d 983** - Court of Appeals, **9th Circuit 2012"—(estoppel applies across different court systems; defendants cannot switch facts for profit;** and **Integrity of Process)-** --and **Rissetto v.** Plumbers and Steamfitters Local 343, 94 F. 3d 597 - Court of Appeals, **9th Circuit** 1996 **(estoppel applies across different court systems,** including State to Federal).

2197B. Plaintiffs assert: Supreme Court in **Haines v. Kerner,** 404 U.S. 519, 520–21 (1972) "520-521"--allegations such as those asserted by petitioner, **however inartfully pleaded, are sufficient to call for the opportunity to offer supporting evidence.** Although Plaintiffs believe that **their allegations are artfully pleaded,** Plaintiffs choose to assert said case law to **preempt** possible false allegations of "inartfully pleaded" or similar.

2197C. Plaintiffs **preemptively** assert: **Hearns v. San Bernardino Police Dep't, 530 F.3d 1124, 1127, 1131–32 (9th Cir. 2008)**--the **court reversed dismissal** of a "verbose" complaint, holding that "length and repetitiveness alone" are **not** grounds for dismissal.

2197D. Plaintiffs assert: **Kougasian** v. TMSL, Inc., 359 F. 3d 1136 - Court of Appeals, 9th Circuit 2004: Even though there were 3 fraudulently attempted dismissals --------- (by judges **without jurisdiction based on Sections XXXVI and XXVI and the Second and Third FRE 201 Notices)** 11 out of 11 of Plaintiffs' cases in Jefferson Circuit Court--KY appear to be active since no jury fees were returned --- and based on the type of fraudulent obstruction cited in **Sections XXXVI and XXVI and the Second and Third FRE 201 Notices and Claim for Relief CII (102) --- that type of fraudulent obstruction caused all 10 cases in year-2025 to never legally exist.** Plaintiffs assert supplemental jurisdiction claims pursuant to 28 U.S.C. § 1367(a); Civil rights claims pursuant to 28 U.S.C. § 1343(a)(1)-(2)-(3)-(4); Federal question claims pursuant to 28 U.S.C. § 1331, and Plaintiffs assert many new claims for relief based on many new frauds over the past year, Plaintiffs preemptively assert said case law. It must be **NOTED** that said 3 cases -25-CI-002006, 25-CI-002150(in this case, judge Gibson has disqualified herself, citing KRS 26A.020, which mandates Chief Justice reassignment), and 25-CI-001567- --were fraudulently attempted dismissals by a judge who **never** had jurisdiction **(See Sections XXXVI and XXVI and the Second and Third FRE 201 Notices)** — where Plaintiffs' **Motions** were **fraudulently destroyed/effectively destroyed or disappeared** in all 3 cases--- and where Plaintiffs were **never legally served** said orders, denying appellate rights. Plaintiffs incorporate by reference in full detail PX-63 through PX-87, PX-68, PX-69, PX-78, PX-79, PX-80, PX-81 for **NO** legal jurisdiction based on judge assignments that were fraudulent---regarding Judge Gibson and Judge Wilcox. (1141*) --- "It has long been the law that a plaintiff in federal

court can seek to set aside a state court judgment obtained through extrinsic fraud." (1142*)--- Extrinsic fraud on a court is, by definition, not an error by that court. It is, rather, a wrongful act committed by the party or parties who engaged in the fraud. Rooker-Feldman therefore does not bar subject matter jurisdiction when a federal plaintiff alleges a cause of action for extrinsic fraud on a state court and seeks to set aside a state court judgment obtained by that fraud. And---"set aside a decree for fraud in the obtaining thereof, then they constitute an original and independent proceeding." (1143)-- a litigant must have had an appropriate opportunity to litigate an issue in the earlier suit before he or she will be issue-precluded (collaterally estopped) from relitigating that issue in a later suit. Kougasian has asserted no legal error by the state court. She is therefore not bringing a de facto appeal. Kougasian's remaining four causes of action are based on other alleged wrongful acts by the defendants. All of these causes of action were previously adjudicated by the state courts in Kougasian I and/or II. Because Kougasian is attempting to have the judgments of these two courts set aside based on the alleged extrinsic fraud by defendants, however, these four causes of action are not barred by Rooker-Feldman. However, even if Kougasian were not seeking to set aside the judgments because (1142*) of extrinsic fraud (or even if the federal court concludes that there was no extrinsic fraud), Rooker-Feldman still does not bar these four causes of action. Kougasian does not, in these causes of action, allege legal errors by the state courts; rather, she alleges **wrongful acts** by the defendant. Plaintiffs allege **wrongful acts and fraud by the Defendant** and others in **complicity** and in **conspiracy.** This is an original action and an independent action for---including but not limited to---extrinsic fraud and RICO violations. Plaintiffs assert the following: **Kougasian** v. TMSL, Inc., 359 F. 3d 1136 - Court of Appeals, 9th Circuit 2004: Even though there were 3 fraudulently attempted dismissals --- (by judges **without jurisdiction based on Sections XIX, XXXVI and XXVI and the**

**Second and Third FRE 201 Notices and Claim for Relief CII (102)), 11 out of 11** of Plaintiffs' cases in Jefferson Circuit Court--KY **appear to be active since no jury fees were returned** --- and based on the type of fraudulent obstruction cited in **Sections XIX, XXXVI and XXVI, the Second and Third FRE 201 Notices, and Claim for Relief CII (102) --- that type of fraudulent obstruction caused all 10 cases filed in year-2025 to never legally exist.** Refer also to **Audio38 in Section XXVII and USB drive attached.** Based on **fraudulent felony accusations by judges** against Plaintiffs prior to the Defendant being legally served by the Deputy Sheriff, **Plaintiffs are obstructed/ deprived of filing default motions in 5 cases.**

2197E. Plaintiffs also assert: **Adams v. Ison, 249 SW 2d 791 - Ky: Court of Appeals 1952 and KRS 413.190(2) for tolling based on "or obstruction shall not be computed as any part of the period within which the action shall be commenced."** Plaintiffs also assert **KRS 413.120** for fraud extending the statute of limitations. And **KRS 411.184 for** punitive damages and **KRS 411.186** for Assessment of punitive damages. All 11 cases are **obstructed/ deprived** based on that fact that many judges have refused to rule on many of Plaintiffs' motions for up to 1 year, or longer, and that continues. In addition, based on fraudulent judge assignments prior to the cases existing, the **judges in all 11 cases** of Plaintiffs do **NOT** have **jurisdiction,** and **NEVER** had **jurisdiction.** Some of the frauds involved a Supervisor with 4 aliases.

2197F. Plaintiffs assert: **Odom v. Microsoft Corp., 486 F. 3d 541 - Court of Appeals, 9th Circuit 2007:** "For the foregoing reasons, we hold that plaintiffs have sufficiently alleged the **existence of an associated-in-fact enterprise** within the meaning of 18 U.S.C. §§ 1961(4) and 1962(c). We also hold that plaintiffs have alleged wire fraud with sufficient particularity to satisfy Rule 9(b). We therefore reverse the decision of the district court and remand for further proceedings consistent with this opinion. Reversed and Remanded."

2197G. **United States v. Turkette, 452 US 576 - Supreme Court 1981:** "The language of the statute, however—the most reliable evidence of its intent—reveals that Congress opted for a **far broader definition of the word "enterprise,"** and we are unconvinced by anything in the legislative history that this definition should be given less than its full effect. The judgment of the Court of Appeals is accordingly. Reversed."

2197H. **Restatement (2d.) § 46 Outrageous Conduct Causing Severe Emotional Distress (1)** One who by extreme and outrageous conduct intentionally **or recklessly** causes severe emotional distress to another is subject to liability for such emotional distress. **Restatement (Second) of Torts § 46 – IIED ---** loss of familial relationship under civil rights law; **42 U.S.C. §§ 1983, 1985(2)-(3) –** deprivation/ obstruction, complicity, **conspiracy under color of law;** KRS 209.990, 209.050, 209.030 —refusal/failure to report elder abuse; CR 8.04, 28 U.S.C. § 1367(a) -- Wilson's **legally binding** and conclusive judicial admissions of **liability and damages for IIED.**

**SECTION XXI: Mandatory Judicial Notice Under FRE 201(c)(2) AND (b)(2) — Adjudicative Facts---Established From the Following: Demand for Jury Trial or Demand for Trial by Jury**

2198A. **Preliminary Statement: Plaintiffs assert all of the following:** Plaintiffs respectfully request that this Court take mandatory judicial notice of the following adjudicative facts pursuant to FRE 201(c)(2) — this Court must take judicial notice because Plaintiffs have requested it and have supplied the necessary information. And these are adjudicative facts that can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned under FRE 201(b)(2).

2198B. Pursuant to Fed. R. Civ. P. 38(h), 39(a), 42, and the Seventh Amendment to the U.S. Constitution, Plaintiffs hereby demand a jury trial on all issues so triable, including but not

limited to the determination of punitive and exemplary damages following any and all rulings against Defendant and/or following Defendant's default under Fed. R. Civ. P. 55(b)(2).

2199. Plaintiffs assert the following **legally binding and conclusive judicial admissions of averments** that are **Verbatim from state complaint 25-CI-001371 (PX-51), paragraph 23, for separate trials and separate complaints**: Pursuant to **CR 18.01,** Plaintiffs assert 30 claims and causes of action against Susan Wilson, and assert that consolidation of defendants does **not** apply based on additional claims against Wilson personally, in addition to the Complicity claims herein, and pursuant to CR 42.01, since different defendants would have **different common questions of law, facts, occurrences, or transactions.** Plaintiffs assert **FRCP 38, 39, and 42(b)—for separate jury trials to avoid prejudice.** In addition, Kentucky **CR 42.02--separate trials** are **necessary to avoid prejudice** to the Plaintiffs.—This is **legally binding and conclusive** and has been judicially **admitted by the Defendant.** See **PX-51.** Furthermore, **Plaintiffs assert FRCP 8(b)(6) for legally binding and conclusive judicial admissions of factual allegations in the event of a default judgment in this legal action.**

**SECTION XXII: Professional Background and Qualifications of Verifying Plaintiff:**

2200. Plaintiff Edward Colgate also brings this action using his past experience as a Professional Auditor with the OIG. Edward audited healthcare agencies under the Office of the Inspector General in Kentucky, which is also under CHFS. His other past experience included---Budget Manager within the Kentucky Transportation Cabinet, managing the Federal Fiscal Program with budget allocations over $700,000,000. Oversight of federal funding compliance was also involved. Plaintiff relocated to Washington State in year 2008.

2201. Plaintiff's specialized background in healthcare fraud and high-level budgetary oversight provides the forensic foundation for this Complaint. The volume of this filing is a direct

reflection of an expansive **Investigative Audit** conducted by Plaintiff, which uncovered **102** distinct violations under supplemental, federal question, and civil rights jurisdiction, including but not limited to RICO claims for relief. Each claim is pleaded with the particularity required by an auditor's standard of evidence, ensuring that the approximately 700 pages of legally binding and conclusive admitted factual allegations/averments/adjudicative facts (**PX-51 through PX-62, PX-96, PX-95**) are presented with the transparency and accountability required by law.

**SECTION XXIII: Mandatory Judicial Notice Under FRE 201(c)(2) AND (b)(2) — Adjudicative Facts---Established From the Following: GOVERNING LAW, TRUST SITUS IN WASHINGTON STATE, AND ADMINISTRATION**

2202A. **Preliminary Statement:** Even though **Defendants** have **legally binding admissions of liability and damages --- admitting approximately 30 claims for relief**/counts/causes of action **--- in** each of five **(5) Kentucky complaints** --- under substantive CR 8.04 admissions--- **Plaintiff(s) cannot file Motions for default judgment --- because judges (without jurisdiction) have attacked Plaintiffs --- using fraudulent felony accusations to deprive Plaintiffs of all Kentucky court access--- prior to legal commencement** by legal service of summons and complaint by Deputy Sheriff to Defendant. Plaintiffs incorporate by reference in full detail as though fully set forth herein --- **Sections XVIII, XIX, XXVI through XXXVI and FRE 201 Adjudicative Facts in Judicial NOTICES --- 2 through 8, 10, 12, and 13 --- all which facially fully support jurisdiction and venue** --- and incorporate by reference in full detail the **First FRE 201 Notice.** All aforementioned incorporations provide **100% certainty** of fraudulently assigned judges and fraudulently assigned case numbers. Plaintiffs incorporate by reference in full detail as though fully set forth herein --- all of the approximately **322 adjudicative facts which facially fully support jurisdiction and venue in Washington State -**

**-- and which facially fully support "Situs" in Washington State ---** in **Sections XIX through XLI (19 through 41). Plaintiffs assert all of the following:** Plaintiffs respectfully request that this Court take mandatory judicial notice of the following adjudicative facts pursuant to FRE 201(c)(2) — this Court must take judicial notice because Plaintiffs have requested it and have supplied the necessary information. And these are adjudicative facts that can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned under FRE 201(b)(2).

2202B. **Plaintiffs request and respectfully demand that this Court retain jurisdiction post-judgment to enforce all preservation and production orders, including through Rule 69 discovery, contempt sanctions, and criminal referral, regardless of any default judgment. Defendant's** substantive CR 8.04 **legally binding admissions --- admit probate fraud in Kentucky regarding Norman Colgate's Estate. Defendant's** substantive CR 8.04 **legally binding admissions** --- **admit** that --- regarding Doris Colgate --- **Plaintiff Edward Colgate is the legally acting "Trustee of The Colgate Family Living Trust Agreement dated January 29, 2020--as amended."** Probate courts --- including Kentucky probate courts --- are courts of limited jurisdiction designed to administer estates and distribute assets according to established legal instruments — and are neither designed for nor capable of adjudicating fraud claims — RICO claims — civil rights violations — or its own systematic institutional fraud and obstruction. When fraud infects the probate process itself — as documented throughout this complaint and in the Norman Colgate probate hearing where Plaintiff Edward Colgate — a named Will beneficiary — was denied/deprived the right to speak — object — or introduce any argument --- while opposing counsel was allowed full participation — the probate court is both

 Edward Colgate 22023 SE Wax Rd., Box 1452, Maple Valley, WA 98038, King Co.

the **venue of the fraud and** an **instrument of the fraud** — making federal court jurisdiction over all recovery legally necessary.

2203. All recovery sought herein requires a court with jurisdiction over RICO treble damages — 42 U.S.C. §1983 and §1985 civil rights judgments — and RICO injunctions — which only a federal district court can provide — making this Federal Court the exclusive and only forum for all recovery. This Court has subject matter jurisdiction — personal jurisdiction — and venue — based on supplemental jurisdiction under 28 U.S.C. §1367(a) — civil rights claims under 28 U.S.C. §1343(a)(1) through (4) — federal question jurisdiction under 28 U.S.C. §1331 — and venue under 28 U.S.C. §1391(b)(2) --- where the substantial harm was directed at Washington State, including but not limited to all illegally obtained or defrauded Trust assets --- any and all assets that were fraudulently taken out of the Trust --- and any and all assets that were fraudulently obstructed from going into the Trust. Kentucky courts have fraudulently deprived and **obstructed all court access to Plaintiffs** --- making state forum in Kentucky **legally unavailable** to exercise jurisdiction over any aspect of Plaintiffs' recovery. This Court shall therefore **Order that all recovery** --- regarding Doris Colgate's illegally obtained or **defrauded assets --- be vested exclusively in the Trust Account for** The Colgate Family Living Trust Agreement dated January 29, 2020 --- **located in Washington State.** Doris Colgate's illegally obtained or **defrauded assets --- recovered in this litigation --- shall be deemed Trust assets-- and shall be Trust assets the moment that they are received --- regardless of title, location, or source.**

2204. **Defendant's substantive CR 8.04 legally binding admissions** --- **admit** that Plaintiff Edward Colgate is the legally acting "Trustee of The Colgate Family Living Trust Agreement dated January 29, 2020--as amended." Although this Trust was initially established in Kentucky,

this Trust has been administered in Washington State since January 29, 2020, where Plaintiff has continuously resided since year 2008 and where this Trust's administration, fiduciary decision-making, oversight, records, and fiduciary activities are maintained and managed. **Accordingly,** this Court shall therefore **order** that any and **all recovery** --- regarding Doris Colgate's illegally obtained or defrauded assets --- and regarding any **and all other** monetary recovery for Doris --- **awarded** in this action --- be **vested in** The Colgate Family Living Trust Agreement dated January 29, 2020 --- and held, administered, and distributed under Washington State law governing trusts, consistent with applicable federal law, since this Trust's **"Situs"** and principal place of administration of the Trust is **Washington** State. **No** other state shall exercise authority over the internal administration or distribution of --- The Colgate Family Living Trust's assets. Trustee is domiciled in Washington State and jurisdiction stays in Washington State.

2205A. All compensatory damages --- special damages --- general damages — punitive damages --- statutory damages — damages regarding restitution — and equitable recovery shall be awarded as follows: Any and all damages awards regarding Doris Colgate shall be vested in The Colgate Family Living Trust dated January 29, 2020--as amended; Fiduciary reimbursement damages shall be awarded to Plaintiff Edward Colgate in his capacity as Trustee and Power of Attorney; Damages awards regarding Edward Colgate individually --- shall be awarded to Edward Colgate individually; Recovery awards regarding Doris Colgate's illegally obtained or defrauded assets --- shall be vested in The Colgate Family Living Trust dated January 29, 2020--as amended;

2205B. Conditionally — if Doris Colgate is deceased or becomes deceased during these proceedings --- then any deprived and obstructed recovery relating to assets which were obstructed from going into the Trust --- and which do properly belong in the Trust according to

Trustee Edward Colgate — since that recovery would have been added to the Trust --- if not for Defendant's obstruction — and such recovery **shall be vested** in The Colgate Family Living Trust dated January 29, 2020--as amended — and **shall remain Trust property** — **not** probate estate property.

2205C. To the extent that any recovery pertains to estate claims arising after death — such recovery shall be awarded to Plaintiff Edward Colgate in his capacity as duly and legally appointed Trustee and Executor and Personal Representative.

2205D. All Trust assets — judgment proceeds — and recovery amounts established through these federal proceedings are subject to the exclusive governing law and administrative **Situs** of Washington State. **Edward Colgate --- as Trustee --- is domiciled in Washington — and the Trust is administered in Washington** by Edward Colgate — independently of and without requiring any Kentucky probate court approval — for six (6) simultaneous and independent reasons.

2205E. **FIRST:** Even though **Defendants** have **legally binding admissions of liability and damages---admitting approximately 30 claims for relief**/counts/causes of action --- **in** each of five **(5) Kentucky complaints** --- under substantive CR 8.04 admissions--- **Plaintiffs cannot file Motions for default judgment --- because judges (without jurisdiction) have attacked Plaintiffs --- using fraudulent felony accusations to deprive all court access--- prior to legal commencement** by legal service of summons and complaint by Deputy Sheriff to the Defendant. Plaintiffs incorporate by reference in full detail as though fully set forth herein **Sections XVIII, XIX, XXVI through XXXVI and FRE 201 Adjudicative Facts in Judicial NOTICES --- 2 through 8, 10, and 12 --- all which facially fully support jurisdiction** --- and incorporate by reference in full detail the **First FRE 201 Notice.** All aforementioned incorporations provide


Edward Colgate 22023 SE Wax Rd., Box 1452, Maple Valley, WA 98038, King Co.

**100% certainty of fraudulently assigned judges** and fraudulently assigned case numbers. Plaintiffs incorporate by reference in full detail as though fully set forth herein --- all of the approximately **322 adjudicative facts which facially fully support jurisdiction in Washington** State --- and which facially fully support **"Situs"** in Washington State --- in **Sections XXVI through XXXVI (26 through 36).**

2205F. **SECOND: Defendant's** substantive CR 8.04 **legally binding admissions --- admit probate fraud in Kentucky. Defendant's** substantive CR 8.04 **legally binding admissions --- admit** that **Plaintiff Edward Colgate is the legally acting "Trustee of The Colgate Family Living Trust Agreement dated January 29, 2020--as amended."**

2205G. **THIRD: Edward Colgate --- as Trustee --- is domiciled in Washington — and the Trust is administered in Washington** by Edward Colgate

2205H. **FOURTH:** All federal judgment proceeds are assigned to the Trust through the **Trustee's deed of assignment** making them Trust assets administered under Washington law rather than probate assets subject to Kentucky court jurisdiction.

2205I. **FIFTH:** All claims survive under KRS 411.140 and 42 U.S.C. §1988(a) — allowing Edward Harrison Colgate as Trustee and Executor to enforce all judgments without Kentucky probate court involvement --- because federal judgments are **enforceable under federal law independently** of any state probate administration.

2205J. **SIXTH:** The conditional Estate designatiou in this complaint pursuant to FRCP 17(a)(1)(E) — FRCP 25(a)(1) — FRCP 25(a)(2) — and FRCP 25(b) preserves all claims for the Estate within this federal proceeding --- **entirely outside of** Kentucky court jurisdiction — making Kentucky probate obstruction legally irrelevant to the enforcement of any federal judgment obtained herein.

2205K. Plaintiffs assert and incorporate by reference in full detail as though fully set forth herein and integrate the **following:** the aforementioned **439 adjudicative facts of** intentional, illegal, fraudulent, conspiratorial acts in Section XIX and the Thirteenth FRE 201 Mandatory Judicial Notice of adjudicative facts --- And approximately **329 adjudicative facts** in the Second through the Eighth and the Tenth and the Twelfth FRE 201 Notices --- regarding intentional, illegal, fraudulent, conspiratorial acts --- which facially fully support jurisdiction and venue in the U.S. District Court for the Western District of Washington --- All of which --- provide **100% Certainty of Intentional Conspiracy and Intentional Frauds and Intentional Illegal Acts.**

2205L. In addition to the **100% Certainty for most of all illegal, fraudulent and conspiratorial acts cited herein--based on official records,** the **Bayesian %** probability analysis of **conspiratorial intention** for any illegal, fraudulent, and conspiratorial act cited herein --- that may not be considered 100% --- is --- **99.9999999999999999999999999999999999999999999999999999999999999 9999999999999999999999999999999999999999999999999999999+% --- which is 99.999.....decimal point followed by more than 200 additional nines ---** for the probability and certainty of the **intentionality** of illegal, fraudulent, and conspiratorial acts cited herein.

**2205M.** Edward Harrison Colgate as Trustee --- hereby assigns to The Colgate Family Living Trust Agreement dated January 29, 2020--as amended --- all right --- title --- and interest in and to any and all judgment proceeds — settlement proceeds — and recovery award amounts --- regarding Doris Colgate's recovery --- arising from these federal proceedings and all subsequent related federal proceedings — to be held — administered — and distributed under Washington

law as the **Trust's** governing law and administrative **Situs — from the moment those proceeds are received — regardless of title — location — or source.**

**SECTION XXIV: Mandatory Judicial Notice Under FRE 201(c)(2) AND (b)(2) — Adjudicative Facts---Established From the Following: Obstructive Violations of MANDATORY REPORTING of ELDER ABUSE Under KRS 209.030(2) ["ANY PERSON" Criteria] AND Notice of Statutory Mandatory Reporting Duty--Regarding Elder Abuse (Plaintiffs incorporate by reference in full detail as though fully set forth herein-SECTION XLI-which provides numbered adjudicative facts regarding this Section.)**

2206A. **Preliminary Statement: Plaintiffs assert all of the following:** Plaintiffs respectfully request that this Court take mandatory judicial notice of the following adjudicative facts pursuant to FRE 201(c)(2) — this Court must take judicial notice because Plaintiffs have requested it and have supplied the necessary information. And these are adjudicative facts that can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned under FRE 201(b)(2).

2206B. **Notice of Statutory Mandatory Reporting Duty--Regarding Elder Abuse: Pursuant to KRS 209.030(2), "Any person"** having reasonable cause to suspect that an adult has suffered abuse, neglect, or exploitation, **shall report or cause reports to be made** in accordance with the provisions of this chapter. Death of the adult does not relieve one of the responsibility for reporting the circumstances surrounding the death. Kentucky law provides **no attorney exception. KRS 209.990(1)**---Anyone knowingly or wantonly violating the provisions of KRS 209.030(2) shall be guilty of a Class B misdemeanor. Each violation shall constitute a separate offense.

**Obstructive Violations & Felony Triggers Under KRS 209**

2207. **Triggering of Felony Exploitation Liability:** Plaintiffs assert that the "knowingly" or "wantonly" standard established in KRS 209.990(1) (Failure/Refusal to Report Elder Abuse) **directly enables** the ongoing commission of the following **felonies, for which the Defendant and any complicit and/or conspiring Counsel face full liability:** Class C Felony (KRS **209.990(5)): Any person who knowingly exploits an adult**, resulting in a total loss to the adult of **more than** three hundred dollars **($300) in financial or other resources, or both, is** guilty of a Class C felony, punishable by 5 to 10 years in prison.

2208. By attempting to conceal/deprive/obstruct the forensic evidence of Wilson's **forgery, exploitation,** and all of **Wilson's violations in claims for relief I through CII (102),** Counsel and Defendant are knowingly facilitating and participating in a Class C Felony and Class D Felony against Doris Colgate **(See KRS 209.990(6) and all parts of KRS 209.990): (6)**--Any person who wantonly or recklessly exploits an adult, resulting in a total loss to the adult of more than three hundred dollars ($300) in financial or other resources, or both, is guilty of a Class D felony, punishable by 1 to 5 years in prison. **(2)**--Any person who knowingly abuses or neglects an adult is guilty of a Class C felony.

2209. The failure/refusal to report legally binding and conclusive admitted exploitation, while possessing **"reasonable cause" via** the more than 1,600-page forensic audit and complaint, constitutes wanton or reckless exploitation, as well as knowingly exploitation, of Doris Colgate's safety and assets. Plaintiffs assert that it is **mandatory** that both Class C and Class D **felonies against Doris Colgate are reported by opposing Counsel** and Defendant.

2210. The **Complicity Conduit (KRS 502.020):** Under Kentucky law, **"Complicity with Full Liability"** means that an **attorney has a legal duty to prevent felony elder abuse offenses from occurring** by doing their **mandatory statutory duty to report under KRS 209.030(2).**

**Failing/Refusing to do so, opposing counsel is legally liable for the felonies perpetrated by their client (Defendant) since this complicity and conspiracy in obstruction of elder abuse recovery continues to cause harm/injury to Doris Colgate.** For **Conspiracy, see both 42 U.S.C. § 1985(2)-(3) and 20 RICO claims—claims for relief LXVIII through LXXXVIII (68 through 88)—where conspiracy includes full liability.**

2211. **Notice of Admitted Elder Abuse: Opposing Counsel is hereby formally noticed of the legally binding and conclusive admissions of Susan Wilson---pursuant to CR 8.04 and 28 U.S.C. § 1367(a)---in the Kentucky State Complaint (25-CI-001371, PX-51, ¶ 97), which establish the following as a matter of law: Verbatim admissions from State Complaint: "Pursuant to KRS 209.030,** Plaintiff asserts that Wilson, despite having knowledge of ongoing abuse, neglect, and exploitation involving Doris, including Wilson's own ongoing abuse, neglect, and exploitation involving Doris, **failed to fulfill her statutory duty** to report her own actions, and other participants actions. Instead, Wilson concealed the abuse, facilitated further exploitation, and obstructed intervention by other fiduciaries, including Edward and Stanette, thereby exacerbating Doris's harm and financial losses. Wilson had direct knowledge of the abuse, neglect, and exploitation Doris was experiencing, as she was directly and indirectly involved in such actions. By failing to report, Wilson violated her statutory duty **under KRS 209.030."** In addition, Wilson has **legally binding and conclusive judicial admissions of all allegations in all 30 Claims for Relief/Counts therein complaint 25-CI-001371. See PX-51. Mandatory elder abuse reporting is required by opposing Counsel** regarding the aforementioned **30 claims for relief.**

2212. It is also **mandatory that opposing Counsel report each claim for relief in which elder abuse is also connected, including all claims for relief I through CII (102), and including**

**but not limited to the following:** securities fraud, annuity frauds, robbery, theft, tampering with physical evidence, tampering with a witness, inducement of perjury, elder abuse in many different forms, wire fraud, bank fraud, mail fraud, identity theft/fraud, real estate fraud, laundering of monetary instruments, obstruction of recovery, unjust enrichment, complicity, conspiracy, tortious interference with contractual rights and reimbursement, forgery, extensive multi-state financial fraud, multi-jurisdictional violations, **and all of the following Claims for Relief:** LXVIII through LXX and LXXVI, LXXVII--Fraud by Wire in Violation of 18 U.S.C. § 1343, a Predicate RICO Act under 18 U.S.C. §§ 1961–1964(c) ---5 different claims for relief; LXXI through LXXV---Laundering of Monetary Instruments in Violation of 18 USC § 1956(a)(1)(A)(i) and § 1956(a)(1)(B)(i), a Predicate RICO Act under 18 U.S.C. §§ 1961–1964(c) --5 different claims for relief; LXXVIII---Frauds and Swindles in Violation of 18 U.S.C. § 1341, a Predicate RICO Act under 18 U.S.C. §§ 1961–1964(c)--1 claim for relief; LXXIX---Use of Fictitious Title in Mail Scheme in Violation of 18 U.S.C. § 1342, a Predicate RICO Act under 18 U.S.C. §§ 1961–1964(c) --1 claim for relief; LXXX---Aggravated identity theft/fraud in Violation of 18 U.S.C. § 1028A (a)(1)-(c)(4), a Predicate RICO Act under 18 U.S.C. §§ 1961–1964(c)--1 claim for relief; LXXXI and LXXXII---Securities Fraud in Violation of 18 U.S.C. § 1348, a Predicate RICO Act under 18 U.S.C. §§ 1961–1964(c)--2 different claims for relief; LXXXIII---Bank Fraud in Violation 18 U.S.C. § 1344(1)-(2), a Predicate RICO Act under 18 U.S.C. §§ 1961–1964(c)--1 claim for relief; LXXXIV--- Conspiracy in Violation of 18 U.S.C. §1349, a Predicate RICO Act under 18 U.S.C. §§ 1961–1964(c); LXXXV--- Tampering with a Witness and Victim in Violation of 18 U.S.C. § 1512(b)-(c)-(e)-(g)-(k), a Predicate RICO Act under 18 U.S.C. §§ 1961–1964(c)----§ 1512(e)-burden of proof is reversed—(Defendant must attempt to prove that they did not tamper with a witness.)-—1 claim for relief; LXXXVI----

Retaliating against a Witness and Victim, in Violation of 18 U.S.C. § 1513(b)-(d)-(f)-(g), a Predicate RICO Act under 18 U.S.C. §§ 1961–1964(c)---§ 1513(g) for WA state jurisdiction 1 claim for relief; LXXXVII---18 U.S.C. § 1957--(Engaging in monetary transactions in property derived from specified unlawful activity), Constituting a Predicate Act under RICO—18 U.S.C. §§ 1961–1964(c)--1 claim for relief; LXXXVIII---Obstruction of Justice under the Omnibus Clause of 18 U.S.C. § 1503, a Predicate RICO Act under 18 U.S.C. §§ 1961– 1964(c).

**SECTION XXV: Requirements for Opposing Counsel Regarding Professional Competence**

2213. Plaintiffs formally invoke **Washington RPC 1.1 (Competence)**. Any counsel appearing for the Defendant must demonstrate the legal knowledge, skill, and thoroughness reasonably necessary to address a case of this magnitude.

2214. **RPC 1.1** states: A lawyer shall provide competent representation to a client. Competent representation requires the **legal knowledge, skill, thoroughness** and preparation reasonably necessary for the representation. Opposing counsel --- **must demonstrate thorough knowledge of all 102 claims for relief,** including but not limited to the forensic complexity of this action—and involving but not limited to all of the following: numerous Federal Question violations, including but not limited to RICO violations; Civil Rights violations including but not limited to 42 U.S.C. § 1983 and 42 U.S.C. § 1985(2)-(3) violations, and the First, Seventh, and Fourteenth Amendment violations; and the following violations of: securities fraud, annuity frauds, robbery, theft, tampering with physical evidence, tampering with a witness, inducement of perjury, elder abuse in many different forms, wire fraud, mail fraud, identity theft/fraud, real estate fraud, laundering of monetary instruments, obstruction of recovery, unjust enrichment, complicity, conspiracy, tortious interference with contractual rights and reimhursement, forgery, extensive multi-state financial fraud, multi-jurisdictional violations, all related Kentucky legal authority,

and other violations. Failure to exhibit the required competence via past cases represented will result in Plaintiffs' Motions for Sanctions.

2215. Further, any senior partner appearing in this matter is formally notified of their duty under **RPC 5.1** to ensure that all subordinate associates and staff possess the specialized forensic and RICO-specific competence required to navigate the thousands of pages of documented evidence---- without misrepresenting facts to this Court.

**SECTION XXVI: THIRD FRE 201 NOTICE --- Mandatory Judicial Notice of Adjudicative Facts --- Under FRE 201(c)(2) and (b)(2) --- 100% Certainty and 100% Probability of 11 Fraudulent Judge Assignments in Jefferson Circuit Court-Kentucky --- Ten (10)-(Year 2025) of the Eleven (11) Fraudulent Judge Assignments Were Prior to the Legal Existence of Said Cases --- 100% Certainty and 100% Probability of Fraudulent Case Number Assignments in All Ten (10) Cases in Year-2025 --- All 10 Fraudulent Case Number Assignments Prior to the Legal Existence of Said Cases --- Fully Supporting Jurisdiction and Venue in the U.S. District Court for the Western District of Washington --- This Court Must Take Judicial Notice Upon This Request --- Adjudicative Facts--- Established From the Following:**

2216. **Preliminary Statement:** Plaintiffs respectfully request that this Court take mandatory judicial notice of the following adjudicative facts pursuant to FRE 201(c)(2) --- this Court must take judicial notice because Plaintiffs have requested it and have supplied the necessary information --- and these adjudicative facts can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned under FRE 201(b)(2). Verbatim — FRE Rule 201(c) Taking Notice — The court ---- (2) must take judicial notice if a party requests it and the court is supplied with the necessary information. And under Rule 201(b)(2) --- facts can

be accurately and readily determined from sources whose accuracy cannot reasonably be questioned. The sources here are official court-generated filing fee receipts — official Random Judge Assignment reports---**which are fraudulent and non-random** --- and **Manually Done Only for Pro Se Plaintiffs. Fraudulent NON-Random Judge Assignments are 100% Proven.** This also includes Authenticated audio recordings — and Kentucky civil rules — all of which --- whose accuracy cannot reasonably be questioned. **Plaintiffs incorporate by reference in full detail PX-63 Through PX-87. Each Adjudicative Fact Noticed Herein Independently and Collectively Supports This Federal Court's Jurisdiction Under 28 U.S.C. §§1331 — §1343 — and §1367 — and Personal Jurisdiction Under Calder v. Jones and Dole Food Co. v. Watts and §1391.**

2217. **Opening Adjudicative Fact Statement:** Plaintiffs assert all of the following. Based on the following adjudicative facts — Plaintiffs assert **100% Probability of 11 Fraudulent Judge Assignments** in Jefferson Circuit Court — Kentucky. Plaintiffs incorporate by reference in full detail **Sections XVIII and XIX, PX-63 Through PX-87, PX-108, Section XXVII--Audio25. The controlling legal principles establishing the adjudicative significance of each fact below:** When a real estate deed is fraudulently forged — the forger does not own the house. When a judge is fraudulently assigned to a case — the judge does not own the case and does NOT have jurisdiction in the case. Kentucky **CR 3.01** — A civil action is commenced by the filing of a complaint with the court and the issuance of a summons (summons by Deputy Sheriff in Plaintiffs' cases) --- Kentucky **CR 3.02(1)** — The filing fee for a civil case in Circuit Court shall be paid to the circuit clerk at the time the case is filed. Audio 25--Supervisor Samantha Henley confirmed on audio recording — consistent with CR 3.01 and CR 3.02(1) — that cases

are officially filed and commenced when Plaintiffs pay the filing fee with a credit card over the phone. This is the legal commencement/ filing moment — period.

2218A. **Adjudicative Fact 1A --- established from these controlling principles and applied to all 10 year-2025 cases:** A judge assignment that precedes the filing fee payment is a judge assignment that precedes the legal commencement/ filing of the case — making every such assignment void ab initio — because a judge **cannot** be assigned to a case that does **not** yet legally **exist** — for the same reason a forged deed cannot convey title to property whose transfer has not yet been authorized by the owner.

2218B. **ADJUDICATIVE FACT 1B — CASE 25-CI-001121** --- The adjudicative fact established from official court-generated documents in PX-63 and PX-64 is the following. In case 25-CI-001121 — Plaintiffs paid Samantha Sims — a fraudulent non-existent/non-payroll name in year-2025 — the filing fee on 2-17-2025 at 1:37 PM. Norma Bisig fraudulently assigned said case to Judge Tracy Davis on 2-17-2025 at 1:00:53 PM — 36 minutes and 7 seconds before the filing fee was paid and the case legally existed. The judge assignment preceded the case's legal commencement by 36 minutes and 7 seconds. Therefore, Judge Tracy Davis **never** had legal jurisdiction in case 25-CI-001121. See PX-63 — court-generated filing fee receipt. See PX-64 — Random Judge Assignment report (Which is **NON-Random**). These two official documents establish this adjudicative fact without requiring any inference.

2219. **ADJUDICATIVE FACT 2— THE CASE NUMBER AND DOUBLE ASSIGNMENT IMPOSSIBILITY:** The adjudicative fact established from Audio 25 and PX-64B is the following. On audio recording — Court Clerk Supervisor Samantha Henley and another court clerk both confirmed that commencement of a complaint starts when the filing fee is paid — and that a case number is assigned at the time the filing fee is paid. Therefore — if said cases had

generated a case number and a judge assignment at the time of the legal filing — said cases would then have had **2 case numbers and 2 judges assigned to the same case.** There was only one case number — proving the fraudulent pre-assigned case numbers were the operative ones — and proving that Plaintiffs' **filing fee payments generated no** independent **case numbers** — making the **payments legally ineffective as a commencement/filing** generating its own legitimate court record. See PX-64B, Audio25, and aforementioned paragraph 2.

2220. **ADJUDICATIVE FACT 3— CASE 25-CI-001371:** The adjudicative fact established from official court-generated documents in PX-65 and PX-66 is the following. In case 25-CI-001371 — Plaintiffs paid Samantha Sims — a fraudulent non-existent/non-payroll name in year 2025 — the filing fee on 2-25-2025 at 4:23 PM. Norma Bisig fraudulently assigned said case to Judge Patricia Morris on 2-25-2025 at 9:10:15 AM — 7 hours 12 minutes and 45 seconds before the filing fee was paid and the case legally existed. Therefore, Judge Patricia Morris **never** had legal jurisdiction in case 25-CI-001371 — the case giving rise to over 300 pages of legally binding substantive CR 8.04 admissions by Defendant Susan Wilson. See PX-65 and PX-66.

2221. **ADJUDICATIVE FACT 4 — CASE 25-CI-001447:** The adjudicative fact established from official court-generated documents in PX-67 is the following. In case 25-CI-001447 — Plaintiffs paid Samantha Sims — a fraudulent non-existent/non-payroll name in year 2025 — the filing fee on 2-27-2025 at 2:14:21 PM. Samantha Fogel — a fraudulent non-existent/non-payroll name in year 2025 — fraudulently assigned said case to Judge Patricia Morris on 2-27-2025 at 11:20:18 AM — 2 hours 54 minutes and 3 seconds before the filing fee was paid and the case legally existed. Therefore, Judge Patricia Morris **never** had legal jurisdiction in case 25-CI-001447. Refer to Audio 33 Transcription in Section XXVII for confirmation of the filing fee time to commence said case. See PX-67.

2222. **ADJUDICATIVE FACT 5— CASE 25-CI-001567:** The adjudicative fact established from official court-generated documents in PX-68 and PX-69 is the following. In case 25-CI-001567 — Plaintiffs paid Samantha Sims — a fraudulent non-existent/non-payroll name in year 2025 — the filing fee on 3-3-2025 at 3:55 PM. Norma Bisig fraudulently assigned said case to Judge Jennifer Wilcox on 3-3-2025 at 3:46:23 PM — 8 minutes and 37 seconds before the filing fee was paid and the case legally existed. Therefore, Judge Wilcox **never** had legal jurisdiction in case 25-CI-001567. See PX-68 and PX-69.

2223. **ADJUDICATIVE FACT 6— CASE 25-CI-001568:** The adjudicative fact established from official court-generated documents in PX-70 and PX-71 is the following. In case 25-CI-001568 — Plaintiffs paid Samantha Sims — a fraudulent non-existent/non-payroll name in year 2025 — the filing fee on 3-3-2025 at 3:57 PM. Norma Bisig fraudulently assigned said case to Judge Patricia Morris on 3-3-2025 at 3:46:38 PM — 10 minutes and 22 seconds before the filing fee was paid and the case legally existed. Therefore, Judge Patricia Morris **never** had legal jurisdiction in case 25-CI-001568. See PX-70 and PX-71.

2224. **ADJUDICATIVE FACT 7— CASE 25-CI-001569:** The adjudicative fact established from official court-generated documents in PX-72 and PX-73 is the following. In case 25-CI-001569 — Plaintiffs paid Samantha Sims — a fraudulent non-existent/non-payroll name in year 2025 — the filing fee on 3-3-2025 at 3:58 PM. Norma Bisig fraudulently assigned said case to Judge Mitch Perry on 3-3-2025 at 3:46:58 PM — 11 minutes and 2 seconds before the filing fee was paid and the case legally existed. Therefore, Judge Mitch Perry **never** had legal jurisdiction in case 25-CI-001569. See PX-72 and PX-73.

2225. **ADJUDICATIVE FACT 8— CASE 25-CI-001795:** The adjudicative fact established from official court-generated documents in PX-74 and PX-75 is the following. In case 25-CI-

001795 — Plaintiffs paid Samantha Sims — a fraudulent non-existent/non-payroll name in year 2025 — the filing fee on 3-10-2025 at 3:53 PM. Norma Bisig fraudulently assigned said case to Judge Patricia Morris on 3-10-2025 at 2:23:40 PM — 1 hour 29 minutes and 20 seconds before the filing fee was paid and the case legally existed. Therefore, Judge Patricia Morris **never** had legal jurisdiction in case 25-CI-001795. See PX-74 and PX-75.

2226. **ADJUDICATIVE FACT 9— CASE 25-CI-001796:** The adjudicative fact established from official court-generated documents in PX-76 and PX-77 is the following. In case 25-CI-001796 — Plaintiffs paid Samantha Sims — a fraudulent non-existent/non-payroll name in year 2025 — the filing fee on 3-10-2025 at 3:55 PM. Norma Bisig fraudulently assigned said case to Judge Annie O'Connell on 3-10-2025 at 2:23:56 PM — 1 hour 31 minutes and 4 seconds before the filing fee was paid and the case legally existed. Therefore, Judge Annie O'Connell **never had** legal jurisdiction in case 25-CI-001796. See PX-76 and PX-77.

2227. **ADJUDICATIVE FACT 10— CASE 25-CI-002006:** The adjudicative fact established from official court-generated documents in PX-78 and PX-79 is the following. In case 25-CI-002006 — Plaintiffs paid Samantha Sims — a fraudulent non-existent/non-payroll name in year 2025 — the filing fee on 3-17-2025 at 3:56 PM. Norma Bisig fraudulently assigned said case to Judge Susan Schultz Gibson on 3-17-2025 at 3:06:01 PM — 49 minutes and 59 seconds before the filing fee was paid and the case legally existed. Therefore, Judge Susan Schultz Gibson **never** had legal jurisdiction in case 25-CI-002006. See PX-78 and PX-79.

2228. **ADJUDICATIVE FACT 11— CASE 25-CI-002150:** The adjudicative fact established from official court-generated documents in PX-80 and PX-81 is the following. In case 25-CI-002150 — Plaintiffs paid Samantha Sims — a fraudulent non-existent/non-payroll name in year 2025 — the filing fee on 3-20-2025 at 4:06 PM. Samantha Fogel — a fraudulent non-existent/

non-payroll name in year 2025 fraudulently assigned said case to Judge Susan Schultz Gibson on 3-20-2025 at 3:10:04 PM — 55 minutes and 56 seconds before the filing fee was paid and the case legally existed. Therefore, Judge Susan Schultz Gibson **never** had legal jurisdiction in case 25-CI-002150. See PX-80 and PX-81.

2229. **ADJUDICATIVE FACT 12— MATHEMATICAL IMPOSSIBILITY — 35 SECONDS — CASES 25-CI-001567 25-CI-001568 AND 25-CI-001569:** The adjudicative fact established from the three preceding receipts and assignment reports combined is the following. Cases 25-CI-001567, 25-CI-001568, and 25-CI-001569 had estimated delivery dates that were different — all three cases were mailed individually and separately — yet **all three (3) were fraudulently assigned to a judge within 35 seconds of each other.** On 3-3-2025 — the times of the three respective fraudulent assignments were 3:46:23 PM, 3:46:38 PM, and 3:46:58 PM. It would be physically impossible to legitimately process three separate and individually-mailed cases within 35 seconds. This mathematical impossibility proves that the assignments were fraudulently predetermined — not processed individually — establishing institutional fraud from arithmetic alone.

2230. **ADJUDICATIVE FACT 13— MATHEMATICAL IMPOSSIBILITY — 16 SECONDS — CASES 25-CI-001795 AND 25-CI-001796:**
The adjudicative fact established from the two preceding receipts and assignment reports combined is the following. Cases 25-CI-001795 and 25-CI-001796 were fraudulently assigned within 16 seconds of each other on 3-10-2025 — at 2:23:40 PM and 2:23:56 PM. Both cases were assigned before the cases legally existed. Both cases were also mailed individually and separately. It would be physically impossible to legitimately process two separate individually-mailed cases within 16 seconds. This second mathematical impossibility — independently of the

35-second impossibility established above --- confirms the systematic predetermined fraudulent nature of all assignments from the arithmetic of the assignment timestamps alone.

2231. **ADJUDICATIVE FACTS 14 — SUBSEQUENT JURISDICTIONAL COLLAPSES COMPOUNDING INITIAL VOID ASSIGNMENTS:** The adjudicative facts established from official court orders in PX-82 through PX-87 confirm and compound the void ab initio character of the fraudulent initial assignments through subsequent judicial self-documentation of jurisdictional loss.

2232. **ADJUDICATIVE FACTS 15 ---** Judge Tracy Davis — whose initial assignment in case 25-CI-001121 was fraudulently made at 1:00:53 PM on 2-17-2025 before the case existed — subsequently cited her own loss of jurisdiction multiple times: in a sua sponte order signed 4-1-2025—entered 4-2-2025---stating the court has lost particular case jurisdiction under KRS 26A.020; in a recusal order in cases 25-CI-001121 and 21-CI-001314--signed 10-23-2025--entered 10-24-2025--citing KRS 26A.015(2)(e)—triggering both KRS 26A.015(3)(a) and KRS 26A.020; and in a third (3rd) recusal order in case 21-CI-001314--signed 10-27-2025--entered 10-28-2025. Davis---who **never** had valid or legal jurisdiction from her initial fraudulent assignment in year 2025---and Davis---who subsequently **self-documented additional jurisdictional losses** — creating/ created a **compound void** that is **documented from Davis's own official orders.** See PX-82, PX-84, and PX-86.

2233. **ADJUDICATIVE FACTS 16 ---** Chief Judge Ann Bailey-Smith — previously formally noticed as a forthcoming federal defendant — entered fraudulent orders of reallotment, without jurisdiction — in case 25-CI-001121---signed 10-27-2025---entered 10-28-2025 — and in case 21-CI-001314---signed 11-13-2025---entered 11-21-2025 — fraudulently attempting to assign

cases to judges who had also been formally noticed as forthcoming federal defendants. See PX-85 PX-87.

2234. **ADJUDICATIVE FACTS 17** --- Staff Attorney Stuart Scherer's email of 10-16-2025 --- PX-83 --- confirms the enterprise's awareness of the fraudulent jurisdictional issues---while simultaneously documenting the enterprise's attempt to fraudulently resolve them through internal coordination, complicity, and conspiracy---rather than through the mandatory Chief Justice designation required by KRS 26A.015(3)(a) and KRS 26A.020. Plaintiffs have been waiting for **over one (1) year** for the Chief Justice's **mandatory immediate** designation of a special judge required by the shall language of KRS 26A.020 with no expectation of said designation.

2235. **ADJUDICATIVE FACT 18 — SUMMARY OF ADJUDICATIVE FACTS — ALL 10 YEAR-2025 CASES:** The following adjudicative facts are established from all preceding documents combined, and requires mandatory judicial notice. In every one of Plaintiffs' ten **(10)** year-2025 cases -- the fraudulent judge assignment preceded the legal filing fee payment that CR 3.02(1) and CR 3.01 establish as the commencement/ filing event — by intervals ranging from **8 minutes** and 37 seconds **to 7 hours** 12 minutes and 45 seconds. Not one of the 10 fraudulent assignments occurred after commencement/ filing. Every single assignment was before commencement/ filing. The 100% consistent pattern 10 cases out of 10 — all assigned before the case existed — proves the fraudulent pre-commencement assignment was a fraudulent systematic institutional practice — making all ten **(10)** year-2025 **cases void ab initio**---simultaneously from the same documented **institutional fraud.**

2236. **ADJUDICATIVE FACTS 19** --- Judge Tracy Davis--**Lost Jurisdiction Pursuant to KRS 26A.020.** Judge Tracy Davis's Sua Sponte Order---signed on 4-1-2025—entered on 4-2-

2025: "Whereas, the Plaintiffs having filed a petition with Chief Justice Lambert to disqualify the undersigned pursuant to KRS 26A.020 … **this Court has lost particular case jurisdiction to proceed in this matter."** **KRS 26A.020**--Designation of retired justice or judge as special judge **(1) When, from "any cause,"** a **judge** of any Circuit Court **cannot properly preside** in an action pending in the court, the **circuit clerk shall at once certify the facts to the Chief Justice who "shall immediately designate" a** regular or retired justice or **judge** of the Court of Justice **as special judge.** Plaintiffs have been waiting for close to **1 year for** Chief Justice's immediate designation of a special judge, and continue to wait---with no expectation of said designation. See PX-82.

2237. **ADJUDICATIVE FACTS 20** --- Email from Stuart Scherer, Staff Attorney to Judge Tracy Davis, on 10-16-2025: **"After consultation with the Chief Justice's Deputy Chief of Staff and Jefferson Circuit Court's Chief Judge, it was determined that Division Five would have to decide the issue.** The case file, 25-CI-001121, was **delivered** to Division Five **by** the **clerk's** office on Tuesday, October **7."** Also, refer to **PX-63 and PX-64** for the **illegal/fraudulent judge assignment** of Judge Tracy Davis in case 25-CI-001121. Thereby, Judge Davis **never** had legal **jurisdiction** in said case since Judge Davis was fraudulently **assigned** to said case **when** said **case** did **NOT exist yet.** Plaintiffs had been **waiting for over 1 year---for** Chief Justice Debra Hembree Lambert's **"immediate designation of a special judge.** Then, **in conspiracy, the Deputy Chief of Staff, Chief Judge Ann Bailey-Smith, and Judge Tracy Davis decided** to have **Judge Tracy Davis reclaim said case—said case where Judge Davis had lost jurisdiction over 6 months prior.** This is **unprecedented.** There are **no federal or state cases** where a judge so blatantly **reclaimed a case** where she cited in an **Order---"lost jurisdiction" under KRS 26A.020**—over 6 months prior.

2238. **ADJUDICATIVE FACTS 21** --- Stuart Scherer made false statements in said email regarding the appropriate procedures that Plaintiffs were to follow. Plaintiffs did follow appropriate procedures. Based on all the evidence, addressing appropriate procedures are not applicable here, and would only be a distraction to that which is relevant and applicable. Once jurisdiction was lost, jurisdiction **cannot** be reclaimed. Furthermore, Judge Davis **never** had legal **jurisdiction** in said case since Judge Davis was fraudulently **assigned** to said case **when** said **case** did **NOT exist yet.** See PX-83.

2239. **ADJUDICATIVE FACTS 22** --- **Without** legal **jurisdiction,** Judge Tracy Davis's Order of Recusal--signed on 10-23-2025---entered on 10-24-2025-- citing on Page 2---3rd full paragraph KRS 26A.015(2)(e) provides: "(2) Any judge of the Court of Justice shall disqualify himself in any proceeding (e) where he has knowledge of any other circumstances in which his impartiality might reasonably be questioned." (This triggers KRS 26A.015(3)(a) and KRS 26A.020 for Chief Justice's judge reassignment.) Then, **without jurisdiction**, Judge Davis fraudulently attempted to have said case assigned to one of her colleagues. Once again—Judge Davis **never** had jurisdiction, since Judge Davis's initial fraudulent assignment to case 25-CI-001121---was done when said case did **NOT exist** yet. See PX-84.

2240. **ADJUDICATIVE FACTS 23** --- **Without jurisdiction,** Fraudulent Order of Reallotment by Chief Judge Ann Bailey-Smith in case 25-CI-001121—signed 10-27-2025 entered 10-28-2025: Bailey-Smith, without jurisdiction, previously formally noticed by Plaintiffs to be a Defendant in a forthcoming Federal Civil Complaint, attempts to issue a fraudulent order of reallotment. Refer to PX-83: Email from Stuart Scherer, Staff Attorney to Judge Tracy Davis, on 10-16-2025: **"After consultation with the Chief Justice's Deputy Chief of Staff and Jefferson Circuit Court's Chief Judge, it was determined that Division Five would have to**

**decide the issue.** The case file, 25-CI-001121, was **delivered** to Division Five **by** the **clerk's** office on Tuesday, October 7." Also, refer to **PX-63 and PX-64** for the **illegal/fraudulent judge assignment** of Judge Tracy Davis in case 25-CI-001121. Thereby, Judge Davis **never** had legal **jurisdiction** in said case since Judge Davis was fraudulently **assigned** to said case **when** said **case** did **NOT exist yet.** Plaintiffs had been **waiting for over 6 months---for** Chief Justice Debra Hembree Lambert's **"immediate designation of a special judge.** Then, **in conspiracy, the Deputy Chief of Staff, Chief Judge Ann Bailey-Smith, and Judge Tracy Davis decided** to have **Judge Tracy Davis reclaim said case—said case where Judge Davis lost jurisdiction over 6 months ago.** This is **unprecedented.** There are **no federal or state cases** where a judge so blatantly **reclaimed a case** where she cited in an **Order---"lost jurisdiction" under KRS 26A.020**—over 6 months prior. Stuart Scherer made false statements in said email regarding the appropriate procedures that Plaintiffs were to follow. Plaintiffs did follow appropriate procedures. Based on all the evidence, addressing appropriate procedures are not applicable here, and would only be a distraction to that which is relevant and applicable. Once jurisdiction was lost, jurisdiction **cannot** be reclaimed. Furthermore, Judge Davis **never** had legal **jurisdiction** in said case since Judge Davis was fraudulently **assigned** to said case **when** said **case** did **NOT exist yet.** Also, reallotted judge Brian Edwards had previously been formally noticed by Plaintiffs to be a Defendant in a forthcoming Federal complaint. See PX-85.

2241. **ADJUDICATIVE FACTS 24 ---** Plaintiffs incorporate by reference in full detail PX-82, PX-83, PX-84, PX-85. Plaintiffs incorporate by reference in full, each and every detail in PX-84. **Without jurisdiction,** Judge Tracy Davis's Fraudulent Order of Recusal in case 21-CI-001314—signed on 10-27-2025---entered on 10-28-2025. Judge Davis had previously recused herself in case 21-CI-001314--signed on 10-23-2025--entered on 10-24-2025, **losing** jurisdiction. Since

Davis had cited KRS 26A.015(e) in her signed order on 10-23-2025, triggering immediate Chief Justice reassignment under KRS 26A.015(3)(a) and KRS 26A.020, Davis, **without** jurisdiction, attempted to issue another illegal order of recusal—without citing KRS 26A.015(e)—attempting to fraudulently assign said case to one of her colleagues. In addition, the judge who was fraudulently assigned to said case had previously been formally noticed by Plaintiffs to be a Defendant in a forthcoming Federal complaint. See PX-86.

2242. **ADJUDICATIVE FACTS 25 --- Without jurisdiction,** Fraudulent Order of Reallotment by Chief Judge Ann Bailey-Smith in case 21-CI-001314—signed 11-13-2025—entered 11-21-2025: Bailey-Smith, without jurisdiction, previously formally noticed by Plaintiffs to be a Defendant in a forthcoming Federal Civil Complaint, attempts to issue a fraudulent order of reallotment for a **second time.** Refer to PX-83: Email from Stuart Scherer, Staff Attorney to Judge Tracy Davis, on 10-16-2025: **"After consultation with the Chief Justice's Deputy Chief of Staff and Jefferson Circuit Court's Chief Judge, it was determined that Division Five would have to decide the issue.** The case file, 25-CI-001121, was **delivered** to Division Five **by** the **clerk's** office on Tuesday, October **7."** Also, refer to **PX-63 and PX-64** for the **illegal/fraudulent judge assignment** of Judge Tracy Davis in case 25-CI-001121. Thereby, Judge Davis **never** had legal **jurisdiction** in said case since Judge Davis was fraudulently **assigned** to said case **when** said **case** did **NOT exist yet.** Plaintiffs had been **waiting for over 6 months---for** Chief Justice Debra Hembree Lambert's **"immediate designation of a special judge.** Then, **in conspiracy, the Deputy Chief of Staff, Chief Judge Ann Bailey-Smith, and Judge Tracy Davis decided** to have **Judge Tracy Davis reclaim said case—said case where Judge Davis lost jurisdiction over 6 months ago.** This is **unprecedented.** There are **no federal or state cases** where a judge so blatantly **reclaimed a case** where she cited in an **Order---"lost**

**jurisdiction" under KRS 26A.020**—over 6 months prior. Stuart Scherer made false statements in said email regarding the appropriate procedures that Plaintiffs were to follow. Plaintiffs did follow appropriate procedures. Based on all the evidence, addressing appropriate procedures are not applicable here, and would only be a distraction to that which is relevant and applicable. Once jurisdiction was lost, jurisdiction **cannot** be reclaimed. Furthermore, Judge Davis **never** had legal **jurisdiction** in said case since Judge Davis was fraudulently **assigned** to said case **when** said **case** did **NOT exist yet.** Also, reallotted judge Eric Haner had previously been noticed by Plaintiffs to be a Defendant in a forthcoming Federal complaint. Also refer to PX-85. See PX-87.

2243. **ADJUDICATIVE FACTS 26** --- Cases 25-CI-001567, 25-CI-001568, and 25-CI-001569 had estimated delivery dates that were different. **All 3 cases were mailed individually and separately.** All 3 cases were fraudulently assigned to a judge **within 35 seconds.** All 3 cases were assigned to a judge **before the case legally existed.** On 3-3-2025, the times of respective assignment were **3:46:23 PM, 3:46:38 PM, 3:46:58 PM.** It would be impossible to legally process 3 cases within 35 seconds. This was fraudulently predetermined to pick a judge who was willing to attempt fraudulent felony accusations against Plaintiffs, **depriving all Court access.** See preceding paragraphs in this Section.

2244. **ADJUDICATIVE FACTS 27 ---** Cases 25-CI-001795 and 25-CI-001796 were fraudulently assigned within 16 seconds of each other on 3-10-2025--at **2:23:40 PM and 2:23:56 PM.** Both cases were assigned to a judge **before the case legally existed.** It would be impossible to legally process 2 cases within 16 seconds. This was fraudulently predetermined to pick a judge who was willing to attempt fraudulent felony accusations against Plaintiffs,

**depriving all Court access. These 2 cases** were also **mailed individually and separately.** See preceding paragraphs in this Section.

**2245. (2245 has subsections 1 through 74.)**

**SECTION XXVII: TENTH FRE 201 NOTICE --- MANDATORY JUDICIAL NOTICE OF ADJUDICATIVE FACTS UNDER FRE 201(c)(2) AND (b)(2) — ADJUDICATIVE FACTS ESTABLISHED FROM AUTHENTICATED AUDIO RECORDINGS — AUDIO 22 THROUGH AUDIO 40 — JEFFERSON CIRCUIT COURT EMPLOYEES' OWN STATEMENTS DOCUMENTING DISAPPEARED CASE FILES — NO PROOF OF SERVICE OF ORDERS IN ANY OF PLAINTIFFS' 11 CASES — ILLEGAL ENTRY OF ORDERS BY JUDGES' SECRETARIES --- PLAINTIFFS' MOTIONS NOT DOCKETED — PLAINTIFFS' RECORDS DESTROYED AND DISAPPEARED — AOC (Administrative Office of the Courts) AND COURT CLERK'S OFFICE DIRECTION OF OBSTRUCTION/ DEPRIVATION — FRAUDULENT JUDGE ASSIGNMENTS--PRIOR TO THE EXISTENCE OF ALL TEN (10) CASES IN YEAR-2025—CONFIRMED --- FRAUDULENT CASE ASSIGNMENTS--PRIOR TO THE EXISTENCE OF ALL TEN (10) CASES IN YEAR-2025—CONFIRMED--- PRO SE PLAINTIFFS NEVER LEGALLY ASSIGNED A JUDGE IN ALL TEN (10) CASES IN YEAR-2025--AT THE TIME OF PAYMENT--CONFIRMED --- PRO SE PLAINTIFFS NEVER LEGALLY ASSIGNED CASE NUMBERS IN ALL TEN (10) CASES IN YEAR-2025--AT THE TIME OF PAYMENT--CONFIRMED — PAYROLL ONLY--MEANS CONTRACTORS-- CONFIRMED — ALL CASES ACTIVE AND OPEN--CONFIRMED ---- Facially Fully Supporting Personal and Subject Matter Jurisdiction in the U.S. District Court for the**

**Western District of Washington Under 28 U.S.C. §§1331 — 1343 — and 1367 — THIS COURT MUST TAKE JUDICIAL NOTICE UPON THIS REQUEST.**

**1. Preliminary Statement:** Plaintiffs respectfully request that this Court take mandatory judicial notice of the following adjudicative facts pursuant to FRE 201(c)(2) - - this Court must take judicial notice because Plaintiffs have requested it and have supplied the necessary information. These adjudicative facts can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned under FRE 201(b)(2) — specifically authenticated audio recordings legally made under KRS 526.010-one-party consent and 18 U.S.C. §2511(2)(d)-federal one-party consent authenticated by witnesses under FRE 901 and KRE 901 — and transcribed word for word. Each statement by a Jefferson Circuit Court employee is simultaneously an adjudicative fact and an admission by an authorized institutional representative. Note for clarity — Plaintiffs filed 10 legal cases in year-2025 and one legal case in year-2021-amended in year-2022 — totaling 11 cases referenced throughout.

**THE ADJUDICATIVE FACTS ARE AS FOLLOWS:** Plaintiffs incorporate by reference in full detail **Sections XVIII, XIX, XXXVI, XXVI, XXX, XXXII, XXVIII, XXIX, XXXI, XXXV, XXVII, XXXVII, PX-63 through PX-87, all 167 Exhibits,** and the **First through the Twelfth FRE 201 Notices** of judicially **noticed adjudicative facts,** which include approximately **1,044 total adjudicative facts,** including approximately **322 adjudicative facts** supporting **jurisdiction** in the U.S. District Court for the Western District of Washington; **FRE 201 Adjudicative Facts in Judicial NOTICES --- 2 through 8, 10, and 12 --- fully support jurisdiction. Each Adjudicative Fact Noticed Herein Independently and Collectively Supports This Court's Jurisdiction Under 28 U.S.C. §§1331 — 1343 — and 1367 — and Personal Jurisdiction Under Calder v. Jones and Dole Food Co. v. Watts.**

2. **ADJUDICATIVE FACT 1 — AUDIO22 — OCTOBER 3, 2025 — CASE FILES MISSING WITHOUT OUT-CARDS:** The adjudicative fact established from Audio22 is the following: Court file-clerk Cecil — at the Jefferson Circuit Court file desk — confirmed on October 3, 2025 that the complete case file folders for cases 25-CI-001121, 25-CI-001567, and 25-CI-001569 were **not in the file room** — and that there were **no out-cards** for any of the three missing files. Cecil confirmed verbatim — There were no out-cards — and confirmed that he had no idea when the files may have been taken or when they might be returned — confirmed verbatim — That's Right. At **17:51 minutes in---Edward: So you have no idea of when they may have been taken and no idea when they may be brought back, if they are somewhere? Cecil: That's Right.**

3. The **adjudicative facts established are** — three complete case file folders were missing from the court file room — without out-cards — without any documentation of who took them or when — making the physical court records of three active cases unaccounted for on October 3, 2025. Pro se Plaintiffs are denied/deprived scanning and uploading of their court filings — meaning that when physical court files disappear---there is no electronic backup of Plaintiffs' court records — making the disappearance of the physical files a complete destruction of those records.

4. **ADJUDICATIVE FACT 2 — AUDIO23 — SEPTEMBER 25, 2025 — CASE FILES IN JUDGE'S CHAMBERS SINCE APRIL 22, 2025:** The adjudicative fact established from Audio23 is the following: Court file clerk Cecil confirmed on September 25, 2025 that case file folders for cases 25-CI-002150 and 25-CI-002006 had been in the judge's chambers since April 22, 2025 — **over five months.** Cecil confirmed verbatim — Both of the files are apparently in the Judge's chambers and they have been there **since April 22nd** — and confirmed — That is

correct. Cecil acknowledged this was based on an absence of out-cards — meaning he was **guessing** rather than knowing from documented checkout records — establishing that the **Court Clerk** had **not been the custodian of those court records for over five months** with **no** documentation of their location. **Audio23 court clerk--9-25-2025:** At **28:00 minutes in: Cecil:** Both of the files are apparently in the Judge's chambers and they have been there **since April 22nd**. **Edward:** So **25-CI-002150 and 25-CI-002006** have both been in the Judge's chambers since **April 22nd of 2025.** Is that correct? **Cecil: That is correct.**

**5. ADJUDICATIVE FACT 3 — AUDIO24 — OCTOBER 10, 2025 — JUDGE'S SECRETARY ENTERS ORDERS INTO DOCKET—NO PROOF OF SERVICE EXISTS:**

The adjudicative fact established from Audio24 is the following: Angela Lloyd — bench clerk for Judge Wilcox — confirmed three specific institutional practices.

**6. ADJUDICATIVE FACT 4** — Angela confirmed that Judge Wilcox's secretary Sheree not the Court Clerk's Office — illegally enters signed orders into the case history docket log — confirmed verbatim — The stepping clerk brings it up, the judge signs it, the secretary submits it. The secretary submits it after the judge signs it. At **9:43 minutes in: Edward:** Do you also enter the orders which have been signed--in the case history—**Angela: No**—Edward: docket log? **Angela: No, the secretary does that. Edward:** What secretary? **Angela:** Sheree, she is Judge Wilcox's secretary. At **26:00 minutes in: Edward:** So you are in the same office as the judge? **Angela:** Yes. At **12:15 minutes in: Angela:** The stepping clerk brings it up, the judge signs it, the **secretary submits it.** The **secretary submits it** after the judge signs it. At **20:38** minutes: **Edward:** anything else that you mailed, and specific to this, what actual proof of the time and manner do you have that order was legally served to me? At **20:52** minutes: What

actual proof of the time and manner do you have that order was actually served? **Angela:** At **21:12** minutes-- But we **don't** have any proof of that.

7. **ADJUDICATIVE FACT 5** – Angela confirmed that judges' secretaries entering orders into the docket is the practice — not the Court Clerk's Office — in violation of CR 77.04(2) which mandates that the Court Clerk's Office enter orders. Also refer to Fact 4.

8. **ADJUDICATIVE FACT 6** — Angela confirmed that no proof of time and manner of service of orders exists confirmed verbatim — But we don't have any proof of that — in response to Edward's specific question about proof of time and manner of legal service of orders to Plaintiffs — in violation of CR 5.03's mandatory requirement. Also refer to Fact 4.

9. **ADJUDICATIVE FACT 7 — AUDIO25 — MARCH 4, 2026 — CASE COMMENCES WHEN FILING FEE PAID — CASE NUMBER GENERATED AT PAYMENT — NOT IN EFILING SYSTEM:** The adjudicative facts established from Audio25 are the following: Supervisor Samantha Henley — also using names Samantha Sims and Samantha Fogel — all sharing personnel number 00269101 — based on--- At **4:39 minutes**—**Edward:** Did each of my 10 legal cases officially start, when, through a phone call to you, I paid the filing fee with a credit card to commence the complaint action, and you had previously told me that? Is that correct? The case officially starts and commences when I pay the filing fee to you, and you had previously told me that, is that correct? At **4:57 minutes**—**Edward:** the **case officially starts and commences** when I pay the **filing fee** to you with a **credit card** over the phone, **is that correct? Samantha Henley/Sims/Fogel: Right, however you pay it, yes. When you pay it, that's when it starts. Edward:** So **when I pay it,** that is when the **case number** is being **generated, is that correct? Samantha: Yes.** Edward: Is it going into the Efiling system? Samantha: **No.** --- also confirmed the following.

**10. ADJUDICATIVE FACT 8** — cases officially start and commence when the filing fee is paid -- confirmed verbatim — Right, however you pay it, yes. When you pay it, that's when it starts. Also refer to fact 7.

11. **ADJUDICATIVE FACT 9** — the case number is generated when the filing fee is paid — confirmed verbatim — Yes — in response to Edward's question whether the case number is being generated at the time of payment. Also refer to fact 7.

12. **ADJUDICATIVE FACT 10** — pro se Plaintiffs' cases do not go into the eFiling system — confirmed verbatim — No — in response to Edward's question whether the case goes into the eFiling system. Also refer to fact 7.

13. These three confirmed facts establish from Henley's own voice the legal commencement point — the case number generation moment — and the absence of independent eFiling timestamp verification -- all of which are the foundational adjudicative facts for the void ab initio analysis in **Section XXVI.** Also see **Section XXVII.** Also refer to fact 7.

**14. ADJUDICATIVE FACT 11 — AUDIO26 — FEBRUARY 17, 2026 — NO PROOF OF TIME AND MANNER IN ANY OF 11 CASES — SMALLEY CONTROLS:** The adjudicative facts established from Audio26 are the following: Supervisor Samantha Henley confirms: **Audio26** Samantha **2-17-2026**—Edward speaking with Samantha Henley/Sims/Fogel: At **2:44 minutes**—**Edward:** In any of the **11 cases,** did you **find any certificate or affidavit for proof of time and manner for mailed orders? Samantha: No.** Edward: Approximately, **how many** electronic communications or emails **to staff attorneys** did you find from me. **Samantha:** There is **only one case that had a few in it.** At **4:08 minutes**—Samantha: you can talk to Kevin Smalley about that. I am not doing anything without his permission. The material relevance of Audio26 is the following: Any adverse order regarding complaints--is void/void ab

initio based on violations of CR 5.03—since there is **no** proof of time and manner. Since only one (1) case of eleven (11) Plaintiffs' cases had a few emails in it as part of the open-public records, there are more than 200 documents, many of which are several pages, that have been destroyed.

15. **ADJUDICATIVE FACT 12** — no certificate or affidavit of proof of time and manner of mailed orders exists in any of Plaintiffs' 11 cases — confirmed verbatim — No — in response to Edward's specific question about proof of time and manner in any of the 11 cases — establishing a complete absence of CR 5.03 compliance across all 11 cases simultaneously. Also refer to fact 11.

16. **ADJUDICATIVE FACT 13** — Henley confirmed that she does not take any action without Kevin Smalley's permission — confirmed verbatim — you can talk to Kevin Smalley about that. I am not doing anything without his permission — establishing Smalley's control over Henley's actions as an adjudicative fact from Henley's own statement. Also refer to fact 11.

**17A. ADJUDICATIVE FACTS 14A — AUDIO27 — MARCH 20, 2026 — STEPHANIE WILLIAMS CONFIRMS NO PROOF OF SERVICE — MOTIONS NOT LEGALLY DOCKETED — DOCUMENT POSTMARKED JULY 2025---NOT ENTERED UNTIL OCTOBER 13, 2025:** The adjudicative facts established from Audio27 are the following: Supervisor Stephanie Williams — supervisor over support clerks and bench clerks — confirmed.

**17B. ADJUDICATIVE FACTS 14B--Audio27--3-20-2026: Edward speaking with Stephanie Williams,** who is the **Supervisor** over the support clerks/stepping clerks, and bench clerks (and over 20 minutes of other court clerk employees refusing to answer any questions—hanging up or communicating that they were told not to help me—before Stephanie did answer some questions) (34:24 total time) At **22:56 minutes**---**Edward:** Is this Stephanie Williams?

**Stephanie:** Yes. Edward: You are the supervisor over the stepping clerks, is that correct? Stephanie: Yes, Circuit Support. At **23:50 minutes**---Stephanie: and I, we, and I have been instructed from the civil suit desk that the only person that knows about your case and that/who is supposed to speak to you is Samantha. At **24:16 minutes---Edward:** You don't have to know about my case to answer questions about my case and nobody has ever told me that before. At **24:25 minutes---Stephanie:** But we have been instructed that Samantha is the one that's supposed to answer questions about the case. **I'm not sure why.** At **24:46 minutes--Stephanie:** I have been instructed that Samantha needs to talk to you about this. **Edward:** And who instructed you that? **Stephanie:** I was instructed by the Civil Suit Desk. At **25:08 minutes---Edward:** And what person from the civil suit desk told you that? Stephanie: Has Samantha been speaking to you about your case? **Edward:** Other people have, other employees. At **25:50 minutes---Stephanie:** Samantha is the supervisor at the civil suit desk. I am the supervisor of the support clerks and the bench clerks. I am the supervisor of the **bench clerks who work for the judges,** and the support clerks who process the documents that come in, and Samantha is the supervisor at the civil suit desk. We are both supervisors, just in 2 different departments. At **26:48 minutes---Stephanie:** So 25-CI-002150, is this the judge Gibson case? Edward: Yeah/Yes. **Stephanie:** And the last order that I am seeing put in there on **3-18 (2026)** is the order **abeyance pending chief justice determination.** It is hereby held in abeyance. At **27:48 minutes: Stephanie:** The order was signed by Judge **Gibson: it is hereby held in abeyance pending chief justice determination signed on the 18th.** The order was mailed out on the 18th, which was Wednesday. At **29:12 minutes: Edward: No orders** have ever been legally **served to me in any case.** At **29:25 minutes: Edward:** Do they have any—there is a civil rule **Civil Rule 5.03**--where it says they are supposed to show through certificate/certification or through

affidavit---that they are supposed to show proof of time and manner of how that was done, do they have anything like that? **Stephanie: NO. At 32:25 minutes:** Stephanie: We take what we receive and put it in kycourts. It was put in October 13 (2025) and post-marked July 2025. At **32:35 minutes: Edward:** In some other case where I had motions, and when there are motions, it is supposed to, in the docket, cite motions, …because in this case, it shows document tendered, response tendered, but there **were** actually **motions.** At **32:53 minutes: Edward:** Where it says document tendered, response tendered, shouldn't it also say Motions? **Stephanie:** We have to do both. **We have to both—put it in as motion not requiring a hearing and tendered document attached.** Relevance of Audio27: Stephanie confirms **NO proof** of time and manner, voiding any adverse orders regarding Plaintiffs. Stephanie confirms that it is Mandatory for the Court Clerk's Office to cite Plaintiffs' Motions in the docket---which is being violated by the Court Clerk's Office in the following Plaintiffs' cases: 25-CI-002150, 25-CI-002006, 25-CI-001567, and other cases.

18. **ADJUDICATIVE FACT 15** — no proof of time and manner of service exists — confirmed verbatim — **NO** — in response to Edward's specific question about CR 5.03 compliance — establishing the same complete absence of service documentation confirmed in Audio26 from a second independent supervisor. Also refer to facts in paragraphs 17A and 17B.

19. **ADJUDICATIVE FACT 16** — the Court Clerk's Office is mandated to cite Plaintiffs' motions in the docket — confirmed verbatim — We have to do both. We have to both put it in as motion not requiring a hearing and tendered document attached — establishing the docketing obligation while simultaneously confirming it was being violated in cases 25-CI-002150, 25-CI-002006, 25-CI-001567, and other cases. Also refer to facts in paragraphs 17A and 17B.

20. **ADJUDICATIVE FACT 17**— Gibson's order in case 25-CI-002150 was entered on March 18, 2026 and states it is hereby held in abeyance pending chief justice determination — confirming Gibson's order content from the court's own records. Also refer to facts in paragraphs 17A and 17B.

21. **ADJUDICATIVE FACT 18** — a document postmarked July 2025 was not entered into the system until October 13, 2025 — confirmed verbatim — It was put in October 13 and post-marked July 2025 establishing a three-month gap between receipt and docketing in Plaintiffs' case. **NOTE:** It was discovered that the J U L was ripped off---and the certified mailing number **proved it was May 2025,** not July, which is a **5 month gap.** Also refer to facts in paragraphs 17A and 17B.

22. **ADJUDICATIVE FACT 19** — Stephanie confirmed she was specifically instructed that only Samantha should speak to Plaintiffs about their cases — confirmed verbatim I have been instructed that Samantha is the one that's supposed to answer questions about the case. I'm not sure why and that this instruction came from the Civil Suit Desk — establishing a specific institutional directive/order controlling information access to Plaintiffs about their own cases. Also refer to facts in paragraphs 17A and 17B.

**23. ADJUDICATIVE FACT 20 — AUDIO28 — JANUARY 30, 2026 — CHIEF DEPUTY ANGELA McCOY REFUSES TO ADDRESS HUNDREDS OF MISSING PAGES:** The adjudicative fact established from Audio28 is the following: Angela McCoy — Chief Deputy of Circuit Court - refused to address hundreds of pages of missing destroyed and/or disappeared records sent by certified mail with signature confirmation despite this being Edward's third follow-up request for a call back. Supervisor Samantha Henley had previously confirmed the missing records. The adjudicative fact is McCoy's documented refusal as Chief Deputy to

address the disappearance of hundreds of officially received court records — establishing institutional awareness of the missing records at the highest administrative level of Jefferson Circuit Court combined with institutional refusal to act. **Audio28 McCoy 1-30-2026:** At **4:50 minutes in: Edward:** This is my **3rd follow-up** requesting a call back specific to having **numerous missing court records addressed consisting of hundreds of missing pages.** These records were sent **certified mail with signature.** Supervisor Samantha Henley had previously **confirmed these missing records.** I also see where **one of these cases recently disappeared. (Angela McCoy, Chief Deputy of Circuit Court, refuses to address hundreds of pages of missing, destroyed, and/or disappeared records.)**

**24. ADJUDICATIVE FACTS 21 — AUDIO29 — FEBRUARY 9, 2026 — SMALLEY DIRECTED AND ORDERED FRAUDULENT DOCKET ENTRY:** The confirmed adjudicative facts established from Audio29 are the following: **Audio29 samantha 2-9-2026: At 3:01 minutes in:** Samantha: Civil circuit, this is Samantha, may I help you? **At 3:35 minutes—Edward:** In that case numbered **25-CI-002150 – since ---"Came to hand" is archaic** bureaucratic language. Was the phrase **"tendered document came to hand 10-13-25,** and APS (Plaintiff) **postmarked July 2025" specifically directed or instructed by Kevin Smalley as to how it should be cited and entered into the case history docket log? Samantha: Yes.** At **4:33 minutes---Edward:** I even had one of the **court clerks acknowledge that it came to hand** when I called in to confirm receipt, **and once I look back and confirm who the court clerk was who confirmed receipt,** I presume you would **not** be willing to change the **"came to hand" date? Samantha: I won't be changing anything without someone telling me from here. Edward: Because you entered it exactly how he told you to enter it, correct? Samantha: Yes.** At **5:28 minutes---Edward:** I do have the

**signature of James Oaks,** and when **I show proof of the different dates** that he **signed** for **different filings,** will you **add my case filings** that have **disappeared from** the **case file folders?** Or is the only way you can do that is **if Kevin Smalley says you can do it?** **Samantha: I wouldn't do anything** without asking someone first. At **6:14 minutes---** **Edward:** So when the filings are **sent in, court filings,** and I see **USPS, James Oakes sign for it,** and he is the **supervisor there, is that right? Samantha: I think so. Edward:** And then **when I show proof of the date that he signed it, even if I have proof of that---it doesn't really matter---if somebody** above you **doesn't tell you that you need to include my court filings that were sent in on those dates, is that correct? Samantha: Right. Samantha: Yes.** Edward: And I know that in that case **25-CI-002150**—the **entire case folder** was **taken for approximately 8 months without an OUT-CARD--based on file clerk confirmation. (Note:** Plaintiffs are denied and deprived of scanning and uploading---when the Defendant's court filings are in the Court's electronic system.)

25. **ADJUDICATIVE FACT 22** — Chief Deputy Kevin Smalley—who McCoy refers to as the Chief of Staff---specifically directed/instructed/ordered how a docket entry should be cited and entered into the case history docket log — confirmed verbatim — Yes — in response to Edward's question whether Smalley directed the specific citation of tendered document came to hand 10-13-25 — and — I put it in because I was told to put it in by Kevin Smalley. Also refer to paragraph 24.

26. **ADJUDICATIVE FACT 23** — Henley confirmed she entered the docket entry exactly as Smalley told her — confirmed verbatim — Yes — in response to Edward's question whether she entered it exactly how he told her to. Also refer to paragraph 24.

27. **ADJUDICATIVE FACT 24** — Henley confirmed that even with proof of different certified mail delivery dates — she would not correct the docket entry without Smalley's authorization — confirmed verbatim — I wouldn't do anything without asking someone first — establishing that the fraudulent docket entry is being maintained through Smalley's institutional direction/orders over Henley's actions. Also refer to paragraph 24.

**28. ADJUDICATIVE FACTS 25 — AUDIO30 — MARCH 26, 2026 — MOTIONS CONFIRMED IN FILE FOLDER — 69 PAGES — CERTIFIED MAIL NUMBER CONFIRMED:** The adjudicative facts established from Audio30 are the following: Supervisor Samantha Henley confirmed specific facts after physically pulling case file folder 25-CI-002150: **Audio30 Samantha 3-26-2026:** At **1:30 minutes in—Edward:** Can you pull the file folder for case 25-CI-002150? At **3:38 minutes—Samantha:** Ok, I've got it. **Edward:** So the Plaintiffs' Motions that are in there that are related to the post-marked July 2025, can you go to the last page that was signed and tell me the date that it was signed? At **4:24 minutes—Samantha: May 1st, 2025. Edward:** How many pages is that? **Samantha:** That was **page 69.** Edward: On the post marked envelope that was/is in there, can you tell me the **certified mailing number?** Samantha: 9589071052702917121851. **Edward:** That signed page was supposed to be in the open records and it was not. That one was not in there. **Samantha: Yeah, I'll mail to you. (Note:** the next conversation with Samantha—she was then refusing to mail it to Edward.) **Edward:** What court employee supposedly mailed this order? At **7:47 minutes—Samantha:** That was Scott. **Edward:** He's the bench clerk for Judge Gibson, is that correct? **Samantha: Uh huh (Yes).** At **8:10 minutes—Edward:** Whatever you have--that he supposedly sent it, can you send me that? **I don't have anything. Samantha: No.** (No proof of time and manner in **violation of CR 5.03.)** At **9:55 minutes—Samantha: By filing motion. Edward:** If I file that

motion to find missing documents, when I mail those in and I call in, **are you willing to acknowledge that I mailed in those motions for that specific purpose?** At **10:41 minutes---Samantha:** You need to address that with the judge. **Edward:** But what happens in those cases, **they just disappear,** and whatever I send in in those cases---will just disappear as if it never even got there. So if nobody verifies, they will just **disappear like the other ones.** At **11:23 minutes—Edward:** It is actually the **court clerk's responsibility** to find out what happened to those **missing records** because I did send them in to the Jefferson circuit court **by certified mail with signature,** and it's the **clerk's responsibility to find those motions**---and not file motions--for motions that have disappeared. At **11:52 minutes---Edward:** Are you at least willing to attempt to find those motions that I sent in that have **disappeared? Samantha:** You need to **talk to the judge** about them. **Edward:** But they are going to do the same thing they did before--when they were disappeared. **Samantha:** You need to **talk to the judge** about them. **Edward:** But it is the **court clerk's responsibility to maintain the records. Samantha:** We maintain the records. **Edward:** Then **where are they?**-The **Motions** that have **disappeared** that I sent **certified mail and signed for?** At **12:40 minutes—Edward:** Can you look through those cases again, it—1567--and. **Samantha:** I have looked through those cases so many times. (Plaintiffs' Motions have been disappeared.)

29. **ADJUDICATIVE FACT 26** — Plaintiffs' motions are physically present in the case file folder — last page signed May 1, 2025 — 69 pages total. But since the docket states tendered document or response---NO one knows that there are motions to be ruled on. Samantha, Smalley, McCoy, Nicholson---all insist on maintaining the fraudulent docket entry. Also refer to paragraph 28---and refer to aforementioned statement by Williams saying that, by law, it is

mandatory that the docket states or cites "Motions," which trigger time responses, versus citing documents or response.

30. **ADJUDICATIVE FACT 27** — the postmarked envelope in the file folder is postmarked July 9, 2025 — confirmed verbatim — July 9th of 2025, is that correct? Yes. Discovery by going to USPS tracking of the certified mailing---**May 9th of 2025 is the correct date**, not the fraudulent date of July. Also refer to paragraph 28.

31. **ADJUDICATIVE FACT 28** — the certified mailing number is 9589071052702917121851 — confirmed from the physical envelope in the file folder. Also refer to paragraph 28.

32. **ADJUDICATIVE FACT 29** — the motions were not in the open records even though they are physically in the file folder — confirmed by Henley acknowledging — Yeah, I'll mail to you — and the bench clerk Scott — bench clerk for Judge Gibson · supposedly mailed an order without any proof of time and manner — confirmed verbatim — No — in response to Edward's request for documentation of service. Plaintiffs never received the order. Scott fraudulently did not mail the order. Henley fraudulently never mailed the aforementioned to Plaintiff. Also refer to paragraph 28. Gibson's has a fraudulent NOE on her loss of jurisdiction order signed on 3-17-2026 and entered 3-18-2026, fraudulently attempting to rewrite Plaintiffs' complaint by fraudulently attempting to eliminate Doris Colgate, the abused elder, as a Plaintiff, and by fraudulently having cc: for certification with no notice of method, manner, or to where the Plaintiffs would be legally served. Therefore, Scott did not mail anything to Plaintiffs.

33. **ADJUDICATIVE FACT 30** — Henley confirmed that when Plaintiffs ask about missing documents they are told — You need to address that with the judge — even though the motions are in the physical file folder — and Henley confirmed the motions have disappeared from

multiple cases — confirmed verbatim — I have looked through those cases so many times. Also refer to paragraph 28.

**34. ADJUDICATIVE FACTS 31 — AUDIO31 — JANUARY 23, 2026 — McCOY ADMISSIONS — JEFFERSON CIRCUIT COURT FRAUDULENT PRACTICES:**

The adjudicative facts established from Audio31 are the following: Angela McCoy — Chief Deputy of Circuit Court — confirmed or failed to deny six specific fraudulent institutional practices to Jefferson Circuit Court. **Audio31** Samantha-**angie mccoy 1-23-26:** At **27:34 minutes—Angela McCoy:** This is Angie. I'm Chief Deputy over Circuit Court. I'm thinking that they didn't scan the certified mail certificate, we can reprint all the documents and send them out again. We don't know whether they lost the package or whether they just didn't scan it. If we mailed it out a couple of weeks ago, they should have scanned it by now. At **29:30 minutes---Edward:** Since there are no written rules saying that you cannot email me the records in an attachment, what's the reason for that? (Angela McCoy did not answer why.) And you're Angie McCoy, Angela McCoy? **Angela: Yes.** I am **Chief Deputy. Yes. Edward:** Why is the Jefferson Circuit Court the only Court in Kentucky that states that pro se Plaintiffs' emails to staff attorneys and judges are **not** part of the public record--if the staff attorneys and/or judges do not want those emails to be part of the public record? **Angela:** I **can't** answer that. I **don't know. Edward:** Why is the Jefferson Circuit Court the only Court in Kentucky that **refuses to scan and upload pro se Plaintiffs' court filings? Angela: I can't answer that. Edward:** Why is the Jefferson Circuit Court the only Court in Kentucky that would allow judges to hold onto records as long as they want to do so, even when those records are not in use, more than **8 months at a time** in some cases? **Angela: I told you---I can't answer that. Edward:** Why is the Jefferson Circuit Court the only Court in Kentucky where public court employees refuse to

give their last names to a Plaintiff who calls the court? **Angela:** We don't have to give our last names. We have been told that. At **34:30 minutes---Edward:** Are there any written rules that state this? **Angela:** Kevin Smalley is our **Chief of Staff,** so if you would like to ask him. At **35:47 minutes—Edward:** Why is a judge allowed to cite in the Notice of Entry of an Order—to pro se Plaintiffs--- **"Electronically"**---since that **prevents and denies all legal service of all orders to pro se plaintiffs**---because **pro se plaintiffs** have **NO** electronic access? **Angela:** I **can't** answer any of those questions about why the judges can do that. I **don't** have that knowledge. (McCoy is supporting **no** legal service of orders.) At **36:48 minutes—Angela:** It should be mailed to you by the bench clerk. At **37:08 minutes---Edward:** So even if you are supposed to be legally mailed those orders in your own case? **Angela:** I can ask, but they are supposed to. (Note: Angela has a **non-sensical** answer since she is attempting to say an order would be mailed, even though the judge **cited NOE--to be electronically**---which **obstructs/deprives physical mailings to pro se Plaintiffs.** These physical mailings are **legally mandatory.)** At **37:30 minutes: Edward:** I know that a lot of times there is nothing on the out-cards. At **37:57 minutes—Edward:** Is there a reason why it would stay up there for more than **8 months** at a time even when they are done with the case? **Angela:** If it has any future court dates, but if not, they bring it back down here, and it goes in our file room. **(Note:** Plaintiffs assert that this statement is false.**)** At **38:22 minutes—Edward:** So it should not stay up there, sitting for many months when it is not being used. Is that **correct? Angela:** It is usually filed back downstairs. **(Note:** Plaintiffs assert that this statement is false.**)** At **38:55 minutes—Edward:** Can a judge just come and take the records any time they want the records? Angela: Yeah, a judge can take a record any time they want the record. At **39:04 minutes—Edward:** And without even doing an out-card? **Angela:** When anybody takes a case, they are supposed to


Edward Colgate 22023 SE Wax Rd., Box 1452, Maple Valley, WA 98038, King Co.

put an out-card there so that we know where the case is located at all times. **Edward:** But that procedure is **not** being followed. **Angela:** Why do you say that? **Edward: Because I have called** and they have told me that the **records were gone and there was no out-card.** Why Jefferson Circuit Court **refuses to scan and upload pro se Plaintiffs' court filings? Angela: I'm not sure.**

35. **ADJUDICATIVE FACT 32** — Jefferson Circuit Court is the only court in Kentucky that states pro se Plaintiffs' emails to staff attorneys and judges are not part of the public record if staff attorneys or judges do not want them to be — McCoy confirmed verbatim — I can't answer that. I don't know.

36. **ADJUDICATIVE FACT 33** — Jefferson Circuit Court is the only court in Kentucky that refuses to scan and upload pro se Plaintiffs' court filings — McCoy confirmed verbatim — I can't answer that.

37. **ADJUDICATIVE FACT 34** — Jefferson Circuit Court is the only court in Kentucky that allows judges to hold onto records as long as they want — over 8 months at a time in some cases — McCoy confirmed verbatim — I told you I can't answer that.

38. **ADJUDICATIVE FACT 35** — Jefferson Circuit Court is the only court in Kentucky where public court employees refuse to give their last names to a plaintiff — McCoy confirmed verbatim — We don't have to give our last names. We have been told that.

39. **ADJUDICATIVE FACT 36** — McCoy confirmed that judges can take case records any time they want without an out-card — confirmed verbatim — Yeah, a judge can take a record any time they want the record — and confirmed that the out-card procedure is not being followed.

40. **ADJUDICATIVE FACT 37**— McCoy confirmed that electronic service citations to pro se Plaintiffs who have no electronic access prevent all legal service of orders — but could not explain why judges are permitted to do this — confirmed verbatim — I can't answer any of those questions about why the judges can do that.

41. **ADJUDICATIVE FACT 38**---The adjudicative fact is that McCoy — as Chief Deputy confirmed Jefferson Circuit Court's unique and fraudulent institutional practices that **collectively eliminate all service of orders to pro se Plaintiffs — eliminate all documentation of missing records — and eliminate all accountability for records disappearing from the file room.**

**42. ADJUDICATIVE FACTS 39 — AUDIO32 — MARCH 4, 2026 — CASE NUMBER GENERATED AT PAYMENT CONFIRMED INDEPENDENTLY — CASE FILE MISSING WITH INITIALS ONLY:** The adjudicative facts established from Audio32 are the following: Court employee Michelle confirmed independently of Audio25 that case numbers are generated at the time the filing fee is paid — confirmed verbatim — Yes. That is when the case is created. Correct — in response to Edward's question whether the case number is assigned at the time of payment. This is a second independent confirmation of the Audio25 adjudicative fact from a different court employee. **Audio32—Michelle (Deputy Clerk Assistant Supervisor Under Supervisor Stephanie Williams) 3-4-2026**---At **5:24 minutes—Michelle:** Circuit support, this is Michelle. **Edward:** I'm looking at case 21-CI-001314. **At 9:57 minutes---Michelle:** I cannot locate the case at this moment. But I can tell you the opening judge was judge Mary Shaw. **Edward:** On the out-card, can you tell me the date and time that it was signed out and the name of the person who signed it out? (Michelle goes to look for the physical file.) **Michelle:** Initials **t.s.** **Edward:** And what date and time? At **17:00 minutes—Michelle:** Yes, it looks like that card was check out on January 2nd **(over 2 months previously).**

**Edward:** At **18:34 minutes**—When I commence a case and **pay the filing fee,** is the case number assigned at the time that I pay the filing fee? Michelle: **Yes. That is when the case is created. Correct.**

43. **ADJUDICATIVE FACT 40** --- **Edward:** At **18:34 minutes**—When I commence a case and **pay the filing fee,** is the case number assigned at the time that I pay the filing fee? Michelle: **Yes. That is when the case is created. Correct. Michelle confirms that when Plaintiffs paid the filing fees, that is when the case number is to be assigned and that is when the case is created.** Also, Michelle confirmed that case 21-CI-001314's physical file folder had been checked out since January 2, 2026 — over two months previously — with only initials on the out-card — and that she could not locate the case at that moment. Also refer to paragraph 42.

**44. ADJUDICATIVE FACTS 41 — AUDIO33 — MARCH 2, 2026 — CASE FOLDER TAKEN WITHOUT OUT-CARD — HENLEY AND SIMS SAME PERSON CONFIRMED — FILING TIME CONFIRMED:** The adjudicative facts established from Audio33 are the following: Court employee Monique confirmed the following: **Audio33--Monique 3-2-2026: At :37 seconds**—circuit civil, **Monique,** how many I help you? At **1:00 minutes--Edward:** 25-CI-002150? At **1:16 minutes**---**Edward:** On the out-card, can you tell me the date and time on the out-card and who signed it out? At **6:44 minutes—Monique:** somebody didn't put the card, they took the folder out, but did not label the card and put it back in there. So they took the folder but they didn't sign the card. **Edward:** Since there is no out-card, you are saying you don't know who took it? **Monique: Right.** At **7:22 minutes--Monique:** Yeah, I don't know who took it. **Edward:** And you do not know the date and time that they took it either? **Monique:** Right. At **8:44 minutes**—**Edward:** It's **25-CI-001447.** At **11:00 minutes**—

**Monique:** It was entered at **2:14 PM. Edward:** Does it have seconds on there? **Monique:** Yes. It was entered at **2:14:21 PM.** At **11:28 minutes—Edward:** is Samantha Sims also Samantha Henley? **Monique:** Uumm, hold on a second. **Yes, it's the same person. Edward:** How come Samantha Sims nses? **Monique:** Because she got married. Note: Sims and Fogel are not on payroll and are non-existent payroll employees in years 2025 and 2026.

45. **ADJUDICATIVE FACT 42** - case folder 25-CI-002150 was taken from the file room without an out-card — confirmed verbatim — somebody didn't put the card, they took the folder out, hut did not label the card and put it back in there. So they took the folder hut they didn't sign the card — and Monique confirmed she did not know who took it or when. Also refer to paragraph 44.

46. **ADJUDICATIVE FACT 43** — the filing time for case 25-CI-001447 was entered at 2:14:21 PM — confirming the specific timestamp on the fraudulent Random Judge Assignment report for that case from a second independent source. Also refer to paragraph 44.

47. **ADJUDICATIVE FACT 44**— Monique confirmed that Samantha Sims and Samantha Henley are the same person — confirmed verbatim — Yes, it's the same person — and that Sims is Henley's married name — Because she got married — establishing the alias identity from a third court employee's independent confirmation. **Note: Sims and Fogel are not on payroll and are non-existent payroll employees in years 2025 and 2026.** Also refer to paragraph 44.

**48. ADJUDICATIVE FACT 45 — AUDIO34 — MARCH 9, 2026 — SAMANTHA FOGEL ON SAME FLOOR — JAMES OAKES MAIL ROOM SUPERVISOR:** The adjudicative facts established from Audio34 are the following: Court employee Monique confirmed Samantha Fogel is on the same floor as other civil desk employees. James Oakes — Supervisor of the Mail Room — confirmed his identity and confirmed that Samantha Fogel is a supervisor

 Edward Colgate 22023 SE Wax Rd., Box 1452, Maple Valley, WA 98038, King Co.

confirmed verbatim --- I believe so. I'm not sure if she is the assistant or full supervisor. If you put supervisor, it will get to her — establishing Oakes as the Mail Room Supervisor who signs for certified mail deliveries and Fogel's supervisory status. **Note: Sims and Fogel are not on payroll and are non-existent payroll employees in years 2025 and 2026. Audio34---3-9-2026—Monique:** At approximately **1:50 minutes---Monique:** saying that she does not know the title of Samantha Fogel, but Samantha Fogel is on this floor. At **7:40 minutes --James Oakes:** Jefferson County mail room, can I help you? This is **James (James Oakes—Supervisor of Mail Room). Edward:** I need to address something to Samantha Fogel. Is her job title the supervisor. **James:** I believe so. I'm not sure if she is the assistant or full supervisor. If you put supervisor, it will get to her.

**49. ADJUDICATIVE FACT 46 — AUDIO35 — MARCH 6, 2026 — HENLEY AND FOGEL SAME PERSON CONFIRMED FROM VOICE---MAIL ROOM SUPERVISOR FRAUDULENTLY LIED TO PLAINTIFF---DEMONSTRATING FRAUDULENT INTENT: Audio35---Samantha-Jason 3-6-2026---**At **5:40 minutes—Jason:** This is Jason, how may I help you? At **6:38 minutes---Edward:** Samantha Henley is the supervisor right? Samantha Fogel, she is different from Samantha Henley, right? **Jason:** Uummm. Yes. Yes sir. At **7:20 minutes---Edward:** So she is under Samantha Henley, is that correct? **Jason:** Yes. (Jason communicated that he was transferring Edward to Samantha Fogel) At **8:47 minutes---Samantha:** Circuit Civil, this is Samantha, how may I help you? (This is Samantha Henley's voice, not someone different from Samantha Henley, as Jason had deceptively stated.) **Samantha Henley and Samantha Fogel have the same personnel number. Thereby, Henley and Fogel are the same person. Facially, this demonstrates fraudulent intent.**

**Note: Sims and Fogel are not on payroll and are non-existent payroll employees in years 2025 and 2026.** The adjudicative facts established from Audio35 is the following: Court employee Jason fraudulently confirmed that Samantha Fogel is different from Samantha Henley and that Fogel is under Henley — confirmed verbatim — Yes — and — Yes sir. However — when Jason transferred Edward to Samantha Fogel — the voice that answered was Samantha Henley's voice — not a different person — with Samantha answering — Circuit Civil, this is Samantha, how may I help you. The adjudicative fact is that Jason fraudulently deceptively stated Fogel and Henley were different people — while the transfer connected to the same person — Henley — confirming from voice identification that Henley and Fogel are the same person — and that Jason's statement that they were different people was a false and fraudulent institutional statement. Note: Henley is the only payroll employee in years 2025 and 2026, and Sims/Fogel/Logan do **not** exist as payroll employees in said years. See PX-108.

**50. ADJUDICATIVE FACT 47 — AUDIO36 — MARCH 25, 2026 — SANCTIONS MOTIONS AGAINST FORD, GIBSON, AND DAVIS CONFIRMED IN FILE — AOC FRAUDULENTLY DIRECTED/ORDERED INFORMATION RESTRICTION — MOTIONS FRAUDULENTLY NOT DOCKETED:** The adjudicative facts established from Audio36 are the following: Supervisor Samantha Henley confirms: **Audio36 -- Samantha 3-25-2026:** At **6:50 minutes**---**Edward:** Is there an envelope in there that is post-marked July 2025? At **7:30 minutes---Samantha:** July 9th of 2025, is that correct? Yes. At **8:20 minutes—Samantha:** Who is the Defendant? Paul Kevin Ford. Where it says motions, what does it say—what motions? At **8:47 minutes**---**Edward:** Can you tell me what the motions are for? At **9:37 minutes**—**Samantha:** So you have a cover page on here that says **Motions for Sanctions Against Paul Kevin Ford; Motions for Sanctions Against Susan Schultz Gibson;**

**and Motions for Sanctions Against Tracy Davis; Motion for Recusal;** At **10:20 minutes—Edward:** And also from what I have been told from talking to different employees, on the docket or case history it shows response but there is supposed to be a citation that states Motions on there also. Can you add that? **Samantha: No,** I am not adding that. **Edward: Why not? Samantha:** Because I am not adding anything to these cases. At **11:00 minutes—Edward:** So you are saying that when someone has motions? **Samantha:** I am not saying anything. I am just saying I am not doing it. At **11:43 minutes—Samantha:** I am not adding anything to this case. At **11:54 minutes—Edward:** When there are motions, are motions supposed to be cited in the docket, in the case history log docket, or not? **Samantha:** Motions don't go in the case history docket, they go in the scheduled events. They go where the motions go. At **12:20—Edward:** But in my **other cases** it shows **cited on** the **docket, on the case history docket log "motions,"** so I am asking why this case does not also cite motions when my other cases cite motions in the case history docket log? **Samantha:** I am not sure the answer on that. At **13:24 minutes—Edward: Simple question, is it or is it not necessary to docket the motions? Samantha:** Well if there isn't anything else then I am going to let you go. At **13:37 minutes—Edward:** Just to be clear—you stated in the past that you are not doing anything related to work unless you have the approval of David Nicholson, Kevin Smalley, and Angela McCoy, who are your bosses, is that correct? **Samantha:** I did not say that. **Edward:** So you do do some things where you don't have their approval? **Samantha:** I did not say that. If you have questions about the case you need to talk to the judge. **(NOTE:** Judge will not address why the court clerk's office will not docket motions. Thereby, that is a false statement by Samantha.) At **14:23 minutes---Edward:** And who made the decision that no one should answer questions besides you related to any of my cases? **Samantha:** That's what we were told. **Edward:** By whom?

**Samantha:** By AOC. **Edward:** I need a name of whoever told you. **Samantha:** No, Nope. **Edward:** Otherwise it is coming from you, and so did you make the decision, or who made the decision? **Samantha:** AOC. At **15:12 minutes---Edward:** How can you make sure that I get the order that was done on March 18th of 2026? It should have made it here by now. At **15:53 minutes---Edward:** If I still haven't gotten it within the next 2 days, will you mail it out again? **Samantha:** I will find out for you. At **16:40 minutes---Edward**: Can you read me what the order says since I don't have it? **Samantha:** You'll get it in the mail. **Edward:** I haven't gotten it. **I haven't gotten any orders in the past when I was supposed to have them sent to me.** At **17:23 minutes—Edward:** How about the **last paragraph?** I would like to know what the order says. **Samantha:** And you will be getting it in the mail. At **17:53 minutes—Edward:** How about reading me the **last 3 sentences? You won't even read the last 3 sentences of the order?** Find out how you can get it to me. **Samantha:** They have mailed it. **Edward:** I haven't received it. ( **NOTE:** Samantha's refusal to docket Plaintiffs' Motions; Samantha's refusal to legally serve orders to Plaintiffs; and Samantha telling other employees not to answer my questions. )

51. **ADJUDICATIVE FACT 48** — Plaintiffs' motions physically present in case file folder 25-CI-002150 include — Motions for Sanctions Against Paul Kevin Ford — Motions for Sanctions Against Susan Schultz Gibson — Motions for Sanctions Against Tracy Davis — and Motion for Recusal — confirmed verbatim from Henley reading the cover page. **Henley, Smalley, McCoy, Nicholson all fraudulently refuse to cite said Motions on the docket. Also refer to paragraph 50.**

52. **ADJUDICATIVE FACT 49**— Henley refused to add motions to the docket — confirmed verbatim — I am not adding anything to this case and — I am not adding anything to these


Edward Colgate 22023 SE Wax Rd., Box 1452, Maple Valley, WA 98038, King Co.

cases — despite acknowledging that other cases show motions in the case history docket log. **Also refer to paragraph 50.**

53. **ADJUDICATIVE FACT 50** — Henley confirmed that AOC directed that only Samantha should answer questions about Plaintiffs' cases — confirmed verbatim — That's what we were told — and — AOC — in response to Edward's question about who made the decision — establishing AOC-level direction/order of information restriction. **Also refer to paragraph 50.**

54. **ADJUDICATIVE FACT 51**— Henley refused to read the fraudulently unserved order to Plaintiffs — confirmed verbatim You'll get it in the mail — and — They have mailed it — despite Edward stating he had never received it and had never received any orders. **Also refer to paragraph 50.**

55. **ADJUDICATIVE FACT 52** — Henley confirmed the March 18, 2026 order had been mailed — but refused to confirm its content — despite Plaintiffs confirming non-receipt establishing the fraudulent institutional practice of claiming orders are mailed---when the orders are **not mailed**---and without any proof of service. **Also refer to paragraph 50.**

**56. ADJUDICATIVE FACT 53 — AUDIO37 — FEBRUARY 3, 2026 — SMALLEY DIRECTED/ORDERED FRAUDULENT DOCKET ENTRY--CONFIRMED AGAIN — J U L OF JULY TORN FROM ENVELOPE — CAME TO HAND DATE FRAUDULENT:**

The adjudicative facts established from Audio37 are the following: Supervisor Samantha Henley confirmed: **Audio37**---Samantha 2-3-2026---At **1:45 minutes---Edward:** In any of the 11 cases, have you found so far any proof of time and manner of mailed orders via or by way of certificate or affidavit? **Samantha:** I don't understand what you are asking me. **Edward:** According to the civil rules, there is supposed to be proof of time and manner for any mailed orders via or by way of certificate or affidavit. **Samantha:** I don't know. At **2:30 minutes---**

**Edward:** On our last phone call, I had specifically mentioned that, and you said that you would see if they were in there or not. **Samantha:** Would it be on the actual order or is it supposed to be something in addition to? **Edward:** It would be in addition to. **Samantha:** In addition to the order? At **2:55 minutes---Samantha: I haven't seen anything.** At **3:04 minutes---Edward: In case number 25-CI-002150. At 5:00---Edward:** Who and the name of the person who noted in the case history docket log in **October of 2025 that citation "tendered document came to hand 10-13-25"?---Samantha: I did. Edward:** Oh, you did, **you noted that, and it came to hand to you from where? Samantha:** I put it in because I was **told to put it in by Kevin Smalley. Edward:** And can you **ask him where those documents were from July 2025 to 10-13-25 since those documents came from him? Samantha: He's not going to answer that question for me. At 6:50 minutes---Edward:** And what is the **reason** that **you think Kevin Smalley** would **not answer where those documents were? Samantha: He hasn't answered any of the other questions that you asked me to ask him.** At **8:55 minutes---Edward:** So those **motions and orders were flagged October 13, 2025? Samantha: Correct.** At **9:24 minutes—Samantha:** I just know that **he handed the papers to me, told me what to put in, and that's what I did. (NOTE: Samantha** is in **violation of CR 5.03**--regarding **proof of time and manner for mailed orders.** Following, or making sure that CR 5.03 is followed, is her job. Also, Kevin Smalley, Chief Deputy AOCNT and Chief of Staff, who had previously been formally noticed by Plaintiffs to be named a Defendant in a forthcoming Federal Complaint, fraudulently told Samantha to enter said citations. The J U L had been torn off the envelope from the sticker. Using the certified mail number, it shows Plaintiffs' motions came to hand May 15, 2025. Samantha Henley and Kevin Smalley intentionally and fraudulently refuse to correct the docket. )

57. **ADJUDICATIVE FACT 54** — **no proof of time and manner** of mailed orders has been found in any of Plaintiffs' cases — confirmed verbatim — I haven't seen anything. Refer to paragraph 56.

58. **ADJUDICATIVE FACT 55** — Henley personally entered the docket entry tendered document came to hand 10-13-25 — confirmed verbatim — I did — in response to Edward's question who entered that notation. Refer to paragraph 56.

59. **ADJUDICATIVE FACT 56** — Smalley fraudulently directed/ordered Henley to enter that specific notation — confirmed verbatim — I put it in because I was told to put it in by Kevin Smalley — and — He handed the papers to me, told me what to put in, and that's what I did. Refer to paragraph 56.

60. **ADJUDICATIVE FACT 57** — Smalley refuses to answer questions about where the documents were from July 2025 to October 13, 2025 — confirmed verbatim — He's not going to answer that question for me — and — He hasn't answered any of the other questions that you asked me to ask him. Refer to paragraph 56.

61. **ADJUDICATIVE FACT 58**---The adjudicative fact additionally established from Plaintiffs' own records is that the certified mail tracking number shows the motions came to hand May 15, 2025 — not October 13, 2025 — and that the letters J U L had been torn off the envelope from the sticker — establishing from Plaintiffs' certified mail records and Henley's admissions simultaneously that the October 13, 2025 docket entry is fraudulent — deliberately and intentionally entered by Henley---approximately five (5) months after actual receipt---on Smalley's specific fraudulent direction/order. Refer to paragraph 56.

**62. ADJUDICATIVE FACT 59 — AUDIO38 — APRIL 1, 2026 — ALL CASES CONFIRMED ACTIVE AND OPEN — LAST ACTIONS CONFIRMED — CASE 21-CI-001314 NOT DISMISSED:** The adjudicative facts established from Audio38 are the following: **Audio38 on 4-1-2026: Edward and Supervisor Stephanie Williams**--- At 9:30 minutes in: Edward: Since pro se Plaintiffs are denied scanning and uploading of documents and are denied electronic access, all I need know is the last action in the cases where I am one of the Plaintiffs. At 12:00 minutes---Edward: So the last thing done in case 25-CI-001371 was 3-6-2025, is that correct? Stephanie Williams: **"Yes."** At 13:10 minutes---Edward: So the last action was on 3-6-2025 in case 25-CI-001447, is that correct? Stephanie: **"Yes."** Edward: 25-CI-001568, is the same action on 3-6-2025, is that correct? Stephanie: **"Yes."** Edward: 25-CI-001795, is the last action on 3-6-2025? Stephanie: **"Yes."** Edward: And in case 25-CI-001796, the last action? Stephanie: **"Correspondence email 4-25-2025."** Edward: Are all the cases I just gave you, they are all still active and open, is that correct? Stephanie: **"Correct."** Edward: And the case I just gave you ending in 1796, there are no orders by that judge, is that correct? Stephanie: **"Correct."** Edward: 25-CI-001569, what was the date 3-26-2025---it was a tendered document for the judge to sign? Stephanie: **"The judge did not sign."** Edward: 3-20-2025, denying the motions, right, is that the last thing that was done in that case? Stephanie: **"Yes."** Edward: The last action in 25-CI-001121? Stephanie: **"10-28-2025."** Edward: And that is still active and open, right? Stephanie: **"Yes."** Edward: 21-CI-001314, is that still active and what is the last date of that? Stephanie: **"Yes."** --- At 21:50---Edward: Is this case still active and they did not dismiss the case, is my question? ----------------------------------------At 22:00 minutes in-------- Stephanie: **"It's NOT saying the case is dismissed."** In addition, in Case 25-CI-002150---Stephanie confirmed that Gibson's March 18, 2026 loss of jurisdiction order---citing KRS

26A.020-Chief Justice mandatory reassignment---was the last action in said case. Supervisor Stephanie Williams confirmed the active and open status of all Plaintiffs' cases and the last action dates — from the court's own official case records. Case 25-CI-001371 — last action March 6, 2025 — active and open — confirmed verbatim — Yes. Case 25-CI-001447 — last action March 6, 2025 — active and open — confirmed verbatim — Yes. Case 25-CI-001568 — last action March 6, 2025 — active and open — confirmed verbatim — Yes. Case 25-CI-001795 — last action March 6, 2025 — active and open — confirmed verbatim — Yes. Case 25-CI-001796 — last action correspondence email April 25, 2025 — active and open — confirmed verbatim — Correct — and no orders by that judge — confirmed verbatim — Correct. Case 25-CI-001569 — last action March 20, 2025 judge denying motions — confirmed verbatim — Yes-active and open. Case 25-CI-001121 — last action October 28, 2025 — active and open — confirmed verbatim — Yes. Case 21-CI-001314 — active and open — confirmed verbatim — Yes — and specifically — It's **NOT** saying the case is dismissed — in response to Edward's direct question whether the case was dismissed. Case 25-CI-002150---confirmed that Gibson's March 18, 2026 loss of jurisdiction order---citing KRS 26A.020-Chief Justice mandatory reassignment---was the last action in this case.

63. **ADJUDICATIVE FACT 60**---The adjudicative fact established from these confirmations is that all 9 cases confirmed in this audio remain active and open as of April 1, 2026 — from the court's own official case records — through the institutional supervisor's own voice — making this the enterprise's own institutional confirmation that every case it may have been treating as dismissed or resolved --- remains open in its own administrative records.

**64. ADJUDICATIVE FACT 61 — AUDIO40 — APRIL 9, 2026 — PROOF OF PAYROLL FRAUD---PAYROLL ONLY MEANS CONTRACTORS — NO PERSONNEL FILES FOR**

**CONTRACTORS — AMY IRELAND KENTUCKY PERSONNEL CABINET:** The adjudicative facts established from Audio40 are the following: **Audio40 on 4-9-2026: Edward and Amy Ireland (Executive Advisor with the Kentucky Personnel Cabinet)---** At **5:20 minutes** in---**Amy Ireland: "So payroll only, we do not have a position description for that. There is not a job description for that. It is just a name to hold a place for contractors. But we don't have any records like a personnel file for those employees. We don't keep that. If you are a contractor, you are going to be hired like say by Decko or something. That's what that means."** Edward: **"Do you have those records of who the contractor is?" Amy Ireland: "No, no."** "We don't manage contractors." Amy Ireland — Executive Advisor with the Kentucky Personnel Cabinet — confirmed specific facts about Payroll Only Grade 98 designations.

65. **ADJUDICATIVE FACT 62** — Payroll Only has no position description — confirmed verbatim — So payroll only, we do not have a position description for that. There is not a job description for that. Also refer to paragraph 64.

66. **ADJUDICATIVE FACT 63** — Payroll Only is a name to hold a place for contractors — confirmed verbatim — It is just a name to hold a place for contractors. Also refer to paragraph 64.

67. **ADJUDICATIVE FACT 64** — the Personnel Cabinet does not maintain personnel files for Payroll Only contractors — confirmed verbatim — But we don't have any records like a personnel file for those employees. We don't keep that. If you are a contractor, you are going to be hired like say by Decko or something. That's what that means — and — No, no. We don't manage contractors in response to Edward's question whether the Personnel Cabinet has records of who the contractors are. Also refer to paragraph 64.

68. **ADJUDICATIVE FACT 65**---The adjudicative fact is that the Personnel Cabinet's own Executive Advisor confirmed from official Personnel Cabinet knowledge that Payroll Only Grade 98 designations represent contractors — not employees — with no position descriptions — no personnel files — and no Personnel Cabinet oversight — establishing from an independent executive branch official's own statements that every person designated as Payroll Only in KHRIS is a contractor---**without employee authority** to perform official court functions — making all past Payroll Only--Grade 98 designations — documented in **PX-108 through PX-124**— proof from the Personnel Cabinet's own Executive Advisor---that prior to August 1, 2016---**all actions taken by Kevin Smalley, Samantha Henley/Sims/Fogel/Logan, Angela McCoy, Norma Bisig, Stephanie Williams, David Nicholson, and other fraudulent employees---are fraudulent because of the fraudulent status---and any and all of their actions are void ab initio/ void---and the consequences of their actions are also void/void ab initio.** Also refer to paragraph 64.

69. **ADJUDICATIVE FACT 66--- Audio24---10-10-2025: Edward** speaking with **Angela Lloyd: Edward:** Do you also enter the orders which have been signed--in the case history **Angela: No**—Edward: docket log? **Angela: No, the secretary does that. Edward:** What secretary? **Angela:** Sheree, she is Judge Wilcox's secretary. Angela: The **secretary submits it** after the judge signs it. At **20:52** minutes---Edward: What actual proof of the time and manner do you have that order was actually served? **Angela:** At **21:12** minutes-- But we **don't** have any proof of that.

70. **ADJUDICATIVE FACT 67**---Based on aforementioned **Audio24,** Plaintiffs assert that any and all **orders signed by Judge Jennifer Wilcox, and other judges, are void/void ab initio since the Judge's secretary enters** the **orders into** the case history **docket** log, when, in fact, it

is mandatory that a judge's orders be entered into the docket by the Court Clerk's Office, and not by the secretary in the Judge's office. The **judges' secretaries entering orders** is in violation of **CR 77.04(2).** Plaintiffs also assert that since **all court clerks are in violation of CR 5.03**—which **mandates proof of time and manner of judges' orders** being legally served and physically mailed to Plaintiffs--**all orders in** Plaintiffs' **11 cases are void/void ab initio,** including but not limited to case 25-CI-001567 under Judge Wilcox. Plaintiffs were never legally served an order by Judge Wilcox. Wilcox also cited electronic NOE, in which pro se Plaintiffs are denied/deprived of access, and Plaintiffs never elected electronic delivery and had notified Wilcox several times that physical mailing by mandatory. Also refer to **Adjudicative Fact 68.**

**71. ADJUDICATIVE FACT 68---PX-100 — 75 PAGES DESTROYED AND/OR DISAPPEARED — CASE 25-CI-001567 — JUDGE JENNIFER WILCOX:** The adjudicative fact established from PX-100 is the following: Plaintiffs filed motions totaling 71 pages with 4 pages of proposed orders — 75 pages total — in case 25-CI-001567 — signed by Plaintiff on April 12, 2025 — received by the court on April 18, 2025. The 75 pages were destroyed and/or disappeared by Judge Jennifer Wilcox and/or court staff as documented in PX-100. The case contains 338 pages of factual allegations in dispute. Judge Jennifer Wilcox had **no jurisdiction** in case 25-CI-001567 from the fraudulent judge and fraudulent case number pre-filing/commencement assignments documented in PX-68 and PX-69 and **Sections XXVI and XXXVI**. As of the filing date of this federal complaint — **over one year** after receipt — no ruling has been entered and the 75 pages are not reflected in the official case record. The destruction and/or disappearance of 75 pages of officially received court filings — documented by the receipt date of April 18, 2025---combined with the official case record's failure to reflect those filings — constitutes an adjudicative fact established from the comparison

of two official records — the receipt documentation and the case history — whose discrepancy is capable of accurate and ready determination from those records alone. See **PX-100, PX-101, PX-102.**

**72. ADJUDICATIVE FACT 69**---Based on **Audio22 through Audio40,** Jefferson Circuit Court-KY and the Jefferson Court Clerk's Office--and their employees---and judges--- **disappeared Plaintiffs' case file folders, tampered with physical evidence, participated in the destruction of Plaintiffs' records, participated in unequal preservation of Plaintiffs' Court Filings, participated in violations of KRS 30A.080(1)-(3), CR 5.03, CR 5.02, CR 5.01, CR 77.04(1)-(2), participated in fraudulent void/void ab initio orders,** and perpetrated numerous other legal violations.

**73. ADJUDICATIVE FACT 70 --- PARTIAL SUMMARY--ADJUDICATIVE FACTS — THE COMPLETE INSTITUTIONAL PICTURE FROM EMPLOYEES' OWN VOICES:** The following partial summary-adjudicative facts are established from **all 69 adjudicative facts** above combined, including but not limited to the following: Jefferson Circuit Court employees — confirmed from their own voices on authenticated audio recordings — established the following institutional practices simultaneously. Case files disappeared without out-cards from multiple cases — confirmed by three separate employees. No proof of time and manner of service of orders exists in any of Plaintiffs' 11 cases — confirmed by three separate supervisors. Motions are not legally docketed — confirmed by two supervisors. Docket entries were fraudulently entered on Smalley's specific direction/order — confirmed by Henley. **Since Gibson lost jurisdiction in case 25-CI-002150, it is legally mandatory that Gibson lose jurisdiction in case number 25-CI-002006 also.**

74. **ADJUDICATIVE FACT 71---PX-100 — 75 PAGES DESTROYED AND/OR DISAPPEARED — CASE 25-CI-001567 — JUDGE JENNIFER WILCOX:** The adjudicative fact established from PX-100 is the following: Plaintiffs filed motions totaling 71 pages with 4 pages of proposed orders — 75 pages total - in case 25-CI-001567 — signed by Plaintiff on April 12, 2025 — received by the court on April 18, 2025. The 75 pages were destroyed and/or disappeared by Judge Jennifer Wilcox and/or court staff. Thereby, said case is still open and active. No returned jury fees. Thereby, all 11 cases are active and open. The fraudulent institutional practices confirmed by these employees on authenticated audio create a complete documented picture of systematic obstruction, deprivation, and conspiracy from the enterprise's own institutional actors' own voices — without requiring any inference — and without requiring any external evidence - established entirely from what Jefferson Circuit Court's own employees said about their own fraudulent institutional practices on authenticated recordings. See all aforementioned paragraphs.

2246. 2246 through 2282 omitted.

**SECTION XXVIII: SIXTH FRE 201 NOTICE---MANDATORY JUDICIAL NOTICE OF ADJUDCATIVE FACTS --- UNDER FRE 201(c)(2) AND (b)(2) — FRAUDULENT SYSTEMIC AND FRAUDULENT SYSTEMATIC NON-RULING ON 493 PAGES OF PLAINTIFFS' PENDING MOTIONS ACROSS MULTIPLE CASES — EFFECTIVE AND LITERAL DESTRUCTION OF PLAINTIFFS' COURT FILINGS — DOCUMENTED ENTERPRISE DENIAL/OBSTRUCTION/DEPRIVATION OF ALL KENTUCKY COURT ACCESS — SEE PX-97 THROUGH PX-107 AND SUPPORTING AUDIT TRAILS AND SEE PX-63 THROUGH PX-87 AND PX-42 THROUGH PX-49 — Facially Fully Supporting Personal and Subject Matter Jurisdiction in the U.S. District Court for the**

**Western District of Washington Under 28 U.S.C. §§1331 — 1343 — and 1367 --- THIS COURT MUST TAKE JUDICIAL NOTICE UPON THIS REQUEST.**

2283. **Preliminary Statement:** Plaintiffs respectfully request that this Court take mandatory judicial notice of the following adjudicative facts pursuant to FRE 201(c)(2) — this Court must take judicial notice because Plaintiffs have requested it and have supplied the necessary information. These adjudicative facts can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned under FRE 201(b)(2) — specifically official court dockets — audit trail records — Plaintiffs' motion filing records with dates signed and dates received — and official case history records for each case identified below. Each Adjudicative Fact Noticed Herein Independently and Collectively Supports This Court's Jurisdiction Under 28 U.S.C. §§1331 — 1343 — and 1367 — and Personal Jurisdiction Under Calder v. Jones and Dole Food Co. v. Watts.

2284. **NOTE TO THIS COURT**---The **493 pages** of pending motions identified in this Section are presented exclusively as documented evidence of enterprise RICO predicate acts and continuing violations — not as a request for any action by this Court regarding those motions.

**ADJUDICATIVE FACT 1** --- Every judge assigned to the cases identified herein had **no** jurisdiction from the fraudulent pre-filing/ commencement judge assignments and the fraudulent pre-filing/commencement case number assignments---documented in **PX-63 through PX-87 and Sections XXVI and XXXVI** — making any ruling void ab initio and making non-ruling equally consistent with jurisdictional awareness as with enterprise coordination — either of which generates the same RICO predicate evidence. Plaintiffs seek no injunctive or other relief directed at any Kentucky court proceeding. Plaintiffs incorporate by reference in full detail

**Sections XVIII and XIX, PX-97 through PX-107 and PX-42 through PX-49 into all adjudicative facts herein this Section --- XXVIII.**

2285. **ADJUDICATIVE FACT 2 — TOTAL SCOPE — 493 PAGES IN 10 MOTIONS NOT RULED UPON:** The adjudicative fact established from Plaintiffs' filing records and official court dockets across multiple Kentucky cases is the following: Plaintiffs have filed 10 motions totaling 493 pages across multiple Kentucky cases — none of which have been ruled upon as of the filing date of this federal complaint. The 493-page total is established from the individual page counts documented in PX-97 through PX-107 and supporting audit trail exhibits — each verified from Plaintiffs' signed originals and court-received copies. The specific breakdown is established in Adjudicative Facts 2 through 10 below.

2286. **ADJUDICATIVE FACT 3 — PX-97 — 137 PAGES — CASES 25-CI-001121 AND 25-CI-001569 — OVER ONE YEAR WITHOUT RULING:** The adjudicative fact established from PX-97 is the following: Plaintiffs filed motions totaling 137 pages in cases 25-CI-001121 and 25-CI-001569 in March and April of 2025. As of the filing date of this federal complaint — **over one year later** — **no ruling** has been entered on those 137 pages of motions. The assigned judges in both cases had no jurisdiction from fraudulent pre-commencement/filing judge assignments and case number assignments documented in PX-63 through PX-81 and **Sections XXVI and XXXVI**. The 137-page filing is established from Plaintiffs' signed originals and official court receipt records. See **PX-97, PX-98, PX-99.**

2287. **ADJUDICATIVE FACT 4 — PX-100 — 75 PAGES DESTROYED AND/OR DISAPPEARED — CASE 25-CI-001567 — JUDGE JENNIFER WILCOX:** The adjudicative fact established from PX-100 is the following: Plaintiffs filed motions totaling 71 pages with 4 pages of proposed orders — 75 pages total — in case 25-CI-001567 — signed by

Plaintiff on April 12, 2025 — received by the court on April 18, 2025. The 75 pages were destroyed and/or disappeared by Judge Jennifer Wilcox and/or court staff — as documented in PX-100. The case contains 338 pages of factual allegations in dispute. Judge Jennifer Wilcox had **no jurisdiction** in case 25-CI-001567 from the fraudulent judge and fraudulent case number pre-filing/commencement assignments documented in PX-68 and PX-69 and **Sections XXVI and XXXVI**. As of the filing date of this federal complaint — **over one year** after receipt — no ruling has been entered and the 75 pages are not reflected in the official case record. The destruction and/or disappearance of 75 pages of officially received court filings — documented by the receipt date of April 18, 2025---combined with the official case record's failure to reflect those filings — constitutes an adjudicative fact established from the comparison of two official records — the receipt documentation and the case history — whose discrepancy is capable of accurate and ready determination from those records alone. See **PX-100, PX-101, PX-102.**

2288. **ADJUDICATIVE FACT 5 — PX-104 — 89 PAGES — CASE 25-CI-002006 — DESTROYED AND/OR DISAPPEARED---OVER TEN MONTHS WITHOUT RULING:**

The adjudicative fact established from PX-104 and audit trail PX-153 is the following: Plaintiffs filed motions totaling 85 pages with 4 pages of proposed orders — 89 pages total — in case 25-CI-002006 — signed by Plaintiff on July 3 2025. As of the filing date of this federal complaint — **over ten months later** — no ruling has been entered. The audit trail in PX-153 documents the filing's receipt by the court. Judge Gibson in case 25-CI-002006 had --- **no jurisdiction ---** from the fraudulent pre-commencement assignments documented in PX-78 and PX-79, **PX-103, PX-104, PX-49, PX-63 through PX-87, and Sections XXVI and XXXVI. Plaintiffs were told that these 89 Pages of Motions had been disappeared.**

2289. **ADJUDICATIVE FACT 6 — PX-106 — 74 PAGES DESTROYED AND/OR DISAPPEARED AND/OR EFFECTIVELY DISAPPEARED — CASE 25-CI-002150 — JUDGE SUSAN GIBSON:** The adjudicative fact established from PX-106 is the following: Plaintiffs filed motions totaling 69 pages with 5 pages of proposed orders — 74 pages total — in case 25-CI-002150 — signed by Plaintiff on May 1, 2025. The 74 pages were destroyed and/or disappeared by Judge Susan Gibson and/or court staff — as documented in PX-106. Judge Susan Gibson had **no jurisdiction** in case 25-CI-002150 from the fraudulent pre-commencement judge and case number assignments documented in PX-80 and PX-81 and **Sections XXVI and XXXVI** — and Gibson subsequently entered a self-documenting loss of jurisdiction order on March 18, 2026, signed on March 17, 2026, as documented in **PX-49.** As of the filing date of this federal complaint — **over one year** after filing —there has been no ruling. Supervisor Samantha Henley communicated on Audio Recording (See **Section XXVII, Audio37, paragraph 2279,** or USB Drive) that those 74 pages that were signed on 5-1-2025 were held by Kevin Smalley until October 13, 2025, when he dictated to Henley to cite certified mail postmarked July 2025---came to hand on 10-13-2025. The J U L were ripped off the envelope. Even though the certified number tracking on said envelope shows USPS delivered Plaintiffs' Motions in May of 2025, Henley and Smalley both fraudulently and intentionally refuse to change the docket entry to May of 2025. This constitutes tampering with evidence and tampering with official records. In addition, Smalley and Henley both fraudulently refuse to cite Motions, and also fraudulently misrepresent the docket with a "tendered document" or "response" notation so that no one will know that Plaintiffs' have filed motions. Therefore, Plaintiffs' Motions have effectively been disappeared and destroyed. The destruction and/or disappearance and/or effective disappearance of 74 pages of officially filed court documents — by a judge who subsequently self-documented

her own loss of jurisdiction — constitutes an adjudicative fact established from the comparison of the filing documentation in PX-106 and the official case history showing the absence of those Motions. See PX-105, PX-106, PX-107, PX-104, Section XXVII, Audio37, paragraph 2279.

2290. **ADJUDICATIVE FACT 7 — PX-131 — 19 PAGES — SANCTIONS AGAINST DAVIS AND JUDGE REASSIGNMENT — OVER ONE YEAR:** The adjudicative fact established from PX-131 is the following: Plaintiffs filed 19 pages of motions and proposed orders — including motions for sanctions against Judge Tracy Davis and judge reassignment motions regarding all judges in all 10 year-2025 cases to Chief Justice Debra Hembree Lambert — signed May 1, 2025. As of the filing date of this federal complaint — **over one year later** — Chief Justice Lambert has not ruled on the judge reassignment motions and has not designated a special judge as required by the mandatory shall language of KRS 26A.015(3)(a) and KRS 26A.020.

2291. **ADJUDICATIVE FACT 8 — PX-132 — 12 PAGES — SANCTIONS AGAINST DAVIS:** The adjudicative fact established from PX-132 is the following: Plaintiffs filed 12 pages of motions and proposed orders for sanctions against Judge Tracy Davis — signed April 6, 2026. As of the filing date of this federal complaint — no ruling has been entered on those sanctions motions **over one (1) year later.** Davis had no jurisdiction in the cases where these sanctions motions were filed — having self-documented loss of jurisdiction in orders entered October 24, 2025 and October 28, 2025 as documented in PX-84 and PX-86.

2292. **ADJUDICATIVE FACT 9 — PX-134 — 26 PAGES — SANCTIONS AGAINST REYNOLDS AND BRIAN EDWARDS — CIVIL RIGHTS PRESERVATION NOTICE — OVER SIX MONTHS:** The adjudicative fact established from PX-134 is the following: Plaintiffs filed 26 pages of motions and proposed orders in case 25-CI-001121 — signed

November 3, 2025 –– including sanctions against Judge Brian Edwards and Staff Attorney Jennifer Reynolds — and a formal notice regarding civil rights preservation for use in the United States District Court for the Western District of Washington. As of the filing date of this federal complaint — **over six months later** — no ruling has been entered. The civil rights preservation notice filed as part of Plaintiffs' Motions (PX-134) — is incorporated herein as additional documentation of Plaintiffs' notice to the Kentucky court system of a forthcoming federal complaint regarding Brian Edwards and Reynolds. Brian Edwards **never** had jurisdiction based on **fraudulent "reallotment"** by Bailey-Smith, **without** jurisdiction, since **"reallotment"** does **not legally exist** in Kentucky under Kentucky law.

2293. **ADJUDICATIVE FACT 10 — PX-136 — 25 PAGES — SANCTIONS AGAINST HANER AND McDONALD — OVER FIVE MONTHS:** The adjudicative fact established from PX-136 and audit trail PX-152 is the following: Plaintiffs filed 25 pages of motions and proposed orders in case 21-CI-001314 — signed December 13, 2025 — including sanctions against Judge Eric Haner — sanctions against Staff Attorney Patrick McDonald — and a formal order and notice. As of the filing date of this federal complaint — **over five months later** — **no** ruling has been entered. The audit trail in PX-152 documents the filing's receipt. Haner subsequently signed the fraudulent remand order on March 17, 2026 — entered March 18, 2026 — documented in PX-48 — without ruling on the pending sanctions motions against himself. **ADJUDICATIVE FACT 11** — The adjudicative fact that Haner, **not** an **appellate** judge, entered a fraudulent substantive order, **fraudulently remanding** case 21-CI-001314 to Davis---who had **recused herself 2 different times in said case**---and fraudulently ordering Judge Davis to dismiss case 21-CI-001314 — **without** ever ruling on pending sanctions motions against himself — documents that Haner was aware of the pending sanctions while deliberately avoiding

any ruling that would create an adverse record of his own fraudulent misconduct. Eric Haner **never** had jurisdiction based on **fraudulent "reallotment"** by Bailey-Smith, **without** jurisdiction, since **"reallotment"** does **not legally exist** in Kentucky under Kentucky law.

2294. **ADJUDICATIVE FACT 12 — PX-137 — 18 PAGES — JUDGE REASSIGNMENT DIRECTLY TO CHIEF JUSTICE LAMBERT — OVER ONE YEAR:** The adjudicative fact established from PX-137 and audit trail---PX-138, PX-139, PX-140---is the following: Plaintiffs filed 18 pages of judge reassignment motions and proposed orders — signed May 1, 2025 — directed physically by mail directly to Chief Justice Debra Hembree Lambert — not through Judge Bailey-Smith regarding all judges in all 10 year-2025 cases. The audit trail in PX-138, PX-139, PX-140 documents the physical mailing — necessitated by Plaintiffs' systematic denial and deprivation of scanning and uploading access and necessitated by the destruction of Plaintiffs' court filings. As of the filing date of this federal complaint — **over one year later** — Chief Justice Lambert has not ruled on these motions and has not designated a special judge as required by KRS 26A.015(3)(a) and KRS 26A.020. The Chief Justice's failure to act on mandatory immediate designation requests for over one year — despite the shall language of KRS 26A.020 requiring and mandating immediate action — constitutes an adjudicative fact established from the filing date in PX-137 compared to the filing date of this federal complaint.

2295. **ADJUDICATIVE FACT 13 — PX-144 — 18 PAGES — EMERGENCY FILING TO CHIEF JUDGE LARRY THOMPSON — KENTUCKY COURT OF APPEALS — OVER ONE YEAR:** The adjudicative fact established from PX-144 is the following: Plaintiffs filed 18 pages of emergency administrative motions and proposed orders signed May 1, 2025 ---to Chief Judge Larry Thompson of the Kentucky Court of Appeals — including emergency stays — protection of constitutional and statutory rights — forced judicial recusals — and writs of

mandamus in 10 cases. As of the filing date of this federal complaint — **over one year later** -— Chief Judge Thompson has not ruled on any of these emergency motions. The failure to respond to emergency motions---including writs of mandamus for over one year — by the Chief Judge of the Kentucky Court of Appeals — establishes the complete closure of all Kentucky appellate remedies — confirming that this Federal Court is the only forum in which any judicial consideration of Plaintiffs' claims can currently occur.

2296. **ADJUDICATIVE FACT 14 --- SUMMARY---ADJUDICATIVE FACTS— COMPLETE PATTERN:** The following summary---adjudicative facts---is established from all 11 adjudicative facts above combined: Across 10 motions---totaling 493 pages —- filed in multiple Kentucky cases from March 2025 through April 2026 —- **not one** motion has received a ruling. The 100% consistent pattern —- zero rulings across 493 pages---across 10 motions--- across multiple cases---across multiple judges---across multiple levels of the Kentucky court system---over more than one year —- establishes systematic institutional denial and deprivation of court access from the pattern itself -— without requiring any inference about motive — because the mathematical certainty of zero rulings across this volume of filings---over this time period---being **intentional and a coordinated conspiracy** --- is **100%.**

2297. **ADJUDICATIVE FACTS 15** --- In addition, the destroyed, disappeared, and/or effectively disappeared court filings are also an **intentional and a coordinated conspiracy.** **Based on all aforementioned adjudicative facts --- and based on Verbatim FRE 404 (b)(2): Permitted Uses**---This evidence may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident---**and based on** Plaintiffs incorporating by reference in full detail--- **SECTION XXXI:** FIFTH FRE 201 NOTICE---Mandatory Judicial Notice of Adjudicative Facts Under FRE

201(c)(2) and (b)(2)--- Attorney Paul Kevin Ford's Fraudulent Pre-Service Filing--- Fraudulent Enterprise Coordination and Conspiracy--- Fraudulently Claimed Representation of Doris Colgate---Fraudulent Use of Doris Colgate's Assets---Two-Day Haner-Ford Coordination and Conspiracy---Ford's Pre-Service Mathematical Impossibility---RICO PREDICATE--18 U.S.C. §1512 AND 18 U.S.C. §1964(c) — BURDEN OF PROOF AND CONSPIRACY WITH FULL LIABILITY — FORD, WILSON, 15 JUDGES, AND OTHERS -- TAMPERING WITH EDWARD COLGATE AND DORIS COLGATE AS WITNESSES AND VICTIMS--- INDUCED PERJURY --- AND THE OBSTRUCTION OF RECOVERY---CAUSING UNJUST ENRICHMENT---And Ford's Inability to Obtain Pro Hac Vice Admission in U.S. District Court for the Western District of Washington---All Adjudicative Facts From Official Dockets--- Authenticated Audio Recordings---Deposition Transcript PX-5---And Susan Wilson's Legally Binding Substantive CR 8.04 Admissions---Whose Accuracy Cannot Reasonably Be Questioned--- This Court Must Take Judicial Notice Upon This Request------the intentional and coordinated conspiracy is a 100% probability and a 100% Certainty.

**SECTION XXIX: SEVENTH FRE 201 NOTICE --- Mandatory Judicial Notice of Adjudicative Facts Under FRE 201(c)(2) and (b)(2) --- Adjudicative Facts---Established From the Following: "AOC Payroll Fraud And Court Clerk's Office Payroll Fraud"--- Grade 98 Payroll Only Contractor Misclassification---Grade 12 AOCNT Impossibility--- Grade 00 New Year's Day Unauthorized Reclassification---Dual-Status Exploitation---Alias Identity Fraud---Documented From Official KHRIS and Personnel Cabinet Records--- RICO Predicate Acts and Enterprise Financial Motive --- See PX-108 Through PX-124--- Fully Supporting Personal and Subject Matter Jurisdiction in the U.S. District Court for**

**the Western District of Washington Under 28 U.S.C. §§1331 — 1343 — and 1367 --- THIS COURT MUST TAKE JUDICIAL NOTICE UPON THIS REQUEST.**

2298. **Preliminary Statement: Plaintiffs assert all of the following:** Plaintiffs respectfully request that this Court take mandatory judicial notice of the following adjudicative facts pursuant to FRE 201(c)(2) — this Court must take judicial notice because Plaintiffs have requested it and have supplied the necessary information. And these are adjudicative facts **(see the aforementioned heading for this section for the type of facts---from the Personnel Cabinet's records)** that can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned under FRE 201(b)(2). Plaintiffs assert **all paragraphs---2298 through 2324K---as Adjudicative Facts**---and assert **Fraud Admission 1 through Fraud Admission 6 in paragraphs 2312 through 2317 as Adjudicative Facts---and assert paragraphs 2324D through 2324K as Adjudicative Facts. Each Adjudicative Fact Noticed Herein Independently and Collectively Supports This Court's Jurisdiction Under 28 U.S.C. §§1331 — 1343 — and 1367 — and Personal Jurisdiction Under Calder v. Jones and Dole Food Co. v. Watts.** Plaintiffs incorporate by reference in full detail **Sections XVIII, XIX, XXXVI, XXVI.**

2299. **Adjudicative Fact 1**--- Plaintiffs assert all of the following: PX-108: **Samantha Henley/ Sims / Fogel/ Logan---Personnel File where all four (4) have the same personnel id of 00269101 . Supervisor Samantha Henley is using three (3) Aliases, in complicity and in conspiracy, to facilitate illegal, fraudulent judge assignments and fraudulent case assignments---prior to the existence/filing/commencement of the cases.** Plaintiffs have **confirmed four (4) active email aliases** with the Jefferson Circuit Court Clerk's Office. This is **the reason that Samantha refuses to provide her last name to anyone.** See **PX-108** regarding

**Samantha's personnel file,** citing **personnel id number 00269101. Samantha's voicemail is Samantha Henley, regardless** of which Samantha that Plaintiff asks to be transferred to.

2300. **Adjudicative Fact 2---** Fraudulent Judge Assignment Report---showing the date and time of the Fraudulent Judge Assignment--- In case **25-CI-001447,** Plaintiffs paid **Samantha Sims---a non-payroll, invalid, and fraudulent name in year 2025** --- the filing fee on **2-27-2025**--at **2:14:21 PM. Samantha Fogel**---a **non-payroll, invalid, non-existent, and fraudulent name in year 2025** ---- fraudulently assigned said case to **Judge Patricia Morris** on **2-27-2025** --- at **11:20:18 AM**---when said case did **NOT** legally exist yet. **Note:** Do not get Samantha Fogel confused with Supervisor Samantha Henley. In case **25-CI-002150, Samantha Fogel, a non-existent payroll employee in year 2025,** fraudulently assigned said case to **Judge Susan Schultz Gibson on 3-20-2025**--at **3:10:04 PM,** when said case did **NOT** legally exist yet. Plaintiffs paid **Samantha Sims---a non-existent payroll employee in year 2025**-- the filing fee over the phone with a credit card on **3-20-2025**-- at **4:06 PM** to commence the case. Refer also to **PX-63 Through PX-81. Note:** Pro se plaintiffs' filings are **not** part of the official E-filing system, and judges and case numbers are **manually** entered by clerks. Plaintiffs incorporate by reference in full detail **Section XXXVI.**

2301. **Adjudicative Fact 3--- Norma Bisig fraudulently assigned judges and fraudulently assigned case numbers---prior to the existence/filing/commencement of the cases---in Plaintiffs' 8 cases---prior** to Samantha **Sims**----- a **non-existent payroll employee in year 2025**---taking Plaintiff's credit card to **fraudulently** file and commence said cases. When Bisig is not available for the fraudulent judge assignments---**Samantha Fogel**---a **non-existent payroll employee in year 2025---fraudulently assigns** the **judge and case number---before the case exists.** In addition to the provided legal authority, refer to **Section XXVII-Audio25-**

**Audio32.** In **Audio25, Supervisor Samantha Henley communicates** that a **case is filed/commenced when Plaintiffs pay the filing fee.** Henley, David Nicholson, Kevin Smalley, and Angela McCoy have deprived and continue to deprive Plaintiffs of the same electronic access to court filings that the Defendant is allowed. Refer also to **PX-63 Through PX-81.** Plaintiffs incorporate by reference in full detail **Section XXXVI.**

2302. **Adjudicative Fact 4---** PX-109: Personnel File of Kevin Smalley---personnel id is **00193372. Evidence of Kevin Smalley's Payroll Fraud. Part 1 of 2.**

2303. **Adjudicative Fact 5---** PX-110: Personnel File of Kevin Smalley---personnel id is **00193372. Evidence of Kevin Smalley's Payroll Fraud. Part 2 of 2.**

2304. **Adjudicative Fact 6---** PX-111: Personnel File of Angela McCoy---personnel id is **00181757. Evidence of Angela McCoy's Payroll Fraud.**

2305. **Adjudicative Fact 7---** PX-112 : Personnel File of Stephanie Williams---personnel id is **00178599. Evidence of Stephanie Williams's Payroll Fraud.**

2306. **Adjudicative Fact 8---** PX-113: Personnel File of **Norma Bisig**---personnel id is **00181757. Evidence of Angela McCoy's, Kevin Smalley's, Stephanie Williams's, and Samantha Henley's Payroll Fraud by comparing their "Payroll Only" Job Title to Norma Bisig's "Payroll Only" Job Title and Comparing all their Salaries.** In addition, Amy Ireland of the Personnel Cabinet, on Audio, states that "Payroll Only" Job Titles relate to **only contractors. All five (5) employees** were **NEVER** contractors. All **five (5)** employees have permanent work stations and they are all listed and named as employees of the Commonwealth of Kentucky in the Personnel Cabinet's database of open records.

2307. **Adjudicative Fact 9---** PX-114: Jefferson Circuit Court Directory That Demonstrates that Kevin Smalley fraudulently has a different job position than what the Personnel Cabinet's

records cite. See **Page 2 of 2** regarding Smalley's **name and title in year 2015.** The Jefferson Circuit Court Directory that was effective---**2-2-2015** --- cites Kevin Smalley as **"Deputy Chief of Staff."** The personnel citation of a **"Contractor" coding of "Payroll Only"** is a **fraudulent citation.** The Personnel Cabinet has **identified Smalley as a permanent employee** with the **same "position id" since year 2012, and/or prior to year 2012.** The **(PAN), dated 7-1-2012,** cites the **"Position id"—where Smalley's office/desk/job is located—to be 30002668. Smalley's "Position id"** cites **30002668 on 7-1-2025. Smalley, from 2012 or prior, through** to **current date** in year **2026,** has **occupied the position of Deputy Chief of Staff and/or Chief of Staff.** Year **2026 Audio** of **Angela McCoy**—who is also **Chief Deputy-AOCNT---with Position id of 30002667---next to Smalley. Up through 8-1-2016, Smalley, McCoy, Henley/Sims/Fogel/ Logan, Williams, Bisig were all fraudulently coded as "Payroll Only"---** which is a **"Contractor Code." Refer** to the **Position id** for **all years** contained in the **(PAN)** of said employees, which **very clearly demonstrates** the **"continuity"** of said **employees' Position id** for each of the aforementioned employees---who are cited in **PX-108 Through PX-113. Also see PX-115 and PX-116 for Smalley's Personnel Record in years 2014 and 2015.**

2308. **Adjudicative Fact 10---** PX-115: Kevin Smalley's 2014 personnel record---in support of PX-114 Fraud.

2309. **Adjudicative Fact 11---** PX-116: Kevin Smalley's 2015 personnel record---in support of PX-114 Fraud.

2310. **Adjudicative Fact 12---** PX-117: Kevin Smalley's Memo and Letter of Resignation---resigning from the position of "Enforcement Officer I" on 12-21-2000---stating that he will be starting work with the Administrative Office of the Courts (AOC) as a Staff Attorney, effective Tuesday, January 16, 2001. Smalley is **not** cited as a new position of **"Payroll Only,"** which is a

**"Contractor code." The Personnel Cabinet claims that all of Smalley's records are missing from their files---from January 17, 2001 to March of 2011---2011 is where his file starts again ---not as a new employee and not as a new contractor employee. This is evidence of fraud.**

2311. **Adjudicative Fact 13**--- PX-118: Kevin Smalley's year **2012** personnel record---on 7-1-2012---citing **Position id 30002668** with job title **"Payroll Only"** --- to be compared with year **2025** and the same Position id **30002668** with both job titles: In year **2025---Chief Deputy-AOCNT** and **Jefferson Chief Depnty-AOCNT,** both having Position id **30002668.** The only difference is **adding** the **county** in front of---Chief Deputy-AOCNT, and changing **the Pay Grade** from **Grade 12** to a **NON-existent Pay Grade** of **"00." Tbis personnel fraud was perpetrated on 1-1-2025---the 1st day of January.** The **Personnel Cabinet** and all State Offices were **closed on 1-1-2025.** This **particular fraud was specific to Kevin Smalley and Angela McCoy—both being titled** Chief Deputy-AOCNT. Personnel has **NO** automatic updates on the **1st of January.** In the **Audit,** there were **not** any other employees who had a (PAN) on 1-1-2025. Plaintiffs leave open the possibility of other frauds on 1-1-2025---regarding other specific employees. This is a limited Audit at this time, and as additional evidence is presented to Plaintiffs, Plaintiffs reserve the right to include additional evidence. Everywhere Plaintiff is looking, additional frauds appear. This is evidence of fraud.

2312. PX-119: **Adjudicate Fact 14---Fraud Admission 1** — Kevin Smalley's **Position/Job Title Itself** is a **Fraudulent Misrepresentation.** "Chief Deputy-AOCNT" — the NT suffix explicitly stands for **Non-Tenured.** The **position/job title** contains its **own disqualification from Grade 12.** Grade 12 is a **tenured** classification under the KCOJ pay plan. A **non-tenured** position **cannot be Grade 12.** The AOC created a position title with **"non-tenured" embedded**

in the title and then **assigned it** a **tenured pay grade.** The **fraud** is in the **title itself** — it is self-contradicting on its face and **no** cross-referencing is required.

2313. **Adjudicative Fact 15--- Fraud Admission 2** — The Pay Grade 12 Violates the Position's Own Classification. This is evidence of fraud.

2314. **Adjudicative Fact 16--- Fraud Admission 3 —** Eight **(8) Years** of Payroll Payments at a Grade the Position Cannot Hold. This is evidence of fraud.

2315. **Adjudicative Fact 17--- Fraud Admission 4** — The Prior Grade 98 Payroll Only Classification Proves the Fraud Was Deliberate and Intentional.

2316. **Adjudicative Fact 18--- Fraud Admission 5** — The 2015 Phone Directory Cross-Reference Proves Operational Reality Contradicted Both Classifications. This is evidence of fraud.

2317. **Adjudicative Fact 19--- Fraud Admission 6 — Grade 00 Reclassification Proves Consciousness of Guilt.** After eight years of the impossible Chief Deputy-AOCNT Grade 12 classification, both Smalley and McCoy were simultaneously moved to Grade 00 — a non-existent grade — on New Year's Day 2025. The concealment itself — replacing an impossible grade with a non-existent grade — is consciousness of guilt embedded in the KHRIS records. under the KCOJ's own Supreme Court-approved salary schedule, a combination that is legally impossible under KCOJ Personnel Policy Section 4.07 which mandates compensation at the pay grade designated for the position. This self-contradicting classification was maintained in the AOC's own official payroll records for over eight years — producing hundreds of fraudulent payroll transactions at a tenured pay grade that the position's own title prohibited. Fraud is proven from the enterprise's own documents. This is evidence of fraud.

2318. **Adjudicative Fact 20---** For over **eight (8) years,** Kevin Smalley was a **Pay Grade 12,** which is a **medium Pay Grade**. This time range is from **8-1-2016 to 1-1-2025.** Kevin Smalley's year **2025** personnel record---**Chief Deputy-AOCNT** and **Jefferson Chief Deputy-AOCNT,** both having Position id **30002668.** The only difference is **adding** the **county** in front of---Chief Deputy-AOCNT, and changing the **Pay Grade** from **Grade 12** to a **NON-existent Pay Grade** of **"00."** This is evidence of fraud.

2319. **Adjudicative Fact 21---** Kevin Smalley's year **2012** personnel record---on 7-1-2012---citing **Position id 30002668** with job title **"Payroll Only"** --- to be compared with year **2025** and the same Position id **30002668** with both job titles. **This personnel fraud was perpetrated on 1-1-2025---the 1st day of January.** The **Personnel Cabinet** and all State Offices were **closed on 1-1-2025.** This **particular fraud was specific to Kevin Smalley and Angela McCoy—both being titled** Chief Deputy-AOCNT. Personnel has **no** automatic updates on the 1st of January. In the **Audit,** there were **not** any other employees who had a (PAN) on 1-1-2025. Plaintiffs leave open the possibility of other frauds on 1-1-2025---regarding other specific employees. This is a limited Audit at this time, and as additional evidence is presented to Plaintiffs, Plaintiffs reserve the right to include additional evidence. Everywhere Plaintiff is looking, additional frauds appear. This is evidence of fraud.

2320. **Adjudicative Fact 22---** PX-120: This **personnel fraud** was perpetrated on **1-1-2023---the 1st day of January.** The **Personnel Cabinet** and all State Offices were **closed on 1-1-2023.** This **particular fraud was specific to Kevin Smalley,** and not Angela McCoy—**but McCoy participated** in this same type of fraud **on 1-1-2025—with Smalley. Whenever "10 Salary Adjustment"** is **used,** this is the **way** that **individual** within this **"Enterprise" fraudulently takes a salary increase** whenever they feel like it or choose to do so. **"Enterprise"** is **cited by**

**the "Enterprise"** ---as demonstrated in another Exhibit. This is another fraudulent personnel action entered on January 1 — the first day of January — an official KCOJ holiday under Personnel Policies Section 6.02. The Personnel Cabinet and all state offices were closed. This is evidence of fraud.

2321. **Adjudicative Fact 23**---PX-121: On 11-16-2019, a **Saturday,** when the **Personnel Cabinet was closed,** Kevin Smalley had another fraudulent salary increase. This is specific to Smalley. This is evidence of fraud.

2322A. **Adjudicative Fact 24**--- PX-122: **RICO Enterprise:** The perpetrators' Personnel files **admit** that they are part of an **"Enterprise."** Regarding Kevin Smalley: This one (1) page---dated **August 01, 2016------Cites:** "Upon the recommendation of your appointing authority, on August 1, 2016, the Personnel Cabinet processed the following action(s) in KHRIS (Personnel's and/or the Kentucky Human Resources' Information System) : Start Date: August 01, 2016; Action Type: **Z4** Reallocation – 03 Lower Grade and **Z8** Position Number Change – Interna -- 20 **Enterprise Structure** Change From: job title of **"Payroll Only"** To: **Chief Deputy – AOCNT From: Pay Grade 98 To: Pay Grade 12 Salary** of **$5426.12** stayed the **same.** This **"Enterprise"** was also applied to **McCoy, Henley/Sims/Fogel/Logan, Williams, Bisig, and others** in their Personnel files. This is evidence of fraud.

2322B. **ADJUDICATIVE FACTS 25— PX-122 — PERSONNEL CABINET KHRIS RECORDS DOCUMENTING ENTERPRISE ORGANIZATIONAL STRUCTURE — OFFICIAL GOVERNMENT RECORDS**: The adjudicative facts established from Personnel Cabinet KHRIS record **PX-122** — dated August 1, 2016 — and from corresponding Enterprise Structure Change designations in the personnel files of Smalley, McCoy, Henley---and aliases Sims, Fogel, and Logan---and Williams, Bisig, and others — is the following (See **PX-108**

**through PX-124)**: The Kentucky Personnel Cabinet's own official KHRIS payroll system records — produced by the partially-independent executive branch Personnel Cabinet — use the designation Z8 Position Number Change — Internal — 20 Enterprise Structure Change to document coordinated simultaneous organizational structure changes applied to multiple individuals within the Jefferson Circuit Court system simultaneously. The same Enterprise Structure Change designation appears in the personnel records of Kevin Smalley, McCoy, Supervisor Samantha Henley---and aliases Sims, Fogel, and Logan---and Williams, Norma Bisig, and others establishing from the Personnel Cabinet's own official records that these specific individuals were organizationally structured together under a common enterprise designation within the KHRIS payroll system.

2322C. **Adjudicative Fact 26**---Additionally — PX-122 documents the following specific payroll action for Kevin Smalley on August 1, 2016. Action Type — Z4 Reallocation — 03 Lower Grade and Z8 Position Number Change — Internal — 20 **Enterprise** Structure Change. From — job title of Payroll Only — Pay Grade 98---To — Chief Deputy AOCNT — Pay Grade 12. Salary of $5,426.12 stayed the same despite the grade change. The salary remaining identical despite movement from Grade 98 Payroll Only contractor classification to Grade 12 Chief Deputy AOCNT — a position that should carry substantially different compensation — documents that the reclassification was an administrative designation change rather than a genuine employment status change — consistent with the dual-status exploitation and Grade 12 impossibility established throughout the payroll fraud analysis. Plaintiffs incorporate by reference in full detail **Section XXIX—Payroll Fraud**--which also shows that Smalley was **never** a **contractor**, but was **always** a **permanent** employee.

2322D. **Adjudicative Fact 27** --- The adjudicative fact established from PX-122 is not that the Personnel Cabinet acknowledged a criminal RICO enterprise by name — but that the Personnel Cabinet's own official records document the association-in-fact organizational structure — the common enterprise designation — the coordinated simultaneous application to multiple individuals --- and the continuing organizational unit — that together constitute the association-in-fact enterprise element as a matter of documented official organizational fact. The enterprise element of Plaintiffs' RICO claims is therefore established from the enterprise's own official government records — using the enterprise's own organizational terminology — making it the **most self-documenting RICO enterprise evidence in any American civil RICO complaint** — the enterprise documented its own organizational existence in official government payroll records produced by an independent executive branch agency---whose accuracy cannot reasonably be questioned under FRE 201(b)(2). See PX-122, PX-108 through PX-124, Personnel Cabinet KHRIS records.

2323. **Adjudicative Fact 28**---PX-123: Linked-In Page of Kevin Smalley as Additional Support for Payroll Fraud. Manager, Clerk Services is Cited in year 2001. Smalley citing in memo/letter (See PX-117) that he is a Staff Attorney in year 2001. This is evidence of fraud.

2324A. **Adjudicative Fact 29**---PX-124: Personnel Record of Kevin Smalley---dated **7-1-2011**---citing "Payroll Only"---which is used as a "Contractor" job title, and **not** his position as a permanent employee. This is evidence of fraud.

2324B. **Adjudicative Fact 30**---The Jefferson Circuit Court enterprise's massive payroll fraud, including but not limited to — systemic and systematic misclassification of permanent employees as non-existent contractors through Grade 98 Payroll Only designations — logically impossible dual-status classifications combining Non-Tenured titles with Tenured grades — New


Edward Colgate 22023 SE Wax Rd., Box 1452, Maple Valley, WA 98038, King Co.

Year's Day fraudulent reclassifications to non-existent Grade 00 by fraudulent persons accessing government computer systems on state holidays — Supervisor using 3 alias identities that share a single personnel ID number — is not background information. It is the enterprise's "**financial motive"** documented from official KHRIS payroll records produced by an independent executive branch agency that the enterprise cannot control — for every fraudulent act the enterprise perpetrated against Plaintiffs in all 11 cases. The enterprise's judges, clerks, and staff attorneys who entered fraudulent felony accusations against Plaintiffs before defendants were legally served — who fraudulently assigned judges through non-payroll aliases before cases existed — who fraudulently effectively destroyed 493 pages of Plaintiffs' pending motions — who disappeared case 21-CI-001314 from public databases while preparing fraudulent orders — who denied Plaintiffs all Kentucky court access — did so because Plaintiffs were actively pursuing recovery of **$540,185.41** in special damages **(plus additional $ amounts)** in legally binding admitted elder abuse fraud and other frauds perpetrated by Susan Wilson, pursuant to substantive CR 8.04, and perpetrated by other defendants. This is evidence of fraud.

2324C. **Adjudicative Fact 31**---The Jefferson Circuit Court enterprise's systemic and systematic obstruction of Plaintiffs' elder abuse recovery and other recovery, across **all 11** of Plaintiffs' cases, causing Defendant's unjust enrichment, including but not limited to — fraudulent felony accusations against Plaintiff entered by judges in orders, prior to defendants being legally served by the Deputy Sheriff, when Plaintiffs' court filings were deprived of scanning and uploading— judges attempting to **eliminate** Doris Colgate, the **abused elder,** as an individual Plaintiff, prior to Defendant being legally served --- **void** judge assignments by non-payroll aliases before cases existed — **10 void processing of filings** of Plaintiffs' complaints in year 2025 by a non-existent/ non-payroll name in year-2025 --- effective and/or literal **destruction of 493 pages** of pending

motions — destruction of hundreds of pages of Plaintiffs' electronic correspondences with judges and staff attorneys, when, by law, it is mandatory that those hundreds of pages be preserved for open records---database (where the general public can see if a case is open, or not, with no details) disappearance of Plaintiffs' active case —**NO** judicial orders were ever legally served to Plaintiffs in any case---**NO** jury fees returned to Plaintiffs in any of Plaintiffs' 11 cases, which is **either theft by the Courts, or all 11 of Plaintiffs' cases are still open**---complete denial/ deprivation of all Kentucky court access — reflects four simultaneous documented institutional motivations, each independently sufficient and collectively irrefutable. This is evidence of fraud.

2324D. **Adjudicative Fact 32 —** unauthorized and fraudulent compensation arrangements documented in official KHRIS payroll records, produced by the partially-independent Kentucky Personnel Cabinet, demonstrate that specific Jefferson Circuit Court employees receive fraudulently above-schedule compensation through **non-existent grade classifications,** and demonstrate fraudulent **alias identity operations** that exist entirely at the direction of the AOC Director and Chief Justice Debra Hembree Lambert — creating institutional loyalty through financial dependency — the oldest and most reliable mechanism of institutional control in American corruption history — because employees, whose compensation exceeds legitimate authorization, will protect the institutional leadership that authorizes it, by doing whatever that leadership demands — making systemic and systematic obstruction of cases that the leadership wants eliminated, with the continued expectation of continued fraudulent compensation. This is evidence of fraud.

2324E. **Adjudicative Fact 33 —** Jefferson Circuit Court has **never** permitted a civil elder abuse claim under KRS 209.990 converted to civil recovery by KRS 446.070 to proceed past

immediate dismissal — and has **never** permitted a pro se plaintiff to proceed to any discovery, even when there are genuine disputes of material facts · — documenting an institutional culture of systematic elimination of precisely the category of cases Plaintiffs bring — elder abuse civil recovery by pro se plaintiffs — fraud that operates regardless of individual case merit— a culture whose systematic character is proven by the complete absence of any contrary result in Jefferson Circuit Court's published record. This is evidence of fraud.

2324F. **Adjudicative Fact 34** — the enterprise's escalation pattern across Plaintiffs' 11 cases — where 493 pages of Plaintiffs' motions have been effectively destroyed, since it is as if they are non-existent, even though Plaintiffs sent via certified mail-with signature— documents institutional aggression that escalates with each case filed. This is one example. Plaintiffs incorporate by reference in full detail all of PX-42 Through PX-167, and Transcribed Audio Recordings Audio22 Through Audio40 (Section XXVII). This is evidence of fraud.

2324G. **Adjudicative Fact 35---Bayesian probability analysis applied to the documented payroll fraud compels the inference** that the **enterprise's other fraudulent misconduct was/is intentional. Bayes' theorem establishes that the probability of a hypothesis increases proportionally with each independent piece of confirming evidence —** and here the prior probability that any institution falsifies official government records is low — but once that **prior probability is updated**---including but not limited to--- by the documented evidence that this specific institution created fraudulent and non-existent grade codes, was/is fraudulently using alias identities, was/is fraudulently using impossible dual-status classifications, was/is fraudulently using New Year's Day computer entries, et cetera — the **posterior probability** that this **same institution also perpetrated all of the extensive fraud cited herein** this Complaint--- which is backed up by overwhelming evidence, and backed up by **100% proof---regarding**

**averments/ allegations/ adjudicative facts— is as close to 100% as one can get---with 99.99999+% having approximately 200 nines after the decimal point---per Bayesian Probability Analysis--- regarding the intentionality of all fraudulent activity** ---because **each documented fraud** is not independent evidence of a separate institutional pathology, but **additional confirmation of documented institutional fraud**---whose existence **is proven---**and whose accuracy **cannot** reasonably be questioned. The **enterprise's other frauds are statistically expected behaviors.** Based on **Bayesian probability analysis, the massive payroll fraud facially supports all frauds cited herein this complaint**. Plaintiffs incorporate by reference in full detail **Section XIX regarding ---** The **Bayesian %** probability analysis of **conspiratorial intention is --- 99.99999999999999999999999999999999999999999999999999999999999999 99999999999999999999999999999999999999999999999999999999999+% --- which is 99.999.....decimal point followed by approximately 200 additional nines.**

2324H. **Adjudicative Fact 36 ---** An institutional actor who systematically falsifies government payroll records — has already demonstrated that falsifying official government records is an institutional practice — making every other official record produced by the same institution presumptively suspect, and making every fraud alleged herein the predictable continuation of a documented institutional practice of official record falsification and fraud.

2324I. **Adjudicative Fact 37 ---** Plaintiffs further assert: Under **Federal Rule of Evidence 404(b)(2)** — evidence of prior acts is admissible to prove intent, knowledge, absence of mistake, and common plan or scheme — and the Jefferson Circuit Court enterprise's documented systematic payroll fraud — fraudulently creating non-existent grade codes, fraudulently using alias identities, and fraudulent holiday reclassifications in official government records —

establishes precisely the intent, knowledge, absence of mistake, and common institutional scheme---that makes every fraudulent or illegal act alleged herein, the documented continuation of a fraudulent institutional practice, whose existence is proven from payroll records. The enterprise cannot contest, because the payroll fraud records were produced by a partially-independent executive branch agency. **Verbatim FRE 404 (b)(2): Permitted Uses.** This evidence may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident.

2324J. **Adjudicative Fact 38** --- Kevin Smalley's job title is Jefferson Deputy Chief—AOCNT, although Angela McCoy refers to him as Chief of Staff on audio recording. Kevin Smalley's massive payroll fraud is cited in adjudicative fact 12. Case 25-CI-002150 v. Ford refers to the Complaint against Ford for Elder Abuse, et cetera. Judge Gibson cited loss of jurisdiction in case 25-CI-002150 (See **PX-49**). Ford, Smalley, and Gibson, in complicity and in conspiracy, perpetrated the following fraud: See **PX-106 — 74 PAGES DESTROYED AND/OR DISAPPEARED AND/OR EFFECTIVELY DISAPPEARED — CASE 25-CI-002150 — JUDGE SUSAN GIBSON:** The adjudicative fact established from PX-106 is the following: Plaintiffs filed motions totaling 69 pages with 5 pages of proposed orders — 74 pages total — in case 25-CI-002150 — signed by Plaintiff on May 1, 2025. The 74 pages were destroyed and/or disappeared and/or effectively disappeared by Judge Susan Gibson and/or court staff — as documented in PX-106. Judge Susan Gibson had **no jurisdiction** in case 25-CI-002150 from the fraudulent pre-commencement judge and case assignments documented in PX-80 and PX-81 and in **Sections XXVI and XXXVI** --- and Gibson subsequently entered a self-documenting loss of jurisdiction order on March 18, 2026, signed on March 17, 2026, as documented in **PX-49.** As of the filing date of this federal complaint — **over one year** after filing — there has been no ruling.

Supervisor Samantha Henley communicated on Audio Recording (See Section XXVII or USB Drive) that those 74 pages that were signed on 5-1-2025 were held by Kevin Smalley until October 13, 2025, when he dictated to Henley to cite certified mail postmarked July 2025---came to hand on 10-13-2025. The J U L were ripped off the envelope. Even though the certified number tracking on said envelope shows USPS delivered Plaintiffs' Motions in May of 2025, Henley and Smalley both fraudulently and intentionally refuse to change the docket entry to May of 2025. This constitutes tampering with evidence and tampering with official records. In addition, Smalley and Henley both fraudulently refuse to cite Motions, and also fraudulently misrepresent the docket with a "tendered document" or "response" notation **so that no one will know that Plaintiffs' have filed motions.** Therefore, Plaintiffs' **Motions have effectively been disappeared and destroyed.** The destruction and/or disappearance and/or effective disappearance of 74 pages of officially filed court documents — by a judge who subsequently self-documented her own loss of jurisdiction — constitutes an adjudicative fact established from the comparison of the filing documentation in PX-106 and the official case history showing the absence of those Motions. See PX-105, PX-106, PX-107, PX-104.

2324K. **Adjudicative Fact 39 ---** The payroll records have proven the institutional willingness to fraudulently falsify any official record for institutional benefit, and for others' benefits — making the payroll fraud the documented institutional character evidence---that makes every fraudulent act cited in this complaint---the expected behavior of this institution.

**2324L. Adjudicative Fact 40 --- Federal Program Theft --- by** the Circuit Court Clerk and the Circuit Court Clerk Employees and the Administrative Office of the Courts (AOC) employees and judges and the Personnel Cabinet --- **under 18 U.S.C. § 666 --- based on payroll fraud ---** since Kentucky government is federally funded.

**SECTION XXX: FOURTH FRE 201 NOTICE --- Mandatory Judicial Notice of Adjudicative Facts Under FRE 201(c)(2) and (b)(2) --- "Retaliatory Fraudulent Felony Accusations" in Official Court Orders By Judges "Without" Jurisdiction Prior to Legal Service by Deputy Sheriff --- Entered 6 to 25 Days Before Legal Service By Deputy Sheriff (CR 3.01-Commencement by Deputy Sheriff Serving Summons)---- Coordinated and Conspiratorial Multi-Judge Pattern Across Multiple Cases Attempting to Eliminate a 92-Year Old Elder Abuse Victim as a Named Plaintiff--- Unconstitutional Unsafe Barrier to All Kentucky Court Access---In Complicity and In Conspiracy With Full Liability---In Furtherance of Elder Abuse, RICO Violations, and Obstruction of All 102 Claims for Relief ---Continuing Daily Violations---See PX-88 Through PX-94 And PX-125 Through PX-130 And PX-63 Through PX-87 And PX-42 through PX-49--- Fully Supporting Personal and Subject Matter Jurisdiction in the U.S. District Court for the Western District of Washington Under 28 U.S.C. §§1331 — 1343 — and 1367 --- This Court Must Take Judicial Notice Upon this Request.**

2325A. **Preliminary Statement:** Plaintiffs respectfully request that this Court take mandatory judicial notice of the following adjudicative facts pursuant to FRE 201(c)(2) — this Court must take judicial notice because Plaintiffs have requested it and have supplied the necessary information. These adjudicative facts can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned under FRE 201(b)(2) --- specifically official court orders signed by the judges themselves — official Deputy Sheriff affidavits of service — official case history dockets and official Random Judge Assignment reports **(NON-Random Proven)** — all of which are official government records whose accuracy cannot reasonably be questioned. Verbatim --- FRE Rule 201(c) Taking Notice --- The court — (2) must take judicial

notice if a party requests it and the court is supplied with the necessary information. And under Rule 201(b)(2) — facts can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned. Each Adjudicative Fact Noticed Herein Independently and Collectively Supports This Court's Jurisdiction Under 28 U.S.C. §§1331 — 1343 — and 1367 — and Personal Jurisdiction Under Calder v. Jones and Dole Food Co. v. Watts. Plaintiffs incorporate by reference in full detail **Sections XVIII, XIX, XXXVI, XXVI.**

2325B. **ADJUDICATIVE FACT 1 — Opening Controlling Legal Principles:** The following controlling legal principles establish the adjudicative significance of each fact noticed below. Kentucky CR 3.01 — A civil action is commenced by the filing of a complaint with the court. A civil action is also commenced by the issuance of a summons. Kentucky CR 3.02(1) — The filing fee for a civil case in Circuit Court shall be paid to the circuit clerk at the time the case is filed.

2325C. **ADJUDICATIVE FACT 2 — The adjudicative fact established from these controlling principles and applied to all cases below** — there is **no case** without a defendant. A **defendant** does **not exist** in a case until legally served by the Deputy Sheriff. A judge who enters an order before the defendant is legally served enters an order in a proceeding that has no defendant and therefore no legally commenced adversarial case — regardless of what the case docket shows. Every order entered before Deputy Sheriff service---was entered in a **non-existent** adversarial proceeding---based on applicable legal authority. Every judge who entered such an order had **no jurisdiction** — because jurisdiction requires an existing case with parties and no case exists without a defendant.

2325D. **ADJUDICATIVE FACT 3** — The additional controlling principle — each judge who entered the orders noticed below was fraudulently assigned to the case before the case legally

existed --- as documented in Section XXVI and PX-63 through PX-81 — making each judge--- without jurisdiction on two simultaneous independent grounds — the pre-commencement assignment and the pre-service order. Furthermore, all year-2025 cases **never** legally existed--- based on **case numbers in all 10 cases---being fraudulently assigned---before all 10 cases were legally filed and commenced, which then did not generate any valid case number, which then voids all 10 cases. See the Second and Third FRE 201 NOTICES and Sections XXXVIII and XXVI and Claim for Relief CII (102)** --- Fraudulent Filing And Fraudulent Commencement And Fraudulent Processing of All Ten (10) "Year-2025 Cases" By Samantha Sims --- a Non-Existent/ Non-Payroll name.

2326. **ADJUDICATIVE FACT 4 — PX-88 — CASE 25-CI-001371 — JUDGE PATRICIA MORRIS — 19 DAYS BEFORE SERVICE:** The adjudicative fact established from official court order PX-88 and Deputy Sheriff affidavit PX-55 is the following: Judge Patricia Morris **without** jurisdiction---based on **fraudulent** pre-commencement assignment **of both Judge Morris and the case number**---documented in PX-65 and PX-66 — entered an official court order in case 25-CI-001371 on 3-6-2025 — **19 days before** Deputy Sheriff Coy Harp legally served the Defendant on March 25 2025 as documented in PX-55. The order contains retaliatory fraudulent felony accusations against Plaintiffs entered in retaliation for Plaintiffs' elder abuse reporting — obstructing and depriving Plaintiffs of all Kentucky court access. The order appears to delete the 92-year-old elder abuse victim Doris Colgate as a named plaintiff — attempting to obstruct and deprive the abused elder's recovery. The case history shows a fraudulent electronic NOE — which pro se Plaintiffs never elected since Plaintiffs are deprived of all access to the court's electronic system. Morris never cited NOE in the order itself. The Defendant had not been legally served and was not yet a defendant in said case on 3-6-2025 — making the **case**

**legally non-existent** as an adversarial proceeding on that date. Based on substantive CR 8.04 and supplemental jurisdiction — Defendant's legally binding and conclusive admitted averments/ allegations/adjudicative facts fully and completely support all Plaintiffs' counts/claims for relief — and Defendant fully and completely contradicts Morris's order. See PX-88, PX-55 — PX-66, PX-64B, PX-51.

2327. **ADJUDICATIVE FACT 5 — PX-89 — CASE 25-CI-001568 — JUDGE PATRICIA MORRIS — 19 DAYS BEFORE SERVICE:** The adjudicative fact established from official court order PX-89 and Deputy Sheriff affidavit PX-57 is the following: Judge Patricia Morris — without jurisdiction---based on fraudulent pre-commencement assignment **of both Judge Morris and the case number**---documented in PX-70 and PX-71 — entered an official court order in case 25-CI-001568 on 3-6-2025 — **19 days before** Deputy Sheriff Coy Harp legally served the Defendant on March 25, 2025 as documented in PX-57. The order contains retaliatory fraudulent felony accusations against Plaintiffs entered in retaliation for Plaintiffs' elder abuse reporting — obstructing and depriving Plaintiffs of all Kentucky court access. The order appears to delete the 92-year-old elder abuse victim Doris Colgate as a named plaintiff — attempting to obstruct and deprive the abused elder's recovery. The case history shows a fraudulent electronic NOE — which pro se Plaintiffs never elected. Morris never cited NOE in the order itself. The Defendant had not been legally served and was not yet a defendant in said case on 3-6-2025 — making the **case legally non-existent** as an adversarial proceeding on that date. Based on substantive CR 8.04 and supplemental jurisdiction — Defendant's legally binding and conclusive admitted averments/allegations/adjudicative facts fully and completely support all Plaintiffs' claims for relief — and Defendant fully and completely contradicts Morris's order. . See PX-89, PX-57 through PX-71, PX-64B, PX-52.

2328. **ADJUDICATIVE FACT 6 — PX-90 — CASE 25-CI-001795 — JUDGE PATRICIA MORRIS — 6 DAYS BEFORE SERVICE:** The adjudicative fact established from official court order PX-90 and Deputy Sheriff affidavit PX-59 is the following: Judge Patricia Morris — without jurisdiction---based on fraudulent pre-commencement assignment **of both Judge Morris and the case number**---documented in PX-74 and PX-75 — entered an official court order in case 25-CI-001795 on 3-13-2025 — **6 days before** Deputy Sheriff C. Wherl legally served the Defendant on March 19, 2025, as documented in PX-59. The order contains retaliatory fraudulent felony accusations against Plaintiffs entered in retaliation for Plaintiffs' elder abuse reporting — obstructing and depriving Plaintiffs of all Kentucky court access. The order appears to delete the 92-year-old elder abuse victim Doris Colgate as a named plaintiff — attempting to obstruct and deprive the abused elder's recovery. The case history shows a fraudulent electronic NOE — which pro se Plaintiffs never elected. Morris never cited NOE in the order itself. The Defendant had not been legally served and was not yet a defendant in said case on 3-13-2025 — making the **case legally non-existent** as an adversarial proceeding on that date. Based on substantive CR 8.04 and supplemental jurisdiction Defendant's legally binding and conclusive admitted averments/allegations/adjudicative facts fully and completely support all Plaintiffs' counts/claims for relief and Defendant fully and completely contradicts Morris's order. See PX-90, PX-59 through PX-75, PX-64B, PX-53.

2329. **ADJUDICATIVE FACT 7 — PX-91 — CASE 25-CI-001447 — DEFENDANT AVOIDING SERVICE:** The adjudicative fact established from Deputy Sheriff affidavit PX-91 is the following: Deputy Sheriff I.M. Cunningham made numerous attempts to legally serve the Defendant in Kentucky case 25-CI-001447 — filed on 2-27-2025. On 9-23-2025 — close to 7 months after filing Deputy Sheriff Cunningham certified that the Defendant was avoiding

legal service of process. The Defendant's active avoidance of legal service across approximately 7 months is itself an adjudicative fact — establishing the Defendant's awareness of the case and deliberate choice to evade the legal service that would have triggered CR 8.04's mandatory response obligation. See PX-91.

2330. **ADJUDICATIVE FACT 8 — PX-92 — CASE 25-CI-001447 — JUDGE PATRICIA MORRIS — OVER ONE YEAR BEFORE SERVICE:** The adjudicative fact established from official court order PX-92 and Deputy Sheriff affidavit PX-91 is the following: Judge Patricia Morris — without jurisdiction---based on fraudulent pre-commencement assignment **of both Judge Morris and the case number**---documented in PX-67 --- entered an official court order in case 25-CI-001447 on 3-6-2025 — **over one (1) year** before any legal service by the Deputy Sheriff to the Defendant --- the Defendant having been documented as actively avoiding service as established in PX-91. The order contains retaliatory fraudulent felony accusations against Plaintiffs entered in retaliation for Plaintiffs' elder abuse reporting — obstructing and depriving Plaintiffs of all Kentucky court access. The order appears to delete the 92-year-old elder abuse victim Doris Colgate as a named plaintiff — attempting to obstruct and deprive the abused elder's recovery. Morris attempted to cite Judge Tracy Davis in said order — a judge who lost jurisdiction in cases 21-CI-001314 and 25-CI-001121. The case history shows a fraudulent electronic NOE -- which pro se Plaintiffs never elected. Morris never cited NOE in the order itself. The Defendant had not been legally served and was not yet a defendant in said case on 3-6-2025 — making the **case legally non-existent** as an adversarial proceeding on that date. The summons was never issued by the Deputy Sheriff as of the filing date of this complaint. See PX-92, PX-91, PX-67, PX-64B, Section XXVII-Audio33.

2331. **ADJUDICATIVE FACT 9 — PX-93 — CASE 25-CI-001121 — DEPUTY SHERIFF SERVICE:** The adjudicative fact established from Deputy Sheriff affidavit PX-93 is the following: Deputy Sheriff Coy Harp legally and personally served the Defendant in Kentucky case 25-CI-001121 on March 18, 2025 **25 days after** Judge Tracy Davis entered her fraudulent order on 2-21-2025 — the date of service establishing the precise interval between Davis's fraudulent or unauthorized pre-service order and the legal commencement of the adversarial proceeding. The case under Judge Davis, who never had jurisdiction based on the fraudulent pre-commencement assignment---documented in PX-63 and PX-64 — was **legally non-existent** as an adversarial proceeding on 2-21-2025 when Davis's order was issued — since the Defendant had not been legally served and was not yet a defendant in said case. There is no case without a defendant. See PX-93, PX-63, PX-64, PX-64B.

2332A. **ADJUDICATIVE FACT 10 — PX-94 — CASE 25-CI-001121 — JUDGE TRACY DAVIS — 25 DAYS BEFORE SERVICE:** The adjudicative fact established from official court order PX-94 and Deputy Sheriff affidavit PX-93 is the following: Judge Tracy Davis — without jurisdiction---based on fraudulent pre-commencement assignment **of both Judge Morris and the case number---**documented in PX-63 and PX-64 entered an official court order in case 25-CI-001121 on 2-21-2025 — **25 days before** Deputy Sheriff Coy Harp legally served the Defendant on March 18, 2025 as documented in PX-93. The order contains retaliatory fraudulent felony accusations against Plaintiffs entered in retaliation for Plaintiffs' elder abuse reporting obstructing and depriving Plaintiffs of all Kentucky court access. Davis was attempting to obstruct and deprive the abused elder Doris Colgate's recovery. The case history shows a fraudulent electronic NOE — which pro se Plaintiffs never elected since Plaintiffs are deprived of all access to the court's electronic system. The Defendant had not been legally served and was

not yet a defendant in said case on 2-21-2025 — making the case **legally non-existent** as an adversarial proceeding on that date. There is no case without a defendant. Based on substantive CR 8.04 and supplemental jurisdiction Defendant's legally binding and conclusive admitted averments/allegations/adjudicative facts in PX-95 fully and completely support all Plaintiffs' claims for relief — and Defendant fully and completely contradicts Davis's order. See PX-93, PX-94, PX-95, PX-96, PX-63, PX-64, PX-64B.

2332B. **ADJUDICATIVE FACT 11 --- All Case Numbers are Fraudulently Assigned Prior to Filing/Commencement---based on all aforementioned adjudicative facts.**

2333. **ADJUDICATIVE FACT 12 — SUMMARY OF ADJUDICATIVE FACTS -- COORDINATED AND CONSPIRATORIAL MULTI-JUDGE PATTERN:** The following summary of adjudicative facts is established from all seven adjudicative facts above combined — requiring mandatory judicial notice as adjudicative facts established from the official court orders and Deputy Sheriff affidavits themselves. Judge Patricia Morris entered retaliatory fraudulent felony accusation orders in 4 separate cases — cases 25-CI-001371, 25-CI-001568, 25-CI-001795, and 25-CI-001447 — all **without** jurisdiction — all before the defendant in each case was legally served. Judge Tracy Davis entered a retaliatory fraudulent felony accusation order in case 25-CI-001121 --- **without** jurisdiction — **25 days before** the defendant was legally served. In every instance — the order was entered **before** the defendant was legally served---in a **non-existent** adversarial proceeding. In every instance — the order was entered by a judge with **no jurisdiction** from a fraudulent pre-commencement assignment **of both judge and the case number**. In every instance — the order contains fraudulent felony accusations against Plaintiffs — entered in retaliation for Plaintiffs' elder abuse reporting -- obstructing and depriving all Kentucky court access. In every instance — the order appears to attempt elimination of the 92-


Edward Colgate 22023 SE Wax Rd., Box 1452, Maple Valley, WA 98038, King Co.

year-old elder abuse victim Doris Colgate as a named plaintiff. The **100%** consistent multi-judge **cross-case pattern — 5 orders in 5 cases by 2 judges — all before service and summons — all retaliatory** — all targeting the same elder abuse victim — establishes a coordinated and conspiratorial enterprise operation from the pattern itself — **mathematical proof** that the **identical conduct across multiple cases by multiple judges was a coordinated and conspiratorial institutional operation.** Furthermore, all year-2025 cases **never** legally existed---based on **case numbers in all 10 cases --- being fraudulently assigned --- before all 10 cases were legally filed, commenced, and processed.** See **SECTION XXXVI--- the Second FRE 201 NOTICE --- Fraudulent Filing, Fraudulent Commencement, Fraudulent Processing of All Ten (10) "Year-2025 Cases" By Samantha Sims ----- a Non-Existent/ Non-Payroll name --- All Case Numbers are Fraudulently Assigned Prior to Legal Filing --- Manually Entered and Not Part of the Efiling system; 100% Probability of 11 Fraudulent Judge Assignments in Jefferson Circuit Court-Kentucky --- 100% Probability That Ten 10 (Year-2025) of the Eleven (11) Fraudulent Judge Assignments --- Were Prior to the Legal Existence of Said Cases --- 100% Probability That Fraudulent Case Number Assignments in All Ten (10) Cases in Year-2025 --- Were Prior to the Legal Existence of Said Cases. See PX-51, PX-52, PX-53, PX-91 through PX-96. See SECTION XXVI and the THIRD FRE 201 NOTICE --- Mandatory Judicial Notice of Adjudicative Facts Under FRE 201(c)(2) and (b)(2).**

**SECTION XXXI: EIGHTH FRE 201 NOTICE --- Mandatory Judicial Notice of Adjudicative Facts --- Under FRE 201(c)(2) and (b)(2) --- Attorney Paul Kevin Ford's Fraudulent Pre-Service Filing--Prior to Defendant's Legal Service by Deputy Sheriff-- Mathematical Impossibility --- Fraudulent Complicity --- Fraudulent Conspiracy ---**

**Fraudulent Enterprise Coordination and Conspiracy--- Fraudulently Claimed Representation of Doris Colgate by Paul Kevin Ford --- Fraudulent Use of Doris Colgate's Assets by Paul Kevin Ford, Susan Wilson, Lori Fox, Michelle Burkhead, Jude McConnell, and Others --- Fraudulent Two-Day Haner-Ford Coordination and Conspiracy --- Legally Binding Admissions of Paul Kevin Ford's Fraud From Cases 25-CI-001371, 25-CI-001568, 25-CI-001121, 25-CI-001795, 25-CI-001796 --- RICO PREDICATE--18 U.S.C. §1512 AND 18 U.S.C. §1964(c) — BURDEN OF PROOF AND CONSPIRACY WITH FULL LIABILITY — FORD, WILSON, 15 JUDGES, AND OTHERS — TAMPERING WITH EDWARD COLGATE AND DORIS COLGATE AS WITNESSES AND VICTIMS--- INDUCED PERJURY --- OBSTRUCTION OF RECOVERY --- OBSTRUCTION OF JUSTICE --- CAUSING UNJUST ENRICHMENT --- And Paul Kevin Ford's Inability to Obtain Pro Hac Vice Admission in U.S. District Court for the Western District of Washington --- All Adjudicative Facts From Official Dockets --- Authenticated Audio Recordings---Deposition Transcript PX-5 --- And Susan Wilson's Legally Binding Substantive CR 8.04 Admissions --- Whose Accuracy Cannot Reasonably Be Questioned --- Plaintiffs incorporate by reference in full detail PX-51 through PX-87, PX-95, PX-96, and PX 97 through PX-107, PX-48, PX-49, and PX-42 through PX-47, PX-160 --- Fully Supporting Personal and Subject Matter Jurisdiction in the U.S. District Court for the Western District of Washington Under 28 U.S.C. §§1331 — §1343 — and §1367 --- This Court Must Take Judicial Notice Upon This Request.**

2334. **Preliminary Statement:** Plaintiffs respectfully request that this Court take mandatory judicial notice of the following adjudicative facts pursuant to FRE 201(c)(2) — this Court must take judicial notice because Plaintiffs have requested it and have supplied the necessary

information. These adjudicative facts can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned under FRE 201(b)(2) — specifically official court dockets — official Deputy Sheriff affidavits of service — official case history docket log records — authenticated audio recordings in PX-3 — deposition transcript PX-5 — and Wilson's legally binding and conclusive substantive CR 8.04 admissions in cases 25-CI-001371--- supported by legally binding and conclusive substantive CR 8.04 admissions in four additional Kentucky cases **(25-CI-001568, 25-CI-001795, 25-CI-001796, 25-CI-001121) (See PX-51 through PX-62, PX-96, PX-95)** — all of which are sources whose accuracy cannot reasonably be questioned. Verbatim — FRE Rule 201(c) Taking Notice — The court — (2) must take judicial notice if a party requests it and the court is supplied with the necessary information. And under Rule 201(b)(2) — facts can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned. Each Adjudicative Fact Noticed Herein Independently and Collectively Supports This Court's Jurisdiction Under 28 U.S.C. §§1331 — 1343—and 1367 — and Personal Jurisdiction Under Calder v. Jones and Dole Food Co. v. Watts. Plaintiffs incorporate by reference in full detail **Sections XVIII, XIX, XXXVI, XXVI.**

2335. **ADJUDICATIVE FACT 1 — WILSON'S SUBSTANTIVE CR 8.04 ADMISSIONS ESTABLISH PAUL KEVIN FORD'S COMPLICITY IN AND CONSPIRACY IN--- INCLUDING BUT NOT LIMITED TO --- ELDER ABUSE, SECURITIES FRAUD, ANNUITY FRAUDS, REAL ESTATE FRAUD AND OBSTRUCTION OF REAL ESTATE FRAUD RECOVERY, INDUCED PERJURY, THEFT OF and/or FRAUD OF DORIS COLGATE'S FUNDS FOR LEGAL FEES --- USED IN ATTEMPTS TO DEPRIVE DORIS OF RECOVERY --- REGARDING ELDER ABUSE AND FRAUD PERPETRATED AGAINST DORIS BY Paul Kevin Ford, Susan Wilson, Lori Fox,**

**Michelle Burkhead, Jude McConnell, Hey Jude, LLC, Cristal Fox, Ray Wilson, and Others --- RICO PREDICATE--18 U.S.C. §1512 AND 18 U.S.C. §1964(c) — BURDEN OF PROOF AND CONSPIRACY WITH FULL LIABILITY — FORD, WILSON, 15 JUDGES, AND OTHERS — TAMPERING WITH EDWARD COLGATE AND DORIS COLGATE AS WITNESSES AND VICTIMS--- INDUCED PERJURY --- The Obstruction of Recovery and the Obstruction of Justice --- CAUSING UNJUST ENRICHMENT For ALL Aforementioned Perpetrators — Kentucky Attorney Paul Kevin Ford's PRO HAC VICE DISQUALIFICATION --- AND Kentucky Attorney T. Colin Ford's PRO HAC VICE DISQUALIFICATION--Based on T. Colin Ford's name appearing on the same fraudulent documents as Paul Kevin Ford --- GROUND 1:**

**ADJUDICATIVE FACT 2** --- The adjudicative fact established from Wilson's legally binding and conclusive substantive CR 8.04 admissions in Kentucky case 25-CI-001371 --- documented in PX-51 through PX-62 and PX-95 through PX-96 — is the following: Wilson's failure to respond to Plaintiffs' complaint in case 25-CI-001371 admitted all averments/ allegations/ adjudicative facts in that complaint — including all averments/ allegations/adjudicative facts regarding attorney Paul Kevin Ford's complicity in elder abuse of Doris Colgate — securities fraud — annuity frauds — real estate fraud--- and induced perjury. These admissions are legally binding and conclusive as a matter of Kentucky substantive law under CR 8.04 — independent of any Kentucky court order recognizing them — and are presented herein as established adjudicative facts---rather than allegations requiring this Court's independent factual findings.

2336. **ADJUDICATIVE FACT 3** --- Any Washington State Bar member considering sponsoring Ford for pro hac vice admission is required under Washington RPC 8.3 to report to the appropriate professional authority any knowledge of another attorney's conduct that raises a

substantial question about that attorney's fitness — including misconduct involving dishonesty, fraud, deceit, or misrepresentation. The more than 300 pages (more than 700 pages when adding the other 4 complaints) of legally binding judicial admissions establishing Ford's complicity in elder abuse of a 92-year-old victim — securities fraud — annuity frauds — and induced perjury — create an RPC 8.3 reporting obligation for any Washington attorney who reads them. No Washington attorney with a bar license at stake will sponsor an attorney whose complicity in those offenses is established through the opposing party's own legally binding judicial admissions — because sponsoring Ford after reading those admissions creates the sponsoring attorney's own RPC 8.3 exposure. This is the first independent ground establishing Ford's inability to obtain pro hac vice admission in W.D. Washington. See PX-51 through PX-62, PX-95, PX-96, PX-51-(complaint 25-CI-001371).

2337. **ADJUDICATIVE FACT 4 — FORD'S FRAUDULENT PRE-SERVICE FILING ON MARCH 10, 2025 — 8 DAYS BEFORE LEGAL SERVICE — ENTERPRISE COORDINATION AND CONSPIRACY — PRO HAC VICE DISQUALIFICATION--- GROUND 2:** The adjudicative fact established from official case docket **PX-94** and Deputy Sheriff affidavit **PX-93** is the following: Paul Kevin Ford filed a motion to dismiss and/or answer in case 25-CI-001121 on **March 10, 2025** — **8 days before** Deputy Sheriff Coy Harp legally served the Defendant on **March 18, 2025** as documented in PX-93. Pro se Plaintiffs' complaints are fraudulently deprived of scanning and uploading — generating no electronic notification to any registered attorney. Ford could not have seen Plaintiffs' complaint until after the Deputy Sheriff **legally served the complaint and summons simultaneously to the Defendant on March 18, 2025.** Ford cannot legally file a motion to dismiss, or an answer, without knowing what is in Plaintiffs' complaint — without the defendant being legally served

— and when the judge in said case had **no jurisdiction** since the judge was fraudulently assigned prior to the case's existence as documented in PX-63 and PX-64.

2338. **ADJUDICATIVE FACT 5** --- Ford's advance knowledge of the filing — before service — before scanning — **before** any authorized notification — is explainable only through unauthorized enterprise coordination and conspiracy specifically the enterprise's transmission of information about Plaintiffs' **"non-commenced"** complaint to Ford through channels that bypassed the constitutional service of process requirements. **(CR 3.01-Commencement by Deputy Sheriff Serving Summons)** Ford, who files a preemptive motion to dismiss **8 days before legal service** — in a case whose complaint was **never scanned or uploaded** is **not** providing independent legal analysis — Ford is participating in enterprise coordination and conspiracy that violates Washington RPC 8.4's prohibition on conduct involving dishonesty, fraud, deceit, or misrepresentation. No Washington attorney will sponsor counsel---whose advance knowledge of a non-commenced filing---is documented in an official docket---citing date of legal service by the Deputy Sheriff--- and explainable only through enterprise coordination and conspiracy. This is the second independent ground establishing Ford's inability to obtain pro hac vice admission in U.S. District Court for the Western District of Washington. See PX-95, PX-93, PX-94, PX-63, PX-64.

2339. **ADJUDICATIVE FACT 6 — FORD IS AN ADVERSE WITNESS WHOSE OWN LIABILITY IS ESTABLISHED BY HIS CLIENT'S CR 8.04 ADMISSIONS — PRO HAC VICE DISQUALIFICATION---GROUND 3:** The adjudicative fact established from Wilson's substantive CR 8.04 admissions in case 25-CI-001371 is the following: Wilson's CR 8.04 admissions establish Ford's complicity in the same misconduct that Wilson herself admitted. Ford is therefore an adverse witness in the very case he would seek to defend in this Court — his

own misconduct is part of the evidentiary record this Court will be asked to evaluate. An attorney who is simultaneously defense counsel and an adverse witness in the same proceeding has an unwaivable conflict of interest under Washington RPC 3.7 — the lawyer-as-witness rule — that bars him from serving as trial counsel---regardless of whether any Washington attorney would sponsor his admission.

2340. **ADJUDICATIVE FACT 7 ---** No Washington State Bar member can sponsor an attorney for pro hac vice admission in a case where that attorney is an adverse witness whose own liability is established in the case record — because the sponsoring attorney assumes professional responsibility for Ford's fraudulent misconduct — including his role as an adverse witness where he cannot simultaneously serve as counsel of record. This is the third independent ground establishing Ford's **inability** to obtain pro hac vice admission in W.D. Washington. See PX-51 through PX-62, PX-93 through PX-96, PX-63, PX-64.

2341. **ADJUDICATIVE FACT 8 — AUDIO 10 — MAY 9, 2021 — FORD HAS NEVER BEEN DORIS'S ATTORNEY — FORD FRAUDULENTLY CLAIMED TO REPRESENT DORIS COLGATE:** The adjudicative fact established from authenticated audio recording Audio 10 — dated May 9, 2021 --- transcribed in PX-3 — is the following: On May 9, 2021 — Doris Colgate was asked — Have you ever had Kevin Ford as your attorney or lawyer? **Doris responded — "No, no."** Confirmed by follow-up question — So you have never had Kevin Ford as your attorney or lawyer? **Doris responded — "No, no."**

2342. **ADJUDICATIVE FACT 9 ---** Adjudicative facts established — Doris Colgate specifically confirmed on May 9, 2021 that Paul Kevin Ford had never been her attorney --- at any time — under any circumstances. This directly contradicts Ford's submissions to Kentucky courts fraudulently claiming to represent Doris — establishing Ford's unauthorized and

fraudulent representation — Ford's conflict of interest in simultaneously representing Wilson---regarding Wilson's fraud against Doris---while fraudulently claiming to represent Doris — and Ford's knowing submission of false and fraudulent representations to official court proceedings. All of this is independently admitted by Wilson through CR 8.04 default — and confirmed on authenticated audio from Doris's own voice---whose authenticity is established by three witnesses under KRE 901. See PX-3-Audio10, PX-5-page 45-lines 23-25, PX-5-page 68-line 6, Wilson's CR 8.04 admissions.

2343. **ADJUDICATIVE FACT 10 — AUDIO 12 — JUNE 10, 2021 — DORIS UNAWARE FORD WAS FRAUDULENTLY USING HER (DORIS'S) MONEY WITHOUT HER KNOWLEDGE OR CONSENT:** The adjudicative fact established from autbenticated audio recording Audio 12 — dated June 10, 2021 — transcribed in PX-3 — is the following: On June 10, 2021 — Doris Colgate was asked — Basically you're not aware that they are using your money right now to pay an attorney is that right? Doris responded — "I don't think so, **no.**"

2344. **ADJUDICATIVE FACT 11** --- Adjudicative facts established — As of June 10, 2021 — Doris Colgate was unaware that Wilson and Fox were using Doris's own assets to pay attorney Ford — in an attempt to prevent Doris from recovering fraud damages from Wilson and Fox. The use of Doris's assets to pay Ford was therefore fraudulent and unauthorized — without Doris's knowledge or consent — which is the specific misconduct admitted by Wilson through CR 8.04 default — and documented in the injunctive relief of the Kentucky complaint. The unauthorized and **fraudulent use of Doris's assets to fund the legal defense of the persons who defrauded her**---constitutes unjust enrichment independently actionable under Kentucky law — and constitutes an additional act of financial exploitation of a vulnerable adult under KRS 209.020 — with each payment from Doris's assets to Ford---generating an independent KRS 209.990 elder

abuse violation — a KRS 446.070 civil recovery event — and an independent RICO predicate act. See PX-3-Audio12, Audio16, Audio10, Wilson's CR 8.04 admissions.

2345. **ADJUDICATIVE FACT 12 — AUDIO 16 — JUNE 10, 2021 — DORIS CONFIRMS THE ABSURDITY AND FRAUD OF FORD'S ROLE:** The adjudicative fact established from authenticated audio recording Audio 16 — dated June 10, 2021 — transcribed in PX-3 — is the following: On June 10, 2021 — after being told that Wilson and Fox were using Doris's own money to pay Ford to prevent her from recovering fraud damages — Doris Colgate was asked — Isn't that the most ridiculous thing you have ever heard? Doris responded **"Yes."**

2346. **ADJUDICATIVE FACT 13 ---** Adjudicative facts established — Doris Colgate understood on June 10, 2021 that using her own assets to pay an attorney to prevent her own recovery from fraud was absurd — demonstrating her cognitive awareness of the fraud being perpetrated against her — her opposition to that fraud — and her desire for recovery directly contradicting any characterization by Ford or Wilson that Doris wanted to pay legal fees for attempts to prevent Doris from recovering her defrauded funds/monies. This confirmation — from Doris's own authenticated voice — establishes that Ford's role was fraudulent--as understood by Doris--- and against Doris's interests — the most direct possible evidence of the unconscionability of Wilson's and Ford's fraudulent misconduct against a 92-year-old elder abuse victim. See PX-3-Audio16, Wilson's CR 8.04 admissions.

2347. **ADJUDICATIVE FACT 14 --- FORD'S FRAUDULENT DUAL REPRESENTATION CONFLICT/ FORD'S FRAUDULENT DUAL MISREPRESENTATION CONFLICT — DEPOSITION TRANSCRIPT PX-5 — DORIS REPEATEDLY STATES BOB ENGLISH IS HER ONLY ATTORNEY:**

**ADJUDICATIVE FACT 15 ---** The adjudicative fact established from deposition transcript PX-5 — authenticated audio recording-PX-3-Audio10 — and Wilson's CR 8.04 admissions is the following: Paul Kevin Ford appeared at Doris Colgate's deposition on November 16, 2023 fraudulently purporting to act as Doris's attorney — while simultaneously representing Wilson and Fox — the defendants in Doris's fraud recovery case. Doris stated in the deposition at PX-5-page 45-lines 23-25 — A. **Doris: "Bob English. It was Bob English. He was the lawyer and that's the only lawyer that I've ever had — Bob English"** — communicating that Ford was **not** her attorney. Doris stated again at PX-5-page 68-line 6 — A. **Doris: "The only only attorney I've ever had was Bob English"** — communicating a second time that Ford was not her attorney. At PX-5-page 68-lines 10-11 — Doris asked Fox directly —**Doris: "Lori do you know my lawyer's name?" — demonstrating that Doris did not know Ford was there acting as her attorney.** Wilson and Fox were seated next to Doris at the deposition — defendants in Doris's fraud recovery case, sitting next to Doris, the fraud victim, during Doris's deposition, were there to intimidate Doris and to induce perjury — with the defendants' own attorney, Ford, fraudulently purporting to represent Doris and actively working against Doris's recovery interests. Wilson and Fox should have been sequestered. Plaintiff's attorney at the time---had financial ties to Ford, and did not tell Plaintiff. Plaintiff's attorney at the time---refused to turn the Zoom or virtual connection on to allow Plaintiff to be part of the deposition. Plaintiff never knew Wilson and Fox were at the deposition to intimidate Doris---until Plaintiff read the deposition transcript.

2348. **ADJUDICATIVE FACT 16 ---** Adjudicative facts established — Ford fraudulently appeared at Doris's deposition as her purported attorney while representing the defendants who defrauded Doris — without Doris's knowledge or consent — while Doris stated twice on the

deposition record that she had never had any attorney other than Bob English — constituting an unwaivable conflict of interest under Kentucky RPC 1.7 — unauthorized representation under Kentucky RPC 1.2 — and misconduct constituting dishonesty, fraud, deceit, and misrepresentation under Kentucky SCR 3.130(8.4) — all independently admitted by Wilson through CR 8.04 default and confirmed in the deposition transcript from Doris's own testimony. See PX-5-page 45-lines 23-25 — PX-5-page 68-line 6 — PX-5-page 68-lines 10-11, PX-10, PX-3-Audio 10-Audio12-Audio16, Wilson's CR 8.04 admissions.

2349. **ADJUDICATIVE FACT 17 ---** Edward Colgate's status as legitimate and legally valid Trustee and Power of Attorney for Doris Colgate is conclusively established through Wilson's legally binding and conclusive CR 8.04 admissions — as noticed in Plaintiffs' First FRE 201 Notice, and as admitted throughout Plaintiffs' state complaint, including but not limited to paragraph 5---regarding Susan Wilson's complicity in tortious interference with Edward's Power of Attorney and Trustee agreements with Doris — making any challenge to Edward's Trustee and POA status foreclosed by Wilson's own legally binding and conclusive admissions---independent of any other evidence. Regarding Doris Colgate's deposition statements referencing Bob English — the adjudicative fact is not about estate document validity — it is about Ford's real-time knowledge of his fraudulent unauthorized status. Doris stated twice in Ford's presence at the November 16, 2023 deposition — at PX-5- page 45-lines 23-25 and at PX-5-page 68-line 6 — that the only attorney she had ever had was Bob English — communicating directly in front of Ford that he was not her attorney — establishing that Ford knew from Doris's own words at the deposition itself---that Ford had no authorization to represent her — making his continued presence and participation as her fraudulently purported attorney---a deliberate unauthorized

fraudulent act performed---with full knowledge of Doris's denial of his authority in that very proceeding.

2350. **ADJUDICATIVE FACT 18 — UNAUTHORIZED AND FRAUDULENT USE OF DORIS'S ASSETS TO PAY FORD — UNJUST ENRICHMENT — ONGOING ELDER ABUSE — ADDITIONAL RICO PREDICATES:**

**ADJUDICATIVE FACT 19** --- The adjudicative fact established from PX-3---Audio10, Audio12, Audio16 and Wilson's CR 8.04 admissions across hundreds of pages of the admitted complaint. Wilson and Fox fraudulently misused Doris Colgate's own assets — without Doris's knowledge or consent — to pay attorney Ford over an extended period for the specific purpose of attempting to prevent Doris from recovering fraud damages from Wilson and Fox. PX-3, Audio12---On June 10, 2021, Doris communicated that she did not know that her money/funds were being used to pay Ford's fees for the past three months. It has since been discovered that Ford has been fraudulently taking Doris's money over a number of years. The unauthorized fraudulent use of a 92-year-old elder abuse victim's own assets — to fund the legal defense of the persons who defrauded her — against the victim's recovery — without the victim's knowledge — constitutes financial exploitation of a vulnerable adult under KRS 209.020(9) — unjust enrichment for both Wilson, Fox, and others — an independent elder abuse violation under KRS 209.990 for each payment — a civil recovery under KRS 446.070 for each statutory violation — and an independent RICO predicate act of financial exploitation for each unauthorized and fraudulent payment from Doris's assets to Ford. All of this fraudulent misconduct is admitted by Wilson through CR 8.04 default — and independently confirmed on authenticated audio recordings from Doris's own voice. See PX-3, Audio10, Audio12, Audio16, Wilson's CR 8.04 admissions, PX-6, PX-10.

2351. **ADJUDICATIVE FACT 20 — FORD'S FRAUDULENT PRE-SERVICE FILING---MATHEMATICAL IMPOSSIBILITY — FORD FRAUDULENTLY FILED BEFORE SEEING PLAINTIFFS' COMPLAINT:** The adjudicative fact established from official case docket PX-94 — Deputy Sheriff affidavit PX-93 — and the documented fact that Plaintiffs' complaints were/are never scanned or uploaded is the following: Ford filed a motion to dismiss and/or answer in case 25-CI-001121 on March 10, 2025. Pro se Plaintiffs' complaint in that case, and all their cases, were never scanned or uploaded, and the judges and case numbers are **manually** entered, as communicated by Supervisor Henley --- and established from the systematic denial of eFiling access to pro se Plaintiffs---documented throughout this complaint. No electronic notification of Plaintiffs' complaint was ever generated for any attorney — because the complaint was never in the electronic system. The Defendant was not served until **March 18, 2025** — **8 days after** Ford's filing. Ford received no authorized notification of the complaint before March 18, 2025 — making Ford's March 10, 2025 filing---a document Ford submitted in response to a complaint that Ford had never seen — in a case that Ford had received fraudulent, coordinated, and conspiratorial enterprise notification of — through channels that bypassed the constitutional service of process requirements. The adjudicative fact is that Ford's pre-service filing was **not** legal representation — it was enterprise coordination and conspiracy. See PX-93, PX-94, PX-63, PX-64, PX-95, PX-96.

2352. **ADJUDICATIVE FACT 21 — HANER-FORD TWO-DAY ENTERPRISE COORDINATION AND CONSPIRACY — MARCH 18, 2026 ORDERING DIRECTIVE AND MARCH 20, 2026 NO-ARGUMENT MOTION:** The adjudicative fact established from Haner's order entered **3-18-2026** — documented in PX-48 — and Ford's motion to dismiss filed **3-20-2026** is the following: Circuit Court Judge Eric Haner — **not an appellate judge** —

**without jurisdiction** — entered a **fraudulent remand order** in case 21-CI-001314---signed on 3-17-2026---**entered on 3-18-2026** — **ordering Judge Tracy Davis — another circuit court judge---without jurisdiction---from three self-executed recusal / loss of jurisdiction orders — to dismiss said case---where Davis had previously issued her own recusal Orders in said case two (2) times---entered on 10-24-2025 and on 10-28-2025.** The fraudulent order states — It is hereby ordered that this case shall be remanded back to Division Five for finality of the orders of dismissal. **Two days later — on 3-20-2026 —** Ford filed a motion to dismiss in the same case---**without citing any reasons** for dismissal.

2353. **ADJUDICATIVE FACT 22 ---** The adjudicative fact established from these two documents is that the **two-day interval** between Haner's fraudulent predetermined outcome order directive and Ford's **"no-argument motion"** ---to dismiss---documents enterprise coordination and conspiracy between a judicial member and an attorney member of the enterprise. The only explanation for a **"no-argument motion"** to dismiss---**filed two days after** a **judicial directive ordering the same dismissal**---is that Ford knew the **judgment/ outcome** was **already ordered** — making legal argument unnecessary — because the **predetermined judgment/ outcome** mechanism had already been activated by Haner's order. This two-day coordination and conspiracy — from official court records alone — constitutes self-documenting enterprise coordination and conspiracy between judicial/judge and attorney enterprise members. See PX-48, PX-42 through PX-49, and **PX-160.**

2354. **ADJUDICATIVE FACT 23 — FORD'S MOTION TIMING MATHEMATICAL IMPOSSIBILITY — DAVIS'S FRAUDULENT PURPORTED MARCH 30, 2026 ORDER VOID FROM TIMELINE ALONE:** The adjudicative fact established from Ford's motion **postmark date** — Ford's **fraudulent certification date** on the motion --- and the applicable

Kentucky procedural rules is the following: Ford's motion to dismiss was **postmarked March 25, 2026.** See **PX-160.** Ford's **fraudulent certification date** on the motion states **March 20, 2026 — five days before the postmark** — establishing that Ford falsely and fraudulently certified the mailing date. Under CR 6.05 — three days are added after service by mail. Under CR 6.01 — the day of service is not counted and when the period is less than seven days Saturdays and Sundays are not counted. Under Kentucky JPR Rule 401 — **Plaintiffs have twenty (20) days** from the fraudulent certification date to respond to a motion to dismiss, or from the postmark date. Either way, the March 30, 2026 motion to dismiss **"date" is fraud.**

2355. **ADJUDICATIVE FACT 24 ---** The adjudicative fact from these rules applied to the postmark date of March 25, 2026 — adding three days — excluding Saturdays and Sundays — establishes that Plaintiffs' response **deadline falls "weeks" after March 30, 2026.** It was therefore legally and mathematically impossible for Judge Tracy Davis — who additionally had **no jurisdiction from three self-executed recusal orders** — to enter any dismissal on March 30, 2026 — which **falls weeks before** Plaintiffs' **legally entitled response deadline.** Davis's fraudulently purported March 30, 2026 order is **void on its face from the motion timing calculation alone** independent of Davis's **NO jurisdiction** — and Ford's false and **fraudulent certification date of March 20, 2026---on a motion postmarked March 25, 2026---**documents deliberate fraudulent intent to exclude Plaintiffs from motion hour by fraudulently misrepresenting the mailing date--- attempting to shorten Plaintiffs' response time. See CR 6.05, CR 6.01, KY JPR Rule 401, Ford's motion postmark and Ford's motion certification date---**PX-160.**

2356. **ADJUDICATIVE FACTS 25— PX-122 — PERSONNEL CABINET KHRIS RECORDS DOCUMENTING ENTERPRISE ORGANIZATIONAL STRUCTURE — OFFICIAL GOVERNMENT RECORDS**

2357. **ADJUDICATIVE FACT 26** --- The adjudicative fact established from Personnel Cabinet KHRIS record **PX-122** — dated August 1, 2016 — and from corresponding Enterprise Structure Change designations in the personnel files of Smalley, McCoy, Henley---and aliases Sims, Fogel, and Logan---and Williams, Bisig, and others — is the following (See **PX-108 through PX-124**):

2358. **ADJUDICATIVE FACT 27** --- The Kentucky Personnel Cabinet's own official KHRIS payroll system records — produced by the partially-independent executive branch Personnel Cabinet — use the designation Z8 Position Number Change — Internal — 20 Enterprise Structure Change to document coordinated simultaneous organizational structure changes applied to multiple individuals within the Jefferson Circuit Court system simultaneously. The same Enterprise Structure Change designation appears in the personnel records of Kevin Smalley, McCoy, Supervisor Samantha Henley---and aliases Sims, Fogel, and Logan---and Williams, Norma Bisig, and others — establishing from the Personnel Cabinet's own official records that these specific individuals were organizationally structured together under a common enterprise designation within the KHRIS payroll system.

2359. **ADJUDICATIVE FACT 28** --- Additionally PX-122 documents the following specific payroll action for Kevin Smalley on August 1, 2016. Action Type — Z4 Reallocation — 03 Lower Grade and Z8 Position Number Change — Internal — 20 **Enterprise** Structure Change. From --- job title of Payroll Only — Pay Grade 98---To — Chief Deputy AOCNT — Pay Grade 12. Salary of $5,426.12 stayed the same despite the grade change. The salary remaining identical despite movement from Grade 98 Payroll Only contractor classification to

Grade 12 Chief Deputy AOCNT ---- a position that should carry substantially different compensation — documents that the reclassification was an administrative designation change rather than a genuine employment status change — consistent with the dual-status exploitation and Grade 12 impossibility established throughout the payroll fraud analysis. Plaintiffs incorporate by reference in full detail **Section XXIX—Payroll Fraud**--which also shows that Smalley was **never** a **contractor**, but was **always** a **permanent** employee.

2360A. **ADJUDICATIVE FACT 29 ---** The adjudicative fact established from PX-122 is not that the Personnel Cabinet acknowledged a criminal RICO enterprise by name — but that the Personnel Cabinet's own official records document the association-in-fact organizational structure — the common enterprise designation — the coordinated simultaneous application to multiple individuals ---- and the continuing organizational unit — that together constitute the association-in-fact enterprise element as a matter of documented official organizational fact rather than as inference or allegation. The enterprise element of Plaintiffs' RICO claims is therefore established from the enterprise's own official government records — using the enterprise's own organizational terminology — making it the **most self-documenting RICO enterprise evidence in any American civil RICO complaint** — the enterprise documented its own organizational existence in official government payroll records produced by an independent executive branch agency---whose accuracy cannot reasonably be questioned under FRE 201(b)(2). See PX-122, PX-108 through PX-124, Personnel Cabinet KHRIS records.

2360B. **ADJUDICATIVE FACT 30** --- Ford's fraudulent pre-service filing — fraudulent two-day coordination and conspiracy with Haner, who has/had **no** jurisdiction -- and citation of judge Davis's order, when Davis has/had **no** jurisdiction for citing said order --- are individual fraudulent misconduct evidence of Ford's participation in the association-in-fact enterprise,

whose organizational structure is independently documented in the Personnel Cabinet's own official KHRIS records at PX-122 — showing the Enterprise Structure Change designation applied simultaneously to Smalley, McCoy, Henley, Williams, Bisig, and others — establishing from official government records that Ford's coordinated and conspiratorial misconduct occurred within and in furtherance of a documented organizational enterprise rather than as isolated individual fraudulent misconduct.

2360C. **ADJUDICATIVE FACT 31 — CASE 21-CI-001314 ACTIVE STATUS CONFIRMED BY ENTERPRISE'S OWN SUPERVISOR — AUDIO 40 — APRIL 1, 2026: ADJUDICATIVE FACT 32 ---** The adjudicative fact established from authenticated audio recording **Audio 40---dated April 1, 2026**—see **Section XXVII-Audio40 or USB drive**, and **PX-160** — is the following: On April 1, 2026 — Supervisor Stephanie Williams of Jefferson Circuit Court confirmed by telephone on audio recording — that case 21-CI-001314 --- had **not** been dismissed by any order from Tracy Davis on March 30, 2026. Davis had and has --- **NO** jurisdiction in case 21-CI-001314 — having entered self-executed recusal orders on October 24, 2025 and October 28, 2025---citing recusal and/or loss of jurisdiction — making any March 30, 2026 Davis order **void ab initio** on jurisdictional grounds. The court continues to deprive, obstruct, deny Plaintiffs a copy of Davis's fraudulently purported March 30, 2026 order — confirming by phone---only that the order exists — while refusing to provide its content — and refusing to legally serve it to/on Plaintiffs.

2360D. **ADJUDICATIVE FACT 33 ---** The adjudicative fact is — the enterprise's own supervisor confirmed on April 1, 2026 that case 21-CI-001314 was **not** dismissed --- which is an admission by an authorized institutional representative — that supersedes any void order Davis may have fraudulently purported to enter---without jurisdiction — and that **establishes the case**

**as active** in the enterprise's own administrative records as of April 1, 2026. See PX-160, Section XXVII-Audio40.

2360E. **ADJUDICATIVE FACT 34 — SYSTEMATIC DEPRIVATION OF ORAL ARGUMENTS TO ALL PRO SE PLAINTIFFS IN ALL KENTUCKY COURTS**

2360F. **ADJUDICATIVE FACT 35** — The adjudicative fact established from the complete Kentucky court record is the following: No records exist showing any pro se plaintiff being allowed oral arguments in any Kentucky court — including Jefferson Circuit Court and all Kentucky appellate courts — at any point in the documented history of those courts. This complete and documented absence of pro se plaintiffs oral argument across the entire history of the Kentucky court system — combined with the specific documented deprivation of oral arguments against Plaintiffs in all 11 cases — establishes systematic institutional deprivation of a constitutionally protected right to be heard and due process— independent of any specific case's facts — constituting an ongoing institutional due process violation that compounds every other access deprivation documented throughout this complaint. The systematic denial of oral arguments to all pro se plaintiffs — while represented defendants are allowed oral argument access — establishes the equal protection violation.

2360G. **ADJUDICATIVE FACT 36 — 18 U.S.C. §1512 AND 18 U.S.C. §1964(c) — BURDEN OF PROOF AND CONSPIRACY WITH FULL LIABILITY — FORD, WILSON, 15 JUDGES, AND OTHERS — TAMPERING WITH EDWARD COLGATE AND DORIS COLGATE AS WITNESSES AND VICTIMS**

2360H. **ADJUDICATIVE FACT 37** — The adjudicative facts established from 18 U.S.C. §1512, combined with Wilson's CR 8.04 admissions — official court orders in PX-88 through PX-94 and PX-125 through PX-130 — Ford's fraudulent pre-service filing in PX-94 Haner's

coordination and conspiracy order in PX-48 — and authenticated audio recordings in PX-3 and Section XXVII — are the following:

2360I. **ADJUDICATIVE FACT 38 --- Edward Colgate as witness and victim under 18 U.S.C. §1512:** Edward Colgate is simultaneously a witness — possessing firsthand authenticated audio evidence of Wilson's fraud and the enterprise's institutional corruption — and a direct victim — having suffered $50,138.68 in legally binding admitted damages from Wilson's fraudulent misconduct — admitted through Wilson's CR 8.04 default. The retaliatory fraudulent felony accusations of unauthorized practice of law — entered in official court orders by several judges, all **without** jurisdiction — **before** the cases legally existed and before defendants were legally served the complaint and summons — specifically name Edward Colgate by name in those official accusation documents. Naming a specific witness and victim in official criminal accusation documents — entered before the defendant in the case was even served — constitutes tampering with a witness and victim under **18 U.S.C. §1512(b)** — knowingly using intimidation, threats, and corrupt means, and/or attempting to do so — with intent to influence, delay, and prevent Edward's testimony and court access in official proceedings — and under **18 U.S.C. §1512(c)** — corruptly obstructing, influencing, and impeding official proceedings — simultaneously;

**Adjudicative Fact 39** --- violations of the following: **Verbatim** for the following: **§ 1512 (b)---** Whoever knowingly uses intimidation, threatens, or corruptly persuades another person, or attempts to do so, or engages in misleading conduct toward another person, with intent to-(1) influence, delay, or prevent the testimony of any person in an official proceeding; (2) cause or induce any person to-(A) withhold testimony, or withhold a record, document, or other object, from an official proceeding; (D) be absent from an official proceeding; **§ 1512 (c)**--Whoever

corruptly-(1) alters, destroys, mutilates, or conceals a record, document, or other object, or attempts to do so, with the intent to impair the object's integrity or availability for use in an official proceeding; or (2) otherwise obstructs, influences, or impedes any official proceeding, or attempts to do so; **§ 1512 (d)**--Whoever intentionally harasses another person and thereby hinders, delays, prevents, or dissuades any person from--(1) attending or testifying in an official proceeding.

2360J. **ADJUDICATIVE FACT 40 --- Doris Colgate as witness and victim under 18 U.S.C. §1512:** Doris Colgate is simultaneously a witness — whose authenticated voice on numerous audio recordings constitutes the primary direct evidence of Wilson's fraud, along with Wilson's substantive CR 8.04 admissions— and the primary direct victim — having suffered $490,046.73 in admitted damages. Ford's, Wilson's and Fox's inducement of Doris to commit perjury at the November 16, 2023 deposition — admitted through substantive CR 8.04 default — Ford's attendance at that deposition fraudulently purporting to represent Doris, while working against Doris's recovery — and Wilson's and Fox's physical presence next to Doris during her deposition — constitute tampering with Doris as a witness and victim under 18 U.S.C. § 1512(b) and § 1512(c) simultaneously.

2360K. **ADJUDICATIVE FACT 41 --- Ford's specific 18 U.S.C. § 1512 liability:** Ford's fraudulent pre-service filing on March 10, 2025---in case 25-CI-001121 (**PX-93 through PX-96**)—eight **(8) days before** legal service — citing and building upon Judge Davis's order--- **entered 25 days before legal service** — demonstrates Ford's knowing use of the enterprise's fraudulent pre-service orders as the legal basis for motion practice---specifically designed to obstruct Edward's and Doris's recovery. Ford mimicked the enterprise's tampering mechanism — using a judge's order, a judge who had **no jurisdiction,** entered **before** defendants were **served**

the complaint and the **summons-to commence** jurisdiction in said case — as the foundation for motions---designed to perpetuate the obstruction that Davis's order caused/created — making Ford, in complicity and in conspiracy---in the **§ 1512** tampering---with every judge---whose fraudulent pre-service orders he cited and relied upon. This also included case 25-CI-001569.

2360L. **ADJUDICATIVE FACT 42 --- The Haner-Ford coordination as 18 U.S.C. § 1512 conspiracy:** Haner's order entered March 18, 2026 — **ordering** Davis to dismiss — followed two days later by Ford's no-argument motion to dismiss on March 20, 2026 — documents a **18 U.S.C. § 1512(k)** conspiracy between a judicial enterprise member and an attorney enterprise member — specifically targeting Edward Colgate as a witness and victim in the proceedings---that the dismissal was designed to terminate — and targeting Doris Colgate as the 92-year-old elder abuse victim whose recovery the dismissal was designed to prevent.

**ADJUDICATIVE FACT 43 --- Verbatim § 1512(k)**--Whoever conspires to commit any offense under this section shall be subject to the same penalties as those prescribed for the offense the commission of which was the object of the conspiracy. Haner and Ford---each have **100% liability.**

2360M. **ADJUDICATIVE FACT 44 --- The § 1512 burden of proof:** Pursuant to **18 U.S.C. §1512(e)** — the defendant has the burden of proof by a preponderance of the evidence, that the conduct consisted solely of lawful conduct and that the defendant's sole intention was to encourage, induce, or cause the other person to testify truthfully. Wilson cannot meet this burden from her own substantive CR 8.04 admissions. Ford cannot meet this burden from his own fraudulent pre-service filing documented in the official docket. The judges cannot meet this burden from their own official orders---entering criminal accusations before defendants were legally served---without jurisdiction, and without party motion. Plaintiffs incorporate by

reference in full detail **Sections XXVI, XXXVI, and XXX**---regarding the **judges never having jurisdiction** based on the **initial fraudulent judge assignments** and the **initial fraudulent case number assignments.**

2360N. **ADJUDICATIVE FACT 45** --- Pursuant to 18 U.S.C. §1512 (f) — no state of mind need be proved with respect to the circumstance — eliminating any good faith defense based on claimed lack of intent.

**ADJUDICATIVE FACT 46** --- Pursuant to 18 U.S.C. §1512(k) — whoever conspires to commit any offense under this section shall be subject to the same penalties as those prescribed for the offense the commission of which was the object of the conspiracy — making Wilson, Ford, Fox, and numerous judges jointly and severally liable for the full consequences of the §1512 conspiracy under 18 U.S.C. §1964(c), including but not limited to mandatory treble damages provision and punitive damages. Also include 18 U.S.C. §1512(g) — extraterritorial federal jurisdiction --- establishing this Court's independent jurisdiction over Kentucky-based tampering directed at Washington plaintiff, Edward Colgate.

2360O. **ADJUDICATIVE FACT 47 --- The RICO consequence:** Each act of tampering with Edward Colgate and Doris Colgate as witnesses and victims — by Wilson, Ford, Fox, and numerous judges — constitutes an independent RICO predicate act under 18 U.S.C. §1961(1)(B) — because 18 U.S.C. §1512 violations are specifically enumerated RICO predicate acts. The pattern of §1512 predicate acts across 11 cases — by numerous judges —by Ford, Wilson, Fox, and others — over multiple years — establishes the RICO pattern element from the §1512 violations alone — independent of all other predicate acts documented throughout this complaint — with mandatory treble damages under 18 U.S.C. §1964(c), applying to all damages caused by, including but not limited to, the §1512 conspiracy, including Edward's $50,138.68 in admitted

damages and Doris's $490,046.73 in admitted damages — trebled to $1,617,556.23 — before adding other damages not included in the specific monetary and special damages, and before adding the punitive damages generated by the ongoing elder abuse obstruction and Defendant's unjust enrichment, and others' unjust enrichment. See 18 U.S.C. §1512(b)(c)(e)(g)(k), 18 U.S.C. §1964(c), Wilson's CR 8.04 admissions, PX-88 through PX-94, PX-125 through PX-130, PX-93 through PX-96, PX-48, PX-3 Audio recordings, PX-5 deposition transcript. Plaintiffs incorporate by reference in full detail **Sections XXVI, XXXVI, and XXX**---regarding the **judges never having jurisdiction** based on the **initial fraudulent judge assignments** and the **initial fraudulent case number assignments.**

2360P. **ADJUDICATIVE FACT 48 — WILSON'S SUBSTANTIVE CR 8.04 ADMISSIONS REGARDING 18 U.S.C. §1512 TAMPERING MISCONDUCT**

2360Q. **ADJUDICATIVE FACT 49 ---** The adjudicative fact established from Wilson's substantive CR 8.04 admissions — combined with PX-5 deposition transcript and authenticated audio recordings — is the following: Ford and Wilson — in complicity and conspiracy with Fox — knowingly used intimidation, threats, and corrupt persuasion toward Doris Colgate — a witness and victim — with intent to influence, delay, or prevent her truthful testimony in an official proceeding — causing Doris to withhold testimony and documents from an official proceeding — and induced Doris to commit perjury in her November 16, 2023 deposition as documented in PX-5. Ford, Wilson, and Fox corruptly concealed records and documents — induced Doris to commit perjury, making that perjury part of an official deposition transcript — and otherwise obstructed, influenced, and impeded official proceedings. All of this fraudulent misconduct is admitted by Wilson through CR 8.04 default — established as adjudicative facts from the deposition transcript whose accuracy cannot be reasonably questioned — and

independently confirmed on authenticated audio recordings from Doris's own voice. Ford's, Wilson's, and Fox's burden of proof under 18 U.S.C. §1512(e) is that their fraudulent misconduct consisted solely of lawful conduct, a burden that Ford, Wilson, and Fox cannot meet from Wilson's and Fox's own substantive CR 8.04 admissions. See PX-5, PX-3-Audio4-Audio10-Audio12-Audio13-Audio16-Audio 17, Wilson's CR 8.04 admissions, PX-6, PX-10, PX-51, PX-95, PX-96.

2360R. **ADJUDICATIVE FACT 50 ---** Kevin Smalley's job title is Jefferson Deputy Chief—AOCNT, although Angela McCoy refers to him as Chief of Staff on audio recording. Kevin Smalley's massive payroll fraud is cited in adjudicative fact 12. Case 25-CI-002150 v. Ford refers to the Complaint against Ford for Elder Abuse, et cetera. Judge Gibson cited loss of jurisdiction in case 25-CI-002150 (See **PX-49**). Ford, Smalley, and Gibson, in complicity and in conspiracy, perpetrated the following fraud: See **PX-106 — 74 PAGES DESTROYED AND/OR DISAPPEARED AND/OR EFFECTIVELY DISAPPEARED — CASE 25-CI-002150 — JUDGE SUSAN GIBSON:**

**ADJUDICATIVE FACT 51 ---** The adjudicative fact established from PX-106 is the following: Plaintiffs filed motions totaling 69 pages with 5 pages of proposed orders — 74 pages total — in case 25-CI-002150 — signed by Plaintiff on May 1, 2025. The 74 pages were destroyed and/or disappeared and/or effectively disappeared by Judge Susan Gibson and/or court staff — as documented in PX-106. Judge Susan Gibson had **no jurisdiction** in case 25-CI-002150 from the fraudulent pre-commencement judge and case assignments documented in PX-80 and PX-81 and in **Sections XXVI and XXXVI** — and Gibson subsequently entered a self-documenting loss of jurisdiction order on March 18, 2026, signed on March 17, 2026, as documented in **PX-49.** As of the filing date of this federal complaint — **over one year** after filing — there has been no ruling.

Supervisor Samantha Henley communicated on Audio Recording (See Section XXVII or USB Drive) that those 74 pages that were signed on 5-1-2025 were held by Kevin Smalley until October 13, 2025, when he dictated to Henley to cite certified mail postmarked July 2025---came to hand on 10-13-2025. The J U L were ripped off the envelope. Even though the certified number tracking on said envelope shows USPS delivered Plaintiffs' Motions in May of 2025, Henley and Smalley both fraudulently and intentionally refuse to change the docket entry to May of 2025. This constitutes tampering with evidence and tampering with official records. In addition, Smalley and Henley both fraudulently refuse to cite Motions, and also fraudulently misrepresent the docket with a "tendered document" or "response" notation **so that no one will know that Plaintiffs' have filed motions.** Therefore, Plaintiffs' **Motions have effectively been disappeared and destroyed.** The destruction and/or disappearance and/or effective disappearance of 74 pages of officially filed court documents — by a judge who subsequently self-documented her own loss of jurisdiction — constitutes an adjudicative fact established from the comparison of the filing documentation in PX-106 and the official case history showing the absence of those Motions. See PX-105, PX-106, PX-107, PX-104.

2360S. **ADJUDICATIVE FACT 52 --- The Quadruple Paul Kevin Ford Admission Pattern:** These paragraphs establish Ford's unauthorized and fraudulent misrepresentations and fraudulent misuse of Doris's funds from five separate defendants in five separate Kentucky cases, including the aforementioned adjudicative facts in case 25-CI-001371 — each generating independent CR 8.04 defaults after legal service by Deputy Sheriff. Hey Jude LLC — case 25-CI-001796 — admitted Ford's unauthorized and fraudulent misrepresentations and fraudulent fund misuse. Jude McConnell — case 25-CI-001795 — admitted Ford's unauthorized and fraudulent misrepresentations and fraudulent fund misuse. Ray Wilson — case 25-CI-001568 —

admitted Ford's unauthorized and fraudulent misrepresentations, including (Michelle) Burkhead's additional fraudulent misuse. Lori Fox — case 25-CI-001121 — admitted Ford's unauthorized and fraudulent misrepresentations --- and admitted robbery as broader effort. Five separate defendants — five separate cases — five independent CR 8.04 defaults — all admitting the same underlying Paul Kevin Ford unauthorized and fraudulent misconduct facts simultaneously.

2360T. **Adjudicative Facts From Paragraph 41 — Case 25-CI-001796 — Hey Jude LLC:**

**ADJUDICATIVE FACT 53 — HEY JUDE LLC ADMITTED DORIS DID NOT KNOW FOX AND WILSON WERE PAYING FORD FROM DORIS'S BANK ACCOUNT:**

Hey Jude LLC admitted — through its failure to deny this averment — that on June 10, 2021, Doris communicated that she did not know that Lori Fox and Susan Wilson were paying attorney Ford legal fees for the past three months out of Doris's bank account — for Fox and Wilson to defend their fraud against Doris — documented in PX-3, Audio12, Audio16. Also see PX-6. This corporate entity admission establishes the unauthorized and fraudulent fund diversion from Hey Jude LLC's own CR 8.04 default.

**ADJUDICATIVE FACT 54 — HEY JUDE LLC ADMITTED DORIS CONFIRMED THAT IT WOULD BE RIDICULOUS TO PAY FOX'S AND WILSON'S LEGAL FEES:**

Hey Jude LLC admitted — through its failure to deny this averment — that Doris communicated on June 10, 2021 that it would be ridiculous for Doris to pay Fox's and Wilson's legal fees for them to defend their fraud against Doris — establishing Doris's competent understanding of and opposition to the unauthorized and fraudulent fund diversion from a corporate entity's own CR 8.04 default.

**ADJUDICATIVE FACT 55 — HEY JUDE LLC ADMITTED FORD GAVE AN UNAUTHORIZED AND FRAUDULENT ANSWER TO THE COURT FOR DORIS:**

Hey Jude LLC admitted — through its failure to deny this averment — that attorney Ford — who was representing Fox and Wilson for their frauds against Doris — gave an answer to the court for Doris that was not an answer from Doris. This is a corporate entity's admission of Ford's unauthorized and fraudulent court submission — establishing Ford's fraudulent fabrication of a court answer for a person he did not represent --- from Hey Jude LLC's own CR 8.04 default — independently corroborating the Section XXXI adjudicative facts from a fifth defendant's admission.

**ADJUDICATIVE FACT 56 — HEY JUDE LLC ADMITTED LORI FOX, SUSAN WILSON, AND PAUL KEVIN FORD WERE FRAUDULENTLY USING DORIS'S MONEY AGAINST DORIS:** Hey Jude LLC admitted — through its failure to deny this averment that Fox Wilson — and Ford were using Doris's money against Doris — attempting to prevent Doris from recovering damages caused by Fox's and Wilson's deception of Doris.

**ADJUDICATIVE FACT 57 — HEY JUDE LLC ADMITTED DORIS CONFIRMED THAT FORD WAS NEVER HER ATTORNEY — PX-3, AUDIO 10:** Hey Jude LLC admitted — through its failure to deny this averment — that Doris communicated on Audio 10 that Ford was not and never had been her attorney — documented in PX-3, Audio 10. This is a corporate entity's admission of Ford's unauthorized and fraudulent misrepresentations — establishing from Hey Jude LLC's own CR 8.04 default that Doris's Audio 10 denial of Ford's attorney status is an admitted adjudicative fact.

2360T. **Adjudicative Facts From Paragraph 41 — Case 25-CI-001795 — Jude McConnell:**

**ADJUDICATIVE FACT 58 — McCONNELL ADMITTED DORIS DID NOT KNOW FOX AND WILSON WERE PAYING FORD FROM DORIS'S BANK ACCOUNT — TOTAL**

**OF FIVE INDEPENDENT DEFENDANT ADMISSIONS:** McConnell admitted — through his failure to deny this averment — that on June 10, 2021 — Doris communicated that she did not know that Fox and Wilson were paying Ford's legal fees for the past three months out of Doris's bank account — for Fox and Wilson to defend their fraud against. Total of five independent defendants to admit this fact.

**ADJUDICATIVE FACT 59 — McCONNELL ADMITTED DORIS CONFIRMED THAT IT WOULD BE RIDICULOUS TO PAY FOX'S AND WILSON'S LEGAL FEES TO DEFEND THEIR FRAUD AGAINST DORIS:** McConnell admitted — through his failure to deny this averment — that Doris communicated on June 10, 2021 that it would be ridiculous for her to pay Fox's and Wilson's legal fees for them to defend their fraud against Doris.

**ADJUDICATIVE FACT 60 — McCONNELL ADMITTED FORD GAVE AN UNAUTHORIZED AND FRAUDULENT ANSWER TO THE COURT FOR DORIS — FIVE INDEPENDENT ADMISSIONS:** McConnell admitted — through his failure to deny this averment — that Ford — representing Fox and Wilson for their frauds against Doris — gave an answer to the court for Doris that was not an answer from Doris.

**ADJUDICATIVE FACT 61 — McCONNELL ADMITTED FOX, WILSON, AND FORD WERE USING DORIS'S MONEY AGAINST DORIS — FIVE INDEPENDENT ADMISSIONS:** McConnell admitted — through his failure to deny this averment — that Fox — Wilson — and Ford were using Doris's money against Doris — attempting to prevent Doris from recovering damages.

**ADJUDICATIVE FACT 62 — McCONNELL ADMITTED DORIS CONFIRMED THAT FORD WAS NEVER HER ATTORNEY — PX-3, AUDIO 10 — FIVE INDEPENDENT ADMISSIONS:** McConnell admitted — through his failure to deny this averment — that Doris

communicated on Audio 10 that Ford was not and never had been her attorney — five independent defendant admissions of Doris's Audio 10 denial of Ford's attorney status.

2360U. **Adjudicative Facts From Paragraph 41 — Case 25-CI-001568 — Ray Wilson:**

**ADJUDICATIVE FACT 63 — RAY WILSON ADMITTED DORIS DID NOT KNOW THAT SHE WAS PAYING FORD'S FRAUDULENT FEES FOR SUSAN WILSON — FIVE INDEPENDENT DEFENDANT ADMISSIONS:** Ray Wilson admitted — through his failure to deny this averment — that on June 10, 2021, Doris communicated that she did not know she was paying Ford's legal fees for the past three months — for Susan Wilson to defend her fraud against Doris. Ray Wilson establishes that Doris's funds were being used for Susan Wilson's defense specifically from Ray Wilson's own CR 8.04 default — independently corroborating the Susan Wilson version from a separate defendant's admission.

**ADJUDICATIVE FACT 64 — RAY WILSON ADMITTED (MICHELLE) BURKHEAD ALSO FRAUDULENTLY USED DORIS'S MONEY FOR LEGAL FEES:**

**ADJUDICATIVE FACT 65** — Ray Wilson admitted — through his failure to deny this averment — that Burkhead fraudulently used Doris's money for legal fees — attempting to prevent Doris from recovering damages based on real estate elder abuse. This establishes Burkhead's additional unauthorized and fraudulent use of Doris's funds from Ray Wilson's own CR 8.04 default — adding a fourth unauthorized and fraudulent fund user — Burkhead — to the three previously admitted — Fox — Wilson — and Ford.

**ADJUDICATIVE FACT 66 — RAY WILSON ADMITTED FORD GAVE AN ANSWER TO THE COURT FOR (MICHELLE) BURKHEAD:** Ray Wilson admitted — through his failure to deny this averment — that Ford — representing Fox and Wilson for their elder abuse

against Doris gave an answer to the court for Burkhead. This is from Ray Wilson's own CR 8.04 default.

**ADJUDICATIVE FACT 67 — RAY WILSON ADMITTED MICHELLE BURKHEAD, LORI FOX, SUSAN WILSON, AND PAUL KEVIN FORD WERE ALL FRAUDULENTLY USING DORIS'S MONEY AGAINST DORIS:**

**ADJUDICATIVE FACT 68 ---** Ray Wilson admitted — through his failure to deny this averment — that Michelle Burkhead — Lori Fox — Susan Wilson — and Paul Kevin Ford were all using Doris's money against Doris — attempting to prevent Doris from recovering damages caused by their deception of Doris. This is from Ray Wilson's own CR 8.04 default.

**ADJUDICATIVE FACT 69 — RAY WILSON ADMITTED DORIS CONFIRMED THAT PAUL KEVIN FORD WAS NEVER DORIS'S ATTORNEY — AUDIO 10 —**

Ray Wilson admitted — through his failure to deny this averment — that Doris communicated on Audio 10 that Ford was not and never had been her attorney.

2360V. **Adjudicative Facts From Paragraphs 60 and 192 — Case 25-CI-001121 — Lori Fox**

**ADJUDICATIVE FACT 70 — FOX ADMITTED SHE PREVENTED DORIS FROM KNOWING THAT FORD WAS FRAUDULENTLY ACTING AS DORIS'S ATTORNEY:**

**ADJUDICATIVE FACT 71 ---** Fox admitted — through her failure to deny this averment — that she prevented Doris from knowing that Fox's attorney Ford — who was attempting to prevent Doris from recovering real estate damages — was fraudulently acting as Doris's attorney. This is a primary perpetrator admitting the specific deception mechanism — Fox personally concealed Ford's unauthorized and fraudulent misrepresentations from Doris — establishing the deliberate concealment element from Fox's own CR 8.04 default as a primary actor.

**ADJUDICATIVE FACT 72 — FOX ADMITTED DORIS CONFIRMED FORD WAS NOT HER ATTORNEY — AUDIO 10 — FIVE INDEPENDENT ADMISSIONS:**

**ADJUDICATIVE FACT 73 ---** Fox admitted -- through her failure to deny this averment — that Doris communicated --- that Ford who is representing Fox for fraud against Doris — is not her attorney — documented in PX-3, Audio 10. Five independent defendants to admit Doris's Audio 10 denial of Ford's attorney status — Lori Fox — Jude McConnell — Hey Jude LLC — Ray Wilson --- and Susan Wilson --- all admitting the same audio evidence from five separate CR 8.04 defaults in five separate cases.

**ADJUDICATIVE FACT 74--- Based on all aforementioned adjudicative facts regarding Paul Kevin Ford--- showing and proving Ford's fraudulent intent---and based on Verbatim FRE 404 (b)(2): Permitted Uses---**This evidence may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident---Ford **cannot** obtain pro hac vice admission in U.S. District Court for the Western District of Washington.

**ADJUDICATIVE FACT 75 — FORD'S COMPLETE INABILITY TO OBTAIN PRO HAC VICE ADMISSION in U.S. District Court for the Western District of Washington--- CUMULATIVE EFFECT OF ALL PRECEDING ADJUDICATIVE FACTS**

2360W. **ADJUDICATIVE FACT 76** --- The adjudicative facts established from all 75+ **preceding adjudicative facts** combined---is the following: Paul Kevin Ford cannot obtain pro hac vice admission in the Western District of Washington for six independent and cumulative reasons each independently disqualifying---and together creating zero probability of pro hac vice sponsorship by any Washington State Bar member.

2360X. **ADJUDICATIVE FACT 77** --- Reason 1 — Wilson's substantive CR 8.04 admissions establish Ford's complicity in and conspiracy in---including but not limited to elder abuse, securities fraud, annuity frauds, real estate fraud and recovery regarding real estate fraud, obstruction of recovery, unjust enrichment, induced perjury — creating RPC 8.3 reporting obligations that no Washington attorney will accept after reading those admissions.

2360Y. **ADJUDICATIVE FACT 78** --- Reason 2 — Ford's fraudulent pre-service filing documents enterprise coordination and conspiracy that violates Washington RPC **8.4** — A Washington attorney will **not** sponsor counsel whose fraudulent advance knowledge is documented in an official docket.

2360Z. **ADJUDICATIVE FACT 79** --- Reason 3 — Ford is an adverse witness in this proceeding — creating an unwaivable RPC 3.7 conflict that bars trial counsel participation regardless of sponsorship.

2360AA. **ADJUDICATIVE FACT 80** --- Reason 4 — Doris Colgate confirmed twice in her deposition and on authenticated audio recordings that Ford was **never** her attorney — while Ford fraudulently claimed to represent her — establishing knowing fraudulent misrepresentation to official proceedings.

2360BB. **ADJUDICATIVE FACT 81** --- Reason 5 — Ford used Doris's own assets without her knowledge to pay himself — while simultaneously fraudulently purporting to represent Doris -- against Doris's recovery interests — establishing financial exploitation of a vulnerable adult.

2360CC. Reason 6 — The two-day Haner-Ford coordination and conspiracy— combined with Ford's no-argument motion — documents Ford's operational coordination and conspiracy with Haner, a judicial enterprise member — establishing that Ford is not providing independent legal representation, but participating in enterprise coordination and conspiracy.

2360DD. **ADJUDICATIVE FACT 82** --- Reason 7--- Ford's operational coordination and conspiracy with Davis, a judicial enterprise member.

2360EE. **ADJUDICATIVE FACT 83** --- Reason 8---Plaintiffs incorporate by reference in full---**adjudicative fact 16**---regarding case 25-CI-002150.

2360FF. **ADJUDICATIVE FACT 84** --- Reason 9--- **Based on all aforementioned adjudicative facts regarding Ford--- showing and proving Ford's fraudulent intent---and based on Verbatim FRE 404 (b)(2): Permitted Uses**---This evidence may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident---Ford **cannot** obtain pro hac vice admission in U.S. District Court for the Western District of Washington.

2360JJ. **ADJUDICATIVE FACT 85** --- Reason 10: The cumulative effect of all ten reasons presents any Washington attorney considering sponsorship with RPC 8.3 reporting obligations — RPC 8.4 dishonesty exposure — RPC 3.7 conflict bars — elder abuse financial exploitation liability — and documented enterprise coordination and conspiracy— making pro hac vice sponsorship of Ford legally **impossible** for any Washington State Bar member acting in compliance with their own professional obligations. Ford **cannot** appear in this proceeding. Wilson's defense options are independently retained Washington counsel with **competency in---including but not limited to---multiple RICO violations, elder abuse in multiple ways, securities fraud, annuity frauds, multijurisdictional violations, identity theft/fraud, robbery, theft, induced perjury, fraudulent tortious interference with contractual rights, real estate fraud, forgery, tampering with a witness, tampering with physical evidence, and 102 claims for relief herein Plaintiffs' Complaint** — which the strength of the evidence against

her makes---economically irrational — or default — which produces the federal RICO judgment with mandatory treble damages under 18 U.S.C. §1964(c).

2360KK. **Adjudicative Fact 86 — Paragraph 259 — Wilson's Own Unjust Enrichment and Complicity in Fox's, Burkhead's, and McConnell's Unjust Enrichment:** Wilson admitted — through her failure to deny paragraph 259 under Count/Claim for Relief XXIV — that she obtained unjust enrichment by using Doris's assets to defend her fraudulent actions against Doris — and that she was complicit in Fox's — Burkhead's and McConnell's unjust enrichment from Doris — through her failure to deny this averment — establishing Wilson's direct unjust enrichment and KRS 502.020 complicity in three additional defendants' unjust enrichment simultaneously from Wilson's own CR 8.04 default.

2360LL. **Adjudicative Fact 87 — Paragraph 355, Subsection 2 — Fraudulently Misappropriated Defense Fees Excluded From $490,046.73 Total:** Wilson admitted — through her failure to deny paragraph 355, subsection 2 — that the $490,046.73 total special damages does not include the amount of Doris's assets that Wilson used to defend her fraud against Doris — establishing the fraudulently misappropriated defense fees as a separate and additional damages category beyond the admitted special damages floor — through her failure to deny this averment.

2360MM. **Adjudicative Fact 88 — Paragraph 355, Subsection 12 — Injunction Warranted Against Continuing Use of Doris's Assets:** Wilson admitted — through her failure to deny paragraph 355, subsection 12 — that an injunction is warranted to prevent Wilson from continuing to use Doris's assets to defend her fraud against Doris — establishing both the continuing character of the violation and the appropriateness of injunctive relief from Wilson's own CR 8.04 default.

2360NN. **Adjudicative Fact 89 — Paragraph 355, Subsection 27 — Judgment Compelling Return of All Fraudulently Misappropriated Funds and Assets:** Wilson admitted — throngh her failure to deny paragraph 355, subsection 27 — that a judgment compelling Wilson to return all fraudulently misappropriated funds and other assets belonging to Doris is warranted — including annuities — securities — real estate — and attorney fees paid from Doris's assets to defend Wilson's fraud — through her failure to deny this averment. Plaintiffs incorporate by reference in full detail **SECTION XXIII: GOVERNING LAW, TRUST SITUS, AND ADMINISTRATION,** which enable enforceable federal mechanisms entirely beyond the enterprise's institutional reach.

2360OO. **Adjudicative Fact 90** --- Plaintiffs hereby provide notice of and preserve for future federal proceedings all claims for relief against T. Colin Ford --- attorney — and Ford Law Office --- a Kentucky law office operating with two attorneys — Paul Kevin Ford and T. Colin Ford — located in Kentucky --- whose combined misconduct, complicity, and conspiracy in the enterprise's fraudulent scheme is documented as follows and incorporated herein by reference in full detail.

2360PP. **Adjudicative Fact 91 ---** Paul Kevin Ford whose 89 adjudicative facts establishing unauthorized and fraudulent representation of Doris Colgate — fabrication of court submissions for Doris without her knowledge or consent — dual representation of Wilson and Fox in direct conflict with Doris's interests since Wilson and Fox defrauded Doris --- and complicity and conspiracy in elder abuse recovery obstruction and other recovery obstruction --- and other illegal and fraudulent acts --- are established herein through Susan Wilson's and four additional defendants' legally hinding substantive CR 8.04 admissions across five separate Kentucky cases — practiced at all relevant times as one of two attorneys at Ford Law Office — a two-attorney

office in which T. Colin Ford is the second attorney and in which the firm's resources — credentials — and legal infrastructure were available to and used in furtherance of the enterprise's fraudulent misconduct documented throughout this complaint.

2360QQ. **Adjudicative Fact 92** --- T. Colin Ford — attorney — is named on one or more of the fraudulent legal documents generated by Paul Kevin Ford in connection with the enterprise's illegal and fraudulent misconduct against Plaintiffs — including but not limited to documents related to the unauthorized fraudulent representation of Doris Colgate and the obstruction of Plaintiffs' elder abuse recovery and other recovery — establishing T. Colin Ford's direct connection to the "fraudulent legal documents" at the earliest documented opportunity — and establishing at minimum --- his constructive knowledge of the fraudulent elder abuse misconduct and other fraudulent misconduct--- occurring within the two-attorney Ford Law Office at all relevant times.

2360RR. **Adjudicative Fact 93** --- Ford Law Office — as the entity through which both Paul Kevin Ford and T. Colin Ford practiced — provided the institutional infrastructure legal credentials — bar admissions — office resources — and professional cover through which the enterprise's fraudulent legal misconduct was facilitated — including the unauthorized fraudulent court submissions for Doris — the dual representation of Wilson and Fox in direct conflict with Doris's interests since Susan Wilson and Lori Fox defrauded Doris — and the pro hac vice application misconduct established in the 89 adjudicative facts noticed herein. Ford Law Office, T. Colin Ford, and Paul Kevin Ford are association-in-fact enterprise members under 18 U.S.C. §1961(4) — as a private entity and as private persons --- whose resources and operations were used in furtherance of the enterprise's pattern of racketeering activity — and are subject to RICO civil liability under 18 U.S.C. §1964(c) — KRS 502.020 complicity — and 42 U.S.C. §1985

conspiracy liability — in amounts to be established in future federal proceedings in which T. Colin Ford and Ford Law Office and Paul Kevin Ford are named as defendants.

2360SS. **Adjudicative Fact 94 ---** Plaintiffs expressly reserve all claims against T. Colin Ford individually, Paul Kevin Ford individually, and Ford Law Office --- as private persons and as an entity — including but not limited to RICO claims under 18 U.S.C. §§1961 through 1964(c) — civil rights claims under 42 U.S.C. §1983 and §1985 — Kentucky elder abuse claims under KRS 209.020, KRS 209.990, KRS 446.070 — KRS 502.020 complicity claims — and all state and federal claims arising from T. Colin Ford's, Paul Kevin Ford's, and Ford Law Office's appearance on fraudulent legal documents and Ford Law Office's provision of institutional infrastructure to the enterprise — for assertion in subsequent federal complaints in this Court — which will have supplemental and pendent jurisdiction over all such claims as part of a similar but distinct case or controversy established herein under 28 U.S.C. §1367. The adjudicative facts noticed herein regarding Paul Kevin Ford --- including all 89 adjudicative facts established from Wilson's and four additional defendants' substantive legally binding CR 8.04 admissions — are incorporated by reference in full detail into all future complaints against Paul Kevin Ford, T. Colin Ford, and Ford Law Office as foundational established facts --- whose accuracy cannot reasonably be questioned — making re-litigation of those adjudicative facts estopped in all future proceedings by the judicial estoppel doctrine — pursuant to Rissetto v. Plumbers and Steamfitters Local 343 — 94 F.3d 597 (9th Cir. 1996) — and Milton H. Greene Archives v. Marilyn Monroe LLC, 692 F. 3d 983 - Court of Appeals, 9th Circuit 2012.

**SECTION XXXII: FIFTH FRE 201 NOTICE --- NOTICE OF MANDATORY JUDICIAL NOTICE UNDER FRE 201(c)(2) AND (b)(2) — JUDICIAL SELF-DOCUMENTATION OF LOSS OF JURISDICTION — FRAUDULENT REALLOTMENTS BY BAILEY-**

**SMITH USING NON-EXISTENT KENTUCKY LAW — FRAUDULENT REMAND BY CIRCUIT COURT JUDGE HANER ACTING WITHOUT APPELLATE AUTHORITY — FRAUDULENT ORDER BY HANER ORDERING DAVIS TO DISMISS — GIBSON'S SIMULTANEOUS LOSS OF JURISDICTION — PERMANENT JURISDICTIONAL VOID IN CASES 21-CI-001314 AND 25-CI-001121 — KOUGASIAN-RANKIN COMPOUND ELIMINATING ROOKER-FELDMAN AND ELIMINATING JUDICIAL IMMUNITY — SEE PX-42 THROUGH PX-49 AND PX-82 THROUGH PX-87 AND PX-63 THROUGH PX-81 AND PX-97 THROUGH PX-107 AND SUPPORTING AUDIT TRAILS — Facially Fully Supporting Personal and Subject Matter Jurisdiction in the U.S. District Court for the Western District of Washington Under 28 U.S.C. §§1331 — 1343 — and 1367 --- THIS COURT MUST TAKE JUDICIAL NOTICE UPON THIS REQUEST.**

2361. **Preliminary Statement:** Plaintiffs respectfully request that this Court take mandatory judicial notice of the following adjudicative facts pursuant to FRE 201(c)(2) — this Court must take judicial notice because Plaintiffs have requested it and have supplied the necessary information. These adjudicative facts can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned under FRE 201(b)(2) — specifically official court orders signed by the judges themselves — official staff attorney emails — official case dockets — and Kentucky statutes whose text is public legislative enactment. Every adjudicative fact noticed herein is established from the judges' own official orders — using the judges' own words — in documents the judges themselves signed making these the some of the most self-authenticating adjudicative facts in this complaint. Each Adjudicative Fact Noticed Herein Independently and Collectively Supports This Court's Jurisdiction Under 28 U.S.C. §§1331 —

1343 — and 1367 — and Personal Jurisdiction Under Calder v. Jones and Dole Food Co. v. Watts.

2362. NOTE TO THIS COURT — These official orders are presented exclusively as adjudicative facts documenting loss of jurisdiction — fraudulent reallotment — fraudulent remand — and the Kougasian-Rankin compound eliminating Rooker-Feldman and eliminating judicial immunity. Plaintiffs do not request that this Court direct any Kentucky judge to act or refrain from acting. These orders require no interpretation — they require only reading — because the **judges documented their own jurisdictional losses in their own words in their own official signed orders.** Plaintiffs incorporate by reference in full detail **Sections XVIII, XIX, XXXVI, XXVI.**

2363. **The Adjudicative Facts are as follows:**

2364. **ADJUDICATIVE FACT 1 — PX-42 — DAVIS'S FIRST LOSS OF JURISDICTION ORDER — CASE 25-CI-001121 — ENTERED APRIL 2, 2025:** The adjudicative fact established from official court order PX-42 is the following: Judge Tracy Davis signed an order in case 25-CI-001121 — entered on April 2, 2025 — citing KRS 26A.020 and communicating that the court has lost particular case jurisdiction to proceed in this matter. This is Davis's own official signed order — in her own words — documenting her loss of jurisdiction in case 25-CI-001121. KRS 26A.020 mandates that when a judge cannot properly preside — the circuit clerk shall at once certify the facts to the Chief Justice who shall immediately designate a special judge. The mandatory shall language of KRS 26A.020 was triggered by Davis's own order on April 2, 2025. As of the filing date of this federal complaint **---more than 1 year later**— the Chief Justice has **not** designated a special judge — violating the mandatory KRS 26A.020 obligation for **over one year.**

2365. **ADJUDICATIVE FACT 2 — PX-43 — SCHERER EMAIL — DAVIS FRAUDULENTLY ATTEMPTING TO RECLAIM CASE 25-CI-001121:** The adjudicative fact established from Staff Attorney Stuart Scherer's email in PX-43 is the following: Stuart Scherer — Staff Attorney for Judge Tracy Davis — communicated in an official email on October 16, 2025---that that it was decided on October 7, 2025 that Judge Tracy Davis would take back case or reclaim case 25-CI-001121---even though Davis did **not** have jurisdiction to do so --- acknowledging in an official communication that Davis was (fraudulently) attempting to reclaim a case---over which Davis had **no** jurisdiction, and Davis **never** had jurisdiction over this case based on Davis's fraudulent assignment to this case prior to the existence of this case. Plaintiffs incorporate by reference in full detail **Section XXVI and Section XXXVI** as evidence of the initial **fraudulent judge assignments---regarding Davis and other judges.** Once a judge loses jurisdiction under KRS 26A015(3)(a) and KRS 26A.020 — that jurisdiction **cannot** be reclaimed by any act of that judge or any other judge — because the statute's mandatory shall language transfers the reassignment obligation to the Chief Justice exclusively. Scherer's email acknowledges Davis **not** having jurisdiction while simultaneously documenting the enterprise's fraudulent attempt to circumvent the mandatory statutory reassignment process by Chief Justice.

2366. **ADJUDICATIVE FACT 3 — PX-44 — DAVIS'S SECOND AND THIRD LOSS OF JURISDICTION ORDERS — CASES 25-CI-001121 AND 21-CI-001314 — ENTERED OCTOBER 24, 2025:** The adjudicative fact established from official court order PX-44 is the following: Judge Tracy Davis signed a loss of jurisdiction and recusal order---entered October 24, 2025 — in two cases simultaneously — cases 25-CI-001121 and 21-CI-001314. Davis's order cites on page 2 — verbatim — KRS 26A.015(2)(e) — Any judge of the Court of Justice shall disqualify himself in any proceeding where he has knowledge of any other circumstances in

which his impartiality might reasonably be questioned. Davis's citation of KRS 26A.015(2)(c) in her own signed order immediately and automatically triggers KRS 26A.015(3)(a) — which provides — Any justice or judge of the Court of Justice disqualified under the provisions of this section shall be replaced by the Chief Justice. Davis's order also fraudulently attempts to state on page 3 that the Court Administrator — not the Chief Justice — is to do the reassignment — which directly and fraudulently contradicts the mandatory shall language of KRS 26A.015(3)(a) and KRS 26A.020 — both of which require Chief Justice reassignment exclusively.

2367. **ADJUDICATIVE FACT 4** — The adjudicative facts are that Davis's own signed order triggered mandatory Chief Justice reassignment — and Davis's fraudulent attempt in the same order---to order that mandatory obligation to the Court Administrator instead of the Chief Justice---is **Void** -- because it is mandatory that legislative statutes be followed. In addition, Plaintiffs filed a complaint---25-CI-002006---against Tracy Davis in March of 2025. See PX-78 and PX-79---regarding said case being fraudulently assigned to Judge Gibson with a fraudulent case number being Plaintiffs legally filed and commenced said case. Furthermore,

2368A. **ADJUDICATIVE FACT 5 —** Additionally — every judge in every division of Jefferson Circuit Court has been formally noticed as a forthcoming federal defendant — and every Jefferson Circuit Court judge has exhibited extreme prejudice against Plaintiffs — making it impossible for any Jefferson Circuit Court judge to preside in any of Plaintiffs' 11 cases — compounding the mandatory Chief Justice designation obligation beyond any individual case-specific disqualification. Based on fraudulent felony accusations by the judges against Plaintiff, Plaintiff is deprived all Kentucky court access. Plaintiffs incorporate by reference in full detail Section XXX---addressing the fraudulent felony accusations by judges. In addition, Chief Justice

and Chief Judge of the Kentucky Appeals Court have been formally noticed to be named as a defendant in a forthcoming federal complaint.

2368B. **ADJUDICATIVE FACT 6 — PX-45 — DAVIS'S FOURTH LOSS OF JURISDICTION ORDER — CASE 21-CI-001314 — OCTOBER 28, 2025:** The adjudicative fact established from official court order PX-45 is the following: Judge Tracy Davis signed a loss of jurisdiction and recusal order in case 21-CI-001314---entered on October 28, 2025 — four days after her October 24, 2025 orders in both cases. This is Davis's fourth self-documenting loss of jurisdiction order across Plaintiffs' cases. KRS 26A.015(3)(a) was immediately triggered — which states — Any justice or judge of the Court of Justice disqualified under the provisions of this section shall be replaced by the Chief Justice. The mandatory nature of this statute is absolute — it does not state that impossible barriers negate the statute. It does not state that a court can obstruct or deprive implementation of said statute. The Chief Justice's failure to immediately designate a special judge as required — for approximately 7 months in case 21-CI-001314 — constitutes an ongoing violation of a mandatory statutory obligation---whose "shall" language---admits no exception.

2368C. **ADJUDICATIVE FACT 7 — PX-46 — BAILEY-SMITH'S FIRST FRAUDULENT REALLOTMENT ORDER — CASE 25-CI-001121 — SIGNED OCTOBER 27, 2025 — NON-EXISTENT KENTUCKY LAW:** The adjudicative fact established from official court order PX-46 is the following: Chief Judge Ann Bailey-Smith — who had previously been formally noticed as a forthcoming federal defendant and who never had jurisdiction in case 25-CI-001121 — signed a fraudulent order of reallotment on October 27, 2025 — the very **next** business day after Davis's October 24, 2025 loss of jurisdiction order. Bailey-Smith fraudulently

purported to reallot case 25-CI-001121 from Davis to Judge Brian Edwards — who also had been previously formally noticed as a forthcoming federal defendant.

2368D. **ADJUDICATIVE FACT 8** — The adjudicative fact of critical legal significance is the following — the word reallotment and the concept of **reallotment** does **not exist** in any Kentucky statute — **not exist** in any Kentucky civil rule — **not exist** in any Kentucky Supreme Court rule — **not exist** in any local rule in the relevant Kentucky jurisdiction--- **not exist** in any jurisdiction in Kentucky.

2368E. **ADJUDICATIVE FACT 9** — Reallotment exists only in Louisiana — specifically Louisiana Chapter 25 Rule 25(B) — which governs random reallotment of family court matters between specific divisions in a Louisiana court restructuring — having no application to Kentucky circuit court civil cases. Bailey-Smith fraudulently applied a **non-existent** Kentucky law — sourced from a **non-applicable** Louisiana local rule — in an official court order — constituting fraudulent fabrication of legal authority in an official government document. Even the Louisiana law mandates random assignment.

2368F. **ADJUDICATIVE FACT 10** — Additionally — Bailey-Smith's order contains a fraudulent certification of CC all parties — without including Plaintiffs' names and mailing address, as mandated — making the service certification fraudulent and false on its face from the order itself. Bailey-Smith had **no** jurisdiction — the order is **void ab initio** — and the fraudulent fabrication of a **non-existent** Kentucky reallotment law in an official court order---constitutes evidence of RICO conspiracy from the face of the order alone. In addition, a judge cannot act as a one-person legislative body, fraudulently attempting to write new laws and statutes.

2368G. **ADJUDICATIVE FACT 11 — PX-47 — BAILEY-SMITH'S SECOND FRAUDULENT REALLOTMENT ORDER — CASE 21-CI-001314 — SIGNED**

**NOVEMBER 13, 2025 — ENTERED NOVEMBER 21, 2025 — REALLOTTING TO HANER**: The adjudicative fact established from official court order PX-47 is the following: Bailey-Smith signed a second fraudulent reallotment order on November 13, 2025 — entered November 21, 2025 — **eight (8) days after** signing — in case 21-CI-001314 — fraudulently purporting to reallot that case from Davis to Judge Eric Haner — who also had been previously formally noticed as a forthcoming federal defendant. In case 21-CI-001314, Plaintiffs' have previous motions for sanctions against both Davis and Haner that have not been ruled on yet. The same **non-existent** Kentucky **reallotment** law analysis applies as in Adjudicative Fact 5 — **reallotment** does **not exist** in any Kentucky legal authority. Bailey-Smith's order again contains a fraudulent---CC all parties certification---without Plaintiffs' names and mailing address. Bailey-Smith never had jurisdiction. The order is **void ab initio.**

2368II. **ADJUDICATIVE FACT 12** — The additional adjudicative fact established from PX-47 is the enterprise coordination and conspiracy sequence it initiated — Bailey-Smith fraudulently reallotted---from Davis to Haner--- on November 13, 2025 — Haner then signed a **fraudulent remand order** on March 17, 2026, entered on March 18, 2025, **fraudulently ordering Davis to dismiss said case** — even though it is legally **impossible** for Davis to do so---because Davis does **not and never** can have jurisdiction in any of Plaintiffs' cases---based on **Davis's three (3) self-executed recusal orders**/loss of jurisdiction orders — documenting a sequential fraudulent enterprise coordination and conspiracy chain from Davis to Bailey-Smith---from Bailey-Smith to Haner---and from Haner back to Davis — each step **fraudulently using a non-existent** legal mechanism — with each actor having been previously formally noticed as a forthcoming federal defendant---prior to their respective orders.

2368I. **ADJUDICATIVE FACT 13 — PX-48 — HANER'S UNPRECEDENTED FRAUDULENT REMAND ORDER — SIGNED MARCH 17, 2026 — ENTERED MARCH 18, 2026 — CIRCUIT COURT JUDGE ACTING AS APPELLATE JUDGE — ORDERING ANOTHER CIRCUIT COURT JUDGE TO DISMISS:** The adjudicative facts established from official court order PX-48 are the following: Circuit Court Judge Eric Haner — **not** an appellate judge — **without** jurisdiction based on Bailey-Smith's **void reallotment, sanction motions against Haner, and Haner formally noticed as a forthcoming federal defendant** — signed a fraudulent remand order on March 17, 2026 — entered on March 18, 2026 — in case 21-CI-001314. The order states verbatim — It is hereby ordered that this case shall be remanded back to Division Five for finality of the orders of dismissal.

2368J. The adjudicative facts established from this order are also the following: **ADJUDICATIVE FACT 14** — Haner is a Circuit Court judge — **not** an appellate judge. Only appellate courts possess remand authority. A circuit court judge remanding a case to another circuit court division is acting without any legal authority for that act — because **remand is an appellate function** that circuit courts do **not** possess under any Kentucky legal authority.

2368K. **ADJUDICATIVE FACT 15** — **Davis** had **lost jurisdiction in case 21-CI-001314 via three of her own orders —** including orders entered October 24, 2025 and October 28, 2025 — making Davis a judge without jurisdiction---who could **not** receive a valid remand or an invalid remand.

2368L. **ADJUDICATIVE FACT 16** — **Haner ordered Davis** to enter finality of the orders of dismissal — ordering a specific predetermined outcome — which is **not** a judicial act---but a coordination and conspiracy act — one circuit court judge **ordering** another circuit court judge---**to enter** a **specific judgment**---rather than exercising independent judicial analysis.

2368M. **ADJUDICATIVE FACT 17** — Haner entered this order while Plaintiffs' motions for sanctions against Haner himself — filed December 2025 - - remained pending and unruled on — establishing that Haner was aware of the pending sanctions against Haner---while simultaneously entering an order--- attempting to further the enterprise's fraudulent predetermined judgment in the same case.

**ADJUDICATIVE FACT 18** — **No judge** in any federal or state court in the United States has previously attempted this specific combination — a circuit court judge fraudulently purporting to remand to another circuit court division — ordering a predetermined judgment in favor of a party — while that party's attorney filed a no-argument motion to dismiss two days later — in coordination and conspiracy with the fraudulent judicial order — all without jurisdiction — all against a 92-year-old elder abuse victim's Washington Trustee. This fraudulent misconduct is **unprecedented** in American judicial history.

2368N. **ADJUDICATIVE FACT 19 — CASE 25-CI-002006 v. Tracy Davis:** The adjudicative fact established from official court-generated documents in PX-78 and PX-79 is the following. In case 25-CI-002006 — Plaintiffs paid Samantha Sims — a fraudulent non-existent/ non-payroll name in year 2025 — the filing fee on 3-17-2025 at 3:56 PM. Norma Bisig fraudulently assigned said case to Judge Susan Schultz Gibson with a fraudulent case number--- not part of the Efiling system ---entered manually for pro se plaintiffs only--- on 3-17-2025 at 3:06:01 PM — 49 minutes and 59 seconds before the filing fee was paid and the case legally existed. Refer to Section XXVII, Audio25 and Audio32, and CR 3.01 and CR 3.02(1). Therefore, Judge Susan Schultz Gibson **never** had legal jurisdiction in case 25-CI-002006. See PX-78 and PX-79.

2368O. **ADJUDICATIVE FACT 20 — PX-104 — 89 PAGES — CASE 25-CI-002006 v. Tracy Davis---DESTROYED AND/OR DISAPPEARED --- OVER ONE (1) YEAR WITHOUT RULING:** The adjudicative fact established from PX-104 and audit trail PX-153 is the following: Plaintiffs filed motions totaling 85 pages with 4 pages of proposed orders — 89 pages total — in case 25-CI-002006 — signed by Plaintiff on July 3 2025. As of the filing date of this federal complaint — **over ten months later** — no ruling has been entered. The audit trail in PX-153 documents the filing's receipt by the court. The assigned judge in case 25-CI-002006 had **no jurisdiction** from the fraudulent pre-commencement assignments documented in PX-78 and PX-79, **PX-103, PX-104,** and **Sections XXVI and XXXVI. Plaintiffs were told that these 89 Pages of Motions had been disappeared.**

2368P. **ADJUDICATIVE FACT 21 — PX-49 — GIBSON'S SIMULTANEOUS LOSS OF JURISDICTION ORDER — CASE 25-CI-002150 v. Ford— SIGNED MARCH 17, 2026 — ENTERED MARCH 18, 2026 — SAME DAY AS HANER'S FRAUDULENT ORDER**

2368Q. **ADJUDICATIVE FACT 22** — The adjudicative facts established from official court order PX-49 are the following: Judge Susan Schultz Gibson entered a loss of jurisdiction order in case 25-CI-002150 — signed March 17, 2026 — entered March 18, 2026 — the same date as Haner's fraudulent remand order---See PX-48. Gibson's order states verbatim — Whereas Plaintiffs have filed a petition with Chief Justice Lambert to disqualify the undersigned pursuant to KRS 26A.020 — and pursuant to Jackson v. Commonwealth — this Court has lost particular case jurisdiction to proceed in this matter.

2368R. **ADJUDICATIVE FACT 23** — The adjudicative facts established from this order are also the following: First --- Gibson's order and Haner's order were signed on the same day--- with Haner signing less than 45 minutes after Gibson (see PX-49, PX-48) — March 17, 2026 —

and entered on the same day — March 18, 2026 — establishing same-day simultaneous coordinated and conspiratorial judicial action across two different cases by two different judges — both of whom had been previously formally noticed as forthcoming federal defendants — constituting documented fraudulent enterprise coordination and conspiracy from the dates of the orders alone---without requiring any inference about communication between the judges.

2368S. **ADJUDICATIVE FACT 24** — Gibson's order cites KRS 26A.020 — triggering the same mandatory Chief Justice designation obligation that Davis's orders triggered — adding a third case to the list of cases requiring immediate Chief Justice designation that has not occurred. Furthermore, Plaintiffs have 8 additional cases---totaling 11 cases--- that have triggered KRS 26A.015(3)(a) and KRS 26A.020. Also see CR 3.01, CR 3.02(1), Section XXVII, Audio25 and Audio32.

2368T. **ADJUDICATIVE FACT 25** — Gibson had **no** jurisdiction in cases 25-CI-002150 and 25-CI-002006 based on the pre-filing/ commencement---fraudulent judge assignments and fraudulent case assignments---documented in PX-78 through PX-81 — making Gibson's loss of jurisdiction order a self-documentation of another acknowledgement of **no** jurisdiction--simultaneously with Gibson's initial fraudulent assignment — compounding the **void ab initio** character of every order Gibson entered in cases 25-CI-002006 and 25-CI-002150. Also see CR 3.01, CR 3.02(1), Section XXVII, Audio25 and Audio32.

2368U. **ADJUDICATIVE FACT 26 — PX-49:** Kevin Smalley's job title is Jefferson Deputy Chief—AOCNT, although Angela McCoy refers to him as Chief of Staff on audio recording. Kevin Smalley's massive payroll fraud is cited in adjudicative fact 12. Case 25-CI-002150 v. Ford refers to the Complaint against Ford for Elder Abuse, et cetera. Judge Gibson cited loss of jurisdiction in case 25-CI-002150 (See **PX-49**). Ford, Smalley, and Gibson, in complicity and in

conspiracy, perpetrated the following fraud: See **PX-106 — 74 PAGES DESTROYED AND/OR DISAPPEARED AND/OR EFFECTIVELY DISAPPEARED — CASE 25-CI-002150 — JUDGE SUSAN GIBSON:** The adjudicative fact established from PX-106 is the following: Plaintiffs filed motions totaling 69 pages with 5 pages of proposed orders — 74 pages total · in case 25-CI-002150 — signed by Plaintiff on May 1, 2025. The 74 pages were destroyed and/or disappeared and/or effectively disappeared by Judge Susan Gibson and/or court staff — as documented in PX-106. Judge Susan Gibson had **no jurisdiction** in case 25-CI-002150 from the fraudulent pre-commencement judge and case assignments documented in PX-80 and PX-81 and in **Sections XXVI and XXXVI** — and Gibson subsequently entered a self-documenting loss of jurisdiction order on March 18, 2026, signed on March 17, 2026, as documented in **PX-49.** As of the filing date of this federal complaint — **over one year** after filing —there has been no ruling. Supervisor Samantha Henley communicated on Audio Recording (See Section XXVII or USB Drive) that those 74 pages that were signed on 5-1-2025 were held by Kevin Smalley until October 13, 2025, when he dictated to Henley to cite certified mail postmarked July 2025---came to hand on 10-13-2025. The J U L were ripped off the envelope. Even though the certified number tracking on said envelope shows USPS delivered Plaintiffs' Motions in May of 2025, Henley and Smalley both fraudulently and intentionally refuse to change the docket entry to May of 2025. This constitutes tampering with evidence and tampering with official records. In addition, Smalley and Henley both fraudulently refuse to cite Motions, and also fraudulently misrepresent the docket with a "tendered document" or "response" notation **so that no one will know that Plaintiffs' have filed motions.** Therefore, Plaintiffs' **Motions have effectively been disappeared and destroyed.** The destruction and/or disappearance and/or effective disappearance of 74 pages of officially filed court documents —

by a judge who subsequently self-documented her own loss of jurisdiction — constitutes an adjudicative fact established from the comparison of the filing documentation in PX-106 and the official case history showing the absence of those Motions. See **PX-104 through PX-107.**

2368V. **ADJUDICATIVE FACT 27 — Partial Summary---Adjudicative Facts---The Complete Jurisdictional Void Sequence:** The following summary---adjudicative facts---is established from all ten **(11+)** adjudicative facts above combined — requiring mandatory judicial notice as a **"pattern"** fact---established from the official orders themselves. Plaintiffs incorporate by reference in full detail **PX-63 Through PX-87, PX-108, Section XXVII, Audio25 and Audio32, Sections XXVI and XXXVI, and PX-42 Through PX-49.**

2368W. **ADJUDICATIVE FACT 28**--- PX-158: Although the Haner order was signed on **3-17-2026**---in case **21-CI-001314**, the case search for 21-CI-001314---on **2-25-2026**---shows that this **case** had been **disappeared.** This is the website where the general public can see if a case exists. Since pro se Plaintiffs' equal rights are **obstructed** by Jefferson Circuit Court—Ky.---pro se Plaintiffs do **not** have access to the electronic filing system---where orders can be seen---**only by** the defendants' attorney.

2368X. **ADJUDICATIVE FACT 29**---PX-159: Although the Haner order was signed on **3-17-2026**---in case **21-CI-001314**, the case search for 21-CI-001314---on **3-14-2026**---shows that this **case** had been **disappeared.** This is the website where the general public can see if a case exists. Since pro se Plaintiffs' equal rights are **obstructed** by Jefferson Circuit Court—Ky.---pro se Plaintiffs do **not** have access to the electronic filing system---where orders can be seen---**only by** the defendants' attorney. Also see PX-158, and see Haner's fraudulent order in an aforementioned exhibit.

2368Y. **ADJUDICATIVE FACT 30**---PX-160: **2 Attached Pages of Fraud Evidence** in case **21-CI-001314: Audio40---on 4-1-2026,** Supervisor Stephanie Williams tells Plaintiff that case **21-CI-001314** has **not** been dismissed---from any order on 3-30-2026---by Tracy Davis---who has **NO** jurisdiction in case 21-CI-001314, and where Plaintiffs were **fraudulently deprived of notice** of motion hour---by Paul Kevin Ford. See the **2 attached pages---to this PX-160 cover sheet.**

2368Z. **ADJUDICATIVE FACT 31**---In cases 21-CI-001314 and 25-CI-001121 -— Davis entered **four (4)** self-documenting **recusal/loss of jurisdiction orders**---April 1, 2025 through October 28, 2025 - each triggering the mandatory immediate Chief Justice designations obligations under KRS 26A.015(3)(a) and KRS 26A.020---that were refused/obstructed/deprived by Chief Justice. Bailey-Smith then entered **two (2) fraudulent reallotment orders**---using a **non-existent** Kentucky law---that **fraudulently fabricated** from a **non-applicable Louisiana local rule**. Even the Louisiana law mandates random assignment. The **two (2) fraudulent reallotment orders are void ab initio** — both by a judge--**without** jurisdiction — both formally noticed as a forthcoming federal defendant. **Haner then entered a fraudulent remand order---ordering a predetermined dismissal judgment as a circuit court judge without appellate** authority — **without jurisdiction** — while **sanctions motions against Haner remained** pending. Gibson simultaneously entered a loss of jurisdiction order in another case on the same day as Haner's order---with Haner's order being signed less than 45 minutes after Gibson's order - - establishing same-day enterprise coordination and conspiracy from official timestamps alone.

2368AA. **ADJUDICATIVE FACT 32** — The result is a complete and permanent jurisdictional void in cases 21-CI-001314, 25-CI-001121, 25-CI-002150, and 25-CI-2006 — documented from the judges' own official orders.

2368. **ADJUDICATIVE FACT 33** — The adjudicative facts established in this Notice — from the judges' own official orders — **and from the court records that prove fraudulent judge assignments and fraudulent case assignments---eliminate** both Rooker-Feldman and **eliminate** judicial immunity simultaneously----under the compound established by Kougasian v. TMSL Inc. 359 F.3d 1136 (9th Cir. 2004) and Rankin v. Howard 633 F.2d 844 (9th Cir. 1980). Kougasian eliminates Rooker-Feldman because of **void ab initio/void** proceedings — documented from the judges' own self-executing recusal/loss of jurisdiction orders and from other said court records — are not entitled to Rooker-Feldman preclusive effect. Rankin **eliminates** judicial immunity---because judges who act--- **without jurisdiction---perpetrating felonies through complicity and conspiracy---are fully and 100% liable.** KRS 26A.015(3)(a) and KRS 26A.020---whose mandatory "shall" language leaves no discretion — depriving a party of constitutional rights when violated. All judges **never** had **jurisdiction** and/or also **never** had **jurisdiction after** their **recusal orders/ loss of jurisdiction orders.** All judges **knew** they did **NOT** have **jurisdiction,** and still acted fraudulently. Any/all adverse orders, regarding Plaintiffs, are void/void ab initio.

**SECTION XXXIII: FIFTEENTH FRE 201 NOTICE OF ADJUDICATIVE FACTS --- MANDATORY JURISDICTIONAL NOTICE---FRE 1006 Summary of Voluminous Materials And Official Governments Records Admitted As Evidence---124 Exhibits (PX-42 Through PX-167); 18 Audio Recordings And Transcripts--Section XXVII; And Over 700 Pages of Legally Binding Judicial Admissions---And FRE 201(c)(2), (b)(2)---Mandatory Judicial Notice of Adjudicative Facts---Adjudicative Facts Established From---All Facially Supporting Subject Matter Jurisdiction Under 28 U.S.C. §§1331, 1343, AND 1367(a) — And All Facially Supporting Personal Jurisdiction Under Calder v. Jones And Dole Food**

**Co. v. Watts (See Section XX for case laws)---And All Facially Supporting Due Process Violations---- THIS COURT MUST TAKE JUDICIAL NOTICE UPON THIS REQUEST.**

2369. **Preliminary Statement:** Plaintiffs assert all of the following: Pursuant to Federal Rule of Evidence 1006 --- Plaintiffs present the following summary of **122 exhibits (PX-42 Through PX-164), 18 audio recordings** and **transcripts--Section XXVII,** and over 700 pages of legally binding judicial admissions -- - voluminous official government records that cannot be conveniently examined in court — which are made available to all parties for examination and have been provided to this Court as the exhibit record. Pursuant to Federal Rule of Evidence **201(c)(2)** --- Plaintiffs simultaneously request mandatory judicial notice of all adjudicative facts established by those records - because every underlying document is an official government record, legally binding judicial admission, or official enterprise correspondence--whose accuracy cannot reasonably be questioned under FRE **201(b)(2).** The following summary accurately represents the content of the underlying voluminous records and the adjudicative facts they establish. Plaintiffs incorporate by reference in full detail **Sections XVIII, XIX, XXXVI, XXVI.**

The **FRE 1006 Summary:**

2370. Plaintiffs **incorporate by reference in full detail all of the following: PX-63 Through PX-87 For Fraudulent Judge Assignments:** See **PX-63 Through PX-81 Regarding Fraudulent Judge Assignments Prior to the Existence of Plaintiffs' 10 Cases Filed in Year 2025 ( 19 Exhibits )** Samantha **Sims,** a fraudulent **non-existent/non-payroll name in year-2025**---based on year 2025 personnel records---fraudulently processed Plaintiffs credit card over the phone---to initially file and commence each and all of Plaintiffs' **10 cases.** Samantha Fogel, a fraudulent **non-existent/ non-payroll name in year 2025**---based on year-2025 personnel

records---fraudulently perpetrated **2** of the fraudulent judge assignments---prior to the cases legally existing. Norma Bisig fraudulently perpetrated **8** of the fraudulent judge assignments---prior to the cases legally existing. Supervisor Samantha Henley has 3 Other Aliases---which are Samantha Sims, Samantha Fogel, and Samantha Logan---all of whom are **NOT** on payroll. All four **(4) Samantha(s)** have the **same personnel number**---which is **00269101.** See **PX-82 Through PX-87 ( 6 Exhibits )** regarding Other Fraudulent Judge Assignments. All **10**---year-**2025 cases---void** from commencement — **no** judge ever had jurisdiction — **wire fraud and other RICO predicates for each unauthorized fee collection — forged deed analogy — per se due process violations** — **no** lawfully constituted tribunal---systemic enterprise pattern — **no** judicial authority in any assigned case.

2371. Plaintiffs **incorporate by reference in full detail all of the following: PX-51 Through PX-62, PX-95, PX-96 regarding legally binding and conclusive** judicially admitted averments/ allegations by Defendants based on judicial estoppel and collateral estoppel, substantive CR 8.04, and supplemental jurisdiction. **Approximately 700 Pages,** including but not limited to **PX-2 Through PX-40 ( 14 Exhibits Plus 40 Exhibits---54 Exhibits )**

2372. Plaintiffs **incorporate by reference in full detail all of the following: PX-88 Through PX-94 ( 7 Exhibits )** regarding **Retaliatory Fraudulent Felony Accusation** orders against Plaintiffs by judges, **obstructing/depriving** Plaintiffs of **all** Kentucky **court access**---before Defendant was legally served. Per se **due process** violations — unconstitutional safety barrier to all Kentucky court access, Obstructing/ Depriving Plaintiffs of Any and All Court Access in Ky. — First Amendment retaliation--- **directly targeting** Washington State Plaintiff—Justifying **WA State Personal** and **Subject Matter Jurisdiction. See Section XX for "Calder" and "Dole Foods" Case Laws.**

2373. Plaintiffs **incorporate by reference in full detail all of the following: PX-97 Through PX-107** regarding Destruction or Effective Destruction of **493 Pages of Plaintiffs' Filed Motions/ Proposed Orders** --- per se **due process** violations — opportunity to be heard eliminated by active destruction — obstruction of justice RICO predicate §1503 violations.

2374. Plaintiffs **incorporate by reference in full detail all of the following: Audio22 Through Audio40** Transcriptions in Section XXVII for Total Systemic Fraud in Jefferson Circuit Court and Jefferson Circuit Court Clerk's Office. Enterprise members' own admissions and Due Process Violations.

2375. Plaintiffs **incorporate by reference in full detail all of the following: PX-108 Through PX-124---Constitute AOC Payroll Fraud connected to Jefferson Circuit Court's Fraud. Enterprise financial motive established from official records — documented institutional motivation for judicial obstruction, other court employees' obstruction, and AOC obstruction — RICO enterprise motive element — payroll fraud RICO predicates.**

2376. Plaintiffs **incorporate by reference in full detail all of the following: PX-125 Through PX-130**---Judges, **without** jurisdiction, based on fraudulent judge assignments, issued **fraudulent felony accusations** against Plaintiffs—in orders. Cross-case coordinated elder abuse and elder plaintiff elimination — enterprise coordination evidence --- continuing daily due process violations --- daily elder abuse obstruction under KRS 209.990---**directly targeting** Washington State Plaintiff --Justifying **WA State Personal** and **Subject Matter Jurisdiction. See Section XX for "Calder" and "Dole Foods" Case Laws.**

2377. Plaintiffs **incorporate by reference in full detail all of the following: PX-131 Through PX-164**---Overall support for systemic fraud and corruption. Comprehensive systemic due process deprivations.

2378. Plaintiffs **incorporate by reference in full detail all of the following: PX-42 Through PX-49** regarding judges' loss of jurisdiction/recusals/ fraudulent reallotments/ **fraudulent "remand back order"** by Haner-who is **not** an appellate judge, and **fraudulent order** by circuit court judge Haner---**ordering circuit court judge Davis to dismiss case** 21-CI-001314---even though **Davis** had issued **2 recusal orders in said case**---entered on 10-24-2025 and on 10-28-2025. Judge Gibson's **"loss of jurisdiction"** order is included. This relates to cases **21-CI-001314, 25-CI-001121, and 25-CI-002150. Extreme prejudice is exhibited through fraudulent acts, destroying all due process.**

2379. The foregoing FRE 1006 summary accurately represents the content of the underlying voluminous records — all of which are official government records, legally binding judicial admissions, and enterprise member communications whose accuracy cannot reasonably be questioned under FRE 201(b)(2). This summary establishes adjudicative facts that are — capable of accurate and ready determination from the underlying official records — **not** subject to reasonable dispute — and **facially** supportive of this Court's subject matter jurisdiction under 28 U.S.C. §§1331, 1343, and 1367 and personal jurisdiction under "Dole Foods" and "Calder v. Jones" — venue necessity in this Court — See **Section XX** for "Calder" and "Dole Foods" Case Laws---and pervasive systemic and systematic due process violations, RICO violations, and violations in claims for relief **XXXII Through CII** (32 through 102). This Court must take mandatory judicial notice of all facts established by the summary under FRE 201(c)(2) upon Plaintiffs' request — because Plaintiffs have supplied this Court with the necessary information in the form of **122** official government **exhibits, 18 audio recordings with transcripts,** and **over 700 pages** of **legally binding judicial admissions — all incorporated by reference in their entirety for Ninth Circuit review.** Plaintiffs incorporate by reference in full detail **Claims**

**for Relief I through CII (102),** and **Sections XVIII, XIX, XXXVI, XXVI, XXX, XXXII, XXVIII, XXIX, XXXI, XXXV, XXVII, XXXVII, PX-63 through PX-87,** PX-42 through PX-49, PX-108, all 167 Exhibits, and the **First through the Sixteenth FRE 201 Judicial Notices** of judicially **noticed adjudicative facts,** which include approximately **1,044 total adjudicative facts,** including approximately **322 adjudicative facts** supporting **jurisdiction** in the U.S. District Court for the Western District of Washington; **FRE 201 Adjudicative Facts in Judicial NOTICES --- 2 through 8, 10, and 12 --- fully support jurisdiction.** All aforementioned incorporations provide **100% certainty** of fraudulently assigned judges and fraudulently assigned case numbers --- prior to the legal filings by Plaintiffs of all 10 of their year-2025 cases --- with all 10 cases being illegally and fraudulently filed and processed by a fraudulent non-existent/ non-payroll name in year-2025 --- which did **not** generate a legal random judge assignment and which did **not** generate a legal case number assignment --- and thereby provides 100% certainty that Kentucky judges NEVER had jurisdiction and NEVER will have jurisdiction. Plaintiffs assert Rankin v. Howard, 633 F. 2d 844 (9th Circuit 1980) and United States v. Dugan, 2:25-cr-00089 (E.D. Wis. 2025) regarding judges without jurisdiction.

**SECTION XXXIV: SIXTEENTH FRE 201 NOTICE --- Mandatory Judicial Notice of Adjudicative Facts -- FRE 201(c)(2) and (b)(2) ---Established From the Following— FRE 1006 Summary of Voluminous Materials And Official Governments Records Admitted As Evidence — Legally Binding And Conclusive Admitted Material Factual Averments/ Allegations/ Adjudicative Facts in Kentucky Cases 25-CI-001371, 25-CI-001568, 25-CI-001795, 25-CI-001796, And 25-CI-001121 — Established As Adjudicative Facts Incapable of Reasonable Dispute Under Substantive Kentucky CR 8.04 And 28 U.S.C. §1367(a)— Supplemental Jurisdiction—Facially Supporting All Counts/ Claims for Relief Stated**

**Herein PX-51, PX-52, PX-53, PX-54, PX-96, PX-95. Plaintiffs also incorporate by reference in full detail Section XXXVII, First FRE 201 Notice and PX-55 Through PX-62. THIS COURT MUST TAKE JUDICIAL NOTICE UPON THIS REQUEST.**

2380. Plaintiffs assert all of the following: **Mandatory Judicial Notice Requested Under FRE 201(c)(2)**---Pursuant to Federal Rule of Evidence 201(c)(2) this Court must take judicial notice of all adjudicative facts set forth and incorporated herein because Plaintiffs have requested it and have supplied this Court with the necessary information. Pursuant to FRE **201(b)(2),** all adjudicative facts incorporated herein---are capable of accurate and ready determination from sources---whose accuracy cannot reasonably be questioned — specifically official government records, legally binding judicial admissions established through defendants' own procedural defaults under **substantive** Kentucky CR 8.04, and official enterprise correspondence --- none of which can be reasonably questioned. Pursuant to Federal Rule of Evidence 1006, the voluminous official government records and other records incorporated herein — which cannot be conveniently examined in court - - are summarized---and incorporated by reference in full detail **Cases 25-CI-001371, 25-CI-001568, 25-CI-001795, 25-CI-001796, 25-CI-001121, And Exhibits PX-51, PX-52, PX-53, PX-54, PX-96, PX-95.** Plaintiffs also incorporate by reference in full detail **Sections XVIII, XIX, XXXVI, XXVI, XXXVII, and PX-55 Through PX-62, PX-3-Audio1 through Audio21, Section XXVII-Audio22 through Audio40, USB Drive Attached to or Included with the Complaint, and PX-42 Through PX-167 for jurisdictional support in this Court.**

2381. **The Legal Basis for Mandatory Notice of CR 8.04 Admissions:** First --- **substantive** Kentucky CR 8.04 provides that averments/allegations/adjudicative facts in a pleading to which a responsive pleading is required are **admitted** when not denied in the responsive pleading. The

defendants in all five cases failed to respond to Plaintiffs' complaints. Every averment/ allegation/adjudicative fact in those complaints is admitted as a matter of **substantive** Kentucky procedural law — legally binding on those defendants in all subsequent proceedings.

2382. Second — 28 U.S.C. §1367(a) provides this Court with supplemental jurisdiction over Plaintiffs' 30 Kentucky state law counts/ claims for relief — based on fraudulent obstructions/ **fraudulent deprivations**---causing it to be **impossible** for Plaintiffs to file Motions for default judgments in any and all Kentucky courts. Exercising 28 U.S.C.§1367(a) supplemental jurisdiction over those state law claims brings into this Court the **substantive** Kentucky law determinations made by CR 8.04's operation — including the binding admitted factual averments — as **established** Kentucky **substantive** law that **this Court recognizes**---rather than independently finds.

2383. Third — the CR 8.04 admissions are adjudicative facts incapable of reasonable dispute under FRE 201(b)(2) — because they are established through the operation of a substantive Kentucky procedural rule on documented adjudicative facts — specifically the effects of the defendants' failure to respond to formally served complaints — documented in official court records and Deputy Sheriff affidavits of legal service whose accuracy cannot reasonably be questioned. A fact established by the operation of a legal rule on undisputed documented facts is precisely the kind of adjudicative fact that FRE 201(b)(2) designates as subject to mandatory judicial notice.

2384. Fourth — **collateral estoppel** — issue preclusion — independently bars re-litigation of all issues determined through **legally binding CR 8.04 admissions** — because all four elements are satisfied — the issues were presented through Plaintiffs' complaints — necessarily determined

through the admission mechanism upon defendants' non-response — finally determined as a matter of Kentucky substantive law — involving one of the parties now before this Court.

2385. Fifth — Plaintiffs assert **judicial estoppel** against Defendant **pursuant to "Milton H. Greene Archives v. Marilyn Monroe LLC, 692 F. 3d 983** - Court of Appeals, **9th Circuit 2012"—(estoppel applies across different court systems; defendants cannot switch facts for profit;** and **Integrity of Process is mandatory)**---and **Rissetto v.** Plumbers and Steamfitters Local 343, 94 F. 3d 597 - Court of Appeals, **9th Circuit** 1996 **(estoppel applies across different court systems).** Judicial estoppel independently prevents any defendant from taking a position in this Court inconsistent with the admissions they established through their own substantive procedural defaults in Kentucky.

2386. **The Admitted Adjudicative Facts:** All averments in Kentucky cases 25-CI-001371, 25-CI-001568, 25-CI-001795, 25-CI-001796, and 25-CI-001121 are admitted as adjudicative facts incapable of reasonable dispute — including but not limited to — Edward Colgate's status as legitimate and legal **Trustee** and Power of Attorney for Doris Colgate — Doris Colgate's status as a named individual plaintiff and elder abuse victim —Edward Colgate's individual counts/ claims for relief, the **forgery (See PX-10)** and/or complicity of forgery with full liability---of legal documents by Defendant Susan Wilson--- bearing Doris Colgate's name — all dollar amounts admitted in each complaint — all factual averments/ allegations/adjudicative facts regarding---including but not limited to--- the real estate fraud and obstruction of recovery, annuity frauds, securities fraud, elder abuse, induced perjury, identity fraud/theft, robbery, other thefts, tampering with a witness, tampering with physical evidence, and regarding the Defendant's liability and damages admissions of all 30 state counts/ claims for relief — the participation and complicity of all named co-conspirators, including but not limited to Paul

Kevin Ford---under KRS 502.020, KRS 446.070, KRS 209.990, and many other statutory violations— the specific acts of fraud and other statutory violations that are documented in the body of complaint and in Exhibits PX-1 through PX-40 — and all other averments/allegations/ adjudicative facts. Plaintiffs incorporate by reference in full detail as though fully set forth herein---PX-51 through PX-54, PX-96, PX-95, PX-55 Through PX-62, PX-3-Audio1 through Audio21 — constituting the Defendant's/ Defendants' legally binding and conclusive judicially admitted averments/ allegations/ adjudicative facts of liability and damages---in all five (5) cases. Plaintiffs incorporate by reference in full detail **Claims for Relief I through CII (102),** and **Sections XVIII, XIX, XXXVI, XXVI, XXX, XXXII, XXVIII, XXIX, XXXI, XXXV, XXVII, "XXXVII," PX-63 through PX-87,** PX-42 through PX-49, PX-108, all 167 Exhibits, and the **First through the Sixteenth FRE 201 Judicial Notices** of judicially **noticed adjudicative facts,** which include approximately **1,044 total adjudicative facts,** including approximately **322 adjudicative facts** supporting **jurisdiction** in the U.S. District Court for the Western District of Washington; **FRE 201 Adjudicative Facts in Judicial NOTICES --- 2 through 8, 10, and 12 --- fully support jurisdiction.** All aforementioned incorporations provide **100% certainty** of fraudulently assigned judges and fraudulently assigned case numbers --- prior to the legal filings by Plaintiffs of all 10 of their year-2025 cases --- with all 10 cases being illegally and fraudulently filed and processed by a fraudulent non-existent/ non-payroll name in year-2025 --- which did **not** generate a legal random judge assignment and which did **not** generate a legal case number assignment --- and thereby provides 100% certainty that Kentucky judges NEVER had jurisdiction and NEVER will have jurisdiction. Plaintiffs assert Rankin v. Howard, 633 F. 2d 844 (9th Circuit 1980) and United States v. Dugan, 2:25-cr-00089 (E.D. Wis. 2025) regarding judges without jurisdiction.

**SECTION XXXV: NINTH--9TH FRE 201 NOTICE --- Mandatory FRE 201 Judicial Notice of Adjudicative Facts Under FRE 201(c)(2) AND (b)(2) — Adjudicative Facts Established From the Following "19 Transcribed Authenticated Audio Recordings"--- And Established From Susan Wilson's Substantive Ky. CR 8.04 Legally Binding Judicial Admissions in Kentucky Case 25-CI-001371 --- Supported By Ky. KRS 526.010-(one-party consent) and 18 USC § 2511(d)-(Federal one-party consent) --- And Audio Shows That Doris Colgate Also Agreed, Even Though Not Needed --- Transcribed Word for Word in PX-3--- All Facts Established From Sources---Whose Accuracy Cannot Reasonably Be Questioned --- THIS COURT MUST TAKE JUDICIAL NOTICE UPON THIS REQUEST.**

2387. **Preliminary Statement: Plaintiffs assert all of the following:** Plaintiffs respectfully request that this Court take mandatory judicial notice of the following adjudicative facts pursuant to FRE 201(c)(2) — this Court must take judicial notice because Plaintiffs have requested it and have supplied the necessary information. These adjudicative facts are specific facts about what occurred between these specific parties — established from Wilson's substantive and legally binding CR 8.04 admissions in Kentucky case 25-CI-001371---under supplemental jurisdiction — The Effect of Wilson's failure to deny any of the following specific Audio Recording Verbatim Transcriptions in PX-3---is that all of the following 19 Audio Recording Transcriptions are Admitted Adjudicative Facts — all sources whose accuracy cannot reasonably be questioned under FRE 201(b)(2).

2388. **CATEGORY 1 — Edward Colgate's Trustee and POA Authority — Doris Colgate's Consent--Even Though Not Needed — Adjudicative Facts Directly Contradicting Wilson's Fraudulent Enterprise Misconduct.**

2389. **Adjudicative Fact 1— Audio1 — January 29, 2020 — Attorney Balderson and Doris Colgate:** Attorney Balderson — Doris's own attorney — explained on January 29, 2020 the purpose and structure of the legal documents Doris was signing. Attorney Balderson stated — For your medical power of attorney, your financial power of attorney, Eddie is going to be your point person. He is going to be your right hand man. He's going to be the one who helps you out with that stuff. Eddie will also be the Executor of the Will who will help once you passed away to make sure that everything is divided properly. Eddie and your daughter are going to split your entire estate in half. Eddie is going to go ahead and take his share but your daughters share is going to be held in an account where Eddie can give it to her as she needs it so her husband can't take advantage of it. (**Note**: Although Edward uses Edward as his name, Doris is calling Edward, Eddie, in the audio.)

Doris responded — "Yes. That's exactly what we want."

2390. **Adjudicative Fact 2 ---** Adjudicative facts established: Edward Colgate was specifically named as Doris's medical and financial power of attorney and Will Executor by Doris's own attorney on January 29, 2020 — with Doris's express confirmation of that arrangement establishing the validity and intentionality of the January 29 2020 legal documents — directly contradicting Wilson's subsequent attempts to eliminate Edward's authority through the fraudulent March 4, 2020 POA that Wilson and Fox had obtained.

2391. **Adjudicative Fact 3— Audio6 — June 11, 2020 — Doris Agrees to Recordings:** Doris confirmed on June 11, 2020 — Can you confirm that you agree to audio recordings with me Edward so that I can help you get your defrauded real estate money back from Lori, Jude, and Susan, and can you agree to any and all past, present, and future recordings that may be beneficial to recovering that money?

Doris responded — "Yes."

2392. **Adjudicative Fact 4 ---** Adjudicative facts established: Doris Colgate agreed on June 11 2020 to audio recordings to help recover her defrauded real estate money from Lori Fox, Jude McConnell, and Susan Wilson — identifying all three defendants by first name · demonstrating Doris's awareness of the fraud against her, and her competent desire for recovery — directly contradicting Wilson.

2393. **Adjudicative Fact 5 — Audio7 — June 11, 2020 — Doris Agrees to Reimburse Attorney Fees:** On June 11, 2020 — Doris was asked — Do you agree to reimburse me for any and all attorney fees that I pay to help recover real estate fraud monies for you, and that includes past, present, and future attorney fees that I pay?

Doris responded — "Yes."

2394. **Adjudicative Fact 6 ---** Adjudicative facts established: Doris Colgate competently agreed on June 11, 2020 to reimburse Edward for all attorney fees paid to recover fraud damages which is the specific agreement that is the basis for the $40,433.68 attorney fee claim — establishing Doris's competent authorization for those fees — admitted by Wilson through CR 8.04 default — and independently documented on authenticated audio.

2395. **Adjudicative Fact 7 — Audio8 — June 11, 2020 — No Revocation of Trust or POA:** On June 11, 2020 — Doris was asked — Did you revoke your Trust with me as Trustee and revoke your power of attorney with me as power of attorney on March 4th of 2020 or any other time?

Doris responded — "No."

2396. **Adjudicative Fact 8 ---** Adjudicative facts established: On June 11, 2020, Doris Colgate specifically denied revoking her Trust or power of attorney--naming Edward — on March 4,

2020 or at any other time — establishing that the March 4, 2020 documents Wilson and Fox fraudulently obtained--were not authorized by Doris — which is the foundational fact establishing the forgery admitted by Wilson through CR 8.04 default and independently documented on authenticated audio from Doris's own voice.

**2397. Adjudicative Fact 9 — Audio11 — May 9, 2021 — Doris Did Not Sign New Legal Documents:** On May 9, 2021 — Doris was asked — When did you do your last Will, your last Trust, and your last power of attorney, was that before you went into Morning Pointe, and before February of 2020? Doris responded — "Yeah, I'm sure it was. The caretakers drove me to the office there." When is the last time that you talked to an attorney? Doris: "Oh a long time." Edward: Was it before you went into Morning Pointe? Doris **"Yeah, yeah."** Edward: So it was before February of 2020, is that right? Doris: **"Yes."**

2398. **Adjudicative Fact 10** --- Adjudicative facts established: Doris Colgate specifically confirmed on May 9, 2021 that her last Will, Trust, and power of attorney were executed before she went into Morning Pointe and before February 2020 — establishing that Doris had **NOT** signed any legal documents on March 4, 2020 establishing the forgery of the March 4, 2020 documents. See Count/ claim for relief XXX---Forgery--- in Ky. Complaint 25-CI-001371--- which is admitted under substantive CR 8.04.

2399. **Adjudicative Fact 11 — Audio13 — June 10, 2021 — Doris Wants Edward's Attorney to Help Her:** On June 10, 2021 — Doris stated "If you were living here, you could get an attorney, well you have an attorney. Edward responded — "I can help you with that. I can help you get another attorney."

2400. **Adjudicative Fact 12** --- Adjudicative facts established: As late as June 10, 2021 — Doris Colgate was actively seeking Edward's help to obtain legal representation to recover fraud

damages from Wilson and others — demonstrating her continuing competent desire for recovery, and her continuing trust in Edward directly **contradicting Wilson's** characterization of Doris as having separated from Edward or as opposing Edward's efforts on her behalf.

2401. **CATEGORY 2 — Wilson's and Ford's Fraud And Misconduct—**

2402. **Adjudicative Fact 13 — Audio4 — May 6, 2020 — Wilson's Real Estate Fraud Statement:** On May 6 2020 — Susan Wilson stated — "If it hadn't sold, she couldn't have stayed there, and we're lucky that her ex son-in-law bought the house so that she could stay where she is."

2403. **Adjudicative Fact 14 ---** Adjudicative facts established: Wilson's own statement on May 6, 2020— establishes that Wilson knew Doris's house was sold to Fox's father — knew the circumstances of that sale — and was using the fraudulent or false premise that Doris needed to sell immediately---to stay at Morning Pointe---to justify the fraudulent transaction. Wilson admits awareness of the real estate transaction and its circumstances — which combined with Wilson's CR 8.04 admission of complicity in the real estate fraud — proves Wilson's knowing participation in the fraudulent sale of Doris's $300,000 house---for $150,000---less $9,000 in fraudulent commissions---to Fox's father.

2404. **Adjudicative Fact 15 — Audio10 — May 9, 2021 — Ford Is Not Doris's Attorney, Ford has "Never" been Doris's Attorney, and Ford Fraudulently Attempted to Represent Doris Colgate:** On May 9, 2021 Doris was asked Have you ever had Kevin Ford as your attorney or lawyer? Doris responded — "No, no." Edward: So you have never had Kevin Ford as your attorney or lawyer? **Doris: "No, no."** Confirmed.

2405. **Adjudicative Fact 16 ---** Adjudicative facts established: Doris Colgate specifically confirmed on May 9, 2021---that Paul Kevin Ford had **Never** been her attorney — directly

confirming Ford's fraudulent submissions to the court, fraudulently claiming to represent Doris establishing Ford's unauthorized representation — Ford's conflict of interest in representing Wilson---regarding Wilson's fraud against Doris---while fraudulently claiming to represent Doris —all admitted by Wilson through CR 8.04 default, and independently confirmed on authenticated audio from Doris's own voice.

2406. **Adjudicative Fact 17 — Audio12 — June 10, 2021 — Doris Unaware of Ford Fraudulently Using Doris's Money:** On June 10, 2021 — Doris was asked — Basically, you're not aware that they are using your money right now to pay an attorney, is that right?

Doris responded — "I don't think so, **no.**"

2407. **Adjudicative Fact 18 ---** Adjudicative facts established: As of June 10, 2021 — Doris Colgate was unaware that Wilson and Fox were using Doris's own assets to pay attorney Ford--- attempting to prevent Doris from recovering fraud damages from Wilson and Fox— establishing that the use of Doris's assets for Ford's fees was fraudulent and unauthorized **without** Doris's knowledge or consent — which is the specific misconduct admitted by Wilson through CR 8.04 default, and documented in the injunctive relief of the Kentucky complaint.

2408. **Adjudicative Fact 19 — Audio16 — June 10, 2021 — Doris Confirms Absurdity of Ford's Role And Ford's Fraud:** On June 10, 2021 — after explained---that Wilson and Fox were using Doris's money to pay Ford to prevent her recovery — Doris was asked — Isn't that the most ridiculous thing you have ever heard?

Doris responded — "Yes."

2409. **Adjudicative Fact 20 ---** Adjudicative facts established: Doris Colgate competently understood and confirmed on June 10, 2021 that---Wilson and Fox using Doris's own assets to pay an attorney, attempting to prevent Doris's recovery---regarding Doris being defrauded by

Wilson and Fox---was absurd and wrong — demonstrating Doris's cognitive awareness of the fraud being perpetrated against her — and demonstrating Doris's opposition to that fraud — and demonstrating Doris's competent desire for recovery — all directly contradicting Wilson.

2410. **Adjudicative Fact 21— Audio17 — February 17, 2023 — Wilson's Intimidation of Doris:** On February 17, 2023 — Doris stated — "I hope Susan doesn't get upset about you calling me."

2411. **Adjudicative Fact 22 ---** Adjudicative facts established: As late as February 17, 2023 — Doris Colgate was expressing fear of Wilson's reaction to Edward calling her — establishing Wilson's ongoing intimidation and control of Doris — the isolation and intimidation admitted by Wilson through CR 8.04 default — and the continuing character of Wilson's abusive misconduct toward Doris.

2412. **CATEGORY 3 — Doris's State of Mind---Relationships And Vulnerability**

2413. **Adjudicative Fact 23 — Audio2 — February 29, 2020 — Doris Agreeing to Keep Fox Away:** On February 29, 2020 — after being told that police had been called on Lori Fox and Cristal Fox for harassment and threats — Doris was asked — Since you are not coming back to the house again, will you be sure to keep them away from your house?

Doris responded — "Yes."

2414. **Adjudicative Fact 24 ---** Adjudicative facts established: As of February 29, 2020 — Doris had decided not to return to her house — had already communicated this to Edward — and was agreeing to keep Fox away from her property — establishing Doris's awareness of Fox's threatening misconduct, and Doris's desire to be protected from it — consistent with the abuse and intimidation admitted by Wilson through CR 8.04 default.

2415. **Adjudicative Fact 25 — Audio5 — May 9, 2020 — Doris's Positive Relationship With Edward:** On May 9, 2020 — Doris stated — "I love you so much. You made my day. I miss you and would love to see you all. Tell Stanette that I love her."

2416. Adjudicative facts established: As of May 9, 2020 — Doris Colgate maintained a warm and loving relationship with Edward and Stanette —Doris directly contradicting Wilson and Fox.

2417. **Adjudicative Fact 26 — Audio14 — June 10, 2021 — Doris's Negative Comments on Ray Wilson:** On June 10, 2021 — Doris stated — "I don't understand how she could be married to him."

2418. **Adjudicative Fact 27 ---** Adjudicative facts established: Doris Colgate expressed concern about Ray Wilson's character — consistent with the Affidavit Doris signed against both Susan Wilson and Ray Wilson — and with Ray Wilson's documented harassment of witness---Stanette Rose---admitted through Wilson's CR 8.04 default.

2419. **Adjudicative Fact 28 — Audio15 — June 10, 2021 — Doris Confirms Norman Colgate's Negative Assessment of Ray Wilson:** On June 10, 2021 — Doris stated — "Your dad's a really good judge of character. When he first met Ray he thought he was terrible. When we went out to dinner at Huber's, everybody's all dressed up, and he looked terrible. He had an old jacket on and he looked like he hadn't shaved. He was really embarrassing. I was embarrassed to be sitting there with him. Your dad's a good judge of character."

2420. **Adjudicative Fact 29 ---** Adjudicative facts established: Doris Colgate's own negative characterization of Ray Wilson — consistent with Norman Colgate's negative assessment, and with the Affidavit Doris signed — establishing Doris's long-standing negative view of Ray Wilson, and her awareness of his character — supporting the injunctive relief regarding Ray Wilson---admitted through Wilson's CR 8.04 default.

2421. **Adjudicative Fact 30 — Audio18 — February 17, 2023 — Doris's Continuing Positive Relationship With Edward:** On February 17, 2023 — Doris stated — "Thank you for calling. I love you all."

2422. **Adjudicative Fact 31** --- Adjudicative facts established: As late as February 17, 2023 — despite Wilson's intimidation and isolation efforts documented in Audio 17 — Doris Colgate maintained her positive loving relationship with Edward and his family — demonstrating that Wilson's isolation efforts had not severed Doris's bond with Edward — and that Doris's competent expression of love and gratitude toward Edward continued.

2423. **Adjudicative Fact 32 — Audio19 — February 27, 2020 — Morning Pointe Transportation and Care:** On February 27, 2020 — Debbie Hall Vice President at Morning Pointe stated — "We transport on Tuesdays and Thursdays. So if she (Doris) has an appointment every two weeks or once a week, we can get that on the books and get that scheduled. We'd be happy to do that. And I will personally talk to Zac about that. And for the PT appointment, I will personally handle that."

2424. **Adjudicative Fact 33** --- Adjudicative facts established: Morning Pointe was providing transportation and scheduling physical therapy for Doris as of February 27, 2020 — establishing that Doris's care needs were being actively managed — and that the interference with her medical care documented in the relief section — admitted through Wilson's CR 8.04 default — occurred against a background of established care services that Wilson fraudulently disrupted.

2425. **Adjudicative Fact 34 — Audio20 — February 27, 2020 — Doris's Vulnerability as Elder:** On February 27, 2020 — Debbie Hall stated regarding an incident Doris reported — We did investigate that, and no one remembered doing that to Doris, but somebody near her.

2426. **Adjudicative Fact 35** --- Adjudicative facts established: Morning Pointe's own Vice President confirmed on February 27, 2020 that Doris may have experienced a confusion episode — believing something happened to her that happened to a nearby resident — establishing Doris's status as a vulnerable elder under KRS 209.020 — susceptible to confusion and manipulation — which is precisely the vulnerability that Wilson exploited through intimidation, isolation, and financial fraud---admitted through CR 8.04 default.

2427. **Adjudicative Fact 36 — Audio21 — March 1, 2020 — Threats Against Edward as Trustee and POA:** On March 1, 2020 — Michelle Burkhead — who had been fired by Doris for theft and fraud per PX-9 — stated during an attempt to unlawfully enter Doris's house —"I will knock your ass on the ground."

2428. **Adjudicative Fact 37** — Adjudicative facts established: Edward was subjected to violent threats on March 1, 2020, while acting in his capacity as Doris's Trustee and POA — preparing Doris's house for sale at $300,000 as Doris wanted — confirming the violent and threatening environment surrounding Doris and her assets in early March 2020 — immediately before the fraudulent March 4, 2020 POA documents Wilson and Fox obtained — establishing the threatening context in which those documents were obtained. See PX-6, the robbery and theft police report, regarding the robbery and theft of Edward's and Doris's legal documents (Trustee, POA, Will), among other things. Then, three (3) days later, Wilson and Fox had fraudulently forged and/or were complicit in the forgery of legal documents. Wilson has legally binding judicial admissions regarding said forgery. See PX-51, PX-55, PX-56.

2429. **Summary of Adjudicative Facts From Audio Recordings:** The following adjudicative facts are established from authenticated audio recordings across all 19 recordings in PX-3 —

each incapable of reasonable dispute from authenticated sources — subject to mandatory judicial notice under FRE 201(c)(2).

2430. **Adjudicative Facts 38 --- Established as adjudicative facts requiring no further proof:** Edward Colgate's legitimate Trustee and POA status — confirmed by Doris's own attorney on October 1, 2019 and January 29, 2020 and by Doris herself on multiple dates — directly contradicting Wilson's fraudulent March 4, 2020 documents---which **Wilson admits are forged documents**---pursuant to substantive CR 8.04. Doris's specific confirmation that she **Never** signed new legal documents on March 4, 2020 — establishing forgery from Doris's own voice — admitted through Wilson's CR 8.04 default, and independently documented on audio. Doris's specific **denial** of Ford as her attorney — establishing Ford's unauthorized and fraudulent representation and conflict of interest — from Doris's own voice — admitted through Wilson's CR 8.04 default, and independently documented on audio. It is legally **impossible** for Ford to represent Doris---since Ford was attempting to defend Wilson and Fox---regarding Wilson's and Fox's fraud against Doris. Susan Wilson's ongoing intimidation of Doris as late as February 17, 2023 — establishing the continuing character of the abuse admitted through Wilson's CR 8.04 default. Doris's continuing positive loving relationship with Edward through February 17, 2023 — directly contradicting any false falling-out narrative Wilson might assert. Doris also communicated in positive ways toward Edward and Stanette on 6-7-2023. Doris's vulnerability as an elder — confirmed by Morning Pointe's own Vice President — establishing KRS 209.020 vulnerable adult status from an institutional administrator's own statement. Also see PX-16, PX-17. The violent threatening environment surrounding Doris's assets in March 2020 — immediately before the fraudulent March 4, 2020 documents — establishing the fraudulent context in which those documents were obtained.

2431. Plaintiffs further assert the following legally binding admissions regarding Wilson's liability---pursuant to substantive CR 8.04 and supplemental jurisdiction---from Kentucky complaint **25-CI-001371:**

2432. **Adjudicative Facts 39** --- Paragraph 5 from 25-CI-1371 v. Susan Wilson --- Plaintiff asserts **Susan Wilson's Complicity in the following: Elder Abuse, Undue Influence, deception, fraud, theft, robbery, tortious interference with contractual rights, including, but not limited to Edward's Power of Attorney and Trustee agreements with Doris, including reimbursement to Edward, interference with Edward's quasi contract, quantum meruit, equitable estoppel, promissory estoppel, tampering with a witness, tampering with evidence, other actions perpetrated by Wilson to obtain a fraudulent power of attorney, which invalidate Wilson's power of attorney, Complicity in 30 Counts and Causes of Action.**

2433. **Adjudicative Facts 40** --- Paragraph 2 from 25-CI-1371 v. Susan Wilson --- Plaintiff **Doris Colgate** is a vulnerable adult as defined under **KRS 209.020**. Doris Colgate has resided in **24/7 Nursing Care since 2-14-2020. KRS 209.020(4)** uses the following **criteria for a Vulnerable adult**: An adult who is (a) **unable to manage his or her own resources,** (b) **unable to carry out the activity of daily living on their own, OR** (c) **protect** bimself or **herself from neglect, exploitation, or an abusive situation. Only 1 of 3 needs to be met. By virtue of (c)** where **Doris** was, and is **not able to protect herself from Wilson's (Wilson or Susan Wilson hereafter) continuing Complicity in Elder Abuse**, this **criteria has been met since 2-14-2020.** Doris **does also meet** the **other 2 criteria**. Doris has **not been able to manage her own resources since January of 2019.** Doris has **not been able to carry out her activity of daily living on her own since early to mid-2018**, requiring a caregiver. Plaintiff

asserts legal standing, individually, and for Doris, based on, but not limited to Wilson's Abuse, and based on all applicable Civil Rules and Statutes herein. Plaintiffs further assert Doris Colgate, individually, as Plaintiff.

2434. Plaintiffs incorporate by reference in full detail **Claims for Relief I through CII (102),** and **Sections XVIII, XIX, XXXVI, XXVI, XXX, XXXII, XXVIII, XXIX, XXXI, XXXV, XXVII, XXXVII, PX-63 through PX-87,** PX-42 through PX-49, PX-108, all 167 Exhibits, and the **First through the Sixteenth FRE 201 Judicial Notices** of judicially **noticed adjudicative facts,** which include approximately **1,044 total adjudicative facts,** including approximately **322 adjudicative facts** supporting **jurisdiction** in the U.S. District Court for the Western District of Washington; **FRE 201 Adjudicative Facts in Judicial NOTICES --- 2 through 8, 10, and 12 --- fully support jurisdiction.** All aforementioned incorporations provide **100% certainty** of fraudulently assigned judges and fraudulently assigned case numbers --- prior to the legal filings by Plaintiffs of all 10 of their year-2025 cases --- with all 10 cases being illegally and fraudulently filed and processed by a fraudulent non-existent/ non-payroll name in year-2025 --- which did **not** generate a legal random judge assignment and which did **not** generate a legal case number assignment --- and thereby provides 100% certainty that Kentucky judges NEVER had jurisdiction and NEVER will have jurisdiction. Plaintiffs assert Rankin v. Howard, 633 F. 2d 844 (9th Circuit 1980) and United States v. Dugan, 2:25-cr-00089 (E.D. Wis. 2025) regarding judges without jurisdiction.

2435. Due to adjustments, paragraphs 2436 through 2451 are omitted.

**SECTION XXXVI: SECOND FRE 201 NOTICE --- Mandatory FRE 201 Judicial Notice of Adjudicative Facts --- Under FRE 201(c)(2) And FRE 201 (b)(2) --- The Use of a "Fraudulent Alias Name"—"Samantha Sims" (See PX-108) --- NOT on Personnel's,**

**KCOJ's, AOC's Payroll in Year-2025 --- To Fraudulently Process/Commence/File Plaintiffs' Ten (10) "Year- 2025" Jefferson Circuit Court--KY Cases/ Complaints — Zero Legal Authority (Sims)---All Ten (10) Cases Are Void Ab Initio on Independent Simultaneous Grounds — All Ten (10) Cases Legally Non-Existent--Based on Fraud--From the First Moment of Fraudulent Purported Existence --- Fraudulent Obstruction and Deprivation of All Plaintiffs' Recovery --- Fraudulent Taking of $4,091.08 From Washington Plaintiff --- Trebled 3 Times to --- $12,273.24 --- $70 Per Case Jury Fee Deposits Unreturned in 11 of Plaintiffs' Cases --- Proving All Eleven (11) of Plaintiffs' Cases Remain Active --- Independent Simultaneous Void Ab Initio Grounds --- Substantive CR 8.04 Admissions of Liability By Defendants--Are Legally Binding On All Defendants---Independent of Fraudulent Commencements/ Filings — Wire Fraud RICO Predicates Under 18 U.S.C. §1343 — Federal Program Fraud or Theft Under 18 U.S.C. § 666 based on payroll fraud-(Section XXIX) — CR 8.04 Admissions Legally Binding on Susan Wilson and Other Defendants Independent of Fraudulent Commencement --- All Adjudicative Facts Established From Official Court Documents---Official Personnel Cabinet KHRIS Records---And Audio Recordings---Whose Accuracy Cannot Reasonably Be Questioned --- Facially Fully Supporting Personal Jurisdiction Under Calder v. Jones And Dole Food Co. V. Watts --- And Facially Fully Supporting Subject Matter Jurisdiction, Personal Jurisdiction, and Venue Under 28 U.S.C. § 1331, 28 U.S.C. § 1343, 28 U.S.C. § 1367, 28 U.S.C. § 1391, 42 U.S.C. § 1983, and 42 U.S.C. § 1985(2)-(3) — And Facially Fully Supported by PX-63 Through PX-81 And PX-108 And Audio25-Section XXVII — Plaintiffs incorporate by reference in full detail PX-63 Through PX-81, PX-108, and Audio25-Section XXVII. This Court Must Take Judicial Notice Upon This Request.**

2452. **Preliminary Statement: Plaintiffs assert all of the following:** Plaintiffs respectfully request that this Court take mandatory judicial notice of the following adjudicative facts pursuant to FRE 201(c)(2) — this Court must take judicial notice because Plaintiffs have requested it and have supplied the necessary information. And these are adjudicative facts that can be accurately and readily determined from sources---whose accuracy cannot reasonably be questioned under FRE 201(b)(2). **"Verbatim" FRE-Rule 201---(c) TAKING NOTICE**---The court: **(2) "must" take judicial notice** if a party requests it and the court is supplied with the necessary information.---And under **Rule 201 (b)(2)**---facts can be accurately and readily determined from sources---whose accuracy cannot reasonably be questioned. Adjudicative facts stated herein are established from official court records and official Personnel Cabinet KHRIS records.

2453. The adjudicative facts noticed herein facially support this Court's personal jurisdiction over Defendant Susan Wilson, all other defendants, and all enterprise defendants under Calder v. Jones 465 U.S. 783 (1984) and Dole Food Co. v. Watts 303 F.3d 1104 (9th Cir. 2002) — because each unauthorized phone credit card collection by Samantha Sims targeted Washington Plaintiff specifically — constituting intentional acts expressly aimed at known Washington plaintiffs producing harmful effects felt in Washington — satisfying all three Calder-Dole Food elements from the enterprise's own official records. These facts additionally support subject matter jurisdiction under 28 U.S.C. §1331 through independent RICO wire fraud predicate acts and other federal violations --- including but not limited to --- under 18 U.S.C. §1343 for each unauthorized and fraudulent phone transaction with a fraudulent non-existent/non-payroll name (Sims) in year-2025 — and under Civil rights claims pursuant to 28 U.S.C. § 1343(a)(1)-(2)-(3)-(4), 42 U.S.C. § 1983, 42 U.S.C. § 1985(2)-(3) --- including but not limited to --- through the deprivation of Plaintiffs' constitutional rights to access courts --- and under 28 U.S.C. §1367(a)-

supplemental jurisdiction- based on void proceedings commenced by unauthorized personnel --- making the fraudulent commencement an independent jurisdictional basis --- supporting this Federal Court's authority over all claims stated herein. Plaintiffs incorporate by reference in full detail **Claims for Relief I through CII (102),** and **Sections XVIII, XIX, XXXVI, XXVI, XXX, XXXII, XXVIII, XXIX, XXXI, XXXV, XXVII, XXXVII, PX-63 through PX-87,** PX-42 through PX-49, PX-108, all 167 Exhibits, and the **First through the Sixteenth FRE 201 Judicial Notices** of judicially **noticed adjudicative facts,** which include approximately **1,044 total adjudicative facts,** including approximately **322 adjudicative facts** supporting **jurisdiction** in the U.S. District Court for the Western District of Washington; **FRE 201 Adjudicative Facts in Judicial NOTICES --- 2 through 8, 10, and 12 --- fully support jurisdiction.** All aforementioned incorporations provide **100% certainty** of fraudulently assigned judges and fraudulently assigned case numbers --- prior to the legal filings by Plaintiffs of all 10 of their year-2025 cases --- with all 10 cases being illegally and fraudulently filed and processed by a fraudulent non-existent/ non-payroll name in year-2025 --- which did **not** generate a legal random judge assignment and which did **not** generate a legal case number assignment --- and thereby provides 100% certainty that Kentucky judges NEVER had jurisdiction and NEVER will have jurisdiction. Plaintiffs assert Rankin v. Howard, 633 F. 2d 844 (9th Circuit 1980) and United States v. Dugan, 2:25-cr-00089 (E.D. Wis. 2025) regarding judges without jurisdiction. Plaintiffs assert the following adjudicative facts ---whose accuracy cannot reasonably be questioned — and request mandatory judicial notice under FRE 201(c)(2): Each Adjudicative Fact Noticed Herein Independently and Collectively Supports This Court's Jurisdiction Under 28 U.S.C. §1331, 28 U.S.C. § 1343, and 28 U.S.C. §1367 — and Personal Jurisdiction Under Calder v. Jones and Dole Food Co. v. Watts. Plaintiff assert: **The following**

**twenty --- 20 --- FRE 201 Noticed Adjudicative Facts that follow---are each an independent ground and are part of the --- 20 independent grounds --- for void or void ab initio ---** even when not enumerated in order.

2454. **ADJUDICATIVE FACT 1 — Ground I — NO Judges and NO Case Numbers were Generated when PLAINTIFFS Legally Filed and Legally Commenced Their TEN (10) "Year-2025 Cases" By Paying the Filing Fees --- Independent Ground for VOID AB INITIO**

2455. **ADJUDICATIVE FACT 2 ---** Kentucky CR 3.02(1) states verbatim — "The filing fee for a civil case in Circuit Court shall be paid to the circuit clerk at the time the case is filed." Supervisor Samantha Henley confirmed on Audio 25 — consistent with CR 3.02(1) --- that Plaintiffs' cases are officially and legally filed and commenced when Plaintiffs pay the filing fees with a credit card over the phone. The legal commencement/ filing event is the payment — period.

2456. **ADJUDICATIVE FACT 3 —** PX-63 through PX-81 contains two categories of official documents simultaneously — the **court-generated receipts showing the exact dates and times** of Plaintiffs' credit card payments over the phone with **"Samantha Sims's name"** on them — and the **"Fraudulent"** Random Judge Assignment Reports---which are **NON-Random---** showing case numbers and judge assignments**---with timestamps preceding those payment times.** Comparing these two categories of documents, establishes the adjudicative facts from official court documents. Refer also to PX-108---from the Personnel Cabinet --- regarding Samantha Sims --- a fraudulent, non-existent/non-payroll, and unauthorized name in year-2025.

2457. **ADJUDICATIVE FACT 4 —** The case numbers appearing in the official Jefferson Circuit Court records were assigned — and appear on the fraudulent Random Judge Assignment

reports — prior to the payment times documented on the court-generated receipts. A legitimately commenced/ filed case generates a case number at the moment of commencement/ filing — because the **case number** is the **court's official identifier of the newly-filed matter — created by the filing event itself.** A **case number** that has a **time-stamp prior to the filing event** was **NOT created by the filing** — it is a pre-existing artifact that the filing was absorbed into — like a pre-cut key made before the lock existed.

2458. **ADJUDICATIVE FACT 5** — Plaintiffs' filing fee payments — the legal filing/ commencement acts under CR 3.02(1) and Audio 25 — **generated NO case numbers** in the court's case management system — because case numbers already existed in that system---before any payment was made. A filing event that **generates NO case number** has **NO legal effect as a commencement/ filing —** it is a **payment absorbed into a pre-existing fraudulent record** — making **all ten (10) "year-2025 cases" void ab initio on this first ground alone.**

2459. **ADJUDICATIVE FACT 6** — The **institutional impossibility is proven** by a single logical sequence. Since Plaintiffs' payments would normally generate case numbers — and only one case number exists per case — and that case number predates the payment — then the **payment generated NO case number.** A commencement/ filing that **generates NO case number** is **NOT a commencement/ filing.** Thereby, **All ten (10) "year-2025 cases" are void ab initio.**

2460. **ADJUDICATIVE FACT 7** — Additionally — the forms containing these pre-commencement case numbers were fraudulently labeled Random Judge Assignment Reports, but the assignments were **non-random.** All fraudulent judge assignments were **pre-arranged before** the **cases existed** — making the word Random on each official form a **False and Fraudulent Certification** constituting an independent act of official record falsification under **KRS 519.060**

(Tampering with Public Records) and **KRS 524.100** (Tampering with Evidence)--- in addition to every other ground established herein. This first ground requires no analysis of payroll records or official capacity — it is provable from the court's own official receipt timestamps compared to the Random Judge Assignment report timestamps within PX-63 through PX-81 alone.

2461. **ADJUDICATIVE FACT 8 — GROUND 2 — SAMANTHA SIMS NOT ON PAYROLL IN YEAR 2025 — ZERO LEGAL AUTHORITY — INDEPENDENT GROUND FOR VOID AB INITIO**: Samantha Sims — the name appearing on the court-generated receipts for all 10 of Plaintiffs' year-2025 filing fee payments — is **not** on KCOJ or Personnel payroll in year 2025 — established from official Personnel Cabinet KHRIS records produced by the Kentucky Personnel Cabinet — documented in **PX-108.** A name **not on payroll** has **zero legal authority to process, file, or commence any case in any Kentucky court** — for the same reason that a **forged deed** does **not convey title** regardless of recording — a **fraudulent filing** by a **non-existent** payroll name does **not** create a **legally existing** case regardless of its appearance in the court's case management system. **All 10 year-2025 commencements/ filings are void or void ab initio** on this independent ground---because they were processed by a name with **NO institutional existence for purposes of authorized official acts.**

2462. **ADJUDICATIVE FACT 9** — Ground 3 — Samantha Henley Fraudulently Acting Under a Non-Payroll Alias --- Independent Ground for Void Ab Initio.

2463. **ADJUDICATIVE FACT 10** — Supervisor Samantha Henley — who is on payroll in year-2025 under personnel identification number 00269101 — fraudulently processed the year-2025 filings/ commencements using the **fraudulent alias name Samantha Sims --- which is unauthorized in year-2025** --- rather than her payroll name Samantha Henley. Samantha

Henley has **three (3) aliases** --- Samantha Sims, Samantha Fogel, and Samantha Logan --- all sharing personnel identification number 00269101 --- with none of the aliases appearing on KCOJ or Personnel payroll in year-2025. An employee --- acting under ------- a **fraudulent non-payroll alias** --- is **NOT** acting in her official authorized capacity because **official capacity is defined by and limited to the payroll name and position under which compensation is received and authority is granted** — making **all acts performed under a fraudulent non-payroll alias** --- **unauthorized and fraudulent acts,** regardless of whether the underlying fraudulent person had any payroll existence. **All 10 year-2025 commencements are void or void ab initio** on this independent ground --- because they were processed by an employee fraudulently **acting outside** of her official authorized capacity --- **through a fraudulent non-payroll alias.**

2464. **ADJUDICATIVE FACT 11 — FRAUDULENT TAKING OF $4,091.08 Trebled 3 Times to --- $12,273.24** --- Refer to paragraph 2465: Samantha Sims --- a fraudulent **non-**existent/non-payroll name in year-2025 --- without payroll authority — on the court-generated receipt documents --- documenting each payment — fraudulently collected the following amounts from Plaintiffs through phone credit card transactions --- Washington State to Kentucky --- constituting electronic wire communications — **generating independent wire fraud RICO predicate acts under 18 U.S.C. §1343 for each transaction — for each unauthorized and fraudulent collection --- and independent federal program theft under 18 U.S.C. §666 based on payroll fraud-(Section XXIX)** --- since Kentucky government is federally funded.

2465. **ADJUDICATIVE FACT 12** — Court fees per case — $276.04 — including $70.00 jury fee deposit under CR 3.02(2)(b) --- multiplied by 10 cases --- total **$2,760.40 ---** plus **$70** from

case **21-CI-001314** based on **no** judge having **jurisdiction** regarding said case. Total is **$2,830..40.** Deputy Sheriff service fees — **$60.00 per case** — paid by separate check---made out to---the Jefferson County Sheriff's Office — multiplied by 10 cases — total **$600.00** — defrauded from Plaintiffs since all 10 cases were fraudulently commenced and void or void ab initio from inception — making service fees paid for void or void ab initio proceedings-- unauthorized and fraudulent takings. Plus **$60** from case **21-CI-001314** based on **no** judge having **jurisdiction** regarding said case. Total is **$660.** Plaintiffs' **USPS Costs** for Jefferson Circuit Court Filings --- **$474.81** --- plus Plaintiffs' costs for records in Plaintiffs' own cases that should have been provided --- **$125.87.** Total is **$600.68.** See PX-166. Total unauthorized and fraudulent taking from Plaintiffs **$4,091.08.** RICO mandatory treble damages on fraudulent unauthorized taking — **$4,091.08** trebled 3 times to --- **$12,273.24** — before any underlying elder abuse fraud damages --- and other damages --- are calculated. The 11 cases include **25-CI-001371, 25-CI-001568, 25-CI-001795, 25-CI-001447, 25-CI-002150, 25-CI-002006, 25-CI-001569, 25-CI-001567, 25-CI-001796, 25-CI-001121, and 21-CI-001314.**

2466. **ADJUDICATIVE FACT 13 — SUBSTANTIVE CR 8.04 LEGALLY BINDING ADMISSIONS OF DEFENDANTS' LIABILITY AND DAMAGES---INDEPENDENT OF FRAUDULENT COMMENCEMENTS/ FILINGS:** Regardless of the fraudulent commencement of all 10 year-2025 cases -- as soon as each defendant was legally served by the Deputy Sheriff, it became mandatory for each defendant to respond to Plaintiffs' complaints. The fraudulent commencements/ filings do **not** eliminate this obligation — because Kentucky CR 8.04's admission mechanism derives its **authority from** the fact of **legal service** by a legitimate officer — **not** from the validity of the case's commencement/ filing. Substantive CR 8.04 provides that averments/allegations/adjudicative facts in a pleading to which a responsive

pleading is required---are admitted when not denied — and **legal service by a Deputy Sheriff creates that responsive pleading requirement independently** of bow the case was filed/ commenced. Each defendant's failure to respond after legal service---**generated legally binding CR 8.04 admissions of all averments/allegations/adjudicative facts — establishing Defendants' liability** as a matter of **Kentucky substantive law — independent of the fraudulent commencement/ filing that preceded service.** Wilson and other defendants **cannot use the enterprise's own fraud** in commencing/ filing tbe cases---as an attempted shield against the substantive CR 8.04 liabilities that arose from their own failure to respond to legal service -- because Wilson's and others' failure to respond was entirely their own.

2467. **ADJUDICATIVE FACT 14 — UNRETURNED JURY FEES PROVING ALL 10 CASES REMAIN ACTIVE:** Plaintiffs have **not received returned jury fees in any of the 10 year-2025 cases.** The **$70.00 jury fee deposit** under CR 3.02(2)(b) is maintained in the separate Jefferson Circuit Court Jury Fund---pursuant to the Circuit Court Clerks' Accounting Manual---Jury Fund Receipts and Disbursements sections - and is required to be returned from that specific fund upon case closure without jury trial. The failure to return any jury fee in any of the 10 cases creates a mutually exclusive **institutional admission from the enterprise's own financial records** --- either **all 10 cases remain active,** according to Court records, even though all 10 cases were void ab initio—**or the jury fees were stolen** upon closure, where Plaintiffs were **never legally served** notice of any judges' orders in any of the Plaintiffs' **11 cases,** counting the year-2021 case --- proving fraudulently unauthorized retention of funds that the enterprise had no right to retain. **Either conclusion generates independent RICO predicate acts — and the unreturned jury fees constitute the enterprise's own institutional admission that all 10 cases remain active — making the enterprise's fraudulent obstruction of Plaintiffs'**

**recovery in those open cases---an ongoing continuing violation accruing daily.** Independent **federal program theft violations under 18 U.S.C. §666 are based on payroll fraud-(Section XXIX)** --- since Kentucky government is federally funded.

2468. **ADJUDICATIVE FACT 15 — FEDERAL JURISDICTION INDEPENDENTLY SUPPORTED:** The fraudulent commencements/filings of all 10 year-2025 cases — established from simultaneous independent grounds --- through phone credit card wire transactions — combined with the fraudulently unauthorized taking of $4,091.08 — the unreturned jury fees — and the continuing daily violations — independently establishes this Court's personal and subject matter jurisdiction under 28 U.S.C. § 1331 through RICO claims arising from wire fraud and federal program theft predicate acts — and independently establishes this Court's civil rights jurisdiction under 28 U.S.C. §1343 through deprivation of Plaintiffs' constitutional right to access courts based on void proceedings — making the fraudulent commencements/ filings an independent jurisdictional basis supporting this Court's authority over all claims stated herein. Plaintiffs incorporate by reference in full detail PX-42 through PX-167.

2469. **ADJUDICATIVE FACT 16 —** Wilson was and continues to be in complicity and in conspiracy in fraudulent acts---including but not limited to annuity frauds, securities fraud, real estate fraud, forgery, obstruction of recovery, obstruction of justice, identify theft/fraud, robbery, theft, all 30 legally admitted claims for relief in state complaint 25-CI-001371, and all 67 claims for relief herein this federal complaint. This constitutes Wilson's violations of 42 U.S.C. §1985(2)-(3) and Wilson's liability. 42 U.S.C. §1985(3) covers conspiracy to deprive persons of equal protection or equal privileges. The enterprise's systematic elimination of every pro se plaintiff as documented by systematic fraud on the court in Jefferson Circuit Court— combined

with the specific retaliation and targeting of Plaintiffs as elder abuse reporters --- satisfies §1985(3)-(2).

2470. **ADJUDICATIVE FACT 17** — For pro se plaintiffs--- who have **never** been allowed to assert **oral arguments** in Jefferson Circuit Court --- and elder abuse reporters — the class-based animus is the institutional contempt for these categories documented throughout this complaint. In modern application — courts have interpreted "go in disguise" broadly to include any concealment of identity or purpose used to accomplish the conspiracy's objectives. It does not require literal physical disguise on a literal highway. The enterprise's operation under alias identities --- specifically non-payroll aliases Sims, Fogel, and Logan sharing personnel number 00269101 --- constitutes operation in disguise within the meaning of 42 U.S.C. §1985(3) --- because those aliases concealed the true identity of the actors committing the enterprise's fraudulent commencement acts — in furtherance of the conspiracy to deprive Plaintiffs of equal protection of the laws.

2471. **ADJUDICATIVE FACT 18** — In addition, Susan Wilson was and is an enterprise member through her association-in-fact with Fox --- Ford --- others --- the judicial actors --- and the Court Clerk's office employees who protected Wilson. Wilson participated both directly and indirectly in the enterprise. See RICO claims for relief LXVIII through LXXXVIII. Wilson benefited from the enterprise's obstruction of Plaintiffs' recovery --- sustaining her unjust enrichment. The enterprise's judicial misconduct, court employees' misconduct, and others' misconduct sustained Wilson's retention of admitted fraud proceeds.

2472. **ADJUDICATIVE FACT 19** — Wilson's association in fact is established through her coordination, complicity, and conspiracy with Fox and others in the annuity frauds --- securities fraud --- real estate fraud -- forgery --- et cetera — RICO claims for relief LXVIII through

LXXXVIII---through Ford's fraudulent dual representation connecting Wilson directly to the enterprise's attorney member — through Wilson's knowing benefit from the enterprise's systematic obstruction of Plaintiffs' recovery — and through Wilson's substantive CR 8.04 legally binding admissions establishing Wilson's liability on all 30 counts/claims for relief simultaneously---with the enterprise's judicial protection of that liability.

2473. **ADJUDICATIVE FACT 20** — Plaintiffs incorporate by reference in full detail the following: **legally binding and conclusive judicial admissions** that are **Verbatim from state complaint 25-CI-001371 (PX-51), paragraph 23, for separate trials and separate complaints.**

**SECTION XXXVII: FIRST FRE 201 NOTICE---Mandatory Judicial Notice of 543 Adjudicative Facts — FRE 201(c)(2) and (b)(2) --- Established From the Following—— Legally Binding And Conclusive Admitted Material Factual Averments/ Allegations/ Adjudicative Facts in Kentucky Case 25-CI-001371 v. Susan Wilson --- Legally Binding Admissions and Adjudicative Facts Are Included Within This Section From Cases 25-CI-001568, 25-CI-001121, 25-CI-001795, 25-CI-001796 As Support in Limited Amounts --- Although Plaintiffs incorporate by reference in full detail complaints 25-CI-001568, 25-CI-001121, 25-CI-001795, 25-CI-001796, 25-CI-001371 --- Established As Adjudicative Facts Incapable of Reasonable Dispute Under Substantive Kentucky CR 8.04 And 28 U.S.C. §1367(a)—Supplemental Jurisdiction—Facially Supporting All Counts/ Claims for Relief Stated Herein PX-51--- Plaintiffs also incorporate by reference in full detail PX-51 through PX-81, and PX-95, PX-96. This Court Must Take Judicial Notice Upon This Request.**

2474. Plaintiffs assert all of the following: **Mandatory Judicial Notice Requested Under FRE 201(c)(2)**---Pursuant to Federal Rule of Evidence 201(c)(2) this Court must take judicial notice

of all adjudicative facts set forth and incorporated herein because Plaintiffs have requested it and have supplied this Court with the necessary information. Pursuant to FRE **201(b)(2),** all adjudicative facts incorporated herein---are capable of accurate and ready determination from sources---whose accuracy cannot reasonably be questioned — specifically official government records, legally binding judicial admissions established through defendant's own procedural defaults under **substantive** Kentucky CR 8.04, under official court correspondence, and under enterprise correspondence — none of which can be reasonably questioned. **Plaintiffs also incorporate by reference in full detail Section XXXVII, PX-3-Audio1 through Audio21, PX-1 through PX-40, Section XXVII-Audio22 through Audio40, USB Drive Attached to or Included with the Complaint, and PX-42 Through PX-167 for jurisdictional support in this Court.** Plaintiffs incorporate by reference in full detail **Claims for Relief I through CII (102),** and **Sections XVIII, XIX, XXXVI, XXVI, XXX, XXXII, XXVIII, XXIX, XXXI, XXXV, XXVII, XXXVII, PX-63 through PX-87,** PX-42 through PX-49, PX-108, all 167 Exhibits, and the **First through the Sixteenth FRE 201 Judicial Notices** of judicially **noticed adjudicative facts,** which include approximately **1,044 total adjudicative facts,** including approximately **322 adjudicative facts** supporting **jurisdiction** in the U.S. District Court for the Western District of Washington; **FRE 201 Adjudicative Facts in Judicial NOTICES --- 2 through 8, 10, and 12 --- fully support jurisdiction.** All aforementioned incorporations provide **100% certainty** of fraudulently assigned judges and fraudulently assigned case numbers --- prior to the legal filings by Plaintiffs of all 10 of their year-2025 cases --- with all 10 cases being illegally and fraudulently filed and processed by a fraudulent non-existent/ non-payroll name in year-2025 --- which did **not** generate a legal random judge assignment and which did **not** generate a legal case number assignment --- and thereby provides 100% certainty that Kentucky judges NEVER had

jurisdiction and NEVER will have jurisdiction. Plaintiffs assert Rankin v. Howard, 633 F. 2d 844 (9th Circuit 1980) and United States v. Dugan, 2:25-cr-00089 (E.D. Wis. 2025) regarding judges without jurisdiction.

2475. **The Legal Basis for Mandatory Notice of Substantive Legally Binding Admissions of Liability and Damages by Defendant pursuant to substantive CR 8.04 Admissions under supplemental jurisdiction:** FIRST: Even though **Defendant(s) has**/have **legally binding admissions of liability and damages---admitting approximately 30 claims for relief**/counts/causes of action --- **in** each of five **(5) Kentucky complaints** --- under substantive CR 8.04 admissions--- **Plaintiffs cannot file Motions for default judgment --- because jndges (without jurisdiction) have attacked Plaintiff(s) --- using fraudulent felony accusations to deprive Plaintiffs of all Kentucky court access--- prior to legal commencement** by legal service of summons and complaint by Deputy Sheriff to the Defendant. Substantive Kentucky CR 8.04 admissions --- provides that averments/allegations/adjudicative facts in a pleading --- to which a responsive pleading is required --- are **admitted** when not denied. The defendants in all five cases failed to respond to Plaintiffs' complaints. Every averment/ allegation/adjudicative fact in those complaints is admitted as a matter of **substantive** Kentucky procedural law — legally binding on those defendants in all subsequent proceedings.

2476. Second — 28 U.S.C. §1367(a) provides this Court with supplemental jurisdiction over Plaintiffs' 30 Kentucky state law counts/ claims for relief — based on fraudulent obstructions/ **fraudulent deprivations**---causing it to be **impossible** for Plaintiffs to file Motions for default judgments in any and all Kentucky courts. Exercising 28 U.S.C.§1367(a) supplemental jurisdiction over those state law claims brings into this Court the **substantive** Kentucky law determinations made by CR 8.04's operation — including the legally binding admitted factual

averments — as **established** Kentucky **substantive** law that **this Court recognizes**---rather than independently finds. Wilson generated substantive CR 8.04 legally binding judicial admissions through her own intentional procedural default after service by a Deputy Sheriff. Under normal circumstances — Plaintiffs would file a motion for default judgment in Kentucky state court. The enterprise's fraudulent misconduct --- including but not limited to --- specifically Patricia Morris's (without jurisdiction) fraudulent felony accusations --- **prior to legal service** of the complaint and summons by the Deputy Sheriff to the Defendant --- making court appearance unsafe — in addition to the fraudulent void ab initio judge assignments of Patricia Morris and other judges in Plaintiffs' 11 cases prior to the legal existence of said cases---and the void ab initio case number assignments in Plaintiffs' 10 cases prior to the legal existence of said cases --- making motions for default judgments impossible to file based on---multiple frauds on the Court. The exhibits documenting that impossibility are therefore part of the causal chain connecting Wilson's fraudulent misconduct to the necessity of the federal complaint. Plaintiffs incorporate by reference in full detail PX-51, PX-55, PX-56, PX-63 through PX-81, PX-88 through PX-92, and PX-125 through PX-130. Furthermore, the Defendant's legally binding admissions of liability are valid based on CR 8.04, CR 12.01, CR 3.01, CR 3.02, and the Deputy Sheriff's affidavit of legal service --- even though 10 of Plaintiffs' cases filed in year-2025 --- have NO legally assigned judge and NO legally assigned case number--- since an unauthorized, fraudulent non-existent/non-payroll name fraudulently processed, filed, and commenced all 10 of Plaintiffs' year-2025 cases. **NO judges and NO case numbers were assigned at the time of legal filing. Otherwise,** all 10 cases would have **2 judges and 2 cases numbers.** Plaintiffs incorporate by reference in full detail **Section XXXVI** and Plaintiffs' FRE 201 Second Notice, Third Notice, and Fourth Notice.

2477. Third — the substantive CR 8.04 admissions are adjudicative facts incapable of reasonable dispute under FRE 201(b)(2) — because they are established through the operation of a substantive Kentucky procedural rule on documented adjudicative facts — specifically the effects of the defendants' failure to respond to formally served complaints — documented in official court records and Deputy Sheriff affidavits of legal service — whose accuracy cannot reasonably be questioned. A fact established by the operation of a legal rule on undisputed documented facts is precisely the kind of adjudicative fact that FRE 201(b)(2) designates as subject to mandatory judicial notice.

2478. Fourth — **collateral estoppel** — issue preclusion — independently bars re-litigation of all issues determined through **legally binding CR 8.04 admissions** — because all four elements are satisfied -- the issues were presented through Plaintiffs' complaints necessarily determined through the admission mechanism upon defendants' non-response — finally determined as a matter of Kentucky substantive law — involving one of the parties now before this Court.

2479A. Fifth — Plaintiffs assert **judicial estoppel** against Defendant **pursuant to "Milton H. Greene Archives v. Marilyn Monroe LLC, 692 F. 3d 983** - Court of Appeals, **9th Circuit 2012"—(estoppel applies across different court systems; defendants cannot switch facts for profit;** and **Integrity of Process is mandatory)**---and **Rissetto v.** Plumbers and Steamfitters Local 343, 94 F. 3d 597 - Court of Appeals, **9th Circuit** 1996 **(estoppel applies across different court systems).** Judicial estoppel independently prevents any defendant from taking a position in this Court inconsistent with the admissions they established through their own substantive procedural defaults in Kentucky.

2479B. The specific sum certain damages figures established as adjudicative facts herein — including but not limited to the $540,185.41 combined special damages floor — are established

through two simultaneous and independent legal mechanisms --- each of which is independently sufficient. **First** — under substantive Kentucky CR 8.04 — each specific sum-certain figure stated in Kentucky case 25-CI-001371 and the four supporting Kentucky cases is a factual averment admitted through Wilson's and four additional defendants' CR 8.04 defaults — because each figure is either a sum certain or a sum which by computation can be made certain from the admitted exhibits — making each figure an admitted adjudicative fact rather than an unliquidated damages claim requiring separate proof. Kentucky's substantive CR 8.04 admissions of sum certain figures does not fall within FRCP 55 --- other than one relating to the amount of damages limitation --- because CR 8.04 admissions of sum certain figures operate as admitted factual averments --- not as federal default judgment damages findings. **Second** — under **FRE 201(b)(2) and (c)(2)** — each specific sum certain figure is noticed as an adjudicative fact that can be accurately and readily determined from the Kentucky state court records — the admitted exhibits — and the defendants' own substantive procedural defaults — all of whose accuracy cannot reasonably be questioned. FRE 201(f) requires that in this civil proceeding the jury must accept each noticed sum certain figure as conclusive — with no exception for damages amounts — because FRE 201 judicial notice operates independently of and is not limited by FRCP 55's damages proof requirement. The combination of substantive CR 8.04 admitted sum certain figures under supplemental jurisdiction and FRE 201 mandatory judicial notice of those same figures --- produces a damages foundation that is not subject to the FRCP 55 damages hearing requirement --- because Plaintiffs are not proceeding under FRCP 55 --- but under the supplemental jurisdiction and judicial notice framework — making each sum certain figure an admitted conclusive fact --- rather than an unliquidated damages claim.

2480. **The Admitted Adjudicative Facts:** All averments/allegations in Kentucky case 25-CI-001371 are admitted as adjudicative facts incapable of reasonable dispute — including but not limited to -- Edward Colgate's status as legitimate and legal **Trustee** and Power of Attorney for Doris Colgate — Doris Colgate's status as a named individual plaintiff and elder abuse victim -- Edward Colgate's individual counts/ claims for relief, the **forgery (See PX-10)** and/or complicity of forgery with full liability---of legal documents by Defendant Susan Wilson--- bearing Doris Colgate's name — all dollar amounts admitted in each complaint — all factual averments/ allegations/adjudicative facts regarding---including but not limited to--- the real estate fraud and obstruction of recovery, annuity frauds, securities fraud, elder abuse, induced perjury, identity fraud/theft, robbery, other thefts, tampering with a witness, tampering with physical evidence, and regarding the Defendant's liability and damages admissions of all 30 state counts/ claims for relief — the participation and complicity of all named co-conspirators, including but not limited to Paul Kevin Ford---under KRS 502.020, KRS 446.070, KRS 209.990, and many other statutory violations— the specific acts of fraud and other statutory violations that are documented in the body of complaint and in Exhibits PX-1 through PX-40 — and all other averments/allegations/ adjudicative facts. Plaintiffs incorporate by reference in full detail PX-51 through PX-81, PX-96, PX-95, PX-3-Audio1 through Audio21 -- constituting the Defendant's/ Defendants' legally binding and conclusive judicially admitted averments/ allegations/ adjudicative facts of liability and damages---in all five (5) cases.

2481. The adjudicative facts noticed herein facially support this Court's personal jurisdiction over Defendant Susan Wilson, all other defendants, and all enterprise defendants under Calder v. Jones 465 U.S. 783 (1984) and Dole Food Co. v. Watts 303 F.3d 1104 (9th Cir. 2002) — because each unauthorized phone credit card collection by Samantha Sims targeted Washington Plaintiff

specifically — constituting intentional acts expressly aimed at known Washington plaintiffs producing harmful effects felt in Washington --- satisfying all three Calder-Dole Food elements from the enterprise's own official records. These facts additionally support subject matter jurisdiction under 28 U.S.C. §1331 through independent RICO wire fraud predicate acts and other federal violations --- including but not limited to --- under 18 U.S.C. §1343 for each unauthorized phone transaction — and under Civil rights claims pursuant to 28 U.S.C. § 1343(a)(1)-(2)-(3)-(4) --- including but not limited to --- through the deprivation of Plaintiffs' constitutional rights to access courts --- and under 28 U.S.C. §1367(a)-supplemental jurisdiction-based on void proceedings commenced by unauthorized personnel — making the fraudulent commencement an independent jurisdictional basis --- supporting this Federal Court's authority over all claims stated herein. Plaintiffs assert the following adjudicative facts ---whose accuracy cannot reasonably be questioned --- and request mandatory judicial notice under FRE 201(c)(2):

2482. From Kentucky case 25-CI-001371 v. Susan Wilson, PX-51, Paragraph **5 --- legally binding and conclusive judicial admissions of liability---** pursuant to substantive CR 8.04 and supplemental jurisdiction: Plaintiff asserts **Susan Wilson's Complicity in the following: Elder Abuse, deception, fraud, theft, robbery, tortious interference with contractual rights, including but not limited to Edward's Power of Attorney and Trustee agreements with Doris, including reimbursement to Edward, interference with Edward's quasi contract, quantum meruit, equitable estoppel, promissory estoppel, tampering with a witness, tampering with evidence, other actions perpetrated by Wilson to obtain a fraudulent power of attorney, which invalidate Wilson's power of attorney, Complicity in 30 Counts and Causes of Action.**

1. **Adjudicative Fact 1— Elder Abuse:** Susan Wilson (or Wilson) admitted complicity in elder abuse of Doris Colgate — a vulnerable adult under KRS 209.020 — through her failure to deny this averment in Kentucky case 25-CI-001371.

2. **Adjudicative Fact 2— Undue Influence:** Wilson admitted complicity in undue influence over Doris Colgate — through her failure to deny this averment.

3. **Adjudicative Fact 3— Deception:** Wilson admitted complicity in deception of Doris Colgate — through her failure to deny this averment.

4. **Adjudicative Fact 4— Fraud:** Wilson admitted complicity in fraud against Doris Colgate and Edward Colgate — through her failure to deny this averment.

5. **Adjudicative Fact 5— Theft:** Wilson admitted complicity in theft from Doris Colgate — through her failure to deny this averment.

6. **Adjudicative Fact 6— Robbery:** Wilson admitted complicity in robbery of Edward Colgate — through her failure to deny this averment.

7. **Adjudicative Fact 7— Tortious Interference With Edward's Power of Attorney Agreement:** Wilson admitted complicity in tortious interference with Edward Colgate's Power of Attorney agreement with Doris Colgate — through her failure to deny this averment — directly establishing Edward's legitimate and valid Power of Attorney status as an admitted adjudicative fact.

8. **Adjudicative Fact 8— Tortious Interference With Edward's Trustee Agreement:** Wilson admitted complicity in tortious interference with Edward Colgate's Trustee agreement with Doris Colgate — through her failure to deny this averment — directly establishing Edward's legitimate and valid Trustee status as an admitted adjudicative fact — which is one of

the most important admissions in the entire complaint because it forecloses every challenge to Edward's authority.

**9. Adjudicative Fact 9— Reimbursement to Edward:** Wilson admitted complicity in interference with Doris reimbursing Edward — through her failure to deny this averment — establishing Wilson's liability for the $40,433.68 in attorney fees and all other reimbursement amounts as an admitted adjudicative fact.

**10. Adjudicative Fact 10— Interference With Edward's Quasi Contract:** Wilson admitted complicity in interference with Edward's quasi contract rights — through her failure to deny this averment.

**11. Adjudicative Fact 11— Quantum Meruit:** Wilson admitted liability under quantum meruit for the reasonable value of Edward's services in pursuing Doris's recovery — through her failure to deny this averment.

**12. Adjudicative Fact 12— Equitable Estoppel:** Wilson admitted that equitable estoppel applies against her — through her failure to deny this averment — preventing her from taking positions inconsistent with the representations and conduct she is admitted to have engaged in.

**13. Adjudicative Fact 13— Promissory Estoppel:** Wilson admitted promissory estoppel liability — through her failure to deny this averment.

**14. Adjudicative Fact 14— Tampering With a Witness:** Wilson admitted complicity in tampering with a witness — specifically Doris Colgate — through her failure to deny this averment — establishing Wilson's 18 U.S.C. §1512 liability as an admitted adjudicative fact independently of the analysis in Adjudicative Fact 14 of the Ford section.

**15. Adjudicative Fact 15— Tampering With Evidence:** Wilson admitted complicity in tampering with physical evidence --- through her failure to deny this averment -- establishing Wilson's 18 U.S.C. §1512(c) liability as an admitted adjudicative fact.

**16. Adjudicative Fact 16— Other Actions to Obtain Fraudulent Power of Attorney:** Wilson admitted taking other actions to obtain a fraudulent power of attorney — through her failure to deny this averment — and admitted that those actions invalidate Wilson's power of attorney -- making Wilson's power of attorney invalid---as an admitted adjudicative fact established from Wilson's own CR 8.04 admission.

**17. Adjudicative Fact 17— Complicity in All 30 Counts and Causes of Action:** Wilson admitted complicity -- under KRS 502.020 -- in all 30 Counts and Causes of Action stated in Kentucky case 25-CI-001371 — through her failure to deny this averment --- making this the single most comprehensive admitted adjudicative fact in the complaint — because it establishes Wilson's liability on all 30 claims simultaneously through one admission.

2483. **PARAGRAPH 2:** From Kentucky case 25-CI-001371 v. Susan Wilson, PX-51, Paragraph **2**---legally binding and conclusive judicial admissions of liability--- pursuant to substantive CR 8.04 and supplemental jurisdiction: Plaintiff **Doris Colgate** is a vulnerable adult as defined under **KRS 209.020.** At all relevant times, Doris Colgate (hereafter Doris, Doris Colgate, or Plaintiff) is an individual residing in Jefferson County, Kentucky at Morning Pointe 4711 S. Hurstbourne Parkway, Louisville, Kentucky 40291. **KRS 209.020(4)** uses the following **criteria for a Vulnerable adult**: An adult who is (a) **unable to manage his or her own resources,** (b) **unable to carry out the activity of daily living on their own, OR** (c) **protect** himself or **herself from neglect, exploitation, or an abusive situation. Only 1 of 3 needs to be met. By virtue of (c)** where **Doris** was, and is **not able to protect herself from Wilson's**

**(Wilson or Susan Wilson hereafter) continuing Complicity in Elder Abuse**, this **criteria has been met since 2-14-2020.** Doris **does also meet** the **other 2 criteria**. Doris has **not been able to manage her own resources since January of 2019.** Doris has **not been able to carry out her activity of daily living on her own since early to mid-2018**, requiring a caregiver. Plaintiff asserts legal standing for Doris, based on, but not limited to Wilson's Abuse, and based on all applicable Civil Rules and Statutes herein.

**The Adjudicative Facts From Paragraph 2:**

**18. Adjudicative Fact 18 — Doris Colgate Is a Vulnerable Adult Under KRS 209.020:** Wilson admitted that Doris Colgate is a vulnerable adult as defined under KRS 209.020 — through her failure to deny this averment. This is the foundational elder abuse adjudicative fact — establishing Doris's protected status under Kentucky law as an admitted fact rather than an allegation requiring proof.

**19. Adjudicative Fact 19 — KRS 209.020(4)(c) Met — Doris Unable to Protect Herself From Wilson's Elder Abuse:** Wilson admitted that Doris Colgate is unable to protect herself from Wilson's continuing complicity in elder abuse — satisfying KRS 209.020(4)(c) — through her failure to deny this averment. Wilson admitted this criterion has been met since February 14, 2020 — establishing the start date of the actionable vulnerable adult status as an admitted adjudicative fact.

**20. Adjudicative Fact 20 — KRS 209.020(4)(a) Met — Doris Unable to Manage Her Own Resources Since January 2019:** Wilson admitted that Doris Colgate has been unable to manage her own resources since January 2019 — satisfying KRS 209.020(4)(a) — through her failure to deny this averment. This establishes the resource management incapacity start date as January 2019 — over a year before Wilson obtained the fraudulent March 4, 2020 documents.

**21. Adjudicative Fact 21 — KRS 209.020(4)(b) Met — Doris Unable to Carry Out Activities of Daily Living Since Early to Mid-2018:** Wilson admitted that Doris Colgate has been unable to carry out her activities of daily living on her own since early to mid-2018 — requiring a caregiver — satisfying KRS 209.020(4)(b) — through her failure to deny this averment. This establishes that Doris's daily living incapacity predates Wilson's involvement by approximately two years — making Wilson's targeting of Doris a deliberate exploitation of a pre-existing and known vulnerability.

**22. Adjudicative Fact 22 — All Three KRS 209.020(4) Criteria Satisfied Simultaneously:** Wilson admitted that Doris Colgate satisfies all three criteria under KRS 209.020(4) — not just the minimum one required — through her failure to deny this averment. While only one of three criteria is required for vulnerable adult status — Wilson admitted all three — making Doris's vulnerable adult status triply established from Wilson's own admissions across all three statutory criteria simultaneously.

**23. Adjudicative Fact 23 — Wilson's Elder Abuse Is Continuing:** Wilson admitted that her complicity in elder abuse of Doris Colgate is continuing — not merely historical — through her failure to deny the averment that Wilson is continuing in complicity in elder abuse. This continuing character is the foundation for the daily accrual analysis — each day Wilson retains the fraud proceeds---while Doris remains a vulnerable adult unable to protect herself from Wilson's continuing abuse---generates a new KRS 209.990 violation and a new RICO predicate act.

**24. Adjudicative Fact 24 — Doris Colgate's Residence:** Wilson admitted that Doris Colgate resides in Jefferson County Kentucky at Morning Pointe — 4711 S. Hurstbourne Parkway — Louisville Kentucky 40291 — through her failure to deny this averment.

**25. Adjudicative Fact 25 — Doris Has Legal Standing as a Plaintiff:** Wilson admitted that Doris Colgate has legal standing as a plaintiff — based on Wilson's abuse and all applicable civil rules and statutes — through her failure to deny this averment. This directly contradicts every enterprise-judge's attempt to eliminate Doris as a named plaintiff — because Wilson herself admitted Doris's standing through CR 8.04 default.

2484. **PARAGRAPH 3**: Doris Colgate is a 92 year old in 24/7 nursing care since 2-14-2020, with a dementia diagnosis on 2-10-2020, and an aphasia (brain disorder) diagnosis on 3-11-2020, among other diagnoses, impairing her capacity. Doris Colgate is included as a direct plaintiff because she has a legitimate and significant interest in the recovery of funds regarding Defendant Susan Wilson's Complicity to the following **30** Counts and Causes of Action pursuant to **KRS 502.020 (1)–(2) – Liability for conduct of another -- Complicity.** Despite Doris's current inability to act independently, she retains legal rights to recover her defrauded property, and Plaintiff Edward Colgate, acting with proper authority, brings this action on her behalf. Doris Colgate, by and through Edward Colgate, as her fiduciary and real party in interest, seeks recovery of the funds taken with Wilson's Complicity, and any further relief deemed appropriate by the Court. **Doris signed an Affidavit against Susan Wilson. Refer to PX-10, the Affidavit.** From Kentucky case 25-CI-001371 v. Susan Wilson, PX-51, Paragraph **3**---legally binding and conclusive judicial admissions of liability--- pursuant to substantive CR 8.04 and supplemental jurisdiction:

**The Adjudicative Facts From Paragraph 3:**

**26. Adjudicative Fact 26—Doris Colgate Is 92 Years Old:** Wilson admitted that Doris Colgate is 92 years old — through her failure to deny this averment. This establishes Doris's age as an admitted adjudicative fact — relevant to elder abuse severity and Gore reprehensibility analysis.

**27. Adjudicative Fact 27— Doris Has Been in 24/7 Nursing Care Since February 14, 2020:** Wilson admitted that Doris Colgate has been in 24-hour nursing care since February 14, 2020 — through her failure to deny this averment. This establishes the continuous nursing care start date as an admitted fact.

**28. Adjudicative Fact 28 — Doris Has a Dementia Diagnosis Dated February 10, 2020:** Wilson admitted that Doris Colgate received a dementia diagnosis on February 10, 2020 — through her failure to deny this averment— twenty-three days before the fraudulent March 4, 2020 Wilson documents.

**29. Adjudicative Fact 29 — Doris Has an Aphasia Diagnosis Dated March 11, 2020:** Wilson admitted that Doris Colgate received an aphasia diagnosis — a brain disorder — on March 11, 2020 — through her failure to deny this averment. Aphasia is a brain disorder impairing communication — diagnosed seven days after the fraudulent March 4, 2020 Wilson documents — establishing that Doris's communication capacity was clinically impaired at the time Wilson obtained those documents.

**30. Adjudicative Fact 30 — Additional Diagnoses Impairing Doris's Capacity:** Wilson admitted that Doris Colgate has additional diagnoses beyond dementia and aphasia that impair her capacity — through her failure to deny this averment.

**31. Adjudicative Fact 31 — Doris Has a Legitimate and Significant Interest in Recovery:** Wilson admitted that Doris Colgate has a legitimate and significant interest in the recovery of funds regarding Wilson's complicity in all 30 Counts and Causes of Action — through her failure to deny this averment. This directly establishes Doris's standing and interest in recovery as an admitted fact — foreclosing any argument that Doris lacks standing or interest in the proceedings.

**32. Adjudicative Fact 32 — Wilson Is Complicit in All 30 Counts Pursuant to KRS 502.020:** Wilson admitted complicity in all 30 Counts and Causes of Action pursuant to KRS 502.020(1) and (2) — liability for conduct of another — through her failure to deny this averment. This is the paragraph 3 restatement of the comprehensive complicity admission first established in paragraph 5 — confirming it from a second independent paragraph in the same complaint.

**33. Adjudicative Fact 33 — Despite Current Incapacity Doris Retains Legal Rights to Recover Her Defrauded Property:** Wilson admitted that despite Doris's current inability to act independently — Doris retains legal rights to recover her defrauded property — through her failure to deny this averment. This is a significant admission — Wilson admitted both that Doris's property was defrauded and that Doris retains legal rights to recover it — simultaneously — making the defrauded character of the property and the recovery right both admitted adjudicative facts.

**34. Adjudicative Fact 34 — Edward Colgate Is Acting With Proper Legal Authority on Doris's Behalf:** Wilson admitted that Edward Colgate is acting with proper legal authority in bringing this action on Doris's behalf — through her failure to deny this averment. This is a second independent admission of Edward's valid authority — in addition to the tortious interference admission in paragraph 5 — establishing Edward's proper authority from two separately admitted averments in the same complaint.

**35. Adjudicative Fact 35 — Edward Colgate Is Doris's Fiduciary and Real Party in Interest:** Wilson admitted that Edward Colgate is Doris Colgate's fiduciary and real party in interest — through her failure to deny this averment. This establishes Edward's fiduciary status as an admitted adjudicative fact — which is independently significant because Wilson

simultaneously admitted tortious interference with that fiduciary relationship in paragraph 5 – creating a compound admission of both the existence of the fiduciary relationship and Wilson's interference with it.

**36. Adjudicative Fact 36 — Doris Signed an Affidavit Against Susan Wilson:** Wilson admitted that Doris Colgate signed an Affidavit against Susan Wilson — documented in PX-10 — through her failure to deny this averment. This establishes the existence and validity of Doris's affidavit against Wilson as an admitted adjudicative fact — making the affidavit's content established through both the document itself and Wilson's CR 8.04 admission of its existence and execution.

2485. **PARAGRAPH 10: KRS 457.350: claims and litigation as the power of attorney to protect a 92 year old from Elder Abuse based on KRS 209.020 and Vulnerability, and KRS 446.070; Penalty no bar to civil recovery: Provides Civil Actions for Statutory Violations, and KRS 209.990 (1)-(6): Facilitating or Enabling Elder Abuse. Refer to PX-12 for legal documents giving that right also. Refer to PX-5, Doris's Deposition, Page 67, Lines 18-25,** for Doris telling Edward in May-June 2020 that he was still her power of attorney, **invalidating Wilson's** 3-4-2020 legal documents; **Refer to the following exhibits: PX-3, Audio8 and Audio11** for Doris communicating that she **never signed** new legal documents after Edward's; **PX-3, Audio10** for Doris communicating that attorney Ford was not, and never had been her attorney; **PX-5, page 45, lines 23-25,** and **page 68, line 6,** where Doris communicates 2 different times that attorney Ford is not, and has never been her attorney; **PX-6,** Robbery by Wilson's 2 daughters, who are Lori Fox and Michelle Burkhead (Fox or Lori Fox hereafter, and Burkhead or Michelle Burkhead hereafter); **PX-10 for Doris Colgate's Affidavit against Susan Wilson; PX-39; PX-3, Audio13---Doris communicating to Edward for him to get an attorney to recover**

**fraud damages from Susan Wilson, and Lori Fox, her daughter**; all **105** statements of material fact; all **41** Exhibits; all **30** Counts, including **tampering with a witness, tampering with evidence, and fraud upon the court.**

37. **Adjudicative Fact 37 — Edward Has Authority Under KRS 457.350 as Power of Attorney to Bring Claims and Litigation to Protect Doris From Elder Abuse:** Wilson admitted that Edward Colgate has authority under KRS 457.350 as Power of Attorney to bring claims and litigation to protect Doris Colgate — a 92-year-old — from elder abuse based on KRS 209.020 and vulnerability — through her failure to deny this averment. This statutory authority admission is independent of and in addition to the common law fiduciary authority admitted in paragraphs 3 and 5 — establishing Edward's litigation authority from a specific Kentucky statute admitted by Wilson.

**38. Adjudicative Fact 38 — KRS 446.070 Civil Recovery Applies:** Wilson admitted that KRS 446.070 — providing civil actions for statutory violations — applies to Plaintiffs' claims — through her failure to deny this averment. This establishes the civil recovery mechanism for every statutory violation documented throughout the complaint as an admitted adjudicative fact — meaning every KRS violation admitted through Wilson's CR 8.04 default generates an independent civil recovery claim under KRS 446.070 simultaneously.

**39. Adjudicative Fact 39 — Wilson Facilitated or Enabled Elder Abuse Under KRS 209.990(1) Through (6):** Wilson admitted facilitating or enabling elder abuse of Doris Colgate under KRS 209.990(1) through (6) — through her failure to deny this averment. This is the specific criminal penalty statute converted to civil recovery by KRS 446.070 — establishing Wilson's liability under all six subsections of KRS 209.990 as admitted adjudicative facts from Wilson's own CR 8.04 default.

**40. Adjudicative Fact 40 — PX-12 Establishes Legal Documents Giving Edward the Right to Bring Claims:** Wilson admitted that PX-12 — legal documents — gives Edward the right to bring claims and litigation on Doris's behalf — through her failure to deny this averment — establishing the documentary foundation for Edward's authority as an admitted adjudicative fact.

**41. Adjudicative Fact 41 — Doris Told Edward in May-June 2020--He Was Still Her Power of Attorney:** Wilson admitted that Doris Colgate told Edward Colgate in May-June 2020 — documented in PX-5 page 67 lines 18-25 — that Edward was still her Power of Attorney — through her failure to deny this averment. This admission is forensically critical — because it establishes that Doris herself confirmed Edward's continuing POA authority after the fraudulent March 4, 2020 Wilson documents were obtained — invalidating those Wilson documents from Doris's own contemporaneous statements — admitted by Wilson through CR 8.04 default.

**42. Adjudicative Fact 42 — Doris Never Signed New Legal Documents After Edward's Documents:** Wilson admitted that Doris Colgate never signed new legal documents after Edward's documents — confirmed in Audio8 and Audio11 — through her failure to deny this averment. This establishes the forgery or fraudulent procurement of the March 4, 2020 Wilson documents as an admitted adjudicative fact — because Doris herself denied signing new documents and Wilson admitted that denial.

**43. Adjudicative Fact 43 — Ford Was Never Doris's Attorney:** Wilson admitted that attorney Paul Kevin Ford was not and never had been Doris Colgate's attorney — confirmed in Audio10 and PX-5 page 45 lines 23-25 and page 68 line 6 — through her failure to deny this averment. This establishes Ford's unauthorized and fraudulent representation as an admitted adjudicative fact from Wilson's own CR 8.04 default — in addition to the audio and deposition evidence establishing the same fact independently.

**44. Adjudicative Fact 44 — Wilson's Daughters Lori Fox and Michelle Burkhead Committed Robbery:** Wilson admitted that her daughters Lori Fox and Michelle Burkhead committed robbery — documented in PX-6 — through her failure to deny this averment. This establishes the robbery by Fox and Burkhead as an admitted adjudicative fact and establishes the family relationship between Wilson and the co-perpetrators — confirming the complicity network.

**45. Adjudicative Fact 45 — Doris Signed an Affidavit Against Susan Wilson:** Wilson admitted that Doris Colgate signed an Affidavit against Susan Wilson — documented in PX-10 — through her failure to deny this averment. This is the second paragraph establishing this fact — confirming it from two independent admitted averments in the same complaint.

**46. Adjudicative Fact 46 — Doris Communicated to Edward to Get an Attorney to Recover Fraud Damages From Wilson and Fox:** Wilson admitted that Doris Colgate communicated to Edward Colgate — in Audio13 — to get an attorney to recover fraud damages from Susan Wilson and Lori Fox — through her failure to deny this averment. This establishes Doris's competent and expressed desire for recovery from Wilson as an admitted adjudicative fact — directly contradicting any characterization of Doris as indifferent to or unaware of the need for recovery.

**47. Adjudicative Fact 47 — All 105 Statements of Material Fact Are Admitted:** Wilson admitted all 105 statements of material fact in the Kentucky complaint — through her failure to deny any of them — establishing all 105 as admitted adjudicative facts simultaneously. This is one of the most comprehensive single admissions in the complaint — because it incorporates by reference every factual statement in the entire complaint as an admitted fact.

48. **Adjudicative Fact 48 — All 41 Exhibits Are Admitted:** Wilson admitted all 41 exhibits — PX-1 through PX-40 — referenced in the Kentucky complaint — through her failure to deny the averments referencing them — establishing the content and relevance of all 41 exhibits as admitted adjudicative facts.

49. **Adjudicative Fact 49 — Tampering With a Witness Is Admitted:** Wilson admitted tampering with a witness — specifically Doris Colgate — through her failure to deny this averment — establishing 18 U.S.C. §1512 and KRS 524.050 liability as admitted adjudicative facts from Wilson's own CR 8.04 default.

50. **Adjudicative Fact 50 — Tampering With Evidence Is Admitted:** Wilson admitted tampering with physical evidence — through her failure to deny this averment — establishing 18 U.S.C. §1512(c) and KRS 524.100 liability as admitted adjudicative facts from Wilson's own CR 8.04 default.

51. **Adjudicative Fact 51 — Fraud Upon the Court Is Admitted:** Wilson admitted fraud upon the court — through her failure to deny this averment establishing this as an admitted adjudicative fact independently actionable as a RICO predicate and as grounds eliminating any res judicata or collateral estoppel effect of Kentucky court orders entered through fraudulent proceedings.

52. **Adjudicative Fact 52 — All 30 Counts and Causes of Action Are Admitted:** Wilson admitted all 30 Counts and Causes of Action in the Kentucky complaint — through her failure to deny any of them — establishing liability on all 30 claims as admitted adjudicative facts simultaneously. This is the third independent paragraph establishing this comprehensive admission — paragraphs 3 and 5 having previously admitted the same confirming from three

separate admitted averments in the same complaint that Wilson's liability on all 30 counts is established from multiple independent CR 8.04 admissions.

2486. **PARAGRAPH 11: Pursuant to CR 17.01, Edward asserts Legal Standing as a Real party in Interest** based on the following detailed in CR 17.01: Every action shall be prosecuted in the name of the real party in interest; Trustee of an express Trust, a person with whom or in whose name a contract is made for the benefit of another, or a person expressly authorized by statute to do so, may bring an action without joining the party or parties for whose benefit it is prosecuted. Nothing herein, however, shall abrogate or take away an individual's right to sue. Plaintiff asserts claims for Doris, and asserts claims for Edward directly. Edward has approximately **30 different ways to show legal standing.**

**The Adjudicative Facts From Paragraph 11:**

**53. Adjudicative Fact 53** — Edward Has Standing as Real Party in Interest Under CR 17.01: Wilson admitted that Edward Colgate has legal standing as a real party in interest under CR 17.01 — through her failure to deny this averment. CR 17.01 provides that every action shall be prosecuted in the name of the real party in interest — and Wilson admitted Edward qualifies.

**54. Adjudicative Fact 54** — Edward Has Standing as Trustee of an Express Trust: Wilson admitted that Edward Colgate is the Trustee of an express trust giving him independent standing under CR 17.01 to bring this action without joining the party for whose benefit it is prosecuted — through her failure to deny this averment. This is the third independent paragraph establishing Edward's Trustee status — confirmed from paragraphs 3 and 5 previously — making Trustee status established from three separate admitted averments.

**55. Adjudicative Fact 55** — Edward Has Standing as Person With Whom Contract Was Made for Doris's Benefit: Wilson admitted that Edward Colgate is a person with whom or in whose


Edward Colgate 22023 SE Wax Rd., Box 1452, Maple Valley, WA 98038, King Co.

name a contract was made for the benefit of another — specifically Doris Colgate — giving him independent standing under CR 17.01 — through her failure to deny this averment. This establishes the contractual basis for Edward's standing as an admitted adjudicative fact independently of his Trustee status.

**56. Adjudicative Fact 56 — Edward Has Standing as Person Expressly Authorized by Statute:** Wilson admitted that Edward Colgate is expressly authorized by statute to bring this action — through her failure to deny this averment — establishing statutory authorization as a third independent basis for Edward's CR 17.01 standing simultaneously with Trustee status and contractual standing.

**57. Adjudicative Fact 57 — Edward Has Approximately 30 Independent Bases for Legal Standing:** Wilson admitted that Edward has approximately 30 different ways to show legal standing — through her failure to deny this averment. This is a remarkable admission — Wilson admitted not just that Edward has standing — but that he has approximately 30 independent bases for it — making any challenge to Edward's standing an argument Wilson herself admitted cannot succeed on any of approximately 30 independent grounds simultaneously.

**58. Adjudicative Fact 58 — Edward Has Direct Claims on His Own Behalf:** Wilson admitted that Edward Colgate asserts claims for himself directly — not only on Doris's behalf — through her failure to deny this averment. This establishes Edward's dual standing — as real party in interest for Doris's claims and as direct plaintiff for his own claims — as an admitted adjudicative fact.

**59. Adjudicative Fact 59** — Nothing Abrogates Edward's Individual Right to Sue: Wilson admitted that nothing in CR 17.01 or otherwise abrogates or takes away Edward Colgate's individual right to sue — through her failure to deny this averment — establishing the

preservation of Edward's individual standing as an admitted fact foreclosing any procedural argument against it.

2487. PARAGRAPHS 12 through 19: **12. Plaintiff asserts Legal Standing** as Doris's Trustee, Power of Attorney, and Beneficiary of Doris's Estate, and for claims asserted in **aforementioned number 5. Refer to PX-2 for 33 Pages of 105 total supporting statements of material fact herein for legal standing. 13. Facts to Support Legal Standing**: Doris communicated the following in her deposition on 11-16-2023: Edward is her Beneficiary. Edward was her power of attorney and Trustee in May-June of 2020, which invalidates any legal documents on 3-4-2020. Refer to **Exhibit PX-5, Page 67, lines 18-25, and Page 28, lines 13-18. 14. Additional Facts to Support Legal Standing**: In authenticated audio recordings, to which Doris agreed, Doris communicates that **she never signed legal documents** on 3-4-2020, and that **Doris wants Edward to get an attorney to recover her defrauded monies from Wilson and Fox, agreeing to reimburse Edward for attorney fees** for carrying out his fiduciary duties. **Refer to PX-3, Audio7, Audio8, Audio11, and Audio13, and KRE Rule 901 in PX-3. Pursuant to CR 24.01; Intervention of right, Edward asserts legal standing** based on the following detailed in CR 24.01: (1) Upon timely application anyone shall be permitted to intervene in an action (a) when a statute confers an unconditional right to intervene, or (b) when the applicant claims an **interest relating to the property or transaction** which is the subject of the action and is so situated that the **disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest,** unless that interest is adequately represented by existing parties. **Pursuant to CR 24.01, Edward asserts legal standing**, incorporating all aforementioned statements in numbers 1 through 15, and 30 Counts following. **16. Pursuant to CR 60.03 Independent actions, Edward asserts legal standing** based on the following details in CR

60.03 which state: Rule 60.02 shall not limit the power of any **court to entertain an independent action on appropriate equitable grounds.** Edward's assertion is based on **mistake; inadvertence; excusable neglect; newly discovered evidence; fraud, etc. Refer to PX-5 and 30 causes of action. 17. Plaintiff asserts Legal Standing against Wilson based on, and pursuant to KRS 502.020, Complicity to Tortious interference with Contractual Rights,** which occurs when a third party intentionally interferes with a valid and existing contract, causing harm to one of the contracting parties. All **Exhibits** are **labeled PX. Refer to all 41 Exhibits and all 33 pages of Statements of Material Fact as support. Refer to Count XXIII herein: Tortious Interference with Contractual Rights. 18.** Plaintiffs assert legal standing based on **KRS 209.020, Elder Abuse of Doris Colgate, by Susan Wilson's Complicity.** Refer to the **criteria in aforementioned number 2, and statements in number 3 and number 5. 19. Legal Standing for Edward and for Doris** is also based on the following **30 Counts and Causes of Action detailed herein, incorporating all paragraphs herein.**

**Adjudicative Facts From Paragraph 12:**

**60. Adjudicative Fact 60 — Edward Has Standing as Doris's Trustee:** Wilson admitted Edward Colgate's legal standing as Doris Colgate's Trustee — through her failure to deny this averment — establishing Trustee status from a fourth independent paragraph in the same complaint.

**61. Adjudicative Fact 61 — Edward Has Standing as Doris's Power of Attorney:** Wilson admitted Edward Colgate's legal standing as Doris Colgate's Power of Attorney — through her failure to deny this averment — establishing POA status from a fourth independent paragraph.

**62. Adjudicative Fact 62 — Edward Has Standing as Beneficiary of Doris's Estate:**

Wilson admitted Edward Colgate's legal standing as a Beneficiary of Doris Colgate's estate — through her failure to deny this averment — establishing beneficiary status as an admitted adjudicative fact independently of Trustee and POA status.

**63. Adjudicative Fact 63 — 105 Statements of Material Fact Support Standing:** Wilson admitted that all 105 statements of material fact in PX-2 support Edward's legal standing through her failure to deny this averment — establishing all 105 statements as admitted standing support simultaneously.

2488. **Adjudicative Facts From Paragraph 13:**

**64. Adjudicative Fact 64 — Doris Confirmed Edward Is Her Beneficiary at November 16, 2023 Deposition:** Wilson admitted that Doris Colgate confirmed at her deposition on November 16, 2023 that Edward Colgate is her beneficiary — through her failure to deny this averment — documented in PX-5-page 67-lines 18-25 and page 28-lines 13-18.

**65. Adjudicative Fact 65 — Doris Confirmed Edward Was Her Power of Attorney and Trustee in May-June 2020:** Wilson admitted that Doris Colgate confirmed at deposition that Edward was her Power of Attorney and Trustee in May-June 2020 — through her failure to deny this averment — documented in PX-5 page 67-lines 18-25. This is the fourth independent paragraph establishing this critical chronological fact — Doris's May-June 2020 confirmation of Edward's authority postdating the March 4, 2020 Wilson documents and thereby invalidating them.

**66. Adjudicative Fact 66 — Doris's May-June 2020 Statements Invalidate the March 4, 2020 Wilson Documents:** Wilson admitted that Doris's communications in May-June 2020 confirming Edward as her Power of Attorney and Trustee invalidate any legal documents dated March 4, 2020 — through her failure to deny this averment. This is Wilson admitting the

invalidity of her own documents from the averment's own language —making the March 4, 2020 documents' invalidity an admitted adjudicative fact from Wilson's own CR 8.04 default.

2489. **Adjudicative Facts From Paragraph 14:**

**67. Adjudicative Fact 67 — Doris Confirmed in Authenticated Audio She Never Signed Legal Documents on March 4, 2020:** Wilson admitted that Doris Colgate confirmed in authenticated audio recordings — to which Doris agreed — that she never signed legal documents on March 4, 2020 — through her failure to deny this averment — documented in Audio8 and Audio11 in PX-3. This establishes the forgery or fraudulent procurement of the March 4, 2020 Wilson documents as an admitted adjudicative fact from Wilson's own CR 8.04 default.

**68. Adjudicative Fact 68 — Doris Wants Edward to Get an Attorney to Recover Her Defrauded Monies:** Wilson admitted that Doris communicated in authenticated audio recordings her desire for Edward to get an attorney to recover her defrauded monies from Wilson and Fox — through her failure to deny this averment — documented in Audio13 in PX-3. This establishes Doris's competent expressed desire for recovery as an admitted adjudicative fact.

**69. Adjudicative Fact 69 — Doris Agreed to Reimburse Edward for Attorney Fees:** Wilson admitted that Doris agreed to reimburse Edward Colgate for attotney fees for carrying out his fiduciary duties — through her failure to deny this averment — documented in Audio7 in PX-3. This establishes the contractual basis for Edward's $40,433.68 attorney fee claim as arising from Doris's own agreement — admitted hy Wilson through CR 8.04 default. This is also hased on Wilson's tortious interference with contractual obligations.

2490. **Adjudicative Facts From Paragraph 16:**

**70. Adjudicative Fact 70 — Edward Has Standing Under CR 60.03 Independent Actions on Equitable Grounds:** Wilson admitted Edward's legal standing under CR 60.03 independent actions — through her failure to deny this averment — based on mistake — inadvertence — excusable neglect — newly discovered evidence — and fraud — establishing equitable standing as an additional admitted adjudicative fact independent of all other standing grounds.

2491. **Adjudicative Facts From Paragraph 17:**

**71. Adjudicative Fact 71 — Wilson Is Liable Under KRS 502.020 for Complicity in Tortious Interference With Contractual Rights:** Wilson admitted liability under KRS 502.020 for complicity in tortious interference with contractual rights — which occurs when a third party intentionally interferes with a valid and existing contract causing harm to one of the contracting parties — through her failure to deny this averment. Wilson admitted both the legal standard and her liability under it — through a single CR 8.04 admission — making the elements of tortious interference simultaneously established as admitted adjudicative facts.

**72. Adjudicative Fact 72 — All 41 Exhibits and All 33 Pages of Statements of Material Fact Support Standing:** Wilson admitted that all 41 exhibits and all 33 pages of statements of material fact support Plaintiffs' legal standing — through her failure to deny this averment — establishing the comprehensive evidentiary support for standing as an admitted adjudicative fact.

2492. **Adjudicative Facts From Paragraph 18:**

**73. Adjudicative Fact 73 — Legal Standing Based on KRS 209.020 Elder Abuse by Wilson's Complicity:** Wilson admitted that Plaintiffs' legal standing is based on KRS 209.020 elder abuse of Doris Colgate **by Wilson's complicity** — through her failure to deny this averment — incorporating by reference the criteria from paragraph 2 and statements from paragraphs 3 and 5 as additional standing support.

2493. **Adjudicative Facts From Paragraph 19:**

**74. Adjudicative Fact 74 — Legal Standing for Both Edward and Doris Based on All 30 Counts:** Wilson admitted that legal standing for both Edward Colgate and Doris Colgate is based on all 30 Counts and Causes of Action — incorporating all paragraphs — through her failure to deny this averment. This is Wilson's fourth comprehensive admission of all 30 counts across paragraphs 3, 5, 10, and 19 — confirming from four independent admitted averments that both Plaintiffs have standing grounded in all 30 claims simultaneously.

2494. **Starting with adjudicative fact 75 based on the following paragraphs--- 20. CR 21**: Misjoinder and nonjoinder of parties; Misjoinder and nonjoinder of parties are not grounds for dismissal of an action. Plaintiff asserts **CR 21 to be preemptive** to move these legal proceedings forward, and asserts CR-19.01 for Doris as Plaintiff. **21.** Plaintiffs' claims are timely filed pursuant to the applicable statute of limitations. Plaintiff has complied with all procedural requirements necessary to bring this action. **See PX-30 (4 pages) for Statute of Limitations for all 30 Counts/Causes of Action. 23. CR 18, Joinder of Claims, CR 18.01 Independent or alternative claims which** states: A party asserting a claim to relief as an original claim, counterclaim, cross-claim, or third-party claim, **may join**, either as independent or as alternate claims, **as many claims, either legal or equitable, as he has against an opposing party. Pursuant to CR 18.01, Plaintiffs assert 30 claims and causes of action against Susan Wilson, and assert that consolidation of defendants** does **not apply** based on additional claims against Wilson personally, in addition to the Complicity claims **herein, and** pursuant to CR 42.01, since different defendants would have different common questions of law, facts, occurrences, or transactions. In addition, CR 42.02, separate trials are necessary to avoid prejudice to the Plaintiff. Refer to **PX-5**, where Wilson is sitting next to Doris at Doris's

deposition when Wilson should have been sequestered, with Doris asking Wilson to answer for her at one point. Wilson is Complicit in getting Doris to change her statements regarding her communications to Edward, and Stanette Rose, Successor Trustee, and witness to most of all of the evidence. Also refer to **Tampering with a Witness and Tampering with Evidence, the 20th and 22nd Causes of Action. 24. CR 9.02 Fraud, mistake, condition of mind:** In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with **particularity**. Malice, intent, knowledge, and other condition of mind of a person may be averred generally. Plaintiff asserts claims pursuant to CR 9.02. **25. CR 9.02 is cause for expansive details,** regarding the statements of material fact, directly connected to each claim for relief and cause of action. Plaintiff asserts that the expansive details provided are **for preventing summary judgment, for preserving for appellate review, if necessary, and for preventing endless back and forth briefings. Plaintiff asserts CR 8.06: All pleadings shall be so construed as to do substantial justice. 26. KRS 446.070 Penalty no bar to civil recovery; Civil Actions for Statutory Violations are Provided.** Additionally, **KRS 209.990 (1)-(6): Penalties for Facilitating or Enabling Elder Abuse applies civil actions to KRS 209.020 Elder Abuse.** Pursuant to the aforementioned, Plaintiffs assert legal standing for elder abuse and for each and every claim and cause of action herein.

2495. **Adjudicative Facts From Paragraph 20:**

75. **Adjudicative Fact 75 — Misjoinder and Nonjoinder Are Not Grounds for Dismissal:** Wilson admitted that misjoinder and nonjoinder of parties are not grounds for dismissal of this action under CR 21 — through her failure to deny this averment — establishing that no procedural defect in party joinder can support dismissal as an admitted adjudicative fact.


Edward Colgate 22023 SE Wax Rd., Box 1452, Maple Valley, WA 98038, King Co.

76. **Adjudicative Fact 76 — Doris Has Standing as Plaintiff Under CR 19.01:** Wilson admitted Doris Colgate's standing as a plaintiff under CR 19.01 — through her failure to deny this averment — establishing a fifth independent procedural rule basis for Doris's plaintiff status as an admitted adjudicative fact.

2496. **Adjudicative Facts From Paragraph 21:**

77. **Adjudicative Fact 77 — All Claims Are Timely Filed Within Applicable Statutes of Limitations:** Wilson admitted that Plaintiffs' claims are timely filed pursuant to all applicable statutes of limitations — through her failure to deny this averment — documented in PX-30 for all 30 counts. This establishes timeliness as an admitted adjudicative fact — foreclosing any statute of limitations defense Wilson might attempt to raise — because Wilson admitted timeliness through her own CR 8.04 default.

78. **Adjudicative Fact 78** — Plaintiffs Complied With All Procedural Requirements: Wilson admitted that Plaintiffs have complied with all procednral requirements necessary to bring this action — through her failure to deny this averment — establishing procedural compliance as an admitted adjudicative fact and foreclosing any procedural deficiency defense simultaneously.

**Adjudicative Facts From Paragraph 23**

79. **Adjudicative Fact 79 — All 30 Claims Are Properly Joined Under CR 18.01:** Wilson admitted that Plaintiffs' 30 claims and causes of action against Wilson are properly joined under CR 18.01 — through her failure to deny this averment — estahlishing proper joinder of all 30 claims as an admitted adjudicative fact.

80. **Adjudicative Fact 80 — Wilson Has Additional Personal Liability Beyond Complicity Claims:** Wilson admitted additional personal claims against her individually — in addition to

the KRS 502.020 complicity claims — through her failure to deny this averment establishing dual liability both directly and through complicity as admitted adjudicative facts.

81. **Adjudicative Fact 81** — Separate Trials Are Necessary to Avoid Prejudice Under CR 42.02: Wilson admitted that separate trials are necessary to avoid prejudice to Plaintiffs under CR 42.02 — through her failure to deny this averment.

82. **Adjudicative Fact 82 — Wilson Sat Next to Doris at Deposition When Wilson Should Have Been Sequestered:** Wilson admitted that she sat next to Doris Colgate at Doris's deposition — documented in PX-5 — when Wilson should have been sequestered since she was/is a defendant in Doris's fraud recovery case — through her failure to deny this averment. This establishes Wilson's physical presence next to the fraud victim during her deposition as an admitted adjudicative fact — independently establishing the witness tampering, inducement of perjury, and intimidation framework.

83. **Adjudicative Fact 83 — Wilson Was Complicit in Getting Doris to Change Her Statements Regarding Doris's Fiduciary:** Wilson admitted complicity in getting Doris Colgate to change her statements regarding her communications to Edward Colgate and Stanette Rose — through her failure to deny this averment — establishing witness tampering, inducement of perjury, deception, intimidation, and fraudulent influence as admitted adjudicative facts.

84. **Adjudicative Fact 84 — Stanette Rose Is Successor Trustee and Witness to Most Evidence:** Wilson admitted that Stanette Rose is Successor Trustee and witness to most of all of the evidence — through her failure to deny this averment — establishing Stanette Rose's dual status as Successor Trustee and material witness as admitted adjudicative facts.

2497. **Adjudicative Facts From Paragraph 24:**

85. **Adjudicative Fact 85 — All Fraud Claims Are Stated With Particularity Under CR 9.02:** Wilson admitted that Plaintiffs' fraud claims are stated with the particularity required by CR 9.02 — through her failure to deny this averment — establishing pleading sufficiency for all fraud claims as an admitted adjudicative fact and foreclosing any particularity challenge.

86. **Adjudicative Fact 86 — Malice, Intent, Knowledge, and Condition of Mind Are Averred:** Wilson admitted that malice — intent — knowledge — and other conditions of mind are properly averred — through her failure to deny this averment — establishing the mental state elements of all fraud and intentional tort claims as admitted adjudicative facts requiring **no** further proof.

2498. **Adjudicative Facts From Paragraph 25:**

87. **Adjudicative Fact 87 — Expansive Details Prevent Summary Judgment and Preserve Appellate Review:** Wilson admitted that the expansive details provided throughout the complaint are for preventing summary judgment — preserving for appellate review — and preventing endless back and forth briefings — through her failure to deny this averment — establishing the complaint's comprehensive detail as serving legitimate and admitted procedural purposes.

88. **Adjudicative Fact 88 — All Pleadings Shall Be Construed to Do Substantial Justice Under CR 8.06:** Wilson admitted that CR 8.06 requires all pleadings to be construed to do substantial justice — through her failure to deny this averment — establishing the substantial justice construction standard as an admitted adjudicative fact governing interpretation of all claims.

2499. **Adjudicative Facts From Paragraph 26:**

89. **Adjudicative Fact 89** KRS 446.070 Provides Civil Recovery for All Statutory Violations: Wilson admitted that KRS 446.070 provides civil actions for all statutory violations alleged throughout the complaint — through her failure to deny this averment — establishing the civil recovery mechanism for every statutory violation as an admitted adjudicative fact. This is the third independent paragraph establishing KRS 446.070 applicability — confirming it from three separate admitted averments.

90. **Adjudicative Fact 90 — KRS 209.990(1) Through (6) Penalties Apply as Civil Actions Through KRS 446.070:** Wilson admitted that KRS 209.990(1) through (6) penalties for facilitating or enabling elder abuse apply as civil actions through KRS 446.070 — through her failure to deny this averment — establishing the complete elder abuse civil penalty framework as admitted adjudicative facts. This is the third independent paragraph establishing KRS 209.990 applicability.

91. **Adjudicative Fact 91 — Plaintiffs Have Elder Abuse Standing and Standing on All 30 Claims:** Wilson admitted that Plaintiffs have legal standing for elder abuse and for each and every claim and cause of action — through her failure to deny this averment — establishing comprehensive standing on all 30 claims simultaneously as an admitted adjudicative fact. This is the fifth independent paragraph confirming standing on all 30 claims.

2500. **Starting with adjudicative fact 92 based on the following paragraph— 31. For the following 30 Counts, Causes of Action, and Relief Sought, the following Plaintiff's assertions apply, and include, but are not limited to the following:** Plaintiffs assert that **Susan Wilson's Complicity with Fox and others,** pursuant to **KRS 502.020**, through **deception**, through fraud, through **tortious interference with contractual rights**, through **intimidation, through forgery, all of which caused unjust enrichment for Wilson, caused,**

**and is continuing to cause significant financial harm** and deprivation to Doris Colgate's assets, and caused, and continues to cause, significant financial harm and deprivation to Edward Colgate's assets. Plaintiffs assert **Wilson's complicity in material misrepresentations to Doris and others** regarding the following 30 Counts and Causes of Action herein. Exhibits at the end are labeled **PX-1—PX-40**. Statements of **Material Fact** are included as **Exhibit PX-2** because it is **33 Pages**. Plaintiffs assert that the **PX-3-Audio Transcriptions** and the attached **USB drive are to** be **preserved** for **Appeals Court, if necessary.**

2501. **Starting with adjudicative fact 92 based on the following paragraph--- 31. For the following 30 Counts, Causes of Action, and Relief Sought, the following Plaintiff's assertions apply, and include, but are not limited to the following:** Plaintiffs assert that **Susan Wilson's Complicity with Fox and others,** pursuant to **KRS 502.020**, through **deception**, through **undue influence,** through fraud, through **tortious interference with contractual rights**, through **intimidation, through forgery, all of which caused unjust enrichment for Wilson, caused, and is continuing to cause significant financial harm** and deprivation to Doris Colgate's assets, and caused, and continues to cause, significant financial harm and deprivation to Edward Colgate's assets. Plaintiffs assert **Wilson's complicity in material misrepresentations to Doris and others** regarding the following 30 Counts and Causes of Action herein. Exhibits at the end are labeled **PX-1—PX-40**. Statements of **Material Fact** are included as **Exhibit PX-2** because it is **33 Pages**. Plaintiffs assert that the **PX-3-Audio Transcriptions** and the attached **USB drive are to** be **preserved** for **Appeals Court, if necessary.**

92. **Adjudicative Fact 92 — Wilson's Complicity With Fox and Others Under KRS 502.020:** Wilson admitted complicity with Lori Fox and others pursuant to KRS 502.020 in all

conduct described in the 30 Counts and Causes of Action — through her failure to deny this averment.

93. **Adjudicative Fact 93 — Deception Caused Unjust Enrichment and Financial Harm:** Wilson admitted that her complicity through deception caused unjust enrichment for Wilson and significant financial harm and deprivation to both Doris Colgate's assets and Edward Colgate's assets — through her failure to deny this averment.

94. **Adjudicative Fact 94 — Undue Influence Caused Unjust Enrichment and Financial Harm:** Wilson admitted that her complicity through undue influence caused unjust enrichment for Wilson and significant financial harm and deprivation to both Doris's and Edward's assets — through her failure to deny this averment.

95. **Adjudicative Fact 95 — Fraud Caused Unjust Enrichment and Financial Harm:** Wilson admitted that her complicity through fraud caused unjust enrichment for Wilson and significant financial harm and deprivation to both Doris's and Edward's assets — through her failure to deny this averment.

96. **Adjudicative Fact 96 — Tortious Interference With Contractual Rights Caused Unjust Enrichment and Financial Harm:** Wilson admitted that her complicity through tortious interference with contractual rights caused unjust enrichment for Wilson and significant financial harm and deprivation to both Doris's and Edward's assets — through her failure to deny this averment.

97. **Adjudicative Fact 97 — Intimidation Caused Unjust Enrichment and Financial Harm:** Wilson admitted that her complicity through intimidation caused unjust enrichment for Wilson and significant financial harm and deprivation to both Doris's and Edward's assets — through her failure to deny this averment.

98. **Adjudicative Fact 98 –– Forgery Caused Unjust Enrichment and Financial Harm:** Wilson admitted that her complicity through forgery caused unjust enrichment for Wilson and significant financial harm and deprivation to both Doris's and Edward's assets –– through her failure to deny this averment. This is **Wilson admitting forgery as an established adjudicative fact** from her own CR 8.04 default — **making forgery an established fact.**

99. **Adjudicative Fact 99 — All Six Grounds Simultaneously Established:** Wilson admitted all six grounds simultaneously — deception — undue influence — fraud — tortious interference — intimidation — and forgery — each independently sufficient to establish liability — all simultaneously admitted through a single CR 8.04 default — making Wilson's liability established from six simultaneous independent admitted grounds, any one of which is sufficient.

100. **Adjudicative Fact 100 — Unjust Enrichment for Wilson Is Admitted:** Wilson admitted that her own misconduct caused unjust enrichment for herself — through her failure to deny this averment — establishing unjust enrichment as an admitted adjudicative fact from Wilson's own default.

101. **Adjudicative Fact 101 — Continuing Financial Harm to Doris's Assets Is Admitted:** Wilson admitted that her misconduct caused and continues to cause significant financial harm and deprivation to Doris Colgate's assets — through her failure to deny this averment — with the continuing character admitted---establishing daily accrual as an adjudicative fact.

102. **Adjudicative Fact 102 — Continuing Financial Harm to Edward's Assets Is Admitted:** Wilson admitted that her misconduct caused and continues to cause significant financial harm and deprivation to Edward Colgate's assets — through her failure to deny this averment — establishing Edward's continuing financial harm, independently of Doris's harm.

103. **Adjudicative Fact 103 — Material Misrepresentations to Doris and Others Are Admitted:** Wilson admitted complicity in material misrepresentations to Doris Colgate and others regarding all 30 Counts and Causes of Action — through her failure to deny this averment.

104. **Adjudicative Fact 104 — All 41 Exhibits Are Incorporated and Admitted:** Wilson admitted all 41 exhibits — PX-1 through PX-40 — as supporting evidence for all 30 Counts — through her failure to deny this averment.

105. **Adjudicative Fact 105 — All 33 Pages of Statements of Material Fact Are Incorporated and Admitted:** Wilson admitted all 33 pages of statements of material fact in PX-2 — through her failure to deny this averment — establishing all 105 material facts as admitted adjudicative facts simultaneously.

106. **Adjudicative Fact 106 — Audio Transcriptions and USB Drive Preserved for Appellate Review:** Wilson admitted that PX-3 audio transcriptions and the attached USB drive are preserved for appellate review — through her failure to deny this averment.

2502. **Adjudicative Facts From Paragraph 28:**

107. **Adjudicative Fact 107 — CR 60.03 Independent Action Grounds Are Established:** Wilson admitted that mistake — inadvertence — excusable neglect — newly discovered evidence — and fraud provide a legal basis for the 30 claims/counts/causes of action — through her failure to deny this averment.

108. **Adjudicative Fact 108 — NO Proper and NO Legal Final and Appealable Order Exists in the Prior Suit and does NOT exist in any prior legal matters:** Wilson admitted that there is **NO proper and NO legal** final and appealable order in the prior suit filed close to four

years ago addressing one of the 30 claims — through her failure to deny this averment — establishing the absence of a final order as an admitted adjudicative fact.

109. **Adjudicative Fact 109 — No Activity for Over One Year and Five Months in Prior Suit:** Wilson admitted that there has been no activity in a prior suit for over one year and five months — through her failure to deny this averment.

110. **Adjudicative Fact 110 — Discovery Continues to Be Refused by Opposing Counsel:** Wilson admitted that discovery continues to be refused by opposing counsel — through her failure to deny this averment — establishing ongoing discovery obstruction as an admitted adjudicative fact.

111. **Adjudicative Fact 111** — No Trial and No Oral Arguments Have Occurred: Wilson admitted that there has been no trial and no oral arguments in the prior suit — through her failure to deny this averment.

112. **Adjudicative Fact 112 — Statements Attributed to Doris in a Brief Were Not Made by Doris — Fraud Upon the Court:** Wilson admitted that statements attributed to Doris Colgate in a brief to the court were not, in fact, made by her — constituting fraud upon the court — through her failure to deny this averment. This establishes fraud upon the court as an admitted adjudicative fact from Wilson's own CR 8.04 default — which is independently significant because fraud upon the court voids any order or judgment that resulted from it.

113. **Adjudicative Fact 113 — Claim Preclusion Does Not Apply:** Wilson admitted that claim preclusion does **not** apply — through her failure to deny this averment — establishing the **inapplicability** of claim preclusion as an admitted adjudicative fact. A defendant, who admits claim preclusion does not apply, **cannot later** raise it as a defense — foreclosing that defense from Wilson's own CR 8.04 default.

2503. **Adjudicative Facts From Paragraph 29:**

114. **Adjudicative Fact 114 — NO Claim Preclusion and NO Res Judicata:** Wilson admitted that there is NO claim preclusion and NO res judicata for the prior claim — through her failure to deny this averment — establishing the **inapplicability of both doctrines** as admitted adjudicative facts. This forecloses res judicata and forecloses claim preclusion as defenses from Wilson's own CR 8.04 default.

115. **Adjudicative Fact 115 — NO Res Judicata and NO claim preclusion From Conflicting Information in an Interlocutory:** Wilson admitted that conflicting information in an interlocutory order does **NOT** generate res judicata and does **NOT** generate claim preclusion through her failure to deny this averment.

116. **Adjudicative Fact 116 — The Prior Claim Was Never Addressed in the Interlocutory:** Wilson admitted that the one claim referenced was never addressed in the interlocutory through her failure to deny this averment — establishing that **no** prior determination of that claim exists.

2504. **Adjudicative Facts From Paragraph 30:**

117. **Adjudicative Fact 117 — All 105 Statements of Material Fact Are Incorporated Into Every Count:** Wilson admitted that all 105 statements of material fact in PX-2 — incorporated by reference into each and every Count and each and every Cause of Action as if fully stated — through her failure to deny this averment. This is the third independent paragraph establishing this comprehensive incorporation — confirming it from three separate admitted averments.

118. **Adjudicative Fact 118 — Expansive Details Address Fraud Particularity and Prevent Summary Judgment:** Wilson admitted that the expansive details provided address particularity

regarding fraud — prevent summary judgment — preserve for appellate review — and prevent endless back and forth briefings — through her failure to deny this averment.

119. **Adjudicative Fact 119 — Twombly-Iqbal Pleading Standard Is Satisfied:** Wilson admitted that the complaint satisfies the Twombly-Iqbal pleading standard — through her failure to deny this averment — establishing pleading sufficiency as an admitted adjudicative fact foreclosing any motion to dismiss on pleading grounds.

120. **Adjudicative Fact 120 — Representative Sample From 40 Exhibits Supports All 30 Counts:** Wilson admitted that a representative sample from the 40 exhibits and material facts from PX-2 connect to and support all 30 Counts — through her failure to deny this averment.

2505. **Adjudicative Facts From Paragraph 32:**

121. **Adjudicative Fact 121 — KRS 209.020(4) Elder Abuse Criteria Are Established and Met for Every KRS Chapter 209 Citation:** Wilson admitted that for each and every KRS Chapter 209 cited in the 30 Counts and Causes of Action — the KRS 209.020(4) criteria for elder abuse established in paragraph 2 have been met — through her failure to deny this averment. This establishes the elder abuse criteria as satisfied for every Chapter 209 claim simultaneously — from a single admitted averment — making the elder abuse foundation of every Chapter 209 count an established adjudicative fact.

2506. **Adjudicative Facts From Paragraph 39:**

122. **Adjudicative Fact 122 — No Independent Appraisal Was Done of Doris's Property:** Wilson admitted that NO independent appraisal was done of Doris's property at 410 Wisteria Avenue — through her failure to deny this averment — documented in PX-2 statement 103. This establishes the absence of independent valuation as an admitted adjudicative fact — directly

supporting the real estate fraud claims, the related obstruction of recovery claims, and the related unjust enrichment claims.

2507. **Adjudicative Facts From Paragraph 56:**

123. **Adjudicative Fact 123 — Wilson Was Complicit in Preventing Doris From Obtaining Accurate Information About Fair Market Value:** Wilson admitted complicity in preventing Doris Colgate from acquiring accurate information regarding the fair market value of her house and the terms of the sale — through her failure to deny this averment — documented in PX-2 statements 13, 35, and 37.

124. **Adjudicative Fact 124 — Doris's House Was Listed at $300,000 and Sold to Fox's Father for $150,000 Minus $9,000 in Illegal Commissions:** Wilson admitted that Doris's house — listed for $300,000 — was sold to Fox's father for $150,000 minus $9,000 in illegal commissions based on self-dealing by Fox with Wilson's complicity — without Doris's full understanding or consent — through her failure to deny this averment. This establishes the specific transaction terms as admitted adjudicative facts — including the list price — the actual sale price — and the illegal commission amount.

125. **Adjudicative Fact 125 — Wilson Was Complicit in Not Arranging an Independent Appraisal and Not Informing Doris of True Property Value:** Wilson admitted complicity in failing to arrange an independent appraisal and failing to inform Doris of the true value of the property — through her failure to deny this averment — documented in PX-2 statement 103 and PX-7 and PX-8.

2508. **Adjudicative Facts From Paragraph 62:**

126. **Adjudicative Fact 126 — Wilson Was Complicit in Annuity Fraud Preventing Doris Information About Her Annuity Accounts and Securities:** Wilson admitted complicity with

Fox in engaging in annuity fraud and preventing Doris from obtaining information regarding her annuity accounts and securities — through her failure to deny this averment — documented in PX-2 statements 96, 97, 98, 99, and 100 — and supported by PX-25, PX-26, PX-27, PX-28, and PX-29.

2509. **Adjudicative Facts From Paragraph 63:**

127. **Adjudicative Fact 127 — Wilson Was Complicit in Preventing Doris From Knowing Her Assets Were Being Used to Pay Ford:** Wilson admitted complicity in preventing Doris Colgate from knowing that Wilson and Fox were misusing Doris's funds to pay attorney Ford's fees — attempting to prevent recovery for Doris -- causing unjust enrichment for Wilson and Fox — through her failure to deny this averment — documented in PX-2 statement 46 and PX-3, Audio12 and Audio16.

128. **Adjudicative Fact 128 — On June 10, 2021 Doris Did Not Know She Was Paying Ford's Fees for Three Months:** Wilson admitted that on June 10, 2021 Doris communicated that she did not know she was paying attorney Ford's legal fees for the past three months — for Wilson and Fox to defend their fraud against Doris - through her failure to deny this averment. This is a specific dated admission establishing the unauthorized and fraudulent fee diversion as a documented ongoing fact as of June 10, 2021. The aforementioned has/had continued over a number of years.

129. **Adjudicative Fact 129 — Doris Communicated It Would Be Ridiculous to Pay Wilson's and Fox's Legal Fees:** Wilson admitted that Doris communicated---that it would be ridiculous for Doris to pay Wilson's and Fox's legal fees for them to defend their fraud against Doris — through Wilson's failure to deny this averment — confirming Doris's competent understanding of and opposition to the unauthorized and fraudulent fee diversion.

2510. **Adjudicative Facts From Paragraph 64:**

130. **Adjudicative Fact 130 — Wilson and Fox Were Complicit in Preventing Doris Access to Medical Care:** Wilson admitted complicity with Fox in preventing Doris Colgate from accessing medical care — and dismissing Dr. Kellie's statements and referrals — through her failure to deny this averment — documented in PX-16, PX-17, PX-20, PX-21, and PX-3, Audio19.

131. **Adjudicative Fact 131 — Wilson and Fox Dismissed Dr. Kellie's Referrals for a Neurologist and Lymphedema Specialist:** Wilson admitted complicity in dismissing Dr. Kellie's referrals for Doris to see both a Neurologist and a Lymphedema Specialist — through her failure to deny this averment — establishing the specific medical care deprivation as admitted adjudicative facts.

2511. **Adjudicative Facts From Paragraph 65:**

132. **Adjudicative Fact 132 — On February 10, 2020 Dr. Kellie Referred Doris to a Neurologist:** Wilson admitted that on February 10, 2020 Dr. Kellie referred Doris Colgate to a neurologist for further evaluation — through her failure to deny this averment — documented in PX-2 statement 9 and PX-17. This specific dated medical referral is an admitted adjudicative fact.

133. **Adjudicative Fact 133 — As of Filing in 2025, Doris Continues to Be Prevented From Seeing a Neurologist:** Wilson admitted that as of the filing date in 2025 — Doris continues to be prevented from seeing a Neurologist by Wilson and Fox — through her failure to deny this averment. This establishes the continuing character of the medical care deprivation as an admitted adjudicative fact — generating daily violations from February 10, 2020 through the filing date.

2512. **Adjudicative Facts From Paragraph 66:**

134. **Adjudicative Fact 134 — Edward Was Coordinating Doris's PT Appointments Because Doris Lacked Capacity:** Wilson admitted that Edward Colgate was coordinating with Janelle Caudill---PT/ Lymphedema Specialist--- for Doris's physical therapy/ lymphedema appointments — because Doris lacked capacity to do so herself — through her failure to deny this averment — documented in PX-2 statement 32. This simultaneously establishes Edward's active fiduciary role and Doris's incapacity as admitted adjudicative facts.

135. **Adjudicative Fact 135 — Fox Created a False Impression That Doris Did Not Need a Lymphedema Specialist:** Wilson admitted complicity in Fox creating a false impression to Doris that she did not need to see a lymphedema specialist — directly interfering with Doris's medical care and wellbeing — despite Dr. Kellie's referral — through her failure to deny this averment — documented in PX-2 statement 32 and PX-20.

2513. **Adjudicative Facts From Paragraph 34:**

**136. Adjudicative Fact 136 — Wilson Was Complicit in Financial Exploitation of Doris as a Vulnerable Adult With Dementia and Aphasia:** Wilson admitted complicity in financially exploiting Doris Colgate — a vulnerable adult diagnosed with dementia and aphasia — causing significant financial harm and deprivation to Doris's assets — through her failure to deny this averment.

2514. **Adjudicative Facts From Paragraph 44:**

**137. Adjudicative Fact 137 — Wilson Was Complicit Under KRS 209.020(7)(a) in Fox's Deceptive Actions Causing False Impressions:** Wilson admitted complicity pursuant to KRS 502.020 in Fox engaging in deceptive actions that caused Doris to form false impressions regarding critical matters — including her financial affairs — health care — legal authority —

and property — resulting in significant harm and deprivation of Doris's assets — through her failure to deny this averment — documented in PX-4, PX-10, and PX-39.

2515. **Adjudicative Facts From Paragraph 55:**

**138. Adjudicative Fact 138 — Wilson Was Complicit in Preventing Doris From Acquiring Real Estate Information:** Wilson admitted complicity in preventing Doris from acquiring information about her real estate — through her failure to deny this averment.

**139. Adjudicative Fact 139 — Wilson Was Complicit in Preventing Doris From Knowing Why She Was at the Deposition:** Wilson admitted complicity in preventing Doris from acquiring information regarding why she was at the deposition — through her failure to deny this averment — directly establishing the deposition manipulation as an admitted adjudicative fact.

**140. Adjudicative Fact 140 — Wilson Was Complicit in Preventing Doris From Acquiring Information About Her Annuities:** Wilson admitted complicity in preventing Doris from acquiring information regarding her annuities — through her failure to deny this averment.

**141. Adjudicative Fact 141 — Wilson Was Complicit in Preventing Doris From Knowing Her Money Was Fraudulently Being Used for Wilson's and Fox's Legal Fees:** Wilson admitted complicity in preventing Doris from knowing that Wilson and Fox were misusing Doris's money to pay their legal fees — attempting to prevent Doris from recovering damages — through her failure to deny this averment — establishing this specific information deprivation as an admitted adjudicative fact causing financial harm.

2516. **Adjudicative Facts From Paragraph 68:**

**142. Adjudicative Fact 142 — Wilson Failed to Correct Multiple False Impressions Given to Doris Under KRS 209.020(7)(c):** Wilson admitted complicity with Fox in failing to correct

multiple false impressions given to Doris –– causing significant financial harm and deprivation of assets — through her failure to deny this averment.

**143. Adjudicative Fact 143 — Doris Signed an Affidavit Against Susan Wilson on January 29, 2020:** Wilson admitted that Doris Colgate signed an Affidavit against Susan Wilson on January 29, 2020 — through her failure to deny this averment –– with the specific date now confirmed as an admitted adjudicative fact.

2517. **Adjudicative Facts From Paragraph 78:**

**144. Adjudicative Fact 144 — Wilson's Complicity Caused Mental Injury to Doris Under KRS 209.020(8):** Wilson admitted complicity in **inflicting mental injury** upon Doris Colgate — a vulnerable adult with dementia and aphasia — **causing significant emotional and psychological harm** — through her failure to deny this averment.

**145. Adjudicative Fact 145 — Wilson's Complicity Caused Physical Injury to Doris Under KRS 209.020(8):** Wilson admitted complicity in **inflicting physical injury** upon Doris Colgate — through her failure to deny this averment — **establishing physical harm** as an admitted adjudicative fact---independently of mental harm.

146. **Adjudicative Fact 146 — Wilson's Complicity Interfered With Doris's Medical Care — PX-2 Statements 9 and 32:** Wilson admitted complicity in interfering with Doris's medical care — documented in PX-2 statements 9 and 32 — through her failure to deny this averment.

**147. Adjudicative Fact 147 — Wilson's Complicity Caused Mental Injury Through Defamation and False Statements About Edward:** Wilson admitted complicity in causing mental injury to Doris through defamation and false statements made to Doris about her son Edward Colgate — through her failure to deny this averment. (**Note:** The defamation is directly connected to fraud perpetrated by Wilson---against both Doris and Edward.

2518. **Adjudicative Facts From Paragraph 79:**

**148. Adjudicative Fact 148 — Wilson Was Complicit in Intimidation of Doris Through Manipulation and Coercion:** Wilson admitted complicity in intimidating Doris through manipulation and coercion designed to isolate her and gain control of her assets — through her failure to deny this averment.

**149. Adjudicative Fact 149 — Wilson Was Complicit in Unreasonable Confinement and Isolation of Doris:** Wilson admitted complicity in unreasonably confining and isolating Doris preventing her from accessing medical care — trusted individuals — and necessary information---regarding Edward and Stanette Rose — through her failure to deny this averment.

**150. Adjudicative Fact 150 — Wilson Made Material Misrepresentations to Doris About Why She Was Being Deposed — Prior to Sitting Next to Doris:** Wilson admitted complicity in making material misrepresentations to Doris about why she was being deposed — while sitting next to Doris at the deposition — through her failure to deny this averment.

**151. Adjudicative Fact 151 — Doris Communicated Fear That Wilson Would Get Upset About Edward and Stanette Talking to Her — Audio 17:** Wilson admitted that Doris communicated on Audio 17 that she was afraid Wilson would get upset that Edward and Stanette had talked to her — through her failure to deny this averment — establishing Wilson's intimidation effect on Doris as an admitted adjudicative fact documented from Doris's own authenticated voice.

2519. **Adjudicative Facts From Paragraph 80:**

**152. Adjudicative Fact 152 — Wilson's Complicity Created a Fearful Environment Causing Severe Emotional Distress and Mental Injury:** Wilson admitted complicity in

creating a fearful environment for Doris — **causing severe emotional distress — mental injury — and harm** — through her failure to deny this averment.

**153. Adjudicative Fact 153 — Edward and Stanette Were Acting in Doris's Best Interest to Recover Money From Wilson:** Wilson admitted that Edward Colgate and Stanette Rose were acting in Doris Colgate's best interest to recover money from Wilson for fraud and elder abuse — through her failure to deny this averment — establishing their legitimate protective role as an admitted adjudicative fact.

2520. **Adjudicative Facts From Paragraph 81:**

**154. Adjudicative Fact 154 — Wilson Was Complicit in Interfering With Doris's Access to a Neurologist and Lymphedema Specialist — Worsening Doris's Condition:** Wilson admitted complicity in interfering with Doris's access to a neurologist and a lymphedema specialist — worsening Doris's condition — through her failure to deny this averment — documented in PX-7, PX-8, PX-16, PX-17, and PX-20.

2521. **Adjudicative Facts From Paragraph 82:**

**155. Adjudicative Fact 155 — Wilson Was Complicit in Isolating Doris From Edward and Stanette--Causing Emotional Harm:** Wilson admitted complicity in isolating Doris Colgate from Edward Colgate and Stanette Rose and other supportive individuals — **causing further emotional harm** — through her failure to deny this averment.

**156. Adjudicative Fact 156 — Doris's Expressed View of Edward Completely Changed With Wilson Sitting Next to Doris at Doris's Deposition:** Wilson admitted that Doris's view of Edward completely changed with Wilson sitting next to Doris at Doris's deposition — when Wilson should have been sequestered — through her failure to deny this averment —

establishing the direct causal connection between Wilson's improper and fraudulent presence and Doris's changed testimony as an admitted adjudicative fact.

2522. **Adjudicative Facts From Paragraph 83:**

**157. Adjudicative Fact 157 — Wilson's Ongoing Intimidation and Isolation Caused Significant Emotional and Psychological Harm:** Wilson admitted that her complicity in **ongoing intimidation and isolation caused significant emotional and psychological harm to Doris** — evidenced by Doris's confusiou — fear — and distress during legal proceedings — through her failure to deny this averment.

2523. **Adjudicative Facts From Paragraph 84:**

**158. Adjudicative Fact 158 — Doris's Dementia and Aphasia Made Her Highly Susceptible to Mental Injury:** Wilson admitted that Doris's dementia and aphasia made her highly susceptible to mental injury — and that Wilson's complicity directly contributed to Doris's distress — through her failure to deny this averment — documented in PX-2, PX-16, PX-17, and PX-21.

2524. **Adjudicative Facts From Paragraph 85:**

**159. Adjudicative Fact 159 — Doris Was Distressed Upon Learning Her Funds Were Used to Defend Wilson's Fraud:** Wilson admitted that Doris was distressed upon realizing her own funds were being used to defend Wilson's fraudulent actions against her(Doris) — and that Doris did not know her (Doris's) funds had been fraudulently used for Wilson's legal fees — and that Doris communicated that it would be **ridiculous** for Doris to pay for Wilson's legal fees — through her failure to deny this averment — documented in PX-3, Audio12, Audio16.

2525. **Adjudicative Facts From Paragraph 86:**

**160. Adjudicative Fact 160 — Doris Suffered Mental Injury From Wilson's Complicity in Defrauding Her (Doris) of Three Annuities:** Wilson admitted that **Doris suffered mental injury** from Wilson's complicity in defrauding Doris of her Protective Life annuity — her Washington National annuity — and her Transamerica annuity — through Wilson's failure to deny this averment — documented in PX-2, statements 96, 97, and 98, and PX-25, PX-26, and PX-27.

2526. **Adjudicative Facts From Paragraph 97:**

161. **Adjudicative Fact 161 — Wilson Had Direct Knowledge of Ongoing Abuse, Neglect, and Exploitation of Doris:** Wilson admitted that she had direct knowledge of ongoing abuse — neglect — and exploitation involving Doris Colgate — including her own ongoing abuse — neglect — and exploitation — through her failure to deny this averment.

162. **Adjudicative Fact 162 — Wilson Failed Her Mandatory KRS 209.030 Reporting Duty:** Wilson admitted that she failed to fulfill her statutory duty to report abuse, neglect, and exploitation under KRS 209.030 — through her failure to deny this averment — establishing mandatory reporting violation as an admitted adjudicative fact.

**163. Adjudicative Fact 163 — Wilson Concealed the Abuse and Facilitated Further Exploitation:** Wilson admitted that instead of reporting — she concealed the abuse — facilitated further exploitation — and obstructed intervention by Edward and Stanette — exacerbating Doris's harm and financial losses — through her failure to deny this averment.

2527. **Adjudicative Facts From Paragraph 98:**

**164. Adjudicative Fact 164 — Wilson Was Mandated to Report All 30 Counts and Reported Zero:** Wilson admitted that it was mandatory for her to report all 30 Counts and Causes of Action — and that she reported zero out of 30 — through her failure to deny this

averment. This establishes **30 simultaneous independent mandatory reporting violations** as admitted adjudicative facts — each generating an independent KRS 209.030 violation and KRS 209.990(1) violation—causing KRS 209.990(2) through (6) violations — each converted to civil recovery by KRS 446.070 — each constituting an additional RICO predicate act.

2528. **Adjudicative Facts From Paragraph 99:**

**165. Adjudicative Fact 165 — Wilson Was Complicit in Financial Exploitation and Elder Abuse Under KRS 209.020:** Wilson admitted complicity in financial exploitation and elder abuse under KRS 209.020 — through her failure to deny this averment.

**166. Adjudicative Fact 166 — Wilson Was Complicit in Identity Fraud:** Wilson admitted complicity in identity fraud — through her failure to deny this averment — establishing identity fraud as an independently admitted adjudicative fact.

**167. Adjudicative Fact 167 — Wilson Was Complicit in Real Estate Fraud:** Wilson admitted complicity in real estate fraud — through her failure to deny this averment — establishing real estate fraud as an independently admitted adjudicative fact.

168. **Adjudicative Fact 168 — Wilson Was Complicit in Securities Fraud:** Wilson admitted complicity in securities fraud — through her failure to deny this averment — establishing securities fraud as an independently admitted adjudicative fact.

**169. Adjudicative Fact 169 — Wilson Was Complicit in Annuity Frauds:** Wilson admitted complicity in annuity frauds — plural — through her failure to deny this averment — establishing multiple independent annuity fraud violations as admitted adjudicative facts.

**170. Adjudicative Fact 170 — All Misconduct Caused Unjust Enrichment and Continuing Harm:** Wilson admitted that all of the misconduct described in paragraph 99 caused unjust

enrichment for Wilson and others — and caused continuing harm to both Doris Colgate and Edward Colgate — through her failure to deny this averment.

2529. **Adjudicative Facts From Paragraph 101:**

**171. Adjudicative Fact 171 — Wilson Was Mandated to Report All 30 Counts — Zero Reported — Second Independent Admission:** Wilson admitted for the second time in a separate paragraph that it was mandatory for her to report all 30 Counts and that she reported zero — through her failure to deny this averment — confirming from two independent admitted averments that 30 mandatory reporting violations occurred simultaneously.

2530. **Adjudicative Facts From Paragraph 102:**

**172. Adjudicative Fact 172 — Wilson Was Complicit in Sale of Doris's House at Half Price:** Wilson admitted complicity in causing significant financial harm to Doris through the sale of Doris's house at half the listed price — through her failure to deny this averment — establishing the below-market sale as an admitted adjudicative fact with the specific characterization of half price confirmed.

**173. Adjudicative Fact 173 — Wilson Was Complicit in Misappropriation of Funds and Unjust Enrichment:** Wilson admitted complicity in misappropriation of funds and unjust enrichment — through her failure to deny this averment.

2531. **Adjudicative Facts From Paragraph 103:**

**174. Adjudicative Fact 174 — Wilson Was Complicit in Theft and Interference With Edward's Reimbursement Contracts:** Wilson admitted complicity in theft — and fraudulent or tortious interference with Edward's reimbursement from contracts — through her failure to deny this averment — establishing theft and fraudulent or tortious contractual interference as independently admitted adjudicative facts.


Edward Colgate 22023 SE Wax Rd., Box 1452, Maple Valley, WA 98038, King Co.

2532. **Adjudicative Facts From Paragraph 104:**

**175. Adjudicative Fact 175 — Wilson's Complicity Was Both Direct and Indirect — Intentional — Promoting, Facilitating, and Aiding Fraud:** Wilson admitted that her complicity was both intentional and indirect — promoting — facilitating — and aiding in the commission of fraudulent actions that caused significant financial harm to both Doris and Edward — through her failure to deny this averment. This establishes the intentional character of Wilson's complicity as an admitted adjudicative fact.

2533. **Adjudicative Facts From Paragraph 105:**

**176. Adjudicative Fact 176 — Compensatory, Punitive, and Equitable Relief Are Justified:** Wilson admitted that the claims justify compensatory — punitive — and equitable relief to recover damages and prevent further harm — through her failure to deny this averment — establishing the appropriateness of all three categories of relief as admitted adjudicative facts.

2534. **Adjudicative Facts From Paragraph 106:**

**177. Adjudicative Fact 177 — Wilson Had a Legal Duty to Prevent the Misconduct and Failed to Make Proper Effort — All 30 Counts:** Wilson admitted liability under KRS 502.020(1)(c) and (2)(c) — having a legal duty to prevent the conduct causing the result — and failing to make a proper effort to do so — regarding each and every one of the 30 Counts — through her failure to deny this averment. This establishes Wilson's duty to prevent and failure to prevent as admitted **adjudicative facts across all 30 counts simultaneously.**

2535. **Adjudicative Facts From Paragraph 107:**

**178. Adjudicative Fact 178 — All Exhibits and All 105 Statements of Material Fact Support KRS 502.020 Liability:** Wilson admitted that all exhibits — PX-1 through PX-40 — and each

and every statement of fact in PX-2 support Wilson's liability under KRS 502.020 — through her failure to deny this averment.

2536. **Adjudicative Facts From Paragraph 125:**

**179. Adjudicative Fact 179 — Wilson Was Complicit Under KRS 514.040 in Deceptive Actions Causing False Impressions About Financial Affairs, Health Care, Legal Authority, and Property:** Wilson admitted complicity under KRS 514.040 in deceptive actions causing Doris to form false impressions about financial affairs — health care — legal authority — and property — resulting in significant harm and deprivation — through her failure to deny this averment.

**180. Adjudicative Fact 180 — Wilson Was Complicit in Deceiving Doris and Edward Regarding Personal and Real Property:** Wilson admitted complicity in deceiving both Doris and Edward regarding Edward's personal property and Doris's personal property and real property — through her failure to deny this averment.

2537. **Adjudicative Facts From Paragraph 126:**

**181. Adjudicative Fact 181 — Wilson Was Complicit in Concealing the Wrongful Taking of Edward's Personal Property at 410 Wisteria Avenue:** Wilson admitted complicity in concealing from Doris the wrongful taking of Edward's personal property at 410 Wisteria Avenue — by Susan Wilson — Lori Fox — Michelle Burkhead — Cristal Fox — and Jude McConnell — through her failure to deny this averment — establishing the specific property location and the specific perpetrators as admitted adjudicative facts.

**182. Adjudicative Fact 182 — Wilson Was Complicit in Creating a False Impression That Edward Was Not Working to Recover Damages for Doris:** Wilson admitted complicity in creating and reinforcing a false impression to Doris that Edward was not working to recover

damages for her and not paying attorneys to do so — when, in fact, Edward was doing exactly that — through Wilson's failure to deny this averment.

**183. Adjudicative Fact 183 — Wilson Was Complicit in Concealing That Doris's Money Was Being Used to Defend Wilson's Fraud:** Wilson admitted complicity in creating and reinforcing a false impression to Doris that Wilson — Fox — and Burkhead were not using Doris's money to defend their fraud against Doris — through her failure to deny this averment — documented in PX-2, statement 12, PX-5, PX-6, PX-10, PX-11, PX-24, and PX-39.

**184. Adjudicative Fact 184 — Wilson and Fox Were Complicit in Doris Falsely Believing She Had to Sell Her House at Half Price Under Threat of Removal From Nursing Care:** Wilson admitted complicity in Doris falsely believing she bad to sell her house to Fox's father — who is also Wilson's former husband — at half price — through threatening and intimidating Doris with removal from her 24/7 nursing care facility — through Wilson's failure to deny this averment — documented in PX-3, Audio4. This establishes the specific threatening and intimidation mechanism — threatened removal from nursing care — as an admitted adjudicative fact.

2538. **Adjudicative Facts From Paragraph 127:**

**185. Adjudicative Fact 185 — All Supporting Statements of Fact and All PX Exhibits Under Count II Are Connected to Count XI:** Wilson admitted that all supporting statements of fact and all exhibits under Count II — KRS 209.020(7)(a) Elder Abuse and Exploitation — are connected to and support Count XI — through her failure to deny this averment — establishing the cross-count evidentiary connection as an admitted adjudicative fact.

2539. **Adjudicative Facts From Paragraph 266:**

**186. Adjudicative Fact 186 — Wilson Was Complicit in Annuity and Securities Frauds by Fox:** Wilson admitted complicity in annuity and securities frauds by Fox — through her failure to deny this averment — establishing complicity in each specific annuity and securities fraud as admitted adjudicative facts.

**187. Adjudicative Fact 187 — Doris Had a False Impression That Her Annuities and Securities Continue to Exist in Large Amounts:** Wilson admitted that Doris had and continues to have a false impression that the annuities and securities in her name continue to exist as her assets in large amounts — through Wilson's failure to deny this averment.

**188. Adjudicative Fact 188 — Doris's Annuities and Securities Have Been Liquidated in Their Entirety:** Wilson admitted that Doris's annuities and securities have, in fact, been liquidated in large amounts in their entirety — through her failure to deny this averment — establishing the complete liquidation as an admitted adjudicative fact.

**189. Adjudicative Fact 189 — Wilson Was Complicit in Fraudulent Insurance Acts Under KRS 304.47-020:** Wilson admitted complicity in fraudulent insurance acts under KRS 304.47-020 — combined with KRS 502.020 — KRS 209.020 — KRS 209.990 — and KRS 446.070 — through her failure to deny this averment — establishing fraudulent insurance act liability under each statute as admitted adjudicative facts.

2540. **Adjudicative Facts From Paragraph 336:**

**190. Adjudicative Fact 190 — Wilson Was Complicit in Forgery of the Power of Attorney Document Under KRS 516.020 516.030 and 516.040: Wilson admitted complicity in forgery** of the power of attorney document pursuant to KRS 502.020 — KRS 516.020 — KRS 516.030 — and KRS 516.040 — through her failure to deny this averment. This is the specific

**statutory forgery admission — establishing forgery liability under three independent Kentucky forgery statutes simultaneously as admitted adjudicative facts.**

**191. Adjudicative Fact 191 — Doris Communicated on Audio That She Did "Not" Sign the Fraudulent Power of Attorney Document with Wilson's name on it:** Wilson admitted that Doris communicated on audio recording that Doris did **not** sign Wilson's fraudulent power of attorney document — through Wilson's failure to deny this averment - – establishing this specific audio statement as an admitted adjudicative fact.

**192. Adjudicative Fact 192 — Doris Told Edward He Was Still Power of Attorney and Trustee in May-June 2020 — Invalidating Wilson's Fraudulent Documents:** Wilson admitted that Doris told Edward he was still her power of attorney and Trustee in May-June 2020 — documented in PX-5, page 67, lines 18-25 — invalidating Wilson's and Fox's legal documents — through Wilson's failure to deny this averment. This is the fifth independent paragraph establishing this critical chronological fact.

**193. Adjudicative Fact 193 — Wilson's or Fox's Forgery Relates to Unauthorized Liquidation of Doris's Annuities and Securities:** Wilson admitted that Wilson's or Fox's forgery relates to the unauthorized liquidation of Doris's annuities and securities — through Wilson's failure to deny this averment — connecting the forgery directly to the specific financial harm from the annuity and securities liquidations.

**194. Adjudicative Fact 194 — Wilson's or Fox's Forgery Relates to Submissions to Court:** Wilson admitted that Wilson's or Fox's forgery relates to submissions to court –– through Wilson's failure to deny this averment — establishing court submission forgery as an admitted adjudicative fact independently of the power of attorney forgery.

**195. Adjudicative Fact 195 — All Forgery Caused Financial Damages to Both Doris and Edward Based on All 30 Counts:** Wilson admitted that the forgery caused financial damages to both Doris Colgate and Edward Colgate based on all 30 Counts and Causes of Action — through Wilson's failure to deny this averment.

2541. **Adjudicative Facts From Paragraph 337:**

**196. Adjudicative Fact 196 — Wilson and Fox Had an Invalid Power of Attorney — Established From PX-5 Page 67, Lines 18-25:** Wilson admitted that Wilson and Fox had an invalid power of attorney — established from PX-5, page 67, lines 18-25 — Audio8 — Audio11 — Audio13 — Audio16 — and all of PX-2 and PX-6 and PX-25 through PX-39 — through Wilson's failure to deny this averment. This is a comprehensive admission connecting all annuity and securities fraud evidence to the invalid power of attorney as its foundational admitted basis.

2542. **Adjudicative Facts From Paragraph 338:**

**197. Adjudicative Fact 197 — Wilson Breached Her Fiduciary Duty as Executor of Norman Colgate's Estate:** Wilson admitted breaching her fiduciary duty as Executor of Norman Colgate's estate and admitted complicity in breach of fiduciary duty — pursuant to KRS 502.020 — through her failure to deny this averment--documented end of PX-2--Norman's Will.

**198. Adjudicative Fact 198 — Wilson Tampered With Physical Evidence to the Court Regarding Norman Colgate's Estate:** Wilson admitted tampering with physical evidence submitted to the court — or in the alternative was complicit in tampering with physical evidence — pursuant to KRS 502.020 and Count XXII — through her failure to deny this averment.

2543. **Adjudicative Facts From Paragraph 339:**

**199. Adjudicative Fact 199 — Edward Colgate Is Named as Beneficiary in Norman Colgate's Will:** Wilson admitted that Edward Colgate is named as Beneficiary on Page 1 Article

I B of Norman Colgate's Will — through her failure to deny this averment — documented end of PX-2 and PX-51 — establishing Edward's beneficiary status as an admitted adjudicative fact.

**200. Adjudicative Fact 200 — Norman's Will Provides for Division of All Tangible Personal Property and Cash:** Wilson admitted that Norman's Will under Article IV C provides for all tangible personal property not otherwise specifically bequeathed — and cash on hand or on deposit — to be divided among children who survive him — through her failure to deny this averment — establishing the specific Will provisions as admitted adjudicative facts.

**201. Adjudicative Fact 201 — Wilson Never Accounted for Norman's Cash on Hand or on Deposit to Edward as Beneficiary:** Wilson admitted that she **never accounted for** Norman's cash on hand or on deposit by giving an account to Edward as Beneficiary — and **refused** all communications with Edward — through her failure to deny this averment.

**202. Adjudicative Fact 202 — Wilson Obtained an Inventory That Did Not Show Norman's Cash on Hand or on Deposit:** Wilson admitted that the inventory obtained showed none of Norman's cash on hand or on deposit — through her failure to deny this averment — establishing the false or incomplete inventory as an admitted adjudicative fact.

**203. Adjudicative Fact 203 — Norman Told Edward He Maintained Significant Cash at His Apartment and at the Bank:** Wilson admitted that Norman Colgate told Edward Colgate shortly before his passing that he maintained a significant amount of cash at his apartment and at the bank — through her failure to deny this averment — establishing this statement as an admitted adjudicative fact.

**204. Adjudicative Fact 204 — Wilson Gave a False Accounting to the Court Constituting Tampering With Evidence:** Wilson admitted that she gave a false accounting to the court — visible in court documents — constituting tampering with evidence — through her failure to

deny this averment — establishing court-documented evidence tampering as an admitted adjudicative fact.

**205. Adjudicative Fact 205 — Wilson Was Complicit in Having Matthew Burnett Give a False Accounting to the Court:** Wilson admitted complicity in having Matthew Burnett give a false accounting to the court — through her failure to deny this averment — establishing Burnett as a co-participant in the evidence tampering and Wilson's complicity in his conduct as admitted adjudicative facts.

**206. Adjudicative Fact 206 — Wilson Was Complicit in Having Burnett Deceive Edward Into Thinking He Was Not Named in Norman's Will:** Wilson admitted complicity in having Matthew Burnett attempt to deceive Edward into believing he was not named in Norman's Will — when, in fact, Edward is named as Beneficiary — through Wilson's failure to deny this averment — establishing deliberate deception of a named beneficiary as an admitted adjudicative fact.

2544. **Adjudicative Facts From Paragraphs 267 and 273 Through 275 — Protective Life Annuity:**

**NOTE: Refer to aforementioned paragraphs regarding Wilson's admitted complicity in all of the following:**

**207. Adjudicative Fact 207 — Doris Was the Rightful Owner of the Protective Life Annuity Valued at $54,013.09:** Wilson admitted that Doris Colgate was the rightful owner of the Protective Life Insurance Company annuity — Contract Number [redacted]0213 — valued at $54,013.09 — through her failure to deny this averment — documented in PX-25.

**208. Adjudicative Fact 208 — The Protective Life Annuity Was Fraudulently Liquidated in Its Entirety on January 26, 2023:** Wilson admitted that on January 26, 2023 — Lori Fox

fraudulently liquidated in its entirety Doris's Protective Life annuity — a high yield return fund — in the amount of $54,013.09 — through her failure to deny this averment. Also Refer to **Adjudicative Fact From Paragraph 266 of state complaint 25-CI-001371--PX-51**, and from aforementioned paragraph **186. Adjudicative Fact 186 — Wilson Was Complicit in Annuity and Securities Frauds by Fox:** Wilson admitted complicity in annuity and securities frauds by Fox — through her failure to deny this averment — establishing complicity in each specific annuity and securities fraud as admitted adjudicative facts. Also Refer to **Adjudicative Fact From Paragraph 86 of state complaint 25-CI-001371--PX-51**, and from aforementioned paragraph **160. Adjudicative Fact 160 — Doris Suffered Mental Injury From Wilson's Complicity in Defrauding Her of Three Annuities:** Wilson admitted that **Doris suffered mental injury** from **Wilson's complicity in defrauding her of her Protective Life annuity — her Washington National annuity — and her Transamerica annuity** — through her failure to deny this averment — documented in PX-2 statements 96, 97, and 98 and PX-25, PX-26, and PX-27.

**209. Adjudicative Fact 209 — The Protective Life Annuity Was Liquidated Without Doris's Informed Consent and Without Authorization:** Wilson admitted that the Protective Life annuity was entirely liquidated without Doris's informed consent — without authorization — and with Doris not understanding why it would be liquidated — through her failure to deny this averment.

**210. Adjudicative Fact 210 — Doris Suffered Financial Loss of $54,013.09 From the Protective Life Annuity Liquidation:** Wilson admitted that Doris suffered a financial loss of $54,013.09 as a direct and proximate result of Fox's conduct — plus additional expenses —

through her failure to deny this averment — establishing this specific sum certain amount as an admitted adjudicative fact.

**211. Adjudicative Fact 211 — Compensatory Damages of $54,013.09 Are Established for the Protective Life Annuity:** Wilson admitted that Doris is entitled to compensatory damages of $54,013.09 representing the full value of the liquidated Protective Life annuity — plus reasonable investigation and litigation expenses including attorney's fees at trial and appellate levels — plus additional compensatory damages for emotional distress — inconvenience — and financial hardship — through her failure to deny this averment — documented in PX-2, PX-6, PX-25, and PX-39.

2545. **Adjudicative Facts From Paragraph 272 — KRS 304.47-020 Statutory Basis**

**212. Adjudicative Fact 212 — Wilson Was Complicit in Assisting, Abetting, Soliciting, or Conspiring in a Fraudulent Insurance Act:** Wilson admitted complicity in assisting — abetting — soliciting — or conspiring with Fox and others to commit fraudulent insurance acts under KRS 304.47-020(1)(d) — through her failure to deny this averment.

2546. **Adjudicative Facts From Paragraphs 282 Through 288 — Additional Legal Support and Transamerica Annuity:**

**213. Adjudicative Fact 213 — KRS 446.070, KRS 209.020, and KRS 209.990 Apply as Additional Legal Support:** Wilson admitted that KRS 446.070 — KRS 209.020 — and KRS 209.990 provide additional legal support for claims regarding the annuity and securities frauds — through her failure to deny this averment.

**214. Adjudicative Fact 214 — Doris Was the Rightful Owner of the Transamerica Annuity Valued at $103,000:** Wilson admitted that Doris Colgate was the rightful owner of the

Transamerica annuity fund valued at $103,000 — a high yield return fund — through her failure to deny this averment — documented in PX-26.

**215. Adjudicative Fact 215 — The Transamerica Annuity PNC Account Ending in 6468 Went From $103,000 to Zero in August 2024:** Wilson admitted that on or about August 28 2024 — PNC Investments account ending in 6468 — which included the Transamerica account — went from $103,000 to zero — through her failure to deny this averment. This specific account number and specific liquidation date are admitted adjudicative facts.

**216. Adjudicative Fact 216 — Transamerica Had Red-Flagged the Account Due to Fox's Continuous Fraud:** Wilson admitted that Transamerica was aware of Fox's continuous fraud against Doris and had red-flagged the account — through her failure to deny this averment — establishing the insurer's own awareness of the fraud as an admitted adjudicative fact.

**217. Adjudicative Fact 217 — Fox Deceived Transamerica by Falsely Claiming the Real Estate Fraud Had Gone to Trial:** Wilson admitted that Fox deceived Transamerica into liquidating the account — with Transamerica being led to believe the real estate fraud had gone to trial — which was false — and that Fox's address was on file with the annuity company — through her failure to deny this averment. This establishes the **specific false representation to the insurer as an admitted adjudicative fact.**

**218. Adjudicative Fact 218 — The Transamerica Annuity Was Liquidated Without Doris's Informed Consent and Without Authorization:** Wilson admitted that the Transamerica annuity was entirely liquidated without Doris's informed consent — without authorization — and with Doris not understanding why it would be liquidated — through Wilson's failure to deny this averment.

**219. Adjudicative Fact 219 — Fox Prepared and Presented False or Misleading Statements to Effectuate the Transamerica Liquidation:** Wilson admitted that Fox knowingly — and with intent to defraud or deceive — prepared and presented false or misleading statements to effectuate the liquidation of the Transamerica annuity fund — through her failure to deny this averment.

**220. Adjudicative Fact 220 — Doris Suffered Financial Loss of $103,000 From the Transamerica Annuity Liquidation:** Wilson admitted that Doris suffered a financial loss of $103,000 as a direct and proximate result of Fox's conduct — plus additional expenses — through her failure to deny this averment — establishing this specific sum certain amount as an admitted adjudicative fact. Refer to **Adjudicative Fact From Paragraph 266 of state complaint 25-CI-001371--PX-51**, and from aforementioned paragraph **186. Adjudicative Fact 186 — Wilson Was Complicit in Annuity and Securities Frauds by Fox:** Wilson admitted complicity in annuity and securities frauds by Fox — through her failure to deny this averment — establishing complicity in each specific annuity and securities fraud as admitted adjudicative facts. Also Refer to **Adjudicative Fact From Paragraph 86 of state complaint 25-CI-001371--PX-51**, and from aforementioned paragraph **160. Adjudicative Fact 160 — Doris Suffered Mental Injury From Wilson's Complicity in Defrauding Her of Three Annuities:** Wilson admitted that **Doris suffered mental injury** from **Wilson's complicity in defrauding her of her Protective Life annuity — her Washington National annuity — and her Transamerica annuity** — through her failure to deny this averment — documented in PX-2 statements 96, 97, and 98 and PX-25, PX-26, and PX-27.

2547. **Adjudicative Facts From Paragraphs 296 Through 304 — KRS 304.47-020 Legal Claims:**

**221. Adjudicative Fact 221 — Fraudulent Insurance Act Under KRS 304.47-020(1)(a) — False or Misleading Information:** Wilson admitted that Fox committed a fraudulent insurance act under KRS 304.47-020(1)(a) — by knowingly presenting false or misleading information to effectuate the liquidation of Doris's annuity funds — through her failure to deny this averment.

**222. Adjudicative Fact 222 — Fraudulent Insurance Act Under KRS 304.47-020(1)(b) — Transactions Violating Kentucky Insurance Laws:** Wilson admitted that Fox committed a fraudulent insurance act under KRS 304.47-020(1)(b) — by engaging in transactions violating the insurance laws of Kentucky — through her failure to deny this averment.

**223. Adjudicative Fact 223 — Fraudulent Insurance Act Under KRS 304.47-020(1)(g) — Conspiracy With Others:** Wilson admitted that Fox committed a fraudulent insurance act under KRS 304.47-020(1)(g) — by assisting — abetting — soliciting — or conspiring with others to commit a fraudulent insurance act — through her failure to deny this averment.

**224. Adjudicative Fact 224 — Compensatory Damages of $103,000 Are Established for the Transamerica Annuity:** Wilson admitted that Doris is entitled to compensatory damages of $103,000 representing the full value of the liquidated Transamerica annuity — plus reasonable investigation and litigation expenses including attorney's fees at trial and appellate levels — plus additional compensatory damages for emotional distress — inconvenience — and financial hardship — through her failure to deny this averment — documented in PX-2, PX-6, PX-26, and PX-39.

**225. Adjudicative Fact 225 — KRS 304.47-020(7) Provides All Remedies to Doris as an Injured and Defrauded Party:** Wilson admitted that KRS 304.47-020(7) — providing remedies for any claimant injured or defrauded by an agent acting with intent — applies to Doris as an

injured and defrauded party — entitling her to all remedies under the statute — through her failure to deny this averment.

2548. **Adjudicative Facts From Paragraphs 321 Through 322 — Truist and Ingredion Securities:**

**226. Adjudicative Fact 226 — Doris Was the Rightful Owner of a High-Yield Security Account Valued Above $101,000:** Wilson admitted that Doris Colgate was the rightful owner of a high-yield security account — including Truist and Ingredion securities — valued above $101,000 — through her failure to deny this averment.

**227. Adjudicative Fact 227 — The Securities Account Was Completely Liquidated Without Doris's Informed Consent or Understanding:** Wilson admitted that the Truist and Ingredion securities account was completely liquidated by Fox — without Doris's informed consent - without Doris's understanding — through fraudulent practices — causing significant financial harm — through her failure to deny this averment. Also Refer to **Adjudicative Fact From Paragraph 86 of state complaint 25-CI-001371--PX-51**, and from aforementioned paragraph **160. Adjudicative Fact 160 — Doris Suffered Mental Injury From Wilson's Complicity in Defrauding Her of Three Annuities:** Wilson admitted that **Doris suffered mental injury** from **Wilson's complicity in defrauding her of her Protective Life annuity — her Washington National annuity — and her Transamerica annuity** — through her failure to deny this averment — documented in PX-2 statements 96, 97, and 98 and PX-25, PX-26, and PX-27.

**228. Adjudicative Fact 228 — Fraudulent Securities Practices Under KRS 292.320 and Complicity Under KRS 502.020 Are Established:** Wilson admitted liability for fraudulent securities practices under KRS 292.320 — combined with complicity under KRS 502.020 — through her failure to deny this averment — establishing securities fraud liability under both

statutes as admitted adjudicative facts. Also Refer to **Adjudicative Fact From Paragraph 266 of state complaint 25-CI-001371--PX-51**, and from aforementioned paragraph **186.**

**Adjudicative Fact 186 — Wilson Was Complicit in Annuity and Securities Frauds by Fox:** Wilson admitted complicity in annuity and securities frauds by Fox — through her failure to deny this averment — establishing complicity in each specific annuity and securities fraud as admitted adjudicative facts.

2549. **Adjudicative Facts From Paragraph 347:**

**229. Adjudicative Fact 229 — Audio Recordings Are Authenticated Under KRE 901 by Three Witnesses:** Wilson admitted that the audio recordings are authenticated pursuant to KRE Rule 901(a) general provision — KRE 901(b)(1) testimony of witness with knowledge — and KRE 901(b)(5) voice identification — by three witnesses — through her failure to deny this averment. This establishes authentication of all audio recordings as an admitted adjudicative fact.

**230. Adjudicative Fact 230 — Doris Agreed to Audio Recordings to Help Recover Damages From Wilson and Fox:** Wilson admitted that Doris Colgate agreed to the audio recordings so that Edward could help her recover damages from Wilson and Fox — through her failure to deny this averment — documented in Audio7 and Audio13 in PX-3. This establishes Doris's competent consent to recordings as an admitted adjudicative fact.

2550. **Adjudicative Facts From Paragraph 348:**

**231. Adjudicative Fact 231 — All Exhibits PX-1 Through PX-40 Are Part of the Pleading for All Purposes Under CR 10.03:** Wilson admitted that all exhibits PX-1 through PX-40 attached to the complaint — are part of the pleading for all purposes under CR 10.03 — through her failure to deny this averment — establishing the exhibits' full pleading incorporation as admitted adjudicative facts.

2551. **Adjudicative Facts From Paragraph 349:**

**232. Adjudicative Fact 232 — All Fraud Claims Are Timely Under KRS 413.130 — Cause of Action Accrues at Discovery:** Wilson admitted that all fraud claims are timely under KRS 413.130 — providing that a cause of action for fraud does not accrue until discovery of the fraud — and that all claims are within the ten-year outer limit — through her failure to deny this averment. This forecloses any statute of limitations defense for fraud claims from Wilson's own CR 8.04 default — establishing timely accrual from the discovery date rather than the perpetration date.

2552. **Adjudicative Facts From Paragraph 350:**

**233. Adjudicative Fact 233 — Plaintiffs Are Entitled to Trial by Jury Under CR 39.01 and CR 38.02:** Wilson admitted Plaintiffs' right to trial by jury — properly demanded under CR 38.02 — for all issues triable by jury — through her failure to deny this averment — establishing jury trial entitlement as an admitted adjudicative fact.

2553. **Adjudicative Facts From Paragraph 351:**

**234. Adjudicative Fact 234 — Conversion Does Not Apply Based on the Framework of the Causes of Action:** Wilson admitted that conversion does not apply based on the framework of the causes of action — through her failure to deny this averment — foreclosing conversion as a limiting characterization of Plaintiffs' claims. (KRS 446.070 was/is used for criminal to civil conversion, and not the basic common law of conversion.)

2554. **Adjudicative Facts From Paragraph 352:**

**235. Adjudicative Fact 235 — KRS 209.050 Immunity Applies to Plaintiffs' Reporting and Actions:** Wilson admitted that KRS 209.050 immunity from civil or criminal liability applies to Plaintiffs — having acted upon reasonable cause in making reports and investigations regarding

elder abuse — through her failure to deny this averment. This establishes **KRS 209.050 immunity for all of Plaintiffs' reporting and investigative actions as an admitted adjudicative fact.**

2555. **Adjudicative Facts From Paragraph 353:**

**236. Adjudicative Fact 236 — Doris Relied Upon Wilson's False Statements:** Wilson admitted that Doris Colgate relied upon Wilson's false statements — or Wilson's complicity in false statements — causing Doris harm — through her failure to deny this averment — establishing detrimental reliance as an admitted adjudicative fact.

**237. Adjudicative Fact 237 — Edward Relied Upon Doris's Communications Requesting His Help:** Wilson admitted that Edward Colgate relied upon Doris Colgate's communications requesting his help to recover damages from Wilson — through her failure to deny this averment.

**238. Adjudicative Fact 238 — Doris Agreed to Reimburse Edward for Acting on Her Behalf, Attempting to Recover Damages:** Wilson admitted that Doris agreed to reimburse Edward for acting on her behalf, attempting to recover damages — through her failure to deny this averment — establishing the reimbursement agreement as an admitted adjudicative fact.

2556. **Adjudicative Facts From Paragraph 354:**

**239. Adjudicative Fact 239 — Wilson Perpetrated Financial Exploitation and Elder Abuse Against Doris Under KRS 209.020:** Wilson admitted that this complaint redresses financial exploitation and elder abuse under KRS 209.020 perpetrated by Wilson against Doris Colgate — a vulnerable elder — through her failure to deny this averment.

**240. Adjudicative Fact 240 — Wilson's Deliberate Misconduct Compromised the Integrity of the Judicial Process:** Wilson admitted that her deliberate misconduct compromised the

integrity of the judicial process — through her failure to deny this averment — establishing deliberate judicial process interference as an admitted adjudicative fact.

241. **Adjudicative Fact 241 — Edward Acted as Doris's Fiduciary at Doris's Request and Is Entitled to Recover Damages:** Wilson admitted that Edward Colgate acted as Doris's fiduciary at Doris's request — and is entitled to recover damages for losses incurred in doing so — through her failure to deny this averment — establishing both the fiduciary role and the recovery entitlement as admitted adjudicative facts.

2557. **Adjudicative Facts From Paragraphs 306, 311, and 312 — Washington National Annuity:**

242. **Adjudicative Fact 242 — Doris Was the Rightful Owner of the Washington National Annuity:** Wilson admitted that Doris Colgate was the rightful owner of the Washington National annuity — a high yield return fund — through her failure to deny this averment — documented in PX-27.

243. **Adjudicative Fact 243 — The Washington National Annuity Was Fraudulently Liquidated in Its Entirety Without Consent:** Wilson admitted that Fox fraudulently liquidated Doris's Washington National annuity in its entirety — without Doris's informed consent — without authorization — and with Doris not understanding why it would be liquidated — through her failure to deny this averment.

244. **Adjudicative Fact 244 — Fox Prepared and Presented False or Misleading Statements to Effectuate the Washington National Liquidation:** Wilson admitted that Fox knowingly — and with intent to defraud or deceive — prepared and presented false or misleading statements to effectuate the liquidation of the Washington National annuity — through her failure to deny this averment — documented in PX-2, PX-6, PX-27, and PX-39. Also Refer to **Adjudicative Fact**

**From Paragraph 266 of state complaint 25-CI-001371--PX-51**, and from aforementioned paragraph **186. Adjudicative Fact 186 — Wilson Was Complicit in Annuity and Securities Frauds by Fox:** Wilson admitted complicity in annuity and securities frauds by Fox — through her failure to deny this averment — establishing complicity in each specific annuity and securities fraud as admitted adjudicative facts. Also Refer to **Adjudicative Fact From Paragraph 86 of state complaint 25-CI-001371--PX-51**, and from aforementioned paragraph **160. Adjudicative Fact 160 — Doris Suffered Mental Injury From Wilson's Complicity in Defrauding Her of Three Annuities:** Wilson admitted that **Doris suffered mental injury** from **Wilson's complicity in defrauding her of her Protective Life annuity — her Washington National annuity — and her Transamerica annuity** through her failure to deny this averment — documented in PX-2 statements 96, 97, and 98 and PX-25, PX-26, and PX-27.

2558. **Adjudicative Facts From Paragraph 321 — Truist and Ingredion Securities:**

**245. Adjudicative Fact 245 — Fraudulent Securities Practices Under KRS 292.320 and Complicity Under KRS 502.020 Are Established for Truist and Ingredion:** Wilson admitted liability for fraudulent securities practices under KRS 292.320 — combined with complicity under KRS 502.020 — regarding the Truist and Ingredion securities — through her failure to deny this averment — establishing securities fraud liability under both statutes as admitted adjudicative facts. Also Refer to **Adjudicative Fact From Paragraph 266 of state complaint 25-CI-001371--PX-51**, and from aforementioned paragraph **186. Adjudicative Fact 186 — Wilson Was Complicit in Annuity and Securities Frauds by Fox:** Wilson admitted complicity in annuity and securities frauds by Fox — through her failure to deny this averment — establishing complicity in each specific annuity and securities fraud as admitted adjudicative facts. Also Refer to **Adjudicative Fact From Paragraph 86 of state complaint 25-CI-001371-**

-**PX-51**, and from aforementioned paragraph **160. Adjudicative Fact 160 — Doris Suffered Mental Injury From Wilson's Complicity in Defrauding Her of Three Annuities:** Wilson admitted that **Doris suffered mental injury** from **Wilson's complicity in defrauding her of her Protective Life annuity — her Washington National annuity — and her Transamerica annuity** — through her failure to deny this averment — documented in PX-2 statements 96, 97, and 98 and PX-25, PX-26, and PX-27.

2559. **Adjudicative Facts From Paragraph 355 — Relief Sought:**

**246. Adjudicative Fact 246 — Wilson's Direct Liability and KRS 502.020 Complicity Apply to All Relief:** Wilson admitted that her direct liability and complicity under KRS 502.020 apply to all relief sought — through her failure to deny this averment — establishing the dual liability framework as an admitted adjudicative fact for all relief sections.

**247. Adjudicative Fact 247 — Protective Life Annuity Damages of $54,013.09 Are Admitted:** Wilson admitted special damages of $54,013.09 for complicity in defrauding Doris through complete liquidation of the Protective Life annuity — through her failure to deny this averment. Sum certain — admitted.

**248. Adjudicative Fact 248 — Transamerica Annuity Damages of $103,000 or More Are Admitted:** Wilson admitted special damages of $103,000 or more — liquidated in August 2024 — for complicity in defrauding Doris through complete liquidation of the Transamerica annuity — through her failure to deny this averment. Floor amount sum certain — admitted.

**249. Adjudicative Fact 249 — Washington National Annuity Damages of $27,418.64 or More Are Admitted:** Wilson admitted special damages of **$27,418.64** or more — this amount dated January 18, 2016 — for complicity in defrauding Doris through liquidation of the Washington National annuity — through her failure to deny this averment. Floor amount sum

certain — admitted — subject to upward adjustment from Washington National records through Rule 45 subpoena.

**250. Adjudicative Fact 250 — Truist and BB&T Security Damages of $101,000 or More Are Admitted:** Wilson admitted special damages of $101,000 or more — liquidated in late 2024 — for complicity in defrauding Doris through complete liquidation of the Truist and BB&T security — through her failure to deny this averment. Floor amount sum certain — admitted.

**251. Adjudicative Fact 251 — Ingredion Security Damages of More Than $27,000 Are Admitted:** Wilson admitted special damages of more than $27,000 for complicity in defrauding Doris through liquidation of the Ingredion security — through her failure to deny this averment. Floor amount sum certain — admitted.

**252. Adjudicative Fact 252 — Total Annuities and Securities Damages of $312,431.73 Are Admitted:** Wilson admitted total special damages of $312,431.73 for annuities and securities fraud — through her failure to deny this averment — establishing this specific aggregate sum as an admitted adjudicative fact.

**253. Adjudicative Fact 253 — Real Estate Fraud Damages of $159,000 Are Admitted:** Wilson admitted special damages of $159,000 for real estate fraud — through her failure to deny this averment — establishing this sum certain as an admitted adjudicative fact.

**254. Adjudicative Fact 254 — Doris's Personal Property Damages of $8,615 Are Admitted:** Wilson admitted special damages of $8,615 for Doris's personal property — documented in PX-4 — through her failure to deny this averment. Sum certain — admitted.

**255. Adjudicative Fact 255 — $10,000 Promissory Note Is Admitted:** Wilson admitted the $10,000 promissory note as part of Doris's special damages — through her failure to deny this averment.

**256. Adjudicative Fact 256 — Total Special Damages of $490,046.73 for Doris Are Admitted:** Wilson admitted total special damages of $490,046.73 for Doris Colgate — through her failure to deny this averment — establishing this specific aggregate sum as an admitted adjudicative fact. This total does not include the amount of Doris's assets Wilson used to defend her fraud against Doris — which Wilson also admitted as an additional undetermined amount.

**257. Adjudicative Fact 257 — Edward's Attorney Fees of $40,433.68 Are Admitted:** Wilson admitted special damages of $40,433.68 in attorney fees paid by Edward Colgate to recover damages for Doris from Wilson — documented in PX-24 through her failure to deny this averment. Sum certain — admitted.

**258. Adjudicative Fact 258 — Edward's Personal Property Damages of $5,025 Are Admitted:** Wilson admitted special damages of $5,025 for Edward's personal property — documented in PX-11 — through her failure to deny this averment. Sum certain — admitted.

**259. Adjudicative Fact 259 — Edward's Fiduciary Reimbursement of $735 Is Admitted:** Wilson admitted special damages of $735 for Edward's fiduciary reimbursement — Alamo car rental — from February 15 2020 through March 2020 — through her failure to deny this averment. Sum certain — admitted.

**260. Adjudicative Fact 260 — Edward's Identity Theft and Fraud Reimbursement of $3,945 Is Admitted:** Wilson admitted special damages of $1,445 and $2,500 — totaling $3,945 — for Edward's identity theft and fraud reimbursement — through her failure to deny this averment. Sum certain — admitted.

**261. Adjudicative Fact 261 — Total Special Damages of $50,138.68 for Edward Are Admitted:** Wilson admitted total special damages of $50,138.68 for Edward Colgate — through

her failure to deny this averment — establishing this specific aggregate sum as an admitted adjudicative fact.

**262. Adjudicative Fact 262 — Dividends and Interest Defrauded From Doris on All Five Financial Instruments Are Admitted:** Wilson admitted liability for dividends and interest defrauded from Doris — based on complicity — regarding the Protective Life annuity — Transamerica annuity — Washington National annuity — Truist and BB&T security — and Ingredion security — through her failure to deny this averment. Liability admitted — specific amounts computable from financial records.

**263. Adjudicative Fact 263 — Real Estate Sale Proceeds Loss of $159,000 or More Is Admitted — List Price $300,000:** Wilson admitted liability to repay $159,000 or more in special monetary damages to Doris for loss of sale proceeds — with the list price established at $300,000 — and RealtyTrac average of $280,000 on Doris's street — through her failure to deny this averment. Floor amount sum certain — admitted.

**264. Adjudicative Fact 264 — The $9,000 Brokerage Commission Wrongfully Paid Is Admitted:** Wilson admitted liability to repay the $9,000 brokerage commission to Doris — wrongfully paid — through her failure to deny this averment. Sum certain — admitted.

**265. Adjudicative Fact 265 — Closing Costs and Expenses of the Sale Are Admitted:** Wilson admitted liability to repay closing costs and expenses of the real estate sale — through her failure to deny this averment — amounts computable from closing documents.

266. **Adjudicative Fact 266 — Wilson Is Liable for Damages for Time and Effort Required by Edward to Recover Damages for Doris and Edward:** Wilson admitted liability for damages for the time and effort required by Edward Colgate to recover damages for both Doris Colgate and Edward Colgate — through her failure to deny this averment. This establishes

Wilson's liability for time and effort damages as an admitted adjudicative fact — with the specific amount to be established through computation from documented records. This is a computable damages category under CR 8.04 — because time and effort damages are computable from documented hourly records applied to a reasonable rate.

2560. **Based on the following paragraphs: 135.** Wilson failed to correct a false impression to Doris regarding Wilson's promissory note, and others' promissory notes to Doris. Wilson and others continued to promise Doris reimbursement, leading Doris to believe she would be paid, when they had **no** intention of paying Doris. Wilson did not correct that false impression. Refer to **PX-15. 138. Pursuant to KRS 514.030,** Plaintiff asserts that Wilson was and/or is complicit in the unlawful taking and/or exercising control over Doris's and Edward's personal property, including valuable movable property, without authorization, and with the intent to permanently deprive them of the property, as well as Doris's immovable property of her house, causing financial harm to Doris and Edward. **Refer to PX-1 through PX-40, and PX-4 for Doris's personal property, PX-5, PX-7 and PX-8 for Doris's real estate, PX-11 for Edward's personal property, PX-23 for Edward's reimbursable expenses in February 2020, PX-24 for Edward's reimbursable attorney fees paid on Doris's behalf, PX-39 and PX-10, Doris's Affidavit against Wilson, and PX-6. 143. Wilson was and/or is creating a false impression of intention to repay by falsely promising to repay her promissory note to Doris, causing Doris to delay legal action for recovery, is complicit to the false impression. Wilson** continued giving reassurance that she would repay Doris, regarding her promissory note to Doris, but failed to do so, restarting the statute of limitations with that promise. Refer to **PX-15. 147. Regarding Annuities and Securities and Unjust Enrichment**: Wilson was complicit with Fox in creating and reinforcing a false impression to Doris regarding Doris's annuities and

securities Discovery may find additions. Refer to **PX-25, 26, 27, 28, 29, and PX-2, #96 through #100. 148. Unjust Enrichment of Doris's Assets:** See PX-2, #46: On 6-10-2021, Doris communicating that she did not know she was paying attorney Ford legal fees for the past 3 months, **for Wilson and Lori Fox to defend their their fraud against Doris**. Doris communicating that it would be ridiculous for Doris to pay Wilson's and Fox's legal fees for them to defend their actions against Doris. Refer to **PX-3, Audio7, Audio8, Audio11, Audio12, Audio16. Refer to PX-5, page 67, lines 18-25. Refer to PX-3, Audio13 for Doris communicating to Edward to get an attorney for her to recover damages from both Wilson and Fox. 149.** Wilson misused Doris's funds to pay Wilson's legal fees to attorney Ford, attempting to prevent Doris from recovering damages from Wilson regarding real estate and other illegal actions by Wilson's complicity in fraud. Wilson was complicit in deceiving Doris into believing that Edward had access to his personal property. Refer to **PX-3, Audio7, Audio12, Audio13,** and **Audio16,** and **PX-5**, **PX-11**, and **PX-24. 137. Count XV: (15th Cause of Action): KRS 514.030--Theft by unlawful taking or disposition**--(1) A person is guilty of theft by **unlawful taking or disposition when he or she unlawfully**: (a) Takes or exercises control over movable property of another with intent to deprive him or her thereof; or (b) Obtains **immovable property of another or any interest therein with intent to benefit himself or herself or another not entitled thereto. 153.** Plaintiff asserts that Wilson was complicit in perpetrating **multiple instances of theft by unlawful taking or disposition** of both **movable** and **immovable property** belonging to Doris and Edward within a one-year period. See **PX-4, PX-6, PX-7, PX-8, PX-11, PX-23, and PX-24. 138. Pursuant to KRS 514.030,** Plaintiff asserts that Wilson was and/or is complicit in the unlawful taking and/or exercising control over Doris's and Edward's personal property, including valuable movable property, without authorization, and with the intent to permanently deprive

them of the property, as well as Doris's immovable property of her house, causing financial harm to Doris and Edward. **Refer to PX-1 through PX-40, and PX-4 for Doris's personal property, PX-5, PX-7 and PX-8 for Doris's real estate, PX-11 for Edward's personal property, PX-23 for Edward's reimbursable expenses in February 2020, PX-24 for Edward's reimbursable attorney fees paid on Doris's behalf, PX-39 and PX-10, Doris's Affidavit against Wilson, and PX-6. 154.** These offenses caused significant financial harm, and the aggregated value of **theft by unlawful taking or disposition** supports a higher degree of liability and damages. Edward, acting as Doris's fiduciary, and Real Party in Interest, and in his personal capacity, seeks recovery for the combined harm caused by Wilson's complicity to repeated unlawful actions. **Refer to PX-1 through PX-40, and all statements in PX-2 and PX-3. 158.** Plaintiff asserts that Wilson is complicit to unlawfully obtained possession of mail belonging to both Doris and Edward with the intent to deprive them of its contents, and to facilitate further fraudulent actions. Wilson's complicity in this conduct caused. significant harm to both Doris and Edward. This is based on Wilson's complicity to the use of the stolen mail to deceive Annuity companies, Security companies, and to deceive Doris. Wilson is complicit to preventing Doris access to any and all of her financial information. Illegally obtaining Doris's mail allowed Wilson and Fox to use that information to take Doris's assets. See PX-6 for robbery on 3-1-2020. Another robbery was perpetrated by Susan Wilson, Ray Wilson, Michelle Burkhead, Fox, and McConnell on 3-4-2020. **161.** Supporting Statements of Fact #22 and #23; A police report dated 3-1-2020, was filed by Edward against Lori Fox for Robbery. Wilson was complicit with Fox's actions as part of a broader effort to isolate Doris, and take control of her assets. See **PX-6**, and **PX-2, #2 and #3.** This set up **Wilson's complicity to robbery on 3-4-2020. 162.** The following items were stolen: Edward's Trustee and Power of Attorney documents, where Doris names Edward;

Edward and Doris's United States mail; Documents with Edward's Social Security number; other property of Edward's and Doris's. Also, Doris's Will document naming Edward as Executor. See **PX-6**. **163.** After the aforementioned, Wilson was complicit in Fox having Doris's financials being mailed to her, and having Fox then having Edward's information to set up fraudulent accounts. Statement #39: On May 12, 2020, Lori Fox used Edward Colgate's name and social security number to purchase a $1,550 Apple iPad Pro, using her father's (McConnell) address. Refer to **PX-2, #39** for additions. Refer to **PX-34 through PX-38**. Refer to **PX-2, Statements #39, #40, #105. 165.** Pursuant to **aforementioned KRS 514.160(1)(a)–(d); (1),** Edward **asserts** that Fox unlawfully used his personal identifying information, including his **name** and **Social Security number**, with the intent to fraudulently obtain property and financial benefits to which she was not entitled. Wilson's previous complicity allowed Fox's actions to cause financial barm to Edward and exposed him to further risk of financial fraud. See **PX-2, #39, #40, #105, PX-6**, PX-**34-38**. **166.** Wilson's complicity allowed Fox to knowingly possess and use Edward's identifying information, including his **name** and **Social Security number**, without his consent, to impersonate him for fraudulent financial transactions. Refer to **PX-2, #39, #40, #105, PX-6, PX-34-38. 167.** Wilson's complicity allowed the following: See PX-2, **Statement 39:** On May 12, 2020, Lori Fox used Edward Colgate's name and social security number to purchase a $1,550 Apple iPad Pro, using her father's (McConnell) address. The IMEI number for the Ipad Pro is 3527-8211-9442-322, and the model number is iPdPr 12A 2069 with the identifying phone number attached to it of 502-541-6961, although not used as a phone number The TEC manufacturer number is 3104-1025-8689-894. Edward's social security number was obtained by Fox in the robbery cited above. See **PX-2, PX-6, PX-34 through PX-39. 168. See PX-2, #40;** Wilson's complicity allowed the following: On 5-13-2020, UPS

delivered the ipad to Fox's father's (Hey Jude, LLC) address, 410 Wisteria Avenue, which was one of McConnell's current addresses at that time, which was Doris's previous address. Refer to **PX-2, PX-6, PX-34 through PX-39. 169.** Wilson's complicity allowed the following: See PX-2, #22 and #23: A police report, dated 3-1-2020, was filed by Edward against Lori Fox for Robbery. Fox's actions were part of a broader effort to isolate Doris, and take control of her assets. The following items were stolen by Fox: Edward's Trustee, Power of Attorney, and Will documents, where Doris names Edward; Edward and Doris's United States mail; Documents with Edward's Social Security number; Edward's watch; other personal property of Edward's and Doris's. See **PX-2, PX-6, PX-34 thru PX-39. 170.** Wilson's complicity allowed the following: The second identity fraud perpetrated by Lori Fox is related to Citizens One and Citizens Bank. Citizens One is owned by Citizens Bank. The bank told Plaintiff that his social security number and name were used to set up a $2,500 limit for an xbox console game system and an xbox all access pass. The account number that Lori Fox attached Edward's social security number and name is [redacted]**4151**. Fox then used the 410 Wisteria Avenue address again, as noted for the ipad fraud above. Refer to **PX-2, #105. 171.** Edward was allowed to take pictures of the AT&T computer screens at the AT&T store of the fraudulent account set up in his name. AT&T, and UPS, who delivered the AT&T product, gave added information to Edward via phone call. See **PX-34--PX-38. 172. Count XVIII: (18th Cause of Action) Pursuant to KRS 515.030 Complicity to Robbery in the second degree by Wilson, and KRS 502.020 Complicity--(1)–(2) – Liability for conduct of another regarding Robbery based on KRS 502.020 (8th Cause of Action)** (1) A person is guilty of robbery in the second degree when, in the course of committing theft, he or she uses or threatens the immediate use of physical force upon another person with intent to accomplish the theft. **174.** Under **KRS 515.030(1)**, a person

is guilty of **robbery in the second degree** when, in the course of committing **theft**, they **use or threaten the immediate use of physical force** upon another person with the **intent to accomplish the theft. 175.** Plaintiff asserts that Wilson, in the course of unlawfully obtaining Doris's and Edward's personal property, and Doris's real property, had Ray Wilson, her husband, Menacing as he continued to go in front of Edward to prevent him from obtaining his property, as Susan Wilson, Fox, Burkhead, and McConnell took possession of Doris's and Edward's property on 3-4-2020. Refer to Doris's Affidavit on 1-29-2020 against Susan Wilson and Ray Wilson. See **PX-10, PX-4, PX-11, PX-23, PX-24, and PX-3, Audio recordings Audio1 through Audio20, and PX-31 and PX-32—Susan Wilson's text messages saying that she is done with Doris. 176.** Wilson's actions were part of a broader effort to isolate Doris, and take control of her assets. **177.** Wilson and Fox had intentionally deceived Doris, who was/is living in a 24/7 nursing facility, to allow them access to Doris's house. This set up Wilson's complicity to theft by deception of Edward's and Doris's personal property, as well as set up Fox's real estate fraud and annuity frauds, and **security frauds against Doris, causing financial damage to Doris and Edward. Refer to PX-6, PX-10, PX-31, PX-32,** and **PX-39**, and **PX-3, Audios 1 through 20. 178.** Statements #18: On 2-29-2020, police were called to 410 Wisteria Avenue, after Lori Fox and harassed Edward at 410 Wisteria, Louisville, demanding Doris's baby grand piano, and other property that Doris had told Edward and Stanette Rose not to give to Fox. Fox communicated to Edward and Stanette that she would find a way to have Doris sign the piano over to her if they did not give it to her. (text message) **179.** Statement #19: On 2-29-2020, Officer Ken communicated to Edward to call back if Lori Fox returned, and he would arrest her for trespassing. See **PX-2, PX-6, PX-39. 180.** Statement #20: On 2-29-2020, Doris communicates to Edward that she would not allow Lori Fox to return to her house at 410

Wisteria Avenue after her harassment of Edward. Refer to **PX-2, #20, and PX-3, Audio2**, and **PX-39. 181.** Statement #21: On 2-29-2020, Text Message evidence reveals Lori Fox's defiance of a police trespass warning. Edward and Stanette notified Lori Fox regarding Police Officer Ken communicating that if Fox came to 410 Wisteria Ave. again after her harassment of Edward, to call police again, and he would have Lori Fox arrested for trespassing. Doris agreed to not allow Fox on her property. See **PX-2 and PX-3, Audio2, and PX-39. The aforementioned relate to Wilson's Complicity based on PX-10, Doris's Affidavit against Wilson, since Wilson and Fox are named together on a document where there is numerous evidences that Doris did not sign those documents. 184.** Plaintiff asserts that Wilson was complicit with Fox and Ford in intentionally **deceiving Doris** into making **false statements under oath** during her deposition on **November 16, 2023**, in a manner that constitutes perjury. See **PX-5. 185.** At the **deposition, Wilson and Fox were sitting next to Doris, with Doris asking Wilson and Fox to answer for her at two different times, when they should been sequestered, based on the elder abuse they had perpetrated against Doris.** Wilson's complicity, which included **supporting Doris to provide false testimony** while concealing material facts from Doris, resulting in Doris unknowingly, or in the alternative, knowingly, committing perjury during her sworn deposition. **Refer to PX-2, #82, and PX-5, Page 68, Lines 10-11.** 186. **See PX-5, Page 45, lines 12-13**: Doris's answer at her deposition: Do you know who my lawyer was Susan? See PX-2, **#82**: Deposition **PX-5, Page 68, Lines 10-11: THE WITNESS (Doris): Lori, do you know my lawyer's name?** Refers to Doris asking Fox to answer for her at the deposition for her. Wilson and Fox, who perpetrated real estate and annuity fraud, elder abuse against Doris, should have been sequestered as witnesses, and should not have been sitting by Doris, with Doris asking them to answer for her.) **187.** Wilson's complicity to the inducement of perjury was

intended to mislead the court and obstruct justice, causing significant harm to Doris by preventing Doris from understanding the nature of the proceedings and harming Edward's efforts to protect Doris's interests, and harming Edward, since Wilson was complicit in concealing from Doris that she is to reimburse Edward since Doris agreed to do so. Q. Did you review the document that initiated and started the legal action against you? **Doris-A. Did I see it?** Q. Yes, ma'am. **Doris-A. No. Q.** So **you have not read the complaint, the document that started this lawsuit? Doris-A. No,** I don't think so. (Based on this Deposition, Plaintiff asserts that Doris was deceived by Fox regarding the nature of this lawsuit as the Complaint was concealed from Doris.) Refer to **PX-2, statement #71, and PX-5, Page 6, Lines 13-21. Refer to PX-24, and PX-3, Audios 1 through 20. Refer to all 30 Counts herein as Wilson's incentive to be complicit in deceiving Doris into making false statements. 188. Page 87** of Doris's deposition (See **PX-5**), Doris is stating "I hope that they can see that Edward is not greedy" indicating Wilson, who is sitting next to Doris, is saying that. Refer to the following for why using the word "greedy" is a false statement regarding Edward. See **PX-5, Page 30, Lines 5-8;** Q. Was there a particular incident that led you to believe that Eddie just wanted your money? **Doris-A. I cannot answer that. I don't know. I can't think of a particular incident.** This is a direct contradiction to her statement since she cannot think of a particular incident. Refer to **PX-2, #75, PX-5, Page 30, 5-8**, and **PX-2, #66**, and **PX-3, Audio1 through Audio20, and PX-10, Doris's Affidavit against Wilson, and PX-3, Audio18 shows that Doris has a positive relationship with Edward and Stanette. 189. Statement 57:** Doris had previously requested Edward to hire an attorney to recover her defrauded money from Wilson, but under Wilson's influence, Doris contradicted this request during her deposition. Refer to **PX-2, #57, and PX-3, Audio13. 190.** Statement **#63 and #65**: On 2-17-2023 and on 6-7-2023, the phone call supports

that Doris maintained a positive relationship with Edward and Stanette, evidenced by communications as late as June 7, 2023, before the 11-16-2023 deposition. Edward and Stanette also made phone calls to Doris after that date. See **PX-2, #63 and #65, and PX-3, Audio13 and Audio18. 191.** When Wilson was sitting next to Doris, Doris's attitude completely changed toward Edward since the last time she had spoken with him and Stanette Rose. **194.** Wilson's presence and active influence during Doris's deposition demonstrate her intent to manipulate the outcome of the proceeding by tampering with Doris's testimony that is now in a deposition transcript, which is now physical evidence. See **PX-5. 195.** Wilson had her defense attorney (Ford) at the deposition, acting as Doris's attorney, when Doris is communicating that Ford is not her attorney, since she is saying that Bob English is the only attorney she has ever had. Refer to **PX-3, Audio10**, and **PX-5, page 68, line 6. 198.** Edward is using his own money, based on his fiduciary duty to Doris, with Doris agreeing to reimburse him, to recover damages from Wilson, while Wilson continues to use Doris's money for attorney fees, continuing to financially damage Doris. Wilson's actions continue to cause harm to Doris, and to Edward, regarding attorney fees paid on Doris's behalf, as fiduciary. Refer to **PX-3, Audio7, Audio8, Audio11, Audio12, Audio13, and Audio16, and PX-24. 199. Wilson gave an Answer to the Court for Doris, or Wilson was complicit in having an answer being given to the court that was not Doris's answer, since Doris did Not Know, and still does not know that Edward is requesting reimbursement, to which Doris agreed, for attorney fees paid on Doris's behalf to recover damages from Wilson for her real estate fraud, and other frauds against Doris.** Refer to **PX-2, statement #71, and PX-5, Page 6, Lines 13-21,** Refer to **PX-2, #75, PX-5, Page 30, 5-8,** and **PX-2, #66**, and **PX-3, Audio1 through Audio20, and PX-10, Doris's Affidavit against**

**Wilson, and PX-3, Audio18 shows that Doris has a positive relationship with Edward and Stanette, and PX-11, and PX-24.**

267. **ADJUDICATIVE FACT 267 — Wilson Failed to Correct False Impression About Promissory Note — Restarting Statute of Limitations:** Wilson admitted failing to correct a false impression to Doris regarding Wilson's promissory note — and that Wilson continued promising to repay while having no intention of doing so — causing Doris to delay legal action — and that Wilson's continued reassurances restarted the statute of limitations through her failure to deny this averment -- documented in PX-15.

268. **ADJUDICATIVE FACT 268 — Wilson Was Complicit in Unlawful Taking of Doris's Personal and Real Property and Edward' Personal Property Under KRS 514.030:** Wilson admitted complicity in unlawfully taking and exercising control over Doris's and Edward's personal property — including valuable movable property — without authorization — and with intent to permanently deprive them — and complicity in obtaining Doris's immovable property — her house — without authorization — through her failure to deny this averment — documented in PX-4, PX-5, PX-7, PX-8, PX-11, PX-23, PX-24, PX-39, and PX-10.

269. **ADJUDICATIVE FACT 269 — Wilson Was Complicit in Creating False Impression About Annuities and Securities:** Wilson admitted complicity in creating and reinforcing a false impression to Doris regarding Doris's annuities and securities — through her failure to deny this averment — documented in PX-25 through PX-29 and PX-2 statements 96 through 100.

270. **ADJUDICATIVE FACT 270 — Wilson Misused Doris's Funds to Pay Wilson's Legal Fees to Ford:** Wilson admitted misusing Doris's funds to pay Wilson's legal fees to attorney Ford — attempting to prevent Doris from recovering damages from Wilson — through her

failure to deny this averment — documented in Audio 7, Audio 12, Audio 13, Audio 16, PX-5, PX-11, and PX-24.

271. **ADJUDICATIVE FACT 271 — Multiple Instances of Theft by Unlawful Taking Within One Year Under KRS 514.030:** Wilson admitted complicity in perpetrating multiple instances of theft by unlawful taking or disposition of both movable and immovable property belonging to Doris and Edward within a one-year period — through her failure to deny this averment — documented in PX-4, PX-6, PX-7, PX-8, PX-11, PX-23, and PX-24.

272. **ADJUDICATIVE FACT 272 — Aggregated Theft Value Supports Higher Liability:** Wilson admitted that the aggregated value of the theft by unlawful taking supports a higher degree of liability and damages — through her failure to deny this averment.

273. **ADJUDICATIVE FACT 273 — Wilson Was Complicit in Unlawfully Obtaining Doris's and Edward's Mail:** Wilson admitted complicity in unlawfully obtaining possession of mail belonging to both Doris and Edward — with intent to deprive them of its contents — and to facilitate further fraudulent actions — including deceiving annuity companies and security companies — through her failure to deny this averment — documented in PX-6.

274. **ADJUDICATIVE FACT 274 — Wilson Was Complicit in Robbery on March 1, 2020 and March 4, 2020:** Wilson admitted complicity in the robbery on March 1, 2020 documented in police report in PX-6 and PX-2 statements 2 and 3 — and in the robbery on March 4, 2020 — involving Susan Wilson — Ray Wilson — Michelle Burkhead — Lori Fox — Cristal Fox— and Jude McConnell — through her failure to deny this averment.

275. **ADJUDICATIVE FACT 275 — Specific Items Stolen in Robbery:** Wilson admitted that the following specific items were stolen — Edward's Trustee and Power of Attorney documents naming Edward — Edward and Doris's United States mail — documents with

Edward's Social Security number — Doris's Will document naming Edward as Executor — and other personal property of Edward and Doris — through her failure to deny this averment — documented in PX-6.

276. **ADJUDICATIVE FACT 276 — Wilson Was Complicit in Fox Using Edward's Social Security Number to Purchase iPad Pro on May 12, 2020:** Wilson admitted complicity in Fox using Edward Colgate's name and Social Security number to purchase a $1,550 Apple iPad Pro on May 12 2020 — using McConnell's address — IMEI number 3527-8211-9442-322 — model number iPdPr 12A 2069 — through her failure to deny this averment — documented in PX-2 statement 39 and PX-34 through PX-39.

277. **ADJUDICATIVE FACT 277 — UPS Delivered iPad to Fox's Father's Address at 410 Wisteria Avenue on May 13, 2020:** Wilson admitted complicity in UPS delivering the fraudulently purchased iPad to McConnell's address at 410 Wisteria Avenue on May 13, 2020 — which was also Doris's previous address — through her failure to deny this averment — documented in PX-2 statement 40.

278. **ADJUDICATIVE FACT 278 — Wilson Was Complicit in Citizens Bank Identity Fraud Using Edward's Social Security Number:** Wilson admitted complicity in Fox unlawfully using Edward's Social Security number and name to set up a Citizens One account — account number [redacted]4151 — for an Xbox console and Xbox all access pass — at 410 Wisteria Avenue — through her failure to deny this averment — documented in PX-2 statement 105.

279. **ADJUDICATIVE FACT 279 — Wilson Was Complicit in Robbery in the Second Degree Under KRS 515.030:** Wilson admitted complicity in robbery in the second degree — through Ray Wilson menacing Edward to prevent him from obtaining his property and

preventing him(Trustee) from the real-property in the Trust — while Susan Wilson Fox — Burkhead — and McConnell---fraudulently and through physical force, theft, and robbery--- illegally and fraudulently took possession of Doris's and Edward's property on March 4, 2020 — through her failure to deny this averment — documented in PX-10, PX-4, PX-11, PX-23, and PX-24.

280. **ADJUDICATIVE FACT 280 — Fox Demanded Doris's Baby Grand Piano on February 29, 2020 and Threatened to Have Doris Sign It Over:** Wilson admitted complicity in Fox demanding Doris's baby grand piano on February 29, 2020 — and Fox threatening to find a way to have Doris sign the piano over if Edward and Stanette would not give it to her — through her failure to deny this averment documented in PX-2 statement 18 and PX-6.

281. **ADJUDICATIVE FACT 281 — Police Were Called on February 29, 2020 and Officer Ken Warned Lori Fox and Cristal Fox About Trespassing:** Wilson admitted complicity in the events of February 29, 2020 — when police were called to 410 Wisteria Avenue — and Officer Ken communicated that Lori Fox and Cristal Fox would be arrested for trespassing if she returned — through her failure to deny this averment — documented in PX-2 statement 19 and PX-6.

**282. ADJUDICATIVE FACT 282 — Doris Agreed on February 29, 2020 Not to Allow Fox Back to Her House:** Wilson admitted that Doris communicated on February 29, 2020 that she would not allow Lori Fox and Cristal Fox to return to her house — documented in Audio 2 — through her failure to deny this averment.

283. **ADJUDICATIVE FACT 283 — Wilson Was Complicit in Intentionally Deceiving Doris Into Making False Statements Under Oath at Deposition:** Wilson admitted complicity with Fox and Ford in intentionally deceiving Doris into making false statements under oath at

her November 16, 2023 deposition — constituting perjury — through her failure to deny this averment — documented in PX-5.

284. **ADJUDICATIVE FACT 284 — Wilson and Fox Were Sitting Next to Doris at Deposition When They Should Have Been Sequestered:** Wilson admitted that she and Fox were sitting next to Doris at the deposition — with Doris asking Wilson and Fox to answer for her at two different times when they should have been sequestered---based on the elder abuse they had perpetrated — through her failure to deny this averment — documented in PX-2 statement 82 and PX-5, page 68, lines 10-11.

285. **ADJUDICATIVE FACT 285 — Doris's Attitude Toward Edward Completely Changed With Wilson Sitting Next to Her:** Wilson admitted that Doris's attitude toward Edward completely changed when Wilson was sitting next to her — compared to Doris's positive relationship with Edward documented in Audio18 before the deposition — through her failure to deny this averment.

286. **ADJUDICATIVE FACT 286 — Wilson Was Complicit in Giving an Unauthorized/Fraudulent Answer to the Court for Doris:** Wilson admitted complicity in giving an answer to the court for Doris — or having an answer given to the court that was not Doris's answer — since Doris did not know and does not know that Edward is requesting reimbursement to which Doris had previously agreed — through her failure to deny this averment — documented in PX-2 statement 71 and PX-5, page 6, lines 13-21.

287. **ADJUDICATIVE FACT 287 — Wilson Was Complicit in Deception of Doris Regarding Why Doris Was at the Deposition:** Wilson admitted complicity in---Wilson deceiving Doris regarding the nature of the deposition proceedings — causing Doris not to

understand why she was there — through her failure to deny this averment documented in PX-5, page 6, lines 13-21.

288. **ADJUDICATIVE FACT 288 — Doris Maintained Positive Relationship With Edward and Stanette Through June 7, 2023** — Before November 16, 2023 Deposition: Wilson admitted that Doris maintained a positive relationship with Edward and Stanette — evidenced by communications on February 17, 2023 and June 7, 2023 — before the November 16, 2023 deposition where Wilson sat next to Doris — through her failure to deny this averment — documented in PX-2 statements 63 and 65 and PX-3, Audio13, Audio18.

289. **ADJUDICATIVE FACT 289 — Wilson's Deposition Presence Was Intended to Manipulate Doris's Testimony as Physical Evidence:** Wilson admitted that her presence and active influence during Doris's deposition demonstrated intent to manipulate the outcome of the proceeding — by tampering with Doris's testimony — which is now embodied in a deposition transcript constituting physical evidence — through her failure to deny this averment — documented in PX-5.

290. **ADJUDICATIVE FACT 290 — Edward Is Using His Own Funds as Fiduciary--- While Wilson Fraudulently Continues Using Doris's Funds for Legal Fees to defend her fraud against Doris:** Wilson admitted that Edward is using his own money based on his fiduciary duty to Doris — with Doris agreeing to reimburse him — while Wilson fraudulently continues using Doris's money for attorney fees to defend her fraud against Doris— continuing to financially damage both Doris and Edward — through her failure to deny this averment — documented in PX-3, Audio7, Audio8, Audio10, Audio11, Audio12, Audio13, Audio16, PX-24.

2561. **Based on the following paragraphs: 205.** See **PX-5, page 45, lines 12-13: THE WITNESS (Doris): Do you remember who the lawyer was, Susan?** (Refers to Doris asking

Wilson to answer for her at the deposition.) **217.** Edward is using his own money, based on his fiduciary duty to Doris, with Doris agreeing to reimburse him to recover damages for fraud against Wilson, while Wilson continues to use Doris's money for attorney fees to continue to cause financial harm to Doris. Wilson's actions cause harm to Doris, and to Edward, regarding attorney fees paid on Doris's behalf, as fiduciary, and because Doris agreed to the reimbursement. See **PX-3, Audio12, Audio7. 225. Harm to Edward's Reputation and Relationship:** Wilson's false statements, Wilson's complicity in Doris believing false statements, directly harmed Edward's reputation as Doris's fiduciary, undermining his ability to act in her best interest and recover her financially harmed assets from Wilson. Wilson's false statements harmed Edward and Doris's relationship. **229.** Pursuant to KRS 524.100 Tampering with physical evidence, KRS 502.020 Complicity with regards to KRS 524.100 Tampering with physical evidence, Plaintiff asserts that Wilson is Complicit in having her attorney, Ford, **fabricate an Answer to the Court** for Doris, since Wilson prevented Doris, or was complicit in preventing Doris from seeing or reading the Complaint, causing harm to Doris in her recovery of damages from Wilson's complicity to real estate deception and elder abuse, and complicity to preventing Edward's attorney fees recovery paid on Doris's behalf. **234. Intent to Impair the Verity or Availability of Evidence:** Wilson's actions, her complicity in actions were intended to impair the verity and availability of evidence to Doris necessary for Edward to recover Doris's assets, and his assets, and hold Wilson accountable for her deceptions and elder abuse actions. **237.** Plaintiff asserts the following: Wilson intentionally interfered with, Wilson was complicit in interfering with Edward and Doris's contractual agreements, including Edward's appointment as **Power of Attorney, Trustee**, and **Executor of Doris's Will**. Wilson obtained an illegitimate power of attorney document to act for Doris through deceptive fraud against Doris, through

forgery. **Refer to PX-3, Audio1, Audio8, Andio11, audio13, Audio16, Audio18, PX-4, PX-11, PX-23, PX-24, PX-39**, and **PX-10, PX-31, PX-32. 238. Resulting Harm**: Wilson's interference caused significant financial harm to Doris, by depriving Doris of the true value of her assets, and **to Edward, through obstructing his ability to fulfill his contractnal obligations to Doris, and through obstructing his ability to recover attorney fees paid on Doris's behalf, based on Doris communicating numerous times to Edward, that Edward was, and is her Trustee and power of attorney, agreeing to reimburse him. Refer to PX-24, PX-39, PX-3, Audio7, Audio8 and Audio11, and PX-10, PX-31, PX-32. 239. See PX-2, Statement 57:** Doris explicitly asked Edward to hire an attorney to recover her defrauded real estate money from Fox and Wilson, indicating that she relied on Edward to act in his contractual role as Trustee and power of attorney. Refer to **PX-3, Audio13. 240**. Edward was legally appointed by Doris as her **Power of Attorney** and **Trustee** under valid and binding legal agreements. See **PX-2, statement 5, PX-12 and PX-40. 241. Supporting Facts:** See **PX-2, Statements 2, 3:** On **July 30, 2019**, Doris legally appointed Edward as her Power of Attorney. On **October 1, 2019**, Doris appointed Edward as Trustee of her Trust and Executor of her Will. See **PX-12, PX-13, PX-40. 242. Statement 5:** On **January 29, 2020**, Doris reaffirmed Edward's appointment by executing an amended Trustee and Power of Attorney agreements. See **PX-12. 243. Defendant's Knowledge of the Contract**: Wilson was aware of Edward's legal authority and contractual role as Doris's Power of Attorney and Trustee. Despite this knowledge, she interfered with those agreements by illegitimately presenting herself as Doris's power of attorney. See **PX-6, robbery, PX-10, affidavit by Doris against Wilson. PX-31 and PX-32, and all 30 Counts against Wilson. 244. Supporting Facts:** See **PX-2, Statement 6:** Wilson was aware of Doris's **Affidavit** executed against Susan Wilson, which reaffirmed Edward's role

as Power of Attorney and Trustee. See **PX-10 Affidavit**. **245. See PX-2, Statement 25:** Wilson obtained a fraudulent Power of Attorney document through forgery, dated March 4, 2020, claiming authority over Doris's assets, despite knowing that Edward held that authority. See **PX-3, Audio13, Audio8, Audio11, Audio7. 246. Intentional Interference**: Wilson's actions were intentional and aimed at disrupting Edward's contractual relationship with Doris to gain control over Doris's assets. **247. Supporting Facts: Statements 31: On 3-4-2020, the same day that Wilson obtained a POA document with her name on it, Wilson, Fox and her father, McConnell, were at Doris's house changing the list price from $300,000 to $150,000. See PX-7, PX-8. 248. See PX-2, #35: On 3-13-2020,** Lori Fox sold Doris Colgate's house to Hey Jude LLC, owned by Fox's father, Jude McConnell, for $150,000 when Edward had Doris's house listed for $300,000. The $300,000 is the price that Edward and Doris agreed upon. No independent appraisal was conducted. Discovery has yet to be done, and will determine if any proceeds were deposited into Doris's account. Refer to **PX-3, Audio4 for Wilson's influence, and Audio9**. See **PX-7 and PX-8**. **250. Improper Means or Motive**: Wilson was complicit to Fox using improper means, including fraud, deceit, forgery to interfere with Edward's contractual rights and prevent him from fulfilling his fiduciary duties. **256.** Wilson's complicity with Fox's actions deprived Doris of **$159,000** regarding real estate, plus **$54,013** from her Protective annuity, plus **$103,000** from her Transamerica annuity, plus **$27,418.64** from Washington National annuity, plus attorney fees paid on Fox's behalf, attempting to prevent Doris from recovering damages from Fox, + **$101,000 Truist**, + Ingredion securities fraud. See **PX-2, #96 through #100, and PX-25 through PX-29. 257.** Edward's cause of action for **tortious interference with contractual rights** is based on Wilson's intentional and malicious conduct. **This includes written contracts, quasi contracts, quantum meruit, equitable**

**estoppel, and promissory estoppel. 264.** Plaintiffs' cause of action is based on Wilson's intentional and malicious conduct for her unjust enrichment. Plaintiffs seek compensatory, punitive, and special damages. Plaintiffs seek reimbursement from Wilson for all of Doris's losses on her real estate; all defrauded annuities; all defrauded securities; Wilson's deceptive misuse of Doris's funds; reimbursement of Edward's attorneys' fees paid on Doris's behalf to recover damages for Doris based on Wilson's actions; other fees Edward paid as fiduciary to Doris; the value of real and personal property of Doris's and Edward's where Wilson was complicit in damages. **See all of PX-2 and all of Exhibits PX-1 through PX-40. Also include all relief not included here. Refer to all 30 Counts.**

**291. ADJUDICATIVE FACT 291 — Wilson's False Statements Harmed Edward's Reputation as Doris's Fiduciary and Harmed Their Relationship:** Wilson admitted that her false statements — and complicity in Doris believing false statements — directly harmed Edward's reputation as Doris's fiduciary — undermining his ability to act in her best interest — and harmed Edward and Doris's relationship — through her failure to deny this averment.

**292. ADJUDICATIVE FACT 292 — Wilson's Actions Were Intended to Impair the Verity and Availability of Evidence:** Wilson admitted that her actions and complicity were intended to impair the verity and availability of evidence necessary for Edward to recover Doris's assets and hold Wilson accountable — through her failure to deny this averment — establishing intentional evidence impairment as an admitted adjudicative fact under KRS 524.100.

**293. ADJUDICATIVE FACT 293 — Wilson Intentionally Interfered With Edward's Appointments as POA, Trustee, and Will Executor:** Wilson admitted intentional interference with — and complicity in interfering with — Edward and Doris's contractual agreements --- including Edward's appointment as Power of Attorney — Trustee — and Executor of Doris's

Will — and that Wilson obtained an illegitimate power of attorney through deceptive fraud and forgery — through her failure to deny this averment — documented in PX-3, Audio1, Audio8, Audio11, Audio13, Audio16, Audio18, PX-4, PX-10, PX-11, PX-23, PX-24, PX-31, PX-32, and PX-39.

**294. ADJUDICATIVE FACT 294 — Wilson's Interference Caused Significant Financial Harm to Both Doris and Edward:** Wilson admitted that her interference caused significant financial harm to Doris by depriving her of the true value of her assets — and to Edward by obstructing his ability to fulfill his contractual obligations and recover attorney fees — despite Doris communicating numerous times that Edward was and is her Trustee and POA and agreeing to reimburse him — through her failure to deny this averment — documented in PX-3, Audio7, Audio8, Audio11, PX-10, PX-24, PX-31, PX-32, and PX-39.

**295. ADJUDICATIVE FACT 295 — Doris Explicitly Asked Edward to Hire an Attorney to Recover Her Defrauded Real Estate Money:** Wilson admitted that Doris explicitly asked Edward to hire an attorney to recover her defrauded real estate money from Fox and Wilson — demonstrating Doris's reliance on Edward's contractual role as Trustee and POA — through her failure to deny this averment documented in PX-2, statement 57 and PX-3, Audio13.

**296. ADJUDICATIVE FACT 296 — On July 30, 2019 Doris Legally Appointed Edward as Power of Attorney:** Wilson admitted that on July 30, 2019 — Doris legally appointed Edward Colgate as her Power of Attorney — through her failure to deny this averment — documented in PX-2, statements 2 and 3 and PX-12 and PX-40. This is the earliest specific dated appointment — establishing Edward's authority as predating every subsequent Wilson document by over seven months.

**297. ADJUDICATIVE FACT 297 — On October 1, 2019 Doris Appointed Edward as Trustee and Will Executor and Reaffirmed Edward again as POA:** Wilson admitted that on October 1, 2019 — Doris appointed Edward Colgate as Trustee of her Trust, reaffirmed Edward's POA, and appointed Edward Executor of her Will — through Wilson's failure to deny this averment — documented in PX-12, PX-13, and PX-40.

**298. ADJUDICATIVE FACT 298 — Wilson Was Aware of Edward's Legal Authority and Interfered Despite That Knowledge:** Wilson admitted that she was aware of Edward's legal authority and contractual role as Doris's Power of Attorney and Trustee — and that despite this knowledge she interfered with those agreements by illegitimately and fraudulently presenting herself as Doris's power of attorney — through her failure to deny this averment — documented in PX-6, PX-10, PX-31, and PX-32.

**299. ADJUDICATIVE FACT 299 — Wilson Was Aware of Doris's January 29, 2020 Affidavit Against Wilson Which Reaffirmed Edward's Authority:** Susan Wilson admitted that she was aware of Doris's Affidavit executed against Susan Wilson — documented in PX-10 — which reaffirmed Edward's role as Power of Attorney and Trustee — through her failure to deny this averment — documented in PX-2, statement 6.

**300. ADJUDICATIVE FACT 300 — Wilson Obtained a Fraudulent POA Document on March 4, 2020---Despite Knowing Edward Held That Authority: Wilson admitted that she obtained a fraudulent Power of Attorney document dated March 4, 2020 — through forgery —** claiming authority over Doris's assets — despite knowing that Edward held that authority — through Wilson's failure to deny this averment — documented in PX-2, statement 25 and PX-3, Audio7, Audio8, Audio11, and Audio13.


Edward Colgate 22023 SE Wax Rd., Box 1452, Maple Valley, WA 98038, King Co.

301. **ADJUDICATIVE FACT 301 — Wilson's Tortious Interference Was Intentional and Aimed at Gaining Control Over Doris's Assets:** Wilson admitted that her fraudulent tortious interference was intentional and aimed at disrupting Edward's contractual relationship with Doris to gain control over Doris's assets — through Wilson's failure to deny this averment — establishing **intentional, fraudulent, malicious, and illegal misconduct as an admitted adjudicative fact.**

302. **ADJUDICATIVE FACT 302 — On March 4, 2020, Susan Wilson, Ray Wilson, Lori Fox, Cristal Fox, Michelle Burkhead, and Jude McConnell Were at Doris's House Changing List Price From $300,000 to $150,000 to immediately put in Jude McConnell's name:** Wilson admitted that on March 4, 2020 – the same day that Susan Wilson and Lori Fox obtained the fraudulent and forged POA document — Susan Wilson, Ray Wilson, Lori Fox, Cristal Fox, Michelle Burkhead, and Jude McConnell were at Doris's House---Changing the List Price From $300,000 to $150,000---to immediately put in Jude McConnell's name — through Wilson's failure to deny this averment — documented in PX-2, statement 31 and PX-7 and PX-8. This **establishes the simultaneous coordination, complicity, and conspiracy of the POA fraud and the real estate fraud on the same day--as an admitted adjudicative fact.**

303. **ADJUDICATIVE FACT 303 — On March 13, 2020, Lori Fox Sold Doris's House to Hey Jude, LLC., her father's LLC (Jude McConnell), for $150,000, not for** Doris's and Edward's List Price of $300,000, **Without an Independent Appraisal, and Fox fraudulently giving her father an extra $9,000 from Doris's money:** Wilson admitted that on March 13, 2020 — Lori Fox sold Doris Colgate's house to Hey Jude LLC --- owned by Fox's father---Jude McConnell --- for $150,000 — when Edward and Doris bad Doris's house listed for $300,000 —

the price Edward and Doris agreed upon — with no independent appraisal conducted — through Wilson's failure to deny this averment — documented in PX-3, Audio4, PX-7, and PX-8.

**304. ADJUDICATIVE FACT 304 — Wilson Was Complicit in Fox Using Fraud, Deceit, and Forgery---to Interfere With Edward's Contractual Rights:** Wilson admitted complicity in Fox using improper means — including fraud — deceit and forgery to interfere with Edward's contractual rights and prevent him from fulfilling his fiduciary duties — through Wilson's failure to deny this averment.

**305. ADJUDICATIVE FACT 305 — Edward's Tortious Interference Claim Is Based on Wilson's Intentional and Malicious Fraudulent Misconduct:** Wilson admitted that Edward's cause of action for tortious interference with contractual rights — including written contracts — quasi contracts — quantum meruit — equitable estoppel — and promissory estoppel — is based on Wilson's intentional and malicious misconduct — through Wilson's failure to deny this averment.

**306. ADJUDICATIVE FACT 306 — Plaintiffs' Claim of Wilson's Unjust Enrichment Is Based on Intentional and Malicious Fraudulent Misconduct — Full Damages Scope:** Wilson admitted that Plaintiffs' unjust enrichment cause of action against Wilson--- is based on Wilson's intentional and malicious fraudulent misconduct and that Plaintiffs seek compensatory — punitive — and special damages—including but not limited to--- reimbursement for all of Doris's real estate losses — all defrauded annuities — all defrauded securities — Wilson's deceptive misuse of Doris's funds — Edward's attorney fees paid on Doris's behalf — other fiduciary fees paid by Edward — and the value of real and personal property where Wilson was complicit in Plaintiffs' damages through Wilson's failure to deny this averment.

2562. **ADJUDICATIVE FACTS FROM PX-31 AND PX-32 — WILSON'S OWN TEXT MESSAGES DATED OCTOBER 9, 2019:** The adjudicative facts established from Wilson's own authenticated text messages in PX-31 and PX-32 -- dated Wednesday October 9, 2019 at 10:11 PM — sent from Susan Marie Colgate Wilson — are the following:

**307. ADJUDICATIVE FACT 307** — Wilson acknowledged in her own words on October 9, 2019 that Michelle Burkhead committed theft against Doris — specifically that Burkhead stole bank statements to cover her tracks and set up a fraudulent PayPal account attached to Doris's account causing fraudulent charges.

**308. ADJUDICATIVE FACT 308** — Wilson acknowledged in her own words that Social Services had been sent to check on Doris - establishing Wilson's awareness of Doris's vulnerability on October 9, 2019.

**309. ADJUDICATIVE FACT 309** — Wilson's response — I'm done--- Michelle is done — the accusations stop here — if you contact me again Ray will sue you — establishes Wilson's deliberate termination of communication about Burkhead's theft from Doris — and Ray Wilson's threatened use of legal intimidation, attempting to silence Edward's legitimate investigation of financial exploitation — constituting the intimidation mechanism documented throughout the complaint.

**310. ADJUDICATIVE FACT 310** — the October 9, 2019 date establishes that Wilson had knowledge of financial exploitation of Doris at least as early as October 9, 2019 — before the January 29, 2020 Affidavit — before the February 10, 2020 dementia diagnosis — and before the March 4, 2020 forged POA documents — making Wilson's subsequent actions in obtaining the March 4, 2020 documents demonstrably knowing and intentional exploitation of a vulnerable adult---whose financial exploitation Wilson had already acknowledged in writing.

2563. **PX-39 — Fox's Text Message Dated February 29 2020:** This is a text message exchange between Edward and Lori McConnell Fox — which is Lori Fox's contact name — dated 2/29/2020 at 5:48 PM.

2564. **The complete text content:** Edward's outgoing message "Per conversation with the Police, we are to let you, Lori Jude Fox and Crystal Fox know that you're being informed to **not** ever come to 410 Wisteria Avenue...in Louisville KY again...the police said today if you do, it will be considered trespassing and you will be arrested for that...Per the police showing up tomorrow or any other day you will be arrested."

2565. Fox's response — "That's OK I'm bringing my own cops tomorrow."

2566. Edward's message — "The police have stated sending you this warning is all the documentation for trespass they need..."

2567. Fox's response — "Uh huh and you can suck it too"

2568. **ADJUDICATIVE FACTS FROM PX-39 — FOX'S TEXT MESSAGE DATED FEBRUARY 29, 2020:** The adjudicative facts established from the authenticated text messages in PX-39 — dated February 29, 2020 at 5:48 PM — are the following:

**311. ADJUDICATIVE FACT 311** — Lori Fox was formally notified on February 29, 2020 by text message — following police confirmation — that she---Lori Jude Fox and Crystal Fox --- were prohibited from coming to 410 Wisteria Avenue and would be arrested for trespassing if they returned.

**312. ADJUDICATIVE FACT 312** — Fox's response — That's OK, I'm bringing my own cops tomorrow — demonstrates Fox's deliberate defiance of the police trespass warning — establishing Fox's knowing and intentional plan to return to the property the following day in

defiance of law enforcement — with the specific threat of bringing her own law enforcement contacts.

**313. ADJUDICATIVE FACT 313** — Fox's final response — Uh huh and you can suck it too — demonstrates Fox's contemptuous disregard for legal authority and for Doris's right to control access to her own property — corroborating the pattern of intimidation and coercion documented throughout the complaint.

**314. ADJUDICATIVE FACT 314** — the February 29, 2020 date — combined with the March 1, 2020 robbery and March 4, 2020 forged POA documents — establishes a three-day continuous sequence of escalating criminal misconduct beginning with Fox's defiant trespass warning response on February 29, 2020 — the robbery on March 1, 2020 — and the forged POA and fraudulent house price reduction on March 4, 2020. Wilson's complicity in this three-day sequence is admitted through CR 8.04 default.

2569. **PX-9 — Doris's Handwritten Letter Against Burkhead: Page 1 content transcribed:** "Things to tell w. Tell **Michelle** (Michelle Burkhead, Susan Wilson's daughter) **Doris:** What you did was a terrible thing because you betrayed the trust I placed in you and so I thought about reporting your stealing my money to the police, but didn't want you to have a police [record] because it is [a] federal offense [and] you would have a police record that could keep you from getting any [future] job you would [ever] want to get in the future." **Page 2 content transcribed:** "Michelle a.t.m card ---[Give] back all the check books you have to me and pay me back the money you stole. There are several charges on my bank statements for especially April[s]. [The charges] that I did not authorize. I have May's statements with all the charges"

2570. **ADJUDICATIVE FACTS FROM PX-9 — DORIS'S HANDWRITTEN LETTER AGAINST BURKHEAD:** The adjudicative facts established from Doris's authenticated handwritten letter in PX-9 — addressed to Michelle Burkhead — are the following:

**315. ADJUDICATIVE FACT 315** — Doris Colgate personally identified Michelle Burkhead as having stolen money from her — in Doris's own handwriting — establishing Doris's direct personal knowledge of Burkhead's theft from her own accounts.

**316. ADJUDICATIVE FACT 316** — Doris specifically identified unauthorized charges on her bank statements — specifically mentioning April and May statements — and demanded return of all check books and repayment of stolen money — establishing Doris's competent understanding of the specific financial harm and her specific demand for restitution.

**317. ADJUDICATIVE FACT 317** — Doris acknowledged she considered reporting the theft to police but chose not to out of concern that a police record would affect Burkhead's future employment — demonstrating Doris's clarity of thought and competent moral reasoning at the time of writing — directly establishing Doris's cognitive competence for purposes of understanding and addressing financial exploitation against her.

**318. ADJUDICATIVE FACT 318** — Doris specifically referenced a PayPal account or similar mechanism — consistent with Wilson's October 9, 2019 text message in PX-31 acknowledging Burkhead set up a fraudulent PayPal account attached to Doris's account — establishing that both Wilson and Doris independently documented the same Burkhead theft misconduct from two separate authenticated documents.

2571. **PX-10 — Doris's Affidavit Against Susan Wilson Dated January 29, 2020:** This is the formal notarized Affidavit of Doris Ann Colgate — subscribed, sworn, and acknowledged before Notary Public Colleen E. Balderson on January 29, 2020 — with commission expiring 10/9/2021

in Jefferson County, Kentucky. **Complete content verbatim:** "AFFIDAVIT OF DORIS ANN COLGATE --- Comes now Affiant, Doris Ann Colgate, and after first being duly sworn, states and deposes as follows: I want the division of my estate to be fair and equitable, and I believe the only way to do this is to leave everything in Trust. I do not want my son-in-law, Ray Wilson, to have any control of Susan Wilson's funds. Therefore, I am leaving Edward Harrison Colgate to manage and control the funds I am leaving to my daughter. I don't think my daughter, Susan Wilson, is thinking clearly. She does not understand finances. She never calls or visits me anymore. I hope this does not create a rift in our family. I love both of my children and I believe in light of Ray Wilson's actions that this is the only way to protect my assets. [Signed] Doris Ann Colgate"

2572. **ADJUDICATIVE FACTS FROM PX-10 — DORIS'S AFFIDAVIT AGAINST SUSAN WILSON DATED JANUARY 29, 2020:** The adjudicative facts established from Doris Colgate's notarized Affidavit in PX-10 — subscribed, sworn, and acknowledged before Notary Public Colleen E. Balderson on January 29, 2020 — twelve days before the February 10, 2020 dementia diagnosis — are the following:

**319. ADJUDICATIVE FACT 319** — on January 29, 2020 — Doris Colgate was sufficiently competent to execute a notarized sworn affidavit subscribed before a notary public as her voluntary act and deed — establishing legal competence for document execution on that date twelve days before the dementia diagnosis.

**320. ADJUDICATIVE FACT 320** — Doris specifically and competently expressed that she wanted the division of her estate to be fair and equitable and that she believed leaving everything in Trust was the only way to accomplish this establishing her clear estate planning intent in support of Edward's Trustee authority.

**321. ADJUDICATIVE FACT 321** — Doris specifically stated that she did not want Ray Wilson to have any control of Susan Wilson's funds — and designated Edward Harrison Colgate to manage and control those funds — establishing Doris's specific documented opposition to Ray Wilson's financial involvement and her specific designation of Edward's authority over Wilson's inheritance — on the same date the amended estate documents were executed.

**322. ADJUDICATIVE FACT 322** — Doris specifically stated that she did not think Susan Wilson was thinking clearly — that Wilson did not understand finances — and that Wilson never called or visited anymore — establishing Doris's own documented assessment of Wilson's fitness for financial responsibility as of January 29, 2020 — thirty-four days before Wilson obtained the fraudulent March 4, 2020 POA documents.

**323. ADJUDICATIVE FACT 323** — Doris specifically cited Ray Wilson's actions as the reason she needed to protect her assets — establishing Ray Wilson's role in motivating the protective estate planning — and corroborating the KRS 515.030 robbery in the second degree claim based on Ray Wilson's menacing conduct documented in the March 4, 2020 robbery.

**324. ADJUDICATIVE FACT 324** — the notary seal of Colleen E. Balderson — Notary Public State at Large Kentucky with commission expiring 10/9/2021 — authenticates the document as a formally executed sworn instrument on January 29, 2020 — making it a self-authenticating official document under KRE 902.

**325. ADJUDICATIVE FACT 325** — the January 29, 2020 date of this affidavit — combined with the February 10, 2020 dementia diagnosis and the fraudulent March 4, 2020 Wilson POA documents — establishes the critical chronological sequence admitted by Wilson through CR 8.04 default — Doris executed this affidavit against Wilson twelve days before the dementia diagnosis and thirty-four days before Wilson obtained fraudulent POA documents ---

fraudulently purporting to give Wilson the authority --- that Doris's affidavit specifically opposed.

2573. **ADJUDICATIVE FACTS — PX-6 — OFFICIAL COMMONWEALTH OF KENTUCKY CALL RESPONSE RUN REPORT — INCIDENT NUMBER 5020000057 — MARCH 1, 2020:** The adjudicative facts established from the official Call Response Run Report — Commonwealth of Kentucky — Graymoor-Devondale Police Department — Agency ORI 0565000 — Reporting Officer Christopher Lewis — Badge 1323 — Incident Number 5020000057 — are the following:

**326. Adjudicative Fact 326 — Official Government Record Establishing Robbery on March 1, 2020:** An official Commonwealth of Kentucky police report documents a theft incident at 410 Wisteria Avenue — Lyndon — Jefferson County — Kentucky 40222 — on March 1, 2020 at 3:00 PM — Call/CAD Event Number 5020000057 — Call Type THEFT — Location Type Residence Home — establishing the March 1, 2020 robbery as an officially documented law enforcement record whose accuracy cannot reasonably be questioned under FRE 201(b)(2).

**327. Adjudicative Fact 327 — Edward Colgate Identified as Washington Resident and Trustee:** The official police report identifies Edward H. Colgate — Person 1 of 4 — Reported By Victim — address 5125 NE Tower Drive — Tacoma — Washington — State WA — Zip Code 98422 — establishing Edward's Washington state residence in an official Commonwealth of Kentucky government record on March 1, 2020. This is the enterprise's own official government documentation of Edward as a Washington state resident — directly supporting personal jurisdiction under Calder-Dole Food from official records created by Kentucky authorities themselves.

**328. Adjudicative Fact 328 — Edward Identified as Trustee of Doris's Estate in Official Police Narrative:** The official police narrative states verbatim — "Mr. Colgate reports that he is the trustee of his mother's estate with a home at 410 Wisteria Ave." — establishing Edward's Trustee status in an official Commonwealth of Kentucky law enforcement record on March 1, 2020 — independently of and predating every Kentucky court proceeding — authenticated from a government record whose accuracy cannot reasonably be questioned.

**329. Adjudicative Fact 329 — Burkhead Previously Fired as Caregiver for Theft:** The official police narrative states verbatim — "Ms. Burkhead was previously a caregiver for his mother, but was fired last June for theft" — establishing Burkhead's prior termination for theft against Doris as an official government record — corroborating Wilson's own October 9, 2019 text message in PX-31---acknowledging Burkhead committed theft against Doris.

**330. Adjudicative Fact 330 — Lori Fox and Crystal Fox Identified as Offenders:** The official police report identifies Michelle Burkhead — Person 2 of 4 — as Offender. The narrative identifies Lori Fox as Burkhead's sister and Crystal Fox as Lori Fox's wife — establishing the family relationships among the offenders in an official government record.

**331. Adjudicative Fact 331 — Burkhead, Lori Fox, and Cristal Fox Were at 410 Wisteria and Perpetrated Robbery and Theft of Legal Documents, Bills, Mail, and other personal property---on March 1, 2020:** The official police narrative states verbatim — "on March 1st, both suspects were in the home on Wisteria and took legal documents and bills pertaining to his mother's estate" — establishing in an official Commonwealth of Kentucky government record that Burkhead, Lori Fox, and Cristal Fox perpetrated robbery and theft of legal documents, bills, mail, and other personal property pertaining to Edward's property and Doris's estate on March 1, 2020 — directly corroborating the robbery claim and the specific stolen items identified

throughout the complaint — including Edward's Trustee and POA documents naming Edward — Doris's Will — and documents with Edward's Social Security number.

**332. Adjudicative Fact 332 — Burkhead Used Physical Force Against Edward — Threatening Bodily Harm:** The official police narrative states verbatim — "When he tried to stop them, Ms. Burkhead shoved him with a box that she was holding. She also threatened to 'knock him out.'" — establishing physical assault and threats of bodily harm against Edward in an official Commonwealth of Kentucky government record — directly supporting the KRS 515.030 robbery in the second degree claim through the use of physical force in the course of committing theft.

**333. Adjudicative Fact 333 — Lori Fox Attempted to Flee With Stolen Legal Papers/ Documents:** The official police narrative states verbatim — "Lori Fox tried to run out with some of the papers" — establishing Fox's active participation in the theft of legal documents in an official government record.

**334. Adjudicative Fact 334 — Crystal Fox Threatened Physical Violence Against Edward:** The official police narrative states verbatim — "Crystal Fox acted like she was going to punch Mr. Colgate several times" — establishing Crystal Fox's threatening misconduct against Edward in an official government record.

**335. Adjudicative Fact 335 — Reporting Officer and Agency Identification:** Reporting Officer Christopher Lewis — Badge 1323 — Graymoor-Devondale Police Department — Agency ORI 0565000 — establishes the official law enforcement agency and officer as authenticating parties for this official government record under FRE 901(b)(7) and KRE 902 self-authentication for public records.

2574. **Preliminary Note — Lori Fox's Legally Binding CR 8.04 Admissions Support the Wilson Federal Complaint:** Before listing the adjudicative facts · Plaintiffs explain here precisely why Fox's CR 8.04 admissions from case 25-CI-001121 are relevant and supportable in the Wilson federal complaint. Wilson's CR 8.04 admissions in case 25-CI-001371 (PX-51) admit Wilson's complicity with Fox in all 30 counts. Fox's CR 8.04 admissions in case 25-CI-001121--(PX-96)---establish Fox's direct liability on those same counts. Together — the two sets of admissions from two separate cases create a mutually reinforcing admitted factual record — with Wilson admitting complicity in what Fox admitted doing directly. Including Fox's CR 8.04 admissions in the Wilson federal complaint as additional support is appropriate and strengthens the complicity, conspiracy, and enterprise pattern evidence.

2575. **The Adjudicative Facts From Paragraph 336 — PX-96 — Case 25-CI-001121:**

**336. ADJUDICATIVE FACT 336 — FOX'S CR 8.04 ADMISSION — FORGERY OF POA DOCUMENT UNDER KRS 516.020 516.030 AND 516.040:** Lori Fox admitted — through her failure to respond to Plaintiffs' complaint in Kentucky case 25-CI-001121 after legal service — that she perpetrated forgery pursuant to KRS 516.020 — KRS 516.030 — and KRS 516.040 — regarding the power of attorney document — through her failure to deny this averment. This establishes Fox's forgery of the POA document under three specific Kentucky forgery statutes as a legally binding and conclusive CR 8.04 admission in case 25-CI-001121 — admitted by Fox from her own procedural default after legal service — independently of and simultaneously with Wilson's CR 8.04 admission of complicity in that same forgery in case 25-CI-001371.

**337. ADJUDICATIVE FACT 337 — DORIS CONFIRMED ON AUDIO SHE DID NOT SIGN THE POA DOCUMENT:** Fox admitted — through her failure to deny this averment — that Doris Colgate communicated on authenticated audio recording that she did not sign Wilson's

and Fox's fraudulent power of attorney document. This is Fox's own CR 8.04 admission that Doris's authenticated audio statement — denying she signed the POA — is an established fact. Combined with Wilson's identical CR 8.04 admission of the same audio statement in case 25-CI-001371 — this adjudicative fact is now established from two independent CR 8.04 admissions in two separate Kentucky cases — Fox's case and Wilson's case — making it doubly admitted.

**338. ADJUDICATIVE FACT 338 — DORIS TOLD EDWARD IN MAY-JUNE 2020 HE WAS STILL HER POA AND TRUSTEE — INVALIDATING WILSON'S AND FOX'S FRAUDULENT AND FORGED DOCUMENT:** Fox admitted — through her failure to deny this averment — that Doris communicated in her deposition --- PX-5-page 67-lines 18-25---that she told Edward he was still her power of attorney and Trustee in May-June 2020 — directly invalidating Wilson's and Fox's power of attorney document — through her failure to deny this averment. This is the sixth independent paragraph establishing this critical chronological invalidation fact — previously admitted in paragraphs 10 and 13 of the Wilson case and in paragraphs 336 and 337 of the Wilson complaint — and now additionally admitted by Fox herself in case 25-CI-001121. The invalidation of Fox's POA document is now established from six independent admitted averments across two separate Kentucky cases and two separate defendants.

**339. ADJUDICATIVE FACT 339 — LORI FOX'S FORGERY RELATES TO UNAUTHORIZED AND FRAUDULENT LIQUIDATION OF DORIS'S ANNUITIES AND SECURITIES:** Fox admitted — through her failure to deny this averment — that her forgery relates to the unauthorized and fraudulent liquidation of Doris's annuities and securities — through her failure to deny this averment. This establishes the direct causal connection between the forged POA document and each specific annuity and securities liquidation as an admitted

adjudicative fact from Fox's own procedural default — independently establishing the same connection admitted by Wilson through CR 8.04 in the Wilson case. Fox's admission connects the forgery to the specific financial instruments — Protective Life annuity $54,013.09 — Transamerica annuity $103,000 — Washington National annuity $27,418.64 — Truist and BB&T security $101,000 — and Ingredion security more than $27,000 — all documented in PX-25 through PX-29.

**340. ADJUDICATIVE FACT 340 — FOX'S FORGERY RELATES TO SUBMISSIONS TO COURT:** Fox admitted — through her failure to deny this averment — that her forgery relates to submissions made to courts — through her failure to deny this averment. This establishes court submission forgery as an independently admitted adjudicative fact from Fox's own procedural default — simultaneously admitted by Wilson in the Wilson case — constituting fraud upon the court from two independent CR 8.04 admissions in two separate Kentucky cases.

**341. ADJUDICATIVE FACT 341— ALL FORGERY-RELATED MISCONDUCT CAUSED FINANCIAL DAMAGE TO BOTH DORIS AND EDWARD BASED ON ALL 30 CAUSES OF ACTION:** Fox admitted — through her failure to deny this averment — that the forgery and all related misconduct caused financial damage to both Doris Colgate and Edward Colgate based on all 30 causes of action in case 25-CI-001121 — through her failure to deny this averment — documented in PX-2, PX-3, PX-5, PX-25 through PX-29, PX-6, PX-10, PX-39, PX-96, PX-95.

2576. **Preliminary Note — The Triple Admission Pattern:** This is now a triple admission of the same underlying forgery facts — from three separate defendants in three separate Kentucky cases — each generating independent CR 8.04 defaults after legal service by Deputy Sheriff.

Wilson case 25-CI-001371 — Susan Wilson admitted complicity in forgery. Fox case 25-CI-001121 — Lori Fox admitted direct forgery. Ray Wilson case 25-CI-001568 — Ray Wilson admitted complicity in forgery. Three defendants — three separate cases — three independent CR 8.04 defaults — all admitting the same underlying forgery facts. This is the most comprehensive possible admission record available from the Kentucky proceedings and is genuinely extraordinary as an evidentiary foundation.

2577. **The Adjudicative Facts From Paragraphs 336 and 337 — PX-52 — Case 25-CI-001568:**

**342. ADJUDICATIVE FACT 342 — RAY WILSON'S CR 8.04 ADMISSION — FOX AND SUSAN WILSON COMMITTED FORGERY UNDER KRS 516.020 516.030 AND 516.040:** Ray Wilson admitted — through his failure to respond to Plaintiffs' complaint in Kentucky case 25-CI-001568 after legal service — that Lori Fox was complicit with Susan Wilson in perpetrating forgery pursuant to KRS 502.020 — KRS 516.020 — KRS 516.030 — and KRS 516.040 — regarding their fraudulent power of attorney document — through his failure to deny this averment. This establishes forgery of the POA document under three specific Kentucky forgery statutes as a legally binding and conclusive CR 8.04 admission from Ray Wilson — independently of and simultaneously with the identical admissions by Susan Wilson in case 25-CI-001371 and by Fox in case 25-CI-001121. Ray Wilson's admission is independently significant because Ray Wilson was present on March 4, 2020 — menacing Edward during the robbery — and his admission of the forgery from his own CR 8.04 default --- establishes the complete conspiratorial network's acknowledgment of the forgery from three independent admitted sources.

**343. ADJUDICATIVE FACT 343 — DORIS COMMUNICATED NUMEROUS TIMES ON AUDIO SHE DID NOT SIGN THE POA DOCUMENT:** Ray Wilson admitted — through his failure to deny this averment — that Doris Colgate communicated numerous times on authenticated audio recordings that she did not sign the fraudulent power of attorney document. The addition of the word numerous times in this paragraph — compared to the prior complaints — establishes from Ray Wilson's own CR 8.04 admission that Doris's denial of signing was a repeated consistent communication across multiple audio recordings — making the denial of signing established as a repeated documented pattern.

**344. ADJUDICATIVE FACT 344 — DORIS TOLD EDWARD IN MAY-JUNE 2020 HE WAS STILL HER POA AND TRUSTEE — INVALIDATING FOX'S AND WILSON'S FRAUDULENT LEGAL DOCUMENTS:** Ray Wilson admitted — through his failure to deny this averment — that Doris communicated in her deposition --- PX-5-page 67-lines 18-25 --- that she told Edward he was still her power of attorney and Trustee in May-June 2020 — directly invalidating both Fox's and Wilson's fraudulent power of attorney documents — through his failure to deny this averment. This is the seventh independent paragraph establishing this critical chronological invalidation fact — previously admitted in paragraphs 10 and 13 of the Wilson complaint — paragraphs 336 and 337 of the Wilson complaint — Fox's admission in case 25-CI-001121 — and now Ray Wilson's admission in case 25-CI-001568. The invalidation of the Fox and Wilson fraudulent POA documents is now established from seven independent admitted averments across three separate Kentucky cases and three separate defendants.

**345. ADJUDICATIVE FACT 345 — FOX AND SUSAN WILSON HAD AN INVALID POWER OF ATTORNEY — ESTABLISHED FROM PX-5 AND AUDIO RECORDINGS:**

Ray Wilson admitted — through his failure to deny this averment — that Lori Fox and her mother Susan Wilson had an invalid power of attorney — established from PX-5-page 67-lines 18-25 Audio 8 · ·Audio 11 — Audio 13 ·Audio 16 — and all of PX-2 and PX-6 and PX-25 through PX-39 — through his failure to deny this averment. This is Ray Wilson independently admitting that his own wife, Susan Wilson, had an invalid power of attorney — making the invalidity of the document admitted by the very person who participated in its fraudulent execution through menacing misconduct on March 4, 2020.

**346. ADJUDICATIVE FACT 346 — LORI FOX'S AND SUSAN WILSON'S FORGERY RELATES TO UNAUTHORIZED AND FRAUDULENT LIQUIDATION OF DORIS'S ANNUITIES AND SECURITIES:** Ray Wilson admitted · · through his failure to deny this averment — that Lori Fox's and Susan Wilson's forgery relates to the unauthorized and fraudulent liquidation of Doris's annuities and securities — through his failure to deny this averment. The addition of the word fraudulent in this paragraph — compared to the prior complaint's unauthorized — establishes from Ray Wilson's own CR 8.04 admission that the liquidations were unauthorized and fraudulent · adding the specific fraudulent character of each liquidation as a separately admitted adjudicative fact from Ray Wilson's default.

**347. ADJUDICATIVE FACT 347 —LORI FOX'S AND SUSAN WILSON'S FORGERY RELATES TO SUBMISSIONS TO COURT:** Ray Wilson admitted — through his failure to deny this averment — that Fox's and Susan Wilson's forgery relates to submissions to courts — through his failure to deny this averment — establishing court submission forgery as an admitted adjudicative fact from Ray Wilson's procedural default — the third independent defendant to admit this fact across three separate Kentucky cases.


Edward Colgate 22023 SE Wax Rd., Box 1452, Maple Valley, WA 98038, King Co.

**348. ADJUDICATIVE FACT 348— ALL FORGERY-RELATED MISCONDUCT CAUSED FINANCIAL DAMAGES TO BOTH DORIS AND EDWARD BASED ON ALL 30 COUNTS AND ALL RELIEF SOUGHT:** Ray Wilson admitted — through his failure to deny this averment — that the forgery and all related misconduct caused financial damages to both Doris Colgate and Edward Colgate based on all 30 Counts and causes of action and all relief sought — through his failure to deny this averment — documented in PX-2 — PX-3 — PX-5 — and PX-25 through PX-29. (Also see PX-10, PX-52, PX-57, PX-58.)

**349. ADJUDICATIVE FACT 349— RAY WILSON'S COMPLICITY IN PARAGRAPHS 101, 105, 118, 247, 256, 335, 336, AND 337:** Ray Wilson admitted complicity in all matters referenced in paragraphs 101 — 105 — 118 — 247 — 256 — 335 — 336 — and 337 of state complaint 25-CI-001568 — through his failure to deny this averment — establishing Ray Wilson's personal complicity in the complete factual record of those paragraphs as admitted adjudicative facts.

2578. **Preliminary Note — The Quadruple Admission Pattern:** This is now a quadruple admission of the same underlying forgery facts — from four separate defendants in four separate Kentucky cases each generating independent CR 8.04 defaults after legal service by Deputy Sheriff. Susan Wilson — case 25-CI-001371 — admitted complicity in forgery. Lori Fox — case 25-CI-001121 — admitted direct forgery. Ray Wilson — case 25-CI-001568 — admitted complicity in forgery and fraud, and admitted complicity in the invalid and fraudulent POA of Susan Wilson. Jude McConnell — case 25-CI-001795 — admitted complicity in forgery. Four defendants — four separate cases — four independent CR 8.04 defaults — all admitting the same underlying forgery facts simultaneously. This quadruple admission record establishes the forgery from the most comprehensive possible admission foundation in Kentucky civil litigation.

2579. **Jude McConnell's Specific Role — McConnell's Admission Is Independently Significant:** McConnell's specific role makes his admission uniquely significant in the following ways: McConnell is Lori Fox's father — the buyer of Doris's house, through Hey Jude, LLC --- for $150,000--- when Doris's house was listed at $300,000. McConnell is the person whose address was used for the fraudulent iPad purchase on May 12, 2020 --- and his address was used for the Citizens Bank identity theft/fraud. McConnell was present at 410 Wisteria Avenue on March 4, 2020 when Susan Wilson, Lori Fox, Ray Wilson, Cristal Fox, Michelle Burkhead, and others changed the locks and the house list price from $300,000 to $150,000 --- on the same day the forged POA documents were executed. McConnell's CR 8.04 admission of the forgery is an admission by the person who directly benefited from the real estate transaction --- that the forged POA enabled — making his admission simultaneously establish both the forgery and the fraudulent real estate transaction as a connected admitted scheme/fraud. Wilson, in complicity with Fox, fraudulently paid McConnell another $9,000 from Doris's assets --- for his part in carrying out this fraud---defrauding Doris again --- so that all co-conspirators could unjustly benefit.

2580. **The Adjudicative Facts From Paragraphs 336 and 337 — Case 25-CI-001795:**

**350. ADJUDICATIVE FACT 350 — JUDE McCONNELL'S CR 8.04 ADMISSION — LORI FOX AND SUSAN WILSON COMMITTED FORGERY UNDER KRS 516.020 516.030 AND 516.040:** McConnell admitted — through his failure to respond to Plaintiffs' complaint in Kentucky case 25-CI-001795 after legal service — that Lori Fox was complicit with Susan Wilson in perpetrating forgery pursuant to KRS 502.020 — KRS 516.020 — KRS 516.030 — and KRS 516.040 — regarding the fraudulent power of attorney document — through his failure to deny this averment. This establishes forgery of the POA document under

three specific Kentucky forgery statutes as a legally binding and conclusive CR 8.04 admission from McConnell — independently of and simultaneously with the identical admissions by Susan Wilson in case 25-CI-001371 — Fox in case 25-CI-001121 — and Ray Wilson in case 25-CI-001568. McConnell's admission is independently significant because he is the direct financial beneficiary of the real estate fraud the forged POA enabled — his admission of the forgery is therefore simultaneously an admission of the fraudulent real estate transaction's connection to the forged POA.

**351. ADJUDICATIVE FACT 351 — DORIS COMMUNICATED NUMEROUS TIMES ON AUDIO SHE DID NOT SIGN THE FRAUDULENT POA DOCUMENT WITH WILSON'S AND FOX'S FORGED NAMES ON IT — FOURTH INDEPENDENT DEFENDANT ADMISSION:** McConnell admitted — through his failure to deny this averment — that Doris Colgate communicated numerous times on authenticated audio recordings that she did not sign the fraudulent power of attorney document. This is the fourth independent defendant to admit Doris's audio denials of signing — Susan Wilson — Fox — Ray Wilson — and now McConnell — all admitting the same audio evidence from four separate CR 8.04 defaults in four separate cases — making Doris's audio denials established from four simultaneous independent admitted sources.

**352. ADJUDICATIVE FACT 352 — DORIS TOLD EDWARD IN MAY-JUNE 2020 HE WAS STILL HER POA AND TRUSTEE — INVALIDATING FOX'S AND WILSON'S DOCUMENTS — EIGHTH INDEPENDENT ADMISSION:** McConnell admitted — through his failure to deny this averment — that Doris communicated in her deposition --- PX-5, page 67, lines 18-25--- that she told Edward he was still her power of attorney and Trustee in May-June 2020 — directly invalidating Fox's and Wilson's fraudulent power of attorney

documents. This is the eighth independent paragraph establishing this critical chronological invalidation fact — previously admitted across Susan Wilson's four paragraphs — Fox's two paragraphs — Ray Wilson's paragraph — and now McConnell's paragraph — across four separate Kentucky cases and four separate defendants. The invalidation of the Fox and Wilson fraudulent POA documents is now established from eight independent admitted averments.

**353. ADJUDICATIVE FACT 353 — FOX AND SUSAN WILSON HAD AN INVALID AND FRAUDULENT POWER OF ATTORNEY DOCUMENT — ESTABLISHED FROM PX-5 AND AUDIO RECORDINGS — FOURTH DEFENDANT ADMISSION:** McConnell admitted — through his failure to deny tbis averment — that Lori Fox and Susan Wilson had an invalid power of attorney — established from PX-5-page 67-lines 18-25 — PX-3--Audio 8 — Audio 11 — Audio 13 — Audio 16 — and all of PX-2 and PX-6 and PX-25 through PX-39, PX-10. McConnell — who purchased Doris's house through Hey Jude, LLC — using the fraudulent authority that the forged POA fraudulently purportedly enabled — admitted that the POA was invalid. The buyer of Doris's house admitting the invalidity of the legal authority that enabled the sale is the most direct possible admission of the real estate transaction's fraudulent foundation.

**354. ADJUDICATIVE FACT 354— FOX'S AND SUSAN WILSON'S FORGERY RELATES TO UNAUTHORIZED AND FRAUDULENT LIQUIDATION OF DORIS'S ANNUITIES AND SECURITIES:** McConnell admitted — through his failure to deny this averment — that Fox's and Susan Wilson's forgery relates to the unauthorized and fraudulent liquidation of Doris's annuities and securities documented in PX-25 through PX-29. This is the fourth independent defendant to admit the connection between the forged POA and the specific fraudulent annuity and securities liquidations.


Edward Colgate 22023 SE Wax Rd., Box 1452, Maple Valley, WA 98038, King Co.

355. **ADJUDICATIVE FACT 355 — FOX'S AND SUSAN WILSON'S FORGERY RELATES TO SUBMISSIONS TO COURT:** McConnell admitted — through his failure to deny this averment — that Fox's and Susan Wilson's forgery relates to submissions to courts — establishing court submission forgery as an admitted adjudicative fact from McConnell's procedural default — the fourth independent defendant to admit this fact across four separate Kentucky cases.

356. **ADJUDICATIVE FACT 356 — ALL FORGERY-RELATED MISCONDUCT CAUSED FINANCIAL DAMAGES TO BOTH DORIS AND EDWARD BASED ON ALL 30 COUNTS AND ALL RELIEF SOUGHT:** McConnell admitted — through his failure to deny this averment — that the forgery and all related misconduct caused financial damages to both Doris Colgate and Edward Colgate based on all 30 Counts and causes of action and all relief sought — documented in PX-2 — PX-3 — PX-5 — and PX-25 through PX-29.

357. **ADJUDICATIVE FACT 357— McCONNELL'S COMPLICITY IN PARAGRAPHS 101, 105, 118, 247, 256, 335, 336, AND 337:** McConnell admitted complicity in all matters referenced in paragraphs 101 — 105 — 118 — 247 — 256 — 335 — 336 — and 337 of state complaint 25-CI-001795 — through his failure to deny this averment — establishing McConnell's personal complicity in the complete factual record of those paragrapbs as admitted adjudicative facts.

2581. **Preliminary Note — The Quintuple Admission Pattern and the Entity Admission**

This is now a qnintuple admission of the same underlying forgery facts — from five separate defendants across five separate Kentucky cases each generating independent CR 8.04 defaults after legal service by Deputy Sheriff. Susan Wilson — case 25-CI-001371 — admitted complicity in forgery. Lori Fox — case 25-CI-001121 — admitted direct forgery. Ray Wilson —

case 25-CI-001568 — admitted complicity and invalidity of Susan Wilson's POA. Jude McConnell — case 25-CI-001795 — admitted complicity in fraud as a direct real estate buyer and admitted the invalid and fraudulent POA obtained by Wilson and Fox. Hey Jude LLC — case 25-CI-001796 admitted complicity as the entity through which the fraudulent real estate transaction was executed, using Lori Fox's and Susan Wilson's fraudulent and forged POA documents.

2582. The Hey Jude, LLC admission adds a critically distinct dimension not present in any of the four prior admissions. This is a legal entity's CR 8.04 default. Hey Jude, LLC is the corporate entity that purchased Doris's house. Its admission that the POA enabling that purchase was forged, fraudulent, and invalid is a corporate entity's own admitted acknowledgment --- that the real estate transaction it executed --- was built on a forged, fraudulent, and invalid legal foundation.

2583. **The Adjudicative Facts From Paragraph 336 — Case 25-CI-001796 (PX-54):**

**358. ADJUDICATIVE FACT 358 — HEY JUDE, LLC'S CR 8.04 ADMISSION — FOX AND SUSAN WILSON COMMITTED FORGERY UNDER KRS 516.020 516.030 AND 516.040:** Hey Jude LLC admitted — through its failure to respond to Plaintiffs' complaint in Kentucky case 25-CI-001796 after legal service — that Lori Fox was complicit with Susan Wilson in perpetrating forgery pursuant to KRS 502.020 — KRS 516.020 — KRS 516.030 — and KRS 516.040 — regarding the fraudulent power of attorney document — through its failure to deny this averment. This establishes forgery of the POA document under three specific Kentucky forgery statutes as a legally binding and conclusive CR 8.04 admission from Hey Jude, LLC — the corporate entity that executed the fraudulent purchase of Doris's house — independently of and simultaneously with the identical admissions by four prior defendants

across four separate cases. Hey Jude, LLC's corporate admission of the forgery is independently significant because it is a legal entity's own acknowledged admission that the transaction it executed –– the March 13, 2020 fraudulent purchase of Doris's house for $150,000---instead of the list price of $300,000 — was built on a forged, fraudulent, and invalid legal foundation — making the corporate entity itself an admitted participant in the fraudulent real estate transaction---intentionally using Wilson's and Fox's fraudulent and forged POA document.

**359. ADJUDICATIVE FACT 359 — DORIS COMMUNICATED NUMEROUS TIMES ON AUDIO SHE DID NOT SIGN THE POA DOCUMENT — FIFTH INDEPENDENT DEFENDANT ADMISSION:** Hey Jude LLC admitted — through its failure to deny this averment — that Doris Colgate communicated numerous times on authenticated audio recordings that she did not sign the power of attorney document. This is the fifth independent defendant — including one legal entity — to admit Doris's audio denials of signing the fraudulent POA---across five separate CR 8.04 defaults in five separate cases — making Doris's audio denials established from five simultaneous independent admitted sources --- including a corporate entity's own admission.

**360. ADJUDICATIVE FACT 360— DORIS TOLD EDWARD IN MAY-JUNE 2020 HE WAS STILL HER POA AND TRUSTEE — INVALIDATING FOX'S AND WILSON'S DOCUMENTS — NINTH INDEPENDENT ADMISSION:** Hey Jude LLC admitted — through its failure to deny this averment — that Doris communicated in her deposition ---PX-5, page 67-lines 18-25 --- that she told Edward he was still her power of attorney and Trustee in May-June 2020 — directly invalidating Fox's and Wilson's fraudulent power of attorney documents. This is the ninth independent paragraph establishing this critical chronological invalidation fact — now admitted across four individual defendants and one corporate entity in

five separate Kentucky cases. The invalidation of the Fox and Wilson fraudulent POA documents is now established from nine independent admitted averments across five defendants and five separate cases.

**361. ADJUDICATIVE FACT 361— FOX AND SUSAN WILSON HAD AN INVALID, FRAUDULENT, AND FORGED POWER OF ATTORNEY DOCUMENT — FIFTH DEFENDANT ADMISSION INCLUDING CORPORATE ENTITY:** Hey Jude LLC admitted — through its failure to deny this averment — that Lori Fox and Susan Wilson had an invalid, fraudulent, and forged power of attorney document — established from PX-5, page 67, lines 18-25 — Audio 8 — Audio 11 — Audio 13 — Audio 16 — and all of PX-2 and PX-6 and PX-25 through PX-39. Hey Jude, LLC — the corporate entity that purchased Doris's house through that invalid, fraudulent, and forged authority — admitted the invalid, fraudulent, and forged authority that enabled its own purchase. A corporate buyer admitting the invalidity, fraudulent, and forged seller's authority is the most direct possible corporate admission --- that the real estate transaction itself was fraudulent and void/void ab initio--from its legal foundation.

**362. ADJUDICATIVE FACT 362— FOX'S AND WILSON'S FORGERY RELATES TO UNAUTHORIZED AND FRAUDULENT LIQUIDATION OF DORIS'S ANNUITIES AND SECURITIES:** Hey Jude LLC admitted — through its failure to deny this averment — that Fox's and Wilson's forgery relates to the unauthorized and fraudulent liquidation of Doris's annuities and securities — documented in PX-25 through PX-29. This is the fifth independent defendant to admit the connection between the forged POA and the specific annuity and securities liquidations — now including a corporate entity's admission of that connection.

**363. ADJUDICATIVE FACT 363 — FOX'S AND WILSON'S FORGERY RELATES TO SUBMISSIONS TO COURT:** Hey Jude LLC admitted — through its failure to deny this

averment --- that Fox's and Wilson's forgery relates to submissions to courts — establishing court submission forgery as an admitted adjudicative fact from Hey Jude, LLC's substantive procedural default — the fifth independent defendant to admit this fact across five separate Kentucky cases.

**364. ADJUDICATIVE FACT 364 — ALL FORGERY-RELATED MISCONDUCT CAUSED FINANCIAL DAMAGES TO BOTH DORIS AND EDWARD BASED ON ALL 30 COUNTS AND ALL RELIEF SOUGHT:** Hey Jude LLC admitted — through its failure to deny this averment — that the forgery and all related misconduct caused financial damages to both Doris Colgate and Edward Colgate based on all 30 Counts and causes of action and all relief sought — documented in PX-2 — PX-3 — PX-5 — and PX-25 through PX-29.

**365. ADJUDICATIVE FACT 365 — HEY JUDE, LLC'S COMPLICITY IN PARAGRAPHS 101, 105, 118, 247, 256, 335, AND 336:** Hey Jude, LLC admitted complicity — in all matters referenced in paragraphs 101 — 105 — 118 — 247 — 256 — 335---and 336 of state complaint 25-CI-001796 — through its failure to deny this averment — establishing Hey Jude, LLC's corporate complicity --- in the complete factual record of those paragraphs --- as admitted adjudicative facts. Note: Therein said complaint, Plaintiffs state that when McConnell is cited---that McConnell and Hey Jude, LLC can be used interchangeably ---since the complaint is v. Hey Jude, LLC.

**366. ADJUDICATIVE FACT 366--- The Hey Jude LLC Corporate Entity — Additional Specific Significance:** Hey Jude, LLC's admission generates one additional adjudicative fact not present in any prior defendant's admissions — specifically the corporate entity dimension. Hey Jude, LLC — the corporate entity through which Jude McConnell executed the March 13, 2020 purchase of Doris Colgate's house at 410 Wisteria Avenue for $150,000 — admitted

through its own CR 8.04 default that the power of attorney enabling that purchase was forged and invalid. A corporate entity's admission that the legal authority enabling its own purchase transaction was forged and invalid is a corporate self-invalidation of the transaction itself — making the Hey Jude, LLC'S purchase of Doris's house void from its legal foundation — admitted by the purchasing entity's own procedural default — independently of every other source establishing the same conclusion. The real estate transaction is therefore void and/or void ab initio, and the $159,000 in real estate fraud damages is established from the purchasing entity's own CR 8.04 admission of the forged foundation — in addition to all four prior defendants' admissions of the same forgery.

2584. **Adjudicative Facts From Paragraphs 23 and 24 — Case 25-CI-001568:**

**367. ADJUDICATIVE FACT 367 — SEPARATE TRIALS ARE NECESSARY TO AVOID PREJUDICE UNDER CR 42.02:** Ray Wilson admitted that separate trials are necessary to avoid prejudice to Plaintiffs under CR 42.02 — through his failure to deny this averment. This is the second independent defendant to admit separate trial necessity — Susan Wilson having admitted the same in the Susan Wilson complaint — making separate trial necessity established from two independent CR 8.04 defaults in two separate Kentucky cases.

**368. ADJUDICATIVE FACT 368— CONSOLIDATION OF DEFENDANTS DOES NOT APPLY — DIFFERENT ASPECTS AND DIFFERENT WAYS:** Ray Wilson admitted that consolidation of defendants does not apply — based on different aspects — in different ways — related to claims against Ray Wilson personally — in addition to complicity claims — pursuant to CR 42.01 since different defendants have different common questions of law — different facts — different occurrences — and different transactions — through his failure to deny this averment. This admission directly supports the structure of the federal complaints — filing

separate complaints against separate defendants rather than consolidating — with the defendants themselves admitting that consolidation is inappropriate.

2585. **Adjudicative Facts From Paragraph 346 — Case 25-CI-001568 — Sum Certain Damages:**

**369. ADJUDICATIVE FACT 369— RAY WILSON ADMITTED COMPLICITY IN DEFRAUDING DORIS OF ALL FIVE FINANCIAL INSTRUMENTS — TOTAL $312,431.73:** Ray Wilson admitted — through his failure to deny paragraph 346 subsection 2 — complicity in defrauding Doris by liquidating in their entirety the following specific financial instruments — establishing each as an independently admitted sum certain from Ray Wilson's own CR 8.04 default. Protective Life Annuity — $54,013.09 — admitted. Transamerica Annuity — $103,000 or more — liquidated August 2024 — admitted. Washington National Annuity — $27,418.64 or more — floor amount dated January 18, 2016 — admitted. Truist and BB&T Security — $101,000 or more — late 2024 — admitted. Ingredion Security — more than $27,000 — admitted. Total annuities and securities — $312,431.73 — admitted. This is the second independent defendant to admit the specific $312,431.73 aggregate annuities and securities figure — Susan Wilson having admitted the same amount in case 25-CI-001371 — making this specific sum certain established from two independent CR 8.04 defaults by two separate defendants in two separate Kentucky cases.

**370. ADJUDICATIVE FACT 370— RAY WILSON ADMITTED REAL ESTATE FRAUD DAMAGES OF $159,000:** Ray Wilson admitted — through his failure to deny paragraph 346 subsection 2 — the $159,000 real estate fraud damages — established from the sale of Doris's house — listed at $300,000 — to Hey Jude LLC — for $150,000 minus $9,000 commission —

through his failure to deny this averment. This is the second independent defendant to admit this specific real estate fraud damages amount.

**371. ADJUDICATIVE FACT 371— RAY WILSON ADMITTED DORIS'S PERSONAL PROPERTY DAMAGES OF $8,615:** Ray Wilson admitted special damages of $8,615 for Doris's personal property — documented in PX-4 — through his failure to deny this averment. Second independent defendant admission of this specific sum certain.

**372. ADJUDICATIVE FACT 372— RAY WILSON ADMITTED DORIS'S $10,000 PROMISSORY NOTE:** Ray Wilson admitted Doris's $10,000 loan to Susan Wilson — documented in PX-15 — through his failure to deny this averment. Second independent defendant admission of this specific sum certain.

**373. ADJUDICATIVE FACT 373 — RAY WILSON ADMITTED TOTAL OF $490,046.73 FOR DORIS'S SPECIAL DAMAGES:** Ray Wilson admitted total special damages of $490,046.73 for Doris Colgate — through his failure to deny this averment — establishing this specific aggregate sum as an admitted adjudicative fact from Ray Wilson's own CR 8.04 default — independently confirming the identical amount admitted by Susan Wilson in case 25-CI-001371. This specific total is now established from two independent CR 8.04 defaults by two separate defendants in two separate Kentucky cases.

**374. ADJUDICATIVE FACT 374— RAY WILSON ADMITTED EDWARD'S SPECIAL DAMAGES — REGARDING ATTORNEY FEES OF $40,433.68:** Ray Wilson admitted special damages of $40,433.68 in attorney fees paid by Edward Colgate to recover damages for Doris from harm caused by Ray Wilson's complicity — documented in PX-24 — through his failure to deny this averment. Second independent defendant admission of this specific sum certain.

**375. ADJUDICATIVE FACT 375 — RAY WILSON ADMITTED EDWARD'S PERSONAL PROPERTY DAMAGES OF $5,025:** Ray Wilson admitted special damages of $5,025 for Edward's personal property — documented in PX-11 — through his failure to deny this averment. Second independent defendant admission of this specific sum certain.

**376. ADJUDICATIVE FACT 376 — RAY WILSON ADMITTED EDWARD'S FIDUCIARY REIMBURSEMENT OF $735:** Ray Wilson admitted special damages of $735 for Edward's Alamo car rental van reimbursement as Trustee and POA for Doris — starting February 15, 2020 — for acting in his fiduciary duties to get Doris's house ready for sale — through his failure to deny this averment. This is the second independent defendant to admit this specific sum certain — and the admission simultaneously establishes Edward's active Trustee and POA role on February 15, 2020 from Ray Wilson's own CR 8.04 default.

**377. ADJUDICATIVE FACT 377 — RAY WILSON ADMITTED EDWARD'S IDENTITY THEFT REIMBURSEMENT OF $3,945:** Ray Wilson admitted special damages of $1,445 and $2,500 — totaling $3,945 — for Edward's identity theft and fraud reimbursement — through his failure to deny this averment. Second independent defendant admission of this specific sum certain.

**378. ADJUDICATIVE FACT 378— RAY WILSON ADMITTED TOTAL SPECIAL DAMAGES OF $50,138.68 FOR EDWARD:** Ray Wilson admitted total special damages of $50,138.68 for Edward Colgate — through his failure to deny this averment — establishing this specific aggregate sum from Ray Wilson's own CR 8.04 default — independently confirming the identical amount admitted by Susan Wilson in case 25-CI-001371. This specific total is now established from two independent CR 8.04 defaults by two separate defendants in two separate Kentucky cases.

**379. ADJUDICATIVE FACT 379— RAY WILSON ADMITTED THE FRAUDULENT $9,000 BROKERAGE COMMISSION WRONGFULLY PAID:** Ray Wilson admitted liability to repay to Doris the fraudulent $9,000 brokerage commission — wrongfully paid — through his failure to deny this averment. Second independent defendant admission of this specific sum certain.

**380. ADJUDICATIVE FACT 380— RAY WILSON ADMITTED LIABILITY FOR DORIS'S FURNITURE AND BABY GRAND PIANO:** Ray Wilson admitted liability for monetary damages sufficient to compensate Doris for loss of her money and personal property that were wrongfully, illegally, and fraudulently acquired by Ray Wilson, Susan Wilson, Lori Fox, Cristal Fox, Michelle Burkhead, Jude McConnell — including but not limited to all of Doris's furniture and her baby grand piano — through his failure to deny this averment — documented in PX-4 for special damages of $8,615.

**381. ADJUDICATIVE FACT 381 — RAY WILSON ADMITTED ROBBERY OF EDWARD AND TORTIOUS INTERFERENCE WITH CONTRACTUAL RIGHTS:** Ray Wilson admitted liability for monetary damages sufficient to compensate Edward for loss of money and personal property wrongfully acquired through robbery of Edward — through deception of Doris — and through tortious interference with Doris and Edward's contractual rights — including reimbursement of Edward's attorney fees to which Doris agreed — through his failure to deny this averment. This establishes robbery — deception — and tortious interference as three simultaneous independent bases for Ray Wilson's personal liability from his own CR 8.04 default.

**382. ADJUDICATIVE FACT 382— RAY WILSON ADMITTED TIME AND ENERGY DAMAGES FOR EDWARD:** Ray Wilson admitted liability for Edward's lost interest — and

time and energy for working to recover damages for harm caused to Doris and Edward — in addition to the $40,433.68 attorney fees — through his failure to deny this averment. This is the second independent defendant to admit time and energy damages — Susan Wilson having admitted the same in case 25-CI-001371 — making time and energy damages established from two independent CR 8.04 defaults by two separate defendants.

2586. **Adjudicative Facts From Paragraphs 23 and 24 — Case 25-CI-001795:**

**383. ADJUDICATIVE FACT 383— SEPARATE TRIALS ARE NECESSARY TO AVOID PREJUDICE — THIRD INDEPENDENT DEFENDANT ADMISSION:** McConnell admitted that separate trials are necessary to avoid prejudice to Plaintiffs under CR 42.02 — through his failure to deny this averment. This is the third independent defendant to admit separate trial necessity — Susan Wilson in case 25-CI-001371 and Ray Wilson in case 25-CI-001568 having admitted the same — making separate trial necessity established from three independent CR 8.04 defaults by three separate defendants in three separate Kentucky cases.

**384. ADJUDICATIVE FACT 384— CONSOLIDATION OF DEFENDANTS DOES NOT APPLY — THIRD INDEPENDENT DEFENDANT ADMISSION:** McConnell admitted that consolidation of defendants does not apply — based on different aspects in different ways related to claims against McConnell personally — in addition to complicity claims — pursuant to CR 42.01 since different defendants have different common questions of law — facts — occurrences — and transactions — through his failure to deny this averment. Third independent defendant to admit consolidation inapplicability — making this procedural fact established from three separate CR 8.04 defaults in three separate cases.

2587. **Adjudicative Facts From Paragraph 346 — Case 25-CI-001795:**

**385. ADJUDICATIVE FACT 385 — McCONNELL ADMITTED DIRECT LIABILITY AND KRS 502.020 COMPLICITY FOR ALL RELIEF:** McConnell admitted both direct liability and complicity under KRS 502.020 for all relief sought — incorporating all 30 Counts and Causes of Action — through his failure to deny this averment — establishing dual liability as an admitted adjudicative fact from McConnell's own CR 8.04 default.

**386. ADJUDICATIVE FACT 386 — McCONNELL ADMITTED ALL CATEGORIES OF RELIEF — SPECIAL, COMPENSATORY, CONSEQUENTIAL, PUNITIVE, DECLARATORY, AND INJUNCTIVE RELIEF:** McConnell admitted that Plaintiffs are entitled to special damages — compensatory damages — consequential damages — punitive damages — declaratory relief — and injunctive relief — through his failure to deny this averment establishing all six categories of relief as admitted adjudicative facts from McConnell's own substantive procedural default.

**387. ADJUDICATIVE FACT 387 — McCONNELL ADMITTED COMPLICITY IN DEFRAUDING DORIS OF ALL FIVE FINANCIAL INSTRUMENTS — TOTAL $312,431.73 — THIRD INDEPENDENT DEFENDANT ADMISSION:** McConnell admitted complicity in defrauding Doris by liquidating in their entirety the following specific financial instruments — establishing each as an independently admitted sum certain from McConnell's own CR 8.04 default — the third independent defendant to admit these specific figures. Protective Life Annuity — $54,013.09 — third independent admission. Transamerica Annuity — $103,000 or more — liquidated August 2024 — third independent admission. Washington National Annuity — $27,418.64 or more — floor amount dated January 18 2016 — third independent admission. Truist and BB&T Security — $101,000 or more — late 2024 — third

independent admission. Ingredion Security — more than $27,000 — third independent admission. Total annuities and securities — $312,431.73 — third independent admission.

**388. ADJUDICATIVE FACT 388 — McCONNELL ADMITTED REAL ESTATE FRAUD DAMAGES OF $159,000 — THIRD INDEPENDENT ADMISSION:** McConnell admitted the $159,000 real estate fraud damages — established from the sale of Doris's house, which was listed at $300,000 — through his failure to deny this averment. Third independent defendant admission of this specific real estate fraud damages amount — McConnell being simultaneously the buyer through Hey Jude, LLC --- who admits the fraudulent foundation of his own purchase.

**389. ADJUDICATIVE FACT 389 — McCONNELL ADMITTED DORIS'S PERSONAL PROPERTY DAMAGES OF $8,615 — INCLUDING BUT NOT LIMITED TO FURNITURE AND BABY GRAND PIANO—THIRD INDEPENDENT ADMISSION:** McConnell admitted special damages of $8,615 for Doris's personal property — documented in PX-4 — including but not limited to all of Doris's furniture and her baby grand piano — through his failure to deny this averment. Third independent defendant admission of this specific sum certain.

**390. ADJUDICATIVE FACT 390 — McCONNELL ADMITTED DORIS'S $10,000 LOAN TO McCONNELL PERSONALLY — NEW ADMISSION:** McConnell admitted Doris's $10,000 loan to McConnell personally — documented in PX-15 — through his failure to deny this averment. This is a new and distinct admission not present in the Susan Wilson version of this damages paragraph — establishing that the $10,000 promissory note was a personal loan from Doris to McConnell specifically — making McConnell personally liable for the $10,000 promissory note independently of Wilson's liability for the same amount.

**391. ADJUDICATIVE FACT 391 — McCONNELL ADMITTED TOTAL OF $490,046.73 FOR SPECIAL DAMAGES TO DORIS — THIRD INDEPENDENT ADMISSION:** McConnell admitted total special damages of $490,046.73 for Doris Colgate — through his failure to deny this averment — establishing this specific aggregate sum from McConnell's own CR 8.04 default — the third independent defendant to admit this total. This specific total is now established from three independent CR 8.04 defaults by three separate defendants in three separate Kentucky cases.

**392. ADJUDICATIVE FACT 392— McCONNELL ADMITTED SPECIAL DAMAGES REGARDING EDWARD'S ATTORNEY FEES OF $40,433.68 — THIRD INDEPENDENT ADMISSION:** McConnell admitted special damages of $40,433.68 in attorney fees paid by Edward Colgate to recover damages for Doris from harm caused by McConnell's deceptive actions — documented in PX-24 — through his failure to deny this averment. Third independent defendant admission of this specific sum certain.

**393. ADJUDICATIVE FACT 393 — McCONNELL ADMITTED EDWARD'S PERSONAL PROPERTY DAMAGES OF $5,025 — THIRD INDEPENDENT ADMISSION:** McConnell admitted special damages of $5,025 for Edward's personal property — documented in PX-11 — through his failure to deny this averment. Third independent defendant admission of this specific sum certain.

**394. ADJUDICATIVE FACT 394 — McCONNELL ADMITTED EDWARD'S FIDUCIARY REIMBURSEMENT OF $735 AND EDWARD'S TRUSTEE AND POA STATUS ON FEBRUARY 15, 2020:** McConnell admitted special damages of $735 for Edward's Alamo car rental van reimbursement as Trustee and POA for Doris — starting February 15, 2020 — for acting in his fiduciary duties to get Doris's house ready for sale — and that

McConnell's actions were complicit in preventing that reimbursement — through his failure to deny this averment. Third independent defendant admission of this specific sum certain — and third independent defendant to admit Edward's Trustee and POA status on February 15, 2020.

**395. ADJUDICATIVE FACT 395 — McCONNELL ADMITTED EDWARD'S IDENTITY THEFT REIMBURSEMENT OF $3,945 — THIRD INDEPENDENT ADMISSION:** McConnell admitted special damages of $1,445 and $2,500 — totaling $3,945 — for Edward's identity theft and fraud reimbursement — through his failure to deny this averment. Third independent defendant admission of this specific sum certain.

**396. ADJUDICATIVE FACT 396— McCONNELL ADMITTED TOTAL OF $50,138.68 IN SPECIAL DAMAGES FOR EDWARD — THIRD INDEPENDENT ADMISSION:** McConnell admitted total special damages of $50,138.68 for Edward Colgate — through his failure to deny this averment — the third independent defendant to admit this specific aggregate sum. This total is now established from three independent CR 8.04 defaults by three separate defendants in three separate Kentucky cases.

**397. ADJUDICATIVE FACT 397— McCONNELL ADMITTED THE FRAUDULENT $9,000 BROKERAGE COMMISSION WAS WRONGFULLY AND FRAUDULENTLY PAID TO McCONNELL PERSONALLY — NEW SPECIFIC ADMISSION:** McConnell admitted liability to repay the $9,000 brokerage commission to Doris — and admitted that commission was wrongfully and fraudulently paid to him personally — through his failure to deny this averment. The addition of "to him" in this paragraph — not present in other defendants' versions — establishes from McConnell's own CR 8.04 default that he personally received the $9,000 brokerage commission from the fraudulent sale — making McConnell **both the buyer through Hey Jude, LLC and the personal recipient of the fraudulent commission** — a

double financial benefit from the same fraudulent transaction admitted from his own procedural default.

**398. ADJUDICATIVE FACT 398— McCONNELL ADMITTED LIABILITY FOR CLOSING COSTS AND EXPENSES OF THE SALE:** McConnell admitted liability to repay closing costs and expenses of the real estate sale — through his failure to deny this averment — amounts computable from closing documents — third independent defendant to admit this category of liability.

**399. ADJUDICATIVE FACT 399— McCONNELL ADMITTED ROBBERY OF EDWARD — DECEPTION OF DORIS — AND TORTIOUS INTERFERENCE WITH CONTRACTUAL RIGHTS — THIRD INDEPENDENT ADMISSION:** McConnell admitted liability for monetary damages sufficient to compensate Edward for loss of money and personal property wrongfully caused and/or acquired through robbery of Edward — through deception of Doris — and through tortious interference with Doris and Edward's contractual rights — including reimbursement of attorney fees to which Doris agreed — through his failure to deny this averment. Third independent defendant to admit robbery — deception — and tortious interference as three simultaneous independent bases for liability from a separate CR 8.04 default.

**400. ADJUDICATIVE FACT 400— McCONNELL ADMITTED TIME AND ENERGY DAMAGES FOR EDWARD — THIRD INDEPENDENT ADMISSION:** McConnell admitted liability for Edward's lost interest and time and energy for working to recover damages for harm caused to Doris and to Edward — in addition to the $40,433.68 attorney fees — through his failure to deny this averment. Third independent defendant to admit time and energy

damages — making this category established from three independent CR 8.04 defaults by three separate defendants.

2588. **Adjudicative Facts From Paragraphs 23 and 24 — Case 25-CI-001796:**

**401. ADJUDICATIVE FACT 401 — SEPARATE TRIALS ARE NECESSARY TO AVOID PREJUDICE — FOURTH INDEPENDENT DEFENDANT ADMISSION, INCLUDING CORPORATE ENTITY:** Hey Jude LLC admitted that separate trials are necessary to avoid prejudice to Plaintiffs under CR 42.02 — through its failure to deny this averment. This is the fourth independent defendant — including one corporate entity — to admit separate trial necessity across four separate Kentucky cases — making separate trial necessity established from four independent CR 8.04 defaults by four separate defendants.

**402. ADJUDICATIVE FACT 402— CONSOLIDATION DOES NOT APPLY — FOURTH INDEPENDENT ADMISSION, INCLUDING CORPORATE ENTITY:** Hey Jude LLC admitted that consolidation of defendants does not apply — based on different aspects in different ways of facts — since different defendants have different common questions of law, facts, occurrences, or transactions. — pursuant to CR 42.01 — through its failure to deny this averment. Fourth independent defendant including corporate entity to admit consolidation inapplicability.

2589. **Adjudicative Facts From Paragraph 342:**

**403. ADJUDICATIVE FACT 403— CONVERSION DOES NOT APPLY — FOURTH INDEPENDENT ADMISSION:** Hey Jude LLC admitted that conversion does not apply based on the framework of the causes of action — through its failure to deny this averment. This is the fourth independent defendant to admit conversion inapplicability — Susan Wilson having admitted the same in case 25-CI-001371 — making conversion inapplicability established from

four independent CR 8.04 defaults including one corporate entity. (KRS 446.070 was/is used for criminal to civil conversion, and not the basic common law of conversion.)

2590. **Adjudicative Facts From Paragraph 343:**

**404. ADJUDICATIVE FACT 404 — KRS 209.050 IMMUNITY APPLIES TO PLAINTIFFS — FOURTH INDEPENDENT ADMISSION INCLUDING CORPORATE ENTITY:** Hey Jude LLC admitted that KRS 209.050--immunity from civil or criminal liability--- applies to Plaintiffs — having acted upon reasonable cause in making reports and investigations regarding elder abuse — through its failure to deny this averment. This is the fourth independent defendant — including one corporate entity — to admit KRS 209.050 immunity applies to Plaintiffs — making Plaintiffs' reporting immunity established from four independent CR 8.04 defaults simultaneously.

2591. **Adjudicative Facts From Paragraph 344:**

**405. ADJUDICATIVE FACT 405— DORIS RELIED UPON McCONNELL'S COMPLICITY WITH FOX'S FALSE STATEMENTS:** Hey Jude LLC admitted — through its failure to deny this averment — that Doris relied upon McConnell's complicity with Fox's false statements — establishing McConnell's complicity as the specific reliance mechanism that harmed Doris — as a corporate entity's admission of its principal's fraudulent misconduct.

**406. ADJUDICATIVE FACT 406 — EDWARD RELIED UPON DORIS'S REQUEST FOR HELP AND DORIS AGREED TO REIMBURSE EDWARD:** Hey Jude LLC admitted — through its failure to deny this averment — that Edward relied upon Doris's communications requesting his help to recover damages — and that Doris agreed to reimburse Edward for doing so — establishing the contractual reimbursement agreement as an admitted adjudicative fact

from a corporate entity's own CR 8.04 default — fourth independent defendant to admit this agreement.

**407. ADJUDICATIVE FACT 407— McCONNELL'S COMPLICITY CONSTITUTES FINANCIAL EXPLOITATION AND ELDER ABUSE UNDER KRS 209.020:** Hey Jude, LLC admitted — through its failure to deny this averment — that McConnell's complicity constitutes financial exploitation and elder abuse of Doris Colgate — a vulnerable elder — under KRS 209.020 — establishing elder abuse liability through a corporate entity's own admission of its principal's misconduct and elder abuse.

**408. ADJUDICATIVE FACT 408 — McCONNELL'S DELIBERATE MISCONDUCT COMPROMISED THE INTEGRITY OF THE JUDICIAL PROCESS:** Hey Jude LLC admitted — through its failure to deny this averment — that McConnell's deliberate misconduct compromised the integrity of the judicial process — establishing deliberate judicial process compromise as an admitted adjudicative fact from a corporate entity's CR 8.04 default — fourth independent defendant to admit this fact.

**409. ADJUDICATIVE FACT 409— DORIS SIGNED AN AFFIDAVIT AGAINST SUSAN WILSON AND RAY WILSON ON JANUARY 29, 2020:** Hey Jude LLC admitted — through its failure to deny this averment — that Doris signed an Affidavit against Susan Wilson and Ray Wilson on January 29, 2020 — through its failure to deny this averment. This is the fourth independent defendant — including a corporate entity — to admit the existence and execution of Doris's January 29, 2020 Affidavit.

**410. ADJUDICATIVE FACT 410 — EDWARD ACTED AS DORIS'S FIDUCIARY AT DORIS'S REQUEST AND IS ENTITLED TO RECOVER DAMAGES:** Hey Jude LLC admitted — through its failure to deny this averment — that Edward Colgate acted as Doris's

fiduciary at Doris's request — and is entitled to recover damages for losses incurred — fourth independent defendant to admit Edward's fiduciary role and recovery entitlement.

2592. **Adjudicative Facts From Paragraph 346 — Case 25-CI-001796:**

**411. ADJUDICATIVE FACT 411 — HEY JUDE, LLC ADMITTED DIRECT LIABILITY AND KRS 502.020 COMPLICITY AS A CORPORATE ENTITY — Plaintiffs incorporate herein Hey Jude, LLC wherever Jude McConnell or McConnell is named:** Hey Jude LLC admitted both direct corporate liability and complicity under KRS 502.020 for all relief sought — incorporating all 30 Counts and Causes of Action — and that Hey Jude LLC is substituted for McConnell wherever McConnell is named in the relief section — through its failure to deny this averment. This corporate substitution admission is uniquely significant — Hey Jude LLC admitted that it stands in McConnell's place for all relief purposes — making the corporate entity jointly and severally liable for every damages category McConnell admitted individually in case 25-CI-001795.

**412. ADJUDICATIVE FACT 412 — HEY JUDE LLC ADMITTED ALL CATEGORIES OF RELIEF INCLUDING DECLARATORY AND INJUNCTIVE RELIEF WHERE APPLICABLE:** Hey Jude LLC admitted Plaintiffs' entitlement to special damages — compensatory damages — consequential damages — punitive damages — declaratory relief — and injunctive relief where applicable — through its failure to deny this averment.

**413. ADJUDICATIVE FACT 413 — HEY JUDE LLC ADMITTED COMPLICITY IN DEFRAUDING DORIS OF ALL FIVE FINANCIAL INSTRUMENTS — $312,431.73 — FOURTH INDEPENDENT ADMISSION, INCLUDING CORPORATE ENTITY:** Hey Jude LLC admitted complicity in defrauding Doris by liquidating in their entirety the following specific financial instruments — establishing each as an independently admitted sum certain

from a corporate entity's own CR 8.04 default — the fourth independent defendant to admit these specific figures. Protective Life Annuity — $54,013.09 — fourth independent admission including corporate entity. Transamerica Annuity — $103,000 or more — liquidated August 2024 — fourth independent admission. Washington National Annuity — $27,418.64 or more — floor amount dated January 18, 2016 — fourth independent admission. Truist and BB&T Security — $101,000 or more — late 2024 — fourth independent admission. Ingredion Security — more than $27,000 — fourth independent admission. Total annuities and securities — $312,431.73 — fourth independent admission.

**414. ADJUDICATIVE FACT 414— HEY JUDE LLC ADMITTED REAL ESTATE FRAUD DAMAGES OF $159,000 — FOURTH INDEPENDENT ADMISSION:** Hey Jude, LLC admitted the $159,000 real estate fraud damages — established from the sale of Doris's house at half the listed price of $300,000 — through its failure to deny this averment. This is the fourth independent admission of the real estate fraud damages amount — and the most strategically significant because it is the **purchasing entity itself admitting the fraudulent nature of its own purchase.**

**415. ADJUDICATIVE FACT 415 — HEY JUDE LLC ADMITTED DIVIDENDS AND INTEREST DEFRAUDED FROM DORIS ON ALL FIVE FINANCIAL INSTRUMENTS:** Hey Jude LLC admitted liability for dividends and interest defrauded from Doris — based on complicity — regarding the Protective Life annuity — Transamerica annuity — Washington National annuity — Truist and BB&T security — and Ingredion security — through its failure to deny this averment. This is a new admission in this complaint — paragraph 346 subsection 4 — establishing that dividends and interest on all five instruments are admitted as damages from a corporate entity's CR 8.04 default.

**416. ADJUDICATIVE FACT 416— HEY JUDE LLC ADMITTED DORIS'S PERSONAL PROPERTY DAMAGES OF $8,615, INCLUDING BUT NOT LIMITED TO FURNITURE AND BABY GRAND PIANO — FOURTH INDEPENDENT ADMISSION:** Hey Jude LLC admitted special damages of $8,615 for Doris's personal property -- including but not limited to all of Doris's furniture and her baby grand piano — through its failure to deny this averment. Fourth independent admission, including corporate entity.

**417. ADJUDICATIVE FACT 417 — HEY JUDE LLC ADMITTED DORIS'S $10,000 LOAN TO McCONNELL — FOURTH INDEPENDENT ADMISSION:** Hey Jude LLC admitted Doris's $10,000 loan to McConnell — documented in PX-15 — through its failure to deny this averment. Fourth independent admission including corporate entity — with the corporate entity admitting its principal's personal liability on the promissory note simultaneously.

**418. ADJUDICATIVE FACT 418 — HEY JUDE LLC ADMITTED TOTAL SPECIAL DAMAGES OF $490,046.73 FOR DORIS— FOURTH INDEPENDENT ADMISSION, INCLUDING CORPORATE ENTITY:** Hey Jude LLC admitted total special damages of $490,046.73 for Doris Colgate — through its failure to deny this averment. This specific total is now established from four independent CR 8.04 defaults by four separate defendants — including one corporate entity — across four separate Kentucky cases.

**419. ADJUDICATIVE FACT 419 — HEY JUDE LLC ADMITTED SPECIAL DAMAGES REGARDING EDWARD'S ATTORNEY FEES OF $40,433.68 — FOURTH INDEPENDENT ADMISSION:** Hey Jude LLC admitted special damages of $40,433.68 in attorney fees paid by Edward Colgate to recover damages for Doris for harm caused by Hey Jude LLC's deceptive actions — through its failure to deny this averment. Fourth independent admission, including corporate entity.

**420. ADJUDICATIVE FACT 420 — HEY JUDE LLC ADMITTED EDWARD'S PERSONAL PROPERTY DAMAGES OF $5,025 — FOURTH INDEPENDENT ADMISSION:** Hey Jude LLC admitted special damages of $5,025 for Edward's personal property — through its failure to deny this averment. Fourth independent admission, including corporate entity.

**421. ADJUDICATIVE FACT 421 — HEY JUDE LLC ADMITTED EDWARD'S FIDUCIARY REIMBURSEMENT OF $735 AND EDWARD'S TRUSTEE AND POA STATUS ON FEBRUARY 15, 2020 — FOURTH INDEPENDENT ADMISSION:** Hey Jude LLC admitted Edward's $735 Alamo car rental van reimbursement as Trustee and POA for Doris starting February 15, 2020 — and that Hey Jude LLC's actions were complicit in preventing that reimbursement — through its failure to deny this averment. Fourth independent admission of Edward's Trustee and POA status on February 15, 2020 including corporate entity.

**422. ADJUDICATIVE FACT 422 — HEY JUDE LLC ADMITTED LIABILITY FOR EDWARD'S IDENTITY THEFT REIMBURSEMENT OF $3,945 — FOURTH INDEPENDENT ADMISSION:** Hey Jude LLC admitted liability for special damages of $1,445 and $2,500, totaling $3,945 --- regarding Edward's identity theft and fraud damages reimbursement — through its failure to deny this averment. Fourth independent admission, including corporate entity.

**423. ADJUDICATIVE FACT 423 — HEY JUDE LLC ADMITTED LIABILITY FOR TOTAL SPECIAL DAMAGES OF $50,138.68 --- TO BE AWARDED TO EDWARD — FOURTH INDEPENDENT ADMISSION, INCLUDING CORPORATE ENTITY:** Hey Jude LLC admitted liability for total special damages of $50,138.68 --- to be awarded to Edward Colgate --- through its failure to deny this averment. This total is now established from four

independent CR 8.04 defaults by four separate defendants, including one corporate entity --- across four separate Kentucky cases.

**424. ADJUDICATIVE FACT 424 — HEY JUDE LLC ADMITTED THE $9,000 BROKERAGE COMMISSION WRONGFULLY AND FRAUDULENTLY PAID TO McCONNELL AND HEY JUDE LLC— FOURTH INDEPENDENT ADMISSION:** Hey Jude LLC admitted liability to repay the $9,000 brokerage commission to Doris — wrongfully and fraudulently paid to McConnell and Hey Jude LLC— through its failure to deny this averment. The corporate entity --- whose purchase generated the brokerage commission --- admitted the commission was wrongfully and fraudulently paid — making the corporate entity, Hey Jude LLC, jointly liable with McConnell for the wrongful and fraudulent commission from simultaneous corporate and individual CR 8.04 defaults.

**425. ADJUDICATIVE FACT 425 — HEY JUDE LLC ADMITTED CLOSING COSTS AND EXPENSES LIABILITY — FOURTH INDEPENDENT ADMISSION:** Hey Jude LLC admitted liability to repay closing costs and expenses of the real estate sale — through its failure to deny this averment. Fourth independent admission, including corporate entity.

**426. ADJUDICATIVE FACT 426 — HEY JUDE LLC ADMITTED ANY AND ALL OTHER RELIEF TO WHICH DORIS IS ENTITLED:** Hey Jude LLC admitted through paragraph 346 subsection 8 — not present in other defendants' complaints — that it is liable to pay or repay any and all other relief to which Doris Colgate is entitled or may become entitled — through its failure to deny this averment. This open-ended relief admission is uniquely present in the Hey Jude LLC complaint — making the corporate entity's liability extend to all future-discovered relief categories through its own CR 8.04 default.

**427. ADJUDICATIVE FACT 427 — HEY JUDE LLC ADMITTED ROBBERY OF EDWARD — DECEPTION OF DORIS — AND TORTIOUS INTERFERENCE — FOURTH INDEPENDENT ADMISSION:** Hey Jude LLC admitted liability for monetary damages through robbery of Edward — deception of Doris — and tortious interference with Doris and Edward's contractual rights — including attorney fee reimbursement to which Doris agreed — through its failure to deny this averment. Fourth independent admission, including corporate entity establishing these three simultaneous independent bases for liability.

**428. ADJUDICATIVE FACT 428 — HEY JUDE LLC ADMITTED LIABILITY FOR TIME AND ENERGY DAMAGES — FOURTH INDEPENDENT ADMISSION:** Hey Jude LLC admitted liability for Edward's lost interest and time and energy for working to recover damages for harm caused to Doris and to Edward — through its failure to deny this averment. Fourth independent admission, including corporate entity of time and energy damages.

2593A. **Preliminary Note — Fox as the Primary Direct Actor:** Fox's admissions are uniquely significant across the entire five-case record for one specific reason. While Susan Wilson — Ray Wilson — McConnell — and Hey Jude LLC all admitted complicity in Fox's misconduct — Fox herself admitted direct liability for the same misconduct. The complicity admissions of the other four defendants are all admissions of Fox's primary misconduct. Fox's own CR 8.04 default is therefore the foundational admission from which all four complicity admissions derive their specific content — making Fox's admissions the primary source and the other four defendants' admissions the corroborating confirmation. All 4 aforementioned complicit actors also perpetrated statutory violations directly against Plaintiffs, in addition to their roles in complicity with Lori Fox.

2593B. **Adjudicative Facts From Paragraph 23 — Case 25-CI-001121:**

**429. ADJUDICATIVE FACT 429 — 30 CLAIMS AGAINST LORI FOX — CONSOLIDATION INAPPLICABLE — SEPARATE TRIALS NECESSARY — FIFTH INDEPENDENT ADMISSION:** Fox admitted that 30 claims and causes of action are properly asserted against her — that consolidation does not apply based on CR 42.01 — and that separate trials are necessary to avoid prejudice under CR 42.02 — through her failure to deny this averment — with specific reference to PX-5 and the Tampering with a Witness cause of action. This is the fifth independent defendant to admit separate trial necessity and consolidation inapplicability — making these procedural facts established from five independent CR 8.04 defaults across five separate Kentucky cases.

2594. **Adjudicative Facts From Paragraph 341:**

**430. ADJUDICATIVE FACT 430 — CONVERSION DOES NOT APPLY — FIFTH INDEPENDENT ADMISSION:** Fox admitted that conversion does not apply based on the framework of the causes of action — through her failure to deny this averment. Fifth independent defendant to admit conversion inapplicability — now established from five independent CR 8.04 defaults across five separate Kentucky cases. (KRS 446.070 was/is used for criminal to civil conversion, and not the basic common law of conversion.)

2595. **Adjudicative Facts From Paragraph 342:**

**431. ADJUDICATIVE FACT 431 — KRS 209.050 IMMUNITY APPLIES TO PLAINTIFFS — FIFTH INDEPENDENT ADMISSION:** Fox admitted that KRS 209.050 immunity from civil or criminal liability applies to Plaintiffs — having acted upon reasonable cause in making reports and investigations regarding elder abuse — through her failure to deny this averment. Fifth independent defendant to admit KRS 209.050 immunity — now established from five independent CR 8.04 defaults across five separate Kentucky cases.

2596. **Adjudicative Facts From Paragraph 343:**

**432. ADJUDICATIVE FACT 432 — DORIS RELIED UPON FOX'S FALSE STATEMENTS — FOX AS PRIMARY DIRECT ACTOR:** Fox admitted — through her failure to deny this averment — that Doris relied upon Fox's false statements — establishing Fox as the primary direct actor whose false statements caused Doris's detrimental reliance — from Fox's own CR 8.04 default. This is the most direct possible admission of the false statement reliance element — the maker of the false statements herself admitting their existence and Doris's reliance.

**433. ADJUDICATIVE FACT 433 — EDWARD RELIED UPON DORIS'S REQUEST FOR HELP — DORIS AGREED TO REIMBURSE EDWARD — FIFTH INDEPENDENT ADMISSION:** Fox admitted — through her failure to deny this averment — that Edward relied upon Doris's communications requesting his help to recover damages from Fox — and that Doris agreed to reimburse Edward for doing so. Fifth independent defendant to admit the reimbursement agreement — now established from five independent CR 8.04 defaults across five separate Kentucky cases.

2597. **Adjudicative Facts From Paragraph 344:**

**434. ADJUDICATIVE FACT 434 — FOX PERPETRATED FINANCIAL EXPLOITATION AND ELDER ABUSE UNDER KRS 209.020 AGAINST DORIS — DIRECT ACTOR ADMISSION:** Lori Fox admitted — through her failure to deny this averment — that she perpetrated financial exploitation and elder abuse under KRS 209.020 against Doris Colgate — a vulnerable elder — establishing Lori Fox as the primary direct perpetrator of elder abuse from her own CR 8.04 default. While prior defendants admitted

complicity in Fox's elder abuse — Fox herself admitted the direct perpetration — making this the foundational elder abuse admission from the primary actor.

**435. ADJUDICATIVE FACT 435 — FOX'S DELIBERATE MISCONDUCT COMPROMISED THE INTEGRITY OF THE JUDICIAL PROCESS — DIRECT ACTOR ADMISSION:** Fox admitted — through her failure to deny this averment — that her deliberate misconduct compromised the integrity of the judicial process — establishing deliberate judicial process interference from the primary actor's own CR 8.04 default.

**436. ADJUDICATIVE FACT 436 — EDWARD ACTED AS DORIS'S FIDUCIARY AT DORIS'S REQUEST — FIFTH INDEPENDENT ADMISSION:** Fox admitted — through her failure to deny this averment — that Edward Colgate acted as Doris's fiduciary at Doris's request fifth independent defendant to admit Edward's fiduciary role.

2598. **Adjudicative Facts From Paragraph 345 — Relief Sought:**

**437. ADJUDICATIVE FACT 437 — ALL CATEGORIES OF RELIEF ESTABLISHED FROM FOX'S OWN ADMISSION:** Fox admitted Plaintiffs' entitlement to special damages — compensatory damages — consequential damages — punitive damages — declaratory relief — and injunctive relief — through her failure to deny this averment.

**438. ADJUDICATIVE FACT 438 — FOX ADMITTED DIRECT DEFRAUDING OF DORIS OF ALL FIVE FINANCIAL INSTRUMENTS — $312,431.73 — FIFTH INDEPENDENT ADMISSION AS PRIMARY DIRECT ACTOR:** Fox admitted direct defrauding of Doris — in addition to complicity by liquidating in their entirety the following specific financial instruments — establishing each as an independently admitted sum certain from the primary direct actor's own CR 8.04 default — the fifth independent defendant to admit these specific figures. Protective Life Annuity — $54,013.09 — fifth independent admission as

primary direct actor. Transamerica Annuity — $103,000 or more –– liquidated August 2024 — fifth independent admission. Washington National Annuity — $27,418.64 or more — floor amount dated January 18, 2016 — fifth independent admission. Truist and BB&T Security — $101,000 or more — late 2024 — fifth independent admission. Ingredion Security — more than $27,000 — fifth independent admission. Total annuities and securities — $312,431.73 — fifth independent admission. Note — Lori Fox directly defrauds Doris— making Fox's admission the primary direct actor admission from which the four complicity admissions derive their substance. The other actors with complicity admissions --- have also directly perpetrated illegal and fraudulent acts against Doris.

**439. ADJUDICATIVE FACT 439 — FOX SHOWS $3,665 PROMISSORY NOTE:** Fox admitted her $3,665 balance due on her $5,000 promissory note to Doris — through her failure to deny this averment — documented in PX-15. This amount differs from the $10,000 McConnell promissory note admitted in the McConnell and Hey Jude LLC complaints — establishing that the promissory notes are separate instruments — Doris had a $5,000 promissory note in the Fox case and a $10,000 promissory note in the McConnell case — both admitted through separate CR 8.04 defaults by separate defendants.

**440. ADJUDICATIVE FACT 440— FOX ADMITTED LIABILITY IN TOTAL SPECIAL DAMAGES OF $483,711.73 TO BE PAID TO DORIS — FOX-SPECIFIC TOTAL:** Fox admitted liability in total special damages of $483,711.73 to be paid to Doris Colgate — through her failure to deny this averment — reflecting the $3,665 promissory note balance --- rather than the $10,000 McConnell promissory note — establishing a Fox-specific total independently from the $490,046.73 total admitted by the four prior defendants.

**441. ADJUDICATIVE FACT 441 — FOX ADMITTED LIABILITY REGARDNG EDWARD'S ATTORNEY FEES OF $40,433.68 — FIFTH INDEPENDENT ADMISSION AS PRIMARY DIRECT ACTOR:** Fox admitted liability in special damages of $40,433.68 regarding attorney fees paid by Edward Colgate to recover damages for Doris --- from Fox --- fifth independent admission as primary direct actor.

**442. ADJUDICATIVE FACT 442 — FOX ADMITTED LIABILITY REGARDING EDWARD'S PERSONAL PROPERTY DAMAGES OF $5,025 — FIFTH INDEPENDENT ADMISSION:** Fox admitted liability for special damages of $5,025 regarding Edward's personal property fifth independent admission.

**443. ADJUDICATIVE FACT 443 — FOX ADMITTED LIABILITY FOR EDWARD'S FIDUCIARY REIMBURSEMENT OF $735 AND ADMITTED EDWARD'S TRUSTEE AND POA STATUS — FIFTH INDEPENDENT ADMISSION:** Fox admitted liability for Edward's $735 fiduciary reimbursement as Trustee and POA for Doris, starting February 15, 2020 — fifth independent admission of Edward's Trustee and POA status on that date.

**444. ADJUDICATIVE FACT 444 — FOX ADMITTED LIABILITY REGARDING EDWARD'S IDENTITY THEFT REIMBURSEMENT OF $3,945 — FIFTH INDEPENDENT ADMISSION:** Fox admitted liability for special damages of $1,445 and $2,500, totaling $3,945 for Edward's identity theft reimbursement fifth independent admission.

**445. ADJUDICATIVE FACT 445 — FOX ADMITTED LIABILITY FOR TOTAL SPECIAL DAMAGES OF $50,138.68 TO BE PAID TO EDWARD COLGATE — FIFTH INDEPENDENT ADMISSION:** Fox admitted liability for total special damages of $50,138.68

to be paid to Edward Colgate — fifth independent admission — now established from five independent CR 8.04 defaults by five separate defendants across five separate Kentucky cases.

**446. ADJUDICATIVE FACT 446 — FOX ADMITTED LIABILITY FOR DIVIDENDS AND INTEREST DEFRAUDED FROM DORIS ON ALL FIVE INSTRUMENTS:** Fox admitted liability for dividends and interest defrauded from Doris regarding the Protective Life annuity — Transamerica annuity — Washington National annuity — Truist and BB&T security — and Ingredion security — through her failure to deny this averment — second independent defendant to admit this category, alongside Hey Jude LLC.

**447. ADJUDICATIVE FACT 447 — FOX ADMITTED LIABILITY REGARDING THE $159,000 REAL ESTATE FRAUD — FRAUDULENT $9,000 COMMISSION — AND FRAUDULENT CLOSING COSTS — FIFTH INDEPENDENT ADMISSION:** Fox admitted liability for $159,000 regarding real estate fraud damages — the fraudulent $9,000 wrongfully paid brokerage commission — and fraudulent closing costs and expenses — through her failure to deny these averments — fifth independent admission of each figure.

**448. ADJUDICATIVE FACT 448 — FOX ADMITTED LIABILITY FOR ANY AND ALL OTHER RELIEF TO WHICH DORIS IS ENTITLED — FIFTH INDEPENDENT OPEN-ENDED ADMISSION:** Fox admitted liability for any and all other relief to which Doris Colgate is or may become entitled — through her failure to deny paragraph 345 subsection 8 — establishing open-ended relief liability from Fox's own CR 8.04 default — fifth independent defendant to admit this category.

**449. ADJUDICATIVE FACT 449 — FOX ADMITTED ROBBERY OF EDWARD — DECEPTION OF DORIS — AND TORTIOUS INTERFERENCE — FIFTH INDEPENDENT ADMISSION:** Fox admitted liability through robbery of Edward —

deception of Doris — and tortious interference with Doris — including attorney fee reimbursement to which Doris agreed — through her failure to deny this averment — fifth independent admission as primary direct actor.

**450. ADJUDICATIVE FACT 450 — FOX ADMITTED LIABILITY FOR TIME AND ENERGY DAMAGES REGARDING EDWARD — FIFTH INDEPENDENT ADMISSION:** Fox admitted liability for Edward's lost interest and time and energy for working to recover damages for Doris — fifth independent admission as primary direct actor.

2599. **Adjudicative Facts From Paragraphs 345, Subsections 12 Through 18 — New Admissions Unique to Fox Complaint:** These subsections are not currently cited as adjudicative facts from prior defendants' complaint, and generate new adjudicative facts.

**451. ADJUDICATIVE FACT 451 — FOX ADMITTED AN INJUNCTION IS WARRANTED TO PREVENT FOX FROM CONTINUING TO USE DORIS'S ASSETS TO DEFEND FOX'S FRAUD PERPETRATED AGAINST DORIS:** Fox admitted through her failure to deny paragraph 345 subsection 12 — that an injunction is warranted to prevent Fox from continuing to use Doris's assets to defend Fox's fraud perpetrated against Doris — establishing the continuing unauthorized and fraudulent use of Doris's assets for Fox's legal defense as an admitted adjudicative fact requiring injunctive relief — from Fox's own CR 8.04 default.

**452. ADJUDICATIVE FACT 452 — FOX ADMITTED LIABILITY FOR ADDITIONAL EQUITABLE RELIEF UNDER KRS 209.020 --- THAT IS WARRANTED TO PROTECT DORIS FROM FOX:** Fox admitted — through her failure to deny paragraph 345, subsection 13 — that additional equitable relief, pursuant to KRS 209.020, is warranted to protect Doris

Colgate, a vulnerable adult, from Fox — establishing the need for ongoing protective relief as an admitted adjudicative fact from Fox's own CR 8.04 default.

**453. ADJUDICATIVE FACT 453 — FOX ADMITTED THAT DORIS IS A DIRECT PLAINTIFF --- AND THAT DORIS IS ENTITLED TO BE A DIRECT PLAINTIFF --- AND THAT DORIS IS ENTITLED TO RECOGNITION AND RECOVERY:** Fox admitted — through her failure to deny paragraph 345 subsection 14 — that an order recognizing Doris Colgate as a direct plaintiff and ensuring Doris's interest in recovery of defrauded funds from Fox --- is warranted — establishing Doris's direct plaintiff status and recovery interest as an admitted adjudicative fact from Fox's own CR 8.04 default. This is a direct admission by the primary elder abuse perpetrator --- that Doris is a direct plaintiff entitled to recovery — directly contradicting every enterprise judge's attempt to eliminate Doris as a named plaintiff.

**454. ADJUDICATIVE FACT 454 — FOX ADMITTED LIABILTIY FOR PUNITIVE DAMAGES REGARDING DORIS AND ADMITTED THAT PUNITIVE DAMAGES ARE WARRANTED --- BASED ON INTENTIONAL WILLFUL AND MALICIOUS MISCONDUCT:** Fox admitted — through her failure to deny paragraph 345, subsection 15 — that punitive damages to Doris Colgate are warranted and appropriate based on Fox's intentional --- willful — and malicious misconduct in inflicting mental injury to/upon Doris --- and exploiting Doris's vulnerable state — establishing the intentional willful and malicious character of Fox's misconduct as an admitted adjudicative fact from Fox's own CR 8.04 default — and establishing Plaintiffs' punitive damages entitlement --- from the primary actor's own admission.

**455. ADJUDICATIVE FACT 455 — FOX ADMITTED LIABILITY FOR PUNITIVE DAMAGES TO BE PAID TO EDWARD AND ADMITTED THAT PUNITIVE DAMAGES ARE WARRANTED --- BASED ON INTENTIONAL WILLFUL AND MALICIOUS**

**MISCONDUCT:** Fox admitted — through her failure to deny paragraph 345 subsection 16 — that punitive damages to Edward Colgate are appropriate based on Fox's intentional — willful — and malicious conduct in inflicting injury to Edward — establishing punitive damages entitlement for Edward from Fox's own CR 8.04 default.

**456. ADJUDICATIVE FACT 456 — FOX ADMITTED LIABILITY FOR TIME AND EFFORT DAMAGES TO BE PAID TO EDWARD AND ADMITTED THAT TIME AND EFFORT DAMAGES ARE WARRANTED:** Fox admitted — through her failure to deny paragraph 345, subsection 17 — that a judgment against Fox to pay damages for the time and effort required by Edward to recover damages for Doris and Edward --- is warranted — establishing time and effort damages from Fox's own CR 8.04 default, as a primary direct actor.

**457. ADJUDICATIVE FACT 457 — FOX ADMITTED THAT DORIS'S JANUARY 29, 2020 AFFIDAVIT AGAINST SUSAN WILSON SHOULD BE HONORED — AND ADMITTED THAT FOX IS NAMED ON THE SAME FRAUDUELNT DOCUMENT AS WILSON:** Fox admitted — through her failure to deny paragraph 345, subsection 18 — that a declaratory judgment honoring Doris's Affidavit --- dated January 29, 2020 --- against Susan Wilson --- is warranted — and that Fox is fraudulently named on the same fraudulent POA document as Wilson — through her failure to deny this averment. This is a uniquely powerful admission — Fox admitted that she is named on the same forged document as Wilson — and admitted that Doris's January 29, 2020 Affidavit against Wilson — which also implicates Fox and Fox's fraud --- through their joint naming on the forged document --- warranting a declaratory judgment that Fox's forged and fraudulent POA is void. Fox admitting that a declaratory judgment honoring the affidavit --- against the fraudulent document that Fox is

named on --- is warranted --- is one of the most self-incriminating relief admission --- in the entire five-case record of legally binding judicial admissions.

2600. **Adjudicative Facts From Paragraph 21 — Case 25-CI-001121:**

**458. ADJUDICATIVE FACT 458 — ALL CLAIMS TIMELY FILED — FOX'S ADMISSION AS PRIMARY DIRECT ACTOR:** Fox admitted — through her failure to deny this averment — that Plaintiffs' claims are timely filed pursuant to all applicable statutes of limitations — and that Plaintiffs have complied with all procedural requirements necessary to bring this action — documented in PX-30 for all 30 counts/causes of action/claims for relief. This is the fifth independent defendant to admit timeliness of all claims — Susan Wilson having admitted the same in case 25-CI-001371 — making timeliness established from five independent CR 8.04 defaults by five separate defendants across five separate Kentucky cases. The strategic significance of Fox's timeliness admission is independently powerful for one specific reason beyond the prior four admissions. Fox is the primary direct actor, in addition to being a complicit party. When the primary perpetrator of the elder abuse — financial exploitation — annuity frauds — real estate fraud — and securities fraud admits that all claims against her are timely — a limitations defense cannot support any defendant in the enterprise and is null and void — because the primary actor admitted timeliness from her own CR 8.04 default. A limitations defense requires arguing the claims are untimely — and the primary perpetrator has already admitted that all claims are timely.

2601. **Adjudicative Facts From Paragraph 97 — Case 25-CI-001121:**

**459. ADJUDICATIVE FACT 459 — FOX HAD DIRECT KNOWLEDGE OF ONGOING ABUSE, NEGLECT, AND EXPLOITATION OF DORIS — AS PRIMARY PERPETRATOR:** Lori Fox admitted — through her failure to deny this averment — that she

had direct knowledge of ongoing abuse — neglect — and exploitation involving Doris Colgate — including Fox's own ongoing abuse — neglect — and exploitation of Doris — and including Fox's own participation in the abuse of Doris. This is the most direct possible admission of direct perpetrator knowledge — Fox admitted not just that she knew about the abuse but that she was the primary perpetrator of the abuse she knew about — making the knowledge element of every KRS 209.020 claim established from the primary perpetrator's own CR 8.04 default.

**460. ADJUDICATIVE FACT 460 — LORI FOX FAILED HER MANDATORY KRS 209.030 REPORTING DUTY AS PRIMARY PERPETRATOR:** Fox admitted — through her failure to deny this averment — that she failed to fulfill her statutory duty to report ongoing abuse — neglect — and exploitation of Doris under KRS 209.030 — despite having direct knowledge of that abuse as its primary perpetrator. Fox admitted mandatory reporting violation as the primary perpetrator, in addition to being a complicit party. A primary perpetrator who fails to report her own ongoing abuse of a vulnerable adult has committed the most direct possible KRS 209.030 violation — admitting both the underlying abuse and the failure to report it from her own CR 8.04 default simultaneously.

**461. ADJUDICATIVE FACT 461 — FOX CONCEALED THE ABUSE OF DORIS AND FACILITATED FURTHER EXPLOITATION OF DORIS:** Fox admitted — through her failure to deny this averment — that instead of reporting — she concealed the abuse of Doris— facilitated further exploitation of Doris — and obstructed intervention by Edward Colgate and Stanette Rose — thereby exacerbating Doris's harm and financial losses. This is Fox as primary perpetrator, admitting the concealment mechanism — establishing that the obstruction of Edward's and Stanette's intervention was a deliberate act of concealment by the primary actor from her own CR 8.04 default.

**462. ADJUDICATIVE FACT 462 — FOX WAS THE PRIMARY PERPETRATOR OF ABUSE, NEGLECT, AND EXPLOITATION OF DORIS:** Fox admitted — through her failure to deny this averment — that she was the primary perpetrator of the abuse — neglect — and exploitation that Doris was experiencing. This specific characterization — primary perpetrator — is unique to Fox's complaint. Fox's own CR 8.04 default establishes her as the primary perpetrator which is the foundational fact from which all five defendants' admissions derive their legal significance. The four complicity defendants — Susan Wilson — Ray Wilson — McConnell — and Hey Jude LLC — admitted complicity where Fox admitted being the primary perpetrator of the abuse of Doris — making Fox's primary perpetrator admission the foundation of the entire five-case admission record. All aforementioned defendants also perpetrated both direct and complicit elder abuse actions against Doris.

**463. ADJUDICATIVE FACT 463 — FOX VIOLATED KRS 209.030 BY FAILING TO REPORT — MANDATORY REPORTING OBLIGATION ESTABLISHED AS PRIMARY PERPETRATOR:** Fox admitted — through her failure to deny this averment — that by failing to report elder abuse of Doris — Fox violated her statutory duty under KRS 209.030. Combined with Susan Wilson's identical admission in case 25-CI-001371 — mandatory KRS 209.030 reporting violation is now established from two independent CR 8.04 defaults — the primary perpetrator --- and a complicit and direct party both admitting the same mandatory reporting violation from separate procedural defaults in separate cases — making the KRS 209.030 violation established from two independent admitted sources with Fox's admission being the more powerful because it is the primary perpetrator's own acknowledgment of her reporting obligation and her failure to report elder abuse --- attempting to conceal her frauds and others' frauds.

2602. **The Combined Significance of Paragraphs 21 and 97 Together:** When paragraphs 21 and 97 are read together — they establish a particularly powerful combined adjudicative fact. Fox admitted that all claims are timely — and Fox admitted she was the primary perpetrator of ongoing abuse of Doris -- simultaneously from the same CR 8.04 default. A primary perpetrator cannot argue that claims arising from her own admitted ongoing abuse are untimely — because she admitted timeliness in the same default that admitted her primary perpetration — foreclosing any limitations defense from the primary actor's own simultaneous admissions.

2603. **Adjudicative Facts From Paragraph 21 — Case 25-CI-001568:**

**464. ADJUDICATIVE FACT 464 — ALL CLAIMS TIMELY FILED — SECOND INDEPENDENT DEFENDANT ADMISSION — RAY WILSON:** Ray Wilson admitted — through his failure to deny this averment — that Plaintiffs' claims are timely filed pursuant to all applicable statutes of limitations — and that Plaintiffs have complied with all procedural requirements necessary to bring this action — documented in PX-30 for all 30 counts. This is the third independent defendant to admit timeliness in the five-case series --- Susan Wilson having admitted the same in case 25-CI-001371 — Lori Fox having admitted the same in case 25-CI-001121 --- making timeliness established from three independent CR 8.04 defaults at this point in the five-case sequence. The specific significance of Ray Wilson's timeliness admission is precise. Ray Wilson was physically present on March 4, 2020 — menacing Edward during the robbery. Ray Wilson's admission that all claims are timely --- including the KRS 515.030 robbery in the second degree claim --- arising from his own menacing misconduct — is an admission that the claims arising from his own direct physical participation are timely. A defendant who was physically present at the robbery cannot argue limitations on robbery claims he admitted are timely from his own CR 8.04 default.

2604. **Adjudicative Facts From Paragraph 99 — Case 25-CI-001568:**

**465. ADJUDICATIVE FACT 465 — RAY WILSON HAD DIRECT KNOWLEDGE OF ONGOING ABUSE, NEGLECT, AND EXPLOITATION OF DORIS COLGATE — INCLUDING HIS OWN DIRECT PARTICIPATION:** Ray Wilson admitted — through his failure to deny this averment — that he had direct knowledge of ongoing abuse — neglect — and exploitation involving Doris Colgate — including Ray Wilson's own direct and complicit ongoing abuse — neglect — and exploitation. The addition of Ray Wilson's direct actions and complicit actions precisely characterizes Ray Wilson's dual role — Wilson directly participated through menacing on March 4, 2020 — and he was complicit in Susan Wilson's and Lori Fox's broader scheme. Both dimensions are admitted from his own CR 8.04 default.

**466. ADJUDICATIVE FACT 466 — RAY WILSON FAILED HIS MANDATORY KRS 209.030 REPORTING DUTY:** Ray Wilson admitted — through his failure to deny this averment — that he failed to fulfill his statutory duty to report ongoing abuse — neglect — and exploitation of Doris under KRS 209.030 — despite having direct knowledge of that abuse through his own direct and complicit participation. Ray Wilson's KRS 209.030 violation is independently significant because he was physically present at the March 4, 2020 robbery — directly witnessing and participating in elder abuse — making his failure to report the abuse he personally witnessed and participated in — one of the most direct possible KRS 209.030 violations.

**467. ADJUDICATIVE FACT 467 — RAY WILSON CONCEALED ABUSE OF DORIS COLGATE AND AIDED FURTHER EXPLOITATION OF DORIS — AND OBSTRUCTED EDWARD AND STANETTE:** Ray Wilson admitted — through his failure to deny this averment — that instead of reporting the abuse of Doris Colgate— he concealed the

abuse of Doris — aided further exploitation of Doris — and obstructed intervention by Edward Colgate and Stanette Rose — thereby exacerbating Doris's harm and financial losses. This establishes Ray Wilson's direct physical assistance in the exploitation as an admitted adjudicative fact.

**468. ADJUDICATIVE FACT 468 — RAY WILSON HAD DIRECT AND INDIRECT INVOLVEMENT IN ABUSE OF DORIS — SUPPORTED BY SPECIFIC EXHIBITS:** Ray Wilson admitted — through his failure to deny this averment — that he was directly and indirectly involved in the abuse — neglect — and exploitation that Doris was experiencing — documented in PX-7 — PX-8 — PX-10 — PX-25 through PX-29 — PX-6 — PX-39 — and PX-3, Audio 2 — Audio 8 — Audio 11 — Audio 12 — Audio 13 — Audio 16 — and Audio 18. The specific exhibit references in paragraph 99 — including the police report--PX-6 — Doris's Affidavit--PX-10 — the annuity and securities records--PX-25 through PX-29 — and multiple audio recordings — establish that Ray Wilson's direct and indirect involvement is documented across multiple independent authenticated sources --- all admitted through his own CR 8.04 default.

**469. ADJUDICATIVE FACT 469 — RAY WILSON VIOLATED KRS 209.030 BY FAILING TO REPORT:** Ray Wilson admitted — through his failure to deny this averment — that by failing to report elder abuse of Doris --- he violated his statutory duty under KRS 209.030. Third independent defendant to admit the KRS 209.030 violation Susan Wilson having admitted the same in case 25-CI-001371 — Fox having admitted the same in case 25-CI-001121 — making the mandatory reporting violation established from three independent CR 8.04 defaults across three separate Kentucky cases by three separate defendants.

2605. **Adjudicative Facts From Paragraph 100 — Case 25-CI-001568:**

**470. ADJUDICATIVE FACT 470 — ALL 41 EXHIBITS AND ALL 30 COUNTS INCORPORATED — DEMONSTRATING A PATTERN OF FRAUDULENT MISCONDUCT:** Ray Wilson admitted — through his failure to deny this averment — that all exhibits PX-1 through PX-40 and all 30 Counts and Causes of Action collectively demonstrate the pattern of fraudulent misconduct alleged.

**471. ADJUDICATIVE FACT 471 — RAY WILSON WAS MANDATED TO REPORT ALL 30 COUNTS AND HE REPORTED ZERO — THIRD INDEPENDENT DEFENDANT ADMISSION:** Ray Wilson admitted — through his failure to deny this averment — that it was mandatory for him to report all 30 Counts and Causes of Action — and that he reported zero out of 30. This is the third independent defendant to admit 30 mandatory reporting violations, while reporting elder abuse "zero" times — Susan Wilson having admitted the same in case 25-CI-001371 and Fox having admitted the same in case 25-CI-001121. Thirty simultaneous independent mandatory KRS 209.030 reporting violations — each generating an independent KRS 446.070 civil recovery event, along with KRS 209.990(1) through (6) are now established from three independent CR 8.04 defaults by three separate defendants across three separate Kentucky cases. The specific significance of this triple admission of 30 statutory violations that were not reported --- is precise. Three separate defendants — each with independent mandatory reporting obligations — each admitting zero reports across 30 counts — establishes individual violations and a coordinated, complicit, and conspiratorial pattern of mandatory reporting obstruction --- across multiple defendants simultaneously — which is itself evidence of the enterprise's coordinated and conspiratorial operation under 18 U.S.C. §1961(4).

2606. **Adjudicative Facts From Paragraph 101 — Case 25-CI-001568:**

**472. ADJUDICATIVE FACT 472 — RAY WILSON'S COMPLICITY WITH SUSAN WILSON UNDER KRS 502.020 IN FINANCIAL EXPLOITATION AND ELDER ABUSE OF DORIS COLGATE:** Ray Wilson admitted — through his failure to deny this averment — his complicity with Susan Wilson --- pursuant to KRS 502.020 — in financial exploitation and elder abuse --- pursuant to KRS 209.020. This admission establishes the specific KRS 502.020 complicity relationship between Ray Wilson and Susan Wilson as an admitted adjudicative fact from Ray Wilson's own CR 8.04 default — connecting the husband-wife conspiracy through the statutory complicity framework from both defendants' own separate CR 8.04 defaults in separate cases.

2607. **The Combined Significance of Paragraphs 99, 100, and 101 Together:** When paragraphs 99 — 100 — and 101 are read together from Ray Wilson's CR 8.04 default — they establish a precise three-part admission. First — Ray Wilson had direct knowledge of ongoing abuse through his own direct participation --- and failed to report. Second - — Ray Wilson was mandated to report all 30 counts and reported zero. Third — Ray Wilson's failure to report was part of his KRS 502.020 complicity with Susan Wilson in financial exploitation and elder abuse of Doris. These three paragraphs together establish that Ray Wilson's mandatory reporting violations were an integral part of his KRS 502.020 complicity with Susan Wilson — making the reporting violations and the complicity the same admitted course of misconduct from Ray Wilson's own CR 8.04 default.

2608. **Adjudicative Facts From Paragraph 17 — Case 25-CI-001795:**

**473. ADJUDICATIVE FACT 473 — JUDE McCONNELL ADMITTED PLAINTIFFS' LEGAL STANDING BASED ON KRS 502.020---COMPLICITY IN TORTIOUS INTERFERENCE WITH CONTRACTUAL RIGHTS:** McConnell admitted — through his

failure to deny this averment — that Plaintiffs have legal standing against him based on KRS 502.020---complicity in tortious interference with contractual rights - which occurs when a third party intentionally interferes with a valid and existing contract causing harm to one of the contracting parties. McConnell admitted that all 40 exhibits and all 33 pages of 105 statements of material fact support this standing - — and that Count XXIII --- Tortious Interference with Contractual Rights is properly asserted against him. The specific significance of McConnell's tortious interference admission is precise. McConnell was present on March 4, 2020 — the same day Susan Wilson and Lori Fox obtained the forged POA documents, and the house price was fraudulently reduced from $300,000 to $150,000. McConnell subsequently purchased the house through Hey Jude LLC for $150,000 — directly benefiting from the tortious interference with Edward's Trustee and POA agreements. McConnell admitting Plaintiffs' legal standing based on tortious interference with contractual rights is simultaneously an admission that Edward's contractual rights existed --- that McConnell fraudulently interfered with said rights — and that the fraudulent interference caused harm all three tortious interference elements admitted from McConnell's own CR 8.04 default.

**474. ADJUDICATIVE FACT 474. — McCONNELL ADMITTED THAT ALL 40 EXHIBITS AND ALL 105 STATEMENTS OF MATERIAL FACT SUPPORT PLAINTIFFS' STANDING:** McConnell admitted — through his failure to deny this averment — that all 40 exhibits and all 33 pages of 105 statements of material fact support Plaintiffs' legal standing against him --- establishing the comprehensive evidentiary support for Plaintiffs' legal standing as an admitted adjudicative fact from McConnell's own CR 8.04 default.

2609. **Adjudicative Facts From Paragraph 18 — Case 25-CI-001795:**

**475. ADJUDICATIVE FACT 475 — McCONNELL ALSO ADMITTED PLAINTIFFS' LEGAL STANDING BASED ON KRS 209.020 --- ELDER ABUSE --- BY McCONNELL'S COMPLICITY:** McConnell admitted — through his failure to deny this averment --- that Plaintiffs have legal standing based on KRS 209.020 --- elder abuse of Doris Colgate by McConnell's complicity --- incorporating the KRS 209.020(4) criteria from paragraph 2 and the detailed statements from paragraphs 3 --- 5 --- and 11. McConnell's admission of elder abuse legal standing connects his real estate buyer role directly to the elder abuse framework — establishing that the fraudulent real estate transaction was a civil fraud, and direct act of elder abuse, and a complicit act of elder abuse --- by McConnell --- from his own CR 8.04 default.

2610. **Adjudicative Facts From Paragraph 21 — Case 25-CI-001795:**

**476. ADJUDICATIVE FACT 476 — ALL CLAIMS TIMELY FILED BY PLAINTIFFS— McCONNELL AS FOURTH INDEPENDENT DEFENDANT ADMISSION:** McConnell admitted — through his failure to deny this averment that Plaintiffs' claims are timely filed --- pursuant to all applicable statutes of limitations — and that Plaintiffs have complied with all procedural requirements --- documented in PX-30 for all 30 counts. This is the fourth independent defendant to admit timeliness in the five-case series --- making timeliness established from four independent CR 8.04 defaults at this point. McConnell's admission regarding the "timeliness of Plaintiffs' claims --- has specific strategic significance. McConnell purchased Doris's house on March 13, 2020 through Hey Jude LLC. McConnell's admission that all Plaintiffs' claims are timely — including the real estate fraud claim arising from McConnell's own fraudulent purchase --- is an admission that the real estate fraud claim against McConnell and the continuous fraudulent obstruction of elder abuse recovery by McConnell --- continues to extend the statute of limitations --- based on McConnell's CR 8.04 default. Statute

of limitations defense by McConnell --- fails based on the real estate fraud claims --- and the obstruction of recovery by McConnell --- regarding the real estate fraud claims --- since McConnell --- who is the buyer himself ----admitted Plaintiffs' timeliness from his own substantive procedural default.

2611. **Adjudicative Facts From Paragraph 98 — Case 25-CI-001795:**

**477. ADJUDICATIVE FACT 477 — McCONNELL'S FAILURE TO REPORT UNDER KRS 209.030(2) AND (3) IS ESTABLISHED:** McConnell admitted — through his failure to deny this averment — that KRS 209.030(2) and (3) imposed a mandatory reporting obligation on him — and that he failed to fulfill that mandatory statutory obligation. This paragraph establishes the specific subsections of KRS 209.030 violations — subsections (2) and (3) — as an admitted adjudicative fact from McConnell's own CR 8.04 default — establishing the precise statutory basis for the mandatory reporting violation with specific subsection citations admitted by McConnell.

2612. **Adjudicative Facts From Paragraph 99 — Case 25-CI-001795:**

**478. ADJUDICATIVE FACT 478 — McCONNELL HAD DIRECT KNOWLEDGE OF ONGOING ELDER ABUSE --- INCLUDING HIS OWN DIRECT AND COMPLICIT PARTICIPATION IN ELDER ABUSE OF DORIS COLGATE:** McConnell admitted — through his failure to deny this averment — that he had direct knowledge of ongoing elder abuse — elder neglect — and elder exploitation involving Doris Colgate including McConnell's own direct and complicit ongoing elder abuse — elder neglect — and elder exploitation. McConnell uses direct elder abuse and complicity in elder abuse — precisely characterizing McConnell's dual role as both a direct participant through the fraudulent real estate purchase ---

and through his continuous fraudulent obstruction of elder abuse recovery --- and through him being a party in the hroader scheme.

**479. ADJUDICATIVE FACT 479 — McCONNELL FAILED HIS MANDATORY KRS 209.030 ELDER ABUSE REPORTING DUTY --- INCLUDING KRS 209.990 --- AND INCLUDING KRS 446.070 FOR CRIMINAL TO CIVIL CONVERSION:** McConnell admitted — through his failure to deny this averment — that he failed to fulfill his statutory duty to report ongoing elder abuse — elder neglect — and elder exploitation of Doris under KRS 209.030 and that this failure additionally violated KRS 209.990 --- which uses KRS 446.070 for criminal to civil conversion. These additional statutory violations are established as admitted adjudicative facts from McConnell's own CR 8.04 default — making McConnell's admission a comprehensive statutory reporting violation admission.

**480. ADJUDICATIVE FACT 480 — McCONNELL CONCEALED ELDER ABUSE OF DORIS AND AIDED FURTHER EXPLOITATION OF DORIS — CONTINOUSLY OBSTRUCTING EDWARD AND STANETTE AND DORIS --- AND CONTINOUSLY OBSTRUCTING ELDER ABUSE RECOVERY:** McConnell admitted — through his failure to deny this averment — that instead of reporting elder abuse — he concealed the elder abuse aided further exploitation of Doris — and fraudulently obstructed intervention by Edward Colgate and Stanette Rose — thereby exacerbating Doris's harm and financial losses.

**481. ADJUDICATIVE FACT 481 — McCONNELL HAD DIRECT AND INDIRECT INVOLVEMENT IN ELDER ABUSE OF DORIS — SUPPORTED BY SPECIFIC EXHIBITS:** McConnell admitted — through his failure to deny this averment --- that he was directly and indirectly involved in the elder abuse — elder neglect — and elder exploitation that Doris was experiencing — documented in PX-7 — PX-8 — PX-10 — PX-25 through PX-29 —

PX-6 — PX-39 — and PX-3, Audio 2 — Audio 8 — Audio 11 — Audio 12 — Audio 13 — Audio 16 — and Audio 18.

**482. ADJUDICATIVE FACT 482 — McCONNELL VIOLATED KRS 209.030 KRS 209.990 (Criminal to Civil Conversion through KRS 446.070) — COMPREHENSIVE STATUTORY REPORTING VIOLATION ADMISSION BY McCONNELL:** McConnell admitted — through his failure to deny this averment — that by failing to report elder abuse of Doris he violated his statutory duty under KRS 209.030 — and additionally violated KRS 209.990 — which uses KRS 446.070 for criminal to civil conversion. This three-statute violation is a comprehensive statutory reporting violation admission — establishing KRS 209.030 violation — KRS 209.990 violation and penalty application — and KRS 446.070 civil recovery — all from McConnell's own CR 8.04 default simultaneously.

2613. **Adjudicative Facts From Paragraph 100 — Case 25-CI-001795:**

**483. ADJUDICATIVE FACT 483 — ALL 40 EXHIBITS AND ALL 30 COUNTS DEMONSTRATE PATTERN OF FRAUDULENT MISCONDUCT:** McConnell admitted — through his failure to deny this averment — that all exhibits PX-1 through PX-40 and all 30 Counts and Causes of Action collectively demonstrate the pattern of fraudulent misconduct alleged. McConnell's fraudulent misconduct — establishes this characterization as an admitted adjudicative fact from McConnell's own default.

**484. ADJUDICATIVE FACT 484 — McCONNELL WAS MANDATED TO REPORT ALL 30 COUNTS AND REPORTED ZERO — FOURTH INDEPENDENT DEFENDANT ADMISSION:** McConnell admitted — through his failure to deny this averment — that it was mandatory for him to report all 30 Counts and Causes of Action — and that he reported zero out of 30. This is the fourth independent defendant to admit his 30 mandatory reporting violations

since McConnell reported zero times out of the 30 — Lori Fox — Susan Wilson — and Ray Wilson having admitted the same previously — making the coordinated, complicit, and conspiratorial reporting obstruction --- a pattern established from four independent CR 8.04 defaults across four separate Kentucky cases simultaneously.

2614. **Adjudicative Facts From Paragraph 101 — Case 25-C1-001795:**

**485. ADJUDICATIVE FACT 485 — McCONNELL'S KRS 502.020 COMPLICITY WITH LORI FOX IN FINANCIAL EXPLOITATION AND ELDER ABUSE:** McConnell admitted — through his failure to deny this averment — his complicity with Lori Fox --- pursuant to KRS 502.020 — regarding financial exploitation and elder abuse of Doris --- pursuant to KRS 209.020. McConnell's paragraph 101 identifies Lori Fox as a primary actor in his complicity relationship — and Susan Wilson identifies Lori Fox and others — and Ray Wilson identifies Susan Wilson. Together — the three complicity admissions from paragraph 101 across three separate defendants --- establish the complete conspiratorial network through each defendant's own CR 8.04 default — all connected through their own simultaneous CR 8.04 defaults in separate cases — documenting the enterprise's association-in-fact structure from the defendants' own admissions.

2615. **The Combined Significance of All Seven Paragraphs:** When paragraphs 17 — 18 — 21 — 98 — 99 — 100 — and 101 are read together from McConnell's CR 8.04 default — they establish a precise seven-part admission framework specific to McConnell's role. First — legal standing is admitted on independent grounds — including but not limited to KRS 502.020 (complicity with full liability) and tortious interference with contractual rights, and KRS 209.020 (elder abuse). See all legally binding judicial admissions regarding the 30 Counts against McConnell --- which add many additional independent grounds for legal standing. See PX-53.

Second — timeliness admitted including the real estate fraud claim arising from McConnell's own purchase. Third — KRS 209.030(2) and (3) specific subsections violated. Fourth — direct and complicit knowledge and participation admitted. Fifth — KRS 209.030 and KRS 209.990 violations with civil recovery under KRS 446.070. Sixth — 30 statutory reporting violations --- McConnell refusing and obstructing elder abuse reporting --- reporting elder abuse zero times — fourth independent defendant to admit the coordinated, complicit, and conspiratorial obstruction of elder abuse reporting as a pattern. Seventh — KRS 502.020 complicity specifically with Lori Fox — connecting McConnell's fraudulent buyer role directly to Lori Fox's fraudulent primary perpetrator roles --- through the statutory complicity framework.

2616. **Adjudicative Facts From Paragraph 21 — Case 25-CI-001796 v. Hey Jude, LLC: 486. ADJUDICATIVE FACT 486 — ALL CLAIMS TIMELY FILED — HEY JUDE LLC AS FIFTH INDEPENDENT DEFENDANT ADMISSION, INCLUDING CORPORATE ENTITY:** Hey Jude LLC admitted — through its failure to deny this averment — that Plaintiffs' claims are timely filed pursuant to all applicable statutes of limitations — and that Plaintiffs have complied with all procedural requirements necessary to bring this action — documented in PX-30 for all 30 counts.

2617. **The Complete Timeliness Admission Record — Five Cases:** This admission completes the timeliness record across all five Kentucky cases. Here is the complete summary: Lori Fox — case 25-CI-001121 — admitted timeliness as a primary perpetrator. Susan Wilson — case 25-CI-001371 — admitted timeliness as a direct and complicit participant. Ray Wilson — case 25-CI-001568 — admitted timeliness as a direct and complicit participant. Jude McConnell — case 25-CI-001795 — admitted timeliness as a direct and complicit participant, including but not limited to real estate fraud and obstruction of recovery and unjust enrichment. Hey Jude LLC — case

25-CI-001796 --- admitted timeliness as a corporate entity purchasing vehicle --- and was/is a direct and complicit participant, including but not limited to real estate fraud and obstruction of recovery and unjust enrichment.

2618. **Preliminary Note — The Quadruple Paul Kevin Ford Admission Pattern:** These paragraphs establish Ford's unauthorized and fraudulent misrepresentations and fraudulent misuse of Doris's funds from five separate defendants in five separate Kentucky cases, including the aforementioned adjudicative facts in case 25-CI-001371 --- each generating independent CR 8.04 defaults after legal service by Deputy Sheriff. Hey Jude LLC — case 25-CI-001796 — admitted Ford's unauthorized and fraudulent misrepresentations and fraudulent fund misuse. Jude McConnell — case 25-CI-001795 — admitted Ford's unauthorized and fraudulent misrepresentations and fraudulent fund misuse. Ray Wilson — case 25-CI-001568 — admitted Ford's unauthorized and fraudulent misrepresentations, including (Michelle) Burkhead's additional fraudulent misuse. Lori Fox — case 25-CI-001121 — admitted Ford's unauthorized and fraudulent misrepresentations --- and admitted robbery as broader effort. Five separate defendants — five separate cases — five independent CR 8.04 defaults — all admitting the same underlying Paul Kevin Ford unauthorized and fraudulent misconduct facts simultaneously.

2619. **Adjudicative Facts From Paragraph 41 — Case 25-CI-001796 — Hey Jude LLC:**

**487. ADJUDICATIVE FACT 487 — HEY JUDE LLC ADMITTED DORIS DID NOT KNOW FOX AND WILSON WERE PAYING FORD FROM DORIS'S BANK ACCOUNT:**

Hey Jude LLC admitted — through its failure to deny this averment --- that on June 10, 2021, Doris communicated that she did not know that Lori Fox and Susan Wilson were paying attorney Ford legal fees for the past three months out of Doris's bank account --- for Fox and Wilson to defend their fraud against Doris — documented in PX-3, Audio12, Audio16. Also see PX-6.

This corporate entity admission establishes the unauthorized and fraudulent fund diversion from Hey Jude LLC's own CR 8.04 default.

**488. ADJUDICATIVE FACT 488 — HEY JUDE LLC ADMITTED DORIS CONFIRMED THAT IT WOULD BE RIDICULOUS TO PAY FOX'S AND WILSON'S LEGAL FEES:** Hey Jude LLC admitted — through its failure to deny this averment — that Doris communicated on June 10, 2021 that it would be ridiculous for Doris to pay Fox's and Wilson's legal fees for them to defend their fraud against Doris — establishing Doris's competent understanding of and opposition to the unauthorized and fraudulent fund diversion from a corporate entity's own CR 8.04 default.

**489. ADJUDICATIVE FACT 489 — HEY JUDE LLC ADMITTED FORD GAVE AN UNAUTHORIZED AND FRAUDULENT ANSWER TO THE COURT FOR DORIS:** Hey Jude LLC admitted — through its failure to deny this averment — that attorney Ford — who was representing Fox and Wilson for their frauds against Doris — gave an answer to the court for Doris that was not an answer from Doris. This is a corporate entity's admission of Ford's unauthorized and fraudulent court submission — establishing Ford's fraudulent fabrication of a court answer for a person he did not represent --- from Hey Jude LLC's own CR 8.04 default — independently corroborating the Section XXXI adjudicative facts from a fifth defendant's admission.

**490. ADJUDICATIVE FACT 490 — HEY JUDE LLC ADMITTED LORI FOX, SUSAN WILSON, AND PAUL KEVIN FORD WERE FRAUDULENTLY USING DORIS'S MONEY AGAINST DORIS:** Hey Jude LLC admitted — through its failure to deny this averment — that Fox — Wilson — and Ford were using Doris's money against Doris —

attempting to prevent Doris from recovering damages caused by Fox's and Wilson's deception of Doris.

**491. ADJUDICATIVE FACT 491 — HEY JUDE LLC ADMITTED DORIS CONFIRMED THAT FORD WAS NEVER HER ATTORNEY — PX-3, AUDIO 10:** Hey Jude LLC admitted — through its failure to deny this averment — that Doris communicated on Audio 10 that Ford was not and never had been her attorney — documented in PX-3, Audio 10. This is a corporate entity's admission of Ford's unauthorized and fraudulent misrepresentations — establishing from Hey Jude LLC's own CR 8.04 default that Doris's Audio 10 denial of Ford's attorney status is an admitted adjudicative fact.

2620. **Adjudicative Facts From Paragraph 41 — Case 25-CI-001795 — Jude McConnell:**

**492. ADJUDICATIVE FACT 492 — McCONNELL ADMITTED DORIS DID NOT KNOW FOX AND WILSON WERE PAYING FORD FROM DORIS'S BANK ACCOUNT — TOTAL OF FIVE INDEPENDENT DEFENDANT ADMISSIONS:** McConnell admitted — through his failure to deny this averment — that on June 10, 2021 --- Doris communicated that she did not know that Fox and Wilson were paying Ford's legal fees for the past three months out of Doris's bank account — for Fox and Wilson to defend their fraud against. Total of five independent defendants to admit this fact.

493. **ADJUDICATIVE FACT 493 — McCONNELL ADMITTED DORIS CONFIRMED THAT IT WOULD BE RIDICULOUS TO PAY FOX'S AND WILSON'S LEGAL FEES TO DEFEND THEIR FRAUD AGAINST DORIS:** McConnell admitted — through his failure to deny this averment that Doris communicated on June 10, 2021 that it would be ridiculous for her to pay Fox's and Wilson's legal fees for them to defend their fraud against Doris.

494. **ADJUDICATIVE FACT 494 — McCONNELL ADMITTED FORD GAVE AN UNAUTHORIZED AND FRAUDULENT ANSWER TO THE COURT FOR DORIS — FIVE INDEPENDENT ADMISSIONS:** McConnell admitted — through his failure to deny this averment — that Ford — representing Fox and Wilson for their frauds against Doris — gave an answer to the court for Doris that was not an answer from Doris.

495. **ADJUDICATIVE FACT 495 — McCONNELL ADMITTED FOX, WILSON, AND FORD WERE USING DORIS'S MONEY AGAINST DORIS — FIVE INDEPENDENT ADMISSIONS:** McConnell admitted — through his failure to deny this averment — that Fox — Wilson — and Ford were using Doris's money against Doris — attempting to prevent Doris from recovering damages.

**496. ADJUDICATIVE FACT 496 — McCONNELL ADMITTED DORIS CONFIRMED THAT FORD WAS NEVER HER ATTORNEY — PX-3, AUDIO 10 — FIVE INDEPENDENT ADMISSIONS:** McConnell admitted — through his failure to deny this averment — that Doris communicated on Audio 10 that Ford was not and never had been her attorney five independent defendant admissions of Doris's Audio 10 denial of Ford's attorney status.

2621. **Adjudicative Facts From Paragraph 41 — Case 25-CI-001568 — Ray Wilson:**

**497. ADJUDICATIVE FACT 497 — RAY WILSON ADMITTED DORIS DID NOT KNOW THAT SHE WAS PAYING FORD'S FRAUDULENT FEES FOR SUSAN WILSON — FIVE INDEPENDENT DEFENDANT ADMISSIONS:** Ray Wilson admitted — through his failure to deny this averment — that on June 10, 2021, Doris communicated that she did not know she was paying Ford's legal fees for the past three months for Susan Wilson to defend her fraud against Doris. Ray Wilson establishes that Doris's funds were being used for

Susan Wilson's defense specifically from Ray Wilson's own CR 8.04 default — independently corroborating the Susan Wilson version from a separate defendant's admission.

**498. ADJUDICATIVE FACT 498 — RAY WILSON ADMITTED (MICHELLE) BURKHEAD ALSO FRAUDULENTLY USED DORIS'S MONEY FOR LEGAL FEES:** Ray Wilson admitted — through his failure to deny this averment — that Burkhead fraudulently used Doris's money for legal fees — attempting to prevent Doris from recovering damages based on real estate elder abuse. This establishes Burkhead's additional unauthorized and fraudulent use of Doris's funds from Ray Wilson's own CR 8.04 default — adding a fourth unauthorized and fraudulent fund user — Burkhead — to the three previously admitted — Fox — Wilson — and Ford.

**499. ADJUDICATIVE FACT 499 — RAY WILSON ADMITTED FORD GAVE AN ANSWER TO THE COURT FOR (MICHELLE) BURKHEAD:** Ray Wilson admitted — through his failure to deny this averment — that Ford — representing Fox and Wilson for their elder abuse against Doris — gave an answer to the court for Burkhead. This is from Ray Wilson's own CR 8.04 default.

**500. ADJUDICATIVE FACT 500 — RAY WILSON ADMITTED MICHELLE BURKHEAD, LORI FOX, SUSAN WILSON, AND PAUL KEVIN FORD WERE ALL FRAUDULENTLY USING DORIS'S MONEY AGAINST DORIS:** Ray Wilson admitted — through his failure to deny this averment — that Michelle Burkhead — Lori Fox — Susan Wilson — and Paul Kevin Ford were all using Doris's money against Doris — attempting to prevent Doris from recovering damages caused by their deception of Doris. This is from Ray Wilson's own CR 8.04 default.


Edward Colgate 22023 SE Wax Rd., Box 1452, Maple Valley, WA 98038, King Co.

**501. ADJUDICATIVE FACT 501 — RAY WILSON ADMITTED DORIS CONFIRMED THAT PAUL KEVIN FORD WAS NEVER DORIS'S ATTORNEY — AUDIO 10 —** Ray Wilson admitted — through his failure to deny this averment — that Doris communicated on Audio 10 that Ford was not and never had been her attorney.

2622. **Adjudicative Facts From Paragraphs 60 and 192 — Case 25-CI-001121 — Lori Fox**

**502. ADJUDICATIVE FACT 502 — FOX ADMITTED SHE PREVENTED DORIS FROM KNOWING THAT FORD WAS FRAUDULENTLY ACTING AS DORIS'S ATTORNEY:** Fox admitted — through her failure to deny this averment — that she prevented Doris from knowing that Fox's attorney Ford — who was attempting to prevent Doris from recovering real estate damages — was fraudulently acting as Doris's attorney. This is a primary perpetrator admitting the specific deception mechanism — Fox personally concealed Ford's unauthorized and fraudulent misrepresentations from Doris — establishing the deliberate concealment element from Fox's own CR 8.04 default as a primary actor.

**503. ADJUDICATIVE FACT 503 — FOX ADMITTED DORIS CONFIRMED FORD WAS NOT HER ATTORNEY — AUDIO 10 — FIVE INDEPENDENT ADMISSIONS:** Fox admitted --- through her failure to deny this averment — that Doris communicated --- that Ford — who is representing Fox for fraud against Doris — is not her attorney — documented in PX-3, Audio 10. Five independent defendants to admit Doris's Audio 10 denial of Ford's attorney status — Lori Fox --- Jude McConnell — Hey Jude LLC --- Ray Wilson --- and Susan Wilson --- all admitting the same audio evidence from five separate CR 8.04 defaults in five separate cases.

2623. **Adjudicative Facts From Paragraph 176 — Case 25-CI-001121 — Lori Fox:**

**504. ADJUDICATIVE FACT 504 — FOX ADMITTED THAT THE MARCH 1, 2020 ROBBERY WAS PART OF A BROADER EFFORT TO ISOLATE DORIS AND FRAUDULENTLY TAKE CONTROL OF DORIS'S ASSETS:** Fox admitted — through her failure to deny this averment — that a police report dated March 1, 2020 --- was filed by Edward against Lori Fox and others for robbery — and that Fox's actions were part of a broader effort to isolate Doris and fraudulently take control of Doris's assets — documented in PX-6.

**505. ADJUDICATIVE FACT 505 — FOX ADMITTED THE SPECIFIC ITEMS TAKEN IN THE MARCH 1, 2020 ROBBERY:** Fox admitted — through her failure to deny this averment — that the following specific items were illegally taken in the March 1, 2020 robbery — Edward's Trustee documents — Edward's Power of Attorney documents --- Edward's Will documents where Doris names Edward — Edward and Doris's United States mail documents with Edward's Social Security number — Edward's watch — and other personal property of Edward and Doris — documented in PX-6. This is Fox as a primary perpetrator admitting the specific stolen and robbed items from her own CR 8.04 default — making each stolen item established as an admitted adjudicative fact from the primary thief's and primary robber's own admissions.

**506. ADJUDICATIVE FACT 506 — FOX ADMITTED STEALING, THEFT, AND ROBBERY OF EDWARD'S TRUSTEE AND POA DOCUMENTS --- AS PART OF THE BROADER FRAUDULENT ASSET CONTROL SCHEME:** Fox admitted --- through her failure to deny this averment --- that stealing and robbery of Edward's Trustee --- Power of Attorney — and Will documents were part of Fox's broader fraudulent effort to isolate Doris and to fraudulently take control of Doris's assets. This connects the robbery directly to Lori Fox's and Susan Wilson's forged POA documents. Fox admitted that the stealing and robbery of

Edward's legitimate authority documents --- were part of the same fraudulent scheme that produced the forged replacement documents --- establishing the robbery and the forgery as connected parts of the same admitted fraudulent scheme from Fox's own CR 8.04 default.

507. **Adjudicative Fact 507 — Paragraph 259 — Wilson's Own Unjust Enrichment and Complicity in Fox's, Burkhead's, and McConnell's Unjust Enrichment:** Wilson admitted — through her failure to deny paragraph 259 under Count/Claim for Relief XXIV — that she obtained unjust enrichment by using Doris's assets to defend her fraudulent actions against Doris — and that she was complicit in Fox's --- Burkhead's — and McConnell's unjust enrichment from Doris — through her failure to deny this averment — establishing Wilson's direct unjust enrichment and KRS 502.020 complicity in three additional defendants' unjust enrichment simultaneously from Wilson's own CR 8.04 default.

508. **Adjudicative Fact 508 — Paragraph 355, Subsection 2 — Fraudulently Misappropriated Defense Fees Excluded From $490,046.73 Total:** Wilson admitted — through her failure to deny paragraph 355, subsection 2 — that the $490,046.73 total special damages does not include the amount of Doris's assets that Wilson used to defend her fraud against Doris — establishing the fraudulently misappropriated defense fees as a separate and additional damages category beyond the admitted special damages floor — through her failure to deny this averment.

509. **Adjudicative Fact 509 — Paragraph 355, Subsection 12 — Injunction Warranted Against Continuing Use of Doris's Assets:** Wilson admitted — through her failure to deny paragraph 355, subsection 12 — that an injunction is warranted to prevent Wilson from continuing to use Doris's assets to defend her fraud against Doris — establishing both the

continuing character of the violation and the appropriateness of injunctive relief from Wilson's own CR 8.04 default.

510. **Adjudicative Fact 510 — Paragraph 355, Subsection 27 — Judgment Compelling Return of All Fraudulently Misappropriated Funds and Assets:** Wilson admitted — through her failure to deny paragraph 355, subsection 27 — that a judgment compelling Wilson to return all fraudulently misappropriated funds and other assets belonging to Doris is warranted — including annuities — securities — real estate — and attorney fees paid from Doris's assets to defend Wilson's fraud — through her failure to deny this averment.

511. **Adjudicative Fact 511 — Wilson Admitted Tortious Interference With Doris's Slip and Fall Recovery ---Framed as Elder Abuse — Paragraph 355, number 50:** Wilson admitted — through her failure to deny paragraph 355, number 50 of Kentucky case 25-CI-001371 — that her tortious interference with Edward's and Doris's contractual rights included interfering with Doris recovering damages from her slip and fall --- framed under elder abuse --- at Morning Pointe of Louisville — which caused a left tibia fracture requiring orthopedic surgery at Baptist Hospital on or about October 15, 2021 — subsequent rehabilitation at Sam Swope Rehabilitation Center — postoperative delirium rendering Doris unable to participate in any deposition as confirmed by Dr. Madhusudhan R. Yakkanti MD on November 10, 2021 — and many months of rehabilitation — through her failure to deny this averment. This is a legally binding and conclusive CR 8.04 admitted adjudicative fact establishing Wilson's direct liability for Doris's inability to pursue and recover the compensation she would otherwise have received from Morning Pointe.

512. **Adjudicative Fact 512 — Wilson Admitted Liability for Full Recovery of What Doris Would Have Received From Morning Pointe — Paragraph 355, number 51:** Wilson

admitted — through her failure to deny paragraph 355, number 51 of Kentucky case 25-CI-001371 — that a judgment against Wilson is warranted for recovery of what Doris would have received as compensation for her slip and fall --- framed under elder abuse --- at Morning Pointe — under KRS 209.020(4)(8)(16) Elder Abuse — documented in PX-2 statement of fact 102 — through her failure to deny this averment. This establishes two simultaneous admitted adjudicative facts — first that the slip and fall constitutes elder abuse under three specific and independent KRS 209.020 subsections simultaneously — and second that Wilson is liable for the full amount Doris would have received from Morning Pointe as compensation for that slip and fall — making Wilson liable not just for her own direct misconduct --- but for the full lost recovery value --- that her tortious interference prevented Doris from obtaining.

513. **Adjudicative Fact 513 — The Slip and Fall Constitutes Elder Abuse Under KRS 209.020(4)(8) and (16) — Three Independent Statutory Bases Simultaneously:** Wilson admitted — through her failure to deny paragraph 355, number 51 — that the slip and fall at Morning Pointe constitutes elder abuse under KRS 209.020(4) — KRS 209.020(8) — and KRS 209.020(16) simultaneously — through her failure to deny this averment. Each subsection is an independently admitted elder abuse basis — making Wilson's liability established under three separate and independent statutory grounds from her own CR 8.04 default.

514. **Adjudicative Fact 514 — Dr. Yakkanti's November 10, 2021 Medical Note Establishes Postoperative Delirium and Inability to Testify:** Dr. Madhusudhan R. Yakkanti MD confirmed on November 10, 2021 that Doris Colgate had been under his care for a left tibia fracture since October 15, 2021 — that she was originally managed with surgery at Baptist Hospital — subsequently transferred to Sam Swope Rehabilitation Center — that she had postoperative delirium — and that in his best medical opinion she was and would be unable to

give a deposition at that stage. Dr. Yakkanti never signed any subsequent approval for Doris to participate in a deposition. This medical note signed by a treating physician — establishes postoperative delirium surgical harm — neurological harm — and inability to testify as documented adjudicative facts from an authenticated medical record.

515. **Adjudicative Fact 515 — Wilson Admitted Complicity With Morning Pointe and Debbi Hall in Obstructing Elder Abuse Recovery:** Wilson admitted — through her failure to deny the averments in Kentucky case 25-CI-001371 — complicity under KRS 502.020 in the obstruction of Doris's elder abuse recovery — including complicity with Morning Pointe of Louisville and Debbi Hall — VP at Morning Pointe — who was notified of other elder abuse of Doris Colgate --- on August 22, 2020 by Edward Colgate --- and who (Debbi Hall) refused and failed to report — making Wilson jointly and severally liable through KRS 502.020 for the full value of Doris's obstructed slip and fall recovery — through her failure to deny this averment.

516. **Adjudicative Fact 516 — Simultaneous Dual Facility Billing as Admitted Component of Elder Abuse:** Wilson admitted — through her failure to deny the averments in Kentucky case 25-CI-001371 — that simultaneous billing of more than one facility — Morning Pointe of Louisville and Sam Swope Rehabilitation Center simultaneously — constitutes a component of the elder abuse and deliberate obstruction of Doris's recovery — through her failure to deny this averment — with the specific billing amounts to be established through Rule 45 subpoenas to Morning Pointe and Sam Swope.

517. **Adjudicative Fact 517 — Paragraph 25 — Wilson Admitted Emotional and Mental Injury From Isolation, Intimidation, and Interference With Medical Care:** Wilson admitted — through her failure to deny paragraph 355 subsection 25 that a judgment against Wilson is warranted for emotional and mental injury resulting from Wilson's abusive misconduct —

including harm caused by isolation — intimidation -- - and interference with medical care — to deter similar misconduct in the future — through her failure to deny this averment. This establishes three simultaneous independently admitted IIED bases — isolation — intimidation and interference with medical care — each generating independent emotional and mental injury from Wilson's own CR 8.04 default.

518. **Adjudicative Fact 518 — Paragraph 28 — Wilson Admitted Compensatory Damages for Harm to Edward From Inducement of Perjury — Witness Tampering — and Evidence Tampering:** Wilson admitted — through her failure to deny paragraph 355 subsection 28 — that compensatory damages are warranted for harm caused to Edward by Wilson's inducement of perjury — tampering with a witness — and tampering with physical evidence including increased legal expenses obstruction of fiduciary duties — and emotional distress — through her failure to deny this averment. This establishes three independent categories of harm to Edward — each independently admitted — with emotional distress as a specifically named admitted component alongside the economic harms.

519. **Adjudicative Fact 519 — Paragraph 31 — Wilson Admitted Compensatory Damages for Harm to Edward's Reputation — Emotional Distress — and Financial Losses From Testimony Tampering and Defamation:** Wilson admitted — through her failure to deny paragraph 355 subsection 31 — that compensatory damages are warranted for harm to Edward's reputation — emotional distress — and financial losses resulting from Wilson's tampering with Doris's testimony and defamation — through her failure to deny this averment. This establishes reputation harm — emotional distress — and financial losses as three simultaneously admitted independent compensatory damage categories from Wilson's own CR 8.04 default.

520. **Adjudicative Fact 520 — Paragraph 52 — Wilson Admitted IIED Liability for Both Doris and Edward:** Wilson admitted — through her failure to deny paragraph 355 subsection 52 — that a judgment against Wilson for Intentional Infliction of Emotional Distress is warranted — compensating appropriately for both Doris Colgate and Edward Colgate — through her failure to deny this averment. This is the most comprehensive IIED admission — establishing Wilson's IIED liability to both plaintiffs simultaneously — from Wilson's own CR 8.04 default.

521. **Adjudicative Fact 521 — Wilson's Fraudulent Obstruction and Deprivation of Familial Relationship Is Admitted:** Wilson admitted — through her failure to deny the averments in Kentucky case 25-CI-001371 — that her fraudulent misconduct caused obstruction and deprivation of the familial relationship between Edward Colgate and Doris Colgate — through isolation — intimidation — deception of Doris — fraudulent manipulation and inducement of perjury regarding Doris's deposition testimony — fraudulent concealment of Edward's fiduciary work from Doris and complicity in preventing Edward from accessing Doris through legitimate fiduciary channels — through her failure to deny these averments. This establishes fraudulent deprivation of familial relationship as an admitted adjudicative fact from Wilson's own CR 8.04 default.

522. **Adjudicative Fact 522 — Wilson's Fraudulent Misconduct Was Continuous From March 2020 Through Present:** Wilson admitted — through her failure to deny averments establishing the continuing character of her fraudulent misconduct that the isolation — obstruction — and deprivation of familial relationship were continuous from March 1, 2020 through the present — through her failure to deny these averments. The continuing character is critical for both survival of claims and wrongful death analysis, although continuous fraud also continues to extend the statute of limitations, because it establishes that Wilson's fraudulent

misconduct was a sustained course of fraudulent misconduct --- whose consequences continue regardless of Doris's current status.

523. **Adjudicative Fact 523 — Wilson's Fraudulent Misconduct Accelerated Doris's Cognitive and Physical Decline:** Wilson admitted -— through her failure to deny the averments establishing postoperative delirium — deliberate and intentional fraudulent exclusion of the lawful POA from medical decision-making and financial decisions — isolation from family --- and fraudulent interference with medical care and finances — that Wilson's fraudulent misconduct caused and accelerated cognitive and physical decline in Doris Colgate -- a 93-year-old vulnerable adult --- through her failure to deny these averments. Accelerated cognitive and physical decline in a 93-year-old patient -- caused by documented isolation — fraudulent medical care and financial interference — and sustained elder abuse --- is itself a cause of earlier death than would otherwise have occurred — making Wilson's fraudulent misconduct a contributing cause of any premature death.

524. **ADJUDICATIVE FACT 524 — WILSON ADMITTED LIABILITY FOR EDWARD'S MONETARY DAMAGES FROM THREE SIMULTANEOUS AND INDEPENDENT MECHANISMS ---** Wilson admitted -— through her failure to deny paragraph 355 subsection 10 — that a judgment against Wilson in favor of Edward Colgate is warranted for monetary damages sufficient to compensate Edward for the loss of his money and other personal property --- wrongfully acquired by Wilson through three simultaneous and independent mechanisms —- through her failure to deny this averment. The three simultaneously admitted independent mechanisms are precisely stated as follows:

525. **ADJUDICATIVE FACT 525 --- First** — robbery of Edward --- establishing Wilson's direct liability for the robbery on March 4, 2020 --- through her own CR 8.04 admission.


Edward Colgate 22023 SE Wax Rd., Box 1452, Maple Valley, WA 98038, King Co.

526. **ADJUDICATIVE FACT 526 --- Second** — deception of Doris — establishing Wilson's liability for the economic consequences to Edward flowing from Wilson's deception of Doris — making deception of Doris an independently admitted mechanism of harm to Edward --- rather than only harm to Doris.

527. **ADJUDICATIVE FACT 527 --- Third** — tortious interference with Doris reimbursing Edward for attorney fees to which Doris agreed --- establishing Wilson's specific liability for preventing Doris from fulfilling the reimbursement agreement she made with Edward — admitted from Wilson's own CR 8.04 default — making the reimbursement agreement itself and Wilson's tortious interference with the agreement --- simultaneously admitted adjudicative facts.

528. **ADJUDICATIVE FACT 528 — WILSON ADMITTED EDWARD'S ATTORNEY FEES OF $40,433.68 AS A SUM CERTAIN DAMAGES AMOUNT:** Wilson admitted — through her failure to deny paragraph 355 subsection 10 — that Edward's attorney fees for working to recover damages for Doris for elder abuse and fraud perpetrated by Wilson against Doris --- to the signed date of filing on February 18, 2025 — are $40,433.68 — through her failure to deny this averment. This establishes $40,433.68 as a specifically admitted sum certain damages amount from Wilson's own CR 8.04 default — satisfying Kentucky CR 8.04's requirement that damages be a sum certain or a sum which by computation can be made certain — making this amount a conclusive admitted adjudicative fact, not subject to reasonable dispute.

529. **ADJUDICATIVE FACT 529 — WILSON ADMITTED LIABILITY FOR LOST INTEREST ON THE $40,433.68 ATTORNEY FEES:** Wilson admitted — through her failure to deny paragraph 355 subsection 10 — that lost interest on the $40,433.68 attorney fees is an additional admitted damages category --- through her failure to deny this averment. The lost interest is computable from the date each attorney fee payment was made through the date of

judgment — at the applicable Kentucky statutory interest rate — making it a sum which by computation can be made certain under CR 8.04's computation standard — and therefore an admitted adjudicative fact establishing the additional interest damages category from Wilson's own CR 8.04 default.

530. **ADJUDICATIVE FACT 530 — WILSON ADMITTED LIABILITY FOR TIME AND ENERGY DAMAGES FOR EDWARD WORKING TO RECOVER DAMAGES FOR DORIS:** Wilson admitted — through her failure to deny paragraph 355 subsection 10 — that time and energy for working to recover damages for Doris is an additional admitted damages category beyond the $40,433.68 attorney fees — through her failure to deny this averment. This establishes time and energy damages as an independently admitted category from Wilson's own CR 8.04 default — with the specific amount computable from documented hours applied to a professional forensic audit rate — satisfying CR 8.04's computation standard — and making time and energy damages a computable sum certain adjudicative fact.

531. **ADJUDICATIVE FACT 531 — WILSON ADMITTED DORIS'S REIMBURSEMENT AGREEMENT WITH EDWARD AS A BINDING CONTRACTUAL OBLIGATION:** Wilson admitted — through her failure to deny paragraph 355 subsection 10 — that Doris agreed to reimburse Edward for attorney fees paid on Doris's behalf to recover damages from Wilson — establishing the reimbursement agreement as a binding contractual obligation admitted from Wilson's own CR 8.04 default. This is Wilson herself admitting the existence and validity of the reimbursement agreement that she tortiously interfered with — making both the agreement and the tortious interference simultaneously admitted adjudicative facts from the same single CR 8.04 default.

532. **ADJUDICATIVE FACT 532 — WILSON ADMITTED THAT ROBBERY — DECEPTION OF DORIS — AND TORTIOUS INTERFERENCE ARE THREE INDEPENDENT BASES FOR EDWARD'S DAMAGES — EACH INDEPENDENTLY SUFFICIENT:** Wilson admitted — through her failure to deny paragraph 355 subsection 10 — that robbery of Edward — deception of Doris — and tortious interference with the reimbursement agreement are three simultaneous and independent bases for Edward's monetary damages — each independently sufficient to establish Wilson's liability to Edward — through her failure to deny this averment. The three bases are not alternative theories requiring a choice between them — they are **simultaneously admitted independent** grounds — each generating **independent liability** — making Wilson liable to Edward on all three grounds simultaneously from a single CR 8.04 default.

533. **ADJUDICATIVE FACT 533 — PARAGRAPH 454 addressed below in the Plausibility VERBATIM — WILSON ADMITTED COUNT V — ABUSE OF A VULNERABLE ADULT UNDER KRS 209.020(8):** Wilson admitted — through her failure to deny paragraph 454 — that Count V — Abuse of a Vulnerable Adult under KRS 209.020(8) — is properly asserted against her — through her failure to deny this averment — making the entire cause of action under KRS 209.020(8) an admitted adjudicative fact from Wilson's own CR 8.04 default.

534. **ADJUDICATIVE FACT 534 — PARAGRAPH 455 from Verbatim below — KRS 209.020(8) DEFINITION ADMITTED — INCLUDING UNINTENTIONAL INFLICTION THROUGH NEGLECT:** Wilson admitted — through her failure to deny paragraph 455 — that KRS 209.020(8) defines abuse as the infliction of injury — sexual abuse — unreasonable confinement — intimidation — or punishment that results in physical pain or injury including

mental injury — and that infliction of injury can be unintentional such as when it results from neglect or negligence — through her failure to deny this averment. This establishes the statutory definition as an admitted adjudicative fact — and critically establishes that both intentional and unintentional infliction through neglect constitute admitted abuse under the statute.

535. **ADJUDICATIVE FACT 535 — PARAGRAPH 456 from Verbatim below — WILSON ADMITTED INFLICTING MENTAL INJURY AND PHYSICAL INJURY ON DORIS — A VULNERABLE ADULT WITH DEMENTIA AND APHASIA:** Wilson admitted — through her failure to deny paragraph 456 — that she inflicted mental injury upon Doris — and that she inflicted physical injury upon Doris — a vulnerable adult suffering from dementia and aphasia — causing significant emotional and psychological harm and injury and physical harm and injury — through her failure to deny this averment — documented in PX-2 statements 9 and 32 — PX-5 — PX-10 — PX-16 — PX-17 — PX-20 — and PX-3, Audio 8 through Audio 13. Wilson additionally admitted complicity in defamation and false statements made to Doris regarding Edward — causing additional mental injury to Doris — through her failure to deny this averment.

536. **ADJUDICATIVE FACT 536 — PARAGRAPH 457 from Verbatim below — WILSON ADMITTED INTIMIDATION — UNREASONABLE CONFINEMENT — ISOLATION — AND MANIPULATION OF DORIS:** Wilson admitted — through her failure to deny paragraph 457 — the following specific admitted misconduct categories under KRS 209.020(8) simultaneously. Intimidation of Doris through manipulation and coercion designed to isolate her and gain control of her assets — admitted. Unreasonable confinement and isolation by preventing Doris from accessing medical care — trusted individuals — and necessary information — admitted. Material misrepresentations to Doris for why she was being deposed

while sitting next to her — admitted. Wilson additionally admitted through her failure to deny paragraph 457 — that Doris communicated on PX-3, Audio17 that she was afraid that Wilson would get upset that Edward and Stanette talked to her — establishing fear of Wilson as a specifically documented emotional harm admitted from Wilson's own CR 8.04 default.

537. **ADJUDICATIVE FACT 537 — PARAGRAPH 458 from Verbatim below — WILSON ADMITTED CREATING A FEARFUL ENVIRONMENT FOR DORIS CAUSING SEVERE EMOTIONAL DISTRESS AND MENTAL INJURY:** Wilson admitted — through her failure to deny paragraph 458 — that her complicity inflicted mental injury to Doris by creating a fearful environment — causing severe emotional distress and mental injury and harm — through her failure to deny this averment. The word severe is specifically admitted — making **severity** of emotional distress an admitted adjudicative fact — rather than a characterization requiring separate proof.

538. **ADJUDICATIVE FACT 538 — PARAGRAPH 459 from Verbatim below— WILSON ADMITTED COMPLICITY IN INTERFERING WITH DORIS'S ACCESS TO A NEUROLOGIST AND LYMPHEDEMA SPECIALIST — WORSENING DORIS'S CONDITION:** Wilson admitted — through her failure to deny paragraph 459 — complicity in interfering with Doris's access to a neurologist and her access to a lymphedema specialist — worsening Doris's condition — through her failure to deny this averment — documented in PX-2 statements 9 and 32. This establishes two specific medical specialty deprivations as admitted adjudicative facts — deprivation of neurologist access and deprivation of lymphedema specialist access — each with the additional admitted fact that Wilson's interference worsened Doris's condition — making the **causal connection between interference and worsened condition** an admitted fact — rather than a matter requiring expert proof alone.

539. **ADJUDICATIVE FACT 539 — PARAGRAPH 460 from Verbatim below — WILSON ADMITTED COMPLICITY IN ISOLATING DORIS FROM EDWARD AND STANETTE — CAUSING FURTHER EMOTIONAL HARM:** Wilson admitted — through her failure to deny paragraph 460 — complicity in isolating Doris from Edward and Stanette and other supportive individuals — causing further emotional harm to Doris and that Doris's view of Edward completely changed with Wilson sitting next to her at the deposition — through her failure to deny this averment — documented in PX-3, Audio17-Audio18 — PX-5 — and PX-10.

540. **ADJUDICATIVE FACT 540 — PARAGRAPH 461 from Verbatim below — WILSON ADMITTED ONGOING INTIMIDATION AND ISOLATION CAUSED SIGNIFICANT EMOTIONAL AND PSYCHOLOGICAL HARM — EVIDENCED BY CONFUSION, FEAR, AND DISTRESS:** Wilson admitted — through her failure to deny paragraph 461 — that ongoing intimidation and isolation caused significant emotional and psychological harm to Doris — evidenced by her confusion — fear — and distress during legal proceedings — through her failure to deny this averment — documented in PX-3, Audio17--Audio18. The three specific manifestations — confusion — fear — and distress — are each independently admitted as specific forms of harm.

541. **ADJUDICATIVE FACT 541 — PARAGRAPH 462 from Verbatim below — DORIS'S DEMENTIA AND APHASIA MADE HER HIGHLY SUSCEPTIBLE TO MENTAL INJURY — AND WILSON'S COMPLICITY DIRECTLY CONTRIBUTED TO DORIS'S DISTRESS:** Wilson admitted — through her failure to deny paragraph 462 — that Doris's medical conditions of dementia and aphasia made her highly susceptible to mental injury — and that Wilson's complicity directly contributed to Doris's distress — through her failure to deny this averment — documented in PX-2 statements 8 and 33 — PX-16 — PX-17 — and PX-21.

The **direct causal connection** between Wilson's complicity and Doris's distress is an admitted adjudicative fact — eliminating any argument that the distress was caused by something other than Wilson's misconduct.

542. **ADJUDICATIVE FACT 542 — PARAGRAPH 463 from Verbatim below— DORIS WAS DISTRESSED BY REALIZING HER OWN FUNDS WERE BEING USED TO DEFEND WILSON'S FRAUD — AND CONFIRMED IT WOULD BE RIDICULOUS:** Wilson admitted — through her failure to deny paragraph 463 — that Doris was distressed by the realization that her own funds were being used to defend Wilson's fraudulent actions against her — and that Doris did not know her funds had been used for Wilson's legal fees and communicated that it would be ridiculous for her to pay for that — through her failure to deny this averment — documented in PX-2 statement 46 and PX-3, Audio12--Audio16. This establishes financial distress from fund misappropriation as a specifically admitted form of mental injury under KRS 209.020(8) — connecting the financial fraud directly to the emotional and mental injury claim.

**543. ADJUDICATIVE FACT 543 — PARAGRAPH 464 from Verbatim — DORIS'S MENTAL INJURY FROM WILSON'S COMPLICITY IN DEFRAUDING HER OF THREE ANNUITIES:** Wilson admitted — through her failure to deny paragraph 464 — Doris's mental injury based on Wilson's complicity in defrauding Doris of the Protective Life annuity — the Washington National annuity and the Transamerica annuity — through her failure to deny this averment — documented in PX-2 statements 96 through 98 and PX-25 — PX-26 — and PX-27. This establishes the specific connection between each annuity fraud and Doris's mental injury — making the annuity fraud and the resulting mental injury simultaneously admitted as connected adjudicative facts.

2624. Wilson and her 4 aforementioned co-conspirators were and continue to be in complicity and in conspiracy in fraudulent acts---including but not limited to annuity frauds, securities fraud, real estate fraud, forgery, obstruction of recovery, obstruction of justice, identify theft/fraud, robbery, theft, all 30 legally admitted claims for relief in state complaint 25-CI-001371 --- and also in the other 4 aforementioned complaints --- including but not limited to all 67 federal claims for relief and all 30 state claims for relief under supplemental jurisdiction --- herein this federal complaint. This constitutes Wilson's violations of 42 U.S.C. §1985(2)-(3) and Wilson's liability. 42 U.S.C. §1985(3) covers conspiracy to deprive persons of equal protection or equal privileges. In addition, the enterprise's systematic elimination of every pro se plaintiff as documented by systematic fraud on the court in Jefferson Circuit Court— combined with the specific retaliation and targeting of Plaintiffs as elder abuse reporters — satisfies §1985(3)-(2).

2625. For pro se plaintiffs---who have **never** been allowed to assert **oral arguments** in Jefferson Circuit Court --- and elder abuse reporters — the class-based animus is the institutional contempt for these categories documented throughout this complaint. In modern application — courts have interpreted "go in disguise" broadly to include any concealment of identity or purpose used to accomplish the conspiracy's objectives. It does not require literal physical disguise on a literal highway. The enterprise's operation under alias identities — specifically non-payroll aliases Sims, Fogel, and Logan sharing personnel number 00269101 — constitutes operation in disguise within the meaning of 42 U.S.C. §1985(3) — because those aliases concealed the true identity of the actors committing/perpetrating the enterprise's fraudulent commencement acts --- in furtherance of the conspiracy to deprive Plaintiffs of equal protection of the laws.

2626. In addition, Susan Wilson was and is an enterprise member through her association-in-fact with Fox — Ford — others --- the judicial actors --- and the Court Clerk's office employees,

who have continued their fraudulent attempts to protect Wilson. Wilson participated both directly and indirectly in the enterprise. See RICO claims for relief LXVIII through LXXXVIII. Wilson unjustly benefited from the enterprise's obstruction of Plaintiffs' recovery — sustaining her unjust enrichment. The enterprise's judicial misconduct, court employees' misconduct, and others' misconduct sustained Wilson's retention of admitted fraud proceeds.

2627. Wilson's association in fact is established through her coordination, complicity, and conspiracy with Fox and others in the annuity frauds — securities fraud --- real estate fraud --- forgery --- obstruction of justice, obstruction of recovery, unjust enrichment, et cetera — RICO claims for relief LXVIII through LXXXVIII---through Ford's fraudulent dual misrepresentations, connecting Wilson directly to the enterprise's attorney member — through Wilson's knowing benefit from the enterprise's systematic obstruction of Plaintiffs' recovery — and through Wilson's substantive CR 8.04 legally binding admissions --- establishing Wilson's liability in all 30 counts/claims for relief simultaneously---with the enterprise's fraudulent judicial protection of that liability. This gives rise to the other 67 federal claims for relief that are cited herein this Federal Complaint.

2628. Plaintiffs incorporate by reference in full detail the following: **legally binding and conclusive judicial admissions** that are **Verbatim from state complaint 25-CI-001371 (PX-51), paragraph 23, regarding separate trials and separate complaints**. This has previously been established as an adjudicative fact to be noticed under FRE 201.

2629. **SECTION XXXVIII: ELEVENTH FRE 201 NOTICE --- Mandatory Judicial Notice of Adjudicative Facts Under FRE 201(c)(2) and (b)(2) --- Specific Monetary Amounts --- Declaratory And Injunctive Relief --- Established From Susan Wilson's Substantive Ky. CR 8.04 Legally Binding Judicial Admissions of Damages--in Specific**

**Monetary Amounts--That She (Wilson)--Caused in Kentucky Case 25-CI-001371---Under Supplemental Jurisdiction---And Supported By Documentary Evidence---All Sum Certain or Computable --- Each Relief Averment/Allegation/Adjudicative Fact Admitted as an Established Adjudicative Fact --- Admitted Verbatim As Stated in the Kentucky Complaint --- This Court Must Take Judicial Notice Upon This Request.**

**Preliminary Statement:**

1. **Plaintiffs assert all of the following:** This section is sub-numbered for clarity. Plaintiffs respectfully request that this Court take mandatory judicial notice of the following adjudicative facts pursuant to FRE 201(c)(2) — this Court must take judicial notice because Plaintiffs have requested it and have supplied the necessary information. These adjudicative facts are specific facts about what occurred between these specific parties — established from Wilson's substantive and legally binding CR 8.04 admissions in Kentucky case 25-CI-001371 — from which Wilson failed to deny any of the following specific amounts — and from supporting documentary evidence---including but not limited to---bank documents, annuity documents, securities documents, and real estate closing documents — all sources whose accuracy cannot reasonably be questioned under FRE 201(b)(2).

2. Substantive CR 8.04 does **not** require well-pleaded averments. FRCP 8(b)(6) does **not** require well-pleaded allegations. Both rules operate on the **"effect"** of the defendant's failure to deny — making Wilson's admissions legally binding---regardless of pleading quality. The **specific dollar amounts stated** below are **"sum certain"** — specific named amounts for specific identified financial instruments and transactions — admitted by Wilson through her failure to deny them — and independently supported by documentary evidence.

3A. The placement of these factual averments in the relief section of the Kentucky complaint — prefaced by 'Entry of judgment against' — does **not** diminish their character as averments, allegations, or adjudicative facts---subject to substantive CR 8.04's admissions mechanism. The factual content of each statement is an averment about what Wilson specifically did to specific named financial instruments and property belonging to Doris Colgate and Edward Colgate — admitted through Wilson's failure to deny — and presented herein as adjudicative facts requiring mandatory judicial notice from sources whose accuracy cannot reasonably be questioned.

3B. Plaintiffs incorporate by reference in full detail **Claims for Relief I through CII (102),** and **Sections XVIII, XIX, XXXVI, XXVI, XXX, XXXII, XXVIII, XXIX, XXXI, XXXV, XXVII, XXXVII, PX-63 through PX-87,** PX-42 through PX-49, PX-108, all 167 Exhibits, and the **First through the Sixteenth FRE 201 Judicial Notices** of judicially **noticed adjudicative facts,** which include approximately **1,044 total adjudicative facts,** including approximately **322 adjudicative facts** supporting **jurisdiction** in the U.S. District Court for the Western District of Washington; **FRE 201 Adjudicative Facts in Judicial NOTICES --- 2 through 8, 10, and 12 --- fully support jurisdiction.** All aforementioned incorporations provide **100% certainty** of fraudulently assigned judges and fraudulently assigned case numbers --- prior to the legal filings by Plaintiffs of all 10 of their year-2025 cases --- with all 10 cases being illegally and fraudulently filed and processed by a fraudulent non-existent/ non-payroll name in year-2025 --- which did **not** generate a legal random judge assignment and which did **not** generate a legal case number assignment --- and thereby provides 100% certainty that Kentucky judges NEVER had jurisdiction and NEVER will have jurisdiction. Plaintiffs assert Rankin v. Howard, 633 F. 2d 844 (9th Circuit 1980) and United States v. Dugan, 2:25-cr-00089 (E.D. Wis. 2025) regarding judges without jurisdiction.

**The Admitted Adjudicative Facts — Verbatim From Kentucky Complaint:**

4. The following adjudicative facts are incorporated **Verbatim** from Plaintiffs' Kentucky complaint in case 25-CI-001371 — as admitted by Wilson through her substantive CR 8.04 default — and as independently supported by documentary evidence. The adjudicative facts are stated verbatim to preserve the precision of what was admitted under Kentucky substantive CR 8.04, to ensure collateral estoppel bars re-litigation of these specific admitted adjudicative facts, and to ensure judicial estoppel bars Defendant from contradicting these adjudicative facts. The following are the **Verbatim Adjudicative Facts:**

**5A. From PX-51—Ky. Complaint 25-CI-001371---Page 98 Through Page 100 –Paragraph 355 for 1 Through 11: Relief Sought (Prayer for Relief)**

**Prayer for Relief WHEREFORE, Plaintiffs respectfully demand that the Court enter judgment in favor of Plaintiffs and against Susan Wilson, and award the following relief, reincorporating all paragraphs herein and reincorporating all following exhibits PX-1 through PX-40 herein, and asserting pursuant to KRS 502.020—Liability with regard to Complicity to all Relief, in addition to direct liability. Plaintiffs incorporate by reference all preceding allegations, including the Counts and Causes of Action, regarding Susan Wilson's direct liability and her complicity pursuant to KRS 502.020. Accordingly, Plaintiffs seek the following relief:**

**5B. 1.** Special Damages for amounts that have been determined and Compensatory, Consequential, and Punitive damages for all of the following, in addition to other Relief specified; also Declaratory Relief and Injunctive Relief;

**5C. 2.** Entry of judgment against Susan Wilson for **Special damages** for being complicit in defrauding **Doris** by liquidating in their entirety **Doris's Protective Life Annuity** of **$54,013.09**,

her **Transamerica Annuity** of **$103,000**, or more in August of 2024, her **Washington National Annuity** of **$27,418.64**, or **more since this amount is dated 1-18-2016**, her **Truist and BB&T Security** of **$101,000**, or more in late 2024, and her **Ingredion Security of more than $27,000**. This Total for **Annuities and Securities** is **$312,431.73,** which does not include many **other Special Damages that follow such as $159,000** for **real-estate fraud;** See PX-4 for special damages of **$8,615** for Doris's personal property. (**$10,000** promissory note) **Total $490,046.73 Special Damages.** (Does **not include** the amount of Doris's assets Wilson used to defend her fraud against Doris.);

**5D. 3.** Entry of judgment against Susan Wilson for **Special damages** for being complicit in defrauding Edward based on the following: See **PX-24** and number 10 below; **Edward's Attorney Fees to date** are **$40,433.68 to recover damages for Doris from Wilson;** See PX-11 and number 9 below; Edward's personal property amount of **$5,025.** See number 11 below for **$735** for fiduciary reimbursement from 2-15-2020 to March of 2020; identity theft/fraud reimbursement of **$1,445.00 and $2,500.00.** The **Total is $50,138.68 for Edward's Special Damages.**

**5E. 4.** Entry of judgment against Wilson for **dividends and interest** defrauded from Doris, based on complicity, regarding her Protective Life Annuity, her Transamerica Annuity, her Washington National Annuity, her Truist and BB&T Security, and her Ingredion Security;

**5F. 5.** Entry of a Judgment for Wilson to repay **$159,000** for Special monetary damages to Doris Colgate, for the loss of sale proceeds from her Property in the amount of **$159,000, or more**, if discovery determines $141,000 was not deposited into Doris's account. Plaintiffs' list price was $300,000. RealtyTrac showed an average of $280,000 on Doris's street, close to the $300,000. Doris had a 2 story house; This is based on Wilson's complicity.

**5G. 6.** Entry of judgment for Wilson to repay the **$9,000** brokerage commission to Doris, which was wrongfully paid;

**5H.** 7. Entry of judgment against Wilson to repay closing costs and expenses of the sale;

**5I. 8.** Entry of judgment against Wilson to repay any and all other relief to which Doris Colgate is or may become entitled;

**5J. 9.** Entry of a Judgment against Wilson, in favor of Doris Colgate for monetary damages in an amount sufficient to compensate her for the loss of her money and other personal property wrongfully acquired by Wilson, including, but not limited to all of Doris's furniture, and her baby grand piano. See **PX-4 for Special damages in the amount of $8615.00;**

**5K. 10.** Entry of a Judgment against Wilson in favor of **Edward** Colgate for monetary damages in an amount sufficient to compensate him for the loss of his money and other personal property wrongfully acquired by Wilson through robbery of Edward, through deception of Doris, and through tortious interference with Doris reimbursing Edward for attorney fees, to which Doris agreed, to recover damages from Wilson. Edward's attorney fees for working to recover damages for Doris for Elder Abuse and fraud perpetrated by Wilson against Doris to date of this filing on 2-18-2025 are **$40,433.68** plus lost interest, **plus time and energy for working to recover damages for Doris;**

**5L. 11.** Entry of a judgment against Wilson for Edward's **$735** Alamo car rental reimbursement as Trustee and POA for Doris starting February 15, 2020 for acting in his fiduciary duties to get Doris's house ready for sale.

6. **Adjudicative Fact 1 — Annuity Frauds and Securities Fraud Against Doris Colgate:** Wilson is liable for Special damages for being complicit in defrauding Doris by liquidating in

their entirety Doris's Protective Life Annuity of $54,013.09, her Transamerica Annuity of $103,000 or more in August of 2024, her Washington National Annuity of $27,418.64 or more--- since this amount is dated 1-18-2016, her Truist and BB&T Security of $101,000 or more in late 2024, and her Ingredion Security of more than $27,000. This Total for Annuities and Securities is $312,431.73 which does not include many other Special Damages that follow such as $159,000 for real-estate fraud. See PX-4 for special damages of $8,615 for Doris's personal property. **($10,000 promissory note fraud)** ($9,000 in fraudulent real-estate commissions) --- **Total** is **$490,046.73 Special Damages** for Doris. Does **not include** the amount of Doris's assets that Wilson used to --- defend her fraud against Doris.

7. Adjudicative fact character: These are specific facts about what Wilson specifically did to specifically identified financial instruments belonging to Doris Colgate — established from the named instruments' own documents — admitted by Wilson — sum certain as admitted floor amounts with the 'or more' language preserving documentary upward adjustment.

8. **Adjudicative Fact 2 — Edward Colgate Special Damages:** Wilson is liable for Special damages for being complicit in defrauding Edward based on the following: See PX-24 and number 10 below. Edward's Attorney Fees to date are $40,433.68 to recover damages for Doris from Wilson. See PX-11 and number 9 below. Edward's personal property amount of $5,025. See number 11 below for $735 for fiduciary reimbursement from 2-15-2020 to March of 2020. Identity theft/fraud reimbursement of $1,445.00 and $2,500.00. Edward's **Special Damages Total** is **$50,138.68.**

9. Adjudicative fact character: These are specific facts about specific amounts of specific harm to Edward Colgate --- established from attorney fee records, personal property documentation,

and reimbursement records — admitted by Wilson — sum certain as specifically named amounts.

10. **Adjudicative Fact 3 — Real Estate Fraud:** Wilson is liable to repay $159,000 for Special monetary damages to Doris Colgate for the loss of sale proceeds from her Property in the amount of $159,000 or more---if discovery determines $141,000 was not deposited into Doris's account. Plaintiffs' list price was $300,000.

11. Adjudicative fact character: Specific fact about specific real estate transaction — established from closing documents — admitted by Wilson — sum certain floor of $159,000 with documentary upward adjustment preserved.

12. **Adjudicative Fact 4 — Fraudulent Brokerage Commission:** Wilson is liable to repay the fraudulent $9,000 brokerage commission to Doris which was wrongfully paid.

13. Adjudicative fact character: Specific fact about specific commission amount — established from real estate closing documents — admitted by Wilson — sum certain.

14. **Adjudicative Fact 5 — Theft of Doris's Personal Property:** Wilson is liable for a Judgment in favor of Doris Colgate for monetary damages in an amount sufficient to compensate her for the loss of her money and other personal property wrongfully acquired by Wilson--- including but not limited to all of Doris's furniture and her baby grand piano. See PX-4 for Special damages in the amount of $8,615.00.

15. Adjudicative fact character: Specific fact about specific personal property — established from PX-4 — admitted by Wilson — sum certain at $8,615.00.

16. **Adjudicative Fact 6 — Edward's Fiduciary Reimbursement:** Wilson is liable for Edward's $735 Alamo car rental reimbursement as Trustee and POA for Doris--starting February

15, 2020---for acting in his fiduciary duties to get Doris's house ready for sale. Wilson fraudulently obstructed recovery.

17. Adjudicative fact character: Specific fact about specific reimbursement amount — admitted by Wilson — sum certain.

18. **Adjudicative Fact 7 — Identity Theft and Fraud Reimbursement:** Wilson is liable for identity theft/fraud reimbursement of $1,445.00 and $2,500.00.

19. Adjudicative fact character: Specific named amounts — admitted by Wilson — sum certain.

20. **Adjudicative Fact 8 — Dividends and Interest:**

Wilson is liable for dividends and interest defrauded from Doris based on complicity regarding Doris's Protective Life Annuity, Doris's Transamerica Annuity, Doris's Washington National Annuity, Doris's Truist and BB&T Security, and Doris's Ingredion Security.

21. Adjudicative fact character: Specific category of damages from specifically identified financial instruments — amounts computable from the instruments' own records — admitted by Wilson as a category — not subject to substantive CR 8.04's exception---because computable from the admitted instruments' records.

22. **Adjudicative Fact 9 — Edward's Attorney Fees and Obstruction of Recovery:** Wilson is liable for a judgment in favor of Edward Colgate for monetary damages in an amount sufficient to compensate him for the loss of his money and other personal property wrongfully acquired by Wilson through robbery and theft --- regarding Edward --- through Wilson's deception of Doris and through Wilson's tortious interference with Doris reimbursing Edward for attorney fees to which Doris agreed to repay Edward---to recover damages from Wilson. Edward's attorney fees for working to recover damages for Doris for Elder Abuse and fraud


Edward Colgate 22023 SE Wax Rd., Box 1452, Maple Valley, WA 98038, King Co.

perpetrated by Wilson against Doris---to date of this filing on 2-18-2025--are $40,433.68---plus lost interest---plus time and energy---for working to recover damages for Doris.

23. Adjudicative fact character: Specific fact about specific attorney fee amount to specific date — admitted by Wilson — sum certain floor at $40,433.68---with lost interest---and time and energy---preserved for computation.

24. **Adjudicative Fact 10 — Closing Costs and Expenses:** Wilson is liable to repay closing costs and expenses of the sale.

25. Adjudicative fact character: Specific category of damages — amounts computable from closing documents — admitted by Wilson as a category — computable from real estate closing records.

26. **Adjudicative Fact 11 — IIED:** Wilson is liable for Intentional Infliction of Emotional Distress---compensating appropriately for both Doris and Edward.

27. Adjudicative fact character: Liability admitted — amount to be established at trial and by jury---even if there is a default judgment in this Federal Court— Wilson admitted the misconduct constituting IIED through her substantive CR 8.04 default.

28. **Adjudicative Fact 12 — Punitive Damages — Doris:** Wilson is liable to pay punitive damages to Doris Colgate based on Wilson's intentional willful and malicious misconduct in inflicting mental-emotional injury upon Doris---and exploiting Doris's vulnerable state. Punitive damages are appropriate when a defendant's behavior demonstrates fraud, deceit/deception, or reckless indifference to the rights of others.

29. Adjudicative fact character: Liability for punitive damages admitted — Wilson's intentional willful and malicious misconduct admitted — amount to be established at trial and by jury---


Edward Colgate 22023 SE Wax Rd., Box 1452, Maple Valley, WA 98038, King Co.

even if there is a default judgment in this Federal Court— based on totality of admitted misconduct.

30. **Adjudicative Fact 13 — Punitive Damages — Edward:**

Wilson is liable to pay punitive damages to Edward Colgate based on Wilson's intentional willful and malicious conduct in inflicting injury/damage. Punitive damages are appropriate when a Defendant's behavior demonstrates fraud, deceit/deception, or reckless indifference to the rights of others.

31. Adjudicative fact character: Same as Adjudicative Fact 12 — liability admitted — amount to be established at trial and by jury---even if there is a default judgment in this Federal Court— based on totality of admitted misconduct.

32. **Adjudicative Fact 14 — Edward's Time and Effort:** Wilson is liable to pay damages for the time and effort required by Edward to recover damages for Doris and Edward.

33. Adjudicative fact character: Liability admitted — amount to be established — computable from documented time records.

34. **Adjudicative Facts 15 --- Summary of Admitted Sum Certain Floor Amounts:** The following admitted sum certain amounts are established from Wilson's substantive CR 8.04 admissions as adjudicative facts requiring mandatory judicial notice — representing the minimum admitted damages---before any upward adjustment from documentary evidence or computation of additional categories: **Doris's Protective Life Annuity** of **$54,013.09**, her **Transamerica Annuity** of **$103,000**, or more in August of 2024, her **Washington National Annuity** of **$27,418.64**, or **more since this amount is dated 1-18-2016** , her **Truist and BB&T Security** of **$101,000**, or more in late 2024, and her **Ingredion Security of more than $27,000**. This Total for **Annuities and Securities** is **$312,431.73,** which does not include many **other**

**Special Damages that follow such as $159,000** for **real-estate fraud;** See PX-4 for special damages of **$8,615** for Doris's personal property. (**$10,000 promissory note**) **Total $490,046.73 Special Damages.** (Does **not include** the amount of Doris's assets Wilson used to defend her fraud against Doris.); **3.** Entry of judgment against Susan Wilson for **Special damages** for being complicit in defrauding Edward based on the following: See **PX-24** and number 10 below; **Edward's Attorney Fees to date** are **$40,433.68 to recover damages for Doris from Wilson;** See PX-11 and number 9 below; Edward's personal property amount of **$5,025.** See number 11 below for **$735** for fiduciary reimbursement from 2-15-2020 to March of 2020; identity theft/fraud reimbursement of **$1,445.00 and $2,500.00.** The **Total is $50,138.68 for Edward's Special Damages; (Note: $490,046.73 + $50,138.68 = Total of $540,185.41 )**

35. **Adjudicative Facts 16 --- $540,185.41** does **not** include dividends and interest — does not include closing costs — does not include elder abuse negligent slip and fall compensation under KRS 209.020(16)-(Elder Abuse)--- does **not include** the amount of Doris's assets Wilson used to defend Wilson's fraud against Doris.)---- does not include IIED --- does not include punitive damages --- does not include time and effort — does not include fraud amounts subject to upward adjustment from documentary evidence — and does **not** include any federal damages--- including but not limited to--- RICO predicate acts—damages--beyond the underlying fraud amounts — and does not include Treble threefold dollar amounts --- all of which are separately claimed and separately computable.

**Additional Admitted Adjudicative Facts---Declaratory Relief---Injunctive And Equitable Relief----All Established From Wilson's Substantive CR 8.04 Admissions---Verbatim From Kentucky Complaint 25-CI-001371**

**Preliminary Statement for This Subsection:**

36. The following declaratory relief, injunctive relief, equitable relief, are presented **Verbatim** from Plaintiffs' Kentucky complaint in case 25-CI-001371 — as admitted by Wilson through her substantive CR 8.04 default — and as adjudicative facts subject to mandatory judicial notice under FRE 201(c)(2). The declaratory relief items are adjudicative facts about the legal status of specific identified documents between specific identified parties. The injunctive relief items are **adjudicative facts** about Wilson's admitted ongoing misconduct. The placement of these statements in the relief section of the Kentucky complaint — prefaced by 'Entry of judgment' or similar prayer language — does **not** diminish their character as averments, allegations, or adjudicative facts---subject to substantive CR 8.04's admissions mechanism.

**The Admitted Adjudicative Facts — Verbatim From Kentucky Complaint:**

37. The following adjudicative facts are incorporated verbatim from Plaintiffs' Kentucky complaint in case 25-CI-001371 — as admitted by Wilson through her substantive CR 8.04 default — and as independently supported by documentary evidence. The adjudicative facts are stated verbatim to preserve the precision of what was admitted under Kentucky substantive CR 8.04, to ensure collateral estoppel bars re-litigation of these specific admitted adjudicative facts, and to ensure judicial estoppel bars Defendant from contradicting these adjudicative facts. The following are the **Verbatim Adjudicative Facts:**

38. **From PX-51—Ky. Complaint 25-CI-001371---Page 101 Through Page 109 – Paragraph 355---for 12 Through 61: Relief Sought (Prayer for Relief)**

Prayer for Relief WHEREFORE, Plaintiffs respectfully demand that the Court enter judgment in favor of Plaintiffs and against Susan Wilson, and award the following relief, reincorporating all paragraphs herein and reincorporating all following exhibits PX-1 through PX-40 herein, and

asserting pursuant to KRS 502.020—Liability with regard to Complicity to all Relief, in addition to direct liability. Plaintiffs incorporate by reference all preceding allegations, including the Counts and Causes of Action, regarding Susan Wilson's direct liability and her complicity pursuant to KRS 502.020. Accordingly, Plaintiffs seek the following relief:

39. **Adjudicative Fact 17 — 12. An Injunction to prevent Wilson from continuing to use Doris's assets to defend her fraud against Doris;**

40. **Adjudicative Fact 18 — 13.** Additional equitable relief pursuant to KRS 209.020 to protect Doris Colgate, a Vulnerable adult, from Wilson;

41. **Adjudicative Fact 19 --- 14.** An order recognizing Doris Colgate as a direct plaintiff and ensuring her interest in the recovery of the defrauded funds;

42. **Adjudicative Fact 20 --- 15.** Entry of a judgment against Wilson to pay punitive damages to Doris Colgate based on Wilson's intentional, willful, and malicious conduct in inflicting mental injury to Doris and exploiting Doris's vulnerable state. Punitive damages are appropriate when a defendant's behavior demonstrates fraud, deceit, or reckless indifference to the rights of others;

43. **Adjudicative Fact 21 --- 16.** Entry of a judgment against Wilson to pay punitive damages to Edward Colgate based on Wilson's intentional, willful, and malicious conduct in inflicting injury. Punitive damages are appropriate when a defendant's behavior demonstrates fraud, deceit, or reckless indifference to the rights of others;

44. **Adjudicative Fact 22 --- 17.** Entry of a judgment against Wilson to pay damages for the time and effort required by Edward to recover damages for Doris and Edward;

45. **Adjudicative Fact 23 --- 18.** Entry of a Declaratory Judgment to Honor Doris's Affidavit on 1-29-2020 against Susan Wilson;

46. **Adjudicative Fact 24 --- 19.** Entry of a Declaratory Judgment rendering invalid the March 4, 2020 power of attorney of Susan Wilson and Lori Fox (See PX-10) Doris's Affidavit against Wilson;

47. **Adjudicative Fact 25 --- 20.** Entry of declaratory judgment declaring any and all other legal documents of Doris's invalid, that name Wilson in any role of managing Doris's assets.

48. **Adjudicative Fact 26 --- 21.** Entry of a declaratory judgment declaring currently valid Doris Colgate's attorney-in-fact and power of attorney, Trustee, and Will Executor under Doris's January 29, 2020 legal documents and Doris's October 1, 2019 documents, and Doris's July 30th, 2019 documents;

49. **Adjudicative Fact 27 --- 22.** Entry of a Declaratory Judgment rendering invalid the revocation of the Colgate Family Living Trust dated 1-29-2020 and 10-1-2019;

50. **Adjudicative Fact 28 --- 23.** Entry of a Declaratory Judgment rendering invalid Doris Colgate's Will executed on March 4, 2020, or later, and/or on any date 3-1-2020, or later;

51. **Adjudicative Fact 29 --- 24. Entry of a judgment for a permanent injunction prohibiting Wilson from:**

**a.** Accessing or managing any of Doris Colgate's assets;

**b.** Acting in any capacity on behalf of Doris Colgate;

**c.** Engaging in further acts of financial exploitation or undue influence;

52. **Adjudicative Fact 30 --- 25.** Entry of a judgment against Wilson for emotional and mental injury resulting from Wilson's abusive conduct, including the harm caused by isolation, intimidation, and interference with medical care, to deter similar conduct in the future;

53. **Adjudicative Fact 30 --- 26.** Entry of a declaratory judgment for Edward Colgate to remain the legal power of attorney and Trustee for Doris Colgate based on Doris's 1-29-2020 Affidavit;

54. **Adjudicative Fact 31 --- 27.** Entry of a judgment to compel Wilson to return misappropriated funds and other assets belonging to Doris including, but not limited to Doris's annuities, securities, real-estate, and attorney fees where Wilson used Doris's assets to defend her fraud against Doris;

55. **Adjudicative Fact 32 --- 28.** Entry of a Judgment against Wilson for **Compensatory Damages** -- For the harm caused to Edward by Wilson's inducement of perjury, tampering with a witness, and tampering with physical evidence, including, but not limited to increased legal expenses, obstruction of fiduciary duties, emotional distress;

**Entry of a judgment against Wilson for the following, including, but not limited to:**

56. **Adjudicative Fact 33 --- 29. Entry of a judgment for Restitution for Unjust Enrichment** – To recover benefits that Wilson wrongfully gained through the aggregated theft offenses regarding both Doris and Edward;

57. **Adjudicative Fact 34 --- 30. Punitive Damages** –Entry of a judgment for punitive damages based on Wilson's intentional and malicious conduct in inducing Doris to commit perjury and to deter Wilson from similar behavior in the future;

58. **Adjudicative Fact 35 --- 31. Compensatory Damages** – For harm to Edward's reputation, emotional distress, and financial losses resulting from Wilson's tampering with Doris's testimony and defamation;

59. **Adjudicative Fact 36 --- 32. Punitive Damages** – For Wilson's intentional and malicious conduct in tampering with a witness and committing defamation per se, and to deter similar conduct in the future;

60. **Adjudicative Fact 37 --- 33. Injunctive Relief** – To prevent Wilson's from further tampering with witnesses or interfering in legal proceedings;

61. **Adjudicative Fact 38 --- 34. Declaratory Relief** – To declare Wilson's statements to Doris, regarding Edward, as defamatory, and her actions as constituting tampering with a witness;

62. **Adjudicative Fact 39 --- 35. Attorneys' Fees and Costs** – To reimburse Edward for legal expenses incurred in responding to Wilson's tampering and defamation;

63. **Adjudicative Fact 40 --- 36. Equitable Relief** – To allow corrective measures, including a new deposition of Doris without Wilson's presence or influence;

64. **Adjudicative Fact 41 --- 37. Restitution for Unjust Enrichment** – To recover benefits Wilson wrongfully gained through her interference with Edward's contractual rights;

65. **Adjudicative Fact 42 --- 38. Injunctive Relief** – To prevent Wilson from further interfering with Edward's contractual rights and fiduciary duties;

66. **Adjudicative Fact 43 --- 39. Injunctive Relief** To prevent Wilson from further deceptive conduct toward Doris, and to prevent Wilson from interference in Doris's affairs;

67. **Adjudicative Fact 44 --- 40.** Entry of a judgment against Wilson to pay for unauthorized commissions and fees for annuity and securities liquidation, and regarding real-estate;

68. **Adjudicative Fact 45 --- 41. Entry of a judgment against Wilson for Unjust Enrichment for Misuse of Doris's assets for Wilson's attorney fees, attempting to prevent Doris from recovering damages from Wilson;**

69. **Adjudicative Fact 46 --- 42.** Entry of a judgment for Wilson to be ordered to disgorge all profits and/or benefits obtained through financial exploitation of Doris, to prevent unjust enrichment;

70. **Adjudicative Fact 47 --- 43.** Entry of a judgment for Wilson to pay back all interest and dividends received, regarding Doris's Annuities and Securities;

71. **Adjudicative Fact 48 --- 44a.** Entry of a judgment against Wilson for compensatory and special damages in the amount of **$54,013.09** to Doris, regarding Doris's Protective Life Insurance Annuity (See PX-25);

72. **Adjudicative Fact 49 --- 44b.** Entry of a judgment against Wilson for reasonable investigation and litigation expenses, including attorneys' fees, incurred at both the trial and appellate levels;

73. **Adjudicative Fact 50 --- 44c.** Entry of a judgment against Wilson for pre-judgment and post-judgment interest as permitted by law;

74. **Adjudicative Fact 51 --- 44d.** Entry of a judgment against Wilson for such other and further relief as the Court deems just and proper;

75. **Adjudicative Fact 52 --- 45a.** Entry of a judgment against Wilson for compensatory damages in the amount of **$103,000** to Doris regarding Doris's Transamerica Annuity (See PX-26);

76. **Adjudicative Fact 53 --- 45b.** Entry of a judgment against Wilson for reasonable investigation and litigation expenses, including attorneys' fees, incurred at both the trial and appellate levels;

77. **Adjudicative Fact 54 --- 45c.** Entry of a judgment against Wilson for pre-judgment and post-judgment interest as permitted by law;

78. **Adjudicative Fact 55 --- 45d.** Entry of a judgment against Wilson for such other and further relief as the Court deems just and proper;

79. **Adjudicative Fact 56 --- 46b.** Entry of a judgment against Wilson for reasonable investigation and litigation expenses, including attorneys' fees, incurred at both the trial and appellate levels;

80. **Adjudicative Fact 57 --- 46c.** Entry of a judgment for pre-judgment, post-judgment interest, as permitted by law;

81. **Adjudicative Fact 58 --- 46d.** Entry of a judgment for such other and further relief as the Court deems just and proper;

82. **Adjudicative Fact 59 --- 47a.** Entry of a judgment against Wilson for compensatory damages in the amount of **$101,000, or more,** for Truist/BB&T, and the discovery amount to be determined for Ingredion;

83. **Adjudicative Fact 60 --- 47b.** Entry of a judgment for reasonable investigation and litigation expenses, including attorneys' fees, incurred at both the trial and appellate levels;

84. **Adjudicative Fact 61 --- 47c.** Entry of a judgment for pre-judgment, post-judgment interest, as permitted by law;

85. **Adjudicative Fact 62 --- 47d.** Entry of a judgment for such other and further relief as the Court deems just and proper;

86. **Adjudicative Fact 63 --- 48.** Entry of a judgment for such other relief as the Court may deem just, equitable, appropriate, and proper overall, not just regarding annuities and securities;

87. **Adjudicative Fact 64 --- 49.** Entry of a judgment against Susan Wilson and Ray Wilson, for an injunction to prevent Ray Wilson, Susan Wilson's husband, from calling and harassing Stanette Rose, a witness. Doris had signed an Affidavit against Ray Wilson, along with Susan Wilson; See **PX-10.** Pursuant to KRS 514.030, Ray Wilson was also complicit in the theft by unlawful taking or disposition, regarding Doris and Edward, on 3-4-2020;

88. **Adjudicative Fact 65 --- 50.** Entry of a judgment against Susan Wilson, pursuant to KRS 209.020 (Elder Abuse), and pursuant to Tortious Interference with Contractual Rights, Plaintiffs assert that Wilson's tortious interference with Edward's and Doris's contractual rights were

interfering with Doris recovering damages from her slip and fall at Morning Pointe, which caused orthopedic surgery, and many months of rehabilitation;

89. **Adjudicative Fact 66 --- 51.** Entry of a Judgment against Wilson for Recovery for what Doris would have received as compensation for her slip and fall as the **slip and fall** is under KRS 209.020(4)(8)(16). **Refer to statement of fact #102 in PX-2;**

90. **Adjudicative Fact 67 --- 52.** Entry of judgment against Wilson for Intentional Infliction of Emotional Distress (IIED), compensating appropriately for both Doris and Edward;

91. **Adjudicative Fact 68 --- 53.** Entry of Judgment against Wilson for Injunctive Relief to freeze Doris's assets to protect her assets;

92. **Adjudicative Fact 69 --- 54.** Apply KRS 355.3-420 against Wilson, if applicable for annuities and securities: Conversion of negotiable instruments; if a bank makes a payment with respect to the instrument for a person not entitled to enforce it;

93. **Adjudicative Fact 70 --- 55.** Entry of a judgment against Wilson for costs herein expended; An award of costs and fees for bringing this action; Prejudgment and post-judgment interest in the amounts allowed by law;

94. **Adjudicative Fact 70 --- 56.** Entry of a judgment against Wilson for post-judgment interest and costs;

95. **Adjudicative Fact 71 --- 57.** Entry of a judgment against Wilson for interest lost regarding Edward paying attorney fees on Doris's behalf;

96. **Adjudicative Fact 72 --- 58.** Entry of a judgment against Wilson for any and all other relief to which Plaintiffs are or may become entitled;

97. **Adjudicative Fact 73 --- 59.** Regarding aforementioned paragraph 338, entry of a judgment against Wilson for a full and accurate accounting of Norman Colgate's estate, legal

action against Wilson for breach of fiduciary duty, with a judgment for equal division of cash on hand, and on deposit, and appropriate sanctions for tampering with evidence in a court proceeding.

98. **Adjudicative Fact 74 --- 60. Jury Trial** Pursuant to CR 38.02, a demand for a **trial by jury** of any issue triable of right by a jury, and CR 39.01 By jury.

99. **Adjudicative Fact 75 --- 61.** Plaintiffs respectfully bring this action under the applicable Kentucky and federal legal frameworks. In doing so, Plaintiffs acknowledge the importance of judicial standards governing the evaluation of material facts and the application of relevant legal authority. Plaintiffs' claims are presented with reliance on established precedent and procedural requirements to ensure clarity and fairness. Specifically, Plaintiffs cite all procedural requirements to ensure clarity and fairness. Specifically, Plaintiffs cite all legal authorities herein to provide guidance on the court's responsibility to address disputes of material fact and applicable law.

**SUBSECTION A — Admitted Declaratory Relief Adjudicative Facts**

100. **Adjudicative Fact 76 — Declaratory 1:** Entry of a Declaratory Judgment to Honor Doris's Affidavit on 1-29-2020 against Susan Wilson.

101. **Adjudicative Fact 77 ---** Adjudicative fact character: Specific fact about a specific legal document — Doris's January 29, 2020 Affidavit against Wilson — whose legal validity and honorability is admitted by Wilson through her substantive CR 8.04 default.

102. **Adjudicative Fact 78 — Declaratory 2:** Entry of a Declaratory Judgment rendering invalid the March 4, 2020 power of attorney of Susan Wilson and Lori Fox. See PX-10. Doris's Affidavit against Wilson. (Wilson has legally binding admissions of Forgery and/or Complicity

in Forgery. See Count/ Claim for Relief XXX in state complaint 25-CI-001371 (PX-51), and See Audio1 Through Audio21 Transcriptions in PX-3 and refer to the USB drive. Also see PX-10.)

103. **Adjudicative Fact 79** --- Adjudicative fact character: Specific fact about the legal invalidity of a specific identified Adjudicative fact character: document --- Wilson's March 4, 2020 POA — established from PX-10 and admitted by Wilson through her CR 8.04 default. (Wilson has legally binding admissions of Forgery and/or Complicity in Forgery. See Count/ Claim for Relief XXX in state complaint 25-CI-001371 (PX-51), and See Audio1 Through Audio21 Transcriptions in PX-3 and refer to the USB drive. Also see PX-10.)

104. **Adjudicative Fact 80 — Declaratory 3:** Entry of declaratory judgment declaring any and all other legal documents of Doris's invalid that name Wilson in any role of managing Doris's assets. (Wilson has legally binding admissions of Forgery and/or Complicity in Forgery. See Count/ Claim for Relief XXX in state complaint 25-CI-001371 (PX-51), and See Audio1 Through Audio21 Transcriptions in PX-3 and refer to the USB drive. Also see PX-10.)

105. **Adjudicative Fact 81** --- Adjudicative fact character: Specific fact about Wilson's invalid authority over all Doris's assets — admitted by Wilson through CR 8.04 default. (Wilson has legally binding admissions of Forgery and/or Complicity in Forgery. See Count/ Claim for Relief XXX in state complaint 25-CI-001371 (PX-51), and See Audio1 Through Audio21 Transcriptions in PX-3 and refer to the USB drive. Also see PX-10.)

106. **Adjudicative Fact 82 — Declaratory 4:** Entry of a declaratory judgment declaring currently valid Doris Colgate's attorney-in-fact and power of attorney, Trustee, and Will Executor under Doris's January 29, 2020 legal documents and Doris's October 1, 2019 documents. (Wilson has legally binding admissions of Forgery and/or Complicity in Forgery. See Count/

Claim for Relief XXX in state complaint 25-CI-001371 (PX-51), and See Audio1 Through Audio21 Transcriptions in PX-3 and refer to the USB drive, Also see PX-10.)

107. **Adjudicative Fact 83** --- Adjudicative fact character: Specific fact about the currently valid legal authority of Edward Colgate as Trustee and POA — established from the identified documents — admitted by Wilson through CR 8.04 default — and independently established through the over 700 pages of substantive CR 8.04 admissions that specifically admit Edward's Trustee and POA status. (Wilson has legally binding admissions of Forgery and/or Complicity in Forgery. See Count/ Claim for Relief XXX in state complaint 25-CI-001371 (PX-51), and See Audio1 Through Audio21 Transcriptions in PX-3 and refer to the USB drive. Also see PX-10.)

108. **Adjudicative Fact 84 — Declaratory 5:** Entry of a Declaratory Judgment rendering invalid the revocation of the Colgate Family Living Trust dated 1-29-2020 and 10-1-2019. (Wilson has legally binding admissions of Forgery and/or Complicity in Forgery. See Count/ Claim for Relief XXX in state complaint 25-CI-001371 (PX-51), and See Audio1 Through Audio21 Transcriptions in PX-3 and refer to the USB drive. Also see PX-10.)

109. **Adjudicative Fact 85** --- Adjudicative fact character: Specific fact about the invalidity of a specific identified revocation of a specific identified Trust — admitted by Wilson through CR 8.04 default. (Wilson has legally binding admissions of Forgery and/or Complicity in Forgery. See Count/ Claim for Relief XXX in state complaint 25-CI-001371 (PX-51), and See Audio1 Through Audio21 Transcriptions in PX-3 and refer to the USB drive. Also see PX-10.)

110. **Adjudicative Fact 86 — Declaratory 6:** Entry of a Declaratory Judgment rendering invalid Doris Colgate's Will executed on March 4, 2020 or later and/or on any date 3-1-2020 or later. (Wilson has legally binding admissions of Forgery and/or Complicity in Forgery. See

Count/ Claim for Relief XXX in state complaint 25-CI-001371 (PX-51), and See Audio1 Through Audio21 Transcriptions in PX-3 and refer to the USB drive. Also see PX-10.)

111. **Adjudicative Fact 87** --- Adjudicative fact character: Specific fact about the invalidity of Wilson-influenced will documents executed after the forgery date — admitted by Wilson through CR 8.04 default. (Wilson has legally binding admissions of Forgery and/or Complicity in Forgery. See Count/ Claim for Relief XXX in state complaint 25-CI-001371 (PX-51), and See Audio1 Through Audio21 Transcriptions in PX-3 and refer to the USB drive. Also see PX-10.)

112. **Adjudicative Fact 88 — Declaratory 7:** Entry of a declaratory judgment for Edward Colgate to remain the legal power of attorney and Trustee for Doris Colgate based on Doris's 1-29-2020 Affidavit. (Wilson has legally binding admissions of Forgery and/or Complicity in Forgery. See Count/ Claim for Relief XXX in state complaint 25-CI-001371 (PX-51), and See Audio1 Through Audio21 Transcriptions in PX-3 and refer to the USB drive. Also see PX-10.)

113. **Adjudicative Fact 89** --- Adjudicative fact character: Specific fact about Edward's continuing valid legal authority — admitted by Wilson through CR 8.04 default — reinforcing Adjudicative Fact Declaratory 4. (Wilson has legally binding admissions of Forgery and/or Complicity in Forgery. See Count/ Claim for Relief XXX in state complaint 25-CI-001371 (PX-51), and See Audio1 Through Audio21 Transcriptions in PX-3 and refer to the USB drive. Also see PX-10.)

114. **Adjudicative Fact 90 — Declaratory 8:** Entry of a Declaratory Judgment declaring Wilson's statements to Doris regarding Edward as defamatory and her actions as constituting tampering with a witness. (Wilson has legally binding admissions of Forgery and/or Complicity in Forgery. See Count/ Claim for Relief XXX in state complaint 25-CI-001371 (PX-51), and

See Audio1 Through Audio21 Transcriptions in PX-3 and refer to the USB drive. Also see PX-10.)

115. **Adjudicative Fact 91** --- Adjudicative fact character: Specific fact about the defamatory and witness-tampering character of Wilson's statements — admitted by Wilson through CR 8.04 default — establishing the slander and libel-as-fraud connection analyzed throughout this complaint. (Wilson has legally binding admissions of Forgery and/or Complicity in Forgery. See Count/ Claim for Relief XXX in state complaint 25-CI-001371 (PX-51), and See Audio1 Through Audio21 Transcriptions in PX-3 and refer to the USB drive. Also see PX-10.)

**SUBSECTION B — Admitted Injunctive And Equitable Relief Adjudicative Facts**

116. **Adjudicative Fact 92** — **Injunctive 1:** An Injunction to prevent Wilson from continuing to use Doris's assets to defend her fraud against Doris. (Wilson has legally binding admissions of Forgery and/or Complicity in Forgery. See Count/ Claim for Relief XXX in state complaint 25-CI-001371 (PX-51), and See Audio1 Through Audio21 Transcriptions in PX-3 and refer to the USB drive. Also see PX-10.)

117. **Adjudicative Fact 93** --- Adjudicative fact character: Specific ongoing fact — Wilson is currently using Doris's assets to defend her fraud — admitted by Wilson through CR 8.04 default — establishing the continuing nature of the fraud that necessitates injunctive relief. (Wilson has legally binding admissions of Forgery and/or Complicity in Forgery. See Count/ Claim for Relief XXX in state complaint 25-CI-001371 (PX-51), and See Audio1 Through Audio21 Transcriptions in PX-3 and refer to the USB drive. Also see PX-10.)

118. **Adjudicative Fact 94** — **Injunctive 2:** Additional equitable relief pursuant to KRS 209.020 to protect Doris Colgate---a Vulnerable adult---from Wilson. (Wilson has legally binding admissions of Forgery and/or Complicity in Forgery. See Count/ Claim for Relief XXX

in state complaint 25-CI-001371 (PX-51), and See Audio1 Through Audio21 Transcriptions in PX-3 and refer to the USB drive. Also see PX-10.)

119. **Adjudicative Fact 95** --- Adjudicative fact character: Specific fact about Doris's status as a vulnerable adult under KRS 209.020 — admitted by Wilson through CR 8.04 default — and Wilson's ongoing threat to that vulnerable adult requiring equitable protection. (Wilson has legally binding admissions of Forgery and/or Complicity in Forgery. See Count/ Claim for Relief XXX in state complaint 25-CI-001371 (PX-51), and See Audio1 Through Audio21 Transcriptions in PX-3 and refer to the USB drive. Also see PX-10.)

120. **Adjudicative Fact 96** — **Injunctive 3:** An order recognizing Doris Colgate as a direct plaintiff and ensuring her interest in the recovery of the defrauded funds. (Wilson has legally binding admissions of Forgery and/or Complicity in Forgery. See Count/ Claim for Relief XXX in state complaint 25-CI-001371 (PX-51), and See Audio1 Through Audio21 Transcriptions in PX-3 and refer to the USB drive. Also see PX-10.)

121. **Adjudicative Fact 97** --- Adjudicative fact character: Specific fact about Doris's status as a direct plaintiff with a direct interest in recovery — admitted by Wilson through CR 8.04 default — directly contradicting every enterprise judge's attempt to eliminate Doris as a named plaintiff documented throughout this complaint. (Wilson has legally binding admissions of Forgery and/or Complicity in Forgery. See Count/ Claim for Relief XXX in state complaint 25-CI-001371 (PX-51), and See Audio1 Through Audio21 Transcriptions in PX-3 and refer to the USB drive. Also see PX-10.)

122. **Adjudicative Fact 98** — **Injunctive 4:** Entry of a judgment for a permanent injunction prohibiting Wilson from — (a) Accessing or managing any of Doris Colgate's assets — (b) Acting in any capacity on behalf of Doris Colgate — (c) Engaging in further acts of financial

exploitation or undue influence. (Wilson has legally binding admissions of Forgery and/or Complicity in Forgery. See Count/ Claim for Relief XXX in state complaint 25-CI-001371 (PX-51), and See Audio1 Through Audio21 Transcriptions in PX-3 and refer to the USB drive. Also see PX-10.)

123. **Adjudicative Fact 99 ---** Adjudicative fact character: Specific ongoing facts — Wilson has been fraudulently accessing and managing Doris's assets and engaging in financial exploitation and undue influence admitted by Wilson through CR 8.04 default — establishing the factual predicate for the permanent injunction. (Wilson has legally binding admissions of Forgery and/or Complicity in Forgery. See Count/ Claim for Relief XXX in state complaint 25-CI-001371 (PX-51), and See Audio1 Through Audio21 Transcriptions in PX-3 and refer to the USB drive. Also see PX-10.)

124. **Adjudicative Fact 100 — Injunctive 5:** Entry of a judgment against Wilson for emotional and mental injury resulting from Wilson's abusive misconduct, including but not limited to the harm caused by isolation, intimidation, and interference with medical care---to deter similar misconduct in the future. (Wilson has legally binding admissions of Forgery and/or Complicity in Forgery. See Count/ Claim for Relief XXX in state complaint 25-CI-001371 (PX-51), and See Audio1 Through Audio21 Transcriptions in PX-3 and refer to the USB drive. Also see PX-10.)

125. **Adjudicative Fact 101 ---** Adjudicative fact character: Specific facts about Wilson's specific misconduct — isolation, intimidation, interference with medical care - — admitted by Wilson through CR 8.04 default. (Wilson has legally binding admissions of Forgery and/or Complicity in Forgery. See Count/ Claim for Relief XXX in state complaint 25-CI-001371 (PX-51), and See Audio1 Through Audio21 Transcriptions in PX-3 and refer to the USB drive. Also see PX-10.)

126. **Adjudicative Fact 102 — Injunctive 6:** Entry of a judgment to compel Wilson to return fraudulently misappropriated funds and other assets belonging to Doris, including but not limited to Doris's annuities, securities, obstruction of real-estate fraud recovery, and Wilson's fraudulently paid attorney fees---using Doris's money---where Susan Wilson used Doris's assets to defend Susan Wilson's fraud against Doris. (Wilson has legally binding admissions of Forgery and/or Complicity in Forgery. See Count/ Claim for Relief XXX in state complaint 25-CI-001371 (PX-51), and See Audio1 Through Audio21 Transcriptions in PX-3 and refer to the USB drive. Also see PX-10.)

127. **Adjudicative Fact 103 ---** Adjudicative fact character: Specific ongoing fact — Wilson currently holds fraudulently misappropriated funds and assets belonging to Doris — admitted by Wilson through CR 8.04 default — establishing unjust enrichment---and the basis for compelled return. (Wilson has legally binding admissions of Forgery and/or Complicity in Forgery. See Count/ Claim for Relief XXX in state complaint 25-CI-001371 (PX-51), and See Audio1 Through Audio21 Transcriptions in PX-3 and refer to the USB drive. Also see PX-10.)

128. **Adjudicative Fact 104 — Injunctive 7:** Entry of a judgment against Wilson for Compensatory Damages for the harm caused to Edward---by Wilson's inducement of perjury, tampering with a witness, and tampering with physical evidence---including but not limited to---increased legal and fiduciary expenses, obstruction of fiduciary duties, and emotional distress. (Wilson has legally binding admissions of Forgery and/or Complicity in Forgery. See Count/ Claim for Relief XXX in state complaint 25-CI-001371 (PX-51), and See Audio1 Through Audio21 Transcriptions in PX-3 and refer to the USB drive. Also see PX-10.)

129. **Adjudicative Fact 105 ---** Adjudicative fact character: Specific facts about Wilson's specific misconduct — inducement of perjury, witness tampering, physical evidence tampering

--- admitted by Wilson through CR 8.04 default — and independently established through the deposition transcript (PX-5). (Wilson has legally binding admissions of Forgery and/or Complicity in Forgery. See Count/ Claim for Relief XXX in state complaint 25-CI-001371 (PX-51), and See Audio1 Through Audio21 Transcriptions in PX-3 and refer to the USB drive. Also see PX-10.)

130. **Adjudicative Fact 106 — Injunctive 8:** Entry of a judgment for Restitution for Unjust Enrichment to recover benefits that Wilson wrongfully gained through the aggregated theft offenses regarding both Doris and Edward. (Wilson has legally binding admissions of Forgery and/or Complicity in Forgery. See Count/ Claim for Relief XXX in state complaint 25-CI-001371 (PX-51), and See Audio1 Through Audio21 Transcriptions in PX-3 and refer to the USB drive. Also see PX-10.)

131. **Adjudicative Fact 107 ---** Adjudicative fact character: Specific fact — Wilson has wrongfully gained benefits through aggregated theft offenses — admitted by Wilson through CR 8.04 default — establishing the unjust enrichment claim from Wilson's own admission. (Wilson has legally binding admissions of Forgery and/or Complicity in Forgery. See Count/ Claim for Relief XXX in state complaint 25-CI-001371 (PX-51), and See Audio1 Through Audio21 Transcriptions in PX-3 and refer to the USB drive. Also see PX-10.)

132. **Adjudicative Fact 108 — Injunctive 9:** Entry of a judgment for Compensatory Damages for harm to Edward's reputation, emotional distress, and financial losses---resulting from Wilson's tampering with Doris's testimony and defamation. (Wilson has legally binding admissions of Forgery and/or Complicity in Forgery. See Count/ Claim for Relief XXX in state complaint 25-CI-001371 (PX-51), and See Audio1 Through Audio21 Transcriptions in PX-3 and refer to the USB drive. Also see PX-10.) Also see the following from state complaint 25-CI-

001371 (PX-51): Count XX: KRS 524.050 Tampering with a witness, KRS 502.020 Complicity with regards to KRS 524.050, tampering with a witness by Wilson, deceiving Doris. (20th Cause of Action); Count XXI: (21st Cause of Action) : Defamation Per Se, Complicity to Defamation Per Se; Count XXII: KRS 524.100 Tampering with physical evidence, KRS 502.020 Complicity with regards to KRS 524.100 Tampering with physical evidence (22nd Cause of Action); Count XIX: KRS 502.020 Complicity regarding inducing Doris to commit perjury by deceiving Doris. (19th Cause of Action) KRS 523.020 Perjury in the first degree; Count XVIII: (18th Cause of Action) Pursuant to KRS 515.030 Complicity to Robbery in the second degree by Wilson, and KRS 502.020 Complicity.

133. **Adjudicative Fact 109** --- Adjudicative fact character: Specific facts about Wilson's misconduct — testimony tampering and defamation causing specific identified harm categories — admitted by Wilson through CR 8.04 default. (Wilson has legally binding admissions of Forgery and/or Complicity in Forgery. See Count/ Claim for Relief XXX in state complaint 25-CI-001371 (PX-51), and See Audio1 Through Audio21 Transcriptions in PX-3 and refer to the USB drive. **Also** see PX-10.) Also see the following from state complaint 25-CI-001371 (PX-51): Count XX: KRS 524.050 Tampering with a witness, KRS 502.020 Complicity with regards to KRS 524.050, tampering with a witness by Wilson, deceiving Doris. (20th Cause of Action); Count XXI: (21st Cause of Action) : Defamation Per Se, Complicity to Defamation Per Se; Count XXII: KRS 524.100 Tampering with physical evidence, KRS 502.020 Complicity with regards to KRS 524.100 Tampering with physical evidence (22nd Cause of Action); Count XIX: KRS 502.020 Complicity regarding inducing Doris to commit perjury by deceiving Doris. (19th Cause of Action) KRS 523.020 Perjury in the first degree; Count XVIII: (18th Cause of

Action) Pursuant to KRS 515.030 Complicity to Robbery in the second degree by Wilson, and KRS 502.020 Complicity.

134. **Adjudicative Fact 110 — Injunctive 10:** Entry of a judgment for Equitable Relief to allow corrective measures. (Wilson has legally binding admissions of Forgery and/or Complicity in Forgery. See Count/ Claim for Relief XXX in state complaint 25-CI-001371 (PX-51), and See Audio1 Through Audio21 Transcriptions in PX-3 and refer to the USB drive. Also see PX-10.)

135. **Adjudicative Fact 111** --- Adjudicative fact character: Specific fact — Wilson's presence and fraudulent influence corrupted the prior deposition — admitted by Wilson through CR 8.04 default — establishing the factual predicate for corrective measures. (Wilson has legally hinding admissions of Forgery and/or Complicity in Forgery. See Count/ Claim for Relief XXX in state complaint 25-CI-001371 (PX-51), and See Audio1 Through Audio21 Transcriptions in PX-3 and refer to the USB drive. Also see PX-10.) Also see the following from state complaint 25-CI-001371 (PX-51): Count XX: KRS 524.050 Tampering with a witness, KRS 502.020 Complicity with regards to KRS 524.050, tampering with a witness by Wilson, deceiving Doris. (20th Cause of Action); Count XXI: (21st Cause of Action) : Defamation Per Se, Complicity to Defamation Per Se; Count XXII: KRS 524.100 Tampering with physical evidence, KRS 502.020 Complicity with regards to KRS 524.100 Tampering with physical evidence (22nd Cause of Action); Count XIX: KRS 502.020 Complicity regarding inducing Doris to commit perjury by deceiving Doris. (19th Cause of Action) KRS 523.020 Perjury in the first degree; Count XVIII: (18th Cause of Action) Pursuant to KRS 515.030 Complicity to Robbery in the second degree by Wilson, and KRS 502.020 Complicity.

136. **Adjudicative Fact 112 — Injunctive 11:** Entry of a judgment for Restitution for Unjust Enrichment to recover benefits Wilson wrongfully gained through her interference with Edward's

contractual rights. (Wilson has legally binding admissions of Forgery and/or Complicity in Forgery. See Count/ Claim for Relief XXX in state complaint 25-CI-001371 (PX-51), and See Audio1 Through Audio21 Transcriptions in PX-3 and refer to the USB drive. Also see PX-10.) Also see the following from state complaint 25-CI-001371 (PX-51): Count XX: KRS 524.050 Tampering with a witness, KRS 502.020 Complicity with regards to KRS 524.050, tampering with a witness by Wilson, deceiving Doris. (20[th] Cause of Action); Count XXI: (21st Cause of Action) : Defamation Per Se, Complicity to Defamation Per Se; Count XXII: KRS 524.100 Tampering with physical evidence, KRS 502.020 Complicity with regards to KRS 524.100 Tampering with physical evidence (22nd Cause of Action); Count XIX: KRS 502.020 Complicity regarding inducing Doris to commit perjury by deceiving Doris. (19th Cause of Action) KRS 523.020 Perjury in the first degree; Count XVIII: (18[th] Cause of Action) Pursuant to KRS 515.030 Complicity to Robbery in the second degree by Wilson, and KRS 502.020 Complicity; Obstruction of Recovery.

137. **Adjudicative Fact 113** --- Adjudicative fact character: Specific fact — Wilson wrongfully gained benefits through interference with Edward's contractual rights — admitted by Wilson through CR 8.04 default. (Wilson has legally binding admissions of Forgery and/or Complicity in Forgery. See Count/ Claim for Relief XXX in state complaint 25-CI-001371 (PX-51), and See Audio1 Through Audio21 Transcriptions in PX-3 and refer to the USB drive. Also see PX-10.) Also see the following from state complaint 25-CI-001371 (PX-51): Count XX: KRS 524.050 Tampering with a witness, KRS 502.020 Complicity with regards to KRS 524.050, tampering with a witness by Wilson, deceiving Doris. (20[th] Cause of Action); Count XXI: (21st Cause of Action) : Defamation Per Se, Complicity to Defamation Per Se; Count XXII: KRS 524.100 Tampering with physical evidence, KRS 502.020 Complicity with regards to KRS 524.100

Tampering with physical evidence (22nd Cause of Action); Count XIX: KRS 502.020 Complicity regarding inducing Doris to commit perjury by deceiving Doris. (19th Cause of Action) KRS 523.020 Perjury in the first degree; Count XVIII: (18[th] Cause of Action) Pursuant to KRS 515.030 Complicity to Robbery in the second degree by Wilson, and KRS 502.020 Complicity; Obstruction of Recovery.

138. **Adjudicative Fact 114 — Injunctive 12:** Entry of a judgment against Wilson for interest lost---in addition to the attorney fees---regarding Edward paying attorney fees on Doris's behalf And Doris had agreed to reimburse those fees to Edward. (Wilson has legally binding admissions of Forgery and/or Complicity in Forgery. See Count/ Claim for Relief XXX in state complaint 25-CI-001371 (PX-51), and See Audio1 Through Audio21 Transcriptions in PX-3 and refer to the USB drive. Also see PX-10.) Also see the following from state complaint 25-CI-001371 (PX-51): Count XX: KRS 524.050 Tampering with a witness, KRS 502.020 Complicity with regards to KRS 524.050, tampering with a witness by Wilson, deceiving Doris. (20[th] Cause of Action); Count XXI: (21st Cause of Action) : Defamation Per Se, Complicity to Defamation Per Se; Count XXII: KRS 524.100 Tampering with physical evidence, KRS 502.020 Complicity with regards to KRS 524.100 Tampering with physical evidence (22nd Cause of Action); Count XIX: KRS 502.020 Complicity regarding inducing Doris to commit perjury by deceiving Doris. (19th Cause of Action) KRS 523.020 Perjury in the first degree; Count XVIII: (18[th] Cause of Action) Pursuant to KRS 515.030 Complicity to Robbery in the second degree by Wilson, and KRS 502.020 Complicity; Obstruction of Recovery.

139. **Adjudicative Fact 115** --- Adjudicative fact character: Specific computable damages category --- interest on attorney fees paid — computable from the admitted $40,433.68 attorney fee amount and the applicable interest rate. (Wilson has legally binding admissions of Forgery

and/or Complicity in Forgery. See Count/ Claim for Relief XXX in state complaint 25-CI-001371 (PX-51), and See Audio1 Through Audio21 Transcriptions in PX-3 and refer to the USB drive. Also see PX-10.) Also see the following from state complaint 25-CI-001371 (PX-51): Count XX: KRS 524.050 Tampering with a witness, KRS 502.020 Complicity with regards to KRS 524.050, tampering with a witness by Wilson, deceiving Doris. (20th Cause of Action); Count XXI: (21st Cause of Action) : Defamation Per Se, Complicity to Defamation Per Se; Count XXII: KRS 524.100 Tampering with physical evidence, KRS 502.020 Complicity with regards to KRS 524.100 Tampering with physical evidence (22nd Cause of Action); Count XIX: KRS 502.020 Complicity regarding inducing Doris to commit perjury by deceiving Doris. (19th Cause of Action) KRS 523.020 Perjury in the first degree; Count XVIII: (18th Cause of Action) Pursuant to KRS 515.030 Complicity to Robbery in the second degree by Wilson, and KRS 502.020 Complicity; Obstruction of Recovery.

140. **Adjudicative Fact 116 — Injunctive 13:** Entry of a judgment against Wilson for a full and accurate accounting of---Norman Colgate's estate---legal action against Wilson---for breach of executor duty---regarding Norman Colgate---with a judgment for equal division of cash on hand and on deposit, and appropriate sanctions for tampering with evidence in a court proceeding. (Wilson has legally hinding admissions of Forgery and/or Complicity in Forgery. See Count/ Claim for Relief XXX in state complaint 25-CI-001371 (PX-51), and See Audio1 Through Audio21 Transcriptions in PX-3 and refer to the USB drive. Also see PX-10.) Also see the following from state complaint 25-CI-001371 (PX-51): Count XX: KRS 524.050 Tampering with a witness, KRS 502.020 Complicity with regards to KRS 524.050, tampering with a witness by Wilson, deceiving Doris. (20th Cause of Action); Count XXI: (21st Cause of Action) : Defamation Per Se, Complicity to Defamation Per Se; Count XXII: KRS 524.100 Tampering

with physical evidence, KRS 502.020 Complicity with regards to KRS 524.100 Tampering with physical evidence (22nd Cause of Action); Count XIX: KRS 502.020 Complicity regarding inducing Doris to commit perjury by deceiving Doris. (19th Cause of Action) KRS 523.020 Perjury in the first degree; Count XVIII: (18th Cause of Action) Pursuant to KRS 515.030 Complicity to Robbery in the second degree by Wilson, and KRS 502.020 Complicity; Obstruction of Recovery.

141. **Adjudicative Fact 117** --- Adjudicative fact character: Specific facts about Wilson's breach of executor duty and evidence tampering in connection with Norman Colgate's estate — admitted by Wilson through CR 8.04 default — paragraph 338 of Kentucky complaint---25-CI-001371---referenced. (Wilson has legally binding admissions of Forgery and/or Complicity in Forgery. See Count/ Claim for Relief XXX in state complaint 25-CI-001371 (PX-51), and See Audio1 Through Audio21 Transcriptions in PX-3 and refer to the USB drive. Also see PX-10.) Also see the following from state complaint 25-CI-001371 (PX-51): Count XX: KRS 524.050 Tampering with a witness, KRS 502.020 Complicity with regards to KRS 524.050, tampering with a witness by Wilson, deceiving Doris. (20th Cause of Action); Count XXI: (21st Cause of Action) : Defamation Per Se, Complicity to Defamation Per Se; Count XXII: KRS 524.100 Tampering with physical evidence, KRS 502.020 Complicity with regards to KRS 524.100 Tampering with physical evidence (22nd Cause of Action); Count XIX: KRS 502.020 Complicity regarding inducing Doris to commit perjury by deceiving Doris. (19th Cause of Action) KRS 523.020 Perjury in the first degree; Count XVIII: (18th Cause of Action) Pursuant to KRS 515.030 Complicity to Robbery in the second degree by Wilson, and KRS 502.020 Complicity; Obstruction of Recovery.

142. **Adjudicative Fact 118 — Injunctive 14:** Entry of a judgment against Susan Wilson and Ray Wilson for an injunction to prevent Ray Wilson from calling and harassing Stanette Rose, a witness. Doris had signed an Affidavit against Ray Wilson and Susan Wilson. See PX-10. Pursuant to KRS 514.030 Ray Wilson was also complicit in the theft by unlawful taking or disposition regarding Doris and Edward on 3-4-2020, and Ray Wilson was also complicit in the robbery on 3-4-2020. (Wilson has legally hinding admissions of Forgery and/or Complicity in Forgery. See Count/ Claim for Relief XXX in state complaint 25-CI-001371 (PX-51), and See Audio1 Through Audio21 Transcriptions in PX-3 and refer to the USB drive. Also see PX-10.) Also see the following from state complaint 25-CI-001371 (PX-51): Count XX: KRS 524.050 Tampering with a witness, KRS 502.020 Complicity with regards to KRS 524.050, tampering with a witness by Wilson, deceiving Doris. (20th Cause of Action); Count XXI: (21st Cause of Action) : Defamation Per Se, Complicity to Defamation Per Se; Count XXII: KRS 524.100 Tampering with physical evidence, KRS 502.020 Complicity with regards to KRS 524.100 Tampering with physical evidence (22nd Cause of Action); Count XIX: KRS 502.020 Complicity regarding inducing Doris to commit perjury by deceiving Doris. (19th Cause of Action) KRS 523.020 Perjury in the first degree; Count XVIII: (18th Cause of Action) Pursuant to KRS 515.030 Complicity to Robbery in the second degree by Wilson, and KRS 502.020 Complicity; Obstruction of Recovery.

143. **Adjudicative Fact 119** --- Adjudicative fact character: Specific facts about Ray Wilson's witness harassment and KRS 514.030 theft complicity --- admitted through Wilson's CR 8.04 default — establishing both Ray Wilson's liability and the ongoing witness intimidation requiring injunctive relief. (Wilson has legally binding admissions of Forgery and/or Complicity in Forgery. See Count/ Claim for Relief XXX in state complaint 25-CI-001371 (PX-51), and See

Audio1 Through Audio21 Transcriptions in PX-3 and refer to the USB drive. Also see PX-10.) Also see the following from state complaint 25-CI-001371 (PX-51): Count XX: KRS 524.050 Tampering with a witness, KRS 502.020 Complicity with regards to KRS 524.050, tampering with a witness by Wilson, deceiving Doris. (20th Cause of Action); Count XXI: (21st Cause of Action) : Defamation Per Se, Complicity to Defamation Per Se; Count XXII: KRS 524.100 Tampering with physical evidence, KRS 502.020 Complicity with regards to KRS 524.100 Tampering with physical evidence (22nd Cause of Action); Count XIX: KRS 502.020 Complicity regarding inducing Doris to commit perjury by deceiving Doris. (19th Cause of Action) KRS 523.020 Perjury in the first degree; Count XVIII: (18th Cause of Action) Pursuant to KRS 515.030 Complicity to Robbery in the second degree by Wilson, and KRS 502.020 Complicity; Obstruction of Recovery.

144. **Adjudicative Fact 120 — Injunctive 15:** Entry of a judgment against Wilson pursuant to KRS 209.020 Elder Ahuse and pursuant to Tortious Interference with Contractual Rights asserting that Wilson's tortious interference with Edward's and Doris's contractual rights were interfering witb Doris recovering damages from her negligent slip and fall at Morning Pointe---under KRS 209.020(16)-Elder Abuse---which caused orthopedic surgery, many months of rehabilitation, and payments to Morning Pointe---even when Doris was residing at the rehabilitation center---and not at Morning Pointe. (Wilson bas legally binding admissions of Forgery and/or Complicity in Forgery. See Count/ Claim for Relief XXX in state complaint 25-CI-001371 (PX-51), and See Audio1 Through Audio21 Transcriptions in PX-3 and refer to the USB drive. Also see PX-10.) Also see the following from state complaint 25-CI-001371 (PX-51): Count XX: KRS 524.050 Tampering with a witness, KRS 502.020 Complicity with regards to KRS 524.050, tampering with a witness by Wilson, deceiving Doris. (20th Cause of Action);

Count XXI: (21st Cause of Action) : Defamation Per Se, Complicity to Defamation Per Se; Count XXII: KRS 524.100 Tampering with physical evidence, KRS 502.020 Complicity with regards to KRS 524.100 Tampering with physical evidence (22nd Cause of Action); Count XIX: KRS 502.020 Complicity regarding inducing Doris to commit perjury by deceiving Doris. (19th Cause of Action) KRS 523.020 Perjury in the first degree; Count XVIII: (18th Cause of Action) Pursuant to KRS 515.030 Complicity to Robbery in the second degree by Wilson, and KRS 502.020 Complicity; Obstruction of Recovery. Also see PX-165---regarding the Doctor's/ Orthopaedic Surgeon's documentation.

145. **Adjudicative Fact 121** --- Adjudicative fact character: Specific facts about Wilson's tortious interference with a specific identified contractual right—Doris's negligent slip and fall under KRS 209.020(16)----Elder Abuse---recovery claim at Morning Pointe ---- admitted by Wilson through CR 8.04 default ---- establishing both the interference and the underlying injury requiring orthopedic surgery, months of rehabilitation, and payments to Morning Pointe ---even when Doris was residing at the rehabilitation center, and not at Morning Pointe. (Wilson has legally binding admissions of Forgery and/or Complicity in Forgery. See Count/ Claim for Relief XXX in state complaint 25-CI-001371 (PX-51), and See Audio1 Through Audio21 Transcriptions in PX-3 and refer to the USB drive. Also see PX-10.) Also see the following from state complaint 25-CI-001371 (PX-51): Count XX: KRS 524.050 Tampering with a witness, KRS 502.020 Complicity with regards to KRS 524.050, tampering with a witness by Wilson, deceiving Doris. (20th Cause of Action); Count XXI: (21st Cause of Action) : Defamation Per Se, Complicity to Defamation Per Se; Count XXII: KRS 524.100 Tampering with physical evidence, KRS 502.020 Complicity with regards to KRS 524.100 Tampering with physical evidence (22nd Cause of Action); Count XIX: KRS 502.020 Complicity regarding inducing

Doris to commit perjury by deceiving Doris. (19th Cause of Action) KRS 523.020 Perjury in the first degree; Count XVIII: (18th Cause of Action) Pursuant to KRS 515.030 Complicity to Robbery in the second degree by Wilson, and KRS 502.020 Complicity; Obstruction of Recovery. Also see PX-165---regarding the Doctor's/ Orthopaedic Surgeon's documentation.

146. **Adjudicative Fact 122 — Injunctive 16:** Entry of a Judgment against Wilson for Recovery for what Doris would have received as compensation for her negligent slip and fall as the negligent slip and fall is framed under KRS 209.020(4)(8)(16). Refer to statement of fact 102 in PX-2. (Wilson has legally binding admissions of Forgery and/or Complicity in Forgery. See Count/ Claim for Relief XXX in state complaint 25-CI-001371 (PX-51), and See Audio1 Through Audio21 Transcriptions in PX-3 and refer to the USB drive. Also see PX-10.) Also see the following from state complaint 25-CI-001371 (PX-51): Count XX: KRS 524.050 Tampering with a witness, KRS 502.020 Complicity with regards to KRS 524.050, tampering with a witness by Wilson, deceiving Doris. (20th Cause of Action); Count XXI: (21st Cause of Action) : Defamation Per Se, Complicity to Defamation Per Se; Count XXII: KRS 524.100 Tampering with physical evidence, KRS 502.020 Complicity with regards to KRS 524.100 Tampering with physical evidence (22nd Cause of Action); Count XIX: KRS 502.020 Complicity regarding inducing Doris to commit perjury by deceiving Doris. (19th Cause of Action) KRS 523.020 Perjury in the first degree; Count XVIII: (18th Cause of Action) Pursuant to KRS 515.030 Complicity to Robbery in the second degree by Wilson, and KRS 502.020 Complicity; Obstruction of Recovery. Also see PX-165---regarding the Doctor's/ Orthopaedic Surgeon's documentation.

147. **Adjudicative Fact 123** --- Adjudicative fact character: Specific fact about Wilson's interference with a specific identified recovery — Doris's negligent slip and fall compensation

framed under KRS 209.020—Elder Abuse---admitted by Wilson through CR 8.04 default — amount to be established from the Morning Pointe negligent slip and fall evidence referenced in PX-2. (Wilson has legally binding admissions of Forgery and/or Complicity in Forgery. See Count/ Claim for Relief XXX in state complaint 25-CI-001371 (PX-51), and See Audio1 Through Audio21 Transcriptions in PX-3 and refer to the USB drive. Also see PX-10.) Also see the following from state complaint 25-CI-001371 (PX-51): Count XX: KRS 524.050 Tampering with a witness, KRS 502.020 Complicity with regards to KRS 524.050, tampering with a witness by Wilson, deceiving Doris. (20th Cause of Action); Count XXI: (21st Cause of Action) : Defamation Per Se, Complicity to Defamation Per Se; Count XXII: KRS 524.100 Tampering with physical evidence, KRS 502.020 Complicity with regards to KRS 524.100 Tampering with physical evidence (22nd Cause of Action); Count XIX: KRS 502.020 Complicity regarding inducing Doris to commit perjury by deceiving Doris. (19th Cause of Action) KRS 523.020 Perjury in the first degree; Count XVIII: (18th Cause of Action) Pursuant to KRS 515.030 Complicity to Robbery in the second degree by Wilson, and KRS 502.020 Complicity; Obstruction of Recovery. Also see PX-165---regarding the Doctor's/ Orthopaedic Surgeon's documentation.

148. **Adjudicative Fact 124 — Injunctive 17:** Entry of Judgment against Wilson for Injunctive Relief to freeze Doris's assets to protect her assets---if all of Doris's assets have not yet been defrauded---in their entirety---if there is a response from the Defendant in this Federal complaint.

149. **Adjudicative Fact 125 ---** Adjudicative fact character: Specific ongoing fact — Doris's assets are at continued risk from Wilson's access and fraud --- admitted by Wilson through CR 8.04 default --- establishing the factual predicate for asset freeze---if there is a response from the Defendant in this Federal complaint.

150. **Adjudicative Fact 126 — Injunctive 18:** Apply KRS 355.3-420 against Wilson if applicable for annuities and securities — Conversion of negotiable instruments — if a bank makes a payment with respect to the instrument for a person not entitled to enforce it.

151. **Adjudicative Fact 127** --- Adjudicative fact character: Specific legal theory applied to admitted specific facts — Wilson and Fox, Wilson's daughter, were not entitled to enforce and were not entitled to receive funds from Doris's annuities and securities— admitted by Wilson through CR 8.04 default.

152. **Adjudicative Fact 128 — Injunctive 19:** Entry of a judgment against Wilson for unauthorized commissions and fees for annuity and securities liquidation, and for obstruction of recovery regarding real-estate fraud.

153. **Adjudicative Fact 129** --- Adjudicative fact character: Specific fact about unauthorized commissions and fees — admitted by Wilson through CR 8.04 default — amount to be established from annuities, securities.

154. **Adjudicative Fact 130 — Injunctive 20:** Entry of a judgment for Wilson to be ordered to disgorge all profits and/or benefits obtained through financial exploitation of Doris---to prevent unjust enrichment.

155. **Adjudicative Fact 131** --- Adjudicative fact character: Specific ongoing fact — Wilson currently holds profits and benefits from financial exploitation of Doris — admitted by Wilson through CR 8.04 default — establishing the disgorgement claim.

156. **Adjudicative Fact 132 — Injunctive 21:** Entry of a judgment for Wilson to pay back all interest and dividends that Doris did not receive---regarding Doris's Annuities and Securities.

157. **Adjudicative Fact 133** --- Adjudicative fact character: Specific computable damages — interest and dividends received by Wilson and/or received by another---where Wilson was

complicit with full liability---(KRS 502.020)---from Doris's financial instruments — computable from the instruments' records — admitted by Wilson as a liability category through CR 8.04 default.

**SUBSECTION C — Additional Relief Categories---Admitted As Liability Categories**

158. **Adjudicative Fact 134 ---** The following additional relief items are admitted by Wilson through her CR 8.04 default as categories of liability — the specific amounts for each to be established through computation from admitted facts, documentary evidence, or at trial, and by a jury.

159. **Adjudicative Fact 135 ---** Pre-judgment and post-judgment interest as permitted by law — on all admitted sum certain amounts.

160. **Adjudicative Fact 136 ---** Reasonable investigation and litigation expenses---including but not limited to---attorneys' fees at both trial and appellate levels.

161. **Adjudicative Fact 137 ---** Costs herein expended — an award of costs and fees for bringing this action.

162. **Adjudicative Fact 138 ---** All other relief to which Plaintiffs are or may become entitled.

163. **Adjudicative Fact 139 ---** Entry of judgment for such other relief as the Court may deem just, equitable, appropriate, and/or proper overall.

164. **Adjudicative Fact 140 ---** Jury Trial pursuant to CR 38.02 demand for trial by jury of any issue triable of right by a jury and CR 39.01 by jury.

165. Plaintiffs further assert the following paragraphs from said state complaint.

166. **Adjudicative Fact 141 --- 347.** Regarding the audio recordings as statements of fact:

**KRE Rule 901**--Requirement of authentication or identification (a) General provision. The requirement of authentication or identification as a condition precedent to admissibility is

satisfied by evidence sufficient to support a finding that the matter in question is what its proponent claims. (b) Illustrations. By way of illustration only, and not by way of limitation, the following are examples of authentication or identification conforming with the requirements of this rule: (1)Testimony of witness with knowledge. Testimony that a matter is what it is claimed to be. **(5) Voice identification. Identification of a voice, whether heard firsthand or through mechanical or electronic transmission or recording, by opinion based npon hearing the voice at any time under circumstances connecting it with the alleged speaker. Three—3 witnesses authenticate these audio recordings.** Plaintiff cites KRS 526.010, establishing Kentucky as a one-party consent state, as backup support, although Doris did agree to the audio recordings so that Edward could help her recover damages for Doris from Wilson and Fox. See PX-3, **Audio7, 13.**

167. **Adjudicative Fact 142 --- 348.** Plaintiff asserts the following for **Exhibits PX-1 through PX-40: Pursuant to CR 10.03, a copy of any written instrument, which is an exhibit to a pleading, is a part thereof for all purposes. PX-2 contains the Statements of Material Fact.**

168. **349. Pursuant to KRS 413.130, for when certain actions in KRS 413.120 accrue. In an action for relief or damages for fraud or mistake, referred to in subsection (11) of KRS 413.120, the cause of action shall not be deemed to have accrued until the discovery of the fraud or mistake.** However, the action shall be commenced within ten (10) years after the time of making the contract or the perpetration of the fraud. Plaintiff **asserts this statute for all aforementioned frauds.**

169. **Adjudicative Fact 143 --- 350. Plaintiffs respectfnlly demand a trial by jury**, pursuant to CR 39.01 By jury, and CR 38.02: **Jury Trials of Right**; Demand; Any party may demand a trial by jury of any issue triable of right by a jury by serving upon the other parties a demand

therefor in writing at any time after the commencement of the action and not later than 10 days after the service of the last pleading directed to such issue. Such demand may be indorsed upon a pleading of the party, and if indorsed on the complaint, the filing of the complaint shall constitute service of the demand.

170. **Adjudicative Fact 144 --- 351.** Conversion does not apply based on the framework of the causes of action. (KRS 446.070 is cited for criminal to civil conversion.) (Plaintiffs reserve the right to use conversion, if necessary.)

171. **Adjudicative Fact 145 --- 352.** Plaintiffs assert **KRS 209.050--Immunity from civil or criminal liability. "Anyone"** acting upon reasonable cause in the making of **"any report" or investigation** or **participating in the filing** of a petition to **obtain injunctive relief** or emergency protective services for an adult pursuant to this chapter, including representatives of the cabinet in the reasonable performance of their duties in good faith, and within the scope of their authority, **shall have immunity from any civil or criminal liability** that might otherwise be incurred or imposed.

172. **Adjudicative Fact 146 --- 353.** Doris, having relied upon Wilson's false statements, Wilson's complicity to false statements, and Edward having relied upon Doris's communications, requesting Edward's help to recover damages from Wilson, and **Doris agreeing to reimburse** Edward for doing so.

173. **Adjudicative Fact 147 --- 354.** This legal complaint seeks to redress the financial exploitation and elder abuse (KRS 209.020) perpetrated by Susan Wilson against Doris Colgate, a vulnerable elder, and to restore the integrity of the judicial process compromised by the deliberate misconduct by Wilson. In addition, this complaint seeks to recover damages for

Edward Colgate as he acted as Doris's fiduciary as Doris had requested, and to recover damages for Edward for other losses incurred, aforementioned, and addressed in the Relief Sought.

174. **Adjudicative Fact 148 --- 5.** Plaintiff asserts **Susan Wilson's Complicity in the following: Elder Abuse, Undue Influence, deception, fraud, theft, robbery, tortious interference with contractual rights, including, but not limited to Edward's Power of Attorney and Trustee agreements with Doris, including reimbursement to Edward, interference with Edward's quasi contract, quantum meruit, equitable estoppel, promissory estoppel, tampering with a witness, tampering with evidence, other actions perpetrated by Wilson to obtain a fraudulent power of attorney, which invalidate Wilson's power of attorney, Complicity in 30 Counts and Causes of Action.**

175. **Adjudicative Fact 149 --- 2.** Plaintiff **Doris Colgate** is a vulnerable adult as defined under **KRS 209.020**. Doris Colgate has resided in **24/7 Nursing Care since 2-14-2020. KRS 209.020(4)** uses the following **criteria for a Vulnerable adult**: An adult who is (a) **unable to manage his or her own resources,** (b) **unable to carry out the activity of daily living on their own, OR** (c) **protect** himself or **herself from neglect, exploitation, or an abusive situation. Only 1 of 3 needs to be met. By virtue of (c)** where **Doris** was, and is **not able to protect herself from Wilson's (Wilson or Susan Wilson hereafter) continuing Complicity in Elder Abuse**, this **criteria has been met since 2-14-2020.** Doris **does also meet** the **other 2 criteria**. Doris has **not been able to manage her own resources since January of 2019.** Doris has **not been able to carry out her activity of daily living on her own since early to mid-2018,** requiring a caregiver. Plaintiff asserts legal standing for Doris, based on, but not limited to Wilson's Abuse, and based on all applicable Civil Rules and Statutes herein.


Edward Colgate 22023 SE Wax Rd., Box 1452, Maple Valley, WA 98038, King Co.

176. **Adjudicative Fact 150 --- 63.** CR 42.01, since different defendants would have different common questions of law, facts, occurrences, or transactions. In addition, CR 42.02, separate trials are necessary to avoid prejudice to the Plaintiff.

Plaintiffs further assert that all aforementioned---numbered 1 through 176---are adjudicative facts.

**SECTION XXXIX: TWELFTH FRE 201 NOTICE---Mandatory Judicial Notice of Adjudicative Facts Under FRE 201(c)(2) and (b)(2) --- Adjudicative Facts Based on Interstate Wire Fraud Predicates Under 18 U.S.C. §1343 under 18 U.S.C. §1961 through §1964(c) --- Fully Supporting Personal and Subject Matter Jurisdiction in the United States District Court in and for the Western District of Washington Under 28 U.S.C. §§1331 — §1343(a)( 1) through (4) — §1367(a) --- and §1391(b)(2) --- Tbis Court Must Take Judicial Notice Upon This Request.**

2630A. **Plaintiffs assert all of the following:** This section is sub-numbered for clarity. Plaintiffs respectfully request that this Court take mandatory judicial notice of the following adjudicative facts pursuant to FRE 201(c)(2) — this Court must take judicial notice because Plaintiffs have requested it and have supplied the necessary information. These adjudicative facts are specific facts about what occurred between these specific parties — established from Wilson's substantive and legally binding CR 8.04 admissions in Kentucky case 25-CI-001371 — from which Wilson failed to deny any of the following specific amounts and from supporting documentary evidence---including but not limited to---bank documents, annuity documents, securities documents, and real estate closing documents — all sources whose accuracy cannot reasonably be questioned under FRE 201(b)(2).

2630B. The adjudicative facts regarding interstate wire fraud predicates under **18 U.S.C. §1343** under **18 U.S.C. §1961 through §1964(c)** are established from two separate and independent sources that together make the wire fraud predicate conclusion not subject to reasonable dispute. Each Adjudicative Fact Noticed Herein Independently and Collectively Supports This Court's Jurisdiction under **28 U.S.C. §§1331 — §1343(a)( 1) through (4) — §1367(a) --- and §1391(b)(2)** — and Personal Jurisdiction Under Calder v. Jones and Dole Food Co. v. Watts. Plaintiffs incorporate by reference in full detail **Claims for Relief I through CII (102),** and **Sections XVIII, XIX, XXXVI, XXVI, XXX, XXXII, XXVIII, XXIX, XXXI, XXXV, XXVII, XXXVII, PX-63 through PX-87,** PX-42 through PX-49, PX-108, all 167 Exhibits, and the **First through the Sixteenth FRE 201 Judicial Notices** of judicially **noticed adjudicative facts,** which include approximately **1,044 total adjudicative facts,** including approximately **322 adjudicative facts** supporting **jurisdiction** in the U.S. District Court for the Western District of Washington; **FRE 201 Adjudicative Facts in Judicial NOTICES --- 2 through 8, 10, and 12 --- fully support jurisdiction.** All aforementioned incorporations provide **100% certainty** of fraudulently assigned judges and fraudulently assigned case numbers --- prior to the legal filings by Plaintiffs of all 10 of their year-2025 cases --- with all 10 cases being illegally and fraudulently filed and processed by a fraudulent non-existent/ non-payroll name in year-2025 --- which did **not** generate a legal random judge assignment and which did **not** generate a legal case number assignment --- and thereby provides 100% certainty that Kentucky judges NEVER had jurisdiction and NEVER will have jurisdiction. Plaintiffs assert Rankin v. Howard, 633 F. 2d 844 (9th Circuit 1980) and United States v. Dugan, 2:25-cr-00089 (E.D. Wis. 2025) regarding judges without jurisdiction.

**1. Adjudicative Fact 1** — Wilson admitted through CR 8.04 default in case 25-CI-001371 the fraudulent unauthorized liquidation of each financial instrument — the specific amounts — and the specific institutions — making the fraud itself an established adjudicative fact from Wilson's own procedural default.

**2. Adjudicative Fact 2** — the headquarters locations of each financial institution are established independently under FRE 201(b)(2) as adjudicative facts that can be accurately and readily determined from official public records whose accuracy cannot reasonably be questioned — specifically SEC filings — state insurance regulatory databases — and official corporate registration records — as follows:

**3. Adjudicative Fact 3** --- Protective Life Insurance Company Life and Annuity Division is headquartered in Birmingham Alabama — established from Alabama Department of Insurance records and SEC filings.

**4. Adjudicative Fact 4** --- Transamerica Corporation is headquartered in Iowa — established from Iowa Insurance Division records and SEC filings.

**5. Adjudicative Fact 5** --- Washington National Insurance Company's Annuity Division is --- headquartered in Indiana — established from Indiana Department of Insurance records.

**6. Adjudicative Fact 6** --- Truist Securities — BB&T Securities — Sheffield Financial — and Computershare Inc. are headquartered in North Carolina — established from North Carolina banking regulatory records and SEC filings.

**7. Adjudicative Fact 7** --- Ingredion Incorporated is headquartered in Illinois — established from Illinois Secretary of State corporate registration records.

**8. Adjudicative Fact 8** --- The combination of these two established adjudicative facts — Wilson's admitted fraud --- and the institutions' established headquarters in states separate from

Kentucky — makes the interstate character of each fraudulent liquidation transaction not subject to reasonable dispute — because a fraudulent financial transaction directed at an institution headquartered in a different state from where the fraudulent instructions originated --- necessarily involved interstate wire communications under 18 U.S.C. §1343. This is a mathematical and geographic conclusion requiring no inference — fraud directed at Alabama from Kentucky is interstate — fraud directed at Iowa from Kentucky is interstate — fraud directed at Indiana from Kentucky is interstate — fraud directed at North Carolina from Kentucky is interstate — fraud directed at Illinois from Kentucky is interstate — and interstate fraud using wire communications triggers 18 U.S.C. §1343 as a matter of statutory text.

9. **Adjudicative Fact 9** --- The 18 U.S.C. §1343 wire fraud predicate characterization is therefore not an additional averment requiring Wilson's admission — it is the legal conclusion that flows necessarily and automatically from two established adjudicative facts — admitted fraud and established interstate geography — whose combination makes the wire fraud predicate conclusion itself not subject to reasonable dispute under FRE 201(b)(2).

10. **ADJUDICATIVE FACT 10 — PROTECTIVE LIFE INSURANCE COMPANY — BIRMINGHAM ALABAMA — INTERSTATE WIRE FRAUD PREDICATE:** The adjudicative facts established from the Protective Life Insurance Company's corporate headquarters location and the liquidation transaction are the following:

Protective Life Insurance Company Life and Annuity Division is headquartered in Birmingham Alabama — not in Kentucky. The fraudulent liquidation of Doris Colgate's Protective Life annuity — Contract Number[redacted]0213 — in the amount of $54,013.09 — on January 26, 2023 — necessarily involved interstate electronic communications and transactions across state lines between Kentucky — where the fraudulent instructions originated — and Alabama —

where the annuity company is headquartered. Each interstate electronic communication and each interstate electronic financial transfer in furtherance of the fraudulent liquidation constitutes an independent wire fraud predicate act under 18 U.S.C. §1343 — which prohibits use of wire communications in interstate commerce to execute any scheme or artifice to defraud. The fraudulent liquidation of the Protective Life annuity therefore generated at minimum one --- and likely multiple independent wire fraud RICO predicate acts under 18 U.S.C. §1343 — each independently supporting the RICO pattern element under 18 U.S.C. §1961(1)(B).

**11. ADJUDICATIVE FACT 11 — TRANSAMERICA CORPORATION — IOWA — INTERSTATE WIRE FRAUD PREDICATE:** The adjudicative facts established from Transamerica Corporation's corporate headquarters location and the liquidation transaction are the following: Transamerica Corporation is headquartered in Iowa - not in Kentucky. The fraudulent liquidation of Doris Colgate's Transamerica annuity - PNC account ending 6468 --- going from $103,000 to zero on or about August 28, 2024 — necessarily involved interstate electronic communications and transactions across state lines between Kentucky — where the fraudulent instructions originated — and Iowa — where Transamerica is headquartered. Each interstate electronic communication and each interstate electronic financial transfer in furtherance of the fraudulent liquidation constitutes an independent wire fraud predicate act under 18 U.S.C. §1343. The fraudulent liquidation of the Transamerica annuity therefore generated at minimum one --- and likely multiple independent wire fraud RICO predicate acts — independently of and in addition to the Protective Life wire fraud predicates — establishing a pattern of wire fraud predicate acts across multiple states and multiple financial institutions.

**12. ADJUDICATIVE FACT 12 — WASHINGTON NATIONAL INSURANCE COMPANY — INDIANA — INTERSTATE WIRE FRAUD PREDICATE:** The adjudicative facts

established from Washington National Insurance Company's corporate headquarters location and the liquidation transaction are the following: Washington National Insurance Company's Annuity Division is headquartered in Indiana - not in Kentucky. The fraudulent liquidation of Doris Colgate's Washington National annuity — valued at $27,418.64 as of January 18, 2016 — necessarily involved interstate electronic communications and transactions across state lines between Kentucky — where the fraudulent instructions originated — and Indiana — where Washington National is headquartered. Each interstate electronic communication and each interstate electronic financial transfer in furtherance of the fraudulent liquidation constitutes an independent wire fraud predicate act under 18 U.S.C. §1343 — independently of and in addition to the Protective Life and Transamerica wire fraud predicates.

**13. ADJUDICATIVE FACT 13 — TRUIST SECURITIES--BB&T SECURITIES--SHEFFIELD FINANCIAL--COMPUTERSHARE INC — NORTH CAROLINA — INTERSTATE WIRE FRAUD PREDICATE:** The adjudicative facts established from Truist Securities' corporate headquarters location and the liquidation transaction are the following: Truist Securities — BB&T Securities — Sheffield Financial — and Computershare Inc. are headquartered in North Carolina — not in Kentucky. The fraudulent liquidation of Doris Colgate's Truist and BB&T security account valued at $101,000, or more, in late 2024 — necessarily involved interstate electronic communications and transactions across state lines between Kentucky where the fraudulent instructions originated — and North Carolina — where Truist is headquartered. Each interstate electronic communication and each interstate electronic financial transfer in furtherance of the fraudulent securities liquidation constitutes an independent wire fraud predicate act under 18 U.S.C. §1343 — independently of and in addition to the three annuity wire fraud predicates established above.

**14. ADJUDICATIVE FACT 14 — INGREDION INCORPORATED — ILLINOIS — INTERSTATE WIRE FRAUD PREDICATE:** The adjudicative facts established from Ingredion Incorporated's corporate headquarters location and the liquidation transaction are the following: Ingredion Incorporated is headquartered in Illinois — not in Kentucky. The fraudulent liquidation of Doris Colgate's Ingredion securities — valued at more than $27,000 — necessarily involved interstate electronic communications and transactions across state lines between Kentucky — where the fraudulent instructions originated — and Illinois — where Ingredion is headquartered. Each interstate electronic communication and each interstate electronic financial transfer in furtherance of the fraudulent securities liquidation constitutes an independent wire fraud predicate act under 18 U.S.C. §1343 — independently of and in addition to the four prior wire fraud predicates established above.

**The Combined Interstate Pattern Adjudicative Fact:**

**15. ADJUDICATIVE FACT 15 — FIVE SEPARATE STATES — FIVE INDEPENDENT INTERSTATE WIRE FRAUD PREDICATE SERIES — ESTABLISHING RICO PATTERN FROM GEOGRAPHY ALONE:** The adjudicative facts established from the five financial institutions' headquarters locations combined are the following. The five fraudulent financial instrument liquidations targeted institutions in five separate states — Alabama — Iowa — Indiana — North Carolina — and Illinois — all from Kentucky — where the fraudulent instructions originated. Each liquidation necessarily involved separate interstate wire communications to a separately headquartered institution in a separate state — generating independent series of wire fraud predicate acts under 18 U.S.C. §1343 for each institution. The five separate interstate transaction series — across five separate states — involving five separate financial institutions — each holding separate financial instruments belonging to Doris Colgate

--- establish the RICO pattern element from the geographic distribution of the fraud alone — independent of any temporal analysis — because a pattern of racketeering activity requires related predicate acts — and five separate fraudulent interstate wire transmissions targeting five separate institutions in five separate states to liquidate five separate financial instruments --- belonging to the same vulnerable adult and elder abuse victim --- are related by their common purpose — common victim — common method — and common beneficiary and/or beneficiaries. Plaintiffs incorporate by reference in full detail **Section XLIII** regarding **two (2) additional Wire Fraud Predicates --- addressing JP Morgan Chase Bank and American General Life Insurance. The Additional Significance — Seattle Federal Court Jurisdiction:**

**16. ADJUDICATIVE FACT 16 — Five (5) Interstate Wire Fraud Predicates Independently Establish 28 U.S.C. §1331 Federal Question Jurisdiction:** The five series of interstate wire fraud predicate acts under 18 U.S.C. §1343 — each established from two simultaneous independent sources — independently establish this Court's federal question jurisdiction under 28 U.S.C. §1331 — because each wire fraud predicate is a federal criminal statute violation giving rise to civil RICO claims under 18 U.S.C. §1964(c). Seattle federal court has independent subject matter jurisdiction over each of the five wire fraud predicate series regardless of diversity — regardless of the amount in controversy — and regardless of any other jurisdictional basis — because federal question jurisdiction under §1331 arises from the federal nature of the wire fraud claims themselves. Plaintiffs do **NOT** cite §1332.

**SECTION XL: NEW PRECEDENTS --- First-Impression Federal Question Requiring Binding Determination Regarding Unprecedented Legal Issues**

2631A. **Preliminary Statement:** Plaintiffs assert **New Precedents** --- even though there may not be substantial grounds for a difference of opinion --- because **blatant illegalities or frauds ---**

**cited herein ------- cannot reasonably be questioned.** These **blatant illegalities or frauds** had not been previously attempted --- **and/or** had not been previously discovered and had not been previously asserted in any court. Each of the new precedents or controlling questions of law presented herein is raised and preserved for appellate review through two simultaneous pathways. First — through the standard appellate pathway following final judgment - in which the Ninth Circuit reviews all issues properly raised and preserved in the district court record — making the explicit identification of each new precedent or controlling question of law in this complaint the foundational preservation act for standard appellate review. Second — through potential interlocutory review under 28 U.S.C. §1292(b) — if the district court enters any order touching one or more of the new precedents or controlling questions of law and Plaintiffs request that the district judge certify the controlling new precedents of law or the controlling question(s) of law — at which point the Ninth Circuit may in its discretion permit an immediate appeal from that order if application is made within ten days of its entry. Plaintiffs note that each new precedent presented herein satisfies all three §1292(b) criteria — it involves a new precedent of law or a controlling question of law — there is no published circuit authority establishing the answer making the novelty prong satisfied --- **regardless of how obvious the correct answer is** ---- and immediate Ninth Circuit resolution would materially advance the ultimate termination of this litigation by establishing binding precedent on questions or precedents that would otherwise require full trial court proceedings before reaching the circuit. The §1292(b) pathway is noted here not as a present application --- which requires a district court order as the triggering event --- but as a preserved procedural option that Plaintiffs will invoke upon the entry of any district court order touching any novel question herein.

2631B. **The Foundational Principle**: A forged deed does not make the forger the owner of a home. Its recording in the official land records creates the appearance of ownership but cannot create actual title because a void instrument recorded in an official system remains void regardless of recording. The same principle governs every fraudulent judge assignment, every fraudulent case assignment, every fraudulent order, and every fraudulent proceeding documented in this complaint. Each of the 10 cases that Plaintiffs filed in year-2025 was executed by using a fraudulent non-existent/non-payroll name or by using a fraudulent **non-existent/non-payroll** alias name in year-2025, that/who had **no** authorization. Prior to the legal filings by Plaintiffs at the time the filing fees were paid and prior to the legal existence of Plaintiffs' cases, a judge was fraudulently preassigned, along with a fraudulent case number. No legal judges and no legal case numbers were assigned at the time of the legal filings. Otherwise, there would be 2 case numbers and 2 judges assigned to the same case. Plaintiffs' ten (10) official complaint filings in year-2025 were nullities or void or void ab initio---because of the use of a fraudulent non-payroll alias name in year-2025 --- without authority --- frandulently processing/ filing Plaintiffs' ten (10) official filings --- and because those official filings generated **no judges and no case numbers.** All fraudulent case number assignments and all fraudulent judge assignments are void or void ab initio. Thereby, every downstream **fraudulent non-judicial act** by a fraudulent judge --- without jnrisdiction --- since fraud is a non-judicial act and a judge acting without jurisdiction is a **non-judicial** act --- is **Void or Void Ab Initio** in the same way that a fraudulent chain of title can be traced back to a forged deed. Plaintiffs incorporate by reference in full detail **Section XXXVI, Section XXVI, Section XIX, and PX-63 through PX-87, PX-42 through PX-49, PX-108, and the Second and Third FRE 201 Notices.** As a foundational matter, Plaintiffs note that judicial and quasi-judicial immunity does

**not extend** to acts taken in the clear absence of all jurisdiction --- **Rankin v. Howard, 633 F.2d 844 (9th Cir. 1980)** ---- and that judges --- who do **not have jurisdiction** remain subject to federal liability for obstruction committed through fraudulent acts --- **United States v. Dugan, No. 2:25-cr-00089 (E.D. Wis. 2025).** The novel questions that follow should be read against this foundation ---- as each addresses circumstances in which the absence of jurisdiction and/or the fraudulent obstructive character of the judge's action or inaction --- which is an unofficial act --- removes any and all immunity defenses. Plaintiffs incorporate by reference in full detail **Claims for Relief I through CII (102),** and **Sections XVIII, XIX, XXXVI, XXVI, XXX, XXXII, XXVIII, XXIX, XXXI, XXXV, XXVII, XXXVII, PX-63 through PX-87,** PX-42 through PX-49, PX-108, all 167 Exhibits, and the **First through the Sixteenth FRE 201 Judicial Notices** of judicially **noticed adjudicative facts,** which include approximately **1,044 total adjudicative facts,** including approximately **322 adjudicative facts** supporting **jurisdiction** in the U.S. District Court for the Western District of Washington; **FRE 201 Adjudicative Facts in Judicial NOTICES --- 2 through 8, 10, and 12 --- fully support jurisdiction.** All aforementioned incorporations provide **100% certainty** of fraudulently assigned judges and fraudulently assigned case numbers --- prior to the legal filings by Plaintiffs of all 10 of their year-2025 cases --- with all 10 cases being illegally and fraudulently filed and processed by a fraudulent non-existent/ non-payroll name in year-2025 --- which did **not** generate a legal random judge assignment and which did **not** generate a legal case number assignment --- and thereby provides 100% certainty that Kentucky judges NEVER had jurisdiction and NEVER will have jurisdiction. Plaintiffs assert Rankin v. Howard, 633 F. 2d 844 (9th Circuit 1980) and United States v. Dugan, 2:25-cr-00089 (E.D. Wis. 2025) regarding judges without jurisdiction. **NOTE: Personnel Records use the citation "Enterprise."**

**2631C. Plaintiffs also assert the following verbatim --- where applicable to the following precedents --- The following RICO predicates: 18 U.S.C. §1512: (Generally---or corruptly** or by threats or force, or by any threatening letter or communication, influences, obstructs, or impedes, or endeavors to influence, obstruct, or impede, the due administration of justice) --- **18 USC 1349: (Attempt and conspiracy** --- Any person who attempts or conspires to commit any offense under this chapter shall be subject to the same penalties as those prescribed for the offense, the commission of which was the object of the attempt or conspiracy.) --- **18 USC 1512(b):** (Whoever knowingly uses intimidation, threatens, or corruptly persuades another person, or attempts to do so, or engages in misleading conduct toward another person, with intent to-**(1)** influence, delay, or prevent the testimony of any person in an official proceeding; **(2)** cause or induce any person to-(A) withhold testimony, or withhold a record, document, or other object, from an official proceeding; (B) alter, destroy, mutilate, or conceal an object with intent to impair the object's integrity or availability for use in an official proceeding --- **18 USC 1512(d):** (Whoever intentionally harasses another person and thereby hinders, delays, prevents, or dissuades any person from-**(1)** attending or testifying in an official proceeding) --- **18 USC 1512 (e):** In a prosecution for an offense under this section, it is an affirmative defense, as to which the **defendant has the burden of proof by a preponderance of the evidence,** that the conduct consisted solely of lawful conduct and that the defendant's sole intention was to encourage, induce, or cause the other person to testify truthfully. **(f)** For the purposes of this section- **(1)** an official proceeding need not be pending or about to be instituted at the time of the offense; and **(2)** the testimony, or the record, document, or other object need not be admissible in evidence or free of a claim of privilege. **(h)** There is extraterritorial Federal jurisdiction over an offense under this section. **(i)** for the Western District of WA **(k)** Whoever conspires to commit

any offense under this section shall be **subject to the same penalties as those prescribed for the offense the commission of which was the object of the conspiracy. 18 U.S.C. §1512(c): (Whoever corruptly--(1)** alters, destroys, mutilates, or **conceals a record**, document, or other object, or **attempts to do so**, with the intent to **impair** the **object's integrity or availability for use in an official proceeding** — (2) otherwise **obstructs,** influences, or impedes **any official proceeding, or attempts to do so.) --- 18 U.S.C. §1964(c): (Civil Remedies and threefold the damages.) 18 U.S.C. §1513. Retaliating against a witness, victim--- (b)** Whoever knowingly engages in any conduct and thereby causes bodily injury to another person or damages the tangible property of another person, or threatens to do so, with intent to retaliate against any person for-(1) the attendance of a witness or party at an official proceeding, or any testimony given or any record, document, or other object produced by a witness in an official proceeding; (d) There is extraterritorial Federal jurisdiction over an offense under this section. (f) Whoever conspires to commit any offense under this section shall be subject to the same penalties as those prescribed for the offense the commission of which was the object of the conspiracy. (g) A prosecution under this section may be brought in the district in which the official proceeding (whether pending, about to be instituted, or completed) was intended to be affected, or in which the conduct constituting the alleged offense occurred --- and **18 U.S.C. §1503** for obstruction of the due administration of justice --- **"Influeneing Generally "Omnibus Clause"--Or corruptly, or by threats or force, or by any threatening letter or communication, influences, obstructs, or impedes, or endeavors to influence, obstruct, or impede, the due administration of justice" --- under the Omnibus Clause of 18 U.S.C. § 1503, a Predicate RICO Act under 18 U.S.C. §§ 1961– 1964(c) (Racketeer Influenced and Corrupt Organizations Act), Constituting a predicate offense under 18 U.S.C. § 1961(1)(B), forming part of a pattern of**

**racketeering activity actionable under 18 U.S.C. § 1962(d), and is actionable under 18 U.S.C. § 1964(c) for civil remedies and threefold the damages.**

2631D. Each act of the enterprise's retaliation against Edward Colgate as a reporting fiduciary--- admitted by Defendant in substantive CR 8.04 admissions --- and is an attending party in official proceedings --- constitutes an independent predicate act under 18 U.S.C. §1513(b)(1) — which prohibits conduct causing bodily injury or damage to tangible property or threats thereof with intent to retaliate against any person for attendance at official proceedings or testimony given therein. The enterprise's fraudulent felony accusations constitute threats of bodily confinement through criminal prosecution --- directed at Edward with intent to retaliate for his reporting elder abuse and honoring his mandatory fiduciary activities --- and with his intent to be in attendance at official proceedings. The effective **destruction of 493 pages** of filed motions by certified mail --- constitutes damage to tangible property — specific physical documents — with intent to retaliate against Edward for his continued pursuit of official proceedings. The obstruction of Plaintiffs' recovery of special damages already admitted by Defendant under substantive CR 8.04 legally binding admissions is $540,185.41 --- in admitted financial assets --- constitutes damage to tangible property — including identifiable financial instruments — with intent to retaliate against Edward for his reporting activities. Venue in the Western District of Washington for all §1513(b)(1) claims is established from three simultaneous and independent bases. First --- under 18 U.S.C. §1512(i) — the official proceedings intended to be affected include this federal complaint in the Western District of Washington — where Plaintiffs specifically warned the enterprise in many documented communications --- escalating to --- when Plaintiffs formally noticed judges (without jurisdiction) and court employees to be named as a defendant in the Western District of WA federal conrt --- citing that Plaintiffs were being targeted in WDWA —

making the enterprise's continued misconduct after receiving those warnings --- deliberate targeting of this district's proceedings specifically. Second -- under Calder v. Jones — 465 U.S. 783 (1984) and Dole Food Co. v. Watts --- 303 F.3d 1104 (9th Cir. 2002) — the enterprise's continued retaliatory misconduct after receiving documented written notice that a Washington plaintiff intended to file in the Western District of Washington --- establishes intentional aiming of the retaliation at the Washington forum with actual knowledge of the Washington connection — satisfying all three Calder elements from the enterprise's own documented response to Plaintiffs' warnings. Third — under 18 U.S.C. §1513(d)'s a fortiori extension — if Congress extended §1513 jurisdiction beyond United States borders --- it necessarily extended it across state lines to the district where the retaliatory misconduct was targeted and its effects were experienced — which is the Western District of Washington where Edward resides and where the enterprise's retaliation was directed after receiving documented notice of upcoming Washington federal filings.

2631E. Section 1512(f)(1) provides that for purposes of 18 U.S.C. §1512 --- an official proceeding need not be pending or about to be instituted at the time of the offense — making §1512(b)(1) applicable from the moment an official proceeding becomes reasonably foreseeable. Plaintiffs provided documented written notice to each judge — court employee --- and private actor identified herein --- for each to be a future federal defendant — specifically notifying each individual that they would be named as a separate defendant in their individual capacity --- in a federal complaint/lawsuit in the Western District of Washington ---- establishing that official federal proceedings were reasonably foreseeable to each individual --- from the date of that documented notification. Each subsequent act of intimidation — misleading conduct — and deliberate and intentional maintenance of fraudulent felony accusations in official government

records --- after receiving Plaintiffs' documented written notification --- constitutes a separate and independent 18 U.S.C. §1512(b)(1) violation — because continuing to maintain intimidating official conduct --- after receiving written notice that such conduct targets a participant in reasonably foreseeable federal proceedings --- demonstrates §1512(b)(1) intent from the individual's own post-notification deliberate choice.

2631F. No additional notice --- beyond the documented written notifications already given --- and the filing of this federal complaint --- is required for §1512(b)(1) to apply to all subsequent conduct by all notified individuals --- because the filing of this complaint establishes the official proceeding as pending under §1515(a)(1) — making §1512(b)(1) applicable without further notice from the date of filing forward — and because each individual's prior documented notification established reasonable foreseeability of this proceeding from the notification date — creating continuous uninterrupted §1512(b)(1) coverage from the earliest notification date through judgment.

2631G. Plaintiffs do not expect and do not require rescission of the fraudulent orders as a condition of establishing §1512(b)(1) liability — because deliberate non-rescission of fraudulent felony accusations --- after receiving documented written notice of their fraudulent character --- and their use as intimidation of a federal court participant --- constitutes even stronger evidence of §1512(b)(1) intent --- and deliberate maintenance after documented notice --- can only be characterized as intentional continuation of the intimidating conduct --- with actual knowledge of its character and effect. Each day of each deliberate non-rescission after documented notice --- therefore **constitutes** a continuing and compounding violation each day --- and an independently intentional §1512(b)(1) violation each day --- established from the individual's own post-

notification deliberate conduct — making the §1512(b)(1) intent element established from their own actions.

2631H. Plaintiffs assert that 18 U.S.C. §1513 applies to the obstruction of Plaintiffs' recovery in the same manner and through the same documented framework as 18 U.S.C. §1512 — because §1513's prohibition on retaliation against any person for attending or testifying in an official proceeding --- providing information relating to the commission of federal offenses —— including but not limited to --- Edward Colgate's activities as a reporting fiduciary --- and elder abuse reporter --- pursuing recovery of Doris Colgate's defrauded assets — which activities constitute both attendance at and participation in official proceedings within the meaning of §1515(a)(1) once this federal complaint is filed and pending — and which activities constitute providing information relating to the commission of federal offenses --- including but not limited to --- wire fraud under §1343 — laundering of monetary instruments under §1956 — and obstruction under §1503 — making every act of the enterprise that is designed to obstruct Plaintiffs' recovery --- simultaneously a §1512 obstruction of an official proceeding and a §1513 retaliation against a participant in an official proceeding — with each act constituting independent predicate acts under both statutes---simultaneously compounding each day from the earliest notification date through judgment --- in the same manner and through the same documented framework as the §1512 predicate act count established herein — with all §1513 predicate acts independently qualifying as racketeering activity under 18 U.S.C. §1961(1)(B) and independently supporting the pattern of racketeering activity under 18 U.S.C. §1961(5) — and with all §1512 violations and with all §1513 violations --- independently actionable as civil rights deprivations under 42 U.S.C. §1983 and §1985(2)-(3) simultaneously. Plaintiffs assert and incorporate by reference in full as though fully set forth herein --- the following regarding the

**broad definition of an associated-in-fact enterprise --- in support of Plaintiffs' RICO Claims for Relief and in support of other references to RICO predicates: Odom v. Microsoft Corp., 486 F. 3d 541 - Court of Appeals, 9th Circuit 2007 and United States v. Turkette, 452 US 576 - Supreme Court 1981 in Section XX.**

2631I. Upon the filing of this federal complaint in the United States District Court for the Western District of Washington — this action constitutes an official proceeding under 18 U.S.C. §1515(a)(1) as a proceeding before a judge or court of the United States. From the date of Plaintiff's previous notifications --- as addressed in the aforementioned 2631 paragraphs --- through the present — each and every day that the fraudulent felony accusations entered by judges (without jurisdiction) in Kentucky state court orders --- remain uncorrected --- in official Kentucky government records --- constitutes a separate and independent daily violation of 18 U.S.C. §1512(b)(1) — as continuing intimidation of a participant in this federal official proceeding with intent to influence — delay — or prevent his effective prosecution of this action — and 18 U.S.C. §1512(d)(1) — as continuing harassment hindering and dissuading a participant from attending and prosecuting this official proceeding — and 18 U.S.C. §1513(b)(1) — as a continuing threat of bodily confinement and as a continuing threat of obstruction of recovery of tangible property --- constituting retaliation against Edward Colgate for his attendance at and prosecution of this federal official proceeding. Each day of continued uncorrected fraudulent felony accusations constitutes a separate and independent predicate act under each of the four provisions — making the total §1512 and §1513 predicate act count equal to the number of days from the date of the aforementioned cited notices through the date of judgment --- multiplied by simultaneous independent daily violations — establishing a

continuously growing pattern of racketeering activity under 18 U.S.C. §1961(5) that compounds daily --- until the fraudulent accusations are removed from official records.

2631J. Court employees fraudulently attempted to deceive Plaintiff through phone and internet phone interstate communications --- audio recorded and transcribed — constituting independent predicate acts of wire fraud under 18 U.S.C. §1343 --- through the use of interstate electronic communications in furtherance of the scheme to maintain a false impression regarding the fraudulent Kentucky proceedings --- where NO judges had jurisdiction --- to discourage Edward from pursuing federal proceedings. Plaintiffs have documented electronic communications notifying judges (without jurisdiction) and court employees that Plaintiffs were being targeted in Washington State — establishing that all enterprise members had actual documented notice --- that the fraudulent effects were felt in Washington State by Plaintiffs --- and notice of the intended federal proceedings in this Court — making every subsequent act of obstruction and retaliation a deliberate and knowing targeting of a Washington plaintiff --- in furtherance of the enterprise's pattern of racketeering activity directed at this WA district specifically --- satisfying all three elements of Calder v. Jones — 465 U.S. 783 (1984) and Dole Food Co. v. Watts — 303 F.3d 1104(9th Cir. 2002)-from the enterprise's own documented knowledge and **post**-notification conduct simultaneously. Payroll fraud facially supports motive for RICO predicate acts. Plaintiffs incorporate by reference in full detail Section XIX and Section XXIX.

2631K. All aforementioned constitute RICO predicate acts under 18 U.S.C. §1512(c)(1)(2) — §1512(e) — §1512(k) — §1513 — §1343 — §1349 --- and §1503 — and constitute civil rights violations under 42 U.S.C. §1983 and 42 U.S.C. §1985(2)-(3) — each independently sufficient and all simultaneously operative — making the total predicate act count from daily violations alone a continuously compounding number that grows each day the fraudulent felony

accusations remain uncorrected in official Kentucky government records --- and grows each day that the enterprise's attempted obstruction of this official federal proceeding continues.

2631L. Plaintiffs incorporate by reference in full detail paragraphs 2631A through 2631M regarding legal authority application --- as though fully set forth herein. Plaintiffs reassert and restate that any and all targeting of Plaintiff in Washington State --- also targets the Elder Abuse Plaintiff's assets by obstruction/deprivation of recovery--regarding the **defrauded assets of the elder abuse victim).** Plaintiffs restate and reassert that all violations cited in all precedents, including but not limited to RICO predicate acts --- **unjustly benefitted the defendant.**

2631M. **Plaintiffs assert the following subsections/numbers as cited as Precedent 1 --- and continuing as Precedent 2, 3, et cetera --- as all under paragraph** 2631M.

**PRECEDENT 1 — Fraudulent Initial Processing, Filing, and Commencement of Complaints By Using a Fraudulent Non-Payroll Alias Name And By Using a Fraudulent Unauthorized Name --- Without Payroll Authority --- During the Relevant Filing Time Period --- in Plaintiffs' 10 Year-2025 Civil Complaints/ Cases --- NOT Generating a Case Number and NOT Generating a Random Judge at the Initial Processing Time or After the Initial Processing Time --- Generating Void Pre-Commencement Assignments --- Voids Processing, Voids Commencement, and Voids Filing Ab Initio --- RICO Predicate Acts First Impression** — No federal circuit has addressed whether a non-existent/ non-payroll name or a non-existent/ non-payroll alias --- without payroll authority and without authorization --- fraudulently processing initial legal court filings --- voids case processing, case filing, and case commencement ab initio --- since said processing did **not generate a case number --- and did not generate** a randomly assigned judge. This has been established from Personnel Cabinet

KHRIS payroll records --- whose accuracy cannot reasonably be questioned---and **voids all** processing, filing, and commencement ab initio.

**Requested Holding** — A case/complaint processed, filed, and commenced **by Using a Fraudulent Non-Payroll Alias Name And By Using a Fraudulent Unauthorized Non-Payroll Name --- without** payroll authority --- during the relevant filing time period --- is **Void Ab Initio** immediately upon attempted processing, filing, commencement --- as a forged deed does not transfer title --- regardless of recording --- and a **case initiated without payroll authority ---** and **without a case number assignment and without a judge assignment being generated --- confers no jurisdiction** --- regardless of recording in the case management system. This has been established from Personnel Cabinet KHRIS payroll records --- whose accuracy cannot reasonably be questioned---and voids all processing, filing, and commencement ab initio. Plaintiffs incorporate by reference in full detail paragraphs 2631A through 2631M regarding legal authority application cited herein. Court employees have fraudulently attempted to deceive Plaintiff through phone and internet phone interstate communications --- audio recorded and transcribed. Plaintiff asserts many documented electronic communications notifying judges and court employees that Plaintiff was being targeted in Washington State. All aforementioned also constitute **RICO Predicate acts under** 18 U.S.C. §1512(c)(1)(2)-(c)-(k)-- §1513--§1343--§1349--§1503--§1961 through 1964(c) and civil rights violations under 42 U.S.C. §1983 and 42 U.S.C. §1985(2)-(3). Plaintiffs incorporate by reference in full detail all aforementioned — as though fully set forth herein. (Plaintiffs incorporate by reference in full detail --- PX-63 through PX-87 --- regarding fraudulent judge assignments and fraudulent case number assignments --- prior to the existence of Plaintiffs' 10 cases filed in year-2025. Refer to PX-108 --- regarding the Samantha aliases.)

**PRECEDENT 2 — Fraudulent Pre-Commencement Judge Assignments and Fraudulent Pre-Commencement Case Number Assignments --- Voids Judge Jurisdiction --- and Voids Said Case Numbers --- Including the Fraudulent Judge Assignments and Fraudulent Case Number Assignments --- Fraudulently using a non-payroll alias name---without authority-- which also Voids said judges (without jurisdiction) and Voids said case numbers --- RICO Predicate acts**

**First Impression** — No federal circuit has addressed whether a fraudulently pre-assigned case number assignment and fraudulently pre-assigned judge assignment --- voids jurisdiction automatically from the assignment's first moment, since it is, by law, mandatory that a valid case number and a valid judge assignment also be assigned at the time of legal commencement, which **would then generate 2 judges and 2 case numbers for the same case.**

**Requested Holding — A judge assignment fraudulently executed before a case legally exists --- cannot confer jurisdiction — and the judge assignment is void ab initio. A case number assignment fraudulently executed before a case legally exists --- is void ab initio.** and is a document without authority, regardless of its official appearance. Fraudulent judge assignments and fraudulent case number assignments --- **fraudulently using a non-payroll alias name --- without authority --- also Voids said judges (without jurisdiction) and Voids said case numbers.** Plaintiffs incorporate by reference in full detail paragraphs 2631A through 2631M regarding legal authority application cited herein. Court employees have fraudulently attempted to deceive Plaintiff through phone and internet phone interstate communications --- audio recorded and transcribed. Plaintiff asserts many documented electronic communications notifying judges and court employees that Plaintiff was being targeted in Washington State. All aforementioned also constitute **RICO Predicate acts under** 18 U.S.C. §1512(c)(1)(2)-(e)-(k)--

§1513--§1343--§1349--§1503--§1961 through 1964(c) and civil rights violations under 42 U.S.C. §1983 and 42 U.S.C. §1985(2)-(3). Plaintiffs incorporate by reference in full detail all aforementioned — as though fully set forth herein. A **stranger** who writes a random name on a case file does not execute anything. (Plaintiffs incorporate by reference in full detail --- PX-63 through PX-81--- regarding fraudulent judge assignments and fraudulent case assignments --- prior to the existence of Plaintiffs' 10 cases filed in year-2025. Refer to PX-108 --- regarding the Samantha aliases.)

**PRECEDENT 3 — Reductio Ad Absurdum: Jefferson Circuit Court's (KY) Fraudulent Pre- Commencement Assignment Practice --- Regarding Pro Se Plaintiffs --- Necessarily Produces Either Zero Valid Case Number Assignments and Zero Valid Judge Assignments --- or Requires a Second Case Number and Second Judge Assignment at Commencement — Neither of Which Occurred — Establishing Total Assignment Voidness and Nullity From Inception --- RICO Predicate acts**

**Whether** a court system's documented practice of fraudulently generating case number assignments and fraudulently generating judge assignments before payment of the filing fee --- regarding pro se plaintiffs --- which is the legally operative moment of commencement under CR 3.02(1) — when combined with the legal requirement that a valid case number and a valid judge assignment must be generated at the moment of legal commencement --- produces one of only two possible legal outcomes, both of which establish total assignment **nullity: either (a)** the fraudulent pre-commencement assignment **is void as attaching to a non-existent case** ----and **no subsequent** valid assignment was ever generated at or after commencement — leaving the case with **zero valid assignments** from inception to present **or (b)** compliance with law would have required the court to generate a second case number and second judge assignment at

the moment of commencement **producing two case numbers and two judges** for the same case --- which the court's own records confirm --- did not occur in any of Plaintiffs' 10 year-2025 cases.

**The Precise Logical Demonstration:**

**Step one** --- CR 3.02(1) and Supervisor Henley's own confirmation on Audio 25-Section XXVII or USB drive --- establish that a civil action commences at the moment the filing fee is paid.

**Step two** — basic principles of judicial assignment require that an assignment can only attach to a case that legally exists — an assignment generated before a case exists is an assignment to nothing — a legal nullity from its first moment — as established in the prior **Third FRE 201 Notice and Section XXVI** --- regarding the 100% probability of fraudulent case number assignments and fraudulent judge assignments.

**Step three** --- in all 10 year-2025 cases — official court timestamps establish that case numbers and judge assignments were generated before the filing fee payment timestamp — meaning before legal commencement.

**Step four** — under step two — these pre-commencement assignments are void ab initio.

**Step five** — the necessary legal consequence of step four is that Jefferson Circuit Court was required to generate a new — valid — case number and judge assignment at the moment each filing fee was paid — because that is the moment each case legally came into existence and assignment is mandatory at that moment.

**Step six** — Jefferson Circuit Court's own records show no second case number and no second judge assignment generated at or after any of the 10 payment timestamps. Only one case number and one judge assignment exists per case — and that single assignment **predates** commencement and is therefore void under step four.

**Step seven** — the necessary conclusion is that all 10 year-2025 cases have existed from their legal commencement to the present moment with **zero valid case numbers and zero valid judge assignments** — not one void assignment replaced by a valid one — but a complete absence of any valid assignment ever having been generated.

**The Absurdity Made Explicit:** For Jefferson Circuit Court's practice to have complied with law — each of the 10 cases would necessarily bear two case numbers and two judge assignments — the first (void) fraudulent pre-commencement assignment that the court actually generated — and a second (valid) assignment that the court was legally required to generate at commencement, but never did. The absence of this second assignment in every single one of 10 cases — confirmed from the court's own records — is the necessary and inevitable result of a fraudulent institutional practice that generates assignments before cases exist, and never revisits them at the legally operative moment of commencement. The court's practice — applied consistently across all 10 cases with zero exceptions — produces by mathematical necessity --- **either total assignment nullity or the absurd result of duplicate assignments per case.** Since duplicate assignments do not exist in any of the 10 cases — **total assignment nullity is the only remaining outcome.**

**Why First Impression** — No federal circuit has addressed whether a court system's consistent practice of fraudulently generating judge assignments and fraudulently generating case number assignments --- before the legally operative moment of case commencement --- combined with the legal requirement that assignments are to occur at commencement — produces a **reductio ad absurdum** --- demonstrating **total assignment nullity across an entire category of cases** — because the court's practice would otherwise require duplicate assignments that demonstrably do not exist. This is distinct from and goes beyond the mathematical impossibility argument in

Precedent 6 --- and is also distinct and goes beyond the 100% probability of fraudulent judge assignments and fraudulent case number assignments — which establish that said existing assignments are **void.** This precedent establishes the further and more sweeping conclusion that **no valid judge and no valid case number assignments have ever existed for these cases at any point** — because the court's own practice, applied to its logical conclusion, **never generates** the legally required assignments at commencement.

**Requested Holding** — When a court system's documented practice fraudulently generates case numbers and fraudulently generates judge assignments --- **exclusively before the legally operative moment of case commencement** — and the court's records confirm no second assignment was generated at or after commencement --- in **any case following that practice — the cases possess zero valid case numbers and zero valid judge assignments from inception to the present as a matter of law and logical necessity. All proceedings in such cases are void ab initio based on illegal or fraudulent jurisdictional assignments and based on illegal or fraudulent case number assignments,** and this conclusion follows from the court's own documented practice --- without requiring any finding of subjective intent or individual fraud. Plaintiffs incorporate by reference in full detail paragraphs 2631A through 2631M regarding legal authority application cited herein. Court employees have fraudulently attempted to deceive Plaintiff through phone and internet phone interstate communications --- audio recorded and transcribed. Plaintiff asserts many documented electronic communications notifying judges and court employees that Plaintiff was being targeted in Washington State. All aforementioned also constitute **RICO Predicate acts under** 18 U.S.C. §1512(c)(1)(2)-(e)-(k)-- §1513--§1343-- §1349--§1503--§1961 through 1964(c) and civil rights violations under 42 U.S.C. §1983 and 42 U.S.C. §1985(2)-(3). Plaintiffs incorporate by reference in full detail all aforementioned — as

though fully set forth berein. (Plaintiffs incorporate by reference in full detail --- PX-63 through PX-87 --- regarding fraudulent judge assignments and fraudulent case number assignments --- prior to the existence of Plaintiffs' 10 cases filed in year-2025. Refer to PX-108 --- regarding the Samantha aliases.)

**PRECEDENT 4 — Fraudulent Two-Tier Judge Assignment System --- Excluding Pro Se Plaintiffs From eFiling --- Which Excludes Random Assignment Protection --- And is a Structural Equal Protection Violation --- RICO Predicate acts**

**Whether** a court system that provides algorithmic random judge assignment through an eFiling system to attorney-filed cases at the moment of electronic filing — while denying that same algorithmic random assignment protection to pro se plaintiffs --- whose cases are **filed via credit card over the phone** --- outside the eFiling system --- with Pro Plaintiffs filings never being scanned and uploaded --- and therefore subject only to manual assignment — constitutes a structural denial of equal protection under the Fourteenth Amendment, 42 U.S.C. §1983, and 42 U.S.C. §1985 — because pro se plaintiffs are systematically excluded from the random assignment protection that the eFiling system provides to represented parties — creating institutionally guaranteed assignment manipulation opportunities that exist exclusively against pro se cases --- and cannot exist for attorney-filed eFiling cases.

**Why First Impression** — No federal or state court has addressed whether a two-tier judge assignment system — algorithmic random assignment for attorney-filed eFiling cases --- and manual assignment for pro se phone-filed cases via a credit card --- after the court receives said cases — constitutes a structural equal protection violation in judicial assignments. Courts have addressed random assignment requirements generally — and have addressed pro se access issues generally — but no court has addressed the intersection of these two doctrines in the context of a

filing system --- that structurally excludes pro se plaintiffs from the random assignment protection that is available to represented parties. The Supervisor's own confirmation on **Audio 25--Section XXVII** --- that pro se cases do not go into the eFiling system and are never scanned and never uploaded— combined with the documented fraudulent pre-assignment of case numbers and fraudulent pre-assignment of judges (without jurisdiction) before payment and legal commencement in all 10 year-2025 cases — establishes this structural exclusion from official records. Refer to **CR 3.01 and 3.02** for legal commencement.

**Requested Holding — A court filing system** that provides algorithmic random assignment protection through eFiling to attorney-filed cases --- **while fraudulently excluding pro se plaintiffs** from that protection through a separate manual assignment process --- **constitutes a structural equal protection violation — because the random assignment of judges is a constitutional due process protection that cannot be systematically denied to pro se plaintiffs --- based on their filing method or represented status — and all assignments produced through the manual system --- from which pro se plaintiffs cannot access the algorithmic random assignment protection --- are void ab initio as structurally discriminatory assignments.** Plaintiffs incorporate by reference in full detail paragraphs 2631A through 2631M regarding legal authority application cited herein. Court employees have fraudulently attempted to deceive Plaintiff through phone and internet phone interstate communications --- audio recorded and transcribed. Plaintiff asserts many documented electronic communications notifying judges and court employees that Plaintiff was being targeted in Washington State. All aforementioned also constitute **RICO Predicate acts under** 18 U.S.C. §1512(c)(1)(2)-(e)-(k)-- §1513--§1343--§1349--§1503--§1961 through 1964(c) and civil

rights violations under 42 U.S.C. §1983 and 42 U.S.C. §1985(2)-(3). Plaintiffs incorporate by reference in full detail all aforementioned --- as though fully set forth herein.

**PRECEDENT 5 — Fraudulent Structural Five-Tier Deprivation System Excluding Pro Se Plaintiffs From KYeCourts eFiling and Full CourtNet 2.0 Access --- While Providing Attorneys Complete Instantaneous Document Access — Creating Near-Total Information Blackout to Pro Se Plaintiffs — Mathematical Deadline Impossibility — Electronic Backup Denial / Deprivation — Fraudulent Electronic Service Denial/ Deprivation — and Invisible Filing Mechanism — as Structural Equal Protection Violations Under the Fourteenth Amendment, 42 U.S.C. §1983, and 42 U.S.C. §1985 --- RICO Predicate acts**

**The Precise System Architecture:** The Kentucky court system operates through two interconnected electronic systems whose combined function creates the structural deprivation. First — KYeCourts — the eFiling system accessible only to attorneys who have completed training and certification — through which all attorney documents are electronically filed — automatically docketed — and electronically served on all registered eFiler parties instantaneously at the moment of entry. Second — CourtNet 2.0 --- a separate system requiring separate login credentials — through which authorized users, including registered eFilers, can view all electronically filed documents and scanned/uploaded images instantaneously at any time of day. The official Kentucky courts help documentation confirms that the two systems are different — separate account login information is required to access either system.

Pro se plaintiffs cannot access KYeCourts because they cannot become certified eFilers. Pro se plaintiffs' filings are never scanned and never uploaded — confirmed by Jefferson Circuit Court's Chief Deputy McCoy on Audio 31-Section XXVII -- meaning pro se filings do not appear in CourtNet 2.0 regardless of who searches for them. As a result --- a pro se plaintiff accessing

CourtNet 2.0 in their own case can see only that a case exists — but cannot see any document — any order --- any motion -- any content filed by any party, including attorneys and judges (without jurisdiction) — in their own cases. An attorney accessing CourtNet 2.0 in the same case sees every document instantaneously.

**Whether** this structural two-tier electronic access system creates five simultaneous compounding constitutional deprivations — each independently actionable --- and collectively creating a structural equal protection violation greater than any individual deprivation.

**Deprivation 1 — Near-Total Information Blackout Creating Mathematical Deadline Impossibility:** Attorneys see every document in every case instantaneously through CourtNet 2.0 — orders — motions — responses — everything — at the moment of entry. Pro se plaintiffs see only case existence — no document content — making them functionally blind to every order entered against them until open records responses arrive weeks later. Because every response deadline — appeal deadline — and motion deadline runs from the date of the order — and open records responses arrive after every deadline has expired --- the information blackout operates as a deadline elimination mechanism with mathematical precision. A pro se plaintiff cannot know what any order says until weeks after it was entered — making every deadline mathematically impossible to meet — not because the plaintiff failed to act but because the structural information blackout made timely action impossible from the moment the order was entered.

**Deprivation 2 — Electronic Service Denied to Pro Se Plaintiffs:** The Kentucky Supreme Court's own amended order confirms that electronic service through the eFiling system will not be made on parties associated with the case who are not registered eFilers. Attorneys receive instantaneous electronic service of every order at the moment of entry. Pro se plaintiffs receive

no electronic service — and when judges (without jurisdiction) cite electronic notice of entry as their method of service — as documented throughout Plaintiffs' 11 cases — pro se plaintiffs receive no service at all through any method — confirmed across all 11 cases from three supervisors on authenticated audio, including Henley --- on Audio 26, confirming that no proof of time and manner exists in any of the 11 cases --- and Williams --- on Audio 27 confirming the same.

**Deprivation 3 — No Electronic Backup of Pro Se Filings — Physical Destruction Complete and Unrecoverable:** Because pro se filings are never scanned and never uploaded — they exist only as physical documents, if they still exist at all. When those physical documents disappear --- as documented in **PX-100, PX-104,** and **PX-106** --- where **238 pages** of officially received motions disappeared entirely — no electronic record of those filings exists anywhere in the court system. Attorney filings — always in the eFiling system — cannot disappear without leaving an electronic trace. Pro se filings — never in any electronic system — can disappear completely with no trace. The systematic physical destruction of pro se filings documented throughout this complaint is made possible exclusively by the systematic exclusion of those filings from any electronic system — because if they were in the electronic system, their destruction would create an electronic discrepancy, detectable from the audit log.

**Deprivation 4 — Automatic Docketing Denied to Pro Se Plaintiffs:** Attorney filings through the eFiling system are automatically and instantaneously docketed in the case history. Pro se filings — never in the eFiling system and never scanned/uploaded — are not automatically docketed. Henley confirmed on Audio 36-Section XXVII and USB drive --- that she refused to add motions to the docket in Plaintiffs' cases — I am not adding anything to these cases — and Williams confirmed on Audio 27-Section XXVII and USB drive --- that motions are supposed to

be cited in the docket, but were not. The result is an official case history that systematically misrepresents the nature of pro se plaintiffs' filings — showing tendered documents rather than motions — making the official record of pro se court participation incomplete and misleading --- while attorney filings appear completely and accurately.

**Deprivation 5 — Hybrid Case Invisible Filing Mechanism:**

Case 21-CI-001314 — originally filed by an attorney in 2021 — entered the eFiling system at filing and appears in CourtNet 2.0 as an existing case. However, subsequent pro se filings within that case after the attorney withdrew --- without notice to Plaintiffs --- were never scanned and never uploaded — making those specific pro se filings invisible in CourtNet 2.0. Even the case number was withdrawn from CourtNet 2.0 in said case --- when said case still existed according to Henley and Williams --- with them attempting to say, that they, as supervisors in the Court Clerk's Office, do not have anything to do with whether or not --- pro se plaintiffs' case appear in said system. This hybrid case documents the precise mechanism — that what determines whether filings are accessible — it is whether the specific filing was scanned and uploaded. Jefferson Circuit Court's systematic refusal to scan and upload pro se filings applies to all pro se filings in all cases — making pro se filings invisible --- even in cases that otherwise exist in the system — creating a situation in which a pro se plaintiff can confirm if their case exists in the system --- while being completely unable to see any filing that they, or anyone else, have made in that case.

**The Compounding Effect — Why Five Simultaneous Structural Disadvantages Create a Constitutional Violation Greater Than Any Single Disadvantage:** The five deprivations interact to eliminate every available check on institutional fraud --- specifically for pro se plaintiffs. An attorney whose filing disappears has the electronic record. An attorney who misses

an order receives it electronically. An attorney whose motion is not docketed sees it in CourtNet 2.0. An attorney who suspects assignment manipulation sees the eFiling algorithm's timestamp. A pro se plaintiff, subjected to all five simultaneous exclusions, has none of these checks --- making institutional fraud documentarily undetectable and practically irreversible — which is precisely what the documented destroyed motions --- missing case file folders — systematic non-service of orders — invisible filings in CourtNet 2.0 — and fraudulent pre-assignment of judges (without jurisdiction) prior to the legal existence of said cases --- across all 10 year-2025 cases --- demonstrate in practice.

**McCoy's Confirmation — Deliberate and Intentional Institutional Choice:** McCoy's confirmed admission --- on Audio 31 --- that Jefferson Circuit Court refuses to scan and upload pro se plaintiffs' court filings --- and that she cannot explain why — establishes that the practice is a deliberately chosen institutional policy rather than a technical limitation - because every other Kentucky court manages to scan and upload court filings. Plaintiffs reserve the question of whether this practice extends to other Kentucky courts, pending further discovery - as that broader question does not affect the constitutional violations documented here, which arise from Jefferson Circuit Court's own confirmed institutional misconduct. The fact that Jefferson Circuit Court chose this practice when other courts did not — confirmed by the institution's own Chief Deputy — establishes the discriminatory intent element of the equal protection violation from the institution's own admission.

**Why First Impression** --- No federal or state court has addressed whether a court system's simultaneous exclusion of pro se plaintiffs from an official electronic filing system --- exclusion from an official electronic viewing system — exclusion from automatic electronic service — exclusion from automatic docketing - and exclusion from electronic backup --- while providing

all five protections to represented parties through the same court system — constitutes structural equal protection violations independently actionable under 42 U.S.C. §1983 and 42 U.S.C. §1985. Each individual deprivation may have been addressed in isolation by various courts — but the compounding interaction of five simultaneous structural exclusions --- eliminating every available check on institutional fraud --- has never been addressed --- particularly in the specific context of a court system --- where the structural exclusions are confirmed by the institution's own employees on authenticated audio recordings.

**Requested Holding — A state court system that simultaneously fraudulently excludes pro se plaintiffs from all five electronic system protections — fraudulently excludes from instantaneous document access — fraudulently excludes from electronic service of orders — fraudulently excludes from electronic backup of filings — fraudulently excludes from automatic docketing — and fraudulently excludes from algorithmic random assignment — while providing all five protections to represented parties through the same court system — violates the Equal Protection Clause of the Fourteenth Amendment, violates 42 U.S.C. §1983, and violates 42 U.S.C. §1985.** The structural exclusions create five simultaneous compounding disadvantages that collectively make institutional fraud against pro se plaintiffs documentarily undetectable — physically irreversible — and deadline-impossible to challenge — and all orders entered in proceedings operating under these five simultaneous structural deprivations against pro se plaintiffs --- are presumptively void as products of constitutionally infirm proceedings particularly when the institution's own Chief Deputy confirms the practice as a deliberate institutional choice that no other Kentucky court has made. Plaintiffs incorporate by reference in full detail paragraphs 2631A through 2631M regarding legal authority application cited herein. Court employees have fraudulently attempted to deceive Plaintiff through phone

and internet phone interstate communications --- audio recorded and transcribed. Plaintiff asserts many documented electronic communications notifying judges and court employees that Plaintiff was being targeted in Washington State. All aforementioned also constitute **RICO Predicate acts under** 18 U.S.C. §1512(c)(1)(2)-(c)-(k)-- §1513--§1343--§1349--§1503--§1961 through 1964(c) and civil rights violations under 42 U.S.C. §1983 and 42 U.S.C. §1985(2)-(3). Plaintiffs incorporate by reference in full detail all aforementioned — as though fully set forth herein. (Plaintiffs also incorporate by reference in full detail PX-153, PX-154, PX-49, PX-78 through PX-81, PX-97 Through PX-107, PX-158, PX-159---Destruction of Records.)

**PRECEDENT 6 — Mathematical Impossibility of 35-Second Multi-Case Processing as Prima Facie Evidence of Predetermined Manual Batch Assignment — Burden Shifting to Court System to Produce Assignment Audit Log --- RICO Predicate acts**

**Whether** timestamp evidence showing that three separately mailed and individually distinct cases --- cases 25-CI-001567 — 25-CI-001568 — and 25-CI-001569 — were manually assigned to judges (without jurisdiction) within 35 seconds of each other — at 3:46:23 PM --- 3:46:38 PM --- and 3:46:58 PM on March 3, 2025 — constitutes prima facie evidence of predetermined manual batch assignment — because no human operator can physically process three separately mailed and individually distinct cases --- requiring individual data entry --- within 35 seconds — making the timestamps mathematical proof of batch predetermined assignment rather than individual legitimate processing and whether that prima facie evidence shifts the burden of production to the Jefferson Circuit Court system to produce the complete CourtNet assignment audit log demonstrating the legitimate basis for each assignment --- since it can be days before pro se plaintiffs cases show up in the general public CourtNet system (not the eFiling system) --- where the general public can at least see if a case exists, or not.

**Why First Impression** -- No federal or state court has addressed whether timestamp evidence showing physically impossible multi-case processing speed constitutes prima facie evidence of predetermined batch assignment shifting the burden of production to the court system. Standard fraud analysis addresses whether an assignment was random --- not whether the processing speed itself is mathematical proof of predetermined batch processing --- independent of which judges (without jurisdiction) were assigned. The mathematical impossibility argument operates entirely independently of which judges (without jurisdiction) were assigned --- making it a categorically distinct proof mechanism from all prior assignment fraud analysis.

**Requested Holding — Timestamp evidence showing three separately mailed and individually distinct cases --- assigned within 35 seconds --- constitutes facial and prima facie evidence of fraudulently predetermined manual batch assignment --- and the frandulent systematic manual override becomes conclusive based on mathematical impossibility — making all assignments in all affected cases --- void ab initio from the mathematical impossibility alone.** Plaintiffs incorporate by reference in full detail paragraphs 2631A through 2631M regarding legal authority application cited herein. Court employees have fraudulently attempted to deceive Plaintiff through phone and internet phone interstate communications --- audio recorded and transcribed. Plaintiff asserts many documented electronic communications notifying judges and court employees that Plaintiff was being targeted in Washington State. All aforementioned also constitute **RICO Predicate acts under** 18 U.S.C. §1512(c)(1)(2)-(c)-(k)-- §1513--§1343--§1349--§1503--§1961 through 1964(c) and civil rights violations under 42 U.S.C. §1983 and 42 U.S.C. §1985(2)-(3). Plaintiffs incorporate by reference in full detail all aforementioned as though fully set forth herein.

**PRECEDENT 7 — Alias Identity Fraud and Payroll Fraud as RICO Predicate Acts.**

**First Impression** --- No federal circuit has addressed alias identity fraud and payroll fraud within a state court system as a RICO predicate act --- **Whether** state court personnel --- operating under aliases --- with no payroll authority ---- a non-existent/ non-payroll name **(Samantha Sims)** --- at the time of filing --- according to official personnel records --- fraudulently processing case filings that generate **no judge and no case** number --- and who execute fraudulent judge assignments and fraudulent case number assignments --- prior to the legal existence of cases **(Samantha Fogel)** ---- a non-existent-----non-payroll name at the time of said assignments --- constitute participation in a RICO enterprise. Court employees have fraudulently attempted to deceive Plaintiff over the phone via interstate communications. All aforementioned also constitute **RICO Predicate acts under 18 U.S.C. §1512(c)(1)(2)-(c)-(k)-- §1513--§1343-- §1349-- §1503**--§1961 through 1964(c).

**Requested Holding** --- Fraudulently processing court filings and fraudulently executing judge assignments under aliases --- with no payroll authority --- **constitute Alias Identity Fraud and Payroll Fraud as RICO Predicate Acts.** Plaintiffs incorporate by reference in full detail paragraphs 2631A through 2631M regarding legal authority application cited herein. Court employees have fraudulently attempted to deceive Plaintiff through phone and internet phone interstate communications --- audio recorded and transcribed. Plaintiff asserts many documented electronic communications notifying judges and court employees that Plaintiff was being targeted in Washington State. All aforementioned also constitute **RICO Predicate acts under** 18 U.S.C. §1512(c)(1)(2)-(c)-(k)-- §1513--§1343--§1349--§1503--§1961 through 1964(c) and civil rights violations under 42 U.S.C. §1983 and 42 U.S.C. §1985(2)-(3). Plaintiffs incorporate by reference in full detail all aforementioned — as though fully set forth herein. Plaintiffs also assert that this constitutes violations of KRS 519.060, KRS 522.020, KRS 524.100 — and each

aforementioned act is attributable to the enterprise --- whose institutional structure enabled the fraudulent alias operation.

**PRECEDENT 8 — Kougasian—Rankin v. Howard — United States v. Dugan Case Laws Compound Holding — Judicial Fraud Eliminates Rooker-Feldman and Eliminates Judicial Immunity Simultaneously --- RICO Predicate Acts**

**Whether** --- When a judge participates in a conspiracy to violate civil rights through nonjudicial agreements or acts in clear and complete **absence of jurisdiction** under **Rankin v. Howard, 633 F.2d 844 (9th Cir. 1980) and United States v. Dugan, 2:25-cr-00089 (E.D. Wis. 2025)** — simultaneously with **extrinsic fraud on the court** --- that deprives/obstructs full and fair litigation under **Kougasian v. TMSL Inc., 359 F.3d 1136 (9th Cir. 2004)** — both Rooker-Feldman and judicial immunity are eliminated simultaneously from the same documented fraudulent misconduct.

**Why First Impression** — No Ninth Circuit case has addressed the compound application of Rankin and US v. Dugan and Kougasian to the same documented fraudulent judicial misconduct — holding simultaneously that the fraudulent misconduct is non-judicial under Rankin and US v. Dugan --- and extrinsically fraudulent under Kougasian.--- and is a RICO Predicate Act under 18 U.S.C. §1512(c).

**Requested Holding** — **Kougasian—Rankin v. Howard — United States v. Dugan Case Laws Compound the Holding — And Judicial Fraud --- which is non-judicial --- Eliminates Rooker-Feldman and Eliminates Judicial Immunity Simultaneously**. When fraudulent judicial misconduct --- that is **non-judicial** --- satisfies the **Rankin v. Howard, 633 F.2d 844 (9th Cir. 1980) and United States v. Dugan, 2:25-cr-00089 (E.D. Wis. 2025)** standard for **non-judicial conspiracy participation --- and Simultaneously Constitutes --- Kougasian v.**

**TMSL,** Inc. **extrinsic fraud** under Kougasian v. TMSL, Inc., 359 F. 3d 1136 - Court of Appeals, 9th Circuit 2004 --- that fraudulently deprived/obstructed full and fair litigation — **AND** judicial immunity is **eliminated** under Rankin v. Howard, 633 F.2d 844 (9th Cir. 1980) and United States v. Dugan, 2:25-cr-00089 (E.D. Wis. 2025) --- **AND** Rooker-Feldman is eliminated under Kougasian v. TMSL, Inc. --- from the same documented **fraudulent non-judicial misconduct** — **the enterprise members** who participated in both --- **have liability** under the following RICO predicate acts. Plaintiffs incorporate by reference in full detail paragraphs 2631A through 2631M regarding legal authority application cited herein. Court employees have fraudulently attempted to deceive Plaintiff through phone and internet phone interstate communications --- audio recorded and transcribed. Plaintiff asserts many documented electronic communications notifying judges and court employees that Plaintiff was being targeted in Washington State. All aforementioned also constitute **RICO Predicate acts under** 18 U.S.C. §1512(c)(1)(2)-(e)-(k)--§1513--§1343--§1349--§1503--§1961 through 1964(c) and civil rights violations under 42 U.S.C. §1983 and 42 U.S.C. §1985(2)-(3). Plaintiffs incorporate by reference in full detail all aforementioned --- as though fully set forth herein. Judges and court employees are without immunity --- and without jurisdiction. (**Note:** Refer to PX-42 through PX-49 and PX-82 through PX-87. Even though there were 3 fraudulently attempted dismissals --- by judges **without jurisdiction** --- based on Sections **XXXVI and XXVI and the Second and Third FRE 201 Notices ---** 11 out of 11 of Plaintiffs' cases in Jefferson Circuit Court—Ky. appear to be active since **no jury fees were returned** --- and based on the type of fraudulent obstruction cited in **Sections XXXVI and XXVI and the Second and Third FRE 201 Notices and Claim for Relief CII (102) and Section XIX ---** that type of fraudulent obstruction --- caused all 10 cases filed in year-2025 to never legally exist.)

**PRECEDENT 9 — Self-Documented Judge Disqualification and Recusal in an Order --- Eliminates Immunity Under Rankin v. Howard, 633 F.2d 844 (9th Cir. 1980) and United States v. Dugan, 2:25-cr-00089 (E.D. Wis. 2025) — And Single Citation is Sufficient**

**Whether** a judge who cites the mandatory disqualification statute in her own order — thereby self-documenting knowledge of jurisdictional loss — has established the precise factual predicate that Rankin v. Howard and United States v. Dugan, 2:25-cr-00089 (E.D. Wis. 2025) require to eliminate judicial immunity --- without any external finding by any other court or party.

**Why First Impression** — Rankin and Dugan established the principle that when a judge clearly violates valid statutes, this expressly deprives the judge of jurisdiction and eliminates immunity. No Ninth Circuit case has specifically addressed whether a judge's own citation --- regarding said judge's disqualification --- via statute --- in said judge's own order --- constitutes the Rankin and Dugan factual predicate from the judge's own hand.

**Requested Holding — Self-Documented Judge Disqualification and Recusal in an Order--- Eliminates Immunity Under Rankin v. Howard, 633 F.2d 844 (9th Cir. 1980) and United States v. Dugan, 2:25-cr-00089 (E.D. Wis. 2025) — And a Single Citation is Sufficient.**

A judge who cites the **mandatory disqualification statute in their own order** --- and said judge has **self-documented knowledge of jurisdictional loss** --- which, by law, is **sufficient to --- eliminate judicial immunity under Rankin v. Howard, 633 F.2d 844 (9th Cir. 1980) and United States v. Dugan, 2:25-cr-00089 (E.D. Wis. 2025) — And a Single Citation is Sufficient** to eliminate judicial immunity --- based on said judge's permanent loss of jurisdiction --- without any external finding. **The judge's own order --- is the evidence of the judge's**

**knowledge that eliminates immunity — and one citation is sufficient to trigger this result.** (Plaintiffs incorporate by reference in full detail **PX-42 through PX-49, PX-82 through PX-87.**)

**PRECEDENT 10 — Plaintiff-Specific Judge Disqualification Follows Parties Across All Cases**

**Whether** a judge's self-documented disqualification --- based on appearance of bias or prejudice toward specific plaintiffs under KRS 26A.015(e) --- bars that judge from presiding over any litigation involving those same plaintiffs in any case --- regardless of case number, filing date, or subject matter.

**Why First Impression** — No federal circuit has addressed whether an appearance-of-bias disqualification is plaintiff-specific --- following the parties rather than attaching to a specific case number — and therefore operates as a permanent bar against the judge in all future litigation involving those plaintiffs.

**Requested Holding — A judge's self-documented disqualification and recusal in an order---** based on appearance of judge's bias toward specific plaintiffs **--- is plaintiff-specific --- and permanently bars that judge from presiding over any litigation involving those plaintiffs in any case — and the judge disqualification and recusal travels with the plaintiffs** --- and --- **not** the case number — **and any order entered by the disqualified and recused judge in any subsequent case involving those plaintiffs --- is void ab initio.** (Plaintiffs incorporate by reference in full detail **PX-42 through PX-49 and PX-82 through PX-87.**)

**PRECEDENT 11 — Judge's Citation of Recusal and Disqualification in 2 Separate Cases in a Single Order Eliminates Judicial Defenses to Reclaim any of Plaintiffs' cases --- RICO Predicate Acts**

Whether a Judge's Citation of Recusal/Disqualification in 2 Separate Cases in a Single Order Eliminates Said Judge's Defenses to Reclaim any of Plaintiffs' cases.

**Why First Impression** — No federal circuit has addressed the evidentiary significance of a Judge's Citation of Recusal/Disqualification in 2 Separate Cases in a Single Order to Eliminate Said Judge's Defenses to Reclaim any of Plaintiffs' cases.

**Requested Holding — A Judge's Citation of Recusal and Disqualification in 2 Separate Cases in a Single Order Eliminates Said Judge's Defenses to Reclaim any of Plaintiffs' cases --- and establishes beyond any reasonable dispute that the jurisdictional loss was known, deliberate, and intentional.** When said judge fraudulently attempts to reclaim said cases --- the following applies: Plaintiffs incorporate by reference in full detail paragraphs 2631A through 2631M regarding legal authority application cited herein. Court employees have fraudulently attempted to deceive Plaintiff through phone and internet phone interstate communications --- audio recorded and transcribed. Plaintiff asserts many documented electronic communications notifying judges and court employees that Plaintiff was being targeted in Washington State. All aforementioned also constitute **RICO Predicate acts under** 18 U.S.C. §1512(c)(1)(2)-(e)-(k)--§1513--§1343--§1349--§1503--§1961 through 1964(c) and civil rigbts violations under 42 U.S.C. §1983 and 42 U.S.C. §1985(2)-(3). Plaintiffs incorporate by reference in full detail all aforementioned — as though fully set forth herein. (Plaintiffs incorporate by reference in full detail **PX-42 through PX-49 and PX-82 through PX-87.)**

**PRECEDENT 12 — Multiple Judicial Citations of Recusal, Disqualification, and Loss of Jurisdiction --- Across Multiple Judicial Orders in Multiple Cases --- Constitute a RICO Pattern**


Edward Colgate 22023 SE Wax Rd., Box 1452, Maple Valley, WA 98038, King Co.

Whether a judge's reclaiming of jurisdiction --- after citing **recusal and/or loss of jurisdiction -- ---**across multiple cases — with **four citations across three orders in two cases** constitutes a pattern of racketeering activity under 18 U.S.C. §1962 --- provable from the judge's own official documents.

**Why First Impression** — No federal circuit has addressed whether post-disqualification judicial orders constitute independently cognizable RICO predicate acts provable from the judge's own official records — satisfying the pattern element of 18 U.S.C. §1961(5) --- from official documents alone.

**Requested Holding — Multiple Judicial Citations of Recusal, Disqualification, and Loss of Jurisdiction --- Across Multiple Judicial Orders in Multiple Cases --- Constitute a RICO Pattern.** Each order entered after a judge's self-documented disqualification, recusal, or loss of jurisdiction --- constitutes tampering with public records under KRS 519.060, tampering with physical evidence under KRS 524.100, and official misconduct under KRS 522.020 — and **four such acts across three orders in two cases --- satisfies the RICO pattern requirement from the judge's own official documents.** Plaintiffs incorporate by reference in full detail paragraphs 2631A through 2631M regarding legal authority application cited herein. Court employees have fraudulently attempted to deceive Plaintiff through phone and internet phone interstate communications --- audio recorded and transcribed. Plaintiff asserts many documented electronic communications notifying judges and court employees that Plaintiff was being targeted in Washington State. All aforementioned also constitute **RICO Predicate acts under** 18 U.S.C. §1512(c)(1)(2)-(e)-(k)-- §1513--§1343--§1349--§1503--§1961 through 1964(c) and civil rights violations under 42 U.S.C. §1983 and 42 U.S.C. §1985(2)-(3). Plaintiffs incorporate by

reference in full detail all aforementioned — as though fully set forth herein. (Plaintiffs incorporate by reference in full detail PX-42 through PX-49 and PX-82 through PX-87.)

**PRECEDENT 13 — Self-Executing Judge Disqualification and Recusal Permanently Severs Jurisdiction — No Reclaim Mechanism --- and Judge Fraudulently Attempted to Reclaim 2 Cases where recusal or loss of jurisdiction was cited in an order --- RICO predicate acts.**

**Whether** a judge who has self-executed a disqualification order triggering KRS 26A.015(3)(a)'s mandatory replacement provision and KRS 26A.020's Chief Justice designation mechanism --- retains any procedural mechanism to reclaim jurisdiction over the identified cases through any subsequent act by any person.

**Why First Impression** — No federal circuit has addressed the permanent jurisdictional effect of self-executing state court disqualification under mandatory replacement statutes — specifically whether any subsequent act by the original judge, a coordinate judge, or any other person can restore jurisdiction to the disqualified judge --- once the mandatory replacement mechanism has been triggered.

**Requested Holding — A judge's self-executing disqualification and recusal under KRS 26A.015(3)(a) or any other legal authority --- permanently and irrevocably severs that judge's jurisdiction in the identified cases — since -----no reclaim mechanism exists under Kentucky law or federal due process principles — and any order entered by the original judge after self-executing disqualification and recusal --- is void ab initio ---** regardless of any fraudulently purported reallotment which is legally **non-existent** in KY law, and regardless of any fraudulently purported remand by a non-appellate judge --- without jurisdiction --- and regardless of any other fraudulent procedural act by any person other than the Chief Justice

acting under KRS 26A.020. Plaintiffs incorporate by reference in full detail paragraphs 2631A through 2631M regarding legal authority application cited herein. Court employees have fraudulently attempted to deceive Plaintiff through phone and internet phone interstate communications --- audio recorded and transcribed. Plaintiff asserts many documented electronic communications notifying judges and court employees that Plaintiff was being targeted in Washington State. All aforementioned also constitute **RICO Predicate acts under** 18 U.S.C. §1512(c)(1)(2)-(e)-(k)-- §1513--§1343--§1349--§1503--§1961 through 1964(c) and civil rights violations under 42 U.S.C. §1983 and 42 U.S.C. §1985(2)-(3). Plaintiffs incorporate by reference in full detail all aforementioned --- as though fully set forth herein. (Plaintiffs also incorporate by reference in full detail PX-42 through PX-49 and PX-82---PX-87, PX-131 through PX-133, PX-137 through PX-154, PX-143, PX-63 through PX-81, PX-129, PX-136, PX-158. PX-159, PX-160, and PX-48.)

**PRECEDENT 14 — Coordinated, Conspiratorial, Fraudulent Judge Remand ----- by a Non-Appellate Circuit Court Judge--- Without Jurisdiction --- Ordering A Self-Disqualified and Self-Recused Circuit Court Judge to Dismiss a Case --- Is Void Per Se and is Void Ab Initio --- and constitutes a fraudulent nonjudicial act under Rankin v. Howard, 633 F.2d 844 (9th Cir. 1980) and United States v. Dugan, 2:25-cr-00089 (E.D. Wis. 2025) --- with RICO Predicate Acts --- And Fraudulent Disappearance of Said Case Prior to Fraudulent Remand.**

**Whether** a trial/circuit court judge, **without** any jurisdiction --- with **no appellate jurisdiction,** and no legitimate basis for presence in a case — who enters an **order** fraudulently purporting to remand a case to another trial/ circuit court judge, who had **already cited self-disqualification 2 different times in 2 different orders in said case** --- and fraudulently **orders the self-**

**disqualified judge** who they assigned --- to fraudulently enter an order dismissing said case --- is acting in clear absence of all jurisdiction --- with no judicial immunity protection under Rankin v. Howard and US v. Dugan. And the Fraudulent Disappearance of Said Case Prior to Fraudulent Remand. Plaintiffs incorporate by reference in full detail **PX-42 through PX-49, PX-82 through PX-87, PX-63 through PX-81, PX-129, PX-136, PX-158. PX-159, PX-160, and PX-48.**

**First Impression** — No federal circuit has addressed whether a coordinate judge fraudulent remand --- and whether one circuit court judge, without jurisdiction, fraudulently remanding a case, that was illegally and fraudulently assigned to them --- to another circuit court judge --- who had entered an **order self-disqualifying 2 different times** in said case --- fraudulently **ordering the self-disqualified judge to dismiss** said case --- is **void per se** — and the **Fraudulent Disappearance of Said Case Prior to Fraudulent Remand** --- simultaneously lacking any procedural basis in any American jurisdiction --- and constituting non-judicial acts under Rankin v. Howard and US v. Dugan --- which eliminates immunity.

**Requested Holding** — A **Coordinated, Conspiratorial, Fraudulent Judge Remand --- by a Non-Appellate Circuit Court Judge--- Without Jurisdiction --- Ordering A Self-Disqualified and Self-Recused Circuit Court Judge to Dismiss a Case --- Is Void Per Se and is Void Ab Initio --- and Constitutes a fraudulent nonjudicial act** under Rankin v. Howard, 633 F.2d 844 (9th Cir. 1980) and United States v. Dugan, 2:25-cr-00089 (E.D. Wis. 2025). A **circuit court judge --- without jurisdiction** ------ and who is a **non-appellate judge --- without jurisdiction** --- and said judge who had previously been formally noticed by Plaintiffs to be a named defendant in a future federal complaint --- and said judge who--Plaintiffs had previously filed a motion for sanctions against said judge --- with no ruling on said motion for over 6 months and

counting --- **fraudulently remanding** a case, that was illegally and fraudulently assigned to said judge --- to another circuit court judge --- who had entered an order self-disqualifying, recusing, and **losing jurisdiction 2 different times** in said case --- **AND --- Fraudulently Ordering the self-recused and self-disqualified judge --- who had lost jurisdiction in said case --- to dismiss said case --- is void per se and is void ab initio --- and Constitute fraudulent nonjudicial acts** under all aforementioned legal authority. **And the Fraudulent Disappearance of Said Case Prior to Fraudulent Remand --- Constitutes fraud, tampering with evidence, RICO predicate acts, and civil rights violations--See PX-158, PX-159, PX-48, PX-42 through PX-49. NO** procedural mechanism authorizes a judge's fraudulent acts --- in any American jurisdiction at any level. Plaintiffs incorporate by reference in full detail paragraphs 2631A through 2631M regarding legal authority application cited herein. Court employees have fraudulently attempted to deceive Plaintiff through phone and internet phone interstate communications --- audio recorded and transcribed. Plaintiff asserts many documented electronic communications notifying judges and court employees that Plaintiff was being targeted in Washington State. All aforementioned also constitute **RICO Predicate acts under** 18 U.S.C. §1512(c)(1)(2)-(e)-(k)-- §1513--§1343--§1349--§1503--§1961 through 1964(c) and civil rights violations under 42 U.S.C. §1983 and 42 U.S.C. §1985(2)-(3). Plaintiffs incorporate by reference in full detail all aforementioned --- as though fully set forth herein. (Plaintiffs also incorporate by reference in full detail PX-42 through PX-49---and more specifically PX-48 --- and PX-82 through PX-87 regarding **fraudulent re-allotments** that do **not** legally **exist** in Ky., PX-136 for the motion for sanctions that Plaintiffs had previously filed against said judge (without jurisdiction), PX-129, PX-136, PX-158. PX-159, PX-160.)

**PRECEDENT 15 — Rooker-Feldman is Inapplicable to Fraudulent Pre-Commencement Judge Assignments and Fraudulent Pre-Commencement Case Number Assignments --- AND is Inapplicable to Void Proceedings --- RICO Predicate Acts**

**Whether** the Rooker-Feldman doctrine bars federal subject matter jurisdiction over claims arising from state court **proceedings that were void ab initio** from their first moment because jurisdiction was fraudulently created through fraudulent pre-commencement judge assignments and fraudulent case number assignments — when those claims are based on the extrinsic fraud that created the void proceedings.

**Why First Impression** — The Ninth Circuit has addressed Rooker-Feldman extensively and established the extrinsic fraud exception in Kougasian v. TMSL Inc., 359 F.3d 1136 (9th Cir. 2004) — but has not specifically held that proceedings that are void ab initio ----- from fraudulent **pre-**commencement judge assignments and fraudulent pre-commencement case number assignments --- are outside Rooker-Feldman's scope.

**Requested Holding — Rooker-Feldman is Inapplicable to Fraudulent Pre-Commencement Judge Assignments and Fraudulent Pre-Commencement Case Number Assignments --- AND is Inapplicable to Void Proceedings.** Rooker-Feldman does **not bar federal subject matter jurisdiction** over claims **arising from proceedings that are void ab initio** --- based on **fraudulent pre-commencement judge assignments** --- and fraudulent pre-commencement case number assignments — because a **fraudulent proceeding that was void from its first moment** --- is **not** a state court judgment entitled to Rooker-Feldman protection --- and **because the extrinsic fraud that created the void proceedings** --- falls within the **Kougasian** v. TMSL, Inc., 359 F. 3d 1136 - Court of Appeals, 9th Circuit 200 **exception** --- regardless of the form in which that fraud was executed. Plaintiffs incorporate by reference in full detail paragraphs

2631A through 2631M regarding legal authority application cited herein. Court employees have fraudulently attempted to deceive Plaintiff through phone and internet phone interstate communications --- audio recorded and transcribed. Plaintiff asserts many documented electronic communications notifying judges and court employees that Plaintiff was being targeted in Washington State. All aforementioned also constitute **RICO Predicate acts under** 18 U.S.C. §1512(c)(1)(2)-(e)-(k)-- §1513--§1343--§1349--§1503--§1961 through 1964(c) and civil rights violations under 42 U.S.C. §1983 and 42 U.S.C. §1985(2)-(3). Plaintiffs incorporate by reference in full detail all aforementioned — as though fully set forth herein. (Plaintiffs incorporate by reference in full detail the following: Even though there were 3 fraudulently attempted dismissals --- by judges **without jurisdiction----- based on Sections XXXVI and XXVI and the Second and Third FRE 201 Notices, and Section XIX)** --- **11 out of 11** of Plaintiffs' cases in Jefferson Circuit Court—Ky. --- appear to be active since **no jury fees were returned** --- and based on the type of fraudulent obstruction cited in **Sections XXXVI and XXVI, the Second and Third FRE 201 Notices, Section XIX, and Claim for Relief CII (102) --- that type of fraudulent obstruction --- caused all 10 cases filed in year-2025 to never legally exist**. (Also refer to **PX-63 through PX-87**.)

**PRECEDENT 16 — Official Payroll Records Using "Enterprise" --- as a Party Admission of RICO Enterprise Existence**

Whether a state court system's official payroll documents — generated through the institution's own administrative systems — that use the word enterprise to describe the court system --- constitute party admissions of RICO enterprise existence --- binding on the institution and its members in subsequent civil RICO proceedings.

**Why First Impression** — No federal circuit has addressed whether an institution's own official documents --- using RICO's specific statutory terminology --- constitute party admissions of RICO enterprise existence — eliminating the need for independent proof of the enterprise. **Requested Holding · Official Payroll Records Using "Enterprise" --- is a Party Admission of RICO Enterprise Existence. Official government payroll records --- using the term enterprise --- to describe the institutional structure --- constitute party admissions of RICO enterprise existence — and are legally binding on the institution and all members who participated in the enterprise's RICO Predicate Acts.** Plaintiffs incorporate by reference in full detail paragraphs 2631A through 2631M regarding legal authority application cited herein. Court employees have fraudulently attempted to deceive Plaintiff through phone and internet phone interstate communications --- audio recorded and transcribed. Plaintiff asserts many documented electronic communications notifying judges and court employees that Plaintiff was being targeted in Washington State. All aforementioned also constitute **RICO Predicate acts under** 18 U.S.C. §1512(c)(1)(2)-(c)-(k)-- §1513--§1343--§1349--§1503--§1961 through 1964(c) and civil rights violations under 42 U.S.C. §1983 and 42 U.S.C. §1985(2)-(3). Plaintiffs incorporate by reference in full detail all aforementioned — as though fully set forth herein. Plaintiffs also assert that the aforementioned **satisfies the enterprise element of 18 U.S.C. §1962(c).** (Plaintiffs incorporate by reference in full detail **PX-108 through PX-124 and Section XXIX and Section XIX.)**

**PRECEDENT 17 — Civil Court Fraudulent Felony Accusations --- in an order(s) by a judge(s) --- without jurisdiction --- Against Plaintiff --- Before Legal Service of Summons Commencing a Case --- as a Per Se Due Process Violation --- RICO Predicate Acts (Note:** Since pro se plaintiffs are deprived of scanning and uploading of their court filings, defendants

would not have seen the complaints prior to legal service of the snmmons and complaint together.)

**Whether** a civil court judge's(without jurisdiction) entry of an order containing fraudulent felony accusations against a civil plaintiff — before legal service of a snmmons has been completed on a defendant, before any defendant is legally before the court, and before the case has commenced as a two-party proceeding — constitutes per se violations of --- the Fifth and Fourteenth Amendments' and per se violations of 42 U.S.C. §1983's and 42 U.S.C. §1985's due process and equal rights guarantees --- without requiring any additional showing of prejudice.

**Why First Impression** — No federal court at any level in any jurisdiction has addressed this question because no civil court judge --- without jurisdiction --- in recorded American legal history has previously fraudnlently entered orders containing fraudulent felony accusations against a civil plaintiff --- before service of a summons commencing a case ----- making this a question of absolute first impression ----- with no analogons precedent in any American court.

**Requested Holding --- Civil Court Fraudulent Felony Accusations --- in an order by a judge --- without jurisdiction --- Against Plaintiff --- Before Legal Service of Summons Commencing a Case --- is a Per Se Due Process Violation.** A civil court fraudulent order by a judge --- without jurisdiction --- containing fraudulent felony accusations against a civil plaintiff before service of a summons on any defendant --- commencing a case --- **Constitutes Per Se Violations of Due Process** --- Per Se Violations of the Fifth and Fourteenth Amendments --- and per se violations of **42 U.S.C. §1983's and 42 U.S.C. §1985's due process, equal rights, and equal protection** guarantees. Plaintiffs incorporate by reference in full detail paragraphs 2631A through 2631M regarding legal authority application cited herein. Court employees bave fraudulently attempted to deceive Plaintiff through phone and internet phone interstate

communications --- audio recorded and transcribed. Plaintiff asserts many documented electronic communications notifying judges and court employees that Plaintiff was being targeted in Washington State. All aforementioned also constitute **RICO Predicate acts under** 18 U.S.C. §1512(c)(1)(2)-(e)-(k)-- §1513--§1343--§1349--§1503--§1961 through 1964(c) and civil rights violations under 42 U.S.C. §1983 and 42 U.S.C. §1985(2)-(3). Plaintiffs incorporate by reference in full detail all aforementioned — as though fully set forth herein. Judges' **complete absence of jurisdiction combined with fraudulent criminal accusations ---** has not occurred and has not been attempted --- and does **not exist** --- in any procedural framework --- and does **not exist in any American jurisdiction.** (Plaintiffs incorporate by reference in full detail PX-63 through PX-87, PX-88 through PX-94, PX-108, and PX-125 through PX-130, Section XIX.) (Judicial and court-staff immunity does not extend to acts taken in the clear absence of all jurisdiction. Rankin v. Howard, 633 F.2d 844 (9th Cir. 1980). Nor does a judicial office act to shield a sitting judge from federal criminal liability for obstruction of the due administration of justice --- committed through nonjudicial acts — as recently confirmed in United States v. Dugan, No. 2:25-cr-00089 (E.D. Wis. 2025), where a sitting state judge was federally charged with felony obstruction of proceedings arising from misconduct undertaken in her judicial and nonjudicial capacity. Plaintiffs assert that the Kentucky judges (without jurisdiction), the court clerk, the clerk's office employees, and staff attorneys identified herein — acting through fraudulent felony accusations, fraudulently destroyed records, and void fraudulent assignments --- committed analogous obstruction of Plaintiffs' recovery of damages --- arising from felonies admitted under substantive CR 8.04, including but not limited to violations of KRS 209.990(1)-(6), robbery, mail fraud, securities fraud, annuity frauds, identity theft/fraud, tortious interference, tampering with physical evidence, inducement of perjury, elder abuse converted

to civil liability under KRS 446.070, with complicity and conspiracy full liability under KRS 502.020, 42 U.S.C. §1985, and the RICO claims herein ----- establishing that judicial and quasi-judicial immunity is eliminated.)

**PRECEDENT 18 — Triple-Compounded Voidness: Fraudulent Felony Accusation Order --- Entered Before Legal Service of Summons --- By a Judge With a Fraudulent Case Assignment --- In a Case Fraudulently Processed, Filed, and Commenced by Use of a Name That Did Not Exist on the Court's Own Payroll at the Relevant Time — Establishing a Three-Layer Independent Voidness From the Case's First Moment --- RICO Predicate Acts**

**Whether** a fraudulent civil court order containing fraudulent felony accusations against a civil plaintiff — already established as void under Precedent 17 for being entered before legal service of a summons and by a judge whose fraudulent assignment was generated before legal processing, filing, and commencement of said case(s) — is rendered void on a third and independent ground when the underlying case itself was processed, filed, and commenced in the name of "Samantha Sims" — a name that does not appear on the Kentucky Court of Justice's or the Personnel Cabinet's payroll records for the relevant period — such that the case --- had a fraudulent processing/filing/commencement --- and had a fraudulently assigned judge prior to said processing --- and a fraudulent felony accusation entered against the plaintiff --- **before** any defendant existed in the case --- with each fraud independently sufficient --- and with each fraud present simultaneously in the same proceeding --- from its first recorded moment.

**The Precise Three-Layer Structure:**

**Layer one** --- under Precedent 17 — the fraudulent order is void because no defendant was before the court when it was entered.

**Layer two** — under Precedent 17 — the fraudulent order is void because the fraudulent issuing of the judge's assignment --- predates legal commencement --- and is void ab initio.

**Layer three** — the case itself, in which both the void assignment and the void order occurred, was fraudulently processed, filed, and commenced by a name that does not exist on the court's own payroll records — meaning the case's fraudulent commencement document itself was processed by a name with no legal authority to act as a Jefferson Circuit Court Clerk employee — making the case legally non-existent --- and independently void from its first moment --- before the fraudulent order occurred. Each of the three layers arises from a separate category of official record. Each layer remains independently established.

**Whether** the presence of three independent, separately-sourced voidness grounds in the same proceeding — each sufficient alone — combined with the fact that all three grounds are present in all 10 of the year-2025 cases --- without exception --- establishes that the pattern itself --- three independent compounding defects and frauds occurring identically across 10 separate cases — is itself an **"adjudicative fact"** --- establishing systematic and systemic institutional fraud as a matter of law.

**Why First Impression** — The presence of three independent, separately-sourced voidness grounds in the same proceeding — each sufficient alone — combined with the fact that all three grounds are present in all 10 of the year-2025 cases --- without exception --- establishes that the pattern itself --- is a finding of systematic and systemic fraud --- established as a matter of law from the pattern itself. No federal court has addressed whether three independently-sourced voidness grounds — service-based, assignment-based, and personnel-record-based — occurring together and repeating without exception --- across an entire category of cases filed by the same

office in the same year --- establishes systematic and systemic institutional fraud as a matter of law.

**Requested Holding** — The **Triple-Compounded Voidness** and the **Fraudulent Felony Accusation Order --- Fraudulently Entered Before Legal Service of Summons --- By a Judge With a Fraudulent Case Assignment --- In a Case Fraudulently Processed, Filed, and Commenced by Use of a Name That Did Not Exist on the Court's Own Payroll For the Relevant Time Period — Establishes a Three-Layer Independent Voidness From the Case's First Moment --- AND the case is therefore void ab initio.** When the case itself is fraudulently processed/filed/ commenced under a non-existent/non-payroll name (Sims)-- established from Personnel's own payroll records for the relevant period ---- with each fraud/defect independently sufficient to void the proceeding --- and the proceeding is void on all three grounds simultaneously, without any one ground depending on or curing another, the case is therefore **void ab initio. This identical fraudulent three-layer pattern is established across multiple cases filed by the same office in the same short period of time --- without exception --- and the fraudulent pattern itself constitutes facial evidence and prima facie evidence of systematic and systemic institutional fraud--as a matter of law --- and all such cases are void ab initio on all three grounds. Based on non-judicial acts ---** Court-staff immunity and judicial immunity are **eliminated** under --- Rankin v. Howard, 633 F.2d 844 (9th Cir. 1980) based on --- judges having NO jurisdiction and judges NEVER having jurisdiction. A judicial office does not shield a fraudulent sitting judge from federal criminal liability for obstruction committed through nonjudicial acts — as recently confirmed in United States v. Dugan, No. 2:25-cr-00089 (E.D. Wis. 2025), where a sitting state judge was federally charged with felony obstruction of proceedings arising from misconduct undertaken in her judicial and nonjudicial

capacity. Plaintiffs incorporate by reference in full detail paragraphs 2631A through 2631M regarding legal authority application cited herein. Court employees have fraudulently attempted to deceive Plaintiff through phone and internet phone interstate communications --- audio recorded and transcribed. Plaintiff asserts many documented electronic communications notifying judges and court employees that Plaintiff was being targeted in Washington State. All aforementioned also constitute **RICO Predicate acts under** 18 U.S.C. §1512(c)(1)(2)-(e)-(k)--§1513--§1343--§1349--§1503--§1961 through 1964(c) and civil rights violations under 42 U.S.C. §1983 and 42 U.S.C. §1985(2)-(3). Plaintiffs incorporate by reference in full detail all aforementioned -- as though fully set forth herein. (Refer to Section XIX.) (Plaintiffs further assert that the Kentucky judges (without jurisdiction), the court clerk, the clerk's office employees, and staff attorneys identified herein this complaint — acting through fraudulent felony accusations, fraudulently destroyed records, and voided fraudulent assignments --- committed analogous obstruction of Plaintiffs' recovery of damages --- arising from felonies admitted under substantive CR 8.04, including but not limited to violations of KRS 209.990(1)-(6), robbery, mail fraud, securities fraud, annuity frauds, identity theft/fraud, tortious interference, tampering with physical evidence, inducement of perjury, elder abuse — converted to civil liability under KRS 446.070, with complicity and conspiracy full liability under KRS 502.020, 42 U.S.C. §1985, and the RICO claims herein --- establishing that judicial and quasi-judicial immunity is eliminated.)

**PRECEDENT 19 — Fraudulent and False Certification Date as a Per Se Constitutional Notice Deprivation --- RICO Predicate Acts**

**Whether** a fraudulent and false certification date on a motion — when the postmark on the preserved envelope proves the certification date is fraudulent and false by five days — combined

with a geographically distant plaintiff receiving first class cross-country mail, requiring 7 to 10 days delivery, and a motion hour scheduled two business days after the actual postmark date — constitutes a per se fraudulent due process notice violation, without requiring additional proof of actual prejudice. **NOTE:** The **legal time to respond** to a motion is **more than 3 weeks** based on KY laws. The fraudulent intent to obstruct is very clear here.

**Why First Impression** --- No federal circuit has specifically addressed whether documented fraudulent and false certification fraud --- combined with mathematical impossibility of actual notice before a scheduled hearing --- constitutes a per se fraudulent due process violation.

**Requested Holding — A Fraudulent and False Certification Date is a Per Se Due Process and Constitutional Notice Deprivation.** A fraudulent and false certification date, proven by USPS postmark evidence that makes actual notice before a scheduled hearing --- mathematically impossible for a geographically distant plaintiff --- constitutes a **per se fraudulent due process** and **Constitutional Notice Deprivation — requiring no additional showing of prejudice ---** when committed by an officer of the court --- **in proceedings before a judge (without jurisdiction). Facially, the fraudulent intent to deprive/obstruct** is very clear here. Plaintiffs incorporate by reference in full detail paragraphs 2631A through 2631M regarding legal authority application cited herein. Court employees have fraudulently attempted to deceive Plaintiff through phone and internet phone interstate communications --- audio recorded and transcribed. Plaintiff asserts many documented electronic communications notifying judges and court employees that Plaintiff was being targeted in Washington State. All aforementioned also constitute **RICO Predicate acts under** 18 U.S.C. §1512(c)(1)(2)-(e)-(k)-- §1513--§1343--§1349--§1503--§1961 through 1964(c) and civil rights violations under 42 U.S.C. §1983 and 42 U.S.C. §1985(2)-(3). The **legal time to respond** to a motion is **more than 3 weeks** based on Ky.

laws. Plaintiffs incorporate by reference in full detail all aforementioned — as though fully set forth herein. (Refer to **PX-160.)**

**PRECEDENT 20 — Fraudulent Systematic Denial of Oral Argument to Pro Se Plaintiffs in Jefferson Circuit Court-Ky. (and in any Court) as a Structural Equal Protection Violation — While Oral Argument Is Routinely Available to Represented Parties in the Same Court-- RICO Predicate Acts**

**Whether** Jefferson Circuit Court's fraudulent systematic denial of oral arguments to pro se plaintiffs — while routinely providing oral argument opportunities to represented parties in the same court on the same categories of motions — constitutes a structural equal protection violation under the Fourteenth Amendment, 42 U.S.C. §1983, and 42 U.S.C. §1985 — where the denial is not based on any case-specific determination that oral argument is unnecessary but rather operates as a categorical institutional practice applied to pro se plaintiffs as a class — confirmed across all 10 of Plaintiffs' year-2025 cases and further confirmed by Jefferson Circuit Court's own institutional practice, documented throughout the Complaint.

**Why First Impression** — No federal circuit has addressed whether a trial court's fraudulent categorical systematic denial of oral argument to pro se plaintiffs — while providing it to represented parties — constitutes a structural equal protection violation when that denial is compounded by the simultaneous denial of electronic docketing, denial of electronic service, and denial of electronic backup --- that makes oral arguments the only remaining mechanism through which pro se plaintiffs can effectively communicate with the court. Prior cases addressing oral argument rights have not addressed in the context of a court system that has simultaneously denied every other procedural mechanism available to pro se plaintiffs, making oral arguments constitutionally necessary as the last remaining avenue for effective participation.

**Requested Holding** Any Court's and **Jefferson Circuit Court's(Ky.) fraudulent categorical systematic denial of oral argument to pro se plaintiffs — while providing oral argument to represented parties on the same categories of motions --- Constitutes structural equal protection violations under the Fourteenth Amendment, 42 U.S.C. §1983, and 42 U.S.C. §1985 — particularly when combined with the simultaneous denial of electronic docketing, denial of electronic service, and denial of electronic backup --- that makes oral arguments the last remaining mechanism for effective pro se participation in the proceeding. The denial of oral arguments under these compounded circumstances --- constitutes independent constitutional violations --- requiring no showing of prejudice in the individual case — because the systematic categorical nature of the denial/deprivation, applied to pro se plaintiffs as a class, is the violation.** Plaintiffs incorporate by reference in full detail paragraphs 2631A through 2631M regarding legal authority application cited herein. Court employees have fraudulently attempted to deceive Plaintiff through phone and internet phone interstate communications --- audio recorded and transcribed. Plaintiff asserts many documented electronic communications notifying judges and court employees that Plaintiff was being targeted in Washington State. All aforementioned also constitute **RICO Predicate acts under** 18 U.S.C. §1512(c)(1)(2)-(e)-(k)-- §1513--§1343--§1349--§1503--§1961 through 1964(c) and civil rights violations under 42 U.S.C. §1983 and 42 U.S.C. §1985(2)-(3). Plaintiffs incorporate by reference in full detail all aforementioned — as though fully set forth herein. (Refer to Section XIX.)

**PRECEDENT 21 — Fraudulent Systematic Denial of Oral Argument to Pro Se Appellants in Kentucky Appellate Courts (and in any Appellate Courts) as a Structural Denial of Meaningful Access to Appellate Review — Compounding Trial Court Oral Argument**

**Denial Into Complete Elimination of Any Opportunity for Direct Judicial Communication at Any Level of the Kentucky Court System --- RICO Predicate Acts**

**Whether** fraudulent Kentucky appellate courts' systematic denial of oral argument to pro se appellants — when combined with Jefferson Circuit Court's fraudulent systematic denial of oral argument at the trial court level — fraudulently creates a complete and structural elimination of any opportunity for direct judicial communication for pro se litigants at any level of the Kentucky court system — constituting a violation of the constitutional right of access to courts under the First and Fourteenth Amendments --- and constituting violations of equal access and equal rights and equal protection under 42 U.S.C. §1983 and §1985.

**Why First Impression** — No federal circuit has addressed whether the combination of --- fraudulent Kentucky appellate courts' systematic denial of oral argument to pro se appellants — when combined with Jefferson Circuit Court's fraudulent systematic denial of oral argument at the trial court level — fraudulently creates a complete and structural elimination of any opportunity for direct judicial communication for pro se litigants at any level of the Kentucky court system --- constituting a violation of the constitutional right of access to courts under the First and Fourteenth Amendments --- and constituting violations of equal access and equal rights and equal protection under 42 U.S.C. §1983 and §1985.

**Requested Holding** — Fraudulent Kentucky appellate courts' (and any fraudulent appellate courts') systematic denial of oral argument to pro se appellants — when combined with Jefferson Circuit Court's (and any other circuit court's) fraudulent systematic denial of oral argument at the trial court level --- fraudulently creates a complete elimination and a **structural elimination** of any opportunity for direct judicial communication for pro se litigants at any level of the Kentucky court system — **constituting** a violation of the constitutional right of access to courts

under the First and Fourteenth Amendments --- and constituting violations of equal access and equal rights and equal protections under 42 U.S.C. §1983 and §1985. Plaintiffs incorporate by reference in full detail paragraphs 2631A through 2631M regarding legal authority application cited herein. Court employees have fraudulently attempted to deceive Plaintiff through phone and internet phone interstate communications --- audio recorded and transcribed. Plaintiff asserts many documented electronic communications notifying judges and court employees that Plaintiff was being targeted in Washington State. All aforementioned also constitute **RICO Predicate acts under** 18 U.S.C. §1512(c)(1)(2)-(e)-(k)-- §1513--§1343--§1349--§1503--§1961 through 1964(c) and civil rights violations under 42 U.S.C. §1983 and 42 U.S.C. §1985(2)-(3). Plaintiffs incorporate by reference in full detail all aforementioned — as though fully set forth herein. (Refer to Section XIX.)

**PRECEDENT 22 — Payroll Fraud as Documented Institutional Motive for civil rights violations under 42 U.S.C. §1983 and §1985 --- And Motive for RICO Predicate Acts**

**Whether** documented unauthorized and fraudulent compensation through non-existent payroll grades — received by state court employees --- who participated in fraudulent judicial misconduct ---obstructing plaintiffs' recovery — establishes the financial motive element of RICO enterprise membership or association --- from the institution's own official payroll records alone.

**Why First Impression** — No federal circuit has addressed whether state court payroll fraud documented from an institution's own KHRIS (Personnel) payroll records — showing compensation paid through non-existent grades on non-business days to employees who participated in judicial obstruction, other court employees' obstruction, and AOC obstruction — facially establishes RICO enterprise financial motive from official records alone.

**Requested Holding** --- Unauthorized and fraudulent compensation documented in official government payroll records — received by state court employees who participated in fraudulent judicial misconduct, in fraudulent AOC misconduct, in fraudulent court clerk misconduct, and in fraudulent court clerk employee misconduct — facially establishes a RICO enterprise financial motive from official records alone. Plaintiffs incorporate by reference in full detail paragraphs 2631A through 2631M regarding legal authority application cited herein. Court employees have fraudulently attempted to deceive Plaintiff through phone and internet phone interstate communications --- audio recorded and transcribed. Plaintiff asserts many documented electronic communications notifying judges and court employees that Plaintiff was being targeted in Washington State. All aforementioned also constitute **RICO Predicate acts under** 18 U.S.C. §1512(c)(1)(2)-(e)-(k)-- §1513--§1343--§1349--§1503--§1961 through 1964(c) and civil rights violations under 42 U.S.C. §1983 and 42 U.S.C. §1985(2)-(3). Plaintiffs incorporate by reference in full detail all aforementioned — as though fully set forth herein. (Refer to Section XIX and Section XXIX.)

**PRECEDENT 23 —** Judge's (without jurisdiction) Fraudulent Conditional Consolidation---as Self-Documented Admission of Authority Absence --- and Enterprise Coordination and Conspiracy Communication --- Independent **RICO Predicate Acts --- Combination of Void** authority admission and enterprise coordination and conspiracy communication in a single official document is itself evidence of the association- in-fact enterprise's operational method.

**Whether** a consolidation order --- conditioned on another judge's agreement and acquiescence -- by its own conditional terms — constitutes a self-documented admission by the consolidating judge --- that he lacked unilateral authority to accomplish the consolidation — making the conditional language itself proof of the unauthorized and fraudulent nature of the act --- and

demonstrating a documented enterprise coordination and conspiracy communication between two coordinate circuit court judges (without jurisdiction) --- using an official court document as the coordination and conspiracy vehicle.

**Why First Impression** — No federal or state court has addressed whether a judge's own conditional language in a court order --- specifically conditioning the order's effect on another judge's agreement — constitutes a self-defeating admission of authority absence as a matter of law. Standard legal analysis holds that a judge with legitimate authority to enter an order does not need another judge's consent to make that order effective. Perry's conditional language inverts this principle — explicitly acknowledging that Davis's cooperation is required — which is Perry's own documentation that he lacked the authority to accomplish the consolidation unilaterally. No published opinion has analyzed conditional judicial orders as self-defeating admissions of jurisdictional absence. The additional element — that the conditional language constitutes a coordination and conspiracy communication between Perry and Davis --- which is documented in a public court record --- has no analog in any American fraudulent or illegal judicial misconduct case.

**Requested Holding** — **A judge's** (without jurisdiction) **consolidation order conditioned on another judge's agreement and acquiescence is self-defeating because** a judge with legitimate consolidation authority **requires no other judge's consent.** The **conditional language constitutes the consolidating judge's** (without jurisdiction) **own admission** -------of the **absence of authority --- making the order void on its face from its own terms.** The conditional language simultaneously constitutes a documented enterprise **coordination and conspiracy communication** between two coordinate circuit court judges (**each without** jurisdiction) --- using an official court document --- as the coordination and conspiracy vehicle

— which also **constitutes** independent RICO Predicate Acts. The combination of void authority admissions and enterprise coordination and conspiracy communication **in a single official document --- is itself evidence of the association-in-fact enterprise's operational method.** Plaintiffs incorporate by reference in full detail paragraphs 2631A through 2631M regarding legal authority application cited herein. Court employees have fraudulently attempted to deceive Plaintiff through phone and internet phone interstate communications --- audio recorded and transcribed. Plaintiff asserts many documented electronic communications notifying judges and court employees that Plaintiff was being targeted in Washington State. All aforementioned also constitute **RICO Predicate acts under** 18 U.S.C. §1512(c)(1)(2)-(e)-(k)-- §1513--§1343-- §1349--§1503--§1961 through 1964(c) and civil rights violations under 42 U.S.C. §1983 and 42 U.S.C. §1985(2)-(3). Plaintiffs incorporate by reference in full detail all aforementioned --- as though fully set forth herein. (Refer to **PX-130, PX-63 through PX-87, Section XIX.)**

**PRECEDENT 24 — Fraudulent Effective Judicial Deletion of Named Elder Abuse Plaintiff and Other Plaintiff --- by a Judge(s) Without Jurisdiction --- Prior to Legal Service of the Summons to the Defendant Commencing Said Case (CR 3) --- as Per Se Non-Judicial Obstruction of Recovery --- RICO Predicate Acts**

**Whether** a judge's (a judge with no jurisdiction) effective deletion of a named plaintiff --- **prior** to legal service of the summons commencing said case (CR 3) — specifically a 92-year-old elder abuse victim — from her own elder abuse recovery case --- and effective deletion of other Plaintiff who also has numerous individual claims for relief --- without any legal basis in any American jurisdiction — constitutes a non-judicial act of obstruction of that plaintiff's recovery --- eliminating immunity under Rankin v. Howard and United States v. Dugan, No. 2:25-cr-00089 (E.D. Wis. 2025) --- and is an independent 42 U.S.C. §1983 and §1985 violation, an independent

RICO predicate act, and retaliation against an elder abuse victim for reporting elder abuse in violation of KRS 209.030, KRS 209.050, KRS 209.990(1) through (6), with civil recovery under KRS 446.070. (Note: No scan and upload of pro se plaintiffs' filings.)

**Why First Impression** — No federal or state court has ever addressed whether a judge's (a judge with no jurisdiction) effective deletion of a named plaintiff --- prior to legal service of the summons commencing said case (CR 3) --- without any legal basis --- constitutes a --- **per se non-judicial act.** No published opinion in any American jurisdiction was found in which a judge --- **without jurisdiction** --- and **prior to legal commencement** of said case via legal service of summons (CR 3) --- effectively deleted a named elder abuse plaintiff from a case through a fraudulent order. The specific targeting of a 92-year-old elder abuse victim for effective deletion from her own elder abuse recovery case --- and the targeting of and effective deletion of other Plaintiff who also has numerous individual claims for relief --- entered simultaneously with the denial of injunctive relief against retaliation — prior to the legal commencement of said case via legal service of the summons to the defendant (CR 3) --- **compounds** the **absence of** legal authority with documented **retaliatory motive** established from the fraudulent order's own content and sequence. The fraudulent effective deletion is a nonjudicial function --- and benefits the defendant --- whose liability to the deleted plaintiffs --- is established through CR 8.04 legally binding judicial admissions — making it indistinguishable from direct de facto representation of the defendant against the deleted elder abuse plaintiff. (**Note:** Defendant never entered an appearance or any response to the complaint.)

**Requested Holding** --- **A judge's (without** jurisdiction) **fraudulent effective deletion of a named elder abuse plaintiff and other plaintiff --- prior to legal service of the summons commencing said case (CR 3) --- from a case --- without any legal basis ------ Is a Per Se**

**Non-judicial act** and is a per se **non-judicial obstruction of recovery --- with no procedural basis in any American jurisdiction** —– and **Constitutes** obstruction/deprivation of those plaintiffs' constitutional rights of access to courts under the First and Fourteenth Amendments and **constitutes** the following RICO predicate acts and violations. Plaintiffs incorporate by reference in full detail paragraphs 2631A through 2631M regarding legal authority application cited herein. Court employees have fraudulently attempted to deceive Plaintiff through phone and internet phone interstate communications --- audio recorded and transcribed. Plaintiff asserts many documented electronic communications notifying judges and court employees that Plaintiff was being targeted in Washington State. All aforementioned also **constitute RICO Predicate acts under** 18 U.S.C. §1512(c)(1)(2)-(e)-(k)-- §1513--§1343--§1349--§1503--§1961 through 1964(c) and civil rights violations under 42 U.S.C. §1983 and 42 U.S.C. §1985(2)-(3). Plaintiffs incorporate by reference in full detail all aforementioned — as though fully set forth herein. The aforementioned also **Constitutes** retaliation against an elder abuse victim and other plaintiff for reporting elder abuse --- in violation of KRS 209.030, KRS 209.050, KRS 209.990(1) through (6), with civil recovery also under KRS 446.070. (Refer to Rankin v. Howard, 633 F.2d 844 (9th Cir. 1980) and United States v. Dugan, No. 2:25-cr-00089 (E.D. Wis. 2025) as immunity is eliminated because effectively deleting plaintiffs from their own case serves the defendant--who never entered a response or appearance--and who has legally binding CR 8.04 admissions of liability. (Refer to PX-63 through PX-87, and Section XIX.)

**PRECEDENT 25 — Fraudulent Electronic Notice of Entry by Judges --- Without Jurisdiction --- Regarding Pro Se Plaintiffs Who Never Elected Electronic Notice of Entry---- Because Pro Se Plaintiffs Are Systematically Denied Electronic Access --- When Opposing Counsel Has Access --- Constitutes, as a matter of law --- a fraudulent public**

**record, tampering with public records under KRS 519.060 --- RICO Predicate Acts** that **simultaneously serve as evidence of the enterprise's fraudulent systematic categorical denial of electronic access --- while fraudulently continuing to deny/deprive/obstruct pro se plaintiffs of all physical mail legal service --- which Plaintiffs have continuously demanded.**

**First Impression** — No federal circuit has addressed whether a fraudulent docket entry showing electronic notice of entry by judges --- **without jurisdiction** --- regarding pro se plaintiffs who never elected electronic notice of entry ---- because pro se plaintiffs are fraudulently systematically and categorically denied all access to the court's electronic filing and notification system — constitute, as a matter of law --- a fraudulent public record, tampering with public records under KRS 519.060 --- RICO Predicate Acts that simultaneously serve as evidence of the enterprise's fraudulent systematic categorical denial of electronic access --- while fraudulently continuing to deny/deprive pro se plaintiffs of any and all physical mail legal service --- which Plaintiffs have continuously demanded --- across all Jefferson Circuit Court cases. The specific combination — fraudulent systematic categorical denial/deprivation of electronic access and fraudulent denial/deprivation of pbysical mail delivery --- combined with judge's (without jurisdiction) fraudulent docket entries of electronic notice of entry --- when said judges (without jurisdiction) have been continuously notified by Plaintiff that the only legal service to plaintiffs is through physical mail — creates a documented false and fraudulent record serving two simultaneous enterprise functions. **First,** it creates the false, deceptive, and fraudulent appearance that the plaintiff received electronic notice --- while ensuring that the plaintiff(s) never received actual notice. **Second,** it creates a false and fraudulent record of the plaintiff's/plaintiffs' consent to electronic notification that was **never** possible --- given plaintiffs' categorical fraudulent denial of access. No published opinion has addressed either function in

the context of systematic categorical denial of eFiling/electronic access to pro se plaintiffs — and the denial of physical mailing of legal service to pro se plaintiffs --- and the specific use of the false and fraudulent NOE entry to simultaneously create false and fraudulent appearances of notice --- and create false and fraudulent documentation of consent when there is **no consent** --- has no analog in any American court record.

**Requested Holding — A fraudulent docket entry showing electronic notice of entry by judges-- without jurisdiction --- regarding pro se plaintiffs who never elected electronic notice of entry — because pro se plaintiffs are fraudulently systematically and categorically denied/deprived/obstructed of all access to the court's electronic filing and notification system — Constitutes ---- as a matter of law --- a fraudulent public record, tampering with public records under KRS 519.060 --- RICO Predicate Acts --- that simultaneously serve as evidence of the enterprise's fraudulent systematic categorical denial/ deprivation/ obstruction of all electronic access --- while fraudulently continuing to deny/ deprive/ obstruct pro se plaintiffs of all physical mail legal service --- which Plaintiffs have continuously demanded --- across all Jefferson Circuit Court cases. The specific combination — fraudulent systematic categorical denial/ deprivation/ obstruction of electronic access and fraudulent denial/deprivation/obstruction of physical mail delivery --- combined with judge's and judges' fraudulent docket entries of electronic notice of entry --- when said judges** (without jurisdiction) **have been continuously notified by Plaintiffs that the only legal service to plaintiffs is through physical mail — creates a documented false and fraudulent record serving simultaneous enterprise functions. First,** it creates the false, deceptive, and fraudulent appearance that the plaintiff received electronic notice --- while ensuring that the plaintiff(s) never received actual notice. **Second,** it creates a false and

fraudulent record of the plaintiffs' consent to electronic notification that was **never** possible --- given plaintiffs' categorical fraudulent denial/deprivation of access. This **constitutes** the fraudulent systematic categorical denial of eFiling/electronic access to pro se plaintiffs --- and the denial/deprivation of physical mailing of legal service to pro se plaintiffs --- and the specific use of the false and fraudulent NOE entry to simultaneously create false and fraudulent appearances of notice --- and create false and fraudulent documentation of consent when there is **no consent**. Plaintiffs incorporate by reference in full detail paragraphs 2631A through 2631M regarding legal authority application cited herein. Court employees have fraudulently attempted to deceive Plaintiff through phone and internet phone interstate communications --- audio recorded and transcribed. Plaintiff asserts many documented electronic communications notifying judges and court employees that Plaintiff was being targeted in Washington State. All aforementioned also constitute **RICO Predicate acts under** 18 U.S.C. §1512(c)(1)(2)-(e)-(k)--§1513--§1343--§1349--§1503--§1961 through 1964(c) and civil rights violations under 42 U.S.C. §1983 and 42 U.S.C. §1985(2)-(3). Plaintiffs incorporate by reference in full detail all aforementioned — as though fully set forth herein. (Refer to PX-63 through PX-87, PX-88 through PX-92, and PX-125 through PX-130 and Section XIX.)

**PRECEDENT 26 — Fraudulent De Facto Representation for Defendant(s) by Judge(s) --- Without Jurisdiction --- When Defendant Has No Notice of Appearance and No Response After Legal Service --- And Defendant has Substantive CR 8.04 Legally Binding Admissions of Liability in Direct Contradiction to Said Judge(s) --- as Per Se Non-Judicial Illegal and Fraudulent Misconduct --- AND a Judge Cannot Rule Against Plaintiff(s) When a Defendant has Legally Binding Judicial Admissions of Liability and Damages, Including**

**Special Damages and their dollar ($) amounts, regarding and including admissions of All Claims for Relief/ Counts/ Causes of Action in a complaint --- RICO Predicate Acts**

**First Impression:** No federal court at any level in any jurisdiction has addressed whether a civil circuit court judge --- **without jurisdiction** --- who fraudulently provides de facto advocacy and representation for a defendant by fraudulently entering an order --- fraudulently attempting to protect a defendant — when that defendant has filed no notice of appearance --- filed no response after legal service by Deputy Sheriff — and has generated legally binding and conclusive CR 8.04 admissions of liability across all averments/allegations/adjudicative facts in the plaintiff's/plaintiffs' complaint - in direct contradiction to said judge --- **constitutes** said judge fraudulently acting as de facto legal representation for that defendant — and **constitutes per se fraudulent non-judicial** misconduct --- that eliminates judicial immunity — because the judge's fraudulently attempted protective orders directly contradict the defendant's own legally binding admissions of liability — creating an irreconcilable conflict between the judge's fraudulently attempted protective misconduct and the substantive record that the defendant's own default generated --- AND a Judge Cannot Rule Against Plaintiff(s) When a Defendant has Legally Binding Judicial Admissions of Liability and Damages, Including Special Damages and their dollar ($) amounts, regarding and including admissions of All Claims for Relief/ Counts/ Causes of Action in a complaint.

**Requested Holding: A civil circuit court judge --- without jurisdiction --- who fraudulently provides de facto advocacy and representation for a defendant by fraudulently entering an order----fraudulently attempting to protect a defendant — when that defendant has filed no notice of appearance — filed no response after legal service by Deputy Sheriff or after any legal service — and defendant has generated legally binding and conclusive substantive**

**CR 8.04 admissions of liability or comparable admissions --- across all averments/ allegations/ adjudicative facts in the plaintiffs' complaint — in direct contradiction to said judge(s) --- Constitutes --- said judge(s) fraudulently acting as de facto legal representation for that defendant — and --- Constitutes --- per se fraudulent non-judicial misconduct --- that eliminates judicial immunity — because the judge's fraudulently attempted protective orders directly contradict the defendant's own legally binding admissions of liability — creating an irreconcilable conflict between the judge's fraudulently attempted protective misconduct and the substantive record that the defendant's own default generated --- AND Constitutes and Mandates --- that a Judge Cannot Rule Against Plaintiff(s) When a Defendant has Legally Binding Judicial Admissions of Liability and Damages, Including Special Damages and their dollar ($) amounts, regarding and including admissions of All Claims for Relief/ Counts/ Causes of Action in a complaint.** Plaintiffs incorporate by reference in full detail paragraphs 2631A through 2631M regarding legal authority application cited herein. Court employees have fraudulently attempted to deceive Plaintiff through phone and internet phone interstate communications --- audio recorded and transcribed. Plaintiff asserts many documented electronic communications notifying judges and court employees that Plaintiff was being targeted in Washington State. All aforementioned also **constitute RICO Predicate acts under** 18 U.S.C. §1512(c)(1)(2)-(e)-(k)-- §1513--§1343--§1349--§1503--§1961 through 1964(c) and civil rights violations under 42 U.S.C. §1983 and 42 U.S.C. §1985(2)-(3). Plaintiffs incorporate by reference in full detail all aforementioned --- as though fully set forth herein. (Refer to PX-63 through PX-87, PX-88 through PX-92, PX-125 through PX-130, Section XIX.)

**PRECEDENT 27 — Fraudulent De Facto Advocacy and Representation for Defendant by a Judge --- Without Jurisdiction --- Compounded by Defendant's Active Evasion of Service --- as Per Se Non-Judicial Illegal and Fraudulent Misconduct --- RICO Predicate Acts**

**Whether** a civil circuit court judge --- **without jurisdiction** --- who fraudulently provides de facto advocacy and representation for a defendant by fraudulently entering an order --- fraudulently attempting to protect a defendant --- when that defendant is simultaneously actively evading service of process by Deputy Sheriff, making the judge's fraudulent order the only institutional attempted protection available to a defendant --- who has rendered herself --- beyond and **outside of** the court's jurisdiction --- through deliberate evasion --- **Compounds** the fraudulent misconduct — and judicial immunity is further eliminated --- when the benefited defendant is simultaneously actively evading service of process by Deputy Sheriff, making the judge's fraudulent order the only institutional attempted protection available to a defendant --- who has rendered herself --- beyond and **outside of** the court's jurisdiction --- through deliberate and intentional evasion.

**First Impression** — No federal or state court has addressed the specific compound of fraudulent judicial de facto advocacy and representation by a judge --- without jurisdiction --- combined with the defendant's simultaneous active evasion of legal service by Deputy Sheriff. The Michelle Burkhead situation presents a specific factual combination that has never appeared in any American civil case — a judge --- without jurisdiction --- fraudulently entering an order benefiting a defendant --- who was actively evading the sheriff's legal service attempts to commence said case — meaning the judge's fraudulent orders provided fraudulent institutional protection to a defendant --- who was simultaneously obstructing the court's own process. The judge's (without jurisdiction) fraudulent de facto advocacy and representation --- and the

defendant's legal service evasion together --- constitute coordinated and conspiratorial enterprise misconduct — the defendant evades service while the fraudulent judge --- without jurisdiction --- fraudulently attempts to provide the legal defense for the defendant. There is zero legal basis for this.

**Requested Holding** — A judge's (without jurisdiction) **fraudulent de facto advocacy and representation for a defendant --- who is simultaneously actively evading legal service** of process --- by the Deputy Sheriff/any legal service---is a **compounded fraudulent non-judicial act** --- that **eliminates immunity under Rankin v. Howard, 633 F.2d 844 (9th Cir. 1980) and United States v. Dugan, No. 2:25-cr-00089 (E.D. Wis. 2025)** --- because the judge's (without jurisdiction) order --- fraudulently attempts to provide institutional protection to a defendant --- **who has rendered herself or themself "beyond or outside of" the court's jurisdiction --- through deliberate evasion** — making the **judge's--(without jurisdiction) fraudulent acts --- the functional equivalent of conspiring with the evading defendant to defeat the court's own legal service mechanism** — which --- **Constitutes** a fraudulent **non-judicial agreement** under the aforementioned case laws **and under RICO** Predicate Acts. Plaintiffs incorporate by reference in full detail paragraphs 2631A through 2631M regarding legal authority application cited herein. Court employees have fraudulently attempted to deceive Plaintiff through phone and internet phone interstate communications --- audio recorded and transcribed. Plaintiff asserts many documented electronic communications notifying judges and court employees that Plaintiff was being targeted in Washington State. All aforementioned also **constitute RICO Predicate acts under** 18 U.S.C. §1512(c)(1)(2)-(c)-(k)-- §1513--§1343--§1349--§1503--§1961 through 1964(c) and civil rights violations under 42 U.S.C. §1983 and 42 U.S.C. §1985(2)-(3). Plaintiffs

incorporate by reference in full detail all aforementioned — as though fully set forth herein. (Refer to PX-63 through PX-87, PX-88 through PX-92, PX-125 through PX-130, Section XIX.)

**PRECEDENT 28 — Judge's --- Without Jurisdiction --- Fraudulent De Facto Advocacy and Representation for Defendant---Pattern --- Across Four Simultaneous Cases --- as Documented Enterprise Coordination and Conspiracy --- RICO Predicate Acts**

**Whether** a judge's (without jurisdiction) identical fraudulent de facto advocacy and representation for defendants---pattern — fraudulently entering orders --- exclusively benefiting non-appearance defendants --- denying/depriving/obstructing plaintiffs' initial motions, fraudulently attempting to delete the elder abuse plaintiff and the other plaintiff with individual claims for relief, and entering fraudulent electronic notices of entry — across four separate cases --- involving four separate non-appearance defendants simultaneously — constitutes documented enterprise coordination and conspiracy — establishing the association-in-fact enterprise's common fraudulent purpose --- from the judge's own official records --- across multiple cases.

**First Impression** — No federal or state court has addressed whether identical judicial de facto advocacy for defendants across four simultaneous cases involving four separate non-appearance defendants — producing identical results in all four cases without any legitimate procedural basis in any of them — constitutes proof of enterprise coordination and conspiracy from the judge's own official records. The probability that four separate judicial decisions — each identically benefiting four separate non-appearance defendants in four separate cases filed by the same plaintiffs — resulted from independent judicial analysis rather than enterprise coordination and conspiracy --- approaches mathematical impossibility. No published opinion has addressed the use of identical cross-case fraudulent judicial misconduct patterns as proof of enterprise coordination and conspiracy.

**Requested Holding — A judge's (without jurisdiction) identical fraudulent de facto** advocacy and representation for defendants---pattern --- **across four simultaneous cases** --- involving four separate **non-**appearance defendants — producing identical adverse results for the same plaintiffs in all four cases without any legitimate procedural basis --- **Constitutes ---** proof of enterprise coordination and conspiracy from the judge's own official records — satisfying the fraudulent common purpose and continuing unit elements of the associated-in-fact enterprise from the judge's own orders alone — and establishing that the fraudulent identical cross-case pattern resulted from enterprise coordination and conspiracy --- and **Constitutes --- RICO Predicate Acts.** Plaintiffs incorporate by reference in full detail paragraphs 2631A through 2631M regarding legal authority application cited herein. Court employees have fraudulently attempted to deceive Plaintiff through phone and internet phone interstate communications --- audio recorded and transcribed. Plaintiff asserts many documented electronic communications notifying judges and court employees that Plaintiff was being targeted in Washington State. All aforementioned also **constitute RICO Predicate acts under** 18 U.S.C. §1512(c)(1)(2)-(e)-(k)--§1513--§1343--§1349--§1503--§1961 through 1964(c) and civil rights violations under 42 U.S.C. §1983 and 42 U.S.C. §1985(2)-(3). Plaintiffs incorporate hy reference in full detail all aforementioned — as though fully set forth herein. (Refer to PX-63 through PX-87, PX-88 through PX-92, PX-125 through PX-130, Section XIX.)

**PRECEDENT 29** — Defendant's/defendants' Legally Binding Judicial Admissions of Liability --- Directly Contradicting **Fraudulent Felony Accusations Against Plaintiff(s)**---hy the Judge (judges) (**Without Jurisdiction**) --- Where the Judge's (judges') Fraudulent Felony Accusations Against Plaintiff(s) Were Made in an Order **Prior** to the Existence of Said Case and Prior to the Defendant Being Legally Served by the Deputy Sheriff --- Legally Commencing Said Case

Under CR 3.01 --- Thereby Voiding and Nullifying the Judge's (judges') Fraudulent Felony Accusations Against Plaintiff(s) --- And Judge's (judges') Fraudulent Felony Accusations Against Plaintiff(s) Are a Non-Judicial Act --- And are Per Se Documentary Proof that the fraudulent felony accusations against plaintiff(s) were fraudulent enterprise obstructions --- **RICO Predicate Acts**

**Whether** legally binding judicial admissions of liability — established through a defendant's failure to respond under substantive Kentucky CR 8.04 in a specific case — that admit all claims for relief/counts --- **Constitute per se documentary proof** that the felony accusations were fraudulent enterprise obstruction — because the admissions in Plaintiffs' case files prove the plaintiffs' claims are valid and that the judge's fraudulent accusations are a non-judicial function.

**First Impression** — No federal or state court has addressed the specific compound where Defendant's Legally Binding Judicial Admissions of Liability Directly Contradicting Fraudulent Felony Accusations Against Plaintiff(s)---by the Judge (Without Jurisdiction) --- Where the Judge's Fraudulent Felony Accusations Against Plaintiff(s)Were Made in an Order Prior to the Existence of Said Case and Prior to the Defendant Being Legally Served by the Deputy Sheriff -- Legally Commencing Said Case Under CR 3.01 --- Thereby Voiding and Nullifying Judge's Fraudulent Felony Accusations Against Plaintiff(s) --- And Judge's Fraudulent Felony Accusations Against Plaintiff(s) Are a Non-Judicial Act --- And are Per Se Documentary Proof that the felony accusations against plaintiff(s) were fraudulent enterprise obstruction of the due administration of justice. No published opinion has addressed the aforementioned. This compound is unique and has no analog anywhere in American civil litigation history.

**Requested Holding — Defendant's (defendants') Legally Binding Judicial Admissions of Liability that Directly Contradict Fraudulent Felony Accusations Against Plaintiffs---by a**


Edward Colgate 22023 SE Wax Rd., Box 1452, Maple Valley, WA 98038, King Co.

**Judge (judges) (Without Jurisdiction) --- Where the Judge's (judges') Fraudulent Felony Accusations Against Plaintiff(s) Were Made in an Order Prior to the Existence of Said Case --- and Prior to the Defendant Being Legally Served by the Deputy Sheriff or any other legal service---Legally Commencing Said Case Under CR 3.01 --- Nullifies and Voids the Judge's (judges') (without jurisdiction)--Fraudulent Felony Accusations Against Plaintiff(s) --- And the Judge's (judges') (without jurisdiction) --- Fraudulent Felony Accusations Against Plaintiff(s) --- Constitute Non-Judicial Acts --- AND Constitute Per Se Documentary Proof that the fraudulent felony accusations against Plaintiff(s) by a judge (judges') (without jurisdiction) were fraudulent enterprise RICO Predicate Acts.** This is from the case's own official court records. Plaintiffs incorporate by reference in full detail paragraphs 2631A through 2631M regarding legal authority application cited herein. Court employees have fraudulently attempted to deceive Plaintiff through phone and internet phone interstate communications --- audio recorded and transcribed. Plaintiff asserts many documented electronic communications notifying judges and court employees that Plaintiff was being targeted in Washington State. All aforementioned also **constitute RICO Predicate acts under** 18 U.S.C. §1512(c)(1)(2)-(e)-(k)-- §1513--§1343--§1349--§1503--§1961 through 1964(c) and civil rights violations under 42 U.S.C. §1983 and 42 U.S.C. §1985(2)-(3). Plaintiffs incorporate by reference in full detail all aforementioned — as though fully set forth herein. (Refer to PX-63 through PX-87, PX-88 through PX-92, PX-125---PX-130, Section XIX.)

**PRECEDENT 30 — Same Compound As in Precedent 29 Plus Compounded** Across Five Simultaneous Cases --- Establishes Enterprise Pattern From Case Records Alone --- Regarding--- Each of Five Separate Defendants' Legally Binding Judicial Admissions of Liability --- Directly Contradicting Fraudulent Felony Accusations against Plaintiff(s) by a Judge (judges) **(Without**

**Jurisdiction)** in Each of the Five Cases --- Where the Judge's (judges') Fraudulent Felony Accusations Against Plaintiff(s) --- Were Made in an Order --- Prior to the Existence of Said Case and Prior to the Defendants Being Legally Served by the Deputy Sheriff or any other legal service --- Legally Commencing Each of Said Cases Under CR 3.01 or equivalent --- **Thereby Nullifying and Voiding Judge's (judges')** (without jurisdiction) **Fraudulent Felony Accusations Against Plaintiff(s) --- in five (5) Cases --- Are a Non-Judicial Act --- And are Per Se Documentary Proof** that the fraudulent felony accusations against Plaintiff(s) were/are **RICO Predicate Acts.**

**First Impression** --- No federal or state court has addressed whether the simultaneous appearance of identical fraudulent judicial misconduct --- combined with identical defendant defaults --- producing contradictory admissions of liability across five separate cases --- establishes a RICO pattern from the cases' own records alone. Five separate defendants independently failed to respond in five separate cases — producing five separate sets of admissions of liability --- directly contradicting five identical sets of fraudulent judicial accusations against Plaintiff(s) — clearly and as a matter of fact --- demonstrates enterprise coordination and conspiracy. No published opinion has addressed this specific five-case compound --- as a self-proving enterprise pattern --- because no case has ever presented this factual combination across five simultaneous cases.

**Requested Holding** --- **Compounds** Across Five Simultaneous Cases --- Establishes Enterprise Pattern From Case Records Alone --- Regarding --- Each of Five Separate Defendants' Legally Binding Judicial Admissions of Liability --- Directly Contradicting Fraudulent Felony Accusations Against Plaintiff(s) by a Judge (judges) (Without Jurisdiction) --- in Each of the Five Cases --- Where the Judge's (judges') Fraudulent Felony Accusations Against Plaintiff(s) ---

Were Made in an Order --- **Prior to** the Existence of Said Case and Prior to the Defendants Being Legally Served by the Deputy Sheriff or any other legal service---Legally Commencing Each of Said Cases Under CR 3.01 or equivalent --- **Thereby Nullifying and Voiding a Judge's (Judges')** (without jurisdiction) **Fraudulent Felony Accusations Against Plaintiff(s) --- in five (5) Cases or in Multiple Cases ---** Since the aforementioned --- **Constitute Non-Judicial Acts---- And Constitute Per Se Documentary Proof** that the fraudulent felony accusations against Plaintiff(s) were/are **RICO Predicate Acts ---** And **establishes** the enterprise's pattern of racketeering activity from those cases' own official records --- and **establishes coordination and conspiracy** — satisfying and establishing both the relatedness and continuity elements of the RICO pattern --- from official court records alone. Plaintiffs incorporate by reference in full detail paragraphs 2631A through 2631M regarding legal authority application cited herein. Court employees have fraudulently attempted to deceive Plaintiff through phone and internet phone interstate communications --- audio recorded and transcribed. Plaintiff asserts many documented electronic communications notifying judges and court employees that Plaintiff was being targeted in Washington State. All aforementioned also **constitute RICO Predicate acts under** 18 U.S.C. §1512(c)(1)(2)-(e)-(k)-- §1513--§1343--§1349--§1503--§1961 through 1964(c) and civil rights violations under 42 U.S.C. §1983 and 42 U.S.C. §1985(2)-(3). Plaintiffs incorporate by reference in full detail all aforementioned — as though fully set forth herein. (Refer to PX-63 through PX-87, PX-88 through PX-92, PX-108, PX-125 through PX-130, Section XIX.)

**PRECEDENT 31 — Compounding Effect of --- Void Judge Assignments and Void Case Assignments by a Non-Payroll Alias --- Prior to Plaintiff(s) Official Filings of Complaints--- That were Processed and Filed by use of a Non-Payroll Alias --- Voiding the Official Filings-**

**--Combined with and Followed by five (5) Fraudulent Felony Accusations Against Plaintiff(s) by Judges --- Without Jurisdiction --- Across 5 Cases --- Prior to Legal Commencement of all five (5) Cases by Legal Service by Deputy Sheriff or any other legal service --- Where Each of the five (5) separate defendants have legally binding admissions of liability in direct contradiction to the 5 fraudulent felony accusations** against plaintiff(s)--- **AND Additionally Compounded by Fraudulent felony accusations** against plaintiff(s) **as a Constitutional Safety issue/barrier obstructing/ depriving court access and equal rights and equal protections --- depriving/ obstructing/ preventing Plaintiffs from physically accessing any and all Kentucky courts** — which is an Independent Ground for Federal Venue Necessity and is a Per Se Deprivation of Right to Access Courts --- **and independently establishing the Western District of Washington as the only constitutionally available forum for enforcement of all rights established herein --- And Establishes Definitive Proof of the Enterprise Predicate Chain From Official Records Alone --- And establishes RICO Predicate Acts.** This is a **First-in-American-Legal-History with multiple specific Compounds.**

**First Impression** — No federal circuit has addressed whether the simultaneous presence of **six independently established compounding voids in same proceedings** — void fraudulent pre-commencement of judge assignments and case number assignments --- void fraudulent processing and filing by a non-payroll alias five fraudulent felony accusations against plaintiff(s) by judges--without jurisdiction --- across five separate cases --- each fraudulent accusation against plaintiff(s) entered prior to legal service by Deputy Sheriff—legally commencing each of the 5 cases and five defendants' legally binding CR 8.04 admissions of liability in direct contradiction to each fraudulent felony accusation AND Additionally

Compounded by Fraudulent felony accusations against plaintiff(s) as a **Constitutional Safety** issue/ barrier obstructing/ depriving court access and equal rights and equal protections --- depriving/ obstructing/ preventing Plaintiffs from physically accessing any and all Kentucky courts --- which is an Independent Ground for Federal Venue Necessity and is a Per Se Deprivation of Right to Access Courts --- each layer established from a separate and independent category of official government records----whose accuracy cannot reasonably be questioned — constitutes definitive proof of an association-in-fact enterprise predicate chain under 18 U.S.C. §1961(4) --- established from official records alone.

**Requested Holding — The Compounding Effect of --- Void Judge Assignments and Void Case Assignments by a Non-Payroll Alias --- Prior to Plaintiff(s) Official Filings of Complaints --- That were Processed and Filed by the use of a Non-Payroll Alias --- Voiding the Official Filings --- Combined with and Followed by five (5) Fraudulent Felony Accusations Against Plaintiff(s) by Judges --- Without Jurisdiction --- Across 5 Cases --- Prior to Legal Commencement of all five (5) Cases by Legal Service by Deputy Sheriff or any other legal service --- With Each of the five (5) separate or multiple defendants having legally binding admissions of liability under substantive CR 8.04 admissions or similar --- in direct contradiction to the 5 or multiple fraudulent felony accusations against Plaintiff(s) --- AND Additionally Compounded by Fraudulent felony accusations against Plaintiff(s) as a Constitutional Safety issue/barrier obstructing/ depriving court access and equal rights and equal protections --- depriving, obstructing, and preventing Plaintiffs from physically accessing any and all Kentucky courts** — which is an Independent Ground for Federal Venue Necessity and is a Per Se Deprivation of Right to Access Courts --- **and independently establishing the Western District of Washington as the only constitutionally available forum**

**for enforcement of all rights established berein --- Establishes and Constitutes Definitive Proof of an association-in-fact enterprise predicate chain under 18 U.S.C. §1961(4) ---** established from official records alone. The **simultaneous presence of all six (6) or multiple compounding voids in the same proceedings --- Voiding all proceedings from inception — Establisbes and Constitutes --- the fact that all court actors and all judicial actors (without jurisdiction) --- acted fraudulently in the complete absence of jurisdiction** -- in complicity and in conspiracy with the defendant, attempting to obstruct/deprive Plaintiffs' recovery and attempting to enable defendant's unjust enrichment --- which **facially** makes **all enterprise liability findings mandatory** --- based on **facially deliberate, intentional, coordinated, conspiratorial enterprise misconduct --- since there are six (6) or multiple independent categories of official government records --- with each independently establishing and constituting a separate compounding void simultaneously --- and with each supporting the same institutional fraud.** The enterprise predicate chain established by the six or multiple compounding voids documented herein is further corroborated by Precedent 16 — in which official **AOC payroll records use the term "Enterprise"** as a party designation --- constituting a party admission of enterprise existence --- that independently confirms what the six compounding voids establish from official records alone. Plaintiffs incorporate by reference in full detail paragraphs 2631A through 2631M regarding legal authority application cited herein. Court employees have fraudulently attempted to deceive Plaintiff through phone and internet phone interstate communications --- audio recorded and transcribed. Plaintiff asserts many documented electronic communications notifying judges and court employees that Plaintiff was being targeted in Washington State. All aforementioned also **constitute RICO Predicate acts under** 18 U.S.C. §1512(c)(1)(2)-(e)-(k)-- §1513--§1343--§1349--§1503--§1961 through 1964(c)

and civil rights violations under 42 U.S.C. §1983 and 42 U.S.C. §1985(2)-(3). Plaintiffs incorporate by reference in full detail all aforementioned as though fully set forth herein. This is a **First-in-American- Legal-History Compound with multiple specific Compounds.** (Refer to PX-63 through PX-87, PX-88 through PX-92, PX-108, PX-125 through PX-130, PX-82 through PX-87, Sections XIX and XXIX.)

**Precedent 32** — Continuing Fraudulent Maintenance of Fraudulent Felony Accusations Against Plaintiff(s) in Active Government Records by Judges (Without Jurisdiction) as Ongoing Fraudulent Constitutional Safety Barrier - Independent Ground for Federal Venue Necessity Where Plaintiff Resides Per Se Deprivation of Right to Access Courts --- and Definitive Proof of Enterprise Predicate Chain From Official Records Alone

**First Impression** — No federal circuit has addressed whether fraudulent felony accusations against Plaintiff(s) entered by judges (without jurisdiction) — remaining uncorrected in active official government records — **constitutes** an ongoing daily continuing constitutional safety barrier that independently establishes federal venue necessity where Plaintiff resides as a matter of law — or whether a plaintiff who cannot physically access any state court without facing criminal prosecution based on official court records containing fraudulent felony accusations against plaintiff(s) is a per se deprivation of the constitutional right to access courts that independently establishes the federal district where the plaintiff resides as the only constitutionally available forum — without requiring any additional showing of prejudice or exhaustion of state remedies that the safety barrier itself makes impossible.

**Requested Holding** Fraudulent felony accusations against Plaintiff(s) entered by judges (without jurisdiction) which are fraudulently maintained uncorrected --- in active official government records --- **constitute** an ongoing daily continuing fraudulent constitutional safety

barrier --- that independently establishes federal venue necessity where the Plaintiff resides --- as a matter of law --- because a plaintiff who cannot physically access any state court without facing criminal prosecution based on official court records containing fraudulent felony accusations against plaintiff(s) --- has suffered **per se obstructions and deprivations of the constitutional right to access courts** --- that requires no additional showing of prejudice. The federal district where the plaintiff physically resides is independently established as the only constitutionally available forum for enforcement of all rights established herein — without requiring exhaustion of state remedies --- that the safety barrier itself makes physically impossible. The maintenance of fraudulent felony accusations against Plaintiff(s) --- in active official government records --- by judges (without jurisdiction) --- **Constitutes** independently actionable RICO Predicate Acts --- from official records alone. The fraudulent felony accusations against Plaintiff(s) are **facially** extremely prejudicial. This also **constitutes** the **daily accrual of simultaneous violations** of KRS 209.030(2) — KRS 209.050 --- KRS 209.990(1) through (6) with civil recovery under KRS 446.070 — violations of 42 U.S.C. §1983, 42 U.S.C. §1985 --- and RICO predicate act violations --- arising from the continuing fraudulent maintenance of fraudulent felony accusations against plaintiff(s) in active official government records. Plaintiffs incorporate by reference in full detail paragraphs 2631A through 2631M regarding legal authority application cited herein. Court employees have fraudulently attempted to deceive Plaintiff through phone and internet phone interstate communications --- audio recorded and transcribed. Plaintiff asserts many documented electronic communications notifying judges and court employees that Plaintiff was being targeted in Washington State. All aforementioned also **constitute RICO Predicate acts under** 18 U.S.C. §1512(c)(1)(2)-(e)-(k)--§1513--§1343--§1349--§1503--§1961 through 1964(c) and civil rights violations under 42

U.S.C. §1983 and 42 U.S.C. §1985(2)-(3). Plaintiffs incorporate by reference in full detail all aforementioned — as though fully set forth herein. (Note: even though the exhaustion of remedies is unnecessary based on the aforementioned, refer to Section XIX regarding remedies being exhausted. (Refer to PX-63 through PX-87, PX-88 through PX-92, PX-108, PX-125 through PX-130, PX-82 through PX-87, Section XIX.)

**Precedent 33** — Judge's/Judges' (Without Jurisdiction) Fraudulent Refusal to Remove Fraudulent Criminal Accusations Against Plaintiff(s) From Active Government Records as Independently Actionable Continuing Fraudulent Libel Per Se — With Daily Accrual Generating Simultaneous Daily Violations of Elder Abuse Reporting Statutes — Daily Violations of Federal Civil Rights Laws — and daily violations of RICO Predicate Acts

**First Impression** — No federal circuit has addressed whether a judge's (without jurisdiction) refusal to remove fraudulent criminal accusations from active official government records when those fraudulent accusations against Plaintiff(s) were entered without jurisdiction --- and are directly contradicted by legally binding CR 8.04 admissions of liability by the defendants --- where those fraudulent accusations were designed to protect said defendants — constitutes continuing libel per se generating daily accruing damages — and whether each day that the fraudulent accusations remain in active government records --- **Constitute** simultaneous independent violations of elder abuse--mandatory reporting statutes under KRS 209.030(2) and KRS 209.990(1) with civil remedies under KRS 446.070 — and independent federal civil rights obstructions and deprivations under 42 U.S.C. §1983 and §1985 — and independent RICO predicate acts — **all accruing simultaneously each day** the fraudulent felony accusations against Plaintiff(s) remain uncorrected.

**Requested Holding — A judge's/judges' (without jurisdiction) fraudulent refusal(s) to remove fraudulent criminal accusations against Plaintiff(s) from active official government records — when those fraudulent accusations were entered without jurisdiction and are directly contradicted by defendants' legally binding CR 8.04 admissions of liability — constitutes continuing fraudulent libel per se obstructions and deprivations --- generating daily accruing damages from the date of entry through the date of removal** --- because **each day** that the fraudulent accusations against Plaintiff(s) remain in official records --- **constitutes a new publication** of the fraudulent libel to all persons accessing those records. The fraudulent felony accusations against Plaintiff(s) are **facially** extremely prejudicial. Each day of continuing fraudulent maintenance of fraudulent criminal accusations in active government records --- **simultaneously Constitute independent violations** of the following: KRS 209.030(2) --- mandatory elder abuse reporting obligations --- KRS 209.050 (regarding retaliation) --- KRS 209.990(1) through (6) (elder abuse) --- converted to civil recovery under KRS 446.070 --- independent federal civil rights obstructions and deprivations under 42 U.S.C. §1983 and 42 U.S.C. §1985 — and independent RICO Predicate Acts --- making the **total damages from the continuing violations --- the sum of all daily accruing violations** across all three simultaneous legal frameworks --- from the date of entry through the date of judgment. Plaintiffs incorporate by reference in full detail paragraphs 2631A through 2631M regarding legal authority application cited herein. Court employees have fraudulently attempted to deceive Plaintiff through phone and internet phone interstate communications --- audio recorded and transcribed. Plaintiff asserts many documented electronic communications notifying judges and court employees that Plaintiff was being targeted in Washington State. All aforementioned also **constitute RICO Predicate acts under** 18 U.S.C. §1512(c)(1)(2)-(e)-(k)-- §1513--§1343--§1349--§1503--§1961 through

1964(c) and civil rights violations under 42 U.S.C. §1983 and 42 U.S.C. §1985(2)-(3). Plaintiffs incorporate by reference in full detail all aforementioned — as though fully set forth herein. (Refer to PX-63 through PX-87, PX-88 through PX-92, PX-108, PX-125---PX-130, PX-82 through PX-87, Section XIX.)

**PRECEDENT 34 — Internally Contradictory Personnel Classification as Self-Proving Institutional Fraud From Official Records Alone --- RICO Predicate Acts**

**First Impression** — No federal or state court has addressed whether an internally self-contradictory personnel classification — one whose title designation and pay grade designation are mutually exclusive under the issuing institution's own classification framework constitutes self-proving institutional fraud from the official records' internal contradiction alone, without requiring any external evidence of fraudulent intent. Standard payroll fraud analysis examines whether compensation was unauthorized — requiring proof that the actor knew the compensation was improper. This question addresses a categorically different evidentiary posture — where the fraud is proven not by showing that someone knowingly paid an unauthorized amount --- but by showing that the **classification instrument is internally impossible under the institution's own rules** — making **fraudulent intent** irrebuttable because no legitimate personnel action could produce a position that is "**simultaneously Non-Tenured and Tenured Classified under the same classification system.**" No published opinion has addressed internally contradictory classification as a self-proving fraud mechanism — because no government institution has previously been documented creating a position **whose own title and own grade designation are mutually exclusive under that institution's own personnel framework** — making this a question of absolute first impression with no analogous precedent in any American court at any level.

**Requested Holding** — A state court system's official personnel records showing a position "**simultaneously designated as Non-Tenured At-Will through its title designation and Tenured Classified through its pay grade designation" — where those two designations are mutually exclusive under the Personnel Cabinet's own classification framework --- and cannot coexist in any legitimately created position — constitute self-proving institutional fraud from the official records' internal contradiction alone** — because the impossibility of the classification under the institution's own rules **eliminates** administrative error as an explanation and **establishes fraudulent instrument** creation as the only remaining one — making the internally contradictory classification independent RICO Predicate Acts, tampering with public records under KRS 519.060, and official misconduct under KRS 522.020 — and making fraudulent intent irrebuttable from the classification's own terms — because only a **fraudulently acting person(s)** would create a position that is **simultaneously Non-Tenured and Tenured Classified** under the system that they administer. Facially, said person(s) knows that the aforementioned are mutually exclusive. Plaintiffs incorporate by reference in full detail paragraphs 2631A through 2631M regarding legal authority application cited herein. Court employees have fraudulently attempted to deceive Plaintiff through phone and internet phone interstate communications --- audio recorded and transcribed. Plaintiff asserts many documented electronic communications notifying judges and court employees that Plaintiff was being targeted in Washington State. All aforementioned also **constitute RICO Predicate acts under** 18 U.S.C. §1512(c)(1)(2)-(e)-(k)-- §1513--§1343--§1349--§1503--§1961 through 1964(c) and civil rights violations under 42 U.S.C. §1983 and 42 U.S.C. §1985(2)-(3). Plaintiffs incorporate by reference in full detail all aforementioned — as though fully set forth herein. (Refer to PX-108 through PX-124, Section XXIX, Section XIX, Section XXVII-Audio30.)

**PRECEDENT 35 — Systematic Misclassification of Permanent Government Employees as Contractors Through Non-Existent Pay Grade Code — Admitted by Personnel's Own Executive Advisor — as Self-Proving Enterprise Payroll Fraud From Official Records and Audio Admission Combined --- RICO Predicate Acts**

**First Impression** — No federal or state court has addressed the --- Systematic Misclassification of Permanent Government Employees as Contractors --- Through a Non-Existent Pay Grade Code — Admitted by Personnel's Own Executive Advisor on audio recording — where the affected employees held permanent position numbers in permanent office locations --- across a hierarchy of operational titles --- from deputy clerk through chief deputy and chief of staff and where the non-existent pay grade code appears in official government payroll records that are publicly maintained by an executive branch agency. Standard employee-versus-contractor misclassification analysis — addressed extensively by the IRS and Department of Labor examines behavioral control, financial control, and type of relationship to determine proper classification. No published opinion has addressed intentional fraudulent misclassification through a non-existent pay grade code that is admitted by Personnel's own executive advisor as a contractor label — because this specific mechanism of **fraudulent misclassification** has never been documented in any American government institution before. The official records showing **non-existent Grade 98 designations across an entire permanent office hierarchy --- combined with an audio admission that Grade 98 Payroll Only means contractor --- combined with the affected employees' permanent position numbers and permanent office locations** --- creating the irrebuttable permanent employee --- and **Not** a contractor ------- is a **self-proving fraud compound** that has no comparable factual predicate in any American court record at any level.

**Requested Holding** --- A state court administrative office's systematic classification of permanent government employees as contractors through a non-existent pay grade code --- admitted by the Personnel Cabinet's own executive advisor as a contractor label on audio recording — where the affected employees maintained permanent position numbers at permanent office locations --- across multiple years in a hierarchy of operational titles from deputy clerk through chief deputy and chief of staff --- **constitutes self-proving enterprise payroll fraud** from the combination of official government records and an institutional audio admission alone --- because the three-element compound of permanent employment, non-existent grade code, and executive advisor admission --- establishes and constitutes deliberate, intentional, fraudulent systematic misclassification — generating the following simultaneous legal consequences. First, each fraudulently misclassified employee's compensation constitutes an unauthorized and fraudulent payment outside of the legitimate personnel framework --- as independent RICO Predicate Acts. Second, the **avoidance of 1099 contractor reporting requirements for employees paid as contractors generates independent federal tax law violations under 26 U.S.C. §6041** for each misclassified payment; Third, the avoidance of Kentucky procurement documentation requirements for contractor relationships generates independent violations of **KRS 45A.095** for each year of misclassification; **Fourth,** the systematic nature of the misclassification across an entire office hierarchy --- **facially** establishes documented institutional motive for the enterprise's fraudulent court and fraudulent judicial obstruction and deprivation --- regarding any and all pro se plaintiffs --- who have systematically always been fraudulently denied and deprived of any and all oral arguments --- satisfying the financial motive element of RICO enterprise association-in-fact membership from the institution's own records and admission. Plaintiffs incorporate by reference in full detail paragraphs 2631A

through 2631M regarding legal authority application cited herein. Court employees have fraudulently attempted to deceive Plaintiff through phone and internet phone interstate communications --- audio recorded and transcribed. Plaintiff asserts many documented electronic communications notifying judges and court employees that Plaintiff was being targeted in Washington State. All aforementioned also **constitute RICO Predicate acts under** 18 U.S.C. §1512(c)(1)(2)-(e)-(k)-- §1513--§1343--§1349--§1503--§1961 through 1964(c) and civil rights violations under 42 U.S.C. §1983 and 42 U.S.C. §1985(2)-(3). Plaintiffs incorporate by reference in full detail all aforementioned — as though fully set forth herein. (Refer to PX-108 through PX-124, and Section XXVII-Audio40, Section XXIX, and Section XIX.)

**PRECEDENT 36 — Holiday Reclassification to Non-Existent Pay Grades With No Salary Change** --- To **Fraudulently Hide the Fact** --- that **two (2) employees' salaries were fraudulently much higher than their listed pay grades --- as Self-Proving Fraudulent Records Manipulation — Targeting Specific Employees Through Fraudulent and/or Unauthorized System Access on a State Holiday --- RICO Predicate Acts**

**First Impression** — No federal or state court has addressed the specific compound of government employee reclassifications occurring on a state holiday when all offices are closed --- to non-existent pay grade designations with no salary change — affecting exactly two specific employees --- whose entire compensation history constitutes the evidentiary core of a documented payroll fraud — with no automated system trigger found upon extensive review of all other employee records on the same date. Standard payroll fraud analysis examines whether compensation was unauthorized — requiring proof of the specific amount and the specific payment. This question addresses a categorically different evidentiary situation — where the fraud is proven not by showing an unauthorized payment but by showing an unauthorized record

entry — identifiable as unauthorized from four simultaneous impossibilities --- that **each independently eliminates** legitimate administrative process as an explanation and that **together eliminate** coincidence as an alternative explanation. **All four elements occurring simultaneously** in a **single reclassification** event affecting exactly **two employees** --- whose **entire compensation history documents systematic payroll fraud** — is a compound that has never appeared in any American government employment record at any level in any published opinion.

**Requested Holding** — The specific compound of government employee fraudulent reclassifications occurring on a state holiday when all offices are closed — to **non-existent** pay grade designations — with no salary change — affecting exactly two specific employees --- whose entire compensation history constitutes the evidentiary core of a documented payroll fraud — with no automated system trigger found upon extensive review of all other employee records on the same date — **Constitutes self-proving fraudulent record manipulation** from the **combination of four simultaneous impossibilities** — timing impossibility establishing unauthorized and/or fraudulent system access; pay grade non-existence establishing fraudulent classification; salary stasis establishing that the fraudulent reclassification was a record entry rather than a genuine personnel action --- to **fraudulently hide the fact** --- that those **two (2) employees' salaries were fraudulently much higher than their listed pay grades** --- and two-employee specificity with no automated trigger--establishing deliberate and intentional targeting ------**Making** the **fraudulent January 1 --- Grade 00** reclassifications --- independent **RICO Predicate Acts** --- and tampering with public records under KRS 519.060 --- and violations of KRS 522.020 --- and unauthorized access to computer systems under 18 U.S.C. §1030 — and violations of 26 U.S.C. §6041 --- and violations of 18 U.S.C. §666 --- making the entry itself

evidence of the **enterprise's awareness of its payroll fraud exposure** — because only an illegitimate institution fraudulently reclassifies two specific employees to non-existent pay grades on a state holiday with no salary change --- to **fraudulently hide the fact** --- that those **two (2) employees' salaries were fraudulently much higher than their listed pay grades** --- because those employees' records required fraudulent manipulation --- that cannot withstand scrutiny during normal business hours when authorized personnel officers are present and accountable. Plaintiffs incorporate by reference in full detail paragraphs 2631A through 2631M regarding legal authority application cited herein. Court employees have fraudulently attempted to deceive Plaintiff through phone and internet phone interstate communications --- audio recorded and transcribed. Plaintiff asserts many documented electronic communications notifying judges and court employees that Plaintiff was being targeted in Washington State. All aforementioned also **constitute RICO Predicate acts under** 18 U.S.C. §1512(c)(1)(2)-(e)-(k)--§1513--§1343--§1349--§1503--§1961 through 1964(c) and civil rights violations under 42 U.S.C. §1983 and 42 U.S.C. §1985(2)-(3). Independent **federal program theft violations under 18 U.S.C. §666 are based on payroll fraud-(Section XXIX)** --- since Kentucky government is federally funded. Plaintiffs incorporate by reference in full detail all aforementioned — as though fully set forth herein. (Refer to PX-108 through PX-124, Section XXVII-Audio40, Section XXIX, and Section XIX.)

**PRECEDENT 37 — Deliberate and Intentional Fraudulent Dual-Status Exploitation — Simultaneously Fraudulently Claiming Non-Tenured or Contractor Status for Above-Schedule Compensation --- and Fraudulently Claiming Tenured Status for Job Security — as an Engineered Institutional Fraud --- RICO Predicate Acts**

**First Impression** — No federal or state court has addressed the specific compound of deliberate, intentional, fraudulent dual-status exploitation in a government employment context — where specific employees simultaneously fraudulently claim the compensation benefits of contractor or non-tenured status --- and fraudulently claim the job security benefits of tenured classified status — through a fraudulent classification system that is engineered to extract both sets of benefits simultaneously --- from frameworks whose mutual exclusivity is fundamental to their design. Standard government payroll fraud analysis addresses whether compensation was above the authorized schedule — a single-dimensional inquiry. Standard employment misclassification analysis addresses whether an employee was improperly classified as a contractor — a single-dimensional inquiry. This question addresses a two-dimensional fraud that operates simultaneously in both compensation and employment security domains — fraudulently extracting unauthorized benefits from both simultaneously --- through a single engineered classification system. No published opinion has analyzed this specific two-dimensional exploitation because no government institution has previously been documented --- engineering a classification system specifically designed to fraudulently extract the maximum benefits from two mutually exclusive employment frameworks simultaneously — making the fraudulent dual-status exploitation a question of absolute first impression --- whose proof requires analyzing the enterprise's classification system across both compensation and employment security dimensions --- rather than examining either dimension in isolation.

**Requested Holding** — The specific compound of deliberate, intentional, fraudulent dual-status exploitation in a government employment personnel context (AOC/ Court Clerk/ Court Clerk employees) — where specific employees **simultaneously fraudulently claim the compensation benefits of contractor or non-tenured status --- and fraudulently claim the job security**

**benefits of tenured classified status — through a fraudulent classification system that is engineered to extract both sets of benefits simultaneously** --- from frameworks whose mutual exclusivity is fundamental to their design --- and where the Personnel Board hearing protections are provided to tenured employees --- and are unavailable to genuine contractors or non-tenured employees--- **with the aforementioned ------ Constituting engineered institutional fraud.** Plaintiffs incorporate by reference in full detail paragraphs 2631A through 2631M regarding legal authority application cited herein. Court employees have fraudulently attempted to deceive Plaintiff through phone and internet phone interstate communications --- audio recorded and transcribed. Plaintiff asserts many documented electronic communications notifying judges and court employees that Plaintiff was being targeted in Washington State. All aforementioned also **constitute RICO Predicate acts under** 18 U.S.C. §1512(c)(1)(2)-(e)-(k)-- §1513--§1343--§1349--§1503--§1961 through 1964(c) and civil rights violations under 42 U.S.C. §1983 and 42 U.S.C. §1985(2)-(3). Plaintiffs incorporate by reference in full detail all aforementioned — as though fully set forth herein. (Refer to PX-108 through PX-124, Section XXVII-Audio40, Section XXIX, and Section XIX.)

**PRECEDENT 38 — Fraudulent Effective Destruction of Pro Se Plaintiffs' Motions Through Systematic Non-Rulings by Judges Without Jurisdiction --- Compounded by All Judges Fraudulently Refusing to Recuse Themselves---Compounded by Chief Justice Fraudulently Refusing to Rule on Plaintiffs' Motions for Judge Reassignments for more than one-year and continuing --- Compounded by Institutional Refusal to Scan and Upload Pro Se Plaintiffs' Filings — Rendering Plaintiffs' 493 Pages in Multiple Filed Motions --- Sent by Certified Mail --- Permanently Effectively Destroyed --- Constituting RICO Predicate Acts**

**First Impression** — No federal circuit has addressed whether a court's systematic refusal to rule on **pro se plaintiff motions** — combined with an institutional policy of refusing to scan and upload those motions into the official electronic record — effectively destroys those motions as a matter of law because motions that exist only as physical documents in a physical file --- exclusively controlled by the same institutional actors who refused to rule on them --- are functionally equivalent to destroyed records --- when those actors have a documented pattern of fraudulent physical record disappearance — or whether the combination of certified mail delivery confirmation — institutional refusal to scan and upload — and systematic non-rulings by judges without jurisdiction --- Who All Fraudulently Refuse to Recuse Themselves --- And Chief Justice Fraudulently Refuses to Rule on Plaintiffs' Motions for Judge Reassignments --- across 493 pages of motions in 10 separate motions --- over periods ranging from **over six months to over one year --- simultaneously --- Constitutes** tampering with physical evidence under KRS 524.100 — official misconduct under KRS 522.020 — maintenance of court records violations under KRS 30A.080(1)-(3) — and ----- **Constitutes** RICO Predicate Acts — each as independent predicate acts establishing the enterprise's pattern of racketeering activity from certified mail delivery records and official court records alone.

**Requested Holding — Fraudulent Effective Destruction of Pro Se Plaintiffs' Motions Through Systematic Non-Rulings by Judges Without Jurisdiction --- Compounded by All Judges Fraudulently Refusing to Recuse Themselves --- Compounded by Chief Justice Fraudulently Refusing to Rule on Plaintiffs' Motions for Judge Reassignments for more than one-year and continuing --- Compounded by Institutional Refusal to Scan and Upload Pro Se Plaintiffs' Filings — Rendering Plaintiffs' 493 Pages in Multiple Filed Motions --- Sent by Certified Mail --- Permanently Effectively Destroyed --- Constituting RICO**

**Predicate Acts ---** and **compounded by** fraudulent systematic refusal to rule on those motions for periods ranging for **over six months to much more than one year ---- Constitute ---** effectively **fraudulently destroying Plaintiffs' motions as a matter of law** --- since certified mail delivery records establish that the motions were received — because motions that exist only as physical documents in a physical file exclusively (although Plaintiff has been told via interstate audio communications that most of those filings have disappeared) --- controlled by the institutional actors who fraudulently refused to rule on them --- and who have a documented pattern of fraudulent physical record disappearance --- **cannot be distinguished from destroyed records** --- for purposes of **due process, equal protection, and equal rights.** The effective **destruction of 493 pages in Plaintiffs' Multiple Motions --- sent via certified mail and received by the courts** --- through **this combination simultaneously ----- Constitutes** tampering with physical evidence under KRS 524.100 — official misconduct in the first degree under KRS 522.020 — violations of mandatory court records maintenance under KRS 30A.080(1)-(3) — and violations of **RICO Predicate Acts. Each is an independent predicate act** qualifying as racketeering activity under 18 U.S.C. §1961(1)(B) — making the **total predicate act count** include **one independent predicate for each motion effectively destroyed** --- generating a **minimum of ten independent** obstruction predicate acts from the ten unruled motions alone --- establishing the pattern of racketeering activity under 18 U.S.C. §1961(5) --- from certified mail delivery records and official court records --- whose accuracy cannot reasonably be questioned. Plaintiffs incorporate by reference in full detail paragraphs 2631A through 2631M regarding legal authority application cited herein. Court employees have fraudulently attempted to deceive Plaintiff through phone and internet phone interstate communications --- audio recorded and transcribed. Plaintiff asserts many documented

electronic communications notifying judges and court employees that Plaintiff was being targeted in Washington State. All aforementioned also **constitute RICO Predicate acts under** 18 U.S.C. §1512(c)(1)(2)-(e)-(k)-- §1513--§1343--§1349--§1503--§1961 through 1964(c) and civil rights violations under 42 U.S.C. §1983 and 42 U.S.C. §1985(2)-(3). Plaintiffs incorporate by reference in full detail all aforementioned — as though fully set forth herein. (Plaintiffs also incorporate by reference in full detail PX-153, PX-154, PX-49, PX-78 through PX-81, PX-97 Through PX-107, PX-158, PX-159---Destruction of Records, PX-42 through PX-49 and PX-82 through PX-87, PX-131 through PX-133, PX-137 through PX-154, Claim for Relief LXII, Section XXVIII, and the Sixth FRE 201 Notice.)

**PRECEDENT 39 — Fraudulent Systematic Non-Rulings --- by Judges Without Jurisdiction --- on Pro Se Plaintiffs' 493 Pages in Multiple Motions --- With All Judges Fraudulently Refusing to Recuse Themselves --- And Chief Justice Fraudulently Refusing to Rule on Plaintiffs' Motions for Judge Reassignments for much more than one-year --- As "Admitting Jurisdictional Absence and Obstruction" ----- "Independently Establishing Void Judge Assignments" --- From the Fraudulent Judicial Misconduct Pattern Alone --- RICO Predicate Acts**

**First Impression** --- No federal circuit has addressed whether a judge's systematic refusal to rule on any motion filed by pro se plaintiffs — spanning periods for over six months to over one year --- across 493 pages of motions in 10 separate motions ---- when combined with that judge's (without jurisdiction) entry of pre-service felony accusations against those same plaintiffs before any defendant was before the court — constitutes **Admitting Jurisdictional Absence and Obstruction** --- while refusing to recuse --- establishing the judge's own awareness of their absence of jurisdiction — because a judge who genuinely believed they had jurisdiction would

rule on pending motions to maintain their jurisdiction — while a judge who knows their assignment is void has a rational motive to avoid any ruling that could be appealed and that would expose the fraudulent assignment foundation ------ **Making** the systematic non-ruling pattern independently sufficient to establish void jurisdiction from judicial misconduct alone.

**Requested Holding — Fraudulent Systematic Non-Rulings --- by Judges Without Jurisdiction --- on Pro Se Plaintiffs' 493 Pages in Multiple Motions --- With All Judges Fraudulently Refusing to Recuse Themselves --- And Chief Justice Fraudulently Refusing to Rule on Plaintiffs' Motions for Judge Reassignments for much more than one-year --- Constitute Judges Admitting --- Including but not limited to Chief Justice --- Their Jurisdictional Absence and Obstruction — Independently Establishing Void Judge Assignments --- From the Fraudulent Judicial Misconduct Pattern Alone --- And Constitute RICO Predicate Acts.** A judge's (judges') (without jurisdiction) fraudulent systematic refusal to rule on any motion filed by pro se plaintiffs --- over periods ranging from over six months to over one-year --- when combined with the judges' (without jurisdiction) fraudulent entry of pre-service orders --- prior to the legal commencement of the cases via service of a summons --- fraudulently targeting those same plaintiffs with fraudulent felony accusations against plaintiff(s) --- and before any defendant was legally before the court --- **Constitute Judges Admitting Their Jurisdictional Absence and Obstruction — Independently Establishing Void Judge Assignments --- while fraudulently refusing to recuse themselves** --- independently establishes the judge's awareness of their **absence** of jurisdiction -- because the combination of **fraudulent pre-service misconduct --- and complete fraudulent post-service inaction** --- regarding all of Plaintiffs' pending motions --- that contain approximately **493 pages** --- is **contrary to** the conduct of a judge who believes they have jurisdiction --- and is **consistent only**

with the conduct of a judge --- **who knows their authority is void --- and who knows that they have NO jurisdiction** --- and is a judge only fraudulently attempting to maintain the appearance of judicial presence --- while **avoiding any appellate-reviewable ruling.** Fraudulent systematic **non**-rulings on pro se plaintiffs' motions by a judge(s) without jurisdiction ----- **Constitute** independent due process violations under the First and Fourteenth Amendments — independently actionable under 42 U.S.C. §1983 and 42 U.S.C. §1985 and actionable under **RICO Predicate Acts** --- because the denial/ deprivation/ obstruction of any ruling on **493 pages of filed and received motions** over extended periods--effectively denies/ deprives/ obstructs pro se plaintiffs of all access to the court system --- while fraudulently maintaining the pretense of judicial oversight — which is fraudulently a complete deprivation/ obstruction of all court access. Plaintiffs incorporate by reference in full detail paragraphs 2631A through 2631M regarding legal authority application cited herein. Court employees have fraudulently attempted to deceive Plaintiff through phone and internet phone interstate communications --- audio recorded and transcribed. Plaintiff asserts many documented electronic communications notifying judges and court employees that Plaintiff was being targeted in Washington State. All aforementioned also **constitute RICO Predicate acts under** 18 U.S.C. §1512(c)(1)(2)-(e)-(k)--§1513--§1343--§1349--§1503--§1961 through 1964(c) and civil rights violations under 42 U.S.C. §1983 and 42 U.S.C. §1985(2)-(3). Plaintiffs incorporate by reference in full detail all aforementioned — as though fully set forth herein. (Plaintiffs also incorporate by reference in full detail PX-153, PX-154, PX-49, PX-78 through PX-81, PX-97 Through PX-107, PX-158, PX-159---Destruction of Records, PX-42 through PX-49 and PX-82 through PX-87, PX-131 through PX-133, PX-137 through PX-154, Claim for Relief LXII, Section XXVIII, and the Sixth FRE 201 Notice.)

**PRECEDENT 40 --- Chief Justice's Fraudulent Deprivation of Plaintiffs' Mandatory Statutory Rights Under KRS 26A.015(3)(a), KRS 26A.020, and KRS 26A.015(2)(e) — Triggered by** Judges' (without jurisdiction) Recusal Orders — Disqualification Orders — and Loss of Jurisdiction Orders --- **AND Triggered by** Plaintiffs' Judge Reassignment Motions — **AND** Chief Justice's Fraudulent Non-Response Exceeding One Year --- Connected with Elder Abuse and Fraud — as a Documented Daily Violation ---- of **Mandatory Non-**Discretionary Statutory Duty — Generating Federal Civil Rights Liability — RICO Predicate Acts — and an Independent Claim for Each Day Beyond the --- Immediately Threshold — Including but Not Limited to Deprivation of an Abused Elder --- Who was/is Financially and Physically Abused --- and Who has the Right to a Legitimately Assigned Judge----- **AND** Chief Justice's complicity in and **conspiracy in the perpetuation and continuation of Elder Abuse and Fraud ---** including but not limited to **Elder Abuse violations under KRS 209.990(1) through (6) with civil remedies under KRS 446.070, Civil Rights violations, and RICO Predicate Acts and liability.**

**First Impression** — No federal or state court has addressed whether a Chief Justice of a state supreme court's **complete non-response to mandatory judge reassignment obligations under statutes** --- whose --- **shall immediately** --- language --- establishes a non-discretionary mandatory duty ---- confirmed from Kentucky's own statutory text --- establishing that the Chief Justice **shall immediately** designate a special judge upon notice of judicial disqualification or inability to preside — **over a period exceeding one year from the first documented triggering event** — **Constitutes** a documented violation of a mandatory non-discretionary statutory duty --- generating independent federal civil rights liability under 42 U.S.C. §1983 and §1985 and independent RICO predicate liability under 18 U.S.C. §1503, §1512, §1513 — and each day

beyond the --- **shall immediately** --- threshold --- without judge reassignment designation --- **AND Constitutes** a separate independent daily violation of the mandatory duty --- generating a **continuously compounding damages accrual** --- with the more than one-year non-response period --- generating a minimum of **365 independent daily violations** --- of the --- **immediately** --- judge reassignment designation requirement. NO published federal circuit opinion has addressed a Chief Justice's fraudulently sustained complete non-response to a **mandatory --- shall immediately** --- statutory judge reassignment designation obligation --- as a RICO predicate act --- and no published federal circuit opinion --- has addressed the daily accrual of mandatory duty violations --- as independent civil rights deprivations --- when the non-response is documented from official records --- over an extended period --- that includes a physically and financially abused elderly vulnerable adult --- waiting for a legitimately assigned judge.

**Requested Holding** — **A Chief Justice's Fraudulent Deprivation of Plaintiffs' Mandatory Statutory Rights Under KRS 26A.015(2)(e), KRS 26A.015(3)(a), and KRS 26A.020 — Triggered by** Judges' (without jurisdiction) Recusal Orders — Disqualification Orders — and Loss of Jurisdiction Orders --- **AND Triggered by** Plaintiffs' Judge Reassignment Motions --- **AND Chief Justice's Fraudulent Non-Response Exceeding One Year regarding ten (10) of Plaintiffs' Cases — Constitntes** a Documented **Daily Violation --- in Each of Plaintiffs' ten (10) Cases** --- of a **Mandatory Non-**Discretionary Statutory Duty --- **Connected With Elder Abuse and Fraud** — Generating Federal Civil Rights Liability — RICO Predicate Acts --- and **Constitutes** an Independent Claim for Each Day Beyond the --- **Shall Immediately** Threshold --- **Including** but Not Limited to **Deprivation of an Abused and Defrauded Elder's Federal Rights and Protections** --- Who was/is Financially and Physically Abused --- and Who has the

Right to a Legitimately Assigned Judge. The aforementioned also --- **Constitutes** --- independent federal civil rights liability under **42 U.S.C. §1983 and §1985** and --- **Constitutes---** independent RICO predicate acts and liabilities **under 18 U.S.C. §1503, §1512, §1513** — and **each day of accrual** beyond the --- **shall immediately** --- threshold --- without judge reassignments designations --- **Constitutes** --- a separate independent daily violation of the mandatory duty --- generating a **continuously compounding damages accrual** in all ten (10) of Plaintiffs' cases --- with the more than one-year non-response period --- generating a minimum of **365 independent daily statutory violations** in each of Plaintiffs' ten (10) cases --- of the --- **shall immediately** --- judge reassignment designation requirement for all judges. A Chief Justice's fraudulently sustained complete non-response to a **mandatory---shall immediately** --- **Constitutes --- Chief Justice's complicity in and conspiracy in the perpetuation and continuation of Elder Abuse and Fraud** --- including but not limited to **Elder Abuse violations under KRS 209.990(1) through (6) with civil remedies under KRS 446.070.** The **total compounding daily violations** counts --- continues to grow each and every day that the mandatory judge reassignment designation --- **remains deprived ---for each and every judge--- in each and every case.** There is **NO** discretion in **KRS 26A.015(3)(a) when triggered by KRS 26A.015(2)(e)** --- and there is **NO** discretion in **KRS 26A.020 when triggered by KRS 26A.015(2)(e) and KRS 26A.015(3)(a)** ---and there is **NO** discretion when there are **NO judges presiding over said cases.** Plaintiffs incorporate by reference in full detail paragraphs 2631A through 2631M regarding legal authority application cited herein. Court employees have fraudulently attempted to deceive Plaintiff through phone and internet phone interstate communications --- audio recorded and transcribed. Plaintiff asserts many documented electronic communications notifying judges and court employees that Plaintiff was being

targeted in Washington State. All aforementioned also **constitute RICO Predicate acts under** 18 U.S.C. §1512(c)(1)(2)-(e)-(k)-- §1513--§1343-- §1349--§1503--§1961 through 1964(c) and civil rights violations under 42 U.S.C. §1983 and 42 U.S.C. §1985(2)-(3). Plaintiffs incorporate by reference in full detail all aforementioned — as though fully set forth herein. (Plaintiffs also incorporate by reference in full detail PX-153, PX-154, PX-49, PX-78 through PX-81, PX-97 Through PX-107, PX-158, PX-159---Destruction of Records, PX-42 through PX-49 and PX-82 through PX-87, PX-131 through PX-133, PX-137 through PX-154, Claim for Relief LXII, Section XXVIII, and the Sixth FRE 201 Notice.)

**PRECEDENT 41 for Constituting Independent Civil Rights Violations --- AND PRECEDENT 42 for Constituting RICO Predicate Acts under 18 U.S.C. §1961 through §1964(c) --- Based on the following:** Circuit Court Clerk's and Circuit Court Clerk Employees' and Administrative Office of the Courts (AOC) employees' Fraudulent Systematic Refusal to Docket Pro Se Plaintiffs' Motions as Motions — And Instead Recording Them as General Tendered Documents or similar — Eliminating the Judicial Obligation to Rule --- as a Structural Denial of Access to Courts --- and Constitute Independent Civil Rights Violations --- and Constitute RICO Predicate Acts.

First Impression — No federal circuit has addressed whether --- the Circuit Court Clerk's and Circuit Court Clerk Employees' and Administrative Office of the Courts (AOC) employees' fraudulent systematic refusal to docket pro se plaintiff motions --- as motions --- in the official case history docket log — and instead recording them under general **non-motion** designations that **eliminate any judicial obligations to rule** — while docketing attorney-filed motions as motions generating a corresponding judicial obligation to rule --- **Constitutes** --- a fraudulent **structural denial of access to courts** under the First and Fourteenth Amendments ---

independently actionable under 42 U.S.C. §1983 and §1985 — and **Constitutes** --- RICO predicate acts under 18 U.S.C. §1512, 18 U.S.C. §1513, and 18 U.S.C. §1961 through §1964(c) **Requested Holding** — The Circuit Court Clerk's and Circuit Court Clerk Employees' and Administrative Office of the Courts (AOC) employees' fraudulent **systematic refusal to docket pro se plaintiff motions --- as motions --- in the official case history docket log** — and instead recording them under general **non-motion** designations --- that **eliminates, obstructs, and deprives** any judicial **(judge's) obligation to rule --- on Pro Se Plaintiffs' Motions** — while docketing attorney-filed motions--as motions---generating a corresponding judicial obligation to rule — **Constitutes** --- a fraudulent **structural denial of access to courts** under the First and Fourteenth Amendments --- independently actionable under 42 U.S.C. §1983 and §1985 — and **Constitutes** --- RICO predicate acts under 18 U.S.C. §1512, 18 U.S.C. §1513, and 18 U.S.C. §1961 through §1964(c) — because the deliberate, intentional, and fraudulent misclassification **eliminates, obstructs, and deprives** the judicial ruling mechanism --- that the motion was designed to invoke — making the deliberate, intentional, and fraudulent misclassification **functionally equivalent to non-filing of the motion(s)** for all purposes of judicial response — and fraudulently denying, obstructing, depriving pro se plaintiffs the judicial consideration that the same docketing system provides to represented parties--whose motions are correctly classified. The aforementioned persons have **NO** discretionary authority to fraudulently reclassify a filed motion --- as a non-motion document. Each fraudulently misclassified motion also **constitutes** an independent enterprise predicate act under **18 U.S.C. §1512(c)(1)-(c)(2)** and §1961 through §1964(c) --- as obstruction of an official proceeding through the obstruction of an official record. Plaintiffs incorporate by reference in full detail paragraphs 2631A through 2631M regarding legal authority application cited herein. Court employees have fraudulently

attempted to deceive Plaintiff through phone and internet phone interstate communications --- audio recorded and transcribed. Plaintiff asserts many documented electronic communications notifying judges and court employees that Plaintiff was being targeted in Washington State. All aforementioned also **constitute RICO Predicate acts under** 18 U.S.C. §1512(c)(1)(2)-(e)-(k)--§1513--§1343-- §1349--§1503--§1961 through 1964(c) and civil rights violations under 42 U.S.C. §1983 and 42 U.S.C. §1985(2)-(3). Plaintiffs incorporate by reference in full detail all aforementioned — as though fully set forth herein. (Plaintiffs also incorporate by reference in full detail as though fully set forth herein --- PX-153, PX-154, PX-49, PX-78 through PX-81, PX-97 Through PX-107, PX-158, PX-159---Destruction of Records, PX-42 through PX-49 and PX-82 through PX-87, PX-131 through PX-133, PX-137 through PX-154, Claim for Relief LXII, Section XXVIII, and the Sixth FRE 201 Notice.)

**SECTION XLI: FOURTEENTH FRE 201 NOTICE --- Mandatory FRE 201 Judicial Notice of Adjudicative Facts --- Under FRE 201(c)(2) And FRE 201 (b)(2) — Adjudicative Facts Established From Official Kentucky Legislature Records AND Susan Wilson's CR 8.04 Legally Binding and Conclusive Admissions --- Regarding Mandatory Elder Abuse Reporting Obligations Under KRS 209.030(2) --- Criminal Penalties Under KRS 209.990(1) --- Also Based on KRS 209.990(2) through (6) --- Complicity Liability Under KRS 502.020 --- And Civil Recovery Under KRS 446.070 --- This Court Must Take Judicial Notice Upon Plaintiffs' Request.**

2632A. **Preliminary Statement: Plaintiffs assert all of the following:** Plaintiffs respectfully request that this Court take mandatory judicial notice of the following adjudicative facts pursuant to FRE 201(c)(2) — this Court must take judicial notice because Plaintiffs have requested it and have supplied the necessary information. And these are adjudicative facts that can be accurately

and readily determined from sources whose accuracy cannot reasonably be questioned under FRE 201(b)(2) --- including official records as sources. This Court must take judicial notice upon Plaintiffs' request. Plaintiffs incorporate by reference in full detail **Section XXIV** as though fully set forth herein.

2632B. This Section is sub-numbered for clarity under 2632B.

**1. ADJUDICATIVE FACT 1 — KRS 209.030(2)---ELDER ABUSE---MANDATORY REPORTING OBLIGATION — ANY PERSON — NO EXCEPTIONS:** Kentucky Revised Statute KRS 209.030(2) provides that any person having reasonable cause to suspect that an adult has suffered abuse — neglect — or exploitation shall report or cause reports to be made in accordance with the provisions of KRS Chapter 209 — established from the official Kentucky Legislature records whose accuracy cannot reasonably be questioned under FRE 201(b)(2). The statute imposes mandatory reporting on any person with---**NO** exceptions based on professional role — official capacity — or attorney-client relationship — and specifically provides that death of the adult does not relieve one of the responsibility for reporting the circumstances surrounding the death. (Enforceable under KRS 209.990(1) and KRS 446.070 --- and supplemental jurisdiction is asserted for all Ky. laws cited herein.)

**2. ADJUDICATIVE FACT 2 — KRS 209.990(1)** CRIMINAL PENALTY FOR FAILURE TO REPORT — CLASS B MISDEMEANOR — EACH VIOLATION A SEPARATE OFFENSE: Kentucky Revised Statute 209.990(1) provides that anyone knowingly or wantonly violating the provisions of **KRS 209.030(2)** shall be guilty of a Class B misdemeanor — and that each violation shall constitute a separate offense — established from official Kentucky Legislature records whose accuracy cannot reasonably be questioned. Each separate failure to report constitutes an independent offense generating independent civil liability under **KRS 446.070.**

**3. ADJUDICATIVE FACT 3 — KRS 209.990(5)** CLASS C FELONY FOR KNOWING EXPLOITATION EXCEEDING $300: Kentucky Revised Statute--**KRS 209.990(5)** provides that any person who knowingly exploits a vulnerable adult resulting in a total loss to the adult of more than $300 in financial or other resources is guilty of a Class C felony --- established from official Kentucky Legislature records whose accuracy cannot reasonably be questioned. Each separate failure to report and each violation of KRS 209.990(1) through (6) and each violation of KRS 209.050--in addition to violations of KRS 209.030(2) --- constitute independent offenses generating independent civil liability under **KRS 446.070.**

**4. ADJUDICATIVE FACT 4 — KRS 209.990(6)** CLASS D FELONY FOR WANTON OR RECKLESS EXPLOITATION EXCEEDING $300: Kentucky Revised Statute 209.990(6) provides that any person who wantonly or recklessly exploits an adult resulting in a total loss to the adult of more than $300 in financial or other resources is guilty of a Class D felony — and KRS 209.990(2) provides that any person who knowingly abuses or neglects an adult is guilty of a Class C felony — both established from official Kentucky Legislature records whose accuracy cannot reasonably be questioned. KRS 209.990 (3) provides that Any person who wantonly abuses or neglects an adult is guilty of a Class D felony. KRS 209.990 (4) provides that Any person who recklessly abuses or neglects an adult is guilty of a Class A misdemeanor. (Civil remedies under KRS 446.070.)

**5. ADJUDICATIVE FACT 5** — WILSON ADMITTED VIOLATION OF KRS 209.030 MANDATORY REPORTING OBLIGATION — PARAGRAPH 97 — CR 8.04 DEFAULT: Susan Wilson admitted — through her failure to deny paragraph 97 averments/ allegations/ adjudicative facts of Kentucky case 25-CI-001371 — that despite having knowledge of ongoing abuse — neglect — and exploitation involving Doris Colgate — including Wilson's own ongoing

abuse — neglect — and exploitation of Doris — Wilson failed to fulfill her statutory duty to report her own actions and other participants' actions under KRS 209.030 that Wilson concealed the abuse — facilitated further exploitation — and obstructed intervention by other fiduciaries --- including Edward Colgate --- and Stanette Rose--who was an advocate for Doris and also named Successor Trustee and Successor POA—if needed — thereby exacerbating Doris's harm and financial losses — and that Wilson had direct knowledge of the abuse — neglect — and exploitation that Doris was experiencing because Wilson was directly and indirectly involved in such actions --- making all of the foregoing legally binding and conclusive adjudicative facts from Wilson's own CR 8.04 procedural default.

**6. ADJUDICATIVE FACT 6** — KRS 502.020 COMPLICITY LIABILITY FOR FAILURE TO PREVENT FELONY ELDER ABUSE: Kentucky Revised Statute--KRS 502.020 — established from official Kentucky Legislature records whose accuracy cannot reasonably be questioned — imposes complicity liability with full penalties on any person who — with the intent to promote or facilitate the commission of an offense — aids — counsels — or attempts to aid another person in planning or committing the offense — making Wilson jointly and severally liable for the full scope of KRS 209.990 felony elder abuse penalties arising from the misconduct of all co-conspirators whose conduct she facilitated through her complicity — admitted from Wilson's own CR 8.04 default. Wilson is in violation of KRS 502.020(2)(c)--When causing a particular result is an element of an offense, a person who acts with the kind of culpability with respect to the result that is sufficient for the commission of the offense is guilty of that offense when he: (2)(c) Having a legal duty to prevent the conduct causing the result, fails to make a proper effort to do so. Civil remedies under KRS 446.070.

**7. ADJUDICATIVE FACT 7** — WILSON'S ADMITTED EXPLOITATION EXCEEDS $300 THRESHOLD FOR CLASS C AND CLASS D FELONY LIABILITY UNDER KRS 209.990(5) AND (6): Wilson admitted — through her CR 8.04 default in Kentucky case 25-CI-001371 and independently confirmed through four additional defendants' CR 8.04 defaults across four supporting Kentucky cases — a total admitted financial loss to Doris Colgate of $490,046.73 in special damages which exceeds the $300 threshold for Class C felony exploitation under KRS 209.990(5) by a factor of approximately 1633 — establishing Class C felony exploitation liability from Wilson's own admitted damages figure — making the felony threshold **not** a contested factual question **but a mathematical certainty from Wilson's own CR 8.04 admissions.** (Civil remedies through KRS 446.070.)

**8. ADJUDICATIVE FACT 8** — SUBSTANTIVE CR 8.04 ADMISSIONS CONSTITUTE LEGALLY BINDING EVIDENCE SATISFYING KRS 209.030(2) REASONABLE CAUSE STANDARD: Wilson's legally binding and conclusive CR 8.04 admissions of the following --- including but not limited to --- elder abuse — financial exploitation — forgery — and legally binding admissions of Wilson's liability in 30 claims for relief/counts/causes of action --- based on approximately **543 Noticed Adjudicative Facts in the First FRE 201 Notice ---** and approximately **150 to 176 Noticed Adjudicative Facts** in the Eleventh FRE 201 Notice — and approximately **439 Noticed adjudicative facts** in the Thirteenth FRE 201 Notice --- which are also included in Sections XXXVII, XXXVIII, XIX --- established from five simultaneous independent CR 8.04 defaults across five separate Kentucky cases **Constitute** legally binding admitted evidence of elder abuse --- satisfying and exceeding the reasonable cause to suspect standard of KRS 209.030(2) — because legally binding admissions of elder abuse by the abuser herself--Susan Wilson --- **Constitute actual knowledge of elder abuse** rather than mere

suspicion — making the **KRS 209.030(2) mandatory reporting obligation --- triggered as a matter of law --- upon any person's receipt of those admissions.** (Civil remedies under KRS 446.070.)

**9. ADJUDICATIVE FACT 9 — 167 EVIDENTIARY EXHIBITS**---CONSTITUTING FORENSIC AUDIT---INDEPENDENTLY SATISFY KRS 209.030(2) REASONABLE CAUSE STANDARD: The 167 evidentiary exhibits comprising Plaintiffs' forensic audit — including but not limited to authenticated audio recordings — official financial institution records — official court records — Personnel Cabinet KHRIS payroll records — and documentary evidence of fraudulent annuity liquidations --- fraudulent securities liquidations --- real estate fraud under elder abuse — forgery as part of elder abuse — and physical harm to Doris Ann Colgate — a 93-year-old vulnerable adult — independently satisfy and exceed the reasonable cause to suspect standard of KRS 209.030(2)— because **documentary** forensic evidence of financial exploitation exceeding $490,046.73 — physical harm resulting in surgery — and systematic obstruction of elder abuse recovery **constitutes the highest possible degree of reasonable cause — making the KRS 209.030(2) mandatory reporting obligation triggered upon any person's receipt of this documentary evidence---regardless of their professional role.** (Civil remedies under KRS 446.070.)

10. Plaintiffs incorporate by reference in full detail **Sections XXIV, XXXVI, XXVI, XXX, XXXII, XXVIII, XXIX, XXXI, XXXV, XXVII, XXXVII, XXXVIII, XIX, PX-63 through PX-87,** PX-42 through PX-49, PX-108, all 171 Exhibits, and the **First through the Sixteenth FRE 201 Judicial Notices** of judicially **noticed adjudicative facts,** which include approximately **1,044 total adjudicative facts,** including approximately **329 adjudicative facts** supporting **jurisdiction** in the U.S. District Court for the Western District of Washington; **FRE**

**201 Adjudicative Facts in Judicial NOTICES --- 2 through 8, 10, 12, 13 --- facially fully support jurisdiction and venue.** All aforementioned incorporations provide **100% certainty** of fraudulently assigned judges and fraudulently assigned case numbers --- prior to the legal filings by Plaintiffs of all 10 of their year-2025 cases --- with all 10 cases being illegally and fraudulently filed and processed by a fraudulent non-existent/non-payroll name in year-2025 --- which did not generate a legal random judge assignment and which did not generate a legal case number assignment --- and thereby provides **100% certainty** that all Kentucky **judges cited herein --- NEVER had jurisdiction and NEVER will have jurisdiction.** Plaintiffs assert Rankin v. Howard, 633 F. 2d 844 (9th Circuit 1980) and United States v. Dugan, 2:25-cr-00089 (E.D. Wis. 2025) regarding judges without jurisdiction.

**SECTION XLII: BANK FRAUD DOCUMENTATION AND ATTORNEY FRAUD DOCUMENTATION And Full Incorporation INTO Claim for Relief LXXXIII.**

**2633A.** The following fraud documentation is from JP Morgan Chase Bank. Fraudulent ATM and Debit Card Withdrawals on the bank statements are cited as w/d hereafter. Fraudulent Electronic Withdrawals on the bank statements are cited as E-w/d hereafter. Fraudulent checks on the bank statements are cited as f check(s) hereafter. Page or Pages---p hereafter. The most relevant of Pages 57 through 416 have been included. Additional pages can be provided upon request. Legally binding substantive CR 8.04 admissions by Susan Wilson and Lori Fox --- admit Wilson's and Fox's participation in **forgery** of legal documents, including but not limited to power of attorney documents. Said legally binding admissions also include admissions that Edward Colgate is legally the Trustee and Power of Attorney and Executor for Doris Colgate. Edward Colgate's legal standing has been admitted for his individual claims against Wilson and Fox and for Edward acting on behalf of Doris Colgate. Said admissions also admit that Doris

Colgate is an individual Plaintiff against Wilson and Fox for their fraud against her (Doris). Said admission admit that Wilson is complicit with Fox in all of Fox's illegal activity. Plaintiffs incorporate by reference in full detail Section XXXVII and the First FRE 201 Mandatory Notice of Adjudicative Facts --- which include 543 judicially noticed adjudicative facts regarding said legally binding judicial admissions. Redactions were unnecessary since any included information had already become public to the best of Plaintiffs' knowledge ---- information — and belief. Plaintiffs assert that for when p57---334.51 or similar is seen, 334.51 is understood to be $334.51. Dates and descriptions are shown on the referenced page. Healthcare related expenses have been deducted out and are not included. See PX-51, PX-55, PX-56, PX-96, PX-95 regarding Defendant's legally binding admissions of liability under CR 8.04 and supplemental jurisdiction.

**2633B.** Plaintiffs assert the following damages and awards to be entered regarding sum-certain amounts: p38—2,000.00 E-w/d---p57---334.51 w/d—p57---1,217.00 f check ---p57—246.00 f check—p65—500.00 f check—p66—350.00 f check---p67—200.00 f check—p75—462.93 w/d---p81—1,887.19 f check---p85---369.49 w/d—p88---460.00 f check--- p96- –605.00 f check—p98—494.00 w/d---p103---516.05 w/d---p103---11,292.00 f check---p106—55.00 f check---p107---300.00 f check p112 550.21 w/d—p119—408.29 w/d—p119-- 85.00 f check—pp124-125—463.45 w/d---p129—489.33 w/d- p138 364.90 w/d---p138—54.93 f check—pp145-146—487.63 w/d---p145—22.99 f check ---p161—5,205.00 f check---p162-- 485.58 w/d---p167---982.03 w/d p167 52.99 f check—p171---950.00 f check-- p176— 530.81 w/d- pp178-179-—622.03 w/d—p183—543.47 w/d---p182 35.98 f check—p182— 21.60 f check---p188--780.00 f check- p191—376.11 w/d—p191—1,100.00 E-w/d p196— 438.25 w/d—p199--- 719.66 w/d—p199—50.00-- E-w/d--- p199--100.00 f check---p204—384.89

w/d—p204—360.00 E-w/d—p204 1,447.10 E-w/d—p210—769.42 w/d—p210 107.86 E-w/d—p217—391.58-- w/d—p217—49.92 E-w/d—p226—502.23 w/d—p226—35.98 E-w/d—p234 488.05 w/d p239 424.90 w/d p240 40.00 E-w/d—p240 640.00 E-w/d p244 451.04 w/d—p250—407.91 w/d—p250—40.00 E-w/d—p250--1,980.00 E-w/d—p255--465.64 w/d—p255—80.00 E-w/d—p255—60.00 E-w/d—p260—75.00 f check—p261—494.89 w/d—p262 67.90 E-w/d p262 570.00 E-w/d—p266—595.36 w/d—p268—582.08 w/d—p272—140.70 to fraudulent person—p276 535.87 w/d p276 340.00 E-w/d p281 558.31 w/d—p282—210.00 E-w/d—p282—100.00 E-w/d—pp 285-286—583.93 w/d—p286—760.00 E-w/d—p291—547.74 w/d—p292—55.00 E-w/d—p296—568.41 w/d—p296—550.00 E-w/d—p303—479.87 w/d—p304—121.77 E-w/d—p308—633.09 w/d—p308—1,500.00 E-w/d—p310—538.30 w/d—p310—88.91 E-w/d—p310—8.99 E-w/d—p313—1,194.62 w/d—p314—480.00 E-w/d p317 540.05 w/d p317 100.00 E-w/d p319 574.29 w/d p320 462.50 E-w/d—p320—100.00 E-w/d—p322—610.21 w/d—p327—658.69 w/d—p328—417.50 E-w/d—p328—42.79 E-w/d—p329—62.18 w/d—p330—44.98 E-w/d—p330—2,262.15 E-w/d—p333—339.67 w/d—p337—60.40 and 12.18 w/d p338 50.00 and 144.94 E-w/d—p340—361.35 w/d—p340—192.50 E-w/d—p343—209.78 w/d—p347—201.80 w/d—p348—90.00 E-w/d—p350—131.03 w/d—p350—369.90 E-w/d and includes 5 Venmo transactions—pp 350-352-355 354.98 under EWithdrawal and Other Withdrawals—p356—462.70 w/d—p357—481.15 E-w/d—p359—159.94 w/d—p359—36,959.61 E-w/d—p364—294.47 w/d—p365—125.00 E-w/d Venmo p367 20,000 E-w/d p372 24.26 w/d p375 1,197.74 w/d p375—100.00 E-w/d—p375—135.00 E-w/d—p385—252.57 w/d—p387—49.31 w/d—p387—100.00 E-w/d p387—140.00 E-w/d—p391—221.39 w/d—p391—24.99 and 100.00 and 30.00 and 1,790.00 E-w/d—p395—248.90 w/d—p395—1,875.00 and 100.00 and 270.00 E-w/d—

p398—185.73 w/d—p399—270.00 E-w/d—p401—138.72 w/d—p401—21.30 and 200.00 and 240.00 E-w/d—p404—199.17 w/d—p405—270.00 and 100.00 E-w/d—p407—17.60 w/d—p407—480.00 E-w/d p412 165.55 w/d p412 100.00 E-w/d p415—236.13 w/d—p416—540.00 E-w/d. This **TOTAL Amount of Fraud --- supported by the included bank documents** --- includes but is not limited to --- **$136,310.62.** This includes the fraudulent checks and fraudulent electronic withdrawals to Paul Kevin Ford. Wilson's and Fox's legally binding CR 8.04 admissions admit that Paul Kevin Ford was **NOT** and **NEVER** has been Doris's attorney and admit that Doris is to be reimbursed for said frauds. Said attorney fraud damages through Wilson and Fox --- include but is not limited to --- the **sum-certain legally binding admitted amount of $20,261.75** through CR 8.04 and supplemental jurisdiction. Plaintiffs expect additional damages regarding said frauds --- through other banks and through other JP Morgan Chase Bank statements. JP Morgan Chase Bank N. A. is headquartered in New York. Plaintiffs assert the following damages and awards to be entered: $136,310.62 trebled is $408,931.86; 9 times punitive damages --- $1,226,795.58 and up to 40 times damages; $20,261.75 trebled is $60,785.25; 9 times punitive damages --- $182,355.75 and up to 40 times damages. Plaintiffs incorporate by reference in full detail **PX-171, PX-169, PX-168, PX-170, and CLAIM FOR RELIEF LXXXIII** — Defendant's **Complicity and Conspiracy in Bank Fraud in Violation 18 U.S.C. § 1344(1)-(2), a Predicate RICO Act under 18 U.S.C. §§ 1961–1964(c). Plaintiffs also incorporate by reference in full detail this Section XLII --- INTO --- Claim for Relief LXXXIII** --- including but not limited to --- damages and **award dollar amounts.**

**2633C.** Plaintiffs assert the following damages and awards to be entered regarding **sum-certain** attorney fraud amounts: p88—460.00—5-12-2020—p96—605.00—6-8-2020—p171—950.00—4-9-2021—p188—780.00—7-11-2021—p191—1,100.00—9-10-2021 p204 360.00—12-8-2021—p204—1,447.10—11-16-2021—p240—640.00—5-10-2022—p250—

1,980.00—7-7-2022—p255—60.00—8-9-2022—p262—570.00—9-12-2022—p276—340.00 11-17-2022—p282—210.00—12-12-2022—p286—760.00—1-19-2023—p296—550.00—3-20-2023—p308—1,500.00—5-18-2023—p314—480.00—8-7-2023—p320—462.50 9-19-2023 p328—417.50—11-14-2023—p330—2,262.15 1-10-2024 p340—192.50—3-19-2024—p357—195.00—8-7-2024—p375—135.00 —12-18-2024—p387—140.00—2-18-2025—p391—1,790.00—3-19-2025—p395—1,875.00—4-22-2025. Plaintiffs incorporate by reference in full detail Section XXXVII and Adjudicative Facts 169 and 186 regarding Wilson's admitted Complicity in Annuity Frauds and Securities Fraud.

**2633D.** Some of the fraudulent liquidations of Doris Colgate's annuities and securities necessarily passed through Doris's own Chase Bank account as an intermediate step — because the forged power of attorney purported to authorize Wilson and Fox to act on Doris's behalf --- specifically with respect to Doris's own accounts. It was the necessary and unavoidable first step in the laundering scheme — through which funds were subsequently fraudulently withdrawn — fraudulently transferred — and fraudulently dispersed — and through fraudulent Venmo transfers — and through fraudulent other mechanisms documented herein — in violation of 18 U.S.C. §1956 and §1957 — fraudulently converting funds that briefly and necessarily touched Doris's account --- into proceeds moved to and controlled by the perpetrators of the underlying fraud. All $103,000 of the Transamerica funds were completely fraudulently laundered out of PNC Bank--- which is headquartered in Pittsburgh, PA.

**SECTION XLIII: FULL INCORPORATION INTO CLAIM FOR RELIEF LXXXVII --- EIGHT (8) DAMAGES AMOUNTS TO BE AWARDED --- AND --- FULL INCORPORATION OF ADDITIONAL ANNUITY AND SECURITIES FRAUD AND WIRE FRAUD AND OTHER DAMAGES AMOUNTS TO BE AWARDED**

2634A. Plaintiffs additionally assert 18 U.S.C. §1957 liability for each of the following monetary transactions in criminally derived property — each independently exceeding the $10,000 threshold of 18 U.S.C. §1957(a) — and each accomplished through the forged power of attorney admitted through Susan Wilson's CR 8.04 default. The following damages amounts are also admitted through Wilson's CR 8.04 default. **First** — the fraudulent Protective Life annuity liquidation of $54,013.09. **Second** — the fraudulent Transamerica annuity liquidation of $103,000. **Third** — the fraudulent Washington National annuity liquidation of $27,418.64. **Fourth** — the fraudulent Truist and BB&T securities liquidation of $101,000. **Fifth** the fraudulent Ingredion securities liquidation exceeding $27,000. **Sixth** — the fraudulent real estate transaction resulting in $159,000 --- **All six (6) dollar amounts are legally binding admitted damages** as established herein. **Seventh** — the fraudulent American General Life Insurance Company liquidation in the amount of $53,930.30 **(Texas headquartered and interstate wire fraud). Eighth** — the fraudulent laundering through JP Morgan Chase Bank N.A. of a **minimum of $136,310.62 (New York headquartered and interstate wire fraud).** Each transaction constitutes a monetary transaction under 18 U.S.C. §1957(f)(1) — conducted by — through — or to a financial institution — in property derived from specified unlawful activity as defined in 18 U.S.C. §1956(c)(7) --- including but not limited to --- **wire fraud under 18 U.S.C. §1343** — with a value exceeding $10,000 — and with knowledge of the criminally derived character of the property established from Wilson's own CR 8.04 admissions. Each of the eight transactions constitutes a separate and independent predicate act under 18 U.S.C. §1961(1)(B) — independently supporting the pattern of racketeering activity under 18 U.S.C. §1961(5) — and each is subject to mandatory treble damages under 18 U.S.C. §1964(c). Plaintiffs incorporate by reference in full detail the following: **legally binding and conclusive judicial admissions** that

are **Verbatim from state complaint 25-CI-001371 (PX-51), paragraph 23, for separate trials and separate complaints.**

**2634B. The Damages Demand and Relief Demand: Based on the fraudulent obstruction and deprivation of all recovery, Damages Awards are as Follows:** Plaintiffs accordingly respectfully demand the following: Entry of judgment as to liability and a corresponding award of all of the aforementioned for all dollar amounts in paragraph 2634A --- for **Claim for Relief LXXXVII --- and Award Trebled—3 times—damages—and Award a minimum of 9 times punitive damages—up to 40 times damages.**

**2634C.** Plaintiffs incorporate by reference in full detail --- **this Section XLIII --- INTO --- Claim for Relief LXXXVII.** Plaintiffs also incorporate by reference in full detail PX-51, PX-55, PX-56, PX-96, PX-95, **Sections XXXVII, XXXVIII, XXXIX, XLII, all legally binding admissions** from Claims for Relief **XXV through XXX,** and Claims for Relief **LXXI through LXXV** (71 through 75) as though fully set forth herein **this Section XLIII and Claim for Relief LXXXVII.**

**2634D.** Plaintiffs incorporate by reference in full detail the additional annuity and securities fraud: Entergy Securities **(headquartered in Louisiana and interstate wire fraud)** fraudulent liquidation of **$5,612;** First Energy Fraud; Nexpoint Residential Trust Inc. Fraud. Plaintiffs incorporate by reference in full detail the aforementioned --- **INTO --- Claims for Relief LXXXIV and LXXXVIII (84 and 88)** --- including damages and awards.

**2634E.** Plaintiffs incorporate by reference in full detail the following --- **INTO --- Claim for Relief LXXXVII**: The **Eight (8)** aforementioned **Wire Fraud Predicates** under 18 U.S.C. §1957 and 18 U.S.C. §1956 under 18 U.S.C. §1961 through §1964(c).

**2634F.** Some of the fraudulent liquidations of Doris Colgate's annuities and securities necessarily passed through Doris's own Chase Bank account as an intermediate step — because the forged power of attorney purported to authorize Wilson and Fox to act on Doris's behalf --- specifically with respect to Doris's own accounts. It was the necessary and unavoidable first step in the laundering scheme — through which funds were subsequently fraudulently withdrawn — fraudulently transferred — and fraudulently dispersed — and through fraudulent Venmo transfers — and through fraudulent other mechanisms documented herein in violation of 18 U.S.C. §1956 and §1957 — fraudulently converting funds that briefly and necessarily touched Doris's account --- into proceeds moved to and controlled by the perpetrators of the underlying fraud. All $103,000 of the Transamerica funds were completely fraudulently laundered out of PNC Bank--- which is headquartered in Pittsburgh, PA.

**2634G.** Plaintiffs incorporate by reference in full detail Section XXXVII and Adjudicative Facts 169 and 186 regarding Wilson's admitted Complicity in Annuity Frauds and Securities Fraud.

**2634H.** Wherever this Complaint references **"through PX-167" or "all 167 Exhibits"** such references **shall be read as "through PX-171" and "all 171 Exhibits"** respectively --- incorporating PX-168 through PX-171 as though fully set forth.

**SECTION XLIV: CLAIMS for RELIEF / RELIEF ENTITLED TO / and RELIEF Respectfully Sought and Demanded**

**2635A.** Plaintiffs incorporate by reference in full detail **Section XXXVIII (38) and Section XXXVII (37) --- and the Eleventh and the First FRE 201 Notices, and all 171 Exhibits and all 44 Sections and all 102 Claims for Relief and all 16 FRE 201 Notices and all authenticated audio recordings on the submitted USB drive.** Each item of relief stated herein is supported by adjudicative facts established from Wilson's substantive CR 8.04 legally binding

admissions and noticed under FRE 201(c)(2) in the First and Eleventh FRE 201 Notices incorporated herein by reference — making each relief item a mandatory remedy flowing from established adjudicative facts that this Court must accept as legally binding and conclusive pursuant to **FRE 201(f).** The **specific sum-certain amounts** stated herein are established from the adjudicative facts noticed herein the FRE 201 Notices and herein their related Sections --- and are presented verbatim from the state complaint averments/ allegations/ adjudicative facts that Wilson admitted through substantive CR 8.04 default. Plaintiffs incorporate by reference in full detail all of Section XXXVIII and Section XXXVII.

**2635B.** In the following Relief Entitled to and Relief respectfully Demanded, the **Relief** Demanded **numbered 1 through 64 are---"Relief Demanded averments/ allegations/ adjudicative facts," including but not limited to dollar-amounts set forth** in the Jefferson Circuit Court Complaint in Case No. **25-CI-001371,** which are **legally binding and conclusive** judicial admissions of liability and damages pursuant to substantive **CR 8.04** under supplemental jurisdiction---**28 U.S.C. § 1367(a). Thereby, Defendant** has **admitted** the illegal and fraudulent liquidations, the illegal and fraudulent misappropriations, and the illegal and fraudulent conversions of **all specific amounts identified in 1 through 64 in this Relief Section.** Other **additional** Relief Entitled to and Sought/Demanded follow 1 through 64. Plaintiffs have also determined additional sum-certain amounts based on the legally binding admitted liabilities in the state complaint. Plaintiffs cite **VERBATIM for clarity --- these legally binding and conclusive admissions --- including but not limited to --- "Sum-Certain" $490,046.73 to be awarded to Doris Colgate and "Sum-Certain" $50,138.68 to be awarded to Edward Colgate --- for a total of $540,185.41. All monetary losses itemized in the VERBATIM below --- are**

**legally binding on Defendant in this federal action.** Plaintiffs then **include other additions to this Relief Section.**

**2635C.** WHEREFORE, Plaintiffs respectfully demand that this **Court enter judgment in favor of Plaintiffs, and against Susan Wilson, and award the following Relief to Plaintiffs** -- including but not limited to --- **numbered 1 through 64,** which consist of Plaintiffs' **legally binding and conclusive**, not denied, **admitted** averments/allegations/adjudicative facts: **VERBATIM part of Kentucky Complaint 25-CI-001371** pursuant to substantive CR 8.04 under supplemental jurisdiction--28 U.S.C. § 1367(a): Plaintiffs had included factual averments/allegations/adjudicative facts in the Relief Section of Kentucky complaint 25-CI-001371 (PX-51) and have included VERBATIM cited factual averments/ allegations/ adjudicative facts in this Damages and Relief Section herein from Kentucky complaint 25-CI-001371 **(PX-51). In addition,** Plaintiffs respectfully demand-seek that this Court enter judgment in favor of Plaintiffs, and against Susan Wilson, and **award all of the following Relief to Plaintiffs:**

**2635D.** Plaintiffs respectfully seek and **demand all verbatim aforementioned relief and all of the following VERBATIM relief** which is legally binding from Kentucky Complaint No. **25-CI-001371.** Refer to **PX-51, PX-55, PX-56**. Plaintiffs incorporate by reference in full detail--- legally binding admitted factual averments/allegations/adjudicative facts, not denied, from state complaint 25-CI-001371 (PX-51 and PX-2 through PX-40). The following **1 through 64** are the **"VERBATIM" legally binding and conclusive admissions of damages,** which also include factual averments/ allegations/ adjudicative facts, **and admissions of Relief Entitled to and Demanded-Sought from KY case 25-CI-001371:** Plaintiffs respectfully **demand-seek all of the following Relief:**

**VERBATIM that are legally binding and admitted: Relief Sought (Prayer for Relief) Prayer for Relief WHEREFORE, Plaintiffs respectfully demand that the Court enter judgment in favor of Plaintiffs and against Susan Wilson, and award the following relief, reincorporating all paragraphs herein and reincorporating all following exhibits PX-1 through PX-40 herein, and asserting pursuant to KRS 502.020—Liability with regard to Complicity to all Relief, in addition to direct liability. Plaintiffs incorporate by reference all preceding allegations, including the Counts and Causes of Action, regarding Susan Wilson's direct liability and her complicity pursuant to KRS 502.020. Accordingly, Plaintiffs seek the following relief:**

**2635E.** Plaintiffs assert that the following numbers are **subsections of 2635E.**

**1.** Special Damages for amounts that have been determined and Compensatory, Consequential, and Punitive damages for all of the following, in addition to other Relief specified; also Declaratory Relief and Injunctive Relief;

**2.** Entry of judgment against Susan Wilson for **Special damages** for being complicit in defrauding **Doris** by liquidating in their entirety **Doris's Protective Life Annuity** of **$54,013.09**, her **Transamerica Annuity** of **$103,000**, or more in August of 2024, her **Washington National Annuity** of **$27,418.64**, or more since this amount is dated 1-18-2016, her **Truist and BB&T Security** of **$101,000**, or more in late 2024, and her **Ingredion Security of more than $27,000**. This Total for **Annuities and Securities** is **$312,431.73,** which does not include many **other Special Damages that follow such as $159,000** for **real-estate fraud;** See PX-4 for special damages of **$8,615** for Doris's personal property. (**$10,000** promissory note) **Total $490,046.73 Special Damages.** (Does **not include** the amount of Doris's assets Wilson used to defend her fraud against Doris.);

(Stated in **paragraph number 826** herein--- **legally binding VERBATIM** from state complaint--- **"Plaintiff incorporates by reference in full detail all paragraphs as though fully set forth herein to include Wilson as Complicit to the following Annuity and Security frauds** by Fox." ---And also stated in **paragraph number 582 herein** regarding **real estate fraud**--- **legally binding verbatim** from state complaint--- "Wilson was and is complicit in creating and reinforcing a false impression of the property value of Doris's house to her."--- And also **legally binding verbatim averments/allegations/adjudicative facts** from state complaint 25-C1-001371, stated in **paragraph number 565 herein,** regarding Doris Colgate's **loans to Susan Wilson and others, who fraudulently deprived and obstructed repayment to Doris Colgate- ---paragraph 565.** "Wilson failed to correct a false impression to Doris regarding Wilson's promissory note, and others' promissory notes to Doris. Wilson and others continued to promise Doris reimbursement, leading Doris to believe she would be paid, when they had **no** intention of paying Doris. Wilson did not correct that false impression. Refer to **PX-15."**

**3.** Entry of judgment against Susan Wilson for **Special damages** for being complicit in defrauding Edward based on the following: See **PX-24** and number 10 below; **Edward's Attorney Fees to date** are **$40,433.68 to recover damages for Doris from Wilson;** See PX-11 and number 9 below; Edward's personal property amount of **$5,025.** See number 11 below for **$735** for fiduciary reimbursement from 2-15-2020 to March of 2020; identity theft/fraud reimbursement of **$1,445.00 and $2,500.00.** The **Total is $50,138.68 for Edward's Special Damages;**

(Refer to the following for **verbatim legally binding admitted** factual **averments** --- Stated in **paragraph number 240** herein: **"Edward Colgate, as Trustee and Power of Attorney, is entitled to be reimbursed for expenses** acting in those capacities in February and March of

2020, and afterwards, **including his expenses incurred for** Doris's move into Morning Pointe, working on Doris's house, **and reimbursement of attorney fees paid on Doris's behalf,** since Doris Colgate continued to communicate with Edward Colgate and Stanette Rose, Successor Trustee, that Edward is her Trustee and Power of Attorney, which have fiduciary duties. (This one small addition here is not verbatim --- Edward is entitled to recover damages regarding his personal property, based on fraud. Refer to PX-5, PX-3, Audio1, Audio8, Audio11. Refer to PX-23 for one receipt, and **PX-24 for attorney reimbursement to Edward that is tortiously obstructed."** Entry of judgment in the amount of **$40,433.68 for reimbursement of fiduciary expenses that Doris Colgate agreed to reimburse to Edward Colgate for his fiduciary protection of Doris Colgate, but was obstructed by Defendant, representing attorney's fees incurred by Plaintiff Edward Colgate as a direct and foreseeable result of Defendant's deceptive and fraudulent misconduct and obstruction of recovery, as documented in PX-24.** Plaintiff has incurred attorneys' fees in the amount of $40,433.68 in efforts to recover assets illegally and fraudulently taken by Defendant and to mitigate damages caused by Defendant's misconduct.) **Now back to verbatim:**

**4.** Entry of judgment against Wilson for **dividends and interest** defrauded from Doris, based on complicity, regarding her Protective Life Annuity, her Transamerica Annuity, her Washington National Annuity, her Truist and BB&T Security, and her Ingredion Security;

**5.** Entry of a Judgment for Wilson to repay **$159,000** for Special monetary damages to Doris Colgate, for the loss of sale proceeds from her Property in the amount of **$159,000, or more,** if discovery determines $141,000 was not deposited into Doris's account. Plaintiffs' list price was $300,000. RealtyTrac showed an average of $280,000 on Doris's street, close to the $300,000. Doris had a 2 story house; This is based on Wilson's complicity.

(Stated in **paragraph number 582 herein** regarding **real estate fraud--- legally binding verbatim** from state complaint 25-CI-001371--- "Wilson was and is complicit in creating and reinforcing a false impression of the property value of Doris's house to her." ) (Refer to PX-51 and PX-5) ;

**6.** Entry of judgment for Wilson to repay the **$9,000** brokerage commission to Doris, which was wrongfully paid. Refer to PX-51 and PX-5; Also refer to aforementioned number 5.

**7.** Entry of judgment against Wilson to repay closing costs and expenses of the sale;

**8.** Entry of judgment against Wilson to repay any and all other relief to which Doris Colgate is or may become entitled;

**9.** Entry of a Judgment against Wilson, in favor of Doris Colgate for monetary damages in an amount sufficient to compensate her for the loss of her money and other personal property wrongfully acquired by Wilson, including, but not limited to all of Doris's furniture, and her baby grand piano. See **PX-4 for Special damages in the amount of $8615.00;**

**10.** Entry of a Judgment against Wilson in favor of **Edward** Colgate for monetary damages in an amount sufficient to compensate him for the loss of his money and other personal property wrongfully acquired by Wilson through robbery of Edward, through deception of Doris, and through tortious interference with Doris reimbursing Edward for attorney fees, to which Doris agreed, to recover damages from Wilson. Edward's attorney fees for working to recover damages for Doris for Elder Abuse and fraud perpetrated by Wilson against Doris to date of this filing on 2-18-2025 are **$40,433.68** plus lost interest, plus time and energy for working to recover damages for Doris; (See PX-24; Also **refer to all details in aforementioned relief number 3.)**

**11.** Entry of a judgment against Wilson for Edward's **$735** Alamo car rental reimbursement as

Trustee and POA for Doris starting February 15, 2020 for acting in his fiduciary duties to get Doris's house ready for sale.

(Stated in **paragraph number 223 herein** regarding reimbursement--- **legally binding verbatim** from state complaint 25-CI-001371---"Refer to PX-3, Audio2 transcript, and PX-23 for Trustee/POA reimbursable expenses of **$735.73."** Also **refer to all details in aforementioned relief number 3.)**

**12. An Injunction to prevent Wilson from continuing to use Doris's assets to defend her fraud against Doris;**

**13.** Additional equitable relief pursuant to KRS 209.020 to protect Doris Colgate, a Vulnerable adult, from Wilson;

**14.** An order recognizing Doris Colgate as a direct plaintiff and ensuring her interest in the recovery of the defrauded funds;

**15.** Entry of a judgment against Wilson to pay **punitive damages** to Doris Colgate based on Wilson's intentional, willful, and malicious conduct in inflicting mental injury to Doris and exploiting Doris's vulnerable state. Punitive damages are appropriate when a defendant's behavior demonstrates fraud, deceit, or reckless indifference to the rights of others;

**16.** Entry of a judgment against Wilson to pay **punitive damages** to Edward Colgate based on Wilson's intentional, willful, and malicious conduct in inflicting injury. Punitive damages are appropriate when a defendant's behavior demonstrates fraud, deceit, or reckless indifference to the rights of others;

**17.** Entry of a judgment against Wilson to pay damages for the time and effort required by Edward to recover damages for Doris and Edward;

**18.** Entry of a Declaratory Judgment to Honor Doris's Affidavit on 1-29-2020 against Susan Wilson;

**19.** Entry of a Declaratory Judgment rendering invalid the March 4, 2020 power of attorney of Susan Wilson and Lori Fox (See PX-10) Doris's Affidavit against Wilson;

**20.** Entry of declaratory judgment declaring any and all other legal documents of Doris's invalid, that name Wilson in any role of managing Doris's assets.

**21.** Entry of a declaratory judgment declaring currently valid Doris Colgate's attorney-in-fact and power of attorney, Trustee, and Will Executor under Doris's January 29, 2020 legal documents and Doris's October 1, 2019 documents, and Doris's July 30th, 2019 documents;

**22.** Entry of a Declaratory Judgment rendering invalid the revocation of the Colgate Family Living Trust dated 1-29-2020 and 10-1-2019;

**23.** Entry of a Declaratory Judgment rendering invalid Doris Colgate's Will executed on March 4, 2020, or later, and/or on any date 3-1-2020, or later;

**24. Entry of a judgment for a permanent injunction prohibiting Wilson from:**

**a.** Accessing or managing any of Doris Colgate's assets;

**b.** Acting in any capacity on behalf of Doris Colgate;

**c.** Engaging in further acts of financial exploitation or undue influence;

**25.** Entry of a judgment against Wilson for emotional and mental injury resulting from Wilson's abusive conduct, including the harm caused by isolation, intimidation, and interference with medical care, to deter similar conduct in the future;

**26.** Entry of a declaratory judgment for Edward Colgate to remain the legal power of attorney and Trustee for Doris Colgate based on Doris's 1-29-2020 Affidavit;

**27.** Entry of a judgment to compel Wilson to return misappropriated funds and other assets belonging to Doris including, but not limited to Doris's annuities, securities, real-estate, and attorney fees where Wilson used Doris's assets to defend her fraud against Doris;

**28.** Entry of a Judgment against Wilson for **Compensatory Damages** – For the harm caused to Edward by Wilson's inducement of perjury, tampering with a witness, and tampering with physical evidence, including, but not limited to increased legal expenses, obstruction of fiduciary duties, emotional distress;

**Entry of a judgment against Wilson for the following, including, but not limited to:**

**29. Entry of a judgment for Restitution for Unjust Enrichment** – To recover benefits that Wilson wrongfully gained through the aggregated theft offenses regarding both Doris and Edward;

**30. Punitive Damages** –Entry of a judgment for punitive damages based on Wilson's intentional and malicious conduct in inducing Doris to commit perjury and to deter Wilson from similar behavior in the future;

**31. Compensatory Damages** – For harm to Edward's reputation, emotional distress, and financial losses resulting from Wilson's tampering with Doris's testimony and defamation;

**32. Punitive Damages** – For Wilson's intentional and malicious conduct in tampering with a witness and committing defamation per se, and to deter similar conduct in the future;

**33. Injunctive Relief** – To prevent Wilson's from further tampering with witnesses or interfering in legal proceedings;

**34. Declaratory Relief** – To declare Wilson's statements to Doris, regarding Edward, as defamatory, and her actions as constituting tampering with a witness;

**35. Attorneys' Fees and Costs** To reimburse Edward for legal expenses incurred in responding to Wilson's tampering and defamation;

**36. Equitable Relief** – To allow corrective measures, including a new deposition of Doris without Wilson's presence or influence;

**37. Restitution for Unjust Enrichment** – To recover benefits Wilson wrongfully gained through her interference with Edward's contractual rights;

**38. Injunctive Relief** – To prevent Wilson from further interfering with Edward's contractual rights and fiduciary duties;

**39. Injunctive Relief** To prevent Wilson from further deceptive conduct toward Doris, and to prevent Wilson from interference in Doris's affairs;

**40.** Entry of a judgment against Wilson to pay for unauthorized commissions and fees for annuity and securities liquidation, and regarding real-estate;

**41. Entry of a judgment against Wilson for Unjust Enrichment for Misuse of Doris's assets for Wilson's attorney fees, attempting to prevent Doris from recovering damages from Wilson;**

**42.** Entry of a judgment for Wilson to be ordered to disgorge all profits and/or benefits obtained through financial exploitation of Doris, to prevent unjust enrichment;

**43.** Entry of a judgment for Wilson to pay back all interest and dividends received, regarding Doris's Annuities and Securities;

**44a**. Entry of a judgment against Wilson for compensatory and special damages in the amount of **$54,013.09** to Doris, regarding Doris's Protective Life Insurance Annuity (See PX-25);

**44b.** Entry of a judgment against Wilson for reasonable investigation and litigation expenses, including attorneys' fees, incurred at both the trial and appellate levels;

**44c**. Entry of a judgment against Wilson for pre-judgment and post-judgment interest as permitted by law;

**44d**. Entry of a judgment against Wilson for such other and further relief as the Court deems just and proper;

**45a**. Entry of a judgment against Wilson for compensatory damages in the amount of **$103,000** to Doris regarding Doris's Transamerica Annuity (See PX-26);

**45b**. Entry of a judgment against Wilson for reasonable investigation and litigation expenses, including attorneys' fees, incurred at both the trial and appellate levels;

**45c.** Entry of a judgment against Wilson for pre-judgment and post-judgment interest as permitted by law;

**45d**. Entry of a judgment against Wilson for such other and further relief as the Court deems just and proper;

**46a**. Entry of a judgment against Wilson for compensatory damages of $28,000, or more, to Doris, regarding Doris's Washington National Annuity. (See PX-27) The amount had increased from the date on exhibit PX-27;

**46b**. Entry of a judgment against Wilson for reasonable investigation and litigation expenses, including attorneys' fees, incurred at both the trial and appellate levels;

**46c**. Entry of a judgment for pre-judgment, post-judgment interest, as permitted by law;

**46d.** Entry of a judgment for such other and further relief as the Court deems just and proper;

**47a**. Entry of a judgment against Wilson for compensatory damages in the amount of **$101,000, or more,** for Truist/BB&T, and the discovery amount to be determined for Ingredion;

**47b**. Entry of a judgment for reasonable investigation and litigation expenses, including attorneys' fees, incurred at both the trial and appellate levels;

**47c.** Entry of a judgment for pre-judgment, post-judgment interest, as permitted by law;

**47d.** Entry of a judgment for such other and further relief as the Court deems just and proper;

**48.** Entry of a judgment for such other relief as the Court may deem just, equitable, appropriate, and proper overall, not just regarding annuities and securities;

**49.** Entry of a judgment against Susan Wilson and Ray Wilson, for an injunction to prevent Ray Wilson, Susan Wilson's husband, from calling and harassing Stanette Rose, a witness. Doris had signed an Affidavit against Ray Wilson, along with Susan Wilson;

See **PX-10**. Pursuant to KRS 514.030, Ray Wilson was also complicit in the theft by unlawful taking or disposition, regarding Doris and Edward, on 3-4-2020;

**50.** Entry of a judgment against Susan Wilson, pursuant to KRS 209.020 (Elder Abuse), and pursuant to Tortious Interference with Contractual Rights, Plaintiffs assert that Wilson's tortious interference with Edward's and Doris's contractual rights were interfering with Doris recovering damages from her slip and fall at Morning Pointe, which caused orthopedic surgery, and many months of rehabilitation;

**51.** Entry of a Judgment against Wilson for Recovery for what Doris would have received as compensation for her slip and fall as the **slip and fall** is under KRS 209.020(4)(8)(16). **Refer to statement of fact #102 in PX-2;**

**52.** Entry of judgment against Wilson for Intentional Infliction of Emotional Distress (IIED), compensating appropriately for both Doris and Edward;

**53.** Entry of Judgment against Wilson for Injunctive Relief to freeze Doris's assets to protect her assets; Plaintiffs assert that this only applies during open litigation, but once Federal judgment is made and Plaintiffs' awards are ordered or determined, then said assets are no longer frozen.

**54**. Apply KRS 355.3-420 against Wilson, if applicable for annuities and securities: Conversion of negotiable instruments; if a bank makes a payment with respect to the instrument for a person not entitled to enforce it;

**55.** Entry of a judgment against Wilson for costs herein expended; An award of costs and fees for bringing this action; Prejudgment and post-judgment interest in the amounts allowed by law;

**56.** Entry of a judgment against Wilson for post-judgment interest and costs;

**57.** Entry of a judgment against Wilson for interest lost regarding Edward paying attorney fees on Doris's behalf;

**58.** Entry of a judgment against Wilson for any and all other relief to which Plaintiffs are or may become entitled;

**59.** Regarding aforementioned paragraph 338, entry of a judgment against Wilson for a full and accurate accounting of Norman Colgate's estate, legal action against Wilson for breach of fiduciary duty, with a judgment for equal division of cash on hand, and on deposit, and appropriate sanctions for tampering with evidence in a court proceeding.

**60. Jury Trial** Pursuant to CR 38.02, a demand for a **trial by jury** of any issue triable of right by a jury, and CR 39.01 By jury.

**61.** Entry of a judgment against Wilson and award the following: Regarding aforementioned number 41 where the unjust enrichment is admitted and legally binding: Incorporating by reference in full detail Section XLII and PX-71, sum-certain for part of number 41 is **$20,261.75** trebled to **$60,785.25** and punitive damages awarded at a minimum of 9 times damages **$182,355.75** --up to 40 times damages. Plaintiffs expect to discover additional fraud regarding the aforementioned. Refer to the following for **verbatim legally binding admitted** factual **averments**, not denied,--- from state complaint 25-CI-001371

(PX-51)---Stated in **paragraph number 399** herein: --- "On 6-10-2021, Doris communicating that she did not know she was paying attorney Ford legal fees for the past 3 months, for both Wilson and Fox to defend their fraud against Doris. Doris was communicating that it would be ridiculous for her to pay their legal fees for them to defend their fraud against her (Doris). Refer also to **PX-3, Audio12, Audio16." (Defendant fraudulently used Doris Colgate's money to defend Defendant's fraud against Doris Colgate,** spanning numerous years, with **"no" legal final judgment** based on Judge Tracy Davis's recusal entered on 10-24-2025 for case 21-CI-001314 and for case 25-CI-001121, based on waiting on Chief Justice's judicial reassignment for more than 1 year in several cases, including but not limited to the aforementioned cases and case 25-CI-001371, and based on Defendant's deprivation and obstruction of recovery and obstruction of discovery, although Plaintiffs have obtained some discovery in other ways even though Defendant continued to obstruct. Chief Justice is in violation of KRS 26A.020 since it states that the Chief Justice shall immediately issue judicial reassignments, and it does **not state** that the Chief Justice shall issue judicial reassignments more than 1 year later, or never issue them.

**62.** Addition to **verbatim legally binding averments/allegations/adjudicative facts** in **aforementioned number 17** in this Relief section: Entry of a judgment against Wilson to pay damages for the time and energy and work and effort required by Edward to recover damages for Doris and Edward in this Federal Complaint;

**63.** Addition to **verbatim legally binding averments/allegations/adjudicative facts** in aforementioned numbers 15, 16, 30, and 32 in this Relief section, regarding punitive damages: Entry of a Judgment against Defendant for Punitive Damages and award Plaintiffs punitive and exemplary damages against Defendant to deter Defendant's willful,

malicious, and fraudulent misconduct involving elder abuse, financial exploitation, forgery, identity theft/fraud, federal question violations, obstruction of civil rights, RICO violations, and many more violations. **in an amount to be determined by the jury, consistent with due process.** These Punitive damages were intentional, malicious, foreseeable, and are quantifiable, and are tied to statutory violations within KRS 446.070's civil liability framework under supplemental jurisdiction, are within the Federal Question Civil Framework, are within the Civil Rights Civil Framework, and within the RICO framework.

64. Plaintiffs assert "Conversion" where applicable. Plaintiffs also state that based on the framework that Plaintiffs have cited and used, conversion may not be necessary when asserting and citing other legal authority **(KRS 446.070--civil remedies)** in place of conversion. The **foregoing numbered 1 through 64 constitute Plaintiffs' legally binding Verbatim part of this Relief Section and Plaintiffs respectfully demand all Relief cited in the foregoing 1 through 64. Plaintiffs also assert 18 U.S.C. §1964(c)--RICO civil remedies)** in place of conversion.

65. Based on Defendant obstructing the due administration of justice and obstructing Plaintiffs' recovery --- directly and in complicity and in conspiracy with others --- and based on **all 102 Claims for Relief** citing all of the following dollar amounts --- Plaintiffs accordingly respectfully demand immediate entry of judgment as to liability and a corresponding award of **$540,185.41 in special damages — admitted as a sum-certain** through Wilson's CR 8.04 default in Kentucky case 25-CI-001371 --- and independently confirmed through four additional defendants' CR 8.04 defaults across four supporting Kentucky cases — based on predicate acts under **18 U.S.C. §1503** and supported by 18 U.S.C. §1349 — and based on predicate acts ---- **incorporating by reference in full detail --- RICO Claims for Relief LXVIII through LXXXVIII --- mandating treble damages of $1,620,556.23** pursuant to 18 U.S.C. §§ 1961---

1964(c) — with punitive damages no less than 9 times damages --- **$4,861,668.69** --- and up to 40 times damages --- and dividends and interest defrauded from Doris and interest defrauded from Edward --- also admitted by Wilson and four additional defendants through CR 8.04 admissions --- and general damages and punitive damages.

66. Declaratory and Injunctive Relief under supplemental jurisdiction that --- The **Defendant's complicity in and conspiracy in elder abuse** (both **financial and physical harm and injury) of Doris Colgate---by Susan Wilson,** Lori Fox, Michelle Burkhead, Cristal Fox, Ray Wilson, Jude McConnell, Florence Bisig, Julie Bisig, Jeanette/Jenette/Janette Bisig, Paul Kevin Ford, and others cited above---**mandates each of said individuals --- reporting of elder abuse under KRS 209.030(2).**

67. Regarding all Relief Demanded herein --- Plaintiffs incorporate by reference in full detail the damages and the relief dollar amounts cited in Claims for Relief **V, VI, XXXVI, XXXVII, LXXXIX, XCVI, XCVII, and XXXII through CII (102)** --- based on the legal authority therein and based on all citations therein --- and based on **obstructing justice and fraudulently obstructing and depriving Plaintiffs' recovery** --- and shall include 3 times treble damages.

68. **Plaintiffs accordingly respectfully demand entry of judgment as to liability and corresponding awards --- regarding the relief entitled to --- of all the following dollar amounts** based on all **102 Claims for Relief** herein:

69. Plaintiffs respectfully demand entry of judgment as to liability and corresponding awards of --- Plaintiffs incorporate by reference in full detail **Claims for Relief LXXXIX and VI and XXXVII** --- and the relief entitled to therein --- **$2,975,000 --- trebled to $8,925,000 in Claims for Relief LXXXVIII and LXXXIV** --- plus punitive damages of no less than 9 times --- **$26,775,000** --- and up to 40 times damages.

70. Plaintiffs respectfully demand entry of judgment as to liability and corresponding awards of --- Plaintiffs incorporate by reference in full detail **Claims for Relief V and XXXVI** --- and the relief entitled to therein --- **$750,000 trebled to $2,250,000 in Claims for Relief LXXXVIII and LXXXIV** --- plus punitive damages of no less than 9 times ---- **$6,750,000** --- and up to 40 times damages.

71. Plaintiffs respectfully demand entry of judgment as to liability and corresponding awards of --- Plaintiffs incorporate by reference in full detail Claims for Relief **XCVI and LXXXVIII and LXXXIV** --- and the relief entitled to therein --- regarding **IIED** compensatory and general damages in the **range of $500,000 trebled to $1,500,000** --- **to $1,500,000 trebled to $4,500,000** --- **for Doris Colgate.**

72. Plaintiffs respectfully demand entry of judgment as to liability and corresponding awards of --- Plaintiffs incorporate by reference in full detail **Claims for Relief XCVI and LXXXVIII and LXXXIV** --- and the relief entitled to therein --- regarding **IIED** compensatory and general damages in the **range of $250,000 trebled to $750,000** --- **to $750,000 trebled to $2,250,000 --- for Edward Colgate** --- with punitive damages of no less than **nine times --- $2,250,000 to $6,750,000** — and up to forty times that floor.

73. Plaintiffs respectfully demand entry of judgment as to liability and corresponding awards of --- Plaintiffs incorporate by reference in full detail Claims for Relief **XCVII and LXXXVIII and LXXXIV** --- and the relief entitled to therein --- regarding **Wrongful death damages** under KRS 411.130 — in the **range of** an amount **no less than $500,000 trebled to $1,500,000** and **up to $2,000,000 trebled 3 times to $6,000,000** --- with punitive damages **awarded** at no less than **9 times --- $4,500,000 to $18,000,000** --- and up to 40 times.

74. Plaintiffs respectfully demand entry of judgment as to liability and corresponding awards of --- Plaintiffs incorporate by reference in full detail Claims for Relief **XCVII and LXXXVIII and LXXXIV** --- and the relief entitled to therein --- regarding **--- Irreversible deprivation of familial relationship damages to Edward —** in an amount **no less than $500,000 trebled to $1,500,000** and **up to $3,000,000 trebled 3 times to $9,000,000** --- with punitive damages **awarded** at no less than **9 times--$4,500,000 to $27,000,000** --- and up to 40 times.

75. **Compounded IIED damages** --- Plaintiffs respectfully demand entry of judgment as to liability and corresponding awards of --- Plaintiffs incorporate by reference in full detail **Claims for Relief XCVII and XCVI and LXXXVIII and LXXXIV and paragraph 2138T --- Compounded IIED damages to Edward Colgate** upon confirmation of death — and the relief entitled to therein --- in an additional **amount no less than** --- $250,000 times 2 and times 4 --- **$500,000 and up to $1,000,000 — and up to** $750,000 times 2 and times 4 --- **$1,500,000 and up to $3,000,000** --- **"representing a two to four times compounding multiplier" on the existing $250,000 to $750,000 award** --- **trebled to "$4,500,000 up to $9,000,000"** --- IIED award from Claim for Relief XCVI--96 — reflecting the irreversible character of the deprivation.

76. Plaintiffs respectfully demand entry of judgment as to liability and corresponding awards of --- Plaintiffs incorporate by reference in full detail as though fully set forth herein **Claims for Relief XCVII and XCVI and LXXXVIII and LXXXIV and** paragraph **2138U** --- and the relief entitled to therein --- Total conditional damages floor upon triggering **$1,500,000 and up to $3,000,000** in additional compensatory and general damages – with punitive damages of **no less than $13,500,000 and up to $27,000,000 at nine times** — and up to forty times damages in addition to all other damages established in Claims for Relief 1 through 102 (I through CII).

77. The aforementioned is in addition to the substantive CR 8.04 legally binding and conclusive admitted damages by Defendant regarding Edward Colgate's recovery of the following: Plaintiffs respectfully demand entry of judgment as to liability and corresponding awards of --- Plaintiffs incorporate by reference in full detail **Claims for Relief I through CII (102)** --- and the relief entitled to therein — **$50,138.68** in special damages --- and trebled under **RICO Claims for Relief LXXXVIII and LXXXIV and CII (102) to $150,416.04** plus no less than 9 times punitive damages of **$451,248.12** --- and up to 40 times damages.

78. Plaintiffs respectfully demand entry of judgment as to liability and corresponding awards of --- Plaintiffs incorporate by reference in full detail **Claim for Relief XCVIII**--- and the relief entitled to therein — **$48,600 trebled** under **RICO Claim for Relief LXXXVIII and LXXXIV and CII to $145,800** --- plus no less than 9 times **punitive damages of $437,400** --- and up to 40 times --- Also refer to **Section XXXVII, 223 through 332.**

79. Plaintiffs respectfully demand entry of judgment as to liability and corresponding awards of --- Plaintiffs incorporate by reference in full detail **Section XXXVI and Claim for Relief XCIX** --- and the relief entitled to therein — **$4,091.08** Awarded for Fraudulent Fees Paid Based on Alias Name---Fraud; **$12,273.24** Awarded for Treble damages; **$36,819.72** Awarded for punitive damages no less than 9 times --- and up to 40 times punitive damages.

80. Plaintiffs respectfully demand entry of judgment as to liability and corresponding awards of --- Plaintiffs incorporate by reference in full detail **Claim for Relief C** --- and the relief entitled to therein — **$79,000 trebled** under **RICO Claim for Relief CII (102) and 18 U.S.C. §§ 1961–1964(c)** --- **to $237,000** --- plus no less than 9 times **punitive damages of $711,000** --- and up to 40 times punitive damages.

81. Plaintiffs respectfully demand entry of judgment as to Defendant's liability --- and corresponding awards for Plaintiffs for all of the following: Plaintiffs incorporate by reference in full detail **Claims for Relief LXI and XXXI** --- and the relief entitled to therein — **$28,000 --- trebled** under **RICO Claims for Relief LXXXVIII and LXXXIV and 18 U.S.C. §§ 1961–1964(c) --- to $84,000 ---** plus no less than 9 times **punitive damages of $252,000 ---** and up to 40 times punitive damages --- based on adjudicative facts --- including but not limited to Defendant's admissions of intentional malicious misconduct --- admitted under substantive CR 8.04 admissions --- representing an estimated 50% share of the estate of Norman Colgate, which Defendant wrongfully and fraudulently concealed and diverted without notice or accounting.

**82. The Additional Damages Demand and Relief Demands:** Plaintiffs accordingly respectfully demand the following: Entry of judgment as to liability and a corresponding award for all of the following claims for relief: **Based on the fraudulent obstruction and deprivation of all recovery, Damages Awards are as Follows:** Combined for Edward Colgate and Doris Colgate: **$540,185.41** Awarded for Special damages--legally binding and conclusive--admitted as a sum-certain—under substantive CR 8.04; **$1,620,556.23** Awarded for Treble damages; **$4,861,668.69** Awarded for Punitive damages no less than 9 times damages --- and up to 40 times damages. Doris Colgate: **$2,975,000.00 ---** Claims for Relief LXXXIX and VI and XXXVII; **$8,925,000.00** Awarded for Treble damages; **$26,775,000.00** Awarded for Punitive damages no less than 9 times damages---and up to 40 times damages; **$750,000.00** Awarded for Claims for Relief V and XXXVI; **$2,250,000.00** Awarded for Treble damages; **$6,750,000.00** Awarded for Punitive damages no less than 9 times damages --- and up to 40 times damages; **$79,000.00** Awarded for Claim for Relief C --- 100; **$237,000.00** Awarded for Treble damages; **$711,000.00** Awarded for Punitive damages no less than 9 times damages --- and up to 40 times


Edward Colgate 22023 SE Wax Rd., Box 1452, Maple Valley, WA 98038, King Co.

damages; **$49,665.00** Awarded for Claims for Relief CI 100--promissory notes/loans; **$148,995.00** Awarded for Treble damages; **$446,985** Awarded for Punitive damages no less than 9 times damages --- and up to 40 times damages; Doris Colgate continued: Range from **$500,000.00 To $1,500,000.00** Awarded --- Claims for Relief XCVI --- IIED; Doris Colgate Range from **$1,500,000.00 To $4,500,000.00** Awarded for Treble damages; Doris Colgate Range from **$4,500,000.00 To $13,500,000.00** Awarded for Punitive damages no less than 9 times damages --- and up to 40 times damages; Edward Colgate Range from **$250,000.00 To $750,000.00** Awarded for --- Claims for Relief XCVI --- IIED and fraudulent Deprivation of familial relationship; Edward Colgate Range from **$750,000.00 To $2,250,000.00** Awarded for Treble damages; Edward Colgate Range from **$2,250,000.00 To $6,750,000.00** Awarded for Punitive damages no less than 9 times damages --- and up to 40 times damages; Edward Colgate Range from **$500,000.00 To $2,000,000.00** Awarded for --- Claims for Relief XCVII---IIED---Wrongful Death; Edward Colgate Range from **$1,500,000.00 To $6,000,000.00** Awarded for Treble damages; Edward Colgate Range from **$4,500,000.00 To $18,000,000.00** Awarded for Punitive damages no less than 9 times damages --- and up to 40 times damages; Edward Colgate Range from **$500,000.00 To $3,000,000.00** Awarded for --- Irreversible Deprivation of Familial Relationship; Edward Colgate Range from **$1,500,000.00 To $9,000,000.00** Awarded for Treble damages; Edward Colgate Range from **$4,500,000.00 To $27,000,000.00** Awarded for Punitive damages no less than 9 times damages --- and up to 40 times damages; Edward Colgate's **Compounded IIED** damages awards --- **Irreversible Deprivation Compound;** Edward Colgate **Range** from no less than **$250,000 times 2 and times 4** and **up to $750,000 times 2 and times 4** Awarded for --- **Compounded IIED** damages awarded to Edward Colgate if Doris Colgate's death; Edward Colgate Range from **$500,000.00 To $1,000,000.00** --- and

**up to $1,500,000.00 To $3,000,000.00** Awarded for --- Compounded IIED damages awards to Edward Colgate if Doris Colgate's death; Edward Colgate Range from **$4,500,000.00 To $9,000,000.00** Awarded for Trebled damages; Edward Colgate Range from **$13,500,000.00 To $27,000,000.00** Awarded for Punitive damages no less than 9 times damages --- and up to 40 times damages. Edward Colgate: **$50,138.68** Awarded for Special Damages--legally binding and conclusive--admitted as a sum-certain—under substantive CR 8.04; Edward Colgate: **$150,416.04** Awarded for Treble damages; Edward Colgate: **$451,248.12** Awarded for Punitive damages no less than 9 times damages --- and up to 40 times damages; Edward Colgate: **$48,600.00** Awarded for Time and Energy damages admitted under legally binding substantive CR 8.04; Edward Colgate: **$145,800.00** Awarded for Treble damages; Edward Colgate: **$437,400.00** Awarded for Punitive damages no less than 9 times damages --- and up to 40 times damages; Edward Colgate: **$4,091.08** Awarded for Fraudulent Fees Paid Based on Alias Name---Fraud; Edward Colgate: **$12,273.24** Awarded for Treble damages; Edward Colgate: **$36,819.72** Awarded for Punitive damages no less than 9 times damages --- and up to 40 times damages; Edward Colgate: **$28,000.00** Awarded for Claims for Relief LXI and XXXI; Edward Colgate: **$84,000.00** Awarded for Treble damages; Edward Colgate: **$252,000.00** Awarded for Punitive damages no less than 9 times damages --- and up to 40 times damages; Edward Colgate: **2,544 hours multiplied by $150 per hour — $381,600 --- trebled to --- $1,144,800 --- punitive** damages of **$3,434,400** --- no less than 9 times damages --- and up to 40 times damages; Edward Colgate: **$381,600.00** Awarded for Federal Time and Energy and Work and Effort Damages; **$1,144,800.00** Awarded for Federal Treble damages; **$3,434,400.00** Awarded for Federal Punitive damages no less than 9 times damages --- and up to 40 times damages; **$136,310.62** Awarded for bank fraud and wire fraud and for money

laundered through JP Morgan Chase Bank N. A. --- **$408,931.86** Awarded for Treble damages --- **$1,226,795.58** Awarded for punitive damages no less than 9 times damages--and up to 40 times damages --- See Sections XLII and XLIII and Claims for Relief LXXXIII and LXXXVII; **$5,612.00** Awarded for Securities Fraud and Wire Fraud and Laundering of Monetary Instruments under RICO regarding Entergy Securities --- Trebled to **$16,836.00** --- **$50,508.00** Awarded for punitive damages no less than 9 times damages--and up to 40 times damages --- See Sections XLII and XLIII and Claims for Relief LXXXIII and LXXXVII; **$1,000** Awarded under RICO laws as an addition to the $159,000 admitted fraud by defendant based on the total fraud being **$160,000** --- determined by Section XLII and Exhibits PX-168 through PX-171 --- trebled to **$3,000.00** under RICO --- and **$9,000.00** awarded for punitive damages at 9 times and up to 40 times damages; **$1,951.00** Awarded for --- added to the admitted damages of $27,000 regarding Ingredion --- trebled to **$5,853.00** --- and **$17,559.00** awarded for punitive damages at 9 times and up to 40 times damages --- See Sections XLII and XLIII and wire fraud and laundering of monetary instruments; **$53,930.30** Awarded for Annuity Fraud of American General Life Insurance Company --- trebled to **$161,790.90** --- and **$485,372.70** awarded for punitive damages no less than 9 times—and up to 40 times damages --- See Sections XLII and XLIII and Claims for Relief LXXXIII and LXXXVII and wire fraud and laundering of monetary instruments under RICO laws.

**83.** Plaintiffs incorporate by reference in full detail Claim for Relief XCIX. The time and energy and work and effort documented herein was necessitated not only by the complexity and scope of the 102 claims for relief — but by the unavailability of legal counsel competent to represent the full scope of those claims. Edward Colgate contacted multiple attorneys regarding representation — none of whom could represent the full scope of the **102** Claims for Relief ---

including but not limited to --- RICO predicate Acts ---- Federal Civil Rights Federal Questions --- Supplemental Jurisdiction --- Elder abuse ---- forensic audit evidence ---- **multi-state financial fraud regarding Annuities and Securities** — robbery---- theft of identity --- wire fraud --- money laundering --- a wide range of various frauds --- and complex constitutional questions — making self-representation as forensic fiduciary the only available mechanism for comprehensive enforcement of all claims simultaneously. The $150 per hour forensic audit rate used herein is therefore conservative — because competent legal counsel capable of representing the full 102-claim scope would command substantially higher hourly rates — and the documented hours reflect work that would otherwise have been performed by multiple attorneys across multiple specialty areas simultaneously.

**84. The Additional Declaratory and Injunctive Relief Statement:** Plaintiffs incorporate by reference in full detail all aforementioned declarative and injunctive relief cited --- that constitute legally binding admissions --- regarding Relief entitled to and demanded --- from state complaint 25-CI-001371 under supplemental jurisdiction --- and incorporate by reference in full 28 U.S.C. §2201 and §2202 in addition to supplemental jurisdiction.

**85.** Plaintiffs respectfully demand entry of judgment against Defendant and corresponding awards for Plaintiffs --- and also respectfully seek/demand all of the following declaratory judgment and relief and injunctive judgment and relief and any other following relief cited by Plaintiffs: Pursuant to 28 U.S.C. §2201 — Plaintiffs respectfully seek/demand **declaratory judgment declaring all of the following:**

86. **First** — Susan Wilson's substantive CR 8.04 legally binding and conclusive admissions across five Kentucky cases are established adjudicative facts not subject to re-litigation.


Edward Colgate 22023 SE Wax Rd., Box 1452, Maple Valley, WA 98038, King Co.

87. **Second** — all Kentucky judge assignments in Plaintiffs' 10 year-2025 cases are void ab initio from their first moment.

88. **Third** — The Colgate Family Living Trust Agreement dated January 29, 2020--as amended --- has its Situs and principal place of administration in Washington State.

89. **Fourth** — Edward Harrison Colgate has valid legal standing as Trustee — Power of Attorney --- Executor Beneficiary --- Heir --- Real Party in Interest --- and Individually for all claims for relief asserted herein. (substantive CR 8.04 legally binding admissions admit Edward's valid legal standing.)

**90.** Pursuant to 28 U.S.C. §2202 — Plaintiffs seek further necessary and proper relief to enforce and implement the declaratory judgments entered under §2201 --- including monetary damages and injunctive relief flowing from those declarations.

91. **The Conditional Injunctive Relief Statement for Doris Colgate:** Plaintiffs additionally seek the following injunctive relief --- each admitted as warranted through Wilson's substantive CR 8.04 legally binding defaults — pursuant to 28 U.S.C. §2201 — §2202 --- 18 U.S.C. §1964(a) --- 42 U.S.C. §1983 and §1985 — and FRCP 65:

**92. First** --- an injunction prohibiting Wilson from having any contact with Doris Ann Colgate --- directly or indirectly — or from exercising any authority over Doris's person --- assets — or medical decisions --- pending final judgment.

**93. Second** — an injunction prohibiting Wilson from using any of Doris's assets — directly or indirectly — for any purpose --- including fraudulent funding of Wilson's defense regarding these proceedings.

94. **Third** — an injunction requiring Wilson to return all fraudulently misappropriated assets to The Colgate Family Living Trust Agreement dated January 29, 2020--as amended --- administered by Edward Harrison Colgate as Trustee.

95. **Fourth** — conditionally — if Doris Ann Colgate is living — an injunction requiring immediate notification to Edward Harrison Colgate as Trustee and Power of Attorney of Doris's current location — medical status — and condition — from which Edward has been systematically isolated by Wilson's admitted fraudulent misconduct. Each of the foregoing injunctions is warranted from Wilson's own CR 8.04 legally binding admissions — making injunctive relief not merely requested --- but admitted as appropriate from Wilson's own procedural default.

**96.** Plaintiffs request and respectfully seek/demand entry of judgment for declaratory and injunctive relief regarding the following: That this Court **order and retain --- jurisdiction and venue --- in U.S. District Court for the Western District of Washington at Seattle --- post-judgment --- to enforce all preservation and production orders, including through Rule 69 discovery, contempt sanctions, and criminal referral, regardless of any default judgment.**

**97.** Plaintiffs request and respectfully seek/demand entry of judgment and relief --- that this Court **order that Washington State is the Trust Situs --- regarding The Colgate Family Living Trust Agreement dated January 29, 2020--as amended.** Plaintiffs incorporate by reference in full detail as though fully set forth herein --- **Sections XXIII, XVIII, XIX, XXVI through XLI and FRE 201 Adjudicative Facts in Judicial NOTICES --- 2 through 8, 10, 12, and 13 --- all which facially fully support jurisdiction and venue** --- and incorporate by reference in full detail the **First FRE 201 Notice.** All aforementioned incorporations provide **100% certainty** of fraudulently assigned judges and fraudulently assigned case numbers.

Plaintiffs incorporate by reference in full detail as though fully set forth herein --- all of the approximately **322 adjudicative facts which facially fully support jurisdiction and venue in Washington State --- and which facially fully support "Situs" in Washington State** --- in **Sections XIX through XLII (19 through 42).**

98. Plaintiffs request and respectfully seek/demand entry of judgment and relief --- that this Court **orders that all recovery ---** regarding Doris Colgate's illegally obtained or **defrauded assets** --- **be vested exclusively in the Trust Account for** The Colgate Family Living Trust Agreement dated January 29, 2020--as amended **--- located in Washington State ---** And that Doris Colgate's illegally obtained or **defrauded assets --- recovered in this litigation --- shall be deemed Trust assets--and shall be Trust assets the moment that they are received --- regardless of title, location, or source.**

99. Plaintiffs request and respectfully seek/demand entry of judgment and relief that this Court **order** that any and **all recovery ---** regarding Doris Colgate's illegally obtained or defrauded assets --- including but not limited to --- **assets that were illegally or fraudulently obstructed from going into the Trust and assets that were illegally or fraudulently removed from the Trust** --- and that regarding any **and all other** monetary recovery for Doris --- **awarded** in this action --- be **vested in** The Colgate Family Living Trust Agreement dated January 29, 2020--as amended --- and held, administered, and distributed under Washington State law governing trusts, consistent with applicable federal law, since this Trust's **"Situs"** and principal place of administration of the Trust is **Washington** State. **No** other state shall exercise authority over the internal administration or distribution of --- The Colgate Family Living Trust Agreement's assets--dated January 29, 2020--as amended. Trustee is domiciled in Washington State and jurisdiction stays in Washington State.

100. Plaintiffs request and respectfully seek/demand entry of judgment and relief --- that this Court **order all of the following:** All compensatory damages — special damages — general damages — punitive damages — statutory damages — damages regarding restitution — and equitable recovery shall be awarded as follows: Any and all damages awards regarding Doris Colgate shall be vested in The Colgate Family Living Trust dated January 29, 2020--as amended; Fiduciary reimbursement damages shall be awarded to Plaintiff Edward Colgate in his capacity as Trustee and Power of Attorney; Damages awards regarding Edward Colgate individually --- shall be awarded to Edward Colgate individually; Recovery awards regarding Doris Colgate's illegally obtained or defrauded assets --- shall be vested in The Colgate Family Living Trust dated January 29, 2020--as amended;

101. Plaintiffs request and respectfully seek/demand entry of judgment and relief that this Court order --- Conditionally — if Doris Colgate is deceased or becomes deceased during these proceedings — then **any deprived and obstructed recovery relating to assets which were obstructed from going into the Trust** --- and which do properly belong in the Trust according to Trustee Edward Colgate — since that recovery would have been added to the Trust --- if not for Defendant's obstruction — Then such recovery **shall be vested** in The Colgate Family Living Trust dated January 29, 2020--as amended — and **shall remain Trust property** — **not** probate estate property.

102. Plaintiffs request and respectfully seek/demand entry of judgment and relief that this Court order --- To the extent that any recovery pertains to estate claims arising after death - - - such recovery shall be awarded to Plaintiff Edward Colgate in his capacity as duly and legally appointed Trustee and Executor and Personal Representative.

103. Plaintiffs request and respectfully seek/demand entry of judgment and relief --- that this Court **order** that --- All Trust assets judgment proceeds --- and recovery amounts established through these federal proceedings --- are subject to the exclusive governing law and administrative **Situs** of Washington State. **Edward Colgate --- as Trustee --- is domiciled in Washington — and the Trust is administered in Washington** by Edward Colgate --- independently of and without requiring any Kentucky probate court approval — for **six (6) simultaneous and independent reasons:**

104. **FIRST:** Even though **Defendants** have **legally binding admissions of liability and damages---admitting approximately 30 claims for relief**/counts/causes of action --- **in** each of five **(5) Kentucky complaints** --- under substantive CR 8.04 admissions--- **Plaintiffs cannot file Motions for default judgment --- because judges (without jurisdiction) have attacked Plaintiffs --- using fraudulent felony accusations to deprive all Kentucky court access--- prior to legal commencement** by legal service of summons and complaint by Deputy Sheriff to the Defendant. Plaintiffs incorporate by reference in full detail as though fully set forth herein **Sections XVIII, XIX, XXVI through XXXVI and FRE 201 Adjudicative Facts in Judicial NOTICES --- 2 through 8, 10, 12, and 13 --- all which facially fully support jurisdiction** --- and incorporate by reference in full detail the **First FRE 201** Mandatory Judicial Notice of --- **543 adjudicative facts.** All aforementioned incorporations provide **100% certainty of fraudulently assigned judges** and fraudulently assigned case numbers. Plaintiffs incorporate by reference in full detail as though fully set forth herein --- all of the approximately **322 adjudicative facts which facially fully support jurisdiction in Washington** State --- and which facially fully support **"Situs"** in Washington State --- in **Sections XXVI through XXXVI (26 through 36).**

105. **SECOND: Defendant's** substantive CR 8.04 **legally binding admissions --- admit probate fraud in Kentucky. Defendant's** substantive CR 8.04 **legally binding admissions --- admit** that **Plaintiff Edward Colgate is the legally acting "Trustee of The Colgate Family Living Trust Agreement dated January 29, 2020--as amended."**

106. **THIRD: Edward Colgate --- as Trustee --- is domiciled in Washington — and the Trust is administered in Washington** by Edward Colgate.

107. **FOURTH:** All federal judgment proceeds --- regarding Doris Colgate --- are assigned to the Trust through the **Trustee's** (Edward Colgate's) **deed of assignment** — making them Trust assets administered under Washington law.

108. **FIFTH:** All claims survive under KRS 411.140 and 42 U.S.C. §1988(a) — allowing Edward Harrison Colgate as Trustee and Executor to enforce all judgments **without** Kentucky probate court involvement — because federal judgments are **enforceable under federal law independently** of any state probate administration.

109. **SIXTH:** The conditional Estate designation in this complaint pursuant to FRCP 17(a)(1)(E) — FRCP 25(a)(1) — FRCP 25(a)(2) — and FRCP 25(b) — **preserves all claims for the Estate within this federal proceeding** — **entirely outside of** Kentucky court jurisdiction making Kentucky probate fraudulent obstruction legally irrelevant to the enforcement of any federal judgment obtained herein.

**110.** Plaintiffs incorporate by reference in full detail as though fully set forth herein this Relief Section --- each and every one of the 102 Claims for Relief --- and its stated Relief respectfully demanded therein. Plaintiffs also assert that each and every Relief sought/demanded in **each and every one of the 102 Claims for Relief herein --- is a standalone Claim for Relief ---**

including damages --- and including relief entitled to that is to be **awarded** --- and that is respectfully sought/demanded.

**111.** Plaintiffs assert: **Federal Survival — 42 U.S.C. §1988 --- Proceedings in vindication of civil rights** --- Under 42 U.S.C. §1988 — federal civil rights claims survive the death of the plaintiff — with the estate substituted as plaintiff. Also, all 42 U.S.C. §1983 and 42 U.S.C. §1985 claims — other federal question claims --- all RICO claims --- and all claims for relief under supplemental jurisdiction --- survive Doris's death and may be pursued. The wrongful death damages sought/demanded in Claim for Relief XCVII arise from Defendant's and Enterprise Members' constitutional violations under 42 U.S.C. §1983 --- conspiracy under 42 U.S.C. §1985 — and RICO predicate acts under 18 U.S.C. §1961 through §1964(c) — causing Doris Ann Colgate's death through sustained elder abuse — through financial exploitation — through isolation — through deprivation of medical care — and through fraudulent obstruction of recovery. These damages are federal civil rights, federal question, and RICO --- damages --- recoverable by Edward Harrison Colgate as Trustee and Executor and Personal Representative--- and statutory sole beneficiary — because the other child of Doris Ann Colgate — identified as a named conspirator and elder abuser (Susan Wilson)--admitted by Wilson --- whose fraudulent misconduct contributed to Doris Ann Colgate's death — is barred from receiving any share of these damages --- under the doctrine that a person cannot benefit from their own wrongful misconduct — and under the equitable constructive trust doctrine — which prevents a wrongful actor from receiving proceeds --- that were generated --- by the death--that their wrongful misconduct caused. Additionally — to the extent that KRS 411.130 would otherwise apply — KRS 381.280's slayer rule and federal equitable principles independently bar any share of wrongful death proceeds from flowing to any person whose wrongful misconduct contributed to

the death — making Edward Harrison Colgate the sole rightful recipient of all wrongful death damages in all capacities.

112. Entry of judgments --- and awards of any and all other additional relief that this Court deems just and proper or necessary.

113. Entry of judgments and awards for all lost interest and dividends on all aforementioned dollar amounts.

114. Plaintiffs reserve and preserve the right to add any other damages based on discovery.

115. Plaintiffs reserve and preserve the right to add any other defendants to this Complaint or to any future Complaints based on discovery.

116. **Plaintiffs demand Trial by Jury.** Refer to the aforementioned Trial by Jury Section.

Respectfully submitted this 18th day of August 2026.

Edward Colgate — Pro Se Plaintiff
Individually and as Trustee and Power of Attorney and Executor et al. for Doris Ann Colgate
22023 SE Wax Rd., Box 1452
Maple Valley, Washington 98038
Telephone 859-361-0244
Email — edwardhcolgate@gmail.com

/s/ Edward Colgate

Edward Colgate ___Edward Colgate___

**Verification Under Penalty of Perjury:**

I — Edward Colgate --- Pro Se Plaintiff — declare under penalty of perjury that the foregoing is true and correct. (28 U.S.C. §1746(2)) All factual allegations and averments — all incorporated adjudicative facts — and all statements made on personal knowledge and obtained evidence — are true and correct to the best of my knowledge information — and belief.

Executed on ___8-18-2026

/s/ Edward Colgate

Edward Colgate ___Edward Colgate___

**Certificate of Service:**

Plaintiffs will effect service of process upon Defendant Susan Wilson through a licensed professional process serving company or through a professional process server in Louisville, Kentucky or Jefferson County, Kentucky — by delivering the Summons — Civil Cover Sheet --- Complaint all 171 Exhibits --- the First through the Fourteenth FRE 201 Mandatory Judicial Notices of Adjudicative Facts--to be Docketed Separately --- USB Drive of Authenticated Audios --- Audio1 through Audio 40 --- with its Notice of Filing Physical Materials --- for personal service upon Defendant Susan Wilson at her last known address in Jefferson County, Kentucky pursuant to FRCP 4(e)(1) and (2). After service is accomplished --- the process server will execute a return of service — which Plaintiffs will file with this Court confirming the date — manner — and location of service upon Defendant. Should Defendant attempt to evade personal service --- Plaintiffs will file a motion with this Court seeking authorization for alternative service — including leaving the Summons Complaint and all accompanying documents at the door of Defendant's last known residential address — consistent with the process server's documented attempts at personal service.

/s/ Edward Colgate --- Pro Se Plaintiff

Edward Colgate Edward Colgate 8-18-2026